# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                              )

           Plaintiff                                     )

    Vs.

MICHIGAN STATE GOVERNMENT                                     ) Case No. 22:12-387

HON. GRETCHEN WHITMER GOVERNOR OF MICHIGAN    ) Hon. Matthew L. Leitman

HON. JENNIFER GRANHOMLM GOVERNOR OF MICHIGAN )

HON. RICK SNYDER GOVERNOR OF MICHIGAN         )
SUPREME COURT OF MICHGAN                       )
STATE BAR OF MICHGAN                           )
KENDELL S. ASBENSON (P81747)                   )
MICHIGAN ATTORNEY GENERAL DANA NESSEL          )
       Defendants

                                  SECOND, AMENDED CIVIL COMPLAINT
                                  Pursuant: 28 U.S.C. §1331; 42 U.S.C. §1983;
                                  Fourth, Fifth & Fourteenth Amendments; Wrongful
                                  Foreclosure; Intentionally Wrongful Foreclosure;
                                  and or Foreclosure  by "Forgeries"

CITY OF BENTON HARBOR                                         )

NILES CHARTER TOWNSHIP,                                       )

BOARD OF TRUSTEES OF, NILES CHARTER TOWNSHIP    )

BERRIEN COUNTY GOVERNMENT,                                    )

BERRIEN COUNTY BOARD OF COMMISSIONERS          )

BRET WITSKOWSKI TREASUSER OF, BERRIEN COUNTY   )

BRET WITSKOWSKI INDIVIDUAL CAPACITY                           )

SHELLY WEICH TREASUSER OF, BERRIEN COUNTY      )

LORI D. JARVIS REGISTRAR OF BERRIEN COUNTY     )

LORA L. FREEHLING REGISTRAR OF BERRIEN COUNTY  )

KATHLEEN CULBERSON  NOTARY PUBLIC OF BERRIEN COUNTY

TITLE & INSURANCE, COMPANY(s)                                 )

ATTORNEY DONNA B. HOWARD                                      )

ATTORNEY MCKINLEY R. ELLIOTT                                  )

ATTORNEY JAMES MCGOVERN                                       )

ATTORNEY JEFFREY R. HOLMSTROM                                 )

HOLMSTROM LAW, PLC                                            )
       Defendants

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Addresses of Defendants
Berrien County Government
701 Main Street,
St. Joseph, Michigan 49085
 (269) 983-7111

Niles-Charter-Township
320 Bell Road
Niles Michigan 49120
(269) 684-0870

City of Benton Harbor
200 East Wall Street
Benton Harbor, MI 49022
emitchell@bhcity.us
(269) 927-8457

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street, Suite 100
St. Joseph, Michigan 49085
(269) 983-0755

Dana Nessel Attorney General of Michigan
525 W. Ottawa Street   or  P. O. Box 30212,
Lansing, MI 48906
Asbensonk1@michigan.com
(517) 335-7659 or (517) 335-7622

Office of the Governors of Michigan
P.O. Box 30013
Lansing, Michigan 48909
517-335-7858

State Bar of Michigan
306 Townsend Street
Lansing,  Michigan 48933
Kgarder@michbar.org
(517) 346-6305

Supreme Court of Michigan
PO Box 30052
Lansing,  Michigan 48909

## I.  SUMMARY STATEMENT OF CLAIM

1.      This action is brought by the Plaintiff, Owen W. Barnaby, for legal and equitable relief in connection with his real properties which he owned; and upon information, knowledge, and belief was lost when Defendants concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff of his properties by willful and wanton misconduct, of continuous forgeries and intentional wrongful foreclosure.  Plaintiff seeks redress and monetary relief from Defendants who deprived Plaintiff of his rights, secured by the Constitution and laws. As for Defendant – Michigan Supreme Court's deprivation of Plaintiff's rights, secured by the Constitution and laws, Plaintiff seeks Declaratory Judgment.  These real properties which the Plaintiff owned out right in part or whole are in the 'County of Berrien, Niles Charter Township and City of Benton Harbor. The property which they stole, and defrauded Plaintiff of in Niles Charter Township is parcel# 11-14-0112-0011-17-4/ 2116 S. 15th Street.

2.      Plaintiff's,  properties in 'City of Benton Harbor', Defendants forgeries spanned from the year 2013 to present, are: parcel # 51-5000-0006-00-4 aka 931 Colfax,  parcel # 51-5000-0007-00-1 aka, 941 Colfax,  parcel # 11-51-0801-0075-00-8 ask 189 Apple Ave, parcel # 11-52-7500-0002-00-6 aka 272 Pipestone St.; parcel # 11-52-7500-0003-00-2 ask 272 Pipestone St.; parcel # 11-52-0019-0071-02-5 aka 272 Pipestone Street, 235-239 Pipestone Street.

3.      Plaintiff discovered October of 2022, Defendants concocted, disguised, designed an evil plot and an elaborate scheme of willful and wanton misconducts of forgeries. As such, the issues only become ripe now for redress of Defendants' deprivation of Plaintiff's rights, secured by the Constitution and laws. As such, Plaintiff  seeks monetary damages which exceeds $75,000.00 and  declaratory judgment.

3

## II.        JURISDICTION AND VENUE

4.        This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Michigan. Defendants' damages to Plaintiff exceeds $75,000.00.

5.        Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code and the Fourth, Fifth and Fourteenth Amendments.

6.        Venue is proper in this court by virtue of 28 U.S.C. §1391 because the events giving rise to the claims occurred in the District of Michigan and at least one of the defendants  resides and are government corporation in the State of Michigan.

7.        The plaintiff is a citizen and adult resident in the Cobb County  of the State of Georgia.

8.        During all times mentioned in this Complaint, most of the Defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs, and usages of the State of Michigan in the course of their employment or as a government corporation in the State of Michigan or Governors or in individual capacity.

### III.      PARTIES

9.        Plaintiff, Owen W. Barnaby ("Plaintiff" or "Mr. Barnaby" or "Barnaby"), is herein a citizen of the United States, a resident of Cobb County, the state of Georgia.

10.        Defendant - Board of Trustee of Niles Charter Township, is the governing Body of Trustees, for Defendant - Niles Charter Township.  The Board consists of the Supervisor, Clerk, Treasurer and four Trustees.

11.        Defendant - Niles Charter Township Defendant, Niles Charter Township Government, is a municipal corporation organized under the laws of the State of Michigan, within the Berrien County Government.

12.        Defendant, City of Benton Harbor Michigan Government is a municipal corporation organized under the laws of the State of Michigan, within the Berrien County Government.

13.        Defendant, Berrien County Government, is a corporation organized under the laws of the State of Michigan a County in the State of Michigan Government, in which City of Benton Harbor and Niles Charter Township Government are municipals. Defendant Berrien County Government is either  an employer of and or they serve as its governing body and or administrative officers of the County government and are also Coconspirators: Defendant Berrien County Government is either  an employer of and or they serve as officers of its governing body and or administrative officers of the County government and whom are also Coconspirators are as follows: Defendant - Lori D. Jarvis Registrar of Berrien County; Defendant - Lora L. Freehling Registrar of Berrien County; Defendant - Kathleen Culberson,

Notary Public of Berrien County; Defendant – Bret Witskowski, Treasurer of Berrien County; Defendant – Shelly Weich, Treasurer of Berrien County; Defendant – Board of Commissioner of Berrien County; Defendant – Attorney Mckinley R. Elliott, General Corporate Counsel of Berrien County Government; Defendant – Attorney Donna B. Howard, General Corporate Counsel of Berrien County Government; Defendant – Attorney James Mcgovern, General Corporate Counsel of Berrien County Government; Defendant – Attorney Jefferey R. Holmstrom and Defendant – Holmdtrom Law Office, PLC.

14.     Defendant – Kendell S. Asbenson, Assistant Attorney General of state of Michigan and  Defendant – Dana Nessel  Attorney General of State of Michigan.

15.     Defendants, the Hon. Jennifer Granholm former Governor, the Hon. Rick Snyder former Governor, and the Hon. Gretchen the current Governor of  the State of Michigan.

16.     The Defendant, Michigan State Government or State of Michigan, is a state corporation organized under the laws of the State of Michigan.  Its Governors are its Chief executive officers and responsible for State's procedures and practices implemented through its various agencies, agents, departments and employees and City of Benton Harbor and Niles Charter Township Government and Berrien County Government.

17.     Lastly, the Defendant – State Bar of Michigan and the Defendant – Supreme Court of Michigan, of  the State of Michigan.

## IV.     PLAINTIFF LOST HIS PROPERTIES BY DEFENDANTS' WILLFUL AND WANTON MISCONDUCTS OF FORGERIES, WHICH ALSO VIOLATES PLAINTIFF'S  STATE AND FEDERAL RIGHTS

**Background Facts:**

18.     Plaintiff's Complaint alleges that, there are four fundamental principal issues to resolve the live case or controversy among Plaintiff and Defendants which causes Defendants' deprivation of Plaintiff's rights, secured by the Constitution and laws: **F**irst, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")". **S**econd, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)".  **T**hird,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  **F**ourth, Plaintiff's taxes were paid in full for the tax years in deputes.

19.     Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to retore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint.

20.     Plaintiff lost his properties because of Defendants concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud him of his properties through their willful and wanton misconducts and 'forgeries.

**DEFENDANT - BOARD OF TRUSTEES OF, NILES CHARTER TOWNSHIP**

21.     Plaintiff hereby incorporates paragraphs 1 through 20 above as if fully set forth herein, and further alleges that Defendant - Board of Trustee of Niles Charter Township is the governing Board of Trustees for  Defendant Niles Charter Township. The Board consists of the Supervisor, Clerk, Treasurer and four Trustees.  The responsibilities of the Board include but are not limited to the following: Adopting Township policies and ordinances, Approving the budget, approving the hiring of certain staff, approving contracts, serving on assigned committees. Being the board of trustees, they are the liaison  to,  all the other Defendants, moreover, Defendant Witskowski Treasurer of Berrien County and Defendant Berrien County Government, concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff with, 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture and scheme to overvalued at $36,550.00 and overtaxed at $506.05, Plaintiff's proper in the 2007 tax year.

22.     Board of Trustee of Niles Charter Township is at the center with  all the other Defendants, moreover, Conspirators Defendant Niles Charter Township, Defendant Witskowski Treasurer of Berrien County and Defendant Berrien County Government in violating Plaintiff's rights and is equally liable under state and federal laws pursuant to: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

8

**DEFENDANT, NILES CHARTER TOWNSHIP,**

23.     Plaintiff hereby incorporates paragraphs 1 through 22 above as if fully set

forth herein, and further alleges that,  **F**rist, Live Case or Controversy,  from May of 2010 to

present, Defendant - Niles Charter Township, all the other Defendants, moreover,

Coconspirators, Defendant Witskowski Treasurer of County Berrien  and Defendant Berrien

County Government by willful and wanton misconducts stole and defrauded Plaintiff by

intentionally wrongfully foreclosure, and or foreclosure by forgeries, stole  and defraud

Plaintiff of his real property, parcel# 11-14-0112-0011-17-4/ 2116 S. 15th St.  At all times

mentioned in this Complaint, Plaintiff alleges that, Defendants acted jointly and in concert

with each other or should have reported their willful and wanton misconduct of forgeries to

steal and defraud Plaintiff of his real property at each opportune time.

24.  Niles Charter Township acted with and through its Coconspirators and

Defendants, concocted, disguised, designed an evil plot and an elaborate scheme to steal and

defraud Plaintiff with, 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of

Foreclosure', and 'Forged Certificate of Forfeiture of Real Property'. They knew then, while

it was unknown to the Plaintiff then, that,  **F**irst, Defendants violated State of Michigan

foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.)

("GPTA")" because, the Judgment was not entered on or before March 01, 2010, but August

18, 2010, and was invalid against Plaintiff.  **S**econd, Defendants stole and defrauded Plaintiff

of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp.

