UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

    Plaintiff,

v.

MICHIGAN STATE GOVERNMENT.
et al.,

    Defendants.
_____/

Hon. Robert J. Jonker

Case No. 1:22-cv-1146

**REPORT AND RECOMMENDATION**

    Plaintiff Owen Barnaby, a citizen of Georgia, has sued the State of Michigan and numerous other parties, including but not limited to, current Governor Gretchen Whitmer, former Governors Rick Snyder and Jennifer Granholm, the Michigan Supreme Court, and the State Bar of Michigan, alleging that they violated his constitutional rights, as well federal and state civil and criminal statutes, in connection with a 2010 tax foreclosure of real property that he owned in Berrien County, Michigan. Barnaby invokes federal question jurisdiction based on his constitutional and federal statutory claims and supplemental jurisdiction over his state-law claims. He alleges that his damages exceed $75,000, but he does not expressly invoke diversity jurisdiction under 28 U.S.C. § 1332(a).

    Although Barnaby paid the filing fee in this action when he filed his complaint, I have reviewed the current operative pleading—the second amended complaint—pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), because Plaintiff and this action have a history in this Court. Under *Apple*, a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a

complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479–80; *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). Based upon my review, I recommend that the Court dismiss Plaintiff's second amended complaint for lack of subject matter jurisdiction because it is no longer open to discussion and devoid of merit.

## I. Background

The Sixth Circuit previously set forth the pertinent facts surrounding the foreclosure as follows:

> In 2010, the defendants foreclosed on and then sold Barnaby's real property when he failed to pay property taxes. Two years after the sale at auction, Barnaby moved for a new foreclosure hearing. He claimed that the sale violated a partial-payment plan that he and the country [sic] treasurer had orally agreed upon to keep his property out of foreclosure. The state court denied Barnaby's motion after an evidentiary hearing, finding that he had not established that an agreement existed. In one of several post-judgment filings, Barnaby argued that the defendants sold his property in violation of state law because they did not first obtain a foreclosure judgment. At a hearing, the state court recognized defendants' error but still denied Barnaby's motion. The court held that, under Michigan law, a sale of property can be set aside only if the sales procedure was so egregious that it violated due process. Because Barnaby had notice of the auction, was present for it, and understood that his property had been sold, and because he then waited several years before suing to protect his rights, the state court held that the procedure did not violate due process. Barnaby appealed, to no avail.

*Barnaby v. Witkowski*, 758 F. App'x 431, 433 (6th Cir. 2018).

On December 12, 2014, Barnaby filed a complaint in this Court against Berrien County and Berrien County Treasurer Bret Witkowski, alleging a federal due process claim and several state-law claims arising out of the 2010 foreclosure. Subsequently, the parties consented to have Magistrate Judge Ellen Carmody conduct all proceedings in the case, including entry of a final judgment, pursuant to 28 U.S.C. § 636(c). On January 21, 2016, Judge Carmody granted the defendants' motion to dismiss based on the *Rooker-Feldman* doctrine. *Barnaby v. Witkowski*, No. 1:14-cv-1279, 2016 WL 245227 (W.D. Mich. Jan. 21, 2016). Barnaby appealed, and the Sixth

Circuit reversed and remanded the case because it found that Barnaby did not allege injuries arising from the state-court judgment. 2017 WL 3701727, at *2 (6th Cir. Feb. 17, 2017). Following remand and a period of discovery, the defendants moved to dismiss and/or for summary judgment. On January 12, 2018, Judge Carmody granted the motion, finding that the state-court judgment barred Barnaby's claims under the doctrines of res judicata and collateral estoppel and that certain claims were subject to dismissal on other grounds as well. 2018 WL 387961 (W.D. Mich. Jan. 12, 2018). Barnaby appealed the judgment, and the Sixth Circuit affirmed. 758 F. App'x 431 (6th Cir. 2018). The court of appeals concluded that Judge Carmody correctly found that Barnaby's claims were barred by res judicata and collateral estoppel because they all depended on Barnaby's allegation that he and Defendant Witkowski entered into a partial payment agreement that Defendant Witkowski violated by selling Barnaby's property at auction, which the state court found Barnaby failed to prove. The court also found that the state court's ruling that the sale procedure did not violate Barnaby's due process rights barred his due process claim in federal court. *Id.* at 436. Following the affirmance, Barnaby filed a Rule 60(b) motion for relief from judgment, which Judge Carmody denied on April 9, 2019. (Case No. 1:14-cv-1279, ECF No. 180.) Barnaby appealed that order, and the Sixth Circuit affirmed it on October 8, 2019. (*Id.*, ECF No. 194.) Barnaby filed a second Rule 60(b) motion, which I denied on August 23, 2021. (*Id.*, ECF No. 202.) I denied Barnaby's motion for reconsideration on September 10, 2021. (*Id.*, ECF No. 206.) Barnaby appealed the orders to the Sixth Circuit, which affirmed them on September 26, 2022. 2022 WL 5263832 (6th Cir. Sept. 26, 2022).

