UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

    Plaintiff,

v.

THE CITY OF BENTON HARBOR, et al.,
Defendants.

Case No. 1:22-cv-01146

Hon. Robert J. Jonker
Mag. Sally J. Berens

**EXPEDITED CONSIDERATION REQUESTED**

**THE CITY OF BENTON HARBOR'S EMERGENCY MOTION TO EXTEND TIME TO FILE RESPONSE TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND TO STRIKE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 31) AND APPLICATION FOR ENTRY OF DEFAULT JUDGMENT (ECF NO. 32)**

    Defendant the City of Benton Harbor ("Benton Harbor") requests that it be granted an extension to respond to Plaintiff's Second Amended Complaint of 28 days after the Court makes a determination regarding Magistrate Judge Berens' Report and Recommendation (ECF No. 16). Benton Harbor further requests expedited consideration of this request under L.R. 7.1(e) because the deadline is January 4, 2023.

    Benton Harbor further requests that this court strike or deny Plaintiff's Motion for Default Judgment against Benton Harbor (ECF No. 31) and reject Plaintiff's Application for Entry of Default (ECF No. 32) because both were filed prior to the expiration of Benton Harbor's deadline to respond to Plaintiff's Second Amended Complaint.

    In support of its motion, Benton Harbor relies on the law and facts cited in its accompanying brief.

Respectfully submitted,

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*

Dated: January 4, 2022

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

    Plaintiff,

v.

THE CITY OF BENTON HARBOR, et al.,
Defendants.

Case No. 1:22-cv-01146

Hon. Robert J. Jonker
Mag. Sally J. Berens

### BRIEF IN SUPPORT OF THE CITY OF BENTON HARBOR'S EMERGENCY MOTION TO EXTEND TIME TO FILE RESPONSE TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND TO STRIKE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 31) AND APPLICATION FOR ENTRY OF DEFAULT JUDGMENT (ECF NO. 32)

### FACTUAL BACKGROUND

This action is the third in a series of protracted attempts by Plaintiff to recover alleged damages for foreclosures that occurred in 2010. As the court has already correctly noted, Plaintiff's claims in this matter have previously been adjudicated to completion and are precluded by collateral estoppel and res judicata. *See* ECF No. 16.

Plaintiff filed a state lawsuit in 2012 and a federal suit in the Western District of Michigan in 2018. His state court motion for a new foreclosure hearing was denied and his federal lawsuit was ultimately decided in defendants' favor on summary judgment. Plaintiff appealed both cases and lost both times.

Now, twelve years after the foreclosure, Plaintiff filed yet another complaint in the Eastern District of Michigan on October 7, 2022 against the City of Benton Harbor ("Benton Harbor") and a dozen other defendants. After being permitted to amend the complaint twice, Plaintiff's case was transferred to the Western District of Michigan on December 5, 2022. *See* ECF No. 11. Plaintiff

then served the Second Amended Complaint on Benton Harbor on December 14, 2022 by certified mail. ECF No. 29, PageID.110.

On December 14, 2022, Magistrate Judge Berens filed a Report and Recommendation (ECF No. 16) recommending that the Court dismiss Plaintiff's Second Amended Complaint in its entirety for lack of subject matter jurisdiction. Specifically, Plaintiff's claims are barred by both issue and claim preclusion. Although Benton Harbor was not a party to the previous cases, Magistrate Judge Berens noted:

> "The fact that Barnaby has added numerous other parties to this action who are either in privity with Witkowski and Berrien County or have no factual connection to the 2010 foreclosure does not change the above analysis [regarding issue and claim preclusion]. Likewise, his new allegation of a wide-ranging conspiracy . . . provides no escape from claim and issue preclusion. . . . This is nothing more than a legal conclusion devoid of factual content, which does not plausibly allege a conspiracy. . . .Finally, Barnaby's forgery allegations do not save his claim from the preclusion doctrines. . . . In the end, Barnaby is left with the same set of facts that were before the state court.

ECF No. 16, PageID.14-15.

After the Report and Recommendation was filed, Plaintiff sought and received an extension to file objections to the Report and Recommendation to January 25, 2023. ECF No. 24.

On January 4, 2023, Plaintiff prematurely filed a motion for default judgment against Benton Harbor. ECF No. 31. Shortly thereafter, he filed an application for the clerk's entry of default judgment as to Benton Harbor. ECF No. 32. In doing so, Plaintiff committed two procedural errors: (1) seeking the clerk's entry of default judgment a day early on January 4, 2023, and (2) filing a motion for default judgment under Fed. R. Civ. P. 55(b) before seeking the clerk's entry of default judgment under Fed. R. Civ. P. 55(a).

## ARGUMENT

**1.    Benton Harbor Has Demonstrated Good Cause to Extend its Response Time.**

Benton Harbor requests additional time to respond to Plaintiff's Second Amended Complaint. Under Fed. R. Civ. P. 6(b)(1)(A), a court may extend the time for a party to take action for good cause. A request for an extension of time made before expiration of the original deadline "may be with or without motion or notice.'" *Lujan v. Nat'l Wildilfe Fed'n*, 497 U.S. 871, 896 (1990).

Benton Harbor was served Plaintiff's Second Amended Complaint—a 68-page, 109-count screed against various state, municipal, and individual actors for upwards of $18 million damages from a 2010 foreclosure that has already been adjudicated in this Court—twenty days ago. Benton Harbor has good cause based on the magistrate judge's Report and Recommendation (ECF No. 16) to believe that the action will be dismissed *sua sponte*, thereby mooting any obligation by Benton Harbor to respond. Even if this matter is not dismissed *sua sponte*, Benton Harbor has properly requested additional time to review and analyze Plaintiff's claims to formulate a response.

Plaintiff has been provided until January 25, 2023 to lodge objections to the Report and Recommendation. ECF No. 24. Benton Harbor should not be obligated to expend resources responding to Plaintiff's Second Amended Complaint until after the Court determines if it will adopt the Report and Recommendation, because there is a likelihood that the Court may dismiss Plaintiff's claims in their entirety. As such, Benton Harbor requests that it be required to respond, if at all, 28 days after a determination is made on the Report and Recommendation.

**2.    This Court Should Strike or Deny Plaintiff's Motion for Default Judgment and Plaintiff's Application for Entry of Default.**

In addition, Plaintiff's attempts to enter a default judgment against Benton Harbor are premature and should be stricken by this Court. Benton Harbor was served the Second Amended

Complaint on December 14, 2022. Under Fed. R. Civ. P. 12(a)(1)(A)(i), Benton Harbor has 21 days to respond, meaning, until January 4, 2022. Because Benton Harbor still had time to file a response to Plaintiff's Second Amended Complaint under the Court Rules, this Court should strike Plaintiff's procedurally improper motion and application.

## CONCLUSION

Because the magistrate judge has issued a report and recommendation that this matter be dismissed in its entirety, *see* ECF No. 16, and because Benton Harbor requires additional time to review and respond to Plaintiff's allegations, Benton Harbor requests that this Court grant it an extension to respond to Plaintiff's Second Amended Complaint of 28 days after a determination is made on the Report and Recommendation. Benton Harbor also requests that the Court strike Plaintiff's premature Motion for Default Judgment and Application for Default.

Respectfully submitted,

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
Dated: January 4, 2022            trheaume@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

    Plaintiff,

v.

THE CITY OF BENTON HARBOR, et al.,
Defendants.

Case No. 1:22-cv-01146

Hon. Robert J. Jonker
Mag. Sally J. Berens

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2023 I caused the electronic filing of the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*