# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
| Plaintiff | ) |
| | |
| Vs. | |
| | |
| MICHIGAN STATE GOVERNMENT | ) Case No. 1:22 -CV- 1146 |
| HON. GRETCHEN WHITMER GOVERNOR OF MICHIGAN | ) Hon. Robert  J.  Jonker |
| HON. JENNIFER GRANHOMLM GOVERNOR OF MICHIGAN | ) Hon. Mag. Sally J. Berens |
| HON. RICK SNYDER GOVERNOR OF MICHIGAN | ) |
| KENDELL S. ASBENSON (P81747) | ) |
| MICHIGAN ATTORNEY GENERAL DANA NESSEL | ) |
| Defendants | |

AMENDED OR LEAVE TO AMEND
CIVIL COMPLAINT: 28 U.S.C. §1331; §1332(a);
42 U.S.C. §1983; First, Fourth, Fifth, Fourteenth
Amendments; Forgeries and Retaliation.

| | |
|---|---|
| CITY OF BENTON HARBOR | ) |
| NILES CHARTER TOWNSHIP, | ) |
| BOARD OF TRUSTEES OF, NILES CHARTER TOWNSHIP | ) |
| BERRIEN COUNTY GOVERNMENT, | ) |
| BERRIEN COUNTY BOARD OF COMMISSIONERS | ) |
| BRET WITSKOWSKI TREASUSER OF, BERRIEN COUNTY | ) |
| BRET WITSKOWSKI INDIVIDUAL CAPACITY | ) |
| SHELLY WEICH TREASUSER OF, BERRIEN COUNTY | ) |
| LORI D. JARVIS REGISTRAR OF BERRIEN COUNTY | ) |
| LORA L. FREEHLING REGISTRAR OF BERRIEN COUNTY | ) |
| KATHLEEN CULBERSON  NOTARY PUBLIC OF BERRIEN COUNTY | |
| | |
| ATTORNEY DONNA B. HOWARD | ) |
| ATTORNEY MCKINLEY R. ELLIOTT | ) |
| ATTORNEY JAMES MCGOVERN | ) |
| ATTORNEY JEFFREY R. HOLMSTROM | ) |
| HOLMSTROM LAW, PLC | ) |
| STATE BAR OF MICHGAN,  for the State of Michigan | ) |
| Defendants | |

THE HONORABLE ELIZABETH T. CLEMENT, C.J          )
THE HONORABLE BRIDGET M. Mc CORMACK C.J          )
SUPREME COURT OF MICHIGAN, for the State of Michigan   )

THE HONORABLE ELIZABETH L. GLEICHER, C.J          )
THE HONORABLE CHRISPHER M. MURRAY, C.J          )
MICHIGAN COURT OF APPEALS, for the State of Michigan   )

THE HONORABLE ALFRED M. BUTZBAUGH, F.C.J          )
THE HONORABLE MABEL J.MAYFIELD, C.J          )
THE HONORABLE GARY J. BRUCE, C.J          )
BERRIEN COUNTY TRIAL COURT, for the State of Michigan)   )
　　　　　　　Defendants

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Addresses of Defendants
Berrien County Government
701 Main Street,
St. Joseph, Michigan 49085
 (269) 983-7111

Niles-Charter-Township
320 Bell Road
Niles Michigan 49120
(269) 684-0870

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street, Suite 100
St. Joseph, Michigan 49085

City of Benton Harbor
200 East Wall Street
Benton Harbor, MI 49022
(269) 927-8457

State Bar of Michigan
306 Townsend Street
Lansing,  Michigan 48933
(517) 346-6305

Hon. Dana Nessel &  Hon. Bryan W. Beach
Assistant & Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
BeachB@michigan.gov
517.335.7659 (phone) 517.335.7640 (fax)

2

## I.  SUMMARY STATEMENT OF CLAIM

1.      This action is brought by the Plaintiff, Owen W. Barnaby, for legal and equitable relief in connection with his real properties which he owned; and upon information, knowledge, and belief lost by Defendants' concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud hundreds of Berrien County property owners of their properties with "Forged", 'Quit Claim Deeds', 'Notice of Judgment of Foreclosures' and 'Certificate of Forfeiture of Real Properties' and by unauthorized practice of law.  Plaintiff sought Courts redress for monetary relief, Defendants retaliated with intentionally false omissions and misrepresentations of the material facts to intentionally mislead and deterred Plaintiff from timely discovery of their forgeries in order to Amend-then-Complaint and prevent relief.  Plaintiff's Complaint seeks of Defendants damages for monetary relief for his properties and his emotional distress and Declaratory Judgment free from Defendants' retaliations. Plaintiff's, Niles Charter Township, parcel# is, 11-14-0112-0011-17-4/ 2116 S. 15th Street.

2.      Plaintiff's,  properties in 'City of Benton Harbor', are: parcel # 51-5000-0006-00-4 aka 931 Colfax,  parcel # 51-5000-0007-00-1 aka, 941 Colfax,  parcel # 11-51-0801-0075-00-8 ask 189 Apple Ave, parcel # 11-52-7500-0002-00-6 aka 272 Pipestone St.; parcel # 11-52-7500-0003-00-2 ask 272 Pipestone St.; parcel # 11-52-0019-0071-02-5 aka 272 Pipestone St., 235-239 Pipestone St., and one additional property stolen which is omitted and to be added to the list.

3.      Defendants retaliated and deterred these now issues of claim, Plaintiff form discovering their forgeries before October of 2022, and to amend his then Complaint as it is now and prevented issues from being litigated on their merits.  Now, this Plaintiff's Complaint for redress of issues of claim on merits, which Defendants to date are depriving Plaintiff of his

rights, secured by the Constitution and laws. Plaintiff seeks redress for monetary damages free from Defendants' retaliations which exceeds  $75,000.00 and for declaratory judgment.

## II.        JURISDICTION AND VENUE

4.        The Federal District Court's exclusive jurisdiction in this case involves three areas: (1) There are Constitutional issues, (2) violations of federal laws, and (3) disputes between parties from different states.  This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Michigan, free from Defendants' retaliations. Defendants' damages to Plaintiff exceeds $75,000.00, and expressively invokes diversity of jurisdiction pursuant to U.S.C. §1332(a).

5.        Jurisdiction of this court is invoked under the provisions of Sections 1331, §1332(a), 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code and the Fourth, Fifth and Fourteenth Amendments.

6.        Venue is proper in this court by virtue of 28 U.S.C. §1391 because the events giving rise to the claims occurred in the District of Michigan and at least one of the defendants  resides there and others are government corporation in the State of Michigan.

7.        The plaintiff is a citizen and adult resident in Cobb County State of Georgia.

8.        During all times mentioned in this Complaint, Defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs, and usages of the State of Michigan in the course of their employment or as a government corporation in and of the State of Michigan.

### III.      PARTIES

9.      Plaintiff, Owen W. Barnaby ("Plaintiff" or "Mr. Barnaby" or "Barnaby"), is herein a citizen of the United States, a resident of Cobb County, in the state of Georgia.

10.      Defendant - Board of Trustee of Niles Charter Township, is the governing Body of Trustees, for Defendant - Niles Charter Township.  The Board consists of the Supervisor, Clerk, Treasurer and four Trustees.

11.      Defendant - Niles Charter Township Defendant, Niles Charter Township Government, is a municipal corporation organized under the laws of the State of Michigan, within the Berrien County Government.

12.      Defendant, City of Benton Harbor Michigan Government is a municipal corporation organized under the laws of the State of Michigan, within the Berrien County Government.

13.      Defendant, Berrien County Government, is a corporation organized under the laws of the State of Michigan a County in the State of Michigan Government, in which City of Benton Harbor and Niles Charter Township Government are municipals. Defendant Berrien County Government is either  an employer of and or they serve as its governing body and or administrative officers of the County government and are also Coconspirators: Defendant Berrien County Government is either  an employer of and or they serve as officers of its governing body and or administrative officers of the County government and whom are also Coconspirators are as follows: Defendant - Lori D. Jarvis Registrar of Berrien County; Defendant - Lora L. Freehling Registrar of Berrien County; Defendant - Kathleen Culberson,

5

Notary Public of Berrien County; Defendant – Bret Witskowski, Treasurer of Berrien County;

Defendant – Shelly Weich, Treasurer of Berrien County; Defendant – Board of Commissioner

of Berrien County; Defendant – Attorney Mckinley R. Elliott, General Corporate Counsel of

Berrien County Government; Defendant – Attorney Donna B. Howard, General Corporate

Counsel of Berrien County Government; Defendant – Attorney James Mcgovern, General

Corporate Counsel of Berrien County Government; Defendant – Attorney Jefferey R.

Holmstrom and Defendant – Holmdtrom Law Office, PLC.

14.     Defendant – Kendell S. Asbenson, Assistant Attorney General of state of

Michigan and  Defendant – Dana Nessel  Attorney General of State of Michigan.

15.     Defendants, the Hon. Jennifer Granholm former Governor, the Hon. Rick

Snyder former Governor, and the Hon. Gretchen the current Governor of  the State of

Michigan.

16.     The Defendant, Michigan State Government or State of Michigan, is a

state corporation organized under the laws of the State of Michigan.  Its Governors are its

Chief executive officers and responsible for State's procedures and practices implemented

through its various agencies, agents, departments and employees and City of Benton Harbor

and Niles Charter Township Government and Berrien County Government.

17.     Defendants, the Honorable Mabel J. Mayfield C.J.,  Honorable Alfred M.

Butzbaugh, F.C.J., and  the Honorable Gary J. Bruce  C.J. are Berrien County Circuit Court

Judges of Defendant Berrien County Court, of the State of Michigan. Defendants are named only

in their official capacities. Defendants were acting in their official capacities as Judges  and as a

Court when they violated and or deprived under color of law Plaintiff of his,  state of Michigan and Federal rights, secured by the constitution and laws. Defendants Trial Judges and Defendant Berrien County Court are hereinafter referred to collectively as "Trial Judge Mayfield", and "Trial Judge Bruce" and "Trial Judge Butzbaugh".

18.     Defendants, the Honorable Elizabeth L. Gleicher, C.J, and the Honorable Christopher M. Murray, CJ  are Appellate Judges for the Michigan Court of Appeals, for the State of Michigan. Defendants are named only in their official capacities. Defendants were acting in their official capacities as Judges  and as a Court when they violated and or deprived under color of law Plaintiff of his  state of Michigan and Federal rights, secured by the constitution and laws. Defendants, Appellate Judges and Defendant Michigan Court of Appeals are hereinafter referred to collectively as "Appellate Judge Gleicher", and  "Appellate Judge Murray".

19.     Lastly, Defendants, the Honorable Elizabeth T. Clement, C.J, and the Honorable Bridget M. McCormack, CJ  are Supreme Court Judges for the Defendant the  Supreme Court of Michigan, for the State of Michigan. Defendants are named only in their official capacities. Defendants were acting in their official capacities as Judges  and as a Court when they violated and or deprived under color of law Plaintiff of his  state of Michigan and Federal rights, secured by the constitution and laws. Defendants, Appellate Judges and Defendant Michigan Court of Appeals are hereinafter referred to collectively as "Supreme Judge Clement,", and  "Supreme Court Judge McCormack Clement,". Defendant – Supreme Court of Michigan delegates its duty to Defendant – State Bar of Michigan,  of Michigan, of  the State of Michigan.

**IV.    PLAINTIFF LOST HIS PROPERTIES BY DEFENDANTS' WILLFUL AND WANTON MISCONDUCTS OF FORGERIES, AND IS YET TO GET MONETARY RELEIF BECAUSE OF DEFENDANTS' RETALIATIONS**

**Background Facts:**

20.     Plaintiff's Complaint issues of claim alleges that, Defendants' retaliations deterred five fundamental principal issues from being resolved on their merits, in this live case or controversy among Plaintiff and Defendants which cause Defendants' deprivation of Plaintiff's rights, secured by the, First, Fourth-Takings-Clause, Fifth, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and Fed. R. Crim. P. 41 - Search and Seizure: **F**irst, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")". **S**econd, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)". **T**hird,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),". **F**ourth, Plaintiff's taxes were paid in full for the tax years in depute. **F**ifth, each time Plaintiff expressed himself for redressed  to Courts for the monetary damage relief, he warrants, Defendants and Attorneys would retaliate  with intentionally false material misrepresentations and or intentional material concealments when they were under an obligation to reveal, but concealed from Plaintiff and Courts in reckless disregard for the truth that, deterred Plaintiff from earlier discovery that, Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and false pretense of unpaid properties taxes, and unauthorized Practice of Law UPL and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented

Plaintiff now Complaint issues of claim from adjudicating on merit. See, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

21.     Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to restore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint.

22.     Plaintiff lost his properties because of Defendants concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud him of his properties through their willful and wanton misconducts and 'forgeries and on the false pretense of unpaid properties taxes.  And each time Plaintiff petition Courts for redress for the monetary relief  he warrants, Defendants retaliated to deter Plaintiff from getting relief on the merit.

**DEFENDANT - BOARD OF TRUSTEES OF, NILES CHARTER TOWNSHIP**

23.     Plaintiff hereby incorporates paragraphs 1 through 22 above as if fully set forth herein, and further alleges that, Defendant - Board of Trustee of Niles Charter Township is the governing Board of Trustees for  Defendant Niles Charter Township. The Board consists of the Supervisor, Clerk, Treasurer and four Trustees.  The responsibilities of the Board include but are not limited to the following: Adopting Township policies and ordinances, Approving the budget, approving the hiring of certain staff, approving contracts, serving on assigned committees. Being the board of trustees, they are the liaison  to,  all the

other Defendants, moreover, Defendant Witskowski Treasurer of Berrien County and

Defendant Berrien County Government, concocted, disguised, designed an evil plot and an

elaborate scheme to steal and defraud Plaintiff with, 'Forged Quit Claim Deed', 'Forged,

Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture and scheme to

overvalue at $36,550.00 and overtax at $506.05, Plaintiff's property in the 2007 tax year.

24.     Board of Trustee of Niles Charter Township is at the center with all the

other Defendants, moreover, Conspirators Defendant Niles Charter Township, Defendant

Witskowski Treasurer of Berrien County and Defendant Berrien County Government in

violation of Plaintiff's rights and is equally liable under state and federal laws pursuant to:

Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp.

Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights

Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth,

and Fourteenth-section 1, of the Amendments.

**DEFENDANT, NILES CHARTER TOWNSHIP,**

25.     Plaintiff hereby incorporates paragraphs 1 through 24 above as if fully set

forth herein, and further alleges that, **F**rist, Live Case or Controversy, from May of 2010 to

present, Defendant - Niles Charter Township, and all the other Defendants, moreover,

Coconspirators, Defendant Witskowski Treasurer of County Berrien and Defendant Berrien

County Government by willful and wanton misconducts stole and defrauded Plaintiff by

intentionally wrongfully foreclosure, and or foreclosure by forgeries, stole and defraud

Plaintiff of his real property, parcel# 11-14-0112-0011-17-4/ 2116 S. 15th St. At all times

mentioned in this Complaint, Plaintiff alleges that, Defendants acted jointly and in concert

with each other or should have reported their willful and wanton misconduct of forgeries to

steal and defraud Plaintiff of his real property at each opportune time.

26.  Niles Charter Township acted with and through its Coconspirators and

Defendants, concocted, disguised, designed an evil plot and an elaborate scheme to steal and

defraud Plaintiff with, 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of

Foreclosure', and 'Forged Certificate of Forfeiture of Real Property'. They knew then, while

it was unknown to the Plaintiff then that,   First, Defendants violated State of Michigan

foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.)

