# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                        )
     Plaintiff                                       )

     Vs.

MICHIGAN STATE GOVERNMENT                      ) Case No. 1:22 -CV- 1146
HON. GRETCHEN WHITMER GOVERNOR OF MICHIGAN     ) Hon. Robert  J.  Jonker
HON. JENNIFER GRANHOMLM GOVERNOR OF MICHIGAN   ) Hon. Mag. Sally J. Berens
HON. RICK SNYDER GOVERNOR OF MICHIGAN          )
KENDELL S. ASBENSON (P81747)                   )
MICHIGAN ATTORNEY GENERAL DANA NESSEL          )
     Defendants

                            AMENDED OR LEAVE TO AMEND
                            CIVIL COMPLAINT: 28 U.S.C. §1331; §1332(a);
                            42 U.S.C. §1983; First, Fourth, Fifth, Fourteenth
                            Amendments; Forgeries and Retaliation.

CITY OF BENTON HARBOR                               )
NILES CHARTER TOWNSHIP,                             )
BOARD OF TRUSTEES OF, NILES CHARTER TOWNSHIP        )
BERRIEN COUNTY GOVERNMENT,                          )
BERRIEN COUNTY BOARD OF COMMISSIONERS               )
BRET WITSKOWSKI TREASUSER OF, BERRIEN COUNTY        )
BRET WITSKOWSKI INDIVIDUAL CAPACITY                 )
SHELLY WEICH TREASUSER OF, BERRIEN COUNTY           )
LORI D. JARVIS REGISTRAR OF BERRIEN COUNTY          )
LORA L. FREEHLING REGISTRAR OF BERRIEN COUNTY       )
KATHLEEN CULBERSON  NOTARY PUBLIC OF BERRIEN COUNTY

ATTORNEY DONNA B. HOWARD                            )
ATTORNEY MCKINLEY R. ELLIOTT                        )
ATTORNEY JAMES MCGOVERN                             )
ATTORNEY JEFFREY R. HOLMSTROM                       )
HOLMSTROM LAW, PLC                                  )
STATE BAR OF MICHGAN,  for the State of Michigan    )
     Defendants

THE HONORABLE ELIZABETH T. CLEMENT, C.J                )
THE HONORABLE BRIDGET M. Mc CORMACK C.J             )
SUPREME COURT OF MICHIGAN, for the State of Michigan  )

THE HONORABLE ELIZABETH L. GLEICHER, C.J             )
THE HONORABLE CHRISPHER M. MURRAY, C.J              )
MICHIGAN COURT OF APPEALS, for the State of Michigan  )

THE HONORABLE ALFRED M. BUTZBAUGH, F.C.J            )
THE HONORABLE MABEL J.MAYFIELD, C.J                 )
THE HONORABLE GARY J. BRUCE, C.J                    )
BERRIEN COUNTY TRIAL COURT, for the State of Michigan)  )

        Defendants

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street,
St. Joseph, Michigan 49085  T. (269) 983-7111

Attorney, T. Seth Koches,  for,
Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street, Suite 100
St. Joseph, MI 49085          T. (269)-983-0755

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
o: 313-393-7582 | EJenks@bodmanlaw.com

Attorney Drew Baker
State Bar of Michigan
306 Townsend Street
Lansing, Michigan 48933  T. (517) 346-6396

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Hons. Nessel/ Beach Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
BeachB@michigan.gov  T. 517-335- 7659

PLAINTIFF'S BRIEF IN OPPOSITION TO,

BRIEF IN SUPPORT OF DEFENDANTS STATE OF MICHIGAN, GOVERNOR
GRETCHEN WHITMER, FORMER GOVERNOR JENNIFER GRANHOLM, FORMER
GOVERNOR RICK SNYDER, MICHIGAN SUPREME COURT, KENDELL
ASBENSON, AND ATTORNEY GENERAL DANA NESSEL'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

## TABLE OF CONTENTS

| | Page |
|---|---|
| Table of Contents | ii-iv |
| Index of Authorities | v-vi |
| Concise Statement of Issues Presented | vii-viii |
| Controlling or Most Appropriate Authority | viii |
| Exhibits | ix |
| Statement of Facts | 1-7 |

PLAINTIFF'S  OPPOSITION ARGUMENTS ................................................. 8-25

I.   Plaintiff's Response to,
     Legal Standards for Dismissal under Fed. R. Civ. P 12(b)(1) and (6) ................. 8- 10

II.  Plaintiff's Response to,
     Plaintiff's second amended complaint fails to include allegations stating a viable
     claim, warranting dismissal under Fed. R. Civ. P. 12(b)(6) ................................ 10-12

III. Plaintiff's Response to,
     Plaintiff's claims are barred by res judicata and collateral estoppel ................. 13-16

IV.  Plaintiff's Response to,
     Plaintiff's claims are barred for many other reasons, including that that this Court
     lacks jurisdiction over his claims under the Eleventh Amendment and because
     Defendants are entitled to immunity ...................................................... 16-25

          A. Plaintiff's Response to,
          The Eleventh Amendment Bars Plaintiff's federal law claims for money
          damages because states, state agencies and state officials are not subject to
          federal jurisdiction for such claims ........................................................ 17-18

**B. Plaintiff's Response to,**

Plaintiff's Due Process Claims brought under 42 U.S.C. § 1983 against the State Defendants similarly warrant dismissal ........................................ 18-19

**C. Plaintiff's Response to,**

The Eleventh Amendment Bars Plaintiff's state law claims against the State Defendants ...................................................................................... 19-20

**D. Plaintiff's Response to,**

Plaintiff's claims related to the Michigan Supreme Court are barred by absolute judicial immunity. ........................................................................ 20-21

**E. Plaintiff's Response to,**

No money damages remedy exists for State constitutional claims .............. 21.

**F. Plaintiff's Response to,**

Defendants State of Michigan, Michigan Supreme Court, Granholm, Snyder, Whitmer and Nessel are absolutely immune from tort claims. ................ 22-23

**G. Plaintiff's Response to,**

Defendant Asbenson is entitled to state law immunity from intentional tort claims........................................................................................................ 23-24

**H. Plaintiff's Response to,**

Defendant Asbenson is entitled to immunity from claims of negligence under Mich. Comp. Laws § 691.1407(2) ................................................................ 24-25

**Conclusion and Relief Requested**.............................................................................. 25

**Certificate of compliance** ………………………………………………...……………… 26

**Certificate of Service**..................................................................................................... 27

## <u>INDEX OF AUTHORITIES</u>

**Cases**                                                              **Page**

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020) ……..………………….…..…….…

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017), ……………….…............................

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) …………………………….

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit ……………………………...............…......

Barnaby v. Witkowski, 1:14-cv-1279 ……………………………………………..……......…….1, 25

Cases Ashcroft v. Iqbal, 556 U.S. 662 (2009)………….........................................................…. 8

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ....................................................... 8

Cobbins v. Tenn. Dep't of Transp., 566 F.3d 582 (6th Cir. 2009)............................................ 15,

DePiero v. City of Macedonia, 180 F.3d 770 (6th Cir. 1999) .................................................. 20,

Erickson v. Pardus, 551 U.S. 89, 94 (2007). ………………………………..………………. 10

Carter v. Anderson, 585 F.3d 1007, 1011 (6th Cir. 2009)…………………..………….…..…...

