UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

    Plaintiff,

v.

THE CITY OF BENTON HARBOR, et al.,
Defendants.

Case No. 1:22-cv-01146

Hon. Robert J. Jonker
Mag. Sally J. Berens

**THE CITY OF BENTON HARBOR'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**INTRODUCTION**

This court should deny the baseless motion for default judgment by Plaintiff Owen Barnaby ("Plaintiff") against the City of Benton Harbor ("Benton Harbor") because it was filed prior to entry of default, was filed a day early under Fed. R. Civ. P. 12, and is now moot because Benton Harbor has been granted additional time to respond to Plaintiff's Second Amended Complaint.

**BACKGROUND**

Plaintiff filed this lawsuit against two dozen defendants, including government entities, political figures, courts, and judges, in regards to the 2010 foreclosure of certain real properties situated in Berrien County. A Michigan state court, this court, and the Sixth Circuit have already adjudicated Plaintiff's claims in previous lawsuits, see Barnaby v Witkowski, No. 1:14-CV-1279, 2018 WL 3787961 (W.D. Mich. Jan. 12, 2018), aff'd 758 F. App'x 431 (6th Cir. 2018). After Plaintiff's first two lawsuits failed, he filed the instant lawsuit in the Eastern District of Michigan, apparently hoping for another opportunity to litigate his claims in a different court. Before this matter was transferred to the Western District of Michigan on December 5, 2022, ECF No. 1,

1

Plaintiff filed an Amended Complaint on November 14, 2022, ECF No. 6, and a Second Amended Complaint on November 28, 2022. ECF No. 10.

On December 14, 2022, Magistrate Judge Berens issued a Report and Recommendation to the Court, recommending that the suit be dismissed in its entirety based on lack of subject matter jurisdiction because Plaintiff's claims were all precluded or devoid of merit. ECF No. 16.

Plaintiff purports to have served the City of Benton Harbor via certified mail on December 21, 2022. ECF No. 29. Thereafter, he filed a Motion for Default Judgment and a Request for Entry of Default, both on January 4, 2023. ECF No. 31 and 32. Because the pending Report and Recommendation may be adopted by this Court and ultimately make it unnecessary for Benton Harbor to file a response in this matter, Benton Harbor filed an Emergency Motion for Additional Time to Respond to Plaintiff's Complaint and to Strike Plaintiff's Motion and Request for Entry of Default, ECF No. 33, also on January 4, 2023.

The Court granted Benton Harbor's emergency in part and denied in part. ECF No. 35. Specifically, the Court granted Benton Harbor 28 days after a decision is made on the Report and Recommendation to respond to Plaintiff's Second Amended Complaint. Thereafter, on January 6, 2023, Plaintiff filed a motion to amend the Second Amended Complaint. That motion remains pending before the court.

**ARGUMENT**

Plaintiff's motion for default judgment at Benton Harbor should be denied because service was not proper, the motion was filed prematurely before default was actually entered by the court, the motion was filed prematurely under the timeframe prescribed by the Federal Rules, and because Benton Harbor has been granted additional time to respond to Plaintiff's Second Amended Complaint by this court.

2

**1.     Benton Harbor Was Not Properly Served.**

As a preliminary matter, Plaintiff did not effectuate proper service on Benton Harbor under the Federal Rules. Fed. R. Civ. P. 4(j)(2) states:

> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
>> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>>
>> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Here, Plaintiff did not comply with the requirements of the federal rules because service was not made upon the chief executive officer of Benton Harbor. "The federal rules do not permit service on a[]. . . government through certified mail." Brewer v. Detroit Pub. Sch. Cmty. Dist., No. 17-11364, 2018 WL 1128253, at *2 (E.D. Mich. Mar. 2, 2018); see also Larsen v. Mayo Med. Or., 218 F.3d 863, 868 (8th Cir. 2000).

