UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

        Plaintiff,                                  Hon. Robert J. Jonker

v.                                           Case No. 1:22-cv-1146

MICHIGAN STATE GOVERNMENT,
et al.,

        Defendants.
_____/

**ORDER**

The Court has before it Plaintiff's Motion for Leave to File a Third Amended Complaint. (ECF No. 37.) Defendants City of Benton Harbor and the State Defendants (former Governors Granholm and Snyder, Governor Whitmer, Michigan Supreme Court, Kendell Asbenson, and Attorney General Dana Nessel) have responded, arguing that the motion should be denied. (ECF Nos. 59 and 60.) For the reasons that follow, the motion will be **denied**.

Plaintiff filed this action in the Eastern District of Michigan on October 5, 2022. On October 13, 2022, the district judge granted Plaintiff leave to amend his complaint, as he had failed to plead any viable claim. Plaintiff filed his first amended complaint on November 14, 2022, expanding his six-page original complaint against 12 Defendants to 68 pages against 24 Defendants. Plaintiff filed his second amended complaint, without leave, on November 28, 2022. On December 5, 2022, the court transferred the action to this district because the real property at issue is located here, and Plaintiff's allegations were substantially similar to the prior case he filed in this Court against Berrien County and Berrien County Treasurer Bret Witkowski in 2014. On December 12, 2022, I issued a Report and Recommendation recommending that this action be dismissed as barred by claim and issue preclusion and because Plaintiff's claims are otherwise

devoid of merit. (ECF No. 16.) Plaintiff has objected to the Report and Recommendation, which remains pending.

Plaintiff moves for leave to amend, seeking to add seven judges and justices, the Michigan Court of Appeals, and the Berrien County Trial Court as Defendants, expanding his pleading to 93 pages, and asserting the following "new" counts: 1) "Retaliations" under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41; 2) the Right to a Fair Trial; 3) Gross Negligence; 4) "Due Process" under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41; 5) "Equal Protection of the Law" under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41; 6) The Right to Government Services and Rights to Use Public Facilities; 7) Fraud by Misrepresentation or Omission in Violation of Due Process and Equal Protection of the Law and Theft and Conversion of Personal Property; 8) Freedom of Movements and Freedom from Torture; 9) Damage to Personal Property; 10) Theft and Conversion of Personal Property; 11) Intentional Infliction of Emotional Distress and Emotional Harm; 12) Unlawful Detentions [sic] of Properties; 13) Safety from Harassment and the Right to Gainful Employment; 14) Rights Given by Plaintiff by the State of Michigan under the GPTA, statutes regarding the unauthorized practice of law, and under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41; 15) Whistleblowing under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41; and 16) The Right to Housing under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41. (ECF No. 36 at PageID.226–263.

Because Plaintiff has already amended his complaint once as a matter of course, as permitted by Fed. R. Civ. P. 15(a)(1), leave of court is required for his proposed Third Amended Complaint. Pursuant to Fed. R. Civ. P. 15(a)(2), "a court should freely give leave [to amend] when justice so requires." A court may deny leave "in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff's motion fails because his proposed amendment is futile. To begin, it does not cure the issues addressed in the December 14, 2022 Report and Recommendation. Regardless of how Plaintiff characterizes his claims related to his foreclosed properties, they are barred by claim and issue preclusion. In addition, Plaintiff has not cured the pleading deficiencies previously identified. In other words, his claims remain devoid of merit. As for the proposed individual judicial Defendants, any claims against them for money damages would be barred by absolute judicial immunity because Plaintiff does not allege that they took any acts outside their judicial capacities or that their judicial actions were performed in the complete absence of all jurisdiction. Therefore, such claims are futile because they would be subject to dismissal. *See White v. Stephens*, No. 13-2173, 2014 WL 4925867, at *4 (W.D. Tenn. Sept. 30, 2014); *Fitts v. Snyder*, No. 2:12-CV-13575, 2014 WL 2605429, at *4 (E.D. Mich. June 11, 2014). Similarly, as explained in the December 14, 2022 Report and Recommendation regarding the Michigan Supreme Court and the State Bar of Michigan, Plaintiff's claims against the Michigan Court of Appeals and the Berrien County Trial Court, as well as the individual judicial Defendants in their official capacities, would

3

be subject to dismissal as barred by the Eleventh Amendment. *See Satgunam v. Basson*, No. 1:12-cv-220, 2012 WL 12978441, at *2 (W.D. Mich. Oct. 26, 2022) ("In the present case, the breach of contract claim against Michigan State University would not withstand a motion to dismiss on grounds of Eleventh Amendment immunity.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that, in light of Plaintiff's failure to comply with Local Civil Rule 5.7(f) when filing his motion for leave to amend by filing his proposed pleading directly on the docket rather than as an attachment to his motion for leave to amend, the Clerk shall strike the Third Amended Complaint (ECF No. 36) from the docket and remove the newly added Defendants from that proposed pleading from the docket report.

**IT IS SO ORDERED**.

Dated: February 3, 2023                      /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge