UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

       Plaintiff,

                                       CASE No. 1:22-cv-1146

v.

                                       HON. ROBERT J. JONKER

MICHIGAN STATE GOVERNMENT,
et al.,

       Defendants.
_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION**

Plaintiff Owen Barnaby ("Plaintiff" or "Barnaby") has sued the State of Michigan and more than thirty other parties, including current Governor Gretchen Whitmer, former Governors Rick Snyder and Jennifer Granholm, the Michigan Supreme Court, the City of Benton Harbor, Berrien County, and the State Bar of Michigan.  Plaintiff alleges Defendants violated his constitutional rights, as well as federal and state civil and criminal statutes, in connection with a 2010 tax foreclosure of real property Barnaby owned in Berrien County.  (ECF No. 10).  His three prior efforts to overturn the foreclosure have failed. The Magistrate Judge issued a Report and Recommendation that the Court dismiss this action *sua sponte* for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the allegations are devoid of merit and no longer open to discussion.  (ECF No. 16).  *Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999).  Plaintiff objects.

Since that Report and Recommendation was filed, some Defendants have filed a Motion to Dismiss (ECF No. 18) and Barnaby has moved for default judgment against other Defendants

(ECF Nos. 28, 31, 32).  Barnaby also moved for leave to file a third amended complaint (ECF No. 37), which Magistrate Judge Berens denied (ECF No. 62).  Barnaby has appealed that decision as well to this Court.  (ECF No. 63).

The Court has reviewed Magistrate Judge Berens' Report and Recommendation (ECF No. 16) and Barnaby's Objections to the Report and Recommendation[1] (ECF No. 57).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  The Magistrate Judge recommends dismissal of this suit for lack of subject matter jurisdiction.  The Court finds the Magistrate Judge's Report and Recommendation factually sound and legally correct.  As the Magistrate thoroughly details in her Report, this case is Plaintiff's fourth attempt to pursue the same claims related to the 2010 foreclosure.  (ECF No.16, PageID.12-14.)  All prior efforts have

---

[1] This was docketed as a Response in Opposition to the Report and Recommendation.  (ECF No. 57).  The Court will construe it as Objections.

failed. To the extent that Plaintiff has added additional parties here, the Magistrate Judge explains that all are either in privity with the parties to the previous lawsuit or have no factual connection to this suit. (*Id.*, PageID.16.) Next, Magistrate Judge Berens explains that Barnaby's claims of conspiracy and forgery are unsupported by the allegations in his complaint and amount to nothing more than an attempt to relitigate the underlying state foreclosure proceeding. (*Id.*, PageID.15-16.) Claim and issue preclusion bar the effort. (*Id.*) Finally, the Magistrate Judge explains that the remaining claims are devoid of merit, either because they rest on statutes that have no application to his claims; or have no private right of action; or are barred by the Eleventh Amendment. (*Id.*, PageID.16-17.) The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law.

In his objections, Plaintiff primarily reiterates and expands arguments that the Magistrate Judge has already addressed in her Report and Recommendation. Some of Plaintiff's objections rely, in part, on his Proposed Third Amended Complaint (ECF. No. 36) which Magistrate Judge Berens denied Plaintiff leave to file because of futility (ECF No. 62). Plaintiff has appealed this ruling.[2] (ECF No. 63.) Plaintiff argues that leave to amend is "permitted as a matter of course," that justice requires leave to amend be granted, and that the nine new defendants are necessary to the complaint. Plaintiff argues that this proposed Amended Complaint renders the Report and Recommendation moot and that the order denying leave to amend and striking the Proposed Third Amended is unwarranted.

---

[2] Plaintiff has also filed for leave to file excess pages, having belatedly realized for objections to non-dispositive motions, including leave to amend, briefs are limited to ten pages. (ECF No. 65, PageID.930.) The Court has reviewed the brief supporting Plaintiff's motion for appeal (ECF No. 64) in its entirety, but it does not materially affect the outcome.

Having reviewed the order, Plaintiff's motion, and the now stricken Third Amended Complaint, the Court is in complete agreement with Magistrate Judge Berens. Because Barnaby had already amended his complaint twice, pursuant to Fed. R. Civ. P. 15(a)(1), leave of the court is required to amend. The Magistrate Judge correctly explains that one reason to deny leave is futility. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the Magistrate Judge is entirely correct that nothing in the amendment alters the fundamental analysis, which is that Barnaby's claims are barred by claim and issue preclusion.

Ultimately, this case represents Barnaby's continuing efforts to set aside a decade-old final judgment of the state court with which he disagrees.[3] Plaintiff continues to add more parties and conclusory allegations of fraud without addressing the core issue that these claims have already been adjudicated. Claim preclusion operates as an absolute bar to any subsequent action. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The Magistrate correctly applied both here. To the extent that any new claims have been asserted at all, they are either facially inapplicable to the facts as alleged or barred by the Eleventh Amendment. For the very reasons the Report and Recommendation details, this Court agrees with the recommendations.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 16) is **APPROVED AND ADOPTED** as the Opinion of the Court.

---

[3] Plaintiff has twice failed to obtain the outcome he desires in federal court. *See Barnaby v. Witkowski*, 1:14-cv-1279, ECF No. 159-60 *and Barnaby v. Mayfield*, 1:20-cv-232, ECF No. 23-4. In both cases, the Sixth Circuit affirmed. *See Barnaby v. Witkowski*, 1:14-cv-1279, ECF No. 168 *and Barnaby v. Mayfield*, 1:20-cv-232, ECF No. 29.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 18), Plaintiff's Motion and Application for Default Judgment (ECF Nos. 28, 31, 32), and Plaintiff's Motion for Leave to File Excess Pages (ECF No. 65) are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Appeal (ECF No. 63) of Magistrate Judge's Order Denying Leave to File a Third Amended Complaint (ECF No. 62) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED** under *Apple v. Glenn, supra*.  This case is **DISMISSED**.

A separate Judgment shall issue.


Dated:    February 13, 2023              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE