UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

    Plaintiff,

v.

MICHIGAN STATE GOVERNMENT,
HON. GRETCHEN WHITMER GOVERNOR
OF MICHIGAN, HON. JENNIFER
GRANHOMLM GOVERNOR OF MICHIGAN,
HON. RICK SNYDER GOVERNOR OF
MICHIGAN, SUPREME COURT OF
MICHIGAN, STATE BAR OF MICHIGAN,
KENDELL S. ASBENSON (P81747),
MICHIGAN ATTORNEY GENERAL DANA
NESSEL, CITY OF BENTON HARBOR,
NILES CHARTER TOWNSHIP, BOARD OF
TRUSTEES OF NILES CHARTER
TOWNSHIP, BERRIEN COUNTY
GOVERNMENT, BERRIEN COUNTY
BOARD OF COMMISSIONERS, BRET
WITSKOWSKI TREASURER OF BERRIEN
COUNTY, KATHLEEN CULBERSON
NOTARY PUBLIC OF BERRIEN COUNTY,
TITLE & INSURANCE COMPANY(s),
ATTORNEY DONNA B. HOWARD,
ATTORNEY MCKINLEY R. ELLIOTT,
ATTORNEY JAMES MCGOVERN,
ATTORNEY JEFFREY R. HOLMSTROM,
HOLMSTROM LAW, PLC,

    Defendants.
_____/

No. 22-cv-01146

HON. ROBERT J. JONKER

MAG. SALLY J. BERENS

**DEFENDANTS FORMER GOVERNOR JENNIFER GRANHOLM'S,
FORMER GOVERNOR RICK SNYDER'S, AND ASSISTANT ATTORNEY
GENERAL KENDELL ASBENSON'S RESPONSE TO PLAINTIFF'S
APPLICATIONS FOR ENTRY OF DEFAULT JUDGMENT**

Kimberly K. Pendrick
Assistant Attorney General
Attorney for Defendant State Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
313.456.0067
pendrickk@michigan.gov
P60348

Dated:  December 14, 2023

ii

## TABLE OF CONTENTS

Page

Table of Contents ................................................................................................. iii

Index of Authorities ............................................................................................. iv

Concise Statement of Issues Presented ................................................................. v

Controlling or Most Appropriate Authority .......................................................... v

Argument ............................................................................................................... 1

I.     Pertinent Procedural History ....................................................................... 1

II.    Default is not proper where Defendants Snyder, Granholm, and Asbenson timely filed a motion to dismiss in response to Plaintiff's second amended complaint and no third amended complaint is currently pending before this Court. ................................................... 5

     A.     The default request as to the second amended complaint should not be granted where Defendants Snyder, Granholm and Asbenson responded by filing a motion to dismiss. ............................... 6

     B.     The default request as to the third amended complaint should not be granted where no third amended complaint is pending and this Court has not, as of this date, granted Barnaby's ability to file a third amended complaint. ......................................................... 8

Conclusion and Relief Requested .......................................................................... 9

Certificate of Compliance ..................................................................................... 10

Certificate of Service (e-file) ............................................................................... 11

# INDEX OF AUTHORITIES

Page

**Cases**

*Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) .......................................................... 2, 4

*Fox v. Riverdeep, Inc.*, 2008 U.S. Dist. LEXIS 101633, 2008 WL 5244297, *7 (E.D. Mich. Dec. 16, 2008) ............................................................................................. 5

*United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983) ................................................................................................................................ 5

**Statutes**

18 U.S.C. § 1341 ................................................................................................................ 4

18 U.S.C. §§ 471 ................................................................................................................ 4

Mich. Comp. Laws § 600.916(1) ..................................................................................... 4

Mich. Comp. Laws § 750.248 ........................................................................................... 4

**Rules**

Fed. R. Civ. P 15(a)(3) ...................................................................................................... 9

Fed. R. Civ. P. 12 ............................................................................................................... 6

Fed. R. Civ. P. 12(a)(1) ..................................................................................................... 7

Fed. R. Civ. P. 4(l)(1). ....................................................................................................... 6

Fed. R. Civ. Pro. 55(a) ...................................................................................................... 7

## CONCISE STATEMENT OF ISSUES PRESENTED

1. A default judgment is a drastic remedy that should only be applied in the most extreme cases. *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Barnaby's request for default judgment should be denied where defendants herein have filed a motion to dismiss in response to the second amended complaint and there is no third amended complaint pending.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*: *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983)

