UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

----------------------------------------------------------------x

OWEN W. BARNABY,

                        Plaintiff,       No. 1:22-cv-01146 (RJJ)(SJB)

v.

MICHIGAN STATE GOVERNMENT, et al.

                        Defendants.

----------------------------------------------------------------x

### BERRIEN COUNTY'S BRIEF IN OPPOSITION TO PLAINTIFF'S SECOND AND THIRD MOTIONS FOR DEFAULT JUDGMENT

### PRELMINARY STATEMENT

Following remand from the Sixth Circuit, Plaintiff has resumed his attempts to a secure default judgment in this action against all defendants, having now filed a second and third motion for the same relief (ECF No. 75; ECF No. 77; ECF No. 81). However, Plaintiff has still neglected to address his underlying failure to properly serve the governmental and individual defendants he associates with Berrien County.

As set forth in Berrien County's brief in opposition to Plaintiff's first motion for a default judgment (ECF No. 48), Plaintiff previously mailed by certified mail to Thaddeus Hackworth, Corporate Counsel for Berrien County, ten summonses and copies of the Second Amended Complaint, directed to ten different individual and entity defendants. No further delivery or service was achieved on these ten defendants.[1] As set forth below, because proper service was not

---

[1] The defendants Plaintiff purports to have served by certified mail include: (1) Berrien County Government, (2) Berrien County Board of Commissioners, (3) James McGovern, (4) Bret Witskowki, (5) Lori D. Jarvis, (6) Shelly

achieved with respect to these defendants, Plaintiff's motion for a default judgment should be denied.

However, given the procedural posture of this case following the Sixth Circuit remand, Berrien County is willing to waive service on behalf of itself and its current employees if provided with a 45 day period of time to file a response to the operative complaint. These defendants include: (1) Berrien County Government, (2) Berrien County Board of Commissioners, (3) Shelly Weich, (4) McKinley R. Elliott, (5) Donna B. Howard, and (6) Lora L. Freehling.

## STATEMENT OF FACTS

Contrary to Plaintiff's repeated claims, counsel for Berrien County did not waive service on behalf of any defendant, nor did counsel agree to accept service by mail on behalf of any defendant. (Declaration of Thaddeus Hackworth, dated January 9, 2023 ¶ 3, ECF No. 48-1, PageID.303.) Indeed, counsel explicitly indicated to Plaintiff that he would be required to properly serve the defendants in this action. (Id.) Moreover, many of the individual defendants that Plaintiff has assigned to Berrien County are no longer current County employees, and counsel would have no authority to waive service on their behalf, even if Plaintiff had presented a Rule 4(d) waiver to them, which he has not. (Id. ¶ 6, 7.)

Instead, Plaintiff elected to mail summonses for ten different defendants, along with ten copies of the Second Amended Complaint, to Berrien County Corporate Counsel. (Hackworth Decl. ¶ 4, 5, ECF No. 48-1, PageID.303.) As a matter of course, Corporate Counsel accepts certified mail (id. ¶ 4), and upon counsel's acceptance of this parcel, Plaintiff evidently determined to proceed as though sufficient service had been achieved as to all defendants for which Plaintiff

---

Weich, (7) McKinley R. Elliott, (8) Kathleen Culberson, (9) Donna B. Howard, and (10) Lora L. Freehling. (Hackworth Decl. ¶ 5, ECF No. 48-1, PageID.303.)

2

chose to place a summons in the parcel, as it appears no further attempts at proper service were made.

## ARGUMENT

As an initial matter, default has not been entered by the Clerk against any defendant, and Plaintiff's motion is therefore premature. Under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. To obtain a default judgment, a litigant must first obtain the clerk's entry of default pursuant to Rule 55(a). See Clanton v. Sam's Club, No. 1:21-CV-53, 2021 WL 5496383, at *1 (W.D. Mich. Apr. 12, 2021). Once a default has been entered, a party may apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). Because no default has been entered here, a default judgment may not issue.

Moreover, "in the absence of service, or a waiver of service, entry of default is improper." Clanton, 2021 WL 5496383, at *1 (quoting Baumer v. Bandyk, No. 1:06-CV-573, 2006 WL 8455006, at *2 (W.D. Mich. Oct. 10, 2006)). Because parties have "no duty to plead until properly served, sufficient service of process is a prerequisite to an entry of default." Russell v. Tribley, No. 2:10-CV-14824, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10, 2011), report and recommendation adopted, No. 10-CV-14824, 2011 WL 4396784 (E.D. Mich. Sept. 21, 2011). Thus, a Court must determine whether it has personal jurisdiction of the defendant before entering a judgment by default against a party who has not appeared in the case. Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). "Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd., 229 F.3d 1153 (6th Cir. 2000); see also Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the

complaint names as defendant."). Here, the requirement of personal service has not been satisfied, and the motion for default judgement should be denied.

  A. *Service under Federal Rules*

Federal Rule of Civil Procedure 4(j)(2) provides two methods for service on a local government:

> (A) delivering a copy of the summons and complaint to it chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(e)(2) likewise provides for three methods of service on individual defendants:

> (A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Plaintiff's election to send process by certified mail meets neither the federal rule for service on local governments under Fed. R. Civ. P. 4(j)(2)(A) nor the federal rule for service on individuals under Fed. R. Civ. P. 4(e)(2). "The federal rules do not permit service on an individual or [] local government through certified mail." Brewer v. Detroit Pub. Sch. Cmty. Dist., No. 17-11364, 2018 WL 1128253, at *2 (E.D. Mich. Mar. 2, 2018); see Larsen v. Mayo Med. Or., 218 F.3d 863, 868 (8th Cir. 2000) (holding that "delivery" under Rule 4 requires personal service). As such, Plaintiff failed to property serve any of the Berrien defendants under the federal rules.

