# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                              )
          Plaintiff                                      )

       Vs.                                                    ) Hon. Robert  J.  Jonker
                                                     ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL
          Defendants                                 ) Case No. 1:22 -CV- 1146

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T. 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085
T. (269) 983-7111, | ahansbro@berriencounty.org

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659  | PendrickK@michigan.gov

**EXPEDITED CONSIDERATION REQUESTED**

**PLAINTIFF'S EMERGENCY MOTION, 'FOR DEFAULT JUDGMENT AGAINST DEFENDANT CITY OF BENTON HARBOR, FOR ITS FAILURE TO FILE AN ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF No.10)  OR A MOTION UNDER RULE 12.**

Comes now, Plaintiff, In Pro Se, states that, (notwithstanding) his prior, 'Motions and Applications, for Default Judgments (ECF Nos. 28, 31, 32, 75, 77, 81)".  Plaintiff request that his, 'Emergency Motion, 'For Default Judgment Against Defendant City of Benton Harbor for Its Failure to File an Answer to Plaintiff's, Second Amended Complaint (ECF No. 10), or a Motion Under Rule 12, be granted.  Further, Plaintiff  request expedited consideration under L.R. 7.1(e), because his sum certain Default Judgment damage claim to the tune of  $22, 529,329.60, **is good through December 31, 2023**. And that, Plaintiff and his family's  same great pain and suffering which they have been enduring unwarranted due to Defendants' misconducts, over thirteen years is current and urgent!

The request is based on the Brief in Support filed with the request facts and legal authorities and arguments contained in the Supporting Brief.

Respectfully Submitted,

Dated:  December 26, 2023,                    \S/ Owen W. Barnaby
                                                                Owen W. Barnaby, In Pro Se.

**PLAINTIFF'S  SUPPORTING BRIEF TO,**

**EXPEDITED CONSIDERATION REQUESTED**

**PLAINTIFF'S EMERGENCY MOTION, 'FOR DEFAULT JUDGMENT AGAINST DEFENDANT CITY OF BENTON HARBOR, FOR ITS FAILURE TO FILE AN ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF No.10)  OR A MOTION UNDER RULE 12, AND FOR SANCTION**

---

**STATEMENT OF FACTS**

Plaintiff has properly served the Benton Harbor Defendant Summons and Second Amended Complaint (ECF No. 10), on December 14, 2022, (ECF Nos. 15, 29, 49). Furthermore, Plaintiff has served the Defendant with every filed document both in this District Court and Sixth Circuit Appellate Court's proceedings.

Plaintiff served Summons and Second Amended Complaint (ECF Nos. 10, 15, 29,), Defendant – City of Benton Harbor City Manager, Mr. Ellis Mitchell and on December 14, 2022, and he had one of his senior employee Ms. Aprial Mc Coy to signed for the Summons and the Complaint on his behalf.  Furthermore, on January 4, 2023, Plaintiff contacted Defendant – City of Benton Harbor City Manager Office of Mr. Ellis Mitchell by telephone (269) 927-8457 and left voice mail messages and Ms. Roena, returned the call in relation to ascertain concurrence for Plaintiff's Motion for Default Judgment due to their failure to file an answer to Plaintiff's Second Amended Complaint or a motion under rule 12, within the 21 days required.  Ms. Roena shares that she will convey message to the City Manager. Furthermore, Ms. Roena gave Plaintiff the name and number to Attorney Richard Racht, Defendant – City of Benton Harbor Attorney. Plaintiff called Attorney Richard Racht,  at (269) 983-0551 to ascertain concurrence and Attorney Racht, denied concurrence. Plaintiff then filed 'Motions and Applications, for Default Judgments (ECF Nos. 31, 32, 75, 77, 81) against Defendant – City of Benton Harbor.

The Defendant Benton Harbor since then filed Motion and Opposition, Plaintiff argued are  moot (ECF Nos. 86, 87). As Defendant Benton Harbor's failure to adhere to the District Court's Granted Order (Nos. 33, 35), to file an Answer to Plaintiff's, <u>Second Amended Complaint (ECF No. 10),</u> or a Motion Under Rule 12, 28 days after the determination of the Report and Recommendation, now opinion of the Court (ECF No. 16, 67, 68), entered on February 13, 2023, and expired on March 13, 2023.   And Its failure to appeal the District Court's Orders and Final Judgment (ECF Nos. 35, 67. 68).  As such, Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81) and Application for Entry of Default Judgment (ECF Nos. 32, 75, 77), should be Granted.

