# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

---

OWEN W. BARNABY,                                                      )
    Plaintiff                                                                      )

      Vs.                                                                               ) Hon. Robert J. Jonker
                                                                                                            ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL
      Defendants                                                             ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

Attorney, T. Seth Koches,
Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T. 313-393-7582       |       EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085
T. (269) 983-7111, |   ahansbro@berriencounty.org

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

1

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO HIS, THIRD, MOTION FOR DEFAULT JUDGMENT

### FOR FAILURE TO FILE ANSWER TO COMPLAINT (10, 36) OR A VALID MOTION OR A MOTION UNDER RULE 12, AND FAILURE TO APPEAL DISTRICT COURT'S ORDER AND JUDGMENT (ECF 67, 68).

Comes now, Plaintiff, In Pro Se, state that, **(notwithstanding)** his prior, 'Motions and Applications, for Default Judgments (ECF Nos. 28, 31, 32, 75, 77)". Plaintiff, furthermore, moves the Court for a Third, Motion for Default Judgment against the following Defendants:

1), Defendant - Lori D. Jarvis Registrar; 2), Defendant - Lora L. Freehling Registrar; 3), Defendant - Kathleen Culberson, Notary Public; 4), Defendant – Bret Witskowski, Treasurer; 5), Defendant – Shelly Weich, Treasurer; 6), Defendant – Board of Commissioner;  7), Defendant – Attorney Mckinley R. Elliott; 8), Defendant – Attorney Donna B. Howard;  9), Defendant – Attorney James Mcgovern; 10), Defendant – Berrien County Government; 11), Defendant – Bret Witskowski, in his Individual capacity; 12), Defendant – State Bar of Michigan, 13), Defendant – Attorney Jefferey R. Holmstrom and   14), Defendant – Holmdtrom Law Office; 15), Defendant - Niles Charter Township Board of Trustees; and, 16), Defendant - for Defendant - Niles Charter Township; 17), Defendant – City of Benton;  18), Defendant – Kendell S. Asbenson, Assistant Attorney General of Michigan;  19), Defendant – Hon. Rick Snyder Former Governor of Michigan; 20), Defendant – Hon. Jennifer Granholm, Former Governor of Michigan, for failure to file an Answer to Plaintiff's Complaint (ECF Nos. 10, 36), or a valid Motion, or a Motion Under Rule 12, and failure to appeal the District Court's Order and Judgment (ECF Nos. 33, 56, 67. 68).

Respectfully Submitted,

Dated:  December 26, 2023,            \S/ Owen W. Barnaby
                                      Owen W. Barnaby, In Pro Se.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO HIS,
SUPPORTING BRIEF FOR THIRD MOTION FOR DEFAULT JUDGMENT**

**FOR FAILURE TO FILE ANSWER TO
COMPLAINT (10, 36)  OR A VALID MOTION OR A MOTION UNDER RULE 12, AND
FAILURE TO APPEAL DISTRICT COURT'S ORDER AND JUDGMENT (ECF 67, 68)**

# ARGUMENT

## CONCISE STATEMENT OF ISSUES and AUTHORITY

Plaintiff contends that, all the Defendants mentioned below must be Defaulted as they all were properly served by Plaintiff with Summonses and Second and Third Amended Complaint (ECF No. 10, 36, 37), and they failed to file Answers to, Plaintiff's  Second and Third Amended Complaint (ECF Nos. 10, 36, 37), or a valid Motion, or a Motion Under Rule 12, and failure to appeal the District Court's Orders and Final Judgment (ECF Nos, 35, 56 67. 68), that, Plaintiff Properly seeks Motions (ECF Nos. 28, 31, 81) and Applications (ECF Nos. 32, 75, 77), [over one year and three weeks] after they were properly served. As one of the Defendant's oppositions brief accurately, states,  "The purpose of a default judgment is to prevent a defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983)."  Clearly, Plaintiff's Motions and applications for Default Judgments are  warranted to stop Defendants employed dilatory tactics and undue delay-harassment of Plaintiff's  Second Amended Complaint (ECF No. 10), for the last [one year and three weeks] and thirteen plus years of sufferings.

