# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
| Plaintiff | ) |
| | |
| Vs. | ) Hon. Robert  J.  Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
| Defendants | ) Case No. 1:22 -CV- 1146 |

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

Attorney, T. Seth Koches,
Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T. 313-393-7582      |      EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085
T. (269) 983-7111, |  ahansbro@berriencounty.org

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659  | PendrickK@michigan.gov

**PLAINTIFF'S OPPOSITION TO ,
THE CITY OF BENTON HARBOR'S MOTION TO EXTEND TIME TO FILE
RESPONSE TO PLAINTIFF'S  COMPLAINT (ECF Nos. 10, 36)**

# ARGUMENT

### CONCISE STATEMENT OF ISSUES and AUTHORITY

Plaintiff contends that, The Defendant City of Benton Harbor's Motion (ECF No. 85) to Extend Time to File Response to Plaintiff's Second and Third Complaint (ECF Nos. 10, 36), should be DENIED, because of Defendant Benton Harbor's failure to adhere to the District Court's Granted Order (No. 35), to file an Answer to Plaintiff's, Second Amended Complaint (ECF No. 10), or a Motion Under Rule 12, 28 days after the determination of the Report and Recommendation, now opinion of the Court (ECF No. 16), entered on February 13, 2023, and expired on March 13, 2023.   And Its failure to appeal the District Court's Orders and Final Judgment (ECF Nos. 35, 67. 68).  Furthermore, the Defendant Benton Harbor's Motion (ECF No. 85) is really a reconsideration of its Granted January 04, 2023, Motion(ECF Nos. 33, 35), over ten months after its response time has expired. Moreover, granting such a Motion would not only prejudice Plaintiff, but it would also cause the District Court to violate the Sixth Circuit Appellate Court's Order and Judgment (ECF Nos. 72, 73).  As such, Defendant Benton Harbor's Motion (ECF No. 85) should be Denied and Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81, 88) and Application for Entry of Default Judgment (ECF Nos. 32, 75, 77), should be Granted.  See some Applicable controlling laws:

    A.  Fed. R. Civ. P. 1
    B.  (The doctrine of the law of the case) and or (The law of the case doctrine)
    C.  Res Judicata and or Collateral Estoppel
    D.  Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B)
    E.  Fed. R. Civ. P. 12 (a)(2) or (3)
    F.  Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b)

"**Within 21 days after service of this summons** on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney…"

"If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court."

Moreover, this United States District Court for the Western District of Michigan, that issues Summons in Civil Actions states, that:

AO 440 (Rev. 01/09) Summons in a Civil Action - MIWD (Rev. 07/15)

"YOU ARE HEREBY SUMMONED and required to serve upon plaintiff, an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within ___, days after service of this sum mons on you (not counting the day you received it). If you fail to respond, **judgment by default will be entered against you** for the relief demanded in the complaint. You must also file your answer or motion with the Court."

**Bowles v. Russell, No. 04-3262 (December 28, 2005); (The doctrine of the law of the case) and or (The law of the case doctrine).**

"**The law of the case,** like issue preclusion, or collateral estoppel, prevents the re-litigation of an issue once there has been a judgment on the merits. Later disputes concerning that issue are considered foreclosed in any subsequent suit.

**The doctrine of the law of the case** is similar in that it limits re-litigation of an issue once it has been decided, but **the law of the case doctrine** is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages.

"18 Moore's Federal Practice, § 134.20 (Matthew Bender 3d ed.). "The gist of the [law of the case] doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 256 (7th Cir. 1994) (quoting Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991)); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). "The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United States v. Graham, 327 F.3d 460, 464 (6th Cir. 2003)."

3

I.     **Some of Sixth Circuit Appellate Court's Order and Judgment Pertinent Controlling Facts and laws that are binding on this District Court:**

The Sixth Circuit Appellate Court in Its Order and Judgment stated as follows:

"….<u>VACATE the judgment in part, and REMAND for further proceedings consistent with this order.</u>"

"Barnaby does not challenge the district court's holding that several defendants' the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel are immune from suit. He also does not challenge the district court's finding that several of the state and federal criminal statutes that he cited do not create a private right of action. Barnaby therefore has forfeited appellate review of those rulings. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)…."

