UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

        Plaintiff,                                             Hon. Robert J. Jonker

v.                                                          Case No. 1:22-cv-1146

MICHIGAN STATE GOVERNMENT,
et al.,

        Defendants.
_____/

**ORDER FOLLOWING REMAND**

This action returns to this Court from the United States Court of Appeals for the Sixth Circuit after it affirmed in part and vacated in part the Court's February 13, 2023 Judgment dismissing the case pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), and remanded for further proceedings. (ECF Nos. 68, 72, 73.) In addition, because the court of appeals concluded that this Court erred in applying the doctrine of res judicata to dismiss this action, it likewise concluded that the Court erred in denying Plaintiff's motion to file a third amended complaint and denying his motions for default judgment as moot. (ECF No. 72 at PageID.956.) The present order addresses these outstanding issues and Plaintiff's recently-filed applications/motions for entry of default judgment. (ECF Nos. 75, 77 and 81.)

**I.      Motion to Amend**

As noted in the February 3, 2023 Order denying Plaintiff leave to file his Third Amended Complaint (ECF No. 62), the proposed amendment seeks to add seven Michigan judges and justices, the Michigan Court of Appeals, and the Berrien County Trial Court, as well as numerous additional claims. (*Id.* at PageID.880.) While the proposed amended pleading is arguably futile in a number of respects, *see Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir.

2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."), the Court concludes that the most economical and expedient course at this juncture is to allow the proposed amendment and permit Defendants to contest its legal sufficiency through motions to dismiss/for judgment on the pleadings under the Rule 12(b)(standard). As the Sixth Circuit recognized, however, any claims against the State of Michigan, the Michigan State Bar, the Michigan Supreme Court, and Defendants Whitmer and Nessel are barred by Eleventh Amendment immunity, and Plaintiff has no private right of action under 18 U.S.C. §§ 471 and 1341 or Mich. Comp. Laws §§ 600.916(1) and 750.248. (ECF No. 72 at PageID.953, 956.)

Therefore, the Court will grant Plaintiff leave to file his third amended complaint.

## II.     Motions for Entry of Default Judgment

Prior to the appeal, Plaintiff filed two motions for entry of default judgment against Defendants for failure to plead or otherwise defend. (ECF Nos. 28 and 31.) Since the remand from the Sixth Circuit, Plaintiff has filed three additional motions for default judgment. (ECF Nos. 75, 77 and 81.) Plaintiff's motions lack merit for several reasons.

First, pursuant to Federal Rule of Civil Procedure 55, a party must follow a two-step process to obtain a default judgment. As required by Rule 55(a), a party seeking a default judgment must obtain entry of a default by the clerk of the court. Then, pursuant to Rule 55(b), the moving party may seek entry of a judgment on the default under either subdivision (b)(1) or (b)(2). Here, Plaintiff has not applied to the Clerk for entry of default for any Defendant. Thus, Plaintiff's motions are properly denied on this basis.

Second, contrary to Plaintiff's contention, certain remaining Defendants—Defendants Granholm, Snyder, and Asbenson—timely appeared and defended by filing a motion to dismiss on December 19, 2022. (ECF Nos. 18 and 19.) As these Defendants show in their response to ECF

2

Nos. 75 and 77, the only affidavit of service on record indicates that an unspecified complaint was served on now-dismissed Attorney General Nessel on December 7th, 2022. (ECF No. 80 at PageID.1003 (citing ECF No. 29 at PageID.114).) Assuming that Plaintiff purported this form of service to also cover Defendants Granholm, Snyder, and Asbenson (and assuming that it was valid service), the motion to dismiss was filed within the 21-day period for responding to the complaint. Thus, there is no basis for entry of default.

Third, on December 29, 2022, the Township Defendants (Niles Charter Township and Niles Charter Township Board of Trustees) filed a timely motion requesting an extension of time to respond to Plaintiff's second amended complaint. (ECF No. 23.) The Township Defendants stated that they had been served with the second amended complaint on December 8, 2022, and requested a 28-day extension of time to respond to the complaint. (ECF 23-1 at PageID.72–74.) The Court granted that motion on January 3, 2023, extending the Township Defendants' time to respond to January 26, 2023. (ECF No. 27.) The Township Defendants filed their answer to the second amended complaint on January 26, 2023. (ECF No. 58.) Thus, there is no basis for entry of default.

