# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                    )

    Plaintiff- Appellant                          )


        Vs.                                      ) Hon. Robert J. Jonker

                                       ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees                         ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

Attorney, T. Seth Koches,
Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582      |      EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659  | PendrickK@michigan.gov

i

EXPEDITED CONSIDERATION REQUESTED

## On Appeal from the Magistrate Judge's Orders (ECF No. 91, In Part, and (ECF No. 96) In Full, to the District Court's Judge.

### TABLE OF CONTENTS

Page

Table of Contents .................................................................................................................... i-ii

Statement of Issues………………………………….………...…….…………………….... iii-

Index of Authorities .............................................................................................................. v-vi

Statement of Oral Argument ………………………………………………………………… viii

Filed Exhibits ……………….………………………………….....................................…......……… ix

I.      Statement of Jurisdiction …………………………………………………..…... 1

II.     Statement of Specific Pertinent and Relevant Settled Facts…………………... 1- 3

III.    Standard of Review …………………………………........................……..……... 4-5

IV.     Summary of the Argument ……….…………….....…..…….………………………… 6

V.      Arguments ………...……………………………………………………....…......…...7-25

VI.     Conclusion …………...……………………………………………………….……...……25

        Certificate of Service
        Certificate of Compliance
        Supplement Designation of Relevant District Court Documents

Is the Order Following Remand (ECF No. 91), a Bias against Plaintiff and violates the Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's, "….further proceedings consistent with this Order"? Plaintiff Answers Yes!......7

Did the Hon. Magistrate Judge Berens' Order Following Remand (ECF No. 91), Denying Plaintiff Entering Defaults (ECF Nos. 32, 75, 95) and Entering Default Judgments (ECF Nos. 28, 31, 77, 81, 88), is an abuse of discretion and a violation of Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's, "…. For further proceedings consistent with this Order"? ………… Plaintiff Answers Yes! …….…….11-25

A. Is Plaintiff Warrants the Entering of Defaults and Default Judgments Against Defendants Pursuant to FRCP 55: (a), (b) (1), (2)? ……...Plaintiff Answers Yes!

B. The Berrien County Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), and failed to file answers or Rule 12 motions, Clearly, Plaintiff Warrants  Defaults and Default Judgments Against Them.

C. The Niles Charter Township Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), and failed to file an answer or a rule 12 motion or objection to Plaintiff 's Third, Amended Complaint (ECF No. 36) and did not appeal District Court's Order and Final Judgment (ECF Nos 67, 68), Warrants Plaintiff's Default and Default Judgment Against Them. (ECF Nos 75, 77, 95).

D. The Question Plaintiff Seeks to be answer, is should an Officer of this District Court and His Professional Practice Entity, Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC, Defendants get away with their willfully rejections service by certified restricted mailing of Summonses and copies of Complaint (ECF No, 10), or if they received the same and pretended as if they did not get them?

E. The State of Michigan Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), failed to file an answer or a valid Motion under Rule 12, or an Appeal, Warrant Plaintiff's Default and Default Judgment Against Them.

F. The Benton Harbor Defendant was Properly Served Summons with copies of Complaints (ECF Nos, 10, 36), and failed to file an answer or a Motion under Rule 12, or an Appeal, Warrant Plaintiff's Default and Default Judgment Against Them.

Plaintiff's Default and Default Judgments are  Proper and should be Granted………... 22.

## INDEX OF AUTHORITIES

**Cases**                                                              **Page**

Barnaby Vs Michigan, No. 23-1134 (6th Cir. November. 17, 2023)…………..…………….. 1-25

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020)………..…………………….......9

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017) …....

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) ...............

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit …………………………...

Barnaby v. Witkowski, 1:14-cv-1279 ………………………………………

Baez v. S.S. Kres¸ e Co., 518 F.2d 349, 350 (5th Cir. 1975) ……………...…………….. 2-25

United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983) ………2-25

Erickson v. Pardus, 551 U.S. 89, 94 (2007)………………...……………………………. 1-25

Holloway Constr. Co. v. U.S. Dep't of Labor, 891 F.2d 1211, 1212 (6th Cir, 1989), ……...

Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs., 606 F.3d 301, 308 (6th Cir. 2010), ……………………..................………………………

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006), …………………………………...

Pittman v. Cuyahoga Cnty. Dep't of Children and Fam. Sevs., 241 Fed.Appx. 285 (6th Cir. 2007), ………………………………………………………...………. 16

Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023) ……………

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), …………………………………….

### Statutes

42 U.S.C. § 1983  ............................................................................................1-25

Mich. Comp. Laws § 691.1401............................................................................1-25

Mich. Comp. Laws § 691.1401(b) ......................................................................1-25

Mich. Comp. Laws § 691.1407(1) ......................................................................1-25

Mich. Comp. Laws § 691.1407(2) ...................................................................... 1-25

Mich. Comp. Laws § 691.1407(5) ...................................................................... 1-25

Forgery Mi. Comp. Laws Ann. § 750-248………………………...........…………….1-25

Forgery Mi. Comp. Laws Ann.  § 750-249 …………………………………………..…… 1-25

MCL 211.27(a)…………………………………...…………...…………….

Mich. Comp. Section 141.1549 and Act 436 of 2012 ………..………………………………1-25

## Rule

LCivR 7.1(d) ………………………………………………………………….………2-25

Fed. R. Civ. P. 1. ……………………………………….………….....…………………2-25

Fed. R. Civ. P. 12 (a)(1)(A), MIWD ……………………………..…………………….2-25

Fed. R. Civ. P. 12(b)(1) ....................................................................................................

Fed. R. Civ. Proc. 12(b)(6)................................................................................................

Fed. R. Civ. P. 15(a)(1) (2), ……………………………………..…………………..…...

Rule 26(a)(1 ……………………………………………………………………………...

Fed. R. Crim. P. 41 -Search and Seizure ………………………...………………………….

Fed. R. Civ. P. 55 (a), ……………………………………………….………………...1-25

Fed. R. Civ. P. 55 (b), (1) ……………………………………….………………….1-25

## Laws

42 USCS 1983....................................................................................................

18 U.S.C. Section 1341…………………………………….....…………………….

28: USC § 1331 ………….…………………………………….…………………….

28: USC § 1332 ………….…………………………………….…………………….

28 U.S.C. § 1291…………………………………………...……………………....

28 U.S.C. § 636(b)(1)(A) …………………………………………………………………… 1

First Amendment ………………………………………………………………….

Fourth Amendment ……………………………………………………………….....

Fifth Amendment ………………………………………………………….……..

Eleventh Amendment ………………………………………………………………

Fourteenth Amendment ……………………………………………………………….

## Other Authorities

Full Faith and Credit Act ……………………………………………………….…….

Rooker-Feldman Doctrine ………………………………..………………………….......……….

The doctrine of the law of the case ……………………………………………………………1-25

The law of the case doctrine…………………………………………………………………..…...1-25

Res Judicata and or Collateral Estoppel ………………...……………………………………1-25

Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B)………………...…………….1-25

Fed. R. Civ. P. 1………………………………………………………………………………..1-12

Fed. R. Civ. P. 12 (a)(2) or (3) ……………………………………………...……………...1-25

Fed. R. Civ. P. 12 (b)(1)(A) and Fed. R. Civ. P. 55 (a), (b), ………………...…………….1-25


Qualified immunity ……………………………………….…………………………………………...

