UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-------------------------------------------------------------------x

OWEN W. BARNABY,

                                       Plaintiff,     No. 1:22-cv-01146 (RJJ)(SJB)

v.

MICHIGAN STATE GOVERNMENT, et al.

                                       Defendants.

-------------------------------------------------------------------x

**BERRIEN COUNTY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE BERENS' 12/27/2023 ORDER FOLLOWING REMAND (ECF NO. 91)**

**PRELMINARY STATEMENT**

On December 27, 2023 Magistrate Judge Berens issued an Order Following Remand, which (1) granted Plaintiff leave to file his Third Amended Complaint, (2) denied Plaintiff's many pending motions for default judgment, and (3) extended the City of Benton Harbor's time to respond to the operative complaint (hereinafter, the "12/27/2023 Order"). (ECF No. 91.) In response, Plaintiff filed: (1) a Notice of Appeal dated December 27, 2023 (ECF No. 93), (2) an Amended Notice of Appeal dated December 27, 2023 (ECF No. 94), (3) what appears to be his sixth Application for Entry of Default, dated December 28, 2023 (ECF No. 95), (4) a 25-page Notice of Appeal dated January 2, 2024 (ECF No. 97), and (5) a 27-page Amended Notice to Appeal dated January 4, 2024 (ECF No. 100). Because these filings appear to be largely, if not entirely, duplicative, this response speaks to Plaintiff's most recent Amended Notice of Appeal (ECF No. 100.)

Berrien County, by special appearance, responds to Plaintiff's appeal and objections as follows.

By this appeal, Plaintiff provides yet another rehash of the entirety of his arguments related to various "forgeries," which he has made in almost every one of his numerous, duplicative, and prolix filings in this action. To the extent that Plaintiff takes any clear aim at the 12/27/2023 Order, he contends that it must be reversed "for biases, inaccuracy, and its omission of continuous forgery, fraud, and theft." (ECF No. 100, PageID.1234). Plaintiff further claims that the Order "must be reversed for projecting judicial biases against Plaintiff contrary to the Appellate Court's Order and Judgment." (Id.)

As it applies to the defendants Plaintiff associates with Berrien County,[1] Plaintiff contends that the 12/27/2023 Order denying his motion for default judgment is "moot" because, as Plaintiff argues, all Berrien defendants authorized Berrien County Corporate Counsel to accept service on their behalf (ECF No. 100, PageID.1236), and because Plaintiff had a contractual "verbal agreement" with Berrien County Corporate Counsel concerning "proper service" (ECF No. 100, PageID.1238). Neither of these arguments was clearly raised to the Magistrate Judge, and both are inappropriate to raise now. Regardless, as set forth below, both are unavailing: Plaintiff's attempt at service upon the "Berrien defendants" by certified mail to counsel is not authorized by the federal rules, even if Corporate Counsel had any "implied" authorization to accept service, which the Magistrate Judge correctly determined Plaintiff failed to show.

In sum, the 12/27/2023 Order was neither clearly erroneous nor contrary to law, and should be affirmed without modification.

---

[1] The defendants that Plaintiff associates with Berrien County include: (1) Berrien County Government, (2) Berrien County Board of Commissioners, (3) James McGovern, (4) Bret Witskowki, (5) Lori D. Jarvis, (6) Shelly Weich, (7) McKinley R. Elliott, (8) Kathleen Culberson, (9) Donna B. Howard, and (10) Lora L. Freehling (hereinafter, the "Berrien defendants"). (Hackworth Decl. ¶ 5, ECF No. 48-1, PageID.303.)

2

## **STATEMENT OF RELEVANT FACTS**

Contrary to Plaintiff's repeated claims, counsel for Berrien County did not waive service on behalf of any defendant, nor did counsel agree to accept service by mail on behalf of any defendant. (Declaration of Thaddeus Hackworth, dated January 9, 2023 ¶ 3, ECF No. 48-1, PageID.303.) Indeed, Corporate Counsel <u>explicitly</u> indicated to Plaintiff that Corporate Counsel would not accept service by mail, and that Plaintiff would be <u>required</u> to properly serve each of the defendants in this action.[2] (Id.) Plaintiff has provided no evidence whatsoever of any "verbal agreement" to the contrary.

