UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

    Plaintiff,

v.

MICHIGAN STATE GOVERNMENT,
HON. GRETCHEN WHITMER GOVERNOR
OF MICHIGAN, HON. JENNIFER
GRANHOMLM GOVERNOR OF MICHIGAN,
HON. RICK SNYDER GOVERNOR OF
MICHIGAN, SUPREME COURT OF
MICHGAN, STATE BAR OF MICHIGAN,
KENDELL S. ASBENSON (P81747),
MICHIGAN ATTORNEY GENERAL DANA
NESSEL, CITY OF BENTON HARBOR,
NILES CHARTER TOWNSHIP, BOARD OF
TRUSTEES OF NILES CHARTER
TOWNSHIP, BERRIEN COUNTY
GOVERNMENT, BERRIEN COUNTY
BOARD OF COMMISSIONERS, BRET
WITSKOWSKI TREASURER OF BERRIEN
COUNTY, KATHLEEN CULBERSON
NOTARY PUBLIC OF BERRIEN COUNTY,
TITLE & INSURANCE COMPANY(s),
ATTORNEY DONNA B. HOWARD,
ATTORNEY MCKINLEY R. ELLIOTT,
ATTORNEY JAMES MCGOVERN,
ATTORNEY JEFFREY R. HOLMSTROM,
HOLMSTROM LAW, PLC,

    Defendants.
_____/

No. 22-cv-01146

HON. ROBERT J. JONKER

MAG. SALLY J. BERENS

**DEFENDANTS FORMER GOVERNOR JENNIFER GRANHOLM'S, FORMER GOVERNOR RICK SNYDER'S, AND ASSISTANT ATTORNEY GENERAL KENDELL ASBENSON'S RESPONSE TO PLAINTIFF'S REQUEST THE CLERK COURT ENTER A DEFAULT (ECF NO. 95)**

*/s/ Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorney for Defendant State Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
(313) 456-0067
pendrickk@michigan.gov
P60348

Dated:  January 10, 2024

ii

## TABLE OF CONTENTS

                                                                                                                                   Page

Table of Contents ............................................................................................................. iii

Index of Authorities ......................................................................................................... iv

Concise Statement of Issues Presented .......................................................................... v

Controlling or Most Appropriate Authority ................................................................. v

Argument ........................................................................................................................... 1

I.      Pertinent Procedural History ........................................................................... 1

II.     Default is not proper where Defendants Snyder, Granholm, and Asbenson timely filed a motion to dismiss in response to Plaintiff's second amended complaint and no third amended complaint is currently pending before this Court. ................................................................. 5

         A.     The default request as to the second amended complaint should not be granted where Defendants Snyder, Granholm and Asbenson responded by filing a motion to dismiss. ................................ 6

         B.     The default request as to the third amended complaint should not be granted where this Court only recently entered an order granting the third amended complaint and set a deadline of January 24, 2024, to respond. .............................................................. 8

Conclusion and Relief Requested ................................................................................. 10

Certificate of Service (e-file) .......................................................................................... 10

# INDEX OF AUTHORITIES

Page

**Cases**

*Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) ........................................................... 2, 4

*Fox v. Riverdeep, Inc.*, 2008 U.S. Dist. LEXIS 101633, 2008 WL 5244297 (E.D. Mich. Dec. 16, 2008) .................................................................................................. 6

*United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983) .................................................................................................................................. 5

**Statutes**

8 U.S.C. § 1341 ................................................................................................................ 4

8 U.S.C. § 471 .................................................................................................................. 4

Mich. Comp. Laws § 600.916(1) .................................................................................. 4

Mich. Comp. Laws § 750.248 ....................................................................................... 4

**Rules**

Fed. R. Civ. P. 12(a)(1) .................................................................................................. 8

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 2

Fed. R. Civ. P. 4(l)(1) ..................................................................................................... 7

Fed. R. Civ. Pro. 55(a) ............................................................................................... 5, 7

## CONCISE STATEMENT OF ISSUES PRESENTED

1. A default judgment is a drastic remedy that should only be applied in the most extreme cases. *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Barnaby's request for default judgment should be denied where defendants herein have filed a motion to dismiss in response to the second amended complaint and there is no third amended complaint pending.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:  *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983)

