# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

      Plaintiff,                                     Case No. 1:22-cv-01146

v.                                                   Hon. Robert J. Jonker
                                                   Mag. Sally J. Berens

THE CITY OF BENTON HARBOR, et al.,
Defendants.

---

**THE CITY OF BENTON HARBOR'S OBJECTIONS TO PLAINTIFF'S APPEALS (ECF Nos. 93, 94, 97, 100) OF MAGISTRATE JUDGE'S ORDERS DENYING ENTRY OF DEFAULT JUDGMENT (ECF Nos. 91, 96)**

## INTRODUCTION

Plaintiff Owen Barnaby ("Mr. Barnaby") has filed four appeals of Magistrate Judge Berens' order denying entry of default as to all defendants (ECF No. 91) and denying entry of default as to the City of Benton Harbor ("Benton Harbor") specifically (ECF No. 96). He claims on appeal that the magistrate's orders were biased against him, that they contravened the Sixth Circuit's order remanding this case, and that entry of default judgment is warranted. None of Mr. Barnaby's arguments are availing. He has failed to establish any actual procedural or substantive error because none exists. The Court should affirm Magistrate Judge Berens' Orders (ECF Nos. 91 and 96) in their entirety.

1

## RELEVANT BACKGROUND

### I.       Procedural History Pre-Appeal.

Mr. Barnaby filed the instant matter in October 2022. He seeks $22 million in damages arising from the foreclosure of several of his properties in 2010 and for "forgeries" and "fraud" he alleges certain Berrien County representatives committed in obtaining the foreclosure and in defending against Mr. Barnaby's previous lawsuits. This lawsuit is the first time Mr. Barnaby has sued Benton Harbor related to the foreclosures. The only apparent connection that Benton Harbor has to the foreclosures and the prior lawsuits is that several of Mr. Barnaby's foreclosed properties were located in Benton Harbor.

Mr. Barnaby purports to have served the Second Amended Complaint on Benton Harbor via certified mail on December 21, 2022. ECF No. 29. He then filed a Motion for Default Judgment and a Request for Entry of Default, both on January 4, 2023. ECF No. 31 and 32. Benton Harbor filed an Emergency Motion for Additional Time to Respond to Plaintiff's Complaint and to Strike Plaintiff's Motion and Request for Entry of Default, ECF No. 33, also on January 4, 2023. The Court granted Benton Harbor's emergency motion in part and denied in part. ECF No. 35. Specifically, the Court granted Benton Harbor 28 days after a decision is made on the Report and Recommendation to respond to Plaintiff's Second Amended Complaint.

On December 14, 2022, Magistrate Judge Berens issued a Report and Recommendation to the Court, recommending that the suit be dismissed in its entirety based on lack of subject matter jurisdiction because Plaintiff's claims were all precluded by res judicata and/or devoid of merit. ECF No. 16. Thereafter, on January 6, 2023, Plaintiff filed a motion to amend the Second Amended Complaint and file a Third Amended Complaint. Magistrate Judge Berens denied Mr. Barnaby's motion for leave to amend on February 3, 2023 because the Proposed Third Amended

2

Complaint failed to cure the issues addressed in the report and recommendation, and because he proposed adding Michigan state judges, justices, and courts, all of whom would be entitled to immunity. ECF No. 62, PageID.879. The court struck the proposed third amended complaint. *Id.* at PageID.882. Mr. Barnaby appealed the magistrate's decision to the district court judge. ECF No. 63.

On February 13, 2023, this court adopted the report and recommendation and dismissed the Second Amended Complaint. ECF Nos. 67, 68. In the same order, the court also denied Mr. Barnaby's motions for default judgment as futile, and denied the motion for leave to amend (i.e., leave to file the proposed Third Amended Complaint) as futile. *Id.* at PageID.942.

