# EXHIBIT A

 Caution
As of: January 16, 2024 9:23 PM Z

# Shaffer v. Reynhout

United States District Court for the Western District of Michigan, Southern Division

September 25, 2018, Decided; September 25, 2018, Filed

CASE NO. 1:16-CV-883

**Reporter**
2018 U.S. Dist. LEXIS 163598 *; 2018 WL 4574830

ALONZO SHAFFER, Plaintiff, v. BRENT D. REYNHOUT, and BRYAN L. JOLLIFFE, Defendants.

**Subsequent History:** Affirmed by *Shaffer v. Kalamazoo Cty., 2019 U.S. App. LEXIS 16874, 2019 WL 5310688 (6th Cir. Mich., June 4, 2019)*

Appeal filed, 12/02/2022

**Prior History:** *Shaffer v. Jolliffe, 2018 U.S. Dist. LEXIS 164360, 2018 WL 6033532 (W.D. Mich., Sept. 5, 2018)*

## Core Terms

magistrate judge, motions, report and recommendation, recommendation, discovery, agrees, summary judgment, default judgment, summary judgment motion, indifference, deliberate, de novo review, district judge, de novo, altercation, disqualify, jail

**Counsel:** [*1] Alonzo Shaffer, plaintiff, Pro se, Kalamazoo, MI.

For Brent D. Reyhout, an Individual, Bryan L. Jolliffe, an Individual, defendants: Allan C. Vander Laan, Bradley Charles Yanalunas, Curt A. Benson, Cummings McClorey Davis & Acho PLC (Grand Rapids), Grand Rapids, MI.

For Facilitative Mediator, mediator: Paula J. Manderfield, LEAD ATTORNEY, Fraser Trebilcock Davis & Dunlap PC (Lansing), Lansing, MI.

**Judges:** HON. ROBERT J. JONKER, CHIEF UNITED STATES DISTRICT JUDGE.

**Opinion by:** ROBERT J. JONKER

## Opinion

**ORDER APPROVING AND ADOPTING REPORT AND**

**RECOMMENDATION**

This is a civil rights action brought *pro se* by a former inmate at the Kalamazoo County Jail under *42 U.S.C. § 1983*. Plaintiff complains Defendants Reynhout and Jolliffe—two Kalamazoo County Sheriff Deputies—used excessive force against him on August 13, 2013 when breaking up an altercation between Plaintiff and his cell mate. Plaintiff says his cell mate started the fight. He further alleges the deputies were deliberately indifferent to his resulting serious medical needs. Defendants have moved for summary judgment. The Magistrate Judge recommends granting the motion and dismissing this case. The Magistrate Judge also recommends denying Plaintiff's motions for summary judgment, motion [*2] for judgment on the pleadings, and motions for leave to amend. The Court has reviewed the Magistrate Judge's Report and Recommendation, Plaintiff's Objection, and the Defendants' Response. For the reasons set out below, the Court agrees with the Magistrate that Defendants are entitled to summary judgment, and that the case must be dismissed.

**1. The Magistrate Judge's Report and Recommendation on Substantive Claims**.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

F<small>ED</small>. R. C<small>IV</small>. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before [*3] the Magistrate Judge. *Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981)*. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's Objections, and Defendants' Response. After reviewing the record de novo, the Court is satisfied that the remaining defendants are entitled to summary judgment.

A. The Magistrate Judge's Recommendation Regarding Defendants' Motion for Summary Judgment

Plaintiff's Objection is vague, fragmented, and contains little by way of legal analysis. Plaintiff does list four items as "Errors Judge Green Maid [sic] I Did Not Like." (ECF No. 180, PageID.936). Under a liberal reading of the list, Plaintiff appears to complain, first, that the Magistrate Judge was biased against him because of the Magistrate Judge's earlier rulings against him and, second, that Plaintiff was not provided the discovery he was due. A review of the remaining portion of Plaintiff's Objection demonstrates that Plaintiff also objects to the Magistrate's recommendation that the Court grant the Defendants' motion for summary judgment. The Court discusses the three overarching objections in turn.

1. Judicial Bias

First, Plaintiff argues that the Magistrate Judge in [*4] this case is biased and that the Magistrate should be disqualified from the case. The Court construes the objection as one asserting the Magistrate Judge should have disqualified himself under *28 U.S.C. § 455*. That statute provides in part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances: (1) where he has a personal bias or prejudice concerning a party ...

