UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

    Plaintiff,

v.

THE CITY OF BENTON HARBOR, et al.,
Defendants.

Case No. 1:22-cv-01146

Hon. Robert J. Jonker
Mag. Sally J. Berens

**THE CITY OF BENTON HARBOR'S RESPONSE TO PLAINTIFF'S APPLICATION FOR CLERK'S ENTRY OF DEFAULT (ECF NO. 95)**

After Plaintiff Owen Barnaby ("Mr. Barnaby")'s first four applications and motions for default judgment were denied by the Court, he filed yet another application for entry of default. For the same reasons that Mr. Barnaby's other post-remand applications for entry of default judgment are improper, this request is improper as well and the Court should deny it.

The purpose of a default judgment is to prevent a defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. *See Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 845 (6th Cir. 1983).

**I.    Benton Harbor Was Not Properly Served the Second Amended Complaint.**

As a preliminary matter, Mr. Barnaby did not properly serve the Second Amended Complaint upon Benton Harbor under the Federal Rules. Fed. R. Civ. P. 4(j)(2) states:

> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

1

>> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Here, Plaintiff did not comply with the requirements of the federal rules because service was not made upon the chief executive officer of Benton Harbor. "The federal rules do not permit service on a[]. . . government through certified mail." *Brewer v. Detroit Pub. Sch. Cmty. Dist.*, No. 17-11364, 2018 WL 1128253, at *2 (E.D. Mich. Mar. 2, 2018); *see also Larsen v. Mayo Med. Or.*, 218 F.3d 863, 868 (8th Cir. 2000).

In addition to the means of service provided by Rule 4 of the Federal Rules of Civil Procedure, a party may also utilize the methods provided by the laws of the forum state. Fed. R. Civ. P. 4(c)(2)(C)(i). The Michigan Court Rules do permit service on a public corporation by certified mail, but only when an individual in charge of that office is also <u>personally</u> served. MCR 2.105(G) ("service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made <u>and</u> sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.") (emphasis added).

Mr. Barnaby only served Benton Harbor via certified mail addressed to City Manager Ellis Mitchell and accepted by Aprial McCoy. ECF No. 29.1, PageID.147. Plaintiff has not alleged, either in his motions or in the proofs of service he filed with the Court, that personal service was made on the person in charge of Benton Harbor's office. As such, because Plaintiff did not comply with the federal rules for service on a government entity nor the Michigan Court Rules for service on a public corporation, service of the Second Amended Complaint was improper, and Plaintiff's application for entry of default should be denied.

**II.     Default is not Appropriate Because Before the Appeal, Benton Harbor Appeared within 21 Days of the Purported Service of the Second Amended Complaint and Received Additional Time to Respond.**

Default is also improper against Benton Harbor because its time to formally respond to the Second Amended Complaint (if service had been proper) had not expired before this Court dismissed his case.

In general, a party must file a responsive pleading within twenty-one days after being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Before this matter was appealed, and when Benton Harbor first became aware of this lawsuit, it filed its Emergency Motion for Additional Time and to Strike Plaintiff's Motion for Default Judgment on January 4, 2023. Its motion was filed less than 21 days after it was purportedly served on December 14, 2022. The Court granted Benton Harbor's Emergency Motion and permitted Benton Harbor to respond to Mr. Barnaby's complaint within 28 days of a decision on the report and recommendation. ECF No. 67. The court adopted the report and recommendation and dismissed the case in its entirety, thereby negating Benton Harbor's obligation to respond to Mr. Barnaby's dismissed case. ECF No. 56. Given the foregoing, Benton Harbor cannot have defaulted as to Mr. Barnaby's Second Amended Complaint before the Court dismissed it *sua sponte*. And, as to the post-appeal motions for default judgment, the Court entered an order granting Benton Harbor 28 days to respond to Mr. Barnaby's complaint. ECF No. 91.

**III.    Benton Harbor Should Not be Defaulted as to the Third Amended Complaint Because the Court has not Granted Mr. Barnaby Leave to Amend the Second Amended Complaint.**

Magistrate Judge Berens granted Benton Harbor's request for 28 days to respond to Mr. Barnaby's Third Amended Complaint. ECF No. 91. By the Court's own order, Benton Harbor

cannot have defaulted as to the Third Amended Complaint before the court's extension of time has expired.

For the foregoing reasons, Benton Harbor respectfully requests that this court deny Mr. Barnaby's application for entry of default (ECF No. 95).

Respectfully submitted,

January 16, 2024

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
Emily P. Jenks (P84497)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
ejenks@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*

## CERTIFICATE OF RULE COMPLIANCE

This brief complies with the word limit of L. Civ. R. 7.3(b)(i) because it contains 894 words, excluding the parts exempted by L. Civ. R. 7.3(b)(i). The word count was generated using Microsoft Word 2016.

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
Emily P. Jenks (P84497)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
ejenks@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*

4

4858-2825-9741_1

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2024, I caused the foregoing document and this Certificate of Service to be electronically filed by using the CM/ECF electronic filing system which will send notification of such filing(s) to all parties via their counsel of record.

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
Emily P. Jenks (P84497)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
ejenks@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*