# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                        )

     Plaintiff- Appellant                                )

        Vs.                                               ) Hon. Robert  J.  Jonker
                                           ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

     Defendants- Appellees                              ) Case No. 1:22 -CV- 1146

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

Attorney, T. Seth Koches,
Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582        |        EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

i

**EXPEDITED CONSIDERATION REQUESTED**
For,

<u>**Supplemental Brief for** **Submitted New Discoveries, Defendants' Opposition to Plaintiff's,**</u>

**Amended Appeal from the  Magistrate Judge's Orders (ECF No. 91, In Part,
And (ECF No. 96) In Full, to the District Court's Judge.**

---

**<u>TABLE OF CONTENTS</u>**

Page

Table of Contents .................................................................................................. i-ii

Statement of Issues……………………………………..………………......………... iii

Index of Authorities ............................................................................................. iv-vi

Statement of Oral Argument ……………………………………………………… vii

Filed Exhibits ……………………………………………............................................… viii

   I.     Statement of Jurisdiction …………………………………………..…... 1

   II.    Statement of Specific Pertinent and Relevant Settled Facts…………………... 1- 2

   III.  Standard of Review …………………………………………….......……... 3

   IV.  Summary of the Argument ………………………...………………………… 3

   V.   Arguments  ……...…………………………………………….....…...........4-12

   VI.  Conclusion  …………………………………………………….…...…13

        Certificate of Service
        Certificate of Compliance
        Supplement Designation of Relevant District Court Documents

**Did the Hon. Magistrate Judge Berens' Order Following Remand (ECF No. 91), Denying Plaintiff Entering Defaults (ECF Nos. 32, 75, 95) and  Entering Default Judgments (ECF Nos. 28, 31, 77, 81, 88),  is an abuse of discretion and a violation of  Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's, "…. For further proceedings consistent with this Order"? ………… Plaintiff Answers  Yes! ……..…….. 4-12**

A. Is Plaintiff Warrants the Entering of Defaults and Default Judgments Against Defendants Pursuant to FRCP 55: (a), (b) (1), (2)? ……...Plaintiff Answers Yes!

B. The Berrien County Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), and failed to file answers or Rule 12 motions, Clearly, Plaintiff Warrants  Defaults and Default Judgments Against Them.

C. The Niles Charter Township Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), and failed to file an answer or a rule 12 motion or objection to Plaintiff 's Third, Amended Complaint (ECF No. 36) and did not appeal District Court's Order and Final Judgment (ECF Nos 67, 68), Warrants Plaintiff 's Default and Default Judgment Against Them. (ECF Nos.28, 32,75, 77, 95).

D. The Question Plaintiff Seeks to be answer, is should an Officer of this District Court and His Professional Practice Entity, Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC, Defendants get away with their willfully rejections service by certified restricted mailing of Summonses and copies of Complaint (ECF No, 10), or if they received the same and pretended as if they did not get them?

E. The State of Michigan Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), failed to file an answer or a valid Motion under Rule 12, or an Appeal, Warrant Plaintiff's Default and Default Judgment Against Them.

F. The Benton Harbor Defendant was Properly Served Summons with copies of Complaints (ECF Nos, 10, 36), and failed to file an answer or a Motion under Rule 12, or an Appeal, Warrant Plaintiff's Default and Default Judgment Against Them.

## INDEX OF AUTHORITIES

**Cases**

        **Page**

Barnaby Vs Michigan, No. 23-1134 (6th Cir. November. 17, 2023)………….…………….... 1-12

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020)………..……………………….......

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017) ….....

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) ……………

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit ……………………………...

Barnaby v. Witkowski, 1:14-cv-1279 …………………………………

Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) …………....…………….… 2-12

United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983) ………2-12

Erickson v. Pardus, 551 U.S. 89, 94 (2007)……………………....…………………………. 1-12

Holloway Constr. Co. v. U.S. Dep't of Labor, 891 F.2d 1211, 1212 (6th Cir. 1989), ……...

Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs., 606 F.3d 301, 308 (6th Cir. 2010), ……………………..................……………………

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006), …………………………………...

Pittman v. Cuyahoga Cnty. Dep't of Children and Fam. Sevs., 241 Fed.Appx. 285 (6th Cir. 2007), ………………………………………………………....…………. 16

Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023) ……………

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), …………………………………

**United States v. Johnson, 440 F.3d 832, 845–46 (6th Cir. 2006)………………….……..4-12**

**United States v. Still, 102 F.3d 118, 122 n.7 (5th Cir. 1996)………………..………………4-12**

**United States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996)…………………………...…..4-12**

**McPherson v. Kelsey, 125 F.3d 989, 995–96 (6th Cir. 1997)…………………………………4-12**

**Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016) ……………………………4-12**

**Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)……………………….…..……………4-12**

## Statutes

42 U.S.C. § 1983... ...............................................................................................1-12

Mich. Comp. Laws § 691.1401.................................................................................1-12

Mich. Comp. Laws § 691.1401(b) ...........................................................................1-12

Mich. Comp. Laws § 691.1407(1) ...........................................................................1-12

Mich. Comp. Laws § 691.1407(2) .......................................................................... 1-12

Mich. Comp. Laws § 691.1407(5) .......................................................................... 1-12

Forgery Mi. Comp. Laws Ann. § 750-248.................................................................1-12

Forgery Mi. Comp. Laws Ann. § 750-249 ............................................................... 1-12

MCL 211.27(a).....................................................................................................

Mich. Comp. Section 141.1549 and Act 436 of 2012 ............................................1-12

## Rule

LCivR 7.1(d) .........................................................................................2-12

Fed. R. Civ. P. 1... ...........................................................................................2-12

Fed. R. Civ. P. 12 (a)(1)(A), MIWD ...................................................................2-12

Fed. R. Civ. P. 12(b)(1) .................................................................................

