UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

      Plaintiff,

v

MICHIGAN STATE GOVERNMENT, *et al.*

      Defendants.

No. 22-cv-01146

HON. ROBERT J. JONKER

MAG. SALLY J. BERENS

_____/

Owen W. Barnaby
Plaintiff in Pro Per
P. O. Box 1926
Kennesaw, GA 30156
(269) 338-4876

Kimberly K. Pendrick (P60348)
Attorney for Defendants Granholm, Snyder
and Asbenson
Michigan Department of Attorney General
Civil Rights & Elections Division
3030 W. Grand Blvd, 10th Floor
Detroit, MI 48202
(313) 456-0067
pendrickk@michigan.gov
_____/

**BRIEF IN SUPPORT OF DEFENDANTS FORMER GOVERNORS
JENNIFER GRANHOLM AND RICK SNYDER,
AND ASSISTANT ATTORNEY GENERAL KENDELL ASBENSON'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Kimberly K. Pendrick
Assistant Attorney General
Attorney for Defendants Granholm,
Snyder and Asbenson
Civil Rights & Elections Division
3030 W. Grand Blvd., 10th Floor

Detroit, MI  48202
(313) 456-0067
pendrickk@michigan.gov
P60348

Dated:  January 24, 2024

# TABLE OF CONTENTS

Page

Table of Contents.................................................................................................iii

Index of Authorities............................................................................................ iv

Concise Statement of Issues Presented ......................................................... vi

Controlling or Most Appropriate Authority.................................................. vi

Statement of Facts............................................................................................... 1

Standard of Review.............................................................................................. 5

Argument ............................................................................................................... 7

I.      Barnaby's third amended complaint fails to include allegations stating
        a viable claim, warranting dismissal under Fed. R. Civ. P. 12(b)(6). .............. 8

II.     Barnaby's claims are barred for many reasons, including that that this
        Court lacks jurisdiction over his claims under the Eleventh
        Amendment and because Defendants are entitled to immunity. ................... 11

        A.      The Eleventh Amendment bars Barnaby's federal law claims for
                money damages because states and state officials are not subject
                to federal jurisdiction for such claims. .................................................... 11

        B.      The Eleventh Amendment bars Barnaby's state law claims
                against Defendants Granholm, Snyder and Asbenson........................ 13

        C.      Former Governors Granholm and Snyder are absolutely immune
                from state tort claims. ............................................................................. 14

        D.      Defendant Asbenson is entitled to immunity from state tort
                claims. ........................................................................................................ 15

        E.      Defendant Asbenson is entitled to immunity from state claims of
                negligence. ................................................................................................. 17

        F.      Barnaby's federal due process claims against Defendants
                Granholm, Snyder, and Asbenson similarly warrant dismissal. ......... 18

Conclusion and Relief Requested ................................................................. 18

Certificate of Service........................................................................................ 19

# INDEX OF AUTHORITIES

Page

**Cases**

*Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) ............................................................... 2, 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................... 6, 7, 8

*Atascadero State Hospital v. Scanlon*, 473 U.S. 234 (1985)..................................... 12

*Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) .............................. 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 6, 7, 8

*Edelman v. Jordan*, 415 U.S. 651 (1974) ................................................................... 12

*Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005) ........................................................... 13

*Gean v. Hattaway*, 330 F.3d 758 (6th Cir. 2003) ....................................................... 6

*Hager v. Melo*, 502 U.S. 21 (1991).............................................................................. 18

*Idaho v. Coeur d'Alene*, 521 U.S. 261 (1997).............................................................. 12

*Lawsuit Fin., LLC v. Curry*, 683 N.W.2d 233 (Mich. App. 2004) ............................. 10

*Ludwig v. Bd. of Trustees*, 123 F.3d 404 (6th Cir. 1997)............................................. 6

*McLean v. McElhaney*, 798 N.W.2d 29 (Mich. App. 2010) ........................................ 14

*Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.*,
   287 F.3d 568 (6th Cir. 2002) ...................................................................................... 6

*Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266 (6th Cir. 1990)........... 6

*Papasan v. Ellain*, 478 U.S. 265 (1986) ..................................................................... 13

*Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1984) .................... 12

*Petipren v. Jaskowski*, 833 N.W.2d 247 (2013).......................................................... 15

*Ross v. Consumers Power Co.*, (On Rehearing), 363 N.W.2d 641 (Mich. 1984)... 15, 16

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) ......................................... 12

*Tarlea v. Crabtree*, 263 Mich App 80 (2004) .............................................................. 17

*Trzebuckowski v. City of Cleveland*, 319 F.3d 853 (6th Cir. 2003) ............................ 7

*Wells v. Brown et al*, 891 F.2d 591 (6th Cir. 1989) ........................................ 8

*Will v. Mich Dep't of State Police*, 491 U.S. 58 (1989) ................................ 18

*Zaremba Equip., Inc. v. Harco Nat'l. Ins. Co.*, 761 N.W.2d 151 (2008) .................... 10

## Statutes

18 U.S.C. § 1341 ..................................................................... 4, 5

18 U.S.C. § 471 ......................................................................... 4

18 U.S.C. § 471 ......................................................................... 5

42 U.S.C. § 1983 ....................................................................... 18

Mich. Comp. Laws § 600.916(1) ...................................................... 4, 5

Mich. Comp. Laws § 691.1401 .................................................... 14, 17

Mich. Comp. Laws § 691.1401(b) .................................................... 14

Mich. Comp. Laws § 691.1407(1) .................................................... 14

Mich. Comp. Laws § 691.1407(2) .................................................... 17

Mich. Comp. Laws § 691.1407(5) .................................................... 15

Mich. Comp. Laws § 750.248 ....................................................... 4, 5

## Rules

Fed. R. Civ. P. 12(b)(1) ........................................................ passim

Fed. R. Civ. P. 12(b)(6) ....................................................... 6, 7, 8, 18

## CONCISE STATEMENT OF ISSUES PRESENTED

1.   Should the Court dismiss Plaintiff's third amended complaint in its entirety because he has failed to state viable claims against these Defendants?

2.   Should the Court dismiss Plaintiff's federal law claims because this Court does not have jurisdiction under the Eleventh Amendment?

3.   Should the Court dismiss Plaintiff's state law claims because this Court does not have jurisdiction under the Eleventh Amendment?

4.   Should the Court dismiss Plaintiff's tort claims as to these Defendants because they are immune from such claims?

5.   Should the Court dismiss Plaintiff's federal due process claims because these Defendants are not "persons" and Plaintiff requests money damages?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:
*Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1984)
*Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005)
*Odom v. Wayne County*, 760 N.W.2d 217, 224-26 (Mich. 2008)
*Will v. Mich Dep't of State Police*, 491 U.S. 58 (1989)
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

## STATEMENT OF FACTS

This case stems from the foreclosure of various properties Plaintiff Owen Barnaby once owned in Berrien County wherein he alleges fraud was involved. (ECF No. 36, PageID.175, ¶ 2.)  And his claim that the Defendants had some duty to protect him from the unlawful actions.  (*Id*., PageID.181, ¶¶ 21-22.)

On October 7, 2022, Barnaby filed the instant lawsuit in the United States District Court for the Eastern District of Michigan against Berrien County Treasurer Bret Witkowski and Berrien County.  (Compl., ECF No. 1, PageID.1-6.) He also named "Michigan State Government," Governor Gretchen Whitmer, former Governor Jennifer Granholm, former Governor Rick Snyder, Niles Charter Township, "Niles Charter Township officials," Berrien County Government, Berrien County Board of Commissioners, Berrien County Treasurer Shelly Weich, and "Berrien County Title Company(s) Insurance Company(s)."  (*Id*.)

