UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

      Plaintiff,

v.

THE CITY OF BENTON HARBOR, et al.,
Defendants.

Case No. 1:22-cv-01146

Hon. Robert J. Jonker
Mag. Sally J. Berens

---

**DEFENDANT THE CITY OF BENTON HARBOR'S
<u>MOTION TO DISMISS</u>**

      Defendant the City of Benton Harbor ("Benton Harbor"), by its undersigned counsel, submit this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In support of its motion, Benton Harbor relies upon the authorities and arguments set forth in the incorporated brief.

      In accordance with W.D. Local Civ. R. 7.1(d), Benton Harbor sought concurrence for the relief requested in this motion from Mr. Barnaby on January 24, 2024. He did not concur.

                    Respectfully submitted,
                    BODMAN PLC

                    By: <u>*Thomas J. Rheaume, Jr.*</u>
                     Thomas J. Rheaume, Jr. (P74422)
                     Emily P. Jenks (P84497)
                     6th Floor at Ford Field
                     1901 St. Antoine Street
                     Detroit, Michigan  48226
                     313-259-7777
                     trheaume@bodmanlaw.com
                     ejenks@bodmanlaw.com
                     Attorneys for Defendant the City of Benton Harbor

January 24, 2024

4884-1331-4718_3

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

      Plaintiff,

Case No. 1:22-cv-01146

v.

Hon. Robert J. Jonker
Mag. Sally J. Berens

THE CITY OF BENTON HARBOR, et al.,
Defendants.

---

## DEFENDANT THE CITY OF BENTON HARBOR'S
## BRIEF IN SUPPORT OF MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................. iii

CONCISE STATEMENT OF ISSUES PRESENTED AND MOST
    CONTROLLING AUTHORITY ............................................................................ vii

I.     INTRODUCTION .............................................................................................. 1

II.    STATEMENT OF FACTS ................................................................................ 2

       A.    Mr. Barnaby lost the state court action challenging the
            foreclosures. ................................................................................... 2

       B.    Mr. Barnaby was denied relief in his first federal lawsuit regarding
            the foreclosures (*Barnaby v. Witkowski*). ....................................... 3

       C.    Mr. Barnaby's challenge to the validity of the state court
            proceedings also failed (*Barnaby v. Mayfield*). ............................... 3

       D.    Mr. Barnaby filed the present action, which this Court dismissed
            sua sponte because his claims were barred by res judicata and
            devoid of merit. ............................................................................... 4

       E.    Mr. Barnaby appealed the dismissal of this action and the Sixth
            Circuit remanded for further proceedings. ........................................ 5

       F.    The Third Amended Complaint. .................................................... 6

III.   LEGAL STANDARD ...................................................................................... 9

IV.   ARGUMENT ................................................................................................. 10

       A.    Mr. Barnaby has not alleged any plausible basis for liability against
            Benton Harbor for damages arising from the foreclosure or the
            alleged wrongdoing during the prior lawsuits. ............................... 10

           1.    All claims for damages arising from the 2010 foreclosures
               are time-barred. ................................................................. 11

           2.    Mr. Barnaby is judicially estopped from raising claims in
               this lawsuit for damages from the 2010 foreclosure. ......... 12

           3.    The Third Amended Complaint must be dismissed as to
               Benton Harbor because Mr. Barnaby has not plead any
               facts to show that Benton Harbor was involved in the
               foreclosure proceedings or the prior lawsuits. ................... 13

i

B.  Counts II, VIII, XII, XIII, XIV, XV, and XVI must be dismissed because those claims have no private cause of action. .................................. 14

C.  Benton Harbor is entitled to tort immunity under the Government Tort Liability Act. ..................................................................................... 18

D.  The Third Amended Complaint fails to demonstrate a showing of liability for constitutional violations under *Monell v. Dep't of Soc. Servs.* ............................................................................................................ 19

E.  The Third Amended Complaint must be dismissed as to Benton Harbor because it does not state a claim to relief that is plausible on its face, even considering the liberal pleading standards afforded to pro se plaintiffs. ................................................................................... 20

1.  The tort claims fail to state a claim for which relief can be granted. ..................................................................................... 22

2.  The Constitutional claims fail to state a claim for which relief can be granted. ......................................................................... 24

V.  CONCLUSION ................................................................................................. 27

4884-1331-4718_3

# TABLE OF AUTHORITIES

**Cases**

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315 (6th Cir. 1999) 23

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970)..................................................................... 20

*Agee v. Wells Fargo Bank*, 2010 U.S. Dist. LEXIS 48815 (E.D. Mich. 2010) ........................... 22

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).................. 21

*Barnaby v. Mayfield*, No 1:20-cv-232, 2021 U.S. Dist. LEXIS 80486 (W.D. Mich. May 7, 2020)
.................................................................................................................................................... 4

*Barnaby v. Mayfield*, No. 1:20-1564, 2021 U.S. App. LEXIS 13728 (6th Cir. May 7, 2021)....... 4

*Barnaby v. Witkowski*, No. 1:14-CV-1279, 2018 WL 3787961 (W.D. Mich. Jan. 12, 2018)...... 26

*Barnaby v. Witkowski*, No. 1-14-cv-1279, WL 3701727 (6th Cir. Feb. 17, 2017)......................... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............... 21

*Braun v. United States*, 707 F.2d 922 (6th Cir. 1983) ................................................................. 17

*Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001) .......................................................................... 15

*Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 87 S. Ct. 1727, 18 L. Ed. 2d 930
(1967)....................................................................................................................................... 28

*Carthan v. Snyder (In re Flint Water Cases)*,
384 F. Supp. 3d 802 (E.D. Mich. 2019)................................................................................. 26

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542 (6th Cir. 2012)......................................................... 12

*City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985)................................................... 26

iii

*Clay v. Metro Gov't*, 46 Fed. Appx. 348 (6th Cir. 2002) ............................................... 15

*Coffey v. Foamex L.P.*, 2 F.3d 157 (6th Cir. 1993) ........................................................ 23

*Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007) ........................................................ 12

*Coulter v. Unknown Prob. Officer*, No. 1:12-cv-2067, 2013 U.S. Dist. LEXIS 72141 (M.D. Pa.

    May 22, 2013) .......................................................................................................... 18

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365 (6th Cir. 2011) ........................... 27

*Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595 (6th Cir. 1982) ......................................... 12

*Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690 (6th Cir. 2006) ................................... 20

*Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ............................. 9

*Estelle v. Gamble*, 429 U.S. 97, 7 S. Ct. 285, 50 L. Ed. 2d 251 (1976) ............................. 9

*Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415 (1996) ............................................ 15

*Genesee County Drain Comm'r v. Genesee County*, 309 Mich. App. 317 (2015) ...................... 19

*Gwilliams v. Mich. Parole Bd.*, No. 1-17:cv-266, 2017 U.S. Dist. LEXIS 51759 (W.D. Mich.

