UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

OWEN W. BARNABY,
    Plaintiff,

v.

NILES CHARTER TOWNSHIP, et al.,
    Defendants.

Hon. Robert J. Jonker
Mag. Sally J. Berens
Case No. 1:22-cv-01146

---

| Owen W. Barnaby | T. Seth Koches (P71761) |
|---|---|
| PO Box 1926 | Attorney for Defendants Niles Charter Township & the Niles Charter Township Board of Trustees |
| Kennesaw, GA 30156 | Bauckham, Thall, Seeber, Kaufman & Koches, P.C. |
| (678) 382-4183 | 470 W. Centre Ave., Ste. A |
| Bossproperties96@gmail.com | Portage, MI 49024 |
| | (269) 382-4500 |
| | koches@michigantownshiplaw.com |

---

## TOWNSHIP DEFENDANTS' RESPONSE FOR CLERK OF THE COURT TO ENTER DEFAULT AGAINST ALL DEFENDANTS (ECF NO. 95)

### I.    STATEMENT OF FACTS

On October 7, 2022, the Plaintiff, Owen Barnaby filed this current lawsuit in the United States District Court for the Eastern District of Michigan against Niles Charter Township, the Niles Charter Township Board of Trustees, and many others (hereinafter, the "Defendants"). (Complaint, ECF No. 1, Page ID # 1-6). Subsequently, Barnaby was granted leave to amend his complaint to add allegations concerning acts or omissions by the Defendants. (Order Granting Leave, ECF No. 4, Page ID # 30-32). On November 28, 2022, Barnaby filed a seconded amended complaint. (Second Amended Complaint, ECF No. 10, Page ID # 161-228). On December 5, 2022, the District Court for the Eastern District of Michigan transferred the case to this Honorable Court, noting that the District Court for the Western District of Michigan (the "District Court") was the

1

proper venue for this matter to be heard based on the location of the property in question. (Order Transferring Case to the Western District of Michigan, ECF No. 11, Page ID #229-232).

On December 14, 2022, Magistrate Judge Sally Berens, of this Honorable Court, filed a Report and Recommendation stating that the case should be dismissed *sua sponte* for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1). (Report and Recommendation, ECF No. 16, Page ID # 9-18). Notably, the Magistrate highlighted in her Report and Recommendation the long history of Barnaby's attempts to overturn a lawfully executed tax foreclosure proceeding, including a discussion of the prior lawsuits filed in both state and federal court by Barnaby to similarly undo the tax foreclosure proceeding at issue. (Report and Recommendation, ECF No. 16, Page ID # 10-11). Based on this previous history, the Magistrate recommended *sua sponte* dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and *Apple v Glenn*, 183 F3d 477 (6th Cir. 1999), because the allegations in the Second Amended Complaint were determined to be "no longer open to discussion and devoid of merit." (Report and Recommendation, ECF No. 16, Page ID # 10). The Magistrate determined that the standards for both issue and claim preclusion were met and, thus, Barnaby's claims in this lawsuit were barred by those doctrines. (*Id.*)

Further, on February 3, 2023, the Magistrate denied Barnaby's Motion for Leave to File a Third Amended Complaint because Barnaby had "not cured the pleading deficiencies previously identified." (Order Denying Plaintiff's Request for Leave to File a Third Amended Complaint, ECF No. 62, Page ID 879-882). The Magistrate also ordered that the Third Amended Complaint be stricken from the docket. (*Id*). On February 13, 2023, this Court adopted the Magistrate's Report and Recommendation in its entirety, dismissing the case under Rule 12(b)(1) and *Apple v Glenn*, 183 F3d 477 (6th Cir. 1999). (Order approving and adopting report and recommendation, ECF No.

67, PageID. 939-943). At that time, the District Court also dismissed several pending motions as moot, including motions for default judgment by Barnaby, and denied Barnaby's appeal of the Magistrate's denial of Barnaby's request to file a Third Amended Complaint. (Order Approving and Adopting Report and Recommendation, ECF No. 67, Page ID 939-943).

