# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, <br>    Plaintiff <br><br> Vs. <br><br> MICHIGAN STATE GOVERNMENT, ET, AL <br>    Defendants | ) <br> ) <br><br> ) Hon. Robert J. Jonker <br> ) Hon. Mag. Sally J. Berens <br><br> ) Case No. 1:22 -CV- 1146 |

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

Attorney, T. Seth Koches,
Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582   |   EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659  | PendrickK@michigan.gov

1

## Plaintiff Request to the Clerk of Court for Entry of DEFAULT Against all Defendants Listed Below, with Affidavit, Pursuant 55.(a),

Comes Now, Plaintiff, In Pro Se, with his, 'request for Clerk of Court to enter a Default against all named Defendants listed below, because of the Defendants' Failure to file Answers to Plaintiff's 'Second and or Third Amended Complaint (ECF Nos,10, 36) or a Rule 12 valid Motion by the State of Michigan Defendants, or other Defendants Motion Under Rule 12, or answers filed in violation of Plaintiff's due process rights and or failure to appeal the District Court Orders and Final Judgment Judgments (ECF Nos. 25, 27, 35, 56, 67, 68). For the Grand total sum certain Default Judgment damages claim which is good through December 31, 2023, to the tune of **$22, 529,329.60.**

Notwithstanding Plaintiff's previously filed Requests for entrance of Defaults (ECF Nos. 32, 75, 95), and or Requests or Motions for Default Judgments (ECF Nos. 28, 31, 77, 81, 88, 100); given that the Clerk may require Plaintiff to file his request in form of this affidavit, before entering the Default. Plaintiff now set forth his 'request for Clerk of Court to enter Default against all named Defendants listed below, with affidavit:

1), Defendant - Lori D. Jarvis Registrar; 2), Defendant - Lora L. Freehling Registrar; 3), Defendant - Kathleen Culberson, Notary Public; 4), Defendant – Bret Witskowski, Treasurer; 5), Defendant – Shelly Weich, Treasurer; 6), Defendant – Board of Commissioner; 7), Defendant – Attorney Mckinley R. Elliott; 8), Defendant – Attorney Donna B. Howard; 9), Defendant – Attorney James Mcgovern; 10), Defendant – Berrien County Government; 11), Defendant – Bret Witskowski, in his Individual capacity; 13), Defendant – Attorney Jefferey R. Holmstrom and  14), Defendant – Holmdtrom Law Office; 15), Defendant - Niles Charter Township Board of Trustees; and, 16), Defendant - for Defendant - Niles Charter Township; 17), Defendant – City of Benton;  18), Defendant – Kendell S. Asbenson, Assistant Attorney General of Michigan;  19), Defendant – Hon. Rick Snyder Former Governor of Michigan; 20), Defendant – Hon. Jennifer Granholm, Former Governor of Michigan.

**First,** Neither, the Holmstrom Defendants nor the Berrien County Defendants File Answers to Plaintiff's 'Second and Third Amended Complaint (ECF Nos,10, 36) or a Rule 12 Motion.

**Second,** the City of Benton Harbor Defendant did not file an Answers to Plaintiff's 'Second Amended Complaint (ECF No,10) or a Rule 12 Motion. And Barnaby believe that, the Magistrate Judge's findings below is moot, and this District Court will reverse it, that,

"The Court granted the requested extension on January 4, 2023. (ECF No. 35.) Because the Court ultimately overruled Plaintiff's objections, adopted the December 14, 2022 Report and Recommendation, and entered judgment for Defendants, the City was never required to answer Plaintiff's second amended complaint. Thus, at least at this juncture, there is no basis for entry of default." (ECF No. 91, PageID.1120).

Barnaby believes, because, the District Court's Order and Final Judgment(ECF Nos,67, 68) were reversed by the Sixth Circuit Order and Judgment(ECF Nos,72, 73) is controlling.

**Third,** while the Niles Township Defendants filed answer to Plaintiff's Second and Third, Amended Complaint (ECF Nos.10, 36). The Magistrate Judge violated Plaintiff's due process rights, and violated her own Order, Granting Plaintiff fourteen days, after Defendants cure their Motion defect for extended time to respond to Plaintiff's Second Amended Complaint (ECF No.10). As soon as the Niles Township Defendants cured their Motion defect on January 03, 2023, the Magistrate Judge Granted it in violation of Plaintiff's due process rights and violated her own Order giving Plaintiff Fourteen days to file his objection(ECF Nos.23, 25, 26, 27, 30). Moreover, Plaintiff's timely objection (ECF No. 30), was filed after the Magistrate Judge Orders(ECF Nos. 25, 27), granted Defendants' Motion(ECF No 23) and was before Sixth Circuit Appellate Court unopposed. As such, Barnaby believes he warrants Default and Default Judgment (ECF Nos 28, 32 andn75, 77, 81, 95) against the Niles Township Defendants.

