UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

    Plaintiff,

v.

MICHIGAN STATE GOVERNMENT,
HON. GRETCHEN WHITMER GOVERNOR
OF MICHIGAN, HON. JENNIFER
GRANHOMLM GOVERNOR OF MICHIGAN,
HON. RICK SNYDER GOVERNOR OF
MICHIGAN, SUPREME COURT OF
MICHGAN, STATE BAR OF MICHIGAN,
KENDELL S. ASBENSON (P81747),
MICHIGAN ATTORNEY GENERAL DANA
NESSEL, CITY OF BENTON HARBOR,
NILES CHARTER TOWNSHIP, BOARD OF
TRUSTEES OF NILES CHARTER
TOWNSHIP, BERRIEN COUNTY
GOVERNMENT, BERRIEN COUNTY
BOARD OF COMMISSIONERS, BRET
WITSKOWSKI TREASURER OF BERRIEN
COUNTY, KATHLEEN CULBERSON
NOTARY PUBLIC OF BERRIEN COUNTY,
TITLE & INSURANCE COMPANY(s),
ATTORNEY DONNA B. HOWARD,
ATTORNEY MCKINLEY R. ELLIOTT,
ATTORNEY JAMES MCGOVERN,
ATTORNEY JEFFREY R. HOLMSTROM,
HOLMSTROM LAW, PLC,

    Defendants.
_____/

No. 22-cv-01146

HON. ROBERT J. JONKER

MAG. SALLY J. BERENS

**DEFENDANTS FORMER GOVERNOR JENNIFER GRANHOLM'S,
FORMER GOVERNOR RICK SNYDER'S, AND ASSISTANT ATTORNEY
GENERAL KENDELL ASBENSON'S RESPONSE TO PLAINTIFF'S
JANUARY 26, 2024 APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**

                                              Kimberly K. Pendrick
                                              Assistant Attorney General
                                              Attorney for Defendant State Defendants
                                              3030 W. Grand Blvd., 10th Floor
                                              Detroit, MI  48202
                                              313.456.0067
                                              pendrickk@michigan.gov
                                              P60348

Dated:  January 30, 2024

## TABLE OF CONTENTS

                                          Page

Table of Contents ............................................................................................... iii

Index of Authorities ............................................................................................ iv

Concise Statement of Issues Presented ............................................................... v

Controlling or Most Appropriate Authority ....................................................... v

Argument ............................................................................................................ 1

Conclusion and Relief Requested ....................................................................... 2

Certificate of Service .......................................................................................... 3

# INDEX OF AUTHORITIES

Page

**Cases**

*Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308 (6th Cir. 1997) ................ 2

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ............................................................. 2

*First Bank of Marietta,* 307 F.3d at 512 ....................................................................... 2

## CONCISE STATEMENT OF ISSUES PRESENTED

1. A default judgment is a drastic remedy that should only be applied in the most extreme cases. *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Barnaby's request for default judgment should be denied where defendants herein have filed a motion to dismiss in response to the second amended complaint and there is no third amended complaint pending.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:   *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983)

## ARGUMENT

Barnaby continuously files applications for default judgment involving former Governors Granholm and Snyder and Assistant Attorney General Kendall Asbenson (State Defendants). (ECF Nos. 75, 77, 81, 95, and 124.) State Defendants responded to Barnaby's applications for defaults filed on December 12, 2023, ECF Nos. 75 and 77, on December 14, 2023. (ECF No. 80.) State Defendants responded to Barnaby's motion for default filed on December 14, 2023, ECF No. 81, on December 20, 2023. (ECF No. 83.) On December 27, 2023, this Court denied Barnaby's motions for entry of default judgment relative to ECF Nos. 75, 77, and 81. (ECF No. 91.) It appears Barnaby has filed requests for review by the District Court Judge. (ECF Nos. 100, 109, 110, 111, 112.)

Two days after this court denied his prior requests for default, on December 29, 2023, Barnaby filed another application for entry of default. (ECF No. 95.) State Defendants responded this application for entry of default on January 10, 2024. (ECF No. 104.)

On January 26, 2024, Barnaby has filed his most recent application for default judgment. (ECF No. 124.) State Defendants incorporate by reference its December 14, 2023, (ECF No. 80) December 20, 2023, (ECF No. 83) and January 10, 2024 (ECF No. 104) responses in opposition to this most recent application for entry of default judgment.

Filing responses to Barnaby's repeated filings for default is burdensome and harassing. This Court possesses the inherent authority to sanction a party when it litigates "in bad faith, vexatiously, wantonly, or for oppressive reasons." *First Bank*

1

of Marietta, 307 F.3d at 512 (quoting *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)).  This inherent authority exists even if sanctions could be imposed under other rules or statutes.  *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 50 (1991)).  Counsel herein requested in its December 20, 2023 response that the Court apprise Barnaby that continued filings could result in sanctions.  (ECF No. 83, PageID.1038.)  Upon being advised that Barnaby anticipated filing another default request, counsel herein advised Barnaby that he has filed an inordinate amount of requests, that his prior default requests were denied, and that he had an appeal to the District Court judge pending.  (Ex. A.)  He was advised that if he filed an additional request, we would seek sanctions.  (*Id.*)  Barnaby conceded he had filed multiple requests, and noted his recent filing was unique because it is with an affidavit.  (*Id.*)  Given the excessive nature of these filings, State Defendants request this Court issue sanctions.

State Defendants also request the Court include in its order that State Defendants are not required to respond to any further requests for default filed by Barnaby unless this Court specifically requests a response.

### CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, State Defendants former Governor Granholm, former Governor Snyder and Assistant Attorney General Asbenson respectfully asks this Court to deny Plaintiff's additional requests for entry of default.  State Defendants further request this Court order sanctions against Barnaby and order that State Defendants are not required to respond to any

2

additional default requests filed by Barnaby unless this Court specifically requests a response.

Respectfully submitted,

*/s/ Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorneys for State Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
313.456.0067
pendrickk@michigan.gov

Dated:  January 30, 2024                                          P60348

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice to the parties of record, and I have mailed by U.S. Postal Service the paper to the non-ECF participants.

*s/Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Assistant Attorney General

3