UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

       Plaintiff,

v.

MICHIGAN STATE GOVERNMENT, et al.,

       Defendants.
_____/

Case No. 1:22-cv-1146

HON. ROBERT J. JONKER

## ORDER

The matter is before the Court on Magistrate Judge Berens's Orders denying Plaintiff Owen Barnaby's motions for entry of default judgment against several Defendants. (ECF Nos. 91, 96). Barnaby appeals Judge Berens's Orders, (ECF Nos. 94, 97, 100, 109, 110–12), and he also moves to file overlength briefs in support of his appeals, (ECF Nos. 98, 101). The Court **GRANTS** Barnaby's motions to file overlength briefs. For the following reasons, the Court **DENIES** Barnaby's appeals and his two new applications for entry of default, (ECF Nos. 95, 124).

In considering an appeal of a magistrate judge's ruling on a nondispositive pretrial motion like those at issue here, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc* ., 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* FED. R. CIV. P. 72(a) (A district judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or is contrary to law.) A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North*

*Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Upon careful review of the record and applicable law, the Court finds that the Magistrate Judge's rulings on Barnaby's nondispositive motions are neither clearly erroneous nor contrary to law. Indeed, the Court would reach the same conclusion even if it treated all of Barnaby's appeals as objections to recommendations on dispositive matters and thus reviewed the Orders *de novo*. Each of the objections, in one way or another, complains that the Magistrate Judge refused to find one or more Defendants in default or to enter a default judgment against them. As Judge Berens explained in her thorough Orders, however, none of the Defendants is actually in default. (ECF No. 91 at PageID.1118–24; ECF No. 96 at PageID.1147). The Magistrate Judge was absolutely correct on this as a matter of fact and law, and the Court adopts her reasoning as its own. For the same reason, the Court now rejects Barnaby's two new applications for entry of default, (ECF Nos. 95, 124), because he has once again failed to show that any Defendant is in default.

**ACCORDINGLY, IT IS ORDERED**:

1. Plaintiff's motions to file overlength briefs, (ECF Nos. 98, 101), are **GRANTED**.

2. The Magistrate Judge's Orders, (ECF Nos. 91, 96), are **AFFIRMED**. Plaintiff's appeals, (ECF Nos. 94, 97, 100, 109, 110–12), are **OVERRULED**.

3. Plaintiff's two new applications for entry of default, (ECF Nos. 95, 124), are **DENIED**.

**IT IS SO ORDERED**.

Dated: February 1, 2024          /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE