# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                                    )

      Plaintiff- Appellant                                       )


        Vs.                                                      ) Hon. Robert  J.  Jonker

                                          ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

      Defendants- Appellees                                    ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

1

**EXPEDITED CONSIDERATION REQUESTED**

**EMERGENCY MOTION, FOR CLARIFICATION ON OBJECTION(ECF No.133) TO ORDERs (ECF Nos., 91, 96, 127 and 131)**

---

Plaintiff, In Pro Se,  Owen W. Barnaby, with his request of, 'Emergency Motion, For Clarification on his Objection-(ECF No.,133), to the Hon. Mag. Sally J. Berens' ORDER (ECF No.,131) Denying him 28 days after Interlocutory Appeal determination, that occurred on February 22, 2024, to be Re-Issue Service of Process, on the Defendants; Plaintiff still maintains are already Properly served Summonses with Copies of Compliant-(ECF Nos.10, 36) and with all documents filed in both this District Court and the Sixth Circuit Court Appellate proceedings. And whom, Plaintiff warrants Defaults and Default Judgments against same Defendants.

Furthermore, Plaintiff is requesting expedited consideration, given the District Court Orders (ECF Nos. 91, 127 and 131), "….Failure to effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice. ECF No. 91,  PageID.1124.", which will prejudice Plaintiff and further violates his rights.


The request is based on the Brief in Support filed with the requested facts and legal authorities and arguments contained in the Supporting Brief.


Respectfully Submitted,


Dated:  February 23, 2024,                          \S/ Owen W. Barnaby
                                                     Owen W. Barnaby, In Pro Se.

2

<u>**APPELLANT'S BRIEF IN SUPPORT OF,**</u>

**EXPEDITED CONSIDERATION REQUESTED**

**EMERGENCY MOTION, FOR CLARIFICATION ON OBJECTION-(ECF No.133) TO ORDERs (ECF Nos., 91, 96, 127 and 131)**

---

### Statement of the Issue

Plaintiff's Objections filed on February 9, 2024, stated as follows:

"On January 31, 2024, Plaintiff filed his Emergency Motion, because on December 27, 2023, the Honorable Magistrate Judge Berens, on ORDER(ECF No. 91), following remand from the Sixth Circuit Appellate Court's Order and Final Judgment(ECF Nos. 72, 73), Ordered as follows:

> **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 37) is GRANTED. The Clerk shall docket Plaintiff's proposed Third Amended Complaint (ECF No. 36). Defendants who have appeared in this action shall have **28** days from the date of this Order to respond to the Third Amended Complaint."

> **IT IS FURTHER ORDERED** that Plaintiff's Motions for Entry of Default Judgment (ECF Nos. 28, 31, 75, 77, and 81) are DENIED. Plaintiff shall have **45** days from the date of this Order to effect proper service on the unserved Defendants. Failure to effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice."

> "IT IS FURTHER ORDERED that Defendant City of Benton Harbor's Motion to Extend Time (ECF No. 85), seeking 28 days to respond to the Third Amended Complaint, is **GRANTED.**"

Plaintiff, appealed (ECF Nos. 94, 100, 109), accordingly, that, "should the United States District Court Judge, the Hon. Robert  J.  Jonker affirm Magistrate Judge's Orders, please, fast track same for an Interlocutory Leave to Appeal to Federal Sixth Circuit Appellate Court." Both the State of Michigan Defendants and the City of Benton Harbor Defendant filed Dismissal Motions (ECF Nos. 116, 121) and the Niles Township Defendants filed answer  (ECF No. 120).

The crux of Plaintiff's dispositive Appeal is that, Plaintiff properly served all Defendants, Service of Process with Summonses and Copies of Complaint- (ECF Nos. 10, 36) and will all Documents filed with Clerks of both District Court and Sixth Circuit Appellate Court, under State Rules MCR 2.105: (A)(1)(2); (G)(1); (I)(1); (K)(3) and Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B); (e(1)(2)(B)(C); (j)(2)(A)(B) and pursuant to "District Court's Local Rules

