UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

        Plaintiff,                                Hon. Robert J. Jonker

v.                                                  Case No. 1:22-cv-1146

MICHIGAN STATE GOVERNMENT,
et al.,

        Defendants.
_____/

**ORDER FOR RESPONSE**

In this action, Plaintiff asserts claims against numerous Defendants arising out of 2010 and 2012 tax foreclosures of several parcels of real property that he owned in Berrien County, Michigan. One parcel, #11-14-0112-0011-17-4, was located in Niles Township (Niles parcel), while the remaining parcels were located in the City of Benton Harbor. In August 2010, Berrien County, which conducted all of the foreclosure-related proceedings, sold the Niles parcel to Thomas Beard for $4,500.00. In 2012, Plaintiff moved for a new foreclosure hearing. Among other things, he argued that the Niles property was worth $36,000.00, and the County mistakenly sold it for $4,500.00. He argued that he could have applied the excess proceeds to the property tax he owed on the Benton Harbor properties, thus avoiding foreclosure of those parcels. Plaintiff also alleged that he had an oral agreement with the County treasurer to accept partial payments on the delinquent taxes for the Niles parcel. Following an evidentiary hearing, the state court found that Plaintiff failed to prove the alleged oral agreement.

In 2014, Plaintiff sued Berrien County and its treasurer, Bret Witkowski, in this Court based on the Niles parcel foreclosure. He alleged a federal due process claim and several state-law claims. Magistrate Judge Carmody, to whom the parties consented, granted the defendants' motion

for summary judgment, and entered judgment for the defendants. The Sixth Circuit affirmed the judgment on appeal.

In the present action, Plaintiff once again sues Berrien County and Witkowski, along with several other Defendants or groups of Defendants based on the 2010 and 2012 property tax foreclosures. Plaintiff's legal theories are far from clear, but one central theme throughout his complaint is that Defendants used forged documents to accomplish the Niles parcel foreclosure, through which they "stole" and "defrauded" him of his property. (ECF No. 36 at PageID.183.) By his use of the terms "forgeries" or "forged," Plaintiff does not really mean that these documents—notice of judgment of foreclosure, certificate of foreclosure, and the quit claim deed to the purchaser—were forgeries in the legal sense that they were false or altered documents made to look genuine. Rather, he asserts that they contained inaccurate dates or statements that rendered them invalid. The basis for this claim is that the judgment of foreclosure was actually entered on August 18, 2010, but the May 26, 2010 notice of judgment of foreclosure states that the judgment was entered on March 1, 2010, and the quit claim deed was prepared and delivered before August 18, 2010. (*Id.*) Thus, he asserts that these inaccuracies render the foreclosure of the Niles parcel and subsequent sale invalid.

In any event, thus far, the State of Michigan Defendants (former Governors Granholm and Snyder and Kendell Asbenson), the City of Benton Harbor, and the Township Defendants (Niles Charter Township and its Board of Trustees) have appeared in this action. Both the State of Michigan Defendants and the City of Benton Harbor have filed motions to dismiss. (ECF Nos. 116 and 121.) In contrast, the Township Defendants filed an answer (ECF No. 120), but did not file a motion for judgment on the pleadings. Nonetheless, having reviewed Plaintiff's third amended

2

complaint as to the Township Defendants, the Court determines that grounds may exist for dismissing those claims.

The Sixth Circuit "disfavors sua sponte dismissal of complaints on the merits." *Doe v. Oberlin Coll.*, 60 F.4th 345, 351 (6th Cir. 2023). Even so, it has formulated a procedure by which a district court may sua sponte dismiss claims in appropriate circumstances. The procedure, adopted in *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), requires that a district court:

> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

*Doe*, 60 F.4th at 351 (quoting *Tingler*, 716 F.2d at 1112).

The glue holding this action together against numerous Defendants is Plaintiff's allegation of a wide-ranging conspiracy, repeated throughout his complaint, involving "an evil plot and an elaborate scheme to steal and defraud Plaintiff" of his properties. (ECF No. 36 at PageID.183.) As noted in the December 14, 2022 Report and Recommendation, the conspiracy allegations in the second amended complaint were nothing more than a legal conclusion without supporting facts. In other words, the glue was defective. (ECF No. 16 at PageID.14–15.) Plaintiff's conspiracy allegations in his third amended complaint are no different. Once the shroud of conspiracy is lifted, it becomes clear that the Township had a very limited role in the events about which Plaintiff complains. It was the taxing jurisdiction responsible for administering the property tax. Mich. Comp. Laws § 211.27; *see Wizinsky v. Leelanau Cnty.*, No. 1:19-cv-894, 2020 WL 6597637, at *9 (W.D. Mich. Aug. 20, 2020), *report and recommendation adopted*, 2020 WL 6597637 (W.D. Mich. Aug. 20, 2020) (noting that under Michigan law, "the Township, not the County, is the taxing jurisdiction responsible for administering the property tax"). The Township was not

involved in the foreclosure, did not prepare any foreclosure document or filing, and was not involved in the 2014 lawsuit in this Court. The only factual basis for any *possible* claim against the Township is Plaintiff's allegation that it overvalued his property in 2007, resulting in an excessive property tax bill and that Plaintiff's payment was more than enough to redeem the property based on its true value. (*Id.* at PageID.184–86.)

Pursuant to *Tingler*, the Court notifies Plaintiff and the Township Defendants that it may issue a report and recommendation for dismissal of Plaintiff's claims against the Township Defendants for the reasons set forth by Defendant City of Benton Harbor in its brief in support of its motion to dismiss. (ECF No. 121 at PageID.1588–1602.) Many of those grounds are equally applicable to claims against the Township Defendants. In addition, the Court notes possible jurisdictional-based grounds for dismissal. That is, the Tax Injunction Act, 28 U.S.C. § 1341, may preclude this Court from exercising jurisdiction over Plaintiff's allegation that the Township overvalued his property. *See Indigenous Am. People Inhabiting the Cnty. of Wayne, Mich. v. Wayne Cnty. Mun. Corp.*, No. 19-cv12579, 2020 WL 1910150, at *2, 5–7 (E.D. Mich. Apr. 20, 2020). In addition, the doctrine of comity may apply. *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 113–14 (1981).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Within **seven days** of the date of this Order, the Township Defendants shall inform the Court whether they elect to respond to this Order or instead file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] If the Township Defendants elect to respond to this Order, they shall do so within **21 days** from this

---

[1] For example, in addition to the above grounds, the Township Defendants may wish to address affirmative defenses appearing on the face of Plaintiff's third amended complaint not addressed in this Order.

4

date. If they elect to file a motion for judgment on the pleadings, they shall do so within **28 days**, and the times for Plaintiff's response and any reply shall be governed by Western District of Michigan Local Civil Rule 7.2(c).

2. If the Township Defendants elect to respond to this Order, Plaintiff shall reply to Defendants' response within **21 days** after filing.

Dated: February 28, 2024

    /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge