# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
|    Plaintiff- Appellant | ) |
|            Vs. | ) Hon. Robert J. Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
|    Defendants- Appellees | ) Case No. 1:22 -CV- 1146 |

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

**PLAINTIFF OBJECTS TO ORDER (ECF No. 140), IN PARTS**

On February 28, 2024, our Esteemed and Honorable Magriste Judge Magistrate Judge Berens entered an ORDER(ECF No. 140), that the Niles Charter Township and the Niles Charter Township Board of Trustees Defendants responded-(ECF No. 141), as follows.

> "In this action, Plaintiff asserts numerous claims against several Defendants, herein applicable, Niles Charter Township and the Niles Charter Township Board of Trustees. The other named Defendants in this case, the City of Benton Harbor and the State of Michigan filed motions to dismiss. (ECF Nos. 121 and 116.) The Township Defendants filed an answer (ECF No. 120) without asking for Summary Judgement. The Sixth Circuit "Disfavors sua sponte dismissal of complaints on the merits." *Doe v. Oberlin Coll*., 60 F.4th 345, 351 (6th Cir. 2023). As such, this Honorable Court has filed an Order on February 28, 2024 (ECF No. 140) in which the Township Defendants were to inform the Court if they elect to respond to the Court's Order or file a motion for judgement on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)."
>
> "The Township Defendants hereby inform this Honorable Court that they will elect to file a motion for summary judgement. The Township Defendants further acknowledge that their Motion for Summary Judgement shall be filed within 28 days as specified in the Courts Order (ECF No. 140)."

Now, Plaintiff is not Objecting to the aspect of our Esteemed and Honorable Magriste Judge Magistrate Judge Berens', ORDER(ECF No. 140), that the Niles Charter Township and the Niles Charter Township Board of Trustees Defendants responded to. In fact, Plaintiff looks forward to the opportunity to oppose Niles Charter Township and the Niles Charter Township Board of Trustees Summary Judgment, within the 28 days allotted to him.

While there are other aspects of our Esteemed and Honorable Magriste Judge Magistrate Judge Berens' ORDER(ECF No. 140), that Plaintiff objected to, that can be addressed in response to Defendants. However, the issue of Defendants' forgery against Plaintiff is material to this case that, Plaintiff must Object to the Court's interpretation of what Plaintiff means, "By his use of the terms "forgeries" or "forged,". If the Township Defendants had elected to file response to our Esteemed and Honorable Magriste Judge Magistrate Judge Berens ORDER(ECF

2

No. 140), Plaintiff would have raised his objection in his response. But, because they elected to do Summary Judgment, Plaintiff does not want this material issue to be foreclosed, that,

> "In the present action, Plaintiff once again sues Berrien County and Witkowski, along with several other Defendants or groups of Defendants based on the 2010 and 2012 property tax foreclosures. Plaintiff's legal theories are far from clear, but one central theme throughout his complaint is that Defendants used forged documents to accomplish the Niles parcel foreclosure, through which they "stole" and "defrauded" him of his property. (ECF No. 36 at PageID.183.) By his use of the terms "forgeries" or "forged," Plaintiff does not really mean that these documents—notice of judgment of foreclosure, certificate of foreclosure, and the quit claim deed to the purchaser—were forgeries in the legal sense that they were false or altered documents made to look genuine. Rather, he asserts that they contained inaccurate dates or statements that rendered them invalid. The basis for this claim is that the judgment of foreclosure was actually entered on August 18, 2010, but the May 26, 2010 notice of judgment of foreclosure states that the judgment was entered on March 1, 2010, and the quit claim deed was prepared and delivered before August 18, 2010. (*Id.*) Thus, he asserts that these inaccuracies render the foreclosure of the Niles parcel and subsequent sale invalid." (ECF No. 140, PageID.1816)

Plaintiff's, 'Second and Third Amended Complaints -(ECF Nos. 10, 36), use of terms "forgeries" or "forged," documents— forged notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and the forged quit claim deed(s), to the purchaser(s), Plaintiff's use of forgeries in the legal sense that, they were false or altered documents made to look genuine, and that, in fact and in truth are invalid, and that, they contained inaccurate dates or statements that rendered them invalid, in keeping with Michigan's law. § 750-248; § 750-249. **"Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone."** Second of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that the Michigan, Trial Court, Appellate Court, and Supreme Court relied on these forged documents to uphold foreclosures. Third of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that, all Defendants directly or indirectly made themselves apart of the

3

evil plot and elaborate conspiracy scheme to steal and defraud Plaintiff of his properties either by create or pose the forged documents and or by coverup the forgeries or retaliated against Plaintiff to stop the forgery redress or, conspiracy of silence an agreement to say nothing about the forgeries that should have been generally made known to Plaintiff and others.

