# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                              )

    Plaintiff- Appellant                                     )


      Vs.                                                  ) Hon. Robert J. Jonker

                                                    ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees                                    ) Case No. 1:22 -CV- 1146

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

Attorney, T. Seth Koches,
Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582      |      EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

**PLAINTIFF'S MOTION  IN OPPOSITION TO,**

**DEFENDANTS FORMER GOVERNORS JENNIFER GRANHOLM AND RICK SNYDER, AND ASSISTANT ATTORNEY GENERAL KENDELL ASBENSON'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**

**AND WITH PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**


Comes now Plaintiff, In Pro Se, Owen W. Barnaby, with his request that, this Your Honorable Court **Deny,** Defendants', former Governor Jennifer Granholm, former Governor Rick Snyder, and Assistant Attorney General Kendell Asbenson  Motion to Dismiss his Plaintiff's Complaint (ECF No. 36), as moot. See Sixth Circuit Order and Judgment (ECF Nos. 72, 73).

Second, Defendants are barred from re-filing  a Second Rule 12 Dismissal Motion , pursuant to, The doctrine of the law of the case; The law of the case doctrine;  Res Judicata.

Third that Defendants are properly Defaulted, see Default (ECF Nos 75, 95, 124) and Default Judgment (ECF Nos 77, 81, 100), per controlling laws: Fed. R. Civ. P. 55 (a)(b)(1)or(2); Fed. R. Civ. P. 1; and Fed. R. Civ. P. 12 (a)(2) (b)(1)(A).

Fourth, as there are no genuine disputes of material fact, Plaintiff's  Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

Lastly, Plaintiff has set forth more fully in the accompanying brief.



Respectfully Submitted,


Dated:  March  11, 2023,                    \S/ Owen W. Barnaby

                                                              Owen W. Barnaby, In Pro Se


2

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
| Plaintiff- Appellant | ) |
| | |
| Vs. | ) Hon. Robert  J.  Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
| Defendants- Appellees | ) Case No. 1:22 -CV- 1146 |

## PLAINTIFF'S BRIEF IN OPPOSITION TO,

## BRIEF IN SUPPORT OF DEFENDANTS FORMER GOVERNORS JENNIFER GRANHOLM AND RICK SNYDER, AND ASSISTANT ATTORNEY GENERAL KENDELL ASBENSON'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

## AND WITH HIS CROSS-BRIEF IN SUPPORT OF HIS SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

Table of Contents ........................................................................................................... iii

Index of Authorities ..................................................................................................... iv

Concise Statement of Issues Presented ..................................................................... vi

Controlling or Most Appropriate Authority ........................................................... vii

Statement of Facts ..................................................................................................... 1-3

Standard of Review ....................................................................................................3-5

Argument ................................................................................................................... 5-27

   **I.**    **RESPONSE TO:**    **Barnaby's third amended complaint fails to include allegations stating a viable claim, warranting dismissal under Fed. R. Civ. P. 12(b)(6)……. 6-10.**

  **II.**    **RESPONSE TO:**    **Barnaby's claims are barred for many reasons, including that that this Court lacks jurisdiction over his claims under the Eleventh Amendment and because Defendants are entitled to immunity…………………………….... 10-27.**

    A. RESPONSE TO:    The Eleventh Amendment bars Barnaby's federal law claims for money damages because states and state officials are not subject to federal jurisdiction for such claims………………………………………………………….....12-15

    B. RESPONSE TO:    The Eleventh Amendment bars Barnaby's state law claims against Defendants Granholm, Snyder and Asbenson………………………………………15-18

    C. RESPONSE TO:    Former Governors Granholm and Snyder are absolutely immune from state tort claims…………………………………………..…………………..18-20

    D. RESPONSE TO:  Defendant Asbenson is entitled to immunity from state tort claims. 20

    E. RESPONSE TO:    Defendant Asbenson is entitled to immunity from state claims of negligence……………………………………………………………….…... 23-25

    F. RESPONSE TO:    Barnaby's federal due process claims against Defendants Granholm, Snyder, and Asbenson similarly warrant dismissal………..…………..25-26

**V. CONCLUSION** ...................................................................................................... **27**

     **Certificate of compliance …………….…….……………….....**
     **Certificate of Service ...............................................................**
     **District Court's Supplemental Relevant Documents ……….**

## <u>INDEX OF AUTHORITIES</u>

**Cases**                                                                                          **Page**

Arizona v. California, 530 U.S. 392, 412 (2000)……………………………………..…………………

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020)…….….……………….....……1-27

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017) ….............................................1-27

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) .................................1-27

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit …………………….…………..1-27

Barnaby v. Witkowski, 1:14-cv-1279  ……………………………………....…………….1-50

Erickson v. Pardus, 551 U.S. 89, 94 (2007)………………….....................................……….....……… 21

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)……………….…………………...

Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019) …………1-27


**Statutes**

42 U.S.C. § 1983.................................................................................................1-27

Mich. Comp. Laws § 691.1401.......................................................................1-27

Mich. Comp. Laws § 691.1401(b) ................................................................1-27

Mich. Comp. Laws § 691.1407(1) ................................................................1-27

Mich. Comp. Laws § 691.1407(2) ................................................................ 1-27

Mich. Comp. Laws § 691.1407(5) ................................................................ 1-27

Forgery Mi. Comp. Laws Ann. § 750-248…………………………………….......…...1-27

Forgery Mi. Comp. Laws Ann.  § 750-249 ……………………………….…..………… 1-27

MCL 211.27(a)…………………………….………….……………………....………..…………….

Mich. Comp. Section 141.1549 and Act 436 of 2012 ……….…………………..………1-27


**Rule**

LCivR 7.1(d) …………………………………….…………..…….…….……..……….

Fed. R. Civ. P. 1……………………………………………..…………….…......1-27

Rules MCR 2.105: (A)(1)(2). …………………………………………….…

(G)(1); (I)(1); (K)(3) …………………………………………………….……

Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B). ……………………………………………

Federal Rules Fed. R. Civ. P. 4: (e)(1)(2)(B)(C) …………………………………....……..

Federal Rules Fed. R. Civ. P. 4: (j)(2)(A)(B) ……………………………..………..………….

Fed. R. Civ. P. 4(h)(1) (A)(B), or (2) …………………………………………………………….

Fed. R. Civ. P. 4(e1)(2)(B)(C) ……………………………………………………………….….

Fed. R. Civ. P. 4(j)(2)(A)(B). ………………………………………………………………..

MCR 2.105 ………………………………………………………..…………………………………

Mich. Ct. R. 2.105 (A) (1) (2),  …………………………..……………………………………

Mich. Ct. R. 2.105 (G) (1) ………………………………..………………………………

Mich. Ct. R. 2.105 (I) (1) ……………………………………..……………………………

Mich. Ct. R. 2.105 (k) (3) …………………………………………………………………

Michigan Court Rule 2.105(A) (2) ……………………………..……………………………

District Court's Local Rules Service Handbook ……………………………………………….

Fed. R. Civ. P. 12 ......................................................................................

Fed. R. Civ. Proc. 12(b)(6) Failure to state a claim upon which relief can be granted.

Fed. R. Civ. Proc. 12(b)(1) lack of subject-matter jurisdiction;

Fed. R. Civ. P. 15(a)(1), …………………………………………………..……………

Fed. R. Civ. P. 15(a)(2) ……………………………………………………...……………

Fed. R. Civ. P. 12(a)(1)(A)(i) ………………………………………………………….

Fed. R. Civ. P. 55:(a), (b)(1)(2) ……………………………………………….……

Fed. R. Civ. P. 56:(a), ……………… ………………………………………………….…

## Doctrines

The doctrine of the law of the case ………………………....…………………………..…………

The law of the case doctrine ……………………………..…………………………..….

Rooker-Feldman Doctrine …………………………………………………………….

Res judicata Doctrines ………………………..…………………………………………...

## Laws

42 USCS 1983...................................................................................................

42 U.S.C. §2000…………………………………………………………………………

18 U.S.C. Section 1341………………………..……………………………………...

iv

28: USC § 1331 ……………………………………………………………………...

28: USC § 1332 ……………………………………………………………………...

28 U.S.C. § 1291…………………………………………..………………... ………………

First Amendment ……………………………………………………………………..

Fourth Amendment ……………………………………………………….......................

