# EXHIBIT W-23

### STATE SIXTH CIRCUIT APPELLATE BRIEF

State Defendants via their Attorney, Ms. Pendrick Kimberly Attorney General of Michigan omitted to disclose to the District Court , that they argued in their Brief to Sixth Circuit Appellate Court for Eleventh Amendment Immunity, Due Process, negligence Claims for  Snyder, Granholm and Asbenson and that the Sixth Circuit Appellate Court did not grant them.  Moreover, given the Sixth Circuit Appellate Court entered Order and Judgment (ECF Nos. 72, 73), that is binding on the District Court, "…. REMAND for further proceedings consistent with this order.". This District Court cannot now grant the Former Governors Granholm and Snyder Eleventh Amendment Immunity, Due Process, negligence against Plaintiff's Claims.

No. 23-1134

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

OWEN W. BARNABY,

    Plaintiff-Appellant,

v.

STATE OF MICHIGAN; GRETCHEN WHITMER, Governor;
MCKINLEY R. ELLIOTT, Attorney; JAMES T. MCGOVERN, Attorney;
KENDELL ASBENSON, (P81747); JEFFREY ROBERT HOLMSTROM,
Attorney; DANA NESSEL, Attorney General; HOLMSTROM
LAW; CITY OF BENTON HARBOR, MI; UNKNOWN PART(Y)(IES),
Named as Title & Insurance Company(s); NILES CHARTER
TOWNSHIP, MI; BOARD OF TRUSTEES OF NILES CHARTER
TOWNSHIP, MI; BERRIEN COUNTY, MI; BERIEN COUNTY BOARD
OF COMMISSIONERS; BRET WITSKOWSKI, Berrien County
Treasurer, in his individual capacity; SHELLY WEICH, Berrien County
Treasurer; LORI D. JARVIS, Berrien County Registrar; LORA L.
FREEHLING, Berrien County Registrar; KATHLEEN CULBERSON,
Berrien County Notary Public; JENNIFER M. GRANHOLM, Former
Governor; RICK SNYDER, Former Governor; DONNA B. HOWARD,
Attorney,

    Defendants-Appellees.

Appeal from the United States District Court
Western District of Michigan, Southern Division
Honorable Robert J. Jonker

**BRIEF FOR DEFENDANTS-APPELLEES STATE OF
MICHIGAN, WHITMER, GRANHOLM, SNYDER, MICHIGAN
SUPREME COURT, ASBENSON & NESSEL**

## STATEMENT OF ISSUES PRESENTED

1.  An appellant abandons all issues not raised and argued in his initial brief on appeal.  Barnaby failed to raise and argue in his brief that the District Court erred in concluding that the State Defendants are immune from suit under the Eleventh Amendment.  Should this Court decline to consider Barnaby's appeal as to the State Defendants where he failed to appeal the dispositive ruling that immunity barred his suit?

2.  Under issue preclusion, a final judgment on the merits of an action precludes a party from relitigating issues of fact or law that were or could have been raised in that action.  This is Barnaby's third federal action subsequent to his 2010 foreclosure proceedings in which he claims his foreclosure was the result of various types of fraud.  Should this Court affirm the District Court's conclusion that it lacked subject-matter jurisdiction based on issue preclusion?

3.  A court may deny leave to amend pleadings where such amendment would be futile.  An amendment is futile where it cannot survive a Rule 12(b)(6) motion to dismiss. Barnaby's proposed third amended complaint did not cure the pleading deficiencies previously identified and the newly proposed judicial defendants would have immunity where they did not act outside of their official or judicial capacities. Should this Court affirm the District Court's denial to amend his complaint a third time where such amendment would be futile?

## INTRODUCTION

This is Owen Barnaby's fourth legal proceeding regarding a 2010 foreclosure on a parcel of real property due to non-payment of taxes. Barnaby named various State Defendants,[1] however, it is difficult to understand exactly what he is contending these State Defendants did relative to his 2010 property foreclosure. Barnaby's second amended complaint alleges that all named Defendants "concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff of his properties by willful and wanton misconduct, of continuous forgeries and intentional wrongful foreclosure." (Second amended complaint, R. 10, ¶ 1, Page # 163.) The second amended complaint neglects to include any specific facts as to what involvement the State Defendants had in the foreclosure of the real property. Instead, Barnaby relies entirely on vague and conclusory allegations. (*Id.*, Page #187–192, 195–196.)

---

[1] Again, the named State Defendants are Attorney General Nessel, Assistant Attorney General Asbenson, former Governor Granholm, former Governor Snyder, Governor Gretchen Whitmer, the State of Michigan, and the Michigan Supreme Court.

