# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,  )

    Plaintiff- Appellant  )

        Vs.  ) Hon. Robert J. Jonker

            ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees  ) Case No. 1:22 -CV- 1146

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659  | PendrickK@michigan.gov

1

**PLAINTIFF'S  RESPONSE MOTION  IN OPPOSITION TO,
CITY OF BENTON HARBOR'S  MOTION TO DISMISS**

**AND WITH CROSS-MOTION FOR SUMMARY JUDGMENT**

Come now Plaintiff, In Pro Se, Owen W. Barnaby, with his request that, this Your

Honorable Court, **Deny,** Defendant the City of Benton Harbor ("Benton Harbor"), Motion to

Dismiss under Federal Rule of Civil Procedure 12(b)(6),  as moot. See Sixth Circuit Order and

Judgment (ECF Nos. 72, 73).

Second that Defendants are properly Defaulted, see Default (ECF Nos 32, 75, 95, 124)

and Default Judgment (ECF Nos 31, 77, 81, 88, 100), per controlling laws: Fed. R. Civ. P. 55

(a)(b)(1)or(2); Fed. R. Civ. P. 1; and Fed. R. Civ. P. 12 (a)(2) (b)(1)(A).

Third, as there are no genuine disputes of material fact, Plaintiff's Summary Judgment is

proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

Lastly, Plaintiff has set forth more fully in the accompanying brief.


Respectfully Submitted,


Dated:  March  11, 2023,                    \S/ Owen W. Barnaby

                                         Owen W. Barnaby, In Pro Se



Respectfully Submitted,

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
| Plaintiff- Appellant | ) |
| | |
| Vs. | ) Hon. Robert  J.  Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
| Defendants- Appellees | ) Case No. 1:22 -CV- 1146 |

### PLAINTIFF'S BRIEF IN OPPOSITION TO,

### DEFENDANT THE CITY OF BENTON HARBOR'S
### BRIEF IN SUPPORT OF MOTION TO DISMISS,
### AND
### <u>PLAINTIFF'S CROSS- BRIEF IN SUPPORT OF SUMMARY JUDGMENT</u>

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................... iii

CONCISE STATEMENT OF ISSUES PRESENTED AND MOST CONTROLLING
AUTHORITY ................................................................... vii, viii

**I. INTRODUCTION** .......................................................... 1, 2

**II. STATEMENT OF FACTS** ............................................... 2-9

**III. LEGAL STANDARD**....................................................10-12

**IV. ARGUMENT** ............................................................. 13-27

A. RESPONSE TO:       Mr. Barnaby has not alleged any plausible basis for liability
against Benton Harbor for damages arising from the foreclosure or the alleged
wrongdoing during the prior lawsuits…………………………………………13, 14.

   1.  RESPONSE TO:  All claims for damages arising from the 2010 foreclosures are
time-barred. ………………………………………………………............ 14

   2.  RESPONSE TO:  Mr. Barnaby is judicially estopped from raising claims in this
lawsuit for damages from the 2010 foreclosure. ....................................... 15

   3.  RESPONSE TO:  The Third Amended Complaint must be dismissed as to Benton
Harbor because Mr. Barnaby has not pleaded any facts to show that Benton Harbor
was involved in the foreclosure proceedings or the prior lawsuits. .......................... 15

B. RESPONSE TO:       Counts II, VIII, XII, XIII, XIV, XV, and XVI must be dismissed
because those claims have no private cause of action. ............................... 16-19

C. RESPONSE TO:       Benton Harbor is entitled to tort immunity under the Government
Tort Liability Act. ..................................................................... 19-20

D. RESPONSE TO:       The Third Amended Complaint fails to demonstrate a showing of
liability for constitutional violations under *Monell v. Dep't of Soc. Servs.* ……….…… 20

E. RESPONSE TO:       The Third Amended Complaint must be dismissed as to Benton
Harbor because it does not state a claim to relief that is plausible on its face, even
considering the liberal pleading standards afforded to pro se plaintiffs. ................... 21-27

   1.       RESPONSE TO:       The tort claims fail to state a claim for which relief can be
granted…………………………………………………………………... 21

ii

*Count VII: Fraud by Misrepresentation.* Fed. R. Civ. P. 9(b) ………………...21

Count XI: Intentional Infliction of Emotional Distress and Emotional Harm.  22

2.      RESPONSE TO:      The Constitutional claims fail to state a claim for which relief can be granted. ........................................................................................ 24

*Count V: Equal Protection Under the Law.* ………………………………………... 25

*Count VI: The "Right to Government Services and Right to Use Public Facilities." 42 U.S.C. § 2000(a)*………………………………….....…….………. 25.

*Count XII: "Unlawful Detentions of Properties."* Count XII appears to be a claim under the Fourth Amendment……………………………………………... 26.

**V. CONCLUSION** ........................................................................................ **27**

**Certificate of compliance** …………….…………….........................................
**Certificate of Service** ....................................................................................
**District Court's Supplemental Relevant Documents** ………………………..

## <u>INDEX OF AUTHORITIES</u>

**Cases**                                                                                           **Page**

Arizona v. California, 530 U.S. 392, 412 (2000)…………………………………..…………………

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020)…….….……………….…...……1-27

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017) …...........................................1-27

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) .................................1-27

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit ……………………..…………1-27

Barnaby v. Witkowski, 1:14-cv-1279  ……………………………………...……………1-50

Erickson v. Pardus, 551 U.S. 89, 94 (2007)……………….....................……………..………. 21

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)………………..………………...

Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019) …………1-27

**Statutes**

42 U.S.C. § 1983......................................................................................................................1-27

42 U.S.C. §2000…………………………………………………………………….…………1-27

Mich. Comp. Laws § 691.1401...............................................................................................1-27

Mich. Comp. Laws § 691.1401(b) ..........................................................................................1-27

Mich. Comp. Laws § 691.1407(1) ..........................................................................................1-27

Mich. Comp. Laws § 691.1407(2) ..........................................................................................1-27

Mich. Comp. Laws § 691.1407(5) ..........................................................................................1-27

Forgery Mi. Comp. Laws Ann. § 750-248…………….…………………………….........…..1-27

Forgery Mi. Comp. Laws Ann.  § 750-249 …………………………………….…..…………1-27

MCL 211.27(a)…………………………………………………………………....…….….………

Mich. Comp. Section 141.1549 and Act 436 of 2012 …………….……………..…………1-27

**Rule**

LCivR 7.1(d) …………………………………………………………..…….…………..…….

Fed. R. Civ. P. 1…………………………………………………………...……………......1-27

Rules MCR 2.105: (A)(1)(2). ………………………………………………….…

(G)(1); (I)(1); (K)(3) …………………………………………………………….………

Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B). …………………………………….……

Federal Rules Fed. R. Civ. P. 4: (e)(1)(2)(B)(C) ……………………………………………...……….

Federal Rules Fed. R. Civ. P. 4: (j)(2)(A)(B) ……………………………………..……..…………….

Fed. R. Civ. P. 4(h)(1) (A)(B), or (2) …………………………………………………………………….

Fed. R. Civ. P. 4(e)(1)(2)(B)(C) ………………………………………………………………..…….

Fed. R. Civ. P. 4(j)(2)(A)(B). …………………………………………………………………………..

MCR 2.105 ………………………………………………………………………………………………

Mich. Ct. R. 2.105 (A) (1) (2),  ……………………….…………..……………………………………

Mich. Ct. R. 2.105 (G) (1) ………………………………………..…………………………………

Mich. Ct. R. 2.105 (I) (1) ……………………………………………………………………………

Mich. Ct. R. 2.105 (k) (3) ……………………………………………………………………………

Michigan Court Rule 2.105(A) (2) ……………………………..……………………………

District Court's Local Rules Service Handbook ……………………………………………………

Fed. R. Civ. P. 12 ..................................................................................................................

Fed. R. Civ. Proc. 12(b)(6) Failure to state a claim upon which relief can be granted.

Fed. R. Civ. Proc. 12(b)(1) lack of subject-matter jurisdiction;

Fed. R. Civ. P. 15(a)(1), ……………………………………………………..……………

Fed. R. Civ. P. 15(a)(2) ……………………………………………………...……………

Fed. R. Civ. P. 12(a)(1)(A)(i) ………………………………………………………………….

