# EXHIBIT W-20

**In full transparency to the District Court and in Support of Plaintiff's**

**EXPEDITED CONSIDERATION REQUESTED**

**EMERGENCY MOTION, FOR CLARIFICATION ON OBJECTION(ECF No.133) TO ORDERs (ECF Nos., 91, 96, 127 and 131)**

.

Plaintiff's Emergency Interlocutory Brief  Filed with this Sixth Circuit Appellate Court Case No. 24-1086  and served on Defendants.

# UNITED STATES COURT Of APPEALS
# FOR THE SIXTH CIRCUIT
# CINCINATI, OHIO

---

## CASE NO. 24-1086
Related Case: No. 23-1134

---

Owen W. Barnaby,

Plaintiff- Appellant

Vs.

Michigan State Government et al

Defendants- Appellees

---

On Appeal from the United States District Court, From the Western District of Michigan, the Honorable Robert  J.  Jonker; No. 1:22 -CV- 1146

---

## SECOND AMENDED, EMERGENCY INTERLOCUTORY BRIEF FOR PLAINTIFF-APPELLANT/OWEN W. BARNABY

PLAINTIFF-APPELLANT
Owen Barnaby, In Pro Se
PO Box 1926
Kennesaw, GA 30156

# TABLE OF CONTENTS

Page

Table of Contents ............................................................ ii-iv

Statement of Issues ……………………...………………………………….. ix

Index of Authorities ........................................................ v-vii

Statement Regarding  Oral Argument ………………………………...……. xiii

Filed Exhibits ……………………………………........................……… ix

    I.      Statement of Jurisdiction ……………………….…………….. 1

    II.    Statement of Specific Pertinent and Relevant Settled Facts…. 3-10

    III.   Standard of Review ………………………………...….……….. 11-12

    IV.   Summary of the Argument ………………………...…….….………15

    V.    Arguments  ……...…………………………………….……….16-49

## First, Issue

Are the Orders following remand (ECF Nos. 91, 96, and 127), an abuse of Discretion, bias against Plaintiff and violated the Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's "Further proceedings consistent with this Order"? ….. Plaintiff Answers  Yes! ....16-20

## Second, Issue

Are the Orders Following Remand (ECF No. 91, 96 and 127), Denying Plaintiff Entering Defaults (ECF Nos. 32, 75, 95, 124) and  Entering Default Judgments (ECF Nos. 28, 31, 77, 81, 88),  are an abuse of discretion and violations of  the Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's, "…. Further proceedings consistent with this Order"? …………..…… Plaintiff Answers  Yes!  …………..…….. 20-47

    A. Does Plaintiff Warrants Defaults-(ECF Nos. 32, 75, 95, and 124), and Default Judgments-(ECF Nos. 28, 31, 77, 81 and 88) Against Defendants Pursuant to 55: (a), (b) (1), or (2)? …… Plaintiff Answers Yes!.......... **20-23**

B.  The Berrien County Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), and failed to file answers or Rule 12 motions, and with Documents Filed with both District Court and this Sixth Circuit Appellate Court, Clearly, Plaintiff Warrants  Defaults and Default Judgments Against Them Under Rule 55: (a), (b) (1) (2)!... **23-34**


C.  While the Niles Township Defendants Filed Answers to Plaintiff's Summonses with copies of Complaints (ECF Nos, 10, 36), They did so in Violation of Plaintiff's Due Process Rights and did not Appeal District Court's Order and Final Judgment (ECF Nos 67, 68), Warrants  Plaintiff's Default and Default Judgment Against Them………………………. **35-38**.

D.  The Question Plaintiff Seeks to be answered, is should an Officer of the Courts and His Professional Practice Entity, Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC, Defendants get away with their willful rejections of service of Process by certified restricted mailing of Summonses and copies of Complaint (ECF No,10), to Satisfy their Due Process Rights and then get to claim that they did not get Due Process of Service of Process?  …………………. Appellant Answer No!  ……………... **38-41**

E.  The State of Michigan Defendants were Properly Served Summonses with copies of Complaints(ECF Nos, 10, 36), but failed to file an answer or a valid Rule 12 Motion to Plaintiff's Second Amended Complaint-(ECF No., 10) or an Appeal, Warrant Plaintiff's Default and Default Judgment Against Them……………………………………………………………… **42-44**

F.  The Benton Harbor Defendant was Properly Served Summons with copies of Complaints (ECF Nos, 10, 36), failed, forfeited to file an answer to Plaintiff's Second Amended Complaint-(ECF No, 10),  or a Motion under Rule 12, or an Appeal, Warrant Plaintiff's Default and Default Judgment-(ECF Nos. 31, 32, 75, 77, 81, 88, 95 and 124) against It.  …..……...…**44-46**

**Third, Issue**
**Unchallenged Motion with Supplemental Brief of New Discoveries, to Defendants' Opposition to Plaintiff's,  Amended Appeal from the  Magistrate Judge's Orders (ECF No. 91, In Part,  and (ECF No. 96) In Full, to the District Court's Judge, Defendants Waived or Forfeited Rights (ECF Nos. 109, 110, and 127) and Appellant's Motion in District Court (ECF No. 126) …………………………………………………………………….47-48**

**VI.**     **Conclusion and Relief Requested** ............................................. **48-50**

**Certificate of compliance** ………………….………………….......…**51**

**Certificate of Service** .................................................................**52-53**

**District Court's  Supplemental Relevant Documents** ……….. **54-57**

## <u>INDEX OF AUTHORITIES</u>

**Cases**                                                                                                    **Page**

Arizona v. California, 530 U.S. 392, 412 (2000)……………...…………………

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020)……….………1-150

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017) …......................1-50

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) ...........1-50

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit …………………….1-50

Barnaby v. Witkowski, 1:14-cv-1279  …………………………………………1-50

Erickson v. Pardus, 551 U.S. 89, 94 (2007)……………...…………..………. 21

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)……………………...

Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019)
……………………………………………………………………………1-50

**Statutes**

42 U.S.C. § 1983...................................................................................1-50

Mich. Comp. Laws § 691.1401...............................................................1-50

Mich. Comp. Laws § 691.1401(b) ..........................................................1-50

Mich. Comp. Laws § 691.1407(1) ..........................................................1-50

Mich. Comp. Laws § 691.1407(2) .......................................................... 1-50

Mich. Comp. Laws § 691.1407(5) .......................................................... 1-50

Forgery Mi. Comp. Laws Ann. § 750-248…………………………......…..1-50

Forgery Mi. Comp. Laws Ann.  § 750-249 ………………………………… 1-50

MCL 211.27(a)…………………………………………………...………….……….

Mich. Comp. Section 141.1549 and Act 436 of 2012 …………..……………1-50

**Rule**

LCivR 7.1(d) …………………………………………..……….…… 25-40

Fed. R. Civ. P. 1…………………………………………………….......1-50

Rules MCR 2.105: (A)(1)(2). ……………………………….…3 3, 25-50

(G)(1); (I)(1); (K)(3) ……………………………………………… 3, 25-50

Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B). ……………………3, 25-50

Federal Rules Fed. R. Civ. P. 4: (e(1)(2)(B)(C) ………………..………3, 25-50

Federal Rules Fed. R. Civ. P. 4: (j)(2)(A)(B) …………………..………3, 25-50

Fed. R. Civ. P. 4(h)(1) (A)(B), or (2) ……………………..……………………3, 15-50

Fed. R. Civ. P. 4(e1)(2)(B)(C) ……………………………………3, 15-50

Fed. R. Civ. P. 4(j)(2)(A)(B). ……………………………………3, 15-50

MCR 2.105 ……………………………………………..…………3, 15-50

Mich. Ct. R. 2.105 (A) (1) (2),  ………………………………3, 15-50

Mich. Ct. R. 2.105 (G) (1) ………………………………..……………3, 15-50

Mich. Ct. R. 2.105 (I) (1) ……………………………..……………………3, 14-50

Mich. Ct. R. 2.105 (k) (3) …………………………………………………3, 14-50

Michigan Court Rule 2.105(A) (2) ……………………………..……3, 14-50

District Court's Local Rules Service Handbook …………………………1-50

Fed. R. Civ. P. 12 ...........................................................................1-50

Fed. R. Civ. Proc. 12(b)(6)...........................................................

Fed. R. Civ. P. 15(a)(1), ……………………………………….…………1-50

Fed. R. Civ. P. 15(a)(2) ………………………………….…………1-50

Fed. R. Civ. P. 12(a)(1)(A)(i) …………………………………………1-50

Fed. R. Civ. P. 55:(a), (b)(1)(2) ...........................................................1-50

Doctrines

The doctrine of the law of the case ……………………......……….6, 12,18-50

The law of the case doctrine ………………………………..………6, 12, 18-50

Res Judicata, ………………………………………………..………6, 12, 18-50

## Laws

42 USCS 1983......................................................................................1-50

 18 U.S.C. Section 1341……………………………...……………………

28: USC § 1331 …………………………………………….……………1-50

28: USC § 1332 …………………………………………….……………1-50

 28 U.S.C. § 1291……………………………………...…………………... 1

First Amendment …………………………………………………….1-50

Fourth Amendment …………………………………………….……....1-50

 Fifth Amendment ……..……………………………………………..…..1-50

Fourteenth Amendment ………………………………………………1-50

Eleventh Amendment ……………………………………………………

## Other Authorities

Full Faith and Credit Act ……………………………………….…………

Rooker-Feldman Doctrine ……………………………...…………

Res judicata Doctrines ……………………………...……………

Qualified immunity ..……………………………………………………

(1), Freedom to Redress from Retaliation ………......……………………… 1- 50
(2), Right to a Fair Trial    &  Right to a Trial by Jurors/Juries ……………… 1- 50
(3), Gross Negligence …………………….......……………………………… 1- 50
(4), Due Process …………………….……………………………….…......1- 50
(5), Equal Protection of the Laws …………………………………….…... 1- 50
(6), The Right to Government Services,  and The Right to Use Public Facilities -
(7), Fraud ……………………….……………………………….…………… 1- 50

(8), Freedom of Movement and Freedom from Torture …………………..……. 1- 50
(9), Damages to personal property …………………….…………………..……. 1- 50
(10), Theft and Conversion of personal property ……………......……..…. 1- 50
(11), Intentional infliction of emotional distress and Emotional harm ………. 1- 50
12), Unlawful Detention of Properties ……………………………....…..…. 1- 50
(13), The right to gainful employment, and Safety from harassment…..…….. 1- 50
(14), Rights Given Plaintiff by the State of Michigan ………………….……. 1- 50
(15), Whistleblowing …………………….………….………………………. 1- 50
(16), The Right to Housing & Liberty Live and Happiness' ……………..…. 1- 50

## Statement Regarding Oral Argument

Appellant does not believe that Oral Argument is necessary to reverse the

District Court's Order.