Laws Ann. § 750-248    § 750-249.)".  Third,  Defendants stole and defrauded Plaintiff of his

properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth,

Plaintiff's taxes were paid in full for the tax years in depute.  Defendants' willful and wanton

Misconducts of continuous "Forgeries"  on May 26, 2010, create, use and possess, 'Notice of

Judgment of Foreclosure', used it to lie that Judge Butzbaugh's [Linchpin] Foreclosure

Judgment entered on August 18, 2010, was entered on March 01, 2010 and on August 16,

2010, create, continues to use and possess "Forged"  'Quit Claim Deed' and used it to

"transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent

and without Court Order, and also filed the "Forged" documents in registrar of deeds,

plaintiff's injury would not have occurred if not for Defendants Forgeries. Defendants'

forgeries are continuous, as on, October of, 2017 and July 20, 2022, they engaged in forgeries

by sending Forged documents via USPS Postal Service and emailing 'Quit Claim Deed',

'Notice of Judgment of Foreclosure', and 'Certificate of Forfeiture of Real Property',

Defendants sent the documents to Plaintiff in the state of Georgia by both electronic email

and by USPS Snail mail; acts of mail and Wire Fraud.  (§ 750-249.), 940. 18 U.S.C.1341.

Forgery is a punishable crime for up to 14 years imprisonment, according to State of

Michigan and Federal Laws.

25.    **S**econd, live case or controversy, Defendant Niles Charter Township, by and

through its two representative and Coconspirators, Board of Trustee of Niles Charter Township,

Defendant Treasurer Witskowski and Defendant Berrien County Government, concocted,

disguised, designed an evil plot and an elaborate scheme, to overvalue at $36,550.00 and overtax

at $506.05, in 2007 tax year.  On March 31, 2010, Plaintiff paid "$305.73" to redeemed as was

instructed by coconspirator Defendant Treasurer Witskowski for the same Niles Charter

Township Parcel for the 2007 taxes.

26.     On September 25, 2017, Coconspirator, Defendant Treasurer Witskowski during a

Deposition Hearing, testified that, he knew all along the Parcel at center of Controversy in 2007

was overvalued at $36,550.00 and overtaxed at $506.05; furthermore, that Niles Charter

Township Tax Accessors Office had corrected the over taxation by reduction of overvalued and

overtaxed property value. This significant material evidence is just now ripe to be litigated, see

Witskowski's deposition.

> 20 Q But is it your statement that the Niles property was
> 21 worthless, is that correct?
> **22 A I think it's worthless.**
> **2 A I know the township changed it because they were**
> **3 wrong.**
> 4 Q Okay. That's their view. My –
> **5 A That's the truth.**                       At pages101-2
> 5. MR. HOLMSTROM: I think that's in a brief
> 6 somewhere. To the extent it is, that's what it is.      At page 103

27.     Again, on September 25, 2017, Defendant Niles Charter Township, by and

through its Coconspirator, Defendant Treasurer Witskowski's Deposition Hearing in the

presence of both Defendant's Attorneys, Attorney Mcgovern and Attorney Holmstrom it was

stated under Oath that, the property at the center of the controversy was overvalued at

$36,550.00 and overtaxed at $506.05 in the 2007 tax year, then it was sold for $4,500.00; and

that,  the Niles Charter Township Tax Accessors Office had corrected it by reducing the property

value and changed the 2007 overtaxed amount to reflect the correct amount of tax for year 2007;

and  Attorney Holmstrom confirmed the same and have a written copy of the same deposition

that, the property was worth less than $36,550.00 and required less than $506.05" to redeem, and

that Barnaby Paid "$305.73", "paid the whole amount" and fully redeemed the property at

$12,000.00, less than a third of the overvalued amount $36,550.00 and the overtaxed amount

$506.05.  Defendants' own Appraisal Report which confirmed the same of the property, will be

made available at, summary judgment or trial and or upon request of the parties or the Court.

28.     Plaintiff, further alleges, as it takes $506.05" to fully redeem $36,550.00; it takes

less than $168.68 to fully redeem $12,000.00; and demonstrates that, Plaintiff paid "$305.73",

was more than was required to fully redeem the parcel for the 2007 tax year. And further

demonstrates given that, after the 2007/2008 recession the Defendants' Expert Witness Report

appraised it in 2017 at $12,000.00.  This  proves that the property value in 2007 tax year was

between $4,500.00 and $12,000.00.  Defendant Niles Charter Township, Coconspirators, Board

of Trustee of Niles Charter Township, Defendant Treasurer Witskowski and Defendant Berrien

County Government, had the duty and or their duty afford them the opportunity to resolve the

unlawful actions and or to remedy in whole by paying Plaintiff the value of the property, times

three for theft at$12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00 and used

portions of it to remedy any outstanding taxes on Defendant - City of Benton Harbor properties

and return the balance to Plaintiff. But they, failed, by refusing to perform such duty, thereby

proximately causing the injuries herein Plaintiff's Complaint.

29.     Lastly,  Defendant Niles Charter Township violated Plaintiff's rights, under state

and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893,

("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section

1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42

U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, Amendments.

**DEFENDANT, CITY OF BENTON HARBOR**

30.     Plaintiff hereby incorporates paragraphs 1 through 29 above as if fully set

forth herein , and further alleges that,  Defendant - City of Benton with its Coconspirators,

Defendants, by intentionally wrongfully foreclosure, and foreclosure by continuous forgeries,

stole  and defraud  Plaintiff of his real properties: parcel # 51-5000-0006-00-4 aka 931

Colfax,  parcel # 51-5000-0007-00-1 aka, 941 Colfax,  parcel # 11-51-0801-0075-00-8 ask

189 Apple Ave, parcel # 11-52-7500-0002-00-6 aka 272 Pipestone St.; parcel # 11-52-7500-

0003-00-2 ask 272 Pipestone St.; parcel # 11-52-0019-0071-02-5 aka 272 Pipestone Street,

235-239 Pipestone Street, which Forgeries spanned from the year 2013 to present. All

Defendants, had the duty and their duty afforded them the opportunity to resolve the unlawful

actions and or to remedy in whole by paying Plaintiff the value of the property; times three

for theft at $12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00 and use portion of

it remedy any outstanding taxes on Defendant - City of Benton Harbor properties and return

the balance to Plaintiff. But they, failed, when they refused to perform such duty, thereby

proximately causing the injuries herein Plaintiff's Complaint. Defendants' gross negligence

was foreseeable; their willful and wanton misconducts of "Forged", 'Notice of Judgment of

Foreclosure' and "Forged", 'Quit Claim Deed' were to permanently "transfer title" of

Barnaby's Real-Property.

31.     Moreover, they knew that **F**irst, Defendants violated State of Michigan

foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.)

("GPTA")". **S**econd, Defendants stole and defrauded Plaintiff of his properties by willful and

wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248   § 750-

249.)".  **T**hird,  Defendants stole and defrauded Plaintiff of his properties by Unauthorized

Practice of Law, "(MCL 600.916 and MCL 450.681),".  **F**ourth, Plaintiff's taxes were paid in

full for the tax years in depute and Defendants knew that their failure to compensate Plaintiff

for his Niles Charter Township property, would cause Plaintiff to be defrauded of his - City of

Benton properties. But instead, they create, use, and possess other "Forged", 'Notice of

Judgment of Foreclosures' and "Forged", 'Quit Claim Deeds' and used them to permanently steal and defraud Plaintiff of his same City of Benton properties.

32.     Defendant - City of Benton is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT -  LORI D. JARVIS REGISTRAR OF BERRIEN COUNTY**

33.     Plaintiff hereby incorporates paragraphs 1 through 32 above as if fully set forth herein and further alleges that: Spanning from 2010 to present, Defendant - Lori D. Jarvis Registrar was the Berrien County's Register of Deeds and Coconspirator with the other Defendants', concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff  of his properties with, 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, which stole and defrauded Plaintiff of his properties.  Defendant Jarvis knowingly recorded, 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, which are still causing injuries to Plaintiff. Berrien County's website Register of Deeds states below:

> "The Register of Deeds' office is a constitutional office established by the Michigan State Legislature.  The Register serves as the custodian of documents pertaining to real property in Berrien County. The Register's office pledges to efficiently record documents, provide an accurate index, and safely and securely preserve and protect these records for yesterday's,  today's and tomorrow's generations." … The Register of Deeds is the official recording office for all land records in Berrien County and was established by the first Constitution of Michigan in 1835."

34.     Defendant - Lori D. Jarvis as Registrar for the Berrien County's Register of Deeds who knowingly filed Berrien County's Register is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT -  LORA L. FREEHLING REGISTRAR OF BERRIEN COUNTY**

35.     Plaintiff hereby incorporates paragraphs 1 through 34 above as if fully set forth herein and further alleges that: Spanning from 2018 to present, Defendant - Lora L. Freehling Registrar of Berrien County's  Register of Deeds is a facilitator of the continuous Forgery schemes to steal and defraud Plaintiff  of his properties with, 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosures', and 'Forged Certificates of Forfeitures, which stole and defrauded Plaintiff of his properties.  Defendant - Freehling is the current Registrar of the Defendant - Berrien County's  Register of Deeds and is enforcing, Defendant Jarvis knowingly willful and wanton, 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosures', and 'Forged Certificates of Forfeitures, which is still currently recorded in  Defendant - Berrien County's  Register of Deeds, which are causing continuous injuries to Plaintiff.  The Register of Deeds' website, states,

>         "The Register of Deeds' office is a constitutional office established by the Michigan State Legislature.  The Register serves as the custodian of documents pertaining to real property in Berrien County. The Register's office pledges to efficiently record documents, provide an accurate index, and safely and securely preserve and protect these records for yesterday's,  today's and tomorrow's generations." … The Register of Deeds is the official recording office for all land

records in Berrien County and was established by the first Constitution of Michigan in 1835."

36.     Defendant - Lora L. Freehling as current Registrar of Defendant - Berrien County's Register of Deeds is equally liable under state and federal laws pursuant to: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

## DEFENDANT, KATHLEEN CULBERSON NOTARY PUBLIC OF BERRIEN COUNTY, MI.

37.     Plaintiff hereby incorporates paragraphs 1 through 36 above as if fully set forth herein and further alleges that: Spanning from 2010 to present, Defendant - Kathleen Culberson, Notary Public of Berrien County is a Coconspirator with Defendants', concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff of his properties with, 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosures', and 'Forged Certificates of Forfeitures. The same forged documents that Kathleen Culberson Notary signed, Notarized, and witnessed are the key instruments used, which are still causing the deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan and Federal, laws: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

16

**DEFENDANT, BRET WITSKOWSKI TREASUSER OF, BERRIEN COUNTY**

38.     Plaintiff hereby incorporates paragraphs 1 through 37 above as if fully set forth herein and further alleges that: Defendant – Bret Witskowski, Treasurer of Berrien County and Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff of his properties with, willful and wanton misconduct of Forgeries,  'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and Unauthorized Practice of Law {UPL}. (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  (MCL 600.916 and MCL 450.681). Defendant – Bret Witskowski,  willful and wanton misconduct of forgery,  created, used, and possessed "Forged", 'Quit Claim Deeds', 'Notice of Judgments of Foreclosures' and 'Certificates of Forfeitures of Real Properties', which Mr. Witkowski used to transfer title to Mr. Thomas Bread on August 16, 2010, and stole other properties and defrauded Plaintiff of all his properties   § 750-248; § 750-249.)