Unsuccessful in this Court, Barnaby sought relief in another court. On October 5, 2022, he filed a complaint in the Eastern District of Michigan against the State of Michigan, the current and former Michigan governors, Michigan's attorney general, Witkowski, Berrien County, and others.

3

(ECF No. 1.) Once again, the subject of this complaint was the alleged wrongful foreclosure in 2010. On October 13, 2022, the court entered an order noting that Barnaby had failed to plead any viable claims and did not "make a single allegation concerning any act or omission by any particular Defendant." Therefore, the court granted Barnaby leave to file an amended complaint before dismissing the action. (ECF No. 4.) Barnaby filed his first amended complaint on November 14, 2022. (ECF No. 6.) Without leave, he filed a second amended complaint on November 28, 2022. (ECF No. 10.) On December 5, 2022, the court transferred the action to this district because the real property at issue is located in Berrien County, and thus within this district. (ECF No. 11.) In its transfer order, the court observed that Michigan Attorney General Dana Nessel, the Office of the Governor of the State of Michigan, the State Bar of Michigan, and the Michigan Supreme Court—the only four defendants who could arguably be deemed to be located in that district for purposes of venue—have no apparent connection to the claims. (*Id.* at PageID.231.) The court further noted that "the allegations in Barnaby's pending complaint are substantially similar to those raised in the earlier case and may, in fact, be duplicative of the earlier case." (*Id.*)

## II. Discussion

### A. Claim and Issue Preclusion

As set forth above, Barnaby's prior action in this Court resulted in a final judgment. Claim and issue preclusion are separate prongs of the affirmative defense commonly known as res judicata and normally must be raised by the defendant. However, the Supreme Court has held that a district court may raise the defense *sua sponte* in "special circumstances," including where "a court is on notice that it has previously decided the issue presented. *Arizona v. California*, 530 U.S. 392, 412 (2000); *see also Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (holding that a district court may raise res judicata based on its own prior judgment *sua sponte*). Because the prior judgment was rendered in federal court, the preclusive effect is

4

determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *see also* Restatement (Second) of Judgments § 87 ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.").

The doctrine of claim preclusion provides that, if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982); *Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). To apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

"Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892. Issue preclusion applies where: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Aircraft Braking Sys. Corp. v.*

*Local 856, Int'l Union, United Auto., Aerospace & Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996).

All requirements for claim and issue preclusion are met here. For claim preclusion, the previous lawsuit resulted in a final judgment, was between Barnaby as Plaintiff and Witkowski and Berrien County as Defendants, and Barnaby asserts the same claims—gross negligence, theft, violation of due process, and fraudulent misrepresentation and omission—all of which arose out of the 2010 foreclosure proceedings. For issue preclusion, the validity of the tax foreclosure was raised in the prior case and was necessary to the outcome, a final judgment was issued, and Barnaby had a full and fair opportunity to litigate the issue. Judge Carmody determined that the precise issue—the validity of the foreclosure proceeding—had been raised in, and decided by, the state court.

The fact that Barnaby has added numerous other parties to this action who are either in privity with Witkowski and Berrien County or have no factual connection to the 2010 foreclosure does not change the above analysis. Likewise, his new allegation of a wide-ranging conspiracy, presumably under 42 U.S.C. § 1983, provides no escape from claim and issue preclusion. A civil conspiracy under Section 1983 is "an agreement between two or more persons to injure another by unlawful action." *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting Hooks v. Hooks, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged co-conspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). The Sixth Circuit has held that "vague and conclusory allegations, unsupported by material facts, are not sufficient to state a conspiracy claim under § 1983." *Becker v. Clinton*, No. 99-3811, 2000

WL 553911, at *1 (6th Cir. Apr. 28, 2000) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). Barnaby's 68-page second amended complaint contains only the following conspiracy-related allegation littered throughout the pleading in discussing each Defendant: Defendants "concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his properties by their willful and wanton misconduct of forgeries." (ECF No. 10 at PageID.188.) This is nothing more than a legal conclusion devoid of factual content, which does not plausibly allege a conspiracy. Finally, Barnaby's forgery allegations do not save his claim from the preclusion doctrines. He refers to forged quit-claim deeds, a forged judgment of foreclosure or notice of judgment of foreclosure, and forged certificates of foreclosure, all used to "permanently steal and defraud [Barnaby] of his . . . properties." (*Id.* at PageID.174.) Although Barnaby's forgery allegations are somewhat vague, it appears that they are rooted in his contention that procedural errors invalidated the foreclosure process, resulting in "forged" documents. But this assertion merely seeks to relitigate the state court's judgment, which concluded that the deficiencies in the process were not so egregious that they violated Barnaby's right to due process. In other words, the foreclosure was deemed valid. In the end, Barnaby is left with the same set of facts that were before the state court.