("GPTA")" because, the Judgment was not entered on or before March 01, 2010, but August

18, 2010, and was invalid against Plaintiff.  Second, Defendants stole and defrauded Plaintiff

of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp.

Laws Ann. § 750-248   § 750-249.)".  Third,  Defendants stole and defrauded Plaintiff of his

properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681)".  Fourth,

Plaintiff's taxes were paid in full for the tax years in depute.  Defendants' willful and wanton

Misconducts of continuous "Forgeries"  on May 26, 2010, create, use and possess, 'Notice of

Judgment of Foreclosure', used it to lie that Judge Butzbaugh's [Linchpin] Foreclosure

Judgment entered on August 18, 2010, was entered on March 01, 2010 and on August 16,

2010, create, and continues to use and possess "Forged"  'Quit Claim Deed' and used it to

"transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent

and without Court Order, and also filed the "Forged" documents in Defendant Berrien Court's

register of deeds, plaintiff's injury would not have occurred if not for Defendants Forgeries.

Defendants' forgeries are continuous, as on, October of, 2017 and July 20, 2022, they

engaged in forgeries by sending Forged documents via USPS Postal Service and emailing

'Quit Claim Deed', 'Notice of Judgment of Foreclosure', and 'Certificate of Forfeiture of Real Property', Defendants sent the documents to Plaintiff in the state of Georgia by both electronic email and by USPS Snail mail; acts of mail and Wire Fraud.  (§ 750-249.), 940. 18 U.S.C.1341. Forgery is a punishable crime for up to 14 years imprisonment, according to State of Michigan and Federal Laws.

27.     **S**econd, live case or controversy, Defendant Niles Charter Township, by and through its two representative and Coconspirators, Board of Trustee of Niles Charter Township, Defendant Treasurer Witskowski and Defendant Berrien County Government, concocted, disguised, designed an evil plot and an elaborate scheme, to overvalue at $36,550.00 and overtax at $506.05, in 2007 tax year.  On March 31, 2010, Plaintiff paid "$305.73" to redeem as was instructed by coconspirator Defendant Treasurer Witskowski for the same Niles Charter Township Parcel for the 2007 taxes.

28.     On September 25, 2017, Coconspirator, Defendant Treasurer Witskowski during a Deposition Hearing testified that, he knew all along the Parcel at center of Controversy in 2007 was overvalued at $36,550.00 and overtaxed at $506.05; furthermore, that Niles Charter Township Tax Accessors Office had corrected the over taxation by reduction of overvalued and overtaxed property value. This significant material evidence is just now ripe to be litigated, see Witskowski's deposition.

> 20 Q But is it your statement that the Niles property was
> 21 worthless, is that correct?
> **22 A I think it's worthless.**
> **2 A I know the township changed it because they were**
> **3 wrong.**
> 4 Q Okay. That's their view. My –
> **5 A That's the truth.**                                     At pages101-2
> 5. MR. HOLMSTROM: I think that's in a brief
> 6 somewhere. To the extent it is, that's what it is.        At page 103

29.     Again, on September 25, 2017, Defendant Niles Charter Township, by and through its Coconspirator, Defendant Treasurer Witskowski's Deposition Hearing in the presence of both Defendant's Attorneys, Attorney Mcgovern and Attorney Holmstrom it was stated under Oath that, the property at the center of the controversy was overvalued at $36,550.00 and overtaxed at $506.05 in the 2007 tax year, then it was sold for $4,500.00; and that,  the Niles Charter Township Tax Accessors Office had corrected it by reducing the property value and changed the 2007 overtaxed amount to reflect the correct amount of tax for year 2007; and  Attorney Holmstrom confirmed the same and have a written copy of the same deposition that, the property was worth less than $36,550.00 and required less than $506.05" to redeem, and that Barnaby Paid "$305.73", "paid the whole amount" and fully redeemed the property at $12,000.00, less than a third of the overvalued amount $36,550.00 and the overtaxed amount $506.05.  Defendants' own Appraisal Report which confirmed the same of the property, will be made available at, summary judgment or trial and or upon request of the parties or the Court.

30.     Plaintiff further alleges that, as it takes $506.05" to fully redeem $36,550.00; it takes less than $168.68 to fully redeem $12,000.00; and demonstrates that, Plaintiff paid "$305.73", was more than what was required to fully redeem parcel for the 2007 tax year. And further demonstrates given that, after the 2007/2008 recession the Defendants' Expert Witness Report appraised it in 2017 at $12,000.00.  This  proves that the property value in 2007 tax year was between $4,500.00 and $12,000.00.  Defendant Niles Charter Township, Coconspirators, Board of Trustee of Niles Charter Township, Defendant Treasurer Witskowski and Defendant Berrien County Government, had the duty and or their duty afford them the opportunity to resolve the unlawful actions and or to remedy in whole by paying Plaintiff the value of the property, times three for theft at$12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00

and used  portions of it to remedy any outstanding taxes on Defendant - City of Benton Harbor properties and return the balance to Plaintiff. But they, failed, by their refusal to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint.

31.     Lastly,  Defendant Niles Charter Township violated Plaintiff's rights, under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, Amendments.

**DEFENDANT, CITY OF BENTON HARBOR**

32.     Plaintiff hereby incorporates paragraphs 1 through 31 above as if fully set forth herein , and further alleges that,  Defendant - City of Benton with its Coconspirators, Defendants, by intentionally wrongful foreclosure, and foreclosure by continuous forgeries, stole  and defraud  Plaintiff of his real properties: parcel # 51-5000-0006-00-4 aka 931 Colfax,  parcel # 51-5000-0007-00-1 aka, 941 Colfax,  parcel # 11-51-0801-0075-00-8 ask 189 Apple Ave, parcel # 11-52-7500-0002-00-6 aka 272 Pipestone St.; parcel # 11-52-7500-0003-00-2 ask 272 Pipestone St.; parcel # 11-52-0019-0071-02-5 aka 272 Pipestone Street, 235-239 Pipestone Street, which Forgeries spanned from the year 2013 to present. All Defendants had the duty and their duty afforded them the opportunity to resolve the unlawful actions and or to remedy in whole by paying Plaintiff the value of the property; times three for theft at $12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00 and use portion of it remedy any outstanding taxes on Defendant - City of Benton Harbor properties and return the balance to Plaintiff. But they, failed, when they refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint. Defendants' gross negligence

was foreseeable; their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and "Forged", 'Quit Claim Deed' were to permanently "transfer title" of Barnaby's Real-Property.

33.     Moreover, Defendants knew that **F**irst, they violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". **S**econd, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)".  **T**hird,  Defendants stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  **F**ourth, Plaintiff's taxes were paid in full for the tax years in depute and Defendants knew that their failure to compensate Plaintiff for his Niles Charter Township property, would cause Plaintiff to be defrauded of his - City of Benton Harbor properties. But instead, they create, use, and possess other "Forged", 'Notice of Judgment of Foreclosures' and "Forged",  'Quit Claim Deeds' and used them to permanently steal and defraud Plaintiff of his same City of Benton properties.

34.     Defendant - City of Benton is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT, BRET WITSKOWSKI TREASUSER OF, BERRIEN COUNTY**

35.     Plaintiff hereby incorporates paragraphs 1 through 34 above as if fully set forth herein and further alleges that: Defendant – Bret Witskowski, Treasurer of Berrien

County and Coconspirator Defendants', concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff of his properties with, willful and wanton misconduct of Forgeries, and retaliation  'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and Unauthorized Practice of Law {UPL}. (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  (MCL 600.916 and MCL 450.681). Defendant – Bret Witskowski,  willful and wanton misconduct of forgery,  created, used, and possessed "Forged", 'Quit Claim Deeds', 'Notice of Judgments of Foreclosures' and 'Certificates of Forfeitures of Real Properties', which Mr. Witkowski used to transfer title to Mr. Thomas Bread on August 16, 2010, and stole other properties and defrauded Plaintiff of all his properties   § 750-248; § 750-249.)

36.      It is a matter of settled fact that, Defendant – Bret Witskowski, Treasurer of Berrien County, in retaliation threaten Plaintiff if he seeks monetary relief for Niles Charter Township property, the Treasurer stole and defrauded him of  with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and Unauthorized Practice of Law,  Mr. Treasurer Witskowski,  threaten retaliation said he would make sure that Plaintiff lose all his other real properties in the City of Benton Harbor. See, {UPL}. (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  (MCL 600.916 and MCL 450.681). In truth and in fact, Mr.  Witskowski followed through on his retaliation threat, stole, and defrauded Plaintiff the City of Benton Harbor real properties under the false pretense of unpaid properties taxes.   Mr.  Witskowski knew that, by paying Plaintiff the value of the property; times three for theft at $12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00, remedied any outstanding taxes on Defendant - City of Benton Harbor properties.  But Mr.  Witskowski's

anger was as such that he ordered  Plaintiff's properties to be demolished with tractors and stated in his deposition that, "Plaintiff got what he is due".

37.      Moreover, a part of the current live issues or controversy is that, Witskowski's  retaliation against Plaintiff went above and beyond stealing and defrauding Plaintiff of his properties with the false pretense of unpaid properties taxes and 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and Unauthorized Practice of Law.  Mr.  Witskowski retaliated each time Plaintiff sought redressed in courts, in violation of Plaintiff's rights secured under the First Amendment.  As each time Plaintiff expressed himself by redress to Courts for the monetary damage relief, he warrants, Mr.  Witskowski and his Attorneys would retaliate  with intentionally false material misrepresentations and or intentional material concealments when they were under an obligation to reveal, but concealed from Plaintiff and Courts in reckless disregard for the truth that deterred Plaintiff from earlier discovery that Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff from getting the monetary relief  Plaintiff warrants.

38.      **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010", are two of Defendant – Bret Witskowski's, Treasurer of Berrien County intentionally false material misrepresentations and intentional material concealments when they were under an obligation to reveal, but concealed from Plaintiff and courts, and with reckless disregard for the truth that deterred

Plaintiff from discovery that, Defendants stole and defrauded Plaintiff of his real properties

and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged,

Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and deterred

Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff

from getting the monetary relief  Plaintiff warrants.

39.      Defendants' retaliations were persistent and consistent with these two lies,

that, **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010,

was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent

2007 property taxes by March 31, 2010". They told these lies with 'Forged Quit Claim

Deeds', 'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of

Forfeitures, multiple times during Deposition and with Affidavit.  Moreover, Defendant –

Witskowski and Berrien – County Government and its other employees, and Codefendants,

employed, Defendant Attorney Holmstrom to continue the retaliations by retelling these same

lies to the Federal District Court in their Summary Judgment filed on October 30, 2017, and

brief file in Federal Appellate Court, see  Barnaby v. Witkowski, 1:14-cv-1279.

40.      Defendant – Bret Witskowski, Treasurer of Berrien County and

Coconspirator Defendants' retaliations with same  persistent and consistent lies deterred

Plaintiff from discovery that, Defendants stole and defrauded Plaintiff of his real properties

and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged,

Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and deterred

Plaintiff from making the necessary Amendments to his Complaint and deterred Plaintiff

from getting the monetary relief  Plaintiff warrants. And as such deprivation Plaintiff's rights,

secured by the Constitution, State of Michigan  and Federal, laws and is equally liable under

state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893,

("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C.

Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights

Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

## DEFENDANT, BRET WITSKOWSKI  IN HIS INDIVIDUAL CAPACITY

41.     Plaintiff hereby incorporates paragraphs 1 through 40 above as if fully set

forth herein and further alleges that: Defendant – Mr. Bret Witskowski, is a Coconspirator in

Defendants', retaliated concocted, disguised, designed an evil plot and an elaborate scheme

and was also acting in his individual capacity, while he was committing Forgery and

Unauthorized Practice of Law, caused Plaintiff's injuries.  And then further retaliations as

Plaintiff sought Courts redresses to deter plaintiff from the monetary relief he warrants.

42.     Defendant – Mr. Bret Witskowski, also acted in his individual capacity

caused deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and

Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's

General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. §

750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 -

42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and

Fourteenth-section 1, of the Amendments.

## DEFENDANT -  LORI D. JARVIS REGISTRAR OF BERRIEN COUNTY

43.     Plaintiff hereby incorporates paragraphs 1 through 42 above as if fully set

forth herein and further alleges that: Spanning from 2010 to 2018, Defendant - Lori D. Jarvis

Registrar, for Defendant Berrien County's Register of Deeds and Coconspirator with the other

Defendants', retaliated, concocted, disguised, designed an evil plot and an elaborate scheme

to steal and defraud Plaintiff  of his properties with, 'Forged Quit Claim Deeds', 'Forged,

Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, which stole and

defrauded Plaintiff of his properties.  Defendant Jarvis knowingly recorded, 'Forged Quit

Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of

Forfeitures, which are still causing injuries to Plaintiff. Berrien County's website Register of

Deeds states below:

> "The Register of Deeds' office is a constitutional office established by the
> Michigan State Legislature.  The Register serves as the custodian of documents
> pertaining to real property in Berrien County. The Register's office pledges to
> efficiently record documents, provide an accurate index, and safely and securely
> preserve and protect these records for yesterday's,  today's and tomorrow's
> generations." … The Register of Deeds is the official recording office for all land
> records in Berrien County and was established by the first Constitution of Michigan in
> 1835."

44.     Defendant - Lori D. Jarvis as Registrar for the Berrien County's Register

of Deeds who knowingly filed in Berrien County's Register is equally liable under state and

federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893,

("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C.

Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights

Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT -  LORA L. FREEHLING REGISTRAR OF BERRIEN COUNTY**

45.     Plaintiff hereby incorporates paragraphs 1 through 44 above as if fully set

forth herein and further alleges that: Spanning from 2018 to present, Defendant - Lora L.

Freehling Registrar for Defendant Berrien County's  Register of Deeds is a facilitator of the

continuous Forgery schemes to steal and defraud Plaintiff  of his properties with, 'Forged

Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosures', and 'Forged Certificates

of Forfeitures, which stole and defrauded Plaintiff of his properties.  Defendant - Freehling is

the current Registrar of the Defendant - Berrien County's  Register of Deeds and is enforcing,

Defendant Jarvis knowingly willful and wanton, 'Forged Quit Claim Deeds', 'Forged, Notice

of Judgments of Foreclosures', and 'Forged Certificates of Forfeitures, which is still currently

recorded in  Defendant - Berrien County's  Register of Deeds, which are causing continuous

injuries to Plaintiff.  The Register of Deeds' website, states,

> "The Register of Deeds' office is a constitutional office established by the
> Michigan State Legislature.  The Register serves as the custodian of documents
> pertaining to real property in Berrien County. The Register's office pledges to
> efficiently record documents, provide an accurate index, and safely and securely
> preserve and protect these records for yesterday's,  today's and tomorrow's
> generations." … The Register of Deeds is the official recording office for all land
> records in Berrien County and was established by the first Constitution of Michigan in
> 1835."

46.     Defendant - Lora L. Freehling as current Registrar of Defendant - Berrien

County's  Register of Deeds is equally liable under state and federal laws pursuant to:

Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp.

Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights

Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth,

and  Fourteenth-section 1, of the Amendments.