Jordon v. Gilligan, 500 F.2d 701, 710 (6th Cir. 1974. ………………………….…………

Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc., 287 F.3d 568 (6th

Cir. 2002)........................................................................................................................... 8

Mireles v. Waco, 502 U.S. 9 (1991).................................................................................. 8

Moir v. Greater Cleveland Reg'l. Transit Auth., 895 F.2d 266 (6th Cir. 1990)............................ 8

Odom v. Wayne County, 482 Mich 459 (2008) ...................................................... 8, 23

Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923) ……………………………………………….4

Trzebuckowski v. City of Cleveland, 319 F.3d 853 (6th Cir. 2003) ............................................ 9

Zaremba Equip., Inc. v. Harco Nat'l. Ins. Co., 280 Mich. App. 16; 761 N.W.2d 151 (2008) .... 18


**Statutes**

42 U.S.C. § 1983.........................................................................................

Mich. Comp. Laws § 691.1401..........................................................................

Mich. Comp. Laws § 691.1401(b) .....................................................................

Mich. Comp. Laws § 691.1407(1) .....................................................................

Mich. Comp. Laws § 691.1407(2) .....................................................................

Mich. Comp. Law. § 691.1407(5) ......................................................................

Forgery Mi. Comp. Laws Ann. § 750-248………………………………...…………. 1-25

Forgery Mi. Comp. Laws Ann.  § 750-249 ……………………………....…..………….1-25

MCL 211.27(a)…………………………………………………….……………………

Mich. Comp. Section 141.1549 and Act 436 of 2012 …………………………………17-24


**Rule**

Fed. R. Civ. P. 1…………………………………………………………………………

Fed. R. Civ. P. 12 ……………………………………………………………………… 9

Fed. R. Civ. P. 12(b)(1)……………………………………………………………… 1-25

Fed. R. Civ. Proc. 12(b)(6)………………………………………………………… 1-25

Rule 26(a)(1 …………………………………………………………………………………5

42 USCS 1983……………………………………………………………………………1-25

18 U.S.C. § 471; 9∠0…………………………………………………………………

18 U.S.C. Section ₁341…………………………………..……………………

28: USC § 1331 ……………….…………………………………………..…………

First, Fourth, Fifth-taking clause, Fourteenth-section one, Eleventh , Amendments…...........1 - 25


**Doctrines**

Rooker-Feldman Doctrine …………………………………………………….…………... 4

Res judicata and collateral estoppel Doctrines……………………………...…………….....… 17-25

Qualified immunity ……………………………………………………………………… 17-25

(1), Freedom to Redress from Retaliation ……………………………………………... 1- 25
(2), Right to a Fair Trial …………………………     …………………………………… 1- 25
(3), Gross Negligence …………………………………………………………………… 1- 25
(4), Due Process ………………………………………………………………………… 1- 25
(5), Equal Protection of the Laws ……………………………………………………… 1- 25
(6), The Right to Government Services,  and The Right to Use Public Facilities ……...…. 1- 25
(7), Fraud ……….. …………………………………………………………………………… 1- 25
(8), Freedom of M₀vement and Freedom from Torture …………………………………… 1- 25
(9), Damages to personal property ……………………………………………………… 1- 25
(10), Theft and Conversion of personal property ……………………………………...…… 1- 25
(11), Intentional infliction of emotional distress and Emotional harm …………...………… 1- 25
12), Unlawful Detention of Properties …………………………………………………...…… 1- 25
(13), The right to gainful employment, and Safety from harassment…………………….. 1- 25
(14), Rights Given Plaintiff by the State of Michigan ……………………………………… 1- 25
(15), Whistleblowing ……………………………………………………………………… 1- 25
(16), The Right to Housing ……………………………………………………………… 1- 25

## PLAINTIFF'S RESPONSE TO,
## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should the Court replace the word <u>duplicate</u>, with <u>retaliate</u>? ..... Plaintiff Answers YES!

2. Should the Court hear Plaintiff's Complete Complaint and make sure for the first time, Plaintiff's Complete Complaint gets adjudicated on its merit, because each time, Plaintiff sought Courts for redressed, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentations and omissions of the material facts, which they were obligated to disclose and with reckless disregards for the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Of Law, and intentional false pretense of unpaid properties taxes and deterred Complaint issues of claim from redress and prevented Plaintiff from getting monetary relief he warrants? ……………………………………………………….. <u>Plaintiff Answers YES!</u>

3. Should the Court hear Plaintiff's Complete Complaint and make sure this time it gets adjudication free from Defendants' retaliations, with relief of, Declaratory Judgment, reliefs of, monetary damages for his properties, relief for punitive damage and relief for emotional distress? ………………………………………….…….. Plaintiff Answers YES!

4. Should the Court find that, Defendants' intentional lies; One, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was misrepresented to be entered on March 01, 2010; Two, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010"; in reckless disregard for the truth, were retaliations to deter Plaintiff's Completed Complaint adjudication on its merits? …… ………………………………………………………………Plaintiff Answers YES!

5. Should the Court find that, Defendant, Former Chief Judge Butzbaugh's August 18, 2010, [Linchpin] Foreclosure Judgment is against Defendant – Berrien County Government and Its Employees Codefendants and or Mr. Thomas Bread, not Plaintiff, and cannot take away Plaintiff's rights secured by the US Constitution and Federal Laws and that, as the Hon. Bruce Reinhart Judgment is against former President Donald Trump, and not Plaintiff, likewise Judge Butzbaugh August 18, 2010, is not against Plaintiff? ……………………………………………………………………… Plaintiff Answers YES!

6. Should the Court find that, numerous intentional lies told by Defendants with, Affidavit, in deposition, in Pleadings, with Forged Documents were retaliations that deterred Plaintiff from Amending and or having this same-completed-Complaint, then? ………………………………………………………………… Plaintiff Answers YES!

7. Should the Court find that, Defendant – Berrien County Government and its Employees named Codefendants, and Defendant– Attorney Holmstrom procured the Judgment, in Barnaby v. Witkowski,1:14-cv-1279 by fraud and or retaliations? <u>Plaintiff Answers YES!</u>

8. Should this Court **Grant** Plaintiff Declaratory Judgment against, 'Defendant –State Bar of Michigan' and 'Defendant –Michigan Supreme Court' as follows that; **O**ne,  Judge Butzbaugh's August 18, 2010, Judgment is [not] against Barnaby and that, all other related State Court's Orders connected  to or relying on Judge Butzbaugh's  August 18, 2010, Judgment against Barnaby are Void.  **T**wo, Mr. Bret Witskowski's, misconducts are acts of forgeries and unauthorized practice of law, (UPL), because of 'Defendant – State Bar of Michigan's, failure to file an answer to Plaintiff's Complaint or a motion under Rule 12. …………………………………………………..…. Plaintiff Answers YES!

9. Should the Court find that, Defendants' <u>retaliations of Coverup</u> with intentional lies that; One, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was misrepresented to be entered on March 01, 2010; Two, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010"; in reckless disregard for the truth, which deterred Plaintiff's from having this same full or Completed Complaint for adjudication then, on its merits and the, 'Intentional infliction of emotional distress' done to Plaintiff more harm to Plaintiff  and his family, of their original willful and wanton misconducts? ………………………………….… Plaintiff Answers YES!