In addition to the means of service provided by Rule 4 of the Federal Rules of Civil Procedure, a party may also utilize the methods provided by the laws of the forum state. Fed. R. Civ. P. 4(c)(2)(C)(i). The Michigan Court Rules do permit service on a public corporation by certified mail, but only when an individual in charge of that office is also personally served. MCR 2.105(G) ("service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.") (emphasis added).

Here, Plaintiff only served Benton Harbor via certified mail addressed to City Manager Ellis Mitchell and accepted by Aprial McCoy. ECF No. 29.1, PageID.147. Plaintiff has not alleged,

3

either in his motion or in the proofs of service he filed with the Court, that personal service was made on the person in charge of Benton Harbor's office. As such, because Plaintiff did not comply with the federal rules for service on a government entity nor the Michigan Court Rules for service on a public corporation, service of the Second Amended Complaint was ineffectual and Plaintiff's motion should be denied.

**2.     Benton Harbor Responded Within 21 Days of the Purported Service.**

Even if service on Benton Harbor had been proper, Benton Harbor should not be defaulted because it has responded and appeared in this matter within the timeframe permitted by the Court Rules. In general, a party must file a responsive pleading within twenty-one days after being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Benton Harbor filed its Emergency Motion for Additional Time and to Strike Plaintiff's Motion for Default Judgment on January 4, 2023, which was within 21 days after it was purportedly served on December 14, 2022. Plaintiff filed his motion for default judgment on January 4, twenty days after he "served" Benton Harbor – which was a day early under Rule 12. As such, Benton Harbor has not "failed to plead or otherwise defend" in this matter, and default is not appropriate. Fed. R. Civ. P. 55(a).

**3.     Plaintiff Filed His Motion Prematurely Because No Default Has Been Entered by the Clerk.**

Even if Plaintiff had waited one more day to seek default judgment under Fed. R. Civ. P. 55(b), his motion would still have been premature because the clerk of the court must enter a party's default before a motion for default judgment can be sought. Federal Rule of Civil Procedure 55 governs the two-step process for obtaining default judgment against parties who fail to respond: (1) entry of default by a clerk and (2) entry of default judgment. Only after default has been entered against a party by the clerk may a motion for default judgment be filed for consideration by the Court. Fed. R. Civ. P. 55(b). Default judgment cannot be entered before the default itself is first

entered by the court. Here, Plaintiff filed his motion for default judgment under Fed. R. Civ. P. 55(b), prior to seeking the clerk's entry of default under Fed. R. Civ. P. 55(a). ECF No. 31 and 32. As such, Plaintiff's motion is procedurally inappropriate and should be denied.

### 4. Benton Harbor Has Received Additional Time to Respond to Plaintiff's Complaint.

Finally, Plaintiff's motion for default judgment is moot because the Court has granted Benton Harbor additional time to respond to Plaintiff's Complaint. ECF No. 35. The purpose of a default judgment is to prevent a defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). The Court granted Benton Harbor additional time to respond to Plaintiff's Second Amended Complaint because the pending Report and Recommendation may dismiss the suit in its entirety, and Benton Harbor should not be required to expend resources responding to the Complaint until that decision is made.

For the foregoing reasons, Benton Harbor respectfully requests that this court deny Plaintiff's Motion for Default Judgment against Benton Harbor (ECF No. 31).

Respectfully submitted,

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*

Dated: January 27, 2023

5

## CERTIFICATE OF RULE COMPLIANCE

This brief complies with the word limit of L. Civ. R. 7.2(b)(i) because it contains 1,368 words, excluding the parts exempted by L. Civ. R. 7.2(b)(i). The word count was generated using Microsoft Word 2016.

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 1, 2023 I caused the electronic filing of the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                               /s/ Thomas J. Rheaume, Jr.
                                               Thomas J. Rheaume, Jr. (P74422)
                                               BODMAN PLC
                                               6th Floor at Ford Field
                                               1901 St. Antoine Street
                                               Detroit, Michigan 48226
                                               (313) 259-7777
                                               trheaume@bodmanlaw.com
                                               *Attorneys for Defendant City of Benton Harbor*