## ARGUMENT

### I.   Pertinent Procedural History

On October 7, 2022, Barnaby filed the instant lawsuit in the United States District Court for the Eastern District of Michigan against Berrien County Treasurer Bret Witkowski and Berrien County.  (Complaint, ECF No. 1, PageID.1-6.)  He also named "Michigan State Government," Governor Whitmer, former Governor Granholm, former Governor Snyder, Niles Charter Township, "Niles Charter Township officials," Berrien County Government, Berrien County Board of Commissioners, Berrien County Treasurer Shelly Weich, and "Berrien County Title Company(s) Insurance Company(s)."  (*Id.*)

The Court granted Barnaby leave to amend his complaint after it found that he failed to make any allegations concerning any act or omission by the Defendants.  (Order Granting Leave, ECF No. 4, PageID.30–32.)  Barnaby filed an amended complaint adding the Michigan Supreme Court, the State Bar of Michigan, Attorney General Dana Nessel, Assistant Attorney General Kendell S. Asbenson, and additional Berrien County employees and various attorneys.  (Amended Complaint, ECF No. 6, PageID.35-102.)

On November 28, 2022, Barnaby filed a second amended complaint without leave.  (Second Amended Complaint, ECF No. 10, PageID.161-228.)  The District Court for the Eastern District of Michigan then transferred this matter to this Court observing that the only four defendants with a connection to the Eastern District (Attorney General Nessel, the Office of the Governor of the State of

1

Michigan, the State Bar of Michigan, and the Michigan Supreme Court) had no apparent connection to Barnaby's claims. (Order Transferring Case, ECF No. 11, PageID.231.)

On December 14, 2022, the Magistrate filed a Report and Recommendation recommending dismissal of the action *sua sponte* pursuant to Rule 12(b)(1). (Report and Recommendation, ECF No. 16, PageID.9-18.) The Magistrate recommended *sua sponte* dismissal of Barnaby's complaint for lack of subject matter jurisdiction under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), because the allegations in the complaint were "'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.'" (*Id.*, PageID.9–10 (quoting *Apple*, 183 F.3d at 479-80).) The Magistrate also determined that all requirements for claim and issue preclusion were met. (*Id.*, PageID.14.)

The Magistrate further noted that Barnaby's amended complaint, (ECF No. 6), was devoid of merit. She noted that Barnaby cited to inapplicable statutes or statutes that do not provide a private right of action. (Report and Recommendation, ECF No. 16, PageID.15-16.) She also found that Barnaby's claims against the State Bar of Michigan, the Michigan Supreme Court, the State of Michigan, Governor Whitmer, and the Attorney General should be dismissed where they have Eleventh Amendment immunity. (*Id.* at PageID.16-17.) The Magistrate did not expressly state that former Governors Granholm and Snyder, and Assistant Attorney General Asbenson, should be dismissed due to Eleventh Amendment immunity. However, logic dictates that the former Governors and the Assistant

2

Attorney General are entitled to the same immunity as the current Governor and the Attorney General as set forth in State Defendants' Motion to Dismiss. (ECF No. 19, PageID.39-49.)

On December 19, 2022, the State Defendants, State of Michigan, Governor Whitmer, former Governor Granholm, former Governor Synder, the Michigan Supreme Court, Attorney General Dana Nessel, and Assistant Attorney Kendall Asbenson, filed a motion to dismiss the second amended complaint, which again was filed without leave of the Court. (Motion to dismiss, ECF No. 18, and brief in support, ECF No. 19). However, these filings post-dated the Magistrate's Report and Recommendation of *sua sponte* dismissal, and this Court later dismissed the motion as moot. (Opinion, ECF No. 67, PageID.943.)

In a separate order, on February 3, 2023, the Magistrate denied Barnaby's motion for leave to file a third amended complaint due to failure to cure the issues addressed in the Report and Recommendation, including claim and issue preclusion and claims being devoid of merit. (Order, ECF No. 62, PageID.879.) The Magistrate also denied the motion based on futility where Barnaby sought leave to add judges and justices, the Michigan Court of Appeals, and a county court, and to expand his complaint to include over a dozen additional counts. (*Id.,* PageID.880.) The Magistrate found the proposed new judicial defendants would all be entitled to immunity. (*Id.*, PageID.881-82.) The order also resulted in the third amended complaint being stricken. (*Id.*)

This Court approved and adopted the Report and Recommendation, agreeing on every point. (Order approving and adopting report and recommendation, ECF No. 67, PageID.939-42). Thus, denying Barnaby's previously filed motions for default judgment as to the second amended complaint as moot, denying the appeal of the order denying leave to file a third amended complaint as futile, and dismissing Barnaby's second amended complaint under *Apple v. Glenn, supra*. (*Id.*, PageID.942-43.)