  B. *Service under State Rules*

As an alternative to service under the federal rules, the federal rules permit service pursuant to state law. Fed. R. Civ. P 4(e) and 4(j)(2)(B). As set forth below, Plaintiff's mailing likewise does not meet the requirements for service of process authorized by the Michigan rules for either a public corporation or an individual defendant.

        *a.*      *Service on Public Corporations under Michigan Rules (Fed. R. Civ. P. 4(j)(2)(B))*

Michigan Court Rule 2.105(G) permits service on public corporations, like Berrien County, via personal service on certain enumerated officers. Service by certified mail is <u>not</u> permitted except where personal service has <u>also</u> been made upon a "person in charge of the office of an officer." Mich. Ct. R. 2.105(G). With respect to the defendants "Berrien County Government" and "Berrien County Board of Commissioners," Plaintiff has alleged only that he mailed summonses and copies of the complaint, and has neither attempted nor achieved personal service of any officer as required under the Michigan rules. (ECF No. 28, PageID.88; ECF No. 29, PageID.104.) Delivery by mail alone is not sufficient service on a public corporation under the Michigan rules. See e.g. Brewer v. Detroit Pub. Sch. Cmty. Dist., No. 17-11364, 2018 WL 1128253, at *2 (E.D. Mich. Mar. 2, 2018) (holding service was not achieved by certified mail on a public corporation where plaintiff "has made no argument that she personally served a copy of the summons and complaint on a person in charge of the individual Defendants' office, and the court has found nothing in the record to suggest she has.") In sum, Plaintiff has failed to properly serve Berrien County (named in the complaint as "Berrien County Government" and "Berrien County Board of Commissioners").

        *b.*      *Service on Individuals under Michigan Rules (Fed. R. Civ. P. 4(e)(1))*

Michigan Court Rule 2.105(A) permits service on an individual by "(1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." When a litigant elects to serve a party by certified mail, service is made when the defendant acknowledges receipt of the mail, and the return receipt must be signed by the defendant. Mich. Ct. R. 2.105(A)(2). Here, there is no evidence that Plaintiff personally

5

served any of the individual defendants that he attributes to Berrien County;[2] Plaintiff merely maintains that he mailed process to Berrien County Corporate Counsel. (ECF No. 28, PageID.88; ECF No. 29, PageID.104.) Further, there is no evidence that Plaintiff sent each individual defendant a summons and copy of the complaint nor that any individual defendant acknowledged such a mailing with a signed return receipt. The only return receipt obtained by Plaintiff was from Berrien County's Corporate Counsel, who is not a defendant in this action. Thus, none of these individual defendants have been properly served in this action. See Brewer, 2018 WL 1128253, at *2 (holding that individual defendants were not properly served where plaintiff delivered a copy of the complaint by certified mail to an "attorney of record" for the public entity defendant, did not send a copy of the summons and complaint to each individual defendant, and did not receive a signed acknowledgment from any individual defendant.)

## CONCLUSION

Because no default has been entered, and moreover because none of the defendants identified by Plaintiff as having been "served" by certified mail upon Berrien County Corporate Counsel have been properly served, the Court does not have personal jurisdiction over them and cannot enter the requested default judgment. For this reason, Plaintiff's motion for default judgment should be denied.

Nonetheless, as alternative relief, given the procedural posture of this case following the Sixth Circuit remand, Berrien County is willing to waive service on behalf of itself and its current employees if provided with a 45 day period of time to file a response to the operative complaint following the Court's order. These defendants include: (1) Berrien County Government, (2)

---

[2] These individual defendants include: (1) James McGovern, (2) Bret Witskowki, (3) Lori D. Jarvis, (4) Shelly Weich, (5) McKinley R. Elliott, (6) Kathleen Culberson, (7) Donna B. Howard, and (8) Lora L. Freehling. (Hackworth Decl. ¶ 5.)

Berrien County Board of Commissioners, (3) Shelly Weich, (4) McKinley R. Elliott, (5) Donna B. Howard, and (6) Lora L. Freehling.

Dated:  St. Joseph, Michigan
     December 22, 2023

                Respectfully submitted,

                /s/ Thaddeus J. Hackworth
                Thaddeus J. Hackworth (P84996)
                Berrien County Corporate Counsel
                701 Main Street
                St. Joseph, MI 49085
                (269) 983-7111 x8416
                thackworth@berriencounty.org
                *Attorney for Berrien County*

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the word limit of L. Civ. R. 7.3(b)(i), because, excluding the parts exempted by L. Civ. R. 7.3(b)(i), it contains 1,835 words.  The word count was generated using Microsoft Word 2016.

/s/ Thaddeus J. Hackworth
Thaddeus J. Hackworth (P84996)
Berrien County Corporate Counsel
701 Main Street
St. Joseph, MI 49085
(269) 983-7111 x8416
thackworth@berriencounty.org
*Attorney for Berrien County*