Moreover, Plaintiff now file this current Motion to the extent that, Defendant Benton Harbor claimed that Plaintiff's Motion for Default Judgment (ECF No. 31) and Application for Entry of Default Judgment (ECF No. 32) was not after the 21 days has merit. Notwithstanding, that it has been over one year since Defendant Benton Harbor was properly served by Plaintiff with the Summons and Plaintiff's, Second Amended Complaint (ECF No. 10), and is yet to file an Answer or a Motion Under Rule 12, 28 days after the determination of the Report and Recommendation, now opinion of the Court (ECF No. 16, 67, 68), entered on February 13, 2023, and expired on March 13, 2023.   See some Applicable controlling laws.

## ARGUMENT

Plaintiff contends that, Defendant City of Benton Harbor must be Defaulted as it was properly served by Plaintiff with Summonses and Second and Third Amended Complaint (ECF No. 10, 36, 37), but failed to file Answers to, Plaintiff's  Second and Third Amended Complaint (ECF Nos. 10, 36, 37), or a Motion Under Rule 12, and failure to appeal the District Court's Orders and Final Judgment (ECF Nos, 35, 56 67. 68). Plaintiff now files this current Motion to the extent that, Defendant Benton Harbor claimed that, Plaintiff's Motion for Default Judgment (ECF No. 31) and Application for Entry of Default Judgment (ECF No. 32) were not after the 21 days has any merit. Notwithstanding, that it has been over one year since Defendant Benton Harbor was properly served by Plaintiff with the Summons and Plaintiff's, Second Amended Complaint (ECF No. 10), and is yet to file an Answer or a Motion Under Rule 12, 28 days after the determination of the Report and Recommendation, now opinion of the Court (ECF No. 16, 67, 68), entered on February 13, 2023, and expired on March 13, 2023.

Plaintiff's Motion is proper as it comes [over one year] after the Defendant was properly served. "The purpose of a default judgment is to prevent a defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983)."  Clearly, Plaintiff's Motions and applications for Default Judgments are  warranted to stop Defendants employed dilatory tactics and undue delay-harassment of Plaintiff's  Second Amended Complaint (ECF No. 10), for the last [one year and three weeks] and thirteen plus years of sufferings.

Plaintiff contends that, after Nine-plus months after the Court Granted, Defendant City Benton of Harbor Motion "…28 days after the Court's decision on the Report and Recommendation (ECF No. 16).", to file its Answer to Plaintiff's, Second Amended Complaint (ECF No. 10). It has now forfeited its rights to file an Answer to Plaintiff's, Second Amended Complaint (ECF No. 10), or a Motion Under Rule 12, nine-plus months later. Moreover, Plaintiff contends that, Defendant City Benton Harbor MUST be DEFAULTED under Plaintiff's Second Amended Complaint (ECF No. 10), as the court GRANTED Defendant City Benton Harbor 28 days to respond to Plaintiff's Second Amended Complaint (ECF No. 10) which started from February 13, 2023, and expired on March 13, 2023.  And because the Defendant City Benton Harbor 28 days, expired on March 13, 2023, and it is now December 26, 2023, and they did not appeal the District Court's Orders and Final Judgment (ECF Nos. 35, 67, 68) these controlling laws are applicable: (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B); Fed. R. Civ. P. 12 (a)(2) or (3), Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b)

Plaintiff avers that, because he did not argue immune on appeal the Sixth Circuit Appellate Court found that, he forfeited it:

> "Barnaby does not challenge the district court's holding that several defendants' the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel are immune from suit. He also does not challenge the district court's finding that several of the state and federal criminal statutes that he cited do not create a private right of action. Barnaby therefore has forfeited appellate review of those rulings. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)…."

Furthermore, the Sixth Circuit Appellate Court's Order and Judgment finds as it relates to Res judicata, that,  "Res judicata bars not only claims that were litigated in a prior action, but also claims that, **"should have been litigated in the prior action."** Bragg, 570 F.3d at 776 (quoting Bittinger, 123 F.3d at 880)."  As such Res judicata is also proper to deny all other Defendants with Benton Harbor's Motion (ECF No. 85), and grant Plaintiff's Motions and Applications for Default Judgment (ECF Nos. 28, 31, 81) and (ECF Nos. 32, 77).

Moreover,  Defendant Benton Harbor and State Defendants opposed Plaintiff's Third Amended Complaint (ECF Nos. 36, 37, 59, 60), are their admittance that, they were all properly served with Plaintiff Sommons and Second Amended Complaint (ECF Nos. 10, 29,), See Sixth Circuit Appellate Court's Order and Judgment finds, below:

> "Because Barnaby had already filed two amended complaints, and because the defendants did not consent to the filing of a third amended complaint, Barnaby needed leave of the court to file his third amended complaint. Fed. R. Civ. P. 15(a)(1)-(2). The district court denied leave because it found that filing a third amended complaint would be futile."…"Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot."