3

As such, Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81) and Application for Entry of Default Judgment (ECF Nos. 32, 75, 77), Must be Granted.  See some Applicable controlling laws:

    A. Fed. R. Civ. P. 1
    B. (The doctrine of the law of the case) and or (The law of the case doctrine)
    C. Res Judicata and or Collateral Estoppel
    D. Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B)
    E. Fed. R. Civ. P. 12 (a)(2) or (3)
    F. Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b)

"**Within 21 days after service of this summons** on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney…"

"If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court."

Moreover, this United States District Court for the Western District of Michigan, states that,

"YOU ARE HEREBY SUMMONED and required to serve upon plaintiff, an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within ___, days after service of this sum mons on you (not counting the day you received it). If you fail to respond, **judgment by default will be entered against you** for the relief demanded in the complaint. You must also file your answer or motion with the Court."

4

**Bowles v. Russell, No. 04-3262 (December 28, 2005); (The doctrine of the law of the case) and or (The law of the case doctrine).**

"**The law of the case,** like issue preclusion, or collateral estoppel, prevents the re-litigation of an issue once there has been a judgment on the merits. Later disputes concerning that issue are considered foreclosed in any subsequent suit.

**The doctrine of the law of the case** is similar in that it limits re-litigation of an issue once it has been decided, but **the law of the case doctrine** is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages.

"18 Moore's Federal Practice, § 134.20 (Matthew Bender 3d ed.). "The gist of the [law of the case] doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 256 (7th Cir. 1994) (quoting Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991)); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). "The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United States v. Graham, 327 F.3d 460, 464 (6th Cir. 2003)."

5

I. **Some of Sixth Circuit Appellate Court's Order and Judgment Pertinent Controlling Facts and laws that are bidding on this District Court:**

The Sixth Circuit Appellate Court in Its Order and Judgment stated as follows:

"….<u>VACATE the judgment in part, and REMAND for further proceedings consistent with this order.</u>"

"We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot."

II. **List of Defendants who were all properly served by Plaintiff with Summonses and Second Amended Complaint (ECF No. 10), and they failed to file Answers to, Plaintiff's Second Amended Complaint (ECF No. 10), or a valid Motion, or a Motion Under Rule 12, and failure to appeal the District Court's Orders and Final Judgment (ECF Nos, 35, 56 67. 68), that Plaintiff Properly seeks Motions (ECF Nos. 28, 31, 81) and Applications (ECF Nos. 32, 75, 77) for Default Judgments against!**

Plaintiff contends that, all the Defendants mentioned in this Brief must be Defaulted as they all were properly served by Plaintiff with Summonses and Second Amended Complaint (ECF No. 10), and they failed to file Answers to, Plaintiff's Second Amended Complaint (ECF No. 10), or a valid Motion, or a Motion Under Rule 12, and failure to appeal the District Court's Orders and Final Judgment (ECF Nos, 35, 56 67. 68), that, Plaintiff Properly seeks Motions (ECF Nos. 28, 31, 81) and Applications (ECF Nos. 32, 75, 77), over one year and three months after they were properly served. As one of the Defendant's oppositions brief accurately, states, "The purpose of a default judgment is to prevent a defendant from employing dilatory tactics— not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S.

6

Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983)." Clearly, Plaintiff's Motions and applications for Default Judgments are warranted to stop Defendants employed dilatory tactics and undue delay-harassment of Plaintiff's Second Amended Complaint (ECF No. 10), for the last [one year and three weeks].

### A. All the Above Defendants Were Properly Served Summonses and Second Amended Complaint (ECF No. 10)

First, Plaintiff contends that he has properly served all Eleven Berrien County Defendants Summonses and Second Amended Complaint (ECF No. 10), on December 09, 2022, (ECF Nos. 15, 29, 49). And that, he has served them with every filed document both in this District Court and Sixth Circuit Appellate Court thereafter to present.