The Sixth Circuit Appellate Court in Its Order and Judgment finds as it relates to Res judicata,  "Res judicata bars not only claims that were litigated in a prior action, but also claims that, <u>"should have been litigated in the prior action</u>." Bragg, 570 F.3d at 776 (quoting Bittinger, 123 F.3d at 880)."

"Because Barnaby had already filed two amended complaints, and because the defendants did not consent to the filing of a third amended complaint, Barnaby needed leave of the court to file his third amended complaint. Fed. R. Civ. P. 15(a)(1)-(2). The district court denied leave because it found that filing a third amended complaint would be futile."

"Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot."

**II.    Plaintiff contends that, The City of Benton Harbor's Motion to Extend Time to File Response to Plaintiff's <u>Second Amended Complaint (ECF No. 10),</u> Must be DENIED, because it is really seeking a Reconsideration of Its January 04, 2023, Granted Motion(ECF Nos. 33, 35), and that it is factually and legally moot, and will prevent this District Court from proceeding consistently with the Sixth Circuit's Order & Judgment, (ECF Nos. 72, 73).**

On December 14, 2022, Defendant City Benton of Harbor was served Sommons and with Plaintiff's Second Amended Complaint (ECF Nos. 10,15, 29). Furthermore, also  on December 14, 2022, Plaintiff filed Motion for Default Judgment (ECF No. 31) and Application for Entry of Default Judgment (ECF No. 32) against Defendant City Benton Harbor. As such, on January 04, 2023, the Defendant City Benton Harbor filed Emergency Motion (ECF No. 33), to Extend Time to 28 days after the Court's decision on the Report and Recommendation (ECF No. 16), to File Response to Plaintiff's Second Amended Complaint (ECF No. 10), and to Strike Plaintiff's Motion for Default Judgment (ECF No. 31) and Application for Entry of Default Judgment (ECF No. 32). The Magistrate Judge Sally J. Berens on the same day, Granted the Defendant City Benton Harbor filed Emergency Motion (ECF No. 35) in part and denied it in part, as follows:

> "Defendant City of Benton Harbor's response to Plaintiff's Second Amended Complaint is due 28 days after the Court's decision on the Report and Recommendation (ECF No. 16)."   **IT IS SO ORDERED**

However, Defendant Benton Harbor did not adhere to this Court's Order, **granting** Its Motion (ECF Nos. 33, 35), "Defendant City of Benton Harbor's response to Plaintiff's Second Amended Complaint was due 28 days after the Court's decision on the Report and Recommendation (ECF No. 16)."  It is Now, over ten months from its expired date to respond on March 13, 2023, to respond to Plaintiff's, 'Second Amended Complaint (ECF No. 10)', and after the Sixth Circuit Appellate Court found that, Plaintiff's Motion for Default Judgment (ECF Nos. 28, 31) and Application for Entry of Default Judgment (ECF No. 32) are not moot. Defendant Benton Harbor filed this Motion (ECF No. 85), seeking indirectly a reconsideration of Its

January 04, 2023, Granted Motion (ECF No. 33). Plaintiff contends that, neither Defendant

Benton Harbor's Motion nor the District Court's Granted Order said 28 days after Appellate

review, (ECF Nos. 33, 35). They both said, "…is due 28 days after the Court's decision on the

Report and Recommendation (ECF No. 16)."   Moreover, Defendant Benton Harbor did not

appeal the District Court's Orders and Final Judgment (ECF Nos. 35, 56 67. 68). As such,

Plaintiff contends that, Defendant Benton Harbor's Motion (ECF No. 85) should be Denied and

Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81) and Application for Entry of

Default Judgment (ECF Nos. 32, 75 77), should be Granted.