Fourth, on January 4, 2023, the City of Benton Harbor filed a timely motion requesting an extension of time to respond to Plaintiff's second amended complaint. (ECF No. 33.) The City stated that it had been served on December 14, 2022, and requested that the Court extend the time for it to respond until 28 days after a decision on Plaintiff's yet-to-be filed objections to the December 14, 2022 Report and Recommendation. (*Id.* at PageID.167—68.) The Court granted the requested extension on January 4, 2023. (ECF No. 35.) Because the Court ultimately overruled Plaintiff's objections, adopted the December 14, 2022 Report and Recommendation, and entered

judgment for Defendants, the City was never required to answer Plaintiff's second amended complaint. Thus, at least at this juncture, there is no basis for entry of default.

Finally, Plaintiff has yet to effect proper service upon the other Defendants—Berrien County Government, Berrien County Board of Commissioners, James McGovern, Bret Witskowski, Lori D. Jarvis, Shelly Weich, McKinley R. Elliott, Kathleen Culberson, Donna B. Howard, Lora L. Freehling, Jeffrey R. Holmstrom, and Holmstrom Law Office, PLC. "In the absence of service, or a waiver of service, entry of default is improper." *Baumer v. Bandyk*, No. 1:06-CV-573, 2006 WL 8455006, at *2 (W.D. Mich. Oct. 10, 2006) (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999)). "'Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.'" *Russell v. Tribley*, No. 2:10-CV-14824, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10, 2011), *report and recommendation adopted*, 2011 WL 4396784 (E.D. Mich. Sept. 21, 2011) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.2 (D. Kan. 2008)). Plaintiff mailed the second amended complaint and summonses to these Defendants by certified mail with delivery restricted to the addressee. (ECF Nos 29 at PageID.104, 111–12; ECF No. 29-1 at PageID.113, 125; ECF No. 48-1 at PageID.303–04.)

Turning first to Defendant Jeffrey R. Holmstrom, under the Federal Rules of Civil Procedure, an individual who has not waived service may be served by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Courts interpret the term "delivering" under Rule 4 as requiring personal service. *See Christian v. Federal Home Loan Mortg. Corp.*, No. 13-13795, 2016 WL 1640459, at *2 (E.D. Mich. Apr. 26, 2016) ("Notably, courts have interpreted 'deliver[y]' under [Rule 4 of the Federal Rules of Civil Procedure] as requiring personal service on the appropriate agent.") (citing *Etherly v. Rehabitat Sys. of Mich.*, No. 13-11360, 2013 WL 3946079, at *5 (E.D. Mich. July 31, 2013)); *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000)); *see also Collett v. Kennedy, Koontz & Farinash*, No. 3:14-CV-552, 2015 WL 7254301, at *4 (E.D. Tenn. Aug. 14, 2005). Service may also be made as permitted by state law. Fed. R. Civ. P. 4(e)(1). Michigan Court Rule 2.105(A) provides for service of process on an individual by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

Plaintiff has not properly served Defendant Holmstrom under either Rule 4(e)(2) or Michigan Court Rule 2.105(A). First, Plaintiff did not personally serve Holmstrom. Although Michigan Court Rule 2.105(A)(2) permits service by certified mail, return receipt requested, it also requires the plaintiff to submit "[a] copy of the return receipt signed by the defendant." Here, Defendant Holmstrom did not sign the return receipt. *See Dortch v. First Fid. Mortg. Co. of Mich., Inc.*, 8 F. App'x 542, 546 (6th Cir. 2001) ("Delivery was not restricted to the addressee, nor did Csolkovits sign the receipt or otherwise acknowledge receipt of the service. Thus, it appears that Dortch did not effectively serve Csolkovits with process under state or federal procedure.").

As for Holmstrom Law Office, PLC, service on a professional limited liability company may be made by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). As with an individual, service may also be made as authorized by state law. Fed. R. Civ. P. 4(h)(1)(A). Under Michigan law, service on a limited liability company may be accomplished as follows:

> (1) Serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;
>
> (2) Serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company;
>
> (3) If a limited liability company fails to appoint or maintain an agent for service of process, or service under subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the [director of LARA or his or her designated representative] . . . a summons and copy of the complaint.