(1), Freedom to Redress from Retaliation …………...……………………………………...... 1- 25
(2), Right to a Fair Trial & Right to a Trial by Jurors/Juries …………………….…………. 1- 25
(3), Gross Negligence ……………………………….......…………………………………...…1- 25
(4), Due Process …………………………………………………………………………….....1- 25
(5), Equal Protection of the Laws …………………………………………………………… 1- 25
(6), The Right to Government Services, and The Right to Use Public Facilities …………...1-25.
(7), Fraud ……… ……………………………………………………………………… 1- 25
(8), Freedom of Movement and Freedom from Torture ……………………..…..………... 1- 25
(9), Damages to personal property ……………………………………...…………….. 1- 25
(10), Theft and Conversion of personal property ………………......……..…………….... ...1- 25
(11), Intentional infliction of emotional distress and Emotional harm ………………….....… 1- 25
12), Unlawful Detention of Properties ……………………………………...……..…….….. 1- 25
(13), The right to gainful employment, and Safety from harassment…..………………….. 1- 25
(14), Rights Given Plaintiff by the State of Michigan ……………………………….…… 1- 25
(15), Whistleblowing ………………….…………………………………...............…….... 1- 25
(16), The Right to Housing & Liberty Live and Happiness' ……………..………......…... 1- 25

# EXHIBITS of Record

| | | |
|---|---|---|
| EXHIBIT A | **Forgery** Documents | ID.560-563 |
| EXHIBIT B | Barnaby's Affidavit | ID. 564-569 |
| EXHIBIT C | Knowledge/Not Protect Against Illusory Truth | ID.770-779 |
| EXHIBIT D | Dr Bulgin Expert Report | ID. 580-588 |
| EXHIBIT E | Dr. Payne Expert Report | ID.589-607 |
| EXHIBIT F | Paid in Full Niles Properties 2007 Tax Receipt | ID.608-609 |
| EXHIBIT G | Appraisal Report at $12,000.00 | ID.610-635 |
| EXHIBIT H-1 | Opinion #1 of Sixth Circuit Court | ID.636-640 |
| EXHIBIT H-2 | Opinion #2 of Sixth Circuit Court | ID.741-643 |
| EXHIBIT H-3 | Judgment of Sixth Circuit Court | ID.644-645 |
| EXHIBIT I-1 | Witskowski's **Perjury Deposition.** | ID.646- 686 |
| EXHIBIT I-2 | Witskowski's Deposition. | ID.687-694 |
| EXHIBIT I-3 | Witskowski's Deposition. | ID.695-708 |
| EXHIBIT I-4 | **UPL & Foreclosure Judgment-August 18, 2010,** | ID.709-714 |
| EXHIBIT J | State Michigan Bar Letter | ID.715-716 |
| EXHIBIT K | Judgement & **Forgery** Order | ID.717-723 |
| EXHIBIT L-1 | Attorney Holmstrom's **Forgery** Brief | ID.724-726 |
| EXHIBIT L-2 | Attorney Holmstrom's **Forgery** Brief | ID.727-729 |
| EXHIBIT L-3 | Attorney Holmstrom's **Forgery** Brief | ID.730-734 |
| O | Witskowski's **Willful False Affidavit/Perjury** | ID.756-758 |
| EXHIBIT W-1 | Sixth Circuit Order (ECF Nos. 72) | ID.000-000 |
| EXHIBIT W-2 | Sixth Circuit Judgment. (ECF Nos. 73) | ID.000-000 |
| EXHIBIT W-3 | Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95) | ID.000-000 |
| EXHIBIT W-4 | Magistrate's Order (ECF Nos. 91) | ID.000-000 |
| EXHIBIT W-5 | Plaintiff's Default /Brief (ECF No. ...) | ID.000-000 |
| EXHIBIT W-6 | Barnaby's Affidavit | ID. 00-000 |
| EXHIBIT W-7 | Notice from Clerk (ECF Nos. 84) | ID.000-000 |
| EXHIBIT W-8 | Further Proof Service of Sommons Receipts | ID.000-000 |
| EXHIBIT W-9 | Attorney Hackworth Job Description | ID.000-000 |
| EXHIBIT W-10 | Request or Motion for Default Judgment | |
| EXHIBIT W-11 | Attorney Holmstrom's Personal Letter to Judge | ID.000-000 |

## I.      Statement of Jurisdiction

The District Court has Jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) to hear this Appeal.

## II.     Sixth Order & Judgment and Other Relevant Facts

First, Plaintiff reminded the Honorable Magistrate Judge Berens ( ECF Nos. 28, 31, 32, 75, 77, 81, 88, 90, 95), of the Sixth Circuit Appellate Court's Order and Judgment ( ECF Nos. 72, 73), that are binding on the District Court: "….VACATE the judgment in part, and REMAND for further proceedings consistent with this Order."

Master minds, Defendants Berrien County and Holmstrom then, knowingly, and willfully filed the false affidavit, repeated false statements in Deposition, and Forgery Documents in the Courts' proceedings to cause Plaintiff's injuries. Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. Because Plaintiff's properties were his employment that, Defendants stole by forgery and fraud. Plaintiff had come up with the most economical and expedient course to serve the Defendants with the Summonses and copies of the Second Amended Complaint (ECF No.10). Exhibit W-8.

As such, Plaintiff employed one same strategy on the same day with the same Post Office. First, Plaintiff called the Defendants to inform them of the pending litigation and to ascertain concurrence on whom to send Summonses and copies of Second Amended Complaint (ECF No.10) for proper service.  Then, Plaintiff mailed by US Postal certified mail, with

1

restricted Delivery and with return receipt with original Summonses and copies of Second Amended Complaint (ECF No.10).  see Exhibit W-8.

**1).** Plaintiff called,  the Niles Charter Township Defendants, and spoken with  Ms. Marge Duram-Hiatt Defendants' and Ms. Marge Duram-Hiatt  instructed Plaintiff to serve Summonses and copies Complaint to her on behalf of  the Niles Charter Township Defendants.   **2).** Plaintiff called the Berrien County Defendants on or about November 22, 2022,  and spoke with Attorney, Thaddeus Hackworth, and he instructed Plaintiff to serve Summonses and copies Complaint to him on behalf of the Berrien County Defendants.   **3).** Plaintiff called the City of Benton Harbor Defendants, and they instructed Plaintiff to serve Summons and copy Complaint to their City Manager, Mr. Ellis Mitchell on behalf of the Defendants.    **4).** Plaintiff called the State of Michigan Governor's Office, and they instructed Plaintiff to serve Summonses and copies Complaint to Attorney Nicholas Bagley on behalf of Defendant – Hon. Rick Snyder Governor;  Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant – Michigan State Government.

Moreover, Plaintiff called Attorney Nicholas Bagley's office after he had served original Summonses and copies of Second Amended Complaint (ECF No.10). And Attorney Nicholas Bagley's Office confirmed that, they were properly served, but that the Michigan State Attorney General's Office going forward will be representing Hon. Rick Snyder Governor; Hon. Jennifer Granholm, Governor;  Hon. Gretchen Whitmer Governor and Michigan State Government.

**5).** Plaintiff called the Michigan State Attorney General's Office, about Defendant – Kendell S. Asbenson assistant Attorney General  and Defendant – Dana Nessel  Attorney General and they instructed Plaintiff to serve Summonses and copies Complaint upon Defendant

– Dana Nessel the Attorney General on behalf of both Kendell S. Asbenson assistant Attorney

General and Defendant – Dana Nessel Attorney General .

        Moreover, Plaintiff received the following letter from the Assistant Attorney

General Bryan W. Beach. Please see, (ECF Nos. 18, 19, 22, 29, 49) and Exhibit W-8.

"I am writing regarding the above referenced matter and requesting concurrence in the motion to dismiss that I am filing on behalf of Defendants State of Michigan, Governor Gretchen Whitmer, former Governor Jennifer Granholm, former Governor Rick Snyder, Michigan Supreme Court, Assistant Attorney General Kendell Asbenson, and Attorney General Dana Nessel. The basis for the motion is that the court lacks jurisdiction, the claims are barred by immunity, and the complaint fails to state a claim for which relief may be granted. Please advise and do not hesitate to ask if there are any questions.

Thank you,

Bryan W. Beach
Assistant Attorney General
Civil Rights & Elections Division
525 W. Ottawa, 5th Floor
P.O. Box 30736
Lansing, MI 48909
517.335.7659 (phone)
517.335.7640 (fax)

        Lastly, **6).** Plaintiff called Attorney Holmstrom, given their long history as

Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC in the cases, Barnaby v.

Witkowski, 1:14-cv-1279 and Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020)

and informed them of this pending litigation. Then, Plaintiff mailed US Postal certified

mail, with restricted Delivery and with return receipt with two original Summonses and

two copies of the Complaint to the Attorney Jeffery R. Holmstrom and Holmstrom Law

Office PLC Defendants, and they were delivered at Holmstrom Law Office PLC

Professional Practice office on December 09, 2022. **Please see, (ECF Nos. 22, 29, 49)**

**and Exhibit W-8.**

### III.    STANDARD OF REVIEW

Default and Default Judgment Standard of review applicable and controlling laws:

      A.  Fed. R. Civ. P. 1
      B.  (The doctrine of the law of the case) and or (The law of the case doctrine)
      C.  Res Judicata and or Collateral Estoppel
      D.  Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B)
      E.  Fed. R. Civ. P. 12 (a)(2) or (3)
      F.  Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b)

      "**Within 21 days after service of this summons** on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney…"

      "If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court."

Moreover, this United States District Court for the Western District of Michigan, that

issues Summons in Civil Actions states, that:

AO 440 (Rev. 01/09) Summons in a Civil Action - MIWD (Rev. 07/15)

      "YOU ARE HEREBY SUMMONED and required to serve upon plaintiff, an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within ___, days after service of this sum mons on you (not counting the day you received it). If you fail to respond, **judgment by default will be entered against you** for the relief demanded in the complaint. You must also file your answer or motion with the Court."

      **Bowles v. Russell, No. 04-3262 (December 28, 2005); (The doctrine of the law of the case) and or (The law of the case doctrine).**

      "The law of the case, like issue preclusion, or collateral estoppel, prevents the re-litigation of an issue once there has been a judgment on the merits. Later disputes concerning that issue are considered foreclosed in any subsequent suit.

4

**The doctrine of the law of the case** is similar in that it limits re-litigation of an issue once it has been decided, but **the law of the case doctrine** is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages.

"18 Moore's Federal Practice, § 134.20 (Matthew Bender 3d ed.). "The gist of the [law of the case] doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 256 (7th Cir. 1994) (quoting Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991)); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). "The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United Sta es v. Graham, 327 F.3d 460, 464 (6th Cir. 2003)."
Barnaby therefore has forfeited appellate review of those rulings. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)...."

The Sixth Circuit Appellate Court in Its Order and Judgment finds as it relates to Res judicata, "Res judicata bars not only claims that were litigated in a prior action, but also claims that, "should have been litigated in the prior action." Bragg, 570 F.3d at 776 (quoting Bittinger, 123 F.3d at 880)."

Service on Individuals under Michigan Rules (Fed. R. Civ. P. 4(e)(1)) "Michigan Court Rule 2.105(A) permits service on an individual by ".. (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee."

The purpose of a default judgment is to prevent a defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983)."

5

## IV.    SUMMARY of the ARGUMENT

Plaintiff contends that, pursuant to Rule 55 (a), all named Defendants must be Defaulted (ECF Nos. 32, 75, 95) and pursuant to Rule 55 (b) (1), Default Judgment (ECF Nos. 28, 31, 77, 81, 88), entered against them, because they all were properly served **over one year ago**, by Plaintiff with Summonses and Second and Third Amended Complaint (ECF No. 10, 36, 37), and that they failed to file Answers, or Under Rule 12, a valid Motion, or a Motion, and failed to appeal the District Court's Orders and Final Judgment (ECF Nos, 35, 56 67. 68).  As, one of the Defendant's oppositions brief accurately, states,  "The purpose of a default judgment is to prevent a defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983)."  Clearly, Plaintiff  warrants Default and Default Judgment, to stop Defendants' [one plus year] employed dilatory tactics and undue delay-harassment to Plaintiff, and thirteen plus years of great pain and sufferings and death of Plaintiff family member.

As such, the applicable laws are: (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B); Fed. R. Civ. P. 12 (a)(2) or (3), Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b).  and " United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983).

## V.    ARGUMENTS ON THE ISSUES

**Is the Order Following Remand (ECF No. 91), a Bias against Plaintiff and violates the Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's, "..further proceedings to be consistent with this Order"? .. Plaintiff Answers Yes!**

Plaintiff contends that, one of the many different reasons Appellate Courts set forth

Orders and Judgments verses opinions is to make other government institutions aware of crimes

and to stop committing crimes, and to correct their record. Moreover, the Sixth Circuit Appellate

Court Order and Judgment (ECF Nos.72, 73), made the District Court aware of Defendants

crimes of Forgeries, theft, fraud, etc. against Plaintiff and Ordered the District Court's, to fix

them "….consistent with this Order". However, Magistrate Judge Sally J. Berens' Orders

Following Remand (ECF Nos. 91, 96) violated the Sixth Circuit Court's Order to correct the

record stop any crime; Defendants crimes of Forgeries, Theft, Fraud against Plaintiff.  However,

the Magistrate Judge's Order (ECF Nos. 91, 96), encourages Defendants' crimes of Forgeries,

Theft, Fraud against Plaintiff.

The Sixth Circuit Court's Order (ECF Nos.72), ""

"He contended that Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and **refused to prosecute crimes that the defendants committed.** And Barnaby alleged that the State Bar of Michigan overlooked evidence and refused to act on his formal complaint that Witkowski had engaged in the unauthorized practice of law, and that **the Michigan Supreme Court relied on forged documents to uphold a foreclosure**. Barnaby set forth numerous legal claims based on these allegations, **contending that the defendants forged documents**, did not follow proper foreclosure procedures, committed larceny, and engaged in the unauthorized practice of law, in violation of Michigan law; seized property in violation of the Fourth, Fifth, and Fourteenth Amendments; and violated the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)."

"…Barnaby does not challenge the district court's holding that several defendants the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel are immune from suit.  He also does not challenge the district court's finding that several of the state and federal criminal statutes that he cited do not create a private right of action. Barnaby therefore has forfeited appellate review of those rulings. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007). Because those rulings are dispositive of (1) Barnaby's claims against the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel and (2) Barnaby's claims under 18

U.S.C. §§ 471 and 1341 and Michigan Compiled Laws §§ 600.916(1) and 750.248, we affirm the district court's judgment to the extent that it dismissed those claims."

"….Now, Barnaby alleges that Witkowski and Berrien County forged documents and engaged in other wrongful conduct when litigating that action."

"Res judicata bars not only claims that were litigated in a prior action, but also claims that "should have been litigated in the prior action." Bragg, 570 F.3d at 776 (quoting Bittinger, 123 F.3d at 880)."

"…And in his second amended complaint, Barnaby alleged that Witkowski and Berrien County committed forgeries and other unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are continuous," that the defendants mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition."

Plaintiff contends that, the Magistrate Judge's Order Following Remand (ECF No. 91), is

a clear abuse of discretion, erroneous and contrary to laws and violates the Sixth Circuit Court's

Order (ECF Nos.72), and judicial biases against Plaintiff, example:

"As noted in the February 3, 2023 Order denying Plaintiff leave to file his Third Amended Complaint (ECF No. 62), the proposed amendment seeks to add seven Michigan judges and justices, the Michigan Court of Appeals, and the Berrien County Trial Court, as well as numerous additional claims. (Id. at PageID.880.) While the proposed amended pleading is arguably futile in a number of respects, see Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."), the Court concludes that the most economical and expedient course at this juncture is to allow the proposed amendment and permit Defendants to contest its legal sufficiency through motions to dismiss/for judgment on the pleadings under the Rule 12(b)(standard). As the Sixth Circuit recognized, however, any claims against the State of Michigan, the Michigan State Bar, the Michigan Supreme Court, and Defendants Whitmer and Nessel are barred by Eleventh Amendment immunity, and Plaintiff has no private right of action under 18 U.S.C. §§ 471 and 1341 or Mich. Comp. Laws §§ 600.916(1) and 750.248. (ECF No. 72 at PageID.953, 956.)"

First, the Magistrate Judge's (ECF No. 91) omitted that, one of the reasons the Sixth

Circuit Court reversed the District Court's Judgment (ECF No. 68), is because of Defendants

Forgeries.

"He contended that Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the defendants committed. And Barnaby alleged that the State Bar of Michigan overlooked evidence and refused to act on his formal complaint that Witkowski had engaged in the unauthorized practice of law, and that the Michigan Supreme Court relied on forged documents to uphold a foreclosure. Barnaby set forth numerous legal claims based on

these allegations, **contending that the defendants forged documents**, did not follow proper foreclosure procedures, committed larceny, and engaged in the unauthorized practice of law, in violation of Michigan law; seized property in violation of the Fourth, Fifth, and Fourteenth Amendments; and violated the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)."

Furthermore, the Magistrate Judge's Order (ECF No. 91), misrepresented the Sixth Circuit Court's Order (ECF Nos.72), that, "…Barnaby does not challenge the district court's holding that several defendants the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel are immune from suit.". But, for Barnaby's or Plaintiff's failure to raise these issues, the Sixth Circuit Court would have reversed the District Court's Judgment in whole. As such, it proves this District Court's biases against Plaintiff and caused the Michigan Supreme Court to still have forgery on its record and relief the Michigan Attorney General Nessel of her duty to prosecute crimes of forgeries, even as Defendants crimes contributed to the death of Plaintiff's family member.

Moreover, these forgeries are not just limited to the Defendants, in Plaintiff's Second Amended Complaint (ECF No. 10), but the New Defendants, in the Third Amended Complaint (ECF No. 36). Namely, Defendant Judge Butzbaugh, on July 12, 2012, falsified the Berrien Court record by forgery; stating that, he entered an Order on March 10, 2010, he did this to cover up, hide the fact that, his judgment was entered on August 18, 2010, and it was NOT entered on March 10, 2010. And then in 2020 Judge Butzbaugh hired Defendant Attorney Holstrom to continue the forgeries. Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020). Yet, the Magistrate Judge's Order (ECF No. 91) suppressed these indisputable facts and invites these same Defendants to, "….the Court concludes that the most economical and expedient course at this juncture is to allow the proposed amendment and permit Defendants to contest its legal sufficiency through motions to dismiss/for judgment on the pleadings under the Rule 12(b)(standard)…." One, question the Plaintiff would like this appeal to answer, is it because

9

Defendants procured Judgment by forgeries, in the Supreme Court of Michigan, Appellate Cour Michigan, and in the Berrien Trial Court, now Defendants must also procure Judgment in this District Court by forgery as well for consistency?

Plaintiff contends that, with all due respect to the Magistrate Judge, the Order must be reversed for its biases, inaccuracy, and its omission of continuous forgery, fraud, and theft. Moreover, while our society gives our Honorable Judges absolute immunity, it does not justify Defendants' fourteen years of continuous forgery, fraud, and theft in the Courts' record to procure Judgments. Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. As such the Magistrate Judge's Order must be reversed, as it is projecting judicial biases against Plaintiff contrary to the Appellate Court's Order and Judgment (ECF Nos. 72, 73).

**Did the Hon. Magistrate Judge Berens' Order Following Remand (ECF No. 91), which Denied Plaintiff Entering Defaults (ECF Nos. 32, 75, 95) and  Entering Default Judgments (ECF Nos. 28, 31, 77, 81, 88), an abuse of discretion and a violation of  Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's, "…. For further proceedings consistent with this Order"? …………………. Plaintiff Answers  Yes!**

### A. Does Plaintiff Warrant the Entering of Defaults and Default Judgments Against Defendants Pursuant to FRCP 55: (a), (b) (1), (2)? ……...Plaintiff Answers Yes!

Plaintiff contends that, it is apparent that he had honestly mistakenly titled his intended two prior Request for the Clerk of Court  to Enter DEFAULT (ECF No.32, 75), and incorrectly entitled Request to Enter Default Judgment Against Defendants Pursuant to Rule 55 – (a), (b) 1. As the clerk could see, even within the body of the request where the correct RULE 55 – (a), (b) 1, showing Plaintiff's intent. Plaintiff's intent was for Request to Enter DEFAULTS (ECF Nos,32, 75, 95), and  Request to Enter DEFAULT JUDGMENTS (ECF Nos, 28, 31, 81, 88).

The United State Supreme Court Ordered that, Courts should treat In Pro Se Litigants liberally. Plaintiff is an In Pro Se Litigant. See "Erickson v. Pardus, 551 U.S. 89, 94 (2007)".

10

The Clerk of this Court on December 21, 2023, did something similar for the State of Michigan Defendants who have the best of the best attorneys. (ECF Nos, 84. 95). Exhibit W-7.

Lastly, Plaintiff on December 28, 2023, filed a request for the Clerk of Court to enter Default (ECF No, 95), against all Defendants. Plaintiff called the Clerk of Court on December 29, 2023, to inquire about Default (ECF Nos, 32, 75 and 95). The Clerk referred Plaintiff to the Court's Administrator, which has become the norm post remand and the Administrator told Plaintiff that, the Judge's Chamber Ordered her not to enter Plaintiff's Request for DEFAULT (ECF No, 95). Plaintiff contends that, the District Court should reverse Magistrate Judge's Orders which prevents the Clerk of Court from entering Default ECF Nos, 32, 75 and 95) against Defendants. Then Order the Clerk of Court Pursuant to Rule 55 – (a), to Enter Default (ECF Nos, 32, 75 and 95) against Defendants, which is set forth in his affidavit on the record to the sum certain total of **$22, 529,329.60.** Finally, to Ordered the Clerk of Court Pursuant to Rule 55 – (b) 1, to Enter Default Judgment (ECF Nos, 28, 31, 77, 81, 88) against Defendants, set forth in his affidavit in the record to the sum certain total of **$22, 529,329.60.**

### B. The Berrien County Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), and failed to file answers or Rule 12 motions, Clearly, Plaintiff Warrants Defaults and Default Judgments Against Them.

The Magistrate Judge's Order, (ECF No. 91, PageID.1124), Denied, Plaintiff Default, and Default Judgment, by inaccurately concluding that, it is not proven that, Attorney Hackworth has expressly or implicit authorization to accept service on behalf of the Berrien County Defendants. The Order states,

> "Rather, a party seeking to prove that service on an attorney was proper must offer proof that the specific client expressly or implicitly authorized the attorney to accept service for the client. See Island Jay, Inc. v. MyLocker.com, LLC, No. 19-11501, 2023 WL 2733377, at *5 (E.D. Mich. Mar. 31, 2023). Here, Plaintiff has provided no evidence that any Defendant expressly or implicitly authorized Mr. Hackworth to accept service on their behalf."

Plaintiff contends that, Magistrate Judge's Order is moot in two respects, First, proof or evidence that The Berrien Court Defendants expressly or implicitly authorized Mr. Hackworth to

11

accept service on their behalf. **Secondly**, the Magistrate Judge's Order failed to recognize that,

the dispute betwee n Plaintiff and Attorney Hackworth is 'Verbal Agreement'.

     **First,** the proof or evidence that The Berrien Court Defendants expressly or implicitly

authorized Mr. Hackworth to accept service on their behalf, **1).** Plaintiff's unchallenged Affidavit

and Briefs both in the District Court and Sixth Circuit Court record, the Sixth Circuit Court,

relied on to make its Order, states,

> "The undisputed facts in the record demonstrated that both the Berrien County
> Defendants and Holmstrom Defendants were properly served with Complaint and Summons and
> with filings in the District Court's proceedings. But they wittingly and willfully chosen to be
> Defaulted rather than to Answer Plaintiff's independent Complaint (ECF Nos., 10, 36), or to file
> Motion under Rule12. As Plaintiff's independent Complaint (ECF Nos., 10, 36), and the
> undisputed facts in the record shows that Plaintiff's injuries were caused by both the Berrien
> County Defendants and Holmstrom Defendants filing of false affidavit-(ID.756-758), forgery
> documents-(ID.560-563), lies and perjuries in deposition-(ID.646-714)…"

     Now, after the Sixth Circuit Court's Order and Judgment(ECF Nos. 72, 73), Attorney

Hackworth, publicly put in writing what was verbally express to Plaintiff on November 22, 2022,

that, The Berrien Court Defendants expressly or implicitly authorized him to accept service on

their behalf.

> "However, given the procedural posture of this case following the Sixth Circuit
> remand, Berrien County is willing to waive service on behalf of itself and its current
> employees if provided with a 45 day period of time to file a response to the operative
> complaint. These defendants include: (1) Berrien County Government, (2) Berrien
> County Board of Commissioners, (3) Shelly Weich, (4) McKinley R. Elliott, (5) Donna
> B. Howard, and (6) Lora L. Freehling." (ECF No. 87, PageID.1059).

     The Magistrate Judge's Order failed to take into consideration that, neither the Berrien

County Defendants nor Attorney Hackworth mentioned that, Attorney Hackworth did not have,

expressly and implicitly authorization to accept service of Summonses and copies Complaint on

behalf of the Berrien County Defendants, until after Plaintiff called for CERTIFICATE

regarding compliance pursuant to LCivR 7.1(d), to fille Default and Default Judgment against

12

them, (ECF Nos. 28, 32).  Yet, Plaintiff called and spoke with Attorney Hackworth on November 22, 2022, and informed him about this same litigation and proper service of Summonses and copies of Complaint upon, The Berrien Court Defendants. Furthermore, Attorney Hackworth on December 09, 2022, received from Plaintiff ten original Summonses and ten copies of his second Amended Complaint (ECF No. 10), but Attorney Hackworth never returned original Summonses or copies of second Amended Complaint (ECF No. 10) to Plaintiff.  Lastly, Plaintiff has served Attorney Hackworth on behalf of Berrien County Defendants, copies of every filing that was filed both in the District Court and the Sixth Circuit Court proceeding, of which **none** was ever rejected or returned. Plaintiff in good faith has invested, time and money to serve Defendants for over one year, because Attorney Hackworth did not deny having authorization, expressly and implicitly to accept service on their behalf, except to avoid the entering of Default and Default Judgment. Clearly, Plaintiff  warrants Default and Default Judgment, to stop Defendants' [one plus year] employed dilatory tactics and undue delay-harassment to Plaintiff, and thirteen plus years of great pain and sufferings. "The purpose of a default judgment is to prevent a defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983)."

**Secondly**, the Magistrate Judge's Order failed to recognize that, the dispute between Plaintiff and Attorney Hackworth is 'Verbal Agreement. Plaintiff claims that Attorney Thaddeus J. Hackworth verbally agreed that, Plaintiff mail the Summonses and the copies of the Complaint to Mr. Hackworth as proper service, on behalf of Berrien County Defendants, MR.

Hackworth only denied after Plaintiff sought concurrence pursuant to LCivR 7.1(d), for Default and Default Judgment, against Defendants, ECF Nos. 28, 29,31, 32, 48, 49).

The Magistrate Judge's Order failed to judge the elements that, makes up a Verbal Agreement between Plaintiff and Attorney Hackworth: Mutual consent and understanding, Offer and acceptance, Mutual consideration, Performance and Good faith.

**1). Mutual consent and understanding:** Barnaby the, In Pro Se Litigant and Attorney Hackworth the Corporate Counsel for The Berrien County Defendants and both parties knew the Defendants need to be served with Summonses and copies of the Complaint. The Defendants' website describes Attorney Hackworth job as follows, "Corporate Counsel serves as the in-house attorney for general County legal matters which are civil in nature, such as representing commissioners and elected officials acting on County business, as well as advising on issues related to personnel/labor, ordinance and policy, and litigation[1]." Exhibit W-9.

**2). Offer and acceptance:** As is the custom with all the other Defendants. Plaintiff called the Berrien County Defendants on or about November 22, 2022,  and spoke with Attorney, Thaddeus Hackworth, and he instructed Plaintiff to served him Summonses and copies Complaint on behalf of the Berrien County Defendants.  (ECF Nos. 18, 19, 22, 29, 49) and Exhibit W-8.

**3). Mutual consideration:** Barnaby the, In Pro Se Litigant and Attorney Hackworth exchange of valuable goods, rights, or services occurred. On November 22, 2022, Barnaby, or Plaintiff, the, In Pro Se Litigant promised Attorney Hackworth to send him Summonses and copies of Complaint and Attorney Hackworth the Corporate Counsel for The Berrien County Defendants and promised to served Summonses and copies of the Complaint on Defendants.

---

[1]https://www.berriencounty.org/1075/Corporate-Counsel

**4). Performance:** The Magistrate Judge's Order (ECF No. 91, PageID.1122), the Berrien

County Defendants' Attorney, Mr. Hackworth ECF Nos. 48, 87) and the Plaintiff, (ECF Nos. 29,

49-1), all agree that Mr. Hackworth, received and signed for all ten of the only original

Summonses and ten copies of the Complaint, from Plaintiff, intended to give proper service to

the below Defendants on December 9, 2023. And that Plaintiff had spoken to Mr. Hackworth, on

November 22 and 28, 2022, before mailing the ten Summonses and ten copies of the Complaint

to him and he did not return them to Plaintiff.

> "…on December 9, Thaddeus J. Hackworth, Berrien County's Corporate Counsel,
> acknowledged receipt of ten copies of the second amended complaint and original
> summonses for Berrien County Government, Berrien County Board of Commissioners,
> James McGovern, Bret Witskowski, Lori D. Jarvis, Shelly Weich, McKinley R. Elliott,
> Kathleen Culberson, Donna B. Howard, and Lora L. Freehling. (ECF No. 48-1 at
> PageID.304.)…. Mr. Hackworth further states that on November 22 and 28, 2022, he
> spoke with Plaintiff via telephone…." **(PageID.1122)**

**5). Good faith:** The Magistrate Judge's Order (ECF No. 91) failed accurately judge that,

Plaintiff acted in accordance with the Verbal Agreement, as Mr. Hackworth, "acknowledged

receipt of ten copies of the second amended complaint and original summonses". And that, if it

was the case that Mr. Hackworth did not serve Summonses and copies of the Complaint on

Defendants, he would have broken  the Verbal Agreement.

Again, Plaintiff mailed the only copies of original Summonses and copies of the

Complaint to Mr. Hackworth, and he did not return them to Plaintiff, (ECF Nos. 29).  The record

shows that, while Attorney Hackworth was fully aware of the litigation from, November 22,

2022, and received the only copies of original Summonses and copies of the Complaint on

December 09, 2022, he never objected until after Plaintiff informed him of his intent to file

Default and Default Judgment pursuant to LCivR 7.1(d), on January 03, 09, 2023. Plaintiff has

served Attorney Hackworth on behalf of Berrien County Defendants, every filing that was filed

both in the District Court and the Sixth Circuit Court proceeding, which was never rejected.

15

Now, for Attorney Hackworth to say, "However, given the procedural posture of this case following the Sixth Circuit remand, Berrien County is willing to waive service on behalf of itself and its current employees if provided with a 45 day period of time to file a response to the operative complaint." (ECF No. 87, PageID.1059). After, one year of the Plaintiff's time and money to serve them, given, Defendants' willful wanton misconducts which have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. Clearly, Plaintiff warrants Default and Default Judgment, to stop Defendants' [one plus year] from employing dilatory tactics and undue delay-harassment to Plaintiff, and thirteen plus years of great pain and sufferings.

**Lastly,** the Honorable Magistrate Judge failed to accurately judge the evidence of the disputed Verbal Agreement between Plaintiff and Attorney Hackworth, that supports Plaintiff, setting aside both gave opposing Declaratory statements which neutralize the other: **(a),** Plaintiff has a past procedural practice, of calling Defendants then after ascertaining concurrence mails out Summonses and copies of Complaint. See, (ECF Nos. 22, 29, 49) & Exhibit W-8. **(b)**, Plaintiff had spoken to Mr. Hackworth before the Summonses and copies of the Complaint were mailed to him. **(c)**, That, Mr. Hackworth signed for the original Summons and copies of the Complaint and did not return them to Plaintiff. **(d).** Mr. Hackworth never objected to the fact that, the same Defendants were properly served until after Plaintiff informed him of his intent to file Default and Default Judgment pursuant to LCivR 7.1(d), on January 03, 09, 2023. **(e).** Mr. Hackworth never made a proper appearance in the District Court, nor the Sixth Circuit Appellate Court, even though Plaintiff served Defendants every filing in both Courts. **(f).** Mr. Hackworth also consented to Plaintiff serving his client via his email, thackworth@berriencounty.org.

16

Plaintiff contends that, for all the above reasons, this District Court should reverse the Hon. Magistrate Judge's Order and Order the Clerk to enter Default and Default Judgment against the Berrien County Defendants.

### C. The Niles Charter Township Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), and failed to file an answer or a rule 12 motion or objection to Plaintiff 's Third, Amended Complaint (ECF No. 36) and did not appeal District Court's Order and Final Judgment (ECF Nos 67, 68), Warrants Plaintiff's Default and Default Judgment Against Them. (ECF Nos 75, 77, 95).

As customary Plaintiff called, 'The Niles Charter Township Defendants', and informed them of the pending litigation. Then, Plaintiff mailed US Postal certified mail, with restricted Delivery and with return receipt with two original Summonses and two copies of the Complaint to the Niles Charter Township Defendants, they received on December 08, 2022.  Plaintiff's Brief before the Sixth Circuit Court statement that it  relied on to make its Order, "…while Defendants Niles Township filed an Answer to Plaintiff's Complaint. (ECF No. 58). They did not file an opposition to Plaii tiff's Amendment (ECF Nos. 36, 37), nor  an objection (ECF No. 57), to the Report and Recommendation, now Opinion of the District Court. (ECF No. 16).   As such, Appellant contends that, the Defendants Niles Township waived their rights to challenge Barnaby's Appeal." As such, Plaintiff Warrants  Default and Default Judgment Against the Niles Township Defendants for their failure file answer to Plaintiff's Third Amended Complaint(ECF Nos. 36) or a rule 12 Motion.  Applicable controlling laws are:

> Fed. R. Civ. P. 1
> (The doctrine of the law of the case) and or (The law of the case doctrine)
> Res Judicata and or Collateral Estoppel
> Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B)
> Fed. R. Civ. P. 12 (a)(2) or (3)
> Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b)

17

**D. The Question Plaintiff Seeks to be answered, is should an Officer of this District Court and His Professional Practice Entity, Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC, Defendants get away with their willful rejections of service by certified restricted mailing of Summonses and copies of Complaint (ECF No, 10), or if they received the same and pretended as if they did not get them?**

Plaintiff called, 'Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC', and informed him of the pending litigation. Then, Plaintiff mailed US Postal certified mail, with restricted Delivery and with return receipt with two original Summonses and two copies of the Complaint to Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC Defendants, and they were delivered at Holmstrom Law Office PLC Professional Practice office on December 09, 2022. Plaintiff is not sure at this time if, they willfully rejected service by certified restricted mailing of Summonses and copies of Complaint (ECF No, 10), or if they received the same and pretended as if they did not get service as the Summonses and copies of Complaint were never returned to Plaintiff. Attorney Holmstrom Defendants were even more informed on the Litigation proceedings than the Plaintiff was. Plaintiff's Brief before the Sixth Circuit Court, that it relied on to make its Order. Please see, (ECF Nos. 22, 29, 49) and Exhibits W-8, 11

> "First, Plaintiff called and spoke with Defendant Attorney Holmstrom as a Defendant in the case and about some of his prior clients; also, about Plaintiff's intent to add to the Complaint. It was a "Surprise" to Plaintiff, when Defendant Attorney Holmstrom stated that Plaintiff has no further need to contact him about the same two matters as the Magistrate Judge has filed a Report and Recommendation which Judge Robert J. Jonker who will basically just rubber stamp even if Plaintiff responded. Plaintiff then called the clerk office to confirm, if indeed the Magistrate Judge has filed a Report and Recommendations and the clerk's office confirmed." See ( ID.66-67). "….In spite the heads up from Defendant Attorney Holmstrom that, the Magistrate Judge filed Report and Recommendations well be rubber stamped by Judge Robert J. Jonker, Plaintiff is still seeking time to properly respond to the Report and Recommendations…." (ECF No. 22, Pages ID.66-67).

As such, the Question Plaintiff Seeks to be answered, is should an Officer of this District Court and His Professional Practice Entity, Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC, Defendants get away with their willful rejections of service by certified restricted

mailing of Summonses and copies of Complaint (ECF No, 10)[2], or if they received the same and

pretended as if they did not get them?  Yet, they were served with the Summonses and copies of

Complaint (ECF Nos, 10, 36) and with every filing with Clerks of both the District Court and the

Sixth Appellate Court, Plaintiff  have mailed by U.S. Postal Service, plus at times by emails.

Clearly, Plaintiff  warrants Default and Default Judgment, to stop Defendants' [one plus

year] from employing dilatory tactics and undue delay-harassment to Plaintiff, and thirteen plus

years of great pain and sufferings.  The purpose of default and default judgment are to prevent a

defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the

merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he

basic purpose of the default judgment is to protect parties from undue delay-harassment.").

"Judgment by default is a drastic step which should be resorted to only in the most extreme

cases." United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983)."

**E.  The State of Michigan Defendants were Properly Served Summonses with copies of
    Complaints (ECF Nos, 10, 36), failed to file an answer or a valid Motion under Rule
    12, or an Appeal, Warrant Plaintiff's Default and Default Judgment Against Them.**

As demonstrated above on pages two and three of this Brief and in the record all the state

Defendants were  roperly served Summonses with copies of Complaints (ECF Nos, 10, 36), they

failed to file an answer or a valid Motion under Rule 12, or an Appeal, which Warrant Plaintiff's

Default and Default Judgment Against Them. Plaintiff's ,Default and Default Judgment against,

former Governor Jennifer Granholm, former Governor Rick Snyder, and Assistant Attorney

---

[2] The Holmstrom Defendants and the Berrien County Defendants were more aware of Plaintiff's Litigation than all
the other Defendants. Moreover, Plaintiff has served the Holmstrom Defendants and the Berrien County
Defendants with not just the Summonses and copies of Complaint (ECF Nos, 10, 36) but with every filing with the
clerks of both the District Court and the Sixth Circuit Appellate Court, Plaintiff  have mailed by U.S. Postal Service,
plus emails at times to, thackworth@berriencounty.org, jeff@holmstromlawoffice.com, linda@holmstromlawoffice.com.

General Kendell Asbenson Defendants, are Proper and Should be Granted because of their failure to file an Answer to both Plaintiff's, Second and Third Amended Complaint (ECF Nos. 10, or 36), or a valid Motion, Under Rule 12, and they did not appeal the District Court's Orders and Judgment (ECF Nos. 56, 67. 68). This District Court Order and Final Judgment declared their Rule 12 Motion (ECF No. 18), moot. Now, the fact that they did not appeal the District Court's Orders and Final Judgment (ECF Nos. 56, 67. 68) warrant Plaintiff's Default and Default Judgment against Granholm, Snyder and Asbenson. Moreover, considering Plaintiff's Default (ECF Nos. 75, 95) and Default Judgment (ECF Nos. 77, 81), the applicable laws are: (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B); Fed. R. Civ. P. 12 (a)(2) or (3), Fed. R. Civ. P. 12 (b)(1)(A) and Fed. R. Civ. P. 55 (a), (b).

The Sixth Circuit Appellate Court's Order and Judgment stated, "Because those rulings are dispositive of (1) Barnaby's claims against the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel and (2) Barnaby's claims under 18 U.S.C. §§ 471 and 1341 and Michigan Compiled Laws §§ 600.916(1) and 750.248, we affirm the district court's judgment to the extent that it dismissed those claims." But, not former Governor Jennifer Granholm, former Governor Rick Snyder, and Assistant Attorney General Kendell Asbenson. As such, the Honorable Magistrate Judge abused her discretion when she failed to enter Default and Default Judgment against former Governor Jennifer Granholm, former Governor Rick Snyder, and Assistant Attorney General Kendell Asbenson.

**F.  The Benton Harbor Defendant was Properly Served Summons with copies of Complaints (ECF Nos, 10, 36), and failed to file an answer or a Motion under Rule 12, or an Appeal, Warrant Plaintiff's Default and Default Judgment Against Them.**

Plaintiff contends that, Defendant City of Benton Harbor must be Defaulted as it was properly served by Plaintiff with Summonses and Complaint (ECF No. 10, 36, 37), but failed to file answers or Motion Under Rule 12, and failure to appeal the District Court's Orders and Final Judgment (ECF Nos, 35, 56 67. 68). As such, Plaintiff warrants Default and Default Judgment against them and its Granted Motion to the extent (ECF No. 85) must be reversed. As it has been over one year since Defendant Benton Harbor was properly served by Plaintiff with the Summons and Plaintiff's, Second Amended Complaint (ECF No. 10), and is yet to file an Answer or a Motion Under Rule 12, and 28 days after the determination of the Report and Recommendation, now opinion of the Court (ECF No. 16, 67, 68), entered on February 13, 2023, and expired on March 13, 2023.

Plaintiff's Request for Default and Default Judgment against City of Benton Harbor Defendant are proper as it has been [over one year] after the Defendant was properly served. "The purpose of a default judgment is to prevent a defendant from employing dilatory tactics— not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2., 839, 845 (6th Cir. 1983)." Clearly, Plaintiff's Motions and applications for Default Judgments are  warranted to stop Defendants employed dilatory tactics and undue delay-harassment of Plaintiff's  Complaint (ECF Nos. 10, 36), for the last [one year and three weeks] and thirteen plus years of pain and sufferings.

21

Plaintiff contends that, after Nine-plus months after the Court Granted, Defendant City Benton of Harbor Motion "...28 days after the Court's decision on the Report and Recommendation (ECF No. 16).", to file its Answer to Plaintiff's, Second Amended Complaint (ECF No. 10). It has now forfeited its rights to file an Answer to Plaintiff's, Second Amended Complaint (ECF No. 10), or a Motion Under Rule 12, nine-plus months later. Moreover, Plaintiff contends that, Defendant City Benton Harbor MUST be Defaulted and enter Default Judgment against it, under Plaintiff's Second and Third Amended Complaint (ECF Nos. 10, 36), as the Court GRANTED Defendant City Benton Harbor 28 days to respond to Plaintiff's Second Amended Complaint (ECF No. 10) which started from February 13, 2023, and expired on March 13, 2023. And because the Defendant City Benton Harbor 28 days, had expired on March 13, 2023, and it is now January 2, 2024, and they did not appeal the District Court's Orders and Final Judgment (ECF Nos. 35, 56, 67, 68) these controlling laws are applicable: (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B); Fed. R. Civ. P. 12 (a)(2) or (3), Fed. R. Civ. P. 12 (b)(1)(A) and Fed. R. Civ. P. 55 (a), (b)

### Plaintiff's Default and Default Judgments are Proper and should be Granted.

Plaintiff further contends that, the Honorable Magistrate Judge's Orders should be reversed, Defaults and Default Judgments should be entered pursuant Rule 55 (a), (b) 1 or 2, against all above Defendants in this litigation, failure to do so would: 1) prejudice the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7)

the preference for decisions on the merits. Russell v. City of Farmington Hills, 34 F. App'x 196, 198 (6th Cir. 2002).

1). Should this District Court now Deny Plaintiff's Appeal it would not just violate the Sixth Circuit Appellate Court's Order and Judgment that's binding upon this Court it would also further prejudice and harm plaintiff. Plaintiff argued in the Sixth Circuit Appellate Court, that, "Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; Hardship of great pain and suffering; and emotional distress. ". It will prejudice Plaintiff by worsening his and his family's same great pain and suffering they have been enduring unwarranted due to Defendants' misconducts, over thirteen years!

Both the, 2) the merits of the claims and 3) the sufficiency of the complaint, was tested tried and proven by the District Court's Order and Judgment dismissing the Claims, (ECF Nos. 67, 68) and Sixth Circuit Appellate Court's Order and Judgment reversing and affirmed the claims and the sufficiency of the complaint.

Next, 4) the amount of money at stake; is set forth with affidavit. And, 5) possible disputed material facts, there are no disputed material facts, because Sixth Circuit Appellate Court's Order and Judgment reversing District Court's Order and Judgment dismissing the Claims and based on Defendant's own appraisal, false Affidavit, fraud in defendants' Deposition and Defendants' forgery documents.

Then, 6) whether the default was due to excusable neglect. These defaults are not due to excusable neglect, Plaintiff's unchallenged brief in the Sixth Circuit Court, argued,

> "However, Attorney Hackworth, Attorney for the Berrien County Defendants, and Defaulted Defendant Attorney Holmstrom and Attorney for Holmstrom Law Office communication responses in defense why they failed to file an answer to Plaintiff's Complaint or a motion under Rule 12., were based

upon their reliance on Report and Recommendation that, the Court will dismiss Plaintiff's Complaint. Th Berrien County Defendants and the Holmstrom Defendants wittingly and willfully chose not to Answer the Complaint or to file a Motion Under Rule12, as the undisputed facts in the record proved that, Plaintiff finally discovered their continuous retaliations, coverups and abuse of power with intentional material lies, perjuries, fraudulent omissions or misrepresentations and illusory truths, with their filing of false Affidavit, Deposition, Forgery Documents, and in Pleadings, in the District-Court's proceeding, that they used to surprise, shock and confused Plaintiff deterred the Amendment of his then Complaint, Barnaby v. Witkowski, 1:14-cv-1279."

In addition, 7) the preference for decisions on the merits. Russell v. City of Farmington Hills, 34 F. App'x 196, 198 (6th Cir. 2002). The Sixth Circuit Appellate Court's Order and Judgment reversing District Court's Order and Judgment dismissing the Claims and based on Defendant's own appraisal, false Affidavit, fraud in defendants' Deposition and Defendants' forgery documents is on the merit. And, the Defendants Berrien County as do all the other Defendants forfeited their rights.

Lastly, the following controlling laws are bidding on this District Court: (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel Doctrines; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B), Fed. R. Civ. P. 12 (a)(2) or (3), Fed. R. Civ. P. 12 (b)(1)(A) and Fed. R. Civ. P. 55 (a), (b) are all -proper to reversed the Honorable Magistrate Judge's Orders and to Order the Clerk of the Court to enter Defaults (ECF Nos. 32, 75, 95) and to enter Default Judgments (ECF Nos. 28, 31, 81, 88) against Defendants, and to Grant Plaintiff with the full damages set forth in his affidavit in the record to the sum certain Grant Total, **$22, 529,329.60.**

## VI.    Conclusion and Relief Request

For the reasons articulated herein, Plaintiff request that, the District Court reverse the Honorable Magistrate Judge Sally J. Berens' Order (ECF No. 91, 96), finding that, they are judicial bias, and abuse of discretion, erroneous and contrary to law and  a violation of the  Sixth Circuit Appellate Court's Order and Judgment (ECF Nos.72, 73), In Part, Denying Plaintiff's Entrance  of Default (ECF Nos. 32, 75, 95) and for Entry of Default Judgment (ECF Nos. 28, 31, 77, 81, 88), and to reverse Defendant's Granted of  Motion (ECF No. 85) and to Grant Plaintiff with the full damages set forth in his affidavit in the record to the sum certain Grant Total, **$22, 529,329.60.** EXHIBITS W-6, 8, & 10.

Lastly, should the United States District Court Judge, the Hon. Robert  J.  Jonker affirmed the Magistrate Judge's Orders, to please, fast track the same for an Interlocutory Leave to Appeal to Federal Sixth Circuit Appellate Court.

Respectfully Submitted,

Dated:  January 02, 2024,          \S/ Owen W. Barnaby
                                   Owen W. Barnaby, In Pro Se.

25

## CERTIFICATE OF SERVICE

The undersigned states that on the 2nd   day of January 2024, a duplicate original of

Plaintiff's,  EXPEDITED CONSIDERATION REQUESTED, Plaintiff's Brief, against all named

Defendants filed with the Clerk using the ECF System, which will provide electric notice to the

parties of record, and I have emailed and mailed by U.S. Postal Service the same to the  non-ECP

participants attorney above.


Respectfully Submitted,


Dated:  January 6.2, 2024,                          \S/ Owen W. Barnaby
                                                    Owen W. Barnaby, In Pro Se.

26

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.3(b)(i) because, excluding the part of the document exempted by this rule, this brief contains 25 pages.

2. This document complies with the typeface requirements of Local Rule 7.3(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.

Respectfully Submitted,

Dated:  January 02, 2023,          \S/ Owen W. Barnaby
                                   Owen W. Barnaby, In Pro Se.

## SUPPLEMENTAL DESIGNATION OF RELEVANT
## DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), Appellant, Owen W. Barnaby an In Pro

Se,  Litigant, hereby designate the following additional District Court documents

as relevant to this matter.

| Record  Entry Number | Description of Entry | Page ID No. Range |
|---|---|---|
| 2 | SUMMONS Issued | |
| 4 | Order/Amend Complaint | |
| 7 | SUMMONS Issued | |
| 10 | Amend Complaint | |
| 11 | Order Transferring Case | |
| 15   29 | Impending Dismissal | ID.7-8 |
| 16 | Report/Recommendation | ID.9-18 |
| 18 | Motion for Dismissal | |
| 28 | Motion/Default Judgment | ID.84-95 |
| 28-1 | Default/Affidavit | ID.96- 98 |
| 28-2 | Certificate/Concurrence | ID.99- 102 |
| 29 | Served/Complaint/Summons | ID.103-129 |
| 31 | Motion/Default Judgment | D.157- 160 |
| 31-1 | Default/Affidavit | ID.161- 163 |

| 32 | Application/Default Judg. | ID.157-160 |
| 32-1 | Default/Affidavit | ID.161-163 |
| 35 | Order | ID.172, |
| 36 | Amended or Leave Amend Complaint | ID.173-265 |
| 38-46 | Summons to be issued | ID.285-295 |
| 47 | Order, Stopping Summons | ID.294 |
| 49/ 49-1 | Opposition/Declaration | |
| 51 | Opposition to Dismissal | ID.326-360 |
| 53 | Joint Motion/Extent time | |
| 56 | Order/Motion/Extent time | ID.524 |
| 57 | Appellant Objection to Report/Recommendation | ID.525-559 |
| 57-1 | Forgery Documents | ID.560-563 |
| 57-2 | Barnaby's Affidavit | ID. 564-569 |
| 57-3 | Illusory Truth Research | ID.770-779 |
| 57-4 | Dr Bulgin Expert Report | ID.580-588 |
| 57-5 | Dr. Payne Expert Report | ID.589-607 |
| 57-6 | Paid In Full Tax Receipt | ID.608-609 |

| 57-7 | Appraised at $12,000.00 | ID.610-635 |
|------|--------------------------|------------|
| 57-11 | Witskowski's Perjuries/ Fraud in his Deposition | ID.646- 686 |
| 57-12 | Witskowski's Deposition. | ID.687- 694 |
| 57-13 | Witskowski's Deposition | ID.695- 708 |
| 57-14 | Proof of UPL & Foreclosure | ID. 709-714 |
| 57-16 | State's Judgment & Order | ID.717-723 |
| 57-17 | Holmstrom's Forgey /filings | ID.724-726 |
| 57-18 | Holmstrom's Forgey /filings | ID.727-729 |
| 57-19 | Holmstrom's Forgey /filings | ID.730-734 |
| 57-23 | Witskowski's False Affidavit | ID.756-758 |
| 64 | Appeal of Order | ID.887-922 |
| 67 | Order Approving R &R | ID.939-943 |
| 68 | Final Judgment | ID.944 |
| 69 | Notice of Appeal | ID.945 |
| 72 | | |
| 73 | | |
| 75, 77 | | |
| 80/ 83 | | |

| 81 | | |
|---|---|---|
| 85/86 | Benton Harbor | |
| 87 | Berrien County | ID.849- 864 |
| 88 | MOTION to expedite | |
| 89 | MOTION Support | |
| 90 | Plaintiff's Opposition | |
| 91/96 | Order on Appeal | |
| 92 | Holmstrom Personal Letter to Judge | |
| 93/94 | Notice for Appeal | |