Nevertheless, Plaintiff elected to mail summonses for ten different defendants, along with ten copies of the Second Amended Complaint, to Berrien County Corporate Counsel by certified mail. (Hackworth Decl. ¶ 4, 5, ECF No. 48-1, PageID.303.) As a matter of course, Corporate Counsel accepts certified mail (id. ¶ 4), and upon counsel's acceptance of this parcel, Plaintiff determined to ignore Corporate Counsel's statement that he had no authority to accept this service; instead Plaintiff proceeded in this action as though sufficient service had been achieved as to all defendants for which Plaintiff chose to place a summons in the parcel, as it appears no further attempts at proper service were made.

At the time Plaintiff mailed the pleadings, the action was pending dismissal pursuant to the Report and Recommendation issued by Magistrate Judge Berens on December 14, 2022 (ECF No. 16), which was subsequently adopted and approved by Judge Jonker on February 13, 2023 (ECF No. 67). The case was then dismissed with prejudice, until the Sixth Circuit partially reversed and remanded the case back to the District Court by mandate issued December 11, 2023 (ECF No. 74).

---

[2] Notably, a number of the "Berrien defendants" are no longer current County employees, and counsel would have no authority to waive service on their behalf (let alone accept service for them), even if Plaintiff had presented a Rule 4(d) waiver to them, which he did not. (Id. ¶ 6, 7.)

3

Both prior to and following the Sixth Circuit appeal, Plaintiff filed numerous motions and applications for default judgments against all defendants, including the "Berrien defendants." (See ECF Nos. 28, 31, 32, 75, 77, 81.)  All were opposed by Berrien County by special appearance (See ECF Nos. 48, 87).  The motions filed prior to the District Court's February 13, 2023 Order were denied as moot upon dismissal of the action (ECF No. 67), but that denial for mootness was reversed by the Sixth Circuit upon reinstatement of the action.  (ECF No. 72.)  Thus, Magistrate Judge Berens' 12/27/2023 Order considered all of Plaintiff's motions and applications for default, and denied all of them for the reasons set forth in the Order.  (ECF No. 91.)   Plaintiff has now filed his instant appeal(s) of this Order.

## STANDARD OF REVIEW

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  "These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate[.]" Sackall v. Heckler, 104 F.R.D. 401, 402 (D.R.I. 1984)

## ARGUMENT

As an initial matter, the Magistrate Judge correctly determined that default has not been entered by the Clerk against any defendant, and Plaintiff's motions were therefore premature.  Under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action.  To obtain a default judgment, a litigant must

4

first obtain the clerk's entry of default pursuant to Rule 55(a).  See Clanton v. Sam's Club, No. 1:21-CV-53, 2021 WL 5496383, at *1 (W.D. Mich. Apr. 12, 2021).   Once a default has been entered, a party may apply to the court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  Because no default has been entered here, a default judgment may not issue.

Moreover, entry of default would be inappropriate.  It is a "bedrock principle that a defendant is not obliged to engage in civil litigation unless the defendant is properly notified of the action and brought under the court's authority, i.e., personal jurisdiction, by formal service of process." Arthur v. Litton Loan Servicing LP, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002). "Due to the integral relationship between service of process and due process requirements . . . actual knowledge of the action [cannot] cure[] a technically defective service of process." Scheidies v. USA Triathlon, No. 12-11842, 2012 WL 2804854, at *3 (E.D. Mich. July 10, 2012)  "The requirement of proper service of process 'is not some mindless technicality.'" Id. (quoting Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir. 1987)).  "Rather, it goes to the very heart of a court's ability to hear a case." Murray v. Wiggins, No. 2:19-CV-00046, 2021 WL 3698898, at *3 (M.D. Tenn. Aug. 3, 2021), report and recommendation adopted, No. 2:19-CV-00046, 2021 WL 3682643 (M.D. Tenn. Aug. 19, 2021).  Indeed, "[s]ervice is ... not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'." Mann v. Castiel, 681 F.3d 368, 372 (D.C. Cir. 2012) (quoting Okla. Radio Assocs. v. FDIC, 969 F.2d 940, 943 (10th Cir. 1992)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. See Friedman v. Est. of Presser, 929 F.2d 1151, 1156-57 (6th Cir. 1991).

Thus, a Court must determine whether it has personal jurisdiction over a defendant before entering a judgment by default against a party who has not appeared in the case. Ford Motor Co.

5

v. Cross, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). "Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd., 229 F.3d 1153 (6th Cir. 2000); see also Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); Baumer v. Bandyk, No. 1:06-CV-573, 2006 WL 8455006, at *2 (W.D. Mich. Oct. 10, 2006) ("[I]n the absence of service, or a waiver of service, entry of default is improper.").

Here, the requirement of service was not satisfied, and the motion for default judgment was correctly denied by Magistrate Judge Berens.

  A.  *Service under Federal Rules*

    1.  *Service on Public Corporations*

As an initial matter, it should be noted that the current Berrien County employees named as defendants in the Second Amended complaint have all been named in their official capacities. "Where a plaintiff fails to designate an individual defendant as being sued in his official or individual capacity, 'by operation of law, defendants are deemed sued in their official capacities.'" Brewer, 2018 WL 1128353, at *2, (quoting Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999)). A suit against an individual in his official capacity is tantamount to a suit against the governmental entity. Id.  In his Second Amended Complaint, Plaintiff specifies only one defendant as being sued in his individual capacity—"Witskowski," who is not a current Berrien County employee. (ECF No. 36, PageID.191 ¶ 41; see ECF No. 48-1, PageID.304, ¶ 6.) Thus, the other individual defendants are then presumptively named in their official capacities.  As such, service is governed by Fed. R. Civ. P. 4(j), which provides for service on a state or local government.  Brewer, 2018

WL 1128353, at *2.  Federal Rule of Civil Procedure 4(j)(2) provides two methods for service on a local government:

> (A) delivering a copy of the summons and complaint to it chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Here, Plaintiff's election to send process by certified mail does not meet the federal rule for service on local governments under Fed. R. Civ. P. 4(j)(2)(A).  "The federal rules do not permit service on [a] local government through certified mail."  Brewer v. Detroit Pub. Sch. Cmty. Dist., No. 17-11364, 2018 WL 1128253, at *2 (E.D. Mich. Mar. 2, 2018); see Larsen v. Mayo Med. Or., 218 F.3d 863, 868 (8th Cir. 2000) (holding that "delivery" under Rule 4 requires personal service); Christian v. Federal Home Loan Mortg. Corp., No. 13-13795, 2016 WL 1640459, at *2 (E.D. Mich. Apr. 26, 2016) ("Notably, courts have interpreted 'deliver[y]' under [Rule 4 of the Federal Rules of Civil Procedure] as requiring personal service on the appropriate agent."); see also Etherly v. Rehabitat Sys., No. 13-11360, 2013 WL 3946079, at *5 (E.D. Mich. July 31, 2013); Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009).  As such, by failing to effect personal service, Plaintiff failed to properly serve any of the "Berrien defendants" under the federal rules.

### 2.  Service on Individual Defendants

Even if Plaintiff was considered to have named the individual "Berrien defendants" in their individual, and not official capacities, service was still defective.  Fed. R. Civ. P. 4(e)(2) provides for three methods of service on individual defendants:

> (A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

As with service on local governments, Plaintiff's election to send process by certified mail does not meet any of the options set forth for service on individuals under Fed. R. Civ. P. 4(e)(2). Brewer, 2018 WL 1128253, at *2 ("[t]he federal rules do not permit service on an individual […] through certified mail."). Again, "delivery" under the federal rules, must be accomplished by personal service. See e.g., Larsen v. Mayo Med. Or., 218 F.3d 863, 868 (8th Cir. 2000.) Plaintiff failed to personally serve any defendant; therefore, he failed to effect service on them.

B.    *Service under Michigan State Rules*

As an alternative to service under the federal rules, the federal rules permit service pursuant to state law. Fed. R. Civ. P. 4(e) and 4(j)(2)(B). As set forth below, Plaintiff's mailing likewise does not meet the requirements for service of process authorized by the Michigan rules for either a public corporation or an individual defendant.

    1.    *Service on Public Corporations under Michigan Rules (Fed. R. Civ. P. 4(j)(2)(B))*

Michigan Court Rule 2.105(G) permits service on public corporations, like Berrien County, via personal service on certain enumerated officers. Service by certified mail is <u>not</u> permitted except where personal service has <u>also</u> been made upon a "person in charge of the office of an officer." Mich. Ct. R. 2.105(G). With respect to Berrien County and those individuals named in their official capacity, Plaintiff has alleged only that he mailed summonses and copies of the complaint, and has neither attempted nor achieved personal service on any officer as required under the Michigan rules. (ECF No. 28, PageID.88; ECF No. 29, PageID.104.) Delivery by mail alone is not sufficient service on a public corporation under the Michigan rules. See e.g. Brewer, 2018 WL 1128253, at *2 (holding service was not achieved by certified mail on a public corporation where plaintiff "has made no argument that she personally served a copy of the summons and complaint on a person in charge of the individual Defendants' office, and the court

8

has found nothing in the record to suggest she has."). In sum, Plaintiff has failed to properly serve the Berrien defendants under the Michigan rules.

### 2. *Service on Individuals under Michigan Rules (Fed. R. Civ. P. 4(e)(1))*

To the extent that any Berrien defendant can be considered to have been named in their individual capacity, Michigan Court Rule 2.105(A) permits service on an individual by "(1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." When a litigant elects to serve a party by certified mail, service is made when the defendant acknowledges receipt of the mail, and the return receipt must be signed by the defendant. Mich. Ct. R. 2.105(A)(2). Here, there is no evidence that Plaintiff personally served any of the individual "Berrien defendants"—Plaintiff merely maintains that he mailed process to Berrien County Corporate Counsel. (ECF No. 28, PageID.88; ECF No. 29, PageID.104.) Further, there is no evidence that Plaintiff sent each individual defendant a summons and copy of the complaint nor that any individual defendant acknowledged such a mailing with a signed return receipt. The only return receipt obtained by Plaintiff was from Berrien County's Corporate Counsel, who is not a defendant in this action. Thus, none of these individual defendants have been properly served in this action. See Brewer, 2018 WL 1128253, at *2 (holding that individual defendants were not properly served where plaintiff delivered a copy of the complaint by certified mail to an "attorney of record" for the public entity defendant, did not send a copy of the summons and complaint to each individual defendant, and did not receive a signed acknowledgment from any individual defendant.)

9

C.      *Service upon Counsel as Agent*

In response to the 12/27/2023 Order, Plaintiff raises for the first time the question of whether Corporate Counsel had "express or implied authority" to accept service on behalf of the purported Berrien defendants. In the 12/27/2023 Order, the Magistrate Judge correctly determined that "the existence of an attorney-client relationship is not sufficient to render service on an attorney proper service on a client." (ECF No. 91, PageID.1123.) Plaintiff had supplied no evidence that any defendant had authorized Corporate Counsel to accept service on their behalf.[3] While this is true, and the 12/27/2023 Order may be affirmed on this basis alone, in this case, the contention is inapposite for the reasons set forth below.

1. *Service on Agent under Federal Rules*

Under the federal rules, "an agent authorized by appointment or by law to receive service of process" may receive service on behalf of either (1) a corporation, Fed. R. Civ. P. 4(h)(1)(B), or (2) an individual defendant, Fed. R. Civ. P. (e)(2)(C).

The rules for service upon a <u>local government</u> under the federal rules contains no such option to serve "an agent authorized by appointment or law to receive service of process," and thus service must be made upon those entities as specifically set forth therein (to wit, personal service upon the public body's chief executive officer). Fed. R. Civ. P. 4(j)(2). Thus, because a local government cannot be served by service upon an agent under the federal rules in the first place, service upon an agent, even one with "implied authority," is not sufficient service. The purported service upon Berrien County and all defendants named in their official capacity was therefore ineffective.

---

[3] In fact, the evidence on record establishes the opposite—Plaintiff could hardly establish Corporate Counsel's implied authority to accept service on behalf of any defendant when counsel, prior to the mailing, explicitly stated that such service could not be made upon counsel. (<u>See</u> ECF No. 48-1, PageID.303 ¶ 3.)

10

Furthermore, even assuming that Plaintiff had sued the "Berrien defendants" in their individual capacity (which he did not), and even assuming that Plaintiff provided evidence that Corporate Counsel was "an agent authorized by appointment or law to receive service of process" as specified in Fed. R. Civ. P. (e)(2)(C) (which he did not), service was not achieved upon Corporate Counsel in accordance with federal rules, as the federal rules do not permit service by certified mail. Service upon an agent authorized by law to receive service of process on behalf of an individual defendant must be made by "delivering" a copy of the summons and complaint to the agent. Fed. R. Civ. P. (e)(2)(C). As set forth above, "delivery" under the federal rules requires personal service. See Christian, 2016 WL 1640459, at *2; Etherly, 2013 WL 3946079, at *5; Larsen, 218 F.3d at 868; Dyer, 318 F. App'x at 844. Simply put, the Federal rules do not permit service by certified mail upon any person, whether an agent or not.[4]

2. *Service on Agent under Michigan Rules*

The result is no different under the Michigan rules for service of process. While the Michigan rules do allow for service upon an agent, the rules still require that the agent be personally served. Mich. Ct. R. 2.105(I)(1) requires service of process to be made by "serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process." This language is distinguishable from the other rules which allow for service by certified or registered mail, which in all cases is clearly identified by the word "sending" as opposed to "serving." See e.g. Mich. Ct. R. 2.105(A)(2) (individuals may be served by "sending a summons and a copy of the complaint by registered or certified mail"); Mich. Ct. R.

---

[4] Note that in the one case cited in the 12/27/2023 Order where service upon an attorney was deemed effective, a written waiver of service was actually executed by the attorney of record who served as an agent. See Island Jay, Inc. v. MyLocker.com, LLC, No. 19-11501, 2023 WL 2733377, at *5 (E.D. Mich. Mar. 31, 2023). No such waiver of service was executed here.

11

2.105(B)(1)(b) (service upon nonresident individuals requires "service" upon an agent <u>and</u> the "sending [of] a summons and complaint by registered mail…"); Mich. Ct. R. 2.105(B)(1)(b) (service upon a partnership requires "serving a summons and a copy of the complaint on the person in charge" <u>and</u> "sending a summons and a copy of the complaint by registered mail").[5] Again, Plaintiff neither effected nor even attempted personal service in the instant action.

Furthermore, the Michigan rules require that service upon such an agent must be "authorized by <u>written</u> appointment or by law to receive service of process." Mich. Ct. R. 2.105(I). Because the requirement is that the appointment for service of process be written, implied authorization is insufficient under the Michigan rules. Plaintiff does not argue, nor can he, that Corporate Counsel had written authorization to accept service of this action by mail on behalf of any defendant. Thus, even if "service" upon an agent under Mich. Ct. R. 2.105(I) could include sending by certified mail despite the clear wording of the rule, Plaintiff still cannot show that Corporate Counsel had written authorization from any defendant to accept such service. Thus, Plaintiff's purported service fails even under the Michigan rules.

In sum, Plaintiff's mailing to Berrien County Corporate Counsel was ineffective, as it failed to constitute proper service under either the Federal rules or the Michigan rules. Magistrate Judge Berens' denial of Plaintiff's motions for default judgement was consistent with the law and should be affirmed.

---

[5] Although a number of cases cited in the 12/27/2023 Order could be read to suggest that an attorney of record with "implied authority" could be served by mail, these cases arise from states where the state rule explicitly allow for service upon an agent by mail (and do not require personal service). <u>See</u> Tenn. R. Civ. P. 4.04(10) (allowing service by mail upon an attorney); <u>Hempstead v. Parker</u>, No. 3:21-CV-417, 2022 WL 1493508, at *8 (E.D. Tenn. May 11, 2022); <u>Murray v. Wiggins</u>, No. 2:19-CV-46, 2021 WL 3968898, at *5 (M.D. Tenn. Aug. 19, 2021), report and recommendation adopted, 2021 WL 3682643 (M.D. Tenn. Aug. 19, 2021); <u>Greer v. Swift</u>, No. 3:18-CV-0394, 2018 WL 6735153, at *2 (M.D. Tenn. Nov. 16, 2018).

To be clear, Berrien County is not attempting to evade service or unnecessarily delay these proceedings. At the time Plaintiff mailed process to the Berrien County Corporate Counsel, this action was already pending dismissal for lack of subject-matter jurisdiction upon Magistrate Judge Berens' Report and Recommendation. (ECF No. 16). That R&R was ultimately adopted, the action was dismissed, and dismissed it remained until the Sixth Circuit mandate less than one month ago (ECF No. 74). Although the failure to achieve personal jurisdiction over these defendants is attributable entirely to Plaintiff's own conduct, no significant delay has resulted from the failure as yet.[6] The County is simply requesting that Plaintiff be required to proceed in accordance with the established rules of procedure, and that the defendants appearing in this action do so following either proper service, a written waiver of service, or a voluntary election to appear, and that Plaintiff's continuing gamesmanship go unrewarded.

## **CONCLUSION**

The 12/27/2023 Order correctly determined that because no default has been entered, and moreover because none of the defendants identified by Plaintiff as having been "served" by certified mail upon Berrien County Corporate Counsel has been properly served, the Court does not have personal jurisdiction over them and cannot enter the requested default judgment. The

---

[6] As Plaintiff himself points out, "[T]he basic purpose of default judgment is to protect parties from undue delay-harassment," Baez v. S. S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975), and is a "drastic step which should be resorted to only in the most extreme case," United Coin Meter Co. v. Seaboard Coastline RR., 705 F.2d 839, 845 (6th Cir. 1983). (See ECF No. 100, PageID.1238.)

13

12/27/2023 Order was neither "clearly erroneous" nor "contrary to law," and should therefore be affirmed pursuant to Fed. R. Civ. P. 72(a) and L. Civ. R. 72.3(a).

Dated:    St. Joseph, Michigan
             January 8, 2024

Respectfully submitted,

/s/ Thaddeus J. Hackworth
Thaddeus J. Hackworth (P84996)
Berrien County Corporate Counsel
701 Main Street
St. Joseph, MI 49085
(269) 983-7111 x8416
thackworth@berriencounty.org
*Attorney for Berrien County*

**CERTIFICATE OF COMPLIANCE**

This memorandum complies with the word limit of L. Civ. R. 7.3(b)(i), because, excluding the parts exempted by L. Civ. R. 7.3(b)(i), it contains 4,181 words. The word count was generated using Microsoft Word 2016.

/s/ Thaddeus J. Hackworth
Thaddeus J. Hackworth (P84996)
Berrien County Corporate Counsel
701 Main Street
St. Joseph, MI 49085
(269) 983-7111 x8416
thackworth@berriencounty.org
*Attorney for Berrien County*