# ARGUMENT

## I. Pertinent Procedural History

On October 7, 2022, Barnaby filed the instant lawsuit in the United States District Court for the Eastern District of Michigan against Berrien County Treasurer Bret Witkowski and Berrien County. (Complaint, ECF No. 1, PageID.1-6.) He also named "Michigan State Government," Governor Whitmer, former Governor Granholm, former Governor Snyder, Niles Charter Township, "Niles Charter Township officials," Berrien County Government, Berrien County Board of Commissioners, Berrien County Treasurer Shelly Weich, and "Berrien County Title Company(s) Insurance Company(s)." (*Id.*)

The Court granted Barnaby leave to amend his complaint after it found that he failed to make any allegations concerning any act or omission by the Defendants. (Order Granting Leave, ECF No. 4, PageID.30-32.) Barnaby filed an amended complaint adding the Michigan Supreme Court, the State Bar of Michigan, Attorney General Dana Nessel, Assistant Attorney General Kendell S. Asbenson, and additional Berrien County employees and various attorneys. (Amended Complaint, ECF No. 6, PageID.35-102.)

On November 28, 2022, Barnaby filed a second amended complaint without leave. (Second Amended Complaint, ECF No. 10, PageID.161-228.) The District Court for the Eastern District of Michigan then transferred this matter to this Court observing that the only four defendants with a connection to the Eastern District (Attorney General Nessel, the Office of the Governor of the State of

1

Michigan, the State Bar of Michigan, and the Michigan Supreme Court) had no apparent connection to Barnaby's claims. (Order Transferring Case, ECF No. 11, PageID.231.)

On December 14, 2022, the Magistrate filed a Report and Recommendation recommending dismissal of the action *sua sponte* pursuant to Rule 12(b)(1). (Report and Recommendation, ECF No. 16, PageID.9-18.) The Magistrate recommended *sua sponte* dismissal of Barnaby's complaint for lack of subject matter jurisdiction under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), because the allegations in the complaint were "'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.'" (*Id.*, PageID.9-10 (quoting *Apple*, 183 F.3d at 479-80).) The Magistrate also determined that all requirements for claim and issue preclusion were met. (*Id.*, PageID.14.)

The Magistrate further noted that Barnaby's amended complaint, (ECF No. 6), was devoid of merit. She noted that Barnaby cited to inapplicable statutes or statutes that do not provide a private right of action. (Report and Recommendation, ECF No. 16, PageID.15-16.) She also found that Barnaby's claims against the State Bar of Michigan, the Michigan Supreme Court, the State of Michigan, Governor Whitmer, and the Attorney General should be dismissed where they have Eleventh Amendment immunity. (*Id.* at PageID.16-17.) The Magistrate did not expressly state that former Governors Granholm and Snyder, and Assistant Attorney General Asbenson, should be dismissed due to Eleventh Amendment immunity. However, logic dictates that the former Governors and the Assistant

Attorney General are entitled to the same immunity as the current Governor and the Attorney General as set forth in State Defendants' Motion to Dismiss. (ECF No. 19, PageID.39-49.)

On December 19, 2022, the State Defendants, State of Michigan, Governor Whitmer, former Governor Granholm, former Governor Synder, the Michigan Supreme Court, Attorney General Dana Nessel, and Assistant Attorney Kendall Asbenson, filed a motion to dismiss the second amended complaint, which again was filed without leave of the Court. (Motion to dismiss, ECF No. 18, and brief in support, ECF No. 19). However, these filings post-dated the Magistrate's Report and Recommendation of *sua sponte* dismissal, and this Court later dismissed the motion as moot. (Opinion, ECF No. 67, PageID.943.)

In a separate order, on February 3, 2023, the Magistrate denied Barnaby's motion for leave to file a third amended complaint due to failure to cure the issues addressed in the Report and Recommendation, including claim and issue preclusion and claims being devoid of merit. (Order, ECF No. 62, PageID.879.) The Magistrate also denied the motion based on futility where Barnaby sought leave to add judges and justices, the Michigan Court of Appeals, and a county court, and to expand his complaint to include over a dozen additional counts. (*Id.,* PageID.880.) The Magistrate found the proposed new judicial defendants would all be entitled to immunity. (*Id.*, PageID.881-82.) The order also resulted in the third amended complaint being stricken. (*Id.*)

This Court approved and adopted the Report and Recommendation, agreeing on every point.  (Order approving and adopting report and recommendation, ECF No. 67, PageID.939-42).  Thus, denying Barnaby's previously filed motions for default judgment as to the second amended complaint as moot, denying the appeal of the order denying leave to file a third amended complaint as futile, and dismissing Barnaby's second amended complaint under *Apple v. Glenn, supra*. (*Id.*, PageID.942-43.)

Barnaby appealed to the Sixth Circuit.  (ECF No. 69.)  On November 17, 2023, the Sixth Circuit issued an order affirming this Court's order in part, vacating in part, and remanding for further proceedings.  (Op. & Ord., ECF. No. 72, PageID.957.)  As to the State Defendants, the Sixth Circuit held that Barnaby did not challenge this Court's rulings that the Michigan Supreme Court, the State of Michigan, Governor Whitmer, and Attorney General Nessel are immune from suit or that he does not have a private right of action to seek relief under 18 U.S.C. §§ 471 and 1341 and Mich. Comp. Laws §§ 600.916(1) and 750.248.  (Op. & Ord., ECF No. 72, PageID.956.)  The Sixth Circuit did not specifically address former Governors Granholm and Snyder and Assistant Attorney General Asbenson—likely because they were not specifically referenced by this Court in the adopted Report and Recommendation.

On remand, Barnaby filed two, new applications for default judgment on December 12, 2023.  (ECF Nos. 75 and 77.)  Then, in a matter of days, on December

4

15, 2023, he filed another motion for default judgment.  (ECF No. 81.)  Defendants herein have responded to each of these motions.  (ECF No. 80 and 83.)

On December 27, 2023, this Court entered an order which granted Barnaby's motion to file a third amended complaint.  (ECF No. 91.)  In this order, the Court also denied Barnaby's motions for default judgment against defendants herein where he failed to obtain entry of a default by the court clerk and because defendants herein timely appeared and filed a motion to dismiss.  (*Id.*, PageID.1118-19.)  Barnaby then filed the "Application for entry of default" at issue where he argues he mistakenly entitled his prior default requests as requests for default judgment instead of default.  (ECF No. 95, PageID.1136.)  He filed this new request even though he has separately appealed the Magistrate's order regarding the prior default motions to Judge Jonker.  (ECF No. 100.)

II. **Default is not proper where Defendants Snyder, Granholm, and Asbenson timely filed a motion to dismiss in response to Plaintiff's second amended complaint and no third amended complaint is currently pending before this Court.**

Defaults are only permitted to be entered where a party has "failed to plead or otherwise defend…" Fed. R. Civ. Pro. 55(a).  As already ordered by this Court, defendants herein timely and properly filed a motion to dismiss as to the second amended complaint.  Therefore, a default would be improper as defendants herein have otherwise defended this action.  Further, a default judgment is a drastic remedy that should only be applied in the most extreme cases.  *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).  A

5

default judgment is especially inappropriate where the applicant fails to show bad faith or a pattern of delay or obstruction.  See, e.g., *Fox v. Riverdeep, Inc.*, 2008 U.S. Dist. LEXIS 101633, 2008 WL 5244297, *7 (E.D. Mich. Dec. 16, 2008) (O'Meara, J.)

Prior to the instant motions, Barnaby has filed the following motions for default:

- On January 3, 2023, he filed a motion against various non-state defendants for failure to answer his second amended complaint. (ECF No. 28, PageID.85-95.)

- On January 4, 2023, he filed a motion for default against the City of Benton for failure to answer his second amended complaint.  (ECF No. 31, PageID.139-148.)  The City of Benton Harbor filed an emergency motion to extend time to answer as the Report and Recommendation for *sua sponte* dismissal was pending.  (ECF No. 33.)  The City of Benton Harbor's motion was granted.  (ECF No. 35.)

- Also on January 4, 2023, Barnaby filed a default request against various defendants, including the State Bar of Michigan, for failing to answer his second amended complaint.  (ECF No. 32, PageID.157-160.)

When this Court entered its order approving and adopting the Report and Recommendation, it dismissed the foregoing default requests as moot.  (ECF No. 67, PageID.943.)

### A. The default request as to the second amended complaint should not be granted where Defendants Snyder, Granholm and Asbenson responded by filing a motion to dismiss.

Here, Plaintiff seeks entry of a default and default judgment against the remaining State Defendants – Snyder, Granholm, and Asbenson – because he claims they failed to timely answer his second amended complaint.  (Default

6

motions, ECF No. 75, PageID.963-964 and ECF No. 77, PageID.970-971.) As this Court has ruled, this is simply not the case. (ECF No. 91, PageID.1118-19.)

First, Barnaby has never filed the required affidavit of service on the Court related to the service of the second amended complaint on former Governors Granholm and Snyder, and Assistant Attorney General Asbenson. Fed. R. Civ. P. 4(l)(1). The only affidavit of service on record shows that an unspecified complaint was served on Attorney General Nessel, who is now dismissed, on December 7th.[1] (ECF No. 29, PageID.114.) There is no signature on the green card. (*Id.*) Barnaby has not provided sufficient factual information regarding service on any of the remaining State Defendants that would support his claim for default.

Entry of a default is only appropriate in circumstances where a party fails to "plead or otherwise defend." Fed. R. Civ. Pro. 55(a). Plaintiff improperly filed his second amended complaint on November 28, 2022, prior to his case being transferred from the Eastern to the Western District. (ECF No. 10.) All State Defendants filed a motion to dismiss in lieu of an answer on December 19, 2022.[2] (Motion to dismiss and brief, ECF Nos. 18 and 19.) These Defendants have

---

[1] The United States Postal Services tracking program demonstrating December 7th delivery is publicly available at:
https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70221670000121730580%2C&tABt=false (last viewed January 10, 2024).

[2] While counsel herein does not currently represent the State Bar of Michigan, this Court's dismissal of the State Bar of Michigan was affirmed by the Court of Appeals. (ECF No. 72, PageID.956.) As a result, the State Bar of Michigan is no longer a party.

7

continued to defend this action by responding to various motion filings by Barnaby and participating in his appeal to the Sixth Circuit.

The remaining State Defendants' responsive motion was also timely. Fed. R. Civ. P. 12(a)(1) allows a defendant 21 days to file a responsive pleading "after being served with the summons and complaint." Assuming arguendo that Barnaby served former Governors Granholm and Snyder and Assistant Attorney General Asbenson on the same day he served Attorney General Nessel (December 7, 2022), their motion to dismiss was timely. Any State Defendant served on December 7, 2022, had until December 28, 2022, to file a responsive document. The State Defendants filed their motion to dismiss in lieu of answer on December 19, 2022. (*Id.*)

As a result, Plaintiff is not entitled to entry of default against any remaining State Defendant, specifically former Governors Snyder and Granholm and Assistant Attorney General Asbenson.

**B.  The default request as to the third amended complaint should not be granted where this Court only recently entered an order granting the third amended complaint and set a deadline of January 24, 2024, to respond.**

This Court denied Barnaby's motion to file a third amended complaint where it found it was futile due to claim and issue preclusion, failure to cure pleading deficiencies, claims being devoid of merit, the newly added judicial Defendants having absolute judicial immunity, and State Defendants having Eleventh Amendment immunity. (Order, ECF No. 62, PageID.881-882.) The order also struck the third amended complaint filing. (*Id.*)

8

On appeal, the Sixth Circuit held that "because the res judicata ruling is erroneous, so too in error was the magistrate judge's reliance on that ruling to conclude that amendment would be futile. (Op. & Order, ECF No. 72, PageID.956.) It further held that this Court "properly denied leave to amend to the extent Barnaby "sought to bring claims against [the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel] or raise claims under [specified] criminal statutes." (*Id.,* PageID.951.) While the Sixth Circuit held that any reliance on res judicata as a basis for denial was erroneous, as set forth above, there were other bases expressed in this Court's order supporting denial of leave to file a third amended complaint as to the State Defendants. (Order, ECF No. 62, PageID.881-882.)

Even if the Sixth Circuit's Opinion and Order was to be construed as reversing or vacating the denial of leave to file a third amended complaint versus simply indicating res judicata was not an appropriate basis, that order does not automatically require a response from defendants. The Sixth Circuit remanded for further proceedings consistent with its order. (Op. & Ord., ECF. No. 72, PageID.957.)

After remand, this Court entered an order granting Barnaby's third amended complaint consistent with the Sixth Circuit's order and provided the defendants who have appeared until January 24, 2024 to respond. (ECF No. 91, PageID.1124.) As a result, there has been no failure to properly respond to the third amended complaint.

9

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, State Defendants former Governor Granholm, former Governor Snyder and Assistant Attorney General Asbenson respectfully asks this Court to deny Plaintiff's newest request for entry of default and to issue appropriate sanctions.

Respectfully submitted,

/s/ *Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorneys for State Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
313.456.0067
pendrickk@michigan.gov

Dated:  January 10, 2024                                        P60348

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on January 10, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorneys for State Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
313.456.0067
pendrickk@michigan.gov
P60348