## II.      The Appeal and the Sixth Circuit's Opinion and Order.

Mr. Barnaby appealed to the Sixth Circuit, claiming that this lawsuit was not precluded by res judicata because it arose from the actions of defendant Berrien County and its treasurer, Bret Witkowski, during the prior lawsuits (and, therefore, Mr. Barnaby could not have litigated those claims in the prior lawsuits). The Sixth Circuit vacated the district court's dismissal and remanded for further proceedings. ECF No. 72. Of note, nowhere in the Sixth Circuit order and opinion does it specifically reference the allegations that Mr. Barnaby made as to Benton Harbor, either in his Second Amended Complaint or his Third Amended Complaint. *Id.* Nor does the Sixth Circuit provide any specific direction to the district court to enter an order granting Mr. Barnaby's motions for default judgment. Instead, it states in relevant part that "The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot." ECF No 72, PageID.955.

### III.    Procedural History Post-Appeal.

After the Sixth Circuit remanded the case, Mr. Barnaby immediately sought entry of default judgment of all defendants under Fed. R. Civ. P. 55(a) simultaneously with a motion for clerk's entry of default judgment under Fed. R. Civ. P. 55(b)(1). Mr. Barnaby filed three separate "applications" and motions for default judgment. ECF Nos. 75, 77, and 81. In doing so, Mr. Barnaby stated that Benton Harbor (and all other defendants) failed to respond to both the Second Amended Complaint, ECF No. 10, and the Proposed Third Amended Complaint, ECF No. 36. He sought entry of default judgment by the clerk for a sum certain under Rule 55(b)(1), and claimed that his "sum certain" is $22 million for loss of rent, costs to rebuild his demolished properties, emotional distress damages, compensatory damages, and punitive damages. ECF No. =76, PageID.967. Benton Harbor responded and objected to Mr. Barnaby's motions for entry of default. ECF No. 86. Benton Harbor also simultaneously requested additional time to respond to Mr. Barnaby's complaint after the court issued an order after remand. ECF No. 85. Mr. Barnaby then filed another "emergency" motion seeking entry of default judgment as to Benton Harbor, only. ECF No. 88.

On December 27, 2023, Magistrate Judge Berens issued an order after remand consistent with the Sixth Circuit's order. ECF No. 91. The Order Following Remand granted plaintiff leave to file his Third Amended Complaint, denied his pending motions for default judgment, and granted Benton Harbor's motion for additional time, ordering Benton Harbor to respond to the Third Amended Complaint within 28 days after entry of the order. ECF No. 91.

The next day, Mr. Barnaby filed a notice of appeal (ECF No. 93), an "amended" notice of appeal (ECF No. 94), and an application for entry of default of all defendants (ECF No. 95).

Magistrate Judge Berens then entered an order denying Mr. Barnaby's emergency motion for entry of default judgment against Benton Harbor. ECF No. 96. Mr. Barnaby filed a 25-page Notice of Appeal on January 2, 2024 (ECF No. 97) and another 27-page Notice of Appeal dated January 4, 2024 (ECF No. 100), with motions requesting additional pages on his appeals (ECF Nos. 98 and 101). Mr. Barnaby's Notices of Appeal seem to be substantively identical, with only minor changes to formatting and some additional paragraphs that do not state new arguments. Benton Harbor's responses and objections herein address all of Mr. Barnaby's appeals and amended appeals.

## STANDARD OF REVIEW

Local Rule 72.3(a) permits parties to appeal a magistrate judge's order. W.D. Mich. L. Civ. R. 72.3. The party appealing the order shall file a written statement of appeal which specifically identifies the order appealed and the basis for the appeal. *Id.* "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).[1]

---

[1] Benton Harbor notes that Magistrate Judge Berens entered an order pertaining to Mr. Barnaby's motions for default judgment, in lieu of a report and recommendation. ECF No. 91. In one other case, the Court has treated an appealed order denying motions for default judgment as a report

**ARGUMENT**

Magistrate Judge Berens' orders denying default judgment were proper and should not be set aside. Mr. Barnaby's appeals have no merit whatsoever. He has not adequately demonstrated judicial bias by Magistrate Judge Berens. Nor has he demonstrated that the orders denying his motions for default judgment contravene the Sixth Circuit's order vacating and remanding the district court's dismissal of Mr. Barnaby's Second Amended Complaint for further proceedings consistent with its order. He has also failed to demonstrate that entry of default or default judgment of Benton Harbor, or any defendant, is warranted. As such, Benton Harbor requests that the Court affirm the magistrate's orders in their entirety.

---

and recommendation and reviewed them *de novo*. *See Shaffer v. Reynhout*, No. 1:16-cv-883, 2018 U.S. Dist. LEXIS 163598, at *11 (W.D. Mich., Sept. 25, 2018), attached as **Exhibit A**:

> The Court agrees with the Magistrate Judge's disposition of these motions, but believes the default judgment motions should be assessed as Reports and Recommendations of dispositive motions. Plaintiff's six motions for default judgment (ECF Nos. 62, 119, 126, 138, 142, and 161) are most likely dispositive motions. *See Victoria's Secret Stores v. Artco Equipment Co., Inc.*, 194 F. Supp. 2d 704, 714 (S.D. Ohio 2002) ("A motion for default judgment has been found dispositive because it is 'substantially similar to several of the listed motions'" in 28 U.S.C. § 636(b)(1)(A)) (quoting *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). **Therefore, the Court will treat the portion of the Magistrate Judge's orders regarding Plaintiff's motions for default judgment as a report and recommendation, and review de novo these motions and the related record.**
>
> After de novo review, the Court agrees with the Magistrate that Plaintiff's motions for default judgment are meritless. Plaintiff's motions are conclusory and contradicted by the record.

Emphasis added.

Given the Court's previous treatment of an appeal of a magistrate's order regarding motions for default judgment, Benton Harbor believes the same approach is warranted here: To treat the portion of the magistrate's order regarding Mr. Barnaby's motions as a report and recommendation and review the decision *de novo*.

I.   **Mr. Barnaby Has Not Provided Any Basis to Demonstrate Magistrate Judge Berens is Biased Against Him.**

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). "To show improper prejudice, a judge's comments must 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (quoting *Liteky*, 510 U.S. at 555). Mr. Barnaby has failed to show any judicial bias or impropriety, and Magistrate Judge Berens' orders should not be rejected or modified based on Mr. Barnaby's perceived bias. Mr. Barnaby argues that Magistrate Judge Berens' Order Following Remand (ECF No. 91) "is a clear . . . judicial biases [sic] against Plaintiff." ECF No. 100, PageID 1232. He claims that the Order After Remand demonstrates judicial bias against him because the Sixth Circuit's Opinion and Order states that "Barnaby does not challenge the district court's holding that several defendants the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel are immune from suit." ECF No. 72, PageID 953. He seems to argue that, but for his own failure to challenge the dismissal of those defendants on appeal, the Sixth Circuit would have also reversed the district court's decision as to those defendants. This, alone, does not give rise to judicial bias.

II.   **The Magistrate's Orders Do Not Contravene the Sixth Circuit's Order and Opinion Remanding this Action for Further Proceedings.**

The magistrate judge's orders (ECF Nos. 91 and 96) do not contravene the Sixth Circuit's Order and Opinion (ECF No. 72) because they are consistent with the Sixth Circuit's directive to vacate the prior order denying Mr. Barnaby's motions for default judgment for a new decision on the merits. Magistrate Judge Berens' Order on Remand correctly examines Mr. Barnaby's pre-

appeal motions and post-appeal motions and properly denied them because they were procedurally improper and unwarranted.

When dismissing Mr. Barnaby's complaint, the district court also denied Mr. Barnaby's pending motions for default judgment because they were moot upon the dismissal of the underlying action for which Mr. Barnaby sought default. The district court did not decide the motions on the merits. Mr. Barnaby seems to think that the Sixth Circuit's Opinion and Order commanded the district court to rule on his vacated motions in his favor after remand. He does not seem to recognize that the remand now simply gives the district court the opportunity to decide the motions on their merits now that the action has been reinstated. The Sixth Circuit did not direct the district court to rule differently, as it would have if it had *reversed* the district court's order. It vacated the order so that the district court could issue it again, this time on the merits instead of based on procedural efficiency.

Mr. Barnaby also seems to believe that the Sixth Circuit's Opinion and Order required the district court to "fix" alleged "crimes of Forgeries, theft, fraud, etc.", and "to correct the record stop any crime" [sic]. ECF No. 110, PageID.1231. Benton Harbor first asserts that Mr. Barnaby has not articulated any crimes or forgeries that Benton Harbor participated in and denies any such crimes occurred. Even without addressing the merits of Mr. Barnaby's claim, the Sixth Circuit's Opinion and Order made no such mandate to "fix" or "stop" crimes, nor to "correct the record."

### III.    The Magistrate's Orders Denying Mr. Barnaby's Motions for Default Judgment Should be Affirmed Because They Were Correctly Decided.

Setting aside Mr. Barnaby's wrong assertions pertaining to the magistrate judge's orders constituting judicial bias or defying the Sixth Circuit's order, the orders were decided properly on the merits and should be affirmed. The purpose of a default judgment is to prevent a

defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. *See Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 845 (6th Cir. 1983).

       **1.**      **Benton Harbor Was Not Properly Served the Second Amended Complaint.**

      As a preliminary matter, Mr. Barnaby did not properly serve the Second Amended Complaint upon Benton Harbor under the Federal Rules. Fed. R. Civ. P. 4(j)(2) states:

> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> > (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

      Here, Mr. Barnaby did not comply with the requirements of the federal rules because service was not made upon the chief executive officer of Benton Harbor. "The federal rules do not permit service on a[]. . . government through certified mail." *Brewer v. Detroit Pub. Sch. Cmty. Dist.*, No. 17-11364, 2018 WL 1128253, at *2 (E.D. Mich. Mar. 2, 2018); *see also Larsen v. Mayo Med. Or.*, 218 F.3d 863, 868 (8th Cir. 2000).

      In addition to the means of service provided by Rule 4 of the Federal Rules of Civil Procedure, a party may also utilize the methods provided by the laws of the forum state. Fed. R. Civ. P. 4(c)(2)(C)(i). The Michigan Court Rules do permit service on a public corporation by certified mail, but only when an individual in charge of that office is also <u>personally</u> served. MCR 2.105(G) ("service may be made by serving a summons and a copy of the complaint on a

person in charge of the office of an officer on whom service may be made <u>and</u> sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.") (emphasis added).

Mr. Barnaby only served Benton Harbor via certified mail addressed to City Manager Ellis Mitchell and accepted by Aprial McCoy. ECF No. 29.1, PageID.147. Plaintiff has not alleged, either in his motions or in the proofs of service he filed with the Court, that personal service was made on the person in charge of Benton Harbor's office. As such, because Plaintiff did not comply with the federal rules for service on a government entity nor the Michigan Court Rules for service on a public corporation, service of the Second Amended Complaint was improper.

### 2. Mr. Barnaby's Applications and Motions for Default Judgment were Procedurally Improper.

Even setting aside the propriety of Benton Harbor's service of process, Mr. Barnaby failed to follow the procedural requirements under the Federal Rules for seeking entry of default judgment. Federal Rule of Civil Procedure 55 governs the two-step process for obtaining default judgment against parties who fail to respond. "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975)). *In Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004), the court explained:

> The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.

Here, Mr. Barnaby has effectively put the cart before the horse: Default judgment cannot be entered before the default itself is first entered. Each of Mr. Barnaby's three post-remand papers seek simultaneous entry of default and clerk's entry of default judgment. His attempt to wrongfully obtain entry of a default judgment against all parties under Rule 55(b) before default is properly entered under Rule 55(a), is procedurally incorrect and should be denied. Mr. Barnaby even admits that his applications for entry of default were wrong in his appeal briefs and his most recent application for clerk's entry of default (ECF No. 95, PageID.1136; ECF No. 100, PageID.1235): "Plaintiff contends that, it is apparent that he had mistakenly titled his intended two prior Request [sic] for the Clerk of Court to Enter DEFAULT . . . and incorrectly entitled [sic] Request to Enter Default Judgment against Defendants Pursuant to Rule 55[.]" He argues that it was clear that his "intent" was to seek the clerk's entry of default under Rule 55(b)(1), and the Court should treat pro se plaintiffs liberally. *Id.* Despite this liberal construction, pro se litigants are still bound by court rules. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21, (1993) ("[The Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Mr. Barnaby's failure to follow the Court Rules mandates that his request for default judgment—an extreme remedy—be denied, even considering his status as a pro se litigant.

Moreover, even considering Mr. Barnaby's applications for clerk's entry of default, alone, the clerk cannot enter a default for sum certain under Fed. R. Civ. P. 55(b)(1) based on the compensatory, punitive, and speculative nature of Mr. Barnaby's alleged damages. Mr. Barnaby is seeking "compensatory . . . damages . . . [that] clearly . . . are not for a sum certain or a sum that can be made certain by computation." *Highway Commercial Services, Inc. v. Zitis, No*. 2:07-

cv-1252, 2008 U.S. Dist. LEXIS 85429, 2008 WL 4115512, at *2 (S.D. Ohio Aug. 28, 2008) (internal quotation marks omitted); *see also Deal v. Polk Cnty.*, No. 1:03-cv-385, 2007 U.S. Dist. LEXIS 23272, 2007 WL 951868, at *2 (E.D. Tenn. Mar. 28, 2007) (stating that the plaintiff's request for $15 million "for alleged damages relating to physical and mental pain and injury, lost employment opportunities, and future medical expenses" was not a "sum certain" under rule 55(b)(1)). Mr. Barnaby's affidavit in support of his request for entry of default seeks damages for speculative monthly rental loss, a speculative estimate for rebuilding the demolished properties, speculative property values, emotional distress damages, and punitive damages. *See, e.g.*, ECF No. 95-1, PageID.1140. Such damages are not a sum certain under Rule 55(b), so the clerk cannot enter Mr. Barnaby's request for default regardless.

> **3.     Default is not Appropriate as to Benton Harbor Because Before the Appeal, Benton Harbor Appeared within 21 Days of the Purported Service of the Second Amended Complaint and Received Additional Time to Respond.**

Default is also improper against Benton Harbor because its time to formally respond to the Second Amended Complaint (if service had been proper) had not expired before this Court dismissed his case.

In general, a party must file a responsive pleading within twenty-one days after being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Before this matter was appealed, and when Benton Harbor first became aware of this lawsuit, it filed its Emergency Motion for Additional Time and to Strike Plaintiff's Motion for Default Judgment on January 4, 2023. Its motion was filed less than 21 days after it was purportedly served on December 14, 2022. The Court granted Benton Harbor's Emergency Motion and permitted Benton Harbor to respond to Mr. Barnaby's complaint within 28 days of a decision on the report and recommendation. ECF No. 67. The court adopted the report and recommendation and dismissed

the case in its entirety, thereby negating Benton Harbor's obligation to respond to Mr. Barnaby's dismissed case. ECF No. 56. Given the foregoing, Benton Harbor cannot have defaulted as to Mr. Barnaby's Second Amended Complaint before the Court dismissed it *sua sponte*. And, as to the post-appeal motions for default judgment, the Court entered an order granting Benton Harbor 28 days to respond to Mr. Barnaby's complaint. ECF No. 91.

### 4. Default is not Appropriate Post-Appeal Because Benton Harbor Has Received Additional Time to Respond to the Complaint.

Nor is default appropriate now that the Sixth Circuit has remanded the case to this Court. On appeal, the Sixth Circuit entered its mandate remanding the case on December 11, 2023. ECF No. 74. Mr. Barnaby's attempt to obtain default judgment of Benton Harbor just one day after remand is unreasonable and should be denied. As a preliminary matter, the time for Benton Harbor to respond to Mr. Barnaby's Second Amended Complaint after remand is not clear, but in no event could Benton Harbor have defaulted just one day after the Sixth Circuit entered its remand mandate.

Even setting aside the prematurity of Mr. Barnaby's motions, default judgment is substantively unwarranted. "Even after entry of default, the decision to grant a default judgment is within the Court's discretion." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013). When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits. *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). None of these factors favor default judgment in this case. Mr. Barnaby will not be prejudiced absent entry of default judgment because Benton Harbor has appeared and participated extensively in this matter;

13

Benton Harbor contends that Mr. Barnaby's claims against it are meritless, that his complaint lacks sufficiency, and that the "amount of money at stake" as to Benton Harbor is nonexistent; that there are no real disputed material facts; that the 'default' at issue cannot be due to excusable neglect because no default has even been entered; and that this matter should be heard on the merits because Benton Harbor is present to argue the case on the merits. In sum, Mr. Barnaby has not established a basis for the extreme sanction of default judgment as to the Second Amended Complaint and the magistrate's order denying his requests for default should be affirmed.

5. **Benton Harbor Should Not be Defaulted as to the Third Amended Complaint Because the Court has not Granted Mr. Barnaby Leave to Amend the Second Amended Complaint.**

In addition to the Second Amended Complaint, Benton Harbor contends that Mr. Barnaby wrongly sought default as to the Third Amended Complaint before the magistrate had entered its order granting Mr. Barnaby leave to file the Third Amended Complaint. Mr. Barnaby seemed to believe that the Sixth Circuit's Opinion and Order caused his Third Amended Complaint to be operative. However, the Sixth Circuit remanded the case to this Court "for further proceedings consistent with [its] order." ECF No. 72, PageID.957. Absent a decision from this Court, the Second Amended Complaint was still the controlling complaint until the Magistrate issued its order granting Mr. Barnaby leave to file the Third Amended Complaint. Mr. Barnaby's attempts to default Benton Harbor under the Third Amended Complaint before Magistrate Judge Berens made a determination on remand were improper. And, now, Magistrate Judge Berens granted Benton Harbor's request for 28 days to respond to Mr. Barnaby's Third Amended Complaint. ECF No. 91. By the Court's own order, Benton Harbor cannot have defaulted as to the Third Amended Complaint before the court's extension of time has expired.

**CONCLUSION**

Mr. Barnaby's appeals are his latest attempt to obtain a judgment without having to prove his case. He has failed to demonstrate that Magistrate Judge Berens' Orders denying his many motions for default judgment are improper, the result of judicial bias, or contrary to the Sixth Circuit's order remanding this case because they were properly considered and decided. As such, Benton Harbor respectfully requests that the Court affirm the magistrate judge's orders in their entirety.

Respectfully submitted,

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
Emily P. Jenks (P84497)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
ejenks@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*

Dated:  January 16, 2024

**CERTIFICATE OF RULE COMPLIANCE**

This brief complies with the word limit of L. Civ. R. 7.2(b)(i) because it contains 4,712 words, excluding the parts exempted by L. Civ. R. 7.2(b)(i). The word count was generated using Microsoft Word 2016.

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
Emily P. Jenks (P84497)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
ejenks@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2024, I caused the foregoing document and this Certificate of Service to be electronically filed by using the CM/ECF electronic filing system which will send notification of such filing(s) to all parties via their counsel of record.

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
Emily P. Jenks (P84497)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
ejenks@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*