*28 U.S.C. § 455*

The mere fact that the Magistrate Judge recommended the dismissal of this action in the October 12, 2016 Report and Recommendation (ECF No. 18), however, does not demonstrate that the Magistrate Judge was biased against Plaintiff. Neither does the fact that the undersigned may have disagreed with the Magistrate Judge on portions of that Report and Recommendation. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Wilson v. Parker, 515 F.3d 682, 701 (6th Cir. 2008)* (quoting *Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)*. Rather "[t]o show improper prejudice, a judge's comments must 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (quoting *Liteky, 510 U.S. at 555*). Plaintiff has not come close [*5] to making this showing. To the contrary, the record clearly shows the Magistrate Judge acted impartially, and well within the bounds of proper judicial conduct.

2. Discovery

Second, Plaintiff reiterates and expands arguments he previously made in several filings alleging he was not timely provided with the requisite discovery by the Defendants, or that he was not provided certain discovery materials at all. Many of these arguments have previously been considered and rejected by the Magistrate Judge as well as the undersigned. The Report and Recommendation further carefully, thoroughly, and accurately addresses these arguments. Nothing in Petitioner's objection changes the fundamental analysis. Plaintiff argues, for example, that the Magistrate erred in finding Captain Amy Price's testimony credible because she was not present during the August 13th altercation. But Captain Price was not testifying about the altercation itself. Rather, she simply testified that there was no video recording of the incident. The Court discerns no genuine issue of material fact, or any legal error here.

Plaintiff also argues that defense counsel conspired against him during discovery. These arguments are [*6] contradicted by the record. It is true, as the Magistrate Judge noted, that defense counsel at first did not provide Plaintiff with the names and addresses of those who may have witnessed the incident. But Plaintiff was not prejudiced by this omission because defense counsel agreed to an extension of the discovery deadline, which was granted by the Magistrate Judge. Thereafter Plaintiff elected not to conduct additional discovery during this extension. That was his choice to make, but he cannot now argue he was unfairly prejudiced.

In sum, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's discovery motions are

meritless, for the very reasons the Report and Recommendation delineates.

### 3. Defense Motion for Summary Judgment

Plaintiff's third objection, read liberally, insists the Magistrate Judge got it wrong when he recommended granting the defense motion for summary judgment. Plaintiff argues that a reasonable jury could find that Defendants Jolliffe and Reynhout used purposeful force that was objectively unreasonable, and that a jury could also find the Defendants were deliberately indifferent to his serious medical needs. The Court disagrees.

As an initial matter, **[*7]** the record in this case shows the Magistrate Judge made repeated efforts to give Plaintiff a chance to shape and support his claims. Plaintiff was permitted to file an Amended Complaint. The Magistrate Judge also, *sua sponte*, extended the discovery deadline, and then extended the deadline again when it was discovered that names of witnesses had not yet been provided to Plaintiff. Plaintiff had an opportunity to take depositions but chose not to do so. Rather, Plaintiff elected to make an unsuccessful objection to the Magistrate Judge's decision not to sanction the defense attorneys. (ECF No. 136). In short, Plaintiff was afforded several opportunities to substantiate his claims.

The Magistrate Judge then evaluated the Defendants' motion on the record the court had before it: namely, on Plaintiff's own sworn deposition testimony. In other words, the Magistrate Judge accepted Plaintiff's own version of events in assessing the Defendants' *Rule 56* motion. In his own deposition, Plaintiff acknowledges that the complained of actions stemmed from the prison guards' response to the altercation between him and his cell mate. (ECF No. 97-1, PageID.418). Plaintiff further admits that in the immediate **[*8]** aftermath of the incident—indeed through the entire time he was in jail—nothing but self-care was necessary. It was not until he was released from jail that his pain started getting worse. (*Id.* at PageID.422). In his discussion, the Magistrate Judge provides an accurate recitation of the law and correctly applies the law to the facts of the case. The Court agrees with the Magistrate Judge that no reasonable jury could find the Defendants' use of force was objectively unreasonable. Instead, given the circumstances when the officers arrived, the Defendants' use of force was applied in reasonable good-faith effort to maintain and restore discipline during a fight between two prisoners.

The Court further agrees that Defendants are entitled to summary judgment on the deliberate indifference claim. As the Magistrate Judge aptly put it "Plaintiff's own account of the August 13, 2013, incident belies his deliberate indifference claim." (ECF No. 178, PageID.921). Defendants could not be deliberately indifferent to serious medical needs when, as Plaintiff testified during his deposition, his pain was capable of self-care through his entire stay in jail.

At bottom, the incident as Plaintiff describes **[*9]** it is regrettable. In hindsight, the jail staff probably could have taken Plaintiff's pre-fight complaints about his cell mate more seriously. But hindsight is not the standard through which the Court must view this case. Here, Plaintiff acknowledges that a fight was underway when officers arrived. The officers were in no position to assess who started it. They simply had to stop it. The Court agrees with the Magistrate Judge that on these facts qualified immunity applies when prison guards have to untangle fighting inmates—regardless of who started the altercation. And no reasonable jury could find Defendants acted with deliberate indifference to Plaintiff's serious medical needs when self-care was sufficient throughout Plaintiff's duration at the prison.

### B. The Magistrate Judge's Recommendation Regarding Plaintiff's Motions

The remaining matters are on the Magistrate Judge's consideration of Plaintiff's motions to further amend his Complaint; to join additional defendants; for summary judgment; and for judgment on the pleadings. The Magistrate Judge recommends denying these motions. To the extent Plaintiff has objected to this recommendation, the Court agrees on de novo review that **[*10]** the motions must be denied.

Plaintiff's motions to further amend the Complaint are futile as they contain only conclusory allegations with no factual assertions against the parties he proposes to add as defendants. The Court further agrees that, to the extent Plaintiff attempted to re-name Kalamazoo County as a defendant, the motions were little more than additional motions for reconsideration of the Court's earlier orders and Plaintiff fails to convince the Court that its earlier rulings were erroneous. Finally, Plaintiff's motions for summary judgment and judgment on the pleadings fail because, for the reasons discussed both above and by the Magistrate Judge, it is the Defendants who are entitled to summary judgment.

## 2. Plaintiff's Other Motions

Plaintiff has filed numerous other motions in this case that were examined and decided by the Magistrate Judge in an order separate from the Report and Recommendation. These motions asked, among other things, for discovery, for sanctions, to disqualify defense counsel, and for a court order on the definition of various legal terms. Plaintiff also filed several motions for default judgment. The Magistrate Judge denied all these motions is a separate, [*11] omnibus order. (ECF No. 179).

The Court agrees with the Magistrate Judge's disposition of these motions, but believes the default judgment motions should be assessed as Reports and Recommendations of dispositive motions. Plaintiff's six motions for default judgment (ECF Nos. 62, 119, 126, 138, 142, and 161) are most likely dispositive motions. See Victoria's Secret Stores v. Artco Equipment Co., Inc., 194 F. Supp. 2d 704, 714 (S.D. Ohio. 2002) ("A motion for default judgment has been found dispositive because it is 'substantially similar to several of the listed motions'" in 28 U.S.C. § 636(b)(1)(A)) (quoting Callier v. Gray, 167 F.3d 977, 981 (6th Cir. 1999). Therefore, the Court will treat the portion of the Magistrate Judge's orders regarding Plaintiff's motions for default judgment as a report and recommendation, and review de novo these motions and the related record.

After de novo review, the Court agrees with the Magistrate that Plaintiff's motions for default judgment are meritless. Plaintiff's motions are conclusory and contradicted by the record. For the most part, the arguments are based on Plaintiff's mistaken belief that Defendants have forfeited this case based on their failure to completely satisfy his various discovery requests. The Magistrate Judge, as well as this Court, has previously found this argument meritless. (See, e.g., ECF No. [*12] 136). The Court agrees that Plaintiff's motions for default must fail for the very reasons delineated by the Magistrate Judge. Accordingly, the Magistrate's Judge's decisions denying Plaintiff's motions for default judgment are affirmed on de novo review.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 178) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that

1. Defendants Jolliffee and Reynhout's motion for summary judgment (ECF No. 96) is **GRANTED**.

2. Plaintiff's motions to further amend the complaint (ECF Nos. 113, 138, and 166) are **DENIED**.

3. Plaintiff's motion for summary judgment (ECF No. 143) and for Judgment on the Pleadings (ECF No. 159) are **DENIED**.

4. The Magistrate Judge's Decision Denying Plaintiff's Motions for Default Judgment (ECF Nos. 62, 119, 126, 138, 142, and 161) are treated as a Report and Recommendation and **ADOPTED** on de novo review.

This Case is **DISMISSED**. A separate Judgment shall enter.

Dated: September 25, 2018

/s/ Robert J. Jonker

ROBERT J. JONKER

CHIEF UNITED STATES DISTRICT JUDGE

## JUDGMENT

In accordance with the Order Approving and Adopting Report and Recommendation entered this day, Judgment [*13] is entered in favor of Defendants and against Plaintiff Alonzo Shaffer. Judgment in favor of "Kalamazoo County Sheriff Department" is entered based on the Order entered November 4, 2016. Judgment in favor of Kalamazoo County is entered based on the Order entered September 26, 2017. This is a Final Judgment that resolves all claims involving all parties that have ever been part of the case.

Dated: September 25, 2018

/s/ Robert J. Jonker

ROBERT J. JONKER

CHIEF UNITED STATES DISTRICT JUDGE

**End of Document**