Fed. R. Civ. Proc. 12(b)(6)...................................................................................................

Fed. R. Civ. P. 15(a)(1) (2), ...........................................................................................

Rule 26(a)(1 ..............................................................................................................

Fed. R. Crim. P. 41 -Search and Seizure ..............................................................

Fed. R. Civ. P. 55 (a), ................................................................................1-12

Fed. R. Civ. P. 55 (b), (1) ...........................................................................1-12

## Laws

42 USCS 1983................................................................................................

18 U.S.C. Section 1341.............................................................................................

28: USC § 1331 ...................................................................................................

28: USC § 1332 ...................................................................................................

28 U.S.C. § 1291.........................................................................................................

28 U.S.C. § 636(b)(1)(A) ........................................................................................... 1

First Amendment ……………………………………………………………….

Fourth Amendment ………………………………………………….………....8, 9,10

Fifth Amendment ………………………………………………………….…….

Eleventh Amendment ………………………………………………………………

Fourteenth Amendment ……………………….…………………………………..


## Other Authorities

Full Faith and Credit Act …………………………………………….….…….

Rooker-Feldman Doctrine ……………………………..…………………….......……….

The doctrine of the law of the case ……………………………………………………1-12

The law of the case doctrine…………………………………………………...…1-12

Res Judicata and or Collateral Estoppel ………………………...………………………1-12

Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B)……………...……….…1-12

Fed. R. Civ. P. 1…………………………………………………………………….1-12

Fed. R. Civ. P. 12 (a)(2) or (3) ……………………………………………………...1-12

Fed. R. Civ. P. 12 (b)(1)(A) and Fed. R. Civ. P. 55 (a), (b), ………………...…………………1-12


Qualified immunity ………………………………………………………………….... 4

(1), Freedom to Redress from Retaliation ……………….…………………………........ 1-

(2), Right to a Fair Trial & Right to a Trial by Jurors/Juries ……………………… 1- 12

(3), Gross Negligence ………………………………….......………………………...…1- 12

(4), Due Process …………………………………………………………………….......1- 12

(5), Equal Protection of the Laws …………………………………………………… 1-12

(6), The Right to Government Services, and The Right to Use Public Facilities ………….....1-12

(7), Fraud ……… ………………………………………………………………… 1- 12

(8), Freedom of Movement and Freedom from Torture ……………….…….…....……….. 1- 12

(9), Damages to personal property ………………………………………………….. 1- 12

(10), Theft and Conversion of personal property …………………….…...………………....1- 12

(11), Intentional infliction of emotional distress and Emotional harm …………………...…. 1- 1

12), Unlawful Detention of Properties ………………………………….…..………………. 1- 12

(13), The right to gainful employment, and Safety from harassment…...………………..... 1- 12

(14), Rights Given Plaintiff by the State of Michigan …………….…………………… 1- 12

(15), Whistleblowing ……………………………………………….......................…...... 1- 12

(16), The Right to Housing & Liberty Live and Happiness' …………….…....…….....….. 1- 12

## Statement of Oral Argument

The District Court could reverse the Magistrate Judge's Orders (ECF No. 91, In Part, And (ECF No. 96) In Full, without Oral Arguments.

## EXHIBITS of Record

| | | |
|---|---|---|
| EXHIBIT A | **Forgery** Documents | ID.560-563 |
| EXHIBIT B | Barnaby's Affidavit | ID. 564-569 |
| EXHIBIT C | Knowledge/Not Protect Against Illusory Truth | ID.770-779 |
| EXHIBIT D | Dr Bulgin Expert Report | ID. 580-588 |
| EXHIBIT E | Dr. Payne Expert Report | ID.589-607 |
| EXHIBIT F | Paid in Full Niles Properties 2007 Tax Receipt | ID.608-609 |
| EXHIBIT G | Appraisal Report at $12,000.00 | ID.610-635 |
| EXHIBIT H-1 | Opinion #1 of Sixth Circuit Court | ID.636-640 |
| EXHIBIT H-2 | Opinion #2 of Sixth Circuit Court | ID.741-643 |
| EXHIBIT H-3 | Judgment of Sixth Circuit Court | ID.644-645 |
| EXHIBIT I-1 | Witskowski's **Perjury Deposition.** | ID.646- 686 |
| EXHIBIT I-2 | Witskowski's Deposition. | ID.687-694 |
| EXHIBIT I-3 | Witskowski's Deposition. | ID.695-708 |
| EXHIBIT I-4 | **UPL & Foreclosure Judgment-August 18, 2010,** | ID.709-714 |
| EXHIBIT J | State Michigan Bar Letter | ID.715-716 |
| EXHIBIT K | Judgement & **Forgery** Order | ID.717-723 |
| EXHIBIT L-1 | Attorney Holmstrom's **Forgery** Brief | ID.724-726 |
| EXHIBIT L-2 | Attorney Holmstrom's **Forgery** Brief | ID.727-729 |
| EXHIBIT L-3 | Attorney Holmstrom's **Forgery** Brief | ID.730-734 |
| O | Witskowski's **Willful False Affidavit/Perjury** | ID.756-758 |
| EXHIBIT W-1 | Sixth Circuit Order (ECF Nos. 72) | ID.000-000 |
| EXHIBIT W-2 | Sixth Circuit Judgment. (ECF Nos. 73) | ID.000-000 |
| EXHIBIT W-3 | Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95) | ID.000-000 |
| EXHIBIT W-4 | Magistrate's Order (ECF Nos. 91) | ID.000-000 |
| EXHIBIT W-5 | Plaintiff's Default /Brief (ECF No. …) | ID.000-000 |
| EXHIBIT W-6 | Barnaby's Affidavit | ID. 00-000 |
| EXHIBIT W-7 | Notice from Clerk  (ECF Nos. 84) | ID.000-000 |
| EXHIBIT W-8 | Proof Service of Sommons  Receipts | ID.000-000 |
| EXHIBIT W-9 | Attorney Hackworth Job Description | ID.000-000 |
| EXHIBIT W-10 | Request or Motion for Default Judgment | |
| EXHIBIT W-11 | Attorney Holmstrom's Personal Letter to Judge | ID.000-000 |
| EXHIBIT W-12 | Electric receipt that further Proofs Proper Service | ID.000-000 |
| EXHIBIT W-13 | Proof of Holmstrom Defendants Service rejection | ID.000-000 |
| EXHIBIT W-14 | District Court's Service Handbook | ID.000-000 |
| EXHIBIT W-15 | Mr. Hackworth, Authorized by Appointment or by Law | ID.000-000 |

## I.      Statement of Jurisdiction

District Court's Jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) to hear this Appeal.

## II.     Sixth Circuit Court's Order (ECF No72) and the Relevant Facts

Plaintiff properly served Defendants under State and Federal Rules and District Court's Local Rules, Service Handbook[1], that states as follows: "**2.** By Mail The summons and complaint can be served by sending them by certified mail with restricted delivery and return receipt. A "green card" (PS Form 3811) will be mailed to the plaintiff, to show proof of service. The "green card" or a copy, must be filed with the Court." (ECF No. 29, PagesID.104-112). And, none of the Defendants **had directly opposed or objected to** Plaintiff's filed, PROOF OF SERVICE OF SUMMONS AND COMPLAINT, on January 03, 2023. See, (ECF No. 29, PagesID.104-112).

First, the Postal Service delivered the Certified mail, Niles Township and State of Michigan Defendants were not present. Second Postal Service left notice of the "…certified mail with restricted delivery…", for the Niles Township and the State of Michigan Governors Defendants. Thirdly, Holmstrom Defendants were present, but willfully rejected Certified mail.

Moreover, while both the Niles Charter Township Defendants (ECF No. 29-1, PageID.115) and the State of Michigan and Governors Defendants; went to the Postal Facilities and Pickup their summonses and copies of Second Amended Complaint and acknowledged such mailing with a signed and electric return receipts. **Exhibit W-12.** Again, Holmstrom Defendants abandoned mail, by willfully failing to go to the Postal Facility to Pick up their summonses, and copies of Second Amended Complaint. ECF No. 29, PagesID.111-112). **(Exhibits W-13, 14).**

---

[1] file:///C:/Users/Admin/Desktop/Circuit-Brief%20of%202022/2022%20Eastern%20Distict%20Court/Service_Handbook.pdf

1

Lastly, Plaintiff new discovery, that, on December 21, 2021, Defendants Berrien County Board of Commissioners have Authorized by Appointment or by Law, Attorney Hackworth to receive service of process on behalf of the Berrien County Defendants. see, (Exhibit-W15).

Both, the new discoveries, and the settled facts in the record further proved that Plaintiff warrants, Clerk of Court under Rule 55 – (a), to Enter Default (ECF Nos, 32, 75, 95) against all Defendants, and under Rule 55 – (b)(1)(2), Clerk or by Order of the Court enter Default Judgment (ECF Nos, 28, 31, 77, 81, 88) against all Defendants[2].

## III.    STANDARD OF REVIEW

### 1.  Service under District Court's Local Rules Service Handbook

"2. By Mail The summons and complaint can be served by sending them by certified mail with restricted delivery and return receipt. A "green card" (PS Form 3811) will be mailed to the plaintiff, to show proof of service. The "green card" or a copy, must be filed with the Court." (ECF No. 29, PagesID.104-112).

### 2.  Service under Federal Rules 4

Service on Agent under Federal Rules Under the federal rules, "an agent authorized by appointment or by law to receive service of process" may receive service on behalf of either (1) a corporation, Fed. R. Civ. P. 4(h)(1) (A)(B), or (2) an individual defendant, Fed. R. Civ. P. 4(e)(1)(2)(B)(C) and Fed. R. Civ. P. 4(j)(2)(A)(B).

---

[2] It is a matter of undeniable facts, all Defendants' abandoning, failing or forfeiting filing answers or valid Rule 12 motion, or Rule 12 motions, to Plaintiff's, Second and Third Amended Complaint(ECF Nos.10,36) within the 21 or 28 days' required time span; both the ones who accepted and the ones who willfully rejected Plaintiff's properly served Summonses and copies of Complaint(ECF Nos.10,36), because they relied on the District Court to defend them; **but, Plaintiff contends, thanks be to GOD!, for appellate review,** and that, now that their plan failed, his default and default judgment must be entered against all same Defendants as a matter of law, as the role of Courts is to be neutral, not to be Defendants' legal representatives.

### 3. Service under Michigan State Rules, MCR 2.105

The two, Process and Manner of Service  pursuant  Mich. Ct. R. 2.105 (A) (1) (2),

personal and by certified mailing.

**(G)** Public Corporations.
(1) the chairperson of the board of commissioners or the county clerk of a county.

**(I)** Agent Authorized by Appointment or by Law.
(1) Service of process on a defendant may be made by serving a summons and a copy of the
complaint on an agent authorized by written appointment or by law to receive service of process.

**(K)** Jurisdiction; Range of Service; Effect of Improper Service.
(3) An action shall not be dismissed for improper service of process unless the service failed to
inform the defendant of the action within the time provided in these rules for service.

## IV.    SUMMARY of the ARGUMENT

The record shows that, Plaintiff properly served all Defendants under State Rules MCR

2.105: (A)(1)(2); (G)(1); (I)(1); (K)(3) and Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B);

(e(1)(2)(B)(C); (j)(2)(A)(B) and pursuant to "District Court's Local Rules Service Handbook",

ECF No. 49, PageID.311); (ECF No. 49-1, PageID.320): **"2.** By Mail The summons and

complaint can be served by sending them by certified mail with restricted delivery and return

receipt. A "green card" (PS Form 3811) will be mailed to the plaintiff, to show proof of service.

The "green card" or a copy, must be filed with the Court."  (MIED Service Handbook (9/2020)

Page | 3). And, none of the Defendants had opposed or objected to the Plaintiff's filed, PROOF

OF SERVICE OF SUMMONS AND COMPLAINT (ECF No. 29, PagesID.104-112).

The Order, (ECF No. 91) must be reversed in part, as District Court must be "consistent"

with Sixth Circuit's Order, by Ordering the Clerk to enter Default and enter Default Judgment

per Rule 55:(a),(b)(1)or (2), in his affidavit, Twenty Two Million, Five Hundred Twenty Nine

Thousand, Three Hundred and Twenty Nine Dollars and Sixty Cents, **$22, 529,329.60.**

## V.    ARGUMENTS ON THE ISSUES

Plaintiff contends, given Sixth Circuit Court's ruling that, the District Court should not have disturbed Plaintiff's Second and Third Amended Complaint(ECF Nos. 10, 36). Defendants' time to file answer or valid rule 12 motion to Second Amended Complaint(ECF No. 10) was within the 21 days' time span after process service; and or within the 28 days' time span, from the Third Amended Complaint(ECF No. 36), ruling on February 13, 2023, to March 14,2023, expiration. They should either appeal to the District Court's Orders and Final Judgment (ECF Nos. 35, 56, 62, 67, 68) or file a motion to safeguard their rights.  Instead, they abandoned their rights, and now wants the District Court to be their legal representative and to  further prejudice Plaintiff beyond their 14 years of pain and sufferings to Plaintiff and the death of his family.

**Did the Hon. Magistrate Judge Berens' Order Following Remand (ECF No. 91), which Denied Plaintiff Entering Defaults (ECF Nos. 32, 75, 95) and  Entering Default Judgments (ECF Nos. 28, 31, 77, 81, 88), an abuse of discretion and a violation of  Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's, "…. For further proceedings consistent with this Order"? ………………… Plaintiff Answers  Yes!**

Moreover, State of Michigan Defendants' raised issues in, Sixth Circuit Appellate Court, is now bidding on this District Court, <u>"Barnaby's appeal does not challenge the District Court's conclusion that the State Defendants are entitled to immunity and, as a result, that issue is waived and is dispositive."</u>  Furthermore, the State of Michigan Defendants went on to argued, that:

> "As to the State Defendants, the District Court dismissed this matter as devoid of merit based upon their Eleventh Amendment immunity. (Order Approving and Adopting Report and Recommendation, R. 67, Page ID # 942.) **Barnaby's appeal does not challenge this finding.** **"An appellant abandons all issues not raised and argued in its initial brief on appeal."** United States v. Johnson, 440 F.3d 832, 845–46 (6th Cir. 2006) (citing United States v. Still, 102 F.3d 118, 122 n.7 (5th Cir. 1996).) "[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Id. (citing United States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996).) "It is not sufficient for a party to mention a possible argument in the most skeletal way, **leaving the court to put flesh on its bones."** Meridia Prod Liability Litigation v. Abbott Laboratories, 447 F.3d 861, 868 (6th Cir. 2006) (citing McPherson v. Kelsey, 125 F.3d 989, 995–96 (6th Cir. 1997)" (Case: 23-1134 Document: 23 Filed: 05/30/2023 Page: 21)"

The Sixth Circuit Appellate Court agreed with State of Michigan Defendants', argument, and concluded, that,

> "Barnaby does not challenge the district court's holding that several defendants the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel are immune from suit… **Barnaby therefore has forfeited appellate review of those rulings**. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)."

Plaintiff contends, the same legal analysis must be applied to all Defendants that failed to file answer or a valid Motion or acts on the Granted Motion, to Plaintiff's Second and Third Amended Complaint ( ECF Nos. 10, 36), within the time span, or failed to appeal Orders, Final Judgment (ECF Nos. 35, 56, 62, 67, 68). The Sixth Circuit's Order(ECF No. 72), that are binding on the District Court, states: "….REMAND for further proceedings consistent with this Order."

## A. Does Plaintiff Warrant the Entering of Defaults and Default Judgments Against Defendants Pursuant to FRCP 55: (a), (b) (1), (2)? ….…..Plaintiff Answers Yes!

Because all Defendants were properly served or willfully rejected service, District Court must be "consistent" with  the Sixth Circuit Court's Order  above (ECF No. 72), by having the Clerk of Court under Rule 55 – (a), to Enter Default (ECF Nos, 32, 75, 95) against Defendants, and under Rule 55 – (b)(1)(2), by having Clerk or by Order of the Court enter Default Judgment (ECF Nos, 28, 31, 77, 81, 88) against Defendants, according to his affidavit sum certain total of **$22, 529,329.60,** for failing, abandoning or forfeiting, to file answer to Plaintiff's Second and Third Amended Complaint( ECF Nos. 10, 36), or under rule 12, a valid motion or motion, **within the 21, or 28 days' required time span** and or to appeal the District Court's Orders and final Judgment(ECF Nos. 35, 56, 62, 67, 68). See, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B. The Berrien County Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), and failed to file answers or Rule 12 motions, Clearly, Plaintiff Warrants  Defaults and Default Judgments Against Them.**

**i. Plaintiff's Newly Discovery of Attorney Hackworth Authorization by Appointment or by Law by  Defendants Berrien County. Exhibit-W15**

**First**, Plaintiff's new discovery that on December 21, 2021, Defendants Berrien County Board of Commissioners have Authorized  by Appointment or by law Attorney Hackworth to receive service of process on behalf of the Berrien County Defendants'. see, (Exhibit-W15). Moreover, that the Berrien County Defendants have conceded, that  Attorney Hackworth properly received from Plaintiff, service of process on behalf of the Berrien County Defendants under both state and federal laws: "…an agent authorized by appointment or by law to receive service of process" may receive service on behalf of either (1) a corporation, Fed. R. Civ. P. 4(h)(1)(B), or (2) an individual defendant, Fed. R. Civ. P. (e)(2)(C)."  see  (ECF No. 102, PageID.1299).  And that, "While the Michigan rules do allow for service upon an agent, the rules still require that the agent be personally served. Mich. Ct. R. 2.105(I)(1) requires service of process to be made by "serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process.". (ECF No. 102, PageID.1300).

As such, the only issue of disagreement among Plaintiff and Defendants  is about Process and Manner of Service, that, Mich. Ct. R. 2.105 (A) (1) (2), made clear can be by either personal service  or by mail. The Defendants' incorrect and moot legal analysis is Attorney Hackworth should only be served on behalf of the Berrien Defendants by personal service. And, Plaintiff's correct and legal analysis is that of the Service under District Court's Local Rules Service Handbook, and Mich. Ct. R. 2.105 (A) (1) (2), which gives both options to Plaintiff personal service  or by mail, certified mail with restricted delivery and return receipt. see, (Exhibit-W14).

6

As such, Magistrate Judge's Order (ECF No. 91), must be reversed in part, Default and Default Judgment entered against Defendants (ECF Nos.28,32,75,77,81,95), per Rule 55: (a); (b)(1)or(2).

**Second,** notwithstanding Plaintiff's Verbal Agreement argument, the new discovery, further, proves Magistrate Judge's Order in part is moot, citing Mr. Hackworth, ( ECF No. 91, PageID.1123), "Mr. Hackworth further states that, he told Plaintiff that he did not agree to waive or accept service on behalf of any Defendant. (Id. at PageID.303.)"; what Attorney Hackworth said were, "that he did not [agree to waive]or [accept service] on behalf of any Defendant"; he did not say, [he did not have, express or implicit authorized, to accept service] on behalf of any Defendant behalf. Now, their Brief went further and set forth the legal authorities that gave Attorney Hackworth the express or implicit authorizations to accept service on their behalf. Fed. R. Civ. P. 4(h)(1)(B); Fed. R. Civ. P. (e)(2)(C) and Mich. Ct. R. 2.105 (A) (1) (2); (I)(1). This new discovery further proves that the Order is "clearly erroneous", "contrary to law," and violated the sixth Circuit's Order( ECF No. 72. An example, the Appellate Court's Order ( ECF No. 72) Plaintiff's Complaint is bidding on [both current and former] Governors and Employees that injured Plaintiff. But, both Defendants and the Order on appeal in violation, said Plaintiff's Complaint should only be bidding on [current] Governors and Employees that injured Plaintiff.

**Third,** Defendants via their Attorney, Mr. Hackworth call Plaintiff's actions in the proceedings a "continuing gamesmanship" (ECF No. 102, PageID.1302). Defendants' derogatory and untrue statement came in the context of this immediate sentence. "At the time Plaintiff mailed process to the Berrien County Corporate Counsel, this action was already pending dismissal for lack of subject-matter jurisdiction upon Magistrate Judge Berens' Report and Recommendation. (ECF No. 16)." Defendants' derogatory and untrue statement confirmed Plaintiff's arguments both in District and Appellate Courts, that: **#1).** Defendants did not file an

answer to Plaintiff's, Second and Third Amended Complaint (ECF Nos. 10, 36), because they

knew Plaintiff had finally discovered their continuous, forgery, fraud, thievery to injure Plaintiff.

**#2).** Defendants have been using Courts, inclusive of this District Court's R&R, Orders and Final

Judgment, (ECF Nos. 16, 62, 67, 68), as defenses to cover up their misconducts for the last

fourteen years of continuous forgery, fraud, thievery that caused Plaintiff to lose all his same real

properties, his employment, his livelihood, suffered homelessness, ultimately contributed to the

death of our son, great pain and suffering and emotional distress. **#3).** The Order, (ECF No. 91)

must be reversed in part, as it has now become, one more of Defendants' gamesmanship defense

covering up their continuous forgery, fraud, thievery to prolong Plaintiff's 14 years sufferings.

Lastly, in part, the Magistrate Judge Order must be reversed, all Defendants' failing,

abandoning, or forfeiting, to file answer to Plaintiff's Second and Third Amended Complaint

(ECF Nos. 10, 36), or rule 12 motion, within the 21 days' required time span and did not appeal

this Court's Orders and Final Judgment(ECF Nos. 35, 56, 62, 67, 68); Clerk must be permitted to

enter Default and Clerk or by Judge's Order to enter Default Judgment against Defendants, to be

"consistent" with the Sixth Circuit's Order (ECF No.72) and the mentioned controlling laws.

### C. The Niles Charter Township Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), and failed to file an answer or a rule 12 motion or objection to Plaintiff 's Third, Amended Complaint (ECF No. 36) and did not appeal District Court's Order and Final Judgment (ECF Nos 67, 68), Warrants Plaintiff's Default and Default Judgment Against Them. (ECF Nos 28, 32,75, 77, 95).

**First,** Plaintiff properly served the Niles Township Defendants his Second and Third,

Amended Complaint (ECF Nos.10, 36). The Magistrate Judge violated Plaintiff's due process

rights, and violated her own Order, Granting Plaintiff fourteen days, after Defendants cure their

Motion defect for extended time to respond to Plaintiff's Second Amended Complaint (ECF

No.10). But as soon as the Niles Township Defendants cured their Motion defect on January 03,

2023, the Magistrate Judge Granted it in violation of Plaintiff's due process rights and violated

her own Order giving Plaintiff Fourteen days to file his objection(ECF Nos.23, 25, 26, 27, 30[3]).

**Second,** they did not oppose the Third Amended Complaint (ECF Nos.36,37), they should

either have filed an answer or rule 12 motion on or before January 28, 2023. **Third,** they did not

appeal the District Court's Order and Final Judgment (ECF Nos 25, 27, 67, 68). **Fourth,** remand

was on December 11, 2023, and they still did not file an answer or a rule 12 motion within the 21

days' time span. **Fifth,** the Niles Township Defendants did not oppose Plaintiff's Request for

Clerk to enter Default(ECF Nos 32, 75, 95) and Clerk or Court to enter Default Judgment (ECF

Nos 28, 77, 81) per Fed. R. Civ. P. 55 (a), (b)(1) (2), against them.

**Lastly,** as such the District Court must be "consistent" with Sixth Circuit's Order (ECF No.

72), by permitting Clerk to enter Default(ECF Nos 32, 75, 95) and Clerk or  Court Default

Judgment (ECF Nos 28, 77, 81) per Fed. R. Civ. P. 55 (a), (b)(1) (2). And, controlling laws: Fed.

R. Civ. P. 1; (The doctrine of the law of the case); (The law of the case doctrine); Res Judicata

and Collateral Estoppel; Fed. R. Civ. P. 12 (a)(2) (b)(1)(A).

**D. The Question Plaintiff Seeks to be answered is, should an Officer of this District Court and His Professional Practice Entity, Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC, Defendants get away with their willful rejections of service by certified restricted mailing of Summonses and copies of Complaint (ECF No, 10), or if they received the same and pretended as if they did not get them?**

The Record shows that, the Holmstrom Defendants rejected the certified mail with restricted

delivery . Furthermore, while both Defendants, Niles Charter Township (ECF No. 29-1,

PageID.115) and  the State of Michigan, (**Exhibits W-11, 12, 13, 14);** went to the Postal

---

[3] Moreover, Plaintiff's timely objection (ECF No. 30), was filed after the Magistrate Judge Orders(ECF Nos. 25, 27), granted Defendants' Motion(ECF No 23) and was before Sixth Circuit Appellate Court unopposed. As such Plaintiff warrant Default and Default Judgment (ECF Nos 28, 32 andn75, 77, 81, 95) against the Niles Township Defendants.

Facilities and Picked up their summonses and copies of Second Amended Complaint. The

Holmstrom Defendants personal letter to the Court demonstrates that, they willfully failed to go

to the Postal Facility to Pick up their summonses, and copies of Second Amended Complaint.

ECF No. 29, PagesID.111-112). The Order(ECF No.91) must be reversed, in part, with Default

and Default Judgment be entered against Holmstrom Defendants (ECF Nos.28,32,75,77,81,95).

**E. The State of Michigan Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), failed to file an answer or a valid Motion under Rule 12, or an Appeal, Warrant Plaintiff's Default and Default Judgment Against Them.**

**i. Plaintiff's New Discovery Defendants Pickup Summonses with copies of Complaint (ECF No, 10) at Postal Facility Exhibit W-12**

The record shows that, Plaintiff properly served all State of Michigan Defendants under

State Rules, Federal Rules Fed. R. Civ. P. 4(h)(1)(B); Fed. R. Civ. P. (e)(2)(C) and Mich. Ct. R.

2.105 (A) (1) (2); (I)(1); and per "District Court's Local Rules Service Handbook", ECF No. 49,

PageID.311); (ECF No. 49-1, PageID.320), by **"2.** By Mail The summons and complaint can be

served by sending them by certified mail with restricted delivery and return receipt. A "green

card" (PS Form 3811) will be mailed to the plaintiff, to show proof of service. The "green card"

or a copy, must be filed with the Court." (Exhibit W-12); (ECF No. 29, PagesID.104-112).

The newly discovered evidence that Attorney Nicholas Bagley's Office went to the Postal

Facility, Picked up the Summonses and copies of the Second Amended Complaint on behalf of

Former Governors, Snyder, and Granholm with an electric return receipt. Exhibit W-12. Plaintiff

filed "green card" with the Court that, Attorney General Nessel received Summons and copy of

Complaint on behalf of Assistant Attorney General Asbenson, warrants Plaintiff's Default and

Default Judgment against them, because: **First,** the basic rights of service of process is to satisfy

due process, and the State of Michigan Defendants like all the other Defendants had due process

10

or willfully rejected due process. One example of the State of Michigan Defendants exercising

their due process right was their Rule 12 Motion (ECF No. 18).   **Second,** they abandoned filing

within the 21 days' time span, answer to Plaintiff's Second and Third Amended Complaint (ECF

Nos. 10, 36). **Third**, Defendants abandoned Appealing the District Court's Final Judgment (ECF

Nos. 56, 62, 67, 68), Ordered, their Rule 12 Motion moot[4].   **Fourth,** District Court must be

"consistent" with Sixth Circuit's Order, by reversed Order(ECF No.91) in part, permit the Clerk

to enter Default and permit or Order Default Judgment against them, per Rule 55:(a),(b)(1)or (2).


   **F.   The Benton Harbor Defendant was Properly Served Summons with copies of
        Complaints (ECF Nos, 10, 36), and failed to file an answer or a Motion under Rule
        12, or an Appeal, Warrant Plaintiff's Default and Default Judgment Against Them.**

   The  Magistrate Judge and Plaintiff agrees that, the  Benton Harbor Defendant is properly

served under State Rules, Federal Rules and the "District Court's Service Handbook", ECF No.

49, PageID.311); (ECF No. 49-1, PageID.320). However, the Magistrate Judge Denied entering

Default and Default Judgment against Defendant in violations of the Sixth Circuit Court's Order

(ECF No. 72); and other controlling laws. Ten-plus months after Benton Harbor violated her

Order, "…28 days after the Court's decision on the Report and Recommendation (ECF Nos. 16,

35).", to file its Answer to Plaintiff's, Second Amended Complaint (ECF No. 10); started from

---

[4] Plaintiff contends,  State of Michigan Defendants' Rule 12 Motion(ECF No.18), that the District Court Ordered Moot with Final
Judgment (ECF No.67, 68), which they did not appeal, must be consider as if they had never filed the Rule 12 Motion in this
proceeding. **Because Defendants' MOOT Rule 12 Motion (ECF No.18), cannot stop the entrance of Plaintiff's Default and
Default Judgment against them.** Furthermore, they argued in Appellate Court, that, "An appellant abandons all issues not
raised and argued in its initial brief on appeal."  Moreover, is there failing to appeal their Moot Rule 12 Motion. See more on
pages 4, 5 above, it is a part of their full Appellate arguments they used against Plaintiff in the Sixth Circuit Court, that must be
applied to them now, that they abandoned or waived all rights. As such the District Court must be "consistent" with Sixth
Circuit's Order (ECF No. 72), by permitting Clerk to enter Default(ECF Nos 32, 75, 95) and Clerk or  Court Default Judgment (ECF
Nos 28, 77, 81) per Fed. R. Civ. P. 55 (a), (b)(1) (2) against them. And, other controlling laws: Fed. R. Civ. P. 1; (The doctrine of
the law of the case); (The law of the case doctrine); Res Judicata and Collateral Estoppel; Fed. R. Civ. P. 12 (a)(2) (b)(1)(A).

February 13, 2023, expired on March 13, 2023[5]; and forfeited its rights to file an answer to Plaintiff's, Second and Third Amended Complaint (ECF Nos.10, 36), or Motion Under Rule 12.

      Plaintiff served Summons and Second Amended Complaint (ECF Nos. 10, 15, 29,), Defendant – City of Benton Harbor City Manager, Mr. Ellis Mitchell and on December 14, 2022, and he had one of his senior employees, Ms. Aprial Mc Coy to signed for the Summons and the Complaint on his behalf.

      The Defendant City Benton Harbor 28 days had expired on March 13, 2023, and 21 days have passed since the remand on December 11, 2023, and they did not appeal the District Court's Orders and Final Judgment (ECF Nos. 35, 56, 62, 67, 68). These controlling laws are applicable: (The doctrine of the law of the case); (The law of the case doctrine); Res Judicata, Collateral Estoppel Doctrines; Fed. R. Civ. P. 12 (b)(1)(A); (a)(2) or (3); to Order Clerk of Court to enter Default (ECF Nos. 32, 75, 95), and Clerk or by Order of the Court to enter Default Judgment (ECF Nos. 28, 31, 77, 81, 88), against City Benton Harbor Defendant, per to Rule 55: (a); (b), (1) or (2), and to reversed Granted Motion (ECF No. 85), to become consistent with the Sixth Circuit Court's Order and Final Judgment (ECF Nos. 72, 73).

      Lastly, Plaintiff filed requested entering Default (ECF No. 95), on December 28, 2023, Defendant did not file a timely objection. Plaintiff contends it is clear either Defendant and its Attorney do not respect Plaintiff or and Court or they expect the Court be their legal representative. Either way Plaintiff request that Default be entered against the Defendant.

---

[5] The doctrine of the law of the case; The law of the case doctrine; and Res Judicata, Collateral Estoppel Doctrines, barred the District Court from granting City of Benton Harbor Defendant reconsideration after Sixth Circuit Appellate Court's and ten months later. And barred the District Court from denying Plaintiff's proper Default and Default Judgment against it and all the other Defendants, under Rule 55: (a); (b), (1) or (2).

## VI.  Conclusion and Relief Request

For reasons articulated herein, Magistrate Judge's Order (ECF No. 91) must be reversed in part by permitting or ordering Clerk of Court to enter Default (ECF Nos. 32, 75, 95) against all Defendants, and  by Clerk of Court or by Order of the Court to enter Default Judgment (ECF Nos. 28, 31, 77, 81, 88), against all Defendants, pursuant to Rule 55: (a); (b), (1) or (2). To reverse Defendant's Granted Motion (ECF No. 85), and that the time to file an answer or a valid rule 12 motion has long expired for all Defendants and to award damages set forth in affidavit, **$22, 529,329.60.** Exhibits W-6- 15. Finding that, all Defendants' failing, abandoning, or forfeiting, to file answer to Plaintiff's Second and Third Amended Complaint( ECF Nos. 10, 36), or under rule 12, a valid motion or motion, **within the 21 days' required time span** and did not appeal the District Court's Orders and Final Judgment(ECF Nos. 35, 56, 62, 67, 68); and that, Plaintiff's request is "consistent" with the Sixth Circuit Appellate Court's Order (ECF No. 72) and controlling laws.

Lastly, should the United States District Court Judge, the Hon. Robert  J.  Jonker affirm Magistrate Judge's Orders, please, fast track same for an Interlocutory Leave to Appeal to Federal Sixth Circuit Appellate Court.


Respectfully Submitted,

Dated:  January 17, 2024,                    \S/ Owen W. Barnaby
                                            Owen W. Barnaby, In Pro Se.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on the 17th  day of January 2024, a duplicate original of

Plaintiff's,  EXPEDITED CONSIDERATION REQUESTED, Plaintiff's Brief, against all named

Defendants filed with the Clerk using the ECF System, which will provide electric notice to the

parties of record, and I have emailed and mailed by U.S. Postal Service the same to the  non-ECP

participants attorney above.


Respectfully Submitted,


Dated:  January 17, 2024,                              \S/ Owen W. Barnaby
                                                                    Owen W. Barnaby, In Pro Se.

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.3(b)(i) because, excluding the part of the document exempted by this rule, this brief contains 13 pages.

2. This document complies with the typeface requirements of Local Rule 7.3(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.


Respectfully Submitted,

Dated:  January 17, 2023,                    \S/ Owen W. Barnaby
                                              Owen W. Barnaby, In Pro Se.

## SUPPLEMENTAL DESIGNATION OF RELEVANT
## DISTRICT COURT DOCUMENTS

Plaintiff's Appellant, Owen W. Barnaby and In Pro Se,  Litigant, hereby

designate the following additional District Court documents as relevant to this

matter.

| Record  Entry Number | Description of Entry | Page ID No. Range |
|---|---|---|
| 2 | SUMMONS Issued | |
| 4 | Order/Amend Complaint | |
| 7 | SUMMONS Issued | |
| 10 | Amend Complaint | |
| 11 | Order Transferring Case | |
| 15   29 | Impending Dismissal | ID.7-8 |
| 16 | Report/Recommendation | ID.9-18 |
| 18 | Motion for Dismissal | |
| 28 | Entrance for Default Judgment Per Rule 55: (b)(1) or (2) | ID.84-95 |
| 28-1 | Default/Affidavit | ID.96- 98 |
| 28-2 | Certificate/Concurrence | ID.99- 102 |
| 29 | Served/Complaint/Summons | ID.103-129 |
| 31 | Entrance for Default Judgment Per Rule 55: (b)(1) or (2) | D.157- 160 |

| 31-1 | Default/Affidavit | ID.161- 163 |
|---|---|---|
| 32 | Default Per Rule 55: (a) | ID.157- 160 |
| 32-1 | Default/Affidavit | ID.161-163 |
| 23 \| 25 \| 27 \| 30 \| 33 \| 35 | Motions \|Opposition \|Orders | ID |
| 36, 37 | Amended or Leave Amend Complaint | ID.173- 265 |
| 38-46 | Summons to be issued | ID.285-295 |
| 47 | Order, Stopping Summons | ID.294 |
| 49/ 49-1 | Opposition/Declaration | |
| 51 | Opposition to Dismissal | ID.326- 360 |
| 53 | Joint Motion/Extent time | |
| 56 | Order/Motion/Extent time | ID.524 |
| 57 | Appellant Objection to Report/Recommendation | ID.525-559 |
| 57-1 | Forgery Documents | ID.560-563 |
| 57-2 | Barnaby's Affidavit | ID. 564-569 |
| 57-3 | Illusory Truth Research | ID.770-779 |
| 57-4 | Dr Bulgin Expert Report | ID.580-588 |
| 57-5 | Dr. Payne Expert Report | ID.589-607 |

| 57-6 | Paid In Full Tax Receipt | ID.608-609 |
| 57-7 | Appraised at $12,000.00 | ID.610-635 |
| 57-11 | Witskowski's Perjuries/ Fraud in his Deposition | ID.646- 686 |
| 57-12 | Witskowski's Deposition. | ID.687- 694 |
| 57-13 | Witskowski's Deposition | ID.695- 708 |
| 57-14 | Proof of UPL & Foreclosure | ID. 709-714 |
| 57-16 | State's Judgment & Order | ID.717-723 |
| 57-17 | Holmstrom's Forgey /filings | ID.724-726 |
| 57-18 | Holmstrom's Forgey /filings | ID.727-729 |
| 57-19 | Holmstrom's Forgey /filings | ID.730-734 |
| 57-23 | Witskowski's False Affidavit | ID.756-758 |
| 62 & 64 | Appeal of Order | ID.887-922 |
| 67 | Order Approving R &R | ID.939-943 |
| 68 | Final Judgment | ID.944 |
| 69 | Notice of Appeal | ID.945 |
| 72 | Sixth Circuit's Order | |
| 73 | Sixth Circuit's Judgment | |
| 32, 75, 95 | Entrance of Default | |

|   | Per Rule 55: (a) |   |
|---|---|---|
| 76 | Affidavit |   |

|   |   |   |
|---|---|---|
| 80/ 83 | State of Michigan |   |
| 84 | Clerk's Notice |   |
| 85/86 | Benton Harbor |   |
| 87 | Berrien County |   |
| 28, 31, 77, 81, 88 | Entrance for Default Judgment Per Rule 55: (b)(1) or (2) |   |
| 90 | Plaintiff's Opposition |   |
| 91/96 | Order on Appeal |   |
| 92 | Holmstrom Personal Letter to Judge |   |
| 93/94 | Notice for Appeal |   |