The Court granted Barnaby leave to amend his complaint after it found that he failed to "plead any viable claims in his Complaint" and did not "make a single allegation concerning any act or omission by any particular Defendant."  (Order Granting Leave, ECF No. 4, PageID.30-32.)  Barnaby filed an amended complaint adding the Michigan Supreme Court, the State Bar of Michigan, Attorney General Dana Nessel, Assistant Attorney General Kendell S. Asbenson, and additional Berrien County employees and various attorneys.  (Am. Compl., ECF No. 6, PageID.35-102.)

On November 28, 2022, Barnaby filed a second amended complaint without leave.  (2nd Am. Compl., ECF No. 10, PageID.161-228.)  The District Court for the

Eastern District of Michigan then transferred this matter to this Court observing that the only four defendants with a connection to the Eastern District (Attorney General Nessel, the Office of the Governor of the State of Michigan, the State Bar of Michigan, and the Michigan Supreme Court) had no apparent connection to Barnaby's claims.  (Order Transferring Case, ECF No. 11, PageID.231.)

On December 14, 2022, the Magistrate filed a Report and Recommendation recommending dismissal of the action *sua sponte* pursuant to Rule 12(b)(1).  (Report and Recommendation, ECF No. 16, PageID.9-18.)  The Magistrate recommended *sua sponte* dismissal of Barnaby's initial complaint for lack of subject matter jurisdiction under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), because the allegations in the complaint were "'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.' "  (*Id.*, PageID.9-10 (quoting *Apple*, 183 F.3d at 479–80).)  The Magistrate also determined that all requirements for claim and issue preclusion were met.  (*Id.*, PageID.14.)

The Magistrate further noted that Barnaby's amended complaint (ECF No. 6) was devoid of merit.  She noted that Barnaby cited to inapplicable statutes or statutes that do not provide a private right of action.  (Report and Recommendation, ECF No. 16, PageID.15-16.)  She also found that Barnaby's claims against the State Bar of Michigan, the Michigan Supreme Court, the State of Michigan, Governor Whitmer, and the Attorney General should be dismissed where they have Eleventh Amendment immunity.  (*Id.* at PageID.16-17.)  The Magistrate did not expressly state that former Governors Granholm and Snyder, and Assistant Attorney General

2

Asbenson, should be dismissed due to Eleventh Amendment immunity.  However, it is surmised that this was an oversight, as the former Governors and Assistant Attorney General Asbenson are entitled to the same immunity.  (*See* ECF No. 19, PageID.39-49.)

On December 19, 2022, the State Defendants—the State of Michigan, Governor Whitmer, former Governors Granholm and Synder, the Michigan Supreme Court, Attorney General Nessel, and Assistant Attorney General Asbenson—filed a motion to dismiss the second amended complaint which, again, was filed without leave of the Court.  (Motion to dismiss, ECF No. 18, and brief in support, ECF No. 19).[1]  However, these filings post-dated the Magistrate's Report and Recommendation of *sua sponte* dismissal, and this Court later dismissed the motion as moot.  (Opinion, ECF No. 67, PageID.943.)

On January 6, 2023, Barnaby filed a motion to file a third amended complaint.  (3rd Am. Compl. and motion, ECF Nos. 36-37.)  On February 3, 2023, the Magistrate denied Barnaby's motion for leave to file a third amended complaint due to failure to cure the issues addressed in the Report and Recommendation, including claim and issue preclusion and claims being devoid of merit.  (Order, ECF No. 62, PageID.879.)  The Magistrate also denied the motion based on futility where Barnaby sought leave to add judges and justices, the Michigan Court of Appeals, and a county court, and to expand his complaint to include over a dozen additional

---

[1] The State Defendants did not file motions to dismiss in connection with the complaint and amended complaint given service issues, treating the second amended complaint as the most recent, operative complaint.

3

counts.  (*Id.,* PageID.880.)  The Magistrate found the proposed new judicial defendants would all be entitled to immunity.  (*Id.*, PageID.881-82.)  The order also resulted in the proposed third amended complaint being stricken.  (*Id.*)

This Court adopted the Report and Recommendation, agreeing on every point.  (Opinion, ECF No. 67, PageID.939-42).  Thus, denying Barnaby's previously filed motions for default judgment as to the second amended complaint as moot, denying the appeal of the order denying leave to file a third amended complaint as futile, and dismissing Barnaby's second amended complaint under *Apple v. Glenn*, *supra.*  (*Id.*, PageID.942-43.)

Barnaby appealed to the Sixth Circuit.  (ECF No. 69.)  On November 17, 2023, the Sixth Circuit issued an order affirming this Court's order in part, vacating in part, and remanding for further proceedings.  (Op. & Ord., ECF. No. 72, PageID.957.)  As to the State Defendants, the Sixth Circuit held that Barnaby did not challenge this Court's rulings that the Michigan Supreme Court, the State of Michigan, Governor Whitmer, and Attorney General Nessel are immune from suit or that he does not have a private right of action to seek relief under 18 U.S.C. §§ 471 and 1341 and Mich. Comp. Laws §§ 600.916(1) and 750.248.  (Op. & Ord., ECF No. 72, PageID.956.)  The Sixth Circuit did not specifically address former Governors Granholm and Snyder and Assistant Attorney General Asbenson—likely because they were not specifically referenced by this Court in the adopted Report and Recommendation.  As a result, the Michigan Supreme Court, the State of

4

Michigan, Governor Whitmer and Attorney General Nessel are no longer parties to this action.

Pursuant to the remand, on December 27, 2023, this Court entered an order granting Barnaby's motion to file a third amended complaint.  (ECF No. 91.)  This order recognized that claims against the State of Michigan, the State Bar of Michigan, the Michigan Supreme Court, and Defendants Whitmer and Nessel are barred by Eleventh Amendment immunity, and Plaintiff has no private right of action under 18 U.S.C. §§ 471 and 1341 or Mich. Comp. Laws §§ 600.916(1) and 750.248.  (*Id.*, PageID.1118.)  This Court ordered that "Defendants who have appeared in this action" shall have 28 days to respond to the third amended complaint.  (*Id.,* PageID.1124.)  While Barnaby has also listed new defendants in his third amended complaint (Michigan Supreme Court Justice Elizabeth Clement, former Michigan Supreme Court Justice Bridget McCormack, Michigan Court of Appeals Judges Elizabeth Gleicher and Christopher Murray, the Michigan Court of Appeals, and the Michigan Supreme Court), as of the date of filing this motion there is no indication that these newly named state defendants have been served with the third amended complaint.

## STANDARD OF REVIEW

Rule 12(b)(1) allows for dismissal for lack of jurisdiction over the subject matter.  Fed. R. Civ. P. 12(b)(1).  A party may assert lack of subject matter jurisdiction at any time, either in a pleading or in a motion.  Fed. R. Civ. P. 12(b)(1).  "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff

has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Fed. R. Civ. P. 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  And though courts accept as true plaintiff's factual allegations, courts need not accept as true plaintiff's legal conclusions. *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003).

A plaintiff must show that the complaint asserts a claim under federal law, and that the claim is substantial.  Under Rule 12(b)(6), a complaint may be dismissed if no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Ludwig v. Bd. of Trustees*, 123 F.3d 404, 408 (6th Cir. 1997).  This court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts

in support of his/her claim that would entitle him/her to relief.  *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

A pleading will not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' "  *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 557), and courts do not accept as true "legal conclusion[s] couched as . . . factual allegation[s]."  *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted).  Rather, to "unlock the doors of discovery," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

## ARGUMENT

As shown below, the Eleventh Amendment supports dismissal under Fed. R. Civ. P. 12(b)(1).  Factual insufficiencies, as discussed in more detail below, support dismissal under Fed. R. Civ. P. 12(b)(6).  Indeed, when the facts presented by Barnaby are accepted as true, they fail to state a tenable claim for relief, warranting dismissal of Defendants Granholm, Snyder, and Asbenson from this lawsuit under Fed. R. Civ. P. 12(b)(6).  As it relates to these Defendants, Barnaby's third amended complaint is comprised simply of bare bones assertions sorely lacking factual support.

## I.    Barnaby's third amended complaint fails to include allegations stating a viable claim, warranting dismissal under Fed. R. Civ. P. 12(b)(6).

*Pro se* pleadings must be construed liberally by the court. *See Haines*, 404 U.S. 519, 520 (1972). However, although *pro se* litigants are afforded some leniencies, courts are not required to conjure unstated allegations or guess the plaintiff's claims. *See e.g., Wells v. Brown, et al.*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted). A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. The plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. Pleadings must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true. *Id.* Here, Barnaby has failed to meet even these minimal standards.

The third amended complaint identifies each of the State Defendants but never explains what, if any, connection Defendants Granholm, Snyder, and Asbenson have with Barnaby's property foreclosure. (ECF 10, PageID.166, ¶¶ 42-43.) Indeed, in the entirety of the amended complaint there is no effort made to describe the relationship of each of these Defendants to any of the events that occurred in Berrien County. Barnaby has utterly failed to plead any particularized

factual basis to support the claims made against the Defendants Granholm, Snyder, and Asbenson, and instead relies on repeated conclusory allegations.  For example, Barnaby alleges that:

- Kendell S. Asbenson "as an Assistant Attorney General. . . has a[fi]duciary (sic) duty to give Plaintiff equal protections of the law." And that he "was informed by Plaintiff of the other Defendants' crimes of forgeries conduct which stole and defraud Plaintiff of his properties but omitted to act which aided and abetted the other Defendants and injured Plaintiff."  (ECF 36, PageID.205, ¶ 68.)

- Kendell S. Asbenson failed "to address the other Defendants' crimes of forgery, is gross neglect and or dereliction of his [fi]duciary duties he owes Plaintiff, as his omission and silence rendered him complicit to the other Defendants' crimes of forgeries." (*Id.,* PageID.206, ¶ 69.)

- "Hon. Rick Snyder Former Governor of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his properties by his willful and wanton misconduct and forgeries and retaliation." (*Id.*, PageID.207-208, ¶ 72.)  Similar allegations were made against Former Governor Jennifer Granholm.  (*Id.,* PageID.208-209, ¶ 74.)

Barnaby repeatedly alleges that all Defendants conspired against him, but he provides no specific factual basis for the conspiracy allegations.  Nowhere in the third amended complaint does Barnaby provide any factual information to support a cause of action against these State Defendants.  For example, he generally alleges that Kendell Asbenson has a general duty to address other defendants' crimes—but the complaint does not allege that Kendell Asbenson works in any of the Attorney General's criminal divisions, nor does he provide any authority that the Department of Attorney General has any duty to pursue his allegations of forgery.  He also generally alleges the former Governors were responsible for the actions of the City of Benton and had a duty to protect him without any information to establish that

duty or the provision of any facts regarding their knowledge or involvement in his foreclosure proceedings.  While his third amended complaint contains 16 counts, they all are generally regarding his claim that his property was fraudulently taken from him.  None of the State Defendants were involved in his foreclosure proceedings.

Finally, it bears mentioning that Barnaby has failed to plead the basis for his claims for civil theft or fraud, or any of the necessary elements.  Civil theft, or conversion, is defined as "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Lawsuit Fin., LLC v. Curry*, 683 N.W.2d 233, 591 (Mich. App. 2004) (quotation marks and citation omitted).  But Barnaby has not alleged any actions by Defendants Granholm, Snyder, and Asbenson concerning the forfeiture of his property.  Therefore, he cannot establish a claim of civil theft or conversion.

Likewise, to establish a prima facie case of fraud, a plaintiff must prove that (1) the defendant made a material representation, (2) the representation was false, (3) the defendant knew that it was false when it was made, or made it recklessly, without any knowledge of its truth and as a positive assertion, (4) the defendant made the representation with the intention that the plaintiff would act on it, (5) the plaintiff acted in reliance on it, and (6) the plaintiff suffered injury because of that reliance.  *Zaremba Equip., Inc. v. Harco Nat'l. Ins. Co.*, 761 N.W.2d 151, 165 (Mich. App. 2008).  But again, Barnaby has not alleged any representations made by the State Defendants, let alone that they made representations recklessly or did so with

10

the intention for Barnaby to rely on them.  Therefore, based upon the pleadings,

Barnaby's fraud claim fails.

In sum, Barnaby's third amended complaint lacks sufficient factual

development to identify any particularized acts or omissions that could implicate

Defendants Granholm, Snyder, and Asbenson in any of these alleged wrongs.

Therefore, in the absence of any allegations stating a viable cause of action, giving

notice of the nature of the claims, or establishing subject matter jurisdiction,

Barnaby has failed to state a claim against these Defendants and the complaint

against them must be dismissed.


**II.   Barnaby's claims are barred for many reasons, including that that this Court lacks jurisdiction over his claims under the Eleventh Amendment and because Defendants are entitled to immunity.**

Based upon a generous reading of Barnaby's third amended complaint, it

appears he is alleging violations of due process and "constitutional rights," in

addition to various tort claims based upon the foreclosure of his property in Berrien

County.  These claims should be dismissed for all the reasons set forth below.


**A.   The Eleventh Amendment bars Barnaby's federal law claims for money damages because states and state officials are not subject to federal jurisdiction for such claims.**

Under the Eleventh Amendment, states are not subject to federal jurisdiction

on claims for money damages unless the state has expressly consented to suit or

Congress has expressly waived this jurisdictional immunity.  The Eleventh

Amendment is a constitutional restriction on the federal judicial power "based in

large part on 'the problems of federalism inherent in making one sovereign appear against its will in the courts of the other.' " *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100 (1984). The Supreme Court has consistently ruled that the Eleventh Amendment is a bar to lawsuits against states, state agencies or state departments unless specifically overridden by an act of Congress, or unless the state has consented to be sued. *Pennhurst, supra*; *Edelman v. Jordan*, 415 U.S. 651 (1974). As stated in *Atascadero State Hospital v. Scanlon*:

> The test for determining whether a state has waived its immunity from federal-court jurisdiction is a stringent one…in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity; it must specify the state's intention to subject itself to suit in federal court.

*Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985).

The Eleventh Amendment similarly operates to bar lawsuits against state officials in their official capacity because they are deemed to be lawsuits against the state itself. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Idaho v. Coeur d'Alene*, 521 U.S. 261 (1997). The Eleventh Amendment bars suits against state agencies or officers regardless of the relief claimed: "It is clear, of course, that in the absence of consent[,] a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).[2] All claims alleged

---

[2] Barnaby's third amended complaint does not state any claim for prospective injunctive relief against Defendants Granholm, Snyder, and Asbenson.

against Defendants Granholm, Snyder and Asbenson are alleged in their official capacity as former or current State of Michigan officials or employees.  Thus, all claims against these Defendants are barred by the Eleventh Amendment.  *Papasan v. Ellain*, 478 U.S. 265, 276–77 (1986).

**B.    The Eleventh Amendment bars Barnaby's state law claims against Defendants Granholm, Snyder and Asbenson.**

Barnaby's claims are barred by the Eleventh Amendment to the extent they are based on state law.  The Supreme Court has broadened the Eleventh Amendment 's application to suits by citizens against their own state and held that "the ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court." *Bd. Of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 360 (2001).  "States' constitutional immunity from suit prohibits *all* state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005).  A state-law claim brought into a federal court under pendent jurisdiction is a claim against the state that is protected by the Eleventh Amendment. *Pennhurst*, 465 U.S. at 121.  Neither "pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Id.* at 121.

Since the State of Michigan has not waived its Eleventh Amendment immunity in this case, Barnaby cannot maintain any causes of action based on state law against Defendants Granholm, Snyder, and Asbenson in federal court.  This

includes gross negligence, theft and fraud claims and any possible state constitution claims, which all should be dismissed.

### C.    Former Governors Granholm and Snyder are absolutely immune from state tort claims.

Barnaby alleges tort claims against former Governors Granholm and Snyder, including gross negligence, civil theft, and fraud.  But these Defendants are absolutely immune from liability for such tort claims.[3]

Michigan's governmental tort liability act (GTLA), Mich. Comp. Laws § 691.1401 *et seq*., provides in relevant part that, "[e]xcept as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function."  Mich. Comp. Laws § 691.1407(1).  The GTLA defines "governmental function" as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law."  Mich. Comp. Laws § 691.1401(b). "The immunity from tort liability provided by the governmental immunity act is expressed in the broadest possible language; it extends to all governmental agencies and applies to all tort liability when governmental agencies are engaged in the exercise or discharge of governmental functions."  *McLean v. McElhaney*, 798 N.W.2d 29, 33 (Mich. App. 2010).

---

[3] This Court previously dismissed the State of Michigan, Governor Whitmer, and Attorney General Nessel based on immunity, and the Sixth Circuit affirmed that dismissal.  (ECF Nos. 16, 67, and 72.)  Former Governors Granholm and Snyder are entitled to the same immunity.

In addition, the GTLA also provides that:

A judge, a legislator, and the *elective or highest appointive executive official* of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

Mich. Comp. Laws § 691.1407(5) (emphasis added).

Thus, "[t]o qualify for absolute immunity from tort liability[,] an individual governmental employee must prove his or her entitlement to immunity by establishing, consistently with the statute's plain language, (1) that he or she is a judge, legislator, or the elective or highest appointive executive official of a level of government and (2) that he or she acted within the scope of his or her judicial, legislative, or executive authority." *Petipren v. Jaskowski*, 833 N.W.2d 247, 254 (Mich. 2013).

Here, it is not disputed that Defendants Granholm and Snyder were elected executive officials.  While it is unclear what Barnaby claims they have done wrong based upon the pleadings, he (a) is seeking money damages; and (b) does not allege any actions by these Defendants outside of the discharge of their governmental functions.  Accordingly, former Governors Granholm and Snyder are entitled to absolute immunity, and tort claims against them should be dismissed.

D.     **Defendant Asbenson is entitled to immunity from state tort claims.**

It is not entirely clear why Defendant Asbenson faces intentional tort claims for civil theft and fraud.  But even assuming Barnaby has sufficiently alleged such claims, they are barred by governmental immunity.  Under Michigan's *Ross* test,

15

lower-level officials, employees, and agents are immune from intentional tort liability when they are (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, as opposed to ministerial, acts. *Odom v. Wayne County*, 760 N.W.2d 217, 224–26 (Mich. 2008)(citing *Ross v. Consumers Power Co.*, (On Rehearing), 363 N.W.2d 641, at 667-668 (Mich. 1984). Applying the *Ross* test to Barnaby's allegations in this case, prongs (1) and (3) appear to be met based on the facts as alleged in the complaint.  Defendant Asbenson is sued only in his official capacity as an Assistant Attorney General and presumably because he represented state officials in connection with prior litigation brought by Barnaby.  *See Barnaby v. Mayfield, et al.*, Case No. 1:20-cv-232 (W.D. Mich.).  And there are no allegations regarding Defendant Asbenson other than that he "was informed by Plaintiff of Defendants' crimes of forgeries conduct which stole and defraud Plaintiff of his properties but omitted to act which aided and abetted the other Defendants and injured [him]."  (ECF 36, PageID.205, ¶ 68.)

In addition, the actions as alleged in this case are discretionary and not ministerial or operational.  Choosing to investigate or report a crime is an exercise in discretion.  The same would be true for any theory of failure to intervene predicated upon the failure to investigate or detect the misconduct of others. Furthermore, Barnaby made no allegations that Defendant Asbenson engaged in misconduct or that he acted in bad faith.  Consequently, because Defendant Asbenson was acting in the scope of his authority, acting in good faith, and

performing discretionary functions, he is entitled to governmental immunity and the intentional tort claims alleged against him, if any, should be dismissed.

> ### E.   Defendant Asbenson is entitled to immunity from state claims of negligence.

Barnaby also alleges gross negligence as to Defendant Asbenson.  But Defendant Asbenson is immune from tort liability for injuries caused while acting within the scope of his employment as an Assistant Attorney General.  Mich. Comp. Laws § 691.1407(2); *Odom*, 760 N.W.2d at 227–29.  Specifically, regarding negligence, governmental immunity is a threshold legal defense that is broad in its scope and application.  As such, there is no recognized standalone negligence claim under Michigan law against Defendant Asbenson as a government employee.  Mich. Comp. Laws § 691.1401 *et seq.*; *see also Tarlea v. Crabtree*, 687 N.W.2d 333, 335 (Mich. App. 2004).  Under the statute, Barnaby must plead his claims in avoidance of immunity, and Barnaby has not done so here.  *Odom*, 760 N.W. 2d at 227–28.

Here, Barnaby does not allege any reckless conduct by Defendant Asbenson, as explained earlier, the allegations are simply that he did not act based upon information allegedly provided by Barnaby.  But there is nothing reckless in choosing not to act.  Barnaby simply does not agree with the decision.  Thus, Barnaby cannot establish that any acts by Defendant Asbenson meet the threshold of gross negligence, and so Defendant Asbenson is entitled to immunity because the pleadings fail to support a claim for gross negligence as required under Fed. R. Civ. P. 12(b)(6).

**F.    Barnaby's federal due process claims against Defendants Granholm, Snyder, and Asbenson similarly warrant dismissal.**

To whatever extent Barnaby's third amended complaint can be construed as bringing tenable due process or other similar claims under 42 U.S.C. § 1983, such claims are barred because Defendants Granholm, Snyder, and Asbenson are not "persons" who may be sued in federal court under § 1983.  And, as explained previously, the immunity accorded these Michigan officials has not been abrogated by Congress.  It is well-established that governmental entities that are "arms of the state," and its officials acting in their official capacities, are not "persons" under § 1983.  *Will v. Mich Dep't of State Police*, 491 U.S. 58, 70–71 (1989).  Accordingly, former Governors Granholm and Snyder, and Assistant Attorney General Asbenson, acting in their official capacities are not "persons" within the meaning of § 1983, and Barnaby's claims for monetary damages must fail.  *See Hager v. Melo*, 502 U.S. 21, 27 (1991).  And because Barnaby only requests monetary damages, the claims against individual State Defendants in their official capacity are barred by the Eleventh Amendment and must be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Barnaby's third amended complaint should be dismissed because Barnaby has failed to state a claim against Defendants Granholm, Snyder and Asbenson as required by Fed. R. Civ. P. 12(b)(6) and because the Court lacks jurisdiction over the subject matter of the amended complaint as it relates to these Defendants as required by Fed. R. Civ. P. 12(b)(1) and Barnaby's claims are barred by immunity, in addition to any other relief this court deems just

and equitable under the circumstances, including an award for costs and fees incurred in defense of this groundless action.

*s/Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorney for Defendants Granholm,
Snyder and Asbenson
Civil Rights & Elections Division
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
(313) 456-0067
pendrickk@michigan.gov
P60348

Dated:  January 24, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2024, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice to the parties of record, and I have mailed by U.S. Postal Service the paper to the non-ECF participants.

*s/Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Assistant Attorney General