    April 5, 2017) .......................................................................................................... 16

*Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999) ........................................................ 26

*Hardin v. Straub*, 490 U.S. 536 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989) ................................ 12

*Jones v. City of Cincinnati*, 521 F.3d 555 (6th Cir. 2008) ............................................... 9

*Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006) ........................................................ 9

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523 (6th Cir. 2007) ......................... 9

*Lindsey v. Normet*, 405 U.S. 56, 74, 92, 92 S. Ct. 862, 31 L. Ed. 2d 36 (1972) .......................... 18

iv

*Linebaugh v. Sheraton Michigan Corp.*, 198 Mich App 335 497 NW2d 585 (1993) ................. 25

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988) ................................. 23

*Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978) .............. 20

*Morgan v. Church's Fried Chicken*, 829 F.2d 10 (6th Cir. 1987) ................................................ 9

*Yocham v. Tuscola County*, 239 F. Sup. 2d 714 (E.D. Mich. 2003) ............................................ 15

*Perry v. Amer. Tobacco Co., Inc.*, 324 F.3d 845 (6th Cir. 2003) ................................................. 9

*Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101 (W.D. Mich. 1996).. 24

*Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014) ...................................................................... 20

*Roberts v. Auto-Owners Ins. Co.*, 422 Mich 594 (1985) ............................................................ 24

*Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250 (6th Cir. 2006) .................................. 27

*Schafer v. Kent Co.*, ___ Mich ___; 990 NW2d 876 (2023) ....................................................... 17

*Schmidt v. Boston Housing Auth.*, 505 F. Supp. 988 (D. Mass. 1981) ....................................... 18

*Serra v. Lappin*, 600 F.3d 1191 (9th Cir. 2010) ........................................................................ 16

*Sosa v. Alvarez—Machain*, 542 U.S. 692, 124 S. Ct. 2739, 159 L. Ed. 2d 718 (2004) .............. 16

*Tarlea v. Crabtree*, 263 Mich App 80; 687 NW2d 333 (2004) .................................................. 23

*Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214 (6th Cir. 1990) .................................................. 12

*Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc) ............................................... 25

*United States v. Duarte-Acero*, 296 F.3d 1277 (11th Cir. 2002). .............................................. 15

*Ward v. Mich. State Univ. (On Remand)*, 287 Mich. App 76 (2010) .......................................... 19

*Wells v. Brown*, 891 F.2d 591 (1989) ........................................................................................ 10

*Yoches v. City of Dearborn*, 320 Mich. App. 461 (Mich. App. 2017) ......................................... 23

**Statutes**

42 U.S.C. § 2000(a) ........................................................................................ 27

42 U.S.C. § 1983 ................................................................................ *passim*

MCL § 211.78(8)(a) ........................................................................................ 28

MCL § 211.78l ........................................................................................ 16

MCL § 211.78t ........................................................................................ 12

MCL § 211.78t(2) ........................................................................................ 16

MCL § 600.5805(2) ........................................................................................ 12

MCL § 691.1401 ........................................................................................ 18

MCL § 691.1408 ........................................................................................ 23

MCL § 660.916(1) ........................................................................................ 16

MCL § 750.248 ........................................................................................ 16

**Rules**

Fed. R. Civ. P. 8 ................................................................................ *passim*

Fed. R. Civ. P. 9 ................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................................ *passim*

Fed. R. Civ. P. 55(b)(1) ........................................................................................ 1

4884-1331-4718_3

**CONCISE STATEMENT OF ISSUES PRESENTED**

Whether the Third Amended Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) when:

(1) All claims seeking damages for foreclosures that occurred in 2010 are time-barred under statutes of limitations, and also subject to judicial estoppel based on plaintiff's argument on appeal.

(2) Several counts alleged against the defendants do not have actual causes of action and fail to state a claim for which relief can be granted.

(3) Benton Harbor is entitled to governmental immunity as to all tort claims.

(4) Benton Harbor is entitled to immunity from constitutional claims under *Monell v. Dep't of Soc. Servs*, 436 U.S. 658 (1978).

(5) Even setting aside the grounds for dismissal based on statutes of limitations and immunity, the complaint violates Fed. R. Civ. P. 8 and 9(b) for failure to plead fraud with particularity and failure to state a claim to relief that is plausible on its face.

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P. 8.

Fed. R. Civ. P. 9(b).

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

*Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214 (6th Cir. 1990).

MCL § 691.1401, *et seq.*

*Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978).

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

4884-1331-4718_3

## I.    INTRODUCTION

Owen Barnaby ("Mr. Barnaby") filed this lawsuit against the City of Benton Harbor ("Benton Harbor") and two dozen other parties. His sixteen-count Third Amended Complaint alleges that the defendants generally plotted together to deprive Mr. Barnaby of properties that were foreclosed upon in 2010. This is his fourth attempt to recover for alleged losses from those foreclosures. Undeterred by his three previous failures in state and federal courts, Mr. Barnaby filed this lawsuit seeking $22.5 million[1] from every individual and government entity that was involved in the underlying foreclosures or the prior lawsuits. His unsubstantiated allegations claim that all two dozen defendants had committed fraud or forgery to deprive him of his properties. Benton Harbor, however, was never a party to any of the prior lawsuits and had no involvement whatsoever in the foreclosure of any of Mr. Barnaby's properties.

Mr. Barnaby's Third Amended Complaint should be dismissed in its entirety as to Benton Harbor under Fed. R. Civ. P. 12(b)(6). First, to the extent that Mr. Barnaby seeks damages from the 2010 foreclosures, any such claims are barred by the statute of limitations and Mr. Barnaby is judicially estopped from seeking damages arising from the foreclosures based on his argument to the Sixth Circuit. To the extent that his claims seek to impose liability on Benton Harbor for the actions arising from the lawsuits following the foreclosures, Mr. Barnaby cannot recover from Benton Harbor because it was not a party to those lawsuits and he has failed to plead that Benton Harbor was involved with, or even aware of, those lawsuits. Second, most of Mr. Barnaby's claims are not actual causes of action, such as his claims for "safety from harassment and right to gainful

---

[1] Mr. Barnaby has repeatedly sought entry of default for a "sum certain" of over $22 million under Fed. R. Civ. P. 55(b)(1), based on speculative claims of $5.6 million for damages to his properties and loss of rental income, $11 million in emotional damages, and $5.6 million in punitive damages. *See* ECF Nos. 75, 77, 81, 88, 95.

employment," "the right to government services," "freedom from torture," "whistleblowing," and "the right to housing." Those claims are subject to dismissal on that basis alone. Third, Benton Harbor is entitled to governmental immunity as to Mr. Barnaby's tort claims. Fourth, Mr. Barnaby has failed to plead a basis for municipal liability for his constitutional claims. Finally, Mr. Barnaby's Third Amended Complaint violates Fed. R. Civ. P. Rule 8 and 9(b) because his pleadings do not state anything beyond vague conclusory allegations as to Benton Harbor.

Mr. Barnaby's Third Amended Complaint has no basis in law or fact against Benton Harbor. The complaint's conclusory allegations fail to state any claim against Benton Harbor and should be immediately dismissed with prejudice.

## II.    STATEMENT OF FACTS

This matter arises from the fully-litigated foreclosures of real property in Berrien County, Michigan. Mr. Barnaby owned properties situated in Berrien County, including several in Benton Harbor. *See generally* Third Amended Complaint, ECF No. 36. He failed to pay property taxes on those properties. *See Barnaby v. Witkowski*, No. 1-14-cv-1279, WL 3701727, at *1 (6th Cir. Feb. 17, 2017). He claimed that he entered into a verbal agreement with the Berrien County treasurer, Bret Witkowski, to pay his taxes on a payment plan. *Id.* at *2. To the extent that any such payment plan existed, Mr. Barnaby then failed to pay under the payment plan as well. *Id.* As a result of nonpayment, Mr. Barnaby's properties were foreclosed upon in 2010. *Id.* At no point in time did Benton Harbor participate in the foreclosure of Mr. Barnaby's properties, or the other lawsuits he filed after the foreclosures.

### A. __Mr. Barnaby lost the state court action challenging the foreclosures.__

Mr. Barnaby filed an action in Michigan state court in 2012 challenging the foreclosures. *Id.* Although the state court noted that the foreclosure had technically violated state law because Berrien County had not first obtained a foreclosure judgment, the state court nonetheless held that

2

the foreclosure was valid because a sale can only be set aside if the procedure was so egregious that the foreclosure proceedings had violated the due process of the property's owner. *Id.* Mr. Barnaby had notice of the auction and was even present at it; thus, the court held that his due process had not been violated. *Id.*

**B. Mr. Barnaby was denied relief in his first federal lawsuit regarding the foreclosures (*Barnaby v. Witkowski*).**

After his loss in state court, Mr. Barnaby filed a federal suit in the Western District of Michigan in 2014 against Berrien County and Berrien County Treasurer Bret Witkowski, alleging that the defendants had engaged in wrongful actions in procuring the judgment in the state court case. *Id.* The district court initially dismissed Mr. Barnaby's claims as barred by the Rooker-Feldman doctrine. However, the Sixth Circuit Court of Appeals vacated and remanded that decision because the Rooker-Feldman doctrine did not apply. *Id.* The Court reasoned that Mr. Barnaby had not alleged injuries arising from the state court judgment; rather, his injuries arose from actions taken by the defendants in obtaining the state court judgment. *Id.* The case was remanded to the Western District of Michigan, where the district court dismissed Mr. Barnaby's claims on summary judgment because they were barred by claim and issue preclusion. This Court affirmed. *See Barnaby v. Witkowski*, No. 1:14-CV-1279, 2018 WL 3787961 (W.D. Mich. Jan. 12, 2018), aff'd 758 F. App'x 431 (6th Cir. 2018).

**C. Mr. Barnaby's challenge to the validity of the state court proceedings also failed (*Barnaby v. Mayfield*).**

Mr. Barnaby then filed a civil rights complaint in 2020 against two state courts and eleven judges, comprising of the courts and judges who were involved in his state court action. Much like the allegations of the present case, Mr. Barnaby claimed that the state court judges and state courts acted wrongly in upholding the foreclosures in the state court case, and therefore the judgments were unconstitutional and non-binding. *See Barnaby v. Mayfield*, No 1:20-cv-232, 2021 U.S. Dist.

3

LEXIS 80486 (W.D. Mich. May 7, 2020).  The Western District of Michigan dismissed this lawsuit by adopting the magistrate judge's report and recommendation finding that there was no actual case or controversy. The case was also dismissed because the claims in that matter were barred by the Rooker-Feldman doctrine, as the determination by the federal court would have required it to exercise jurisdiction over the actions and decisions of state court judges. *Id.* The Sixth Circuit affirmed. *Barnaby v. Mayfield*, No. 1:20-1564, 2021 U.S. App. LEXIS 13728 (6th Cir. May 7, 2021).

**D.**  **Mr. Barnaby filed the present action, which this Court dismissed sua sponte because his claims were barred by res judicata and devoid of merit.**

In the instant matter, Mr. Barnaby brought suit against a series of defendants including several he had not previously sued, such as the City of Benton Harbor ("Benton Harbor").

Mr. Barnaby originally filed this suit in the Eastern District of Michigan on October 7, 2022. ECF No. 1. Plaintiff filed a First Amended Complaint, ECF No. 1, and then a Second Amended Complaint, ECF No. 10, both without leave.

The Eastern District of Michigan transferred this case to the Western District of Michigan because the properties at issue in the complaint were situated in the Western District. Order Transferring Case, ECF No. 12. Magistrate Judge Berens issued a Report and Recommendation on December 14, 2022 recommending that the district court dismiss the Second Amended Complaint in its entirety for lack of subject matter jurisdiction because the allegations were barred by issue and claim preclusion. Report and Recommendation, ECF No. 16.

After the Report and Recommendation was issued, Mr. Barnaby attempted to file another amended complaint. See Motion to Amend, ECF No. 37; Proposed Amended Complaint, ECF No. 36. The Proposed Third Amended Complaint added nine new defendants and attempted to reorganize Mr. Barnaby's allegations into sixteen "new" claims. Magistrate Judge Berens denied

4

Mr. Barnaby's motion for leave to file the third amended complaint as futile. Order Denying Leave to Amend, ECF No. 62. Plaintiff appealed. Notice of Appeal to District Court Judge and Brief in Support, ECF Nos. 63, 64.

This Court affirmed the magistrate judge's decision to deny Mr. Barnaby's motion for leave to amend based upon futility. ECF No. 67. The Court stated, "[u]ltimately, this case represents Barnaby's continuing efforts to set aside a decade-old final judgment of the state court with which he disagrees . . . . To the extent that any new claims have been asserted at all, they are either facially inapplicable to the facts as alleged or barred by the Eleventh Amendment." *Id.* at PageID.941.

Shortly after filing the Proposed Third Amended Complaint, Mr. Barnaby filed objections to the Report and Recommendation. ECF No. 57. In his objections, Mr. Barnaby claimed that his injuries were caused by Defendants' filing of false affidavits or other "forged" documents. *Id.*

On February 13, 2023, this Court adopted the Report and Recommendation and dismissed Mr. Barnaby's suit in its entirety, ECF No. 67, and entered a judgment in accordance with that Order. ECF No. 68. The Report and Recommendation adopted by the Court explained that claim and issue preclusion barred Mr. Barnaby's claims. "As the Magistrate thoroughly details in her Report, this case is Plaintiff's fourth attempt to pursue the same claims related to the 2010 foreclosure. All prior efforts have failed." ECF No. 67, PageID.940-41. The additional parties Mr. Barnaby brought as defendants in this matter who were not defendants in the prior matter(s) were either in privity with the parties to the previous lawsuit, or had no factual connection to this lawsuit. *Id.*

**E.  Mr. Barnaby appealed the dismissal of this action and the Sixth Circuit remanded for further proceedings.**

Mr. Barnaby appealed the District Court's order adopting the report and recommendation.

4884-1331-4718_3

ECF No. 69. The Sixth Circuit vacated and remanded the Court's order, concluding that Mr. Barnaby's claims were not precluded by claim or issue preclusion because it was not clear that his claims of forgeries, and other alleged wrongdoing should, or even could, have been litigated in the 2014 proceeding. ECF No. 72, PageID.955-56. The Sixth Circuit also held that the other defendants in this lawsuit were not in privity with Berrien County or Mr. Witkowski for purposes of res judicata. *Id.*

## F.   <u>The Third Amended Complaint.</u>

On remand, the magistrate granted Mr. Barnaby's motion to amend and the Third Amended Complaint became the operative complaint. *Id.* The magistrate also denied Mr. Barnaby's pre-appeal and post-appeal motions for default judgment.[2]

As to Benton Harbor, alone, Mr. Barnaby claims that Benton Harbor wrongfully foreclosed on properties and committed "foreclosure by continuous forgeries," and that it "stole and defraud [sic] Plaintiff of his real properties[.]" ECF No. 36, PageID.186. The Third Amended Complaint alleges that "all Defendants had the duty . . . to resolve the unlawful actions and or to remedy in whole by paying Plaintiff the value of the property[.]" *Id.* It also broadly claims that all defendants violated the General Property Tax Act because his properties were foreclosed on, that all defendants "stole and defrauded Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries [sic]," that all defendants committed the unauthorized practice of law, and all the defendants' failures to compensate Mr. Barnaby for the Niles Township properties that were

---

[2] The day after the mandate remanding this case was entered, Mr. Barnaby immediately (and repeatedly) sought default of all defendants. ECF Nos. 75, 77, 81, 88, 95. Magistrate Judge Berens issued a post-remand order, that denied the post-appeal requests for default and a new decision on the pre-appeal motions for default. ECF No. 91. In the same order, Magistrate Judge Berens also granted Mr. Barnaby leave to file the Third Amended Complaint and granted Benton Harbor 28 days from the date of the order to respond to Mr. Barnaby's Third Amended Complaint. *Id.*

4884-1331-4718_3

foreclosed caused him to be "defrauded" of his Benton harbor properties. *Id.* at PageID.187. Mr.
Barnaby also claims that, to the extent that a defendant did not commit these acts themselves, they
were aware of the other defendants' actions and had a duty to "resolve the unlawful actions" or to
"remedy" the actions by paying Mr. Barnaby for the foreclosed properties. *Id.* at PageID.186.

The Third Amended Complaint contains sixteen counts against all defendants relating to
the purported actions of some or all of the defendants:

 I. "Retaliations" under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41;

 II. The Right to a Fair Trial;

 III. Gross Negligence;

 IV. "Due Process" under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41;

 V. "Equal Protection of the Law" under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41;

 VI. The Right to Government Services and Rights to Use Public Facilities;

 VII. Fraud by Misrepresentation or Omission in Violation of Due Process and Equal Protection of the Law and Theft and Conversion of Personal Property;

 VIII. Freedom of Movements and Freedom from Torture;

 IX. Damage to Personal Property;

 X. Theft and Conversion of Personal Property;

 XI. Intentional Infliction of Emotional Distress and Emotional Harm;

 XII. Unlawful Detentions [sic] of Properties;

 XIII. Safety from Harassment and the Right to Gainful Employment;

 XIV. Rights Given by Plaintiff by the State of Michigan under the GPTA, statutes regarding the unauthorized practice of law, and under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41;

 XV. Whistleblowing under the First, Fourth, Fifth, and Fourteenth Amendments, the

Civil Rights Act, and Fed R. Crim. P. 41; and

XVI.    The Right to Housing under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41.

*See generally* Proposed Third Amended Complaint, ECF No. 36.

For ease of reference, Benton Harbor has divided Mr. Barnaby's claims that have a private cause of action into two categories:[3]

1. Constitutional Claims[4]

- Count I ("Retaliations")
- Count IV (Due Process)
- Count V (Equal Protection)
- Count VI ("The Right to Government Services")
- Count XII (Unlawful Detentions sic] of Properties)

2. Tort Claims

- Count III (Gross Negligence)
- Count VII (Fraud by Misrepresentation)
- Count IX (Damage to Personal Property)
- Count X (Theft and Conversion of Personal Property)
- Count XI (Intentional Infliction of Emotional Distress)

Mr. Barnaby claims that all of the foregoing claims entitle him to damages and relief including "relief for all his properties . . . to  buy, to rehab, and to sell all the properties," "restitution of all rent loss, plus interest," "actual consequential, and incidental damages," "treble damages for theft and negligence," "cost and attorneys' fees if [he] must hire an attorney," "emotional distress/pain and suffering[]," "declaratory judgment" against the courts and judges in this suit. ECF No. 36, PageID.264. Each of these damages appears to arise from Mr. Barnaby's alleged loss

---

[3] Counts II, VIII, XIII, XIV, XV, and XVI are claims that do not have a private cause of action and must be dismissed on that basis. *See infra* Section IV.B. As such, those claims are not included in Benton Harbor's categories.

[4] Mr. Barnaby does not specify in his complaint what private cause of action he seeks damages under for any of his constitutional claims. Benton Harbor infers that his claims arise under 42 U.S.C. § 1983.

of the properties, alone.

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a lawsuit should be dismissed for a plaintiff's "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b).

Consideration of a Rule 12(b)(6) motion is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). In evaluating the motion, courts must "accept all well-pled factual allegations as true and determine whether the plaintiff undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (*citing Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). The Court views "the complaint in the light most favorable to Plaintiffs" and "accept[s] all factual allegations as true[.]" *Perry v. Amer. Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003). However, the Court "need not accept as true 'legal conclusions or unwarranted factual inferences.'" *Id.* (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

It is well settled that "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)) (internal citations omitted). However, even pro se litigants must satisfy minimum procedural requirements. Indeed, the Sixth Circuit has recognized that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (1989). Although pro se filings are to be liberally construed, the Court is not required to conjure up unplead allegations or guess at the nature of an argument. *Id.* at 594.

9

## IV.     ARGUMENT

None of Mr. Barnaby's counts or any of the allegations in his Third Amended Complaint state a claim for which relief can be granted as to Benton Harbor.

Mr. Barnaby's Third Amended Complaint must be dismissed in its entirety as to Benton Harbor. He has failed to state a claim under Fed. R. Civ. P. 12(b)(6) because (A) he has not plead (and cannot plead) a basis to hold Benton Harbor liable for the foreclosures or the alleged "wrongdoing" during the prior hearing, (B) several of his claims have no private cause of action, (C) Benton Harbor is entitled to immunity against his tort claims under the Government Tort Liability Act ("GTLA"), (D) he has failed to establish any basis to hold Benton Harbor liable for his constitutional claims, and (E) his claims fail to satisfy Fed. R. Civ. P. 8 and 9(b). As such, his complaint should be dismissed in its entirety with prejudice as to Benton Harbor.

### A.   **Mr. Barnaby has not alleged any plausible basis for liability against Benton Harbor for damages arising from the foreclosure or the alleged wrongdoing during the prior lawsuits.**

Mr. Barnaby appears to assert two bases of liability: damages resulting from the underlying foreclosures, and damages arising from vague allegations of "plotting" between the defendants during the prior lawsuits. ECF No. 36, PageID.175 ("upon information, knowledge and belief [Mr. Barnaby's properties were] lost by Defendants' concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud hundreds of Berrien County property owners[.]"); *see also* PageID.181 ("Defendant – City of Benton [sic] with its Coconspirators, Defendants, by intentionally wrongful foreclosure, and foreclosure by continuous forgeries, stole and defraud [sic] Plaintiff of his real properties."). The Third Amended Complaint seeks damages arising from the foreclosures themselves. At least four of his sixteen counts in the Third Amended Complaint seek to impose liability for the "stolen" property (Counts IX, X, XII, and XVI). And each of his claims seeks damages for the foreclosures. *Id.*, PageID.264 (listing

10

damages for all counts including "[r]elief for all his properties", "restitution of all rent loss", and "treble damages for theft.") On the other hand, Mr. Barnaby argued to the Sixth Circuit that his damages in this lawsuit arise from the actions of Bret Witkowski and Berrien County <u>after</u> the foreclosure of the properties in 2010.

Under either basis, he has not (and cannot) establish any liability as to Benton Harbor. He has not plead a single fact demonstrating that Benton Harbor violated any of his alleged rights. Benton Harbor is not liable to Mr. Barnaby for any damages arising from the foreclosure because (1) his claims against Benton Harbor arising from the foreclosures are past the statute of limitations, (2) Mr. Barnaby is judicially estopped from claiming damages from the foreclosure based on his representations to the Sixth Circuit, and (3) as a matter of law, Benton Harbor was not involved in the foreclosure proceeding nor the lawsuits that followed.

### 1.   <u>All claims for damages arising from the 2010 foreclosures are time-barred.</u>

Mr. Barnaby cannot recover from Benton Harbor under any theory because the foreclosure happened 12 years before he filed suit—well outside of any applicable statute of limitations for any of his claims.[5]

Dismissal under a statute of limitations is warranted on a motion under Fed. R. Civ. P. 12(b)(6) if "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Cooey v. Strickland*, 479 F.3d 412, 415-16 (6th Cir. 2007). The complaint's tort claims and claims of injury to personal property have a limitations period of three years under MCL § 600.5805(2). His fraud claim, Count

---

[5] Though Counts IX (Damage to Personal Property), X (Theft and Conversion of Personal Property), XII (Unlawful Detention of Property), and XVI (The Right to Housing) are the only claims that assert liability arising from the foreclosures, <u>all</u> of Mr. Barnaby's claims seek damages arising from the 2010 foreclosures.

11

VII, has a limitations period of six years. MCL § 600.5813. His constitutional claims have a three-year limitations period. *See Hardin v. Straub*, 490 U.S. 536, 538, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989) (holding that for constitutional claims, courts borrow the statute of limitations from state law so long as the state law is not inconsistent with federal law); MCL § 600.5805 (specifying a three year statute of limitations to recover damages from injury not related to an assault or battery). Finally, his claim under the GPTA has a two-year limitation period. MCL§ 211.78t.

Given that all the allegations seeking damages from the 2010 foreclosure, which became final on August 18, 2010, the latest that Mr. Barnaby could have brought *any* of his claims was August 18, 2016. As such, Mr. Barnaby cannot recover from Benton Harbor under any of his claims that seek damages from the 2010 foreclosures.

### 2. Mr. Barnaby is judicially estopped from raising claims in this lawsuit for damages from the 2010 foreclosure.

Mr. Barnaby is also judicially estopped from pursuing damages related to the underlying foreclosures. "Judicial estoppel does not bar a party from contradicting itself, but from contradicting a court's determination that was based on that party's position." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217 n.3 (6th Cir. 1990). Before the doctrine of judicial estoppel may be invoked, the prior argument must have been accepted by the court. *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982). "[J]udicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *Id.* at 599 n.5.

Mr. Barnaby has repeatedly represented to this Court and to the Sixth Circuit Court of Appeals that "he could not have raised his claims previously because they are based on forged documents that were submitted during prior state and federal proceedings and various false statements that the defendants made during those proceedings." ECF No. 72, PageID.955. The

Sixth Circuit accepted his argument, and based its decision to remand this matter on the basis that Mr. Barnaby "could not have raised his claims previously." *Id.* Yet, the Amended Complaint contains allegations pertaining to the foreclosures and the subsequent foreclosure judgment hearing, as well as requests for damages resulting from the loss of both properties—the very same issues that were litigated in the 2014 *Barnaby v. Witkowski* matter. Indeed, his requests for relief include "relief for all his properties", "restitution of all rent loss [sic]", "actual, consequential and incidental damages", and "treble damages for theft and negligence[.]" ECF No. 36, PageID.264. Nearly every one of his counts asserts that the defendants are liable to him because they "stole" the properties from him. *See id.*, PageID.228, 234, 236, 238, 241, 243, 244, etc.

Because the Sixth Circuit has accepted Mr. Barnaby's argument that this lawsuit contains only claims that could not have been raised previously, he cannot abandon that argument on remand and claim that his damages arise from the foreclosures. As such, all claims for damages arising from the foreclosures must be dismissed.

### 3. The Third Amended Complaint must be dismissed as to Benton Harbor because Mr. Barnaby has not plead any facts to show that Benton Harbor was involved in the foreclosure proceedings or the prior lawsuits.

Benton Harbor also cannot be liable for damages arising from alleged actions that occurred after the foreclosures and during the pendency of the prior lawsuits.

Aside from broad allegations that everyone from individual attorneys to the former governor of Michigan to the Michigan Supreme Court were involved in some vague conspiracy, Mr. Barnaby has failed to identify with particularity how, exactly, Benton Harbor was involved with any of the alleged "fraud" or "forgery" claims that accrued during the prior lawsuits. Benton Harbor was not a party to those lawsuits, was not in privity with the parties to those lawsuits, and did not stand to benefit from any result from those lawsuits. Nor has Mr. Barnaby adequately plead what fraudulent statements, forged documents, or "conspiracy" Benton Harbor is alleged to have

13

engaged in, or how his claimed damages were caused by those actions. *See infra*, Section IV.D discussing Mr. Barnaby's failure to plead a claim of fraudulent inducement. His allegations of fraud, forgery, or other vague "conspiracies" led by Berrien County and Mr. Witkowski during the pendency of his prior lawsuits fail because Benton Harbor was not a party to those lawsuits. Mr. Barnaby has not plead a single fact connecting Benton Harbor to the alleged wrongdoing that occurred during the foreclosures or the prior lawsuits. Nor can any amendment to his complaint save his claims, because Benton Harbor cannot engage in foreclosures in any event, and none of the alleged fraudulent actions or forged documents have any factual connection to Benton Harbor.

Mr. Barnaby has failed to state any legitimate basis for relief against Benton Harbor for the alleged "conspiracy" that transpired during the prior lawsuits. Given the foregoing, Mr. Barnaby has failed to demonstrate any basis for recovery against Benton Harbor.

**B.   Counts II, VIII, XII, XIII, XIV, XV, and XVI must be dismissed because those claims have no private cause of action.**

More than half of Mr. Barnaby's claims are also subject to dismissal under Fed. R. Civ. P. 12(b)(6) because they do not state a cause of action for which relief can be granted. Those claims are addressed herein.

*Count II: Right to a Fair Trial*. Count II alleges that the defendants' "retaliations" prevented him from having a fair trial during the state court case in front of "Former Chief Judge Butzbaugh [on] August 18, 2010." ECF No. 36, PageID.231. Count II fails to state a claim because the Sixth Amendment only guarantees the right to a fair trial in criminal matters. U.S. CONST. AMEND. VI. ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."). This is not a criminal matter, so the right to a fair trial is not implicated. *See Hannah v. Larche*, 363 U.S. 420, 440 n. 16 (1960) ("[the Sixth] Amendment is specifically limited to 'criminal prosecutions.'"). And to the extent that Mr. Barnaby asserts a violation of the Seventh

14

Amendment right to a jury trial in a civil matter, the Seventh Amendment does not apply to the state court proceeding that former Chief Judge Butzbaugh presided over. *See Clay v. Metro Gov't*, 46 Fed. Appx. 348, 349 (6th Cir. 2002), citing *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 418, 432 (1996) (stating that the Seventh Amendment "governs proceedings in federal court, but not in state court"). Even if Mr. Barnaby were referencing the prior federal court actions—which his complaint under Count II <u>does not</u>—Mr. Barnaby has not pled any facts to support a finding that the Seventh Amendment was violated during the prior federal court proceedings.

  ***Count VIII: "Freedom of Movement" and "Freedom from Torture."*** Count VIII quotes directly from Articles 7 and 12 of the International Covenant on Civil and Political Rights. None of the Articles in the International Covenant on Civil and Political Rights give rise to a private cause of action in the United States. *See Jocham v. Tuscola County*, 239 F. Sup. 2d 714, 730 (E.D. Mich. 2003) ("the International Covenant on Civil & Political Rights (ICCPR) does not give rise to a private cause of action. Treaties are only cognizable in federal courts if they are either self-executing or Congress has passed appropriate enabling legislation. *United States v. Duarte-Acero*, 296 F.3d 1277, 1283 (11th Cir. 2002). The ICCPR meets neither of these criteria. *See Buell v. Mitchell*, 274 F.3d 337, 372 (6th Cir. 2001)).

  ***Count XIII: Safety from Harassment and Right to Gainful Employment.*** Count XIII claims that Mr. Barnaby was deprived of the civil right of employment when his properties were foreclosed on and that he has somehow been harassed as a result. Mr. Barnaby appears to have quoted from Article 23 of the United Nations Universal Declaration of Human Rights. No such right exists in the United States, nor does a private cause of action to assert that right. "Federal courts do not recognize a cause of action for state prisoners based on the United Nations' Universal Declaration of Human Rights." *Gwilliams v. Mich. Parole Bd.*, No. 1-17:cv-266, 2017 U.S. Dist. LEXIS 51759, at *18 (W.D. Mich. April 5, 2017), citing *Sosa v. Alvarez—Machain*, 542 U.S. 692,

734-35, 124 S. Ct. 2739, 159 L. Ed. 2d 718 (2004); *Serra v. Lappin*, 600 F.3d 1191, 1196-97 & n.
5 (9th Cir. 2010).

**Count XIV: The "Rights Given" under the General Property Tax Act, Violations of**
**Michigan's Unauthorized Practice of Law Statute, and Michigan's Forgery Statute.** The District
Court properly dismissed Mr. Barnaby's claims under MCL §§ 660.916(1) (Michigan's
unauthorized practice of law statute) and 750.248 (Michigan's criminal forgery statute) because
those statutes do not provide a private cause of action. ECF No. 67, PageID.941. The Sixth Circuit
affirmed the District Court's dismissal as to those issues. ECF No. 72, PageID.953, 956. As to the
GPTA, Count XIV states that the GPTA "required Judgment to be entered on March 01, 2010, and
it was entered on August 18, 2010." Mr. Barnaby claims that this violated the GPTA. ECF No. 36,
PageID.187. Although the GPTA provides a private cause of action under MCL § 211.78l, a claim
under that statute may only be brought against a "foreclosing governmental unit," MCL §
211.78t(2), which Benton Harbor is not, *see* MCL § 211.78(8)(a), and in any event such claims
cannot be made for foreclosures occurring "before July 18, 2020 [if] the Michigan supreme court
orders that its decision in *Rafaeli, LLC v*[.] *Oakland County*, docket no. 156849, applies
retroactively." 211.78t(1)(b). The Michigan Supreme Court has made no such decision as to
*Rafaeli. See Schafer v. Kent Co.*, ___ Mich ___; 990 NW2d 876 (2023) (granting application for
leave to appeal to the Michigan Supreme Court on June 9, 2023 to determine whether *Rafaeli*
applies retroactively).

Regardless, the statute imposes a two-year statute of limitations. § 211.78l ("the owner of
any extinguished recorded or unrecorded interest in [] property shall not bring an action . . . more
than two years after the judgment of foreclosure of the property is effective.").

**Count XV: Whistleblowing**. There is no private cause of action for "whistleblowing"
where, as here, a plaintiff claims that "his complaint is a cry out also as Whistleblowing." ECF

No. 36, PageID.260. Count XV appears to allege that he has "been Whistleblowing to the local government Berrien County to the State of Michigan Governor Office and to the Attorney General Office", ECF No. 36, PageID.260, and claims that he "received retaliations in return." *Id.* at PageID.261. To the extent that Count XV attempts to raise a claim under the Whistleblowers' Act, 5 U.S.C. 2301 et seq., there is no private cause of action under that act. *Braun v. United States*, 707 F.2d 922, 925 (6th Cir. 1983). To the extent that this count purports to raise a claim for retaliation under the First Amendment, that argument is duplicative of Count I and is addressed thereto, *infra*.

   **Count XVI: Right to Housing.** Mr. Barnaby states in Count XVI that he has been deprived of the right to housing. Paragraphs 142 and 143 of his Third Amended Complaint purport to cite the Constitution, saying that "everyone has the right to adequate housing, including protection from eviction, without discrimination and that States shall a) take all necessary legislative, administrative and other measures to ensure security of tenure and access to affordable, habitable, accessible, culturally appropriate, and safe housing." ECF No. 36, PageID.263. This does not appear in the Constitution, nor does any right to housing. The section quoted by Mr. Barnaby appears to be taken from the Yogyakarta Principles, a document compiling principles of human rights law to sexual orientation and gender identity. *See Principle 15*, Yogyakarta Principles, *available at* https://yogyakartaprinciples.org/principle-15/. Regardless, "it is well-established that there is no federal or constitutional right to housing of a particular quality or in a particular community." *Coulter v. Unknown Prob. Officer*, No. 1:12-cv-2067, 2013 U.S. Dist. LEXIS 72141 at *16 (M.D. Pa. May 22, 2013), citing *Ye v. United States*, 484 F.3d 634, 637 (3d Cir. 2007), and *Lindsey v. Normet*, 405 U.S. 56, 74, 92, 92 S. Ct. 862, 31 L. Ed. 2d 36 (1972) (holding that the state has no obligation to provide adequate housing)); *see also Schmidt v. Boston Housing Auth.*, 505 F. Supp. 988, 995 (D. Mass. 1981).

4884-1331-4718_3

**C.  Benton Harbor is entitled to tort immunity under the Government Tort Liability Act.**

Counts III (Gross Negligence), VII (Fraud by Misrepresentation), IX (Damage to Personal Property), X (Theft and Conversion of Personal Property), XI (Intentional Infliction of Emotional Distress) must be dismissed as a matter of law because Benton Harbor is entitled to tort immunity under the Government Tort Liability Act ("GTLA").

With respect to governmental agencies, MCL § 691.1407(1) states: "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL § 691.1401, et seq., defines "governmental function" as an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law. MCL 691.1401(b). This definition is to be broadly applied and requires only that there be some constitutional, statutory or other legal basis for the activity in which the governmental agency was engaged. Furthermore, when determining if an act is a "governmental function," courts look to the general activity involved rather than the specific conduct engaged in when the alleged injury occurred. To overcome governmental immunity for tort liability, plaintiffs—whether private parties or public entities—who bring tort claims against a governmental defendant must either (1) plead a tort that falls within one of the GTLA's stated exceptions, or (2) demonstrate that the alleged tort occurred outside of the exercise or discharge of a government function. *Genesee County Drain Comm'r v. Genesee County*, 309 Mich. App. 317, 327 (2015). "This limitation on tort liability allows the government to function without fear of time-consuming and costly litigation—a cost which, eventually, would be borne by the taxpaying citizens that fund the government." *Id.* at 328-329.

As a municipality, Benton Harbor fits within the definition of "governmental agency" in the GTLA, MCL § 691.1401(a) and (e). Mr. Barnaby has not pleaded that any of his torts fall within the GTLA's limited exceptions (nor can he, as the exceptions are only for claims related to

18

highways, negligent operation of a government-owned motor vehicle, public building defects, performance of proprietary functions, medical care or treatment, and sewage disposal system events. *See* MCL § 601.1401 *et seq.*). And by Mr. Barnaby's own contention, Benton Harbor was engaged in a governmental function during the alleged acts in his complaint: "Defendants, by intentionally [sic] wrongful foreclosure, and foreclosure by continuous forgeries, stole and defraud Plaintiff [sic] of his real properties." ECF No. 36, PageID.186. Although Benton Harbor is unable by law to execute a foreclosure on real property, taking Mr. Barnaby's pleaded allegations as true, foreclosure is nonetheless a governmental function. Moreover, when determining if an act is a "governmental function," "we look to the general activity involved rather than the specific conduct engaged in when the alleged injury occurred." *Ward v. Mich. State Univ. (On Remand)*, 287 Mich. App 76, 84 (2010).

**D.  The Third Amended Complaint fails to demonstrate a showing of liability for constitutional violations under *Monell v. Dep't of Soc. Servs.***

A municipality can only be liable for § 1983 claims in a narrow set of circumstances. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). Mr. Barnaby has not plead any fact to support imposing constitutional liability under *Monell*. Therefore, his constitutional claims, Counts I (First Amendment "Retaliations"), IV (Due Process), VI ("the Right to Government Services"), VII ("Freedom of Movement and Freedom from Torture"), XIII ("Safety from Harassment and Right to Gainful Employment"), and XVI ("the Right to Housing"), must be dismissed.

To succeed on a claim for municipal liability for a constitutional claim, Mr. Barnaby "must demonstrate both: (1) the deprivation of a constitutional right, and (2) the [municipality] is responsible for that violation." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). As described *infra*, Mr. Barnaby has not and cannot show that he has been deprived of any

constitutional right by a City employee. "There can be no liability under *Monell* without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). Therefore, the claims seeking to impose liability on the City fails as a matter of law.

Even if this Court determines that Mr. Barnaby has successfully pled the existence of some constitutional violation, he has not pled the existence of an official policy, custom, or practice that was the motivating force behind such a violation. To hold a municipality or its officers liable for a constitutional violation under 42 U.S.C. § 1983, a plaintiff must prove that the challenged conduct was based on a "'custom or usage with the force of law" that was the cause of a constitutional deprivation. *Monell*, 436 U.S. at 691 (citation omitted). Under *Monell*, a custom or usage exists when that conduct reflects "practices of state officials so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id*. (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-168 (1970))**.** A municipality is liable only when a government official has acted "pursuant to official municipal policy" that acted as the "moving force of the constitutional violation." *Id*. at 691, 695.

Mr. Barnaby's Third Amended Complaint does not allege the existence of ***any*** policy, custom, or practice implemented by the City or any of its officials. There is not a single factual allegation to support a claim sufficient to meet *Monell*'s requirements. Without a policy, custom, or practice, there can be no municipal liability, and Mr. Barnaby's claims must be dismissed.

**E.  The Third Amended Complaint must be dismissed as to Benton Harbor because it does not state a claim to relief that is plausible on its face, even considering the liberal pleading standards afforded to pro se plaintiffs.**

Even pro se claims must be dismissed where, as here, they simply do not entitle the litigant to relief. Under Rule 8(a)(2) and (e) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement[ of the claim showing that the pleader is entitled to relief[,]" and be "simple, concise, and direct." Rule 8 "does not unlock the doors of discovery for a plaintiff

20

armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A pro se litigant's "less stringent standard . . . does not mean that pro se plaintiffs are entitled to take every case to trial." *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, the Third Amended Complaint fails to state a claim against Benton Harbor under Rule 8. The complaint effectively treats all defendants as one entity that committed some acts of misconduct, without alleging the specific nature of those acts. It alleges that all the defendants committed fraud and forgery, without defining what, precisely, was fraudulent or forged by any one defendant. It lists a litany of grounds for relief without connecting those grounds to any facts pertinent to Benton Harbor. Mr. Barnaby claims that the defendants "retaliated" against him from getting relief on the merit[s] of the prior proceedings, without addressing how Benton Harbor engaged in any such retaliation when it was not a party to those proceedings. The only factual connection that Mr. Barnaby alleges connecting Benton Harbor to this lawsuit, is that several of Mr. Barnaby's properties were located in Benton Harbor. This, alone, does not give rise to "more than the mere possibility of misconduct." *Id.* In sum, "no more than guessing could take place" as to Benton Harbor's alleged role in the actions described in the Third Amended Complaint and dismissal is warranted on this basis alone. *Agee v. Wells Fargo Bank*, 2010 U.S. Dist. LEXIS

21

48815, 2010 WL 1981047, *2 (E.D. Mich. 2010).

      **1.**   **The tort claims fail to state a claim for which relief can be granted.**

      ***Count III: Gross Negligence, Count IX: Damage to Personal Property, and Count X:*** ***Theft and Conversion of Personal Property.*** Counts III, IX, and X each appear to plead parallel negligence liability against defendants and are accordingly addressed together. ECF No. 36, PageID.233-235, 246-250. Although Counts IX and X are titled "damage to personal property and "theft and conversion of personal property," both counts plead that defendants had a duty of care, they breached that duty, and that the breach of duty proximately caused Mr. Barnaby's damages, rendering them essentially negligence claims. *Id.* at PageID.246-250.

      Mr. Barnaby has failed to state a claim as to gross negligence (or any negligence whatsoever) against Benton Harbor because only an individual can be liable for gross negligence under the GTLA—not a governmental agency. MCL § 691.1408; *see also Yoches v. City of Dearborn*, 320 Mich. App. 461 (Mich. App. 2017) ("MCL 691.1408 does not provide a basis for imposing vicarious liability on a governmental agency for its employee's gross negligence." And "[s]imply alleging that an actor could have done more is insufficient under Michigan law to establish gross negligence." *Tarlea v. Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004). "With the benefit of hindsight, a claim can always be made that extra precautions could have influenced the result. . . . Even the most exacting standard of conduct, the negligence standard, does not require one to exhaust every conceivable precaution to be considered not negligent." *Id.* at 90. Here, Mr. Barnaby's threadbare claims that Benton Harbor had somehow committed unspecified fraud or forged a document, without more, is not an adequate gross negligence claim.

      ***Count VII: Fraud by Misrepresentation.*** Fed. R. Civ. P. 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow

4884-1331-4718_3

him to prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)). To satisfy the requirements of Rule 9(b), a party must "'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the [the other party]; and the injury resulting from the fraud.'" *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)). Critical to this case, a party's allegations must satisfy Rule 9(b)'s particularity requirement <u>with regard to each element of the claim of fraud and with regard to each defendant against whom fraud is alleged.</u> *See Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1114 (W.D. Mich. 1996).

In this case, Mr. Barnaby has failed to satisfy Rule 9(b) even considering the more liberal pleading standard afforded to pro se litigants. He has not alleged a specific time, place or content of an alleged misrepresentation made to him by Benton Harbor. Nor has he identified a "fraudulent scheme" beyond vague allusions to a decades-spanning "evil plot" against him. ECF No. 36, PageID.182. Although he identifies an "injury" from the alleged fraud, his injuries are either related to the 2010 foreclosures (which have already been fully litigated) or are so remote and unconnected to Benton Harbor that they cannot be considered good-faith claims of harm. Instead of putting Benton Harbor and the other defendants on notice of what, exactly, they are purported to have done wrong, Mr. Barnaby's 92-page Third Amended Complaint simply repeats and restates his claims that the foreclosures were wrongful, that the foreclosure hearing was a plot to deprive him of his property, and that the other defendants, who were not privy to the foreclosure, the lawsuits, or any of these issues <u>until Mr. Barnaby filed this suit</u>, have somehow plotted together to harm him.

23

***Count XI: Intentional Infliction of Emotional Distress and Emotional Harm***. The Third Amended Complaint alleges intentional infliction of emotional distress ("IIED"). Even setting aside the fact that Benton Harbor is immune to this claim under the GTLA, it must be dismissed because it has not been adequately plead. IIED claims in Michigan require a showing of extreme and outrageous conduct, intent to cause emotional dress or recklessness regarding whether distress will result, causation, and evidence of severe emotional distress. *See Roberts v. Auto-Owners Ins. Co.*, 422 Mich 594, 602 (1985). Plaintiff appears to claim that the foreclosure in 2010 and the alleged fraud and misrepresentations (by some unidentified party) caused him emotional distress. As pleaded, this claim fails to state a claim because it alleges no "extreme and outrageous conduct" "beyond all possible bounds of decency." *Linebaugh v. Sheraton Michigan Corp.*, 198 Mich App 335, 342, 497 NW2d 585 (1993).

## 2.  The Constitutional claims fail to state a claim for which relief can be granted.

***Count I: "Retaliations."*** This count attempts to assert a First Amendment retaliation claim. To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Mr. Barnaby has not alleged what conduct he was engaged in, nor how it was protected. He has not identified a specific adverse action taken against him by Benton Harbor that would deter a person of ordinary firmness from engaging in whatever conduct he believes was protected. Nor has he established that the adverse action (whatever it may have been) was motivated by the protected conduct. As such, Count I fails to state a claim.

***Count IV: Due Process.*** Mr. Barnaby's claim appears to assert procedural due process violations claiming that "Defendants deprived Plaintiff of his minimum due process requires [sic]:

4884-1331-4718_3

(1) notice; (2) an opportunity to be heard; and (3) an impartial tribunal." ECF No. 36, PageID.237. The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a procedural-due-process claim, Mr. Barnaby must establish "(1) that [he] ha[s] a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment . . . , (2) that [he] w[as] deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the state did not afford [him] adequate procedural rights prior to depriving [him] of [his] protected interest." *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999), cert. denied, 529 U.S. 1020, 120 S.Ct. 1423, 146 L.Ed.2d 314 (2000). It appears Mr. Barnaby argues that "Defendants['] unreasonable search and seizure of Plaintiff's property" violated his due process rights and he should have been afforded a search warrant like the one "allowing the FBI to search former President Donald Trump's Mar-a-Lago estate." *Id.* Mr. Barnaby does not even indicate in the Complaint that Benton Harbor was involved in the alleged deprivation of property. Although interest in real property is a protected right under the Due Process clause, the Third Amended Complaint fails to demonstrate that the foreclosure proceedings deprived him of that interest without adequate procedural rights prior to the deprivation. Mr. Barnaby argued the issue in a foreclosure hearing and was present at the sale of the properties after foreclosure. Regardless, a Michigan state court has already determined that the foreclosure and the surrounding proceedings did not deprive Mr. Barnaby of his due process rights. *See Barnaby v. Witkowski*, No. 1:14-CV-1279, 2018 WL 3787961, at *433. (W.D. Mich. Jan. 12, 2018), aff'd 758 F. App'x 431 (6th Cir. 2018).

  ***Count V: Equal Protection Under the Law.*** "The Equal Protection Clause . . . commands that no state shall deny to any person within its jurisdiction the equal protection of the laws." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citations omitted). When officials

25

treat similarly-situated individuals differently, the Equal Protection Clause demands a justification. *Carthan v. Snyder (In re Flint Water Cases)*, 384 F. Supp. 3d 802, 843 (E.D. Mich. 2019) (rev'd in part and affirmed in part). Again, Plaintiffs must demonstrate that there was some actual constitutional violation in order to meet the first prong required to overcome qualified immunity. Plaintiffs do not allege any action demonstrating disparate treatment, much less how such treatment was a constitutional violation. Plaintiff appears to argue that the General Property Tax Act, and MCL § 600.916 and MCL § 450.681 regarding the unauthorized practice of law were not applied equally to him because Defendants foreclosed on his real property and allegedly forged documents (without specifying which documents were forged or how he was harmed). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). Here, Plaintiff has not identified the class under which he claims to belong to, whether he asserts a "class-of-one" theory, nor has he identified the other individuals who received different treatment from him based on that class. These are basic requirements of equal protection claims that Mr. Barnaby has not satisfied.

**Count VI: The "Right to Government Services and Right to Use Public Facilities."** 42 U.S.C. § 2000(a) states that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination on the ground of race, color, religion, or national origin." Plaintiff asserts a claim under 42 U.S.C. § 1983 because "Plaintiff's complaint arises out of the fact that . . . all [] Government entities, Municipalities' [sic] and

Employee [sic] did not do their job well and or not at all", and generally repeats allegations of fraud and intentional misrepresentation. These allegations do not validly plead a § 1983 claim because he does not allege a particular discriminatory act.

    ***Count XII: "Unlawful Detentions of Properties."*** Count XII appears to be a claim under the Fourth Amendment that the foreclosures were improperly seized without his consent and without a warrant. ECF No. 36, PageID.253. The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. The Fourth Amendment protects criminal suspects, as well as government intrusion in the civil context. *See Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 539, 87 S. Ct. 1727, 18 L. Ed. 2d 930 (1967). The Fourth Amendment protects only "unreasonable" searches and seizures. Here, Mr. Barnaby does not describe how the foreclosure was unreasonable, nor how Benton Harbor was engaged in the foreclosure proceedings. Moreover, the county, not the city, is responsible for foreclosure of real property. The GPTA uses the term foreclosing governmental unit to mean (1) the county treasurer or (2) the state, if a county has opted out of the foreclosure process. MCL § 211.78(8)(a). By operation of law, Benton Harbor cannot have foreclosed on the properties.

## V. CONCLUSION

    Mr. Barnaby cannot recover from Benton Harbor based on the actions of other parties. None of the claims in his sixteen-count Third Amended Complaint entitle him to relief against Benton Harbor. His claims accrued more than twelve years before he filed this and are time-barred. Many of his counts do not state a cause of action entitling him to relief. His tort claims are barred by government immunity and his constitutional claims are barred by *Monell*. Even viewing the Third Amended Complaint in the light most favorable to Mr. Barnaby and accounting for the deferential standard afforded to pro se plaintiffs, Mr. Barnaby has failed to adequately plead that

Benton Harbor was involved in the foreclosures he complains of, or how Benton Harbor was involved in his perceived "scheme" to deprive him of his property.

For these reasons, Benton Harbor respectfully requests that Mr. Barnaby's Third Amended Complaint be dismissed with prejudice.

Respectfully submitted,

BODMAN PLC

By: _Thomas J. Rheaume, Jr._
   Thomas J. Rheaume, Jr. (P74422)
   Emily P. Jenks (P84497)
   6th Floor at Ford Field
   1901 St. Antoine Street
   Detroit, Michigan  48226
   313-259-7777
   trheaume@bodmanlaw.com
   ejenks@bodmanlaw.com
   Attorneys for Defendant the City of Benton Harbor

January 24, 2024

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

    Plaintiff,

v.

THE CITY OF BENTON HARBOR, et al.,
Defendants.

Case No. 1:22-cv-01146

Hon. Robert J. Jonker
Mag. Sally J. Berens

---

## **CERTIFICATE OF COMPLIANCE**

Benton Harbor certifies that this brief is in compliance with LR 7.2(b)(i). Microsoft Word's

word count function reports a total word count of 9,256, as defined by LR 7.2(b)(i).

Respectfully submitted,

BODMAN PLC

By: *Thomas J. Rheaume, Jr.*
  Thomas J. Rheaume, Jr. (P74422)
  Emily P. Jenks (P84497)
 6th Floor at Ford Field
 1901 St. Antoine Street
 Detroit, Michigan  48226
 313-259-7777
 trheaume@bodmanlaw.com
 ejenks@bodmanlaw.com
 Attorneys for Defendant the City of Benton Harbor

January 24, 2024

29

4884-1331-4718_3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2024, I caused the foregoing document and this Certificate of Service to be electronically filed by using the CM/ECF electronic filing system which will send notification of such filing(s) to all parties via their counsel of record.

Respectfully submitted,

BODMAN PLC

By: <u>/s/ *Emily P. Jenks*</u>
   Thomas J. Rheaume, Jr. (P74422)
   Emily P. Jenks (P84497)
 6th Floor at Ford Field
 1901 St. Antoine Street
 Detroit, Michigan  48226
 313-259-7777
 trheaume@bodmanlaw.com
 ejenks@bodmanlaw.com
 Attorneys for Defendant the City of Benton Harbor

January 24, 2024

30

4884-1331-4718_3