On February 13, 2023, Barnaby submitted a Notice of Appeal to this Court. (Notice of Appeal, ECF No. 69, Page ID 945). On November 17, 2023, the United States Court of Appeals for the Sixth Circuit issued an order affirming this Court's order in part, vacating in part, and remanding for further proceedings. (Order, ECF No. 72, Page ID #951-958). The Court of Appeals held that Barnaby's claims were not barred by res judicata, as the District Court had determined. (Order, ECF No. 72, Page ID #951-958).

On remand, Magistrate Judge Berens granted Plaintiff's motion to file a third amended complaint, and denied all outstanding requests for default judgment pending at that time (being ECF Nos. 28, 31, 75, 77, & 81). (ECF No. 91, PageId. 1124). Following this denial, Plaintiff filed another motion for default (ECF No. 95), once again arguing that all defendants in this matter failed to adequately respond to his amended complaints or other appear in this matter. As will be explained below, entry of default judgment would not be proper at this time against the Township Defendants who have timely responded to the Plaintiff's filings.

II. **LEGAL STANDARD**

"Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter C v Seaboard Coastline RR*, 705 F2d 839, 845 (6th Cir 1983). Default judgment is intended to prevent defendants from delaying the litigation, but is not intended to relieve the plaintiff from the burden of litigating the merits of their claim. *Baez v SS Kresge Co,*

3

518 F2d 349, 350 (5th Cir 1975). "Cases should be decided on the merits whenever reasonably possible." *Eitel v McCool*, 782 F2d 1470, 1472 (9th Cir 1986).

### III.   ARGUMENT

Defendant now seeks an order of default against all defendants, including the Township Defendants, for "Failure to file an Answer to Plaintiff's Second and Third Amended Complaint (ECF Nos. 10 and 36) or a valid Motion, or a Motion under Rule 12, and to appeal the District Court Orders and Final Judgments (ECF Nos. 35, 56, 67, 68)." (Plaintiffs Request for Default, ECF No. 95, PageID #1135).

### *A. Default would not be proper for failure to appeal or object to proposed or final orders of the District Court.*

At the outset, it should be noted that default would not be proper against the Township Defendants for failure to respond to any proposed or final judgments of the District Court (including ECF Nos. 35, 56, 67, or 68), because the decision of whether to appeal a decision of the District Court or proposed recommendation of a magistrate is discretionary, not mandatory. Both the Fed R of App P 3 (governing appeals by right) and Mich L Civ R 72.3 (governing appeals of decisions by the magistrate judge) state that a party "may" appeal a decision, not that an appeal or objection is required to be filed. Additionally, as will be explained below, the Plaintiff's request for default for failure to respond to his second and third amended complaint, respectfully, is also meritless with regard to the Township Defendants.

### *B. Default would not be proper against the Township Defendants for failure to timely respond to Plaintiff's Second Amended Complaint.*

On December 8, 2022, the Township Defendants were served with a copy of the Plaintiff's Second Amended Complaint (ECF No. 10). Pursuant to Fed R of Civ P 12(a)(1)(A)(i), a defendant

4

to an action must serve an answer within 21 days after being served with a summons and complaint – as such, the Township Defendants were required to respond to Plaintiff's Second Amended Complaint by no later than December 29, 2022.

On December 29, 2022, the Township Defendants filed an emergency motion to extend the time to respond to the Plaintiff's Second Amended Complaint because of the length of the complaint and the time required to adequately respond. (ECF No. 23, PageID #70). On December 29, 2022, the Honorable Magistrate Judge Berens issued an Order holding the Township Defendants' request for additional time to respond in abeyance, pending confirmation that the Township Defendants sought concurrence from the Plaintiff on their motion for additional time. (ECF No 25, PageID #80). On January 3, 2023, the Township Defendants filed a certificate of compliance with Mich L Civ R 7.1(d), affirming that the Township Defendants sought compliance from the Plaintiff regarding their motion for extended time to respond. (ECF No 26, PageID #81) and the Magistrate Judge granted the Township Defendants' request for additional time, giving the Township Defendants until January 26, 2023, to respond to Plaintiff's Second Amended Complaint. (ECF No 27, PageID #83).

As required by the January 3, 2023, court order, the Township Defendants did file their answer to the Plaintiff's Second Amended Complaint on January 26, 2023. (ECF No 58, PageID #764).  As such, because the Township Defendants did timely respond to the Second Amended Complaint, as set forth above, default would not be proper against the Township Defendants for failure to respond to the Second Amended Complaint, as Plaintiff is requesting.

5

***C. Default would not be proper against the Township Defendants for failure to respond to the Plaintiff's Third Amended Complaint.***

It should be noted that Plaintiff appears to be confused about the time to respond to the Third Amended Complaint. Plaintiff contends that a response to the Third Amended Complaint was due by January 28, 2023 (ECF No. 109, PageID #1368). However, while the Plaintiff filed his Motion for Leave to File a Third Amended Complaint (ECF No. 37) with the Court on January 6, 2023, the Court did not grant leave or docket the Third Amended Complaint until December 27, 2023, in its Order Following Remand (ECF No 91, PageID 1124). The Court also granted all defendants who have appeared in the action 28 days from the date of the Order Following Remand to respond to Plaintiff's Third Amended Complaint – which required a response by January 24, 2024. (*Id*). On January 24, 2024, the Township Defendants filed its Answer to the Plaintiff's Third Amended Complaint, as required to do by the court. For this reason, entry of default against the Township Defendants for failure to respond to the Third Amended Complaint would not be proper, because the Township Defendants timely filed a response.

## IV.    CONCLUSION

For the reasons set forth above, the Township Defendants request that this Honorable Court deny the Plaintiff's most recent request for entry of default (ECF No. 95) against the Township Defendants.

                                        Respectfully submitted,

                                        BAUCKHAM, THALL
                                        SEEBER, KAUFMAN & KOCHES, P.C.

DATED: January 25, 2023                    BY:    */s T. Seth Koches*

                                        T. Seth Koches (P71761)
                                        Attorney for Defendants Niles Charter Township & the Niles Charter Township Board of Trustees
                                        Bauckham, Thall, Seeber, Kaufman & Koches, P.C.
                                        470 W. Centre Ave., Ste. A
                                        Portage, MI 49024
                                        (269) 382-4500
                                        koches@michigantownshiplaw.com

## **CERTIFICATE OF COMPLIANCE**

This Brief complies with the word limit of L Civ R 7.3(b)(i) because it contains 1,586 words, excluding the parts exempted by L Civ R 7.3(b)(i). The word count was generated using Microsoft Word 2019.

                                        Respectfully submitted,

                                        BAUCKHAM, THALL
                                        SEEBER, KAUFMAN & KOCHES, P.C.

DATED: January 25, 2023                 BY:    */s T. Seth Koches*

                                        T. Seth Koches (P71761)
                                        Attorney for Defendants Niles Charter Township & the Niles Charter Township Board of Trustees
                                        Bauckham, Thall, Seeber, Kaufman & Koches, P.C.
                                        470 W. Centre Ave., Ste. A
                                        Portage, MI 49024
                                        (269) 382-4500
                                        koches@michigantownshiplaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2024, I caused the foregoing document and this Certificate of Service to be electronically filed using the CM/ECF electronic filing system which will send notification of such filing to all parties involved via their counsel of record.

                                                            BAUCKHAM, THALL
SEEBER, KAUFMAN & KOCHES, P.C.

DATED: January 25, 2023                      BY:    */s T. Seth Koches*

                                                        T. Seth Koches (P71761)
Attorney for Defendants Niles Charter Township & the Niles Charter Township Board of Trustees
Bauckham, Thall, Seeber, Kaufman & Koches, P.C.
470 W. Centre Ave., Ste. A
Portage, MI 49024
(269) 382-4500
koches@michigantownshiplaw.com