**Fourth**, the State of Michigan, Defendants abandoned Appealing the District Court's Final Judgment (ECF Nos. 56, 62, 67, 68), Ordering that their Rule 12 Motion is moot. Barnaby believes, State of Michigan Defendants' Rule 12 Motion(ECF No.18), that the District Court Ordered Moot with Final Judgment (ECF Nos.67, 68), which they did not appeal, must be consider as if they had never filed the Rule 12 Motion in this proceeding. <u>Because Defendants' MOOT Rule 12 Motion (ECF No.18), cannot stop the entrance of his Default and Default Judgment against them.</u> Furthermore, they argued in Appellate Court, that, "An appellant abandons all issues not raised and argued in its initial brief on appeal." Moreover, is there failing to appeal their Moot Rule 12 Motion. See more on in the record, it is a part of their full Appellate arguments they used against Plaintiff in the Sixth Circuit Court, Barnaby believes must be applied to them now, that they abandoned or waived all rights. Barnaby believes, the District Court must be "consistent" with Sixth Circuit's Order (ECF No. 72), by permitting Clerk to enter Default(ECF Nos 32, 75, 95) and Clerk or Court Default Judgment (ECF Nos 28, 77, 81) per Fed. R. Civ. P. 55 (a), (b)(1) (2) against them. And, other controlling laws: Fed. R. Civ. P. 1; (The doctrine of the law of the case); (The law of the case doctrine); Res Judicata and Collateral Estoppel; Fed. R. Civ. P. 12 (a)(2) (b)(1)(A).

Barnaby honestly mistakenly titled his intended two prior Request for the Clerk of Court to Enter DEFAULT (ECF No,32, 75), and incorrectly entitled Request to Enter Default Judgment Against Defendants Pursuant to Rule 55 – (a), (b) 1. As the clerk could see, even within the body of the request where the correct RULE 55 – (a), (b) 1, showing Plaintiff's intent. Plaintiff's intent was for Request to Enter DEFAULTS (ECF Nos,32, 75, 95), and Request to Enter DEFAULT JUDGMENTS (ECF Nos, 28, 31, 81, 88). Barnaby know the United State Supreme Court Ordered that, Courts should treat In Pro Se Litigants liberally. Barnaby is an In

4

Pro Se Litigant. See "Erickson v. Pardus, 551 U.S. 89, 94 (2007)". The Clerk of this Court on December 21, 2023, did something similar for the State of Michigan Defendants who have the best of the best attorneys. (ECF Nos, 84. 95). Exhibit W-7.

Lastly, Plaintiff on December 28, 2023, filed a request for the Clerk of Court to enter Default (ECF No, 95), against all Defendants. The Clerk of Court is yet to enter Default (ECF No, 95), so to the degree that an affidavit is required from Plaintiff, before the Clerk can enter Default, Plaintiff set forth this new request with affidavit, considering the fact some Defendants fortified file answer or Rule 12 Motion to Plaintiff's Third Amended Complaint (ECF No.36).

1. I request the clerk to enter the default on the parties named above for failure to plead or otherwise defend and the Niles Township Defendants Second Amended Complaint (ECF No.10) answer in violation of Plaintiff's due process rights as provided by laws.
2. The defaulted parties are not infants or incompetent persons.
3. It is unknown whether any of the defaulted parties are in military service. Furthermore, given their Job descriptions, Plaintiff belief the defaulted parties are not in the military service.
4. This request is made on my personal knowledge and, if sworn as a witness, I can testify competently to the facts in this request.
5. The summons and complaint were served on Defendants certified mail with restricted delivery and return receipt.
6. I declare under the penalties of perjury that this request has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

Further the affiant says not.

Respectfully Submitted,

Dated: January 26, 2024,

_____
Owen W. Barnaby, In Pro Se.

The foregoing instrument was acknowledged by **Owen Barnaby** who has placed his/her signature on this instrument before me personally, and who is known to me or has produced **GA DL** as identification and who did take an oath, this **26** day of **January**, **2024**. My commission expires **7·22·25**  Notary Public signature **Caroline SE Ward**

**CAROLINE SE WARD**
NOTARY PUBLIC
Polk County
State of Georgia
My Comm. Expires July 22, 2025

6