Service Handbook", ECF No. 49, PageID.311); (ECF No. 49-1, PageID.320): "2. By Mail The summons and complaint can be served by sending them by certified mail with restricted delivery and return receipt. A "green card" (PS Form 3811).  The Order, (ECF No. 91) must be reversed in part, as District Court must be "consistent" with Sixth Circuit's Order, by Ordering the Clerk to enter Default and enter Default Judgment per Rule 55:(a),(b)(1)or (2), in his affidavit, Twenty Two Million, Five Hundred Twenty Nine Thousand, Three Hundred and Twenty Nine Dollars and Sixty Cents, $22, 529,329.60, as Defendants:

First, Neither, the Holmstrom Defendants nor the Berrien County Defendants File Answers to Plaintiff's 'Second and Third Amended Complaint (ECF Nos,10, 36) or a Rule 12 Motion, that triggered Default and Default Judgment against them. (ECF Nos 28, 32, 75, 77, 81, 95 and 124). Because, Plaintiff properly served all Defendants, Service of Process with Summonses and Copies of Complaint- (ECF Nos. 10, 36) and with Documents have filed with Clerks of both District Court and Sixth Circuit Appellate Court, proceedings.

Second, the City of Benton Harbor Defendant did not file an Answers to Plaintiff's 'Second Amended Complaint (ECF No,10) or a Rule 12 Motion. Plaintiff contends,  that, the Magistrate Judge's findings below is moot, and must be reversed by law,

"The Court granted the requested extension on January 4, 2023. (ECF No. 35.) Because the Court ultimately overruled Plaintiff's objections, adopted the December 14, 2022 Report and Recommendation, and entered judgment for Defendants, the City was never required to answer Plaintiff's second amended complaint. Thus, at least at this juncture, there is no basis for entry of default." (ECF No. 91, PageID.1120).

Plaintiff contends, because the District Court's Order and Final Judgment(ECF Nos,67, 68) were reversed by the Sixth Circuit Order and Judgment(ECF Nos,72, 73), it is the Sixth Circuit Order and Judgment that is controlling, and triggered Default and Default Judgment that is against City of Benten Harbor.  (ECF Nos 31, 32, 75, 77, 81, 88, 95 and 124).

Third, while the Niles Township Defendants filed answer to Plaintiff's Second and Third, Amended Complaint (ECF Nos.10, 36). The Magistrate Judge violated Plaintiff's due process rights, and violated her own Order, Granting Plaintiff fourteen days, after Defendants cure their Motion defect for extended time to respond to Plaintiff's Second Amended Complaint (ECF No.10). As soon as the Niles Township Defendants cured their Motion defect on January 03, 2023, the Magistrate Judge Granted it in violation of Plaintiff's due process rights and violated her own Order giving Plaintiff Fourteen days to file his objection(ECF Nos.23, 25, 26, 27, 30). Moreover, Plaintiff's timely objection (ECF No. 30), was filed after the Magistrate Judge Orders(ECF Nos. 25, 27), granted Defendants' Motion(ECF No 23) and was before Sixth Circuit Appellate Court unopposed. As such, Plaintiff contends that triggered Default and Default Judgment against them and warrants Default and Default Judgment (ECF Nos 28, 32 and 75, 77, 81, 95) against the Niles Township Defendants.

Fourth, the State of Michigan, Defendants abandoned Appealing the District Court's Final Judgment (ECF Nos. 56, 62, 67, 68), Ordering that their Rule 12 Motion is moot.  Plaintiff contends,  State of Michigan Defendants' Rule 12 Motion(ECF No.18), that the District Court Order is Moot with Final Judgment (ECF Nos.67, 68), which they did not appeal, must be consider as if they had never filed the Rule 12 Motion in this proceeding. Because Defendants' MOOT Rule 12 Motion (ECF No.18), cannot stop the entrance of his Default and Default Judgment against them. Furthermore, they argued in Appellate Court, that, "An appellant abandons all issues not raised and argued in its initial brief on appeal."  Moreover, it is their

failing to appeal their Moot Rule 12 Motion. See more  in the record, it is a part of their full Appellate arguments they used against Plaintiff in the Sixth Circuit Court, Plaintiff contends it must be applied to them now, that they abandoned, waived forfeit all rights. Plaintiff contends that triggered Default and Default Judgment against them. As such, the District Court must be "consistent" with Sixth Circuit's Order (ECF No. 72), by permitting Clerk to enter Default(ECF Nos 32, 75, 95) and Clerk or  Court Default Judgment (ECF Nos 28, 77, 81) per Fed. R. Civ. P. 55 (a), (b)(1) (2) against them. And, other controlling laws: Fed. R. Civ. P. 1; (The doctrine of the law of the case); (The law of the case doctrine); Res Judicata and Collateral Estoppel; Fed. R. Civ. P. 12 (a)(2) (b)(1)(A).

## PLAINTIFF'S ARGUMENTS WARRANTS THE RELIEF SOUGHT

I.  **EMERGENCY MOTION, 'FOR EXTENSION OF TIME TO ANSWER DEFENDANTS' MOTIONS TO DISMISS THIRD AMENDED COMPLAINT(ECF No.36),**

Plaintiff Emergency Motion-(ECF No.126)  reasonable requests that, the Magistrate Judge Denied were as follows:

"On January 24, 2024, both the State of Michigan Defendants and the City of Benton Harbor Defendant filed Dismissal Motions (ECF Nos. 116, 121) to Plaintiff's Third Amended Complaint (ECF No. 36). As a matter of law Plaintiff is required to respond within 28 days to Defendants Dismissal Motions to Plaintiff's Third Amended Complaint (ECF No. 36).  However, because Plaintiff is appealing the Honorable Magistrate Judge Hon Berens' Orders (ECF Nos. 91, 96); if successful responding would be moot. Because the issues on appeal are dispositive in respect to the Defendants motions to dismiss Plaintiff's Third Amended Complaint (ECF No. 36). Plaintiff contends that, because Plaintiff appeal is dispositive the Honorable Magistrate Judge Hon Berens' Orders (ECF Nos. 91, 96); and that his posture on the appeal is,  "should the United States District Court Judge, the Hon. Robert  J.  Jonker affirm Magistrate Judge's Orders, please, fast track same for an Interlocutory Leave to Appeal to Federal Sixth Circuit Appellate Court.". Plaintiff asks the Court to extend the time for him to respond to both the State of Michigan Defendants and the City of Benton Harbor Defendant which filed Dismissal Motions (ECF Nos. 116, 121) until 28 days after Sixth Circuit Appellate Court's decision on the  Interlocutory Appeal in Federal Sixth Circuit Appellate Court."

"In addition, the State Court of Michigan and Judges Defendants are also planning on filing  Dismissal Motion(s) to Plaintiff's Third Amended Complaint (ECF No. 36).  Exhibit W-17.  Plaintiff asks for the same Order to apply to them, as well.  That, Plaintiff  be granted an extension of time for his response to the State Court of Michigan and Judges until 28 days after Sixth Circuit Appellate Court's decision on the  Interlocutory Appeal in Federal Sixth Circuit Appellate Court."

Plaintiff humbly and respectfully objections on the grounds of Judicial bias, unsoundness of reasoning, fairness, and applicable laws to the Honorable Magistrate Judge's Denial of his reasonable Emergency Motion-(ECF No.126); because Plaintiff is appealing the District Court's Orders (ECF Nos. 91, 96, 127); if successful responding would not be required as the Appealing issues are controlling and dispositive. Plaintiff's request to STAY to respond to both the State of Michigan Defendants and the City of Benton Harbor Defendant filed Dismissal Motions (ECF Nos. 116, 121) until 28 days after the Sixth Circuit Appellate Court's determination on the pending Interlocutory Appeal, if responses are still required, should have been granted. When Defendants made a similar request the Magistrate Judge granted them but will not do the same for the Plaintiff. See, (ECF Nos. 23, 25, 27, 33, 35, 53, 54, 56).

## II.   EMERGENCY MOTION, 'TO STAY RE-SERVICE OF DEFENDANTS ALREADY PROPERLY SERVED, SUMMONSES AND COPES OF SECOND AND THIRD AMENDED COMPLAINT(ECF Nos.10, 36)

Plaintiff, In Pro Se, Litigant objects to the Honorable Magistrate Judge Berens's Order (ECF No. 131), Denying his 'Emergency Motion, to Stay Orders (ECF Nos. 91, 127, 131), until 28 days after Sixth Circuit Interlocutory Appeal determination: On the grounds of Judicial bias, clearly erroneous or unsoundness of reasoning, unfairness, and contrary to how the Court deals with the Defendants. The Orders requires Plaintiff to be re-Issue Service of Process by February 10, 2024, to Defendants Plaintiff although Plaintiff properly served same Defendants, Service of Process with Summonses and Copies of Complaint- (ECF Nos. 10, 36) and with documents filed with Clerks of both District Court and Sixth Circuit Appellate Court proceedings; whom, Plaintiff warrants Default and Default Judgment against . See, (ECF Nos 28, 32, 75, 77, 81, 95 and 124).

Plaintiff Emergency Motion-(ECF No.126) reasonable requests, the Court denied are as follows:

"The Honorable Magistrate Judge Hon Berens' Orders (ECF No. 91) also states. "Plaintiff shall have **45** days from the date of this Order to effect proper service on the unserved Defendants. Failure to effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice." Some of these Defendants are: 1), Defendant - Lori D. Jarvis Registrar; 2), Defendant - Lora L. Freehling Registrar; 3), Defendant - Kathleen Culberson, Notary Public; 4), Defendant – Bret Witskowski, Treasurer; 5), Defendant – Shelly Weich, Treasurer; 6), Defendant – Board of Commissioner; 7), Defendant – Attorney Mckinley R. Elliott; 8), Defendant – Attorney Donna B. Howard; 9), Defendant – Attorney James Mcgovern; 10), Defendant – Berrien County Government; 11), Defendant – Bret Witskowski, in his Individual capacity and 1), Defendant – Attorney Jefferey R. Holmstrom and 2), Defendant – Holmdtrom Law Office. Plaintiff contends that, because the Honorable Magistrate Judge Hon Berens' Orders (ECF No. 91), and that his posture on the appeal is, "should the United States District Court Judge, the Hon. Robert J. Jonker affirm Magistrate Judge's Orders, please, fast track same for an Interlocutory Leave to Appeal to Federal Sixth Circuit Appellate Court.". Plaintiff request that the Court extends the time for him to process serve these same Berrien County Defendants and the Holmstrom Defendants 28 days after Sixth Circuit Appellate Court's decision on the Interlocutory Appeal in Federal Sixth Circuit Appellate Court."

Again, Plaintiff objects on the grounds of Judicial bias, clearly erroneous or unsoundness of reasoning, unfairness, and contrary to how the Court deals with the Defendants:  **1).** Whenever the Defendants asked for the same time span requests the Court granted them. However, if it is the Plaintiff that asks for the same type of request the Court Denies it. See, (ECF Nos. 23, 25, 27, 33, 35, 53, 54 and 56).  **2).** The dispositive Appeal against the same Defendants is pending before the Sixth Circuit Appellate Court when the Magistrate Judge **Denied** the motion.  **3).** Plaintiff's request to STAY, Re-Service of Process with Summonses and Copies of Complaint, on Berrien County Defendants and the Holmstrom Defendants  28 days after Sixth Circuit Appellate Court's dispositive is reasonable. -  and with Documents filed with Clerks of both District Court and Sixth Circuit Appellate Court, because the Appeal is dispositive against them. Moreover, Plaintiff's appeal posture is that he properly served all Defendants, Service of Process with Summonses and Copies of Complaint- (ECF Nos. 10, 36) and with Documents filed with the Clerks of both District Court and Sixth Circuit Appellate Court, proceedings.


### III.   EMERGENCY MOTION, TO LEAVE SUMMARY JUDGMENT OPTION IN PLACE.

Plaintiff objects on the grounds of Judicial bias, clearly erroneous or unsoundness of reasoning, unfairness, and contrary to applicable laws unsoundness of reasoning, fairness, and applicable law,  "Second, what Plaintiff seeks by his request to leave "summary judgment options in place" is not entirely clear." (ECF No. 131,  PageID.1678). The Magistrate Judge declares the Court it not even clears on Plaintiff's request yet denied it.

Plaintiff Emergency Motion-(ECF No.126)  reasonable requests the Magistrate Judge Denied were as follows:

Furthermore, Plaintiff ask that the Court leave the Summary Judgment options in place.  Notwithstanding that, the Niles Township Defendants  are properly defaulted, Plaintiff may decide to file a summary Judgment against them, if there is an Interlocutory Appeal in the Federal Sixth Circuit Appellate Court, because the filed answers are in violations of Plaintiff's due process.


### IV.   EMERGENCY MOTION, TO AMEND AFFIDAVIT(ECF No. 76)

Plaintiff Emergency Motion-(ECF No.126)  reasonable requests that, the Magistrate Judge Denied were as follows:

Plaintiff has discovered after submitting his most current Affidavit for damages in the record, (ECF No. 76), in the case with our Former President Donald Trump vs. E. Jean Carroll that, his Punitive Damages could be as high as up to six times his Compensatory Damages. As Plaintiff moves this Honorable Court to Amend his Affidavit given his new discovery, from the current Punitive Damages of One-Third(1/3) of the Compensatory Damages, to make it Four-Times the Compensatory Damages.  Given, Defendants disregard for Plaintiff and his family pain and sufferings for the last 14 years without remorse.

The issue of controversy in their case, 'Former President Trump has been ordered to pay a substantial $83.3 million by a New York jury on Friday to E. Jean Carroll. Ms. Carroll, who <u>accused Trump of rape, pursued the case alleging defamation when Trump labeled her as a liar</u>'.  Plaintiff's issues of controversy are, Defendants' misconducts of forgery, fraud, thievery that have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, **the death of our son**; hardship of great pain and suffering; and emotional distress.  Plaintiff issues of controversy are worse than, Ms. Carroll.  Ms. Carroll was awarded $65,000,000.00 in Punitive Damage. Because, Plaintiff issues are worse than, Ms. Carroll, he should be awarded $100,000,000.00 in Punitive Damages.

However, Plaintiff moves this Honorable Court to Amend his Affidavit given his new discoveries, from the current Punitive Damages of One-Third(1/3) of the Compensatory Damages, to make it <u>Four-Times the Compensatory Damages</u>.  Given, Defendants disregard for Plaintiff's and his family's pain and sufferings for the last 14 years without remorse.

Plaintiff objects on the grounds of Judicial bias, and contrary to applicable laws, as it is a matter of law that Plaintiff moved the Honorable Court to Amend his Affidavit, given his new discoveries, from the current Punitive Damages of One-Third(1/3) of the Compensatory Damages, to make it Four-Times the Compensatory Damages.  Given, Defendants willful disregard for Plaintiff's and his family's pain and sufferings for the last 14 years without remorse.  Plaintiff could have asked for up to six times his Compensatory Damages, for the punitive damage, but is just asking for four times."

## **PRESENT ARGUMENT**

In the Sixth Circuit Appellate Court, the Berrien County Defendants filed a response and cross-motion to dismiss Plaintiff's Interlocutory Appeal and motion for a stay for lack of jurisdiction.  Furthermore, the Sixth Circuit Court's Order that, "The motion by Berrien County is therefore GRANTED and the appeal is DISMISSED. Barnaby's pending Motion for a stay is DENIED as moot. The Berrien County Defendants, master minds of the other Defendants' misconducts for the last fourteen years of continuous forgery, fraud, thievery that caused Plaintiff to lose all his same real properties, his employment, his livelihood,  suffered homelessness, ultimately contributed to the death of our son, great pain and suffering and emotional distress.  As their anger is of such that they ordered  Plaintiff's properties to be demolished with tractors and one of the Defendant stated in his deposition that, "Plaintiff got what he is due". (ECF No. 36, PageID.183-191).  The same Berrien County Defendants who were served and willfully forfeited filing an answer or a rule 12 motion the Plaintiff's Second and Third Amended Compliant-(ECF Nos.10, 36), filed the dismissal motion.

Notwithstanding Plaintiff's prior posture and preservations of his rights, that, The Berrien County Defendants, The Holmstrom Defendants, The State of Michigan Defendants, The City of Benton Harbor Defendant and The Niles Township Defendants are all properly Defaulted. Moreover, that Plaintiff warrants Defaults (ECF No. 32, 72, 95, 124), and Default Judgments (ECF No. 28, 31, 77, 81, and 88), against them. Plaintiff's is willing within the next 28 days to Re-Serve, Service of Process, of Summonses and with copies of the Third Amended Complaint on The Berrien County Defendants, The Holmstrom Defendants, while still maintaining that they were already Properly served Summonses with Copies of Second and Third Compliant-(ECF

Nos.10, 36) and with documents filed in both this District Court and the Sixth Circuit Court

Appellate proceedings, that triggers his Defaults against them.

      As such, Plaintiff seeks clarification from this Court's Orders(ECF Nos., 91, 127 and

131), considering his Objection-(ECF Nos., 133),  and the Sixth Circuit Court's Orders-(ECF

Nos., 136, 137) dismissing his Interlocutory Appeal for lock of Jurisdiction.  On the portion of

the Court's Order-(ECF Nos., 91), that,

> "….Plaintiff shall have **45** days from the date of this Order to effect proper service on the
> unserved Defendants. Failure to effect service within that time without a showing of good
> cause shall result in dismissal of such Defendants without prejudice."

      If this Court would allow Plaintiff within the next 28 days from today's date of February

23, 2024, to Re-served, Service of Process, of Summonses and with Copies of Third Amended

Complaint-(ECF No.36), on The Berrien County Defendants, and The Holmstrom Defendants,

while preserving or maintaining his rights that they were already Properly served Summonses

with Copies of Compliant-(ECF Nos.10, 36).

**Relief Requesting**

For the reasons articulated therein, Plaintiff  humbly and respectfully request and hope that it will please this Your Honorable Court, to Grant Plaintiff's Clarification, if he is allow within the next 28 days from today's date of February 23, 2024, to Re-served, Service of Process, of Summonses and Copies of Third Amended Complaint-(ECF No.36), on The Berrien County Defendants, and The Holmstrom Defendants, while still maintaining that they were already Properly served Summonses with Copies of Compliant-(ECF Nos.10, 36) and with all documents filed in both this District Court and the Sixth Circuit Court Appellate proceedings. Considering his Objection-(ECF No.133), and the Sixth Circuit Court's Orders-(ECF Nos., 136, 137) dismissing his Interlocutory Appeals for lock of Jurisdiction, and this Court's Orders-(ECF Nos., 91, 127 and 131), that,

> "….Plaintiff shall have 45 days from the date of this Order to effect proper service on the unserved Defendants. Failure to effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice."

Respectfully Submitted,

Dated:  February 23, 2024,                     \S/ Owen W. Barnaby
                                             Owen W. Barnaby, In Pro Se.

## CERTIFICATE OF RULE COMPLIANCE

This brief complies with the word limit of L. Civ. R. 7.3(b)(i) because it contains 3353

words, excluding the parts exempted by L. Civ. R. 7.3(b)(i). The word count was generated using

Microsoft Word 2013.

Respectfully Submitted,


Dated:  February 23, 2024,                                \S/ Owen W. Barnaby
                                                          Owen W. Barnaby, In Pro Se.

## **CERTIFICATE OF SERVICE**

The undersigned states that on the 23th  day of February 2024, a duplicate original of Plaintiff's,  ''EXPEDITED CONSIDERATION REQUESTED EMERGENCY MOTION, FOR CLARIFICATION ON OBJECTION(ECF No.133) TO ORDERs (ECF Nos., 91, 96, 127 and 131), was filed with the Clerk of the Court, using the ECF System, which will provide electric notice to the parties of record, and I have emailed/mailed by U.S. Postal Service the same to non-ECP participants.

Respectfully Submitted,

Dated:  February 23, 2024,                         \S/ Owen W. Barnaby
                                                                   Owen W. Barnaby, In Pro Se.

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                       )

     Plaintiff- Appellant            )

       Vs.                      ) Hon. Robert  J.  Jonker

                               ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

     Defendants- Appellees        ) Case No. 1:22 -CV- 1146

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582    |    EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

**EXPEDITED CONSIDERATION REQUESTED**

**CERTIFICATE REGARDING COMPLIANCE WITH LCivR 7.1(d)**

**EMERGENCY MOTION, FOR CLARIFICATION ON OBJECTION(ECF No.133) TO ORDERs (ECF Nos., 91, 96, 127 and 131)**

In accordance with amened W.D Mich. LCivR 7.1(d), the undersigned hereby certifies that, on February 23, 2024, Plaintiff tried to contact Defendants via their legal representative at the about emails, to ascertain whether they would object to Plaintiff's '"EXPEDITED CONSIDERATION REQUESTED EMERGENCY MOTION, FOR CLARIFICATION ON OBJECTION(ECF No.133) TO ORDERs (ECF Nos., 91, 96, 127 and 131)",  but is yet to hear back from them. Given that Plaintiff's filing is EMERGENCY MOTION request he files it. But Plaintiff is not sure if Defendants will object.

Respectfully Submitted,

Dated:  February 23, 2024,                              \S/ Owen W. Barnaby
                                                                  Owen W. Barnaby, In Pro Se.