Lastly, please our Esteemed and Honorable Magriste Judge Magistrate Judge Berens, Plaintiff does not want this material issue to be foreclosed. Moreover, Plaintiff contends that, our Sixth Circuit Appellate Court has set the guide for Defendants, Plaintiff, and the District Court to follow:

> "Barnaby filed a second amended complaint against Berrien County, Michigan, Berrien County Treasurer Bret Witkowski, and over 20 other defendants, alleging that they conspired to steal and defraud him of property that he owned in Berrien County. He alleged that the defendants accomplished this by forging documents and pursuing wrongful foreclosures. Barnaby also alleged that other defendants should have allowed him to pay delinquent taxes that he owed on several properties before foreclosing on them. He contended that Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the defendants committed. And Barnaby alleged that the State Bar of Michigan overlooked evidence and refused to act on his formal complaint that Witkowski had engaged in the unauthorized practice of law, and that the Michigan Supreme Court relied on forged documents to uphold a foreclosure. Barnaby set forth numerous legal claims based on these allegations, contending that the defendants forged documents, did not follow proper foreclosure procedures, committed larceny, and engaged in the unauthorized practice of law, in violation of Michigan law; seized property in violation of the Fourth, Fifth, and Fourteenth Amendments; and violated the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)."

> "…On appeal, however, Barnaby argues that he could not have raised his claims previously because they are based on forged documents that were submitted during prior state and federal proceedings and various false statements that the defendants made during those proceedings. Barnaby made this same argument in his objections to the magistrate judge's report and recommendation. And in his second amended complaint, Barnaby alleged that Witkowski and Berrien County committed forgeries and other unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are continuous," that the defendants mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition…"

> "We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court

found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot." "…**VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023,  Page: 6).

## Relief Requesting

For the reasons articulated therein, Plaintiff  humbly and respectfully objects in part to our Esteemed and Honorable Magistrate Judge Berens's Order-(ECF No.140), as it relates to use of terms "forgeries" or "forged," documents— forged notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and the forged quit claim deed(s), to the purchaser(s), on the ground of inaccuracy.

Respectfully Submitted,

Dated:  March 6, 2024,             \S/ Owen W. Barnaby
                         Owen W. Barnaby, In Pro Se.

## CERTIFICATE OF RULE COMPLIANCE

This brief complies with the word limit of L. Civ. R. 7.3(b)(i) because it contains under 1,400 words, excluding the parts exempted by L. Civ. R. 7.3(b)(i). The word count was generated using Microsoft Word 2013.

Respectfully Submitted,

Dated:  March 6, 2024, \S/ Owen W. Barnaby
Owen W. Barnaby, In Pro Se.

# CERTIFICATE OF SERVICE

The undersigned states that on the 6th  day of March 2024, a duplicate original of Plaintiff's, " OBJECTIONS ON THE GROUNDS OF JUDICIAL BIAS, INACCURACY AND CONTRARY TO LAW,  TO ORDER-(ECF No. 131),  DENYING, his Emergency Motion, 'For Extension of Time to Answer Defendants' Motions to Dismiss Plaintiff's Third Amended Complaint (ECF No. 36) and to Serve Defendant Summonses with Copies of Third Amended Complaint (ECF No. 36), And to Leave Summary Judgment Options in Place, And to Amend Affidavit, was filed with the Clerk of the Court, using the ECF System, which will provide electric notice to the parties of record, and I have emailed/mailed by U.S. Postal Service the same to non-ECP participants.

Respectfully Submitted,

Dated:  March 6, 2024,             \S/ Owen W. Barnaby
                                    Owen W. Barnaby, In Pro Se.