Fifth Amendment ……………………………………………………………………..

Fourteenth Amendment ……………………………………………………………..

Eleventh Amendment ………………………………………………………………..

Qualified immunity ……………………………………………………………………

Full Faith and Credit Act …………………………………………….………

(1), Freedom to Redress from Retaliation ……………...………………………….. 1- 27
(2), Right to a Fair Trial   &   Right to a Trial by Jurors/Juries …………………………. 1- 27
(3), Gross Negligence ………………………….........……………………………. 1- 27
(4), Due Process ………………………………………………………………….....1-27
(5), Equal Protection of the Laws ……………………………………………….. 1- 27
(6), The Right to Government Services,  and The Right to Use Public Facilities - …………1-27
(7), Fraud …………………………………………………………………….…. 1- 27
(8), Freedom of Movement and Freedom from Torture …………………………….…….. 1- 27
(9), Damages to personal property ………………………………………….………….. 1- 27
(10), Theft and Conversion of personal property ……………….......…………………. 1- 27
(11), Intentional infliction of emotional distress and Emotional harm …………... ….…… 1- 27
12), Unlawful Detention of Properties …………………………..........................……. 1- 27
(13), The right to gainful employment, and Safety from harassment…………...….…….… 1- 27
(14), Rights Given Plaintiff by the State of Michigan …………………………………1-27
(15), Whistleblowing ……………………………………………….…….................... 1- 27
(16), The Right to Housing  & Liberty Live and Happiness' …………. ….......…..……... 1- 27
.

## Statement Regarding  Oral Argument

Plaintiff does not believe that Oral Argument is necessary to Deny Defendant's futile

moot motion to dismiss Plaintiff's Complaint.

# EXHIBITS of Record

| | | |
|---|---|---|
| EXHIBIT A | **Forgery** Documents | ID.560-563 |
| EXHIBIT B | Barnaby's Affidavit | ID. 564-569 |
| EXHIBIT C | Knowledge/Not Protect Against Illusory Truth | ID.770-779 |
| EXHIBIT D | Dr Bulgin Expert Report | ID. 580-588 |
| EXHIBIT E | Dr. Payne Expert Report | ID.589-607 |
| EXHIBIT F | Paid in Full Niles Properties 2007 Tax Receipt | ID.608-609 |
| EXHIBIT G | Appraisal Report at $12,000.00 | ID.610-635 |
| EXHIBIT H-1 | Opinion #1 of  Sixth Circuit Court | ID.636-640 |
| EXHIBIT H-2 | Opinion #2 of  Sixth Circuit Court | ID.741-643 |
| EXHIBIT H-3 | Judgment of Sixth Circuit Court | ID.644-645 |
| EXHIBIT I-1 | Witskowski's **Perjury Deposition.** | ID.646- 686 |
| EXHIBIT I-2 | Witskowski's Deposition. | ID.687-694 |
| EXHIBIT I-3 | Witskowski's Deposition. | ID.695-708 |
| EXHIBIT I-4 | **UPL & Foreclosure Judgment-August 18, 2010,** | ID.709-714 |
| EXHIBIT J | State Michigan Bar Letter | ID.715-716 |
| EXHIBIT K | Judgement &  **Forgery** Order | ID.717-723 |
| EXHIBIT L-1 | Attorney Holmstrom's **Forgery** Brief | ID.724-726 |
| EXHIBIT L-2 | Attorney Holmstrom's **Forgery** Brief | ID.727-729 |
| EXHIBIT L-3 | Attorney Holmstrom's **Forgery** Brief | ID.730-734 |
| O | Witskowski's **Willful False Affidavit/Perjury** | ID.756-758 |
| EXHIBIT W-1 | Sixth Circuit Order (ECF Nos. 72) | ID.000-000 |
| EXHIBIT W-2 | Sixth Circuit Judgment. (ECF Nos. 73) | ID.000-000 |
| EXHIBIT W-3 | Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95) | ID.000-000 |
| EXHIBIT W-4 | Magistrate's Order (ECF Nos. 91) | ID.000-000 |
| EXHIBIT W-5 | Plaintiff's Default /Brief (ECF No. …) | ID.000-000 |
| EXHIBIT W-6 | Barnaby's Affidavit | ID. 00-000 |
| EXHIBIT W-7 | Notice from Clerk  (ECF Nos. 84) | ID.000-000 |
| EXHIBIT W-8 | Proof Service of Sommons  Receipts | ID.000-000 |
| EXHIBIT W-9 | Attorney Hackworth Job Description | ID.000-000 |
| EXHIBIT W-10 | Request or Motion for Default Judgment | |
| EXHIBIT W-11 | Attorney Holmstrom's Personal Letter to Judge | ID.000-000 |
| EXHIBIT W-12 | Electric receipt that further Proofs Proper Service | ID.000-000 |
| EXHIBIT W-13 | Proof of  Holmstrom Defendants Service rejection | ID.000-000 |
| EXHIBIT W-14 | District Court's Service Handbook | ID.000-000 |
| EXHIBIT W-15 | Mr. Hackworth, Authorized by Appointment or by Law | ID.000-000 |
| EXHIBIT W-16 | …………………………………………. | ID.000-000 |
| EXHIBIT W-17 | PLAINTIFF'S STIPULATION OFFER | ID.000-000 |
| EXHIBIT W-20 | Default-Judgments (ECF Nos. 28,31,32,75,77,81,88,95,124) | ID.000-000 |
| EXHIBIT W-21 | Defendants' Berrien County, Benton Harbor conspiracies | ID.000-000 |
| EXHIBIT W-22 | Conspiracy not to prosecute the other Defendants | ID.000-000 |
| EXHIBIT W-23 | | ID.000-000 |

**CONCISE STATEMENT OF ISSUES PRESENTED**

1. Is Defendants' Question, "Should the Court dismiss Plaintiff's third amended complaint in its entirety because he has failed to state viable claims against these Defendants?", moot, Plaintiff Answers Yes!

2. Is Defendants' Question, Should the Court dismiss Plaintiff's federal law claims because this Court does not have jurisdiction under the Eleventh Amendment? moot, Plaintiff Answers Yes!

3. Is Defendants' Question, "Should the Court dismiss Plaintiff's state law claims because this Court does not have jurisdiction under the Eleventh Amendment?", moot, Plaintiff Answers Yes!

4. Is Defendants' Question, "Should the Court dismiss Plaintiff's tort claims as to these Defendants because they are immune from such claims?", moot, Plaintiff Answers Yes!

5. Is Defendants' Question, "Should the Court dismiss Plaintiff's federal due process claims because these Defendants are not "persons" and Plaintiff requests money damages? moot, Plaintiff Answers Yes!

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**
*Authority*:

Plaintiff's Opposition and Cross-Motion for Summary Judgment: Fed. R. Civ. P. 56(a); Fed. R. Civ. P. 55: (a)(b)(1)(2);  Fed. R. Civ. P. 12(a)(1)(A)(i);  The doctrine of the law of the case; The law of the case doctrine; Res Judicata and or Collateral Estoppel ; "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA;  Forgeries "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)";  "Conspiracy, act 328 of 1931 750.157a", Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681)";  First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments;  Civil Rights Acts of 42 U.SA. §1983;  42 U.S.C. §2000;  Fed. R. Crim. P. 41,  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006); Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023); Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020.

# STATEMENT OF FACTS

Plaintiff  filed his Second and Third Amended Complaints-(ECF Nos. 10,36), and the

District Court entered Order and Final Judgment-(ECF Nos. 67,68) disposed of them. Plaintiff

appealed to the Sixth Circuit Appellate Court-(ECF Nos. 69,72 and 73) , and It affirmed in part

and remand in part. The Sixth Circuit Appellate Court remand Order and Judgment that is

binding or the District Court, states as follows:

> "Barnaby filed a second amended complaint against Berrien County, Michigan,
> Berrien County Treasurer Bret Witkowski, and over 20 other defendants, alleging that
> they conspired to steal and defraud him of property that he owned in Berrien County. He
> alleged that the defendants accomplished this by forging documents and pursuing
> wrongful foreclosures. Barnaby also alleged that other defendants should have allowed
> him to pay delinquent taxes that he owed on several properties before foreclosing on
> them. He contended that Michigan Attorney General Dana Nessel and Michigan
> Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and
> refused to prosecute crimes that the defendants committed. And Barnaby alleged that the
> State Bar of Michigan overlooked evidence and refused to act on his formal complaint
> that Witkowski had engaged in the unauthorized practice of law, and that the Michigan
> Supreme Court relied on forged documents to uphold a foreclosure. Barnaby set forth
> numerous legal claims based on these allegations, contending that the defendants forged
> documents, did not follow proper foreclosure procedures, committed larceny, and
> engaged in the unauthorized practice of law, in violation of Michigan law; seized
> property in violation of the Fourth, Fifth, and Fourteenth Amendments; and violated the
> Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)."

> "…On appeal, however, Barnaby argues that he could not have raised his claims
> previously because they are based on forged documents that were submitted during prior
> state and federal proceedings and various false statements that the defendants made
> during those proceedings. Barnaby made this same argument in his objections to the
> magistrate judge's report and recommendation. And in his second amended complaint,
> Barnaby alleged that Witkowski and Berrien County committed forgeries and other
> unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are
> continuous," that the defendants mailed and emailed forged documents in October 2017
> and on July 20, 2022, and that Witkowski testified fraudulently during a September 25,
> 2017, deposition…"

> "We review default-judgment decisions for an abuse of discretion. Prime Rate
> Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court
> found that its dismissal of the second amended complaint mooted Barnaby's motions for
> default judgment. Because the district court erred in dismissing the second amended
> complaint, however, it also erred in finding that the motions for default judgment were
> moot." "…VACATE the judgment in part, and REMAND for further proceedings

1

consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023,  Page: 6).

The State of Michigan, Defendants abandoned or forfeited Appealing the District Court's Final Judgment (ECF Nos. 56, 62, 67, 68), Ordering that their Rule 12 Motion is moot. Defendants are also Barred from refiling this Rule 12 Motion now. The State of Michigan Defendants' Rule 12 Motion (ECF No.18), that the District Court Ordered  moot with Final Judgment-(ECF Nos.67, 68), which they did not appeal, must be consider as if they had never filed any Rule 12 Motion against Plaintiff's Second and Third Amended Complaints-(ECF Nos.10, 36). Because Defendants' moot Rule 12 Motion (ECF No.18), cannot stop the entrance of Plaintiff's Default and Default Judgment against them. Furthermore, they argued in Appellate Court, that, "An appellant abandons all issues not raised and argued in its initial brief on appeal."

Moreover, they abandoned and waived their right to appeal their moot Rule 12 Motion. Further they argued in the Sixth Circuit Court, that Plaintiff  waived any issue not raised in the first brief, this waiver of right must be applicable to them now, that. They have abandoned, waived forfeited all rights, that triggered Plaintiff's Default and Default Judgment Default(ECF Nos 75, 95, 124) and Default Judgment (ECF Nos 77, 81, 100) per Fed. R. Civ. P. 55 (a), (b)(1) (2); and barred them from refiling this new Dismissal Rule 12 Motion to dismissed Plaintiff's Complaints(ECF No. 10, 36). As such, the District Court violated or at best failed to be "consistent" with Sixth Circuit's Order (ECF No. 72) and controlling laws: Fed. R. Civ. P. 1; (The doctrine of the law of the case); (The law of the case doctrine); Res Judicata; Fed. R. Civ. P. 12 (a)(2) (b)(1)(A) and Fed. R. Civ. P. 55 (a)(b)(1) (2).

Plaintiff moved the District Court following remand for Defaults and Default Judgments-(ECF Nos. 28, 31, 32, 75, 77, 81, 88, 95 and124, against the Defendants pursuant to the Sixth

Circuit Court's Order and Judgment (ECF Nos. 72, 73). But the District Court entered Orders (ECF Nos. 91, 96, 127, 131 and 140), Denied Plaintiff Defaults and Default Judgments in violations of the Sixth Circuit Court's Order.  Now, Plaintiff response to Defendant's State of Michigan Motion for dismissal, with Cross-Motion for Summary Judgment.

## LEGAL STANDARD.

1.         **Fed. R. Civ. P. 55 - Default Judgment; Fed. R. Civ. P. 12(a)(1)(A)(i).**

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

> Fed. R. Civ. P. 12 (a)(1)(A), MIWD, "YOU ARE HEREBY SUMMONED and required to serve upon plaintiff, an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21, days after service of this summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the Court." (AO 440 (Rev. 01/09) Summons in a Civil Action - MIWD)

**2. Dismissal for Lack of Jurisdiction over the Subject Matter**

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case."

> "Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Such a motion may be decided by the court on one of three bases: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. Ynclan v. Dep't of the Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. Ramming, 281 F.3d at 161. The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id. (citation omitted)."

**3.   The Doctrine of the law of the case, The Law of the case doctrine and Res Judicata**

(The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata and or Collateral Estoppel **The law of the case,** like issue preclusion, or collateral estoppel, prevents the re-litigation of an issue once there has been a judgment on the merits. Later disputes concerning that issue are considered foreclosed in any subsequent suit.

> **The doctrine of the law of the case** is similar in that it limits re-litigation of an issue once it has been decided, but **the law of the case doctrine** is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages.

> "18 Moore's Federal Practice, § 134.20 (Matthew Bender 3d ed.). "The gist of the [law of the case] doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 256 (7th Cir. 1994) (quoting Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991)); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). "The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United States v. Graham, 327 F.3d 460, 464 (6th Cir. 2003)." Barnaby therefore has forfeited appellate review of those rulings. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)…."

The Sixth Circuit Appellate Court in Its Order and Judgment finds as it relates to Res judicata,  "**Res judicata** bars not only claims that were litigated in a prior action, but also claims that, "should have been litigated in the prior action." Bragg, 570 F.3d at 776 (quoting Bittinger, 123 F.3d at 880)."

**4.   Summary judgment Fed. R. Civ. P. 56(a).**

The law is clear, "Summary judgment is proper if there are no genuine disputes of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether Defendants met its burden for summary judgment, the court views the evidence in the light most favorable to plaintiff and draws all reasonable inferences in his favor. See *Anderson v Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). Fed. R. Civ. P. 56(a) can be met

4

either by submitting affirmative evidence negating an essential element of the nonmovant's

claim, or by demonstrating the nonmovant's evidence itself is insufficient to establish an

essential element of the claim. *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986)."

The burden then shifts to the non-moving party to make a showing sufficient to establish the

existence of an essential element to his claims. *Id.* To satisfy this burden, the non-movant cannot

rest on the pleadings, but must show by affidavit or other documentary evidence, specific facts

showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c). A mere scintilla of evidence is

insufficient- "there must be evidence on which the jury could reasonably find for the

[nonmovant]." Anderson v Liberty Lobby, Inc. 477 U.S. 242, 252 (1986).


## PLAINTIFF'S RESPONSE TO, ARGUMENTS

First, the Honorables, Granholm, Former Governor, Snyder Former Governor, and

Assistant Attorney General Asbenson are all properly, Defaulted (ECF Nos 75, 95, 124) and

Default Judgment (ECF Nos 77, 81, 100) per Fed. R. Civ. P. 55 (a), (b)(1) (2). **Exhibit W-20.**

**S**econd, they abandoned and waived the rights to appeal their moot Rule 12 Motion, with the

Sixth Circuit Court, and argued that, Plaintiff  waived any issue not raised in the first brief, must

be applicable to them now, that. They have abandoned, waived forfeited all rights, that triggered

Plaintiff's Default and Default Judgment Default (ECF Nos 75, 95, 124) and Default Judgment

(ECF Nos 77, 81, 100) per Fed. R. Civ. P. 55 (a), (b)(1) (2); and barred them from refiling this

new Dismissal Rule 12 Motion to dismissed Plaintiff's Complaints (ECF No. 10, 36). As such,

the District Court violate or at best failed to be "consistent" with Sixth Circuit's Order (ECF No.

72) and controlling laws: Fed. R. Civ. P. 1; (The doctrine of the law of the case); (The law of the

case doctrine); Res Judicata; Fed. R. Civ. P. 12 (a)(2) (b)(1)(A) and Fed. R. Civ. P. 55 (a)(b)(1)

(2). **T**hird, notwithstanding the First and Second arguments, Plaintiff further demonstrates below

how the Defendants Dismissal Motion is moot and must be denied as a matter of law, and that.

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is

proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

I. **PLAINTIFF'S RESPONSE TO :      Barnaby's third amended complaint fails to include allegations stating a viable claim, warranting dismissal under Fed. R. Civ. P. 12(b)(6).**

**One.**   Plaintiff contends that it is Defendants' second attempts to raise the

defense that, Plaintiff's Complaint fails to include allegations stating a viable claim, warranting

dismissal under Fed. R. Civ. P. 12(b)(6), that this District Court already ruled moot and that they

did not appeal it. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73).  As such, they waived or

forfeited raising it again as the fact in Plaintiff's Second, Third Amended Complaint--(ECF Nos

10, 36) and the Fourth Amended Complaint are the same. They are barred from raising, dismissal

under Fed. R. Civ. P. 12(b)(6), defense again under, (The doctrine of the law of the case) and or

(The law of the case doctrine) and Res Judicata and or Collateral Estoppel.

**Two,** that they are properly defaulted because they failed, waived, or forfeited to file an

answer to Plaintiff's Second Amended Complaint -(ECF No, 10) and that this District Court

ruled their Rule12 Motion moot, and they did not appeal it to the Sixth Circuit Appellate Court.

(ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73). As such, Plaintiff warrants Default Nos 75, 95,

124) and Default Judgment Nos 77, 81, 100) against the pursuant to Fed. R. Civ. P.

12(a)(1)(A)(i).    and Fed. R. Civ. P. 55: (a)(b)(1)(2).

**Three,** notwithstanding Defendants' second attempts to raise the defense that, Plaintiff's

Complaint fails to include allegations stating a viable claim, warranting dismissal under Fed. R.

Civ. P. 12(b)(6) is moot. As the Defendants are party to the concocted, disguised, designed an

evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff

and hundreds of other Berrien County property owners of their properties, wittingly or by

unwittingly: by Conspiring to commit, forgery to defraud, steal, inclusive of unauthorized

practiced of law, retaliations, and discriminations in the advancement of their gentrification

agenda. Apart of Plaintiff's response argument to their first attempted Dismissal Motion that is

still relevant to their now second attempt is as follows:

Defendants' Motion for Dismissal under Fed. R. Civ. P 12(b)(1) and (6) must be denied, because Plaintiff's complaint, (ECF Nos. 10, 36) asserts Claims under federal law, and the claims are substantial. Furthermore, both as a matter of fact a law, Plaintiff Complaint warrants relief of, Declaratory Judgment, relief of, monetary damages for his properties, relief for punitive and relief for his emotional distress moots Defendants' Motion to Dismiss the complaint Under Rule 12(b)(6). As the Defendants acknowledge, "This court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that, the plaintiff can prove set of facts in support of his/her claim that would entitle him/her to relief. Trzebuckowski v. City of Cleveland, 319 F.3d 853, 855 (6th Cir. 2003)." (Exhibits: D, E).

Plaintiff avers that, "This court must construe the complaint in the light most favorable to the plaintiff…", this Court will find that, omissions of these Same State Defendants to act against Defendant – Berrien County Government, Employees and Named Codefendants retaliations and abused the powers of their Offices as, Treasurers, Registrars, Notary Public, Generate Counsels, and Commissioners are the proximate cause of all the other Defendants retaliations against Plaintiff, inclusive of these Same State Defendants . (ECF No. 36).

Moreover, Dismissal under Fed. R. Civ. P 12(b)(1) and (6) is not the proper manner to adjudicate the factual Claim that, the Michigan Supreme Court handles unauthorized practice of law and delegate its responsibilities to the 'State Bar of Michigan'. First, Plaintiff made formal Complaint of Defendant – Bret Witskowski's, 'Unauthorized Practice of Law', to Clerk of Michigan Supreme Court and the Clerk referred Plaintiff to the 'State Bar of Michigan'. Presently, the 'Defendant State Bar of Michigan', is properly or legally defaulted, because of its failure to file an answer to Plaintiff's Complaint or a motion under Rule 12. And, because the 'Defendant State Bar of Michigan' is in default at the very least Plaintiff's Complaint won Declaratory Judgment both against, 'Defendant –State Bar of Michigan' and 'Defendant –Michigan Supreme Court' as is its supervisor. Second, it is also a matter of fact that, during the time of the issues for redress, Defendant – Hon. Rick Snyder Former Governor, was acting though his appointed emergency manager and in the place and stead of the Defendant -

City of Benton Harbor's governing body and the office of chief administrative officer of the local government, pursuant to Section 141.1549 and Act 436 of 2012. Thirdly, Defendant – Dana Nessel, as Attorney General fail to address the other Defendants' crimes of forgery, is gross neglect and or dereliction of her [fi]duciary duties, which she owes Plaintiff and others, and her omission and silence rendered her complicit to the other Defendants' crimes of forgeries.  Clearly, "This court must construe the complaint in the light most favorable to the plaintiff…", and cannot use Dismissal Motion under Fed. R. Civ. P 12(b)(1) and (6), there must be a trial on merits, moots Defendants' Motion to dismiss Complaint.

Lastly, dismissal under Fed. R. Civ. P. 12(b)(1) failed under the Eleventh Amendment because the complaint demonstrates that; they violated Plaintiff rights under federal laws, and the First, Fourth, Fifth-taking clause, and Fourteenth-section 1, of the Amendments.   Clearly, should the facts that are presented by Plaintiff be accepted as true, they without doubt state a very strong tenable claim for relief, and warrants denial of Defendants' Dismissal Motion under  Fed. R. Civ. P. 12(b)(6) of his Complaint. (ECF Nos. 10, 36). Please See, in the record (Exhibits: A-Q)

Moreover Plaintiff's, 'Second and Third Amended Complaints -(ECF Nos. 10, 36), and his soon to be filed, 'Fourth Amended Complaint' are filed according to Rule 8(a) (1) (2) (3). (a). A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support. (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. The Complaint States,

## I. SUMMARY STATEMENT OF CLAIM

1. This action is brought by the Plaintiff, Owen W. Barnaby, for legal and equitable relief in connection with his real properties which he owned; and upon information, knowledge, and belief lost by Defendants' concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud hundreds of Berrien County property owners of their properties with "Forged", 'Quit Claim Deeds', 'Notice of Judgment of Foreclosures' and 'Certificate of Forfeiture of Real Properties' and by unauthorized practice of law. Plaintiff sought Courts redress for monetary relief, Defendants retaliated with intentionally false omissions and misrepresentations of the material facts to intentionally mislead and deterred Plaintiff from timely discovery of their forgeries inorder to Amend-then-Complaint and prevent relief. Plaintiff's Complaint seeks of Defendants damages for monetary relief for his properties and his emotional distress and Declaratory Judgment free from Defendants' retaliations. (ECF No. 36, PageID.175)

In addition, the Complaint states that, "72.  Plaintiff hereby incorporates paragraphs 1 through 71 above as if fully set forth herein, and further alleges that, Defendant – Hon. Rick Snyder Former Governor of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his properties by his willful and wanton misconduct and forgeries and retaliation. As during the time of the issues for redress, Defendant – Hon. Rick Snyder, was acting though his appointed emergency manager status and in the place and stead of the Defendant - City of Benton Harbor's governing body and the office of chief administrative officer of the local government, pursuant to Section 141.1549 and Act 436 of 2012."

73. As such , Defendant – Hon. Rick Snyder, is responsible for acts and omissions of Defendant - City of Benton Harbor's governing body and the office of chief administrative officer and the local government officials that, caused deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan and Federal, laws and is equally liable under state and federal laws pursuant to: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.  (ECF No. 36, PageID.208).

The Complaint at, "74. Plaintiff hereby incorporates paragraphs 1 through 73 above as if fully set forth herein, and further alleges that, Defendant – Hon. Jennifer Granholm, Former Governor of the State of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his properties…."  (ECF No. 36, PageID.208"

9

Moreover, the Sixth Circuit Court's Order and Judgment that is binding on the District Court found, "He contended that Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the defendants committed." (ECF No. 72).

> "21. Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to restore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint."   (ECF No. 36, PageID.181)

As such, the Defendants' Motion to Dismiss Plaintiff's, 'third amended complaint fails to include allegations stating a viable claim, warranting dismissal under Fed. R. Civ. P. 12(b)(6), against, Honorables, Granholm, Former Governor, Snyder Former Governor, and Assistant Attorney General Asbenson is moot and must be denied. Furthermore, they are barred from filing this Rule 12 Motion for the second time pursuant to The Doctrine of the law of the case, The Law of the case doctrine and Res Judicata. And are properly, defaulted see (ECF Nos 75, 77, 81, 95, 124) and **Exhibit W-20.**

**Four,** clearly, there are no genuine disputes of material fact, Plaintiff's  Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).


**II.   I.  PLAINTIFF'S RESPONSE TO :           Barnaby's claims are barred for many reasons, including that that this Court lacks jurisdiction over his claims under the Eleventh Amendment and because Defendants are entitled to immunity.**


**One,** Plaintiff contends that it is Defendants' second attempts to raise, The Eleventh Amendment and Immunity defense that this court already ruled moot and that they did not

appeal it. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73).  As such, they waived or forfeited

raising it against as the facts in Plaintiff's Second, Third Amended Complaint--(ECF Nos 10, 36)

and the Fourth Amended Complaint are the same. They are barred from raising, The Eleventh

Amendment defense again under, (The doctrine of the law of the case) and or (The law of the

case doctrine) and Res Judicata and or Collateral Estoppel.

**Two,** that they are properly defaulted because they failed, waived, or forfeited to file an

answer to Plaintiff Second Amended Complaint -(ECF No, 10) and that this District Court ruled

their Rule12 Motion moot, and they did not appeal it to the Sixth Circuit Appellate Court. (ECF

Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73). As such, Plaintiff warrants Default Nos 75, 95, 124)

and Default Judgment Nos 77, 81, 100) against them pursuant to Fed. Civ. P. 12(a)(1)(A)(i).

and Fed. R. Civ. P. 55: (a)(b)(1)(2).

**Three**, as Plaintiff already argued, Honorables, Granholm, Former Governor, Snyder

Former Governor, and Assistant Attorney General Asbenson second reconsideration motion to

dismiss Plaintiff's Third Amended Complaint-(ECF No., 36), must be denied, that, "Barnaby's

claims are barred for many reasons, including that that this Court lacks jurisdiction over his

claims under the Eleventh Amendment and because Defendants are entitled to immunity." It

would be factually erroneous and legally moot, and a violation of this Sixth Circuit Court's

Order and Judgment-(ECF Nos 72, 73), that is binding on this Court, and controlling law, to

Grant Defendants' Second reconsideration Rule 12 Motion to Dismiss Plaintiff's Third Amended

Complaint-(ECF No., 36). While deny entering Default and Default Judgment-(ECF Nos 75, 77,

81, 95, 124)  against Defendants who forfeited filing an answer or a valid rule 12 motion -(ECF

Nos 18, 19, 67 and 68), to Plaintiff's Second Amended Complaint-(ECF No., 10), see  Exhibit

W-20.  Please see the following controlling laws: Fed. R. Civ. P. 55: (a)(b)(1)(2); Fed. R. Civ. P.

12(a)(1)(A)(i); (The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata and or Collateral Estoppel and Fed. R. Civ. P. 56(a).

**Four,** clearly there are no genuine disputes of material fact, Plaintiff's Motion for  Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

## A.  PLAINTIFF'S RESPONSE TO :   The Eleventh Amendment bars Barnaby's state law claims against Defendants Granholm, Snyder and Asbenson.

**One**, Plaintiff contends that it is Defendants' second attempts to raise, The Eleventh Amendment defense that this court already ruled moot and that they did not appeal it. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73).  As such, they waived or forfeited to raise it against as the facts in Plaintiff's Second, Third Amended Complaint--(ECF Nos 10, 36) and the Fourth Amended Complaint are the same. They are barred from raising, The Eleventh Amendment defense again under, (The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata and or Collateral Estoppel.

**Two,** that they are properly defaulted because they failed, waived, or forfeited to file an answer to Plaintiff Second Amended Complaint -(ECF No, 10) and that this District Court ruled their Rule12 Motion moot, and they did not appeal it to the Sixth Circuit Appellate Court. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73). As such, Plaintiff warrants Default Nos 75, 95, 124) and Default Judgment Nos 77, 81, 100) against Defendants pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i) and Fed. R. Civ. P. 55: (a)(b)(1)(2).

**Three**, notwithstanding the about, Defendants' second attempts that the Eleventh Amendment bars Barnaby's state law claims against Defendants Granholm, Snyder and Asbenson is moot for the forgoing reasons: **F**irst, State of Michigan has expressly consented to suit, as Plaintiff's Complaint demonstrates that, during the time of the issues now for redress,

Defendant – Hon. Rick Snyder, is part to the concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of other Berrien County property owners of their properties, wittingly or by unwittingly: by Conspiring to commit, forgery to defraud, steal, inclusive of unauthorized practiced  of law, retaliations, and discriminations in the advancement of  their gentrification agenda.  Former Governor Snyder was acting through his appointed emergency manager status and in the place and stead of the Defendant - City of Benton Harbor governing body and the office of chief administrative officer of the local government, pursuant to Section 141.1549 and Act 436.  As such, the State of Michigan, and its Officials: Former Governor Granholm, Former Snyder, Attorney General Nessel and Assistant Attorney General Asbenson are all subject to Defendant - City of Benton Harbor local rule and ordinances not the State of Michigan, pursuant to Section 141.1549 and Act 436. Moreover, under Section 141.1549 and Act 436 takeover of the City of Benton Habor has expressly consented to this suit and waived jurisdictional immunity under the Eleventh Amendment.

Second, Qualified immunity is a legal doctrine that protects government officials from lawsuits seeking money damages. The doctrine applies when officers are exercising discretion in their official capacity. The defense of qualified immunity, when invoked successfully, leads to dismissal of civil claims. The doctrine of qualified immunity protects different classes of government officials, state officials, and public officials in the normal courses of their duties who do not violate Plaintiff's constitutional rights, such as: Former Governor Granholm, Former Snyder, and Assistant Attorney General Asbenson; Under this doctrine, States Officials can act without fear of being sued. But it can only protect them if their conduct does not: 1). Violate the victim's constitutional rights, which 2). were so clearly established that a reasonable person

13

would have known them. In addition, the Former Governor Granholm, the Former Snyder, and the Assistant Attorney General Asbenson all have the burden of proving that they are immune from Plaintiff's lawsuit. Plaintiff's Complaint demonstrates that, immunity does not apply to the Former Governor Granholm, the Former Snyder, and the Assistant Attorney General Asbenson, for the foregoing reason, 1). They violated Plaintiff's constitutional rights, and 2). Plaintiff's rights are so clearly established under the: First, Fourth, Fifth Takings-Clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983, 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a), Fed. R. Crim. P. 41 and the Constitution of the State of Michigan and its laws,  General Property Tax Act, P.A. 206 of 1893, ("GPTA");  "Conspiracy, act 328 of 1931 750.157a"; UPL (MCL 600.916 and MCL 450.681; Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249) all  recognize the critical importance of protecting citizens civil rights to their, properties, homes, and employments and from discriminations.

As articulated in Plaintiff's, 'Second, Third and Fourth Amended Complaints', Former Governors Granholm, Snyder, and the Assistant Attorney General Asbenson, became party to the concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of other Berrien County property owners of their properties, wittingly or by unwittingly: by Conspiring to commit, forgery to defraud, steal, inclusive of unauthorized practiced  of law, retaliations, and discriminations in the advancement of  their gentrification agenda. These Officials would have known he/she committed constitutional violation: (1), Freedom to Redress From Retaliation; (2), "Right to a Fair Trial"; (3), Gross Negligence; (4), "Due Process"; (5), "Equal Protection of the Laws"; (6), "The Right to Government Services,  and The Right to Use Public Facilities" (7), "Fraud"; (8), "Freedom of

Movement and Freedom from Torture"; (9), "Damages to personal property", (10), Theft and

Conversion of personal property; (11), "Intentional infliction of emotional distress and

Emotional harm"; (12), "Unlawful Detention of Properties"; (13), "The right to gainful

employment, and Safety from harassment"; (14), "Rights Given Plaintiff by the State of

Michigan"; (15), "Whistleblowing"; (16), "The Right to Housing".

Thus, Defendants' Dismissal Motion under Eleventh Amendment and Papasan v. Ellain,

478 U.S. 265, 276–77 (1986) is moot and must be denied as a matter of law.

**Four**, it is clear, as there are no genuine disputes of material fact, the Motion for

Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ.

P. 56(a).

### B.  PLAINTIFF'S RESPONSE TO :   The Eleventh Amendment bars Barnaby's state law claims against Defendants Granholm, Snyder and Asbenson.

**One**, Plaintiff contends that it is Defendants' second attempts to raise that, The Eleventh

Amendment bars Barnaby's state law claims against Defendants Granholm, Snyder and

Asbenson, that this District Court already ruled moot and that they did not appeal it. (ECF Nos

18, 19, 50, 51, 67, 68, 69, 72 and 73).  As such, they waived or forfeited raising it again as the

facts in Plaintiff's Second, Third Amended Complaint--(ECF Nos 10, 36) and soon to be filed

Fourth Amended Complaint are the same. They are barred from raising, The Eleventh

Amendment defense again under, (The doctrine of the law of the case) and or (The law of the

case doctrine) and Res Judicata and or Collateral Estoppel.

**Two,** that they are properly defaulted because they failed, waived, or forfeited to file an

answer to Plaintiff Second Amended Complaint -(ECF No, 10) and that this District Court ruled

their Rule12 Motion moot, and they did not appeal it to the Sixth Circuit Appellate Court. (ECF

Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73). As such, Plaintiff warrants Default Nos 75, 95, 124) and Default Judgment Nos 77, 81, 100) against Defendants, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i). and Fed. R. Civ. P. 55: (a)(b)(1)(2).

**Three**, notwithstanding **One** and **Two** above, the same applies here, Defendants' second attempt that the Eleventh Amendment bars Barnaby's state law claims against Defendants Granholm, Snyder and Asbenson, is moot for the forgoing reasons: **F**irst, State of Michigan has expressly consented to suit, as Plaintiff's Complaint demonstrates that, during the time of the issues now here for redress, Defendant – Hon. Rick Snyder, became party to the concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of other Berrien County property owners of their properties, wittingly or by unwittingly: by Conspiring to commit, forgery to defraud, steal, inclusive of unauthorized practiced of law, retaliations, and discriminations in the advancement of their gentrification agenda. Former Governor Snyder was acting through his appointed emergency manager status and in the place and stead of the Defendant - City of Benton Harbor's governing body and the office of chief administrative officer of the local government, pursuant to Section 141.1549 and Act 436. As such, the State of Michigan, and its Officials: Former Governor Granholm, Former Snyder, Attorney General Nessel and Assistant Attorney General Asbenson are all subject to Defendant - City of Benton Harbor local rule and ordinances not the State of Michigan, pursuant to Section 141.1549 and Act 436. Moreover, under Section 141.1549 and Act 436 takeover of the City of Benton Habor has expressly consented to this suit and waived jurisdictional immunity under the Eleventh Amendment.

**S**econd, Qualified immunity is a legal doctrine that protects government officials from lawsuits seeking money damages. The doctrine applies when officers are exercising discretion in

their official capacity. The defense of qualified immunity, when invoked successfully, leads to dismissal of civil claims. The doctrine of qualified immunity protects different classes of government officials, state officials, and public officials in the normal courses of their duties that does not violate Plaintiff's constitutional rights, such as: Former Governor Granholm, Former Snyder, and Assistant Attorney General Asbenson; Under this doctrine, States Officials can act without fear of being sued. But it can only protect them if their conduct does not: 1). Violate the victim's constitutional rights, which 2). were so clearly established that a reasonable person would have known them. In addition, the Former Governor Granholm, the Former Snyder, and the Assistant Attorney General Asbenson all have the burden of proving they are immune from Plaintiff's lawsuit. Plaintiff's Complaint demonstrates that, immunity does not apply to the Former Governor Granholm, the Former Snyder, and the Assistant Attorney General Asbenson, for the foregoing reason, 1). They violated Plaintiff's constitutional rights, and 2). Plaintiff's rights are so clearly established under the: First, Fourth, Fifth Takings-Clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983, 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a), Fed. R. Crim. P. 41 and the Constitution of the State of Michigan and its laws,  General Property Tax Act, P.A. 206 of 1893, ("GPTA");  "Conspiracy, act 328 of 1931 750.157a"; UPL (MCL 600.916 and MCL 450.681; Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249) all  recognize the critical importance of protecting citizens civil rights to their, properties, homes, and employments and from discriminations.

As articulated in Plaintiff's, 'Second, Third and Fourth Amended Complaints', Former Governors Granholm, Snyder, and the Assistant Attorney General Asbenson, became party to the concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to

present to steal and defraud plaintiff and hundreds of other Berrien County property owners of their properties, wittingly or by unwittingly: by Conspiring to commit, forgery to defraud, steal, inclusive of unauthorized practiced  of law, retaliations, and discriminations in the advancement of  their gentrification agenda; warrants Plaintiff Eleventh Amendment state law claims against Defendants Granholm, Snyder and Asbenson; includes gross negligence, theft and fraud claims, as do all the state constitution claims under Civil Rights Acts of 42 U.SA. §1983.

**Four**, there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### C.  PLAINTIFF'S RESPONSE TO :   Former Governors Granholm and Snyder are absolutely immune from state tort claims.

**One**, Plaintiff contends that it is Defendants' second attempts to raise that, The Eleventh Amendment bars Barnaby's state law claims against Defendants Granholm, Snyder and Asbenson, that this District Court has already ruled moot and that they did not appeal it. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73).  As such, they waived or forfeited to raise it again as the facts in Plaintiff's Second, Third Amended Complaint--(ECF Nos 10, 36) and the Fourth Amended Complaint are the same. They are barred from raising, The Eleventh Amendment defense again under, (The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata and or Collateral Estoppel.

**Two,** that they are properly defaulted because they failed, waived, or forfeited to file an answer to Plaintiff Second Amended Complaint -(ECF No, 10) and that this District Court ruled their Rule12 Motion moot, and they did not appeal it to the Sixth Circuit Appellate Court. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73). As such, Plaintiff warrants Default Nos 75, 95, 124)

and Default Judgment Nos 77, 81, 100) against the pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).

and Fed. R. Civ. P. 55: (a)(b)(1)(2).

**Three,** as Plaintiff has argued above, because Defendants Granholm, Snyder and

Asbenson, became party to the concocted, disguised, designed an evil plot and an elaborate

scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of other

Berrien County property owners of their properties, wittingly or by unwittingly: by Conspiring to

commit, forgery to defraud, steal, inclusive of unauthorized practiced of law, retaliations, and

discriminations in the advancement of their gentrification agenda they were not acting within the

scope of his or her judicial, legislative, or executive authority. As such, Michigan's

governmental tort liability act (GTLA), Mich. Comp. Laws § 691.1401 et seq., does not apply to

Defendants Granholm, Snyder and Asbenson.

Furthermore, there is a misunderstanding with both the District Court and the Defendants

that the Sixth Circuit Appellate Court, rule on the merit that the State of Michigan, Governor

Whitmer, and Attorney General Nessel and the Michigan State Bar, the Michigan Supreme

Court, based on immunity- (ECF No. 72.). As such, the Defendants went as far as arguing that

the Former Governors Granholm and Snyder are entitled to the same immunity. Please see the

Sixth Circuit Appellate Court's findings below.

> Barnaby does not challenge the district court's holding that several defendants -
> the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer,
> and Nessel-are immune from suit. He also does not challenge the district court's finding
> that several of the state and federal criminal statutes that he cited do not create a private
> right of action. Barnaby therefore has forfeited appellate review of those rulings. See
> Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489
> F.3d 752, 767 (6th Cir. 2007). Because those rulings are dispositive of (1) Barnaby's
> claims against the Michigan State Bar, the Michigan Supreme Court, the State of
> Michigan, Whitmer, and Nessel and (2) Barnaby's claims under 18 U.S.C. §§ 471 and
> 1341 and Michigan Compiled Laws §§ 600.916(1) and 750.248, we affirm the district
> court's judgment to the extent that it dismissed those claims.

Lastly, the State Defendants via Attorney, Pendrick Kimberly Attorney General of Michigan failed to disclose to the District Court[1], that they argued in their Sixth Circuit Appellate Court Brief to be graded Eleventh Amendment Immunity, Due Process, negligence Claims for  Snyder,  Granholm and Asbenson and the Sixth Circuit Court did not find that they were immune.  Plaintiff contends that, the Sixth Circuit Appellate Court through its Order-(ECF No.72.) speaks best for itself.  If Plaintiff did raise the Eleventh Amendment Immunity in the District Court's Orders and Final Judgment-(ECF Nos. 16, 67, and 68.), the Sixth Circuit Appellate Court would have been reversed, the District Court's Orders in their entirety. The Sixth Circuit Appellate Court would have found that (1) the Michigan State Bar, (2) the Michigan Supreme Court, (3) the State of Michigan, (4) Whitmer, (5) Nessel, (6) Snyder (7) Granholm (8) Asbenson are not immune from his Claims, because of their misconducts or omission stop the misconducts.

**Four**, there are no genuine disputes of material fact, Plaintiff's Motion for  Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

---

[1] State Defendants via their Attorney, Ms. Pendrick Kimberly Attorney General of Michigan omitted to disclose to the District Court , that they argued in their Brief to Sixth Circuit Appellate Court for Eleventh Amendment Immunity, Due Process, negligence Claims for  Snyder,  Granholm and Asbenson and that the Sixth Circuit Appellate Court did not grant them.  Moreover, given the Sixth Circuit Appellate Court entered Order and Judgment (ECF Nos. 72, 73), that is binding on the District Court, "…. **REMAND** for further proceedings consistent with this order.". This District Court cannot now grant the Former Governors Granholm and Snyder Eleventh Amendment Immunity, Due Process, negligence against Plaintiff's Claims.

### D. **PLAINTIFF'S RESPONSE TO :   Defendant Asbenson is entitled to immunity from state tort claims.**

**One**, Plaintiff contends that it is Defendants' second attempts to raise that, The Eleventh Amendment bars Barnaby's state law claims against Defendants Granholm, Snyder and Asbenson, that this District Court already ruled moot and that they did not appeal it. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73).  As such, they waived or forfeited raise it against as the facts in Plaintiff's Second, Third Amended Complaint--(ECF Nos 10, 36) and the Fourth Amended Complaint are the same. They are barred from raising, The Eleventh Amendment defense again under, (The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata and or Collateral Estoppel.

**Two,** that they are properly defaulted because they failed, waived, or forfeited to file an answer to Plaintiff's Second Amended Complaint -(ECF No, 10) and that this District Court ruled their Rule12 Motion moot, and they did not appeal it to the Sixth Circuit Appellate Court. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73). As such, Plaintiff warrants Default Nos 75, 95, 124) and Default Judgment Nos 77, 81, 100) against Defendants pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).    and Fed. R. Civ. P. 55: (a)(b)(1)(2).

**Three,** as Plaintiff has argued above, because Defendants Granholm, Snyder and Asbenson, became party to the concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of other Berrien County property owners of their properties, wittingly or by unwittingly: by Conspiring to commit, forgery to defraud, steal, inclusive of unauthorized practiced  of law, retaliations, and discriminations in the advancement of  their gentrification agenda and were not acting within the scope of his or her judicial, legislative, or executive authority. Notwithstanding that, Defendants

21

expressly consented to the suit pursuant to Section 141.1549 and Act 436 of 2012.  Plaintiff

Complaint states, "….Defendant – Kendell S. Asbenson, is an Assistant Attorney General of

Michigan. As an Assistant Attorney General of the State of Michigan, Defendant –  Asbenson

has a[fi]duciary duty to give Plaintiff equal protection of the law. Defendant – Asbenson, as

Assistant Attorney General was informed by Plaintiff of Defendants' crimes of forgeries conduct

which stole and defraud Plaintiff of his properties but he omitted to act which aided and abetted

the other Defendants and  injured Plaintiff.  (R. 36, Page ID. #205-206, ¶33.).  As such,

Defendant – Kendell S. Asbenson is not entitled to state law immunity from intentional tort

claims.  Further, the Defendants' Supporting Brief States, below,

   Under the Ross test, lower level officials, employees, and agents are immune from

intentional tort liability when they are (1) acting during the course of their employment and

acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in

good faith, and (3) performing discretionary, as opposed to ministerial, acts. Odom v. Wayne

County, 482 Mich 459, 473-476 (2008) (citing Ross v. Consumers Power Co., (on Rehearing),

420 Mich. 567 at 633-634 (1984)). Applying the Ross test to Plaintiff's allegations in this case,

prongs (1) and (3) appear to be met based on the facts as alleged in the complaint. Defendant

Asbenson is sued only in his official capacity as an Assistant Attorney General.

   Defendant –  Asbenson as Assistant Attorney General  (1) acting during the course of

their employment and acting, or reasonably believe they are acting, within the scope of their

authority, (2) acting in good faith, is to prosecute the other Defendants' crimes of forgery. And

his gross neglect and or dereliction of his [fi]duciary duties which he owes Plaintiff, as his

omission and silence rendered him complicit to the other Defendants' crimes of forgeries.

"Forgery is a felony, which incurs at least one year in prison, and depending on the type of

document involved in the crime, may incur up to seven or 14 years in prison.".  Moreover, his gross neglect and or dereliction of his [fi]duciary duties which he owes Plaintiff, but he aided and abetted the other Defendants in defrauding and stealing Plaintiff's properties without consequences, violated Plaintiff's federal rights secured by the constitution and law under, First, Fourth, Fifth takings-causes, and Fourteenth-section 1, Amendments. Therefore, based upon Plaintiff's Complaint, Defendants' Dismissal Motion failed and should be denied. (ECF No. 18) and (ECF Nos. 10, 36).  Lasty, the Sixth Circuit Appellate Court found that, "He contended that Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the defendants committed."

**Four**, clearly there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### E. PLAINTIFF'S RESPONSE TO:   Defendant Asbenson is entitled to immunity from state claims of negligence.

**One**, Plaintiff contends that it is Defendants' second attempt to raise that, Defendant Asbenson is entitled to immunity from state claims of negligence , that this District Court has already ruled moot and that they did not appeal it. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73).  As such, they waived or forfeited to raise it again as the facts in Plaintiff's Second, Third Amended Complaint--(ECF Nos 10, 36) and the Fourth Amended Complaint are the same. They are barred from raising, that Defendant Asbenson is entitled to immunity from state claims of negligence, (The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata and or Collateral Estoppel.

**Two,** that they are properly defaulted because they failed, waived, or forfeited to file an answer to Plaintiff's Second Amended Complaint -(ECF No, 10) and that this District Court ruled their Rule12 Motion moot, and they did not appeal it to the Sixth Circuit Appellate Court. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73). As such, Plaintiff warrants Default Nos 75, 95, 124) and Default Judgment Nos 77, 81, 100) against the pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).    and Fed. R. Civ. P. 55: (a)(b)(1)(2).

**Three**, Plaintiff avers given that, Defendants expressly consented to suit pursuant to Section 141.1549 and Act 436 of 2012; Defendants' argument, Defendant Asbenson is entitled to immunity from claims of negligence under Mich. Comp. Laws § 691.1407(2) is moot.  Mr. Asbenson's as Assistant Attorney General  (1) acting during his employment, or reasonably believe he was acting, within the scope of his authority, (2) acting in good faith, is to prosecute the other Defendants' crimes of forgery. And his gross neglect and or dereliction of his fiduciary duties which he owes Plaintiff, as his omission and silence rendered him complicit to the other Defendants' crimes of forgeries, fraud, thievery "Forgery is a felony, which incurs one to fourteen years in prison, Mr. Asbenson as Assistant Attorney General's omission and silence rendered him complicit to the other Defendants' crimes of forgeries caused him to be grossly negligent.

Lastly, Plaintiff's Complaint demonstrates Defendants' gross negligence by their direct actions or by their omission to act or to remedy willful wanton misconducts which have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the untimely death of our son; Hardship of great pain and suffering; and emotional distress, in violation of his rights secure by the constitution and laws.  Plaintiff's Claim is built on the back of the 'Bill of Rights', in summary, from Plaintiff's rights to freely petition his

government or the courts for redress free from retaliation that, violates Plaintiff's constitutional rights, to, "The Right to Housing. These Sixteenth Counts set forth Plaintiff's legal basis for redress on merits which Defendants' retaliations deterred damage relief Plaintiff warrants.

**Four**, as there are no genuine disputes of material fact, Plaintiff Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### F.  PLAINTIFF'S RESPONSE TO :   Barnaby's federal due process claims against Defendants Granholm, Snyder, and Asbenson similarly warrant dismissal.

**One**, Plaintiff contends that it is Defendants' second attempt to raise that, Barnaby's federal due process claims against Defendants Granholm, Snyder, and Asbenson similarly warrant dismissal, and that as this District Court has already ruled moot and that they did not appeal it. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73).  As such, they waived or forfeited to raise it again as the facts in Plaintiff's Second, Third Amended Complaint--(ECF Nos 10, 36) and the Fourth Amended Complaint are the same. They are barred from raising, The Eleventh Amendment defense again under, (The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata and or Collateral Estoppel.

**Two,** that they are properly defaulted because they failed, waived, or forfeited to file an answer to Plaintiff's Second Amended Complaint -(ECF No, 10) and that this District Court ruled their Rule12 Motion moot, and they did not appeal it to the Sixth Circuit Appellate Court. (ECF Nos 18, 19, 50, 51, 67, 68, 69, 72 and 73). As such, Plaintiff warrants Default Nos 75, 95, 124) and Default Judgment Nos 77, 81, 100) against Defendant pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).    and Fed. R. Civ. P. 55: (a)(b)(1)(2).

**Three**, Plaintiff avers that Defendants' immunity failed so do their Due Process defense. because Defendants Granholm, Snyder and Asbenson, became party to the concocted, disguised,

designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of other Berrien County property owners of their properties, wittingly or by unwittingly: by Conspiring to commit, forgery to defraud, steal, inclusive of unauthorized practiced of law, retaliations, and discriminations in the advancement of their gentrification agenda, were not acts of their official capacity, that violated Plaintiff's due process. Furthermore, Plaintiff's Due Process Claims are not just brought under 42 U.S.C. § 1983, but also under Federal laws also moots, Defendants' Dismissal Motion of Plaintiff's Complaints.

In addition, the Complaint is much more than Plaintiff's Due Process Claims, it also shows that, the Federal District Court's exclusive jurisdiction in this case involves three areas: 1). Defendants violated Plaintiff's constitutional rights, and 2). Plaintiff's rights are so clearly established under the, First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments and all Government Officials would have known he/she committed constitutional violation: (1), Freedom to Redress From Retaliation; (2), "Right to a Fair Trial"; (3), Gross Negligence; (4), "Due Process"; (5), "Equal Protection of the Laws"; (6), "The Right to Government Services, and The Right to Use Public Facilities" (7), "Fraud"; (8), "Freedom of Movement and Freedom from Torture"; (9), "Damages to personal property", (10), Theft and Conversion of personal property; (11), "Intentional infliction of emotional distress and Emotional harm"; (12), "Unlawful Detention of Properties"; (13), "The right to gainful employment, and Safety from harassment"; (14), "Rights Given Plaintiff by the State of Michigan"; (15), "Whistleblowing"; (16), "The Right to Housing". As such, Defendants' motion for Dismissal of Plaintiff's Due Process Claims brought under 42 U.S.C. § 1983 against the State Defendants is similarly moot.

**Four**, clearly, there are no genuine disputes of material fact, Plaintiff's Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

## V. CONCLUSION and Relief Requesting

For reasons articulated herein: **1).** Plaintiff request that this Your Honorable Court, **Deny** Defendant's Motion to Dismiss Complaint (ECF Nos. 10, 36). **2).** To Grant Plaintiff's Cross-Motion for Summary Judgment with damages, the Complaint, claims, that, "…**each Defendant** had the duty and or their duty afford them the opportunity to…. to remedy the unlawful actions in whole, either **by collective efforts** or **individual effort** to retore Plaintiff in full,

> "19. Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to retore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint." (ECF No. 10, PageID.167) and (ECF No. 36, PageID.181)

Plaintiff/Appellant, request that this Court Grant him full Compensatory Damages of **$15, 019, 553.10** and Punitive[2] damages, Four-Times his Compensatory Damages of **$60,078,212.40**, grand total of **$75,097,765.50**.

Respectfully Submitted,

Dated: March 10, 2023,                     \S/ Owen W. Barnaby
                                            Owen W. Barnaby, In Pro Se.

---

[2] E. Jean Carroll v. Donald J. Trump            Case No. 20 CIVIL 7311(LAK)

It is hereby ORDERED, ADJUDGED AND DECREED: That after a Jury Trial before Honorable Lewis A. Kaplan, United States District Judge, Plaintiff E. Jean Carroll has judgement for compensatory damages (other than for the reputation repair program) in the amount of $7,300,00.00, Plaintiff E. Jean Carroll has judgement for compensatory damages (for the reputation repair program only) in the amount of $11,000,000.00; and Plaintiff E. Jean Carroll has judgement for punitive damages in the amount of $65,000,000.00, each as against the defendant Donald J. Trump for an aggregate sum of $83,000,000.00. Dated New York, New York February 8, 2024.

RUBY J. KRAJICK
Clerk of Court

So Ordered:                                   BY:
_____                       _____
U.S.D.J.                                       Deputy Clerk

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on the 11th  day of March 2024, a duplicate original of

Plaintiff's, EXPEDITED CONSIDERATION REQUESTED, Plaintiff's Brief, against all named

Defendants filed with the Clerk using the ECF System, which will provide electric notice to the

parties of record, and I have emailed and mailed by U.S. Postal Service the same to the  non-ECP

participants attorney above.

Respectfully Submitted,

Dated:  March 11, 2024,                    \S/ Owen W. Barnaby
                                           Owen W. Barnaby, In Pro Se.

## <u>CERTIFICATE OF COMPLIANCE</u>

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.2(b)(i) because, excluding the part of the document exempted by this rule, this brief contains 26 pages and 8,500 words.

2. This document complies with the typeface requirements of Local Rule 7.2(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.


Respectfully Submitted,

Dated:  January 11, 2024,                    \S/ Owen W. Barnaby
                                                          Owen W. Barnaby, In Pro Se.

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                    )

    Plaintiff- Appellant                         )


        Vs.                                   ) Hon. Robert  J.  Jonker

                                               ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees                        ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby

P.O. Box 1926

Kennesaw, GA 30156

(678) 382- 4183

Bossproperties96@gmail.com

Attorney T. Hackworth

Berrien County Government

701 Main Street, St. Joseph, Michigan 49085

T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,

 Niles-Charter-Township/Board of Trustee

470 W. Centre Ave., Ste. A, Portage, MI. 49024

T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)

Holmstrom Law Office PLC

830 Pleasant Street Suite 100

St. Joseph, MI 49085

T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks

6th Floor at Ford Field

1901 St. Antoine St. Detroit, MI 48226

T: 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,

811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan

525 W. Ottawa, 5th Floor

P.O. Box 30736, Lansing, MI 48909

T. 517-335- 7659   | PendrickK@michigan.gov

**CERTIFICATE REGARDING  COMPLIANCE WITH LCivR 7.1(d)**
**For,**

**PLAINTIFF'S MOTION AND SUPPORTING BRIEF IN OPPOSITION TO,**

**PLAINTIFF'S  RESPONSE BRIEF IN OPPOSITION TO,**
**CITY OF BENTON HARBOR'S  MOTION TO DISMISS**
**AND CROSS- MOTION/BRIEF IN FOR SUMMARY JUDGMENT**

---

In accordance with W.D  Mich. LCivR 7.1(d), the undersigned hereby states that I seek concurrence for three Motions I intend to file with the Federal District Court between March 8-11, 2024. The first Motion is Leave to Amend Plaintiff's Third Amended Complaint, considering the Magistrate Judge Order-(ECF No. 140). The second and third Motions are Cross-Motions for Summary Judgments to Defendant Benton Harbor and the State of Michigan Defendants, Dismissal Motions.  Please, confirm if Defendants will concur. Plaintiff is yet to hear back from Defendants as such Plaintiff is not sure if they will concur or object.

Respectfully Submitted,

Dated:  March 11, 2024,                      \S/ Owen W. Barnaby
                                             Owen W. Barnaby, In Pro Se.