While Barnaby continues to file lawsuits, renaming previously named Defendants, adding new defendants, and alleging similar and new claims, the common thread throughout is the 2010 foreclosure of his real property. This appeal stems from the District Court's *sua sponte* dismissal of Barnaby's second amended complaint based upon claim and issue preclusion and because it was devoid of merit. The District Court also dismissed as moot Barnaby's pending motions for default. And the District Court denied Barnaby's motion to file a third amended complaint as futile. The District Court's findings and legal conclusions were appropriate, and this Court should affirm.

## STATEMENT OF THE CASE

### A.   State court foreclosure proceedings.

This is not Barnaby's first cause of action related to the 2010 foreclosure of his real property due to failure to pay his taxes. In 2010, Berrien County and Berrien County Treasurer, Bret Witkowski, "foreclosed on and then sold Barnaby's real property when he failed to pay property taxes." *Barnaby v. Witkowski*, 758 F. App'x 431, 433 (6th Cir. 2018). Two years after his property was sold at auction, Barnaby requested a rehearing arguing he had a partial-payment plan

4

this Court vacated the District Court's decision and remanded upon
finding *Rooker-Feldman* did not apply where Barnaby was not asserting
"that the state-court judgment itself caused his injuries, but that the
defendants' actions in procuring that state-court judgment did." *Id.* at
434 (citing *Barnaby v. Witkowski*, No. 16-1207, 2017 U.S. App. LEXIS
18433 at *2 (6th Cir. 2017).)

On remand and after discovery, in January 2018, the District
Court granted defendants motion for summary judgment concluding,
among other things, that res judicata and collateral estoppel barred the
majority of Barnaby's claims. *Id.* (citing *Barnaby v. Witkowski*, No. 16-
1207, 2017 U.S. App. LEXIS 18433 at *3–6 (6th Cir. 2017).)  Barnaby
filed an appeal to this Court, which entered an order affirming the
District Court's ruling. *Id.* at 431.

Barnaby then filed multiple Rule 60(b) motions for relief from
judgment, which the District Court denied and which this Court
affirmed.  (W.D. Mich., Case No. 1:14-cv-1279, Motions and Orders,
R. 173, 180, 194, 202, 206.)

The District Court adopted the Report and Recommendation and dismissed the case. (Case No. 1:20-cv-00232, Opinion and Order, Page ID # 272.) Barnaby appealed various rulings, such as an unnecessary appeal requesting leave to file his Rule 60(b) motion, but he did not appeal the dismissal order.

## D.   Current federal proceeding.

On October 7, 2022, Barnaby filed the instant lawsuit in the United States District Court for the Eastern District of Michigan against Berrien County Treasurer Bret Witkowski and Berrien County—the defendants in the prior lawsuit. (Complaint, R. 1.) He also named "Michigan State Government," Governor Whitmer, former Governor Granholm, former Governor Snyder, Niles Charter Township, "Niles Charter Township officials," Berrien County Government, Berrien County Board of Commissioners, Berrien County Treasurer Shelly Weich, and "Berrien County Title Company(s) Insurance Company(s)." (Id.)

This new complaint again involved issues related to the 2010 foreclosure of his property. (Id., Page ID # 5.) The District Court granted Barnaby leave to amend his complaint after the Court found

8

that he failed to make any allegations concerning any act or omission by the Defendants. (Order Granting Leave, R. 4, Page ID # 30–32.) Barnaby filed an amended complaint adding the Michigan Supreme Court, the State Bar of Michigan, Attorney General Nessel, Assistant Attorney General Kendell S. Asbenson, and additional Berrien County employees and various attorneys. (Amended Complaint, R. 6.) He then filed a second amended complaint without leave. (Second Amended Complaint, R. 10.)

The District Court for the Eastern District of Michigan then transferred this matter to the Western District observing that the only four defendants with a connection to the Eastern District (Attorney General Nessel, the Office of the Governor of the State of Michigan, the State Bar of Michigan, and the Michigan Supreme Court) had no apparent connection to Barnaby's claims. (Order Transferring Case, R. 11, Page ID # 231.)

On December 14, 2022, the Magistrate filed a Report and Recommendation recommending dismissal of the action *sua sponte* pursuant to Rule 12(b)(1). (Report and Recommendation, R. 16,

Page ID # 9–18.)[2] The Magistrate recommended *sua sponte* dismissal of
Barnaby's complaint for lack of subject matter jurisdiction under *Apple
v. Glenn*, 183 F.3d 477 (6th Cir. 1999), because the allegations in the
complaint are "'totally implausible, attenuated, unsubstantial, frivolous,
devoid of merit, or no longer open to discussion.'" (*Id.*, Page ID # 10–11
(quoting *Apple,* 183 F.3d at 479-80).)

The Magistrate determined that all requirements for claim and
issue preclusion are met. (*Id.* at 14.) The prior state lawsuit in the
Berrien County trial court resulted in a finding of validity of the
foreclosure proceeding and the previous federal lawsuit resulted in a
final judgment on his claims of negligence, fraudulent
misrepresentation, etc. (*Id.*) Further, the addition of defendants and
the claim of a wide-ranging conspiracy did not change the preclusion
analysis where Barnaby's complaint contains mere legal conclusions
without factual content. (*Id.* at Page ID # 14–15.) The forgery
allegations also were rooted in his contention that procedural errors

---

[2] The State Defendants filed a motion to dismiss the second amended
complaint, (*see* motion to dismiss, R. 18, and brief in support, R. 19),
however, these filings post-dated the Magistrate's Report and
Recommendation. The District Court later dismissed the motion as
moot. (Opinion, R. 67, Page ID # 943.)

invalidated the foreclosure process, which "merely seeks to relitigate the state court's judgment. . . ." (*Id.* at Page ID # 15.)

The Magistrate also noted that Barnaby's amended complaint was devoid of merit. She noted that he cited to inapplicable statutes or statutes that do not provide a private right of action. (*Id.* at Page ID # 15–16.) She also found that Barnaby's claims against the State Bar of Michigan, the Michigan Supreme Court, the State of Michigan, the current and former Governors and Attorney General should be dismissed where they have Eleventh Amendment immunity. (*Id.* at Page ID # 16–17.)

In a separate order, the Magistrate denied Barnaby's motion for leave to file a third amended complaint. (Order, R. 62, Page ID # 879.)[3] Barnaby sought leave to add judges and justices, the Michigan Court of Appeals, and a county court, and to expand his complaint to include over a dozen additional counts. (*Id.*, Page ID # 880.) The Magistrate denied the motion based on futility because the proposed new judicial

---

[3] The State Defendants filed a response in opposition to Barnaby's motion for leave to file a third amended complaint. (R. 60, Page ID # 865.)

defendants would all be entitled to immunity. (*Id.*, Page ID # 881–82.)
Barnaby appealed that order. (R. 63.)

The District Court subsequently approved and adopted the Report
and Recommendation, agreeing on every point, (Order approving and
adopting report and recommendation, R. 67, Page ID # 939–42), and
thus denied the motions for default judgment as moot, denied the
appeal of the order denying leave to file a third amended complaint as
futile, and dismissed Barnaby's second amended complaint under *Apple
v. Glenn.* (*Id.*, Page ID # 942-43.)

## STANDARD OF REVIEW

This Court "reviews de novo a district court's dismissal of a
complaint pursuant to Fed. R. Civ. P. 12(b)(1)[.]" *McCormick v. Miami
Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Lovely v. United States*,
570 F.3d 778, 781 (6th Cir. 2009).)

This Court also reviews de novo a district court's application of res
judicata law. *Bates v. Twp. of Van Buren*, 459 F.3d 731, 734 (6th Cir.
2006).

This Court would ordinarily review the denial of a motion to
amend a complaint for an abuse of discretion. *Williams v. City of*

*Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014). "But when the district court has denied leave based on its legal conclusion that amendment would be futile, [this Court will] review whether the proposed amended complaint 'contains "sufficient factual matter, accepted as true, to state a claim to relief that 'is plausible on its face." ' " *Id.* (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)).

## SUMMARY OF ARGUMENT

The Eleventh Amendment has long been interpreted to bar suits by citizens against a state in federal court unless one of three specific exceptions apply. Here, Barnaby sued various state entities and officers but did not allege or argue that his suit was permitted under an exception. Further, he failed to appeal the District Court's ruling that dismissal was appropriate as to the "State Defendants" based on immunity. In addition, the District Court correctly concluded that issue and claim preclusion also applied to bar this matter—Barnaby's third federal lawsuit related to his foreclosure proceedings—proceedings the Berrien County trial court and this Court concluded were valid.

On appeal, Barnaby offers no comprehensible argument as to why the District Court erred in dismissing his claims against State

13

Defendants and denying his motion to file a third amended complaint.

This Court should therefore affirm.

## ARGUMENT

I. **Barnaby's appeal does not challenge the District Court's conclusion that the State Defendants are entitled to immunity and, as a result, that issue is waived and is dispositive.**

As to the State Defendants, the District Court dismissed this matter as devoid of merit based upon their Eleventh Amendment immunity. (Order Approving and Adopting Report and Recommendation, R. 67, Page ID # 942.) Barnaby's appeal does not challenge this finding. "An appellant abandons all issues not raised and argued in its initial brief on appeal." *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006) (citing *United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996).) "[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Id.* (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).) "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *Meridia Prod Liability*

*Litigation v. Abbott Laboratories*, 447 F.3d 861, 868 (6th Cir. 2006)

(citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).)

The Eleventh Amendment generally bars suits in federal court

against states, state agencies, and state officials in their official

capacities, unless an exception applies. *See, e.g., Ex Parte Young*, 209

U.S. 123 (1908); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Pennhurst*

*State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Idaho v.*

*Coeur d'Alene*, 521 U.S. 261 (1997). Immunity applies to both federal

and state law claims. *See Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir.

2005).

Here, as the Magistrate and District Court correctly concluded,

the State of Michigan, and the Michigan Supreme Court and State Bar

of Michigan,[4] as arms of the State, are immune from suit. (*See* Report

and Recommendation, R. 16, Page ID # 16-17 (and cases cited therein);

---

[4] The State Bar of Michigan did not appear in the action before
dismissal, and Barnaby never provided any proof of service or other
evidence that the State Bar of Michigan was properly served.
Barnaby's motion for default simply indicated that the "State Bar of
Michigan was properly served with Summon [sic] and Complaint on or
about December 09, 2022." (R. 28, Page ID # 89.) The District Court
dismissed the motions for default judgments against the State Bar and
other Defendants as moot. (Order Approving and Adopting Report and
Recommendation, R. 67, Page ID # 943.)

Order Approving and Adopting Report and Recommendation, R. 67, Page ID # 942.) So, too, are Governor Whitmer, former Governors Granholm and Snyder, and the Attorney General as state officers sued in their official capacities. (Id.)[5]

Instead of addressing the reasons the District Court found his complaint devoid of merit, his brief contains more conclusory statements that relate to the filing of false affidavits, forged documents, perjury, etc. (Appellant's brief, pp. 44–47.) Because Barnaby did not raise or argue in his brief on appeal that the District Court erred in according the State Defendants immunity, this Court should affirm the court's dismissal of his claims against these Defendants based on the Eleventh Amendment.

A court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of

---

[5] Neither the Magistrate nor the District Court specifically discussed application of the Eleventh Amendment to Defendant Assistant Attorney General Asbenson. This appears to have simply been an oversight, as he too, is entitled to immunity. *See, e.g., Steele-Brown v. Stoddard*, 192 F. Supp. 3d 812, 823 (E.D. Mich. 2016) ("[A] claim asserted against a state employee in his official capacity is functionally equivalent, for purposes of Eleventh Amendment immunity, to a claim asserted against the state itself.") (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999).

## II.   Barnaby's claims against the State Defendants are barred by issue preclusion.

This is Barnaby's third federal lawsuit concerning the same real property at issue in this case. *See, Barnaby v. Witkowski, et al.*, W.D. Mich., No. 1:14-cv-01279, and *Barnaby v. Mayfield, et al.*, W.D. Mich., No. 1:20-cv-00232.  All three of Barnaby's lawsuits are related to the 2010 foreclosure of his real property in the Berrien County trial court. Barnaby's 2014 lawsuit was dismissed with prejudice.[6]  His 2020

---

[6] Specifically, the District Court found that Barnaby's claims were barred by res judicata and collateral estoppel because Plaintiff previously sought relief in state court to overturn the foreclosure and sale of the property in question, and Barnaby later unsuccessfully sought relief in the Michigan Court of Appeals. See *Barnaby v. Witkowski*, No. 1:14-cv-1279, 2018 WL 387961 at *1 (W.D. Mich. Jan. 12, 2018).

lawsuit was dismissed, and the District Court certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.[7]

The doctrine of issue preclusion, sometimes referred to as collateral estoppel, "bars subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009). To apply collateral estoppel, four elements must be satisfied: (1) the precise issue must have been raised and litigated in the prior action; (2) the determination of the issue must have been necessary to the outcome of the prior action; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.* at 589–90.

---

[7] Specifically, the District Court found that Barnaby's claim against the judicial officers that presided over his various state court actions did not present a live case or controversy pursuant to *Cooper v. Rapp,* 702 F. App'x 328 (6th Cir. 2017). It also dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which bars a claim if the source of the plaintiff's injury is the state court judgment.

Here, the four elements are clearly met for collateral estoppel. To the extent Barnaby seeks to relitigate an issue of fact or law asserted in the previous action, such is barred by the doctrine of issue preclusion. The Report and Recommendation, which was adopted by the District Court, explained that the requirement for issue preclusion was satisfied where the prior state lawsuit in the Berrien County trial court resulted in a finding of validity of the foreclosure proceeding and the previous federal lawsuit resulted in a final judgment on his claims of negligence, fraudulent misrepresentation, etc. She further found that the "fact that Barnaby has added numerous other parties to this action who are either in privity with Witkowski and Berrien County or have no factual connection to the 2010 foreclosure does not change [this] analysis." (Report and Recommendation, R. 16, Page ID # 14.)

Barnaby's appeal also appears to challenge that the District Court did not have the required "special circumstances" to issue a *sua sponte* dismissal based on issue preclusion. However, the Supreme Court has held that a District Court may raise the defense *sua sponte* in "special circumstances," including where "a court is on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S.

392, 412 (2000); *see also Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (holding that a District Court may raise res judicata based on its own prior judgment *sua sponte*).

## III.  The District Court properly denied Barnaby's motion to file a third amended complaint where any claims against the proposed new State judicial Defendants were barred by immunity.

After the Magistrate issued a Report and Recommendation recommending that Barnaby's lawsuit be dismissed *sua sponte* due to issue and claim preclusion and because Barnaby's claims were devoid of merit, Barnaby filed a motion to file a third amended complaint. (Motion to Amend, R. 37.)  Because Barnaby had already filed an amended complaint as a matter of course, leave of the court was required for him to file any additional amended complaints.  Fed. R. Civ. P. 15 (a)(2).  A court may deny leave "in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Tuggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule

12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203
F.3d 417, 420 (6th Cir. 2000).

Upon review of Barnaby's proposed third amended complaint, the
Magistrate noted that he was seeking to add two Michigan Supreme
Court Justices, the Michigan Court of Appeals and two of its judges (the
proposed new State Judicial Defendants), and the Berrien County court
and several of its judges, along with additional counts ranging from
negligence to a constitutional right to housing.  (Order Denying Leave
to File Third Amended Complaint, R. 62, Page ID # 880; *see also* Third
amended complaint, R. 36.)  The Magistrate ordered that the motion to
amend be denied because Barnaby's proposed amendment was futile
where it did not cure the issues in the Report and Recommendation for
Dismissal, did not cure the pleading deficiencies previously identified,
and the new judicial defendants, including the proposed new State
Judicial Defendants, would have absolute immunity or Eleventh
Amendment immunity where they did not act outside of their official or
judicial capacities.  (*Id.* at Page ID # 881.)  The District Court agreed
the amendment was futile and denied Barnaby's appeal of the

21

Magistrate's order.  (Order approving and adopting report and recommendation, R. 67, Page ID # 941–42.)

A review of Barnaby's proposed third amended complaint confirms the District Court's ruling that Barnaby failed to include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

First, as to the existing State Defendants, Barnaby failed to plead any new or additional facts in avoidance of Eleventh Amendment immunity.  And second, the proposed claims against the Michigan Court of Appeals, as an arm of the State, are likewise barred by the Eleventh Amendment.  *See, e.g., Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 762-64 (6th Cir. 2010) (Michigan Supreme Court and its lower courts operate as arms of the state and are entitled to the same sovereign immunity as the State of Michigan.)  Similarly, the individual Michigan Supreme Justices and Court of Appeals judges are entitled to Eleventh Amendment immunity as state officials acting in their official capacities, or to absolute judicial immunity for acts taken in their judicial capacities.  *See, Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir.

2004) ("judicial immunity protects judges from suit for all actions which 'aris[e] out of the performance of their judicial functions,' with the exception of actions taken 'in the clear absence of all jurisdiction.'") (citation omitted). Thus, Barnaby's attempt to add additional claims against the existing State Defendants and to add the proposed new State Judicial Defendants, is futile.

23

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, State Defendants-Appellees

Attorney General Dana Nessel, Assistant Attorney General Kendell S.

Asbenson, former Governor Jennifer Granholm, former Governor Rick

Snyder, Governor Gretchen Whitmer, the State of Michigan, and the

Michigan Supreme Court, request that this Court affirm the District

Court's dismissal of Barnaby's claims against the State Defendants.

Respectfully submitted,

/s/ Kimberly K. Pendrick
Kimberly K. Pendrick (P60348)
Assistant Attorney General
Counsel of Record
Attorney for Defendants-
Appellees State of Michigan,
Whitmer, Granholm, Snyder,
Michigan Supreme Court,
Asbenson & Nessel
Civil Rights & Elections Division
3030 W. Grand Blvd., 10th Floor
Detroit, MI 48202
(313) 456-0067
pendrickk@michigan.gov

Dated:  May 30, 2023