Fed. R. Civ. P. 55:(a), (b)(1)(2) ………………………………………………….

Fed. R. Civ. P. 55:(a)………………………………………………………….……

## Doctrines

The doctrine of the law of the case …………………………...…………………………………

The law of the case doctrine ………………………………………….……………………………...

Rooker-Feldman Doctrine ………………………………...………………………………………

Res judicata Doctrines …………………………..……………………………………………...

## Laws

42 USCS 1983...................................................................................................................

18 U.S.C. Section 1341…………………………………...………………………………...

28: USC § 1331 ………………………………………………………………………...

28: USC § 1332 ………….…………………………….………………………...

28 U.S.C. § 1291……………………………………..…………………... ……………….

First Amendment ……………………………………………………………………..

Fourth Amendment …………………………………………….............................

Fifth Amendment ……………………………………………….………………………..

 Fourteenth Amendment ……………………………………………………………..

Eleventh Amendment …………………………………………………………………..

Qualified immunity ……………………………………….…………………………………

Full Faith and Credit Act ……………………………………………….………

(1), Freedom to Redress from Retaliation …………...………………………..…. 1- 27
(2), Right to a Fair Trial   &  Right to a Trial by Jurors/Juries ……………………. 1- 27
(3), Gross Negligence ……………………………….....…..……………………......... 1- 27
(4), Due Process …………………………………………………………...…………1- 27
(5), Equal Protection of the Laws ………………………………….……………... 1- 27
(6), The Right to Government Services,  and The Right to Use Public Facilities -
(7), Fraud ………………………………………………………………………….……. 1- 27
(8), Freedom of Movement and Freedom from Torture ……………………….…… 1- 27
(9), Damages to personal property …………………………………………..……. 1- 27
(10), Theft and Conversion of personal property …………….…....………….…… 1- 27
(11), Intentional infliction of emotional distress and Emotional harm …………… 1- 27
12), Unlawful Detention of Properties ……………………………….…............….. 1- 27
(13), The right to gainful employment, and Safety from harassment…….………. 1- 27
(14), Rights Given Plaintiff by the State of Michigan ……………………….……..1- 27
(15), Whistleblowing ………………….……………………………………...…. 1- 27
(16), The Right to Housing  & Liberty Live and Happiness' ………….. …....…….. 1- 27

## Statement Regarding  Oral Argument

Plaintiff does not believe that Oral Argument is necessary to Deny Defendant's futile

moot motion to dismiss Plaintiff's Complaint.

# EXHIBITS of Record

EXHIBIT A    **Forgery** Documents                                          ID.560-563
EXHIBIT B           Barnaby's Affidavit                                     ID. 564-569
EXHIBIT C           Knowledge/Not Protect Against Illusory Truth            ID.770-779
EXHIBIT D           Dr Bulgin Expert Report                                 ID. 580-588
EXHIBIT E           Dr. Payne Expert Report                                 ID.589-607
EXHIBIT F           Paid in Full Niles Properties 2007 Tax Receipt          ID.608-609
EXHIBIT G           Appraisal Report at $12,000.00                          ID.610-635
EXHIBIT H-1 Opinion #1 of  Sixth Circuit Court                              ID.636-640
EXHIBIT H-2 Opinion #2 of  Sixth Circuit Court                              ID.741-643
EXHIBIT H-3 Judgment of Sixth Circuit Court                                 ID.644-645
EXHIBIT I-1 Witskowski's **Perjury Deposition.**                            ID.646- 686
EXHIBIT I-2  Witskowski's Deposition.                                       ID.687-694
EXHIBIT I-3  Witskowski's Deposition.                                       ID.695-708
EXHIBIT I-4  **UPL & Foreclosure Judgment-August 18, 2010,**                ID.709-714
EXHIBIT J           State Michigan Bar Letter                               ID.715-716
EXHIBIT K           Judgement &  **Forgery** Order                          ID.717-723
EXHIBIT L-1         Attorney Holmstrom's **Forgery** Brief                  ID.724-726
EXHIBIT L-2         Attorney Holmstrom's **Forgery** Brief                  ID.727-729
EXHIBIT L-3            Attorney Holmstrom's **Forgery** Brief               ID.730-734
O            Witskowski's **Willful False Affidavit/Perjury**               ID.756-758
EXHIBIT W-1             Sixth Circuit Order (ECF Nos. 72)                    ID.000-000
EXHIBIT W-2             Sixth Circuit Judgment. (ECF Nos. 73)                ID.000-000
EXHIBIT W-3           Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95)           ID.000-000
EXHIBIT W-4           Magistrate's Order (ECF Nos. 91)                       ID.000-000
EXHIBIT W-5           Plaintiff's Default /Brief (ECF No. …)                 ID.000-000
EXHIBIT W-6             Barnaby's Affidavit                                 ID. 00-000
EXHIBIT W-7             Notice from Clerk  (ECF Nos. 84)                     ID.000-000
EXHIBIT W-8            Proof Service of Sommons  Receipts                    ID.000-000
EXHIBIT W-9            Attorney Hackworth Job Description                    ID.000-000
EXHIBIT W-10            Request or Motion for Default Judgment               ID.000-000
EXHIBIT W-11           Attorney Holmstrom's Personal Letter to Judge        ID.000-000
EXHIBIT W-12           Electric receipt that further Proofs Proper Service   ID.000-000
EXHIBIT W-13           Proof of  Holmstrom Defendants Service rejection      ID.000-000
EXHIBIT W-14           District Court's Service Handbook                     ID.000-000
EXHIBIT W-15          Mr. Hackworth, Authorized by Appointment or by Law    ID.000-000
EXHIBIT W-16            ……………………………………….                                      ID.000-000
EXHIBIT W-17           PLAINTIFF'S STIPULATION OFFER                        ID.000-000
EXHIBIT W-20        Default-Judgments (ECF Nos. 28,31,32,75,77,81,88,95,124) ID.000-000
EXHIBIT W-21        Defendants' Berrien County, Benton Harbor conspiracies  ID.000-000
EXHIBIT W-22        Conspiracy not to prosecute the other Defendants        ID.000-000
EXHIBIT W-23                                                                 ID.000-000

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**
*Authority*:

Plaintiff's Opposition and Cross-Motion for Summary Judgment: Fed. R. Civ. P. 56(a);

Fed. R. Civ. P. 55: (a)(b)(1)(2);  Fed. R. Civ. P. 12(a)(1)(A)(i);  The doctrine of the law of the

case; The law of the case doctrine; Res Judicata and or Collateral Estoppel ; "General Property

Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA;  Forgeries "(Mi. Comp.

Laws Ann. § 750-248    § 750-249.)";  "Conspiracy, act 328 of 1931 750.157a", Unauthorized

Practice of Law, "(MCL 600.916 and MCL 450.681)";  First, Fourth, Fifth-takings clause,

Fourteenth-Section I, of the Amendments;  Civil Rights Acts of 42 U.SA. §1983;  42 U.S.C.

§2000;  Fed. R. Crim. P. 41,  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001);

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006); Tyler v. Hennepin County,

Minnesota, et al, (No. 22–166–Decided May 25, 2023); Rafaeli, LLC v Oakland County Case

No. 156849, July 17, 2020.

# I.  INTRODUCTION

Plaintiff  filed his Second and Third Amended Complaints-(ECF Nos. 10,36), and the

District Court entered Order and Final Judgment-(ECF Nos. 67,68) disposed of them. Plaintiff

appealed to the Sixth Circuit Appellate Court-(ECF Nos. 69,72 and 73) , and it affirmed in part

and remand in part. The Sixth Circuit Appellate Court remand Order and Judgment that is

binding on the District Court, states as follows:

> "Barnaby filed a second amended complaint against Berrien County, Michigan,
> Berrien County Treasurer Bret Witkowski, and over 20 other defendants, alleging that
> they conspired to steal and defraud him of property that he owned in Berrien County. He
> alleged that the defendants accomplished this by forging documents and pursuing
> wrongful foreclosures. Barnaby also alleged that other defendants should have allowed
> him to pay delinquent taxes that he owed on several properties before foreclosing on
> them. He contended that Michigan Attorney General Dana Nessel and Michigan
> Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and
> refused to prosecute crimes that the defendants committed. And Barnaby alleged that the
> State Bar of Michigan overlooked evidence and refused to act on his formal complaint
> that Witkowski had engaged in the unauthorized practice of law, and that the Michigan
> Supreme Court relied on forged documents to uphold a foreclosure. Barnaby set forth
> numerous legal claims based on these allegations, contending that the defendants forged
> documents, did not follow proper foreclosure procedures, committed larceny, and
> engaged in the unauthorized practice of law, in violation of Michigan law; seized
> property in violation of the Fourth, Fifth, and Fourteenth Amendments; and violated the
> Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)."

> "…On appeal, however, Barnaby argues that he could not have raised his claims
> previously because they are based on forged documents that were submitted during prior
> state and federal proceedings and various false statements that the defendants made
> during those proceedings. Barnaby made this same argument in his objections to the
> magistrate judge's report and recommendation. And in his second amended complaint,
> Barnaby alleged that Witkowski and Berrien County committed forgeries and other
> unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are
> continuous," that the defendants mailed and emailed forged documents in October 2017
> and on July 20, 2022, and that Witkowski testified fraudulently during a September 25,
> 2017, deposition…"

> "We review default-judgment decisions for an abuse of discretion. Prime Rate
> Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court
> found that its dismissal of the second amended complaint mooted Barnaby's motions for
> default judgment. Because the district court erred in dismissing the second amended
> complaint, however, it also erred in finding that the motions for default judgment were
> moot." "**…VACATE** the judgment in part, and **REMAND** for further proceedings

consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023,  Page: 6).

Plaintiff moved the District Court following remand for Defaults and Default Judgments-(ECF Nos. 28,31,32,75,77,81,88,95 and 124, against the Defendants pursuant to the Sixth Circuit Court's Order and Judgment (ECF Nos. 72, 73). But the District Court entered Orders-(ECF Nos. 91, 96, 127, 131 and 140), Denied Plaintiff Defaults and Default Judgments in violations of the Sixth Circuit Court's Order.  Now, Plaintiff response to Defendant's Benton Harbor Motion for dismissal, with Cross-Motion for Summary Judgment.

## II.  STATEMENT OF FACTS

Defendant concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of other Berrien County property owners of their properties, wittingly by Conspiring to commit, forgery to defraud, steal, inclusive of unauthorized practiced  of law, retaliations, and discriminations in the advancement of  their gentrification agenda.  Defendant City of Benton Harbor and State of Michigan Governors and Berrien County Defendants are Co-conspirators created, used, or possessed false documents with the intent to use and used them to steal and defraud Plaintiff of his real properties: parcel # 51-5000-0006-00-4 aka 931 Colfax,  parcel # 51-5000-0007-00-1 aka, 941 Colfax,  parcel # 11-51-0801-0075-00-8 ask 189 Apple Ave, parcel # 11-52-7500-0002-00-6 aka 272 Pipestone St.; parcel # 11-52-7500-0003-00-2 ask 272 Pipestone St.; parcel # 11-52-0019-0071-02-5 aka 272 Pipestone Street, 235-239 Pipestone parcels, which Forgeries spanned from August of 2013 to present. And Plaintiff's, property located in the Niles Charter Township, parcel# is, 11-14-0112-0011-17-4/ 2116 S. 15th Street.

Notwithstanding that Defendants, City of Benton Harbor and State of Michigan Governors and Berrien County Defendants should have allowed him to pay delinquent taxes that he owed on his properties before foreclosing on his same properties; with the $36,000.00 owed to Plaintiff from the Niles Charter Township, parcel# is, 11-14-0112-0011-17-4/ 2116 S. 15th Street.  Moreover, Defendant – Bret Witskowski Treasurer testified in deposition of his wide-ranging conspiracy, repeated throughout his complaint, involving "an evil plot and an elaborate scheme involve Defendant City of Benton Harbor to demolished Plaintiff's properties in furtherance of their gentrification to steal and defraud Plaintiff" of his properties. The conspiracy and or conspiracy of silence an agreement superglue holding between Treasurer Bret Witskowski and  the Benton Harbor—State of Michigan, Governors, conspiracy and or conspiracy of silence agreement to demolished Plaintiff's 235-239 Pipestone parcels in violations of Plaintiff's due process. " <u>7 Q Is that also your understanding that 235 Pipestone is 8 demolished? 9 **A Was that the yellowish brick one?**</u> 10 Q 235 Pipestone. 11 **A I'm trying to remember. You're asking me, I'm just** 12 **asking if you can tell me what it looked like.** 13 Q Yes. I want to believe so, yes. …..17 Q My question, is it true that you did demolish? 18 **A Is that the one you put all the signs on?** 19 Q Yes.  20 **A Yes, that's demolished because it was imploding, we** 21 **had to do an emergency demo.** 22 Q My question, and it is your testimony that that is not 23 because I chose to get paid for the Niles property? 24 **A They were foreclosed on because you refused to pay the** 25 **taxes.** 2 **A The demolition was in concordance with the City of** 3 **Benton Harbor Commission that asked for those to be** 4 **tore down with high priority, of which I had approved."**

The city of Benton Harbor Defendant motion and supporting brief omitted that Plaintiff did not lose his 235-239 Pipestone properties due to unpaid properties back taxes nor

foreclosure Plaintiff 's, but to Defendants Forgery, Retaliation, Conspiracy, Fraud, Theft, Coverup that demolished them in violation of Plaintiff's due process. In addition, the Motion and Brief omitted, given the facts that: **1).** Defendants owed Plaintiff according to its Appraised $12, 000, times three for theft equal **$36, 000.00**, for his Niles Property. **2)**. Their demolishing of Plaintiff's 235-239 Pipestone parcels by Forgery, Retaliation, Conspiracy, Fraud and in violation of his due process, that cost to rebuild it is **$619,851.00**. As such, Defendants City of Benton Harbor and State of Michigan Governors who oversaw the City then, owed Plaintiff **$619,851.00** for his 235-239 Pipestone property that they conspired and demolished by acts of forgery and in violations of Plaintiff's constitutional due process rights.

Defendant –Witskowski, Treasurer of Berrien County, testified in his deposition that he conspired with Defendant City of Benton Harbor to demolished Plaintiff's properties in violation of his due process. Again, Plaintiff did not lose his 235-239 Pipestone parcels because of failure to pay properties taxes, but because of Defendants' retaliations against Plaintiff and their gentrification agenda that targets Plaintiff. See deposition transcripts below:

**<u>Treasurer Witskowski's Deposition at Page #67</u>**

18 BY MR. BARNABY:
19 Q Okay. So that is -- I'm done.
20 Now, I want to transition to something else.
21 My question is with respect to 931 Colfax. Are you
22 familiar with 931 Colfax?
23 **A Was that a light tan brick building?**
24 Q That was a white house.
25 **A A house?**

**<u>Treasurer Witskowski's Deposition at Page #121</u>**

1 Q Is it also correct that 9 -- I'm sorry -- that 189

4

2 Apple is demolished?

3 **A I think so, but I don't know for sure.**

4 Q 189 Apple Street is demolished. So you say you think

5 so but you're not sure?

6 **A I don't know that.**

7 Q Is that also your understanding that 235 Pipestone is

8 demolished?

9 **A Was that the yellowish brick one?**

10 Q 235 Pipestone.

11 **A I'm trying to remember. You're asking me, I'm just**

12 **asking if you can tell me what it looked like.**

13 Q Yes. I want to believe so, yes.

14 MR. HOLMSTROM: Was it residential or

15 commercial?

16 BY MR. BARNABY:

17 Q My question, is it true that you did demolish?

18 **A Is that the one you put all the signs on?**

19 Q Yes.

20 **A Yes, that's demolished because it was imploding, we**

21 **had to do an emergency demo.**

22 Q My question, and it is your testimony that that is not

23 because I chose to get paid for the Niles property?

24 **A They were foreclosed on because you refused to pay the**

25 **taxes.**

**Treasurer Witskowski's Deposition at Page #122**

1 Q And the demolition has nothing to do with that?

2 **A The demolition was in concordance with the City of**

3 **Benton Harbor Commission that asked for those to be**

4 **tore down with high priority, of which I had approved.**

13 Q Where do you get money from to demolition a building?

14 **A Most of it's from the foreclosure fund.**

15 Q So from where the rest from?

16 **A We may have received grants over time period.**

17 Q From where?

18 **A The State and the Federal.**

19 Q State and the Federal. And what are the name of those

20 grants?

21 **A We have received City of Promise. We have received**

22 **Neighborhood Stabilization No. 1, Neighborhood**

23 **Stabilization No. 2, all of which would not allow us**

24 **to remove commercial properties only residential.**

25 Q Okay. So those monies, are those monies just to demo

**Treasurer Witskowski's Deposition at Page #123**

1 property or are they also to refurbish property?
2 **A Only for demolition.**
3 Q Do you have any grant, anything from your office that
4 helps to stabilize in terms of fix up a building that
5 could be fixed?
6 **A No. The City of Benton Harbor does.**
7 Q Do you work with City of Benton Harbor to get those
8 grants?
9 **A No.**
10 Q Is that correct?
11 **A No, I don't, they do their own.**
12 Q Those property that were demolitioned, what role does
13 your office play?
14 MR. HOLMSTROM: Are you referring to which
15 property, 931?
16 BY MR. BARNABY:
17 Q 931. 931, 941, 189 Apple.
18 **A Well, when they're in Berrien County's name the County**
19 **has the right to do with them whatever they want. In**
20 **this case we worked with the City to identify high**
21 **priorities of which all those were high priorities for**
22 **the City to tear down.**
23 Q Fair. Are you aware that months ago those property
24 has been through city inspection and passed city
25 inspection?

### Treasurer Witskowski's Deposition at Page #124

1 MR. HOLMSTROM: What date are you talking
2 about?
3 BY THE WITNESS:
4 **A Do you have any proof?**
5 **MR. BARNABY: In 2013.**
6 **A Do you have anything to prove it?**
7 Q The city record will.
8 **A Shows you how bad the city is because I got it where**
9 **they wanted it tore down.**
10 Q So --
11 **A And voted on it by a commission.**
12 Q We will explore that.
13 **A There's nothing to explore, I got it.**
14 Q So what you're saying is that those property was in
15 your possession?
23 Q Let's deal with 931 Colfax. Do you know that property
24 was purchased through your county tax sale?

6

25 **A You bought a lot through the county tax sale including**

**<u>Treasurer Witskowski's Deposition at Page #125</u>**

1 **Niles for $50.**
2 Q For how much?
3 **A $50.**
4 Q How much did I pay for the house?
5 **A Fifty.**
6 Q And that's your testimony. Are you sure about that?
7 **A No, I'm not sure.**
8 Q Okay. But you just say --
9 **A You were pretty good at coming to the auctions and**
10 **paying other people's foreclosed property, it never**
11 **bothered you one bit.**
12 MR. HOLMSTROM: Is there a question on the
13 floor?
14 BY MR. BARNABY:
15 Q Yes, it is.
16 MR. HOLMSTROM: What's the question?
17 BY MR. BARNABY:
18 Q You mentioned that the $50 for the Niles property.
19 Are you stating the $50 because in your mind it's
20 worth nothing? Or are you stating it because it's a
21 fact?
22 **A I think it's ironic that you're suing us for**
23 **foreclosing when that's how you make a living off of**
24 **foreclosed people.**
25 Q Okay. Okay.

**<u>Treasurer Witskowski's Deposition at Page #126</u>**

1 **A And you're getting your due.**
2 MR. HOLMSTROM: I think his question was
3 whether or not you recall the price.
4 BY THE WITNESS:
5 **A No, I don't recall the price.**
6 **BY MR. BARNABY:**
7 Q Before you mention that, first you said it was worth
8 nothing and now you said I bought it for $50.
9 **A So?**
10 Q Your answer is so?
11 **A So what.**
12 Q So what? Okay.
13 **A I know you bought it at an auction sale. Someone else**
14 **lost it and it didn't bother you.**
15 Q Fair enough. Back to 931 Colfax. Is it also true

7

16 that I purchased 931 Colfax at the auction as well?
17 **A I don't know.**
21 Q Are you not aware that there were inspection on 931
22 Colfax months before you tore that property down?
23 **A No.**
24 Q Passed inspection in town?
25 **A Doesn't -- it speaks on Benton Harbor's inspection of**


### Treasurer Witskowski's Deposition at Page #127

1 **property, it speaks for nothing.**
2 Q So are you doing anything with that at all?
3 MR. HOLMSTROM: Objection.
4 BY THE WITNESS:
5 **A Their inspection process is poor by their own**
6 **admission.**

The discovery will prove to the Court that Plaintiff's did not lose his 235-239

Pipestone parcels to unpaid property taxes, but by their, wide-ranging conspiracy, repeated

throughout Plaintiff's Second, Third and Fourth Amended complaints, involving "an evil plot

and an elaborate scheme to steal and defraud Plaintiff" of his properties. (ECF No. 36 at

PageID.183.)  Treasurer Witskowski's Deposition supporting fact proved Plaintiff's Second,

Third and Fourth Amended complaints wide-ranging conspiracy or evil plot and an elaborate

scheme to steal and defraud Plaintiff" of his properties.


In addition, Plaintiff contends that his Benton Harbor Properties were on two main

essential  streets, Colfax, and Pipestone. Plaintiff used his properties for his livelihood and to

help improve the residents of Benton Harbor. Example Plaintiff work close with the

Honorable Rev. Edward Pinkney a civil right leader who have the residents of Benton Harbor

best interest at heart. The Honorable Rev. Edward Pinkney is often falsely  imprisoned just

for looking out for the residence of Benton Harbor.

Lastly, Defendant City of Benton Harbor and State of Michigan Governors and Berrien County Defendants conspired and demolished his properties which many had recently passed inspection and  his 235-239 Pipestone parcels had nothing to do with failure to pay property taxes, but because of Defendants' discriminations and retaliations against Plaintiff and their gentrification agenda that targets Plaintiff and demolished his properties. When Plaintiff asked about his 235-239 Pipestone parcel, the Berrien County Defendants connects their conspiracy with the Defendant City of Benton Harbor and State of Michigan Governors Defendants, " 7 Q Is that also your understanding that 235 Pipestone is 8 demolished? 9 **A Was that the yellowish brick one?** 10 Q 235 Pipestone. 11 **A I'm trying to remember. You're asking me, I'm just** 12 **asking if you can tell me what it looked like.** 13 Q Yes. I want to believe so, yes. …..17 Q My question, is it true that you did demolish? 18 **A Is that the one you put all the signs on?** 19 Q Yes.    2 **A The demolition was in concordance with the City of** 3 **Benton Harbor Commission that asked for those to be** 4 **tore down with high priority, of which I had approved."**

The Defendant City of Benton Harbor and State of Michigan Governors Defendants conspired with the Berrien County Defendants to unlawfully demolished Plaintiff's properties, with "high priority", in violation of his due process and other rights. Moreover, Plaintiff did not lose his 235-239 Pipestone Property due 2013 foreclosure, but to, City of Benton Harbor, State of Michigan Governors and Berrien County Defendants' conspiracies forgery, fraud, retaliation, discrimination, thievery, and conspiracy to coverup their unlawfully demolitions of Plaintiff's properties.

### III. LEGAL STANDARD.

1.                    **Fed. R. Civ. P. 55 - Default Judgment; Fed. R. Civ. P. 12(a)(1)(A)(i).**

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the

clerk must enter the party's default.

> Fed. R. Civ. P. 12 (a)(1)(A), MIWD, "YOU ARE HEREBY SUMMONED and required
> to serve upon plaintiff, an answer to the attached complaint or a motion under Rule 12 of the
> Federal Rules of Civil Procedure within 21, days after service of this summons on you (not
> counting the day you received it). If you fail to respond, judgment by default will be entered
> against you for the relief demanded in the complaint. You must also file your answer or
> motion with the Court." (AO 440 (Rev. 01/09) Summons in a Civil Action - MIWD)

**2.   Dismissal for Lack of Jurisdiction over the Subject Matter**

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to

hear a case."

> "Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Such a motion
> may be decided by the court on one of three bases: (1) the complaint alone; (2) the
> complaint and the undisputed facts in the record; or (3) the complaint, the undisputed
> facts in the record, and the court's own resolution of disputed facts. Ynclan v. Dep't of
> the Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing Williamson v. Tucker, 645
> F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that
> jurisdiction does exist falls to the party asserting jurisdiction. Ramming, 281 F.3d at 161.
> The motion to dismiss should only be granted "if it appears certain that the plaintiff
> cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."
> Id. (citation omitted)."

**3.   The Doctrine of the law of the case, The Law of the case doctrine and Res Judicata**

(The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata

and or Collateral Estoppel **The law of the case,** like issue preclusion, or collateral estoppel,

prevents the re-litigation of an issue once there has been a judgment on the merits. Later disputes

concerning that issue are considered foreclosed in any subsequent suit.

**The doctrine of the law of the case** is similar in that it limits re-litigation of an issue once it has been decided, but **the law of the case doctrine** is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages.

"18 Moore's Federal Practice, § 134.20 (Matthew Bender 3d ed.). "The gist of the [law of the case] doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 256 (7th Cir. 1994) (quoting Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991)); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988. "The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United States v. Graham, 327 F.3d 460, 464 (6th Cir. 2003)." Barnaby therefore has forfeited appellate review of those rulings. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)…."

The Sixth Circuit Appellate Court in Its Order and Judgment finds as it relates to Res judicata,  "**Res judicata** bars not only claims that were litigated in a prior action, but also claims that, "should have been litigated in the prior action." Bragg, 570 F.3d at 776 (quoting Bittinger, 123 F.3d at 880)."

**4.  Summary judgment Fed. R. Civ. P. 56(a).**

The law is clear, "Summary judgment is proper if there are no genuine disputes of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether Defendants met its burden for summary judgment, the court views the evidence in the light most favorable to plaintiff and draws all reasonable inferences in his favor. See *Anderson v Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). Fed. R. Civ. P. 56(a) can be met either by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating the nonmovant's evidence itself is insufficient to establish an essential element of the claim. *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986)."

The burden then shifts to the non-moving party to make a showing sufficient to establish the existence of an essential element to his claims. *Id.* To satisfy this burden, the nonmovant

rest on the pleadings, but must show by affidavit or other documentary evidence, specific facts

showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c). A mere scintilla of evidence is

insufficient- "there must be evidence on which the jury could reasonably find for the

[nonmovant]." Anderson v Liberty Lobby, Inc. 477 U.S. 242, 252 (1986).

    <u>Forgery is illegal in Michigan,</u> and occurs when a defendant creates, uses, or possesses a

false document with the intent to use it to defraud someone. (Mi. Comp. Laws Ann. § 750-248

§ 750-249.)

    MICHIGAN PENAL CODE Act 328 of 1931 750.157a Conspiracy to commit offense or
legal act in illegal manner; penalty. Sec. 157a. Any person who conspires together with 1 or
more persons to commit an offense prohibited by law, or to commit a legal act in an illegal
manner is guilty of the crime of conspiracy punishable as provided herein: (a) Except as
provided in paragraphs (b), (c) and (d) if commission of the offense prohibited by law is
punishable by imprisonment for 1 year or more, the person convicted under this section shall
be punished by a penalty equal to that which could be imposed if he had been convicted of
committing the crime he conspired to commit and in the discretion of the court an additional
penalty of a fine of $10,000.00 may be imposed

## 5.  Controlling Laws

Plaintiff's Opposition and Cross-Motion for Summary Judgment: Fed. R. Civ. P. 56(a); Fed. R. Civ.

P. 55: (a)(b)(1)(2);  Fed. R. Civ. P. 12(a)(1)(A)(i);  The doctrine of the law of the case; The law of

the case doctrine; Res Judicata and or Collateral Estoppel ; "General Property Tax Act, P.A. 206 of

1893, and, amended (MCL 211.1 et seq.) ("GPTA;  Forgeries "(Mi. Comp. Laws Ann. § 750-248   §

750-249.)";  "Conspiracy, act 328 of 1931 750.157a", Unauthorized Practice of Law, "(MCL

600.916 and MCL 450.681)";  First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the

Amendments;  Civil Rights Acts of 42 U.SA. §1983;  42 U.S.C. §2000;  Fed. R. Crim. P. 41,

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); McCormick v. Braverman, 451 F.3d

382, 393 (6th Cir. 2006); Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25,

2023); Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020.

### III.  ARGUMENT

**One**, Defendant City of Benton Harbor is properly defaulted because it failed, waived, or forfeited to file an answer to Plaintiff's Second Amended Complaint -(ECF No, 10) or Rule12 Motion moot, and did not appeal to the Sixth Circuit Appellate Court, District Court -(ECF Nos , 35, 56 67, 68), granting until March 13, 2023, to response. As such, Plaintiff warrants Default Nos 32, 75, 95, 124) and Default Judgment Nos 77, 81, 88, 100) against Defendant pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Fed. R. Civ. P. 55: (a)(b)(1)(2)., (The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata and or Collateral Estoppel

**Two,** notwithstanding that Plaintiff warrants entry of Default and Default Judgment-(ECF Nos. 31,32,75,77,81,88,95 and 124), against the Benton Harbor and the State of Michigan Defendants, that forfeited to filed answer to Plaintiff's Second and Third Amended Complaints-(ECF Nos., 10, 36) or a valid rule 12 Motion.  Plaintiff further contends that Benton Harbor's Motion to Dismiss is moot and that his Cross-Motion for Summary Judgment must be Granted as a matter of law Fed. R. Civ. P. 56(a).

**Three,** as Benton Harbor's Motion to Dismiss failed under Fed. R. Civ. P. 12(b)(6) and under the Government Tort Liability Act ("GTLA"), and under Plaintiff's constitutional claims, and under Fed. R. Civ. P. 8 and 9(b). As such, its motion must be denied, and Plaintiff's Cross-Motion for Summary Judgment must be Granted as a matter of law Fed. R. Civ. P. 56(a).

### A.  RESPONSE TO:          Mr. Barnaby has not alleged any plausible basis for liability against Benton Harbor for damages arising from the foreclosure or the alleged wrongdoing during the prior lawsuits.

Plaintiff contends, Benton Harbor's  Argument, that, "Mr. Barnaby has not alleged any plausible basis for liability against Benton Harbor for damages arising from the foreclosure or the

alleged wrongdoing during the prior lawsuits." is moot.  Because it failed to acknowledge the completeness of Plaintiff's, 'Second and Third Amended Complaints -(ECF Nos. 10, 36),  and the 'Fourth Amended Complaint', that.  Defendant –Witskowski, Treasurer of Berrien County, testified in his deposition that he conspired with Defendant City of Benton Harbor to demolished Plaintiff's properties in violation of his due process.  Again, Plaintiff did not lose his 235-239 Pipestone parcels because of failure to pay properties taxes, but because of Defendants' retaliations against Plaintiff and their gentrification agenda that targets Plaintiff.

The City of Benton Harbor Defendant motion and supporting brief omitted that, Plaintiff did not lose his 235-239 Pipestone properties due to unpaid properties back taxes nor foreclosure on Plaintiff , but to Defendants Forgery, Retaliation, Conspiracy, Fraud, Theft, Coverup that demolished them in violation of Plaintiff's due process. In addition, the Motion and Brief omitted, given the facts that:  **1).** Defendants owed Plaintiff according to its Appraised $12, 000, times three for theft equal **$36, 000.00,** for his Niles Property.    **2).** Their demolishing of Plaintiff's 235-239 Pipestone parcels by Forgery, Retaliation, Conspiracy, Fraud  and in violation of his due process, that cost to rebuild it is **$619,851.00**. As such Defendants, City of Benton Harbor and State of Michigan Governors who oversaw the City then, owed Plaintiff **$619,851.00** for his 235-239 Pipestone properties that they conspired and demolished by acts of forgery and in violations of Plaintiff's constitutional due process rights.

As there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**1.   All claims for damages arising from the 2010 foreclosures are time-barred.**

Plaintiff contends that according to the Sixth Circuit Appellate Order-(ECF No. 72), which is

binding on the District Court Claims are not time-barred for relief.

> "Barnaby filed a second amended complaint against Berrien County, Michigan,
> Berrien County Treasurer Bret Witkowski, and over 20 other defendants, alleging that
> they conspired to steal and defraud him of property that he owned in Berrien County. He
> alleged that the defendants accomplished this by forging documents and pursuing
> wrongful foreclosures. Barnaby also alleged that other defendants should have allowed
> him to pay delinquent taxes that he owed on several properties before foreclosing on
> them……. And in his second amended complaint, Barnaby alleged that Witkowski and
> Berrien County committed forgeries and other unlawful conduct "from May of 2010 to
> present," that the "[d]efendants' forgeries are continuous," that the defendants mailed and
> emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski
> testified fraudulently during a September 25, 2017, deposition…"

Given Benton Harbor's role in the conspiracy, Plaintiff must recover from it under all his

claims that he seeks damages from the 2010 and August of 2013 forgery foreclosure and the

unlawful demolitions of his properties inclusive of his 235-239 Pipestone properties, that was

done in violation of his due process.

   As there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he

   is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**2.   Mr. Barnaby is judicially estopped from raising claims in this lawsuit for
   damages from the 2010 foreclosure.**

Plaintiff contends that Benton Harbor's arguments of, "judicially estopped" is both

factually inaccurate and legally moot.  First it omitted and misrepresented the Sixth Circuit

Court's rules. It omitted Sixth Circuit Court's rule in, Barnaby v. Witkowski, No, 16-1207 (6th

Cir. Feb. 17, 2017) in favor of Barnaby, "Rooker-Feldman Doctrine". Then, it omitted and or

misrepresented the Sixth Circuit Court's now rule on Res judicia, for conspiracy; forgery, fraud,

etc. Defendant City of Benton Harbor's Brief also willfully omitted to disclosure in its Brief that,

Plaintiff's lawsuit for damages is also about its conspiracy with the Berrien County Defendants to unlawfully demolish Plaintiff's 235-239 Pipestone properties that were not foreclosed.

As there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**3. The Third Amended Complaint must be dismissed as to Benton Harbor because Mr. Barnaby has not pleaded any facts to show that Benton Harbor was involved in the foreclosure proceedings or the prior lawsuits.**

As demonstrated above factually Benton Harbor-State of Michigan Governors Descendants and the Berrien County Defendants conspired to unlawfully demolish Plaintiff's 235-239 Pipestone properties in violations of his constitutional rights. A conspiracy of silence is an agreement to say nothing about an issue that should be generally known.  See, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA,  Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)", "Conspiracy Act 328 of 1931 750.157a", Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),", secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41

As there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**B.  RESPONSE TO:    Counts II, VIII, XII, XIII, XIV, XV, and XVI must be dismissed because those claims have no private cause of action.**

In consideration of Defendant City of Benton Harbor's conspiracy to commit continuous "fraud" or "forgery" with the Berrien County Defendants to steal and defraud Plaintiff of his properties; Plaintiff's Counts II, VIII, XII, XIII, XIV, XV, and XVI  do have private cause of action against it.  Moreover, Defendant forfeited, filing answer and or a rule12 motion to the Plaintiff's Second Amended Complaint-(ECF No. 10), warrants Plaintiff relief on all Counts. In

addition, because of Benton Harbor's role in the conspiracy, Plaintiff must recover under all his claims that he seeks damages from the 2010 and August of 2013 forgery foreclosure and the unlawful demolitions of his properties inclusive of his 235-239 Pipestone properties, that was in violation of his due process.

Furthermore, Barnaby contends that, Defendants Berrien County and Defendants Holmstrom filed false affidavit, repeatedly made false statements or perjuries in deposition, fraud and illusory truths injured him and deterred the litigation of the unconstitutional takings of his property from adjudication on merit. See Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023) and Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020. Notwithstanding, Defendants sold Barnaby's real properties that taxes were paid in full. Clearly even if the taxes were not paid in full, Defendants' selling Plaintiff's real properties, would have still taken Plaintiff's properties without just compensation in violation of the Takings Clauses of the Fifth Amendment and Michigan Constitution.

The MSC- VI. CONCLUSION  "We hold that plaintiffs, former property owners whose properties were foreclosed and sold to satisfy delinquent real-property taxes, have a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties. This right continued to exist even after fee simple title to plaintiffs' properties vested with defendants, and therefore, defendants' retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of plaintiffs' properties under Article 10, § 2 of our 1963 Constitution…"Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020[1].

Moreover, the US supreme Court Chief Judge Roberts, finds, "The taxpayer must render unto Caesar what is Caesar's, but no more." Because we find that Tyler has plausibly alleged a

---

[1] Plaintiff litigation is ongoing, as such Rafaeli, LLC v Oakland County is available to him for relief.

taking under the Fifth Amendment, and she agrees that relief under "the Takings Clause would fully remedy [her] harm." See, Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023)

Furthermore, Plaintiff's rental properties in the City of Benton Harbor were his employment and they also maintained the properties including the paying of the property's taxes. However, Defendant Berrien County and its Treasurer Witskowski sent retaliation letters to Plaintiff then tenants and caused them to stop paying rent to Barnaby, that also affected the paying of the taxes. As such, the surplus or excess is over $4,600.00 plus the rental loss was more than what was needed to pay in full all Plaintiff's Properties taxes in the City of Benton Harbor and sustain Plaintiff's livelihood. Defendant Treasurer Witskowski, in retaliation threatened Plaintiff that, if he seeks monetary relief for Niles Charter Township property, Plaintiff will lose all his other Benton Harbor Properties. In fact, Witskowski followed through on his retaliation threat, when he stole, and defrauded Plaintiff of his City of Benton Harbor real properties under the false pretense of unpaid properties taxes. Mr. Witskowski knew that, by paying Plaintiff the value of the Niles property; times three for theft at $12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00, remedied any outstanding taxes on Defendant - City of Benton Harbor properties, or even applied the surplus or excess $4,600.00 of Niles Parcel and just stop sending letters to the Plaintiff's Tennant which caused then to stop paying Plaintiff rent would have stopped Plaintiff's injuries. But Mr. Witskowski's anger was such that, he continued the same and ordered Plaintiff's properties to be demolished with tractors and stated in his deposition that, Plaintiff got what he is "due".

Notwithstanding that, the taxes were paid in full, Plaintiff contends that, his Complaint (ECF Nos. 10, 36) is proven just by applying Supreme Courts' findings, that, "The taxpayer

must render unto Caesar what is Caesar's, but no more." As the Niles real Property, "…takes $168.68 to fully redeem"; "…Plaintiff paid "$305.73", was more than what was required to fully redeem parcel for 2007 tax year" and it was "…. then it was sold for $4,500.00". As such, surplus or excess is over $4,600.00 plus loss of rental was more than what was needed to pay in full all Plaintiff's Properties taxes in the City of Benton Harbor. See Rafaeli, LLC v Oakland County, and Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023). Plus, Plaintiff's $619,851.00 times-three, for his 235-239 Pipestone property Benton Harbor.

    Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### C. RESPONSE TO: Benton Harbor is entitled to tort immunity under the Government Tort Liability Act.

    Plaintiff incorporates all the above facts and arguments and further contends, that , Benton Harbor's own arguments on, Plaintiff's Counts III (Gross Negligence), VII (Fraud by Misrepresentation), IX (Damage to Personal Property), X (Theft and Conversion of Personal tort immunity under the Government Tort Liability Act ("GTLA") MCL § 691.1407(1).

    "With respect to governmental agencies, MCL § 691.1407(1) states: "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL § 691.1401, et seq.,….. Furthermore, when determining if an act is a "governmental function," courts look to the general activity involved rather than the specific conduct engaged in when the alleged injury occurred…" (ECF No. 121, PageID.1593).

    Given, the undeniable fact that Benton Harbor conspired with the Berrien County in misconducts of: forgery, fraud, thievery, discriminations against Plaintiff and demolished his properties in violations, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA, Forgeries, "(Mi. Comp. Laws Ann. § 750-248 § 750-249.)", "Conspiracy Act 328 of 1931 750.157a", Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),", secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments, Civil

Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41, tort immunity under the Government

Tort Liability Act, is not available to it. "Moreover, when determining if an act is a

"governmental function," "we look to the general activity involved rather than the specific

conduct engaged in when the alleged injury occurred." Ward v. Mich. State Univ. (On

Remand), 287 Mich. App 76, 84 (2010)."  Clearly, the violation of Plaintiff constitutional rights

is not official "governmental function."

As there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and

he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### D. RESPONSE TO:    The Third Amended Complaint fails to demonstrate a showing of liability for constitutional violations under *Monell v. Dep't of Soc. Servs.*

Plaintiff contends that, the liability for constitutional violations under Monell v. Dep't of

Soc. Servs, defense is not available to the Benton Harbor. Benton Harbor has an existence

policy, custom, or practice implemented by the City officials. But Benton Harbor violated its

existing policy, custom, or practice implemented by the City officials, to give Plaintiff an appeal

before demolishing his properties. In addition, it discriminated against Plaintiff with its Grants.

Plaintiff Claims met the municipality liable for § 1983, narrowly set of circumstances.

*Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). Plaintiff's

Second, Third and Fourth Amended Complaint fact supports his constitutional liability under *Monell*.

Therefore, his constitutional claims, Counts I (First Amendment "Retaliations"), IV (Due Process),

VI ("the Right to Government Services"), VII ("Freedom of Movement and Freedom from Torture"),

XIII ("Safety from Harassment and Right to Gainful Employment"), and XVI ("the Right to

Housing"), must be granted and Defendant's Motion to be dismissed, denied.

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is

proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**E. RESPONSE TO:     The Third Amended Complaint must be dismissed as to Benton Harbor because it does not state a claim to relief that is plausible on its face, even considering the liberal pleading standards afforded to pro se plaintiffs.**

Plaintiff's, 'Second and Third Amended Complaints -(ECF Nos. 10, 36),  and this, 'Fourth Amended Complaint', are filed pursuant to Rule 8(a)(1) (2)(3).  They survived, the District Court R& R and Order and Final Judgment-(ECF Nos. 16, 67, 68).  Please see, Sixth Circuit Appellate Order and Judgment-(ECF Nos. 72, 73).   As such, Plaintiff's 'Second and Third Amended Complaints -(ECF Nos. 10, 36),  and this, 'Fourth Amended Complaint' already survived Benton Harbor's motion to dismiss and is just waiting on the Court to declared it moot.  See, (ECF No. 36, PageID.175). In addition, Benton Harbor is properly Defaulted-(ECF Nos. 31, 32, 75, 77, 81, 88, 95 and 124),  because it forfeited filing an answer to Plaintiff's Second Amended Complaint-(ECF No. 10) or a rule12 motion.

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**RESPONSE TO:**
**1. The tort claims fail to state a claim for which relief can be granted.**

The Benton Harbor Defendant does not understand Plaintiff's Complaint, or it is playing gamesmanship tactic, that Plaintiff's tort claims fail to state a claim for which relief can be granted, "Count III: Gross Negligence, Count IX: Damage to Personal Property, and Count X: Theft and Conversion of Personal Property. Counts III, IX, and X." And that,  "Mr. Barnaby has failed to state a claim as to gross negligence (or any negligence whatsoever) against Benton Harbor because only an individual can be liable for gross negligence under the GTLA—not a governmental agency. MCL § 691.1408".  However, it fails to state that, Defendants – Hon. Rick

21

Snyder Former Governor and the Hon. Jennifer Granholm, Former Governor are the individuals as they took over the leadership of Benton Harbor Government.

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### Count VII: Fraud by Misrepresentation. **Fed. R. Civ. P. 9(b)**

The Defenant's Brief appear to be arguing that, Plaintiff's 'Third Amended Complaint - (ECF No. 36), 92 pages are not enough pages, Fraud by Misrepresentation. Under Fed. R. Civ. P. 9(b). However, the Sixth Circuit Court found enough remanded the cause that is binding on the District Court, as such its argument is moot. Notwithstanding  that,  its argument is moot, Plaintiff granted Defendant thirst for more pages in his 'Fourth Amended Complaint'.

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### Count XI: Intentional Infliction of Emotional Distress and Emotional Harm.

Defendant argued in their brief that Plaintiff, Intentional Infliction of Emotional Distress and Emotional Harm, must be dismissed, because their willful misconducts, of: Forgery, Retaliation, Conspiracy, Fraud, Theft, Coverup and more, that,  caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  Because Plaintiff's properties were his employment and his livelihood for him and his family, their lives have been very difficult over these last fourteen years. Yet Defendant claims are not enough for Plaintiff to get relief.  "IIED claims in Michigan require a showing of extreme and outrageous conduct, intent to cause emotional dress or recklessness regarding whether distress will result, causation, and

evidence of severe emotional distress. See Roberts v. Auto-Owners Ins. Co., 422 Mich 594, 602

(1985)." Please see Plaintiff's expert report-(ECF No. 57-4,<u>ID.</u> <u>580-588).</u>

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is

proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**RESPONSE TO:**
**2.  The Constitutional claims fail to state a claim for which relief can be granted.**

*Count I: "Retaliations."*  Plaintiff's Third and Fourth Amended Complaints have established

all the three elements that the Benton Harbor Defendant and all the other Defendants retaliated

against Plaintiff in violation of his First Amendment rights. (ECF No. 36, Pages ID.227-230).   (1).

<u>As Plaintiff was engaged in protected conduct;</u> (2) an adverse action was taken against Plaintiff that

would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action

was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378,

394 (6th Cir. 1999) (en banc). As such, the Defendant Motion for dismissal is moot and must be

denied as a must of law.

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is

proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

*Count IV: Due Process.* Plaintiff's Second, Third and Fourth Amended Complaints have

established that, the Benton Harbor Defendant, State of Michigan Defendants, the Berrien

County Defendants and all the other Defendants have concocted, disguised, designed an evil plot

and an elaborate scheme spanning from 1997 to present to steal and defraud Plaintiff and

hundreds of Berrien County property owners of their properties with "Forged Quit Claim

Deeds",  "Forged Notice of Judgment of Foreclosures", "Forged Certificate of Forfeiture of Real

Properties" and by unauthorized practice of law. Moreover, in the scheme they violated

Plaintiff's due process rights under both the Fifth and Fourteenth Amendments.  **(A).** Benton Harbor and the other Defendants used a scheme of forgery to demolish Plaintiff's properties, inclusive of the 235 Pipestone without giving Plaintiff the opportunity to an appeal. Its failure violated Plaintiff's due process rights and it violated both its working policy  and the Fourth Amendment of the United State Constitution.  **(B).** Benton Harbor and the other Defendants used a scheme of forgery and other willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  Because Plaintiff's properties were his employment; because the Properties were Plaintiff's employment and Defendants deprived him of property interest in his employment without due process, violated his rights under the Fifth  and Fourth Amendments to the Constitution. **(C).** Benton Harbor and the other Defendants used a scheme of forgery and other willful wanton misconducts to deprive Plaintiff his due process to pay the other properties taxes  before they foreclose on them.  Furthermore, **1)**. Defendants owed Plaintiff according to its Appraised $12, 000, times three for theft equal $36, 000.00, for the Niles Township Property.  **2).** Their demolishing of Plaintiff's 235-239 Pipestone parcels by Forgery, Retaliation, Conspiracy, Fraud  and in violation of his due process, that cost to rebuild it is $619,851.00. As such, Defendants should have allowed Plaintiff to pay delinquent taxes that he owed on the other properties before foreclosing on them, as they owed  Plaintiff $655,851.00 at the time they demolished and foreclose on Plaintiff same other properties in violations of his due process.

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**Count V: Equal Protection Under the Law.**

Plaintiff hereby incorporates all the above facts, laws, and argument as if fully set forth herein , and further contends that, by the Defendant's own Supporting Brief standard its motion to dismiss complaint must be denied:

> "The Equal Protection Clause . . . commands that no state shall deny to any person within its jurisdiction the equal protection of the laws." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citations omitted). When officials treat similarly-situated individuals differently, the Equal Protection Clause demands a justification.  Carthan v. Snyder (In re Flint Water Cases), 384 F. Supp. 3d 802, 843 (E.D. Mich. 2019) (rev'd in part and affirmed in part). Again, Plaintiffs must demonstrate that there was some actual constitutional violation in order to meet the first prong required to overcome qualified immunity." (ECF No. 121, PageID.1600-1)

As the evidence is overwhelming that, the Defendant violated the "The Equal Protection Clause " it owed Plaintiff under the following laws: General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA,  Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)", "Act 328 of 1931 750.157a", Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),", secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41.

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**Count VI: The "Right to Government Services and Right to Use Public Facilities." 42 U.S.C. § 2000(a).**

Plaintiff hereby incorporates all the above facts, laws, and argument as if fully set forth herein , and further contends that, by the Defendant's own Supporting Brief standard its motion to dismiss complaint must be denied as the Benton Harbor Defendant along with all the other Defendants conspired and discriminated against Plaintiff with forgery, fraud, UPL, theft, retaliations, coverup, because Plaintiff is and was not a part of their gentrification agenda, in

violation of  "42 U.S.C. § 2000(a). The Benton Harbor Defendant along with all the other

Defendants conspired and discriminated to **"tore down with high priority"**, Plaintiff's

properties and refused to give Plaintiff access to the various grants they had.

> "42 U.S.C. § 2000(a) states that "[a]ll persons shall be entitled to the full and equal
> enjoyment of the goods, services, facilities, privileges, advantages, and accommodations
> of any place of public accommodation, as defined in this section, without discrimination
> on the ground of race, color, religion, or national origin." Plaintiff asserts a claim under
> 42 U.S.C. § 1983 because "Plaintiff's complaint arises out of the fact that . . . all []
> Government entities, Municipality." (ECF No. 121, PageID.1601-2).

 In addition, Plaintiff reminds the Court that the Benton Harbor Defendant as all the

Defendants are properly Defaulted-(ECF Nos. 31, 32, 75, 77, 81, 88, 95 and 124),   on the Count

VI: The "Right to Government Services and Right to Use Public Facilities." 42 U.S.C. § 2000(a).

for forfeited to file answer or valid rule 12 motion to Plaintiff's Second and Third Amended

Complaints-(ECF Nos. 10, 36)

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is

proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### *Count XII: "Unlawful Detentions of Properties."* **Count XII appears to be a claim under the Fourth Amendment**.

Plaintiff hereby incorporates all the above facts, laws, and argument as if fully set forth

herein , and further contends that, by the Defendant's own Supporting Brief standard, its motion

to dismiss complaint must be denied as it with other Defendants conspired and improperly seized

Plaintiff's properties in violation of his Fourth Amendment rights.  In addition, Plaintiff reminds

the Court that the Benton Harbor Defendant as all the Defendants are properly Defaulted-(ECF

Nos. 31, 32, 75, 77, 81, 88, 95 and 124),   on the *Count XII: "Unlawful Detentions of*

*Properties."* Count XII appears to be a claim under the Fourth Amendment", Defendants

forfeited to file answer or valid rule 12 motion to Plaintiff's Second and Third Amended Complaints-(ECF Nos. 10, 36).

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

## V. CONCLUSION and Relief Requesting

For reasons articulated herein: **1).**  Plaintiff request that this Your Honorable Court, **Deny** Defendant's Motion to Dismiss Complaint (ECF Nos. 10, 36).  **2).**  To Grant Plaintiff's Cross-Motion for Summary Judgment with damages, the Complaint, claims, that, "…**each Defendant** had the duty and or their duty afford them the opportunity to…. to remedy the unlawful actions in whole, either **by collective efforts** or **individual effort** to retore Plaintiff in full,

> "19. Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to retore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint." (ECF No. 10,  PageID.167) and (ECF No. 36,  PageID.181)

Plaintiff/Appellant, request that this Court Grant him full Compensatory Damages of **$15, 019, 553.10** and Punitive[2] damages, Four-Times his Compensatory Damages of **$60,078,212.40**, grand total of **$75,097,765.50**.

Respectfully Submitted,

Dated:  March 10, 2023,                          \S/ Owen W. Barnaby
                                                                   Owen W. Barnaby, In Pro Se.

---

[2]  E. Jean Carroll v. Donald J. Trump                    Case No. 20 CIVIL 7311(LAK)

It is hereby ORDERED, ADJUDGED AND DECREED: That after a Jury Trial before Honorable Lewis A. Kaplan, United States District Judge, Plaintiff E. Jean Carroll has judgement for compensatory damages (other than for the reputation repair program) in the amount of $7,300,00.00, Plaintiff E. Jean Carroll has judgement for compensatory damages (for the reputation repair program only) in the amount of $11,000,000.00; and Plaintiff E. Jean Carroll has judgement for punitive damages in the amount of $65,000,000.00, each as against the defendant Donald J. Trump for an aggregate sum of $83,000,000.00. Dated New York, New York February 8, 2024.

RUBY J. KRAJICK
Clerk of Court

So Ordered: _____                    BY: _____
U.S.D.J.                                                                              Deputy Clerk

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on the 11th day of March 2024, a duplicate original of Plaintiff's,  EXPEDITED CONSIDERATION REQUESTED, Plaintiff's Brief, against all named Defendants filed with the Clerk using the ECF System, which will provide electric notice to the parties of record, and I have emailed and mailed by U.S. Postal Service the same to the  non-ECP participants attorney above.

Respectfully Submitted,

Dated:  March 11, 2024,                           <u>\S/ Owen W. Barnaby</u>
                                                     Owen W. Barnaby, In Pro Se.

# **CERTIFICATE OF COMPLIANCE**

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.2(b)(i) because, excluding the part of the document exempted by this rule, this brief contains 26 pages and 8,876 words.

2. This document complies with the typeface requirements of Local Rule 7.2(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.


Respectfully Submitted,

Dated:  January 11, 2024,                     \S/ Owen W. Barnaby
                                              Owen W. Barnaby, In Pro Se.

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                                    )

      Plaintiff- Appellant                                     )


        Vs.                                                   ) Hon. Robert  J.  Jonker

                                               ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

      Defendants- Appellees                                   ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby                         Attorney T. Hackworth
P.O. Box 1926                           Berrien County Government
Kennesaw, GA 30156                      701 Main Street, St. Joseph, Michigan 49085
(678) 382- 4183                         T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org
Bossproperties96@gmail.com
                                         Attorney, T. Seth Koches,
                                         Niles-Charter-Township/Board of Trustee
                                        470 W. Centre Ave., Ste. A, Portage, MI. 49024
                                        T. 269-382-4500 Koches@michigantownshiplaw.com

                                        Jeffery R. Holmstrom (P29405)
                                        Holmstrom Law Office PLC
                                        830 Pleasant Street Suite 100
                                        St. Joseph, MI 49085
                                        T. (269)-983-0755 | jeff@holmstromlawoffice.com

                                        Attorney Emily P Jenks
                                        6th Floor at Ford Field
                                        1901 St. Antoine St. Detroit, MI 48226
                                        T: 313-393-7582     |     EJenks@bodmanlaw.com

                                        Berrien County Courthouse,
                                        811 Port St, St Joseph, MI 49085

                                        Pendrick Kimberly Attorney General of Michigan
                                        525 W. Ottawa, 5th Floor
                                        P.O. Box 30736, Lansing, MI 48909
                                        T. 517-335- 7659   | PendrickK@michigan.gov

**CERTIFICATE REGARDING  COMPLIANCE WITH LCivR 7.1(d)**
**For,**

**PLAINTIFF'S MOTION AND SUPPORTING BRIEF IN OPPOSITION TO,**

**DEFENDANT'S  RESPONSE BRIEF IN OPPOSITION TO,**
**CITY OF BENTON HARBOR'S  MOTION TO DISMISS**
**AND CROSS- MOTION/BRIEF IN FOR SUMMARY JUDGMENT**

---

In accordance with W.D  Mich. LCivR 7.1(d), the undersigned hereby states that I am seeking concurrence for three Motions I intend to file with the Federal District Court between March 8-11, 2024. The first Motion is Leave to Amend Plaintiff's Third Amended Complaint, considering the Magistrate Judge Order- (ECF No. 140). The second and third Motions are Cross-Motions for Summary Judgments to Defendant Benton Harbor and the State of Michigan Defendants, Dismissal Motions.  Please, confirm if Defendants will concur. Plaintiff is yet to hear back from Defendants as such Plaintiff is not sure if they will concur or object.


Respectfully Submitted,


Dated:  March 11, 2024,                    \S/ Owen W. Barnaby
                                           Owen W. Barnaby, In Pro Se.