## EXHIBITS of Record

| | | |
|---|---|---|
| EXHIBIT A | **Forgery** Documents | ID.560-563 |
| EXHIBIT B | Barnaby's Affidavit | ID. 564-569 |
| EXHIBIT C | Knowledge/Not Protect Against Illusory Truth | ID.770-779 |
| EXHIBIT D | Dr Bulgin Expert Report | ID. 580-588 |
| EXHIBIT E | Dr. Payne Expert Report | ID.589-607 |
| EXHIBIT F | Paid in Full Niles Properties 2007 Tax Receipt | ID.608-609 |
| EXHIBIT G | Appraisal Report at $12,000.00 | ID.610-635 |
| EXHIBIT H-1 | Opinion #1 of Sixth Circuit Court | ID.636-640 |
| EXHIBIT H-2 | Opinion #2 of Sixth Circuit Court | ID.741-643 |
| EXHIBIT H-3 | Judgment of Sixth Circuit Court | ID.644-645 |
| EXHIBIT I-1 | Witskowski's **Perjury Deposition.** | ID.646- 686 |
| EXHIBIT I-2 | Witskowski's Deposition. | ID.687-694 |
| EXHIBIT I-3 | Witskowski's Deposition. | ID.695-708 |
| EXHIBIT I-4 | **UPL & Foreclosure Judgment-August 18, 2010,** | ID.709-714 |
| EXHIBIT J | State Michigan Bar Letter | ID.715-716 |
| EXHIBIT K | Judgement & **Forgery** Order | ID.717-723 |
| EXHIBIT L-1 | Attorney Holmstrom's **Forgery** Brief | ID.724-726 |
| EXHIBIT L-2 | Attorney Holmstrom's **Forgery** Brief | ID.727-729 |
| EXHIBIT L-3 | Attorney Holmstrom's **Forgery** Brief | ID.730-734 |
| O | Witskowski's **Willful False Affidavit/Perjury** | ID.756-758 |
| EXHIBIT W-1 | Sixth Circuit Order (ECF Nos. 72) | ID.000-000 |
| EXHIBIT W-2 | Sixth Circuit Judgment. (ECF Nos. 73) | ID.000-000 |
| EXHIBIT W-3 | Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95) | ID.000-000 |
| EXHIBIT W-4 | Magistrate's Order (ECF Nos. 91) | ID.000-000 |
| EXHIBIT W-5 | Plaintiff's Default /Brief (ECF No. …) | ID.000-000 |
| EXHIBIT W-6 | Barnaby's Affidavit | ID. 00-000 |
| EXHIBIT W-7 | Notice from Clerk  (ECF Nos. 84) | ID.000-000 |
| EXHIBIT W-8 | Proof Service of Sommons  Receipts | ID.000-000 |
| EXHIBIT W-9 | Attorney Hackworth Job Description | ID.000-000 |
| EXHIBIT W-10 | Request or Motion for Default Judgment | |
| EXHIBIT W-11 | Attorney Holmstrom's Personal Letter to Judge | ID.000-000 |
| EXHIBIT W-12 | Electric receipt that further Proofs Proper Service | ID.000-000 |
| EXHIBIT W-13 | Proof of  Holmstrom Defendants Service rejection | ID.000-000 |
| EXHIBIT W-14 | District Court's Service Handbook | ID.000-000 |
| EXHIBIT W-15 | Mr. Hackworth, Authorized by Appointment or by Law | ID.000-000 |
| EXHIBIT W-16 | ………………………………………. | ID.000-000 |
| EXHIBIT W-17 | ………………………………………. | ID.000-000 |

## I.      Statement of Jurisdiction

This Honorable Sixth Circuit Appellate Court has Jurisdiction pursuant to 28

U.S.C. § 1291;  28 U.S. § 1292:(a), (c), (d), (e) and 28 U.S. § 2072: (a), (b), (c) and

or per FRAP 5 (a) (1) (2), to hear this Appeal.


## II.     Statement of Specific Pertinent and Relevant Facts

**First,** on November 17,2023, this Sixth Circuit Appellate Court entered

Order and Judgment (ECF Nos. 72, 73), that is binding on the District Court,

which were violated by District Court's Orders-(ECF Nos. 91, 96, 127 and 131),

now on appeal.  The Sixth Circuit Court's Order the District Court violated, states.

> "We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot." **"…VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023,  Page: 6).

> **Second,** on December 27, 2023, the Magistrate Judge's Order-(ECF No. 91),

following remand, placed its prior Orders-(ECF No. 25, 27, 35, 56, 62, 67, 68), as

controlling over the Sixth Circuit Court's Order and Final Judgment(ECF Nos. 72,

73), that was affirmed by the District Court, Order-(ECF No. 127). Below states:

> **"IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 37) is GRANTED. The Clerk

1

shall docket Plaintiff's proposed Third Amended Complaint (ECF No. 36). Defendants who have appeared in this action shall have **28** days from the date of this Order to respond to the Third Amended Complaint."

"**IT IS FURTHER ORDERED** that Plaintiff's Motions for Entry of Default Judgment (ECF Nos. 28, 31, 75, 77, and 81) are DENIED. Plaintiff shall have **45** days from the date of this Order to effect proper service on the unserved Defendants. Failure to effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice."

"IT IS FURTHER ORDERED that Defendant City of Benton Harbor's Motion to Extend Time (ECF No. 85), seeking 28 days to respond to the Third Amended Complaint, is **GRANTED.**"

**Third,** Plaintiff appealed the Magistrate Judge's Orders (ECF Nos. 91, 96),

to the District Court, on docket numbers (ECF Nos. 94, 100, 109, 110),  and it

affirmed Magistrate Judge's Orders (ECF Nos. 127), as follows:

"The Magistrate Judge was absolutely correct on this as a matter of fact and law, and the Court adopts her reasoning as its own.  For the same reason, the Court now rejects Barnaby's two new applications for entry of default, (ECF Nos. 95, 124), because he has once again failed to show that any Defendant is in default."
  "The Magistrate Judge's Orders, (ECF Nos. 91, 96), are **AFFIRMED.**";
"Plaintiff's appeals, (ECF Nos. 94, 97, 100, 109, 110–12), are **OVERRULED**."; "Plaintiff's two new applications for entry of default, (ECF Nos. 95, 124), are **DENIED.**"

**Fourth,** Both the State of Michigan Defendants and the City of Benton

Harbor Defendant filed Dismissal Motions (ECF Nos. 116, 121) and the Niles

Township Defendants filed answer  (ECF No. 120).

**Fifth**, one of the three cruxes of Plaintiff's Appeal is, Plaintiff has Properly

served, Service of Process of Summonses and with Copies of Compliant-(ECF

Nos.10, 36) and with all Documents filed in both the District Court and this Sixth

Circuit Court's proceedings and he warrants Default and Default Judgment against

Defendants, below **1)., 2)., 3)., 4).** See, (ECF Nos 28, 32 and 75, 77, 81, 95, 124).

Plaintiff properly served all Defendants under State Rules MCR 2.105: (A)(1)(2);

(G)(1); (I)(1); (K)(3) and Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B);

(e)(1)(2)(B)(C); (j)(2)(A)(B) and pursuant to "District Court's Local Rules Service

Handbook", ECF No. 49, PageID.311); (ECF No. 49-1, PageID.320): "2. By Mail

The summons and complaint can be served by sending them by certified mail with

restricted delivery and return receipt. A "green card" (PS Form 3811).  The Order,

(ECF Nos. 91, 127) must be reversed in part, as District Court must be "consistent"

with Sixth Circuit's Order, by Ordering the Clerk to enter Default and enter

Default Judgment per Rule 55:(a),(b)(1)or (2), in his affidavit, Twenty Two

Million, Five Hundred Twenty Nine Thousand, Three Hundred and Twenty Nine

Dollars and Sixty Cents, $22, 529,329.60, according to his Amended Affidavit.

Punitive damages to become four-times the compensatory damages. Given,

Defendants disregard for Plaintiff's and his family's pain and sufferings for the last

14 years without remorse. (ECF No. 126,  PageID.1651).

**1).** The Holmstrom Defendants and the Berrien County Defendants were all

Properly served with, Service of Process of Summonses and with Copies of

Compliant-(ECF Nos.10, 36) and with Documents filed in both the District Court

3

and this Sixth Circuit Court's Appellate proceedings, but neither, the Holmstrom Defendants nor the Berrien County Defendants File Answers to Plaintiff's 'Second and Third Amended Complaint (ECF Nos,10, 36) or a Rule 12 Motion, that triggered Plaintiff's Default and Default Judgment request against them. See, (ECF Nos 28, 32 and 75, 77, 81, 95, 124).

   **2).**  The Magistrate Judge's Order affirmed by the District Court (ECF Nos, 91, 127) factual and legal findings below in respect to the City of Benton Harbor Defendant who did not file an Answers to Plaintiff's 'Second Amended Complaint (ECF No,10) or a Rule 12 Motion, violated this Sixth Circuit's Order (ECF No,72).

   "The Court granted the requested extension on January 4, 2023. (ECF No. 35.) Because the Court ultimately overruled Plaintiff's objections, adopted the December 14, 2022, Report and Recommendation, and entered judgment for Defendants, the City was never required to answer Plaintiff's second amended complaint. Thus, at least at this juncture, there is no basis for entry of default." (ECF No. 91, PageID.1120).

   Plaintiff contends, because the District Court's Order and Final Judgment(ECF Nos,67, 68) were reversed by the Sixth Circuit Order and Judgment(ECF Nos,72, 73), it is the Sixth Circuit Order and Judgment that is controlling, and triggered Default and Default Judgment against City of Benton Harbor Defendant. Please see,  (ECF Nos 28, 32 and 75, 77, 81, 88, 95, 124).

   **3).** While the Niles Township Defendants filed answer to Plaintiff's Second and Third, Amended Complaint (ECF Nos.10, 36). The Magistrate Judge violated Plaintiff's due process rights, and violated her own Order, Granting Plaintiff

4

fourteen days, after Defendants cure their Motion defect for extended time to respond to Plaintiff's Second Amended Complaint (ECF No.10). As soon as the Niles Township Defendants cured their Motion defect on January 03, 2023, the Magistrate Judge Granted it in violation of Plaintiff's due process rights and violated her own Order giving Plaintiff Fourteen days to file his objection(ECF Nos.23, 25, 26, 27, 30). Moreover, Plaintiff's timely objection (ECF No. 30), was filed after the Magistrate Judge Orders(ECF Nos. 25, 27), granted Defendants' Motion(ECF No 23) and was before Sixth Circuit Appellate Court unopposed. As such, Plaintiff contends, that triggered Default and Default Judgment against them and warrants Default and Default Judgment (ECF Nos 28, 32 and 75, 77, 81, 95, 124) against the Niles Township Defendants.

    **4).** The State of Michigan, Defendants abandoned or forfeited Appealing the District Court's Final Judgment (ECF Nos. 56, 62, 67, 68), Ordering that their Rule 12 Motion is moot.  Plaintiff contends,  State of Michigan Defendants' Rule 12 Motion(ECF No.18), that the District Court Order is Moot with Final Judgment (ECF Nos.67, 68), which they did not appeal, must be consider as if they had never filed the Rule 12 Motion in this proceeding. <u>Because Defendants' MOOT Rule 12 Motion (ECF No.18), cannot stop the entrance of his Default and Default Judgment against them.</u> Furthermore, they argued in Appellate Court, that, "An appellant abandons all issues not raised and argued in its initial brief on appeal."

5

Moreover, it is their failing to appeal re their Moot Rule 12 Motion. See more  in the record, it is a part of their full Appellate arguments they used against Plaintiff in the Sixth Circuit Court, Plaintiff contends it must be applied to them now, that they have abandoned, waived forfeit all rights. Plaintiff contends that triggered Default and Default Judgment against them. As such, the District Court must be "consistent" with Sixth Circuit's Order (ECF No. 72), by permitting Clerk to enter Default(ECF Nos 32, 75, 95, 124) and Clerk or  Court Default Judgment (ECF Nos 28, 77, 81) per Fed. R. Civ. P. 55 (a), (b)(1) (2) against them. And, other controlling laws: Fed. R. Civ. P. 1; (The doctrine of the law of the case); (The law of the case doctrine); Res Judicata; Fed. R. Civ. P. 12 (a)(2) (b)(1)(A).

**Sixth,** "Master minds, Defendants Berrien County and Holmstrom then, knowingly, and willfully filed the false affidavit, repeated false statements in Deposition, and Forgery Documents in the Courts' proceedings to cause Plaintiff's injuries. Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. Because Plaintiff's properties were his employment that, Defendants stole by forgery and fraud. Plaintiff came up with the most economical and expedient course to serve the Defendants with the Summonses and copies of the Second Amended Complaint (ECF No.10). Exhibit W-8."

6

"As such, Plaintiff employed one same strategy on the same day with the same Post Office. First, Plaintiff called the Defendants to inform them of the pending litigation and to ascertain concurrence on whom to send Summonses and copies of Second Amended Complaint (ECF No.10) for proper service.  Then, Plaintiff mailed by US Postal certified mail, with restricted Delivery and with return receipt with original Summonses and copies of Second Amended Complaint (ECF No.10).  see Exhibit W-8.

1). Plaintiff called,  the Niles Charter Township Defendants, and spoke with Ms. Marge Duram-Hiatt Defendants' and Ms. Marge Duram-Hiatt  instructed Plaintiff to serve Summonses and copies Complaint to her on behalf of  the Niles Charter Township Defendants.    2). Plaintiff called the Berrien County Defendants on or about November 22, 2022,  and spoke with Attorney, Thaddeus Hackworth, and he instructed Plaintiff to serve Summonses and copies Complaint to him on behalf of the Berrien County Defendants.    3). Plaintiff called the City of Benton Harbor Defendants, and they instructed Plaintiff to serve Summons and copy Complaint to their City Manager, Mr. Ellis Mitchell on behalf of the Defendants.  4). Plaintiff called the State of Michigan Governor's Office, and they instructed Plaintiff to serve Summonses and copies Complaint to Attorney Nicholas Bagley on behalf of Defendant – Hon. Rick Snyder Governor;  Defendant – Hon. Jennifer Granholm, Governor; Defendant – Hon. Gretchen Whitmer Governor; Defendant –

Michigan State Government.  Moreover, Plaintiff called Attorney Nicholas

Bagley's office after he had served original Summonses and copies of Second

Amended Complaint (ECF No.10). And Attorney Nicholas Bagley's Office

confirmed that, they were properly served, but that the Michigan State Attorney

General's Office going forward will be representing Hon. Rick Snyder Governor;

Hon. Jennifer Granholm, Governor;  Hon. Gretchen Whitmer Governor and

Michigan State Government."

     " **5).** Plaintiff called the Michigan State Attorney General's Office, about

Defendant – Kendell S. Asbenson assistant Attorney General  and Defendant –

Dana Nessel  Attorney General and they instructed Plaintiff to serve Summonses

and copies Complaint upon Defendant – Dana Nessel  the Attorney General on

behalf of both Kendell S. Asbenson assistant Attorney General  and Defendant –

Dana Nessel  Attorney General."

    "**L**astly, **6).**  Plaintiff called Attorney Holmstrom, given their long history as

Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC in the cases,

Barnaby v. Witkowski, 1:14-cv-1279 and Barnaby Vs Mayfield, No. 20-1564 (6th

Cir. May. 5, 2020)  and informed them of this pending litigation. Then, Plaintiff

mailed US Postal certified mail, with restricted Delivery and with return receipt

with two original Summonses and two copies of the Complaint to the Attorney

Jeffery R. Holmstrom and Holmstrom Law Office PLC Defendants, and they were

delivered at Holmstrom Law Office PLC Professional Practice office on December

09, 2022. **Please see, (ECF Nos. 22, 29, 49)  and  Exhibit W-8.**"

**Seventh**, Appellant's undisputed fact in the District Court, ECF No. 109,

Pages ID.1360).  "Plaintiff properly served Defendants under State and Federal

Rules and District Court's Local Rules, Service Handbook[1], that states as follows:

"**2.** By Mail The summons and complaint can be served by sending them by

certified mail with restricted delivery and return receipt. A "green card" (PS Form

3811) will be mailed to the plaintiff, to show proof of service. The "green card" or

a copy, must be filed with the Court."  (ECF No. 29, PagesID.104-112). And, none

of the Defendants **had directly opposed or objected to** Plaintiff's filed, PROOF

OF SERVICE OF SUMMONS AND COMPLAINT, on January 03, 2023. See,

(ECF No. 29, PagesID.104-112).

**1).**  The Postal Service delivered the Certified mail, Niles Township and

State of Michigan Defendants were not present.  **2).** The Postal Service left notice

of the "…certified mail with restricted delivery…", for the Niles Township and the

State of Michigan Governors Defendants.  **3).** The Holmstrom Defendants were

present, but willfully rejected Certified mail.  "Moreover, while both the Niles

Charter Township Defendants (ECF No. 29-1, PageID.115) and  the State of

---

[1] file:///C:/Users/Admin/Desktop/Circuit-
Brief%20of%202022/2022%20Eastern%20Distict%20Court/Service_Handbook.pdf

Michigan and Governors Defendants; went to the Postal Facilities and Pickup their summonses and copies of Second Amended Complaint and  acknowledged such mailing with a signed and electric return receipts. **Exhibit W-12.**  The Holmstrom Defendants abandoned mail, by willfully failing to go to the Postal Facility to Pick up their summonses, and copies of Second Amended Complaint. ECF No. 29, PagesID.111-2). **(Exhibits W-13, 14).**"

**Eight,** Plaintiff filed [unopposed] Motion-(ECF No. 110,  PageID.1390 ), on the new discovery, that, on December 21, 2021, Defendants Berrien County Board of Commissioners have Authorized  by Appointment or by Law, Attorney Hackworth to receive service of process on behalf of the Berrien County Defendants. see, (Exhibit-W15). Both, the new discoveries, and the settled fact in the record further proves that Plaintiff warrants, Defaults-(ECF Nos, 32, 75, 95,124) and Default Judgments-(ECF Nos 28, 77, 81), per Rule 55: (a), (b)(1)(2)[2]."

---

[2] It is a matter of undeniable facts, all Defendants abandoned, and or forfeited filing answers or valid Rule 12 motion, or Rule 12 motions, to Plaintiff's, Second and Third Amended Complaint(ECF Nos.10,36) within the 21 or 28 days' required time span; both the ones who accepted and the ones who willfully rejected Plaintiff's properly served Summonses and copies of Complaint(ECF Nos.10,36), because they relied on the District Court to defend them; **but, Plaintiff contends, thanks be to GOD!, for appellate review,** and that, now that their plan failed, his default and default judgment must be entered against all same Defendants as a matter of law, as the role of Courts is to be neutral, not to be Defendants' legal representatives.

## III.   STANDARD OF REVIEW

**First,** the rule is clear, Fed. R. Civ. P. 12(a)(1)(A)(i).

(a) TIME TO SERVE A RESPONSIVE PLEADING.

   (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

   (A) A defendant must serve an answer:

      (i) within 21 days after being served with the summons and complaint.

      The District Court Summons states, "YOU ARE HEREBY SUMMONS  and required to serve upon Plaintiff, an answer to the attached complaint or a Motion under Rule 12 of the Federal Rule of Civil Procedure within **21 days** after service of this Summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded  in the complaint. You also must file you answer or motion with the Court."

**Second**, Rule 55. Default; Default Judgment

(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) ENTERING A DEFAULT JUDGMENT.

   (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

   (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment.

      "The purpose of a default judgment is to prevent a defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983)."

**Third,** (The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata and or Collateral Estoppel **The law of the case,** like issue preclusion, or collateral estoppel, prevents the re-litigation of an issue once there has been a judgment on the merits. Later disputes concerning that issue are considered foreclosed in any subsequent suit.

> **The doctrine of the law of the case** is similar in that it limits re-litigation of an issue once it has been decided, but **the law of the case doctrine** is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages.

"18 Moore's Federal Practice, § 134.20 (Matthew Bender 3d ed.). "The gist of the [law of the case] doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 256 (7th Cir. 1994) (quoting Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991)); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). "The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United States v. Graham, 327 F.3d 460, 464 (6th Cir. 2003)." Barnaby therefore has forfeited appellate review of those rulings. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)…."

The Sixth Circuit Appellate Court in Its Order and Judgment finds as it relates to Res judicata,  "**Res judicata** bars not only claims that were litigated in a prior action, but also claims that, "should have been litigated in the prior action." Bragg, 570 F.3d at 776 (quoting Bittinger, 123 F.3d at 880)."

**Fourth Service By: District Court's Handbook , Federal Rules 4, MCR 2.105**

    1. **Service** under District Court's Local Rules Service Handbook

By Mail The summons and complaint can be served by sending them by certified mail with restricted delivery and return receipt. A "green card" (PS Form 3811) will be mailed to the plaintiff, to show proof of service. The "green card" or a copy, must be filed with the Court."  (ECF No. 29, PagesID.104-112).

### 2.  Service under Federal Rules 4

Service on Agent under Federal Rules Under the federal rules, "an agent authorized by appointment or by law to receive service of process" may receive service on behalf of either (1) a corporation, Fed. R. Civ. P. 4(h)(1) (A)(B), or (2) an individual defendant, Fed. R. Civ. P. 4(e(1)(2)(B)(C) and Fed. R. Civ. P. 4(j)(2)(A)(B).

### 3.  Service under Michigan State Rules, MCR 2.105

The two, Process and Manner of Service  pursuant  Mich. Ct. R. 2.105 (A) (1) (2), personal and by certified mailing.

(**G**) Public Corporations.
(1) the chairperson of the board of commissioners or the county clerk of a county.

(**I**) Agent Authorized by Appointment or by Law.
(1) Service of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process.

(**K**) Jurisdiction; Range of Service; Effect of Improper Service.
(3) An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service.

Michigan Court Rule 2.105(A) permits service on an individual by ".. (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.

## IV.   SUMMARY of the ARGUMENT

The record shows that, Plaintiff properly served all Defendants under State Rules MCR 2.105: (A)(1)(2); (G)(1); (I)(1); (K)(3) and Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B); (e)(1)(2)(B)(C); (j)(2)(A)(B) and pursuant to "District Court's Local Rules Service Handbook", ECF No. 49, PageID.311); (ECF No. 49-1, PageID.320): **"2.** By Mail The summons and complaint can be served by sending them by certified mail with restricted delivery and return receipt. A "green card" (PS Form 3811) will be mailed to the plaintiff, to show proof of service. The "green card" or a copy, must be filed with the Court."  (MIED Service Handbook (9/2020) Page | **3).** And, none of the Defendants had opposed or objected to the Plaintiff's filed, PROOF OF SERVICE OF SUMMONS AND COMPLAINT (ECF No. 29, PagesID.104-112).

Plaintiff Properly served, Service of Process <u>of Summonses and with Copies of Compliant-(ECF Nos.10, 36) and with all documents filed in both the District Court and this Sixth Circuit Court's proceedings</u> and Defendants failed in one way or more to file an answer or a valid Rule 12 Motion. As such, the Order, (ECF Nos. 91, 96, 127) must be reversed accordingly, District Court must be "consistent" with Sixth Circuit's Order, by directing the Clerk to enter Default and Default Judgment per Rule 55:(a),(b)(1)or (2), according to his amended affidavit, Punitive Damages, Tour-Times, Compensatory Damages. (ECF No. 126,  PageID.1651).

## V.   ARGUMENTS

**Are the Orders following remand (ECF Nos. 91, 96, and 127), an abuse of Discretion, bias against Plaintiff and violated the Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's "Further proceedings consistent with this Order"? ………….. Plaintiff Answers  Yes!**

Appellant argued in the District Court, (ECF No. 100,  PageID.1231-1234) and further contends, that, five of the many ways the District Court's, Orders (ECF Nos. 91, 96, and 127) on appeal, following remand, is once more an abuse of its discretion, bias against Plaintiff and a violation of the Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), ordering, its, "…Further proceedings consistent with the Order", are: **One).** The District Court ultimately, Re-Ordered Plaintiff's Default and Defaults Judgment against Defendants moot. (ECF Nos. 28, 31, 32, 75, 77, 81, 88, 95, and 124).

Plaintiff properly served all same Defendants, Service of Process with Summonses and Copies of Complaint- (ECF Nos. 10, 36) and with Documents filed with the Clerks of both District Court and this Sixth Circuit Appellate Court, proceedings. But the Defendants failed or forfeited filing answers or answer in violations of Plaintiff's due process rights or a valid Rule 12 Motion, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i); that. warrants Appellant's same Default and Default Judgment against them, pursuant to Rule 55: (A), (B) (1) or (2).

**Two).** The District Court, ultimately, placed Its Orders and Judgment-(ECF Nos. 25, 27, 35, 56, 62, 67, 68, 91, 96, 127and 131), as controlling over this Sixth

Circuit Court's Order and Judgment (ECF Nos.72, 73). As such, violated the Sixth

Circuit Court's Order and Judgment (ECF Nos.72, 73), that, ordered, its,

"…Further proceedings consistent with the Order".

      **Three).** The District Court, ultimately <u>Re-Ordered Plaintiff's, 'Second</u>

<u>Amended Complaint (ECF No. 10)', as Moot</u> and placed Its Orders and Judgment-(ECF

Nos. 25, 27, 35, 56, 62, 67, 68, 91, 96, 127and 131), as controlling over this Sixth Circuit Court's

Order and Judgment (ECF Nos. 72, 73).

> "…And in his second amended complaint, Barnaby alleged that Witkowski
> and Berrien County committed forgeries and other unlawful conduct "from
> May of 2010 to present," that the "[d]efendants' forgeries are continuous,"
> that the defendants mailed and emailed forged  documents in October 2017
> and on July 20, 2022, and that Witkowski testified fraudulently during a
> September 25, 2017, deposition."

      First, the Magistrate Judge's (ECF No. 91) omitted that one of the reasons

the Sixth Circuit Court reversed the District Court's Judgment (ECF No. 68), is

because of Defendants Forgeries.

      Moreover, these forgeries are not just limited to the Defendants, in

Plaintiff's Second Amended Complaint (ECF No. 10), but the New Defendants, in

the Third Amended Complaint (ECF No. 36). Namely, Defendant Judge

Butzbaugh, on July 12, 2012, falsified the Berrien Court record by forgery; stating

that, he entered an Order on March 01, 2010, he did this to cover up, hide the fact

that, his judgment was entered on August 18, 2010, and it was NOT entered on

March 01, 2010. And then in 2020 Judge Butzbaugh hired Defendant Attorney

Holstrom to continue the forgeries. Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020). Yet, the Magistrate Judge's Order (ECF No. 91) suppressed these indisputable facts and invites these same Defendants to, "….the Court concludes that the most economical and expedient course at this juncture is to allow the proposed amendment and permit Defendants to contest its legal sufficiency through motions to dismiss/for judgment on the pleadings under the Rule 12(b)(standard).

    "Plaintiff contends that, with all due respect to the District Court's Orders (ECF Nos. 91, 96, 127 and 131), must be reversed for their bias against Plaintiff inaccuracy and abuse of discretion. It has now in fourteenth years of Defendants continuous forgery, fraud, and theft in the Courts' record to procure Judgments. Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  The Orders (ECF Nos. 91, 96, 127 and 131), must be reversed to stop the Plaintiff's and his family's sufferings.

    **Four).** The District Court, <u>ultimately, Re-applied  Res-judicata</u> [inconsistently] with this Sixth Circuit Court's Order and Judgment-(ECF Nos.72, 73) and (The doctrine of the law of the case) or (The law of the case doctrine), that,

"Res judicata bars not only claims that were litigated in a prior action, but also claims that "should have been litigated in the prior action." Bragg, 570 F.3d at 776 (quoting Bittinger, 123 F.3d at 880)."

**Five).** The District Court ultimately is **[inconsistent]** with this Sixth Circuit Court's Order and Judgment-(ECF Nos.72, 73), that both Appellant and Appellees **forfeited** issues not raised. Example, the  State of Michigan Defendants' raised issues in, Sixth Circuit Appellate Court, is now binding on this District Court, <u>"Barnaby's appeal does not challenge the District Court's conclusion that the State Defendants are entitled to immunity and, as a result, that issue is waived and is dispositive."</u>  Further, the State of Michigan Defendants went on to argued, that:

> "As to the State Defendants, the District Court dismissed this matter as devoid of merit based upon their Eleventh Amendment immunity. (Order Approving and Adopting Report and Recommendation, R. 67, Page ID # 942.) **Barnaby's appeal does not challenge this finding. "An appellant abandons all issues not raised and argued in its initial brief on appeal."** United States v. Johnson, 440 F.3d 832, 845–46 (6th Cir. 2006) (citing United States v. Still, 102 F.3d 118, 122 n.7 (5th Cir. 1996).) "[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Id. (citing United States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996).) "It is not sufficient for a party to mention a possible argument in the most skeletal way, **leaving the court to put flesh on its bones."** Meridia Prod Liability Litigation v. Abbott Laboratories, 447 F.3d 861, 868 (6th Cir. 2006) (citing McPherson v. Kelsey, 125 F.3d 989, 995–96 (6th Cir. 1997)"  <u>(Case: 23-1134 Document: 23 Filed: 05/30/2023 Page: 21)"</u>

The Sixth Circuit Appellate Court agreed with State of Michigan Defendants', argument, and concluded, that,

> "Barnaby does not challenge the district court's holding that several defendants the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel are immune from suit… **Barnaby therefore has forfeited appellate review of those rulings**. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)."

18

Plaintiff contends, the same legal analysis should have been applied in the District Court that, all Defendants that failed to file answer or a valid Motion or acts on the Granted Motion, to Plaintiff's Second and Third Amended Complaint-(ECF Nos. 10, 36), within the time span, or failed to appeal Orders, Final Judgment (ECF Nos. 35, 56, 62, 67, 68). It this Sixth Circuit's Order(ECF No. 72), that is binding on the District Court, states:  "….REMAND for further proceedings consistent with this Order."   Please see, (ECF No. 109,  PageID.1363).

**Are the Orders Following Remand (ECF No. 91, 96 and 127), which Denied Plaintiff Entering Defaults (ECF Nos. 32, 75, 95, 124) and  Entering Default Judgments (ECF Nos. 28, 31, 77, 81, 88),  are an abuse of discretion and violations of  the Sixth Circuit Court's Order and Judgment (ECF Nos.72, 73), that Ordered the District Court's, "…. For further proceedings consistent with this Order"? …………………………………… Plaintiff Answers  Yes!**

Appellant argued in the District Court, (ECF No. 100,  PageID.1234-1255); (ECF No. 109,  PageID.1363- 1378) and further contends, that, Defendants were served on January 06, 2023, with Plaintiff's, 'Third Amended Complaint (ECF Nos. 36, 37)'. The Granted Motion contains therein, preservation of Plaintiff's, Default, and  Default Judgment  (ECF Nos. 28, 31, 32, 124), inclusive of the State of Michigan Defendants, (ECF Nos. 75, 77, 81, 88, 95). As the 'Third Amended Complaint (ECF Nos. 36, 37)',  was Granted, likewise the Preservations of the Defaults, and the Default Judgments, should have been granted.

EXPEDITED CONSIDERATION REQUESTED

PLAINTIFF'S EMERGENCY MOTION TO, 'AMEND OR LEAVE TO
AMEND, SECOND AMENDED COMPLAINT', AND 'CLARIFICATIONS, ON
REPORT AND RECOMMENDATION AND ON MOTION TO DISMISS,
SECOND AMENDED COMPLAINT', AND <u>'PRESERVATION OF
PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AGAINST
DEFENDANTS AND APPLICATION FOR DEFAULT JUDGMENT'</u>

**A. Does Plaintiff Warrants Defaults-(ECF Nos. 32, 75, 95, and 124), and
Default Judgments-(ECF Nos. 28, 31, 75, 81 and 88) Against Defendants
Pursuant to 55: (a), (b) (1), or (2)? ………..… Plaintiff Answers Yes!**

Appellant argued in the District Court at, (ECF No. 100,  PageID.1235) and

(ECF No. 109,  PageID.1364) and further contends, that, it is apparent that he had

honestly mistakenly titled his intended two prior Request for the Clerk of Court  to

Enter DEFAULT (ECF No,32, 75), and incorrectly entitled Request to Enter

Default Judgment Against Defendants Pursuant to Rule 55 – (a), (b) 1. As the clerk

could see, even within the body of the request where the correct Rule 55: (a), (b) 1,

showing Plaintiff's intent. Plaintiff's  intents were for the Clerk of Court dockets

entry (ECF Nos,32, 75) as Default against same Defendants and dockets entries

(ECF Nos, 28, 31, 77, 81, 88) as Default Judgments against the same Defendants.

The United State Supreme Court Ordered that, Courts should treat In Pro Se

Litigants liberally. Plaintiff is an In Pro Se Litigant. See "Erickson v. Pardus, 551

U.S. 89, 94 (2007)".

Moreover, Appellant made the necessary corrections for the Clerk of Court to enter Default against the same Defendants on dockets entries **(ECF Nos, 95, 124),** but the District Court stopped the Clerk of Court from entering the Defaults(ECF Nos, 95, 124). In addition, Plaintiff correctly filed requested for the Clerk of Court to entered Default-(ECF No. 95,  PageID.1134,  **Filed on 12/28/23),** and Magistrate Judge Berens, **Denied** Plaintiff's Motion for Default Judgment-(ECF No. 96,  PageID.1147,  **Filed on 12/29/23).**  As such,  Plaintiff has satisfied Rule 55: (a), (b) (1) or(2); and as a matter of law warrants default and default Judgment against same pursuant to Rule 55: (a), (b) (1) or(2).

The Clerk of the District Court on December 21, 2023, corrected the record for the State of Michigan Defendants who have the best of the best attorneys. (ECF Nos, 84. 95). <u>Exhibit W-7.</u>   Plaintiff requested the same of the Clerk of Court with his incorrect docket's entries request entitled, 'Request for Default Judgment' (ECF Nos,32, 75), to be corrected to, 'Request for Default -(ECF Nos,32, 75)'.

Lastly, again, Plaintiff on December 28, 2023, filed a request for the Clerk of Court to enter Default (ECF No, 95). Plaintiff called the Clerk of Court on December 29, 2023, to inquire about Default (ECF Nos, 32, 75 and 95). The Clerk referred Plaintiff to the Court's Administrator, which has become the norm post

remand and the Administrator told Plaintiff that, the Judge's Chamber Ordered her

not to enter the Default (ECF No, 95)[3]. The Court,

> "This is Plaintiff's fourth motion for entry of default judgment since this case was
> remanded by the Sixth Circuit. (See ECF Nos. 75, 77, and 81.) As set forth in the Court's
> December 27, 2023, Order Following Remand (ECF No. 91), <u>Plaintiff's requests for entry of
> default judgment against all Defendants were improper because the Clerk has not entered a
> default against any Defendant." (ECF No. 96, PageID.1147).</u>

On one hand, the Court stopped the Clerk from entering the Default, and

then state in its Order, "Plaintiff's requests for entry of default judgment against all

Defendants were improper because the Clerk has not entered a default against any

Defendant." (ECF No. 96, PageID.1147)." is a Judicial bias against Plaintiff  and

an abuse of its discretion.

Plaintiff contends that, the District Court should have reverse  Magistrate

Judge's Orders which prevents the Clerk of Court from entering Defaults ECF

Nos, 32, 75 95 and 124). Then direct the Clerk of Court Pursuant to Rule 55 – (a),

to Enter Default (ECF Nos, 32, 75, 95and 124) against same Defendants, which is

set forth in his now amended affidavit on the record to the sum certain total

of**$75,097,765.50.** Finally, to direct the Clerk of Court Pursuant to Rule 55 – (b)

(1), to Enter Default Judgment (ECF Nos, 28, 31, 77, 81, 88) against same

Defendants, or the District Court may be Pursuant to Rule 55: (b) (2), set forth in

---

[3] In addition, Plaintiff correctly filed requested for the Clerk of Court to entered Default-(ECF No. 95, ID.1134, Filed on 12/28/23), and the Magistrate Judge Berens, Denied Plaintiff's Motion for Default Judgment-(ECF Nos. 88, 96, ID.1147, **Filed on 12/29/23).** The fact that, Default Judgment was Denied and after requested Default-(ECF No. 95), proved Order-(ECF No. 91), is an abused of discretion and clear error, under Rule 55: (a), (b) (1) or (2).

his amended affidavit in the record to the sum certain total of **$75,097,765.50,** but the District Court Denied-(ECF No, 127). Appellant now seeks a reversal of the District Court's Denial, form this Sixth Circuit Court.

### B. The Berrien County Defendants were Properly Served Summonses with copies of Complaints (ECF Nos, 10, 36), and failed to file answers or Rule 12 motions, and with Documents Filed with both District Court and this Sixth Circuit Appellate Court, Clearly, Plaintiff Warrants  Defaults and Default Judgments Against Them Under Rule 55: (a), (b) (1) (2)!

Appellant argued in the District Court, (ECF No. 100,  PageID.1236 -1241) and (ECF No. 109,  PageID.1365   ECF No. 109,  PageID.1363- 1367) and further contends that, Plaintiff properly served all same Defendants, Service of Process with Summonses and Copies of Complaint- (ECF Nos. 10, 36) and with Documents filed with Clerks of both District Court and Sixth Circuit Appellate Court, proceedings. But they willfully, failed or forfeited filing answer to Plaintiff's Second and Third Amended Complaint- (ECF Nos. 10, 36) or Rule 12 Motion.

Appellant's Contends that the law,  Fed. R. Civ. P. 12(a)(1)(A)(i), is clear,

(a) TIME TO SERVE A RESPONSIVE PLEADING.

(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint.

The District Court Summons states, "YOU ARE HEREBY SUMMONS  and required to serve upon Plaintiff, an answer to the attached complaint or a Motion under Rule 12 of the Federal Rule of Civil Procedure within **21 days** after service of this Summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered

against you for the relief demanded  in the complaint. You also must file you answer or motion with the Court."

**Yet, t**he Magistrate Judge's Order, (ECF No. 91, PageID.1124), Denied, Plaintiff Default, and Default Judgment, by inaccurately concluding that, it is not proven that, Attorney Hackworth has expressly or implicit authorization to accept service on behalf of the Berrien County Defendants. See, (ECF Nos. 33, 35, 36, 37, 53, 56, 59, 60, 62, 64, 67 and 68).  The Order states,

> "Rather, a party seeking to prove that service on an attorney was proper must offer proof that the specific client expressly or implicitly authorized the attorney to accept service for the client. See Island Jay, Inc. v. MyLocker.com, LLC, No. 19-11501, 2023 WL 2733377, at *5 (E.D. Mich. Mar. 31, 2023). Here, Plaintiff has provided no evidence that any Defendant expressly or implicitly authorized Mr. Hackworth to accept service on their behalf."

The District Court's Orders-(ECF Nos. 91, 96, 127, and 131), are moot in three respects, **One,** Plaintiff' New Discovery, he submitted on Brief and Motion (ECF Nos. 109, 110), that The Berrien County Defendants never challenged and waived any rights they may had have. (ECF No. 109,  PageID.1365- 1367). **Two,** proof or evidence that The Berrien Court Defendants expressly or implicitly authorized Mr. Hackworth to accept service on their behalf. **Three**, the Order failed to recognize that, the dispute between Plaintiff and Attorney Hackworth is a 'Verbal Agreement'.  (ECF No. 100,  ID.1236 -1241).

**One,**

**Plaintiff's New Discovery of Attorney Hackworth Authorization by Appointment or by Law by  Defendants Berrien County. Exhibit-W15[4]**

**1).**  Plaintiff's new discovery that on December 21, 2021, Defendants

Berrien County Board of Commissioners have Authorized  by Appointment or by

law Attorney Hackworth to receive service of process on behalf of the Berrien

County Defendants'. see, (Exhibit-W15).  Moreover, that the Berrien County

Defendants have conceded, that  Attorney Hackworth properly received from

Plaintiff, service of process on behalf of the Berrien County Defendants  under

both state and federal laws: "…an agent authorized by appointment or by law to

receive service of process" may receive service on behalf of either (1) a

corporation, Fed. R. Civ. P. 4(h)(1)(B), or (2) an individual defendant, Fed. R. Civ.

P. (e)(2)(C)."  see  (ECF No. 102, PageID.1299).  And that, "While the Michigan

rules do allow for service upon an agent, the rules still require that the agent be

personally served. Mich. Ct. R. 2.105(I)(1) requires service of process to be made

by "serving a summons and a copy of the complaint on an agent authorized by

written appointment or by law to receive service of process.". (ECF No. 102,

PageID.1300).

---

[4] The Order (ECF No. 91, PageID.1122), the Berrien County Defendants' Attorney, Mr. Hackworth ECF Nos. 48, 87) and the Plaintiff, (ECF Nos. 29, 49-1), all agree that Mr. Hackworth, received and signed for all ten of the only original Summonses and ten copies of the Complaint, from Plaintiff, intended to give proper service to the Berrien County Defendants on December 9, 2023. Attorney Hackworth also conceded as matter of law that he can accepted service on behalf of the Berrien County Defendants. Fed. R. Civ. P. 4(h)(1)(B), or (2); Fed. R. Civ. P. (e)(2)(C)."  and Mich. Ct. R. 2.105(I)(1).

The only issue of disagreement among Plaintiff and Defendants  is about Process and Manner of Service, that, Mich. Ct. R. 2.105 (A) (1) (2), made clear, can be by either personal service  or by mail. The Defendants' incorrect and moot legal analysis is Attorney Hackworth should only be served on behalf of the Berrien Defendants by personal service. And, Plaintiff's correct and legal analysis is that of the Service under District Court's Local Rules Service Handbook, and Mich. Ct. R. 2.105 (A) (1) (2), which gives both options to Plaintiff personal service  or by mail, certified mail with restricted delivery and return receipt.  see, (Exhibit-W14).  As such, Magistrate Judge's Order (ECF No. 91), must be reversed in part, Default and Default Judgment entered against Defendants (ECF Nos.28,32,75,77,81,95), per Rule 55: (a); (b)(1)or(2).

**2).**  Notwithstanding Plaintiff's Verbal Agreement argument, the new discovery, further, proves the Order in part is moot, citing Mr. Hackworth, ( ECF No. 91, PageID.1123),  "Mr. Hackworth further states that, he told Plaintiff that he did not agree to waive or accept service on behalf of any Defendant. (Id. at PageID.303.)"; what Attorney Hackworth said were, "that he did not [agree to waive]or [accept service] on behalf of any Defendant";  he did not say, [he did not have, express or implicit authorized, to accept service] on behalf of any Defendant behalf. Now, their Brief went further and set forth the legal authorities that gave Attorney Hackworth the express or implicit authorizations to accept service on

their behalf. Fed. R. Civ. P. 4(h)(1)(B); Fed. R. Civ. P. (e)(2)(C) and Mich. Ct. R.

2.105 (A) (1) (2); (I)(1).  This new discovery further proves that the Order is

"clearly erroneous",  "contrary to law," and violated the sixth Circuit's Order( ECF

No. 72.  Example, the Appellate Court's  Order ( ECF No. 72) Plaintiff's

Complaint is bidding on [both current and former] Governors and Employees that

injured Plaintiff. But, both Defendants and the Order on appeal in violation, said

Plaintiff's Complaint should only be bidding on [current] Governors and

Employees that injured Plaintiff.

    **3).**  Defendants via their Attorney, Mr. Hackworth call Plaintiff's actions in

the proceedings a "continuing gamesmanship"  (ECF No. 102, PageID.1302).

Defendants' derogatory and untrue statement came in the context of this immediate

sentence.  "At the time Plaintiff mailed process to the Berrien County Corporate

Counsel, this action was already pending dismissal for lack of subject-matter

jurisdiction upon Magistrate Judge Berens' Report and Recommendation. (ECF

No. 16)."  Defendants' derogatory and untrue statement confirmed Plaintiff's

arguments both in District and Appellate Courts, that:  **#1).** Defendants did not file

an answer to Plaintiff's, Second and Third Amended Complaint (ECF Nos. 10, 36),

because they knew Plaintiff had finally discovered their continuous, forgery, fraud,

thievery which injured Plaintiff.  **#2).** Defendants have been using Courts,

inclusive of this District Court's R&R, Orders and Final Judgment, (ECF Nos. 16,

62, 67, 68), as defenses to cover up their misconducts for the last fourteen years of

continuous forgery, fraud, thievery that caused Plaintiff to lose all his same real

properties, his employment, his livelihood,  suffered homelessness, ultimately

contributed to the death of our son, great pain and suffering and emotional distress.

**#3).** The Order, (ECF No. 91) must be reversed in part, as it has now become, one

more of Defendants' gamesmanship defense; covering up their continuous forgery,

fraud, thievery to prolong Plaintiff's 14 years sufferings.


### Two
### Attorney Hackworth Expressly or Implicitly Authorized to Accept
### Service on their behalf The Berrien Court Defendants

Appellant hereby incorporates all above fact and legal argument as if fully

set forth herein and further contends, the proof or evidence that The Berrien

County Defendants expressly or implicitly authorized Mr. Hackworth to accept

service on their behalf:   **1).** It is from Attorney Hackworth, himself, cited by the

very Magistrate Judge's Order ( ECF No. 91, PageID.1123),  "Mr. Hackworth

further states that he told Plaintiff that he did not agree to waive or accept service

on behalf of any Defendant. (Id. at PageID.303.)"; what Attorney Hackworth said

are, "that he did not [agree to waive]or [accept service] on behalf of any

Defendant";  he did not say, [he did not have, express or implicit authorized, to

accept service] on behalf of any Defendant behalf.  Because Mr. Hackworth knew

he has both express and implicit authorization to accept service on their behalf, as such is why he consented to the Verbal Contract with Plaintiff.

**2).** Plaintiff's unchallenged Affidavit and Briefs both in the District Court's and Sixth Circuit Court's proceedings,

"The undisputed facts in the record demonstrated that both the Berrien County Defendants and Holmstrom Defendants were properly served with Complaint and Summons and with filings in the District Court's proceedings. But they wittingly and willfully chosen to be Defaulted rather than to Answer Plaintiff's independent Complaint (ECF Nos., 10, 36), or to file Motion under Rule12. As Plaintiff's independent Complaint (ECF Nos., 10, 36), and the undisputed facts in the record shows that Plaintiff's injuries were caused by both the Berrien County Defendants and Holmstrom Defendants filing of false affidavit-(ID.756-758), forgery documents-(ID.560-563), lies and perjuries in deposition-(ID.646-714)…"

**N**ow, after the Sixth Circuit Court's Order and Judgment(ECF Nos. 72, 73), Attorney Hackworth, publicly put in writing what was verbally express to Plaintiff on November 22, 2022, that, The Berrien Court Defendants expressly or implicitly authorized him to accept service on their behalf.

"However, given the procedural posture of this case following the Sixth Circuit remand, Berrien County is willing to waive service on behalf of itself and its current employees if provided with a 45 day period of time to file a response to the operative complaint. These defendants include: (1) Berrien County Government, (2) Berrien County Board of Commissioners, (3) Shelly Weich, (4) McKinley R. Elliott, (5) Donna B. Howard, and (6) Lora L. Freehling." (ECF No. 87, PageID.1059).

**3).**  The Orders failed to take into consideration that, neither the Berrien County Defendants nor Attorney Hackworth mentioned that, Attorney Hackworth did not have, expressly and implicitly authorization to accept service of

Summonses and copies Complaint on behalf of the Berrien County Defendants,
until after Plaintiff called for CERTIFICATE regarding compliance pursuant to
LCivR 7.1(d), to fille Default and Default Judgment against them, (ECF Nos. 28,
32).  Yet, Plaintiff called and spoke with Attorney Hackworth on November 22,
2022, and informed him about this same litigation and proper service of
Summonses and copies of Complaint upon, The Berrien Court Defendants.
Furthermore, Attorney Hackworth on December 09, 2022, received from Plaintiff
ten original Summonses and ten copies of his second Amended Complaint (ECF
No. 10), but Attorney Hackworth never returned original Summonses or copies of
second Amended Complaint (ECF No. 10) to Plaintiff.

Lastly, Plaintiff has served Attorney Hackworth on behalf of Berrien County
Defendants, copies of every filing that was filed both in the District Court and the
Sixth Circuit Court proceeding, and **none** was ever rejected or returned. Plaintiff in
good faith has invested, time and money to serve Defendants for over one year,
Attorney Hackworth did not deny having authorization, expressly and implicitly to
accept service on their behalf. Clearly, Plaintiff  warrants Default and Default
Judgment, to stop Defendants' [one plus year] employed dilatory tactics and undue
delay-harassment to Plaintiff, and thirteen plus years of great pain and sufferings.
"The purpose of a default judgment is to prevent a defendant from employing
dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their

claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay and harassment[5].").

### Three
**The Berrien County Defendants Did Not Challenge the Elements of the Verbal Agreement Between Barnaby Attorney Hackworth to accepted Service on Their Behalf.**

Appellant hereby incorporates all above fact and legal argument as if fully set forth herein and further contends that, the Magistrate Judge's Order failed to recognize that, the dispute between Plaintiff and Attorney Hackworth is 'Verbal Agreement. Plaintiff claims that, Attorney Thaddeus J. Hackworth verbally agreed that, Plaintiff mail the Summonses and the copies of the Complaint to Mr. Hackworth as proper service, on behalf of Berrien County Defendants, MR. Hackworth only denied after Plaintiff sought concurrence pursuant to LCivR 7.1(d), for Default and Default Judgment, against Defendants-(ECF Nos. 28, 29,31, 32, 48, 49). The Magistrate Judge's Order also failed to judge the elements that make up a Verbal Agreement between Plaintiff and Attorney Hackworth: Mutual

---

[5] For the last 14 years, Defendants caused, Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, ultimately contributed to the death of our son, great pain and suffering and emotional distress, without remorse.

consent and understanding, Offer and acceptance, Mutual consideration, Performance and Good faith.

**1). Mutual consent and understanding:** Barnaby the, In Pro Se Litigant and Attorney Hackworth the Corporate Counsel for The Berrien County Defendants. Both parties knew, The Berrien County Defendants need to be served with Summonses and copies of the Complaint and consented to it. The Defendants' website describes Attorney Hackworth job as follows, "Corporate Counsel serves as the in-house attorney for general County legal matters which are civil in nature, such as representing commissioners and elected officials acting on County business, as well as advising on issues related to personnel/labor, ordinance and policy, and litigation[6]." Exhibit W-9.

**2). Offer and acceptance:** As is the custom with all the other Defendants. Plaintiff called the Berrien County Defendants on or about November 22, 2022, and spoke with Attorney, Thaddeus Hackworth, and he instructed Plaintiff to served him Summonses and copies of Complaint on behalf of the Berrien County Defendants.  (ECF Nos. 18, 19, 22, 29, 49) and Exhibit W-8.

**3). Mutual consideration:** Barnaby the, In Pro Se Litigant and Attorney Hackworth exchange of valuable goods, rights, or services occurred. On November 22, 2022, Barnaby, or Plaintiff, the, In Pro Se Litigant promised Attorney

---

[6]https://www.berriencounty.org/1075/Corporate-Counsel

Hackworth to send him Summonses and copies of Complaint and Attorney

Hackworth the Corporate Counsel for The Berrien County Defendants and

promised to served Summonses and copies of the Complaint on Defendants.

**4). Performance:** The Order (ECF No. 91, PageID.1122), the Berrien

County Defendants' Attorney, Mr. Hackworth ECF Nos. 48, 87) and the Plaintiff,

(ECF Nos. 29, 49-1), all agree that Mr. Hackworth, received and signed for all ten

of the only original Summonses and ten copies of the Complaint, from Plaintiff,

intended to give proper service to the below Defendants on December 9, 2023.

And that Plaintiff had spoken to Mr. Hackworth, on November 22 and 28, 2022,

before mailing the ten Summonses and ten copies of the Complaint to him and he

did not return them to Plaintiff.

> "…on December 9, Thaddeus J. Hackworth, Berrien County's Corporate
> Counsel, acknowledged receipt of ten copies of the second amended
> complaint and original summonses for Berrien County Government, Berrien
> County Board of Commissioners, James McGovern, Bret Witskowski, Lori
> D. Jarvis, Shelly Weich, McKinley R. Elliott, Kathleen Culberson, Donna B.
> Howard, and Lora L. Freehling. (ECF No. 48-1 at PageID.304.).… Mr.
> Hackworth further states that on November 22 and 28, 2022, he spoke with
> Plaintiff via telephone…." **(PageID.1122)**

**5). Good faith:** The Magistrate Judge's Order (ECF No. 91) failed

accurately judge that Plaintiff acted in accordance with the Verbal Agreement, as

Mr. Hackworth, "acknowledged receipt of ten copies of the second amended

complaint and original summonses". And that, if it was the case that Mr.

Hackworth did not serve Summonses and copies of the Complaint on Defendants, he would have broken the Verbal Agreement.

Plaintiff mailed original Summonses and copies of the Complaint to Mr. Hackworth, and he did not return them to Plaintiff, (ECF Nos. 29). The record shows that, while Attorney Hackworth was fully aware of the litigation from, November 22, 2022, and received the original Summonses and copies of the Complaint on December 09, 2022, he never objected until after Plaintiff informed him of his intent to file Default and Default Judgment pursuant to LCivR 7.1(d), on January 03, 09, 2023. Plaintiff also served Attorney Hackworth on behalf of Berrien County Defendants, e filing that was filed in the District Court's and the Sixth Circuit Appellate Court's proceedings, which were never rejected.

Now, for Attorney Hackworth to say, "However, given the procedural posture of this case following the Sixth Circuit remand, Berrien County is willing to waive service on behalf of itself and its current employees if provided with a 45 day period of time to file a response to the operative complaint." (ECF No. 87, PageID.1059). After, one year of the Plaintiff's time and money to serve them, given, Defendants' willful wanton misconducts which have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. Clearly, Plaintiff  warrants Default and Default Judgment, to stop Defendants' [one

plus year] from employing dilatory tactics and undue delay-harassment to Plaintiff,

and thirteen plus years of great pain and sufferings.

**Lastly,** the District Court failed to accurately judge the evidence of the

disputed Verbal Agreement between Plaintiff and Attorney Hackworth, that

supports Plaintiff, setting aside both gave opposing Declaratory statements which

neutralize the other:  **(a),** Plaintiff has a past  procedural practice, of calling

Defendants then after ascertaining concurrence mails out Summonses and copies

of Complaint. See, (ECF Nos. 22, 29, 49) &  Exhibit W-8. **(b)**, Plaintiff had spoken

to Mr. Hackworth before the Summonses and copies of the Complaint were mailed

to him. **(c),**  That, Mr. Hackworth signed for the original Summons and copies of

the Complaint and did not return them to Plaintiff. **(d).** Mr. Hackworth never

objected to the fact that the same Defendants were properly served until after

Plaintiff informed him of his intent to file Default and Default Judgment pursuant

to LCivR 7.1(d), on January 03, 09, 2023.  **(e).** Mr. Hackworth never made a

proper appearance in the District Court, nor the Sixth Circuit Appellate Court, even

though Plaintiff served Defendants every filing in both Courts. **(f).**  Mr. Hackworth

also consented to Plaintiff serving his client via his email,

thackworth@berriencounty.org.

The above reasons are why the District Court's Orders-(ECF Nos. 91, 96,

127, and 131), are moot and must be reversed and should have directed the Clerk

to enter Default and Default Judgment by Clerk or by Order of the Court against

the Berrien County Defendants, under Rule 55: (a); (b)(1)or(2).


### C. While the Niles Township Defendants Filed Answers to Plaintiff's Summonses with copies of Complaints (ECF Nos, 10, 36), They did so in Violation of Plaintiff's Due Process Rights and did not Appeal District Court's Order and Final Judgment (ECF Nos 67, 68), Warrants Plaintiff's Default and Default Judgment Against Them.

Appellant argued in the District Court, (ECF No. 100,  PageID.1234-1255);

(ECF No. 109,  PageID.1363- 1378) and further contends that, while the Niles

Township Defendants filed answer to Plaintiff's Second and Third, Amended

Complaint (ECF Nos.10, 36). The Magistrate Judge violated Plaintiff's due process

rights under the Fourteenth Amendment-Section-One, and violated her own Order,

Granting Plaintiff fourteen days, after Defendants cure their Motion defect for

extended time to respond to Plaintiff's Second Amended Complaint (ECF No.10).

As soon as the Niles Township Defendants cured their Motion defect on January

03, 2023, the Magistrate Judge Granted it in violation of Plaintiff's due process

rights and violated her own Order giving Plaintiff Fourteen days to file his

objection(ECF Nos.23, 25, 26, 27, 30). Moreover, Plaintiff's timely objection

(ECF No. 30), was filed after the Magistrate Judge Orders(ECF Nos. 25, 27),

granted Defendants' Motion(ECF No 23) and was before Sixth Circuit Appellate

Court unopposed. As such, Plaintiff contends, that triggered Default and Default

Judgment against them and warrants Default and Default Judgment (ECF Nos 28, 32 and 75, 77, 81, 95, 124) against the Niles Township Defendants.

And that, Plaintiff's Brief before the Sixth Circuit Court state that it  relied on to make its Order, "…while Defendants Niles Township filed an Answer to Plaintiff's Complaint. (ECF No. 58). They did not file an opposition to Plaintiff's Amendment (ECF Nos. 36, 37), nor  an objection (ECF No. 57), to the Report and Recommendation, now Opinion of the District Court. (ECF No. 16).   As such, Appellant contends that, the Defendants Niles Township waived their rights to challenge Barnaby's Appeal." As such, Plaintiff Warrants  Default and Default Judgment Against the Niles Township Defendants for their failure file answer to Plaintiff's Third Amended Complaint(ECF Nos. 36) or a rule 12 Motion.

Applicable controlling laws are:

> Fed. R. Civ. P. 1; (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B); Fed. R. Civ. P. 12 (a)(2) or (3); Fed. R. Civ. P. 12 (b)(1)(A)  and Fed. R. Civ. P. 55 (a), (b)

**D. The Question Plaintiff Seeks to be answered, is should an Officer of the Courts and His Professional Practice Entity, Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC, Defendants get away with their willful rejections of service of Process by certified restricted mailing of Summonses and copies of Complaint (ECF No, 10), to Satisfy their Due Process Rights and then get to claim that they did not get Due Process of Service of Process? ………………. Appellant Answer No!**

Appellant argued in the District Court, (ECF No. 100, ID.1242 -1244); (ECF No. 109,  PageID.1368-1369) and further contends that, he called, 'Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC', and informed him of the pending litigation. Then, Plaintiff mailed US Postal certified mail, with restricted Delivery and with return receipt with two original Summonses and two copies of the Complaint to Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC Defendants, and they were delivered at Holmstrom Law Office PLC Professional Practice office on December 09, 2022. Plaintiff properly served Defendants under State and Federal Rules and District Court's Local Rules, Service Handbook[7], that states as follows: "**2.** By Mail The summons and complaint can be served by sending them by certified mail with restricted delivery and return receipt. A "green card" (PS Form 3811) will be mailed to the plaintiff, to show proof of service. The "green card" or a copy, must be filed with the Court." (ECF No. 29, PagesID.104-112). And, none of the Defendants **had directly opposed or objected to** Plaintiff's

---

[7] file:///C:/Users/Admin/Desktop/Circuit-Brief%20of%202022/2022%20Eastern%20Distict%20Court/Service_Handbook.pdf

filed, <u>PROOF OF SERVICE OF SUMMONS AND COMPLAINT, on January 03,</u>

<u>2023. See, (ECF No. 29, PagesID.104-112).</u>

**F**irst, the Postal Service delivered the Certified mail, Niles Township and State of Michigan Defendants were not present. **S**econd Postal Service left notice of the "…certified mail with restricted delivery…", for the Niles Township and the State of Michigan Governors Defendants.  **T**hirdly, Holmstrom Defendants were present, but willfully rejected Certified mail.

Moreover, while both the Niles Charter Township Defendants (ECF No. 29-1, PageID.115) and  the State of Michigan and Governors Defendants; went to the Postal Facilities and Pickup their summonses and copies of Second Amended Complaint and  acknowledged such mailing with a signed and electric return receipts. **Exhibit W-12.**  Again, Holmstrom Defendants abandoned mail, by willfully failing to go to the Postal Facility to Pick up their summonses, and copies of Second Amended Complaint. ECF No. 29, PagesID.111-112). (**Exhibits W-13, 14**).  Appellant contends that, his Default and Default Judgment (ECF Nos. 28, 32, 75, 77, 81, 95, and 124, 29, 49), must be entered against the Holmstrom Defendants because he has satisfied his due process obligations to them and that they have rejected it.  As the sum of service of process is to fulfil the due process obligations and Plaintiff has done so, as such the Holmstrom and Berrien County

Defendants as do all the other Defendants cannot claim that they did not get Due

Process when they willfully rejected or forfeited their due process rights[8].

Attorney Holmstrom Defendants were  even more informed on the Litigation

proceedings than the Plaintiff was. Plaintiff's Brief before the Sixth Circuit Court,

that it  relied on to make its Order.  Please see, (ECF Nos. 22, 29, 49)  and

Exhibits W-8, 11

>    "First, Plaintiff called and spoke with Defendant Attorney Holmstrom as
> a Defendant in the case and about some of his prior clients; also, about
> Plaintiff's intent to add to the Complaint. It was a "Surprise" to Plaintiff, when
> Defendant Attorney Holmstrom stated that Plaintiff has no further need to
> contact him about the same two matters as the Magistrate Judge has filed a
> Report and Recommendation which Judge Robert J. Jonker who will basically
> just rubber stamp even if Plaintiff responded. Plaintiff then called the clerk
> office to confirm, if indeed the Magistrate Judge has filed a Report and
> Recommendations and the clerk's office confirmed." See ( ID.66-67). "….In
> spite the heads up from Defendant Attorney Holmstrom that, the Magistrate
> Judge filed Report and Recommendations will be rubber stamped by Judge
> Robert J. Jonker, Plaintiff is still seeking time to properly respond to the Report
> and Recommendations…." (ECF No. 22, Pages ID.66-67).

Clearly, Plaintiff  warrants Default and Default Judgment, to stop

Defendants' delays,  while the "Judgment by default is a drastic step which should

be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard

C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983)."  It has been [14 plus years] from

---

[8] The Holmstrom Defendants and the Berrien County Defendants were more aware of Plaintiff's Litigation than all
the other Defendants. Moreover, Plaintiff has served the Holmstrom Defendants and the Berrien County
Defendants with not just the Summonses and copies of Complaint (ECF Nos, 10, 36) but with every filing with the
clerks of both the District Court and the Sixth Circuit Appellate Court, Plaintiff  have mailed by U.S. Postal Service,
plus emails at times to, thackworth@berriencounty.org,  jeff@holmstromlawoffice.com,
linda@holmstromlawoffice.com.

employing dilatory tactics and undue delay-harassment to Plaintiff, and thirteen plus years of great pain and sufferings.  The purpose of default and default judgment are to prevent a defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment.").  The Holmstrom Defendants are at crux of the undue delay-harassment and the continuous Forgey that has been harming Appellant and his family for the last 14 years. Please see,  Barnaby v. Witkowski, 1:14-cv-1279 ; Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020) and Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017).

### E. The State of Michigan Defendants were Properly Served Summonses with copies of Complaints(ECF Nos, 10, 36), but failed to file an answer or a valid Rule 12 Motion to Plaintiff's Second Amended Complaint-(ECF No., 10) or an Appeal, Warrant Plaintiff's Default and Default Judgment Against Them.

Appellant hereby incorporates all above fact and legal argument as if fully set forth herein and further contends that the law,  Fed. R. Civ. P. 12(a)(1)(A)(i), is clear,

(a) TIME TO SERVE A RESPONSIVE PLEADING.

   (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

   (A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint.

The District Court Summons states, "YOU ARE HEREBY SUMMONS  and required to serve upon Plaintiff, an answer to the attached complaint or a Motion under Rule 12 of the Federal Rule of Civil Procedure within **21 days** after service of this Summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file you answer or motion with the Court."

Appellant argued in the District Court, (ECF No. 100,  PageID.1244-1245);

(ECF No. 109,  PageID.1369-1370) and further contends that, as demonstrated in

the record, and in this Brief all the state Defendants were properly served

Summonses with copies of Second and Third Amended Complaints (ECF Nos, 10,

36), but they failed to file answer or a valid Motion under Rule 12, or an Appeal of

District Court's Order and Final Judgment-(ECF Nos. 56, 67. 68), which Warrant

his Default and Default Judgment-(ECF Nos. 75, 77, 81, 95 and 124), against

former Governor Jennifer Granholm, former Governor Rick Snyder, and Assistant

Attorney General Kendell Asbenson.

The District Court ultimately is **[inconsistent]** with this Sixth Circuit

Court's Order and Judgment-(ECF Nos.72, 73), that neither Appellant or Appellees

can **forfeit** raising a defense or to appeal a dispositive issue, without waiving it.

> "Barnaby does not challenge the district court's holding that several defendants, the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel4are immune from suit. He also does not challenge the district court's finding that several of the state and federal criminal statutes that he cited do not create a private right of action. Barnaby therefore has **forfeited** appellate review of those rulings. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007). Because those rulings are dispositive of (1) Barnaby's claims against

the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel and (2) Barnaby's claims under 18 U.S.C. §§ 471 and 1341 and Michigan Compiled Laws §§ 600.916(1) and 750.248, we affirm the district court9s judgment to the extent that it dismissed those claims."

The State of Michigan, Defendants abandoned or forfeited Appealing the

District Court's Final Judgment (ECF Nos. 56, 62, 67, 68), Ordering that their Rule

12 Motion is moot.  Plaintiff contends,  State of Michigan Defendants' Rule 12

Motion(ECF No.18), that the District Court Order is moot with Final Judgment

(ECF Nos.67, 68), which they did not appeal, must be consider as if they had never

filed the Rule 12 Motion in respect to the Second Amended Complaint-(ECF No.

10).  <u>Because Defendants' their moot Rule 12 Motion (ECF No.18), cannot bar</u>

<u>Appellant's entrance of Default and Default Judgment-(ECF Nos. 75, 77, 81, 95</u>

<u>and 124), against them.</u> Furthermore, they argued in Appellate Court, that, "An

appellant abandons all issues not raised and argued in its initial brief on appeal."

Moreover, that they abandoned, failed, or forfeited to appeal to their moot Rule 12

Motion. See more  in the record, it is a part of their full Appellate arguments they

used against Plaintiff in the Sixth Circuit Court, Plaintiff contends it must be

applied to them now, that they have abandoned, waived, or forfeited any rights.

Plaintiff contends that triggered Second Amended Complaint-(ECF No. 10),

Default and Default Judgment against them. As such, the District Court should

have been "consistent" with Sixth Circuit's Order (ECF No. 72), by permitting

Clerk to enter Default(ECF Nos 75, 95, 124) and Clerk or  Court Default Judgment

(ECF Nos 28, 77, 81)  under Fed. R. Civ. P. 55 (a), (b)(1) (2) against them. And,

other controlling laws: Fed. R. Civ. P. 1; (The doctrine of the law of the case);

(The law of the case doctrine); Res Judicata and Collateral Estoppel; Fed. R. Civ.

P. 12(a)(1)(A)(i). As the Honorables, Granholm,  Rick Snyder, and Asbenson, failed

or forfeited to file answers to Plaintiff's, 'Second Amended Complaint-(ECF No.

10)', or valid Rule 12 motions in violation of Fed. R. Civ. P. 12(a)(1)(A)(i).


**F.  The Benton Harbor Defendant was Properly Served Summons with copies of Complaints (ECF Nos, 10, 36), failed, forfeited to file an answer to Plaintiff's Second Amended Complaint-(ECF No, 10),  or a Rule 12 Motion, or an Appeal, Warrant Plaintiff's Default and Default Judgment-(ECF Nos. 31, 32, 75, 77, 81, 88, 95 and 124) against It.**

Appellant argued in the District Court, (ECF No. 100,  PageID.1245- 1247);

(ECF No. 109,  PageID.1370- 1371) and further contends, that, Defendant City of

Benton Harbor must be Defaulted as it was properly served by Plaintiff with

Summonses and Copies Complaint (ECF Nos.10, 36, 37), but failed to file answers

or Motion Under Rule 12, to Plaintiff's Second Amended Complaint(ECF No. 10)

and failed to appeal the District Court's Orders and Final Judgment (ECF Nos, 35,

56, 67. 68). Plaintiff warrants Default and Default Judgment and its Granted

Motion to the extent (ECF No. 85, 96) is moot and must be reversed.

Moreover, the record shows that, the City of Benton Harbor filed its Motion-

(ECF No, 33) to respond to Plaintiff's, 'Second amended Complaint-(ECF No, 10)

on January 04, 2023, until 28 days after the Report and Recommendation-(ECF No, 16), that the Court Granted on the same day, Order-(ECF No, 35). The Report and Recommendation-(ECF No, 16) was rule on February 13, 2023, and the City of Benton Harbor Defendant's answer or Rule 12 motion the Plaintiff's 'Second amended Complaint-(ECF No, 10) was due on March 13, 2023. Yet, the District Court Denied Plaintiff's Default-(ECF Nos. 32, 75, 95, 124) and Default Judgment 31, 32, 77, 81, 88, 95 ) against It.

The Magistrate Judge's moots Orders(ECF Nos 91, 96) Denying Plaintiff's Default and Default Judgment, that the District Court Order (ECF No.127) affirmed.

"The Court granted the requested extension on January 4, 2023. (ECF No. 35.) Because the Court ultimately overruled Plaintiff's objections, adopted the December 14, 2022, Report and Recommendation, and entered judgment for Defendants, the City was never required to answer Plaintiff's second amended complaint. Thus, at least at this juncture, there is no basis for entry of default." (ECF No. 91, PageID.1120).

Plaintiff contends, because the District Court's Order and Final Judgment(ECF Nos, 67, 68) were reversed by the Sixth Circuit Order and Judgment-(ECF Nos,72, 73), it is the Sixth Circuit Order and Judgment that is controlling and moots the District Court's Orders-(ECF Nos. 91, 96, 127, and 131) **Denying** Plaintiff's Default-(ECF Nos,32, 75, 95, 124), and Default Judgment-(ECF Nos,31, 77, 81, and 88), against the Benton Barbor Defendant.

The law is clear,  Fed. R. Civ. P. 12(a)(1)(A)(i).

(a) TIME TO SERVE A RESPONSIVE PLEADING.

   (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

    (A) A defendant must serve an answer:

      (i) within 21 days after being served with the summons and complaint.

   The District Court Summons states, "YOU ARE HEREBY SUMMONS  and required to serve upon Plaintiff, an answer to the attached complaint or a Motion under Rule 12 of the Federal Rule of Civil Procedure within **21 days** after service of this Summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file you answer or motion with the Court."

    Beton Harbor should either appealed to the District Court's Orders and Final Judgment (ECF Nos. 35, 56, 62, 67, 68) or filed a motion to safeguard any rights[9]. Instead, It abandoned or forfeited any rights It may have had. The District Court's Orders (ECF Nos. 91, 96, 127, 131) on appeal had improperly restored to the Defendant that, which It willfully forfeited contrary to laws and in violations of this Sixth Circuit's Order (ECF No.72), and further prejudice Plaintiff beyond the Defendant's 14 years of pain and sufferings to Plaintiff and the death of his family.

    Clearly, Plaintiff's Request for Default and Default Judgment against City of Benton Harbor Defendant for failed or forfeited to file an answer to Plaintiff's Second Amended Complaint-(ECF No 10), is proper. As it did not adhere to its

---

[9] Plaintiff, an In Pro Se, Litigant, filed Appeals-(ECF Nos. 69, 129)  and Motion-(ECF No.126), to safeguard his rights, and the rights that he did not raise this Circuit Court found that he forfeited.  Plaintiff contends that, the same must be apply to all the Defendants in this case.

own Granted Motion-(ECF Nos. 33, 35), to file answer to Plaintiff's Second

Amended Complaint-(ECF No 10), ultimately by March 13, 2023; nor did it

appealed the District Court's Order and Final Judgment-(ECF Nos. 67, 68) or a

Motion to  safeguards any rights it may have had. It has been [over one year] after

the Defendant was properly served, these controlling laws are applicable to reverse

the District Court's Orders: (The doctrine of the law of the case) and or (The law

of the case doctrine); Res Judicata; Fed. R. Civ. P. 12(a)(1)(A)(i);  and Fed. R. Civ.

P. 55 (a), (b) (1) or (2).


**Unchallenged Motion with Supplemental Brief of New Discoveries, to
Defendants' Opposition to Plaintiff's,  Amended Appeal from the  Magistrate
Judge's Orders (ECF No. 91, In Part,  and (ECF No. 96) In Full, to the
District Court's Judge, Defendants Waived or Forfeited Rights (ECF Nos.
109, 110, and 127) and Appellant's Motion in District Court (ECF No. 126)**

On January 17, 2024, Appellant filed "Expedited Consideration Requested

Emergency Motion-(ECF No. 110), for Leave to Submit New Discoveries with

Supplemental Brief, To Defendants' Opposition to Plaintiff's; Amended Appeal

from the Magistrate Judge's Orders (ECF No. 91, In Part, and (ECF No. 96) In

Full, to the District Court's Judge". After Plaintiff, In Pro Se, filed and submitted

his Appeal Brief (ECF No. 100), he has discovered new material evidence that

Defendants were properly served by Plaintiff with Summonses and Copies of

Complaint, primary examples are **(Exhibits W-12, 15),** that was not challenged by

Defendants, and abandoned or waived any rights they may have had. (ECF No.

110,  PageID.1390-1394)  and (ECF No. 109, ID. 1352-1378).

>      "We review default-judgment decisions for an abuse of discretion.
> Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir.
> 2019). The district court found that its dismissal of the second amended
> complaint mooted Barnaby's motions for default judgment. Because the
> district court erred in dismissing the second amended complaint, however, it
> also erred in finding that the motions for default judgment were moot."
> **"…VACATE** the judgment in part, and **REMAND** for further proceedings
> consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1
> Filed: 11/17/2023,  Page: 6).

Finally, when the District Court Denied Plaintiff's Defaults-(ECF No. 32,

75, 95 and 124) and Default Judgments (ECF Nos. 28, 31, 77, 81 and 88) against

Defendants who failed or forfeited filing an answer or valid Rule 12 motion in

response to either Plaintiff's Second or Third Amended Complaint (ECF Nos. 10,

36) or if they filed an answer in violation of his due process; the District Court

violated this Sixth Circuit Court's Order and Judgment-(ECF No. 72, 73). That

Ordered the District Court's "further proceedings consistent with Its Order.

## VI.    Conclusion and  Request

For reasons articulated herein: **1).  T**he District Court's Orders-(ECF Nos. 91, 127) must be reversed in part by directing the Clerk of Court to enter Default-(ECF Nos. 32, 75, 95, and 124) against same Defendants, and  by directing the Clerk or by Order of the Court to enter Default Judgment (ECF Nos. 28, 31, 77, 81, 88), against same Defendants, pursuant to Rule 55: (a); (b), (1) or (2), and to reversed Order-(ECF No. 96), to become consistent with this Sixth Circuit Court Order and Judgment-(ECF Nos. 72, 73).  **2).**  To award Appellant not just the damages set forth in affidavit, $22, 529,329.60-(ECF No. 76); moreover, according to his Motion-ECF No. 126,  PageID.1651-2), to Amend his Affidavit Punitive damages, Four-Times his Compensatory Damages. (ECF No.133,  PageID.1690).

> "However, Plaintiff moves this Honorable Court to Amend his Affidavit given his new discoveries, from the current Punitive Damages of One-Third(1/3) of the Compensatory Damages, to make it Four-Times the Compensatory Damages. Given, Defendants disregard for Plaintiff's and his family's pain and sufferings for the last 14 years without remorse." (ECF No. 126,  PageID.1652)

**3).**  Given that,  both, Plaintiff's Second and Third Amended Complaint-(ECF Nos. 10, 36), claims, that, "...**each Defendant** had the duty and or their duty afford them the opportunity to.... to remedy the unlawful actions in whole, either **by collective efforts** or **individual effort** to retore Plaintiff in full,

> "19. Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to retore

Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint." (ECF No. 10, PageID.167) and (ECF No. 36,  PageID.181)

Plaintiff/Appellant, request that this Court Grant him full Compensatory Damages of **$15, 019, 553.10** and Punitive[10] damages, Four-Times his Compensatory Damages of **$60,078,212.40**, grand total of **$75,097,765.50**, even if this Court find only one Defendant in Default.

**4).**  If, **1).** & **2).,** fails to Grant the In Pro Se,  Litigant 'Emergency Motion: To Stay Orders (ECF Nos. 91, 127, 131), until 28 days after Interlocutory Appeal Determination, to re-serve Defendants Summonses with copies of Complaint and to filed answers to Defendants Motions to Dismiss(ECF Nos.116, 121).

Respectfully Submitted,

Owen W. Barnaby, In Pro Se

February 16, 2024

---

[10]  E. Jean Carroll v. Donald J. Trump                    Case No. 20 CIVIL 7311(LAK)

It is hereby ORDERED, ADJUDGED AND DECREED: That after a Jury Trial before Honorable Lewis A. Kaplan, United States District Judge, Plaintiff E. Jean Carroll has judgement for compensatory damages (other than for the reputation repair program) in the amount of $7,300,00.00, Plaintiff E. Jean Carroll has judgement for compensatory damages (for the reputation repair program only) in the amount of $11,000,000.00; and Plaintiff E. Jean Carroll has judgement for punitive damages in the amount of $65,000,000.00, each as against the defendant Donald J. Trump for an aggregate sum of $83,000,000.00. Dated New York, New York February 8, 2024.

RUBY J. KRAJICK

Clerk of Court

So Ordered:

BY:

U.S.D.J.                                           Deputy Clerk

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

I hereby certify that, the foregoing Brief of Appellant, Owen W. Barnaby, complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) 32 because this brief contains under 12,977 words, excluding the parts of the brief exempt by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rules of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally space typeface using Microsoft Word processing software in 14 point Times New Roman.

Respectfully Submitted,

Owen W. Barnaby, In Pro Se

Dated February 16, 2024

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                              )

      Plaintiff- Appellant                                )


         Vs.                                               ) Hon. Robert  J.  Jonker

                                        ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

      Defendants- Appellees                             ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on the 16th  day of April 2023, a duplicate

original of Plaintiff's,  ''Brief '', was filed with the Clerk of the Court, using, In

Pro Se email/ ECF System, which will provide electric notice to the parties of

record, and I have email and or mailed by U.S. Postal Service the same to non-ECP

participants Defendants, listed above.

Respectfully Submitted,

Owen W. Barnaby, In Pro Se

Dated February 16, 2024

## SUPPLEMENTAL DESIGNATION OF RELEVANT
## DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), Appellant, Owen W. Barnaby an In Pro

Se,  Litigant, hereby designate the following additional District Court documents

as relevant to this matter.

| Record  Entry Number | Description of Entry | Page ID No. Range |
|---|---|---|
| 2 | SUMMONS Issued | |
| 4 | Order/Amend Complaint | |
| 7 | SUMMONS Issued | |
| 10 | Amend Complaint | |
| 11 | Order Transferring Case | |
| 15   29 | Impending Dismissal | ID.7-8 |
| 16 | Report/Recommendation | ID.9-18 |
| 18 | Motion for Dismissal | |
| 28 | Entrance for Default Judgment Per Rule 55: (b)(1) or (2) | ID.84-95 |
| 28-1 | Default/Affidavit | ID.96- 98 |
| 28-2 | Certificate/Concurrence | ID.99- 102 |
| 29 | Served/Complaint/Summons | ID.103-129 |
| 31 | Entrance for Default Judgment Per Rule 55: (b)(1) or (2) | D.157- 160 |

| 31-1 | Default/Affidavit | ID.161- 163 |
|------|-------------------|-------------|
| 32 | Default Per Rule 55: (a) | ID.157- 160 |
| 32-1 | Default/Affidavit | ID.161-163 |
| 35 | Order | ID.172, |
| 36 | Amended or Leave Amend Complaint | ID.173- 265 |
| 38-46 | Summons to be issued | ID.285-295 |
| 47 | Order, Stopping Summons | ID.294 |
| 49/ 49-1 | Opposition/Declaration | |
| 51 | Opposition to Dismissal | ID.326- 360 |
| 53 | Joint Motion/Extent time | |
| 56 | Order/Motion/Extent time | ID.524 |
| 57 | Appellant Objection to Report/Recommendation | ID.525-559 |
| 57-1 | Forgery Documents | ID.560-563 |
| 57-2 | Barnaby's Affidavit | ID. 564-569 |
| 57-3 | Illusory Truth Research | ID.770-779 |
| 57-4 | Dr Bulgin Expert Report | ID.580-588 |
| 57-5 | Dr. Payne Expert Report | ID.589-607 |

| 57-6 | Paid In Full Tax Receipt | ID.608-609 |
|---|---|---|
| 57-7 | Appraised at $12,000.00 | ID.610-635 |
| 57-11 | Witskowski's Perjuries/ Fraud in his Deposition | ID.646- 686 |
| 57-12 | Witskowski's Deposition. | ID.687- 694 |
| 57-13 | Witskowski's Deposition | ID.695- 708 |
| 57-14 | Proof of UPL & Foreclosure | ID. 709-714 |
| 57-16 | State's Judgment & Order | ID.717-723 |
| 57-17 | Holmstrom's Forgey /filings | ID.724-726 |
| 57-18 | Holmstrom's Forgey /filings | ID.727-729 |
| 57-19 | Holmstrom's Forgey /filings | ID.730-734 |
| 57-23 | Witskowski's False Affidavit | ID.756-758 |
| 62/ 64 | Appeal of Order | ID.879-882 / ID.887-922 |
| 67 | Order Approving R &R | ID.939-943 |
| 68 | Final Judgment | ID.944 |
| 69 | Notice of Appeal | ID.945 |
| 72 | Sixth Circuit's Order | |
| 73 | Sixth Circuit's Judgment | |
| 32, 75, 95, 124 | Default  Per Rule 55: (a) | ID.1134-1139; ID.1617-1622 |

| 76 | Affidavit | ID.1187-1188 |
| 80/ 83 | State of Michigan | |
| 84 | Clerk's Notice | |
| 85/86 | Berrien County | |
| 87 | Berrien County | |
| 28, 31, 77, 81, 88 | Default Judgment Per Rule 55: (b)(1) or (2) | ID.1009-1021 |
| 90 | Opposition to Benton Harbor | ID.1101-1116 |
| 94 | Notice for Appeal | ID.1131-1133 |
| 91 | Magistrate Judge's Orders | ID.1117-1124 |
| 96 | Magistrate Judge's Orders | ID.1147-1148 |
| 100 | Brief | ID.1218- 1255 |
| 109 | Unopposed Brief | ID.1352-1378 |
| 110 | Unopposed Motion | ID.1390-1394 |
| 124 | Default  Per Rule 55: (a) | ID.1617-1621 |
| 126 | Emergency Motion | ID.1643-1656 |
| 127 | District Court's Order on Appeal | ID.1662-1663 |
| 129 | Interlocutory Appeal | ID.1672-1674 |
| 131/133 | Order and Objection | ID.1678-1679; ID.1682-1693 |