39.     Plaintiff further alleges that  **F**irst, Defendant Mr. Witkowski violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". **S**econd, Defendant Mr. Witkowski stole and defrauded Plaintiff of all his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)". **T**hird,  he stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),". **F**ourth, Plaintiff's taxes were paid in full for the tax years in depute. But that it was unknown to Plaintiff then, as it takes $506.05" to fully redeemed $36,550.00; it takes less than $168.68 to fully redeemed $12,000.00; which demonstrates that, Plaintiff paid "$305.73", was more than what tax was required to fully redeem the parcel for the 2007 tax year. And further demonstrates given

that, after the 2007/2008 recession the Defendants' Expert Witness Report appraised the property in 2017 at $12,000.00. Proof the property valued in 2007 tax year was between $4,500.00 and $12,000.00.

40.     Defendant – Bret Witskowski, Conspired with other Defendants, had the duty and opportunity to resolve the unlawful actions and or to remedy in whole by paying Plaintiff the value of the property times three, for theft at $12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00 and use excess portion of tax to remedy any outstanding taxes on Defendant - City of Benton Harbor properties and return the balance to Plaintiff. But he, failed, when he refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint.

41.     Defendant – Bret Witskowski, Treasurer of Berrien County cause deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan and Federal, laws and is equally liable under state and federal laws pursuant to: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

## DEFENDANT, BRET WITSKOWSKI INDIVIDUAL CAPACITY

42.     Plaintiff hereby incorporates paragraphs 1 through 41 above as if fully set forth herein and further alleges that: Defendant – Bret Witskowski, is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme and was also acting in his individual capacity, while he was committing Forgery and Unauthorized Practice of Law, caused Plaintiff's injuries.

43. Defendant – Mr. Bret Witskowski, caused deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan and Federal, laws and is equally liable under state and federal laws pursuant to: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT, SHELLY WEICH TREASUSER OF, BERRIEN COUNTY**

44. Plaintiff hereby incorporates paragraphs 1 through 43 above as if fully set forth herein and further alleges that: Defendant – Shelly Weich was in Treasury then –became Treasurer of Berrien County, as such is party to the other Defendants', concocted, disguised, designed evil plot and elaborate scheme, she took over from Defendant – Bret Witskowski, Treasurer of Berrien County and kept the Forgeries in use in the records continuously. As such Defendant – Shelly Weich has the duty and or her duty afford her the opportunity to protect the Plaintiff from the continuous unlawful actions and or to remedy the unlawful actions in whole, and to retore Plaintiff in full, but she failed to and or refuse to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint.

45. Defendant – Shelly Weich, Treasurer, is causing continuous deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan and Federal, laws and is equally liable under state and federal laws pursuant to: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940.

18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil

Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, Amendments.

**BERRIEN COUNTY BOARD OF COMMISSIONERS**

46.      Plaintiff hereby incorporates paragraphs 1 through 45 above as if fully set

forth herein and further alleges that: Defendant – Board of Commissioner of Berrien County

is governing Body for the Berrien County and a Coconspirator in Defendants', concocted,

disguised, designed an evil plot and an elaborate scheme which stole and defrauded Appellant

of his properties. On the Berrien County website, they state the following.

> "It is the mission of the Berrien County Government to provide leadership, cooperation
> with all units of government, and sound fiscal management and planning, thereby
> promoting public safety, health, wellbeing, and prosperity in order to improve the quality
> of life for present and future generations."

47.      Yet, Defendant – Board of Commissioner of Berrien County  treats Plaintiff

different from Its mission statement above.  Defendant – Board of Commissioner of Berrien

County  plays a supervisory role over its Coconspirators Defendants: Defendant - Lori D. Jarvis

Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary

Public; Defendant – Bret Witskowski, Treasurer;  Defendant – Shelly Weich, Treasurer and

Defendant – Board of Commissioner of Berrien County; Defendant – Attorney Mckinley R.

Elliott, General Corporate Counsel; Defendant – Attorney Donna B. Howard; Defendant –

Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom and Defendant –

Holmdtrom Office, PLC, are responsible for the willful and wanton misconduct of deprivation of

Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws.

48.     Defendant – Board of Commissioner of Berrien County, is causing continuous deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, Amendments.

**DEFENDANT, BERRIEN COUNTY GOVERNMENT,**

49.     Plaintiff hereby incorporates paragraphs 1 through 48 above as if fully set forth herein , and further alleges,  that, Defendant – Berrien County Government  is a Coconspirator with all the other Defendants', concocted, disguised, designed an evil plot and elaborate scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton misconduct of forgeries. Defendant Berrien County Government the foreclosing governmental unit with its Coconspirators and Defendants are part of the live case or controversies, which stole and defrauded Plaintiff of real properties both from,  Defendant Niles Charter Township and Defendant - City of Benton governments, municipals  by wrongfully foreclosure, intentionally wrongfully foreclosure, and or foreclosure by forgeries, with direct violations of Plaintiff's rights per: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

50.     Plaintiff alleges that, Defendant Berrien County Government is either  an employer and or the governing body and or administrative officers of the County government and whom are also Coconspirators to: Defendant - Lori D. Jarvis Registrar of Berrien County; Defendant - Lora L. Freehling Registrar of Berrien County; Defendant - Kathleen Culberson, Notary Public of Berrien County; Defendant – Bret Witskowski, Treasurer of Berrien County; Defendant – Shelly Weich, Treasurer of Berrien County and Defendant – Board of Commissioner of Berrien County; Defendant – Attorney Mckinley R. Elliott, General Corporate Counsel of Berrien County Government; Defendant – Attorney Donna B. Howard, General Corporate Counsel of Berrien County Government; Defendant – Attorney James Mcgovern, General Corporate Counsel of Berrien County Government; Defendant – Attorney Jefferey R. Holmstrom and Defendant – Holmdtrom Office, PLC, as such bears responsibilities for their willful and wanton misconducts of forgeries, gross negligence, theft, violations of due process, fraud, which are deprivation of Plaintiff's rights, secured by the Constitution and laws of the State of Michigan and Federal laws.   As such is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT,  ATTORNEY MCKINLEY R. ELLIOTT**

51.     Plaintiff hereby incorporates paragraphs 1 through 50 above as if fully set forth herein , and further alleges that, Defendant – Attorney Mckinley R. Elliott, General Corporate Counsel of Berrien County Government, is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and

defrauded Plaintiff of his properties by their willful and wanton misconduct and forgeries.

Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false

document with the intent to use it to defraud someone. This is a crime, and its penalties are

discussed below. **Forgery Punishments**

Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.

For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.)This includes crimes of "uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)

**A Note on Federal Law**

Each state has its own forgery laws, but sometimes a forgery offense will be handled under federal law (and in federal court)…. And when a forged document travels across state lines, and in several other similar circumstances, the crime is also handled in federal court.

52.     While the forged documents were created, used, and possessed in the years

of 2010 to 2014 by Defendants to steal and defraud Plaintiffs of his properties,  they are

presently still being used, by Defendants to deprive Plaintiff of his rights, secured by the

Constitution and laws of the State of Michigan and Federal laws. Defendant – Attorney

Mckinley R. Elliott, General Corporate Counsel of Berrien County Government bears the

responsibilities; of the willful and wanton misconducts of forgeries, gross negligence, theft,

violations of due process, fraud, which he stole and defrauded Plaintiff of his properties

which are proximate cause of  Defendants' deprivation of Plaintiff's rights, secured by the

Constitution and laws of the State of Michigan and Federal laws.

53.     The crime fraud exception of "Forgery" cause Defendant – Attorney Mckinley R. Elliott,  to be equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

## DEFENDANT,  ATTORNEY DONNA B. HOWARD

54.     Plaintiff hereby incorporates paragraphs 1 through 53 above as if fully set forth herein , and further alleges that, Defendant – Attorney Donna B. Howard, General Corporate Counsel of Berrien County Government is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which she stole and defrauded Plaintiff of his properties by their willful and wanton misconduct and forgeries. As Defendant – Attorney Donna B. Howard, took over as General Corporate Counsel of Berrien County Government from Defendant – Attorney Mckinley R. Elliott, and continued to use the forged, documents, which caused the: gross negligence, theft, violations of due process, fraud, against Plaintiff and stole and defrauded Plaintiff of his properties which are proximate cause of  Defendant's deprivation of Plaintiff's rights, secured by the Constitution and laws of the State of Michigan and Federal laws.

55.     The crime exception of "Forgery" cause Defendant – Attorney Donna B. Howard,  to be equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248;

§ 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and Fourteenth-section 1,

**DEFENDANT,  ATTORNEY JAMES MCGOVERN**

56.    Plaintiff hereby incorporates paragraphs 1 through 54 above as if fully set forth herein , and further alleges,  that, Defendant – Attorney James Mcgovern, General Corporate Counsel of Berrien County Government is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton misconduct and forgeries. As Defendant – Attorney James Mcgovern  took over as General Corporate Counsel of Berrien County Government from **Defendant – Attorney Donna B. Howard**, and continued to use the forged, documents, which cause the: gross negligence, theft, violations of due process, fraud, against Plaintiff and stole and defrauded him of his properties which are proximate cause of Defendant's deprivation of Plaintiff's rights, secured by the Constitution and laws of the State of Michigan and Federal laws.

57.    The crime exception of "Forgery" cause Defendant – Attorney James Mcgovern, to be equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and Fourteenth-section 1,

**DEFENDANT, ATTORNEY JEFFREY R. HOLMSTROM**

58.     Plaintiff hereby incorporates paragraphs 1 through 57 above as if fully set forth herein , and further alleges that, Defendant – Attorney Jefferey R. Holmstrom is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his properties by their willful and wanton misconduct of forgeries. As Defendant – Attorney James Mcgovern incorporated Defendant – Attorney Jefferey R. Holmstrom and he continues to use the forged, documents, which cause the: gross negligence, theft, violations of due process, fraud, against Plaintiff and stole and defrauded Plaintiff of his properties which are proximate cause of Defendants' deprivation of Plaintiff's rights, secured by the Constitution and laws of the State of Michigan and Federal laws.   Punishments for Forgery per Michigan-Laws

> For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.)This includes crimes of "uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)

59.     Forgeries of Defendant – Attorney Jefferey R. Holmstrom and Defendant Berrien County Government though its Attorneys, Employees and Coconspirators by filing them in Berrien County Registrar of Deeds or record, emailed the documents to Plaintiff and mailed, forged, 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed', to bossproperties96@gmail.com and sent via Snail Mail with the United State Postal Service across state line to Plaintiff in the state of Georgia, which is also acts of wire fraud and mail fraud.

60.     The crime fraud exception of "Forgery" cause Defendant – Attorney Jefferey R. Holmstrom, to be equally liable under state and federal laws pursuant to:

Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp.

Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights

Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and

Fourteenth-section 1,

### DEFENDANT,  HOLMSTROM LAW OFFICE, PLC

61.      Plaintiff hereby incorporates paragraphs 1 through 60 above as if fully set

forth herein , and further alleges,  that, Defendant – Holmstrom Office, PLC. is a

Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate

scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton

misconduct of forgeries. Also, Defendant – Attorney Jefferey R. Holmstrom concocted,

disguised, designed an evil plot and an elaborate scheme was carried out though the

Defendant – Holmstrom Office, PLC.

62.      The crime exception of "Forgery" causes Defendant – Holmstrom Office, PLC,

causes deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and

Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General

Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; §

750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C.

§2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1,

Amendments.

### KENDELL S. ASBENSON (P81747)

63.      Plaintiff hereby incorporates paragraphs 1 through 62 above as if fully set

forth herein , and further alleges that, Defendant – Kendell S. Asbenson, Assistant Attorney

General of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his properties by her willful and wanton misconduct of forgeries.  Defendant – Kendell S. Asbenson, as Assistant Attorney General of Michigan is prosecutor of crimes for the State of Michigan. Defendant – Kendell S. Asbenson, as Assistant Attorney General was informed by Plaintiff of the other Defendants' crimes of forgeries conduct which stole and defraud Plaintiff of his properties but omitted to act which aided and abetted the other Defendants, and further Plaintiff's injuries.

64.     The crime fraud exception of "Forgery" , Defendant – Kendell S. Asbenson, Assistant Attorney General of Michigan, cause deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT,  MICHIGAN ATTORNEY GENERAL DANA NESSEL**

65.     Plaintiff hereby incorporates paragraphs 1 through 64 above as if fully set forth herein , and further alleges that, Defendant – Dana Nessel  Attorney General of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his properties by their willful and wanton misconduct and forgeries.  Defendant – Dana Nessel  as Attorney General of Michigan she is chief prosecutor of crimes for the State of Michigan.  Defendant – Dana

28

Nessel, as Attorney General was informed or should have known of the other Defendants'
crimes of forgeries to steal and defraud Plaintiff but omitted to act which aided and abetted
the other Defendants.

66.     The crime fraud exception of "Forgery" Defendant – Dana Nessel
Attorney General of Michigan, caused deprivation of Plaintiff's rights, secured by the
Constitution, State of Michigan  and Federal, laws and is equally liable under state and federal
laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");
Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title
II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA.
§1983; Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT,  HON. RICK SNYDER GOVERNOR OF MICHIGAN**

67.     Plaintiff hereby incorporates paragraphs 1 through 66 above as if fully set
forth herein , and further alleges that, Defendant – Hon. Rick Snyder Governor of Michigan is
a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate
scheme which stole and defrauded Plaintiff  of his properties by his willful and wanton
misconduct and forgeries.  As during the time of the issues for redress,  Defendant – Hon.
Rick Snyder, was acting though his appointed emergency manager and in the place and stead
of the Defendant - City of Benton governing body and the office of chief administrative
officer of the local government, pursuant to Section 141.1549 and Act 436 of 2012.

68.     As such , Defendant – Hon. Rick Snyder, is responsible for acts and
omissions of Defendant - City of Benton governing body and the office of chief
administrative officer and the local government officials that caused deprivation of Plaintiff's

rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable

under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of

1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C.

Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights

Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT,  HON. JENNIFER GRANHOLM GOVERNOR OF MICHIGAN**

      69.     Plaintiff hereby incorporates paragraphs 1 through 68 above as if fully set

forth herein , and further alleges that, Defendant – Hon. Jennifer Granholm, Governor of

Michigan is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and

an elaborate scheme which stole and defrauded Plaintiff  of his properties by her willful and

wanton misconduct and forgeries.  As, Defendant – Hon. Jennifer Granholm, was Governor

of Michigan in the year of 2010 at the time of Defendants' first forgeries.  As such, Defendant

– Hon. Jennifer Granholm's duty afford the Governor the opportunity to protect the Plaintiff

from the unlawful actions and or to remedy the unlawful actions in whole, and retore Plaintiff

in full, but Defendant failed and or refused to perform such duty, thereby proximately causing

the injuries herein Plaintiff's Complaint.

      70.     As such , Defendant – Hon. Jennifer Granholm, is responsible for acts and

omissions of Defendant - City of Benton governing body and the office of chief

administrative officer and the local government officials that caused deprivation of Plaintiff's

rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable

under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of

1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C.

Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights

Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT,  HON. GRETCHEN WHITMER GOVERNOR OF MICHIGAN**

71.     Plaintiff hereby incorporates paragraphs 1 through 70 above as if fully set

forth herein , and further alleges that, Defendant – Hon. Gretchen Whitmer is a Coconspirator

in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which

stole and defrauded Plaintiff  of his properties by her willful and wanton misconduct and

forgeries, as she took over the Governor's office from Defendant – Hon. Rick Snyder and his

duties to remedy Defendants unlawful wrong against Plaintiff.  Defendant – Hon. Rick

Snyder, was acting though his appointed emergency manager and in the place and stead of the

Defendant - City of Benton governing body and the office of chief administrative officer of

the local government, pursuant to Section 141.1549 and Act 436 of 2012.  Defendant – Dana

Nessel  Attorney General, as Attorney General was informed or should have known of the

other Defendants' crimes of forgeries that stole and defraud Plaintiff but omitted to act which

aided and abetted the other Defendants and further harm Plaintiff.

72.     As such , Defendant – Hon. Gretchen Whitmer is responsible for the acts

and omissions of Defendant – Hon. Rick Snyder and Defendant – Dana Nessel  Attorney

General's deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and

Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's

General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. §

750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 -

42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

## DEFENDANT,  MICHIGAN STATE GOVERNMENT

73.    Plaintiff hereby incorporates paragraphs 1 through 72 above as if fully set forth herein , and further alleges that, Defendant – Michigan State Government is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton misconduct and forgeries.  Defendant – Michigan State Government is responsible for all acts and omissions of all the above Defendants': Government municipals,  all administrative Officers  and employees that cause deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

## DEFENDANT,  STATE BAR OF MICHGAN

74.    Plaintiff hereby incorporates paragraphs 1 through 73 above as if fully set forth herein , and further alleges,  that, Defendant – State Bar of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton misconduct and forgeries.  Defendant – Bret Witskowski, Treasurer of Berrien County willful and wanton

misconduct and forgeries stole and defrauded Plaintiff of his properties, also includes

unauthorized practice of law, (UPL).

74.     The Michigan Supreme Court handles unauthorized practice of law and

delegate its responsibilities to the 'State Bar of Michigan'. First, Plaintiff made formal

Complaint of Defendant – Bret Witskowski's, 'Unauthorized Practice of Law', to Clerk of

Michigan Supreme Court and the Clerk referred Plaintiff to the 'State Bar of Michigan'.

Plaintiff, then made formal complaint to 'State Bar of Michigan', and set forth the evidence of

Defendant – Bret Witskowski's, willful misconduct of Unauthorized Practice of Law raging

from creating 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and

'Forged Certificate of Forfeiture of Real Property', and practicing law in the court room

before Judge Butzbaugh on March 01, 2010, by representing the case on behalf of Defendant

– Berrien County Government. Some evidence inclusive of Defendant – Bret Witskowski's

own deposition confession of UPL.

> 16  Q.  So explain to me what law would permit you to conduct
> 17       a foreclosure proceeding when you're not an attorney?
> 25  **A.  And the judge gave me the privilege of the opportunity**
> 1        **to represent the county.**
> 2   Q.  As an attorney?
> 3   **A.  I answered your question.**
> 4   Q.  Okay.

75.     However, the 'State Bar of Michigan' overlooked all the evidence and closed the

case with non-Lawyer Witskowski's confession in deposition his unauthorized practice of law.

The 'State Bar of Michigan' was given the evidence of non-Lawyer Witskowski confession of

his unauthorized practice of law.

Appellant did submit the proof of the UPL, yet ultimately the 'State Bar of Michigan',

concluded, **UPL No: 19-up-79,** with no due process for an Appeal.

> "The State Bar of Michigan Standing Committee on the Unauthorized Practice of Law
> has considered the above-referenced matter based on the complaint received by the State
> Bar of Michigan Unauthorized Practice of Law department and the information gathered
> during its investigation. The Unauthorized Practice of Law committee has recommended
> that the State Bar of Michigan administratively close this matter <u>because it does not
> appear to be a violation of the UPL statue, MCL 600.916, as interpreted by the Michigan
> Supreme Court. Consequently, the matter has been administratively closed."</u>

76.     But the State Bar of Michigan gave no factual nor legal demonstration of how

when and where the Michigan Supreme Court interpreted the UPL statue MCL 600.916. The

State Bar of Michigan's action was a dereliction of its duty given to it by Michigan Supreme

Court which governs the practice of law and lawyers and has delegated the investigation and

prosecution of unauthorized practice of law complaints and the settled fact that the State Bar of

Michigan was presented with the evidence that, Non-Lawyer Appellee-Witskowski's confessed

to unauthorized practice of law in deposition. (MCL 600.916 and MCL 450.681);  they

suppressed the material evidence, and their response was "…because it does not appear to be a

violation of the UPL statue, MCL 600.916, as interpreted by the Michigan Supreme Court.

Consequently, the matter has been administratively closed.";

> Sec. 916.  (1) A person shall not practice law or engage in the law business, shall
> not in any manner whatsoever lead others to believe that he or she is authorized to
> practice law or to engage in the law business, and shall not in any manner whatsoever
> represent or designate himself or herself as an attorney and counselor, attorney at law, or
> lawyer, unless the person is regularly licensed and authorized to practice law in this state.
> A person who violates this section is guilty of contempt of the supreme court and of the
> circuit court of the county in which the violation occurred, and upon conviction is
> punishable as provided by law. This section does not apply to a person who is duly
> licensed and authorized to practice law in another state while temporarily in this state and
> engaged in a particular matter.(2) A domestic violence victim advocate's assistance that is
> provided in accordance with section 2950c does not violate this section. (3) An
> application assistant's or victim advocate's assistance that is provided in accordance with
> the address confidentiality program act does not violate this section.

77.     As such , Defendant – State Bar of Michigan is liable for deprivation of

Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws and is

equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act,

P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940.

18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil

Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT,  SUPREME COURT OF MICHGAN**

78.     Plaintiff hereby incorporates paragraphs 1 through 77 above as if fully set

forth herein , and further alleges that, Defendant – Supreme Court of Michigan is also a

proximate cause of  Defendants' deprivation of Plaintiff's rights, secured by the Constitution

and laws of the State of Michigan and Federal laws. Plaintiff made formal complaint to 'State

Bar of Michigan', and set forth the evidence of Defendant – Bret Witskowski's, willful

misconduct of Unauthorized Practice of Law raging from creating 'Forged Quit Claim Deed',

'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture of Real

Properties', and practicing law in the court room  before Judge Butzbaugh on March 01,

2010, by representing the case on behalf of Defendant – Berrien County Government.  Yet,

when State Bar of Michigan' failed to be neutral, willfully overlook the evidence and

prejudice Plaintiff; Plaintiff was left with no recourse for redress, there was no appeal

process. (Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-203 (1993)). In addition, the

Defendant – Supreme Court of Michigan permits Judge Butzbaugh, August 18, 2010,

Judgment entered against Defendants and or Mr. Thomas Bread, which is an imaginary

Judgment against Plaintiff to continue to deprive Plaintiff  of his rights and privileges,

secured by the Constitution and laws.

79.     As such , Defendant – Supreme Court of Michigan, actions and omissions

caused  deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and

Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's

General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. §

750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 -

42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; Fourth, Fifth, and  Fourteenth-

section 1, Amendments.

## IV.  MICHIGAN STANDARD ON FORGERY

80.      **Forgery is illegal in Michigan,** and occurs when a defendant **creates**, **uses**, or **possesses a false document with the intent to use it to defraud someone.** This is a crime, and its penalties are discussed below.

**Forgery in Michigan –** Forgery may involve one of many kinds of documents, and happen under a number of circumstances. However, all forgery cases have the following elements in common, all of which the prosecutor must prove beyond a reasonable doubt in order to gain a conviction.

**Making, altering, using, or possessing a writing –** The first element involves the defendant's behavior with regard to a document. Specifically, the prosecutor must show that the defendant either created a false document, altered an existing document, or knowingly used (or possessed with the intent to use) a false document with the intent to defraud someone or some organization. Examples include creating a false ID or driver's license, altering a will to include yourself as a heir, and presenting a knowingly forged certificate of title to illegally gain possession of someone's house.

**A false writing –** The second element requires that the offense involved one of many kinds of documents (also called "instruments" or "writings") that are included under the legal definition of forgery in Michigan. Among many specified types of documents, these public records (including documents that you would file with a county clerk, like a marriage license or certain land transaction documents), deeds and mortgage documents, and financial and legal documents (such as a promissory notes or a will). All writings that "count" for a forgery charge have two common characteristics: they must be of legal significance, and must be false.

**With the intent to defraud, deceive or injure –** Note that it is the intent rather than the success of the fraud that counts. In other words, this element is satisfied if you had the required mind set (to defraud someone); your scheme does not have to have been a success for you to be convicted of forgery. So, for example, if you created a false will for your brother that named you as the sole heir, but you were caught out before you could actually wrongfully inherit anything, you have still committed forgery even though you haven't managed to actually defraud your brother's estate.

**Forgery Punishments –** Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.  For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.)This includes crimes of **"uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)**

**A Note on Federal Law –** Each state has its own forgery laws, but sometimes a forgery offense will be handled under federal law in federal court…. And when a forged document travels across state lines, and in several other similar circumstances, the crime is also handled in federal court.

# V.     COMPLAINT'S  COUNTS

### Count One
### As, to Defendants - Board of Trustee and Niles Charter Township, Governments (Gross Negligence, in Violation) of Plaintiff's rights, secured by the Constitution and laws, set forth herein.

81.     Plaintiff hereby incorporates paragraphs 1 through 80 above as if fully set forth herein, and further alleges that, both  Defendant - Board of Trustee of Niles Charter Township and Niles Charter Township are liable of  Gross Negligence as set forth herein:

> Michigan Supreme Court in the case Jennings v. Southwood and the statute of, Government Tort Liability Act (GTLA), extends immunity from suit to government employees, unless their conduct is grossly negligent and "the proximate cause" of the plaintiff's injuries.) Under the GTLA, "gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."

**Duty of Care** –Defendants and their Coconspirators-Defendants, owed Barnaby a duty of care not to do willful and wanton "Forged", 'Notice of Judgment of Foreclosure' on May 26, 2010, used it to lie that Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010 and not to "Forged", 'Quit Claim Deed', on August 16, 2010, used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or Court Order, and filed them in Defendant Berrien County's Register of Deeds. Both Michigan and Federal Laws recognize Defendants' duties to Plaintiff and prohibit their "Forgeries" of same documents and not to steal and defraud Barnaby of his properties, to cause harm to Barnaby and or others. § 750-248 | 249.) 18 U.S.C. § 471,  940. 18 U.S.C.1341.

**Breach of Duty of Care -** Defendants willful and wanton misconducts of "Forgeries" to steal and defraud Barnaby of his properties and failed to exercise reasonable care as Treasurer and as a Government Corporation demonstrates their recklessness of their substantial lack of concern for Plaintiff's injuries and resulted in their Gross Negligence which cause loss of his real properties, pain, and sufferings.

**Cause in Fact of the Injury -** But-for, Defendants' willful and wanton Misconducts of "Forgeries" on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', used it to deceived Plaintiff that, Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged" 'Quit Claim Deed' and used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, and others without Plaintiff's consent or without Court Order, and filed them in Defendant Berrien County's Register of Deeds, plaintiff's injury would not have occurred.

**Proximate Cause of Harm –** Defendants' gross negligence were foreseeable. Their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transferred title" ownership of Barnaby's Real-Property. Moreover, they were fully informed of their failure to compensate Plaintiff for his property, that would cause Appellant to lose his other properties. But instead, they create, use, and possess other "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' to permanently steal and defraud Plaintiff of his other properties Cause untimely death of son Matthew; Hardship of pain and suffering; emotional distress.

**Damages and Harm –** Plaintiff lost all his same real properties, due to Defendants', Gross Negligence, the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

### Count Two
**As, to Defendants - Board of Trustee and Niles Charter Township Government (Theft of Plaintiff's Properties) in Violation) of his rights, secured by the Constitution and laws, set forth herein.**

82. Plaintiff hereby incorporates paragraphs 1 through 81 above as if fully set forth herein , and further alleges that, Defendants' actions constitute larceny as set forth in connection with Federal and state Laws, **O**ne, Defendants wrongfully took Plaintiff property by forgeries;

**T**wo, the property did not belong to them. **T**hree, they did not have consent from the  Plaintiff neither did they have a signed Court Order as such, they stole Plaintiff's property, **F**our, they had the intent to permanently deprive Plaintiff  of his property and to date still deprives Plaintiff  of the property.

**Count Three**
**As, to Defendants - Board of Trustee and Niles Charter Township,**
**(Due Process Violation) of Plaintiff's rights, secured by the Constitution and laws, set forth herein.**

83.     Plaintiff hereby incorporates paragraphs 1 through 82 above as if fully set forth herein , and further alleges that, Defendants' actions are deprivations of Plaintiff's  Due Process Constitutional Rights in violation of fourth, Fifth and Fourteenth section one,  amendments. Defendants unreasonable search and seizure of Plaintiffs' property violates the Fourth Amendment and there continued retention of Plaintiffs' property violates the Fourth, Fifth and Fourteen Amendments. The government must provide Plaintiff with a basis for the continued retention of property and a prompt and meaningful way to secure its return  Under the U.S. Constitution. The record shows that, Defendants create, use, and possess "Forged", 'Quit Claim Deed', 'Notice of Judgment of Foreclosure' and 'Certificate of Forfeiture of Real Property', to transfer title to Mr. Thomas Bread on August 16, 2010, and stole and defrauded Plaintiff without his consent and or without court's order.  Defendants are presently still using same "Forged", documents today to defraud Plaintiff and violate his due process rights.

84.      Plaintiff is entitled to compensation for his properties, he was not a target of any criminal investigation and the government's continued detention of his properties violates Fed. R. Crim. P. 41 - Search and Seizure and the Fourth, Amendment.  Plaintiff  "Complaint" is in pursuant: 42 USC §1983; 28 USC § 1331, 4th, 5th,14th; Michigan's General Property Tax Act,

40

P.A. 206 of 1893, ("GPTA");  Forgeries - Mi. Comp. Laws Ann. § 750-248; § 750-249; MCL

600.916 and MCL 450.681.

**Count Four**
**As, to Defendants - Board of Trustee and Niles Charter Township,**
**(Fraudulent Misrepresentation & Omission, Violation) of Plaintiff's rights, secured by**
**the Constitution and laws, set forth herein.**

85.    Plaintiff hereby incorporates paragraphs 1 through 84 above as if fully set

forth herein , and further alleges that, Defendants 'stole and defrauded Plaintiff of his

property(s)

**Misrepresentation and Omissions-** Defendants - Board of Trustee and Niles Charter

Township, and Coconspirator Defendants', concocted, disguised, designed an evil plot and an

elaborate scheme to steal and defraud Plaintiff  of his properties with, willful and wanton

misconduct of Forgeries,  'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of

Foreclosure', and 'Forged Certificates of Forfeitures, and Unauthorized Practice of Law {UPL}.

(Mi. Comp. Laws Ann. § 750-248; § 750-249.);  (MCL 600.916 and MCL 450.681). Their,

willful and wanton misconduct of continuous forgeries,  create, use and possess "Forged", 'Quit

Claim Deeds', 'Notice of Judgments of Foreclosures' and 'Certificates of Forfeitures of Real

Properties', transfer title to Mr. Thomas Bread on August 16, 2010, stole and  defrauded Plaintiff

of his properties   § 750-248; § 750-249.)

**Knowledge on the part of the Defendants-** Forged Quit Claim Deeds', 'Forged, Notice

of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and other evidence proves

that, Defendants knew they stole and defraud Plaintiff of his properties.

**Intent on the part of the Defendants to deceive Plaintiff**- By Fraudulent

Misrepresentation and or Omission Defendants concealed that: First, Defendants violated State

41

of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL

211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by

willful and wanton misconducts of ongoing Forgeries, "(Mi. Comp. Laws Ann. § 750-248   §

750-249.)". Third,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of

Law, "(MCL 600.916 and MCL 450.681),".  Fourth, Plaintiff's taxes were paid in full for the tax

years in deputes.

  **Justifiable reliance-** Plaintiff a 'Pro Se litigant' believed and relied on Defendants to be

fair and honest not for the Defendants - Board of Trustee of Niles Charter Township, and

Coconspirator Defendants', to concoct, disguise, design an evil plot and an elaborate scheme to

steal and defraud Plaintiff to conceal that:  First, Defendants violated State of Michigan

foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.)

("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and

wanton misconducts of ongoing Forgeries, "(Mi. Comp. Laws Ann. § 750-248   § 750-249.)".

Third,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL

600.916 and MCL 450.681),".  Fourth, Plaintiff's taxes were paid in full for the tax years in

depute.

  **Injuries Plaintiff suffers-** Proximate cause of  Plaintiff 's Harm – Plaintiff lost all his

same real properties, due to Defendants',  Gross Negligence, Theft of his properties; Due Process

Violation and the untimely death of our son Matthew; Hardship of pain and suffering; and

emotional distress.

**Count One**
**As, to Defendant - City of Benton Harbor,**
**(Gross Negligence, in Violation) of Plaintiff's rights, secured by the Constitution and**
**laws, set forth herein.**

86.     Plaintiff hereby incorporates paragraphs 1 through 85 above as if fully set forth

herein , and further alleges that, Defendant - City of Benton Harbor is liable for  Gross

Negligence elements as follows:

> Michigan Supreme Court in the case Jennings v. Southwood and the statute of,
> Government Tort Liability Act (GTLA), extends immunity from suit to government
> employees, unless their conduct is grossly negligent and "the proximate cause" of the
> plaintiff's injuries.) Under the GTLA, "gross negligence" is defined as "conduct so
> reckless as to demonstrate a substantial lack of concern for whether an injury results."

**Duty of Care** - Defendant - City of Benton Harbor and its Coconspirators Defendants

owed Barnaby a duty of care not mislead and conceal that, **F**irst, Defendants violated State of

Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1

et seq.) ("GPTA")". **S**econd, Defendants stole and defrauded Plaintiff of his properties by willful

and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248   § 750-

249.)".  **T**hird,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law,

"(MCL 600.916 and MCL 450.681). **F**ourth, Plaintiff's taxes were paid in full for the tax years

in depute, and Defendant should not act to willful, and wanton "Forged", 'Notice of Judgment of

Foreclosures' and not to "Forged", 'Quit Claim Deed', on August 16, 2010, and used it to

"transfer title" ownership of Barnaby's Real-Properties to others and to demolish other properties

without Plaintiff's consent or without Court Order, and filed them in Defendant Berrien County's

Register of Deeds. Both Michigan and Federal Laws recognize Defendants' duties to Plaintiff

and prohibit their "Forgeries" of same documents to steal and defraud Barnaby of his properties,

to cause harm to Barnaby and others. § 750-248 | 249.) 18 U.S.C. § 471,  940. 18 U.S.C.1341.

**Breach of Duty of Care -** Defendants willful and wanton misconducts of "Forgeries" to steal and defraud Barnaby of his properties and failed to exercise reasonable and normal care demonstrates their recklessness of their substantial lack of concern for Plaintiff's injuries, is resulted in their Gross Negligence which cause loss of Plaintiff's real properties, pain, and sufferings.

**Cause in Fact of the Injury -** But-for, Defendants' willful and wanton Misconducts of "Forgeries" to create, use and possess, 'Notice of Judgment of Foreclosures', used them to deceive Plaintiff  and "transfer title" ownership of Barnaby's Real-Properties to others and demolish the other properties without Plaintiff's consent and filed them in Defendant Berrien County's Register of Deeds, is also a contribution factor to plaintiff's injury would not have been occurred.  Plaintiff's taxes were paid in full for the tax years in depute.

**Proximate Cause of Harm –** Defendants' gross negligence were foreseeable. Their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transferred title" ownership of Barnaby's Real-Properties. Moreover, they were fully informed of their failure to compensate Plaintiff for his property, and that would cause Plaintiff to lose all his other properties. But instead, they create, use, and possess "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' to permanently steal and defraud Plaintiff of his other properties Cause untimely death of son Matthew; Hardship of pain and suffering; emotional distress.

**Damages and Harm –** Plaintiff lost all his same real properties, due to Defendants', Gross Negligence, and the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

44

**Count Two**
**As, to Defendant - City of Benton Harbor,**
**(Theft of Plaintiff's Properties) in Violation) of his rights, secured by the Constitution**
**and laws, set forth herein.**

87.    Plaintiff hereby incorporates paragraphs 1 through 86 above as if fully set forth

herein , and further alleges,  that, Defendant - City of Benton Harbor and Coconspirators

Defendants' actions constitute larceny as set forth in connection with Federal and state Laws,

**O**ne, Defendants wrongfully took Plaintiff properties by forgeries; **T**wo, the property did not

belong to them. **T**hree, they did not have consent from the  Plaintiff as such they steal Plaintiff

properties, **F**our, they had the intent to permanently deprive Plaintiff  of his property and date

still is deprive Plaintiff  of all his properties.

**Count Three**
**As, to Defendant - City of Benton Harbor,**
**(Due Process Violation) of Plaintiff's rights, secured by the Constitution and laws, set**
**forth herein.**

88.    Plaintiff hereby incorporates paragraphs 1 through 87 above as if fully set forth

herein , and further alleges that, Defendant's actions are deprivations of Plaintiff's  Due Process

Constitutional Rights in violation of fourth, Fifth and Fourteenth section one,  amendments.

Defendants unreasonable search and seizure of Plaintiff's property violates the Fourth

Amendment and there continued retention of Plaintiff's property violates the Fourth, Fifth and

Fourteen Amendments. The government must provide Plaintiff with a basis for the continued

retention of property and a prompt and meaningful way to secure its return  Under the U.S.

Constitution. The record shows that, Defendants, create, use, and possess "Forged", 'Quit Claim

Deed', 'Notice of Judgment of Foreclosure' and 'Certificate of Forfeiture of Real Properties', to

transfer title ownership to others and demolish other properties and stole and defrauded Plaintiff

of his properties without his consent. Defendants are presently still using same "Forged",

documents today to defraud Plaintiff and violate his due process rights. Plaintiff's taxes were paid in full for the tax years in depute.

89.     Plaintiff is entitled to compensation for his properties, he was not a target of any criminal investigation and the government's continued detention of his properties violates Fed. R. Crim. P. 41 - Search and Seizure and the Fourth, Amendment.  Plaintiff  "Complaint" is in pursuant: 42 USC §1983; 28 USC § 1331, 4th, 5th,14th;  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries - Mi. Comp. Laws Ann. § 750-248; § 750-249; MCL 600.916 and MCL 450.681.

**Count Four**
**As, to Defendant - City of Benton Harbor,**
**(Fraudulent Misrepresentation & Omission, Violation) of Plaintiff's rights, secured by the Constitution and laws, set forth herein.**

90.     Plaintiff hereby incorporates paragraphs 1 through 89 above as if fully set forth herein , and further alleges that, Defendant stole and defrauded Plaintiff of his properties.

**Misrepresentation and Omissions-** Defendant - City of Benton Harbor, and Coconspirator Defendants concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff  of his properties with, willful and wanton misconduct and Forgeries, 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and Unauthorized Practice of Law {UPL}. (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  (MCL 600.916 and MCL 450.681). The, willful and wanton misconduct of continuous forgeries,  create, use, and possess "Forged", 'Quit Claim Deeds', 'Notice of Judgments of Foreclosures' and 'Certificates of Forfeitures of Real Properties', transfer title

ownership to others and demolish other properties, stole and  defrauded Plaintiff of his properties § 750-248; § 750-249.)   Plaintiff's taxes were paid in full for the tax years in depute.

**Knowledge on the part of the Defendants-** Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and other evidence proves that, Defendants knew they stole and defraud Plaintiff of his properties. Plaintiff's taxes were paid in full for the tax years in depute.

**Intent on the part of the Defendants to deceive Plaintiff-** By Fraudulent Misrepresentation and or Omission Defendants concealed that: First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of ongoing Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)".  Third,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth, Plaintiff's taxes were paid in full for the tax years in deputes.

**Justifiable reliance-** Plaintiff a 'Pro Se litigant' believed and relied on Defendants to be fair and honest and not for Defendants - City of Benton Harbor, and Coconspirator Defendants', to concoct, disguise, design an evil plot and an elaborate scheme to steal and defraud Plaintiff to conceal that:  First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of ongoing Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)".  Third,  Defendants stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth, Plaintiff's taxes were paid in full for the tax years in deputes.

**Injuries Plaintiff suffers-** Proximate cause of  Plaintiff's  Harm – Plaintiff lost all his same real properties, due to Defendants',  Gross Negligence, Theft of his properties; Due Process Violation and the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

**Count One as to:**

**Defendants: Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer;  Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Office, PLC and Defendant – Berrien County Government**

**<u>(Gross Negligence, in Violation)</u> of Plaintiff's rights, secured by the Constitution and laws, set forth herein.**

91.     Plaintiff hereby incorporates paragraphs 1 through 90 above as if fully set forth herein , and further alleges that, Defendants are liable for  Gross Negligence set forth herein:

> Michigan Supreme Court in the case Jennings v. Southwood and the statute of, Government Tort Liability Act (GTLA), extends immunity from suit to government employees, unless their conduct is grossly negligent and "the proximate cause" of the plaintiff's injuries.) Under the GTLA, "gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."

**Duty of Care -** Defendants owed Barnaby a duty of care not to willful and wanton "Forged", 'Notice of Judgment of Foreclosure' on May 26, 2010, used it to lie that Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010 and not to "Forged", 'Quit Claim Deed', on August 16, 2010, used it to "transfer title" ownership of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or without Court Order, and filed them in Defendant Berrien County's Register of Deeds. Both Michigan and Federal Laws recognize Defendants' duties to Plaintiff and prohibit their

"Forgeries" of same documents to steal and defraud Barnaby of his properties, to cause harm to Barnaby and others. § 750-248 | 249.) 18 U.S.C. § 471,  940. 18 U.S.C.1341.

**Breach of Duty of Care -** Defendants willful and wanton misconducts of "Forgeries" to steal and defraud Barnaby of his properties and failed to exercise reasonable care as their  Duties requires of them and as a Government Corporation it demonstrates their recklessness of their substantial lack of concern for Plaintiff's injuries a result of their Gross Negligence which cause loss of his real properties, pain, and sufferings.

**Cause in Fact of the Injury -** But-for, Defendants' willful and wanton Misconducts of "Forgeries"  on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', used it to deceived Plaintiff  that Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged"  'Quit Claim Deed' and used it to "transfer title" ownership of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or Court Order, and filed them in Defendant Berrien County's Register of Deeds, plaintiff's injury would not have occurred.

**Proximate Cause of Harm –** Defendants' gross negligence were foreseeable. Their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transfer title" ownership of Barnaby's Real-Property. Moreover, they were fully informed of their failure to compensate Plaintiff  for his property, that it would cause Plaintiff to lose all his other properties. But instead, they create, use, and possess "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' used it to permanently steal and defraud Plaintiff of his other properties which Cause untimely death of son Matthew; Hardship of pain and suffering; emotional distress.

**Damages and Harm** – Plaintiff lost all his same real properties, due to Defendants',

Gross Negligence, the untimely death of our son Matthew; Hardship of pain and suffering; and

emotional distress.

**Count Two as to:**
**Defendants: Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar;**
**Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski,**
**Treasurer;  Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner;**
**Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard;**
**Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom;**
**Defendant – Holmdtrom Office, PLC and Defendant – Berrien County Government**

**(Theft of Plaintiff's Properties) rights, secured by the Constitution and laws, set forth**
**herein.**

92.    Plaintiff hereby incorporates paragraphs 1 through 91 above as if fully set forth

herein , and further alleges that, Defendants' actions constitute larceny as set forth in connection

with Federal and state Laws **O**ne, Defendants wrongfully took Plaintiff properties by forgeries;

**T**wo, the property did not belong to them. **T**hree, they did not have consent from the  Plaintiff ,

and no consent from Court Order as such, they stole Plaintiff properties, **F**our, they had the intent

to permanently deprive Plaintiff  of his properties and to date still deprives Plaintiff  of his

properties.

**Count Three as to:**
**Defendants: Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar;**
**Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski,**
**Treasurer;  Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner;**
**Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard;**
**Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom;**
**Defendant – Holmdtrom Office, PLC and Defendant – Berrien County Government**

**(Due Process Violation)  of Plaintiff's rights, secured by the Constitution and laws, set**
**forth herein.**

93.     Plaintiff hereby incorporates paragraphs 1 through 92 above as if fully set forth

herein , and further alleges that, Defendants' actions are deprivations of Plaintiff's  Due Process

Constitutional Rights in violation of fourth, Fifth and Fourteenth section one,  amendments.

Defendants unreasonable search and seizure of Plaintiffs' property violates the Fourth

Amendment and their continued retention of Plaintiffs' property violates the Fourth, Fifth and

Fourteen section one, of the Amendments. The government must provide Plaintiff with a basis

for the continued retention of property and a prompt and meaningful way to secure its return

Under the U.S. Constitution. The record shows, that, Defendants, create, use, and possess

"Forged", 'Quit Claim Deed', 'Notice of Judgment of Foreclosure' and 'Certificate of Forfeiture

of Real Property', to transfer title ownership from Plaintiff; to Mr. Thomas Bread on August 16,

2010, and stole and defrauded Plaintiff without his consent and or without court's order.

Defendants are presently still using same "Forged", documents today to defraud Plaintiff and

violate his due process rights and stole defrauded him of both set of properties  in City of Benton

Harbor and Niles Charter Township.

94.      Plaintiff is entitled to compensation for his properties, as he was not a target of

any criminal investigation and the government's continued detention of his properties violates

Fed. R. Crim. P. 41 - Search and Seizure and the Fourth, Amendment.  Plaintiff  "Complaint" is

in pursuant: 42 USC §1983; 28 USC § 1331, 4th, 5th,14th;  Michigan's General Property Tax

Act, P.A. 206 of 1893, ("GPTA");  Forgeries - Mi. Comp. Laws Ann. § 750-248; § 750-249;

MCL 600.916 and MCL 450.681.

**Count Four as to:**
**Defendants: Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar;**
**Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski,**
**Treasurer;  Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner;**
**Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard;**
**Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom;**
**Defendant – Holmdtrom Office, PLC and Defendant – Berrien County Government**

**(Fraudulent Misrepresentation & Omission), in Violation) of Plaintiff's rights, secured**
**by the Constitution and laws, set forth herein.**

95.    Plaintiff hereby incorporates paragraphs 1 through 94 above as if fully set

forth herein , and further alleges that, Defendants 'stole and defrauded Plaintiff of his

properties.

**Misrepresentation and Omissions-** Defendants, and their Coconspirator Defendants',

concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff

of his properties with, willful and wanton misconduct of Forgeries,  'Forged Quit Claim Deeds',

'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and

Unauthorized Practice of Law {UPL}. (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  (MCL

600.916 and MCL 450.681). Their, willful and wanton misconduct of ongoing forgeries,  create,

use, and possess "Forged", 'Quit Claim Deeds', 'Notice of Judgments of Foreclosures' and

'Certificates of Forfeitures of Real Properties', the transfer title ownership from Plaintiff to Mr.

Thomas Bread on August 16, 2010, stole and defrauded Plaintiff of his properties   § 750-248; §

750-249.)

**Knowledge on the part of the Defendants-** Forge Quit Claim Deeds', 'Forge, Notice of Judgments of Foreclosure', and 'Forge Certificates of Forfeitures, and other evidence proves that Defendants knew they stole and defraud Plaintiff of his properties.

**Intent on the part of the Defendants to deceive Plaintiff-** By Fraudulent Misrepresentation and or Omission Defendants concealed that: First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of ongoing Forgeries, "(Mi. Comp. Laws Ann. § 750-248   § 750-249.)". Third,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth, Plaintiff's taxes were paid in full for the tax years in deputes.

**Justifiable reliance-** Plaintiff a 'Pro Se litigant' believed and relied on Defendants to be fair and honest and not for Defendants to concoct, disguise, design an evil plot and an elaborate scheme to steal and defraud Plaintiff to conceal that:  First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of ongoing Forgeries, "(Mi. Comp. Laws Ann. § 750-248   § 750-249.)".  Third,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth, Plaintiff's taxes were paid in full for the tax years in deputes.

**Injuries Plaintiff suffers-** Proximate cause of Forgery,  Plaintiff's  Harm – Plaintiff lost all his same real properties, due to Defendants',  Gross Negligence, Theft of his properties; Due

Process Violation and the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

## Count One
### As, to Defendant – Bret Witskowski, in His Individual Capacity
### (Gross Negligence, in Violation) of Plaintiff's rights, secured by the Constitution and laws, set forth herein.

96.    Plaintiff hereby incorporates paragraphs 1 through 95 above as if fully set forth herein , and further alleges that, Defendant – Mr. Witkowski is liable of Negligence and  Gross Negligence set forth herein as follows:

**Duty of Care -** Defendant Mr. Witkowski owed Barnaby a duty of care not to do willful and wanton "Forged", 'Notice of Judgment of Foreclosure' on May 26, 2010, used it to lie that Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010 and not to "Forged", 'Quit Claim Deed', on August 16, 2010, used it to "transfer title" ownership of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or without Court Order, and filed them in Defendant Berrien County's Register of Deeds. Both Michigan and Federal Laws recognize Defendants' duties to Plaintiff and prohibit their "Forgeries" of same documents to steal and defraud Barnaby of his properties, to cause harm to Barnaby and others. § 750-248 | 249.) 18 U.S.C. § 471,  940. 18 U.S.C.1341.

**Breach of Duty of Care –** Defendant's willful and wanton misconducts of "Forgeries" to steal and defraud Barnaby of his properties and failed to exercise reasonable care as he broke the law which is outside the scope of his job as such, he was acting in his Individual Capacity; demonstrates the recklessness of his substantial lack of concern for Plaintiff's injuries a result of Defendant Mr. Witkowski Negligence and Gross Negligence which cause the loss of Plaintiff's real properties, pain, and sufferings.

**Cause in Fact of the Injury -** But-for, Defendant **Mr. Witkowski's** willful and wanton Misconducts of "Forgeries" on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', used it to deceive Plaintiff that, Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged" 'Quit Claim Deed' and used it to "transfer title" ownership of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or without Court Order, and filed the forgery documents in Defendant Berrien County's Register of Deeds, plaintiff's injury would not have occurred.

**Proximate Cause of Harm –** Defendan **Mr. Witkowski's** gross negligence were foreseeable. his willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transfer title" ownership of Barnaby's Real-Property. Mover, he was fully informed of his failure to compensate Plaintiff for his property, would cause Plaintiff to lose all his other properties. But instead, he create, use, and possess "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' to permanently steal and defraud Plaintiff of his properties, Cause untimely death of son Matthew; Hardship of pain and suffering; emotional distress.

**Damages and Harm –** Plaintiff **lost** all his same real properties, due to Defendant **Mr. Witkowski's** , Gross Negligence, the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

**Count Two**
**As, to Defendant – Bret Witskowski, in His Individual Capacity**
**(Theft of Plaintiff's Properties) in Violation) of his rights, secured by the Constitution and laws, set forth herein.**

97.    Plaintiff hereby incorporates paragraphs 1 through 96 above as if fully set forth herein , and further alleges that, Defendant's actions constitutes larceny as set forth in connection with Federal and state Laws, **O**ne, Defendant wrongfully took Plaintiff's properties by forgeries;

**T**wo, the property did not belong to them. **T**hree, they did not have consent from the Plaintiff or consent from Court Order as such, he stole Plaintiff's properties, **F**our, he had the intent to permanently deprive Plaintiff of his property and to date still deprives Plaintiff of his properties.

**Count Three**
**As, Defendant – Bret Witskowski in His Individual Capacity**
**(Due Process Violation) of Plaintiff's rights, secured by the Constitution and laws, set forth herein.**

98.    Plaintiff hereby incorporates paragraphs 1 through 97 above as if fully set forth herein , and further alleges that, Defendant's actions are deprivations of Plaintiff's Due Process Constitutional Rights in violation of fourth, Fifth and Fourteenth section one, amendments. Defendant's unreasonable search and seizure of Plaintiffs' property violates the Fourth Amendment and his continued retention of Plaintiffs' property violates the Fourth, Fifth and Fourteen Amendments. The government must provide Appellant with a basis for the continued retention of property and a prompt and meaningful way to secure its return Under the U.S. Constitution. The record shows that, Defendant, create, use, and possess "Forged", 'Quit Claim Deed', 'Notice of Judgment of Foreclosure' and 'Certificate of Forfeiture of Real Property', to transfer title ownership from Plaintiff, to Mr. Thomas Bread on August 16, 2010, Defendant stole and defrauded Plaintiff without his consent and or without court's order. Defendants are presently still using same "Forged", documents today to defraud Plaintiff and violate his due process rights.

99.     Plaintiff is entitled to compensation for his properties, he was not a target of any criminal investigation and the government's continued detention of his properties violates Fed. R. Crim. P. 41 - Search and Seizure and the Fourth, Amendment. Plaintiff "Complaint" is in pursuant: 42 USC §1983; 28 USC § 1331, 4th, 5th,14th; Michigan's General Property Tax Act,

56

P.A. 206 of 1893, ("GPTA"); Forgeries - Mi. Comp. Laws Ann. § 750-248; § 750-249; MCL

600.916 and MCL 450.681.

<strong>Count Four</strong><br>
<strong>As, to Defendant – Bret Witskowski in His Individual Capacity</strong><br>
<strong>(Fraudulent Misrepresentation & Omission, Violation) of Plaintiff's rights, secured by</strong><br>
<strong>the Constitution and laws, set forth herein.</strong>

100.     Plaintiff hereby incorporates paragraphs 1 through 99 above as if fully set

forth herein , and further alleges that, Defendant Mr. Witkowski 'stole and defrauded Plaintiff

of his property(s)

**Misrepresentation and Omissions-** Defendant - and his Coconspirator Defendants',

concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff

of his properties with, willful and wanton misconduct of Forgeries, 'Forged Quit Claim Deeds',

'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and

Unauthorized Practice of Law {UPL}. (Mi. Comp. Laws Ann. § 750-248; § 750-249.); (MCL

600.916 and MCL 450.681). Defendant Mr. Witkowski's, willful and wanton misconduct of

ongoing forgeries, create, use, and possess "Forged", 'Quit Claim Deeds', 'Notice of Judgments

of Foreclosures' and 'Certificates of Forfeitures of Real Properties', transfer of title ownership

from Plaintiff to Mr. Thomas Bread on August 16, 2010, stole and defrauded Plaintiff of his

properties   § 750-248; § 750-249.)

**Knowledge on the part of the Defendant-** Forged Quit Claim Deeds', 'Forged, Notice

of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and other evidence proves

that Defendant Mr. Witkowski knew he stole and defraud Plaintiff of his properties.

Intent on the part of Defendant Mr. Witkowski to deceive Appellant- By Fraudulent

Misrepresentation and or Omission Defendant concealed that: First, Defendant violated State of

57

Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendant stole and defrauded Plaintiff of his properties by willful and wanton misconducts of ongoing Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)".  Third,  he stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth, Plaintiff's taxes were paid in full for the tax years in deputes.

 **Justifiable reliance-** Plaintiff a 'Pro Se litigant' believed and relied on Defendant Mr. Witkowski to be fair and honest and not for Defendant Mr. Witkowski and his Coconspirator Defendants', to concoct, disguise, design an evil plot and an elaborate scheme to steal and defraud Plaintiff, to conceal that:  First, Defendant violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendant stole and defrauded Plaintiff of his properties by willful and wanton misconducts of ongoing Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)".  Third, stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth, Plaintiff's taxes were paid in full for the tax years in deputes.

 **Injuries Plaintiff suffers-** Proximate cause of  Plaintiff 's Harm – Plaintiff lost all his same real properties, due to Defendant Mr. Witkowski's,  Gross Negligence, Theft of Plaintiff's properties; Due Process Violation and the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

**Count One As, to:**
**Defendant – Kendell S. Asbenson; Defendant – Dana Nessel  Attorney General;**
**Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm,**
**Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State**
**Government**

**(Gross Negligence, in Violation) of Plaintiff's rights, secured by the Constitution and**
**laws, set forth herein.**

101.    Plaintiff hereby incorporates paragraphs 1 through 100 above as if fully set forth

herein , and further alleges that, Defendants - are liable of  Gross Negligence set forth herein:

> Michigan Supreme Court in the case Jennings v. Southwood and the statute of,
> Government Tort Liability Act (GTLA), extends immunity from suit to government
> employees, unless their conduct is grossly negligent and "the proximate cause" of the
> plaintiff's injuries.) Under the GTLA, "gross negligence" is defined as "conduct so
> reckless as to demonstrate a substantial lack of concern for whether an injury results."

**Duty of Care** – When the State of Michigan through its Governors became Chief

Operations Manager of the City of Benton Harbor they became liable for Defendant City of

Benton Harbor via the (Emergency Manager Takeover); and Niles Charter Township because of

Defendant – Kendell S. Asbenson; Defendant – Dana Nessel  Attorney General causing

dereliction of duty; and the Properties become interwoven. Defendants owed Barnaby a duty of

care not to do willful and wanton "Forged", 'Notice of Judgment of Foreclosure' on May 26,

2010, used it to lie that, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August

18, 2010, was entered on March 01, 2010 and not to "Forged", 'Quit Claim Deed', on August 16,

2010, used it to "transfer title" ownership of Barnaby's Real-Property to Mr. Thomas Bread,

without Plaintiff's consent or without Court Order, and filed them in Defendant's Berrien

County's Register of Deeds. Both Michigan and Federal Laws recognize Defendants' duties to

Plaintiff and prohibit their "Forgeries" of same documents which they used to steal and defraud

Barnaby of his properties, to cause harm to Barnaby and others. § 750-248 | 249.) 18 U.S.C. §

471,  940. 18 U.S.C.1341.

**Breach of Duty of Care -** Defendants willful and wanton misconducts of "Forgeries" to steal and defraud Barnaby of his properties and failure to exercise reasonable care as their Duties require of them and as a Government Corporation demonstrates their recklessness of their substantial lack of concern for Plaintiff's injuries and the results of their Gross Negligence which cause loss of all Plaintiff's real properties, pain, and sufferings.

**Cause in Fact of the Injury -** But-for, Defendants' willful and wanton Misconducts of "Forgeries"  on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', used it to deceived Plaintiff  that, Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged"  'Quit Claim Deed' and used it to "transfer title" ownership of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or without consent from Court Order, and filed the forged documents in Defendant's Berrien County's Register of Deeds, plaintiff's injury would not have occurred.

**Proximate Cause of Harm –** Defendants' gross negligence was foreseeable. Their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transferred title" ownership of Barnaby's Real-Property. Mover, the Defendants were fully informed of their failure to compensate Plaintiff for his property, that it would cause Plaintiff to lose all his other properties. But instead, they create, use, and possess "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' to permanently steal and defraud Plaintiff of all his other properties and Caused untimely death of son Matthew; Hardship of pain and suffering; emotional distress.

**Damages and Harm –** Plaintiff lost all his same real properties, due to Defendants', Gross Negligence, the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

**Count Two As, to:**
**Defendant – Kendell S. Asbenson; Defendant – Dana Nessel  Attorney General;**
**Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm,**
**Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State**
**Government**

**(Theft of Plaintiff's Properties) rights, secured by the Constitution and laws, set forth**
**herein.**

102.  Plaintiff hereby incorporates paragraphs 1 through 101 above as if fully set forth

herein , and further alleges that, Defendants' actions constitute larceny as set forth in connection

with Federal and state Laws, **O**ne, Defendants wrongfully took Plaintiff properties by forgeries;

**T**wo, the property did not belong to them. **T**hree, they did not have consent from the  Plaintiff or

consent from Court Order as such, they stole Plaintiff's properties, **F**our, they had the intent to

permanently deprive Plaintiff  of his properties and to date still deprives Plaintiff  of properties.

**Count Three, as to:**
**Defendant – Kendell S. Asbenson; Defendant – Dana Nessel  Attorney General;**
**Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm,**
**Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State**
**Government**

**(Due Process Violation) of Plaintiff's rights, secured by the Constitution and laws, set**
**forth herein.**

103.     Plaintiff hereby incorporates paragraphs 1 through 102 above as if fully set forth

herein , and further alleges that, Defendants' actions are deprivations of Plaintiff's  Due Process

Constitutional Rights in violation of fourth, Fifth and Fourteenth section one,  amendments.

Defendants unreasonable search and seizure of Plaintiffs' property violates the Fourth

Amendment and their continued retention of Plaintiffs' property violates the Fourth, Fifth and

Fourteen Amendments. The government must provide Plaintiff with a basis for the continued

retention of property and a prompt and meaningful way to secure its return  Under the U.S.

Constitution. The record shows that Defendants, create, use, and possess "Forged", 'Quit Claim

Deed', 'Notice of Judgment of Foreclosure' and 'Certificate of Forfeiture of Real Properties',

transferred title ownership to Mr. Thomas Bread on August 16, 2010, and others, stole and

defrauded Plaintiff of his properties without his consent and or consent from Court's Order.

Defendants are presently still using same "Forged", documents today to defraud Plaintiff and

violate his due process rights.

104.    Plaintiff is entitled to compensation for his properties, he was not a target of any

criminal investigation and the government's continued detention of his properties violates Fed.

R. Crim. P. 41 - Search and Seizure and the Fourth, Amendment.  Plaintiff  "Complaint" is in

pursuant: 42 USC §1983; 28 USC § 1331, 4th, 5th,14th;  Michigan's General Property Tax Act,

P.A. 206 of 1893, ("GPTA");  Forgeries - Mi. Comp. Laws Ann. § 750-248; § 750-249; MCL

600.916 and MCL 450.681.


**Count Four, as to:**
**Defendant – Kendell S. Asbenson; Defendant – Dana Nessel  Attorney General;**
**Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm,**
**Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State**
**Government**

**(Fraudulent Misrepresentation & Omission, Violation) of Plaintiff's rights, secured by**
**the Constitution and laws, set forth herein.**

105.    Plaintiff hereby incorporates paragraphs 1 through 104 above as if fully set

forth herein , and further alleges that, Defendants 'stole and defrauded Plaintiff of his

properties.


**Misrepresentation and Omissions-** Defendants  and their Coconspirator Defendants',

concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff

of his properties with, willful and wanton misconduct of Forgeries,  'Forged Quit Claim Deeds',

'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and

Unauthorized Practice of Law {UPL}. (Mi. Comp. Laws Ann. § 750-248; § 750-249.); (MCL 600.916 and MCL 450.681). Their, willful and wanton misconduct of ongoing forgeries, create, use, and possess "Forged", 'Quit Claim Deeds', 'Notice of Judgments of Foreclosures' and 'Certificates of Forfeitures of Real Properties', transfer title ownership from Plaintiff to Mr. Thomas Bread on August 16, 2010, and others; stole and defrauded Plaintiff of his properties § 750-248; § 750-249.)

**Knowledge on the part of the Defendants-** Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and other evidence proves that Defendants knew they stole and defraud Plaintiff of his properties.

Intent on the part of the Defendants to deceive Plaintiff- By Fraudulent Misrepresentation and or Omission Defendants concealed that: First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of Continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248 § 750-249.)". Third, Defendants stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),". Fourth, Plaintiff's taxes were paid in full for the tax years in deputes.

**Justifiable reliance-** Plaintiff a 'Pro Se litigant' believed and relied on Defendants to be fair and honest and not for Defendants - and their Coconspirator Defendants', to concoct, disguise, design an evil plot and an elaborate scheme to steal and defraud Plaintiff, to conceal that: First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of Continuous Forgeries,

"(Mi. Comp. Laws Ann. § 750-248 § 750-249.)".  Third, stole and defrauded Plaintiff of his

properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth,

Plaintiff's taxes were paid in full for the tax years in deputes.

**Injuries Plaintiff suffers-** Proximate cause of  Plaintiff's  Harm – Plaintiff lost all his

same real properties, due to Defendants',  Gross Negligence, Theft of his properties; Due Process

Violation and the untimely death of our son Matthew; Hardship of pain and suffering; and

emotional distress.

### Count One
### As, to Defendant – State Bar of Michigan,
### (Gross Negligence, in Violation) of Plaintiff's rights, secured by the Constitution and laws, set forth herein.

106.    Plaintiff hereby incorporates paragraphs 1 through 105 above as if fully set forth

herein , and further alleges that, 'State Bar of Michigan's gross bias, omissions, and failure to

have an appeal process in place aided the other Defendants and help to cause in fact Plaintiff's

injuries. As such, State Bar of Michigan' is liable for Gross Negligence as the other Defendants.

Michigan Supreme Court in the case Jennings v. Southwood and the statute of,
Government Tort Liability Act (GTLA), extends immunity from suit to government
employees, unless their conduct is grossly negligent and "the proximate cause" of the
plaintiff's injuries.) Under the GTLA, "gross negligence" is defined as "conduct so
reckless as to demonstrate a substantial lack of concern for whether an injury results."

**Duty of Care** - Defendant State Bar of Michigan aided and abetted the other Defendants

and becomes liable with them, as all Defendants; Defendant State Bar of Michigan owed

Barnaby a duty of care not to do willful and wanton "Forgery", 'Notice of Judgment of

Foreclosure' on May 26, 2010, was used to lie that, Judge Butzbaugh's [Linchpin] Foreclosure

Judgment entered on August 18, 2010, was entered on March 01, 2010 and a duty was owed not

to "Forge", 'Quit Claim Deed', on August 16, 2010, and not to used it to "transfer title"

ownership of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or

consent from Court Order, and not to file the Forged documents in Defendant Berrien County's Register of Deeds. Both Michigan and Federal Laws recognize Defendant's duties to Plaintiff and prohibit Defendant's "Forgeries" of same documents which were used to steal and defraud Barnaby of his properties, not to cause harm to Barnaby and others. § 750-248 | 249.) 18 U.S.C. § 471,  940. 18 U.S.C.1341.

**Breach of Duty of Care** – Defendant State Bar of Michigan aided and abetted the other Defendants  willful and wanton misconducts of "Forgeries" to steal and defraud Barnaby of his properties and failure to exercise reasonable care as Treasurer and as a Government Corporation demonstrates their recklessness of their substantial lack of concern for Plaintiff's injuries results of their Gross Negligence which cause loss of his real properties, pain, and sufferings.

**Cause in Fact of the Injury -** But-for, Defendant State Bar of Michigan that aided and abetted the other Defendants' willful and wanton Misconducts of "Forgeries"  on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', which was used to deceive Plaintiff that Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged"  'Quit Claim Deed' and used it to "transfer title" ownership of Barnaby's Real-Properties to Mr. Thomas Bread, and others without Plaintiff's consent or consent from Court Order, and filed the Forged documents in the Defendant Berrien County's Register of Deeds, plaintiff's injury would not have been occurred.

**Proximate Cause of Harm** – Defendant State Bar of Michigan aided and abetted the other Defendants' gross negligence which was foreseeable. The willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transferred title" ownership of Barnaby's Real-Properties.  Moreover, Defendant were fully informed of the failure to compensate Plaintiff for his Niles property, would cause Plaintiff to

lose all his other properties. But instead, Defendant, create, use, and possess "Forged", 'Notice of Judgment of Foreclosures' and 'Quit Claim Deeds' to permanently steal and defraud Plaintiff of his other properties that Cause untimely death of son Matthew; Hardship of pain and suffering; emotional distress.

      **Damages and Harm** – Plaintiff lost all his same real properties, due to Defendant's, Gross Negligence, the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

### Count Two As, to:
### Defendants – Supreme Court of Michigan and State Bar of Michigan,
### (Due Process Violation) of Plaintiff's rights, secured by the Constitution and laws, set forth herein.

      107.    Plaintiff hereby incorporates paragraphs 1 through 106  above as if fully set forth herein , and further alleges that, Defendants – Supreme Court of Michigan and Defendants –State Bar of Michigan, violated Plaintiff's  (Due Process rights) while they have a grievance committee, they failed to have an appeal process to address the gross bias of the committee. As such, Plaintiff was Denied his rights, secured by the Constitution and laws by Defendants' actions and omissions, pursuant to: 42 USC §1983; 28 USC § 1331, 4th, 5th,14[th];  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries - Mi. Comp. Laws Ann. § 750-248; § 750-249; MCL 600.916 and MCL 450.681.

### Count One
### As, to Defendant – Supreme Court of Michigan,
### (Constitutional Rights Violation) secured by the Constitution and laws, set forth herein.

      108.    Plaintiff hereby incorporates paragraphs 1 through 107 above as if fully set forth herein , and further alleges that, Defendant – Supreme Court of Michigan is also the proximate cause of  Defendants' deprivation of Plaintiff's rights, secured by the Constitution

and laws.  First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)".  Third,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681)," Fourth, Plaintiff's taxes were paid in full for the tax years in depute. Yet, Defendant – Supreme Court of Michigan permits Judge Butzbaugh, August 18, 2010, Judgment entered against Defendants and or Mr. Thomas Bread, to  deprive Plaintiff  of his rights and privileges, secured by the Constitution and laws.

109.    First, Plaintiff alleges that the Judgment entered by Judge Butzbaugh on August 18, 2010, was against Defendants and or Mr. Thomas Bread, which is an imaginary Judgment against Plaintiff, for that Judgment to be against Plaintiff it would have to have been entered on March 01, 2010, before the property was transferred by Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture to Mr. Thomas Bread.

110.    Second, Supreme Court of Michigan is responsible for acts and omissions of the Defendant -  State Bar of Michigan failure of redress of UPL MCL 600.916 and MCL 450.68 which is injuring Plaintiff.  Further, Supreme Court of Michigan violated Plaintiff's rights under the General Property Tax Act, P.A. 206 of 1893, ("GPTA") which, required the Judgment to be entered on March 01, 2010, for it to be a valid Judgment against Plaintiff, plus: Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA.

§1983; Fourth, Fifth, and  Fourteenth-section I, Amendments. Plaintiff seeks Declaratory

Judgment from this Federal Court against Defendant – Supreme Court of Michigan.

## VI.    RELIEF

For the reasons set forth in this Complaint, are four fundamental principal points to

resolve the live case or controversy among Plaintiff and Defendants which cause Defendants'

deprivation of Plaintiff's rights, secured by the Constitution and laws are as follows: **F**irst,

Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of

1893, amended (MCL 211.1 et seq.) ("GPTA")". **S**econd, Defendants stole and defrauded

Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi.

Comp. Laws Ann. § 750-248    § 750-249.)".  **T**hird,  Defendants stole and defrauded Plaintiff of

his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  **F**ourth,

Plaintiff's taxes were paid in full for the tax years in depute.  Wherefore, the Plaintiff claims

Relief as follows:

1. Relief  for all his properties, from the prospective of his vision to buy, to rehab and to sell
   all the properties at the peak of the Harbor shore Development.
2. Restitution of all rent loss, plus interest.
3. Actual, consequential, and incidental damages.
4. Treble damages for theft and Negligence pursuant to Federal Law
5. Costs and attorneys' fees if Plaintiff must hire an attorney.
6. Such other, further, or additional relief as in law or equity may appertain.
7. Emotional distress/ pain and sufferings
8. And Declaratory Judgment against Defendant Michigan Supreme Court

Respectfully Submitted,

\S/ Owen W. Barnaby

Dated: November 28, 2022,                                                      Owen W. Barnaby, In Pro Se.