Therefore, Barnaby's claims are barred by claim and issue preclusion. *See Brammell v. Whipple*, No. 0:09-22, 2009 WL 649164, at *1 (E.D. Ky. Mar. 10, 2009) (dismissing the plaintiff's petition pursuant to *Apple* because the claim had been "fully and finally litigated," and was "no longer open to discussion").

### B.     Devoid of Merit

Plaintiff cites several statutes that have no application to his claims and/or do not provide a private right of action. For example, 18 U.S.C. § 471 criminally punishes "whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the

7

United States[.]" This case does not involve an "obligation or other security of the United States," and the statue does not provide a private right of action. *See Malcom v. Colonial Life & Accident Co.*, Nos. 21-11514, 21-12142, 2022 WL 468949, at *2 (E.D. Mich. Feb. 15, 2022). Similarly, there is no private right of action under the federal mail fraud statute, 18 U.S.C. § 1341. *See Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("The district court also properly concluded that Saro possessed no private right of action against Brown for alleged violations of 18 U.S.C. §§ 1341 & 1343. Violations of these sections of the federal criminal code do not give rise to independent, private causes of action."); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178–79 (6th Cir. 1979) (holding that 18 U.S.C. § 1341 does not create a private cause of action). The same is true to the extent Barnaby intends to assert claims under Michigan's criminal forgery statute, Mich. Comp. Laws § 750.248. *See White v. Perron*, No. 2:20-cv-247, 2021 WL 3855589, at *17 (W.D. Mich. Aug. 30, 2021) ("This Court and other courts have concluded that Michigan's criminal forgery statute, Mich. Comp. Laws § 750.248, does not explicitly authorize a private cause of action." (internal quotation marks omitted) (collecting cases)). Finally, although Barnaby's intent is not clear, to the extent he asserts a claim under Michigan's Unauthorized Practice of Law (UPL) statute, Mich. Comp. Laws § 600.916(1), the Sixth Circuit has held in an unpublished order that the statute neither expressly nor impliedly creates a private cause of action for damages. *Jaiyeola v. Brundage*, No. 22-1083, unpublished Ord. at 4–5 (6th Cir. Nov. 14, 2022).

Barnaby has included the State Bar of Michigan (SBM) and the Michigan Supreme Court (MSC) in his pleading because the SBM dismissed his UPL complaint against Witkowski, a non-attorney, for representing Berrien County in the state-court proceeding in 2010. He claims that the SBM ignored the evidence against Witkowski and was thus derelict in its duty to investigate and prosecute Witkowski's unauthorized practice of law. (ECF No. 10 at PageID.194.) He includes the

MSC because it oversees the SBM and failed to provide an appeal process for Barnaby's UPL complaint. (*Id.* at 195–96.) If Barnaby had alleged viable legal claims against the SBM and the MSC, which he has not, those claims would be barred by the Eleventh Amendment to the extent he seeks damages against them. *See Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003) (holding that SBM is an arm of the MSC and thus entitled to Eleventh Amendment immunity); *Goldman v. Consumers Credit Union*, No. 1:16-cv-1372, 2017 WL 2491754, at *5–6 (W.D. Mich. June 9, 2017) (immunity under the Eleventh Amendment extends to Michigan courts, including the MSC); *Moore v. Attorney Grievance Comm'n*, No. 12-CV-12671, 2012 WL 6553404, at *3 (E.D. Mich. Sept. 11, 2012), *report and recommendation adopted*, 2012 WL 6553755 (E.D. Mich. Dec. 14, 2012) (MSC immune from suit under the Eleventh Amendment because Michigan Courts are arms of the State of Michigan).

Finally, the State of Michigan and Michigan's Governor and Attorney General, sued in their official capacities, are also immune under the Eleventh Amendment. *See Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 732–33 (6th Cir. 2022) (Michigan Governor); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (State of Michigan); *Tyson v. Whitmer*, No. 2:21-CV-11150, 2021 WL 2682805, at *3 (E.D. Mich. June 30, 2021) ("Governor Whitmer, Attorney General Nessel, and the State of Michigan are entitled to Eleventh Amendment immunity on the plaintiff's claims for monetary damages (or other retrospective relief) against them in their official capacities.").

### III. Conclusion

For the foregoing reasons, I recommend that this action be dismissed for lack of subject matter jurisdiction because Barnaby's claims are barred by claim and issue preclusion and thus are "no longer open to discussion," and are also "devoid of merit." *Apple*, 183 F.3d at 479.

Date:  December 14, 2022                              /s/ Sally J. Berens
                                                                             SALLY J. BERENS
                                                                             U.S. Magistrate Judge

### **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).