## DEFENDANT, KATHLEEN CULBERSON  NOTARY PUBLIC OF BERRIEN COUNTY, MI.

47.     Plaintiff hereby incorporates paragraphs 1 through 46 above as if fully set forth herein and further alleges that: Spanning from 2010 to present, Defendant - Kathleen Culberson, Notary Public for Defendant Berrien County is a Coconspirator with Defendants', and retaliated concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff  of his properties with, 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosures', and 'Forged Certificates of Forfeitures. The same forged documents that,  Kathleen Culberson Notary signed, Notarized, and witnessed are the key instruments used, which are still causing the  deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT, SHELLY WEICH TREASUSER OF, BERRIEN COUNTY**

48.     Plaintiff hereby incorporates paragraphs 1 through 47 above as if fully set forth herein and further alleges that: Defendant – Shelly Weich was in Treasury then and is current Treasurer of Berrien County, as such is party to the other Defendants', retaliated concocted, disguised, designed evil plot and elaborate scheme, she took over from Defendant – Bret Witskowski, Treasurer of Berrien County and kept the Forgeries in use in the records continuously. As such Defendant – Shelly Weich  has the duty and or her duty afford her the opportunity to protect the Plaintiff from the continuous unlawful actions and or to remedy the unlawful actions in whole, and to retore Plaintiff in full, but she failed to and or refuse to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint.

49.     Defendant – Shelly Weich, Treasurer, is causing continuous deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, Amendments.

## BERRIEN COUNTY BOARD OF COMMISSIONERS

50.     Plaintiff hereby incorporates paragraphs 1 through 49 above as if fully set forth herein and further alleges that: Defendant – Board of Commissioner of Berrien County is governing Body for the Berrien County and a Coconspirator in Defendants', retaliated concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Appellant of his properties. On the Berrien County website, they state the following.

> "It is the mission of the Berrien County Government to provide leadership, cooperation with all units of government, and sound fiscal management and planning, thereby promoting public safety, health, wellbeing, and prosperity in order to improve the quality of life for present and future generations."

51.     Yet, Defendant – Board of Commissioner for Defendant  Berrien County  treat Plaintiff with indifference from Its mission statement above.  Defendant – Board of Commissioner of Berrien County  plays a supervisory role over its Coconspirators Defendants: Defendant - Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer;  Defendant – Shelly Weich, Treasurer and Defendant – Board of Commissioner of Berrien County; Defendant

– Attorney Mckinley R. Elliott, General Corporate Counsel; Defendant – Attorney Donna B.

Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom

and Defendant – Holmdtrom Office, PLC, are responsible for the willful and wanton misconduct

of deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal,

laws.

52.     Defendant – Board of Commissioner of Berrien County, is causing

continuous deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan

and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's

General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. §

750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 -

42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and

Fourteenth-section 1, Amendments.

**DEFENDANT, BERRIEN COUNTY GOVERNMENT,**

53.     Plaintiff hereby incorporates paragraphs 1 through 52 above as if fully set

forth herein , and further alleges that, Defendant – Berrien County Government  is a

Coconspirator with all the other Defendants', concocted, disguised, designed an evil plot and

elaborate scheme which stole and defrauded Plaintiff  of his properties by their willful and

wanton misconduct of forgeries and retaliation. Defendant Berrien County Government the

foreclosing governmental unit with its Coconspirators and Defendants are part of the live case

or controversies, which stole and defrauded Plaintiff of real properties both from,  Defendant

Niles Charter Township and Defendant - City of Benton governments, municipals  by

wrongfully foreclosure, intentionally wrongfully foreclosure, and or foreclosure by forgeries,

with direct violations of Plaintiff's rights per: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

      54.      Plaintiff alleges that, Defendant Berrien County Government is either  an employer and or the governing body and or administrative officers of the County government and whom are also Coconspirators to: Defendant - Lori D. Jarvis Registrar of Berrien County; Defendant - Lora L. Freehling Registrar of Berrien County; Defendant - Kathleen Culberson, Notary Public of Berrien County; Defendant – Bret Witskowski, Treasurer of Berrien County; Defendant – Shelly Weich, Treasurer of Berrien County and Defendant – Board of Commissioner of Berrien County; Defendant – Attorney Mckinley R. Elliott, General Corporate Counsel of Berrien County Government; Defendant – Attorney Donna B. Howard, General Corporate Counsel of Berrien County Government; Defendant – Attorney James Mcgovern, General Corporate Counsel of Berrien County Government; Defendant – Attorney Jefferey R. Holmstrom and Defendant – Holmdtrom Office, PLC, as such bears responsibilities for their willful and wanton misconducts of  deprivation of Plaintiff's rights, secured by the Constitution and laws of the State of Michigan and Federal.   As such is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT,  ATTORNEY MCKINLEY R. ELLIOTT**

55.     Plaintiff hereby incorporates paragraphs 1 through 54 above as if fully set forth herein , and further alleges that, Defendant – Attorney Mckinley R. Elliott, General Corporate Counsel of Berrien County Government, is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton misconduct and forgeries and retaliation. Defendant – Attorney Mckinley R. Elliott, grossly neglects or dereliction of  his [fi]duciary duties begins  the snowball effect of Defendants' persistent and consistent retaliations of lies, that, **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010", with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures', multiple times during Deposition and with Affidavit.  Moreover, Defendant –  Witskowski and Berrien – County Government and its other employees, and Codefendants,  employed, Defendant Attorney Holmstrom to continue the retaliations by retelling these same lies to the Federal District Court in their Summary Judgment filed on October 30, 2017, and brief file in Federal Appellate Court.

56.     While the forged documents were created, used, and possessed in the years of 2010 to 2014 by Defendants to steal and defraud Plaintiff of his properties,  they are presently still being used, by Defendants to deprive Plaintiff of his rights, secured by the

Constitution and laws of the State of Michigan and Federal laws. Defendant – Attorney

Mckinley R. Elliott, General Corporate Counsel of Berrien County Government bears the

responsibilities; of the willful and wanton misconducts of forgeries, gross negligence, theft,

violations of due process, fraud, which he stole and defrauded Plaintiff of his properties

which are proximate cause of  Defendants' deprivation of Plaintiff's rights, secured by the

Constitution and laws of the State of Michigan and Federal laws. Michigan forgery

punishment law states as follows:

Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.

For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.)This includes crimes of "uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)

A Note on Federal Law

Each state has its own forgery laws, but sometimes a forgery offense will be handled under federal law (and in federal court)…. And when a forged document travels across state lines, and in several other similar circumstances, the crime is also handled in federal court.

57.     The crime and fraud exception of law cause Defendant – Attorney

Mckinley R. Elliott,  to be equally liable under state and federal laws pursuant to:  Michigan's

General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. §

750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 -

42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and

Fourteenth-section 1, of the Amendments.

**DEFENDANT,  ATTORNEY DONNA B. HOWARD**

58.     Plaintiff hereby incorporates paragraphs 1 through 57 above as if fully set forth herein , and further alleges that, Defendant – Attorney Donna B. Howard, General Corporate Counsel of Berrien County Government is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which she stole and defrauded Plaintiff of his properties by their willful and wanton misconduct and forgeries and retaliation. As Defendant – Attorney Donna B. Howard, took over as General Corporate Counsel of Berrien County Government from Defendant – Attorney Mckinley R. Elliott, and continued to gross neglect and or dereliction of  her [fi]duciary duties. Defendant – Attorney Donna B. Howard grossly neglect and or dereliction of  her [fi]duciary duties resulted in Plaintiff, losing all the same real properties and 'Intentional infliction of emotional distress'.

59.     The crime and fraud exception cause Defendant – Attorney Donna B. Howard,  to be equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT,  ATTORNEY JAMES MCGOVERN**

60.     Plaintiff hereby incorporates paragraphs 1 through 59 above as if fully set forth herein , and further alleges that, Defendant – Attorney James Mcgovern, General Corporate Counsel of Berrien County Government is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his properties by Defendant's willful and wanton misconduct and

forgeries and retaliations to deter Plaintiff from getting monetary relief.  Defendant –

Attorney James Mcgovern  took over as General Corporate Counsel of Berrien County

Government from Defendant – Attorney Donna B. Howard and continued to grossly neglect

and or dereliction of  his [fi]duciary duties. Defendant – Attorney James Mcgovern grossly

neglects and or dereliction of  his [fi]duciary duties resulted into Plaintiff, losing all the same

real properties and 'Intentional infliction of emotional distress'. Furthermore, Defendant –

Attorney James Mcgovern, join continued effort with Defendant – Attorney Jefferey R.

Holmstrom, which are proximate cause of  Defendant's deprivation of Plaintiff's rights,

secured by the Constitution and laws of the State of Michigan and Federal laws.

61.     The crime and fraud exception cause Defendant – Attorney James

Mcgovern, to be equally liable under state and federal laws pursuant to:  Michigan's General

Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248;

§ 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C.

§2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section

1, of the Amendments.

**DEFENDANT,  ATTORNEY JEFFREY R. HOLMSTROM**

62.     Plaintiff hereby incorporates paragraphs 1 through 61 above as if fully set

forth herein , and further alleges that, Defendant – Attorney Jefferey R. Holmstrom is a

Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate

scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton

misconduct of forgeries and retaliation.  Defendant – Attorney James Mcgovern  incorporated

Defendant – Attorney Jefferey R. Holmstrom into the scheme and retaliations to deter and

defraud Plaintiff. Plaintiff an In Pro Se litigant when he sought Courts' redress for monetary damage form Defendants was confounded, confused, or bewildered by Defendants and their Attorneys who made material misrepresentations or intentionally false material misrepresentations and or material concealments or intentional material concealments when they were under an obligation not to conceal from Plaintiff and courts; and in truth and in fact Defendants' retaliations with indifference to the truth deterred Plaintiff's discoveries and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff from getting the monetary relief Plaintiff warrants.

63.     Defendant – Attorney Jefferey R. Holmstrom's intentionally false material misrepresentations and intentional material concealments when he was under an obligation not to conceal from Plaintiff and Courts, that the two following statements are materially false: **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010". See case, Barnaby v. Witkowski, 1:14-cv-1279. But instead, Defendant – Attorney Jefferey R. Holmstrom, in grossly neglect and or dereliction of his [fi]duciary duties, knowingly, presented Witkowski's materially false statement as true: Defendant – Witskowski wittingly lied with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures, Defendant – Witskowski wittingly lied multiple times in Deposition on the same material issues and with Affidavit. Moreover, Defendant – Attorney Jefferey R. Holmstrom wittingly made the same intentionally false material misrepresentations to the Federal District Court in their Summary Judgment filed on October 30, 2017, and in brief file in Federal Appellate Court, resulted in

the District Court Granting Defendants Summary Judgment and Appellate Court affirming Summary Judgment.

64.     Defendant – Attorney Jefferey R. Holmstrom retaliated because Plaintiff expressed himself for redressed  to Courts for the monetary damage relief, he warrants, to get the District Court to Grant Defendants Summary Judgment and Appellate Court affirming Summary Judgment.   Defendant  Attorney Holmstrom wittingly made intentionally false material misrepresentations that,  **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010"; in reckless disregard for the truth, deterred Plaintiff from earlier discovering that Defendants stole and defrauded Plaintiff of his real properties and caused Plaintiff 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and by, unauthorized Practice of Law UPL, and by false pretense of unpaid properties taxes. And, further deterred Plaintiff from Amending his Complaint to reflect the same. And as such, prevented Plaintiff from getting same monetary relief  Plaintiff warrants. As such, Plaintiff now seeks monetary damages relief from Defendants for his real properties and for his 'intentional infliction of emotional Distress free from Defendants' retaliations in this present case.

65.     Retaliations of forgeries were also part of Defendant – Attorney Jefferey R. Holmstrom and Defendant Berrien County Government and its employees Defendants, by filing them in Berrien County Registrar of Deeds or record, emailed to Plaintiff and mailed, Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of

Forfeitures. See, Erickson v. Pardus, 551 U.S. 89, 94 (2007), to  bossproperties96@gmail.com

and sent them via Snail Mail with the United State Postal Service across state line to Plaintiff in

the state of Georgia, which is also acts of wire fraud and mail fraud.

> For example, forging a public record (including documents handled, for example, by
> notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi.
> Comp. Laws Ann. § 750-248.)This includes crimes of "uttering" a false record, which
> means trying to use or present the document as true when you know it is a forgery (even
> if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)

66.     The crime and fraud exceptions cause Defendant – Attorney Holmstrom,

liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A.

206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18

U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil

Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1,


**DEFENDANT,  HOLMSTROM LAW OFFICE, PLC**

66.     Plaintiff hereby incorporates paragraphs 1 through 65 above as if fully set

forth herein , and further alleges that, Defendant – Holmstrom Office, PLC. is a

Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate

scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton

misconduct of forgeries and retaliation. Also, Defendant – Attorney Jefferey R. Holmstrom

concocted, disguised, designed an evil plot and an elaborate scheme was carried out though

the Defendant – Holmstrom Office, PLC.


67.     The crime and fraud exception causes Defendant – Holmstrom Office, PLC,

deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal,

laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property

Tax Act, P.A. 206 of 1893, ("Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18

U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights

Acts of 42 U.SA. §1983; First, Fourth, Fifth, Fourteenth-section 1, Amendments.

**KENDELL S. ASBENSON (P81747)**

          68.          Plaintiff hereby incorporates paragraphs 1 through 67 above as if fully set

forth herein , and further alleges that, Defendant – Kendell S. Asbenson, Assistant Attorney

General of the State of Michigan is a Coconspirator in Defendants', concocted, disguised,

designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his

properties by willful and wanton misconduct of forgeries and retaliation.  Defendant –

Kendell S. Asbenson, is an Assistant Attorney General of Michigan. As an Assistant Attorney

General of the State of Michigan, Defendant –  Asbenson  has a[fi]duciary duty to give

Plaintiff equal protections of the law. Defendant – Asbenson, as Assistant Attorney General

was informed by Plaintiff of Defendants' crimes of forgeries conduct which stole and defraud

Plaintiff  of his properties but omitted to act which aided and abetted the other Defendants

and  injured Plaintiff.

          **Forgery is illegal in Michigan,** and occurs when a defendant **creates**, **uses**, or **possesses a false document with the intent to use it to defraud someone.** This is a crime, and its penalties are discussed below.

          **Forgery Punishments –** Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.  For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.)This includes crimes of **"uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)**

**A Note on Federal Law –** Each state has its own forgery laws, but sometimes a forgery offense will be handled under federal law in federal court…. <u>And when a forged document travels across state lines, and in several other similar circumstances, the crime is also handled in federal court.</u>

69.     Defendant –  Asbenson's  failure to address the other Defendants' crimes of forgery, is gross neglect and or dereliction of  his [fi]duciary duties he owes Plaintiff, as his omission and silence rendered him complicit to the other Defendants' crimes of forgeries<u>. "Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison."</u>,   Moreover, as an Assistant Attorney General for the State of Michigan Defendant – Kendell S. Asbenson, violated Plaintiff rights of equal protection and due rights under Fourteenth-section 1, of the Amendment.  The crime and fraud exception of "Forgery", cause deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT,  MICHIGAN ATTORNEY GENERAL DANA NESSEL**

70.     Plaintiff hereby incorporates paragraphs 1 through 69 above as if fully set forth herein , and further alleges that, Defendant – Dana Nessel  Attorney General of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton misconduct and forgeries and retaliation.  Defendant – Dana Nessel, as Attorney General of the State Michigan she is chief prosecutor of crimes for the State of Michigan.

Defendant – Dana Nessel, as Attorney General was informed or should have known of the other Defendants' crimes of forgeries to steal and defraud Plaintiff, but omitted to act which aided and abetted the other Defendants

71.     Defendant – Dana Nessel's  failure to address the other Defendants' crimes of forgery, is gross neglect and or dereliction of  her [fi]duciary duties she owes Plaintiff and others, and her omission and silence rendered her complicit to the other Defendants' crimes of forgeries.  "Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.",   Moreover, as the Attorney General for the State of Michigan Defendant – Dana Nessel, violated Plaintiff rights of equal protection and due rights under Fourteenth-section 1, of the Amendment.  The crime and fraud exception of "Forgery", cause deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.S.A. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT,  HON. RICK SNYDER GOVERNOR OF MICHIGAN**

72.     Plaintiff hereby incorporates paragraphs 1 through 71 above as if fully set forth herein , and further alleges that, Defendant – Hon. Rick Snyder Former Governor of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his properties by his willful and

wanton misconduct and forgeries and retaliation.  As during the time of the issues for redress,

Defendant – Hon. Rick Snyder, was acting though his appointed emergency manager and in

the place and stead of the Defendant - City of Benton governing body and the office of chief

administrative officer of the local government, pursuant to Section 141.1549 and Act 436 of

2012.

73.     As such , Defendant – Hon. Rick Snyder, is responsible for acts and

omissions of Defendant - City of Benton governing body and the office of chief

administrative officer and the local government officials that, caused deprivation of Plaintiff's

rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable

under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of

1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C.

Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights

Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT,  HON. JENNIFER GRANHOLM GOVERNOR OF MICHIGAN**

74.     Plaintiff hereby incorporates paragraphs 1 through 73 above as if fully set

forth herein , and further alleges that, Defendant – Hon. Jennifer Granholm, Former Governor

of the State of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an

evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his properties by her

willful and wanton misconduct and forgeries and retaliation.  As, Defendant – Hon. Jennifer

Granholm, was Governor of Michigan in the year of 2010 at the time of Defendants' first

forgeries.  As such, Defendant – Hon. Jennifer Granholm's duty afford the Governor the

opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful

actions in whole, and retore Plaintiff in full, but Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint.

75.    As such , Defendant – Hon. Jennifer Granholm, is responsible for acts and omissions of Defendant - City of Benton governing body and the office of chief administrative officer and the other local governments in their officials that caused deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**DEFENDANT,  HON. GRETCHEN WHITMER GOVERNOR OF MICHIGAN**

76.    Plaintiff hereby incorporates paragraphs 1 through 75 above as if fully set forth herein , and further alleges that, Defendant – Hon. Gretchen Whitmer is a Coconspirator in Defendants', retaliated, concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his properties by her willful and wanton misconduct and forgeries, as she took over the Governor's office from Defendant – Hon. Rick Snyder and his duties to remedy Defendants' unlawful wrong against Plaintiff.  Defendant – Hon. Rick Snyder, was acting though his appointed emergency manager and in the place and stead of the Defendant - City of Benton governing body and the office of chief administrative officer of the local government, pursuant to Section 141.1549 and Act 436 of 2012. Defendant – Dana Nessel  Attorney General, as Attorney General was informed or should

have known of the other Defendants' crimes of forgeries that stole and defraud Plaintiff but omitted to act which aided and abetted the other Defendants and further harm Plaintiff.

77.     As such , Defendant – Hon. Gretchen Whitmer is responsible for the acts and omissions of Defendant – Hon. Rick Snyder and Defendant – Dana Nessel  Attorney General's deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT,  MICHIGAN STATE GOVERNMENT**

78.     Plaintiff hereby incorporates paragraphs 1 through 77 above as if fully set forth herein , and further alleges that, Defendant – Michigan State Government is a Coconspirator in Defendants', retaliated, concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton misconduct and forgeries.  Defendant – Michigan State Government is responsible for all acts and omissions of all the above Defendants':  Government municipals,  all administrative Officers  and employees that cause deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C.

Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights

Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

**THE HONORABLE ALFRED M . BUTZBAUGH, F.C.J**

79.      Plaintiff hereby incorporates paragraphs 1 through 76 above as if fully set

forth herein , and further alleges that, on August 18, 2010, Defendant Former Chief Judge

Butzbaugh entered [Linchpin] Foreclosure Judgment against, Defendant – Bret Witskowski,

Treasurer of Berrien County and Defendant –  Berrien County Government and or Mr.

Thomas Bread.  On July 12, 2012, Former Chief Judge Butzbaugh  falsified, Defendant –

Berrien County Court record with a retaliation Order in reckless disregards for the truth that

his [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01,

2010. But all other Courts in truth and in fact affirmed that Former Chief Judge Butzbaugh's

[Linchpin] Foreclosure Judgment was entered on August 18, 2010.  Furthermore, all,

Defendant Berrien County Government and its employees, and Codefendants  inclusive of

Defendant Attorney Holmstrom knew Former Chief Judge Butzbaugh's [Linchpin]

Foreclosure Judgment was entered on August 18, 2010.  In addition, Defendants continued to

lie that the Judgment was entered on March 01, 2010, and deterred Plaintiff from timely

discovering that, Defendants stole and defrauded Plaintiff of his real properties and his

'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice

of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and false pretense of

unpaid properties taxes, and unauthorized Practice of Law UPL and deterred Plaintiff from

making the necessary Amendments to his Complaint and prevented Plaintiff from getting

same monetary relief  Plaintiff warrants.

80.     Furthermore, They, hired  Defendant Attorney Holmstrom and he continued with the intentionally false misrepresentation and omission of the material facts. Plaintiff sought Courts for redressed, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregard for  the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, and intentional false pretense of unpaid properties taxes, and prevented Plaintiff from getting same monetary relief he warrants. Now this Plaintiff's , Complaint seeks of Defendants, full damages for monetary relief for his properties and his emotional distress and Declaratory Judgment free from Defendants' retaliations.  See, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**THE HONORABLE GARY J. BRUCE, C.J**

81.     Plaintiff hereby incorporates paragraphs 1 through 80 above as if fully set forth herein , and further alleges that, on August 18, 2010, Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against  Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant –  Berrien County Government and or Mr. Thomas Bread.  As Defendant –  Berrien County Government and its Coconspirators-Defendants with willful and wanton misconduct of Forgery and Unauthorized Practice of Law {UPL} with  'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, transferred the property to Mr. Thomas Bread. Please see,

(Mi. Comp. Laws Ann. § 750-248; § 750-249.);  (MCL 600.916 and MCL 450.681).  The

Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA") required  Defendant –

Berrien County Government Foreclosure Judgment to be entered on or before March 01,

2010.  On July 12, 2012, Former Chief Judge Butzbaugh  falsified, Defendant – Berrien

County Court record with an retaliation Order in reckless disregards for the truth that his

[Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01,

2010. But all other Courts in truth and in fact affirmed that Former Chief Judge Butzbaugh's

[Linchpin] Foreclosure Judgment was entered on August 18, 2010.  Furthermore, all,

Defendant Berrien County Government and its employees, and Codefendants  inclusive of

Defendant Attorney Holmstrom knew Former Chief Judge Butzbaugh's [Linchpin]

Foreclosure Judgment was entered on August 18, 2010.  In addition, Defendants continued to

lie that the Judgment was entered on March 01, 2010, and deterred Plaintiff from timely

discovery that, Defendants stole and defrauded Plaintiff of his real properties and his

'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice

of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and false pretense of

unpaid properties taxes, and unauthorized Practice of Law UPL and deterred Plaintiff from

making the necessary Amendments to his Complaint and prevented Plaintiff from getting

same monetary relief  Plaintiff warrants. See, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

      82.      Between 2012 and 2013 Former Appellate Court's Chief Judge Murrphy

circulated a letter addressed to  "Trial Court's Chief Judge Bruce" about the state of

Defendant Berrien County Court record.  The settled facts about Defendant Berrien County

Court record are. **O**ne,  on August 18, 2010, Former Chief Judge Butzbaugh entered

[Linchpin] Foreclosure Judgment against  Coconspirators, Defendant – Bret Witskowski,

Treasurer of Berrien County and Defendant –  Berrien County Government and or Mr.

Thomas Bread.  **T**wo,  On July 12, 2012, Former Chief Judge Butzbaugh  falsified, Defendant

– Berrien County Court record with an [R]etaliation Order in reckless disregard for the truth

the truth that his [Linchpin] Foreclosure Judgment entered was on August 18, 2010, instead

falsely stated it was entered on March 01, 2010. **T**hird, all other Courts in truth and in fact

affirmed that Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was in truth

and in fact entered on August 18, 2010. **F**ourth, that,  Defendant – Bret Witskowski,

Treasurer of Berrien County committed Unauthorized Practice of Law to procure the same

Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment on August 18, 2010.

83.      Trial Court's Chief Judge Bruce" omissions of declaratory Judgment, that

One:   **O**ne,  on August 18, 2010, Former Chief Judge Butzbaugh entered [Linchpin]

Foreclosure Judgment against  Coconspirators, Defendant – Bret Witskowski, Treasurer of

Berrien County and Defendant –  Berrien County Government and or Mr. Thomas Bread;

**T**wo,  On July 12, 2012, Former Chief Judge Butzbaugh  falsified, Defendant – Berrien

County Court record with an [R]etaliation Order in reckless disregard for the truth that his

[Linchpin] Foreclosure Judgment entered on August 18, 2010, instead falsely stated it was

entered on March 01, 2010; **T**hird, all other Courts in truth and in fact affirmed that Former

Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered August 18, 2010;

**F**ourth, that Defendant – Bret Witskowski, Treasurer of Berrien County committed

Unauthorized Practice of Law to procure the same Chief Judge Butzbaugh's [Linchpin]

Foreclosure Judgment against Mr. Thomas Bread, which has been violating  Plaintiff's

Rights. The clause, which took effect in 1868, provides "nor shall any State ... deny to any

person within its jurisdiction the equal protection of the laws." It mandates that individuals in

similar situations be treated equally by the law.  Defendants did not treat Plaintiff similarly nor equally under the following laws. As follows below.

> AMENDMENT XIV Section 1.All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## THE HONORABLE MABEL J.MAYFIELD, C.J

84.     Plaintiff hereby incorporates paragraphs 1 through 83 above as if fully set forth herein , and further alleges that, the Trial judge Mayfield is still the current Chief Judge of Berrien County Trial Court. As such Trial Judge Mayfield is the highest ranking judicial officer of the Berrien County Trial Court, with supervisory authority. The Honorable Chief Judge Mayfield is party to the retaliation which is violating Mr. Barnaby's constitutional rights by shirking the Court's supervisory authority to correct Defendant – Berrien County Court record  and is an unconstitutional deprivation of Barnaby's rights under the First and Fourteenth Amendments to the United States Constitution not to be retaliated against when seeking redress and not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan and Federal Law. See First and Fourteenth Section 1 of Amendments.

## BERRIEN COUNTY TRIAL COURT, for the State of Michigan

85.     Plaintiff hereby incorporates paragraphs 1 through 84 above as if fully set forth herein , and further alleges that, on Defendant Berrien County Court record, are: **O**ne, on August 18, 2010, Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure

Judgment against  Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien
County and Defendant –  Berrien County Government and or Mr. Thomas Bread;  **T**wo,  On
July 12, 2012, Former Chief Judge Butzbaugh  falsified, Defendant – Berrien County Court
record with a [r]etaliation Order in reckless disregards for the truth that his [Linchpin]
Foreclosure Judgment entered on August 18, 2010, instead falsely stated it was entered on
March 01, 2010; **T**hird, all other Courts in truth and in fact affirmed that Former Chief Judge
Butzbaugh's [Linchpin] Foreclosure Judgment was entered August 18, 2010; **F**ourth, that,
Defendant – Bret Witskowski, Treasurer of Berrien County committed Unauthorized Practice
of Law in court before Chief Judge Butzbaugh to procure [Linchpin] Foreclosure Judgment
against Mr. Thomas Bread, "No State shall make or enforce any law which shall abridge the
privileges or immunities of citizens of the United States; nor shall any State deprive any
person of life, liberty, or property, without due process of law; nor deny to any person within
its jurisdiction the equal protection of the laws.", see First and Fourteenth-Section-one of the
Amendments

## THE HONORABLE CHRISTOPHER M. MURRAY, C.J

      86.      Plaintiff hereby incorporates paragraphs 1 through 85 above as if fully set
forth herein , and further alleges that, the Honorable Appellate Court's Chief  Murray had
access to Defendant Berrien County Court record's settled facts, that:  **O**ne,  on August 18,
2010, Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against
Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant –
Berrien County Government and or Mr. Thomas Bread.  **T**wo,  On July 12, 2012, Former
Chief Judge Butzbaugh  falsified, Defendant – Berrien County Court record with an
[re]taliation Order in reckless disregard for the truth that his [Linchpin] Foreclosure Judgment

entered on August 18, 2010, instead falsely stated it was entered on March 01, 2010. **T**hird, all other Courts in truth and in fact affirmed that Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered August 18, 2010. **F**ourth, that,  Defendant – Bret Witskowski, Treasurer of Berrien County committed Unauthorized Practice of Law in court before Chief Judge Butzbaugh to procure the [Linchpin] Foreclosure Judgment against Mr. Thomas Bread. The Honorable Appellate Court's Chief  Murray as does Trial Court and its Judges failure to set the record straight, to correct the record violates Plaintiff's rights under: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.

## THE HONORABLE ELIZABETH L. GLEICHER, C.J

87.     Plaintiff hereby incorporates paragraphs 1 through 86 above as if fully set forth herein , and further alleges that, the Appeals Court Judge Gleicher is the current Chief Judge for Defendant Michigan Appeals Court. As such Judge Gleicher is the highest ranking judicial officer of the Defendant Michigan Appeals Court, with supervisory authority. The Honorable Chief Judge Judge Gleicher is party to the retaliation which is violating Mr. Barnaby's constitutional rights by shirking the Court's supervisory authority to correct Michigan Appeals Court's record  which violating  Barnaby's constitution and laws under First, Fourteenth Amendments to the United States Constitution not to be retaliate against when seeking redress and not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan.

**MICHIGAN COURT OF APPEALS, for the State of Michigan**

88.     Plaintiff hereby incorporates paragraphs 1 through 87 above as if fully set

forth herein , and further alleges that, Michigan Court of Appeals is responsible  for actions

and inaction of its Judges and is party to the retaliation which violates Plaintiff's constitution

rights and laws.

**DEFENDANT,  STATE BAR OF MICHGAN**

89.     Plaintiff hereby incorporates paragraphs 1 through 88 above as if fully set

forth herein , and further alleges,  that, Defendant – State Bar of Michigan is a Coconspirator

in Defendants', retaliated, concocted, disguised, designed an evil plot and an elaborate

scheme which stole and defrauded Plaintiff  of his properties by their willful and wanton

misconduct and forgeries.  Defendant – Bret Witskowski, Treasurer of Berrien County willful

and wanton misconduct and forgeries stole and defrauded Plaintiff  of his properties, also

includes unauthorized practice of law, (UPL).

90.     The Michigan Supreme Court handles unauthorized practice of law and

delegate its responsibilities to the 'State Bar of Michigan'. First, Plaintiff made formal

Complaint of Defendant – Bret Witskowski's,  'Unauthorized Practice of Law',  to Clerk of

Michigan Supreme Court and the Clerk referred Plaintiff to the 'State Bar of Michigan'.

Plaintiff, then made formal complaint to 'State Bar of Michigan' and set forth the evidence of

Defendant – Bret Witskowski's, willful misconduct of Unauthorized Practice of Law raging

from creating 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and

'Forged Certificate of Forfeiture of Real Property', and practicing law in the court room

before Judge Butzbaugh on March 01, 2010, by representing the case on behalf of Defendant

– Berrien County Government.  Some evidence inclusive of  Defendant – Bret Witskowski's

own deposition confession of UPL.

> 16  Q.  So explain to me what law would permit you to conduct
> 17       a foreclosure proceeding when you're not an attorney?
> 25  **A.  And the judge gave me the privilege of the opportunity**
> 1        **to represent the county.**
> 2   Q.  As an attorney?
> 3   **A.  I answered your question.**
> 4   Q.  Okay.

91.     However, the 'State Bar of Michigan' overlooked all the evidence and closed the

case with non-Lawyer Witskowski's confession in deposition his unauthorized practice of law.

The 'State Bar of Michigan' was given the evidence of non-Lawyer Witskowski confession of

his unauthorized practice of law.

Appellant did submit the proof of the UPL, yet ultimately the 'State Bar of Michigan',

concluded, **UPL No: 19-up-79,**  with no due process for an Appeal.

> "The State Bar of Michigan Standing Committee on the Unauthorized Practice of Law
> has considered the above-referenced matter based on the complaint received by the State
> Bar of Michigan Unauthorized Practice of Law department and the information gathered
> during its investigation. The Unauthorized Practice of Law committee has recommended
> that the State Bar of Michigan administratively close this matter <u>because it does not
> appear to be a violation of the UPL statue, MCL 600.916, as interpreted by the Michigan
> Supreme Court. Consequently, the matter has been administratively closed.</u>"

92.     But the State Bar of Michigan gave no factual nor legal demonstration of how

when and where the Michigan Supreme Court interpreted the UPL statue MCL 600.916.  The

State Bar of Michigan's action was a dereliction of its duty given to it by Michigan Supreme

Court which governs the practice of law and lawyers and has delegated the investigation and

prosecution of unauthorized practice of law complaints and the settled fact that the State Bar of

Michigan was presented with the evidence that, Non-Lawyer Appellee-Witskowski's confessed

to unauthorized practice of law in deposition. (MCL 600.916 and MCL 450.681);  they

suppressed the material evidence, and their response was "…because it does not appear to be a

violation of the UPL statue, MCL 600.916, as interpreted by the Michigan Supreme Court.

Consequently, the matter has been administratively closed."  All in violations of their law below.

> Sec. 916.  (1) A person shall not practice law or engage in the law business, shall not in any manner whatsoever lead others to believe that he or she is authorized to practice law or to engage in the law business, and shall not in any manner whatsoever represent or designate himself or herself as an attorney and counselor, attorney at law, or lawyer, unless the person is regularly licensed and authorized to practice law in this state. A person who violates this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law. This section does not apply to a person who is duly licensed and authorized to practice law in another state while temporarily in this state and engaged in a particular matter.(2) A domestic violence victim advocate's assistance that is provided in accordance with section 2950c does not violate this section. (3) An application assistant's or victim advocate's assistance that is provided in accordance with the address confidentiality program act does not violate this section.

93.     As such , Defendant – State Bar of Michigan is liable for deprivation of

Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws and is

equally liable under state and federal laws pursuant to: UPL (MCL 600.916 and MCL

450.681;  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries

(Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the

Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983;

Fourth, Fifth, and  Fourteenth-section 1, of the Amendments.


**THE HONORABLE BRIDGET M. Mc CORMACK C.J**

94.     Plaintiff hereby incorporates paragraphs 1 through 91 above as if fully set

forth herein , and further alleges that, the Honorable Former Chief McCormack was and still

is uniquely positioned to resolve the controversy so Plaintiff could get relief for  his

sufferings at the hands of Defendants for his, Intentional infliction of emotional distress and

properties lost by UPL (MCL 600.916 and Forgeries (Mi. Comp. Laws Ann. § 750-248; §

750-249.);  940. 18 U.S.C. Section 134 and retaliations, but did not.  As the Honorable

Former Chief McCormack is fully informed that, Michigan Supreme Court handles

unauthorized practice of law and delegate its responsibilities to the 'State Bar of Michigan'.

First, Plaintiff made formal Complaint of Defendant – Bret Witskowski's,  'Unauthorized

Practice of Law',  to Clerk of  Michigan Supreme Court and the Clerk referred Plaintiff to the

'State Bar of Michigan'. Plaintiff, then made formal complaint to 'State Bar of Michigan' and

set forth the evidence of Defendant – Bret Witskowski's, willful misconduct of Unauthorized

Practice of Law raging from Defendants deterring Plaintiff from timely discovering that they

created 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged

Certificate of Forfeiture of Real Property', and practicing law in the court room  before Judge

Butzbaugh on March 01, 2010, by representing the case on behalf of Defendant – Berrien

County Government.  Some evidence inclusive of  Defendant – Bret Witskowski's own

deposition confession of UPL.

16  Q.  So explain to me what law would permit you to conduct
17      a foreclosure proceeding when you're not an attorney?
25  A.  And the judge gave me the privilege of the opportunity
1      to represent the county.
2  Q.  As an attorney?
3  A.  I answered your question.
4  Q.  Okay.

95.    The Honorable Former Chief McCormack  and Defendant Michigan

Supreme Court's  failure to properly manage or supervise the 'Defendant State Bar of

Michigan' overlooking evidence and closed the case with non-Lawyer Witskowski's

confession in deposition of his unauthorized practice of law. Defendant – Bret Witskowski's,

willful misconduct of Unauthorized Practice of Law raging from Defendants deterring Plaintiff from timely discovering that they created 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture to steal Plaintiff's Real Properties', and practicing law in the court room  before Judge Butzbaugh on March 01, 2010, by representing the case on behalf of Defendant – Berrien County Government, in violation of: UPL (MCL 600.916 and MCL 450.681;  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.).

96.     Furthermore, the Honorable Former Chief McCormack has access to record of Michigan Appeals Court, that she presided over as its supervisor  that,  Between 2012 and 2013 Former Appellate Court's Chief Judge Murrphy circulated a letter addressed to  "Trial Court's Chief Judge Bruce" about the state of Defendant Berrien County Court record.  The settled facts about Defendant Berrien County Court record are. **O**ne,  on August 18, 2010, Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant – Berrien County Government and or Mr. Thomas Bread. **T**wo,  On July 12, 2012, Former Chief Judge Butzbaugh  falsified, Defendant – Berrien County Court's record with a retaliation Order in reckless Disregards for truth that his [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead falsely stated it was entered on March 01, 2010. **T**hird, all other Courts in truth and in fact affirmed that Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered August 18, 2010. **F**ourth, that,  Defendant – Bret Witskowski, Treasurer of Berrien County committed Unauthorized Practice of Law in court before Chief Judge Butzbaugh to procure [Linchpin] Foreclosure Judgment against Mr. Thomas Bread.

**THE HONORABLE ELIZABETH T. CLEMENT, C.J**

97. Plaintiff hereby incorporates paragraphs 1 through 96 above as if fully set forth herein , and further alleges that, the Honorable Chief Judge Clement is the current Chief Judge for Defendant Michigan Supreme Court. As such the Honorable Chief Judge Clement is the highest ranking judicial officer of the Defendant Michigan Supreme Court, with supervisory authority to address former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment on August 18, 2010, against Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant – Berrien County Government and or Mr. Thomas Bread. And Defendant – Bret Witskowski, Treasurer of Berrien County committed Unauthorized Practice of Law in court before Chief Judge Butzbaugh to procure [Linchpin] Foreclosure Judgment against Mr. Thomas Bread. The same are unconstitutional deprivation Barnaby's rights under First and Fourteenth Amendments to the United States Constitution not to be, retaliated against, and deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan. First and Fourteenth Section 1 of Amendments.

**DEFENDANT, SUPREME COURT OF MICHGAN for the State of Michigan**

98. Plaintiff hereby incorporates paragraphs 1 through 97 above as if fully set forth herein , and further alleges that, Defendant – Supreme Court of Michigan is also a proximate cause of Defendants' deprivation of Plaintiff's rights, secured by the Constitution and laws of the State of Michigan and Federal laws. Plaintiff made formal complaint to 'State Bar of Michigan' and set forth the evidence of Defendant – Bret Witskowski's, willful misconduct of Unauthorized Practice of Law raging from creating 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture to steal

Plaintiff's Real Properties', and practicing law in the court room  before Judge Butzbaugh on

March 01, 2010, representing the case on behalf of Defendant – Berrien County Government,

in violation of: UPL (MCL 600.916 and MCL 450.681;  Michigan's General Property Tax

Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);

940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a);

Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and  Fourteenth section-one.  Yet,

when State Bar of Michigan' retaliate and failed to be neutral, willfully overlook the evidence

and prejudice Plaintiff; Plaintiff was left with no recourse for redress, there was no appeal

process. (Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-203 (1993)).

99.      In addition, the Defendant – Supreme Court of Michigan omissions to

address Defendant – Bret Witskowski's procurement of  Judge Butzbaugh, August 18, 2010,

Judgment, by UPL (MCL 600.916 and MCL 450.681), entered against Defendants and or Mr.

Thomas Bread, which is an imaginary Judgment against Barnaby deprived and violated

Barnaby of  his rights of equal protection of same laws  and also violated his due process

rights, and be free from Defendant's retaliations which are all secured by the Constitution and

laws. As such , Defendant – Supreme Court of Michigan, Michigan is responsible  for actions

and inaction of its Judges and State Bar of Michigan' which violates Plaintiff's constitution

rights and laws.

## IV.   MICHIGAN STANDARD ON FORGERY

100.   **Forgery is illegal in Michigan,** and occurs when a defendant **creates**, **uses**, or **possesses a false document with the intent to use it to defraud someone.** This is a crime, and its penalties are discussed below.

**Forgery in Michigan –** Forgery may involve one of many kinds of documents, and happen under a number of circumstances. However, all forgery cases have the following elements in common, all of which the prosecutor must prove beyond a reasonable doubt in order to gain a conviction.

**Making, altering, using, or possessing a writing –** The first element involves the defendant's behavior with regard to a document. Specifically, the prosecutor must show that the defendant either created a false document, altered an existing document, or knowingly used (or possessed with the intent to use) a false document with the intent to defraud someone or some organization. Examples include creating a false ID or driver's license, altering a will to include yourself as a heir, and presenting a knowingly forged certificate of title to illegally gain possession of someone's house.

**A false writing –** The second element requires that the offense involved one of many kinds of documents (also called "instruments" or "writings") that are included under the legal definition of forgery in Michigan. Among many specified types of documents, these public records (including documents that you would file with a county clerk, like a marriage license or certain land transaction documents), deeds and mortgage documents, and financial and legal documents (such as a promissory notes or a will). All writings that "count" for a forgery charge have two common characteristics: they must be of legal significance, and must be false.

**With the intent to defraud, deceive or injure –** Note that it is the intent rather than the success of the fraud that counts. In other words, this element is satisfied if you had the required mind set (to defraud someone); your scheme does not have to have been a success for you to be convicted of forgery. So, for example, if you created a false will for your brother that named you as the sole heir, but you were caught out before you could actually wrongfully inherit anything, you have still committed forgery even though you haven't managed to actually defraud your brother's estate.

**Forgery Punishments –** Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.  For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.)This includes crimes of **"uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)**

**A Note on Federal Law –** Each state has its own forgery laws, but sometimes a forgery offense will be handled under federal law in federal court…. And when a forged document travels across state lines, and in several other similar circumstances, the crime is also handled in federal court.

## V.        COMPLAINT'S COUNTS[1]

101.    The Federal District Court's exclusive jurisdiction in this case involve three areas: (1) There are Constitutional issues, (2) violations of federal laws, and (3)  disputes between parties from different states.  And, Plaintiff's Complaint issues of claim, now,  set the forth the sixteenth Counts Defendants retaliations deterred, as follows:  (1), Freedom to Redress From Retaliation; (2), "Right to a Fair Trial"; (3), Gross Negligence; (4), "Due Process"; (5), "Equal Protection of the Laws"; (6), "The Right to Government Services,  and The Right to Use Public Facilities" (7), "Fraud"; (8), "Freedom of Movement and Freedom from Torture"; (9), "Damages to personal property", (10), Theft and Conversion of personal property; (11), "Intentional infliction of emotional distress and Emotional harm"; (12), "Unlawful Detention of Properties"; (13), "The right to gainful employment, and Safety from harassment"; (14), "Rights Given Plaintiff by the State of Michigan"; (15), "Whistleblowing"; (16), "The Right to Housing".

102.    Plaintiff's Claim is built on the back of the 'Bill of Rights', in summary,  from Plaintiff's rights to freely petition his government or the courts for redress free from retaliation that are violating Plaintiff's constitutional rights, to, "The Right to Housing. These Sixteenth Counts set forth Plaintiff's legal basis both for redress on merits which Defendants' retaliations deterred and with the full damage relief Plaintiff warrants.

---

[1] Each time, Plaintiff sought Courts for redressed, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregards for  the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, on intentional false pretense of unpaid properties taxes and deterred Complaint issues of claim from redress and prevented Plaintiff from getting monetary relief he warrants. Complaint now, 'issues of claim', seeks adjudication on its merits, free from Defendants' retaliations, with relief of, Declaratory Judgment, reliefs of, monetary damages for his properties, relief for punitive damage and  relief for emotional distress.

## COUNT ONE,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan; Defendant – Hon. Mayfield C.J; Defendant – Hon. Gary J. Bruce F.C.J; Defendant – Hon. Alfred M. Butzbaugh, F.C.J; Defendant – Berrien Court Trial Court; Defendant – Hon. Gleicher, C.J; Defendant – Hon. Christopher M. Murray, F.C.J; Defendant – Hon. Clement, C.J; Defendant – McCormack, F.C.J;  Defendant – Supreme Court of Michigan**

**(RETALIATIONS),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

103.     Plaintiff hereby incorporates paragraphs 1 through 102 above as if fully set

forth herein , and further alleges that, Defendants actions or omissions are direct or proximate

cause of Defendants' retaliations against Plaintiff, in violations of his Civil Rights secured by

the Constitution and laws, under First, Fourth, Fifth, Fourteenth-Section I. Amendments.

Plaintiff's rights under First Amendment protect him from Defendants' retaliations against

him because he sought Court redress for damages. Plaintiff alleges that is First Amendment,

freedom to redress free from Defendants' retaliation secures his right for this present

Complaint to be heard on the merits of its 'issues of claim', which did not and could not have

being heard because of Defendants' retaliations, which deterred issues of claim' on merits.


104.     The First Amendment on Retaliation states,  "Congress shall make no law

respecting an establishment of religion or prohibiting the free exercise thereof; or abridging

the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." Plaintiff's freedom from Retaliation to petition his government was violated by Defendants.  Moreover, a part of the current live issues or controversy is that,  Defendants'  retaliation against Plaintiff went above and beyond stealing and defrauding Plaintiff of his properties with the false pretense of unpaid properties taxes and 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and Unauthorized Practice of Law.  Defendants retaliated each time Plaintiff sought redressed in courts, in violation of Plaintiff's rights secured under the First Amendment.  As each time Plaintiff expressed himself for redressed  to Courts for the monetary damage relief, he warrants, Defendants would retaliate  with intentionally false material misrepresentations and or intentional material concealments when they were under an obligation to reveal, but Defendants concealed from Plaintiff and Courts in reckless disregard for the truth that deterred Plaintiff from earlier discovery that, Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and Intentional false pretense of unpaid properties taxes, and unauthorized Practice of Law UPL and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff from getting same monetary relief Plaintiff warrants. See, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

105.     First, Plaintiff was in his clear rights of expression to seek redress from the court and his right is protected under First Amendment. Secondly, Defendants' adverse persistent and consistent reaction with intentionally false material misrepresentations and or intentional material concealments when they were under an obligation to reveal, but

concealed from Plaintiff and Courts in wreck-less indifference to the truth, that, One, Judge

Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead falsely

stated it was entered on March 01, 2010; Two, "Plaintiff did not make full payment of the

delinquent 2007 property taxes by March 31, 2010", would deter any "In Pro Se Litigant" of

ordinary firmness". As the Defendants Lied with 'Forged Quit Claim Deeds', 'Forged, Notice

of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures, Defendant –

Witskowski lied multiple times in Deposition on the same material issues and with Affidavit.

Moreover, Defendant – Witskowski and Berrien – County Government and its other

employees, and Codefendants, employed, Defendant Attorney Holmstrom continues the

retaliations by retelling these same lies to the Federal District Court in their Summary

Judgment filed on October 30, 2017, and brief file in Federal Appellate Court, see Barnaby

v. Witkowski, 1:14-cv-1279. Clearly, Defendants' retaliations taken against Plaintiff would

have deter any "ordinary firmed, In Pro Se Litigant", form earlier discovering that,

Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of

emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of

Foreclosure', and 'Forged Certificates of Forfeiture, and would deterred any "In Pro Se

Litigant of ordinary firmness", from making the necessary Amendments to his Complaint and

prevented him, from getting the monetary relief Plaintiff warrants. **T**hirdly, Plaintiff alleges

that, Defendants' adverse action would not have happened if Plaintiff did not file the then

Complaint for redresses in Courts, Defendants retaliated as a direct result of Plaintiff's

expression of redressed for the relief which Plaintiff warrants.

106. And, as such Defendants violated Plaintiff's rights under the First, Fourth,

Fifth, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983 and

Fed. R. Crim. P. 41 - Search and Seizure.  Plaintiff's rights under the First Amendment, to

petition the Government for a redress of grievances without retaliation of Defendants.

Plaintiff's rights under the Fourth and Fifth Amendments, and Fed. R. Crim. P. 41 - Search

and Seizure not to lose his properties by Defendants Forged Quit Claim Deeds', 'Forged,

Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures. Plaintiff's rights

under the Fourteenth-Section-One Amendment, equal protection of law and due process

rights. Once more Plaintiff petitions the Court to seek the monetary relief  he warrants, free

from Defendants retaliations to stop it from judication on its merit.

## COUNT TWO,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis
Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson,
Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski;
Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant –
Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant –
Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant –
Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township;
Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant –
Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick
Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon.
Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant –
State Bar of Michigan; Defendant – Hon. Mayfield C.J; Defendant – Hon. Gary J. Bruce
F.C.J; Defendant – Hon. Alfred M. Butzbaugh, F.C.J; Defendant – Berrien Court Trial
Court; Defendant – Hon. Gleicher, C.J; Defendant – Hon. Christopher M. Murray, F.C.J;
Defendant – Hon. Clement, C.J; Defendant – McCormack, F.C.J;  Defendant – Supreme
Court of Michigan**

**(THE RIGHT TO A FAIR TRIAL),** in Violation of Plaintiff's rights, secured by the, First,
Fourth, Fifth-takings clause, Sixth, Seventh, Fourteenth-Section I, of the Amendments,  Civil
Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

107.   Plaintiff hereby incorporates paragraphs 1 through 106 above as if fully set forth

herein , and further alleges that, all Defendants violated Plaintiff's, Civil Rights, "Right to a Fair

Trial",  under First, Fourth, Fifth-takings clause, Sixth, Seventh, Fourteenth-Section I.

Amendments, and other laws. Defendants retaliated and intentionally misled Plaintiff in

violations of his "Right to a Fair Trial,  with intentionally false misrepresentation and omission

of the material facts, they were obligated to disclose and with reckless disregard for  the truth and

concealment, Defendants deterred Plaintiff from timely discovery in order to Amend-then-

Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him,

'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of

Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law,

and intentional false pretense of unpaid properties taxes, and prevented Plaintiff from getting

same monetary relief he warrants and violated Plaintiff's, constitutional, "Right to a Fair Trial".

At no time did  Defendants' retaliations allowed Plaintiff to have his constitutional, "Right to a

Fair Trial". Plaintiff alleges that, to keep a trial fair the elements are important which Defendants

violated: including the principles of natural justice, due process, open justice, an independent

judiciary and procedural fairness and judicial independence are key principle of our legal system.

108.     As a minimum the right to fair trial includes the following fair trial rights in civil

and criminal proceedings; the right to be heard by a competent, independent, and impartial

tribunal, the right to a public hearing. A fair trial is a fundamental human right of every accused

person. It means that trials must be conducted by an impartial judge in an impartial environment

where all parties are treated equally until proven guilty. A fair trial ensures that Article 21 of the

Constitution is upheld and ensures justice, which Plaintiff never received. Plaintiff "Right to a

Fair Trial" was built on the {partial tribunal} of Defendant, Former Chief Judge Butzbaugh

August 18, 2010, [Linchpin] Foreclosure Judgment against  Coconspirators, Defendant – Bret

Witskowski, Treasurer of Berrien County and Defendant –  Berrien County Government and or

Mr. Thomas Bread.  And, on July 12, 2012, Former Chief Judge Butzbaugh  falsified, Defendant – Berrien County Court record with a retaliation Order in reckless disregards for the truth that his [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead falsely stated it was entered on March 01, 2010. Plaintiff seeks redress and Defendant Attorney Holmstrom was hired to continue with the intentionally false misrepresentation and omission of the material facts and deterred Plaintiff form have his constitutional of "Right to a Fair Trial.

109.    Furthermore, why is the right to a fair trial by a jury important?  Answer, the jury trial is a vital part of America's system of checks and balances. "Checks and balances" means that the judicial branch of government is equal to the other two branches (executive and legislative) and the courts can overturn laws or acts of government that violate constitutional rights. Yet, Plaintiff  Right to a Fair Trial or  Right to a Fair Trial by a Jury, was violated.   The Seventh Amendment right to a jury trial applies on the federal level.

**COUNT THREE,**
**As, To the Following Defendants:**

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan; Defendant – Hon. Mayfield C.J; Defendant – Hon. Gary J. Bruce F.C.J; Defendant – Hon. Alfred M. Butzbaugh, F.C.J; Defendant – Berrien Court Trial Court; Defendant – Hon. Gleicher, C.J; Defendant – Hon. Christopher M. Murray, F.C.J; Defendant – Hon. Clement, C.J; Defendant – McCormack, F.C.J;  Defendant – Supreme Court of Michigan**

(**GROSS NEGLIGEENCE),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

110.    Plaintiff hereby incorporates paragraphs 1 through 107 above as if fully set forth herein, and further alleges that, all Defendants are liable of  Gross Negligence as set forth herein:

Michigan Supreme Court in the case Jennings v. Southwood and the statute of, Government Tort Liability Act (GTLA), extends immunity from suit to government employees, unless their conduct is grossly negligent and "the proximate cause" of the plaintiff's injuries.) Under the GTLA, "gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."

**Duty of Care** –Defendants, owed Barnaby a duty of care not to do willful and wanton

"Forged", 'Notice of Judgment of Foreclosure' on May 26, 2010, used it to lie that Judge

Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on

March 01, 2010 and not to "Forged", 'Quit Claim Deed', on August 16, 2010, used it to "transfer

title" of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or Court

Order, and filed them in Defendant Berrien County's Register of Deeds. Both Michigan and Federal Laws recognize Defendants' duties to Plaintiff and prohibit their "Forgeries" of same documents and not to steal and defraud Barnaby of his properties, not to cause harm to Barnaby and or others. § 750-248 | 249.)

**Breach of Duty of Care -** Defendants willful and wanton misconducts of "Forgeries" to steal and defraud Barnaby of his properties and failed to exercise reasonable care as Treasurer and as a Government Corporation demonstrates their recklessness of their substantial lack of concern for Plaintiff's injuries and resulted in their Gross Negligence which cause loss of his real properties, pain, and sufferings.

**Cause in Fact of the Injury -** But-for, Defendants' willful and wanton Misconducts of "Forgeries"  on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', used it to deceived Plaintiff  that, Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged"  'Quit Claim Deed' and used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, and others without Plaintiff's consent or without Court Order, and filed them in Defendant Berrien County's Register of Deeds, plaintiff's injury would not have occurred.

**Proximate Cause of Harm –** Defendants' gross negligence were foreseeable. Their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transferred title" ownership of Barnaby's Real-Property. Moreover, they were fully informed of their failure to compensate Plaintiff for his property, that would cause Appellant to lose his other properties. But instead, they create, use, and possess other "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' to permanently steal

and defraud Plaintiff of his other properties Cause untimely death of son Matthew; Hardship of

pain and suffering; emotional distress.

      **Damages and Harm –** Plaintiff lost all his same real properties, due to Defendants',

Gross Negligence, the untimely death of our son Matthew; Hardship of pain and suffering; and

emotional distress.


## COUNT FOURTH,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan; Defendant – Hon. Mayfield C.J; Defendant – Hon. Gary J. Bruce F.C.J; Defendant – Hon. Alfred M. Butzbaugh, F.C.J; Defendant – Berrien Court Trial Court; Defendant – Hon. Gleicher, C.J; Defendant – Hon. Christopher M. Murray, F.C.J; Defendant – Hon. Clement, C.J; Defendant – McCormack, F.C.J;  Defendant – Supreme Court of Michigan**

(**DUE PROCESS),** Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.

                    *set forth herein.*

    111.    Plaintiff hereby incorporates paragraphs 1 through 110 above as if fully set forth

herein , and further alleges that, Defendants' actions and omission violated and deprived

Plaintiff's of his Right to "Due Process"  in violation of fourth, Fifth and Fourteenth section one,

amendments. Defendants unreasonable search and seizure of Plaintiffs' property violates the

Fourth Amendment and there continued retention of Plaintiffs' property violates the Fourth, Fifth

and Fourteen Amendments. The government must provide Plaintiff with a basis for the continued retention of property and a prompt and meaningful way to secure its return  Under the U.S. Constitution. The record shows that, Defendants create, use, and possess "Forged", 'Quit Claim Deed', 'Notice of Judgment of Foreclosure' and 'Certificate of Forfeiture of Real Property', to transfer title to Mr. Thomas Bread on August 16, 2010, and stole and defrauded Plaintiff without his consent and or without court's order.  Defendants are presently still using same "Forged", documents today to defraud Plaintiff and violate his due process rights.

112.    Defendants' violations of Plaintiff' due process in respect to Deprivation of Liberty and  Deprivation of Property and Procedural Requirements due to Defendants' retaliations, Plaintiff sought Courts for redressed, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregard for  the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, and intentional false pretense of unpaid properties taxes, and prevented Plaintiff from getting same monetary relief he warrants. Plaintiff's now, Complaint claims his Due Process Right free from Defendants' retaliations.

113.    The Hon. Bruce Reinhart, U.S. Magistrate Judge on August 12, 2022, approved a search warrant allowing the FBI to search former President Donald Trump's Mar-a-Lago estate in the Southern District of Florida in West Palm Beach, Florida, U.S.  Clearly as The Hon. Bruce Reinhart  Approved Judgment is against former President Donald Trump and not Plaintiff, also is Defendant, Former Chief Judge Butzbaugh's August 18, 2010, [Linchpin] Foreclosure Judgment

is against  Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant –  Berrien

County Government and or Mr. Thomas Bread and not Plaintiff.  Moreover, as the Hon. Bruce

Reinhart  Approved Judgment gave former President Donald Trump Due Process and not

Plaintiff, also is Defendant, Former Chief Judge Butzbaugh August 18, 2010, [Linchpin]

Foreclosure Judgment gave, Defendant – Bret Witskowski, Treasurer of Berrien County and

Defendant –  Berrien County Government and or Mr. Thomas Bread, Due Process and not

Plaintiff.  In truth and in fact Plaintiff's Due Process Right has always been violated as

Defendants projected the Due Process Right that other received on to Plaintiff.

114.    Defendants' intentionally false misrepresentation and omission of the material

facts, they were obligated to be disclosed and with reckless disregard for  the truth and

concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint,

that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional

infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of

Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, and intentional

false pretense of unpaid properties taxes, and deprived Plaintiff of his main parts of due process:

Notice of the proposed action and the grounds asserted for it. Opportunity to present reasons why

the proposed action should not be taken. The right to present evidence, including the right to call

witnesses. Defendants deprived Plaintiff of his minimum due process requires: (1) notice; (2) an

opportunity to be heard; and (3) an impartial tribunal.  *As such Defendant deprived Plaintiff of

the* three rights that Cannot be taken without due process Article 3 (1): "No person shall be

deprived of life, liberty, or property without due process of law, nor shall any person be denied

the equal protection of the laws."

## COUNT FIFTH,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan; Defendant – Hon. Mayfield C.J; Defendant – Hon. Gary J. Bruce F.C.J; Defendant – Hon. Alfred M. Butzbaugh, F.C.J; Defendant – Berrien Court Trial Court; Defendant – Hon. Gleicher, C.J; Defendant – Hon. Christopher M. Murray, F.C.J; Defendant – Hon. Clement, C.J; Defendant – McCormack, F.C.J;  Defendant – Supreme Court of Michigan**

**(EQUAL PROTECTION OF THE LAW),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

115.    Plaintiff hereby incorporates paragraphs 1 through 114 above as if fully set forth herein , and further alleges that, all Defendants violated Plaintiff's, Civil Rights of "Equal Protection of the Laws", under Fourth, Fifth, Fourteenth-Section I. Amendments. Plaintiff's rights under the Fourteenth-section-one of the Amendment, "Equal Protection of the Laws" were violated by the Defendants. Examples, First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)". Third,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".

116.    First, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")" required Judgement to be entered on March 01, 2010, and it was entered on August 18, 2010. Second,  Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),", is prohibited in the state of Michigan; Yet Defendants committed or were complicit in acts of Unauthorized Practice of Law and stole and defrauded Plaintiff of his real properties caused, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture. Third, Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone. This is a crime. Forgery in Michigan – Forgery may involve one of many kinds of documents and happen under a number of circumstances. Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.  For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.)This includes crimes of "uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)

117.    each time Plaintiff sought redressed to get "Equal Protection of the Laws" these laws Ann. § 750-248, § 750-249, "(MCL 600.916 and MCL 450.681),",  and,  General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")" Defendants would retaliate to further deprive Plaintiff to have his "Equal Protection of the Laws".  Plaintiff alleges that, it is clear Defendants uneven enforcement of these same laws, Second, Defendants treated

Plaintiff differently from people in similarly situation. Lastly,  Defendants are unequally

applying the laws, statutes, and are retaliating against Plaintiff.

**COUNT SIXTH,**
**As, To the Following Defendants:**

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan; Defendant – Hon. Mayfield C.J; Defendant – Hon. Gary J. Bruce F.C.J; Defendant – Hon. Alfred M. Butzbaugh, F.C.J; Defendant – Berrien Court Trial Court; Defendant – Hon. Gleicher, C.J; Defendant – Hon. Christopher M. Murray, F.C.J; Defendant – Hon. Clement, C.J; Defendant – McCormack, F.C.J;  Defendant – Supreme Court of Michigan**

(**THE RIGHTS TO GOVERNMENT SERVICES  and RIGHTS TO USE PUBLIC FACILITIES),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

118.     Plaintiff hereby incorporates paragraphs 1 through 117 above as if fully set forth

herein , and further alleges that, all Defendants violated Plaintiff's, Civil Rights, "The Right to

Government Services,  and The Right to Use Public Facilities", secured by the Constitution,

laws.  Defendants from local Municipal Government service to State of Michigan  Government

service  failed in their services to Plaintiff.  Once such, The Right to Government Services,

Defendants deprived Plaintiff of its good government governance.  The laws are clear, Plaintiff's

civil rights has suffered and were violated at the hands of a state or local government official and

can bring  this suit per Section 1983. Section (42 USC 1983) is a federal law that allows citizens

to sue in certain situations for violations of rights conferred by the US Constitution or federal laws. Plaintiff's personal rights are guaranteed and protected by the U.S. Constitution and federal laws enacted by Congress, such as the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Civil rights include protection from unlawful discrimination. Good government governance happens when those who are entrusted to work do their work and do the work well. Plaintiff complaint arises out of the fact that, Records and Deeds, County Treasurer, Berrien County Trial court, and all other Government entities, Municipalities' and Employee did not do their job well and or not at all.

119.     Plaintiff alleges that, the Constitution protects his right to Access Public Property, such as the Michigan State Courts Buildings and the Federal Courts Buildings. Moreover, that when, Plaintiff sought Courts for redressed, and Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregards for  the truth and concealment, Defendants deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, and intentional false pretense of unpaid properties taxes, and prevented Plaintiff from getting same monetary relief he warrants.; Defendants' retaliations, violated Plaintiff Access to Public Property.

**COUNT SEVENTH,**
**As, To the Following Defendants:**
**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis**
**Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson,**
**Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski;**
**Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant –**
**Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant –**
**Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant –**
**Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township;**
**Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant –**
**Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick**
**Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon.**
**Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant –**
**State Bar of Michigan.**

**(FRAUD by MISREPRESENTATATION and or OMISSION/ in Violation of,  Due Process**
**and "Equal Protection of the Laws" and "Theft and Conversion of personal property")**
which Violated Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-
Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41
- Search and Seizure.

*set forth herein.*

120.     Plaintiff hereby incorporates paragraphs 1 through 119 above as if fully set

forth herein , and further alleges that, Defendants 'stole and defrauded Plaintiff of his

properties Misrepresentation and Omissions, retaliations each time Plaintiff sought redress.

**Misrepresentation and Omissions-** Defendants concocted, disguised, designed an evil

plot and an elaborate scheme to steal and defraud Plaintiff  of his properties with, willful and

wanton misconduct of Forgeries,  'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of

Foreclosure', and 'Forged Certificates of Forfeitures, and Unauthorized Practice of Law {UPL}.

(Mi. Comp. Laws Ann. § 750-248; § 750-249.);  (MCL 600.916 and MCL 450.681). Their,

willful and wanton misconduct of continuous forgeries,  create, use and possess "Forged", 'Quit

Claim Deeds', 'Notice of Judgments of Foreclosures' and 'Certificates of Forfeitures of Real

Properties', transfer title to Mr. Thomas Bread on August 16, 2010, stole and  defrauded Plaintiff of his properties   § 750-248; § 750-249.)

   **Knowledge on the part of the Defendants-** Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, and other evidence proves that, Defendants knew they stole and defraud Plaintiff of his properties.

   **Intent on the part of the Defendants to deceive Plaintiff**- By Fraudulent Misrepresentation and or Omission Defendants concealed that: First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of ongoing Forgeries, "(Mi. Comp. Laws Ann. § 750-248   § 750-249.)".  Third,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth, Plaintiff's taxes were paid in full for the tax years in deputes.

   **Justifiable reliance-** Plaintiff a 'Pro Se litigant' believed and relied on Defendants to be fair and honest not for the Defendants - Board of Trustee of Niles Charter Township, and Coconspirator Defendants', to concoct, disguise, design an evil plot and an elaborate scheme to steal and defraud Plaintiff to conceal that:  First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of ongoing Forgeries, "(Mi. Comp. Laws Ann. § 750-248   § 750-249.)". Third,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth, Plaintiff's taxes were paid in full for the tax years in depute.

**Injuries Plaintiff suffers-** Proximate cause of  Plaintiff 's Harm – Plaintiff lost all his same real properties, due to Defendants',  Gross Negligence, Theft of his properties; Due Process Violation and the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

### COUNT EIGHTH,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan.**

**(FREEDOM OF MOVEMENTS and FREEDOM FROM TORTURE),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

121.    Plaintiff hereby incorporates paragraphs 1 through 120 above as if fully set forth herein , and further alleges that, all Defendants violated Plaintiff's, Civil Rights of, "Freedom of Movement and Freedom from Torture".  Plaintiff alleges that, when Defendants stole and defrauded Plaintiff of his properties,  they also violated Plaintiff rights of "Freedom of Movement and Freedom from Torture". Defendants violated Plaintiff's right to liberty of movement and freedom to choose his residence. As everyone lawfully within the territory of a State shall, within that territory, have the right to liberty of movement and freedom to choose his

residence.  The Constitution give Plaintiff the right to be able to move freely and choose a place of residence within a state without restrictions, including establishing a purpose or reason for doing so and Defendants are depriving Plaintiff of Freedom of movement.

122.    Furthermore , the law guarantees Plaintiff Freedom from Torture, as no one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment, which the Defendants are inflicting presently on Plaintiff. Example, when Defendants stole and defrauded Plaintiff of properties which are his and his family's livelihood; it has resulted in  great financial hardship, sleeplessness, emotional pain, loss of friendships, death of a child, lowered standard of living, prevent the family from living where they choose to as the theft of property has deprived the family of a place to live and each time Plaintiff sought redress Defendants came with more intentional lies to further Plaintiff and his Family's emotional distress which is Torture. See Article 15.  Plaintiff and his family 'human dignity' does not matter to Defendants.  Torture is prohibit by Law yet Defendants have been causing inhumane torture to Plaintiff and his family. They have deprived Plaintiff of, housing, employment, and the liberty of freedom of movement.

**COUNT NINTH,**
**As, To the Following Defendants:**

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan.**

(**DAMAGE TO PERSONAL PROPERTY),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

123.    Plaintiff hereby incorporates paragraphs 1 through 122 above as if fully set forth herein , and further alleges that, all Defendants violated Plaintiff's Civil Rights, Damages to Plaintiff's personal properties. All the Defendants are liable for  damages to Plaintiff's personal properties either by their direct action or by being complicit. Defendants Retaliated, concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present; to steal and defraud hundreds of Berrien County property owners of their properties with "Forged", 'Quit Claim Deeds', 'Notice of Judgment of Foreclosures' and 'Certificate of Forfeiture of Real Properties' and by unauthorized practice of law. Moreover, Defendants retaliated and demolished with tractor Plaintiff's newly rehabbed properties. Plaintiff loss or damages were as a result of the defendants' gross negligence.  Plaintiff damages include financial compensation for pain and suffering, lost wages, and loss of properties and Emotional Distress .

**Duty of Care** –Defendants owed Barnaby a duty of care not to do willful and wanton "Forged", 'Notice of Judgment of Foreclosure' on May 26, 2010, used it to lie that Judge

Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010 and not to "Forged", 'Quit Claim Deed', on August 16, 2010, used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or Court Order, and filed them in Defendant Berrien County's Register of Deeds. Moreover, owed Barnaby a duty of care not to do willful and wanton retaliated demolish Plaintiff's other properties with tracts.

**Breach of Duty of Care -** Defendants willful and wanton misconducts of "Forgeries" to steal and defraud and to retaliated and demolish Plaintiff's other properties with tractors and failed to exercise reasonable care, demonstrates their recklessness of their substantial lack of concern for Plaintiff's injuries and resulted in their Gross Negligence which cause loss of his real properties, pain, and sufferings.

**Cause in Fact of the Injury -** But-for, Defendants' willful and wanton Misconducts of "Forgeries" on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', used it to deceived Plaintiff  that, Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged"  'Quit Claim Deed' and used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, and others without Plaintiff's consent or without Court Order, and filed them in Defendant Berrien County's Register of Deeds, and retaliated demolish Plaintiff's other properties with tractors, plaintiff's injury would not have occurred.

**Proximate Cause of Harm –** Defendants' gross negligence were foreseeable. Their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transferred title" ownership of Barnaby's Real-Property and their retaliations to demolish Plaintiff's other properties with tractors.  Moreover, they were fully aware retaliated demolish Plaintiff's other properties with tracts and  of their failure to

compensate Plaintiff for his properties would cause Plaintiff sufferings and or torture. But they

retaliated demolish Plaintiff's other properties with tractor  and create, use, and possess other

"Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' to permanently steal and

defraud Plaintiff of his other properties Cause untimely death of son Matthew; Hardship of pain

and suffering; emotional distress.

**Damages and Harm** – Plaintiff lost all his same real properties, due to Defendants',

Gross Negligence, the untimely death of our son Matthew; Hardship of pain and suffering; and

emotional distress.

## COUNT TENTH,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan.**

**(THEFT and CONVERSION OF PERSONAL PROPERTY),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

124.    Plaintiff hereby incorporates paragraphs 1 through 123 above as if fully set forth

herein , and further alleges that, Defendants' actions constitute larceny or Theft and Conversion

of personal property as set forth in connection with Federal and state Laws; **O**ne, Defendants

wrongfully took Plaintiff property with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment

of Foreclosure', and 'Forged Certificate of Forfeiture and intentionally false misrepresentation of

failure to pay properties taxes. **T**wo, the property did not belong to Defendants. **T**hree, they did

not have consent from the  Plaintiff neither did they have a signed Court Order, as such, they

stole Plaintiff's property. **F**our, they had the intent to permanently deprive Plaintiff  of his

property and to date still deprives Plaintiff  of the property.

125.    A conversion occurs when a person without authority or permission intentionally

takes the personal property of another or deprives another of possession of personal property. It

is a tort which allows the injured party to seek legal relief.  Defendants' conversions of

Plaintiff's properties are gross Negligence they took possession or exerted ownership or property

rights over Plaintiff.

**Duty of Care** –Defendants, owed Barnaby a duty of care not to do willful and wanton

"Forged", 'Notice of Judgment of Foreclosure' on May 26, 2010, used it to lie that Judge

Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead materially

falsely stated it was entered on March 01, 2010 and not to "Forged", 'Quit Claim Deed', on

August 16, 2010, used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread,

without Plaintiff's consent or Court Order, and filed them in Defendant Berrien County's

Register of Deeds. Both Michigan and Federal Laws recognize Defendants' duties to Plaintiff

and prohibit their "Forgeries" of same documents and not to steal and defraud Barnaby of his

properties, to cause harm to Barnaby and or others. § 750-248 | 249.) 18 U.S.C. § 471,  940. 18

U.S.C.1341.

**Breach of Duty of Care -** Defendants willful and wanton misconducts of "Forgeries" to

steal and defraud Barnaby of his properties and failed to exercise reasonable care as Treasurer

and as a Government Corporation demonstrates their recklessness of their substantial lack of concern for Plaintiff's injuries and resulted in their Gross Negligence which cause loss of his real properties, pain, and sufferings.

**Cause in Fact of the Injury -** But-for, Defendants' willful and wanton Misconducts of "Forgeries" on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', used it to deceived Plaintiff that, Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged" 'Quit Claim Deed' and used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, and others without Plaintiff's consent or without Court Order, and filed them in Defendant Berrien County's Register of Deeds, plaintiff's injury would not have occurred.

**Proximate Cause of Harm –** Defendants' gross negligence were foreseeable. Their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transferred title" ownership of Barnaby's Real-Property. Moreover, they were fully informed of their failure to compensate Plaintiff for his property, that would cause Appellant to lose his other properties. But instead, they create, use, and possess other "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' to permanently steal and defraud Plaintiff of his other properties Cause untimely death of son Matthew; Hardship of pain and suffering; emotional distress.

**Damages and Harm –** Plaintiff lost all his same real properties, due to Defendants', Gross Negligence, the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

## COUNT ELEVENTH,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan; Defendant – Hon. Mayfield C.J; Defendant – Hon. Gary J. Bruce F.C.J; Defendant – Hon. Alfred M. Butzbaugh, F.C.J; Defendant – Berrien Court Trial Court; Defendant – Hon. Gleicher, C.J; Defendant – Hon. Christopher M. Murray, F.C.J; Defendant – Hon. Clement, C.J; Defendant – McCormack, F.C.J;  Defendant – Supreme Court of Michigan**

**(INTENTIONAL INFLICTION OF EMOTIOMNAL DISTRESS and EMOTIONAL HARM),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

126.    Plaintiff hereby incorporates paragraphs 1 through 125, above as if fully set forth herein , and further alleges that, all Defendants actions or omissions are the proximate cause of "Intentional infliction of emotional distress and Emotional harm" to Plaintiff. Furthermore, as Plaintiff sought Courts for redressed, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, which they were obligated to disclose and with reckless disregards for  the truth and concealment, they deterred Plaintiff from timely discovery in order to Amend-then-Complaint that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged

Certificates of Forfeiture, Unauthorized Practice Law, and intentional false pretense of unpaid properties taxes, and prevented Plaintiff from getting same monetary relief he warrants.

127.    Defendants' "Intentional infliction of emotional distress and Emotional harm" to Plaintiff incapsulates these **f**our following elements, as: **F**irst, Defendants intentionally or reckless acts, **(1),** Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, materially falsely stated it was entered on March 01, 2010; **(2),** "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010"; in reckless disregard for the truth, which deterred Plaintiff from discovering earlier that, Defendants stole and defrauded Plaintiff of his real properties and caused Plaintiff 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, **S**econd, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregards for  the truth and concealment, they deterred Plaintiff from timely discovery in order to Amend-then-Complaint, are extreme and outrageous; and **T**hird, but for Defendants'  misconducts  Intentional infliction of emotional distress and Emotional harm would not have resulted to Plaintiff ;  **F**ourth, emotional distress are severe.

## COUNT TWELFTH,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan.**

**(UNLAWFUL DETENTIONS OF PROPERTIES),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

128.     Plaintiff hereby incorporates paragraphs 1 through 127 above as if fully set forth herein , and further alleges that, all Defendants violated Plaintiff's, Civil Rights of, "Unlawful Detention of Properties".  One of the live issue or controversy it this case is that Defendants stole and defrauded Plaintiff of his Properties  without Plaintiff's consent nor Court Order or approval of a search warrant. Unlike, The Hon. Bruce Reinhart, U.S. Magistrate Judge on August 12, 2022, approved a search warrant allowing the FBI to search former President Donald Trump's Mar-a-Lago estate in the Southern District of Florida in West Palm Beach, Florida, U.S.  Defendant, Former Chief Judge Butzbaugh August 18, 2010, [Linchpin] Foreclosure Judgment is against  Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant –  Berrien County Government and or Mr. Thomas Bread and not Plaintiff.  Moreover, as the Hon. Bruce Reinhart  approved Judgment and gave the FBI search warrant and allowed the FBI to search former President Donald Trump, Mar-a-Lago estate in the Southern District of Florida in West Palm Beach, Florida,

which barred the Former President from claiming illegal Search and Seizure under the Fourth

Amendment Fed. R. Crim. P. 41 - Search and Seizure. As Defendants stole and defrauded

Plaintiff of his Properties without Plaintiff's consent or Court Order or approval or a search

warrant Plaintiff can and does claim illegal Search and Seizure under the Fourth Amendment.

129.     Plaintiff alleges that relief is available to him pursuant to the Fourth

Amendment and Fed. R. Crim. P. 41 - Search and Seizure. Defendant, Former Chief Judge

Butzbaugh August 18, 2010, [Linchpin] Foreclosure Judgment is against , Defendant – Bret

Witskowski, Treasurer of Berrien County and Defendant – Berrien County Government and

or Mr. Thomas Bread and not Plaintiff and is an imaginary judgment Against Plaintiff.

Plaintiff is defrauded of his properties by Defendants in violation 4th, 5th, and 14th,

amendments. Defendants unreasonable search and seizure of Plaintiffs' property violates the

Fourth Amendment, and their continued retention of Plaintiffs' property violates the Fourth,

Fifth and Fourteen Amendments. The Defendants must provide Plaintiff with a basis for the

continued retention his properties and a prompt and meaningful way to secure its return

Under the U.S. Constitution. The record shows, that, Defendants, created, used, and possessed

"Forged", 'Quit Claim Deed', 'Notice of Judgment of Foreclosure' and 'Certificate of

Forfeiture of Real Property', to transfer title to Mr. Thomas Bread on August 16, 2010, and

stole and defrauded Appellant without his consent and or without court's order. Their

"retaliations" deterred Plaintiff from Amending Complaint.

130.   Plaintiff is entitled to compensation for his properties, he was not a target of any

criminal investigation and Defendants' retaliation and continued detention of Plaintiff's

properties violates Plaintiff's rights pursuant to the Fourth Amendment and Fed. R. Crim. P. 41 - Search and Seizure.

### by Amily Imbrogno

131.    The Supreme Court shook up Section 1983 jurisprudence in its recent opinion in *Thompson v. Clark*, 596 US ____ (2022).  In *Thompson*, the petitioner had been arrested and charged with obstructing governmental administration and resisting arrest after police entered his Brooklyn apartment without first obtaining a warrant.  Before trial, the prosecutor moved to dismiss the charges and the trial judge dismissed the case, both without explanation.

The petitioner sued for damages against the police officers who had arrested and charged him.  He alleged several claims for violations of his constitutional rights under 42 USC § 1983, including one for "malicious prosecution," purportedly under the Fourth Amendment. The trial court entered judgment for the defendants, because under Second Circuit precedent the petitioner was required to present evidence that the prosecution ended with some affirmative indication of innocence, of which the petitioner provided no evidence. The Circuit Court affirmed.

The Supreme Court reversed. Congress enacted 42 USC § 1983 in 1871, which created a private right of action against individuals and entities who, under color of law, violate a plaintiff's federal constitutional rights. The majority found that, in determining the elements of claims brought under § 1983, the Court's practice is to compare the elements of the most analogous tort as of 1871 to the § 1983 claim at bar, so long as doing so is consistent with the values and purposes of the constitutional right at issue.  As a result, it compared the petitioner's Fourth Amendment claim to the elements of the common law tort of malicious prosecution as it existed in 1871.

After examining history, the majority issued a simple holding: "to demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment clam under § 1983 for malicious prosecution, a plaintiff need not show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that his *prosecution ended without a conviction*." (Emphasis added).

132.    Like in the case, Thompson v. Clark, 596 US ____ (2022), Defendants –  have defrauded and stole Plaintiff of his properties with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, without  first obtaining a warrant nor Barnaby's consent, in violations of  his civil rights under federal statutes and constitutional rights) secured by the 42 U.S.C. §1983; 42 U.S.C. §2000; Fourth; Fifth;

Fourteenth section I, of  Amendments and Fed. R. Crim. P. 41 - Search and Seizure.  Plaintiff is

entitled to compensation for his properties, as he was not a target of any criminal investigation

and the government's continued detention of his properties violates Fed. R. Crim. P. 41 - Search

and Seizure and the Fourth, Amendment.

## COUNT THIRTEENTH,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan.**

**(SAFETY FROM HARASSMENT and THE RIGHT TO GAINFUL EMPLOYMENT),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

133.    Plaintiff hereby incorporates paragraphs 1 through 132 above as if fully set forth

herein , and further alleges that, all Defendants violated Plaintiff's, Civil Rights, "The right to

gainful employment, and Safety from harassment".  The same real properties Defendants stole

and defrauded Plaintiff of were his and his Family's gainful employment, and Safety from

harassment. Everyone has the right to work, to free choice of employment, to just and favorable

conditions of work and to protection against unemployment. Everyone, without any

discrimination, has the right to equal pay for equal work. Plaintiff properties afforded him

gainful employment resulting in Plaintiff and his family self-sufficiency.

134.    Defendants did not just stop at violating Plaintiff's, right to gainful employment, they also violated Plaintiff's right of  Safety from harassment.  Defendants threaten Plaintiff that if he Plaintiff sought redress for his property in Niles Charter Township, he will make sure Plaintiff loses all his other properties in City of Benton Harbor. Defendants then followed through on their threat; retaliated with tractor and demolished Plaintiff's Benton Harbor Properties and stated that, Plaintiff got what he is due. Defendants had no valid reason to harass Plaintiff.  Defendants' humiliation of Plaintiff has been constant each time Plaintiff sought redress from Courts the Defendants retaliated with intentional lies that, **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead materially falsely stated it was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010". They told these lies with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures, multiple times during Deposition and with Affidavit.  Moreover, Defendant –  Witskowski and Berrien – County Government and its other employees, and Codefendants,  employed, Defendant Attorney Holmstrom to continue the retaliations by retelling these same lies to the Federal District Court in their Summary Judgment filed on October 30, 2017, and brief file in Federal Appellate Court, see  Barnaby v. Witkowski, 1:14-cv-1279.

135.    Defendants are liable for violations of Plaintiff's right to gainful employment, and Safety from harassment, for his stress and fatigue and its tole and mental health impact. And Plaintiff properties which afforded him gainful employment resulting in Plaintiff and his family self-sufficiency.

## COUNT FOURTEENTH,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan; Defendant – Hon. Mayfield C.J; Defendant – Hon. Gary J. Bruce F.C.J; Defendant – Hon. Alfred M. Butzbaugh, F.C.J; Defendant – Berrien Court Trial Court; Defendant – Hon. Gleicher, C.J; Defendant – Hon. Christopher M. Murray, F.C.J; Defendant – Hon. Clement, C.J; Defendant – McCormack, F.C.J;  Defendant – Supreme Court of Michigan**

**(RIGHTS GIVEN PLAINTIFF BY THE STATE OF MICHIGAN),** "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA,  Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)" Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),", secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search *set forth herein.*

136.    Plaintiff hereby incorporates paragraphs 1 through 135 above as if fully set forth herein , and further alleges that, all Defendants violated Plaintiff's, "Rights Given Plaintiff by the State of Michigan". Some such Rights Given Plaintiff by the State of Michigan are: first, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)".  Third, stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".

137.    First, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")" required Judgement to be entered on March 01, 2010, and it was entered on

August 18, 2010. **S**econd,  Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),",

is prohibited in the state of Michigan yet, Defendants committed or their omissions cause them to

be complicit of acts of Unauthorized Practice of Law, they stole and defrauded Plaintiff of his

real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged

Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of

Forfeiture. **T**hird, Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or

possesses a false document with the intent to use it to defraud someone. This is a crime. Forgery

in Michigan – Forgery may involve one of many kinds of documents and happen under several

circumstances. Forgery is a felony, which incurs at least one year in prison, and depending on the

type of document involved in the crime, may incur up to seven or 14 years in prison.  For

example, forging a public record (including documents handled, for example, by notary publics,

county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. §

750-248.)This includes crimes of "uttering" a false record, which means trying to use or present

the document as true when you know it is a forgery (even if you are not the person who forged

the document). (Mi. Comp. Laws Ann. § 750-249.)

**COUNT FIFTEENTH,**
**As, To the Following Defendants:**

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan; Defendant – Hon. Mayfield C.J; Defendant – Hon. Gary J. Bruce F.C.J; Defendant – Hon. Alfred M. Butzbaugh, F.C.J; Defendant – Berrien Court Trial Court; Defendant – Hon. Gleicher, C.J; Defendant – Hon. Christopher M. Murray, F.C.J; Defendant – Hon. Clement, C.J; Defendant – McCormack, F.C.J;  Defendant – Supreme Court of Michigan**

**(Whistleblowing ),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

138.     Plaintiff hereby incorporates paragraphs 1 through 137 above as if fully set forth herein , and further alleges that, his complaint is a cry out also as Whistleblowing  that Defendant – Berrien County Government and its employees retaliated, concocted, disguised, designed an evil plot and an elaborate scheme spanning years 1997; 1998; 1999; 2000; 2001; 2002; 2003; 2004; 2005; 2006; and 2007 stole and defrauded hundreds of Berrien County property owners of their properties with "Forged", 'Quit Claim Deeds', 'Notice of Judgment of Foreclosures' and 'Certificate of Forfeiture of Real Properties' and by unauthorized practice of law, including Barnaby's properties. Plaintiff has been Whistleblowing to the local government Berrien County to the State of Michigan Governor Office and to the Attorney General Office; form Defendant – Berrien Court Trial Court, to Defendant – Supreme Court of Michigan.

139.     Plaintiff has received retaliations in return, which is a violation of his,
First Amendment Rights which prohibits retaliation against Plaintiff due to him seeking
redress from the Court  "…. to petition the Government for a redress of grievances."
Plaintiff's, "whistleblower" clearly discloses information and evidence that, Defendant –
Berrien County Government and its employees Codefendants violated First, Fourth, Fifth,
Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and Fed. R.
Crim. P. 41 - Search and Seizure: First, Defendants violated State of Michigan foreclosure
law, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.)
("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and
wanton misconducts of continuous Forgeries and retaliation, "(Mi. Comp. Laws Ann. § 750-
248   § 750-249.)".  Third,  stole and defrauded Plaintiff of his properties by Unauthorized
Practice of Law, "(MCL 600.916 and MCL 450.681)".  Fourth, Plaintiff's taxes were paid in
full for the tax years in deputes  and abuses their  authority.

**140.**     Fifth, again each time Plaintiff expressed himself for redressed  to Courts
for the monetary damage relief, that he warrants, Defendants and Attorneys would retaliate
with intentionally false material misrepresentations and or intentional material concealments
when they were under an obligation to reveal, but concealed from Plaintiff and Courts in
reckless disregard for the truth that deterred Plaintiff from early discovery that, Defendants
stole and defrauded Plaintiff of his real properties and 'Intentional infliction of emotional
distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and
'Forged Certificates of Forfeiture, and false pretense of unpaid properties taxes, and
unauthorized Practice of Law UPL and deterred Plaintiff from making the necessary

Amendments to his Complaint and prevented Plaintiff from getting same monetary relief

Plaintiff warrants. See, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### COUNT SIXTEENTH,
### As, To the Following Defendants:

**Defendants: Defendant – Berrien County Government; Defendant -Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant - Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer; Defendant – Bret Witskowski; Defendant – Shelly Weich, Treasurer; Defendant – Board of Commissioner; Defendant – Attorney Mckinley R. Elliott; Defendant – Attorney Donna B. Howard; Defendant – Attorney James Mcgovern; Defendant – Attorney Jefferey R. Holmstrom; Defendant – Holmdtrom Law Office, PLC; Defendant - Board of Trustee of Niles Charter Township; Defendant - Niles Charter Township; Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel  Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; Defendant – State Bar of Michigan.**

**(THE RIGHT TO HOUSING),** in Violation of Plaintiff's rights, secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

141.     Plaintiff hereby incorporates paragraphs 1 through 140 above as if fully set forth

herein , and further alleges that, all Defendants violated  Plaintiff's, Civil Right, "The Right to

Housing". When Defendants stole and defrauded hundreds of Berrien County property owners of

their properties with "Forged", 'Quit Claim Deeds', 'Notice of Judgment of Foreclosures' and

'Certificate of Forfeiture of Real Properties' and by unauthorized practice of law.  And, when

Plaintiff sought Courts redress for monetary relief, Defendants retaliated with intentionally  false

omissions and misrepresentations of the material facts to intentionally misled and deterred

Plaintiff from timely discovering their forgeries to Amend-then-Complaint and prevented  the

issues from being judicated on merits and prevented Plaintiff from receiving relief he warrants.

Defendants' willful and wanton  misconducts are inclusive of retaliations, violated and continues

to violate Plaintiff's Civil Right, "The Right to Housing". Moreover, as Defendants violate Plaintiff's Civil Right, "The Right to Housing", they also violate Plaintiff most fundamental rights- the right to life - to those that make life worth living, such as the rights to food, education, work, health, and liberty.

142.   The Constitution say about housing, that, everyone has the right to adequate housing, including protection from eviction, without discrimination and that States shall a) take all necessary legislative, administrative and other measures to ensure security of tenure and access to affordable, habitable, accessible, culturally appropriate, and safe housing. Furthermore, Plaintiff's property protection rights under the Fifth Amendment states, that a person may not be deprived of property by the government without "due process of law," or fair procedures. In addition, it sets limits on the traditional practice of eminent domain, under the Takings Clause.

143.   The Constitution say about housing, that everyone has the right to adequate housing, including protection from eviction, without discrimination and that States shall take all necessary legislative, administrative and other measures to ensure security of tenure and access to affordable, habitable, accessible, culturally appropriate, and safe housing. Defendants violate Plaintiff's Civil Right, as a property owner, the rights of possession, control, exclusion, enjoyment, and disposition of each property the stolen and defrauded Plaintiff of. As such Defendants taken away Plaintiff's three unalienable rights, "Life, Liberty, and the pursuit of Happiness", is impossible outside of Plaintiff housing.

## VI.   RELIEF[2]

144.   Wherefore, Plaintiff claims of relief are as follows:

1. Relief  for all his properties, from the prospective of his vision to buy, to rehab and to sell all the properties at the peak of the Harbor shore Development.
2. Restitution of all rent loss, plus interest.
3. Actual, consequential, and incidental damages.
4. Treble damages for theft and Negligence pursuant to Federal Law
5. Costs and attorneys' fees if Plaintiff must hire an attorney.
6. Such other, further, or additional relief as in law or equity may appertain.
7. Emotional distress/ pain and sufferings
8. And Declaratory Judgment against Defendants Judicial Courts and their Judges


Respectfully Submitted,


\S/ Owen W. Barnaby

Dated: January 06, 2023,                        Owen W. Barnaby, In Pro Se.

---

[2] Each time, Plaintiff sought Courts for redressed, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregards for  the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, on intentional false pretense of unpaid properties taxes and deterred Complaint issues of claim from redress and prevented Plaintiff from getting monetary relief he warrants. Complaint now, 'issues of claim', seeks adjudication on its merits, free from Defendants' retaliations, with relief of, Declaratory Judgment, relief of, monetary damages for his properties, relief for punitive and relief for his emotional distress.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on the 6th day of January 2023, a duplicate original of Plaintiff's, ''AMENDED OR LEAVE TO AMEND'', was filed with the Clerk of the Court, using the ECF System, which will provide electric notice to the parties of record, and I have email or mailed by U.S. Postal Service the same to non-ECP participants and will serve with Summons the new added Defendants.

Respectfully Submitted,

Dated:  January 6, 2023,                          <u>\S/ Owen W. Barnaby</u>
                                                                Owen W. Barnaby, In Pro Se.