## I.   STATEMENT OF JURISDICTION

The Federal District Court's exclusive jurisdiction in this case involves three areas: (1) There are Constitutional issues, (2) violations of federal laws, and (3) disputes between parties from different states.  This action is redress for deprivation of Plaintiff's rights secured by the Constitution and laws of the United States and State of Michigan, this time free from Defendants' retaliations, pursuant to 1331, §1332(a), 1343(3) and 1367(a), 1983 and 1988, First, Fourth, Fifth-taking clause and Fourteenth-section one, of Amendments. Forgery Mi. Comp. Laws Ann. § 750-248; § 750-249  and Mich. Comp. Section 141.1549 and Act 436 of 2012

# EXHIBITS

EXHIBIT A       Forgery Documents
EXHIBIT B       Barnaby's Affidavit
EXHIBIT C       Psychiatry Expert Report
EXHIBIT D       Dr Bulgin Expert Report
EXHIBIT E       Dr. Payne Expert Report
EXHIBIT F       Paid Taxes Receipt
EXHIBIT G       Appraisal Report
EXHIBIT H       The Sixth Circuit Judgment and Opinions
EXHIBIT I       Witskowski's Deposition.
EXHIBIT J       State Michigan Bar Letter
EXHIBIT K       Judge Butsbaugh's Judgement & Order
EXHIBIT L       Briefs Filed  by Attorney Holmstrom
EXHIBIT M       Judge Dawne's  July 13, 2012, Order & Transcript
EXHIBIT N       Judge Willey's Order on  UPL
EXHIBIT O       Witskowski's Affidavit.
EXHIBIT P       Michigan Supreme Court's Letter
EXHIBIT Q       Judge Carmody's Opinion/

## STATEMENT OF FACTS

First, all Defendants either by their direct actions or by their omission to act or to remedy willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the untimely death of our son; Hardship of great pain and suffering; and emotional distress, in violations of his rights secure by constitutions and laws. While the willful, wanton misconducts which harm Plaintiff started with Defendant – Berrien County Government and its Employees named Codefendants, it then grew to include all the other named Defendants. (ECF No. 36). Moreover, each time Plaintiff sought the government for redressed, Defendants retaliated, with intentionally false misrepresentations and or omissions of the material facts, they were obligated to disclose and with reckless disregards for the truth and concealment, and misled Plaintiff and deterred Plaintiff from timely discovery in order to Amend-then-Complaint that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Of Law, and intentional false pretense of unpaid properties taxes and deterred Plaintiff from Amending and or having this same-completed-Complaint then, for redress on its merits and prevented Plaintiff from getting monetary relief he warrants. This Complaint, Case No. 1:22 -CV- 1146, 'claims', seeks adjudication on its merits, free from Defendants' then retaliations, with relief of, Declaratory Judgment, relief of, monetary damages for his properties, relief for punitive and relief for his emotional distress. See (Exhibits A-Q).

Second, Defendant – Bret Witskowski, Treasurer of Berrien County, in retaliation threatened Plaintiff that, if he seeks monetary relief for Niles Charter Township property, Plaintiff would lose all his other Benton Harbor Properties also, the Treasurer stole and

1

defrauded him of Property with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and Unauthorized Practice of Law, and intentional false pretense of unpaid properties taxes again, Defendant Witkowski said he will make sure that, Plaintiff lose all his other real properties in the City of Benton Harbor. In truth and in fact, Witskowski followed through on his retaliation threat, when he stole, and defrauded Plaintiff his City of Benton Harbor real properties under the false pretense of unpaid properties taxes. Witskowski knew that, by paying Plaintiff the value of the Niles property; times three for theft at $12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00, remedied any outstanding taxes on Defendant - City of Benton Harbor properties. But Mr. Witskowski's anger was of such that, he ordered Plaintiff's properties to be demolished with tractors and stated in his deposition that, "Plaintiff got what he is due". See (Exhibits: A, E, F, G , H, I, J)

Third, Plaintiff's, Niles Charter Township property is at the center of the controversy which was overvalued at $36,550.00 and overtaxed at $506.05 in the 2007 tax year, then it was sold for $4,500.00; and that, the Niles Charter Township Tax Accessors Office had corrected its value by reducing the property value and changed the 2007 overtaxed amount to reflect the correct amount of tax for year 2007; Defendant Attorney Holmstrom confirmed the same and have a written copy of the same in deposition exhibit that, the property was worth less than $36,550.00 and required less than $506.05" to redeem, and that Barnaby Paid "$305.73", "paid the whole amount" and fully redeemed the property at $12,000.00, less than a third of the overvalued amount $36,550.00 and the overtaxed amount $506.05. Defendants' own Appraisal Report which confirmed the same of the property. Plaintiff further alleges that, as it takes $506.05" to fully redeem $36,550.00; it takes less than $168.68 to fully redeem $12,000.00, which demonstrates that, Plaintiff paid "$305.73", was more than what was required to fully

2

redeem parcel for the 2007 tax year and was redeemed on March 31, 2010.  (Exhibits: A, C, F, G , H, I, J. L).

      Fourth, Defendant – Berrien County Government and its Employees named Codefendants, retaliations of "Cover-Up which deterred Plaintiff's from Amend-then-Complaint to what it is now (ECF No. 36), which have done more harm to Plaintiff than, their, 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Of Law, and intentional false pretense of unpaid properties taxes, and unlawful misconducts.  As Defendant – Berrien County Government, Employees and Named Codefendants retaliations and abused the powers of their Offices as, Treasurers, Registrars, Notary Public, Generate Counsels,  and Commissioners are the proximate cause of all the other  Defendants  retaliations against Plaintiff. (ECF No. 36). Examples, **1).** Defendant – Former Chief Judge Butzbaugh falsified, Defendant – Berrien County Court's record on July 12, 2012, with a retaliation Order in reckless disregards for the truth that, his [Linchpin] Foreclosure Judgment entered on August 18, 2010, and misrepresented that it was entered on March 01, 2010. The same expanse into the Michigan Appellate and Supreme Court and the Attorney General Office via the Governor's Office.  **2**). Defendant – Attorney Jefferey R. Holmstrom who was hired by both Defendant – Berrien County Court and Defendant – Berrien County Government and its Employees named Codefendants, continues their retaliations with same intentionally false material misrepresentations and intentional material concealments when Defendants were under an obligation to disclose.  See, (Exhibits: K, L, M, N, O, P, Q).

      Fifth, December of 2014, Plaintiff filed Complaint in Federal District Court against Defendant – Berrien County Government and its Treasurer, Mr. Witskowski's, sought money damages.  Defendants filed Summary Judgment and District Court granted it on Rooker-Feldman

3

Doctrine. Plaintiff appealed and the Sixth Circuit Appellate Court reversed.   The Sixth Circuit

Appellate Court found on February 17, 2017, that,

> "The state court held a hearing on the motion, at which it recognized that the
> defendants had in fact sold Barnaby's property without first obtaining a foreclosure
> judgment on the property, which contravened Michigan law. Yet, the state court
> ultimately denied Barnaby's motion. The court held that state law permitted it to set aside
> a sale of property only if the procedure by which the property was sold was so egregious
> that it amounted to a due-process violation." And "The state court advised Barnaby that
> he could pursue his case in the Michigan Court of Claims, which had jurisdiction over
> suits for money damages against the state government" And "The defendants filed a
> dispositive motion, which the district court granted, dismissing Barnaby's case. The
> district court held that, in light of Barnaby's state suit, his federal complaint was barred
> by the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman,
> 460 U.S. 452 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923). Barnaby appeals. He
> takes issue with much of the district court's recounting of the facts leading up to
> Barnaby's federal complaint and argues that the federal courts have jurisdiction over his
> case." And "Barnaby's claims were not that the state-court judgment itself caused his
> injuries, but that the defendants' actions in procuring the state-court judgment did. Thus,
> his claims are not barred by the Rooker-Feldman doctrine."

On remand, Plaintiff under great hardship distress because of Defendants' willful wanton

misconducts have caused Plaintiff to lose all his same real properties, his employment, his

livelihood, suffered homelessness, the untimely death of our son; Hardship of great pain and

suffering; and emotional distress, Plaintiff wanted to expedite the process by having discovery

and the Amendment of his Complaint by June 30, 2017.  Defendants suggested a discovery date

of November of 2017. And, as the Parties did not have concurrence on discovery date, the Court

Order the date of discovery to conclude at the end of September of 2017.  However, during the

discovery process and the filing and responding on disposition motions Defendants and Attorney

surprised and shocked Plaintiff with internal material misrepresentations and omission and

deterred the Amendment of then Complaint as it is now.  (ECF No. 36).

Sixth, Defendant – Berrien County Government and its Employees and named

Codefendants' and Defendant – Holmstrom's intentional false material misrepresentations and

intentional material concealments when he was under an obligation to disclosed to Plaintiff and Courts, are that: One, Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered on August 18, 2010, and not say that it was entered March 01, 2010 which was and still is a misrepresentation of a core material fact; Two, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010". See case, Barnaby v. Witkowski, 1:14-cv-1279. But instead, Defendant – Attorney Holmstrom, in gross neglect and or dereliction of his [fi]duciary duties, knowingly, presented Witowski's materially false statements as true: Defendant – Witskowski wittingly lied with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures, Defendant – Witskowski wittingly lied multiple times in Deposition on the same material issues and with Affidavit. Moreover, Defendant – Attorney Jefferey R. Holmstrom wittingly made the same intentionally false material misrepresentations to the Federal District Court in their Summary Judgment filed on October 30, 2017, and in brief file in Federal Appellate Court, which resulted in the District Court Granting Defendants Summary Judgment and Appellate Court affirming Summary Judgment. Defendants' retaliations that deterred Plaintiff from Amending and or having this same-completed-Complaint, then. (Exhibits: A, C, H, I, J, K, L).

Seventh, again, while the retaliations originated with Defendant – Berrien County Government and its Employees named Codefendants they grew to include all the other named Defendants who directly or indirectly with the two principal material misrepresentations, that, One, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010; Two, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010". They told these lies with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures, multiple

5

times during Deposition and with Affidavit. Moreover, Defendant – Witskowski and Berrien – County Government and its other employees, and Codefendants, employed, Defendant Attorney Holmstrom to continue their retaliations by retelling these same lies to the Federal District Court in their Summary Judgment filed on October 30, 2017, and Brief file in Federal Appellate Court, see Barnaby v. Witkowski, 1:14-cv-1279. And, deterred Complaint, Barnaby v. Witkowski, 1:14-cv-1279 from being Amended, to reflect the full and complete Complaint claims from redress on merits and prevented Plaintiff from getting monetary relief he warrants. This Complaint, Case No. 1:22 -CV- 1146, seeks full and complete Complaint claims adjudication on its merits, free from Defendants' retaliations. (ECF No. 36)

Lastly, The Federal District Court's exclusive jurisdiction in this case involve three areas: (1) There are Constitutional issues, (2) violations of federal laws, and (3) disputes between parties from different states. And, Plaintiff's now, full and complete Complaint claims, set forth sixteen Counts Defendants retaliations deterred, as follows: (1), Freedom to Redress From Retaliation; (2), "Right to a Fair Trial"; (3), Gross Negligence; (4), "Due Process"; (5), "Equal Protection of the Laws"; (6), "The Right to Government Services, and The Right to Use Public Facilities" (7), "Fraud"; (8), "Freedom of Movement and Freedom from Torture"; (9), "Damages to personal property", (10), Theft and Conversion of personal property; (11), "Intentional infliction of emotional distress and Emotional harm"; (12), "Unlawful Detention of Properties"; (13), "The right to gainful employment, and Safety from harassment"; (14), "Rights Given Plaintiff by the State of Michigan"; (15), "Whistleblowing"; (16), "The Right to Housing".

## PLAINTIFF'S RESPONSE TO, ARGUMENTS

### 1.    Plaintiff's Response to,
### Legal Standards for Dismissal under Fed. R. Civ. P 12(b)(1) and (6)

Plaintiff agrees that the law is clear, "Rule 12(b)(1) allows for dismissal for lack of

jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). A party may assert lack of subject

matter jurisdiction at any time, either in a pleading or in a motion. Fed. R. Civ. P. 12(b)(1).

"Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden

of proving jurisdiction in order to survive the motion." Michigan S. R.R. Co. v. Branch & St.

Joseph Counties Rail Users Ass'n. Inc., 287 F.3d 568, 573 (6th Cir. 2002) (citing Moir v. Greater

Cleveland Reg'l. Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990))."

Once more Plaintiff agrees, "The law is clear Fed. R. Civ. P. 12(b)(6) permits dismissal

for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). A claim

is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that, the defendant is liable for the misconduct alleged." Id. The complaint

must contain "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). And though

courts accept as true plaintiff's factual allegations, courts need not accept as true plaintiff's legal

conclusions. Gean v. Hattaway, 330 F.3d 758, 765 (6th Cir. 2003)."

However, the Defendants' Motion for Dismissal under Fed. R. Civ. P 12(b)(1) and (6)

must be denied, because Plaintiff's complaint, (ECF Nos. 10, 36) asserts Claims under federal

law, and the claims are substantial. Furthermore, both as a matter of fact a law, Plaintiff

Complaint warrants relief of, Declaratory Judgment, relief of, monetary damages for his

properties, relief for punitive and relief for his emotional distress moots Defendants' Motion to Dismiss the complaint Under Rule 12(b)(6). As the Defendants acknowledge, "This court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that, the plaintiff can prove set of facts in support of his/her claim that would entitle him/her to relief. Trzebuckowski v. City of Cleveland, 319 F.3d 853, 855 (6th Cir. 2003)." (Exhibits: D, E).

Plaintiff avers that, "This court must construe the complaint in the light most favorable to the plaintiff…", this Court will find that, omissions of these Same State Defendants to act against Defendant – Berrien County Government, Employees and Named Codefendants retaliations and abused the powers of their Offices as, Treasurers, Registrars, Notary Public, Generate Counsels, and Commissioners are the proximate cause of all the other Defendants retaliations against Plaintiff, inclusive of these Same State Defendants . (ECF No. 36).

Moreover, Dismissal under Fed. R. Civ. P 12(b)(1) and (6) is not the proper manner to adjudicate the factual Claim that, the Michigan Supreme Court handles unauthorized practice of law and delegate its responsibilities to the 'State Bar of Michigan'. First, Plaintiff made formal Complaint of Defendant – Bret Witskowski's, 'Unauthorized Practice of Law', to Clerk of Michigan Supreme Court and the Clerk referred Plaintiff to the 'State Bar of Michigan'. Presently, the 'Defendant State Bar of Michigan', is properly or legally defaulted, because of its failure to file an answer to Plaintiff's Complaint or a motion under Rule 12. And, because the 'Defendant State Bar of Michigan' is in default at the very least Plaintiff's Complaint won Declaratory Judgment both against, 'Defendant –State Bar of Michigan' and 'Defendant – Michigan Supreme Court' as is its supervisor. Second, it is also a matter of fact that, during the time of the issues for redress, Defendant – Hon. Rick Snyder Former Governor, was acting

8

though his appointed emergency manager and in the place and stead of the Defendant - City of

Benton Harbor's governing body and the office of chief administrative officer of the local

government, pursuant to Section 141.1549 and Act 436 of 2012. Thirdly, Defendant – Dana

Nessel, as Attorney General fail to address the other Defendants' crimes of forgery, is gross

neglect and or dereliction of her [fi]duciary duties, which she owes Plaintiff and others, and her

omission and silence rendered her complicit to the other Defendants' crimes of forgeries.

Clearly, "This court must construe the complaint in the light most favorable to the plaintiff…",

and cannot use Dismissal Motion under Fed. R. Civ. P 12(b)(1) and (6), there must be a trial on

merits, moots Defendants' Motion to dismiss Complaint.

Lastly, dismissal under Fed. R. Civ. P. 12(b)(1) failed under the Eleventh Amendment

because the complaint demonstrates that; they violated Plaintiff rights under federal laws, and the

First, Fourth, Fifth -taking clause, and Fourteenth-section 1, of the Amendments.   Clearly,

should the facts that are presented by Plaintiff be accepted as true, they without doubt state a

very strong tenable claim for relief, and warrants denial of Defendants' Dismissal Motion under

Fed. R. Civ. P. 12(b)(6) of his Complaint. (ECF Nos. 10, 36). Please See, (Exhibits: A-Q)

## II.    Plaintiff's Response to,
### Plaintiff's second amended complaint fails to include allegations stating a viable claim, warranting dismissal under Fed. R. Civ. P. 12(b)(6).

By Defendants' own admission, "Pro se pleadings must be construed liberally by the court.

See Haines, 404 U.S. at 520.", and United State Supreme Court states that, the Courts should

treat an In Pro Se Litigant, liberally. See, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Notwithstanding that, Courts should treat an In Pro Se Litigant liberally, Plaintiff's Complaint

consists of a total of 92 pages and over Sixteen Counts or Cause of action against Defendants. And as such, the Court has no need to guess plaintiff's claims. (ECF Nos. 10, 36).

Plaintiff an In Pro Se Litigant, Complaint consists of a total of 92 pages and over Sixteen Counts or Cause of action against Defendants, which has pleaded sufficient factual matter, accepted as true, to state his claim for relief that, is plausible on its face. Twombly, 550 US at 555; Iqbal, 556 US at 678. Plaintiff has met his obligation by providing the grounds which demonstrates that, he is entitled to following relief: relief of, Declaratory Judgment, relief of, monetary damages for his properties, relief for punitive and relief for his emotional distress. (Exhibits: D, E).

The Federal District Court's exclusive jurisdiction in this case involve three areas: (1) There are Constitutional issues, (2) violations of federal laws, and (3) disputes between parties from different states. And, Plaintiff's Complaint claims, set forth sixteenth Counts Defendants' retaliations deterred, as follows: (1), Freedom to Redress From Retaliation; (2), "Right to a Fair Trial"; (3), Gross Negligence; (4), "Due Process"; (5), "Equal Protection of the Laws"; (6), "The Right to Government Services, and The Right to Use Public Facilities" (7), "Fraud"; (8), "Freedom of Movement and Freedom from Torture"; (9), "Damages to personal property", (10), Theft and Conversion of personal property; (11), "Intentional infliction of emotional distress and Emotional harm"; (12), "Unlawful Detention of Properties"; (13), "The right to gainful employment, and Safety from harassment"; (14), "Rights Given Plaintiff by the State of Michigan"; (15), "Whistleblowing"; (16), "The Right to Housing". As such, Defendants' Dismissal Motion under Fed. R. Civ. P. 12(b)(6) of Plaintiff's Complaint fails and should be denied because Plaintiff's Complaint not just meets, but exceeds the minimal standards.

10

Once again, dismissal under Fed. R. Civ. P 12(b)(1) and (6) is not the proper manner to adjudicate the factual Claim that, the Michigan Supreme Court handles unauthorized practice of law and delegate its responsibilities to the 'State Bar of Michigan'. First, Plaintiff made formal Complaint of Defendant – Bret Witskowski's, 'Unauthorized Practice of Law', to Clerk of Michigan Suprem〉 Court and the Clerk referred Plaintiff to the 'State Bar of Michigan'. Presently, the 'Defendant State Bar of Michigan', is properly or legally defaulted[1] because of its failure to file an answer to Plaintiff's Complaint or a motion under Rule 12. (ECF Nos. 28, 32). And, because the 'Defendant State Bar of Michigan' is in default at the very least Plaintiff's Complaint won Declaratory Judgment both against, 'Defendant –State Bar of Michigan' and 'Defendant –Michigan Supreme Court'. Second, it is also a matter of fact that, during the time of the issues for redress, Defendant – Hon. Rick Snyder Former Governor, was acting though his appointed emergency manager and in the place and stead of the Defendant - City of Benton governing body and the office of chief administrative officer of the local government, pursuant to Section 141.1549 and Act 436 of 2012. Thirdly, Defendant – Dana Nessel, as Attorney General failure to address the other Defendants' crimes of forgery, is gross neglect and or dereliction of her [fi]duciary duties which she owes Plaintiff and others, and her omission and silence rendered her complicit to the other Defendants' crimes of forgeries. Clearly, "This court must construe the complaint in the light most favorable to the plaintiff...", and cannot use

---

[1] Plaintiffs warrants a Declaratory Judgment which should be stated against, 'Defendant –State Bar of Michigan' and 'Defendant –Michigan Supreme Court' as follows that, One, Judge Butzbaugh's August 18, 2010, Judgment is NOT AGAINST Barnaby and that, all other related State Court's Orders connected to or relying on Judge Butzbaugh's August 18, 2010, Judgment against Barnaby are VOID. Two, Mr. Bret Witskowski's, misconducts are acts of forgeries and unauthorized practice of law, (UPL), because of 'Defendant –State Bar of Michigan', failure to file an answer to Plaintiff's Complaint or a motion under Rule 12.

SBM Licensing and Regulatory Organization that serves 46,000 Attorneys in Michigan

Dismissal Motion under Fed. R. Civ. P 12(b)(1) and (6), there must be a trial on their merits, moots Defendants Motion to dismiss Complaint. (Exhibits: A- Q).

### III. Plaintiff's Response to,
### Plaintiff's claims are barred by res judicata and collateral estoppel.

Contrary to Defendants' claim that, Plaintiff's Complaint, Case No. 1:22 -CV- 1146, (ECF Nos. 10, 36), is a second federal lawsuit Plaintiff has filed concerning the same real property at issue in this case, Barnaby v. Witkowski, et al., W.D. Mich., No.1:14-cv-01279, it is not as Defendants want the Court to believe. Defendants want this Court to find that, Plaintiff's Complaint Case No. 1:22 -CV- 1146, (ECF Nos. 10, 36), is barred by res judicata and collateral estoppel, but it is not barred. First, Plaintiff's Complaint Case No. 1:22 -CV- 1146, (ECF Nos. 10, 36), is [not] barred by res judicata and collateral estoppel, because Plaintiff, never filed a Lawsuit against Defendants State of Michigan before now: Defendant – Hon. Kendell S. Asbenson; Defendant – Hon. Dana Nessel Attorney General; Defendant - City of Benton; Defendant – Hon. Rick Snyder Governor; Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government; nor Defendant – State Bar of Michigan.

Secondly, to the extent that, Defendants is using as a defense, Plaintiff's 2014 Lawsuit, Barnaby v. Witkowski, et al., W.D. Mich., No.1:14-cv-01279, Defendant – Berrien County Government and its Treasurer Defendant – Bret Witskowski, res judicata and collateral estoppel is all moot against Plaintiff's Complaint. (ECF Nos. 10, 36). Moreover, each time, Plaintiff sought the government for redressed, Defendant – Berrien County Government and its Treasurer Defendant – Bret Witskowski, retaliated, with intentionally false misrepresentations and or omissions of the material facts, which they were obligated to disclose and with reckless

12

disregards for the truth and concealment, and misled Plaintiff and deterred Plaintiff from timely

discovery in order to Amend-then-Complaint that, they stole and defrauded Plaintiff of his real

properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit

Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of

Forfeiture, Unauthorized Practice Of Law, and intentional false pretense of unpaid properties

taxes and deterred Complaint complete claims from redress on merits and prevented Plaintiff

from getting monetary relief he warrants. This Complaint, Case No. 1:22 -CV- 1146, 'claims',

seeks adjudication on its merits, free from Defendants' then retaliations, with relief of,

Declaratory Judgment, relief of, monetary damages for his properties, relief for punitive and

relief for his emotional distress.

Defendants' Motion to dismissed Plaintiff's claims under res judicata and collateral estoppel

failed because Defendant – Berrien County Government and its Treasurer Defendant – Bret

Witskowski's, retaliations against Plaintiff deterred Plaintiff from timely discovery in order to

Amend-then-Complaint to make it whole as it is now, that, they stole and defrauded Plaintiff of

his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged

Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of

Forfeiture, Unauthorized Practice Law, on intentional false pretense of unpaid properties taxes

and deterred Complaint complete claims from redress on merits. (Exhibits: A, B, H, I, J, K, L).

> "The doctrine of claim preclusion, sometimes referred to as res judicata, provides
> that if an action results in a judgment on the merits, that judgment operates as an absolute
> bar to any subsequent action on the same cause between the same parties or their privies,
> with respect to every matter that was actually litigated in the first case, as well as every
> ground of recovery that might have been presented. Black v. Ryder/P.I.E. Nationwide,
> Inc., 15 F.3d 573, 582 (6th Cir. 1994). "To establish claim preclusion, the defendants
> need to show **(1) a final judgment on the merits in a prior action;…"**

13

They did not get the Judgment on merit, example,  Plaintiff's, Niles Charter Township

property at the center of the controversy was  overvalued at $36,550.00 and overtaxed at $506.05

in the 2007 tax year, then it was sold for $4,500.00; and that,  the Niles Charter Township Tax

Accessors Office had corrected it by reducing the property value and changed the 2007

overtaxed amount to reflect the correct amount of tax for year 2007; Defendant Attorney

Holmstrom confirmed the same, and have a copy of the deposition that, the property was worth

less than $36,550.00 and required less than $506.05" to redeem, and that Barnaby Paid

"$305.73", "paid the whole amount" and fully redeemed the property at $12,000.00, less than a

third of the overvalued amount $36,550.00 the overtaxed amount $506.05.  Defendants' own

Appraisal Report which confirmed the same of the property. Plaintiff further alleges that, as it

takes $506.05" to fully redeem $36,550.00; it takes less than $168.68 to fully redeem

$12,000.00; and demonstrates that, Plaintiff paid "$305.73", was more than what was required to

fully redeem parcel for the 2007 tax year and redeemed it on March 31, 2010. Yet Defendants

fraudulently procured the Judgment by intentional false pretense of unpaid properties taxes and

deterred complete Complaint claims from Amendment and redress on merits. (Exhibits: F, G, I).

The State Defendants' Motion to Dismiss Plaintiff's Complaint and the Magistrate Judge

Report and Recommendation of the doctrine of issue preclusion, sometimes referred to as

collateral estoppel are both moot, as the law is clear, "bars subsequent prelitigation of a fact or

issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same

fact or issue is presented in a subsequent suit." Cobbins v. Tenn. Dep't of Transp., 566 F.3d 582,

589 (6th Cir. 2009). Plaintiff will respond to the Magistrate Judge Report and Recommendation

on or before January 25, 2023. However, neither Defendants' Motion to Dismiss nor the Report

and Recommendation can satisfy the four elements of collateral estoppel which must be

14

satisfied: (1) the precise issue must have been raised and litigated in the prior action; (2) the

determination of the issue must have been necessary to the outcome of the prior action; (3) the

prior proceedings must have resulted in a final judgment on the merits; and (4) the party against

whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior

proceeding. Id. at 589-90. Please see, (Exhibits: A- R).

Lastly, the State Defendants' Motion to Dismiss Plaintiff's Complaint is moot, as: First,

Plaintiff Complaint Case No. 1:22 -CV- 1146, (ECF Nos. 10, 36), is [not] barred by res judicata

and collateral estoppel, because Plaintiff, never filed a Lawsuit against Defendants State of

Michigan. Secondly, Plaintiff's Complaint demonstrates that, Defendant – Berrien County

Government and its Treasurer, Defendant – Bret Witskowski, procured Plaintiff's 2014 Lawsuit,

Barnaby v. Witkowski, et al., W.D. Mich., No.1:14-cv-01279, by retaliations against Plaintiff,

that deterred the full Complaint as it currently is, (ECF Nos. 10, 36). And, as such, moots all

Defendants' res judicata and collateral estoppel or claim and issue preclusion  defense and the

Magistrate Judge Report and Recommendation. (Exhibits: A- Q).


#### IV.    Plaintiff's Response to,
**Plaintiff's claims are barred for many other reasons, including that this Court lacks
jurisdiction over his claims under the Eleventh Amendment and because
Defendants are entitled to immunity.**


Plaintiff avers those given facts that, all Defendants by their direct actions or by their

omission to act or to remedy willful wanton misconducts have caused Plaintiff to lose all his

same real properties, his employment, his livelihood, suffered homelessness, the untimely death

of our son; Hardship of great pain and suffering; and emotional distress, in violations of his

rights secure by constitution and laws, establish jurisdiction for this District Court to adjudicate

15

the issues on their merit, now free from Defendants' retaliations . It is apparent Defendants see

that, their Motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) and res

judicata principles is moot. As such, Defendants argue that, Plaintiff's claims are barred for

many other reasons, including that, this Court lacks jurisdiction over his claims under the

Eleventh Amendment and claimed immunity. But Plaintiff avers that, Defendants' immunity

defense is moot under the Eleventh Amendment because the Defendants violated Plaintiff's

constitutional rights under the, First, Fourth, Fifth-taking cause, and Fourteenth-section 1, of the

Amendments and other federal laws.

### A.  Plaintiff's Response to,
### The Eleventh Amendment Bars Plaintiff's federal law claims for money damages because states, state agencies and state officials are not subject to federal jurisdiction for such claims.

Defendants' argument that, the Eleventh Amendment Bars Plaintiff's federal law claims

for money damages because states, state agencies and state officials are not subject to federal

jurisdiction for such claims is moot, for two principal reasons. First, State of Michigan has

expressly consented to suit, as Plaintiff's Complaint demonstrates that, during the time of the

issues now for redress, Defendant – Hon. Rick Snyder, was acting through his appointed

emergency manager and in the place and stead of the Defendant - City of Benton governing body

and the office of chief administrative officer of the local government, pursuant to Section

141.1549 and Act 436 of 2012.  As such, the State of Michigan and its Officials: Hon. Granholm,

Hon. Snyder, Hon. Whitmer and Hon. Nessel are all subject to Defendant - City of Benton local

rule and ordinances not the State of Michigan.  And, because the State of Michigan pursuant to

Section 141.1549 and Act 436 of 2012, has expressly consented to suit, it waived jurisdictional

immunity under the Eleventh Amendment.

Secondly, Qualified immunity is a legal doctrine that, protects government officials from lawsuits seeking money damages. The doctrine applies when officers are exercising discretion in their official capacity. The defense of qualified immunity, when invoked successfully, leads to dismissal of civil claims. The doctrine of qualified immunity protects different classes of government officials, state officials, and public officials. Some of these include, Hon. Granholm, Hon. Snyder, Hon. Whitmer, Under this doctrine, States Officials can act without fear of being sued. But it can protect them as long as their conduct does not: 1). Violate the victim's constitutional rights, which 2). were so clearly established that a reasonable person would have known them. The, Hon. Granholm, Hon. Snyder, Hon. Whitmer have the burden of proving they are immune from Plaintiff's lawsuit. Plaintiff's Complaint demonstrates immunity does not apply to these State Defendants as they, 1). Defendants violated Plaintiff's constitutional rights, and 2). Plaintiff's rights are so clearly established under the, First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments and all Government Officials would have known he/she committed constitutional violation: (1), Freedom to Redress From Retaliation; (2), "Right to a Fair Trial"; (3), Gross Negligence; (4), "Due Process"; (5), "Equal Protection of the Laws"; (6), "The Right to Government Services, and The Right to Use Public Facilities" (7), "Fraud"; (8), "Freedom of Movement and Freedom from Torture"; (9), "Damages to personal property", (10), Theft and Conversion of personal property; (11), "Intentional infliction of emotional distress and Emotional harm"; (12), "Unlawful Detention of Properties"; (13), "The right to gainful employment, and Safety from harassment"; (14), "Rights Given Plaintiff by the State of Michigan"; (15), "Whistleblowing"; (16), "The Right to Housing".

### B. Plaintiff's Response to,
### Plaintiff's Due Process Claims brought under 42 U.S.C. § 1983 against the State Defendants similarly warrant dismissal.

Notwithstanding, Plaintiff's Complaint demonstrates that, immunity does not apply to State Defendants, because the State of Michigan pursuant to Section 141.1549 and Act 436 of 2012, has expressly consented to suit, which waived jurisdictional immunity under the Eleventh Amendment. And that, Plaintiff's Due Process Claims are not just brought under 42 U.S.C. § 1983, but also under Federal laws also moots, Defendants' Dismissal Motion of Plaintiff's Complaint. (ECF Nos. 10, 36). Furthermore, the Complaint is much more than Plaintiff's Due Process Claims, it also shows that, the Federal District Court's exclusive jurisdiction in this case involve three areas: 1). Defendants violated Plaintiff's constitutional rights, and 2). Plaintiff's rights are so clearly established under the, First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments and all Government Officials would have known he/she committed constitutional violation: (1), Freedom to Redress From Retaliation; (2), "Right to a Fair Trial"; (3), Gross Negligence; (4), "Due Process"; (5), "Equal Protection of the Laws"; (6), "The Right to Government Services, and The Right to Use Public Facilities" (7), "Fraud"; (8), "Freedom of Movement and Freedom from Torture"; (9), "Damages to personal property", (10), Theft and Conversion of personal property; (11), "Intentional infliction of emotional distress and Emotional harm"; (12), "Unlawful Detention of Properties"; (13), "The right to gainful employment, and Safety from harassment"; (14), "Rights Given Plaintiff by the State of Michigan"; (15), "Whistleblowing"; (16), "The Right to Housing". As such Defendants' motion for Dismissal of Plaintiff's Due Process Claims brought under 42 U.S.C. § 1983 against the State Defendants is similarly moot.

18

### C.  Plaintiff's Response to,
### The Eleventh Amendment Bars Plaintiff's state law claims against the State Defendants.

The Defendants argued, that, "Plaintiff's claims are barred by the Eleventh Amendment to

the extent they are based on state law."  In the spirit of the above facts and laws and arguments,

that, Defendants expressly consented to suit pursuant to Section 141.1549 and Act 436 of 2012,

moots their Eleventh Amendment defense that, Plaintiff's state law claims against the State

Defendants are Barred. Furthermore, Plaintiff's Complaint is also based on Federal Laws. See,

(ECF Nos. 10, 36).


### D.  Plaintiff's Response to,
### Plaintiff's claims related to the Michigan Supreme Court are barred by absolute judicial immunity.

The Defendants' argument that, "Plaintiff's claims related to the Michigan Supreme

Court are barred by absolute judicial immunity, is moot. It is also clear that. the Defendants do

not understand Plaintiff's Complaint.  Defendants' misunderstanding of Plaintiff's Complaint is

shown below in the quote directly taken from their Brief.

> "Based upon the allegations contained in the second amended complaint, or lack thereof, Plaintiff cannot overcome judicial immunity as to any possible claims regarding the Michigan Supreme Court. "Judicial immunity" emanates from the doctrine of absolute immunity, that operates to protect judges and quasi-judicial officers alike from suit in both their official and individual capacities. DePiero v. City of Macedonia, 180 F.3d 770, 783 (6th Cir. 1999).

Plaintiff's contention in respect to Defendant – Supreme Court of Michigan is that, the

Court handles unauthorized practice of law and delegate its responsibilities to the 'State Bar of

Michigan'. First, Plaintiff made formal Complaint of Defendant – Bret Witskowski's,

'Unauthorized Practice of Law', to Clerk of Michigan Supreme Court and the Clerk referred

Plaintiff to the 'State Bar of Michigan'. And the State Bar of Michigan' had a dereliction of its

19

duty given to it by Defendant – Supreme Court of Michigan. (Exhibits: O, P). Now, because the Defendant – Supreme Court of Michigan, is the supervisor for the 'State Bar of Michigan', the 'State Bar of Michigan' dereliction of the duty given to its duty fall on the shoulder of the Defendant – Supreme Court of Michigan. As such, the Defendants' argument that, "Plaintiff's claims related to the Michigan Supreme Court are barred by absolute judicial immunity" is moot.

Presently, the 'Defendant State Bar of Michigan', is properly or legally defaulted, because of its failure to file an answer to Plaintiff's Complaint or a motion under Rule 12. (ECF Nos. 28, 32). And, because the 'Defendant State Bar of Michigan' is in default at the very least Plaintiff's Complaint won Declaratory Judgment both against, 'Defendant –State Bar of Michigan' and 'Defendant –Michigan Supreme Court'. (ECF Nos. 28, 32).

Plaintiff warrants a Declaratory Judgment which should be stated against, 'Defendant – State Bar of Michigan' and 'Defendant –Michigan Supreme Court' as follows that, One, Judge Butzbaugh's August 18, 2010, Judgment is NOT AGAINST Barnaby and that, all other related State Court's Orders connected to or relying on Judge Butzbaugh's August 18, 2010, Judgment against Barnaby are VOID. Two, Mr. Bret Witskowski's, misconducts are acts of forgeries and unauthorized practice of law, (UPL).

### E.  Plaintiff's Response to,
### No money damages remedy exists for State constitutional claims.

Plaintiff asserts that, he warrants money as Defendants expressly consented to suit pursuant to Section 141.1549 and Act 436 of 2012, moots no money damages remedy exists for State constitutional claims. Further, money damages remedy is available to Plaintiff not just for State constitutional claims but under Federal constitutional and laws such as First, Fourth, Fifth takings-clauses, and  Fourteenth-section 1, of the Amendments.

AMENDMENT XIV Section 1.All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

### F. Plaintiff's Response to,
### Defendants State of Michigan, Michigan Supreme Court, Granholm, Snyder, Whitmer and Nessel are absolutely immune from tort claims.

As Plaintiff has argued above Defendants' argument that, "Defendants State of Michigan, Michigan Supreme Court, Granholm, Snyder, Whitmer and Nessel are absolutely immune from tort claims" is moot. Defendants expressly consented to suit pursuant to Section 141.1549 and Act 436 of 2012, and Defendant – Supreme Court of Michigan, is the supervisor for the 'State Bar of Michigan', the 'State Bar of Michigan' dereliction of the duty given to its duty fall on the shoulders of the Defendant – Supreme Court of Michigan.  Moreover, Plaintiff's Complaint is greater than tort claims, inclusive of constitutional violations.  (ECF No. 36, Page 54).

The Federal District Court's exclusive jurisdiction in this case involve three areas: (1) There are Constitutional issues, (2) violations of federal laws, and (3) disputes between parties from different states. And, Plaintiff's Complaint issues of claim, now, set forth the sixteenth Counts Defendants retaliations deterred, as follows: (1), Freedom to Redress From Retaliation; (2), "Right to a Fair Trial"; (3), Gross Negligence; (4), "Due Process"; (5), "Equal Protection of the Laws"; (6), "The Right to Government Services, and The Right to Use Public Facilities" (7), "Fraud"; (8), "Freedom of Movement and Freedom from Torture"; (9), "Damages to personal property", (10), Theft and Conversion of personal property; (11), "Intentional infliction of emotional distress and Emotional harm"; (12), "Unlawful Detention of Properties"; (13), "The

21

right to gainful employment, and Safety from harassment"; (14), "Rights Given Plaintiff by the State of Michigan"; (15), "Whistleblowing"; (16), "The Right to Housing".

Plaintiff's Claim is built on the back of the 'Bill of Rights', in summary, from Plaintiff's rights to freely petition his government or the courts for redress free from retaliation that violates Plaintiff's constitutional rights, to, "The Right to Housing. These Sixteenth Counts set forth Plaintiff's legal basis both for redress on merits which Defendants' retaliations deterred and with the full damage relief Plaintiff warrants. (ECF No. 36, Page 54).

### G. Plaintiff's Response to,
### Defendant Asbenson is entitled to state law immunity from intentional tort claims.

Notwithstanding that, Defendants expressly consented to suit pursuant to Section 141.1549 and Act 436 of 2012. Plaintiff Complaint states, "….Defendant – Kendell S. Asbenson, is an Assistant Attorney General of Michigan. As an Assistant Attorney General of the State of Michigan, Defendant – Asbenson has a[fi]duciary duty to give Plaintiff equal protections of the law. Defendant – Asbenson, as Assistant Attorney General was informed by Plaintiff of Defendants' crimes of forgeries conduct which stole and defraud Plaintiff of his properties but omitted to act which aided and abetted the other Defendants and injured Plaintiff. (R. 36, Page ID. #205-206, ¶33.). As such, Defendant – Kendell S. Asbenson is not entitled to state law immunity from intentional tort claims. Further, the Defendants' Supporting Brief States, below,

> Under the Ross test, lower level officials, employees, and agents are immune from intentional tort liability when they are (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, as opposed to ministerial, acts. Odom v. Wayne County, 482 Mich 459, 473-476 (2008) (citing Ross v.

22

Consumers Power Co., (on Rehearing), 420 Mich. 567 at 633-634 (1984)). Applying the Ross test to Plaintiff's allegations in this case, prongs (1) and (3) appear to be met based on the facts as alleged in the complaint. Defendant Asbenson is sued only in his official capacity as an Assistant Attorney General.

Defendant – Asbenson's as Assistant Attorney General  (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in good faith, is to prosecute the other Defendants' crimes of forgery. And his gross neglect and or dereliction of his [fi]duciary duties which he owes Plaintiff, as his omission and silence rendered him complicit to the other Defendants' crimes of forgeries. "Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.".  Moreover, his gross neglect and or dereliction of his [fi]duciary duties which he owes Plaintiff  aided and abetted the other Defendants in defrauding and stealing Plaintiff of his properties without consequent, violated Plaintiff's federal rights secured by the constitution and law under, First, Fourth, Fifth takings-causes, and  Fourteenth-section 1, Amendments. Therefore, based upon Plaintiff's Complaint, Defendants' Dismissal Motion failed and should be denied. (ECF No. 18) and (ECF Nos. 10, 36).

### H.  Plaintiff's Response to,
### Defendant Asbenson is entitled to immunity from claims of negligence under Mich. Comp. Laws § 691.1407(2)

Plaintiff averts given that, Defendants expressly consented to suit pursuant to Section 141.1549 and Act 436 of 2012; Defendants' argument, Defendant Asbenson is entitled to immunity from claims of negligence under Mich. Comp. Laws § 691.1407(2) is moot. Furthermore, Defendant – Asbenson's as Assistant Attorney General  (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of

their authority, (2) acting in good faith, is to prosecute the other Defendants' crimes of forgery. And his is gross neglect and or dereliction of his [fi]duciary duties which he owes Plaintiff, as his omission and silence rendered him complicit to the other Defendants' crimes of forgeries. "Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison." Defendant – Asbenson's as Assistant Attorney General omission and silence rendered him complicit to the other Defendants' crimes of forgeries caused him to be grossly negligent.

Lastly, Plaintiff's Complaint demonstrates Defendants' gross negligence by their direct actions or by their omission to act or to remedy willful wanton misconducts which have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the untimely death of our son; Hardship of great pain and suffering; and emotional distress, in violations of his rights secure by constitution and laws. Plaintiff's Claim is built on the back of the 'Bill of Rights', in summary, from Plaintiff's rights to freely petition his government or the courts for redress free from retaliation that, violates Plaintiff's constitutional rights, to, "The Right to Housing. These Sixteenth Counts set forth Plaintiff's legal basis both for redress on merits which Defendants' retaliations deterred and with the full damage relief Plaintiff warrants.

## Relief Requesting

Plaintiff, In Pro Se, Owen W. Barnaby, request that, this Your Honorable Court, **Deny** Defendants' Motion to Dismiss Plaintiff's Complaint (ECF Nos. 10, 36) under Fed. R. Civ. P 12(b)(1) and (6) as this Court has Jurisdiction to hear claims that, Defendants' Retaliations deterred Plaintiff from earlier coming before the court, and that Defendants' Immunity defense is moot and to award Plaintiff full damages he warrants to the tune of $18, 474,907.40, which is good through January of, 2023, and to **Grant** Declaratory Judgment against, 'Defendant –State Bar of Michigan' and 'Defendant –Michigan Supreme Court' as follows that, **One**, Judge Butzbaugh's August 18, 2010, Judgment is **[not]** against Barnaby and that, all other related State Court's Orders connected to or relying on Judge Butzbaugh's August 18, 2010, Judgment against Barnaby are **Void**; **Two**, Mr. Witskowski's, misconducts are acts of forgeries and unauthorized practice of law, (UPL), because of 'Defendant –State Bar of Michigan', failure to file an answer to Plaintiff's Complaint or a motion under Rule 12. (ECF Nos, 28, 32).

Respectfully Submitted,

Dated: January 16, 2023,                          \S/ Owen W. Barnaby
                                                  Owen W. Barnaby, In Pro Se.

25

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULE 7.2 (b)(ii).

I hereby certify that the foregoing Brief of Appellant, Owen W. Barnaby, complies with the type-volume limitation of Local Rule 7.2 (b)(ii) of Federal Procedure because this brief contains under 8,000 words, excluding the parts of the brief exempt by Local Federal Rule of Procedure 7.2 (b)(ii).

This brief complies with the typeface requirements of Federal local Rule Procedure 7.2 (b)(ii) and the type of style requirements of the Local Rules of the Procedure 7.2 (b)(ii) because this brief has been prepared in a proportionally space typeface using Microsoft Word processing software in 12 point Times New Roman

Respectfully Submitted,

Dated: January 17, 2023, \S/ Owen W. Barnaby
Owen W. Barnaby, In Pro Se.

## **CERTIFICATE OF SERVICE**

The undersigned states that on the 17th day of January 2023, a duplicate original of

Plaintiff's, ''Opposition Motion with Supporting Brief'', was filed with the Clerk of the Court,

using the ECF System, which will provide electric notice to the parties of record, and I have

email or mailed by U.S. Postal Service the same to non-ECP participants Defendants.

Respectfully Submitted,

Dated: January 17, 2023,                    \S/ Owen W. Barnaby
                                             Owen W. Barnaby, In Pro Se.

27