Barnaby appealed to the Sixth Circuit. (ECF No. 69.) On November 17, 2023, the Sixth Circuit issued an order affirming this Court's order in part, vacating in part, and remanding for further proceedings. (Op. & Ord., ECF. No. 72, PageID.957.) As to the State Defendants, the Sixth Circuit held that Barnaby did not challenge this Court's rulings that the Michigan Supreme Court, the State of Michigan, Governor Whitmer, and Attorney General Nessel are immune from suit or that he does not have a private right of action to seek relief under 18 U.S.C. §§ 471 and 1341 and Mich. Comp. Laws §§ 600.916(1) and 750.248. (Op. & Ord., ECF No. 72, PageID.956.) The Sixth Circuit did not specifically address former Governors Granholm and Snyder and Assistant Attorney General Asbenson—likely because they were not specifically referenced by this Court in the adopted Report and Recommendation.

On remand, Barnaby filed two, new applications for default judgment. (ECF Nos. 75 and 77.)

**II.   Default is not proper where Defendants Snyder, Granholm, and Asbenson timely filed a motion to dismiss in response to Plaintiff's second amended complaint and no third amended complaint is currently pending before this Court.**

A default judgment is a drastic remedy that should only be applied in the most extreme cases. *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). A default judgment is especially inappropriate where the applicant fails to show bad faith or a pattern of delay or obstruction. See, e.g., *Fox v. Riverdeep, Inc.*, 2008 U.S. Dist. LEXIS 101633, 2008 WL 5244297, *7 (E.D. Mich. Dec. 16, 2008) (O'Meara, J.)

Prior to the instant motions, Barnaby has filed the following motions for default:

- On January 3, 2023, he filed a motion against various non-state defendants for failure to answer his second amended complaint. (ECF No. 28, PageID.85-95.)

- On January 4, 2023, he filed a motion for default against the City of Benton for failure to answer his second amended complaint. (ECF No. 31, PageID.139-148.) The City of Benton Harbor filed an emergency motion to extend time to answer as the Report and Recommendation for *sua sponte* dismissal was pending. (ECF No. 33.) The City of Benton Harbor's motion was granted. (ECF No. 35.)

- Also on January 4, 2023, Barnaby filed a default request against various defendants, including the State Bar of Michigan, for failing to answer his second amended complaint. (ECF No. 32, PageID.157-160.)

When this Court entered its order approving and adopting the Report and Recommendation, it dismissed the foregoing default requests as moot. (ECF No. 67, PageID.943.)

5

> **A.   The default request as to the second amended complaint should not be granted where Defendants Snyder, Granholm and Asbenson responded by filing a motion to dismiss.**

Here, Plaintiff seeks entry of a default judgment against the remaining State Defendants – Snyder, Granholm, and Asbenson – because he claims they failed to timely answer his second amended complaint. (Default motions, ECF No. 75, PageID.963-964 and ECF No. 77, PageID.970-971.)  This is simply not the case.

First, Barnaby has never filed the required affidavit of service on the Court related to the service of the second amended complaint on former Governors Granholm and Snyder, and Assistant Attorney General Asbenson.  Fed. R. Civ. P. 4(l)(1).  The only affidavit of service on record shows that an unspecified complaint was served on Attorney General Nessel, who is now dismissed, on December 7th.[1]  (ECF No. 29, PageID.114.)  There is no signature on the green card. (*Id.*)  Barnaby has not provided sufficient factual information regarding service on any of the remaining State Defendants that would support his claim for default.

Further, a default judgment is inappropriate where there has been no entry of a default.  Fed. R. Civ. P. 12.  Default is inappropriate where the remaining Defendants, former Governors Granholm and Snyder and Assistant Attorney Asbenson have appeared and defended this action.  Entry of a default is only appropriate in circumstances where a party fails to "plead or otherwise defend."

---

[1] The United States Postal Services tracking program demonstrating December 7th delivery is publicly available at: https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70221670000121730580%2C&tABt=false (last viewed December 13, 2023).

Fed. R. Civ. Pro. 55(a). Plaintiff improperly filed his second amended complaint on November 28, 2022, prior to his case being transferred from the Eastern to the Western District. (ECF No. 10.) All State Defendants filed a motion to dismiss in lieu of an answer on December 19, 2022.[2] (Motion to dismiss and brief, ECF Nos. 18 and 19.) These Defendants have continued to defend this action by responding to various motion filings by Barnaby and participating in his appeal to the Sixth Circuit.

The remaining State Defendants' responsive motion was also timely. Fed. R. Civ. P. 12(a)(1) allows a defendant 21 days to file a responsive pleading "after being served with the summons and complaint." Assuming arguendo that Barnaby served former Governors Granholm and Snyder and Assistant Attorney General Asbenson on the same day he served Attorney General Nessel (December 7, 2022), their motion to dismiss was timely. Any State Defendant served on December 7, 2022, had until December 28, 2022, to file a responsive document. The State Defendants filed their motion to dismiss in lieu of answer on December 19, 2022. (*Id.*)

As a result, Plaintiff is not entitled to entry of default against any remaining State Defendant, specifically former Governors Snyder and Granholm and Assistant Attorney General Asbenson.

---

[2] While counsel herein does not currently represent the State Bar of Michigan, this Court's dismissal of the State Bar of Michigan was affirmed by the Court of Appeals. (ECF No. 72, PageID.956.)

      **B.**      **The default request as to the third amended complaint should not be granted where no third amended complaint is pending and this Court has not, as of this date, granted Barnaby's ability to file a third amended complaint.**

This Court denied Barnaby's motion to file a third amended complaint where it found it was futile due to claim and issue preclusion, failure to cure pleading deficiencies, claims being devoid of merit, the newly added judicial Defendants having absolute judicial immunity, and State Defendants having Eleventh Amendment immunity. (Order, ECF No. 62, PageID.881-882.) The order also struck the third amended complaint filing. (*Id.*)

On appeal, the Sixth Circuit held that "because the res judicata ruling is erroneous, so too in error was the magistrate judge's reliance on that ruling to conclude that amendment would be futile. (Op. & Order, ECF No. 72, PageID.956.) It further held that this Court "properly denied leave to amend to the extent Barnaby "sought to bring claims against [the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel] or raise claims under [specified] criminal statutes." (*Id.,* PageID.951.) While the Sixth Circuit held that any reliance on res judicata as a basis for denial was erroneous, as set forth above, there were other bases expressed in this Court's order supporting denial of leave to file a third amended complaint as to the State Defendants. (Order, ECF No. 62, PageID.881-882.)

Even if the Sixth Circuit's Opinion and Order is to be construed as reversing or vacating the denial of leave to file a third amended complaint versus simply indicating res judicata was not an appropriate basis, that order does not

8

automatically require a response from defendants.  The Sixth Circuit remanded for further proceedings consistent with its order.  (Op. & Ord., ECF. No. 72, PageID.957.)  If this Court enters an order granting Barnaby the ability to file a third amended complaint consistent with the Sixth Circuit's order, Barnaby would have to file and serve a third amended complaint which no longer names the State Defendants where dismissal was affirmed or includes claims regarding the criminal statutes that the Sixth Circuit held do not provide a private right of action.  There is no third amended complaint pending in this Court where Barnaby's third amended complaint was stricken.  (ECF No. 36.)  Any remaining State Defendants, former Governor Granholm, former Governor Snyder, and Assistant Attorney General Asbenson will have 14 days "after service of the amended pleading" to respond.  Fed. R. Civ. P 15(a)(3).

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, State Defendants former Governor Granholm, former Governor Snyder and Assistant Attorney General Asbenson respectfully asks this Court to deny Plaintiff's requests for entry of default.

Respectfully submitted,

*/s/ Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorneys for State Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
(313) 456-0067
pendrickk@michigan.gov

Dated:  December 14, 2023          P60348

9

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit
and Typeface Requirements

1.  This brief complies with the type-volume limitation of Local Rule 7.3(b)(i) because, excluding the part of the document exempted by this rule, this brief contains less than 4,300 words.  This document contains 2,140 words.

2.  This document complies with the typeface requirements of Local Rule 7.3(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Century Schoolbook.


                                                            */s/Kimberly K. Pendrick*
                                                           Kimberly K. Pendrick (P60348)
                                                           Assistant Attorney General

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on December 14, 2023, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice to the parties of record.

*/s/Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Assistant Attorney General