Lastly, (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B), Fed. R. Civ. P. 12 (a)(2) or (3), Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b) are all -proper to deny all the other Defendants inclusive of Benton Harbor's Motion (ECF No. 85), and grant Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81) and Application for Entry of Default Judgment (ECF Nos. 32, 75, 77).

As such, Plaintiff's Motion for Default Judgment must be Granted. See some Applicable controlling laws: Fed. R. Civ. P. 1; (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B); Fed. R. Civ. P. 12 (a)(2) or (3); Fed. R. Civ. P. 12 (b)(1)(A) and Fed. R. Civ. P. 55 (a), (b).

"**<u>Within 21 days after service of this summons</u>** on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney…"

"If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court."

Moreover, this United States District Court for the Western District of Michigan, states:

"YOU ARE HEREBY SUMMONED and required to serve upon plaintiff, an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within ___, days after service of this sum mons on you (not counting the day you received it). If you fail to respond, **<u>judgment by default will be entered against you</u>** for the relief demanded in the complaint. You must also file your answer or motion with the Court."

**<u>Bowles v. Russell, No. 04-3262 (December 28, 2005); (The doctrine of the law of the case) and or (The law of the case doctrine).</u>**

"**The law of the case,** like issue preclusion, or collateral estoppel, prevents the re-litigation of an issue once there has been a judgment on the merits. Later disputes concerning that issue are considered foreclosed in any subsequent suit.

**<u>The doctrine of the law of the case</u>** is similar in that it limits re-litigation of an issue once it has been decided, but **<u>the law of the case doctrine</u>** is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages.

"18 Moore's Federal Practice, § 134.20 (Matthew Bender 3d ed.). "The gist of the [law of the case] doctrine is that once an appellate court either expressly or by necessary

implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 256 (7th Cir. 1994) (quoting Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991)); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). "The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United States v. Graham, 327 F.3d 460, 464 (6th Cir. 2003)."

### Plaintiff's Motion for Default Judgments is Proper and Must be Granted.

Plaintiff further contends that, his Motion for Default Judgments should be granted not just against Defendant City of Benton Harbor, but all the other Defendants who opposed and may oppose this same motion in this litigation: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits. Russell v. City of Farmington Hills, 34 F. App'x 196, 198 (6th Cir. 2002).

1). Should this District Court now Deny Plaintiff's Motion it would not just violate the Sixth Circuit Appellate Court's Order and Judgment that's biding upon this Court it would all further prejudice and harm plaintiff. Plaintiff argued in the Sixth Circuit Appellate Court, that, "Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; Hardship of great pain and suffering; and emotional distress.  ". It will prejudice Plaintiff by worsening his and his family's  same great pain and suffering they have been enduring unwarranted due to Defendants' misconducts, over thirteen years!

Both the, 2) the merits of the claims and 3) the sufficiency of the complaint, was tested tried and proven by the District Court's Order and Judgment dismissing the Claims, (ECF Nos.

9

67, 68) and Sixth Circuit Appellate Court's Order and Judgment reversing and affirmed the claims and the sufficiency of the complaint.

Next, 4) the amount of money at stake; is set forth with affidavit. And, 5) possible disputed material facts, there are no disputed material facts, because Sixth Circuit Appellate Court's Order and Judgment reversing District Court's Order and Judgment dismissing the Claims and based on Defendant's own appraisal, false Affidavit, fraud in defendants' Deposition and Defendants' forgery documents.

Then, 6) whether the default was due to excusable neglect. These defaults are not due to excusable neglect, Plaintiff's unchallenged brief in the Sixth Circuit Court, argued, "However, Attorney Hackworth, Attorney for the Berrien County Defendants, and Defaulted Defendant Attorney Holmstrom  and Attorney for Holmstrom Law Office communication responses in defense why they failed to file an answer to Plaintiff's Complaint or a motion under Rule 12., were based upon their reliance on Report and Recommendation that the Court will dismiss Plaintiff's Complaint.  Th Berrien County Defendants and the Holmstrom Defendants wittingly and willfully chose not to Answer the Complaint or to file a Motion Under Rule12, as the undisputed facts in the record proved that, Plaintiff finally discovered their continuous retaliations, coverups and abuse of power with intentional material lies, perjuries, fraudulent omissions or misrepresentations and illusory truths, with their filing of false Affidavit, Deposition, Forgery Documents, and in Pleadings, in the District-Court's proceeding, that they used to surprise, shock and confused Plaintiff deterred  the Amendment of his then Complaint, Barnaby v. Witkowski, 1:14-cv-1279."

In addition, 7) the preference for decisions on the merits. Russell v. City of Farmington Hills, 34 F. App'x 196, 198 (6th Cir. 2002). The Sixth Circuit Appellate Court's Order and

Judgment reversing District Court's Order and Judgment dismissing the Claims and based on Defendant's own appraisal, false Affidavit, fraud in defendants' Deposition and Defendants' forgery documents is on the merit. And, the Defendants Berrien County as do all the other Defendants forfeited their rights.

Lastly, (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B), Fed. R. Civ. P. 12 (a)(2) or (3), Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b) are all -proper to grant Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81) and Application for Entry of Default Judgment (ECF Nos. 32, 75, 77).

**Relief Requesting**

For the reasons articulated herein, Plaintiff request that his, 'Emergency Motion, 'For Default Judgment Against Defendant City of Benton Harbor for Its Failure to File an Answer to Plaintiff's, Second Amended Complaint (ECF No. 10), or a Motion Under Rule 12, be granted. Further, Plaintiff request expedited consideration under L.R. 7.1(e), because his sum certain Default Judgment damage claim in  the tune of  $22, 529,329.60 against all defaulted Defendants, is good through December 31, 2023. And that, Plaintiff and his family's  same great pain and suffering they have been enduring unwarranted due to Defendants' misconducts, over thirteen years is current and urgent!

Respectfully Submitted,

Dated:  December 26, 2023,                    \S/ Owen W. Barnaby
                                                                  Owen W. Barnaby, In Pro Se.

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,         )
     Plaintiff          )

     Vs.           ) Hon. Robert  J.  Jonker
                 ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL
     Defendants       ) Case No. 1:22 -CV- 1146

Owen W. Barnaby       Attorney T. Hackworth
P.O. Box 1926         <u>Berrien County Government</u>
Kennesaw, GA 30156      701 Main Street, St. Joseph, Michigan 49085
(678) 382- 4183        T. (269) 983-7111, ex 8416 | <u>thackworth@berriencounty.org</u>
<u>Bossproperties96@gmail.com</u>

                 Attorney, T. Seth Koches,
                 Niles-Charter-Township/Board of Trustee
                470 W. Centre Ave., Ste. A, Portage, MI. 49024
                T. 269-382-4500 <u>Koches@michigantownshiplaw.com</u>

                Jeffery R. Holmstrom (P29405)
                Holmstrom Law Office PLC
                830 Pleasant Street Suite 100
                St. Joseph, MI 49085
                T. (269)-983-0755 | <u>jeff@holmstromlawoffice.com</u>

                Attorney Emily P Jenks
                6th Floor at Ford Field
                1901 St. Antoine St. Detroit, MI 48226
                T: 313-393-7582  |  <u>EJenks@bodmanlaw.com</u>

                Berrien County Courthouse,
                811 Port St, St Joseph, MI 49085

                Pendrick Kimberly Attorney General of Michigan
                525 W. Ottawa, 5th Floor
                P.O. Box 30736, Lansing, MI 48909
                <u>T. 517-335- 7659</u> | <u>PendrickK@michigan.gov</u>

## CERTIFICATE regarding compliance with LCivR 7.1(d)

In accordance with W.D  Mich. LCivR 7.1(d) and other local rule, the undersigned hereby certifies that on December 21, 12, 2023,  Plaintiff contacted Defendant City of Benton Harbor via their legal representative to ascertain concurrence, whether they would object to Plaintiff's Emergency Motion, 'For Default Judgment Against Defendant City of Benton Harbor for Its Failure to File an Answer to Plaintiff's, Second Amended Complaint (ECF No. 10), or a Motion Under Rule 12.

Plaintiff contacted Defendant – City of Benton Harbor, Attorney Emily P Jenks, by email, EJenks@BODMANLAW.COM and by telephone (313) 393-7582 and left voice mail message, with the hope that we could discuss concurrence. As such Plaintiff is not sure if they will file an objection.

Respectfully Submitted,

Dated:  December 26, 2023,            \S/ Owen W. Barnaby
                                     Owen W. Barnaby, In Pro Se.

## CERTIFICATE OF SERVICE

13

The undersigned states that on the 26th day of December 2023, a duplicate original of Plaintiff's, request of Clerk of Court to enter Default Judgment against all named Defendants filed with the Clerk of the using the ECF System, which will provide electric notice to the parties of record, and I have emailed and mailed by U.S. Postal Service the same to the non-ECP participants attorney above.

Respectfully Submitted,

Dated:  December 26, 2023,                          \S/ Owen W. Barnaby
                                                                        Owen W. Barnaby, In Pro Se.

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.3(b)(i) because, excluding the part of the document exempted by this rule, this brief contains less than 4,300 words. This document contains under 3000 words.

2. This document complies with the typeface requirements of Local Rule 7.3(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.


Respectfully Submitted,

Dated:  December 26, 2023,                \S/ Owen W. Barnaby
                                                     Owen W. Barnaby, In Pro Se.