Plaintiff's unchallenged Appellate Brief by Defendants Berrien County and Defendants Holmstrom argued, "The undisputed facts in the record demonstrated that, both the Berrien County Defendants and Holmstrom Defendants were properly served with Complaint and Summons and with filings in the District Court's proceedings. But they wittingly and willfully chosen to be Defaulted rather than to Answer Plaintiff's independent Complaint (ECF Nos., 10, 36), or to file Motion under Rule12."

> "First, Plaintiff called and spoke with Defendant Attorney Holmstrom as a Defendant in the case and about some of his prior clients; also, about Plaintiff's intent to add to the Complaint. It was a "Surprise" to Plaintiff, when Defendant Attorney Holmstrom stated that Plaintiff has no further need to contact him about the same two matters as the Magistrate Judge has filed a Report and Recommendation which Judge Robert J. Jonker who will basically just rubber stamp even if Plaintiff responded. Plaintiff then called the clerk office to confirm, if indeed the Magistrate Judge has filed a Report and Recommendations and the clerk's office confirmed." See ( ID.66-67).

7

> "….In spite the heads up from Defendant Attorney Holmstrom that, the Magistrate Judge filed Report and Recommendations well be rubber stamped by Judge Robert J. Jonker, Plaintiff is still seeking time to properly respond to the Report and Recommendations…." **(ECF No. 22, Pages ID.66-67).**

Plaintiff demonstrated to the Appellate Court that Defendants Holmstrom were updated and fully aware of the Court's proceedings.

Plaintiff by US Postal certified mail, with restricted Delivery and with return receipt Serve Summons and Complaint upon the Clients of Attorney Thaddeus Hackworth. Plaintiff spoke with Attorney Thaddeus Hackworth and he authorized Plaintiff to mail Summons and Complaint, to him on his clients behalf: 1), Defendant - Lori D. Jarvis Registrar; 2), Defendant - Lora L. Freehling Registrar; 3), Defendant - Kathleen Culberson, Notary Public; 4), Defendant – Bret Witskowski, Treasurer; 5), Defendant – Shelly Weich, Treasurer; 6), Defendant – Board of Commissioner; 7), Defendant – Attorney Mckinley R. Elliott; 8), Defendant – Attorney Donna B. Howard; 9), Defendant – Attorney James Mcgovern; 10), Defendant – Berrien County Government; 11), Defendant – Bret Witskowski, in his Individual capacity, on December 09, 2022. But failed to file an answer to Plaintiff's Second Amended Complaint (ECF No. 10), or a motion under Rule 12, even now December 26, 2023, over one year and three weeks later.

The objective of the service is for Defendant(s) to receive Summons and Complaint to raise a defense. Attorney Thaddeus Hackworth has proved to Plaintiff and both the District Court and the Sixth Circuit Appellate Court that, Defendants Berrien Court were properly served in two clear manners, (ECF Nos. 48, 87: **#1).** Attorney Thaddeus Hackworth admitted that, at the time he received the Summonses and Plaintiff's Second Amended Complaints, (ECF No. 10) he was and still is the Corporate Counsel for the Berrien County Defendants. **#2).** Attorney Thaddeus Hackworth, Corporate Counsel for the Berrien County Defendants, "ten summonses and copies of the Second Amended Complaint". Thus, Attorney Thaddeus Hackworth, Corporate Counsel for the Berrien County Defendants has provided the evidence that, all the Berrien

8

County Defendants were properly served on December 09, 2022. Please see their opposing response bellow,

> "As set forth in Berrien County's brief in opposition to Plaintiff's first motion for a default judgment (ECF No. 48), Plaintiff previously mailed by certified mail to Thaddeus Hackworth, Corporate Counsel for Berrien County, ten summonses and copies of the Second Amended Complaint, directed to ten different individual and entity defendants" "…… Under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action." (ECF No. 87)"

Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B), made clear that, service upon Defendants Attorney is proper or their officer. Further the Sixth Circuit Appellate Court Order Plaintiff's to served Defendants in the same manner. (Docket #: 23-1134 Document #11)

### The Niles Charter Township Defendants

Plaintiff hereby incorporates all the above facts and arguments, above as if fully set forth herein, and further contends that, his appellate Brief argued that, **"F**irst, while Defendants Niles Township filed an Answer to Plaintiff's Complaint. (ECF No. 58). They did not file an opposition to Plaintiff's Amendment (ECF Nos. 36, 37), nor his objection (ECF No. 57), to the Report and Recommendation, now Opinion of the District Court. (ECF No. 16)…..."

### The Benton Harbor Defendant,

Plaintiff hereby incorporates all the above facts and arguments, above as if fully set forth herein, and further contends that, Plaintiff contends that he has properly served the Benton Harbor Defendant Summons and Second Amended Complaint (ECF No. 10), on December 14, 2022, (ECF Nos. 15, 29, 49). And that, he has served them with every filed document both in this District Court and Sixth Circuit Appellate Court's proceedings.

Plaintiff served Summons and Second Amended Complaint (ECF Nos. 10, 15, 29,), Defendant – City of Benton Harbor City Manager, Mr. Ellis Mitchell and on December 14, 2022, he had one of his senior employee Ms. Aprial Mc Coy to signed for the Summons and the

9

Complaint on his behalf.  Furthermore, on January 4, 2023, Plaintiff contacted Defendant – City of Benton Harbor City Manager Office of Mr. Ellis Mitchell by telephone (269) 927-8457 and left voice mail messages and Ms. Roena, returned the call in relation to ascertain concurrence for Plaintiff's Motion for Default Judgment due to their failure to file an answer to Plaintiff's Second Amended Complaint or a motion under rule 12, within the 21 days required.  Ms. Roena shared that, she will convey message to the City Manager. Furthermore, Ms. Roena gave Plaintiff the name and number to Attorney Richard Racht, Defendant – City of Benton Harbor Attorney. Plaintiff called Attorney Richard Racht,  at (269) 983-0551 to ascertain concurrence and Attorney Racht, denied concurrence.

    The Defendant Benton Harbor's Opposition is moot (ECF No. 86). As its failure to adhere to the District Court's Granted Order (Nos. 33, 35), to file an Answer to Plaintiff's, Second Amended Complaint (ECF No. 10), or a Motion Under Rule 12, 28 days after the determination of the Report and Recommendation, now opinion of the Court (ECF No. 16, 67, 68), entered on February 13, 2023, and expired on March 13, 2023.   And Its failure to appeal the District Court's Orders and Final Judgment (ECF Nos. 35, 67. 68).  As such, Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81) and Application for Entry of Default Judgment (ECF Nos. 32, 75, 77), should be Granted.  See some Applicable controlling laws.

**The State of Michigan Defendants**

    Plaintiff hereby incorporates all the above facts and arguments, above as if fully set forth herein, and further contends that,  Plaintiff contends that, he has properly served all State of Michigan Defendants below, Summonses and Second Amended Complaint (ECF No. 10), on

10

December 09, 2022, (ECF Nos. 15, 18, 19, 29, 49, 81). And that, he has served them with every filed document both in this District Court and Sixth Circuit Appellate Court thereafter to present.

Plaintiff's Motions (ECF Nos. 81) and Applications (ECF Nos. 75, 77) for Default Judgments are  Proper against the State of Michigan Defendants: 18), Defendant – Kendell S. Asbenson, Assistant Attorney General of Michigan;  19), Defendant – Hon. Rick Snyder Former Governor of Michigan; 20), Defendant – Hon. Jennifer Granholm, Former Governor of Michigan; Should be Granted because of their failure to file an Answer to His, Second and <u>Third Amended Complaint (ECF Nos. 10, or 36),</u> or a valid Motion, or a Motion Under Rule 12, and did not appeal the District Court's Order and Judgment (ECF No. 67. 68).

### B. Plaintiff's Motions (ECF Nos. 28, 31, 81) and Applications (ECF Nos. 32, 75, 77) for <u>Default Judgments are  Proper and Should be Granted against all the Defendants.</u>

Plaintiff further contends that, his Motions and Applications for Default Judgments should be granted not just against Named Defendants for the very reasons some opposed, that they be granted: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits. Russell v. City of Farmington Hills, 34 F. App'x 196, 198 (6th Cir. 2002).

1). Should this District Court now Deny Plaintiff's Motions and Application for Default Judgments it would not just violate the Sixth Circuit Appellate Court's Order and Judgment that's, biding upon this Court it would all further prejudice and harm plaintiff. Plaintiff argued in the Sixth Circuit Appellate Court, that, "Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered

11

homelessness, the death of our son; Hardship of great pain and suffering; and emotional distress. ". It will prejudice Plaintiff by worsening his and his family's same great pain and suffering they have been enduring unwarranted due to Defendants' misconducts, over thirteen years!

Both the, 2) the merits of the claims and 3) the sufficiency of the complaint, was tested tried and proven by the District Court's Order and Judgment dismissing the Claims, (ECF Nos. 67, 68) and Sixth Circuit Appellate Court's Order and Judgment reversing and affirmed the claims and the sufficiency of the complaint.

Next, 4) the amount of money at stake; is set forth with affidavit. And, 5) possible disputed material facts, there are no disputed material facts, because Sixth Circuit Appellate Court's Order and Judgment reversing District Court's Order and Judgment dismissing the Claims and based on Defendant's own appraisal, false Affidavit, fraud in defendants' Deposition and Defendants' forgery documents.

Then, 6) whether the default was due to excusable neglect. These defaults are not due to excusable neglect, Plaintiff's unchallenged brief in the Sixth Circuit Court, argued, "However, Attorney Hackworth, Attorney for the Berrien County Defendants, and Defaulted Defendant Attorney Holmstrom and Attorney for Holmstrom Law Office communication responses in defense why they failed to file an answer to Plaintiff's Complaint or a motion under Rule 12., were based upon their reliance on Report and Recommendation that, the Court will dismiss Plaintiff's Complaint. Th Berrien County Defendants and the Holmstrom Defendants wittingly and willfully chose not to Answer the Complaint or to file a Motion Under Rule12, as the undisputed facts in the record proved that, Plaintiff finally discovered their continuous retaliations, coverups and abuse of power with intentional material lies, perjuries, fraudulent omissions or misrepresentations and illusory truths, with their filing of false Affidavit,

12

Deposition, Forgery Documents, and in Pleadings, in the District-Court's proceeding, that they used to surprise, shock and confused Plaintiff, deterred the Amendment of his then Complaint, Barnaby v. Witkowski, 1:14-cv-1279."

In addition, 7) the preference for decisions on the merits. Russell v. City of Farmington Hills, 34 F. App'x 196, 198 (6th Cir. 2002). The Sixth Circuit Appellate Court's Order and Judgment reversing District Court's Order and Judgment dismissing the Claims and based on Defendant's own appraisal, false Affidavit, fraud in defendants' Deposition and Defendants' forgery documents is on the merit. And, the Defendants Berrien County as do all the other Defendants forfeited their rights.

Lastly, (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B), Fed. R. Civ. P. 12 (a)(2) or (3), Fed. R. Civ. P. 12 (b)(1)(A) and Fed. R. Civ. P. 55 (a), (b) are all -proper to grant Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81) and Application for Entry of Default Judgment (ECF Nos. 32, 75, 77).

**III.** **List of Defendants who were all properly served by Plaintiff with Summonses and Third Amended Complaint (ECF No. 36, 37), on or about January 06, 2023, but they failed to file Answers to, Plaintiff's Third Amended Complaint (ECF No. 36, 37) or a Motion Under Rule 12, and failure to appeal the District Court's Orders and Final Judgment (ECF Nos, 35, 56, 67. 68), that Plaintiff Properly seeks Motion (ECF No. 81) and Applications (ECF Nos. 75, 77) for Default Judgments against!**

1), Defendant - Lori D. Jarvis Registrar; 2), Defendant - Lora L. Freehling Registrar; 3), Defendant - Kathleen Culberson, Notary Public; 4), Defendant – Bret Witskowski, Treasurer; 5), Defendant – Shelly Weich, Treasurer; 6), Defendant – Board of Commissioner; 7), Defendant – Attorney Mckinley R. Elliott; 8), Defendant – Attorney Donna B. Howard; 9), Defendant – Attorney James Mcgovern; 10), Defendant – Berrien County Government; 11), Defendant – Bret Witskowski, in his Individual capacity; 12), Defendant – State Bar of Michigan, 13), Defendant – Attorney Jefferey R. Holmstrom and 14), Defendant – Holmdtrom Law Office; 15), Defendant - Niles Charter Township Board of Trustees; and, 16), Defendant - for Defendant - Niles Charter Township; 17), Defendant – City of Benton; 18), Defendant – Kendell S. Asbenson, Assistant Attorney General of Michigan; 19), Defendant – Hon. Rick

Snyder Former Governor of Michigan; 20), Defendant – Hon. Jennifer Granholm, Former Governor of Michigan.

Plaintiff contends that, Defendant City of Benton Harbor and all the others Defendant that were served on January 06, 2023, with the Third Amended Complaint (ECF Nos. 36, 37). Further, contained within Plaintiff's Motion to Amended Complaint(ECF No. 36, 37), was the preservation of Plaintiff's Motions and Application for Default Judgment. (ECF Nos. 28, 31, 32) against Defendants. Please see Motion (ECF No. 37), entitle below

EXPEDITED CONSIDERATION REQUESTED

PLAINTIFF'S EMERGENCY MOTION TO, 'AMEND OR LEAVE TO  AMEND, SECOND AMENDED COMPLAINT', AND 'CLARIFICATIONS,  ON REPORT AND RECOMMENDATION AND ON MOTION TO DISMISS, SECOND AMENDED COMPLAINT', AND 'PRESERVATION OF PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANTS AND APPLICATION FOR DEFAULT JUDGMENT'

As such, Defendant Benton Harbor's ambiguity argument between Plaintiff's Second and Third Amended Complaint (ECF No. 10, 36) is moot.  Moreover, should this District Court adhere to it, it will cause the District Court to violate the Sixth Circuit Appellate Court's Order and Judgment (ECF Nos. 72, 73).

Plaintiff contends that, the issue at hand is not ambiguous, but simple and strait Forward. On January 06, 2023, Plaintiff served his Third Amended Complaint (ECF Nos. 36, 37) on Defendants. Plaintiff's Brief to the Sixth Circuit Appellate Court argued, facts that occurred in the District Court's proceedings, that, both Defendant Benton Harbor and the State of Michigan Defendants instead of filing an answers or file Rule 12 Motions to Plaintiff's, Third Amended Complaint (ECF Nos. 36, 37), they Objected to it. And that, the District Court then used their objection as the basis to deny Plaintiff's Motion for his Third Amended Complaint (ECF Nos. 36, 37).  Furthermore, while Defendants Niles Township filed an Answer to Plaintiff's

Complaint. (ECF No. 10). They did not file an opposition to Plaintiff's Third Amendment (ECF Nos. 36, 37), nor did any of the other Defendants file any answers or Rule 12 Motions.

As such, Plaintiff contends that, his Motion and Applications for Default Judgments (ECF Nos. 75, 77, 81,), against all the named Defendants inclusive of Defendant Benton Harbor are proper and should be granted and that, Defendant Benton Harbor Motion (ECF No. 85) should be Denied.  As they did not file an answer to Plaintiff's, Third Amended Complaint (ECF No. 36), or a Motion Under Rule 12.  Moreover, the District Court entered Order and Final Judgement on February 13, 2023, and none of the Defendants filed an Answer or a Rule 12 Motion to date; nor did Defendants appeal the District Court's Orders and Final Judgment (ECF Nos. 35, 56, 67, 68), only Plaintiff did appeal, and the Sixth Circuit Appellate Court's reversal and found that:

> "….The district court denied leave because it found that filing a third amended complaint would be futile…… The magistrate judge found that allowing Barnaby to amend his second amended complaint would be futile, in part, because Barnaby's "claims related to his foreclosed properties . . . are barred by claim and issue preclusion." But because the res judicata ruling is erroneous, so too in error was the magistrate judge's reliance on that ruling to conclude that amendment would be futile."

Finally, the controlling laws are as follows: (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B), Fed. R. Civ. P. 12 (a)(2) or (3); Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b) are all -proper to deny all Defendants inclusive of Benton Harbor's Motion (ECF No. 85), and grant Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81) and Application for Entry of Default Judgment (ECF Nos. 32, 77).

## Relief Requesting

For the reasons articulated in Supporting Brief and in the record, the Defendants below should be Defaulted and Plaintiff's damage cost awarded:

1), Defendant -  Lori D. Jarvis Registrar; 2), Defendant - Lora L. Freehling Registrar; 3), Defendant - Kathleen Culberson, Notary Public; 4), Defendant – Bret Witskowski, Treasurer; 5), Defendant – Shelly Weich, Treasurer; 6), Defendant – Board of Commissioner;  7), Defendant – Attorney Mckinley R. Elliott; 8), Defendant – Attorney Donna B. Howard;  9), Defendant – Attorney James Mcgovern; 10), Defendant – Berrien County Government; 11), Defendant – Bret Witskowski, in his Individual capacity; Defendant – Attorney Jefferey R. Holmstrom and   14), Defendant – Holmdtrom Law Office; 15), Defendant - Niles Charter Township Board of Trustees; and, 16), Defendant - for Defendant - Niles Charter Township; 17), Defendant – City of Benton;  18), Defendant – Kendell S. Asbenson, Assistant Attorney General of Michigan;  19), Defendant – Hon. Rick Snyder Former Governor of Michigan; 20), Defendant – Hon. Jennifer Granholm, Former Governor of Michigan.

The amount sum certain grand total is, Twenty Two Million, Five Hundred Thousand, Three Hundred and Twenty nine and Sixty cents, **$22, 529,329.60,** in keeping with what is set forth in Plaintiff's affidavit.

Respectfully Submitted,

Dated:  December 26, 2023,                \S/ Owen W. Barnaby
                                          Owen W. Barnaby, In Pro Se.

## **CERTIFICATE OF SERVICE**

The undersigned states that on the 26th day of December 2023, a duplicate original of Plaintiff's, request of Clerk of Court to enter Default Judgment against all named Defendants filed with the Clerk of the using the ECF System, which will provide electric notice to the parties of record, and I have emailed and mailed by U.S. Postal Service the same to the non-ECP participants attorney above.

                                        Respectfully Submitted,

Dated:  December 26, 2023,                      \S/ Owen W. Barnaby
                                                   Owen W. Barnaby, In Pro Se.

# **CERTIFICATE OF COMPLIANCE**

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.3(b)(i) because, excluding the part of the document exempted by this rule, this brief contains less than 4,300 words. This document contains under 4,300 words.

2. This document complies with the typeface requirements of Local Rule 7.3(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.

Respectfully Submitted,

Dated:  December 26, 2023,                     \S/ Owen W. Barnaby
                                               Owen W. Barnaby, In Pro Se.