### A.  Plaintiff's Response to The City Benton of Harbor, Notice Requesting Concurrence, was as follows:

"Defendant City Benton of Harbor, sent notice requesting Plaintiff's concurrence to file

Motion for 28 days to respond to Plaintiff's Second and Third Amended Complaint (ECF Nos.

10, 36), as follows:

> "Benton Harbor will file a motion today asking the Court to enter an order granting
> Benton Harbor 28 days to respond to your complaint after the Court issues a decision on
> your motion to amend. Please advise if you concur."

Plaintiff Denies as follows: "Plaintiff **Denies** Defendant Benton Harbor concurrence to

file any motion asking the Court to enter an order granting Benton Harbor 28 days to respond to

Plaintiff's Complaints (ECF Nos. 10, 36), or any Motion Under Rule 12, because it would be

FRIVOLOUS, FUTILE, and WASTE of the Court's and Plaintiff's time and resource in

violation of the following controlling laws:

1. Fed. R. Civ. P. 1
2. (The doctrine of the law of the case) and or (The law of the case doctrine)
3. Res Judicata and or Collateral Estoppel Doctrines
4. Fed. R. Civ. P. 12 (a)(2) or (3)
5. Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b)

"**Within 21 days after service of this summons** on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney…"

"If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court."

Moreover, this United States District Court for the Western District of Michigan, that issues Summons in Civil Actions states, that:

AO 440 (Rev. 01/09) Summons in a Civil Action - MIWD (Rev. 07/15)

"YOU ARE HEREBY SUMMONED and required to serve upon plaintiff, an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within ___, days after service of this sum mons on you (not counting the day you received it). If you fail to respond, **judgment by default will be entered against you** for the relief demanded in the complaint. You must also file your answer or motion with the Court."

#1.  Defendant City Benton Harbor is properly DEFAULTED under Plaintiff's Second Amended Complaint (ECF No. 10), as the court GRANTED Defendant City Benton Harbor 28 days to respond to Plaintiff's Second Amended Complaint (ECF Nos. 10) which started from February 13, 2023, and expired on March 13, 2023. It is now over nine months, December 21, 2023, and Defendant City Benton Harbor has failed to file an Answer to Plaintiff's, Second Amended Complaint (ECF Nos. 10), or a Motion Under Rule 12.

#2. Plaintiff's, THIRD, MOTION FOR DEFAULT JUDGMENT FOR FAILURE TO

FILE ANSWER TO COMPLAINT (10, 36) OR A MOTION UNDER RULE 12, AND

FAILURE TO APPEAL DISTRICT COURT'S ORDER AND JUDGMENT (ECF 67, 68).

Moreover, should Defendant City Benton Harbor file such **FRIVOLOUS**, and **FUTILE**

**Motion**, Plaintiff shall Motion the Court to Sanction both Defendant City Benton Harbor and Its

Attorneys."

### B. Defendant's Motion (ECF No. 85) Must be Denied and Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81, 88 ) and Application for Entry of Default Judgment (ECF Nos. 32, 75, 77), be Granted because of their Failure to Appeal the District Court's Orders and Final Judgment (ECF No. 35, 67. 68)

Plaintiff contends that, after Nine-plus months after the Court Granted, Defendant City

Benton of Harbor Motion "…28 days after the Court's decision on the Report and

Recommendation (ECF No. 16).", to file its Answer to Plaintiff's, Second Amended Complaint

(ECF No. 10). It has now forfeited its right to file an Answer to Plaintiff's, Second  and Third

Amended Complaint (ECF Nos. 10, 36, 37), or a Motion Under Rule 12, nine-plus months later.

Moreover, Plaintiff contends that, Defendant City Benton Harbor should be DEFAULTED under

Plaintiff's Second and Third Amended Complaint (ECF Nos. 10, 36, 37), as the court

GRANTED Defendant City Benton Harbor 28 days to respond to Plaintiff's Second Amended

Complaint (ECF No. 10) which started from February 13, 2023, and expired on March 13, 2023.

And because the Defendant City Benton Harbor 28 days, expired on March 13, 2023, and it is

now December 26, 2023, and they did not appeal the District Court's Orders and Final Judgment

(ECF Nos. 35, 67, 68) these controlling laws are applicable: (The doctrine of the law of the case)

and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal

Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B); Fed. R. Civ. P. 12 (a)(2) or (3), Fed. R.

Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b)

    Plaintiff avers that because he did not argue immune on appeal the Sixth Circuit

Appellate Court find that he forfeited it:

> "Barnaby does not challenge the district court's holding that several defendants'
> the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer,
> and Nessel are immune from suit. He also does not challenge the district court's finding
> that several of the state and federal criminal statutes that he cited do not create a private
> right of action. Barnaby therefore has forfeited appellate review of those rulings. See
> Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489
> F.3d 752, 767 (6th Cir. 2007)…."

    Furthermore, the Sixth Circuit Appellate Court's Order and Judgment finds as it relates

to Res judicata, that,  "Res judicata bars not only claims that were litigated in a prior action, but

also claims that, **<u>should have been litigated in the prior action</u>.**" Bragg, 570 F.3d at 776

(quoting Bittinger, 123 F.3d at 880)."  As such Res judicata is also proper to deny all other

Defendants with Benton Harbor's Motion (ECF No. 85), and grant Plaintiff's Motions and

Applications for Default Judgment (ECF Nos. 28, 31, 81) and (ECF Nos. 32, 77).

    Moreover,  Defendant Benton Harbor and State Defendants opposed Plaintiff's Third

Amended Complaint (ECF Nos. 36, 37, 59, 60), are their admittance that, they were all properly

served with Plaintiff Sommons and Second Amended Complaint (ECF Nos. 10, 29,), See Sixth

Circuit Appellate Court's Order and Judgment findings, below:

> "Because Barnaby had already filed two amended complaints, and because the
> defendants did not consent to the filing of a third amended complaint, Barnaby needed
> leave of the court to file his third amended complaint. Fed. R. Civ. P. 15(a)(1)-(2). The
> district court denied leave because it found that filing a third amended complaint would
> be futile."…"Because the district court erred in dismissing the second amended
> complaint, however, it also erred in finding that the motions for default judgment were
> moot."

Lastly, (The doctrine of the law of the case) and or (The law of the case doctrine); Res

Judicata and or Collateral Estoppel Doctrines; Federal Rule of Appellate Procedure 25(c). 6 Cir.

R. 25(f)(1)(B), Fed. R. Civ. P. 12 (a)(2) or (3), Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P.

55 (a), (b) are all -proper to deny all the other Defendants inclusive of Benton Harbor's Motion

(ECF No. 85), and grant Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81, 88) and

Application for Entry of Default Judgment (ECF Nos. 32, 75, 77).


### C. The Defendant City of Benton Harbor Motion (ECF No. 85) is Really a Reconsideration of Its Granted January 04, 2023, Motion(ECF Nos. 33, 35), Over Ten months after it has Expired and after Appellate review.

Plaintiff contends that, The Defendant City of Benton Harbor's Motion (ECF No. 85) to

Extend Time to File Response to Plaintiff's Second and Third Complaint (ECF Nos. 10, 36),

should be DENIED, is really a reconsideration of its granted January 04, 2023, Motion(ECF Nos.

33, 35), over ten months after it has expired. As such, Defendant Benton Harbor's Motion (ECF

No. 85) should be Denied and Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81)

and Application for Entry of Default Judgment (ECF Nos. 32, 75, 77), should be Granted.  See

controlling laws:

A.    Fed. R. Civ. P. 1
B.    (The doctrine of the law of the case) and or (The law of the case doctrine)
C.    Res Judicata and or Collateral Estoppel
D.    Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B)
E.    Fed. R. Civ. P. 12 (a)(2) or (3)
F.    Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b)

It failed to adhere to the District Court's Order (No. 35), to file an Answer to Plaintiff's,

Second Amended Complaint (ECF Nos. 10), or a Motion Under Rule 12, 28 days after

determination of the Report and Recommendation, now opinion of the Court (ECF No. 16),

entered on February 13, 2023, and expired on March 13, 2023. And Its failure to appeal the

District Court's Orders and Final Judgment (ECF Nos. 35, 67. 68). Moreover, granting such a

Motion would not only prejudice Plaintiff, but it would also cause the District Court to violate

the Sixth Circuit Appellate Court's Order and Judgment (ECF Nos. 72, 73).

**Bowles v. Russell, No. 04-3262 (December 28, 2005); (The doctrine of the law of the**

**case) and or (The law of the case doctrine).**

"**The law of the case,** like issue preclusion, or collateral estoppel, prevents the re-litigation of an issue once there has been a judgment on the merits. Later disputes concerning that issue are considered foreclosed in any subsequent suit.

**The doctrine of the law of the case** is similar in that it limits re-litigation of an issue once it has been decided, but **the law of the case doctrine** is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages.

"18 Moore's Federal Practice, § 134.20 (Matthew Bender 3d ed.). "The gist of the [law of the case] doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 256 (7th Cir. 1994) (quoting Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991)); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). "The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United States v. Graham, 327 F.3d 460, 464 (6th Cir. 2003)."

### D.  Federal Rules of Civil Procedure Fed. 1

For the above reasons and in the Court's record, should this Court granted Defendant's

Motion (ECF No. 85) and denied Plaintiff's Motions and Applications for Default Judgment

(ECF Nos. 28, 31, 81) and (ECF Nos. 32, 77), it would violate Fed. R. Civ. P. 1, which  govern

civil proceedings in the United States district courts. Their purpose is "to secure the just, speedy,

and inexpensive determination of every action and proceeding." And prejudice Plaintiff.

**III.    Plaintiff contends that, The City of Benton Harbor's Motion to Extend Time to File Response to Plaintiff's <u>Third Amended Complaint (ECF Nos. 36, 37)</u>, Must be DENIED, because it is Both factually and legally moot, and will prevent this District Court from proceeding consistently with the Sixth Circuit Court's Order and Judgment (ECF Nos. 72, 73).**

Plaintiff contends that Defendant City of Benton Harbor and all the others Defendant that were served on January  06, 2023, with the Third Amended Complaint (ECF Nos. 36, 37). Further, contained within Plaintiff's Motion to Amended Complaint(ECF No. 36, 37), was the preservation of Plaintiff's Motions and Application for Default Judgment. (ECF Nos. 28, 31, 32) against Defendants. Please see Motion (ECF No. 37), entitle below

EXPEDITED CONSIDERATION REQUESTED

PLAINTIFF'S EMERGENCY MOTION TO, 'AMEND OR LEAVE TO  AMEND, SECOND AMENDED COMPLAINT', AND 'CLARIFICATIONS,  ON REPORT AND RECOMMENDATION AND ON MOTION TO DISMISS, SECOND AMENDED COMPLAINT', AND 'PRESERVATION OF PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANTS AND APPLICATION FOR DEFAULT JUDGMENT'

As such, Defendant Benton Harbor's ambiguity argument between Plaintiff's Second and Third Amended Complaint (ECF No. 10, 36) is moot.  Moreover, should this District Court adhere to it, it will cause the District Court to violate the Sixth Circuit Appellate Court's Order and Judgment (ECF Nos. 72, 73).

Plaintiff contends that, the issue at hand is not ambiguous, but simple and strait Forward. On January  06, 2023, Plaintiff served his Third Amended Complaint (ECF Nos. 36, 37) on Defendants. Plaintiff's Brief to the Sixth Circuit Appellate Court argued, facts that occurred in the District Court's proceedings, that, both Defendant Benton Harbor and the State of Michigan Defendants instead of filing answers or file Rule 12 Motions to Plaintiff's, Third Amended Complaint (ECF Nos. 36, 37), they Objected to it. And that, the District Court then used their objection as the basis to deny Plaintiff's Motion for his Third Amended Complaint (ECF Nos.

36, 37).  Furthermore, while Defendants Niles Township filed an Answer to Plaintiff's

Complaint. (ECF No. 10). They did not file an opposition to Plaintiff's Third Amendment (ECF

Nos. 36, 37), nor did any of the other Defendants file any answers or Rule 12 Motions.

As such, Plaintiff contends that, his Motion and Applications for Default Judgments

(ECF Nos. 75, 77, 81,), against all the named Defendants inclusive of Defendant Benton Harbor

are proper and should be granted and that, Defendant Benton Harbor's Motion (ECF No. 85)

should be Denied.  As they did not file an answer to Plaintiff's, Third Amended Complaint (ECF

No. 36), or a Motion Under Rule 12.  Moreover, the District Court entered Order and Final

Judgement on February 13, 2023, and Defendant Benton Harbor filed Motion on December 21,

2023, over ten months later, after their granted 28 days to respond has expired.

Defendants did not appeal the District Court's Orders and Final Judgment (ECF Nos. 67,

68), but the Plaintiff did appeal them, and the Sixth Circuit Appellate Court's reversal found that:

> "....The district court denied leave because it found that filing a third amended
> complaint would be futile...... The magistrate judge found that allowing Barnaby to
> amend his second amended complaint would be futile, in part, because Barnaby's "claims
> related to his foreclosed properties . . . are barred by claim and issue preclusion." But
> because the res judicata ruling is erroneous, so too in error was the magistrate judge's
> reliance on that ruling to conclude that amendment would be futile."

Finally, the controlling laws are as follows: (The doctrine of the law of the case) and or

(The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal Rule

of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B), Fed. R. Civ. P. 12 (a)(2) or (3); Fed. R. Civ.

P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b) are all -proper to deny all Defendants inclusive of

Benton Harbor's Motion (ECF No. 85), and grant Plaintiff's Motions for Default Judgment (ECF

Nos. 28, 31, 81) and Application for Entry of Default Judgment (ECF Nos. 32, 77).

**Relief Requested**

For the reasons articulated herein, all Defendants oppositions inclusive of City of Benton Harbor's Motion (ECF No. 85), should be denied and Plaintiff's Motions for Default Judgment (ECF Nos. 28, 31, 81, 88) and Application for Entry of Default Judgment (ECF Nos. 32, 75, 77) should be granted with the full damages set forth in his affidavit on the record to the sum certain total of **$22, 529,329.60.**

Respectfully Submitted,

Dated:  December 26, 2023,                    \S/ Owen W. Barnaby
                                              Owen W. Barnaby, In Pro Se.

## **CERTIFICATE OF SERVICE**

The undersigned states that on the 26th  day of December 2023, a duplicate original of

Plaintiff's,  request of Clerk of Court to enter Default Judgment against all named Defendants

filed with the Clerk of the using the ECF System, which will provide electric notice to the parties

of record, and I have emailed and mailed by U.S. Postal Service the same to the  non-ECP

participants attorney above.


Respectfully Submitted,


Dated:  December 26, 2023,                          \S/ Owen W. Barnaby
                                                                    Owen W. Barnaby, In Pro Se.

15

## <u>CERTIFICATE OF COMPLIANCE</u>

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

    1. This brief complies with the type-volume limitation of Local Rule 7.3(b)(i) because, excluding the part of the document exempted by this rule, this brief contains less than 4,300 words. This document contains under 4,300 words.

    2. This document complies with the typeface requirements of Local Rule 7.3(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.

Respectfully Submitted,

Dated:  December 26, 2023,        <u>\S/ Owen W. Barnaby</u>
                                  Owen W. Barnaby, In Pro Se.