Mich. Ct. R. 2.105(H). Plaintiff has not served Holmstrom Law Office, PLC in accordance with Rule 4(h)(1)(B) or Michigan Court Rule 2.105(H) because personal service is required. While Rule 2.105(H)(3) permits service by certified mail, return receipt requested, *see* Mich. Ct. R. 2.105(L) (stating that the term "registered mail" also includes "certified mail"), service by mail is *in addition to* personal service. Thus, there is no basis for entry of default as to Jeffrey R. Holmstrom or Holmstrom Law Office, PLC.

Finally, on December 9, Thaddeus J. Hackworth, Berrien County's Corporate Counsel, acknowledged receipt of ten copies of the second amended complaint and original summonses for Berrien County Government, Berrien County Board of Commissioners, James McGovern, Bret Witskowski, Lori D. Jarvis, Shelly Weich, McKinley R. Elliott, Kathleen Culberson, Donna B. Howard, and Lora L. Freehling. (ECF No. 48-1 at PageID.304.) In his declaration, Mr. Hackworth

6

states that some of the individuals—Witkowski, Jarvis, McGovern, and Culberson—are no longer Berrien County employees or officials. (*Id.*) Mr. Hackworth further states that on November 22 and 28, 2022, he spoke with Plaintiff via telephone and informed him that he would need to effect service on all Defendants. Mr. Hackworth further states that he told Plaintiff that he did not agree to waive or accept service on behalf of any Defendant. (*Id.* at PageID.303.) Plaintiff disputes Mr. Hackworth's version, stating that during the conversation, Mr. Hackworth instructed Plaintiff to serve him on behalf of his clients. (ECF No. 29 at PageID.104; ECF No. 49-1 at PageID.319.)

Regardless of the apparent dispute, Plaintiff has not demonstrated proper service because the existence of an attorney-client relationship is not sufficient to render service on an attorney proper service on a client. *See Hempstead v. Parker*, No. 3:21-CV-417, 2022 WL 1493508, at *8 (E.D. Tenn. May 11, 2022) (stating that "counsel for Centurion is not authorized to accept service on a client's behalf merely because of the existence of an attorney-client relationship"); *Murray v. Wiggins*, No. 2:19-cv-46, 2021 WL 3698898, at *5 (M.D. Tenn. Aug. 3, 2021), *report and recommendation adopted*, 2021 WL 3682643 (M.D. Tenn. Aug. 19, 2021) ("Even if Murray had shown that he delivered a copy of the summons and complaint to the correct attorneys for each defendant, 'proof of an attorney-client relationship, even one in the action in question, is not sufficient to show that service through an attorney is proper.'" (quoting *Greer v. Swift*, No. 3:18-cv-0394, 2018 WL 6735153, at *2 (M.D. Tenn. Nov. 16, 2018))); *Ohio ex rel. Dewine v. Superior Fibers, Inc.*, No. 2:14-cv-1843, 2017 WL 6055159, at *4 (S.D. Ohio Dec. 7, 2017), *report and recommendation adopted*, 2018 WL 259766 (S.D. Ohio Jan. 2, 2018) ("The fact that Mr. Ricketts was Mr. Miller's attorney does not thereby create the authority to accept service on behalf of his client for another corporation."). Rather, a party seeking to prove that service on an attorney was proper must offer proof that the specific client expressly or implicitly authorized the attorney to

7

accept service for the client. *See Island Jay, Inc. v. MyLocker.com, LLC*, No. 19-11501, 2023 WL 2733377, at *5 (E.D. Mich. Mar. 31, 2023). Here, Plaintiff has provided no evidence that any Defendant expressly or implicitly authorized Mr. Hackworth to accept service on their behalf. Thus, there is no basis for entry of default as to the above-identified Defendants.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 37) is **GRANTED**. The Clerk shall docket Plaintiff's proposed Third Amended Complaint (ECF No. 36). Defendants who have appeared in this action shall have **28 days** from the date of this Order to respond to the Third Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Entry of Default Judgment (ECF Nos. 28, 31, 75, 77, and 81) are **DENIED**. Plaintiff shall have **45 days** from the date of this Order to effect proper service on the unserved Defendants. Failure to effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice.

**IT IS FURTHER ORDERED** that Defendant City of Benton Harbor's Motion to Extend Time (ECF No. 85), seeking 28 days to respond to the Third Amended Complaint, is **GRANTED**.

Dated: December 27, 2023                                /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge