# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
| Plaintiff | ) |
| | |
| Vs. | ) Case No. 1:22 -CV- 1146 |
| | ) Hon. Robert  J.  Jonker |
| | ) Hon. Mag. Sally J. Berens |
| HON. RICK SNYDER GOVERNOR OF MICHIGAN | ) |
| KENDELL S. ASBENSON (P81747) | ) |
| HON. JENNIFER GRANHOMLM GOVERNOR OF MICHIGAN | ) |

Defendants

FOURTH AMENDED OR LEAVE TO AMEND
CIVIL COMPLAINT: 28 U.S.C. §1331; §1332(a);
42 U.S.C. §1983; First, Fourth, Fifth, Fourteenth
Amendments; Forgery, Retaliation, Fraud, Theft

| | |
|---|---|
| CITY OF BENTON HARBOR | ) |
| NILES CHARTER TOWNSHIP, | ) |
| BOARD OF TRUSTEES OF, NILES CHARTER TOWNSHIP | ) |
| BERRIEN COUNTY GOVERNMENT, | ) |
| BERRIEN COUNTY BOARD OF COMMISSIONERS | ) |
| BRET WITSKOWSKI TREASUSER OF, BERRIEN COUNTY | ) |
| BRET WITSKOWSKI INDIVIDUAL CAPACITY | ) |
| SHELLY WEICH TREASUSER OF, BERRIEN COUNTY | ) |
| LORI D. JARVIS REGISTRAR OF BERRIEN COUNTY | ) |
| LORA L. FREEHLING REGISTRAR OF BERRIEN COUNTY | ) |
| SHARON TYLER, BERRIEN COUNTY CLERK, MICHIGAN | ) |
| KATHLEEN CULBERSON  NOTARY PUBLIC OF BERRIEN COUNTY | |
| | |
| ATTORNEY DONNA B. HOWARD | ) |
| ATTORNEY MCKINLEY R. ELLIOTT | ) |
| ATTORNEY JAMES MCGOVERN | ) |
| ATTORNEY JEFFREY R. HOLMSTROM | ) |
| HOLMSTROM LAW, PLC | ) |
| Defendants | |

1

THE HONORABLE ELIZABETH T. CLEMENT, C.J                    )
THE HONORABLE BRIDGET M. Mc CORMACK C.J                    )

THE HONORABLE ELIZABETH L. GLEICHER, C.J                   )
THE HONORABLE CHRISPHER M. MURRAY, C.J                     )
MICHIGAN COURT OF APPEALS, for the State of Michigan       )

THE HONORABLE ALFRED M. BUTZBAUGH, F.C.J                   )
THE HONORABLE MABEL J.MAYFIELD, C.J                        )
THE HONORABLE GARY J. BRUCE, C.J                           )
BERRIEN COUNTY TRIAL COURT, for the State of Michigan)     )

          Defendants

---

Owen W. Barnaby                          Attorney T. Hackworth
P.O. Box 1926                            Berrien County Government
Kennesaw, GA 30156                       701 Main Street, St. Joseph, Michigan 49085
(678) 382- 4183                          T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org
Bossproperties96@gmail.com
                                          Attorney, T. Seth Koches,
                                          Niles-Charter-Township/Board of Trustee
                                         470 W. Centre Ave., Ste. A, Portage, MI. 49024
                                         T. 269-382-4500 Koches@michigantownshiplaw.com

                                         Jeffery R. Holmstrom (P29405)
                                         Holmstrom Law Office PLC
                                         830 Pleasant Street Suite 100
                                         St. Joseph, MI 49085
                                         T. (269)-983-0755 | jeff@holmstromlawoffice.com

                                         Attorney Emily P Jenks
                                         6th Floor at Ford Field
                                         1901 St. Antoine St. Detroit, MI 48226
                                         T: 313-393-7582     |      EJenks@bodmanlaw.com

                                         Berrien County Courthouse,
                                         811 Port St, St Joseph, MI 49085

                                         Pendrick Kimberly Attorney General of Michigan
                                         525 W. Ottawa, 5th Floor
                                         P.O. Box 30736, Lansing, MI 48909
                                         T. 517-335- 7659  | PendrickK@michigan.gov

Plaintiff Owen W. Barnaby, ("Mr. Barnaby"), ("Barnaby"), ("Appellant"),  by Plaintiff, In Pro Se, for ("Mr. Barnaby"), ("Barnaby"), ("Appellant") against Defendants:   **1).** Defendant – Berrien County Government; **2).** Defendant –Sharon Tyler, Clerk of Berrien County; **3).** Defendant -Lori D. Jarvis Registrar;   **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public;   **6).** Defendant – Bret Witskowski, Treasurer;   **7).** Defendant – Bret Witskowski in His Individual Capacity;   **8).** Defendant – Shelly Weich, Treasurer;   **9).** Defendant – Board of Commissioner;   **10).** Defendant – Attorney Mckinley R. Elliott;   **11).** Defendant – Attorney Donna B. Howard;   **12).** Defendant – Attorney James Mcgovern;   **13).** Defendant – Attorney Jefferey R. Holmstrom;   **14).** Defendant – Holmdtrom Law Office, PLC;   **15).** Defendant - Board of Trustee of Niles Charter Township; **16).** Defendant - Niles Charter Township;   **17).** Defendant – Hon. Kendell S. Asbenson; **18).** Defendant - City of Benton;   **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor;  **21).** Defendant – Hon. Mayfield C.J; **22).** Defendant – Hon. Gary J. Bruce  F.C.J;    **23).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J;   **24).** Defendant – Berrien Court Trial Court;   **25).** Defendant – Hon. Gleicher, C.J Appellate;   **26).** Defendant – Hon. Christopher M. Murray, F.C.J, Appellate; **27).** Michigan Court of Appeals;   **28).** Defendant – Hon. Clement, C.J;  **29).** Defendant – Hon. McCormack, F.C.J, "Defendants"), alleges as follows:

Defendants concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of Berrien County property owners of their properties by conspiring to commit: forgery, falsify records, unauthorized practiced  of law, retaliations, concealment, fraud,  fraud upon courts, discriminations in the advancement of  their gentrification agenda, in violations of Plaintiff's Constitutional Rights.

## I.   NATURE OF THE ACTION

1.      This action is brought by the Plaintiff, Owen W. Barnaby, for legal and equitable relief in connection with his real properties which he owned; and upon information, knowledge, and belief lost by Defendants' willful misconducts, of:  Conspiracy, Forgery, Falsifications County and Court Record, Retaliation, Fraud, Fraud Upon Courts, Theft, Coverup, Unauthorized Practice of Law, Discrimination and Unlawful Concealment.  Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  Because Plaintiff's properties were his employment and his livelihood for him and his family, their lives have been very difficult over these last fourteen years.  As such, Plaintiff alleges that he warrants relief for his properties, for emotional distress of pain and sufferings and punitive and declaratory judgment against Defendants Judicial Courts and their Judges.

2.      Plaintiff's, property located in the Niles Charter Township, parcel# is, 11-14-0112-0011-17-4/ 2116 S. 15th Street.  And Plaintiff's, properties located in 'City of Benton Harbor', are: parcel # 51-5000-0006-00-4 aka 931 Colfax,  parcel # 51-5000-0007-00-1 aka, 941 Colfax,  parcel # 11-51-0801-0075-00-8 ask 189 Apple Ave, parcel # 11-52-7500-0002-00-6 aka 272 Pipestone St.; parcel # 11-52-7500-0003-00-2 ask 272 Pipestone St.; parcel # 11-52-0019-0071-02-5 aka 272 Pipestone St., 235-239 Pipestone St., and one additional property stolen which is omitted and to be added to the list.

3.      Plaintiff's, 'Second and Third Amended Complaints -(ECF Nos. 10, 36), and this Fourth Amended Complaint, usage of terms "falsification", "forgeries" or "forged,", falsification 750.248, making, altering, forging, or counterfeiting public record and documents— forged

4

notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and forged quit claim deed(s), to the purchaser(s) are in the legal sense that, they were false or altered documents made to looked genuine.  When Plaintiff or Mr. Barnaby's Complaints uses the terms, "forgeries" or "Forged", Forgery Notices of Judgment of Foreclosures, Forgery Certificates of Foreclosures, Forgery Quit Claim Deeds to the purchasers and Forgery Order, he means forgeries in the legal sense that they are false or altered documents made to look genuine. In addition, Plaintiff asserts that that they are rendered invalid because they are forged documents, in keeping with Michigan's laws. § 750-248 and § 750-249.  **"Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone."** Second of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36),  and this, 'Fourth Amended Complaint' are that the Michigan, Trial Court, Appellate Court, and Supreme Court relied on these "forged documents", "fraud" and  "fraud upon courts", to uphold foreclosures. Third of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that, all Defendants directly or indirectly made themselves apart of the evil plot and elaborate conspiracy scheme to steal and defraud Plaintiff of his properties either when they created, used, or possessed the forged documents and or by falsifications of Court's and County records, fraud,  fraud upon courts, unlawful concealment of the forgeries or retaliated against Plaintiff to stop the forgery from redress or conspiracy of silence an agreement to say nothing about the forgeries that should have been generally made known to the Plaintiff and others.

4.     Defendants' willful misconducts, concocted, disguised, designed an evil plot and an elaborate scheme to advance their gentrification agenda, spanning from 1997 to present, to steal and defraud Plaintiff and hundreds of other Berrien County property owners of their

properties by means of, falsification of Court's and County records, fraud, fraud upon courts 'Forgery Quit Claim Deeds', and 'Forgery Notice of Judgment of Foreclosures' and Forgery Certificate of Forfeiture of Real Properties' and 'Forgery Court Order', and 'Unauthorized Practice of Law' and False Pretense of Unpaid Property Taxes. Defendants created, used, or possessed these same false documents with the intent to use and used them to defraud Plaintiff. The tentacles of the Defendants conspiracy to advance their gentrification agenda went way beyond the Berrien County Defendants, the Niles Township Defendants and the City of Benton Harbor Defendant, the Holmstrom Defendants, the State of Michigan Defendants, but also includes the State Courts and their Judges wittingly or unwittingly. And the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the Defendants committed.

5.      The United States Constitution, The First, Fourth, Fifth Takings-Clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983, 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a), Fed. R. Crim. P. 41 and the Constitution of the State of Michigan and its laws, General Property Tax Act, P.A. 206 of 1893, ("GPTA"); "Conspiracy, act 328 of 1931 750.157a"; UPL (MCL 600.916 and MCL 450.681; Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249) all recognize the critical importance of protecting citizens civil rights to their, properties, homes, and employments and from discriminations.

6.      The Complaint consists of eight sets of Defendants that caused Plaintiff's continuous injuries, as follows, 1). The Berrien County Defendants; 2). The Niles Township Defendants; 3). The Holmstrom Defendants; 4). The Benton Harbor—State of Michigan Governors Defendants; 5). The Berrien County Trial Court and Its Judges Defendants; 6).

Appellate Court and Its Judges Defendants; 7). Supreme Court's Judges Defendants and

8). The Assistant Attorney General Asbenson. While some sets of the Defendants actions

triggered other Defendants actions or omissions, Plaintiff is injured by all eight sets of

Defendants.

7.     The Summary Facts that connect all eight sets of Defendants are as follows:

Plaintiff alleges that, **(1)**. They or The Berrien County Defendants and its, Treasurer, Mr.

Witskowski are the superglue or linchpins that connects all the other Defendants' conspiracies

of, forgeries, falsifications of County's record and Court's record, fraud, fraud upon courts,

unauthorized practiced of laws, retaliations, coverups, concealments, and discriminations; and

other sets of Defendants [triggered actions], but that all the actions or inactions collectively stole

and defrauded Plaintiff of his properties; **(2)** They conspired with the Township Defendants from

March 01, 2010 to present, in silence agreement to say nothing about the reduced 2007 Property

taxes, that should have been generally made known to Plaintiff and others; **(3)** They conspired

with Benton Harbor and State of Michigan Defendants Governors from on or about February 01,

2012 to present, in silence agreement to say nothing, that they demolished Plaintiff's properties

in violation of his due process, discriminated against Plaintiff, and not allow him to pay other

properties taxes before foreclosure and demolition; **(4)** They conspired with the Holmstrom

Defendants, from on or about December 12, 2014 to present, to mailed, emailed and filed

forgery documents in court proceeding to defraud Plaintiff; **(5)** They conspired with the Berrien

County Court and its Judges from on or about March 01, 2010 to present, to aid and abet them in

Unauthorized Practice of Law and to falsified the Court's record with a forged Order, and to

commits fraud upon the Berrien County Trial Court to defraud Plaintiff; **(6)** Their conspiracies

of falsification and forgery caused the Berrien County Court, The Appellate, Court and the

Supreme Court of Michigan from on or about March 01, 2010 to present to rely on UPL, fraud, fraud upon the court, falsification and forged documents to uphold imaginary forged foreclosure Judgment against Plaintiff; **(7)** They caused the State Bar of Michigan and its Supervisors Defendants Judge Clement and Judge McCormack from on or about March 01, 2010 to present to overlook evidence and refuse to act on formal complaint that Witkowski had engaged in the unauthorized practice of law; and **(8)** From on or about March 01, 2010 to present, they caused the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson to conspired with the other defendants and refused to prosecute crimes that the defendants committed or to referred the crimes to the Michigan Attorney General, Ms. Nessel.

8.    Defendant – Bret Witskowski, Treasurer, testified in deposition of his and the Niles Charter Township conspiracy of silence agreement to say nothing about an issue that should be generally known, that they have reduced parcel 2007 taxes because it was over appraised or overvalued. When Plaintiff or Mr. Barnaby Complaints uses the terms "forgeries" or "forged," , Notice of Judgment of Foreclosure, Certificate of Foreclosure, and the Quit Claim Deed to the purchaser—were Forgeries in the legal sense that they were false or altered documents made to look genuine. In addition, Plaintiff asserts that they are rendered invalid because they are Forgery documents. Lastly, according to Defendants' Deposition and Appraisal, Plaintiff timely redeemed his Niles Township parcel when he paid "$305.73", in March of 2010 for the 2007 tax year. As such, Plaintiff did not lose it to the foreclosure itself, but to the: Forgery, Retaliation, Conspiracy, Fraud, Theft, Coverup, UPL, etc.

9.    Defendant – Bret Witskowski, Treasurer testified in deposition that he conspired with Defendant City of Benton Harbor to demolished Plaintiff's properties. Furthermore, when Plaintiff states that, Defendants stole, and defrauded him of his City of Benton Habor parcels,

Mr. Barnaby's use of terms "forgeries" or "forged," that those documents—Notice of Judgment of Foreclosures, Certificate of Foreclosures, and the Quit Claim Deeds to the purchaser—were Forgeries in the legal sense that they were false or altered documents made to look genuine, that rendered them invalid.  Moreover, Plaintiff did not lose his 235-239 Pipestone parcels due to unpaid properties tax, but to Defendants Forgery, Retaliation, Conspiracy, Fraud, Theft, Coverup that, demolished them in violation of Plaintiff's due process. Lastly, Given the facts that:  1). Defendants owed Plaintiff according to its Appraised $12, 000. Times three for theft equal $36, 000.00.   2). Their demolishing of Plaintiff's 235-239 Pipestone parcels by Forgery, Retaliation, Conspiracy, Fraud and in violation of his due process, that cost to rebuild it is $619,851. As such, Defendant should not have testified against Plaintiff that he owed back taxes and cause him to lose any of his properties and Defendants should have allowed Plaintiff to pay delinquent taxes that he owed on the other properties before foreclosing on them.

10.    The Sixth Circuit Appellate Court's Order and judgment-(ECF Nos. 72, 73), that are binding on the District Court, in their entirety are correct. See quotes as follows.

> "Barnaby filed a second amended complaint against Berrien County, Michigan, Berrien County Treasurer Bret Witkowski, and over 20 other defendants, alleging that they conspired to steal and defraud him of property that he owned in Berrien County. He alleged that the defendants accomplished this by forging documents and pursuing wrongful foreclosures. Barnaby also alleged that other defendants should have allowed him to pay delinquent taxes that he owed on several properties before foreclosing on them. He contended that Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the defendants committed. And Barnaby alleged that the State Bar of Michigan overlooked evidence and refused to act on his formal complaint that Witkowski had engaged in the unauthorized practice of law, and that the Michigan Supreme Court relied on forged documents to uphold a foreclosure. Barnaby set forth numerous legal claims based on these allegations, contending that the defendants forged documents, did not follow proper foreclosure procedures, committed larceny, and engaged in the unauthorized practice of law, in violation of Michigan law; seized property in violation of the Fourth, Fifth, and Fourteenth Amendments; and violated the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)."

"…On appeal, however, Barnaby argues that he could not have raised his claims previously because they are based on forged documents that were submitted during prior state and federal proceedings and various false statements that the defendants made during those proceedings. Barnaby made this same argument in his objections to the magistrate judge's report and recommendation. And in his second amended complaint, Barnaby alleged that Witkowski and Berrien County committed forgeries and other unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are continuous," that the defendants mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition…"

"We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot." **"…VACATE the judgment in part, and REMAND for further proceedings consistent with this order.".** Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023, Page: 6).

11.      Plaintiff's Complaint issues of claim alleges that, Defendants' retaliations deterred five fundamental principal issues from being resolved on their merits, in this live case or controversy among Plaintiff and Defendants which cause Defendants' deprivation of Plaintiff's rights, secured by the, First, Fourth, Fifth Takings-Clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983 and Fed. R. Crim. P. 41 - Search and Seizure: **F**irst, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")". **S**econd, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248   § 750-249.)". **T**hird, stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),". **F**ourth, Plaintiff's taxes were paid in full for the tax years in dispute. **F**ifth, each time Plaintiff expressed himself for redressed to Courts for the monetary damage relief, he warrants, Defendants and Attorneys would retaliate with intentionally false material misrepresentations and or intentional material concealments when they were under an

10

obligation to reveal, but concealed from Plaintiff and Courts in reckless disregard for the truth that, deterred Plaintiff from earlier discovery that, Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and false pretense of unpaid properties taxes, and Unauthorized Practice of Law UPL and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff now Complaint issues of claim from adjudicating on merit. See, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

12.     Plaintiff alleges that, at all times mentioned in this Complaint Defendants, acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to restore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint.

## II.        JURISDICTION AND VENUE

13.     The Federal District Court's exclusive jurisdiction in this case involves three areas: (1) There are Constitutional issues, (2) violations of federal laws, and (3) disputes between parties from different states.  This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Michigan, free from Defendants' retaliations. **Defendants' damages to** Plaintiff exceeds $75,000.00, and expressively invokes diversity of jurisdiction pursuant to U.S.C. §1332(a).

14.     Jurisdiction of this court is invoked under the provisions of Sections 1331, §1332(a), 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code and the Fourth, Fifth and Fourteenth Amendments.

15.     Venue is proper in this court by virtue of 28 U.S.C. §1391 because the events giving rise to the claims occurred in the District of Michigan and at least one of the defendants  resides there and others are government corporation in the State of Michigan.

16.     The plaintiff is a citizen and adult resident in Cobb County State of Georgia.

17.     During all times mentioned in this Complaint, Defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs, and usages of the State of Michigan in the course of their employment or as a government corporation in and of the State of Michigan.

### III.      THE PARTIES

18.      Plaintiff, Owen W. Barnaby ("Plaintiff" or "Mr. Barnaby" or "Barnaby"), is herein a citizen of the United States, a resident of Cobb County, in the state of Georgia.

19.      Defendant - Board of Trustee of Niles Charter Township, is the governing Body of Trustees, for Defendant - Niles Charter Township.  The Board consists of the Supervisor, Clerk, Treasurer and four Trustees.

20      Defendant - Niles Charter Township Defendant, Niles Charter Township Government, is a municipal corporation organized under the laws of the State of Michigan, within the Berrien County Government.

21.      Defendant, City of Benton Harbor Michigan Government is a municipal corporation organized under the laws of the State of Michigan, within the Berrien County Government.

22.      Defendant, Berrien County Government, is a corporation organized under the laws of the State of Michigan a County in the State of Michigan Government, in which City of Benton Harbor and Niles Charter Township Government are municipals. Defendant Berrien County Government is either  an employer of and or they serve as officers of its governing body and or administrative officers of the County government and whom are also Coconspirators are as follows: Defendant –Sharon Tyler, Clerk of Berrien County; Defendant - Lori D. Jarvis Registrar of Berrien County; Defendant - Lora L. Freehling Registrar of Berrien County; Defendant - Kathleen Culberson, Notary Public of Berrien County; Defendant – Bret Witskowski, Treasurer of Berrien County; Defendant –Sharon Tyler, Clerk

13

of Berrien County;  Defendant – Shelly Weich, Treasurer of Berrien County; Defendant –

Board of Commissioner of Berrien County; Defendant – Attorney Mckinley R. Elliott,

General Corporate Counsel of Berrien County Government; Defendant – Attorney Donna B.

Howard, General Corporate Counsel of Berrien County Government; Defendant – Attorney

James Mcgovern, General Corporate Counsel of Berrien County Government; Defendant –

Attorney Jefferey R. Holmstrom and Defendant – Holmdtrom Law Office, PLC.

23.     Defendant – Kendell S. Asbenson, Assistant Attorney General of state of

Michigan.

24.     Defendants, the Hon. Jennifer Granholm former Governor, the Hon. Rick

Snyder former Governor, Governor of the State of Michigan.

25.     The Michigan State Government and or State of Michigan, is a state

corporation organized under the laws of the State of Michigan.  Its Governors are its Chief

executive officers and responsible for State's procedures and practices implemented through

its various agencies, agents, departments and employees and City of Benton Harbor and Niles

Charter Township Government and Berrien County Government.

26.     Defendants, the Honorable Mabel J. Mayfield C.J., Honorable Alfred M.

Butzbaugh, F.C.J., and  the Honorable Gary J. Bruce  C.J. are Berrien County Circuit Court

Judges of Defendant Berrien County Court, of the State of Michigan. Defendants are named only

in their official capacities. Defendants were acting in their official capacities as Judges and as a

Court when they violated and or deprived under color of law Plaintiff of his,  state of Michigan

and Federal rights, secured by the constitution and laws. Defendants Trial Judges and Defendant

Berrien County Court are hereinafter referred to collectively as "Trial Judge Mayfield", and "Trial Judge Bruce" and "Trial Judge Butzbaugh".

27.     Defendants, the Honorable Elizabeth L. Gleicher, C.J, and the Honorable Christopher M. Murray, CJ are Appellate Judges for the Michigan Court of Appeals, for the State of Michigan. Defendants are named only in their official capacities. Defendants were acting in their official capacities as Judges and as a Court when they violated and or deprived under color of law Plaintiff of his  state of Michigan and Federal rights, secured by the constitution and laws. Defendants, Appellate Judges and Defendant Michigan Court of Appeals are hereinafter referred to collectively as "Appellate Judge Gleicher", and "Appellate Judge Murray".

28.     Lastly, Defendants, the Honorable Elizabeth T. Clement, C.J, and the Honorable Bridget M. McCormack, CJ are Supreme Court Judges for the Defendant the  Supreme Court of Michigan, for the State of Michigan. Defendants are named only in their official capacities. Defendants were acting in their official capacities as Judges and as a Court when they violated and or deprived under color of law Plaintiff of his  state of Michigan and Federal rights, secured by the constitution and laws. Defendants, Appellate Judges and Defendant Michigan Court of Appeals are hereinafter referred to collectively as "Supreme Judge Clement,", and "Supreme Court Judge McCormack Clement,".

## IV.    FACTUAL ALLEGATIONS

**FIRST, THE NILES CHARTER TOWNSHIP DEFENDANTS ARE DEFAULTED ON PLAINTIFF'S SECOND AND THIRD AMENDED COMPLAINT -(ECF Nos. 10, 36),**

29.    Plaintiff hereby incorporates paragraphs 1 through 28 above as if fully set forth herein, and further alleges that, he argued in the District Court, (ECF No. 100, PageID.1234-1255);  (ECF No. 109,  PageID.1363- 1378) and further contends that, while the Niles Township Defendants filed answers to Plaintiff's Second and Third, Amended Complaint (ECF Nos.10, 36). The Magistrate Judge violated Plaintiff's due process rights under the Fourteenth Amendment-Section-One, and violated her own Order, Granting Plaintiff fourteen days, after Defendants cure their Motion defect for extended time to respond to Plaintiff's Second Amended Complaint (ECF No.10). As soon as the Niles Township Defendants cured their Motion defect on January 03, 2023, the Magistrate Judge Granted it in violation of Plaintiff's due process rights and violated her own Order giving Plaintiff Fourteen days to file his objection(ECF Nos.23, 25, 26, 27, 30). Moreover, Plaintiff's timely objection (ECF No. 30), was filed after the Magistrate Judge Orders(ECF Nos. 25, 27), granted Defendants' Motion(ECF No 23) and was before Sixth Circuit Appellate Court unopposed. As such, Plaintiff contends, that triggered Default and Default Judgment against them and warrants Default and Default Judgment (ECF Nos 28, 32 and 75, 77, 81, 95, 124) against the Niles Township Defendants.

30.    And that, Plaintiff's Brief before the Sixth Circuit Court states that it relied on to make its Order, "…while Defendants Niles Township filed an Answer to Plaintiff's Complaint. (ECF No. 58). They did not file an opposition to Plaintiff's Amendment (ECF Nos. 36, 37), nor an objection (ECF No. 57), to the Report and Recommendation, now Opinion of the District Court. (ECF No. 16).

31.     Moreover, Plaintiff contends, given Sixth Circuit Court's  ruling that, the District Court should not have disturbed Plaintiff's Second and Third Amended Complaint(ECF Nos. 10, 36). Defendants' time to file answer or valid rule 12 motion to Second Amended Complaint(ECF No. 10) was within the 21 days' time span after process service; and or within the 28 days' time span, from the Third Amended Complaint(ECF No. 36), ruling on February 13, 2023, to March 14,2023, expired. They should either appeal to the District Court's Orders and Final Judgment (ECF Nos. 35, 56, 62, 67, 68) or file a motion to safeguard their rights.  Instead, they abandoned their rights, and now wants the District Court to be their legal representative and to  further prejudice Plaintiff beyond their 14 years of pain and sufferings to Plaintiff and the death of his family.  (ECF No. 109, PageID.1363).

32.     As such, Appellant contends that, the Defendants Niles Township waived their rights to challenge Barnaby's Appeal." As such, Plaintiff Warrants  Default and Default Judgment Against the Niles Township Defendants for their failure to file answer to Plaintiff's Third Amended Complaint-(ECF Nos. 36) or a rule 12 Motion.  Applicable controlling laws are:

> Fed. R. Civ. P. 1; (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata and or Collateral Estoppel; Federal Rule of Appellate Procedure 25(c). 6 Cir. R. 25(f)(1)(B); Fed. R. Civ. P. 12 (a)(2) or (3); Fed. R. Civ. P. 12 (b)(1)(A) and Fed. R. Civ. P. 55 (a), (b)

33.     Notwithstanding, Plaintiff's Preservation of his Default and Default Judgment against same Defendants-(ECF Nos. 28, 31, 75, 77, 81, 85, 95, 124 and 139) for appellate review and the undue burdens of this Your Honorable District Court Orders-(ECF Nos. 91, 96, 127, 131 and 140). Plaintiff further sets forth the immediate facts below:

**DEFENDANT - BOARD OF TRUSTEES OF, NILES CHARTER TOWNSHIP**

34.      Plaintiff hereby incorporates paragraphs 1 through 33 above as if fully set forth herein, and further alleges that, Defendant – Bret Witskowski, Treasurer, testified in deposition of his and the Niles Charter Township's conspiracy of silence agreement to say nothing about an issue that should be generally known, that they have reduced Plaintiff's parcel 2007 taxes because it was over appraised or overvalued. Defendant - Board of Trustee of Niles Charter Township is the governing Board of Trustees for Defendant Niles Charter Township. The Board consists of the Supervisor, Clerk, Treasurer and four Trustees.  The responsibilities of the Board include but are not limited to the following: Adopting Township policies and ordinances, Approving the budget, approving the hiring of certain staff, approving contracts, serving on assigned committees. Being the board of trustees, they are the liaison to,  all the other Defendants.  Moreover, Defendant Witskowski Treasurer of Berrien County and Defendant Berrien County Government, concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff with, 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture and scheme that overvalue at $36,550.00 and overtax at $506.05, Plaintiff's property in the 2007 tax year; and then their conspiracy of silence agreement to say nothing that they have reduced Plaintiff's parcel 2007 taxes because it was over appraised or valued, that they should have made generally known to Plaintiff and the public.

35.      As such, Plaintiff alleges that, given that Defendant – Bret Witskowski, Treasurer, testimony at his deposition that, the Niles Charter Township Defendants have reduced  parcel 2007 taxes because it was over appraised or overvalued, establishes that Defendant – Bret Witskowski, Treasurer and  the Niles Charter Township conspiracy of

silence agreement to say nothing about an issue that should be generally known, that they have reduced  parcel 2007 taxes because it was over appraised or overvalued. Moreover, given that their conspiracy of silent agreement to say nothing about the reduced parcel 2007 taxes that should be generally known, has been harming Plaintiff and his family for the last 14 years.  Defendant - Board of Trustee of Niles Charter Township had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to restore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint.

36.     Plaintiff further alleges jurisdictional-based grounds for dismissal pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, is not available the Township nor the following case laws. As the issue is about the Niles Charter Township conspiracy of silence agreement to say nothing about an issue that should be generally known, not about overvalued his property. *See Indigenous Am. People Inhabiting the Cnty. of Wayne, Mich. v. Wayne Cnty. Mun. Corp.*, No. 19-cv12579, 2020 WL 1910150, at *2, 5–7 (E.D. Mich. Apr. 20, 2020). In addition, the doctrine of comity may apply. *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 113–14 (1981).

37.     Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that the Michigan, Trial Court, Appellate Court, and Supreme Court relied on these forged documents to uphold foreclosures. Third of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that, all Defendants directly or indirectly

made themselves apart of the conspiracy to steal and defraud Plaintiff of his properties either when they create or possess  the forged documents and or by coverup of the forgeries or retaliated against Plaintiff to stop the forgery from redress or, conspiracy of silence an agreement to say nothing about the forgeries that should be generally known; in violation of Plaintiff's rights and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

### DEFENDANT, NILES CHARTER TOWNSHIP,

38.     Plaintiff hereby incorporates paragraphs 1 through 37 above as if fully set forth herein, and further alleges that First, Plaintiff's, 'Second and Third Amended Complaints -(ECF Nos. 10, 36),  and this, 'Fourth Amended Complaint', use of terms "forgeries" or "forged," documents— forged notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and the forged quit claim deed(s), to the purchaser(s), Plaintiff use forgeries in the legal sense that they were false or altered documents made to look genuine, in fact and in truth are invalid, because they are forgery documents.  Second of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that the Michigan, Trial Court, Appellate Court, and Supreme Court relied on these forged documents to uphold foreclosure, or parcel# 11-14-0112-0011-17-4/ 2116 S. 15th St.  Third of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that, all Defendants directly or indirectly made

20

themselves apart of the conspiracy to steal and defraud Plaintiff of his properties either when they create or possess the forged documents and or by coverup the forgeries or retaliated against Plaintiff to stop the forgery redress or, conspiracy of silence an agreement to say nothing about the forgeries that should be generally known.

39.  Plaintiff further alleges, Defendant – Bret Witskowski, Treasurer, testified in deposition of his and the Niles Charter Township conspiracy of silence agreement to say nothing about an issue that should be generally known, that they have reduced parcel 2007 taxes because it was over appraised or overvalued.  As such, Niles Charter Township is a part of concocted, disguised, designed evil plot and an elaborate scheme to steal and defraud Plaintiff of his properties. First, as their conspiracy of silence agreement contributed to the violations the State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")" because, the Judgment was not entered on or before March 01, 2010, but August 18, 2010, and was invalid against Plaintiff.  Second, as their conspiracy of silence agreement contributed stealing and defrauding of Plaintiff's properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)".  Third, as their conspiracy of silence agreement contributed to the Defendants stealing and defrauding Plaintiff's properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681)".  Fourth, their conspiracy of silence agreement contributed to the suppression of the fact that Plaintiff's taxes were paid in full for the tax years in dispute.  Fifth, as their conspiracy of silence agreement contributed to the Defendants' willful and wanton Misconducts of continuous "Forgeries"  on May 26, 2010, they create, use and possess, 'Notice of Judgment of Foreclosure', used it to lie that Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on

March 01, 2010 and on August 16, 2010, create, and continues to use and possess "Forged"

'Quit Claim Deed' and used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas

Bread, without Plaintiff's consent and without Court Order, and also filed the "Forged"

documents in Defendant Berrien County's Register of Deeds, plaintiff's injury would not have

occurred if not for Defendants' Forgeries and conspiracy of silence agreement. Sixth, as their

conspiracy of silence agreement contributed to the continuous forgeries on, October of, 2017

and July 20, 2022, sending, Forged documents via USPS Postal Service and emailing 'Quit

Claim Deed', 'Notice of Judgment of Foreclosure', and 'Certificate of Forfeiture of Real

Property', Defendants sent the documents to Plaintiff in the state of Georgia by both

electronic email and by USPS Snail mail, acts of mail and Wire Fraud. Moreover, there

forgeries presently, filed in Defendant's Registrar of Records and Deeds (§ 750-249.), 940. 18

U.S.C.1341. Forgery is a punishable crime for up to 14 years imprisonment, according to the

State of Michigan and Federal Laws.

     40.    On September 25, 2017, Coconspirator, Defendant Treasurer Witskowski during a

Deposition Hearing testified that, he knew all along the Parcel at center of Controversy in 2007

was overvalued at $36,550.00 and overtaxed at $506.05; furthermore, that Niles Charter

Township Tax Accessors Office had corrected the over taxation by reduction of overvalued and

overtaxed property value.  Defendants' conspiracy of silence agreement to say nothing that they

had reduced parcel 2007 taxes because it was over appraised or overvalued is factually clear.

This significant material evidence is just now ripe to be litigated, see Witskowski's deposition.

> 20 Q But is it your statement that the Niles property was
> 21 worthless, is that correct?
> **22 A I think it's worthless.**
> **2 A I know the township changed it because they were**
> **3 wrong.**

4 Q Okay. That's their view. My –

**5 A That's the truth.**                          At pages101-2

5. MR. HOLMSTROM: I think that's in a brief

6 somewhere. To the extent it is, that's what it is.        At page 103

41.     Again, on September 25, 2017, Defendant Niles Charter Township, by and

through its Coconspirator, Defendant Treasurer Witskowski's Deposition Hearing in the

presence of both Defendant's Attorneys, Attorney Mcgovern and Attorney Holmstrom it was

stated under Oath that, the property at the center of the controversy was overvalued at

$36,550.00 and overtaxed at $506.05 in the 2007 tax year, then it was sold for $4,500.00; and

that,  the Niles Charter Township Tax Accessors Office had corrected it by reducing the property

value and changed the 2007 overtaxed amount to reflect the correct amount of tax for year 2007;

and  Attorney Holmstrom confirmed the same and have a written copy of the same deposition

that, the property was worth less than $36,550.00 and required less than $506.05" to redeem, and

that Barnaby Paid "$305.73", "paid the whole amount" and fully redeemed the property at

$12,000.00, less than a third of the overvalued amount $36,550.00 and the overtaxed amount

$506.05.  Defendants' own Appraisal Report which confirmed the same is already filed in the

records of the District Court. see (ECF Nos. 57-7, 610-635).

42.     Plaintiff further alleges that, as it takes $506.05" to fully redeem $36,550.00; it

takes less than $168.68 to fully redeem $12,000.00; and demonstrates that, Plaintiff paid

"$305.73", was more than what was required to fully redeem parcel for the 2007 tax year. And

further demonstrates given that, after the 2007/2008 recession the Defendants' Expert Witness

Report appraised it in 2017 at $12,000.00.  This  proves that the property value in 2007 tax year

was between $4,500.00 and $12,000.00.  Defendant Niles Charter Township, Coconspirators,

Board of Trustee of Niles Charter Township, Defendant Treasurer Witskowski and Defendant

Berrien County Government, had the duty and or their duty afford them the opportunity to

resolve the unlawful actions and or to remedy in whole by paying Plaintiff the value of the

property, times three for theft at$12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00

and used  portions of it to remedy any outstanding taxes on Defendant - City of Benton Harbor

properties and return the balance to Plaintiff. But they failed, and because of their refusal to

perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint. And to

make known, their conspiracy of silence agreement that they have reduced Plaintiff's parcel

2007 taxes because it was over appraised or overvalued.

43.     Once more, Plaintiff further alleges jurisdictional-based grounds for dismissal

pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, is not available the Township nor the

following case laws. As the issue above are about Defendants' conspiracy of silence agreement

to say nothing about an issue that should be generally known. See Indigenous Am. People

Inhabiting the Cnty. of Wayne, Mich. v. Wayne Cnty. Mun. Corp., No. 19-cv12579, 2020 WL

1910150, at *2, 5–7 (E.D. Mich. Apr. 20, 2020). In addition, the doctrine of comity may apply.

See Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 113–14 (1981).

Defendant Niles Charter Township violated Plaintiff's rights, under state and federal laws

pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi.

Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil

Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth,

Fifth, and Fourteenth-section 1, Amendments.

**THE CITY OF BENTON HARBOR DEFENDANTS IS DEFAULTED ON PLAINTIFF'S SECOND AND THIRD AMENDED COMPLAINT-(ECF Nos. 10, 36),**

44.     Plaintiff hereby incorporates paragraphs 1 through 44 above as if fully set forth herein, and further alleges that, he argued in the District Court, (ECF No. 100,  PageID.1245-1247);  (ECF No. 109,  PageID.1370- 1371) and further contends that, Defendant City of Benton Harbor must be Defaulted as it was properly served by Plaintiff with Summonses and Copies Complaint (ECF Nos.10, 36, 37), but failed to file answers or Motion Under Rule 12, to Plaintiff's Second Amended Complaint(ECF No. 10) and failed to appeal the District Court's Orders and Final Judgment (ECF Nos, 35, 56, 67. 68). Plaintiff warrants Default and Default Judgment and its Granted Motion to the extent (ECF No. 85, 96) is moot and must be reversed.

45.     Moreover, the record shows that, the City of Benton Harbor filed its Motion-(ECF No, 33) to respond to Plaintiff's, 'Second amended Complaint-(ECF No, 10) on January 04, 2023, until 28 days after the Report and Recommendation-(ECF No, 16), that the Court Granted on the same day, Order-(ECF No, 35). The Report and Recommendation-(ECF No, 16) was rule on February 13, 2023, and the City of Benton Harbor Defendant's answer or Rule 12 motion the Plaintiff's 'Second amended Complaint-(ECF No, 10) was due on March 13, 2023. Yet, the District Court Denied Plaintiff's Default-(ECF Nos. 32, 75, 95, 124) and Default Judgment 31, 32, 77, 81, 88, 95 ) against It.

46.     The Magistrate Judge's moot Orders (ECF Nos 91, 96) Denying Plaintiff's Default and Default Judgment, that the District Court Order (ECF No.127) affirmed.

"The Court granted the requested extension on January 4, 2023. (ECF No. 35.) Because the Court ultimately overruled Plaintiff's objections, adopted the December 14, 2022, Report and Recommendation, and entered judgment for Defendants, the City was never required to answer Plaintiff's second amended complaint. Thus, at least at this juncture, there is no basis for entry of default." (ECF No. 91, PageID.1120).

47.     Plaintiff contends, because the District Court's Order and Final Judgment(ECF Nos, 67, 68) were reversed by the Sixth Circuit Order and Judgment-(ECF Nos,72, 73), it is the Sixth Circuit Order and Judgment that is controlling and moots the District Court's Orders-(ECF Nos. 91, 96, 127, and 131) **Denied** Plaintiff's Default-(ECF Nos,32, 75, 95, 124), and Default Judgment-(ECF Nos,31, 77, 81, and 88), against the Benton Harbor Defendant.

The law is clear, Fed. R. Civ. P. 12(a)(1)(A)(i).

(a) TIME TO SERVE A RESPONSIVE PLEADING.

   (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

   (A) A defendant must serve an answer:

      (i) within 21 days after being served with the summons and complaint.

   The District Court Summons states, "YOU ARE HEREBY SUMMONS and required to serve upon Plaintiff, an answer to the attached complaint or a Motion under Rule 12 of the Federal Rule of Civil Procedure within **21 days** after service of this Summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file you answer or motion with the Court."

   Beton Harbor should either have appealed to the District Court's Orders and Final Judgment (ECF Nos. 35, 56, 62, 67, 68) or filed a motion to safeguard any rights[1].  Instead, It abandoned or forfeited any rights It may have had. The District Court's Orders (ECF Nos. 91, 96, 127, 131) on appeal had improperly restored to the Defendant that, which It willfully forfeited contrary to laws and in violations of this Sixth Circuit's Order (ECF No.72), and further prejudice Plaintiff beyond the Defendant's 14 years of pain and sufferings to Plaintiff and the death of his family.

---

[1] Plaintiff, an In Pro Se, Litigant, filed Appeals-(ECF Nos. 69, 129)  and Motion-(ECF No.126), to safeguard his rights, and the rights that he did not raise this Circuit Court found that he forfeited.  Plaintiff contends that, the same must be applicable to all the Defendants in this case.

48.     Clearly, Plaintiff's Request for Default and Default Judgment against City of Benton Harbor Defendant that failed or forfeited to file an answer to Plaintiff's Second Amended Complaint-(ECF No 10), is proper. As it did not adhere to its own Granted Motion-(ECF Nos. 33, 35), to file answer to Plaintiff's Second Amended Complaint-(ECF No 10), ultimately by March 13, 2023; nor did it appeal the District Court's Order and Final Judgment-(ECF Nos. 67, 68) or a Motion to safeguard any rights it may have had. It has been [over one year] after the Defendant was properly served, these controlling laws are applicable to reverse the District Court's Orders: (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata; Fed. R. Civ. P. 12(a)(1)(A)(i);  and Fed. R. Civ. P. 55 (a), (b) (1) or (2).

49.     Notwithstanding, Plaintiff's Preservation of his Default and Default Judgment against same Defendants-(ECF Nos. 28, 31, 75, 77, 81, 85, 95, 124 and 139) for appellate review and the undue burdens of this Your Honorable District Court Orders-(ECF Nos. 91, 96, 127, 131 and 140). Plaintiff further set forth the facts immediate below:

**DEFENDANT, CITY OF BENTON HARBOR**

50.     Plaintiff hereby incorporates paragraphs 1 through 49 above as if fully set forth herein , and further alleges that, the Defendant City of Benton Harbor and State of Michigan Governors and Berrien County Defendants are Co-conspirators which they created, used, or possessed false documents with the intent to use and or used to defraud Plaintiff of his real properties: parcel # 51-5000-0006-00-4 aka 931 Colfax,  parcel # 51-5000-0007-00-1 aka, 941 Colfax,  parcel # 11-51-0801-0075-00-8 ask 189 Apple Ave, parcel # 11-52-7500-0002-00-6 aka 272 Pipestone St.; parcel # 11-52-7500-0003-00-2 ask 272 Pipestone St.;

parcel # 11-52-0019-0071-02-5 aka 272 Pipestone Street, 235-239 Pipestone parcels, which

Forgeries spanned from the year August of 2013 to present.

51.     Further, Plaintiff alleges that, notwithstanding that Defendants, City of

Benton Harbor and State of Michigan Governors and Berrien County Defendants should have

allowed him to pay delinquent taxes that he owed on several properties before foreclosing on

his same properties. Because, Defendants had the duty and their duty afforded them the

opportunity to resolve the unlawful actions and or to remedy in whole by paying Plaintiff the

value of the property; times three for theft at $12,000.00 equal $36,000.00 or at $36,500.00

equal 109,500.00 and use portion of it to remedy any outstanding taxes on Defendant - City of

Benton Harbor properties and return the balance to Plaintiff. But they failed, when they

refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's

Complaint. Defendants' conspiracy was foreseeable; their willful and wanton misconducts of

"Forged", 'Notice of Judgment of Foreclosure' and "Forged", 'Quit Claim Deed' and

falsification of public record were used to permanently "transfer title" of Barnaby's real

properties.

52.     Plaintiff alleges that Defendant – Bret Witskowski Treasurer testified in

deposition that he conspired with Defendant City of Benton Harbor to demolished Plaintiff's

properties.  Such properties aka, 235-239 Pipestone parcels Plaintiff did not lose due to

unpaid properties back tax nor foreclosure, but to Defendants Forgery, Retaliation,

Conspiracy, Fraud, Theft, concealment, falsification of record and coverup that demolished

them in violation of Plaintiff's due process. Lastly, Given the facts that:  1). Defendants owed

Plaintiff according to its Appraised $12, 000, times three for theft equal **$36, 000.00**.   2).

Their demolishing of Plaintiff's 235-239 Pipestone parcels by Forgery, Retaliation, Conspiracy, Fraud and in violation of his due process, that cost to rebuild it is **$619,851.00**. As such Defendant should not have testified against Plaintiff that he owed back taxes and cause him to lose any of his properties and Defendants should have allowed Plaintiff to pay delinquent taxes that he owed on the other properties before foreclosing on them, as Defendant owed Plaintiff **$655,851.00** at the time they demolished and foreclose Plaintiff same above properties.

53.   Defendant – Bret Witskowski, Treasurer deposition testimony of his conspiracy with Defendant City of Benton Harbor to demolish Plaintiff's properties in violation of his due process.  Again, Plaintiff did not lose his 235-239 Pipestone parcels because of failure to pay taxes, but because of Defendants' retaliations against Plaintiff and their gentrification agenda that targets Plaintiff. See deposition transcripts below:

**Treasurer Witskowski's Deposition at Page #67**

18 BY MR. BARNABY:
19 Q Okay. So that is -- I'm done.
20 Now, I want to transition to something else.
21 My question is with respect to 931 Colfax. Are you
22 familiar with 931 Colfax?
23 **A Was that a light tan brick building?**
24 Q That was a white house.
25 **A A house?**

**Treasurer Witskowski's Deposition at Page #121**

1 Q Is it also correct that 9 -- I'm sorry -- that 189
2 Apple is demolished?
3 **A I think so, but I don't know for sure.**
4 Q 189 Apple Street is demolished. So you say you think
5 so but you're not sure?
6 **A I don't know that.**
7 Q Is that also your understanding that 235 Pipestone is

8 demolished?
9 **A Was that the yellowish brick one?**
10 Q 235 Pipestone.
11 **A I'm trying to remember. You're asking me, I'm just**
12 **asking if you can tell me what it looked like.**
13 Q Yes. I want to believe so, yes.
14 MR. HOLMSTROM: Was it residential or
15 commercial?
16 BY MR. BARNABY:
17 Q My question, is it true that you did demolish?
18 **A Is that the one you put all the signs on?**
19 Q Yes.

**Treasurer Witskowski's Deposition at Page #122**

1 Q And the demolition has nothing to do with that?
2 **A The demolition was in concordance with the City of**
3 **Benton Harbor Commission that asked for those to be**
4 **tore down with high priority, of which I had approved.**
13 Q Where do you get money from to demolition a building?
14 **A Most of it's from the foreclosure fund.**
15 Q So from where the rest from?
16 **A We may have received grants over time period.**
17 Q From where?
18 **A The State and the Federal.**
19 Q State and the Federal. And what are the name of those
20 grants?
21 **A We have received City of Promise. We have received**
22 **Neighborhood Stabilization No. 1, Neighborhood**
23 **Stabilization No. 2, all of which would not allow us**
24 **to remove commercial properties only residential.**
25 Q Okay. So those monies, are those monies just to demo

**Treasurer Witskowski's Deposition at Page #123**

1 property or are they also to refurbish property?
2 **A Only for demolition.**
3 Q Do you have any grant, anything from your office that
4 helps to stabilize in terms of fix up a building that
5 could be fixed?
6 **A No. The City of Benton Harbor does.**
7 Q Do you work with City of Benton Harbor to get those
8 grants?
9 **A No.**
10 Q Is that correct?
11 **A No, I don't, they do their own.**
12 Q Those property that were demolitioned, what role does

30

13 your office play?
14 MR. HOLMSTROM: Are you referring to which
15 property, 931?
16 BY MR. BARNABY:
17 Q 931. 931, 941, 189 Apple.
18 **A Well, when they're in Berrien County's name the County**
19 **has the right to do with them whatever they want. In**
20 **this case we worked with the City to identify high**
21 **priorities of which all those were high priorities for**
22 **the City to tear down.**
23 Q Fair. Are you aware that months ago those property
24 has been through city inspection and passed city
25 inspection?

**Treasurer Witskowski's Deposition at Page #124**

1 MR. HOLMSTROM: What date are you talking
2 about?
3 BY THE WITNESS:
4 **A Do you have any proof?**
5 **MR. BARNABY: In 2013.**
6 **A Do you have anything to prove it?**
7 Q The city record will.
8 **A Shows you how bad the city is because I got it where**
9 **they wanted it tore down.**
10 Q So --
11 **A And voted on it by a commission.**
12 Q We will explore that.
13 **A There's nothing to explore, I got it.**
23 Q Let's deal with 931 Colfax. Do you know that property
24 was purchased through your county tax sale?

25 **A You bought a lot through the county tax sale including**

**Treasurer Witskowski's Deposition at Page #125**

1 **Niles for $50.**
2 Q For how much?
3 **A $50.**
4 Q How much did I pay for the house?
5 **A Fifty.**
6 Q And that's your testimony. Are you sure about that?
7 **A No, I'm not sure.**
8 Q Okay. But you just say --

9 **A You were pretty good at coming to the auctions and**
10 **paying other people's foreclosed property, it never**
11 **bothered you one bit.**
12 MR. HOLMSTROM: Is there a question on the
13 floor?
14 BY MR. BARNABY:
15 Q Yes, it is.
16 MR. HOLMSTROM: What's the question?
17 BY MR. BARNABY:
18 Q You mentioned that the $50 for the Niles property.
19 Are you stating the $50 because in your mind it's
20 worth nothing? Or are you stating it because it's a
21 fact?
22 **A I think it's ironic that you're suing us for**
23 **foreclosing when that's how you make a living off of**
24 **foreclosed people.**
25 Q Okay. Okay.


**Treasurer Witskowski's Deposition at Page #126**


1 **A And you're getting your due.**
2 MR. HOLMSTROM: I think his question was
3 whether or not you recall the price.
4 BY THE WITNESS:
5 **A No, I don't recall the price.**
6 **BY MR. BARNABY:**
7 Q Before you mention that, first you said it was worth
8 nothing and now you said I bought it for $50.
9 **A So?**
10 Q Your answer is so?
11 **A So what.**
12 Q So what? Okay.
13 **A I know you bought it at an auction sale. Someone else**
14 **lost it and it didn't bother you.**
15 Q Fair enough. Back to 931 Colfax. Is it also true
16 that I purchased 931 Colfax at the auction as well?
17 **A I don't know.**
21 Q Are you not aware that there were inspection on 931
22 Colfax months before you tore that property down?
23 **A No.**
24 Q Passed inspection in town?
25 **A Doesn't -- it speaks on Benton Harbor's inspection of**

<u>**Treasurer Witskowski's Deposition at Page #127**</u>

1 **property, it speaks for nothing.**
2 Q So are you doing anything with that at all?
3 MR. HOLMSTROM: Objection.
4 BY THE WITNESS:
5 **A Their inspection process is poor by their own**
6 **admission.**

54.      In addition, Plaintiff further alleges that his Benton Harbor Properties were on two main essential streets, Colfax, and Pipestone. Plaintiff used his properties for his livelihood and to help improve the residents of Benton Harbor. Example Plaintiff work close with the Honorable Rev. Edward Pinkney a civil right leader who has the residents of Benton Harbor's best interest at heart. The Honorable Rev. Edward Pinkney is often falsely imprisoned just for looking out for the residents of Benton Harbor.

55,      Moreover, Plaintiff alleges that, Defendant City of Benton Harbor and State of Michigan Governors and Berrien County Defendants conspired to demolish his properties many had recently passed inspection and his 235-239 Pipestone properties had nothing to do with failure to pay property taxes, but because of Defendants' retaliations, and discriminations against Plaintiff and their gentrification agenda that targets Plaintiff demolished his properties. When Plaintiff asked about his 235-239 Pipestone parcel, the Berrien County Defendants connects their conspiracy with the Defendant City of Benton Harbor and State of Michigan Governors Defendants, " <u>7 Q Is that also your understanding that 235 Pipestone is 8 demolished? 9 **A Was that the yellowish brick one?**</u> 10 Q 235 Pipestone. 11 **A I'm trying to remember. You're asking me, I'm just** 12 **asking if you can tell me what it looked like.** 13 Q Yes. I want to believe so, yes. …..17 Q My question, is it

true that you did demolish? 18 **A Is that the one you put all the signs on?** 19 Q Yes.  2 **A The demolition was in concordance with the City of** 3 **Benton Harbor Commission that asked for those to be** 4 **tore down with high priority, of which I had approved."**

56,      As such, Plaintiff alleges that, the above undeniable facts demonstrate that the Honorable Magistrate Judge Sally J. Berens' Order (ECF No, 140) findings below are moot, Defendant City of Benton Harbor and State of Michigan Governors and Berrien County Defendants and Township as do for all Defendants conspired against Plaintiff.

> "The glue holding this action together against numerous Defendants is Plaintiff's allegation of a wide-ranging conspiracy, repeated throughout his complaint, involving "an evil plot and an elaborate scheme to steal and defraud Plaintiff" of his properties. (ECF No. 36 at PageID.183.) As noted in the December 14, 2022 Report and Recommendation, the conspiracy allegations in the second amended complaint were nothing more than a legal conclusion without supporting facts. In other words, the glue was defective. (ECF No. 16 at PageID.14–15.) Plaintiff's conspiracy allegations in his third amended complaint are no different. Once the shroud of conspiracy is lifted, it becomes clear that the Township had a very limited role in the events about which Plaintiff complains." (ECF No. 140, PageID.1817)

57.      Plaintiff further alleges jurisdictional-based grounds for dismissal, is not available to the Benton Harbor, the Defendant City of Benton Harbor and State of Michigan Governors because they conspired with the Berrien County Defendants to retaliate and discriminated against Plaintiff and demolished his properties in violation of his due process for an appeal, etc. The City of Benton Harbor Defendant discriminated against the Plaintiff with various grants.  Lastly, Plaintiff alleges Defendant - City of Benton is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**THE BERRIEN COUNTY DEFENDANTS ARE DEFAULTED ON PLAINTIFF'S SECOND AND THIRD AMENDED COMPLAINT-(ECF Nos. 10, 36),**

58.     Plaintiff hereby incorporates paragraphs 1 through 57 above as if fully set forth

herein, and further alleges that,  he argued in the District Court, (ECF No. 100,  PageID.1236 -

1241) and (ECF No. 109,  PageID.1365   ECF No. 109,  PageID.1363- 1367) and further

contends that, Plaintiff properly served all same Defendants, Service of Process with Summonses

and Copies of Complaint- (ECF Nos. 10, 36) and with Documents filed with Clerks of both

District Court and Sixth Circuit Appellate Court, proceedings. But they willfully, failed or

forfeited filing answer to Plaintiff's Second and Third Amended Complaint- (ECF Nos. 10, 36)

or Rule 12 Motion.

59.     Plaintiff Contends that the law, Fed. R. Civ. P. 12(a)(1)(A)(i), is clear,

(a) TIME TO SERVE A RESPONSIVE PLEADING.

   (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

   (A) A defendant must serve an answer:

      (i) within 21 days after being served with the summons and complaint.

         The District Court Summons states, "YOU ARE HEREBY SUMMONS and required to serve upon Plaintiff, an answer to the attached complaint or a Motion under Rule 12 of the Federal Rule of Civil Procedure within **21 days** after service of this Summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file you answer or motion with the Court."

60.     **Yet, t**he Magistrate Judge's Order, (ECF No. 91, PageID.1124), Denied, Plaintiff

Default, and Default Judgment, by inaccurately concluding that, it is not proven that, Attorney

Hackworth has expressly or implicit authorization to accept service on behalf of the Berrien

County Defendants. See, (ECF Nos. 33, 35, 36, 37, 53, 56, 59, 60, 62, 64, 67 and 68).  The Order

states,

"Rather, a party seeking to prove that service on an attorney was proper must offer proof that the specific client expressly or implicitly authorized the attorney to accept service for the client. See Island Jay, Inc. v. MyLocker.com, LLC, No. 19-11501, 2023 WL 2733377, at *5 (E.D. Mich. Mar. 31, 2023). Here, Plaintiff has provided no evidence that any Defendant expressly or implicitly authorized Mr. Hackworth to accept service on their behalf."

61.     The District Court's Orders-(ECF Nos. 91, 96, 127, and 131), are moot in three respects, **One,** Plaintiff' New Discovery, he submitted on Brief and Motion (ECF Nos. 109, 110), that The Berrien County Defendants never challenged and waived any rights they may have had. (ECF No. 109, PageID.1365- 1367). **Two,** proof or evidence that The Berrien Court Defendants expressly or implicitly authorized Mr. Hackworth to accept service on their behalf. **Three**, the Order failed to recognize that, the dispute between Plaintiff and Attorney Hackworth is a 'Verbal Agreement'.  (ECF No. 100, ID.1236 -1241).

<u>One,</u>

**Plaintiff's New Discovery of Attorney Hackworth Authorization by <u>Appointment or by Law by Defendants Berrien County. Exhibit-W15</u>[2]**

**62.**     Plaintiff's new discovery that on December 21, 2021, Defendants Berrien County Board of Commissioners have Authorized by Appointment or by law Attorney Hackworth to receive service of process on behalf of the Berrien County Defendants'. see, (Exhibit-W15). Moreover, that the Berrien County Defendants have conceded, that  Attorney Hackworth properly received from Plaintiff, service of process on behalf of the Berrien County Defendants under both state and federal laws: "…an agent authorized by appointment or by law to receive service of process" may receive service on behalf of either (1) a corporation, Fed. R. Civ. P.

---

[2] The Order (ECF No. 91, PageID.1122), the Berrien County Defendants' Attorney, Mr. Hackworth ECF Nos. 48, 87) and the Plaintiff, (ECF Nos. 29, 49-1), all agree that Mr. Hackworth, received and signed for all ten of the only original Summonses and ten copies of the Complaint, from Plaintiff, intended to give proper service to the Berrien County Defendants on December 9, 2023. Attorney Hackworth also conceded as matter of law that he can accepted service on behalf of the Berrien County Defendants. Fed. R. Civ. P. 4(h)(1)(B), or (2); Fed. R. Civ. P. (e)(2)(C)." and Mich. Ct. R. 2.105(I)(1).

4(h)(1)(B), or (2) an individual defendant, Fed. R. Civ. P. (e)(2)(C)."  see (ECF No. 102, PageID.1299).  And that, "While the Michigan rules do allow for service upon an agent, the rules still require that the agent be personally served. Mich. Ct. R. 2.105(I)(1) requires service of process to be made by "serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process.". (ECF No. 102, PageID.1300).

63.     The only issue of disagreement among Plaintiff and Defendants is about Process and Manner of Service, that, Mich. Ct. R. 2.105 (A) (1) (2), made clear, can be by either personal service  or by mail. The Defendants' incorrect and moot legal analysis is Attorney Hackworth should only be served on behalf of the Berrien Defendants by personal service. And, Plaintiff's correct and legal analysis is that of the Service under District Court's Local Rules Service Handbook, and Mich. Ct. R. 2.105 (A) (1) (2), which gives both options to Plaintiff personal service or by mail, certified mail with restricted delivery and return receipt.  see, (Exhibit-W14). As such, Magistrate Judge's Order (ECF No. 91), must be reversed in part, Default and Default Judgment entered against Defendants (ECF Nos.28,32,75,77,81,95), per Rule 55: (a); (b)(1)or(2).

64.     Notwithstanding Plaintiff's Verbal Agreement argument, the new discovery, further, proves the Order in part is moot, citing Mr. Hackworth, ( ECF No. 91, PageID.1123), "Mr. Hackworth further states that, he told Plaintiff that he did not agree to waive or accept service on behalf of any Defendant. (Id. at PageID.303.)"; what Attorney Hackworth said were, "that he did not [agree to waive]or [accept service] on behalf of any Defendant";  he did not say, [he did not have, express or implicit authorized, to accept service] on behalf of any Defendant behalf. Now, their Brief went further and set forth the legal authorities that gave Attorney Hackworth the express or implicit authorizations to accept service on their behalf. Fed. R. Civ. P. 4(h)(1)(B); Fed. R. Civ. P. (e)(2)(C) and Mich. Ct. R. 2.105 (A) (1) (2); (I)(1).  This new

discovery further proves that the Order is "clearly erroneous", "contrary to law," and violated the sixth Circuit's Order( ECF No. 72.  Example, the Appellate Court's Order ( ECF No. 72) Plaintiff's Complaint is binding on [both current and former] Governors and Employees that injured Plaintiff. But, both Defendants and the Order on appeal in violation, said Plaintiff's Complaint should only be bidding on [current] Governors and Employees that injured Plaintiff.

65.     Defendants via their Attorney, Mr. Hackworth call Plaintiff's actions in the proceedings a "continuing gamesmanship"  (ECF No. 102, PageID.1302). Defendants' derogatory and untrue statement came in the context of this immediate sentence.  "At the time Plaintiff mailed process to the Berrien County Corporate Counsel, this action was already pending dismissal for lack of subject-matter jurisdiction upon Magistrate Judge Berens' Report and Recommendation. (ECF No. 16)."  Defendants' derogatory and untrue statement confirmed Plaintiff's arguments both in District and Appellate Courts, that:  **#1).** Defendants did not file an answer to Plaintiff's, Second and Third Amended Complaint (ECF Nos. 10, 36), because they knew Plaintiff had finally discovered their continuous, forgery, fraud, thievery which injured Plaintiff.  **#2).** Defendants have been using Courts, inclusive of this District Court's R&R, Orders and Final Judgment, (ECF Nos. 16, 62, 67, 68), as defenses to cover up their misconducts for the last fourteen years of continuous forgery, fraud, thievery that caused Plaintiff to lose all his same real properties, his employment, his livelihood,  suffered homelessness, ultimately contributed to the death of our son, great pain and suffering and emotional distress.  **#3).** The Order, (ECF No. 91) must be reversed in part, as it has now become, one more of Defendants' gamesmanship defense; covering up their continuous forgery, fraud, thievery to prolong Plaintiff's 14 years sufferings.

**Two**

38

### Attorney Hackworth Expressly or Implicitly Authorized to Accept Service on their behalf The Berrien Court Defendants

66.     Appellant hereby incorporates all above fact and legal argument as if fully set forth herein and further contends, the proof or evidence that The Berrien County Defendants expressly or implicitly authorized Mr. Hackworth to accept service on their behalf:   **1).** It is from Attorney Hackworth himself, cited by the very Magistrate Judge's Order (ECF No. 91, PageID.1123),  "Mr. Hackworth further states that he told Plaintiff that he did not agree to waive or accept service on behalf of any Defendant. (Id. at PageID.303.)"; what Attorney Hackworth said are, "that he did not [agree to waive]or [accept service] on behalf of any Defendant";  he did not say, [he did not have, express or implicit authorized, to accept service] on behalf of any Defendant behalf.  Because Mr. Hackworth knew he has both express and implicit authorization to accept service on their behalf, as such is why he consented to the Verbal Contract with Plaintiff.

67.      Plaintiff's unchallenged Affidavit and Briefs both in the District Court's and Sixth Circuit Court's proceedings,

"The undisputed facts in the record demonstrated that both the Berrien County Defendants and Holmstrom Defendants were properly served with Complaint and Summons and with filings in the District Court's proceedings. But they wittingly and willfully chosen to be Defaulted rather than to Answer Plaintiff's independent Complaint (ECF Nos., 10, 36), or to file Motion under Rule12. As Plaintiff's independent Complaint (ECF Nos., 10, 36), and the undisputed facts in the record shows that Plaintiff's injuries were caused by both the Berrien County Defendants and Holmstrom Defendants filing of false affidavit-(ID.756-758), forgery documents-(ID.560-563), lies and perjuries in deposition-(ID.646-714)…"

**68.**     **N**ow, after the Sixth Circuit Court's Order and Judgment (ECF Nos. 72, 73), Attorney Hackworth, publicly put in writing what was verbally express to Plaintiff on November 22, 2022, that, The Berrien Court Defendants expressly or implicitly authorized him to accept service on their behalf.

"However, given the procedural posture of this case following the Sixth Circuit remand, Berrien County is willing to waive service on behalf of itself and its current employees if provided with a 45 day period of time to file a response to the operative complaint. These defendants include: (1) Berrien County Government, (2) Berrien County Board of Commissioners, (3) Shelly Weich, (4) McKinley R. Elliott, (5) Donna B. Howard, and (6) Lora L. Freehling." (ECF No. 87, PageID.1059).

69.     The Orders failed to take into consideration that, neither the Berrien County

Defendants nor Attorney Hackworth mentioned that, Attorney Hackworth did not have,

expressly and implicitly authorization to accept service of Summonses and copies Complaint on

behalf of the Berrien County Defendants, until after Plaintiff called for CERTIFICATE

regarding compliance pursuant to LCivR 7.1(d), to file Default and Default Judgment against

them, (ECF Nos. 28, 32). Yet, Plaintiff called and spoke with Attorney Hackworth on November

22, 2022, and informed him about this same litigation and proper service of Summonses and

copies of Complaint upon, The Berrien Court Defendants. Furthermore, Attorney Hackworth on

December 09, 2022, received from Plaintiff ten original Summonses and ten copies of his second

Amended Complaint (ECF No. 10), but Attorney Hackworth never returned original Summonses

or copies of second Amended Complaint (ECF No. 10) to Plaintiff.

70.     Lastly, Plaintiff has served Attorney Hackworth on behalf of Berrien County

Defendants, copies of every filing that was filed both in the District Court and the Sixth Circuit

Court proceeding, and **none** was ever rejected or returned. Plaintiff in good faith has invested,

time and money to serve Defendants for over one year, Attorney Hackworth did not deny having

authorization, expressly and implicitly to accept service on their behalf. Clearly, Plaintiff

warrants Default and Default Judgment, to stop Defendants' [one plus year] employed dilatory

tactics and undue delay-harassment to Plaintiff, and thirteen plus years of great pain and

sufferings. "The purpose of a default judgment is to prevent a defendant from employing dilatory

tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v.

S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay and harassment[3].").

## ATTORNEY THADDEEUS J. HACKWORTH

### Three
**The Berrien County Defendants Did Not Challenge the Elements of the Verbal Agreement Between Barnaby and Attorney Hackworth to accept Service on Their Behalf.**

71.     Plaintiff hereby incorporates all above fact and legal argument as if fully set forth herein and further contends that, the Magistrate Judge's Order failed to recognize that, the dispute between Plaintiff and Attorney Hackworth is 'Verbal Agreement. Plaintiff claims that, Attorney Thaddeus J. Hackworth verbally agreed that, Plaintiff mail the Summonses and the copies of the Complaint to Mr. Hackworth as proper service, on behalf of Berrien County Defendants, MR. Hackworth only denied after Plaintiff sought concurrence pursuant to LCivR 7.1(d), for Default and Default Judgment, against Defendants-(ECF Nos. 28, 29,31, 32, 48, 49). The Magistrate Judge's Order also failed to judge the elements that make up a Verbal Agreement between Plaintiff and Attorney Hackworth: Mutual consent and understanding, Offer and acceptance, Mutual consideration, Performance and Good faith.

72.     **Mutual consent and understanding:** Barnaby the, In Pro Se Litigant and Attorney Hackworth the Corporate Counsel for The Berrien County Defendants. Both parties knew, The Berrien County Defendants need to be served with Summonses and copies of the Complaint and consented to it. The Defendants' website describes Attorney Hackworth job as follows, "Corporate Counsel serves as the in-house attorney for general County legal matters

---

[3] For the last 14 years, Defendants caused, Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, ultimately contributed to the death of our son, great pain and suffering and emotional distress, without remorse.

which are civil in nature, such as representing commissioners and elected officials acting on

County business, as well as advising on issues related to personnel/labor, ordinance and policy,

and litigation[4]." Exhibit W-9.

73.    **Offer and acceptance:** As is the custom with all the other Defendants. Plaintiff

called the Berrien County Defendants on or about November 22, 2022, and spoke with Attorney,

Thaddeus Hackworth, and he instructed Plaintiff to served him Summonses and copies of

Complaint on behalf of the Berrien County Defendants.  (ECF Nos. 18, 19, 22, 29, 49) and

Exhibit W-8.

74.    **Mutual consideration:** Barnaby the, In Pro Se Litigant and Attorney Hackworth

exchange of valuable goods, rights, or services occurred. On November 22, 2022, Barnaby, or

Plaintiff, the, In Pro Se Litigant promised Attorney Hackworth to send him Summonses and

copies of Complaint and Attorney Hackworth the Corporate Counsel for The Berrien County

Defendants and promised to served Summonses and copies of the Complaint on Defendants.

75.    **Performance:** The Order (ECF No. 91, PageID.1122), the Berrien County

Defendants' Attorney, Mr. Hackworth ECF Nos. 48, 87) and the Plaintiff, (ECF Nos. 29, 49-1),

all agree that Mr. Hackworth, received and signed for all ten of the only original Summonses and

ten copies of the Complaint, from Plaintiff, intended to give proper service to the below

Defendants on December 9, 2023. And that Plaintiff had spoken to Mr. Hackworth, on

November 22 and 28, 2022, before mailing the ten Summonses and ten copies of the Complaint

to him and he did not return them to Plaintiff.

"…on December 9, Thaddeus J. Hackworth, Berrien County's Corporate Counsel,
acknowledged receipt of ten copies of the second amended complaint and original
summonses for Berrien County Government, Berrien County Board of Commissioners,
James McGovern, Bret Witskowski, Lori D. Jarvis, Shelly Weich, McKinley R. Elliott,

---

[4]https://www.berriencounty.org/1075/Corporate-Counsel

Kathleen Culberson, Donna B. Howard, and Lora L. Freehling. (ECF No. 48-1 at PageID.304.)…. Mr. Hackworth further states that on November 22 and 28, 2022, he spoke with Plaintiff via telephone…." **(PageID.1122)**

**76.**      **Good faith:** The Magistrate Judge's Order (ECF No. 91) failed accurately judge that Plaintiff acted in accordance with the Verbal Agreement, as Mr. Hackworth, "acknowledged receipt of ten copies of the second amended complaint and original summonses". And that, if it was the case that Mr. Hackworth did not serve Summonses and copies of the Complaint on Defendants, he would have broken the Verbal Agreement.

77.      Plaintiff mailed original Summonses and copies of the Complaint to Mr. Hackworth, and he did not return them to Plaintiff, (ECF Nos. 29). The record shows that, while Attorney Hackworth was fully aware of the litigation from, November 22, 2022, and received the original Summonses and copies of the Complaint on December 09, 2022, he never objected until after Plaintiff informed him of his intent to file Default and Default Judgment pursuant to LCivR 7.1(d), on January 03, 09, 2023. Plaintiff also served Attorney Hackworth on behalf of Berrien County Defendants, e filing that was filed in the District Court's and the Sixth Circuit Appellate Court's proceedings, which were never rejected.

78.      Now, for Attorney Hackworth to say, "However, given the procedural posture of this case following the Sixth Circuit remand, Berrien County is willing to waive service on behalf of itself and its current employees if provided with a 45-day period of time to file a response to the operative complaint." (ECF No. 87, PageID.1059). After, one year of the Plaintiff's time and money to serve them, given, Defendants' willful wanton misconducts which have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. Clearly, Plaintiff warrants Default and Default Judgment, to stop Defendants' [one plus year]

from employing dilatory tactics and undue delay-harassment to Plaintiff, and thirteen plus years of great pain and sufferings.

79.    Lastly, the District Court failed to accurately judge the evidence of the disputed Verbal Agreement between Plaintiff and Attorney Hackworth, that supports Plaintiff, setting aside both gave opposing Declaratory statements which neutralize the other:  **(a),** Plaintiff has a past  procedural practice, of calling Defendants then after ascertaining concurrence mails out Summonses and copies of Complaint. See, (ECF Nos. 22, 29, 49) & Exhibit W-8. **(b)**, Plaintiff had spoken to Mr. Hackworth before the Summonses and copies of the Complaint were mailed to him. **(c),** That, Mr. Hackworth signed for the original Summons and copies of the Complaint and did not return them to Plaintiff. **(d).** Mr. Hackworth never objected to the fact that the same Defendants were properly served until after Plaintiff informed him of his intent to file Default and Default Judgment pursuant to LCivR 7.1(d), on January 03, 09, 2023.  **(e).** Mr. Hackworth never made a proper appearance in the District Court, nor the Sixth Circuit Appellate Court, even though Plaintiff served Defendants every filing in both Courts. **(f).**  Mr. Hackworth also consented to Plaintiff serving his client via his email, thackworth@berriencounty.org.

80.    The above reasons are why the District Court's Orders-(ECF Nos. 91, 96, 127, and 131), are moot and must be reversed and should have directed the Clerk to enter Default and Default Judgment by Clerk or by Order of the Court against the Berrien County Defendants, under Rule 55: (a); (b)(1)or(2).

81.    Notwithstanding, Plaintiff's Preservation of his Default and Default Judgment against same Defendants-(ECF Nos. 28, 31, 75, 77, 81, 85, 95, 124 and 139) for appellate review and the undue burdens of this Your Honorable District Court Orders-(ECF Nos. 91, 96, 127, 131 and 140). Plaintiff further set forth the below immediate facts:

**DEFENDANT, BRET WITSKOWSKI TREASUSER OF, BERRIEN COUNTY**

82.    Plaintiff hereby incorporates paragraphs 1 through 81 above as if fully set forth herein and further alleges that, the superglue of Defendants' conspiracy and or conspiracy of silence an agreement to steal and default Plaintiff of his properties by conspiracy and or conspiracy of silence an agreement is the Berrien County Defendants as a whole, in their official roles. However, at the crux of their concocted, disguised, designed evil plot and an elaborate scheme to steal and defraud Plaintiff of his properties is their Treasurer, Defendant – Bret Witskowski. **First,** conspiracy and or conspiracy of silence an agreement superglue holding between Treasurer Bret Witskowski and the Niles Township Defendants conspiracy and or conspiracy of silence agreement to say nothing about an issue that should be generally known that they have reduced  parcel 2007 taxes because it was over appraised or overvalued.  **Second,** conspiracy and or conspiracy of silence an agreement superglue holding between Treasurer Bret Witskowski and the Benton Harbor—State of Michigan, Governors, conspiracy and or conspiracy of silence agreement to demolished Plaintiff's 235-239 Pipestone parcels in violations of Plaintiff's due process. " <u>7 Q Is that also your understanding that 235 Pipestone is 8 demolished? 9</u> **A Was that the yellowish brick one?** 10 Q 235 Pipestone. 11 **A I'm trying to remember. You're asking me, I'm just** 12 **asking if you can tell me what it looked like.** 13 Q Yes. I want to believe so, yes. …..17 Q My question, is it true that you did demolish? 18 **A Is that the one you put all the signs on?** 19 Q Yes.    20 **A Yes, that's demolished because it was imploding, we** 21 **had to do an emergency demo.** 22 Q My question, and it is your testimony that that is not 23 because I chose to get paid for the Niles property? 24 **A They were foreclosed on because you refused to pay the** 25 **taxes.** 2 **A The demolition was in concordance with the City of** 3 **Benton**

Harbor Commission that asked for those to be 4 tore down with high priority, of which I had approved."

83.    **Third** conspiracy and or conspiracy of silence an agreement superglue holding between Treasurer Bret Witskowski and the Holmstrom Defendants. Treasurer Bret Witskowski hired the Holmstrom Defendants and the Holmstrom Defendants used and possessed these same forged notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and the forged quit claim deed(s), to the forgeries, by  filing them in the District Court's proceedings and mailed the Plaintiff across state line  and in briefs further support their forgeries on October 30, 2017 and July 20, 2022 to deceive and defraud Plaintiff  and the courts. Moreover, it is Treasurer Bret Witskowski, who created and possessed this same forged notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and the forged quit claim deed(s), to defraud Plaintiff. **Fourth,** conspiracy and or conspiracy of silence an agreement superglue holding between Treasurer Bret Witskowski and the Berrien County Trial Court and Its Judges, he testified that the Hon. Alfred M. Butzbaugh, F.C.J, aided and abetted him to do Unauthorized Practice of Law to steal and to Defraud Plaintiff of the same properties. In addition, Hon. Alfred M. Butzbaugh, F.C.J, falsified the Court record on July 12, 2010, with forged Order to cover up that the Judgment was entered on August 18, 2010.

**Fifth**, conspiracy and or conspiracy of silence an agreement superglue holding between of Treasurer Bret Witskowski, that triggers the State Appellate Court and Its Judges, the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the defendants committed. Plaintiff further alleges that Treasurer Bret Witskowski Unauthorized Practice of Law, caused the State Bar of Michigan to overlook evidence and refused to act on his

formal complaint that Witkowski had engaged in the unauthorized practice of law, and that the

Michigan Supreme Court relied on forged documents to uphold a foreclosure. See, Barnaby Vs

Mayfield, No. 20-1564 (6th Cir. May. 5, 2020). (Mi. Comp. Laws Ann. § 750-248; § 750-249.);

(MCL 600.916 and MCL 450.681). Defendant – Bret Witskowski, willful and wanton

misconduct of forgery, created, used, and possessed "Forged", 'Quit Claim Deeds', 'Notice of

Judgments of Foreclosures' and 'Certificates of Forfeitures of Real Properties', which Mr.

Witkowski used to transfer title to Mr. Thomas Bread on August 16, 2010, and stole other

properties and defrauded Plaintiff of all his properties   § 750-248; § 750-249.)

83.      It is a matter of settled fact that, Defendant – Bret Witskowski, Treasurer

of Berrien County, in retaliation threaten Plaintiff if he seeks monetary relief for Niles Charter

Township property, he would make sure Plaintiff lose all his other properties; the Treasurer

stole and defrauded him of  with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of

Foreclosure', and 'Forged Certificates of Forfeiture, and Unauthorized Practice of Law,  Mr.

Treasurer Witskowski, threaten retaliation said he would make sure that Plaintiff lose all his

other real properties in the City of Benton Harbor. See, {UPL}. (Mi. Comp. Laws Ann. §

750-248; § 750-249.);  (MCL 600.916 and MCL 450.681). In truth and in fact, Mr.

Witskowski followed through on his retaliation threat, stole, and defrauded Plaintiff the City

of Benton Harbor real properties under the false pretense of unpaid properties taxes.   Mr.

Witskowski knew that, by paying Plaintiff the value of the property; times three for theft at

$12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00, remedied any outstanding

taxes on Defendant - City of Benton Harbor properties.  Moreover, they demolished

Plaintiff's 235-239 Pipestone parcels in violation of his due process, that cost to rebuild it is

**$619,851.00**. As such, Defendant should not have testified against Plaintiff that he owed back

taxes a cause him to loss any of his properties and Defendants should have allowed Plaintiff to pay delinquent taxes that he owed on the other properties before foreclosure on them, as they owed Plaintiff **$655,851.00** at the time they demolished and foreclosure Plaintiff same above properties.  But Mr.  Witskowski's anger was as such that, he ordered Plaintiff's properties to be demolished with tractors and stated in his deposition that, "Plaintiff got what he is due".

84.      Moreover, a part of the current live issues or controversy is that, Witskowski's  retaliation against Plaintiff went above and beyond stealing and defrauding Plaintiff of his properties with the false pretense of unpaid properties taxes and 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and Unauthorized Practice of Law.  Mr.  Witskowski retaliated each time Plaintiff sought redress in courts, in violation of Plaintiff's rights secured under the First Amendment. As each time Plaintiff expressed himself by redress to Courts for the monetary damage relief, he warrants, Mr.  Witskowski and his Attorneys would retaliate  with intentionally false material misrepresentations and or intentional material concealments when they were under an obligation to reveal, but concealed from Plaintiff and Courts in reckless disregard for the truth that deterred Plaintiff from earlier discovery that Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff from getting the monetary relief  Plaintiff warrants.

85.     **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, but created a forged document that it was entered on March 01, 2010 and used to misrepresent and mislead; **T**wo, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010", are two of Defendant – Bret Witskowski's, Treasurer of Berrien County intentionally made false material misrepresentations and intentional material concealments when they were under an obligation to reveal, but concealed from Plaintiff and courts, and with reckless disregard for the truth that deterred Plaintiff from discovery that, Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff from getting the monetary relief  Plaintiff warrants.

86.     Defendants' retaliations were persistent and consistent with these two lies, that, **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010". They told these lies with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures, multiple times during Deposition and with Affidavit.  Moreover, Defendant – Witskowski and Berrien – County Government and its other employees, and Codefendants, employed, Defendant Attorney Holmstrom to continue the retaliations by retelling these same lies and used forged documents to the Federal District Court in their Summary Judgment filed on October 30, 2017, and brief file in Federal Appellate Court, see  Barnaby v. Witkowski, 1:14-cv-1279.

87.     Defendant – Bret Witskowski, Treasurer of Berrien County and Coconspirator Defendants' retaliations with same persistent and consistent lies and use of forged documents deterred Plaintiff from discovery that, Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and deterred Plaintiff from making the necessary Amendments to his Complaint and deterred Plaintiff from getting the monetary relief Plaintiff warrants. And as such, deprived Plaintiff of rights, secured by the Constitution, State of Michigan and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT, BRET WITSKOWSKI IN HIS INDIVIDUAL CAPACITY**

88.     Plaintiff hereby incorporates paragraphs 1 through 87 above as if fully set forth herein and further alleges that: Defendant – Mr. Bret Witskowski, is a Coconspirator in Defendants', retaliated concocted, disguised, designed an evil plot and an elaborate scheme and was also acting in his individual capacity, while he was committing Forgery and Unauthorized Practice of Law, caused Plaintiff's injuries.  And he further retaliated as Plaintiff sought Courts redress which deterred plaintiff from the monetary relief he warrants.

89.     Defendant – Mr. Bret Witskowski, also acted in his individual capacity caused deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan and

Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's

General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. §

750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 -

42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and

Fourteenth-section 1, of the Amendments.

**DEFENDANT - LORI D. JARVIS REGISTRAR OF BERRIEN COUNTY**

90.     Plaintiff hereby incorporates paragraphs 1 through 89 above as if fully set

forth herein and further alleges that: Spanning from 2010 to 2018, Defendant - Lori D. Jarvis

Registrar, for Defendant Berrien County's Register of Deeds and Coconspirator with the other

Defendants', retaliated, concocted, disguised, designed an evil plot and an elaborate scheme

to steal and defraud Plaintiff  of his properties with, 'Forged Quit Claim Deeds', 'Forged,

Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, which stole and

defrauded Plaintiff of his properties.  Defendant Jarvis knowingly recorded, 'Forged Quit

Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of

Forfeitures', which are still in the Berrien County's Records and Deed causing injuries to

Plaintiff. Berrien County's website Register of Deeds states below:

> "The Register of Deeds' office is a constitutional office established by the
> Michigan State Legislature.  The Register serves as the custodian of documents
> pertaining to real property in Berrien County. The Register's office pledges to
> efficiently record documents, provide an accurate index, and safely and securely
> preserve and protect these records for yesterday's, todays and tomorrow's
> generations." … The Register of Deeds is the official recording office for all land
> records in Berrien County and was established by the first Constitution of Michigan in
> 1835."

91.     Defendant - Lori D. Jarvis as Registrar for the Berrien County's Register

of Deeds who knowingly filed in Berrien County's Register is equally liable under state and

federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893,

("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section

1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42

U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT - LORA L. FREEHLING REGISTRAR OF BERRIEN COUNTY**

92.     Plaintiff hereby incorporates paragraphs 1 through 91 above as if fully set

forth herein and further alleges that: Spanning from 2018 to present, Defendant - Lora L.

Freehling Registrar for Defendant Berrien County's  Register of Deeds is a facilitator of the

continuous Forgery schemes to permanently steal and defraud Plaintiff  of his properties with,

'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosures', and 'Forged

Certificates of Forfeitures', which stole and defrauded Plaintiff of his properties.  Defendant -

Freehling is the current Registrar of the Defendant - Berrien County's Register of Deeds and

is enforcing, Defendant Jarvis knowingly willful and wanton, 'Forged Quit Claim Deeds',

'Forged, Notice of Judgments of Foreclosures', and 'Forged Certificates of Forfeitures, which

is still currently recorded in Defendant - Berrien County's Register of Deeds, which are

causing current continuous forgery and injuries to Plaintiff.  The Register of Deeds' website,

states,

> "The Register of Deeds' office is a constitutional office established by the Michigan State Legislature.  The Register serves as the custodian of documents pertaining to real property in Berrien County. The Register's office pledges to efficiently record documents, provide an accurate index, and safely and securely preserve and protect these records for yesterday's, today's and tomorrow's generations." … The Register of Deeds is the official recording office for all land records in Berrien County and was established by the first Constitution of Michigan in 1835."

93.       Defendant - Lora L. Freehling as current Registrar of Defendant - Berrien County's Register of Deeds and is causing the forgeries to current and continuous and present. As such is presently committing forgery herself and is equally liable as under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT, KATHLEEN CULBERSON NOTARY PUBLIC OF BERRIEN COUNTY, MI.**

94.       Plaintiff hereby incorporates paragraphs 1 through 93 above as if fully set forth herein and further alleges that: Spanning from 2010 to present, Defendant - Kathleen Culberson, Notary Public for Defendant Berrien County is a Coconspirator with Defendants', that retaliated concocted, disguised, designed an evil plot and an elaborate scheme to steal and defraud Plaintiff  of his properties with, 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosures', and 'Forged Certificates of Forfeitures. The same forged documents that, Kathleen Culberson Notary signed, Notarized, and witnessed are the key forged instruments used, which are still causing the deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan and Federal, laws:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT - SHELLY WEICH TREASUSER OF, BERRIEN COUNTY**

95.     Plaintiff hereby incorporates paragraphs 1 through 94 above as if fully set

forth herein and further alleges that: Defendant – Shelly Weich was in Treasury then and is

current Treasurer of Berrien County, as such is party to the other Defendants', retaliated

concocted, disguised, designed evil plot and elaborate scheme, she took over from Defendant

– Bret Witskowski, Treasurer of Berrien County and kept the Forgery documents in use in the

records continuously. As such, Defendant – Shelly Weich has the duty and or her duty afford

her the opportunity to protect the Plaintiff from the continuous unlawful actions and or to

remedy the unlawful actions in whole, and to retore Plaintiff in full, but she failed to and or

refuse to perform such duty, thereby proximately causing the injuries herein Plaintiff's

Complaint.

96.     Defendant – Shelly Weich, Treasurer, is causing continuous deprivation of

Plaintiff's rights, secured by the Constitution, State of Michigan and Federal, laws and is

equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act,

P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940.

18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil

Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, Amendments.

**DEFENDANTS - BERRIEN COUNTY BOARD OF COMMISSIONERS**

97.     Plaintiff hereby incorporates paragraphs 1 through 96 above as if fully set

forth herein and further alleges that: Defendant – Board of Commissioner of Berrien County

is governing Body for the Berrien County and a Coconspirator in Defendants', retaliated

concocted, disguised, designed an evil plot and an elaborate scheme which stole and

defrauded Appellant of his properties. On the Berrien County website, they state the

following.

> "It is the mission of the Berrien County Government to provide leadership, cooperation
> with all units of government, and sound fiscal management and planning, thereby
> promoting public safety, health, wellbeing, and prosperity in order to improve the quality
> of life for present and future generations."

98.     Yet, Defendant – Board of Commissioner for Defendant Berrien County treat

Plaintiff with indifference and separate from Its mission statement above.  Defendant – Board of

Commissioner of Berrien County  plays a supervisory role over its Coconspirators Defendants:

Defendant - Lori D. Jarvis Registrar; Defendant - Lora L. Freehling Registrar; Defendant -

Kathleen Culberson, Notary Public; Defendant – Bret Witskowski, Treasurer;  Defendant –

Shelly Weich, Treasurer and Defendant Michigan and Commissioner of Berrien County;

Defendant – Attorney Mckinley R. Elliott, General Corporate Counsel; Defendant – Attorney

Howard; Defendant – Attorney Mcgovern; Defendant – Attorney Jefferey R. Holmstrom and

Defendant – Holmstrom Office, PLC, are responsible for the willful and wanton misconduct of

deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal,

laws.


99.     Defendant – Board of Commissioner of Berrien County, is causing

continuous deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan

and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's

General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. §

750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 -

42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, Amendments.

**DEFENDANT - SHARON TYLER, BERRIEN COUNTY CLERK, MICHIGAN**

100.     Plaintiff hereby incorporates paragraphs 1 through 99 above as if fully set forth herein and further alleges that Ms. Sharon Tyler County Clerk of Berrien County Michigan made herself apart of the forgeries.  Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone. The Berrien County Court website states as follows:

> CLERK OF THE COURT……As Clerk of the Circuit Court, the clerk opens, maintains, tracks and stores the records for all cases filed in the Circuit Court. Court files are public records and may be inspected at the Clerk's office at the Courthouse. Litigants file at the Clerk of the Court's office for divorce, other family matters (e.g. paternity, custody and juvenile support), civil actions for which the amount of damages exceeds $25,000 and other civil matters over which the Circuit Court has jurisdiction. All felony criminal cases are filed with the County Clerk's Office. The Clerk is the filing official for oaths of office for county officials and their deputies and is the keeper of the official Circuit Court seal and the County seal, which is used for general obligation bonds.

> MISSION STATEMENT……The mission of the County Clerk's Office is to provide quality customer service to the citizens of Berrien County. This service includes information and records that are accurate, timely and professional.

101.     Ms. Sharon Tyler County Clerk of Berrien County Michigan, promised to give, "service includes information and records that are accurate, timely and professional", yet the Clerk has in the Berrien County Court record, on July 12, 2012, Former Chief Judge Butzbaugh  falsified , Defendant – Berrien County Court record with a [r]etaliation **Forged Order** in reckless disregards for the truth that his [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead falsely stated it was entered on March 01, 2010; Third, all other Courts in truth and in fact affirmed that Former Chief Judge Butzbaugh's [Linchpin]

Foreclosure Judgment was entered August 18, 2010 not in March; Fourth, that,  Defendant –

Bret Witskowski, Treasurer of Berrien County committed Unauthorized Practice of Law in

court before Chief Judge Butzbaugh to procure [Linchpin] Foreclosure Judgment against Mr.

Thomas Bread.

      102.     Defendant - Sharon Tyler as current County Clerk of Berrien County

Michigan is causing the forgeries to be current and continuous and present. As such, she is

presently committing forgery herself by possessing Forged documents and is equally liable as

under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of

1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C.

Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights

Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments

**DEFENDANT, BERRIEN COUNTY GOVERNMENT,**

      103.     Plaintiff hereby incorporates paragraphs 1 through 102 above as if fully set

forth herein, and further alleges that, Defendant – Berrien County Government is a

Coconspirator with all the other Defendants' who, concocted, disguised, designed an evil plot

and elaborate scheme which stole and defrauded Plaintiff of his properties by their willful and

wanton misconduct of forgeries and retaliation. Defendant Berrien County Government the

foreclosing governmental unit with its Coconspirators and Defendants are part of the live case

or controversies, which commit acts of Forgeries to steal from and defrauded Plaintiff of real

properties both from,  Defendant Niles Charter Township and Defendant - City of Benton

governments, municipals  by wrongfully foreclosure, intentionally wrongfully foreclosure,

and or foreclosure by forgeries, with direct violations of Plaintiff's rights per: Michigan's

General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. §

750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 -

42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and

Fourteenth-section 1, of the Amendments.

104.      Plaintiff alleges that, Defendant Berrien County Government is either  an

employer and or the governing body and or administrative officers of the County government

and whom are also Coconspirators to: Defendant - Lori D. Jarvis Registrar of Berrien County;

Defendant - Lora L. Freehling Registrar of Berrien County; Defendant - Kathleen Culberson,

Notary Public of Berrien County; Defendant – Bret Witskowski, Treasurer of Berrien County;

Defendant – Shelly Weich, Treasurer of Berrien County and Defendant – Board of

Commissioner of Berrien County; Defendant – Attorney Mckinley R. Elliott, General

Corporate Counsel of Berrien County Government; Defendant – Attorney Donna B. Howard,

General Corporate Counsel of Berrien County Government; Defendant – Attorney James

Mcgovern, General Corporate Counsel of Berrien County Government; Defendant – Attorney

Jefferey R. Holmstrom and Defendant – Holmdtrom Office, PLC, as such bears

responsibilities for their willful and wanton misconducts of  deprivation of Plaintiff's rights,

secured by the Constitution and laws of the State of Michigan and Federal.   As such, is

equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act,

P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940.

18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil

Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the

Amendments.

**DEFENDANT, ATTORNEY MCKINLEY R. ELLIOTT**

105.    Plaintiff hereby incorporates paragraphs 1 through 104 above as if fully set forth herein, and further alleges that, Defendant – Attorney Mckinley R. Elliott, General Corporate Counsel of Berrien County Government, is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which by Forgery stole and defrauded Plaintiff of his properties by their willful and wanton misconduct and forgeries and retaliation. Defendant – Attorney Mckinley R. Elliott, grossly neglects or dereliction of his [fi]duciary duties began  the snowball effect of Defendants' persistent and consistent retaliations of lies and forgery, that, **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, but use **Forged Order**  to misrepresent it was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010", with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures, multiple times during Deposition and with Affidavit.  Moreover, Defendant –  Witskowski and Berrien – County Government and its other employees, and Codefendants,  employed, Defendant Attorney Holmstrom to continue the retaliations by retelling these same lies and using Forged documents to mislead the Federal District Court in their Summary Judgment filed on October 30, 2017, and brief file in Federal Appellate Court.

106.    While the forged documents were created, used, and possessed in the years of 2010 to 2014 by Defendants to steal and defraud Plaintiff of his properties, they are presently being possessed by Berrien County Register Records and Deeds, Berrien County Court Records and still being used, by Defendants to deprive Plaintiff of his rights, secured by the Constitution and laws of the State of Michigan and Federal laws. Defendant – Attorney

Mckinley R. Elliott, General Corporate Counsel of Berrien County Government bears the

responsibilities; of the willful and wanton misconducts of forgeries, gross negligence, theft,

violations of due process, fraud, which he stole by forgery and defrauded Plaintiff of his

properties which are proximate cause of Defendants' deprivation of Plaintiff's rights, secured

by the Constitution and laws of the State of Michigan and Federal laws. Michigan forgery

punishment law states as follows:

> Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.

> For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.) This includes crimes of "uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)

> A Note on Federal Law

> Each state has its own forgery laws, but sometimes a forgery offense will be handled under federal law (and in federal court) …. And when a forged document travels across state lines, and in several other similar circumstances, the crime is also handled in federal court.

107.    The crime and fraud exception of law cause Defendant – Attorney

Mckinley R. Elliott, to be equally liable under state and federal laws pursuant to:  Michigan's

General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. §

750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 -

42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and

Fourteenth-section 1, of the Amendments.

**DEFENDANT, ATTORNEY DONNA B. HOWARD**

108.    Plaintiff hereby incorporates paragraphs 1 through 107 above as if fully set

forth herein, and further alleges that, Defendant – Attorney Donna B. Howard, General

Corporate Counsel of Berrien County Government is a Coconspirator in Defendants',

concocted, disguised, designed an evil plot and an elaborate scheme which she stole and

defrauded Plaintiff of his properties by their willful and wanton misconduct and forgeries and

retaliation. As Defendant – Attorney Donna B. Howard, took over as General Corporate

Counsel of Berrien County Government from Defendant – Attorney Mckinley R. Elliott, and

continued the gross neglect and or dereliction of her [fi]duciary duties. Defendant – Attorney

Donna B. Howard grossly neglected and or dereliction of her [fi]duciary duties resulted in

Plaintiff, losing all the same real properties and 'Intentional infliction of emotional distress'.

109.    The crime and fraud exception cause Defendant – Attorney Donna B.

Howard, to be equally liable under state and federal laws pursuant to:  Michigan's General

Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248;

§ 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C.

§2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section

1, of the Amendments.

**DEFENDANT, ATTORNEY JAMES MCGOVERN**

110.    Plaintiff hereby incorporates paragraphs 1 through 109 above as if fully set

forth herein , and further alleges that, Defendant – Attorney James Mcgovern, General

Corporate Counsel of Berrien County Government is a Coconspirator in Defendants',

concocted, disguised, designed an evil plot and an elaborate scheme which stole and

defrauded Plaintiff of his properties by Defendant's willful and wanton misconduct and forgeries and retaliations to deter Plaintiff from getting monetary relief. Defendant – Attorney James Mcgovern took over as General Corporate Counsel of Berrien County Government from Defendant – Attorney Donna B. Howard and continued to grossly neglect and or dereliction of his [fi]duciary duties. Defendant – Attorney James Mcgovern grossly neglect and or dereliction of his [fi]duciary duties resulted in Plaintiff, losing all the same real properties and 'Intentional infliction of emotional distress'. Furthermore, Defendant – Attorney James Mcgovern, joined the continued effort with Defendant – Attorney Jefferey R. Holmstrom, which resulted in proximate cause of Defendant's deprivation of Plaintiff's rights, secured by the Constitution and laws of the State of Michigan and Federal laws.

111.    The crime and fraud exception cause Defendant – Attorney James Mcgovern, to be equally liable under state and federal laws pursuant to: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**THE HOLMSTROM DEFENDANTS ARE DEFAULTED ON PLAINTIFF'S SECOND AND THIRD AMENDED COMPLAINT-(ECF Nos. 10, 36),[5]**

113.    Plaintiff argued in the District Court, (ECF No. 100, ID.1242 -1244); (ECF No. 109, PageID.1368-1369) and further contends that, he called, 'Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC', and informed him of the pending litigation. Then, Plaintiff mailed US Postal certified mail, with restricted Delivery and with return receipt with two original Summonses and two copies of the Complaint to Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC Defendants, and they were delivered at Holmstrom Law Office PLC Professional Practice office on December 09, 2022. Plaintiff properly served Defendants under State and Federal Rules and District Court's Local Rules, Service Handbook[6], that states as follows: "**2.** By Mail The summons and complaint can be served by sending them by certified mail with restricted delivery and return receipt. A "green card" (PS Form 3811) will be mailed to the plaintiff, to show proof of service. The "green card" or a copy, must be filed with the Court." (ECF No. 29, PagesID.104-112). <u>And, none of the Defendants **had directly opposed or objected to** Plaintiff's filed, PROOF OF SERVICE OF SUMMONS AND COMPLAINT, on January 03, 2023. See, (ECF No. 29, PagesID.104-112).</u>

114.    **F**irst, the Postal Service delivered the Certified mail, Niles Township and State of Michigan Defendants were not present. **S**econd Postal Service left notice of the "…certified mail

---

[5] The Question Plaintiff Seeks to be answered, is should an Officer of the Courts and His Professional Practice Entity, Attorney Jeffery R. Holmstrom and Holmstrom Law Office PLC, Defendants get away with their willful rejections of service of Process by certified restricted mailing of Summonses and copies of Complaint (ECF No, 10), to Satisfy their Due Process Rights and then get to claim that they did not get Due Process of Service of Process? Plaintiff Answer No!

[6] file:///C:/Users/Admin/Desktop/Circuit-Brief%20of%202022/2022%20Eastern%20Distict%20Court/Service_Handbook.pdf

with restricted delivery…", for the Niles Township and the State of Michigan Governors

Defendants.  **T**hirdly, Holmstrom Defendants were present, but willfully rejected Certified mail.

115.    Moreover, while both the Niles Charter Township Defendants (ECF No. 29-1,

PageID.115) and the State of Michigan and Governors Defendants; went to the Postal Facilities

and Pickup their summonses and copies of Second Amended Complaint and acknowledged such

mailing with a signed and electric return receipts. **Exhibit W-12.**  Again, Holmstrom Defendants

abandoned mail, by willfully failing to go to the Postal Facility to Pick up their summonses, and

copies of Second Amended Complaint. ECF No. 29, PagesID.111-112). **(Exhibits W-13, 14).**

Plaintiff contends that, his Default and Default Judgment (ECF Nos. 28, 32, 75, 77, 81, 95, and

124, 29, 49), must be entered against the Holmstrom Defendants because he has satisfied his due

process obligations to them and that they have rejected it.  As the sum of service of process is to

fulfil the due process obligations and Plaintiff has done so, as such the Holmstrom and Berrien

County Defendants as with all the other Defendants cannot claim that they did not get Due

Process when they willfully rejected or forfeited their due process rights[7].

116.    Attorney Holmstrom Defendants were even more informed on the Litigation

proceedings than the Plaintiff was. Plaintiff's Brief before the Sixth Circuit Court, that it relied

on to make its Order.  Please see, (ECF Nos. 22, 29, 49) and  Exhibits W-8, 11

> "First, Plaintiff called and spoke with Defendant Attorney Holmstrom as a Defendant
> in the case and about some of his prior clients; also, about Plaintiff's intent to add to the
> Complaint. It was a "Surprise" to Plaintiff, when Defendant Attorney Holmstrom stated that
> Plaintiff has no further need to contact him about the same two matters as the Magistrate

---

[7] The Holmstrom Defendants and the Berrien County Defendants were more aware of Plaintiff's Litigation than all
the other Defendants. Moreover, Plaintiff has served the Holmstrom Defendants and the Berrien County
Defendants with not just the Summonses and copies of Complaint (ECF Nos, 10, 36) but with every filing with the
clerks of both the District Court and the Sixth Circuit Appellate Court, Plaintiff  have mailed by U.S. Postal Service,
plus emails at times to, thackworth@berriencounty.org,  jeff@holmstromlawoffice.com,
linda@holmstromlawoffice.com.

Judge has filed a Report and Recommendation which Judge Robert J. Jonker who will basically just rubber stamp even if Plaintiff responded. Plaintiff then called the clerk office to confirm, if indeed the Magistrate Judge has filed a Report and Recommendations and the clerk's office confirmed." See (ID.66-67). ".... In spite the heads up from Defendant Attorney Holmstrom that, the Magistrate Judge filed Report and Recommendations will be rubber stamped by Judge Robert J. Jonker, Plaintiff is still seeking time to properly respond to the Report and Recommendations...." (ECF No. 22, Pages ID.66-67).

117.   Clearly, Plaintiff warrants Default and Default Judgment, to stop Defendants' delays, while the "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard C. Railroad, 705 F.2d 839, 845 (6th Cir. 1983)."  It has been [14 plus years] of employing dilatory tactics and undue delay-harassment to Plaintiff, and thirteen plus years of great pain and suffering.  The purpose of default and default judgment are to prevent a defendant from employing dilatory tactics—not to relieve the burden of plaintiffs to litigate the merits of their claims. See Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975) ("[T]he basic purpose of the default judgment is to protect parties from undue delay-harassment."), The Holmstrom Defendants are at crux of the undue delay-harassment and the continuous Forgey that has been harming Appellant and his family for the last 14 years. Please see, Barnaby v. Witkowski, 1:14-cv-1279 ; Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020) and Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017).

118.     Notwithstanding, Plaintiff's Preservation of his Default and Default Judgment against same Defendants-(ECF Nos. 28, 31, 75, 77, 81, 85, 95, 124 and 139) for appellate review and the undue burdens of this Your Honorable District Court Orders-(ECF Nos. 91, 96, 127, 131 and 140). Plaintiff further set forth the below immediate facts:

## DEFENDANT, ATTORNEY JEFFREY R. HOLMSTROM

119.     Plaintiff hereby incorporates paragraphs 1 through 118 above as if fully set forth herein, and further alleges that, Defendant – Attorney Jefferey R. Holmstrom is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his properties by their willful and wanton misconduct of forgeries and retaliation.  Defendant – Attorney James Mcgovern incorporated Defendant – Attorney Jefferey R. Holmstrom into the scheme and retaliations to deter and defraud Plaintiff. Plaintiff  an In Pro Se litigant, when he sought Courts' redress for monetary damage form Defendants he was confounded, confused, or bewildered by Defendants and their Attorneys who made material misrepresentations or intentional false material misrepresentations and or material concealments or intentional material concealments when they were under an obligation not to conceal from Plaintiff and courts; and in truth and in fact Defendants' retaliations with indifference to the truth deterred Plaintiff's discoveries and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff from getting the monetary relief  Plaintiff warrants.

120.     Defendant – Attorney Jefferey R. Holmstrom's intentional false material misrepresentations and intentional material concealments when he was under an obligation not to conceal from Plaintiff and Courts, that the two following statements are materially false: **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, an Order was forged misrepresenting that August Foreclosure Judgment was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010". See case, Barnaby v. Witkowski, 1:14-cv-1279. But instead,

Defendant – Attorney Jefferey R. Holmstrom, grossly neglect and or dereliction of his [fi]duciary duties, knowingly, presented Witkowski's materially false statement as true: Defendant – Witskowski wittingly lied with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures, Defendant – Witskowski wittingly lied multiple times in Deposition on the same material issues and with Affidavit. Moreover, Defendant – Attorney Jefferey R. Holmstrom wittingly made the same intentionally false material misrepresentations and used Forgery documents to the Federal District Court in their Summary Judgment filed on October 30, 2017, and in brief filed in Federal Appellate Court, resulted in the District Court Granting Defendants Summary Judgment and Appellate Court affirming Summary Judgment.

121.    Defendant – Attorney Jefferey R. Holmstrom retaliated because Plaintiff expressed himself for redressed to Courts for the monetary damage relief, he warrants, to get the District Court to Grant Defendants Summary Judgment and Appellate Court affirming Summary Judgment.  Defendant  Attorney Holmstrom wittingly made intentional false material misrepresentations that, **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010"; in reckless disregard for the truth, deterred Plaintiff from earlier discovering that Defendants by Forgery stole and defrauded Plaintiff of his real properties and caused Plaintiff 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and by, unauthorized Practice of Law UPL, and by false pretense of unpaid properties taxes. And, further deterred Plaintiff from Amending his Complaint to reflect the same. And as such, prevented Plaintiff from getting

same monetary relief Plaintiff warrants. As such, Plaintiff now seeks monetary damage relief

from Defendants for his real properties and for his 'intentional infliction of emotional Distress

free from Defendants' retaliations in this present case.

122.    Retaliations of forgeries were also part of Defendant – Attorney Jefferey R.

Holmstrom and Defendant Berrien County Government and its employees Defendants, by filing

them in Berrien County Registrar of Deeds or record, emailed to Plaintiff and mailed, Forged

Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of

Forfeitures. See, Erickson v. Pardus, 551 U.S. 89, 94 (2007), sent them via  eMail to

bossproperties96@gmail.com and sent them via Snail Mail with the United State Postal Service

across state line to Plaintiff in the state of Georgia, which is also acts of wire fraud and mail

fraud.

> For example, forging a public record (including documents handled, for example, by
> notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi.
> Comp. Laws Ann. § 750-248.) This includes crimes of "uttering" a false record, which
> means trying to use or present the document as true when you know it is a forgery (even
> if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)

123.    The crime and fraud exceptions cause Defendant – Attorney Holmstrom,

liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A.

206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18

U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil

Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1,

**DEFENDANT, HOLMSTROM LAW OFFICE, PLC**

124.    Plaintiff hereby incorporates paragraphs 1 through 123 above as if fully set

forth herein, and further alleges that, Defendant – Holmstrom Office, PLC. is a Coconspirator

in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his properties by their willful and wanton misconduct of forgeries and retaliation. Also, Defendant – Attorney Jefferey R. Holmstrom concocted, disguised, designed an evil plot and an elaborate scheme was carried out though the Defendant – Holmstrom Office, PLC.

125.    The crime and fraud exception causes Defendant – Holmstrom Office, PLC, deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, Fourteenth-section 1, Amendments.

**THE STATE OF MICHIGAN DEFENDANTS ARE DEFAULTED ON PLAINTIFF'S SECOND AND THIRD AMENDED COMPLAINT-(ECF Nos. 10, 36),**

126.    Plaintiff hereby incorporates all above fact and legal argument as if fully set forth herein and further contends that the law, Fed. R. Civ. P. 12(a)(1)(A)(i), is clear,

(a) TIME TO SERVE A RESPONSIVE PLEADING.

  (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

    (A) A defendant must serve an answer:

      (i) within 21 days after being served with the summons and complaint.

    The District Court Summons states, "YOU ARE HEREBY SUMMONS and required to serve upon Plaintiff, an answer to the attached complaint or a Motion under Rule 12 of the Federal Rule of Civil Procedure within **21 days** after service of this Summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file you answer or motion with the Court."

127.     Plaintiff argued in the District Court, (ECF No. 100,  PageID.1244-1245);  (ECF No. 109,  PageID.1369-1370) and further contends that, as demonstrated in the record, and in this Brief all the state Defendants were properly served Summonses with copies of Second and Third Amended Complaints (ECF Nos, 10, 36), but they failed to file answer or a valid Motion under Rule 12, or an Appeal of District Court's Order and Final Judgment-(ECF Nos. 56, 67. 68), which Warrant his Default and Default Judgment-(ECF Nos. 75, 77, 81, 95 and 124), against former Governor Jennifer Granholm, former Governor Rick Snyder, and Assistant Attorney General Kendell Asbenson.

128.     The District Court ultimately is **[inconsistent]** with this Sixth Circuit Court's Order and Judgment-(ECF Nos.72, 73), that neither Appellant or Appellees can **forfeit** raising a defense or to appeal a dispositive issue, without waiving it.

> "Barnaby does not challenge the district court's holding that several defendants, the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel4are immune from suit. He also does not challenge the district court's finding that several of the state and federal criminal statutes that he cited do not create a private right of action. Barnaby therefore has **forfeited** appellate review of those rulings. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007). Because those rulings are dispositive of (1) Barnaby's claims against the Michigan State Bar, the Michigan Supreme Court, the State of Michigan, Whitmer, and Nessel and (2) Barnaby's claims under 18 U.S.C. §§ 471 and 1341 and Michigan Compiled Laws §§ 600.916(1) and 750.248, we affirm the district court9s judgment to the extent that it dismissed those claims."

129.     The State of Michigan, Defendants abandoned or forfeited Appealing the District Court's Final Judgment (ECF Nos. 56, 62, 67, 68), Ordering that their Rule 12 Motion is moot. Plaintiff contends, State of Michigan Defendants' Rule 12 Motion (ECF No.18), that the District Court Order is moot with Final Judgment (ECF Nos.67, 68), which they did not appeal, must be consider as if they had never filed the Rule 12 Motion in respect to the Second Amended Complaint-(ECF No. 10).  Because Defendants' their moot Rule 12 Motion (ECF No.18), cannot

bar Plaintiff's entrance of Default and Default Judgment-(ECF Nos. 75, 77, 81, 95 and 124), against them. Furthermore, they argued in Appellate Court, that, "An appellant abandons all issues not raised and argued in its initial brief on appeal."  Moreover, that they have abandoned, failed, or forfeited to appeal their moot Rule 12 Motion. See more in the record, it is a part of their full Appellate arguments they used against Plaintiff in the Sixth Circuit Court, Plaintiff contends it must be applicable to them now, that they have abandoned, waived, or forfeited any rights. Plaintiff contends that triggered Second Amended Complaint-(ECF No. 10), Default and Default Judgment against them. As such, the District Court should have been "consistent" with Sixth Circuit's Order (ECF No. 72), by permitting Clerk to enter Default (ECF Nos 75, 95, 124) and Clerk or Court Default Judgment (ECF Nos 28, 77, 81) under Fed. R. Civ. P. 55 (a), (b)(1) (2) against them. And other controlling laws: Fed. R. Civ. P. 1; (The doctrine of the law of the case); (The law of the case doctrine); Res Judicata and Collateral Estoppel; Fed. R. Civ. P. 12(a)(1)(A)(i). As the Honorables, Granholm, Rick Snyder, and Asbenson, failed or forfeited to file answers to Plaintiff's, 'Second Amended Complaint-(ECF No. 10)', or valid Rule 12 motions in violation of Fed. R. Civ. P. 12(a)(1)(A)(i).

130.    Notwithstanding, Plaintiff's Preservation of his Default and Default Judgment against same Defendants and that he warrants relief -(ECF Nos. 139) for appellate review and the undue burdens of this Your Honorable District Court Order-(ECF Nos. 91, 96, 127, 131 and 140). Furthermore, Plaintiff set forth the below immediate facts:

**DEFENDANT - KENDELL S. ASBENSON (P81747)**

131.    Plaintiff hereby incorporates paragraphs 1 through 130 above as if fully set forth herein, and further alleges that, Defendant – Kendell S. Asbenson, Assistant Attorney General of the State of Michigan is a Coconspirator in Defendants', concocted, disguised,

designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his

properties by willful and wanton misconduct of forgeries and retaliation.  Defendant –

Kendell S. Asbenson, is an Assistant Attorney General of Michigan. As an Assistant Attorney

General of the State of Michigan, Defendant –  Asbenson  has a[fi]duciary duty to give

Plaintiff equal protections of the law. Defendant – Asbenson, as Assistant Attorney General

was informed by Plaintiff of Defendants' crimes of forgeries conduct which stole and defraud

Plaintiff of his properties but omitted to act which aided and abetted the other Defendants and

injured Plaintiff.

      **<u>Forgery is illegal in Michigan,</u>** and occurs when a defendant **creates**, **uses**, or **possesses a false document with the intent to use it to defraud someone.** This is a crime, and its penalties are discussed below.

      **Forgery Punishments –** Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.  For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.) This includes crimes of **<u>"uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)</u>**

      **A Note on Federal Law –** Each state has its own forgery laws, but sometimes a forgery offense will be handled under federal law in federal court…. <u>And when a forged document travels across state lines, and in several other similar circumstances, the crime is also handled in federal court.</u>

    132.     Defendant –  Asbenson's  failure to address the other Defendants' crimes

of forgery, is gross neglect and or dereliction of  his [fi]duciary duties he owes Plaintiff, as his

omission and silence rendered him complicit to the other Defendants' crimes of forgeries<u>.</u>

<u>"Forgery is a felony, which incurs at least one year in prison, and depending on the type of</u>

<u>document involved in the crime, may incur up to seven or 14 years in prison."</u>,   Moreover, as

an Assistant Attorney General for the State of Michigan Defendant – Kendell S. Asbenson,

violated Plaintiff rights of equal protection and due rights under Fourteenth-section 1, of the

Amendment.  The crime and fraud exception of "Forgery", cause deprivation of Plaintiff's

rights, secured by the Constitution, State of Michigan and Federal, laws and is equally liable

under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of

1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C.

Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights

Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**MICHIGAN ATTORNEY GENERAL DANA NESSEL**

133.    Plaintiff hereby incorporates paragraphs 1 through 132 above as if fully set

forth herein, and further alleges that, Dana Nessel Attorney General of Michigan is a

Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate

scheme which stole and defrauded Plaintiff of his properties by their willful and wanton

misconduct and forgeries and retaliation.   Ms. Nessel, as Attorney General of the State of

Michigan, she is chief prosecutor of crimes for the State of Michigan.   Ms. Nessel, as

Attorney General, was informed or should have known of the other Defendants' crimes of

forgeries to steal and defraud Plaintiff, but omitted to act which aided and abetted the other

Defendants.

134.    Ms. Nessel's failure to address the other Defendants' crimes of forgery, is

gross neglect and or dereliction of her [fi]duciary duties she owes Plaintiff and others, and her

omission and silence rendered her complicit to the other Defendants' crimes of forgeries.

**DEFENDANT, HON. RICK SNYDER GOVERNOR OF MICHIGAN**

135.     Plaintiff hereby incorporates paragraphs 1 through 134 above as if fully set forth herein, and further alleges that, Defendant – Hon. Rick Snyder Former Governor of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an evil plot and an elaborate scheme which stole and defrauded Plaintiff of his properties by his willful and wanton misconduct and forgeries and retaliation. During the time of the issues for redress, Defendant – Hon. Rick Snyder, was acting through his appointed emergency manager status and in the place and stead of the Defendant - City of Benton Harbor's governing body and the office of chief administrative officer of the local government, pursuant to Section 141.1549 and Act 436 of 2012.

136.     As such , Defendant – Hon. Rick Snyder, is responsible for acts and omissions of Defendant - City of Benton Harbor's governing body and the office of chief administrative officer and the local government officials that, caused deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan  and Federal, laws and is equally liable under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT, HON. JENNIFER GRANHOLM GOVERNOR OF MICHIGAN**

137.     Plaintiff hereby incorporates paragraphs 1 through 136 above as if fully set forth herein, and further alleges that, Defendant – Hon. Jennifer Granholm, Former Governor of the State of Michigan is a Coconspirator in Defendants', concocted, disguised, designed an

evil plot and an elaborate scheme which by forgery stole and defrauded Plaintiff of his properties by her willful and wanton misconduct and forgeries and retaliation. As, Defendant – Hon. Jennifer Granholm, was Governor of Michigan in the year of 2010 at the time of Defendants' first forgeries. As such, Defendant – Hon. Jennifer Granholm's duty afford the Governor the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, and retore Plaintiff in full, but Defendant failed and or refused to perform such duty, as a result in proximate cause of injuries herein Plaintiff's Complaint.

138.    As such , Defendant – Hon. Jennifer Granholm, is responsible for acts and omissions of Defendant - City of Benton Harbor's governing body and the office of chief administrative officer and the other local governments in their officials that caused deprivation of Plaintiff's rights, secured by the Constitution, State of Michigan and Federal, laws and is equally liable under state and federal laws pursuant to: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA"); Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT - THE HONORABLE ALFRED M. BUTZBAUGH, F.C.J**

139.    Plaintiff hereby incorporates paragraphs 1 through 138 above as if fully set forth herein, and further alleges that, on August 18, 2010, Defendant Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant – Berrien County Government and or Mr. Thomas Bread. On July 12, 2012, Former Chief Judge Butzbaugh falsified, Defendant –

Berrien County Court record with a retaliation forgery Order in reckless disregards for the truth that his [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010. But all other Courts in truth and in fact affirmed that Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered on August 18, 2010. Furthermore, all Defendants Berrien County Government and its employees, and Codefendants inclusive of Defendant Attorney Holmstrom knew Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered on August 18, 2010.  In addition, Defendants continued to lie and use forgery Order that the Judgment was entered on March 01, 2010, and deterred Plaintiff from timely discovering that, Defendants by Forgery stole and defrauded Plaintiff of his real properties and is causing him 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and false pretense of unpaid properties taxes, and unauthorized Practice of Law UPL and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff from getting same monetary relief  Plaintiff warrants.

140.    Furthermore, They, hired Defendant Attorney Holmstrom and he continued with the intentional false misrepresentation and omission of the material facts. Plaintiff sought Courts for redressed, Defendants retaliated and used Forgery documents to intentionally mislead Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregard for  the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole by Forgery and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice

of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice

Law, and intentional false pretense of unpaid properties taxes, and prevented Plaintiff from

getting same monetary relief he warrants. Now Plaintiff's Complaint seeks from Defendants,

full damages for monetary relief for his properties and his emotional distress and Declaratory

Judgment free from Defendants' retaliations.  See, Erickson v. Pardus, 551 U.S. 89, 94

(2007).

**DEFENDANT - THE HONORABLE GARY J. BRUCE, C.J**

141.    Plaintiff hereby incorporates paragraphs 1 through 140 above as if fully set

forth herein, and further alleges that, on August 18, 2010, Former Chief Judge Butzbaugh

entered [Linchpin] Foreclosure Judgment against Coconspirators, Defendant – Bret

Witskowski, Treasurer of Berrien County and Defendant – Berrien County Government and

or Mr. Thomas Bread.  As Defendant – Berrien County Government and its Coconspirators-

Defendants with willful and wanton misconduct of Forgery and Unauthorized Practice of Law

{UPL} with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and

'Forged Certificates of Forfeitures, transferred the property to Mr. Thomas Bread. Please see,

(Mi. Comp. Laws Ann. § 750-248; § 750-249.); (MCL 600.916 and MCL 450.681).  The

Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA") required Defendant –

Berrien County Government Foreclosure Judgment to be entered on or before March 01,

2010.  On July 12, 2012, Former Chief Judge Butzbaugh falsified, Defendant – Berrien

County Court record with a forgery Order in retaliation and reckless disregards for the truth

that his [Linchpin] Foreclosure Judgment entered on August 18, 2010, falsely state by forgery

that it was entered on March 01, 2010. But all other Courts in truth and in fact affirmed that

Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered on August

18, 2010.  Furthermore, all the Defendant Berrien County Government and its employees, and Codefendants inclusive of Defendant Attorney Holmstrom knew Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered on August 18, 2010.  In addition, Defendants continued to lie and used the forged document stating that the Judgment was entered on March 01, 2010, and deterred Plaintiff from timely discovery that, Defendants by forgery stole and defrauded Plaintiff of his real properties and caused him 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and false pretense of unpaid properties taxes, and unauthorized Practice of Law UPL and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff from getting same monetary relief  Plaintiff warrants. See, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

142.     Between 2012 and 2013 Former Appellate Court's Chief Judge Murrphy circulated a letter addressed to "Trial Court's Chief Judge Bruce" about the state of Defendant Berrien County Court record.  The settled facts about Defendant Berrien County Court record are. **O**ne, on August 18, 2010, Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant – Berrien County Government and or Mr. Thomas Bread.  **T**wo, On July 12, 2012, Former Chief Judge Butzbaugh falsified, Defendant – Berrien County Court record with a Forged Order in [R]etaliation and reckless disregard for the truth the truth that his [Linchpin] Foreclosure Judgment entered was on August 18, 2010, instead falsely stated it was entered on March 01, 2010. **T**hird, all other Courts in truth and in fact affirmed that Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was in truth and in fact entered on August 18, 2010. **F**ourth, that, Defendant – Bret Witskowski, Treasurer of Berrien

County committed Unauthorized Practice of Law to procure the same Chief Judge

Butzbaugh's [Linchpin] Foreclosure Judgment on August 18, 2010.

143.    Trial Court's Chief Judge Bruce" omissions of declaratory Judgment, that

One:   **O**ne,  on August 18, 2010, Former Chief Judge Butzbaugh entered [Linchpin]

Foreclosure Judgment against  Coconspirators, Defendant – Bret Witskowski, Treasurer of

Berrien County and Defendant –  Berrien County Government and or Mr. Thomas Bread;

**T**wo,  On July 12, 2012, Former Chief Judge Butzbaugh  falsified, Defendant – Berrien

County Court record with a Forged Order in [R]etaliation and  reckless disregard for the truth

that his [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead falsely stated it

was entered on March 01, 2010; **T**hird, all other Courts in truth and in fact affirmed that

Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered August 18,

2010; **F**ourth, that Defendant – Bret Witskowski, Treasurer of Berrien County committed

Unauthorized Practice of Law to procure the same Chief Judge Butzbaugh's [Linchpin]

Foreclosure Judgment against Mr. Thomas Bread, which has been violating  Plaintiff's

Rights. The clause, which took effect in 1868, provides "nor shall any State ... deny to any

person within its jurisdiction the equal protection of the laws." It mandates that individuals in

similar situations be treated equally by the law.  Defendants did not treat Plaintiff similarly

nor equally under the following laws below.

> AMENDMENT XIV Section 1. All persons born or naturalized in the United States,
> and subject to the jurisdiction thereof, are citizens of the United States and of the State
> wherein they reside. No State shall make or enforce any law which shall abridge the
> privileges or immunities of citizens of the United States; nor shall any State deprive
> any person of life, liberty, or property, without due process of law; nor deny to any
> person within its jurisdiction the equal protection of the laws.

**DEFENDANT - THE HONORABLE MABEL J. MAYFIELD, C.J**

144.     Plaintiff hereby incorporates paragraphs 1 through 143 above as if fully set forth herein, and further alleges that, the Trial judge Mayfield is still the current Chief Judge of Berrien County Trial Court. As such Trial Judge Mayfield is the highest-ranking judicial officer of the Berrien County Trial Court, with supervisory authority. The Honorable Chief Judge Mayfield is party to the retaliation which is violating Mr. Barnaby's constitutional rights by shirking the Court's supervisory authority to correct Defendant – Berrien County Court record  and is an unconstitutional deprivation of Barnaby's rights under the First and Fourteenth Amendments to the United States Constitution not to be retaliated against when seeking redress and not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan and Federal Law. See First and Fourteenth Section 1 of Amendments.

**DEFENDANT - BERRIEN COUNTY TRIAL COURT, for the State of Michigan**

145.     Plaintiff hereby incorporates paragraphs 1 through 144 above as if fully set forth herein , and further alleges that, on Defendant Berrien County Court record, has: **O**ne, on August 18, 2010, Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against  Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant –  Berrien County Government and or Mr. Thomas Bread;  **T**wo,  On July 12, 2012, Former Chief Judge Butzbaugh  falsified, Defendant – Berrien County Court record with a Forged Order in [r]etaliation and reckless disregards for the truth that his [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead falsely stated it was entered on March 01, 2010; **T**hird, all other Courts in truth and in fact affirmed that Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered August 18, 2010;

Fourth, that,  Defendant – Bret Witskowski, Treasurer of Berrien County committed

Unauthorized Practice of Law in court before Chief Judge Butzbaugh to procure [Linchpin]

Foreclosure Judgment against Mr. Thomas Bread, "No State shall make or enforce any law

which shall abridge the privileges or immunities of citizens of the United States; nor shall any

State deprive any person of life, liberty, or property, without due process of law; nor deny to

any person within its jurisdiction the equal protection of the laws.", see First and Fourteenth-

Section-one of the Amendments

## DEFENDANT - THE HONORABLE CHRISTOPHER M. MURRAY, C.J

146.     Plaintiff hereby incorporates paragraphs 1 through 145 above as if fully set

forth herein , and further alleges that, the Honorable Appellate Court's Chief  Murray had

access to Defendant Berrien County Court record's settled facts, that:  One,  on August 18,

2010, Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against

Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant –

Berrien County Government and or Mr. Thomas Bread.  Two, On July 12, 2012, Former

Chief Judge Butzbaugh falsified, Defendant – Berrien County Court record with a Forged

Order in [re]taliation and in reckless disregard for the truth that his [Linchpin] Foreclosure

Judgment entered on August 18, 2010, instead falsely stated it was entered on March 01,

2010. Third, all other Courts in truth and in fact affirmed that Former Chief Judge

Butzbaugh's [Linchpin] Foreclosure Judgment was entered August 18, 2010. Fourth, that,

Defendant – Bret Witskowski, Treasurer of Berrien County committed Unauthorized Practice

of Law in court before Chief Judge Butzbaugh to procure the [Linchpin] Foreclosure

Judgment against Mr. Thomas Bread. The Honorable Appellate Court's Chief Murray as does

Trial Court and its Judges failure to set the record straight, to correct the record violates

Plaintiff's rights under: Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");

Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.); 940. 18 U.S.C. Section 1341; Title

II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a); Civil Rights Acts of 42 U.SA.

§1983; First, Fourth, Fifth, and Fourteenth-section 1, of the Amendments.

**DEFENDANT - THE HONORABLE ELIZABETH L. GLEICHER, C.J**

147.    Plaintiff hereby incorporates paragraphs 1 through 146 above as if fully set

forth herein, and further alleges that, the Appeals Court Judge Gleicher is the current Chief

Judge for Defendant Michigan Appeals Court. As such, Judge Gleicher is the highest-ranking

judicial officer of the Defendant Michigan Appeals Court, with supervisory authority. The

Honorable Chief Judge Judge Gleicher is party to the retaliation which is violating Mr.

Barnaby's constitutional rights by shirking the Court's supervisory authority to correct

Michigan Appeals Court's record  which violates  Barnaby's constitution and laws under

First, Fourteenth Amendments to the United States Constitution not to be retaliate against

when seeking redress and not to be deprived of Life, Liberty, or Property without due process

of law and to enjoy the equal protection of the laws of the State of Michigan.

**DEFENDANT - MICHIGAN COURT OF APPEALS, for the State of Michigan**

148.    Plaintiff hereby incorporates paragraphs 1 through 147 above as if fully set

forth herein, and further alleges that, Michigan Court of Appeals is responsible  for actions

and inaction of its Judges and is party to the retaliation which violates Plaintiff's constitution

rights and laws.

## STATE BAR OF MICHIGAN

149.    Plaintiff hereby incorporates paragraphs 1 through 148 above as if fully set forth herein, and further alleges, that, State Bar of Michigan is a Coconspirator in Defendants', retaliated, concocted, disguised, designed an evil plot and an elaborate scheme which by Forgery stole and defrauded Plaintiff of his properties by their willful and wanton misconduct and forgeries.  Defendant – Bret Witskowski, Treasurer of Berrien County willful and wanton misconduct and forgeries stole and defrauded Plaintiff of his properties, also includes unauthorized practice of law, (UPL).

150.    The Michigan Supreme Court handles unauthorized practice of law and delegate its responsibilities to the 'State Bar of Michigan'. First, Plaintiff made formal Complaint of Defendant – Bret Witskowski's, 'Unauthorized Practice of Law', to Clerk of Michigan Supreme Court and the Clerk referred Plaintiff to the 'State Bar of Michigan'. Plaintiff, then made formal complaint to 'State Bar of Michigan' and set forth the evidence of Defendant – Bret Witskowski's, willful misconduct of Unauthorized Practice of Law raging from creating 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture of Real Property', and practicing law in the court room before Judge Butzbaugh on March 01, 2010, by representing the case on behalf of Defendant – Berrien County Government.  Some evidence inclusive of Defendant – Bret Witskowski's own deposition confession of UPL.

16  Q.  So explain to me what law would permit you to conduct
17       a foreclosure proceeding when you're not an attorney?
25  **A.  And the judge gave me the privilege of the opportunity**
1        **to represent the county.**
2   Q.  As an attorney?

3   **A.  I answered your question.**
4   Q.  Okay.

151.    However, the 'State Bar of Michigan' overlooked all the evidence and closed the

case with non-Lawyer Witskowski's confession in deposition his unauthorized practice of law.

The 'State Bar of Michigan' was given the evidence of non-Lawyer Witskowski confession of

his unauthorized practice of law.

Appellant did submit the proof of the UPL, yet ultimately the 'State Bar of Michigan',

concluded, **UPL No: 19-up-79,**  with no due process for an Appeal.

"The State Bar of Michigan Standing Committee on the Unauthorized Practice of Law
has considered the above-referenced matter based on the complaint received by the State
Bar of Michigan Unauthorized Practice of Law department and the information gathered
during its investigation. The Unauthorized Practice of Law committee has recommended
that the State Bar of Michigan administratively close this matter because it does not
appear to be a violation of the UPL statue, MCL 600.916, as interpreted by the Michigan
Supreme Court. Consequently, the matter has been administratively closed."

152.    But the State Bar of Michigan gave no factual nor legal demonstration of how

when and where the Michigan Supreme Court interpreted the UPL statue MCL 600.916.  The

State Bar of Michigan's action was a dereliction of its duty given to it by Michigan Supreme

Court which governs the practice of law and lawyers and has delegated the investigation and

prosecution of unauthorized practice of law complaints and the settled fact that the State Bar of

Michigan was presented with the evidence that, Non-Lawyer Appellee-Witskowski's confessed

to unauthorized practice of law in deposition. (MCL 600.916 and MCL 450.681);  they

suppressed the material evidence, and their response was "…because it does not appear to be a

violation of the UPL statue, MCL 600.916, as interpreted by the Michigan Supreme Court.

Consequently, the matter has been administratively closed."  All in violations of their law below.

Sec. 916.  (1) A person shall not practice law or engage in the law business, shall
not in any manner whatsoever lead others to believe that he or she is authorized to

practice law or to engage in the law business, and shall not in any manner whatsoever represent or designate himself or herself as an attorney and counselor, attorney at law, or lawyer, unless the person is regularly licensed and authorized to practice law in this state. A person who violates this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law. This section does not apply to a person who is duly licensed and authorized to practice law in another state while temporarily in this state and engaged in a particular matter. (2) A domestic violence victim advocate's assistance that is provided in accordance with section 2950c does not violate this section. (3) An application assistant's or victim advocate's assistance that is provided in accordance with the address confidentiality program act does not violate this section.

### DEFENDANT - THE HONORABLE BRIDGET M. Mc CORMACK C.J

153.    Plaintiff hereby incorporates paragraphs 1 through 152 above as if fully set forth herein , and further alleges that, the Honorable Former Chief McCormack was and still is uniquely positioned to resolve the controversy so Plaintiff could get relief for  his sufferings at the hands of Defendants for the, Intentional infliction of emotional distress and properties lost by UPL (MCL 600.916 and Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 134 and retaliations but did not.  As the Honorable Former Chief McCormack is fully informed that, Michigan Supreme Court handles unauthorized practice of law and delegates its responsibilities to the 'State Bar of Michigan'. First, Plaintiff made formal Complaint of Defendant – Bret Witskowski's, 'Unauthorized Practice of Law', to Clerk of  Michigan Supreme Court and the Clerk referred Plaintiff to the 'State Bar of Michigan'. Plaintiff, then made formal complaint to 'State Bar of Michigan' and set forth the evidence of Defendant – Bret Witskowski's, willful misconduct of Unauthorized Practice of Law raging from Defendants deterring Plaintiff from timely discovering that they created 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture of Real Property', and practicing law in the court room  before Judge Butzbaugh on March 01, 2010, by representing the case on behalf of Defendant – Berrien

County Government.  Some evidence inclusive of Defendant – Bret Witskowski's own

deposition confession of UPL.

16  Q.  So explain to me what law would permit you to conduct
17      a foreclosure proceeding when you're not an attorney?
25  A.  And the judge gave me the privilege of the opportunity
1       to represent the county.
2   Q.  As an attorney?
3   A.  I answered your question.
4   Q.  Okay.

154.    The Honorable Former Chief McCormack and Defendant Michigan

Supreme Court's failure to properly manage or supervise the 'Defendant State Bar of

Michigan' overlooking evidence and closed the case with non-Lawyer Witskowski's

confession in deposition of his unauthorized practice of law. Defendant – Bret Witskowski's,

willful misconduct of Unauthorized Practice of Law raging from Defendants deterring

Plaintiff from timely discovering that, they created 'Forged Quit Claim Deed', 'Forged,

Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture to steal Plaintiff's

Real Properties', and practicing law in the court room  before Judge Butzbaugh on March 01,

2010, by representing the case on behalf of Defendant – Berrien County Government, in

violation of: UPL (MCL 600.916 and MCL 450.681;  Michigan's General Property Tax Act,

P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.).

155.    Furthermore, the Honorable Former Chief McCormack has access to

record of Michigan Appeals Court, that she presided over as its supervisor that, between 2012

and 2013 Former Appellate Court's Chief Judge Murrphy circulated a letter addressed to

"Trial Court's Chief Judge Bruce" about the state of Defendant Berrien County Court record.

The settled facts about Defendant Berrien County Court record are. **O**ne, on August 18, 2010,

Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against

Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant –

Berrien County Government and or Mr. Thomas Bread.  **T**wo, On July 12, 2012, Former

Chief Judge Butzbaugh falsified, Defendant – Berrien County Court's record with a Forged

retaliation Order in reckless Disregards for truth that his [Linchpin] Foreclosure Judgment

entered on August 18, 2010, instead he falsely stated it was entered on March 01, 2010.

**T**hird, all other Courts in truth and in fact affirmed that Former Chief Judge Butzbaugh's

[Linchpin] Foreclosure Judgment was entered August 18, 2010. **F**ourth, that Defendant – Bret

Witskowski, Treasurer of Berrien County committed Unauthorized Practice of Law in court

before Chief Judge Butzbaugh to procure [Linchpin] Foreclosure Judgment against Mr.

Thomas Bread.

### THE HONORABLE ELIZABETH T. CLEMENT, C.J

156.     Plaintiff hereby incorporates paragraphs 1 through 155 above as if fully set

forth herein, and further alleges that, the Honorable Chief Judge Clement is the current Chief

Judge for Defendant Michigan Supreme Court. As such, the Honorable Chief Judge Clement

is the highest ranking judicial officer of the Defendant Michigan Supreme Court, with

supervisory authority to address former Chief Judge Butzbaugh's [Linchpin] Foreclosure

Judgment on August 18, 2010, against Coconspirators, Defendant – Bret Witskowski,

Treasurer of Berrien County and Defendant – Berrien County Government and or Mr.

Thomas Bread.  And Defendant – Bret Witskowski, Treasurer of Berrien County committed

an Unauthorized Practice of Law in court before Chief Judge Butzbaugh to procure

[Linchpin] Forgery Foreclosure Judgment against Mr. Thomas Bread. The same are

unconstitutional deprivation Barnaby's rights under First and  Fourteenth Amendments to the

United States Constitution not to be, retaliated against, and deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan[8].

---

[8] Each time, Plaintiff sought Courts for redressed, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregards for the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, on intentional false pretense of unpaid properties taxes and deterred Complaint issues of claim from redress and prevented Plaintiff from getting monetary relief he warrants. Complaint now, 'issues of claim', seeks adjudication on its merits, free from Defendants' retaliations, with relief of, Declaratory Judgment, relief of, monetary damages for his properties, relief for punitive and relief for his emotional distress.

# V.     <u>VIOLATIONS OF LAW</u>[9]

In violation of Plaintiff's rights, secured by the First; Fourth, Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

157.    **<u>Forgery is illegal in Michigan,</u>** and occurs when a defendant **creates**, **uses**, or **possesses a false document with the intent to use it to defraud someone.** This is a crime, and its penalties are discussed below.

**Forgery in Michigan** – Forgery may involve one of many kinds of documents and happen under a number of circumstances. However, all forgery cases have the following elements in common, all of which the prosecutor must prove beyond a reasonable doubt in order to gain a conviction.

**Making, altering, using, or possessing a writing** – The first element involves the defendant's behavior with regard to a document. Specifically, the prosecutor must show that the defendant either created a false document, altered an existing document, or knowingly used (or possessed with the intent to use) a false document with the intent to defraud someone or some organization. <u>Examples include creating a false ID or driver's license, altering a will to include yourself as a heir, and presenting a knowingly forged certificate of title to illegally gain possession of someone's house.</u>

**A false writing** – The second element requires that the offense involved one of many kinds of documents (also called "instruments" or "writings") that are included under the legal definition of forgery in Michigan. Among many specified types of documents, these public records (including documents that you would file with a county clerk, like a marriage license or certain land transaction documents), deeds and mortgage documents, and financial and legal documents (such as a promissory note or a will). All writings that "count" for a forgery charge have two common characteristics: they must be of legal significance and must be false.

---

[9] Each time, Plaintiff sought Courts for redressed, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregards for the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, on intentional false pretense of unpaid properties taxes and deterred Complaint issues of claim from redress and prevented Plaintiff from getting monetary relief he warrants. Complaint now, 'issues of claim', seeks adjudication on its merits, free from Defendants' retaliations, with relief of, Declaratory Judgment, reliefs of, monetary damages for his properties, relief for punitive damage and relief for emotional distress.

**With the intent to defraud, deceive or injure –** Note that it is the intent rather than the success of the fraud that counts. In other words, this element is satisfied if you had the required mind set (to defraud someone); your scheme does not have to have been a success for you to be convicted of forgery. So, for example, if you created a false will for your brother that named you as the sole heir, but you were caught out before you could actually wrongfully inherit anything, you have still committed forgery even though you haven't managed to actually defraud your brother's estate.

**Forgery Punishments –** Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.  For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.)This includes crimes of **"uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)**

**A Note on Federal Law –** Each state has its own forgery laws, but sometimes a forgery offense will be handled under federal law in federal court…. <u>And when a forged document travels across state lines, and in several other similar circumstances, the crime is also handled in federal court.</u>

**The Michigan Penal Code (Excerpt) Act 328 of 1931**
**750.248 Making, altering, forging, or counterfeiting public record; intent; felony; penalty; exception; venue; "distributed ledger technology" defined.**

Sec. 248. (1) A person who falsely makes, alters, forges, or counterfeits a public record, or a certificate, return, or attestation of a clerk of a court, register of deeds, notary public, township clerk, or any other public officer, in relation to a matter in which the certificate, return, or attestation may be received as legal proof, or a charter, will, testament, bond, writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange, promissory note, or an order, acquittance of discharge for money or other property, or a waiver, release, claim or demand, or an acceptance of a bill of exchange, or indorsement, or assignment of a bill of exchange or promissory note for the payment of money, or an accountable receipt for money, goods, or other property with intent to injure or defraud another person is guilty of a felony punishable by imprisonment for not more than 14 years.

158.    The Sixth Circuit Appellate Court's Order and judgment-(ECF Nos. 72, 73), that

are binding on the District Court, state as follows:

"Barnaby filed a second amended complaint against Berrien County, Michigan, Berrien County Treasurer Bret Witkowski, and over 20 other defendants, alleging that they conspired to steal and defraud him of property that he owned in Berrien County. He alleged that the defendants accomplished this by forging documents and pursuing wrongful foreclosures. Barnaby also alleged that other defendants should have allowed him to pay delinquent taxes that he owed on several properties before foreclosing on them. He contended that Michigan Attorney General Dana Nessel and Michigan

Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the defendants committed. And Barnaby alleged that the State Bar of Michigan overlooked evidence and refused to act on his formal complaint that Witkowski had engaged in the unauthorized practice of law, and that the Michigan Supreme Court relied on forged documents to uphold a foreclosure. Barnaby set forth numerous legal claims based on these allegations, contending that the defendants forged documents, did not follow proper foreclosure procedures, committed larceny, and engaged in the unauthorized practice of law, in violation of Michigan law; seized property in violation of the Fourth, Fifth, and Fourteenth Amendments; and violated the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)."

"…On appeal, however, Barnaby argues that he could not have raised his claims previously because they are based on forged documents that were submitted during prior state and federal proceedings and various false statements that the defendants made during those proceedings. Barnaby made this same argument in his objections to the magistrate judge's report and recommendation. And in his second amended complaint, Barnaby alleged that Witkowski and Berrien County committed forgeries and other unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are continuous," that the defendants mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition…"

"We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot." **"…VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023, Page: 6).

159.     The Federal District Court's exclusive jurisdiction in this case involves three areas: (1) There are Constitutional issues, (2) violations of federal laws, and (3) disputes between parties from different states.

160.     Plaintiff's Claims of Thirty-Six Counts are built on the back of the 'Bill of Rights', in sum up under the Fifth-takings clause and Fourteenth-due process of the Amendments, Civil Rights Acts of 42 U.SA. §1983 and  42 U.S.C. §2000a.  These Thirty-Six Counts set forth Plaintiff's legal basis both for redress on merits which Defendants' retaliations deterred and with the full damage relief that Plaintiff warrants.

**COUNT ONE,**
**As, To the Following Defendants:**

Berrien County Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County; 3**).** Defendant -Lori D. Jarvis Registrar; 4**).** Defendant - Lora L. Freehling Registrar; 5**).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer of Berrien County; **7).** Defendant – Bret Witskowski in his Individual capacity; 8**).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; 10**).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard; **12).** Defendant – Attorney James Mcgovern.

**(FORGERY[10]),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

161.    Plaintiff hereby incorporates paragraphs 1 through 160 above as if fully set forth

herein and further alleges that, the Berrien County Defendants, and their Treasurer, Witskowski,

stole and defrauded Plaintiff of his same Niles Township and Benton Harbor real properties by

forgeries — forged notice of judgment of foreclosures, forged certificate of foreclosures, and

forged quit claim deeds. The forged documents were used to procure judgments.  Plaintiff's,

'Second and Third Amended Complaints -(ECF Nos. 10, 36), and this Fourth Amended

Complaint, usage of terms "forgeries" or "forged," documents— forged notice of judgment of

foreclosure(s), forged certificate of foreclosure(s), and forged quit claim deed(s), to the

purchaser(s) are in the legal sense that, they were false or altered documents made to looked

genuine, in keeping with Michigan's laws. § 750-248; § 750-249.  **"Forgery is illegal in**

---

[10] When Plaintiff or Mr. Barnaby's Complaints uses the terms, "forgeries" or "Forged", Forgery Notices of Judgment of Foreclosures, Forgery Certificates of Foreclosures, Forgery Quit Claim Deeds to the purchasers and Forgery Order, he means forgeries in the legal sense that they are false or altered documents made to look genuine. In addition, Plaintiff asserts that that they are rendered invalid because they are forged documents, in keeping with Michigan's laws. § 750-248 and § 750-249.

**Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone."**

162.    Plaintiff further allege, that the Berrien County Defendants and its, Treasurer, Witskowski, forgeries are continuously present, because they created, used, or possessed these same false documents from May of 2010 to present, as such that the [D]efendants' forgeries are continuous," that the Defendants mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition and that they presently filed in Berrien County's record of Registrar of Deeds. Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. Plaintiff's properties were his employment and livelihood for him and his family, as such their lives have been very difficult over these last fourteen years.

**COUNT TWO,**
**As, To the Following Defendants:**

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County; 3)**.** Defendant -Lori D. Jarvis Registrar; 4)**.** Defendant - Lora L. Freehling Registrar; 5)**.** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **7).** Defendant – Bret Witskowski; 8)**.** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard; 12)**.** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom; **14).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township; 16)**.** Defendant - Niles Charter Township;        **17).** Defendant – Hon. Kendell S. Asbenson; 18)**.** Defendant - City of Benton; **19).** Defendant – Rick Snyder Former Governor; **20).** Defendant – Jennifer Granholm, Former Governor.

**(CONSPIRACY TO COMMIT FORGERY AND  FALSIFICATION OF RECORDS),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

163.    Plaintiff hereby incorporates paragraphs 1 through 162 above as if fully set forth herein and further alleges that, the Berrien County Defendants and its, Treasurer Witskowski are the superglue or linchpins that connects all the other Defendants' conspiracies to commit: forgeries, unauthorized practiced  of laws, retaliations, coverups and discriminations in the advancement of  their gentrification agenda, which by forgery stole and defrauded Plaintiff of his properties: The Summary Facts that connect all eight sets of Defendants are as follows: Plaintiff alleges that, (**1**). They or The Berrien County Defendants and its, Treasurer, Mr. Witskowski are the superglue or linchpins that connects all the other Defendants' conspiracies of, forgeries, falsifications of County's record and Court's record, fraud, fraud upon courts, unauthorized practiced of laws, retaliations, coverups, concealments,  and discriminations; and other sets of Defendants [triggered actions  or in actions], but that all the actions or inactions collectively stole and defrauded Plaintiff of his properties; (**2**) They conspired with the Township Defendants in silence agreement to say nothing about the reduced 2007 Property taxes, that should have been generally made known to Plaintiff and others; (**3**) They conspired with Benton Harbor and State of Michigan Defendants Governors in silence agreement to say nothing, that they demolished Plaintiff's properties in violation of his due process, discriminated against Plaintiff, and not allow him to pay other properties taxes before foreclosure and demolition;  (**4**) They conspired with the Holmstrom Defendants to mailed, emailed  and filed forgery documents in court proceeding to defraud Plaintiff;  (**5**) They conspired with the Berrien County Court and its Judges to aid and abet them in Unauthorized Practice of Law and to falsified the Court's record with a forged Order, and to commit fraud upon the Berrien County Trial Court to defraud Plaintiff;  (**6**) Their conspiracies falsification and forgery caused the Berrien County Court, The Appellate Court and the Supreme Court of Michigan to rely on UPL, fraud,  fraud upon the

court, falsification and forged documents to uphold imaginary forged foreclosure Judgment against Plaintiff; **(7)** They  caused the State Bar of Michigan and its Supervisors Defendants Judge Clement and Judge McCormack to overlook evidence and refuse to act on formal complaint that Witkowski had engaged in the unauthorized practice of law; and  **(8)** They caused the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson to conspired with the other defendants and refused to prosecute crimes that the defendants committed or to referred the crimes to the Michigan Attorney General, Ms. Nessel.

164.    Plaintiff alleges, that, all Defendants created or used, or possessed forged documents or concealed or coverup forgeries or retaliation the stopped forgery from redress or conspiracy of silence an agreement to say nothing about the forgeries that they should have made known to the Plaintiff.  "Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone." Michigan's law. Forgery § 750-248; § 750-249, "Conspiracy, act 328 of 1931 750.157a", Unauthorized Practice of Law, "(MCL 600.916, MCL 450.681)," and to Discrimination and more. Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  Because Plaintiff's properties were his employment and his livelihood for him and his family, their lives have been very difficult over these last fourteen years.  As such, Plaintiff alleges that he warrants relief for his properties, for emotional distress of pain and sufferings.

**COUNT THREE,**
**As, To the Following Defendants:**

Berrien County Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County; 3**).** Defendant -Lori D. Jarvis Registrar; 4**).** Defendant - Lora L. Freehling Registrar; 4**).** Defendant - Kathleen Culberson, Notary Public; **5).** Defendant – Bret Witskowski, Treasurer of Berrien County; **6).** Defendant – Bret Witskowski in his Individual capacity; 7**).** Defendant – Shelly Weich, Treasurer; **8).** Defendant – Board of Commissioner; **9).** Defendant – Attorney Mckinley R. Elliott; **10).** Defendant – Attorney Donna B. Howard; 11**).** Defendant – Attorney James Mcgovern.

**(FALSIFICATION OF COUNTY RECORD TO CONCEAL FORGERIES AND FORGERY JUDGMENT).** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

165.    Plaintiff hereby incorporates paragraphs 1 through 164 above as if fully set forth

herein and further alleges that, the Berrien County Defendants, and their Treasurer,  Witskowski,

continuous falsification of the Berrien County Record to steal and defraud  of his properties by,

making, altering, forging , or counterfeiting, notice of judgment of foreclosures, certificate of

foreclosures, and quit claim deeds, in the Berrien County public record, on May of 2010 and

mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski

testified fraudulently during a September 25, 2017, deposition to conceal that:

166.    They falsified the Berrien County Trial Court's and County Berrien County

records, with false or Forged Order, notice of judgment of foreclosures, certificate of

foreclosures, and quit claim deeds, filed false affidavit in Court's records and testified falsely in

deposition, to conceal the following: (1). To conceal that the August 18, 2010, Foreclosure

Judgment was procured by  forgery notice of judgment of foreclosures, forgery certificate of

foreclosures, and forgery quit claim deeds.  (2). To conceal that, the August 18, 2010,

Foreclosure Judgment was procured by Unauthorized Practice of Law(UPL). (3). To conceal

that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge Butzbaugh

who aided and abetted Treasurer, Witskowski, to commit Unauthorized Practice of Law(UPL).

(4). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant

Judge Butzbaugh's misconduct of, fraud upon Berrien County Trial Cout. (5). To conceal that,

the August 18, 2010, Foreclosure Judgment is an imaginary Judgment against Plaintiff. (6). To

conceal that, Plaintiff had paid the Niles Township 2007 Property taxes in full. 7). To conceal

that, they retaliated and discriminated against Plaintiff and unconstitutionally demolished his

properties. (8). To conceal that, Plaintiff's constitutional rights were violated under the Fifth-

takings clause and Fourteenth-Section I, due process clause.

167.    Plaintiff alleges done in violation of, (The Michigan Penal Code (Excerpt) Act

328 of 1931, 750.248, that states, making, altering, forging, or counterfeiting public record;

intent; felony; penalty; exception; venue; "distributed ledger technology" defined. Sec. 248.

> (1) A person who falsely makes, alters, forges, or counterfeits a public record, or a
> certificate, return, or attestation of a clerk of a court, register of deeds, notary public,
> township clerk, or any other public officer, in relation to a matter in which the
> certificate, return, or attestation may be received as legal proof, or a charter, will,
> testament, bond, writing obligatory, letter of attorney, policy of insurance, bill of
> lading, bill of exchange, promissory note, or an order, acquittance of discharge for
> money or other property, or a waiver, release, claim or demand, or an acceptance of a
> bill of exchange, or indorsement, or assignment of a bill of exchange or promissory
> note for the payment of money, or an accountable receipt for money, goods, or other
> property with intent to injure or defraud another person is guilty of a felony
> punishable by imprisonment for not more than 14 years.

168.    Plaintiff further allege that, the Berrien County Defendants and its, Treasurer,

Witskowski, falsifications are continuously present, because while they made, altered, forged, or

counterfeited the public record these same false documents from May of 2010 to present, that the

[D]efendants' falsifications are continuous," that the Defendants mailed and emailed forged

documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently

during a September 25, 2017, deposition and that these falsified documents are presently filed in
Berrien County's record of Registrar of Deeds, and Court Records. Defendants' willful wanton
misconducts have caused Plaintiff to lose all his same real properties, his employment, his
livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and
emotional distress. Plaintiff's properties were his employment and livelihood for him and his
family, as such their lives have been very difficult over these last fourteen years.  Plaintiff further
alleges, the Defendants' ongoing falsification of the public record has prevented courts redress
on merits, to present.

**COUNT FOUR,**
**As, To the Following Defendants:**

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien
County; 3**).** Defendant -Lori D. Jarvis Registrar; 4**).** Defendant - Lora L. Freehling Registrar; 5**).**
Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **7).**
Defendant – Bret Witskowski; 8**).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board
of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney
Donna B. Howard; 12**).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney
Jefferey R. Holmstrom; **14).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board
of Trustee of Niles Charter Township; 16**).** Defendant - Niles Charter Township;        **17).**
Defendant – Hon. Kendell S. Asbenson; 18**).** Defendant - City of Benton; **19).** Defendant – Rick
Snyder Former Governor; **20).** Defendant – Jennifer Granholm, Former Governor.

**(CONSPIRACY TO COMMIT FALSIFICATION OF COUNTY RECORD TO
CONCEAL JUDGMENT WAS PROCURED WITH FORGERY DOCUMENTS, UPL
AND BY FRAUD AND  FRAUD UPON THE COURT),** in Violation of Plaintiff's rights,
secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments;
Civil Rights Acts of 42 U.Sa. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of
1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution;
MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp.
Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 -
Search and Seizure.

*set forth herein.*

169.     Plaintiff hereby incorporates paragraphs 1 through 168 above as if fully set

forth herein and further alleges that, the Berrien County Defendants also conspired with the

above sets of Defendants is the following eight ways:  (1). To conceal that the August 18,

2010, Foreclosure Judgment was procured by  forgery notice of judgment of foreclosures,

forgery certificate of foreclosures, and forgery quit claim deeds.  (2). To conceal that, the

August 18, 2010, Foreclosure Judgment was procured by Unauthorized Practice of

Law(UPL). (3). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by

Defendant Judge Butzbaugh who aided and abetted Treasurer,  Witskowski,  to commit

Unauthorized Practice of Law(UPL). (4). To conceal that, the August 18, 2010, Foreclosure

Judgment was procured by Defendant Judge  Butzbaugh's  misconduct of, fraud upon Berrien

County Trial Cout.  (5). To conceal that, the August 18, 2010, Foreclosure Judgment is an

imaginary Judgment against Plaintiff. (6). To conceal that, Plaintiff had paid the Niles

Township 2007 Property taxes in full.  7). To conceal that, they retaliated and discriminated

against Plaintiff and unconstitutionally demolished his properties.  (8). To conceal that,

Plaintiff's constitutional rights were violated under the Fifth-takings clause and  Fourteenth-

Section I, due process clause.

170.     Moreover, Plaintiff alleges that the Berrien County Defendants and its,

Treasurer Witskowski are the superglue or linchpins that connects all the other Defendants'

conspiracies to commit continuous falsifications of Berrien County Record to concealed that

the Forged Foreclosure Judgment was entered on August 18, 2010, and was procured by

Defendants' forgery documents and fraud, fraud upon Berrien County.  Moreover, to

concealed that the August 18, 2010, Forged Foreclosure Judgment, was an imaginary

judgement against Plaintiff, in the advancement of their gentrification agenda, which by

falsification and forgery stole and defrauded Plaintiff of his properties: The summary facts

that connect all eight sets of Defendants are as follows: Plaintiff alleges that, **(1)**. They or The

Berrien County Defendants and its, Treasurer, Mr. Witskowski are the superglue or linchpins that connects all the other Defendants' conspiracies of, forgeries, falsifications of County's record and Court's record, fraud, fraud upon courts, unauthorized practiced of laws, retaliations, coverups, concealments, and discriminations; and other sets of Defendants [triggered actions], but that all the actions or inactions collectively stole and defrauded Plaintiff of his properties; **(2)** They conspired with the Township Defendants from March 01, 2010 to present, in silence agreement to say nothing about the reduced 2007 Property taxes, that should have been generally made known to Plaintiff and others; **(3)** They conspired with Benton Harbor and State of Michigan Defendants Governors from on or about February 01, 2012 to present, in silence agreement to say nothing, that they demolished Plaintiff's properties in violation of his due process, discriminated against Plaintiff, and not allow him to pay other properties taxes before foreclosure and demolition; **(4)** They conspired with the Holmstrom Defendants, from on or about December 12, 2014 to present, to mailed, emailed and filed forgery documents in court proceeding to defraud Plaintiff; **(5)** They conspired with the Berrien County Court and its Judges from on or about March 01, 2010 to present, to aid and abet them in Unauthorized Practice of Law and to falsified the Court's record with a forged Order, and to commits fraud upon the Berrien County Trial Court to defraud Plaintiff; **(6)** Their conspiracies of falsification and forgery caused the Berrien County Court, The Appellate, Court and the Supreme Court of Michigan from on or about March 01, 2010 to present to rely on UPL, fraud, fraud upon the court, falsification and forged documents to uphold imaginary forged foreclosure Judgment against Plaintiff; **(7)** They caused the State Bar of Michigan and its Supervisors Defendants Judge Clement and Judge McCormack from on or about March 01, 2010 to present to overlook evidence and refuse to act on formal

complaint that Witkowski had engaged in the unauthorized practice of law; and **(8)** From on or about March 01, 2010 to present, they caused the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson to conspired with the other defendants and refused to prosecute crimes that the defendants committed or to referred the crimes to the Michigan Attorney General, Ms. Nessel.

171.     Plaintiff alleges that Defendants conspired and falsified the  as mentioned immediately above in paragraph 68, all Defendants are liable for the falsely made, altered, forged, or counterfeit documents in public record that caused Plaintiff's injuries. Defendants falsified the Berrien County Record to concealed or coverup their forgery, fraud and fraud upon court, retaliation to stopped forgery from getting  redress or conspiracy of silence an agreement to say nothing about the forgeries that they should have made known to the Plaintiff.  "Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone." Michigan's law. Forgery § 750-248; § 750-249, "Conspiracy, act 328 of 1931 750.157a", Unauthorized Practice of Law, "(MCL 600.916, MCL 450.681)," and to Discrimination and more. Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  Because Plaintiff's properties were his employment and his livelihood for him and his family, their lives have been very difficult over these last fourteen years.  As such, Plaintiff alleges that he warrants relief for his properties, for emotional distress of pain and sufferings.

## COUNT FIVE,
### As, To the Following Defendants:

**1).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; **2).** Defendant – Hon. Gary J. Bruce F.C.J; **3).** Defendant – Hon. Mayfield C.J;   **4).** Defendant – Berrien Court Trial Court; and **5).** Sharon Tyler, Clerk of Berrien County; **6).** Attorney Jefferey R. Holmstrom; **7).** Defendant – Holmdtrom Law Office, PLC.

**(FORGERY),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

172.    Plaintiff hereby incorporates paragraphs 1 through 171 above as if fully set forth herein and further alleges that, the Berrien County Trial Court and Its Judge, Defendant – Hon. Alfred M. Butzbaugh in their illegal schemes to coverup or concealment that, the Berrien County Defendants, had procured his August 18, 2010 Forgery Foreclosure Judgment by fraud upon the Berrien County Trial Count, falsification of the Court's record and County's records, Unauthorized Practice of Law-(UPL), the aiding and abetting of UPL, and forgery, committed a new forgery of their own.   The Berrien County Trial Court and Its Judge, Judge Butzbaugh, on July 12, 2012, created, used, and possessed a false Order and have been using it to defraud Plaintiff continuously. Their July 12, 2012, Forged Order is to conceal that their August 18, 2010, Forged Foreclosure Judgment, procured by fraud upon the Berrien County Court, falsification of the Court's record and County's records, Unauthorized Practice of Law-(UPL), the aiding and abetting of UPL, and forgery, was entered on March 01, 2010.

173.    Moreover, Plaintiff alleges the Berrien County Trial Court and Its Judge, Judge Butzbaugh, Forgery is presently continuous, because while they created, used, and possessed it on July 12, 2012, they continue to use it to defraud Plaintiff, May 0f 2020, in the Case Barnaby

Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020), they hired Attorney Jefferey R. Holmstrom and Defendant – Holmdtrom Law Office, PLC, to continue used the forgery Order to say that their August 18, 2010, Order, was entered on March 01, 2010, in email, mail and filed briefing and still apart of the Berrien County Trial Court record.

174.     Attorney Holmstrom filed Brief in the Sixth circuit Appellate Court on or about April of 2020 and mailed it furtherance of their forgery.  As such, Berrien County Trial Court and Its Judge, Defendant – Hon. Alfred M. Butzbaugh, Attorney Jefferey R. Holmstrom and Defendant – Holmdtrom Law Office, PLC, and Sharon Tyler, Clerk of Berrien County forgeries are continuous and present.  Concealing that the Foreclosure Judgment, procured with, forged notice of judgment of foreclosure, forged certificate of foreclosure, and forged quit claim deed and Treasurer, Witskowski Unauthorized Practiced of Law-(UPL) and Judge Butzbaugh, conspiracy to aid and abet Mr. Witskowski in (UPL), Falsified it was entered on March 01, 2010.

## COUNT SIX,
### As, To the Following Defendants:

**1).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; 2**).** Defendant – Hon. Gary J. Bruce F.C.J; **3).** Defendant – Hon. Mayfield C.J;   **4).** Defendant – Berrien Court Trial Court; and 5**).** Sharon Tyler, Clerk of Berrien County; **6).** Attorney Jefferey R. Holmstrom; **7).** Defendant – Holmdtrom Law Office, PLC.

**(CONSPIRACY TO COMMIT  FORGERY ),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

175.     Plaintiff hereby incorporates paragraphs 1 through 174 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both

the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 95-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, the Berrien County Trial Court and Its Judge, Defendant – Hon. Alfred M. Butzbaugh, went further than just committed continuous forgery. But they also conspired with The Holmstrom Defendants and The Berrien County Government Defendants to commit continuous forgery. Instead of the Berrien County Trial Court and Its' Judges reveal to Plaintiff that their August 18, 2010, Foreclosure Judgment was procured by Defendants Berrien County, falsification of the Court's record and County's records, Unauthorized Practice of Law-(UPL), the aiding and abetting of UPL, and forgery. They conspired with the Holmstrom Defendants, who conspired with the Berrien County Government Defendants in silence and or concealment and or willful misrepresentation agreement to say nothing about the August 18, 2010, Foreclosure Judgment procurement by forgery, that should have been generally made known to Plaintiff and others.

176.    As such, Plaintiff alleges that, the Berrien County Trial Court and Its Judges conspired with the Holmstrom Defendants, who conspired with the Berrien County Government Defendants in silence and or concealment and or willful misrepresentation agreement to say nothing about the August 18, 2010, Foreclosure Judgment's procurement by forgery, that should have been generally made known and defrauded the Plaintiff. These same conspiracies of forgeries and fraud prevented the prior claims Barnaby v. Mayfield et al, No. 1:2020cv00232 and May 0f 2020, in the Case Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020) from adjudications on their merits.

**COUNT SEVEN,**
**As, To the Following Defendants:**

**1).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; **2).** Defendant – Hon. Gary J. Bruce F.C.J;
**3).** Defendant – Hon. Mayfield C.J;   **4).** Defendant – Berrien Court Trial Court; and **5).** Sharon
Tyler, Clerk of Berrien County; **6).** Attorney Jefferey R. Holmstrom; **7).** Defendant – Holmdtrom
Law Office, PLC.

**(FALSIFICATION OF COURT'S RECORD TO CONCEAL FORGERY)** in Violation of
Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the
Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax
Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA"); Article 10, § 2 of MI 1963
Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a;
Falsification Mi. Comp. Laws Ann. § 750-248;  Forgery Mi. Comp. Laws Ann. § 750-249; and
the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

177.    Plaintiff hereby incorporates paragraphs 1 through 176 above as if fully set forth

herein and further alleges that, the Berrien County Trial Court and Its Judge, Defendant – Hon.

Alfred M. Butzbaugh Falsified the Berrien County Trial Court record to coverup or concealment

that the Berrien County Government Defendants, had procured his August 18, 2010 Foreclosure

Judgment by Unauthorized Practice of Law-(UPL), the aiding and abetting of UPL, and forgery,

committed a new forgery of their own.   The Berrien County Trial Court and Its Judge, Judge

Butzbaugh, falsifications are continuously present, made, altered, forged, or counterfeited in the

Court of public record on July 12, 2010, is being used it to defraud Plaintiff continuously. They

are using to conceal that their August 18, 2010, Foreclosure Judgment, procured by by,

Unauthorized Practice of Law-(UPL), the aiding and abetting of UPL, and forgery, falsifying it

was entered on March 01, 2010, example,

178.    The Berrien County Trial Court and Its Judge, Judge Butzbaugh, Falsification is

presently continuous, because while they made altered, forged, or counterfeited public record on

July 12, 2012, they continue to use it to defraud Plaintiff, April 0f 2020,  in the Case Barnaby Vs

Mayfield, No. 20-1564 (6th Cir. May. 5, 2020), they hired Attorney Jefferey R. Holmstrom and

Defendant – Holmdtrom Law Office, PLC, to continue using the made, altered, forged, or counterfeited Order to say that their August 18, 2010, was entered on March 01, 2010, in email, mail and filed briefing and is still a part of the Berrien County Trial Court record.

179.    Attorney Holmstrom filed Brief in the Sixth circuit Appellate Court on or about April of 2020 and mailed it in furtherance of their falsification.  As such, Berrien County Trial Court and Its Judge, Defendant – Hon. Alfred M. Butzbaugh, Attorney Jefferey R. Holmstrom and Defendant – Holmdtrom Law Office, PLC, and Sharon Tyler, Clerk of Berrien County falsifications are continuous and present.  Concealing that the Foreclosure Judgment, procured with, forged notice of judgment of foreclosure, forged certificate of foreclosure, and forged quit claim deed and Treasurer, Witskowski Unauthorized Practiced of Law-(UPL) and Judge Butzbaugh, conspiracy to aid and abet Mr. Witskowski in (UPL), was falsified to state it was entered on March 01, 2010.

### COUNT EIGHT,
### As, To the Following Defendants:

**1)**. Defendant – Hon. Alfred M. Butzbaugh, F.C.J; 2**)**. Defendant – Hon. Gary J. Bruce F.C.J; **3)**. Defendant – Hon. Mayfield C.J;   **4)**. Defendant – Berrien Court Trial Court; and 5**)**. Sharon Tyler, Clerk of Berrien County; **6)**. Attorney Jefferey R. Holmstrom; **7)**. Defendant – Holmdtrom Law Office, PLC.

**(CONSPIRACY TO COMMIT FALSIFICATION OF COURT'S RECORD TO CONCEAL FORGERY JUGDGMENT),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

180.    Plaintiff hereby incorporates paragraphs 1 through 179 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both

the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 95-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, the Berrien County Trial Court and Its Judge, Defendant – Hon. Alfred M. Butzbaugh, when further than just committed continuous falsification of the Court's record to concealed that the Berrien County Government Defendants procured their August 18, 2010, forgery Foreclosure Judgment by Unauthorized Practice of Law-(UPL), the aiding and abetting of UPL, and forgery. They also conspired with The Holmstrom Defendants and The Berrien County Government Defendants in their continuous falsification of their own Court's record to conceal continuous forgeries.

181.   Instead of the Berrien County Trial Court and Its' Judges revealed to Plaintiff that their August 18, 2010, Foreclosure Judgment was procured by Defendants Berrien County, falsification of the Court's record and County's records, Unauthorized Practice of Law-(UPL), the aiding and abetting of UPL, and forgery. They conspired with the Holmstrom Defendants, who conspired with the Berrien County Government Defendants in silence and or concealment and or willful misrepresentation agreement to say nothing about the August 18, 2010, Foreclosure Judgment procurement by forgery, that should have been generally made known to Plaintiff and others their falsification of the Court's record.

182.   On July 12, 2012, Former Chief Judge Butzbaugh falsified, Defendant – Berrien County Court record with a retaliation forgery Order in reckless disregards for the truth that his [Linchpin] fraud upon Berrien County Trial Court, Forgery Foreclosure Judgment entered on August 18, 2010, but falsify the record to state it was entered on March 01, 2010. Furthermore, all Defendants Berrien County Government and its employees, and Codefendants inclusive of

Defendant Attorney Holmstrom knew Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered on August 18, 2010.  In addition, Defendants continued to lie and use forgery Order that the Judgment was entered on March 01, 2010, and deterred Plaintiff from timely discovering that, Defendants by fraud upon Berrien County Trial Court, forgery stole and defrauded Plaintiff of his real properties and is causing him 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and false pretense of unpaid properties taxes, and unauthorized Practice of Law UPL and deterred Plaintiff from making the necessary Amendments to his the Complaint.

183.     Furthermore, Plaintiff alleges they hired Defendant Attorney Holmstrom and he continued with the intentional false misrepresentation and omission of the material facts.  Plaintiff sought Courts for redressed, Defendants retaliated and used Forgery documents to intentionally mislead Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregard for the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole by fraud upon Berrien County Court, Forgery and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, and intentional false pretense of unpaid properties taxes, and prevented Plaintiff from getting same monetary relief he warrants. As such, Plaintiff alleges that the Berrien County Trial Court and Its Judges conspired with the Holmstrom Defendants, who conspired with the Berrien County Government Defendants in silence and or concealment and or willful misrepresentation

agreement to say nothing about the August 18, 2010, Foreclosure Judgment procurement by

forgery, that should have been generally made known and defrauded the Plaintiff. These same

conspiracies of forgeries and fraud prevented the prior claims Barnaby v. Mayfield et al, No.

1:2020cv00232 and May 0f 2020, in the Case Barnaby Vs Mayfield, No. 20-1564 (6th Cir.

May. 5, 2020) from adjudications on their merits.


### COUNT NINE,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien
County; 3)**.** Defendant -Lori D. Jarvis Registrar; 4)**.** Defendant - Lora L. Freehling Registrar; 4)**.**
Defendant - Kathleen Culberson, Notary Public; **5).** Defendant – Bret Witskowski, Treasurer; **6).**
Defendant – Bret Witskowski; 7)**.** Defendant – Shelly Weich, Treasurer; **8).** Defendant – Board
of Commissioner; **9).** Defendant – Attorney Mckinley R. Elliott, **10).** Defendant – Attorney
Donna B. Howard; 11)**.** Defendant – Attorney James Mcgovern.

**(UNAUTHORIZED PRACTICE OF LAW),** in Violation of Plaintiff's rights, secured by the
First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts
of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and,
amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916
and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. §
750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and
Seizure.

*set forth herein.*

184.     Plaintiff hereby incorporates paragraphs 1 through 183 above as if fully set forth

herein and further alleges that, the Berrien County Defendants, and their Treasurer, Witskowski,

stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, in violation

Plaintiff's rights and Michigan Laws MCL 600.916 and MCL 450.681.  The Berrien County

Defendants, and their Treasurer, Witskowski, did Unauthorized Practice of Law in two ways. **(1).**

By Creating, the false 'Forged Quit Claim Deed', created, the false 'Forged, Notice of Judgment

of Foreclosure', and created, the false 'Forged Certificate of Forfeiture, to steal and defraud

Plaintiff of his same properties.  **(2).**  By, representing the Berrien County Government

Defendant, as its Attorney or legal representative, in the Defendant Berrien County Trial Court, before Defendant – Hon. Alfred M. Butzbaugh, to steal and defraud Plaintiff of his same properties and in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

## COUNT TEN,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County; 3**).** Defendant -Lori D. Jarvis Registrar; 4**).** Defendant - Lora L. Freehling Registrar; 4**).** Defendant - Kathleen Culberson, Notary Public; **5).** Defendant – Bret Witskowski, Treasurer; **6).** Defendant – Bret Witskowski; 7**).** Defendant – Shelly Weich, Treasurer; **8).** Defendant – Board of Commissioner; **9).** Defendant – Attorney Mckinley R. Elliott; **10).** Defendant – Attorney Donna B. Howard; 11**).** Defendant – Attorney James Mcgovern; **12).** Defendant – Attorney Jefferey R. Holmstrom; 1**3).** Defendant – Holmdtrom Law Office, PLC; **14).** Defendant - Board of Trustee of Niles Charter Township; 15**).** Defendant - Niles Charter Township;          **16).** Defendant – Hon. Kendell S. Asbenson; 17**).** Defendant - City of Benton; **18).** Defendant – Hon. Rick Snyder Former Governor; **19).** Defendant – Hon. Jennifer Granholm, Former Governor; 20**).** Defendant – Hon. Mayfield C.J; **21).** Defendant – Hon. Gary J. Bruce F.C.J;        **22).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; 23**).** Defendant – Berrien Court Trial Court; **24).** Defendant – Hon. Clement, C.J; **25).** Defendant – Hon. McCormack, F.C.J.

**<u>(CONSPIRACY TO AID AND TO ABET UNAUTHORIZED PRACTICE OF LAW), in</u>**
Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

185.   Plaintiff hereby incorporates paragraphs 1 through 184 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 95-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, the Berrien County Defendants, and their Treasurer, Witskowski, not just stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, in violation Plaintiff's rights,  Michigan and Federal law, but that they also conspired with other Defendants who aided and abetted Treasurer, Witskowski's UPL.

186.    The Berrien County Defendants, and their Treasurer, Witskowski, conspired with the Defendant Berrien County Trial Court, and Its Judge, Defendant – Hon. Alfred M. Butzbaugh, aiding and abetting in the Unauthorized Practice of Law.  Mr. Witskowski, testified proudly to the fact that, the Defendant Berrien County Trial Court, and Its Judge, Defendant – Hon. Alfred M. Butzbaugh, aided and abetted him in committing Unauthorized Practice of Law to steal and defraud Plaintiff of his properties.  Defendant – Bret Witskowski's own deposition confession of the aiding and abetting UPL.

```
16   Q.  So explain to me what law would permit you to conduct
17        a foreclosure proceeding when you're not an attorney?
25   A.  And the judge gave me the privilege of the opportunity
1         to represent the county.
2    Q.  As an attorney?
3    A.  I answered your question.
4    Q.  Okay.
```

187.    Plaintiff alleges that he made formal complaint to 'State Bar of Michigan' and set forth the evidence of Defendant – Bret Witskowski's, willful misconduct of Unauthorized

Practice of Law.  As the Honorable Former and Current Chief Judges, Judge McCormack and
Judge Clement are fully informed that, Michigan Supreme Court handles unauthorized practice
of law and delegates its responsibilities to the 'State Bar of Michigan'. As Chief Judges, they
play supervisory roles over the State Bar of Michigan' but failed their supervisory role that
resulted in aiding and abetting the Berrien County Defendants, and their Treasurer, Witskowski,
Unauthorized Practice of Law, that stole and defrauded Plaintiff of his properties.

188.    The City of Benton Harbor-State of Michigan Governor Defendants, and The
Niles Township Defendants aided and abetted Berrien County Defendants, and their Treasurer,
Witskowski UPL, because it is to their benefit. The Berrien County Defendants, and their
Treasurer, Witskowski hired The Holmstrom Defendants to aid and abet by concealment of their
UPL.  As such, Plaintiff asserts that all the above Defendants conspired in aiding and abetting
Treasurer, Witskowski, Unauthorized Practice of Law, that stole and defrauded Plaintiff of his
properties.

**COUNT ELEVEN,**
**As, To the Following Defendants:**

**1)**. Defendant – Berrien County Government; **2)**. Defendant –Sharon Tyler, Clerk of Berrien
County; 3)**.** Defendant -Lori D. Jarvis Registrar; 4)**.** Defendant - Lora L. Freehling Registrar; 5)**.**
Defendant - Kathleen Culberson, Notary Public; **6)**. Defendant – Bret Witskowski, Treasurer;
**7)**. Defendant – Bret Witskowski in His Individual Capacity; 8). Defendant – Shelly Weich,
Treasurer; 9)**.** Defendant – Board of Commissioner; 10)**.** Defendant – Attorney Mckinley R.
Elliott; 11)**.** Defendant – Attorney Donna B. Howard; 12)**.** Defendant – Attorney James
Mcgovern; 13)**.** Defendant – Attorney Jefferey R. Holmstrom; **14)**. Defendant – Holmdtrom Law
Office, PLC; 15)**.** Defendant - Board of Trustee of Niles Charter Township; **16)**. Defendant -
Niles Charter Township**; 17)**. Defendant – Hon. Kendell S. Asbenson; 18). Defendant - City of
Benton; **19)**. Defendant – Hon. Rick Snyder Former Governor; 20)**.** Defendant – Hon. Jennifer
Granholm, Former Governor.

**(FRAUD),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause;
Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C.
§2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.)

112

("GPTA"); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

189.    Plaintiff hereby incorporates paragraphs 1 through 188 above as if fully set forth herein , and further alleges that, Defendant concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of other Berrien County property owners of their properties by conspiring to commit: forgery, falsifications, unauthorized practiced of law, retaliations, conceal, coverups and discriminations in the advancement of their gentrification agenda, in violation of Plaintiff's State and Federal Constitutional Rights.

190.    **Misrepresentation and or Concealment, or Omissions-** Plaintiff hereby incorporates paragraphs 1 through 189 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170. In addition, Plaintiff alleges, that, Defendants retaliated and falsified the Berrien County Trial Court's and County Berrien County Government records, with false or Forged Order, forged notice of judgment of foreclosures, forged certificate of foreclosures, and forged quit claim deeds, filed false affidavit in Court's records and testified falsely in deposition, to conceal the following: (1). To conceal that the August 18, 2010, Foreclosure Judgment was procured by forgery notice of judgment of foreclosures, forgery certificate of foreclosures, and forgery quit claim deeds. (2). To conceal

that, the August 18, 2010, Foreclosure Judgment was procured by Unauthorized Practice of Law(UPL). (3). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge Butzbaugh who aided and abetted Treasurer,  Witskowski,  to commit Unauthorized Practice of Law(UPL). (4). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge  Butzbaugh's  misconduct of, fraud upon Berrien County Trial Cout.  (5). To conceal that, the August 18, 2010, Foreclosure Judgment is an imaginary Judgment against Plaintiff. (6). To conceal that, Plaintiff had paid the Niles Township 2007 Property taxes in full.  7). To conceal that, they retaliated and discriminated against Plaintiff and unconstitutionally demolished his properties.  (8). To conceal that, Plaintiff's constitutional rights were violated under the Fifth-takings clause and  Fourteenth-Section I, due process clause.

191.    **Knowledge on the part of the Defendants-**  They Created, Used and Possessed the Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, to steal and defraud Plaintiff properties. By the length that the Defendants went to Misrepresentations and or conceal the same, to stop Plaintiff form knowing the truth, to prevent courts redress on the merits.

192.    **Intent on the part of the Defendants to deceive Plaintiff-** The length that the Defendants went to Misrepresentations and or concealed the same, it was for the purpose of deceiving the  Plaintiff, that Defendants went to the length and breadth they did to coverup or retaliate or conceal their forgery, UPL, discrimination, unlawfully demolished, conspiracy of silence an agreement to say nothing about the same that they should have made known to the Plaintiff, to prevent courts redress or redress on the merits.

114

193. **Justifiable reliance-** Plaintiff a 'Pro Se litigant' believed and relied on Defendants to be fair and honest and truthful. The fact that it took Plaintiff fourteen years to discover Defendants frauds confirmed his justifiable reliance the Defendants.

194. **Injuries Plaintiff suffers-** Proximate cause of Plaintiff 's Harm – Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  Because Plaintiff's properties were his employment and his livelihood for him and his family, their lives have been very difficult over these last fourteen years.

## COUNT TWELVE,
### As, To the Following Defendants:

**1)**. Defendant – Berrien County Government; **2)**. Defendant –Sharon Tyler, Clerk of Berrien County; 3**)**. Defendant -Lori D. Jarvis Registrar; 4**)**. Defendant - Lora L. Freehling Registrar; **5)**. Defendant - Kathleen Culberson, Notary Public; **6)**. Defendant – Bret Witskowski, Treasurer; **7)**. Defendant – Bret Witskowski in His Individual Capacity; 8). Defendant – Shelly Weich, Treasurer; 9**)**. Defendant – Board of Commissioner;**10)**. Defendant – Attorney Mckinley R. Elliott; 11**)**. Defendant – Attorney Donna B. Howard; **12)**. Defendant – Attorney James Mcgovern; **13)**. Defendant – Attorney Jefferey R. Holmstrom; **14)**. Defendant – Holmdtrom Law Office, PLC; **15)**. Defendant - Board of Trustee of Niles Charter Township; **16)**. Defendant - Niles Charter Township**; 17)**. Defendant – Hon. Kendell S. Asbenson; 18). Defendant - City of Benton; **19)**. Defendant – Hon. Rick Snyder Former Governor; **20)**. Defendant – Hon. Jennifer Granholm, Former Governor.

**(CONSPIRACY TO COMMIT FRAUD),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

195.     Plaintiff hereby incorporates paragraphs 1 through 194 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 95-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, Defendants forgeries and conspiracy to commit forgeries and their conspiracy coverup or conceal their forgeries and to stop their same forgeries from redress are continuous.

196.     Again, Plaintiff alleges that, the Berrien County Defendants and its, Treasurer,  Witskowski, forgeries are continuous and present, because while they created, uses, or possesses these same false forged documents from May of 2010 to present, that the [D]efendants' forgeries are continuous," that the defendants mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition and that forged documents are presently filed in Berrien County's Registrar of deeds and the Berrien County Court Records

197.     Judge Butzbaugh July 12, 2010, forged Order is continuous. Moreover, May 0f 2020, in the Case Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020), they hired Attorney Jefferey R. Holmstrom and Defendant – Holmstrom Law Office, PLC, to continue the forgery misrepresenting that, their August 18, 2010 Judgment, procured with, forged notice of judgment of foreclosure, forged certificate of foreclosure, and forged quit claim deed and Treasurer,  Witskowski's Unauthorized Practiced of Law-(UPL) and Judge Butzbaugh's, conspiracy to aid and abet  Mr. Witskowski in (UPL), falsify court record to state Foreclosure

Judgment was entered on March 01, 2010.  Attorney Holmstrom filed Brief in the Sixth circuit

Appellate Court on or about April of 2020 and mailed it in furtherance of their forgery.  As such,

Berrien County Trial Court and Its Judge, Defendant – Hon. Alfred M. Butzbaugh, Attorney

Jefferey R. Holmstrom and Defendant – Holmdtrom Law Office, PLC, and Sharon Tyler, Clerk

of Berrien County forgeries are continuously present and trigger their conspired fraud against

Plaintiff.

198.    **Misrepresentations and or Conceals that:**  (1). To Misrepresentations and or

conceal that the August 18, 2010, Foreclosure Judgment was procured by forgery notice of

judgment of foreclosures, forgery certificate of foreclosures, and forgery quit claim deeds.  (2).

To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Unauthorized

Practice of Law (UPL). (3). To conceal that, the August 18, 2010, Foreclosure Judgment was

procured by Defendant Judge Butzbaugh who aided and abetted Treasurer, Witskowski, to

commit Unauthorized Practice of Law (UPL). (4). To conceal that, the August 18, 2010,

Foreclosure Judgment was procured by Defendant Judge Butzbaugh's misconduct of, fraud upon

Berrien County Trial Cout.  (5). To conceal that, the August 18, 2010, Foreclosure Judgment is

an imaginary Judgment against Plaintiff. (6). To conceal that, Plaintiff had paid the Niles

Township 2007 Property taxes in full.  7). To conceal that, they retaliated and discriminated

against Plaintiff and unconstitutionally demolished his properties.  (8). To conceal that,

Plaintiff's constitutional rights were violated under the Fifth-takings clause and Fourteenth-

Section I, due process.

199.    **Knowledge on the part of Defendants-** The length that the Defendants went to

make Misrepresentations and or conceal the same above, to, coverup or retaliate or conceal their

forgery, UPL, discrimination, unlawful demolition, conspiracy of silence agreement to say

nothing about the same that they should have made known to the Plaintiff, to prevent courts redress or redress on the merits.

200. **Intent on the part of the Defendants to deceive Plaintiff**- The length that the Defendants went to make Misrepresentations and or concealed the same, it was for the purpose of deceiving the Plaintiff, that Defendants went to the length and breadth they did to coverup or retaliate or conceal their forgery, UPL, discrimination, unlawful demolished, conspiracy of silence agreement to say nothing about the same that they should have made known to the Plaintiff, to prevent courts redress or redress on the merits.

201. **Justifiable reliance-** but for Defendants' same misconducts it would not take the Plaintiff fourteen years. Plaintiff's prior actions were reliance and defendants to be truthful and not to commit acts of forgery or conspired to commit acts of forgery and fraud.

202. **Injuries Plaintiff suffers-** Proximate cause of Plaintiff 's Harm – Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. Because Plaintiff's properties were his employment and his livelihood for him and his family, their lives have been very difficult over these last fourteen years.

**COUNT THIRTEENTH,**
**As, To the Following Defendants:**

**1). Defendant – Hon. Alfred M. Butzbaugh, F.C.J; 2). Defendant – Berrien Court Trial Court**

**(FRAUD UPON THE BERRIEN COUNTY TRIAL COURT),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a;

118

Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and
the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

203.     Plaintiff hereby incorporates paragraphs 1 through 202 above as if fully set forth

herein and further alleges that, Defendant Berrien County Trial Court, and Its Judge, Defendant –

Hon. Alfred M. Butzbaugh, actions, amounts to, 'Fraud Upon the Berrien County Trial Court',

accordingly:

204.     First, Plaintiff alleges that, when Judge, Defendant – Butzbaugh  allowed or aided

and abetted or conspired with, Treasurer, Witskowski, who is not an attorney, to impersonate an

attorney and represented the Berrien County Government before Judge Butzbaugh in the

Defendant Berrien County Trial Court, on March 01, 2010, to procure the same August 18, 2010,

Forged-Foreclosure Judgment, by acts of Unauthorized Practice of Law.  Defendant Judge

Butzbaugh committed Fraud on the Berrien Couty Trial Court or Fraud upon the Berrien Couty

Trial Court.

205.     Defendant – Bret Witskowski's own deposition confession of the aiding and

abetting of his UPL.

16  Q.  So explain to me what law would permit you to conduct
17      a foreclosure proceeding when you're not an attorney?
25  **A.  And the judge gave me the privilege of the opportunity**
 1      **to represent the county.**
 2  Q.  As an attorney?
 3  **A.  I answered your question.**
 4  Q.  Okay.

206.     Second, Plaintiff alleges, that, when Judge, Defendant – Butzbaugh, on July 12,

2012 created a forgery Order, to concealed that he allowed or aided and abetted or conspired

with, Treasurer, Witskowski, who is not an attorney, to impersonate an attorney and represented

the Berrien County Government before Judge Butzbaugh in the Defendant Berrien County Trial

Court, March 01, 2010, to procure the same August 18, 2010, Forged-Foreclosure Judgment, by

acts of Unauthorized Practice of Law, is Fraud on the Berrien Couty Trial Court. As such

Defendant Judge Butzbaugh's Fraud on the Berrien Couty Trial Court void his August 18, 2010

foreclosure Judgment procured by forgery.

## COUNT FOURTEENTH,
### As, To the Following Defendants:

**1).** Defendant – Attorney Mckinley R. Elliott; 2**).** Defendant – Attorney Donna B. Howard;
**3).** Defendant – Attorney James Mcgovern; **4).** Defendant – Attorney Jefferey R. Holmstrom; 5**).**
Defendant – Holmdtrom Law Office, PLC; 6**).** Defendant – Hon. Kendell S. Asbenson;
**7).** Defendant – Hon. Mayfield C.J; **8).** Defendant – Hon. Gary J. Bruce F.C.J; 9**).** Defendant –
Hon. Alfred M. Butzbaugh, F.C.J;   **10).** Defendant – Berrien Court Trial Court;
**11).** Defendant – Hon. Gleicher, CJ Appellate; **12).** Defendant – Hon. Christopher M. Murray,
F.C.J, Appellate; **13).** Michigan Court of Appeals; **14).** Defendant – Hon. Clement, C.J;
**15).** Defendant – Hon. McCormack, F.C.J,

**(CONSPIRACY TO COMMIT FRAUD UPON COURTS),** in Violation of Plaintiff's rights,
secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments;
Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of
1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution;
MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp.
Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 -
Search and Seizure.

*set forth herein.*

207.    Plaintiff hereby incorporates paragraphs 1 through 206 above as if fully set forth

herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both

the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s)

or the sets of Defendants who actions, or inactions that may have been triggered by the other sets

of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 95-97 paragraph

163, and pages 99-100 paragraph 170. In addition, Plaintiff alleges, that, some the above

Defendants conspired, and or were complicit in the furtherance of Judge Butzbaugh's, 'Fraud

Upon the Berrien County Trial Court'; and other Defendants actions or [triggered actions], arose from the ,'Fraud Upon the Berrien County Trial Court', by Judge Butzbaugh,'accordingly:

208.    First, Plaintiff alleges that, the following Defendants knowingly and willfully: 1). Defendant Attorney Elliott; 2). Defendant Attorney/Judge Howard; 3). Defendant Attorney Mcgovern; 4). Defendant Attorney Holmstrom 5). Defendant – Hon. Mayfield C.J; 6). Defendant – Hon. Gary J. Bruce  F.C.J; conspired, and or were complicit in the furtherance  of Judge Butzbaugh's  Fraud Upon the Berrien County Trial Court', allows or aided and abetted or conspired with, Treasurer, Witskowski, who is not an attorney, to impersonate an attorney and represented the Berrien County Government before Judge Butzbaugh in the Defendant Berrien County Trial Court, March 01, 2010, to procure the same August 18, 2010, Forged-Foreclosure Judgment, by acts of Unauthorized Practice of Law. And Judge, Defendant – Butzbaugh, on July 12, 2012 created a forgery Order, to concealed that he allowed or aided and abetted or conspired with, Treasurer, Witskowski, who is not an attorney, to impersonate an attorney and represented the Berrien County Government before Judge Butzbaugh in the Defendant Berrien County Trial Court, March 01, 2010, to procure the same August 18, 2010, Forged-Foreclosure Judgment, by acts of Unauthorized Practice of Law.  Defendant Judge Butzbaugh did commit Fraud on the Berrien Couty Trial Court or Fraud upon the Berrien Couty Trial Court. Defendant Judge Butzbaugh had committed Fraud on the Berrien Couty Trial Court or Fraud upon the Berrien Couty Trial Court.

209.    In addition, Plaintiff alleges that, Judge Butzbaugh's Fraud Upon the Berrien County Trial Court', has ricochets fraud upon, 'Michigan Courts of Appeals' and Michigan Supreme Court', by the witting actions are in actions of 1). Defendant Attorney Elliott; 2).

Defendant Attorney/Judge Howard; 3). Defendant Attorney Mcgovern; 4). Defendant Attorney

Holmstrom 5). Defendant – Hon. Mayfield C.J; 6). Defendant – Hon. Gary J. Bruce F.C.J.

210.   Furthermore, Plaintiff alleges that Judge Butzbaugh's Fraud Upon the Berrien

County Trial Court', has ricochets fraud upon, 'Michigan Courts of Appeals' and Michigan

Supreme Court', by the witting or unwitting actions are in actions of 7). Defendant – Hon.

Gleicher, C.J of Appellate; 8). Defendant – Hon. Christopher M. Murray, F.C.J, of Appellate; 9).

Michigan Court of Appeals; 10). Defendant – Hon. Clement, C.J of Supreme; 11). Defendant –

Hon. McCormack of Supreme, F.C.J, acts of, 'Fraud upon the Michigan Courts of Appeals', and

'Fraud upon the Michigan Supreme Court', that may have arisen from actions Fraud upon the

Michigan Appeals Court may have been [triggered actions], due to Defendant Judge Butzbaugh,

Fraud upon the Berrien Couty Trial Court.

211.   Finally, Plaintiff alleges that Judge Butzbaugh's  Fraud Upon the Berrien County

Trial Court' renders his August 18, 2010, linchpin foreclosure Forged Judgement void. And that

Plaintiff is injured by all the above Defendants action and or inactions, that arisen from

Defendant Judge Butzbaugh, Fraud upon the Berrien Couty Trial Court. Yet the Michigan

Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson to

conspired with the other defendants and refused to prosecute Defendant Judge Butzbaugh,

'Fraud upon the Berrien Couty Trial Court' ricochets fraud upon, 'Michigan Courts of Appeals'

and Michigan Supreme Court', that the defendants committed or to refer these crimes to the

Michigan Attorney for prosecution.  In the Case Barnaby Vs Mayfield, No. 20-1564 (6th Cir.

May. 5, 2020), Mr. Asbenson used his authorities as Michigan Assistant Attorney General, to

conceal the other Defendants, 'Fraud upon the Michigan Trial, Appeals and Supreme Courts' in

furtherance of, 'Fraud upon the Michigan Trial, Appeals and Supreme Courts' that caused

Plaintiff's injures.

**COUNT FIFTEEN,**
**As, To the Following Defendants:**

Defendants: **1).** Defendant – Berrien County Government; **2).** Defendant –Sharon Tyler, Clerk of Berrien County; **3).** Defendant -Lori D. Jarvis Registrar; **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **7).** Defendant – Bret Witskowski in His Individual Capacity; **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard; **12).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom; **14).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township; **16).** Defendant - Niles Charter Township; **17).** Defendant – Hon. Kendell S. Asbenson; **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor; **21).** Defendant – Hon. Mayfield C.J; **22).** Defendant – Hon. Gary J. Bruce F.C.J; **23).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; **24).** Defendant – Berrien Court Trial Court; **25).** Defendant – Hon. Gleicher, C.J Appellate; **26).** Defendant – Hon. Christopher M. Murray, F.C.J, Appellate; **27).** Michigan Court of Appeals; **28).** Defendant – Hon. Clement, C.J; **29).** Defendant – Hon. McCormack, F.C.J.

**(RETALIATIONS),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

212.     Plaintiff hereby incorporates paragraphs 1 through 211 above as if fully set

forth herein, and further alleges that, the summary facts that connect all eight sets of

Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the

elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been

triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph

7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges,

that, Defendants retaliated and falsified the Berrien County Trial Court's and County Berrien

County Government records, with false or Forged Order, forged notice of judgment of foreclosures, forged certificate of foreclosures, and forged quit claim deeds, filed false affidavit in Court's records and testified falsely in deposition, to conceal the following: (1). To conceal that the August 18, 2010, Foreclosure Judgment was procured by forgery notice of judgment of foreclosures, forgery certificate of foreclosures, and forgery quit claim deeds. (2). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Unauthorized Practice of Law(UPL). (3). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge Butzbaugh who aided and abetted Treasurer, Witskowski, to commit Unauthorized Practice of Law(UPL). (4). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge Butzbaugh's misconduct of, fraud upon Berrien County Trial Cout. (5). To conceal that, the August 18, 2010, Foreclosure Judgment is an imaginary Judgment against Plaintiff. (6). To conceal that, Plaintiff had paid the Niles Township 2007 Property taxes in full. 7). To conceal that, they retaliated and discriminated against Plaintiff and unconstitutionally demolished his properties. (8). To conceal that, Plaintiff's constitutional rights were violated under the Fifth-takings clause and Fourteenth-Section I, due process clause. Defendants' action amounts to retaliation accordingly:

213. First, Plaintiff was in his clear rights of expression to seek redress from courts and his right is protected under First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931

750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. §

750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

      214.    **S**econdly, Defendants' adverse persistent and consistent reaction above in

paragraph 212, in addition with intentionally false material misrepresentations and or

intentional material concealments when they were under an obligation to reveal, but

concealed from Plaintiff and Courts in wreck-less indifference to the truth, that,  One, Judge

Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead falsely

stated it was entered on March 01, 2010; Two, "Plaintiff did not make full payment of the

delinquent 2007 property taxes by March 31, 2010", would deter any "In Pro Se Litigant" of

ordinary firmness". As the Defendants Lied with 'Forged Quit Claim Deeds', 'Forged, Notice

of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures', Defendant –

Witskowski lied multiple times in Deposition on the same material issues and with Affidavit.

Moreover, Defendant –  Witskowski and Berrien – County Government and its other

employees, and Codefendants,  employed, Defendant Attorney Holmstrom continues the

retaliations by retelling these same lies to the Federal District Court in their Summary

Judgment filed on October 30, 2017, and brief file in  Federal Appellate Court, see  Barnaby

v. Witkowski, 1:14-cv-1279. Clearly, Defendants'  retaliations taken against Plaintiff would

have deter any "ordinary firmed, In Pro Se Litigant", form  earlier discovering that,

Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of

emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of

Foreclosure', and 'Forged Certificates of Forfeiture, and would deterred any "In Pro Se

Litigant of ordinary firmness", from making the necessary Amendments to his Complaint and

prevented him, from getting the monetary relief Plaintiff warrants.

215.　　**T**hirdly, Plaintiff alleges that, Defendants' adverse action would not have happened if Plaintiff did not file the then Complaints for redresses in Courts, Defendants retaliated as a direct result of Plaintiff's expression of redressed for the relief which Plaintiff warrants. Plaintiff alleges Defendants violated Plaintiff's rights under the First, Fourth, Fifth, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983 and Fed. R. Crim. P. 41 - Search and Seizure. Plaintiff's rights under the First Amendment, to petition the Government for a redress of grievances without retaliation of Defendants. Plaintiff's rights under the Fourth and Fifth Amendments, and Fed. R. Crim. P. 41 - Search and Seizure not to lose his properties by Defendants Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures. Plaintiff's rights under the Fourteenth Section-One Amendment, equal protection of law and due process rights. Once more Plaintiff petitions the Court to seek the monetary relief he warrants, free from Defendants retaliations to stop it from judication on its merit.

**COUNT SIXTEEN,**
**As, To the Following Defendants:**

Defendants: **1).** Defendant – Berrien County Government; **2).** Defendant –Sharon Tyler, Clerk of Berrien County; **3).** Defendant -Lori D. Jarvis Registrar; **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **7).** Defendant – Bret Witskowski in His Individual Capacity; **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard; **12).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom; **14).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township; **16).** Defendant - Niles Charter Township; **17).** Defendant – Hon. Kendell S. Asbenson; **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor; **21).** Defendant – Hon. Mayfield C.J; **22).** Defendant – Hon. Gary J. Bruce F.C.J; **23).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; **24).** Defendant – Berrien Court Trial Court; **25).** Defendant – Hon. Gleicher, C.J Appellate; **26).** Defendant – Hon. Christopher M. Murray, F.C.J, Appellate; **27).** Michigan Court of Appeals; **28).** Defendant – Hon. Clement, C.J; **29).** Defendant – Hon. McCormack, F.C.J.

**(CONSPIRACY TO RETALIATE AGAINST PLAINTIFF),** in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

216.    Plaintiff hereby incorporates paragraphs 1 through 215 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, defendants conspired-retaliated and falsified the Berrien County Trial Court's and County Berrien County Government records, with false or Forged Order, forged notice of judgment of foreclosures, forged certificate of foreclosures, and forged quit claim deeds, filed false affidavit in Court's records and testified falsely in deposition, to conceal the following: (1). To conceal that the August 18, 2010, Foreclosure Judgment was procured by  forgery notice of judgment of foreclosures, forgery certificate of foreclosures, and forgery quit claim deeds.  (2). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Unauthorized Practice of Law(UPL). (3). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge Butzbaugh who aided and abetted Treasurer, Witskowski,  to commit Unauthorized Practice of Law(UPL). (4). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge  Butzbaugh's  misconduct of, fraud upon Berrien County Trial Cout.  (5). To conceal that, the August 18, 2010,

Foreclosure Judgment is an imaginary Judgment against Plaintiff. (6). To conceal that,

Plaintiff had paid the Niles Township 2007 Property taxes in full.  7). To conceal that, they

retaliated and discriminated against Plaintiff and unconstitutionally demolished his properties.

(8). To conceal that, Plaintiff's constitutional rights were violated under the Fifth-takings

clause and  Fourteenth-Section I, due process clause.  Defendants' action amounts to

conspiracies to retaliations accordingly:

217.    **F**irst, Plaintiff was in his clear rights of expression to seek redress from

courts and his right is protected under First; Fourth; Fifth-takings clause; Fourteenth-Section

I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General

Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10,

§ 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931

750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. §

750-249; and the Fed. R. Crim. P. 41 - Search and Seizure, free from Defendants' conspired

retaliations.

218.    **S**econdly, Defendants' conspired adverse persistent and consistent

reaction above in paragraph 217, in addition with intentionally false material

misrepresentations and or intentional material concealments when they were under an

obligation to reveal, but concealed from Plaintiff and Courts in wreck-less indifference to the

truth, that,  One, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18,

2010, instead falsely stated it was entered on March 01, 2010; Two, "Plaintiff did not make

full payment of the delinquent 2007 property taxes by March 31, 2010", would deter any "In

Pro Se Litigant" of ordinary firmness". As the Defendants Lied with 'Forged Quit Claim

Deeds', 'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures', Defendant – Witskowski lied multiple times in Deposition on the same material issues and with Affidavit. Moreover, Defendant – Witskowski and Berrien – County Government and its other employees, and Codefendants, employed, Defendant Attorney Holmstrom continues the retaliations by retelling these same lies to the Federal District Court in their Summary Judgment filed on October 30, 2017, and brief file in Federal Appellate Court, see Barnaby v. Witkowski, 1:14-cv-1279. Clearly, Defendants' retaliations taken against Plaintiff would have deter any "ordinary firmed, In Pro Se Litigant", form earlier discovering that, Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and would deterred any "In Pro Se Litigant of ordinary firmness", from making the necessary Amendments to his Complaints and prevented him, from getting the monetary relief Plaintiff warrants.

219.    **T**hirdly, Plaintiff alleges that, Defendants conspired adverse action would not have happened if Plaintiff did not file the then Complaints for redresses in Courts, Defendants retaliated as a direct result of Plaintiff's expression of redressed for the relief which Plaintiff warrants. Plaintiff alleges Defendants violated Plaintiff's rights under the First, Fourth, Fifth, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983 and Fed. R. Crim. P. 41 - Search and Seizure. Plaintiff's rights under the First Amendment, to petition the Government for a redress of grievances without retaliation of Defendants. Plaintiff's rights under the Fourth and Fifth Amendments, and Fed. R. Crim. P. 41 - Search and Seizure not to lose his properties by Defendants Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures.

Plaintiff's rights under the Fourteenth Section-One Amendment, equal protection of law and

due process rights. Once more Plaintiff petitions the Court to seek the monetary relief  he

warrants, free from Defendants conspired retaliations to stop him from judication on its merit.

**COUNT SEVENTEEN,**
**As, To the Following Defendants:**

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;  **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **7).** Defendant – Bret Witskowski;  **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;  **12).** Defendant – Attorney James Mcgovern.

**(VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER THE FIFTH AMENDMENT TAKINGS-CLAUSE),** in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

220.     Plaintiff hereby incorporates paragraphs 1 through 219 above as if fully set

forth herein and further alleges that the Defendants stole and defrauded him of his properties

in violation of his constitutional rights under Fifth Amendment's Takings Clause. The Fifth

Amendment's Takings Clause: clearly states, "nor shall private property be taken for public

use without just compensation." Further, Plaintiff alleges that, notwithstanding that

Defendants, City of Benton Harbor and State of Michigan Governors and Berrien County

Defendants should have allowed him to pay delinquent taxes that he owed on several

properties before foreclosing on his same properties. Because, Defendants had the duty and

their duty afforded them the opportunity to resolve the unlawful actions and or to remedy in

130

whole by paying Plaintiff the value of the property; times three for theft at $12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00 and use portion of it to remedy any outstanding taxes on Defendant - City of Benton Harbor properties and return the balance to Plaintiff. But they failed, when they refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint. Defendants' unlawful actions were foreseeable; their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and "Forged", 'Quit Claim Deed' UPL, were used to permanently "transfer title" of Barnaby's real properties.

222.      Plaintiff  alleges that Defendant – Bret Witskowski Treasurer testified in deposition that he conspired with Defendant City of Benton Harbor to demolished Plaintiff's properties.  Such properties aka, 235-239 Pipestone parcels Plaintiff did not lose due to unpaid properties back tax nor foreclosure , but to Defendants Forgery, Retaliation, Conspiracy, discriminations, Fraud, Theft, concealment, coverup that demolished them in violation of Plaintiff's due process rights  Lastly, Given the facts that:  1). Defendants owed Plaintiff according to its Appraised $12, 000, times three for theft equal **$36, 000.00**.   2). Their demolishing of Plaintiff's 235-239 Pipestone parcels by Forgery, Retaliation, Conspiracy, Fraud  and in violation of his due process, that cost to rebuild it is **$619,851.00**. Plaintiff alleges, Defendant should not have testified against Plaintiff that he owed back taxes and cause him to lose any of his properties and Defendants should have allowed Plaintiff to pay delinquent taxes that he owed on the other properties before foreclosing on them, as they owed  Plaintiff **$655,851.00** at the time they demolished and foreclose Plaintiff same above properties.  Moreover, Plaintiff  alleges that the above Defendant violated his rights Fifth-takings clause.

223.    Furthermore, Plaintiff alleges, Defendants Berrien County and Defendants Holmstrom filed false affidavit, repeatedly made false statements or perjuries in deposition, fraud and illusory truths injured him and deterred the litigation of the unconstitutional takings of his property from adjudication on merit. See Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023) and Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020. Notwithstanding,  Defendants sold Barnaby's real properties that taxes were paid in full. Clearly even if the taxes were not paid in full, Defendants' selling Plaintiff's real properties, would have still taken Plaintiff's properties without just compensation in violation of the Takings Clauses of the Fifth Amendment and Michigan Constitution.

> The MSC- VI. CONCLUSION  "We hold that plaintiffs, former property owners whose properties were foreclosed and sold to satisfy delinquent real-property taxes, have a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties. This right continued to exist even after fee simple title to plaintiffs' properties vested with defendants, and therefore, defendants' retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of plaintiffs' properties under Article 10, § 2 of our 1963 Constitution…"

Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020.

224.    Moreover, Plaintiff alleges the US supreme Court Chief Judge Roberts, finds,

**"The taxpayer must render unto Caesar what is Caesar's, but no more."** Because we find that Tyler has plausibly alleged a taking under the Fifth Amendment, and she agrees that relief under "the Takings Clause would fully remedy [her] harm."  See, Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023)

225.    In addition,  Plaintiff alleges that  rental properties in the City of Benton Harbor were his employment, and they also maintained the properties including the paying of the property's taxes.  However, Defendant Berrien County and its Treasurer Witskowski sent retaliation letters to Plaintiff then tenants and caused them to stop paying rent to Barnaby, that

also affected the paying of the taxes. As such, the surplus or excess is over $4,600.00 plus the rental loss was more than what was needed to pay in full all Plaintiff's Properties taxes in the City of Benton Harbor and sustain Plaintiff's livelihood. Defendant Treasurer Witskowski, in retaliation threatened Plaintiff that, if he seeks monetary relief for Niles Charter Township property, Plaintiff will lose all his other Benton Harbor Properties. In fact, Witskowski followed through on his retaliation threat, when he stole, and defrauded Plaintiff of his City of Benton Harbor real properties under the false pretense of unpaid properties taxes.  Mr. Witskowski knew that, by paying Plaintiff the value of the Niles property; times three for theft at $12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00, remedied any outstanding taxes on Defendant - City of Benton Harbor properties, or even applied the surplus or excess $4,600.00 of Niles Parcel and just stop sending letters to the Plaintiff's Tennant which caused then to stop paying Plaintiff rent would have stopped Plaintiff's injuries.  But Mr. Witskowski's anger was such that, he continued the same and ordered  Plaintiff's properties to be demolished with tractors and stated in his deposition that, Plaintiff got what he is "due".

226.    Plaintiff alleges, notwithstanding that, the taxes were paid in full, that, his Complaints are proven just by applying  Supreme Courts'  findings, that, **"The taxpayer must render unto Caesar what is Caesar's, but no more."** As the Niles real Property, "…takes $168.68 to fully redeem"; "…Plaintiff paid "$305.73", was more than what was required to fully redeem parcel for 2007 tax year" and it was "…. then it was sold for $4,500.00". As such, surplus or excess is over $4,600.00 plus loss of rental was more than what was needed to pay in full all Plaintiff's Properties taxes in the City of Benton Harbor. See Rafaeli, LLC v Oakland County, and Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023).

## COUNT EIGHTEEN,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;  **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public;  **6).** Defendant – Bret Witskowski, Treasurer; **7).** Defendant – Bret Witskowski;  **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;  **12).** Defendant – Attorney James Mcgovern.  **13).** Defendant – Attorney Jefferey R. Holmstrom; **14).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township;  **16).** Defendant - Niles Charter Township; **17).** Defendant – Hon. Kendell S. Asbenson;  **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor**.**

**(CONSPIRACY TO VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER THE FIFTH AMENDMENT TAKINGS-CLAUSE),** in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

227.    Plaintiff hereby incorporates paragraphs 1 through 226 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 94-97 paragraph 163, and pages 98-100 paragraph 170.  In addition, Plaintiff alleges, that, Defendants conspired and violated his rights under Fifth Amendment's Takings Clause, as follows:

228.    Plaintiff  alleges that Defendant – Bret Witskowski Treasurer testified in deposition that he conspired with Defendant City of Benton Harbor to demolished Plaintiff's properties.  Such properties aka, 235-239 Pipestone parcels Plaintiff did not lose due to

unpaid properties back tax nor foreclosure , but to Defendants Forgery, Retaliation, Conspiracy, discriminations, Fraud, Theft, concealment, coverup that demolished them in violation of Plaintiff's due process rights  Lastly, Given the facts that:  1). Defendants owed Plaintiff according to its Appraised $12, 000, times three for theft equal **$36, 000.00**.  2). Their demolishing of Plaintiff's 235-239 Pipestone parcels by Forgery, Retaliation, Conspiracy, Fraud  and in violation of his due process, that cost to rebuild it is **$619,851.00**. Plaintiff alleges, Defendant should not have testified against Plaintiff that he owed back taxes and cause him to lose any of his properties and Defendants should have allowed Plaintiff to pay delinquent taxes that he owed on the other properties before foreclosing on them, as they owed  Plaintiff **$655,851.00** at the time they demolished and foreclose Plaintiff same above properties.  Moreover, Plaintiff  alleges that the above Defendant violated his rights Fifth-takings clause.

229.    Furthermore, Plaintiff alleges, that the other Defendants' silent agreement to say nothing, that Defendants Berrien County and Defendants Holmstrom filed false affidavit, repeatedly made false statements or perjuries in deposition, fraud and illusory truths injured him and deterred the litigation of the unconstitutional takings of his property from adjudication on merit. See Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023) and Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020. Notwithstanding,  Defendants sold Barnaby's real properties that taxes were paid in full. Clearly even if the taxes were not paid in full, Defendants' selling Plaintiff's real properties, would have still taken Plaintiff's properties without just compensation in violation of the Takings Clauses of the Fifth Amendment and Michigan Constitution.

The MSC- VI. CONCLUSION  "We hold that plaintiffs, former property owners whose properties were foreclosed and sold to satisfy delinquent real-property taxes, have a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties. This right continued to exist even after fee simple title to plaintiffs' properties vested with defendants, and therefore, defendants' retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of plaintiffs' properties under Article 10, § 2 of our 1963 Constitution…"

Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020.

230.    Moreover, Plaintiff alleges the US supreme Court Chief Judge Roberts, finds,

**"The taxpayer must render unto Caesar what is Caesar's, but no more."** Because we find

that Tyler has plausibly alleged a taking under the Fifth Amendment, and she agrees that relief

under "the Takings Clause would fully remedy [her] harm."   See, Tyler v. Hennepin County,

Minnesota, et al, (No. 22–166–Decided May 25, 2023)

231.    In addition,  Plaintiff alleges that  rental properties in the City of Benton Harbor

were his employment, and they also maintained the properties including the paying of the

property's taxes.  However, Defendant Berrien County and its Treasurer Witskowski sent

retaliation letters to Plaintiff then tenants and caused them to stop paying rent to Barnaby, that

also affected the paying of the taxes. As such, the surplus or excess is over $4,600.00 plus the

rental loss was more than what was needed to pay in full all Plaintiff's Properties taxes in the

City of Benton Harbor and sustain Plaintiff's livelihood. Defendant Treasurer Witskowski, in

retaliation threatened Plaintiff that, if he seeks monetary relief for Niles Charter Township

property, Plaintiff will lose all his other Benton Harbor Properties. In fact, Witskowski followed

through on his retaliation threat, when he stole, and defrauded Plaintiff of his City of Benton

Harbor real properties under the false pretense of unpaid properties taxes.  Mr. Witskowski knew

that, by paying Plaintiff the value of the Niles property; times three for theft at $12,000.00 equal

$36,000.00 or at $36,500.00 equal 109,500.00, remedied any outstanding taxes on Defendant -

City of Benton Harbor properties, or even applied the surplus or excess $4,600.00 of Niles Parcel and just stop sending letters to the Plaintiff's Tennant which caused then to stop paying Plaintiff rent would have stopped Plaintiff's injuries.  But Mr. Witskowski's anger was such that, he continued the same and ordered  Plaintiff's properties to be demolished with tractors and stated in his deposition that, Plaintiff got what he is "due".

232.    Plaintiff alleges, notwithstanding that, Defendants conspired and say nothing that, the taxes were paid in full, that, his Complaints are proven just by applying  Supreme Courts' findings, that, **"The taxpayer must render unto Caesar what is Caesar's, but no more."** As the Niles real Property, "…takes $168.68 to fully redeem"; "…Plaintiff paid "$305.73", was more than what was required to fully redeem parcel for 2007 tax year" and it was "…. then it was sold for $4,500.00". As such, surplus or excess is over $4,600.00 plus loss of rental was more than what was needed to pay in full all Plaintiff's Properties taxes in the City of Benton Harbor. See Rafaeli, LLC v Oakland County, and Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023).

### COUNT NINTEEN,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;  **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **7).** Defendant – Bret Witskowski;  **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;  **12).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom; **14).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township;  **16).** Defendant - Niles Charter Township; **17).** Defendant – Hon. Kendell S. Asbenson;  **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor.

**(VIOLATION OF PLAINTIFF'S DUE PROCESS),** under the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681;

Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

233.    Plaintiff hereby incorporates paragraphs 1 through 232 above as if fully set forth herein , and further alleges that, Defendants' actions and omission violated and deprived Plaintiff of his Right to "Due Process Rights" in violation of First, fourth, Fifth and Fourteenth section one, amendments. Defendants unreasonable search and seizure of Plaintiffs' property violates the Fourth Amendment and there continued retention of Plaintiffs' property violates the Fourth, Fifth and Fourteen Amendments. The government must provide Plaintiff with a basis for the continued retention of property and a prompt and meaningful way to secure its return Under the U.S. Constitution. The record shows that, Defendants create, use, and possess "Forged", 'Quit Claim Deed', 'Notice of Judgment of Foreclosure' and 'Certificate of Forfeiture of Real Property', to transfer title to Mr. Thomas Bread on August 16, 2010, and stole and defrauded Plaintiff without his consent and or without court's order. Defendants are presently still using the same "Forged", documents today to defraud Plaintiff and violate his due process rights.

234.    Defendants' violations of Plaintiff' due process in respect to Deprivation of Liberty and Deprivation of Property and Procedural Requirements due to Defendants' retaliations, Plaintiff sought Courts for redressed, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregard for the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, and intentional false pretense of unpaid

properties taxes, and prevented Plaintiff from getting same monetary relief he warrants. Plaintiff's now, Complaint claims his Due Process Right free from Defendants' retaliations.

235.    The Hon. Bruce Reinhart, U.S. Magistrate Judge on August 12, 2022, approved a search warrant allowing the FBI to search former President Donald Trump's Mar-a-Lago estate in the Southern District of Florida in West Palm Beach, Florida, U.S.  Clearly as The Hon. Bruce Reinhart  Approved Judgment is against former President Donald Trump and not Plaintiff, also is Defendant, Former Chief Judge Butzbaugh's August 18, 2010, [Linchpin] Foreclosure Judgment is against  Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant –  Berrien County Government and or Mr. Thomas Bread and not Plaintiff.  Moreover, as the Hon. Bruce Reinhart  Approved Judgment gave former President Donald Trump Due Process and not Plaintiff, also is Defendant, Former Chief Judge Butzbaugh August 18, 2010, [Linchpin] Foreclosure Judgment gave, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant –  Berrien County Government and or Mr. Thomas Bread, Due Process and not Plaintiff.  In truth and in fact Plaintiff's Due Process Right has always been violated as Defendants projected the Due Process Right that others received on to Plaintiff.

236.    Defendants' intentionally false misrepresentation and omission of the material facts, they were obligated to be disclosed and with reckless disregard for  the truth and concealment, and deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, and intentional false pretense of unpaid properties taxes, and deprived Plaintiff of his main parts of due process: Notice of the proposed action and the grounds asserted for it. Opportunity to present reasons why

the proposed action should not be taken. The right to present evidence, including the right to call

witnesses. Defendants deprived Plaintiff of his minimum due process requires: (1) notice; (2) an

opportunity to be heard; and (3) an impartial tribunal.  *As such Defendant deprived Plaintiff of*

*the* three rights that Cannot be taken without due process Article 3 (1): "No person shall be

deprived of life, liberty, or property without due process of law, nor shall any person be denied

the equal protection of the laws."


**COUNT TWENTY,**
**As, To the Following Defendants:**

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;  **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **7).** Defendant – Bret Witskowski;  **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;  **12).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom; **14).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township;  **16).** Defendant - Niles Charter Township; **17).** Defendant – Hon. Kendell S. Asbenson;  **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor.


**(DEMOLITION OF HIS PROPERTIES IN VIOLTION OF DUE PROCESS),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a;  General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

237.     Plaintiff hereby incorporates paragraphs 1 through 236 above as if fully set

forth herein , and further alleges that, The Berrien County Defendants, and The City of

140

Benton Harbor-State of Michigan Defendants demolished his properties in volition of his due process rights under the Fourteen Amendment of the Constitution.

238,     Plaintiff further alleges that, Defendant City of Benton Harbor and State of Michigan Governors and Berrien County Defendants conspired to demolish his properties many had recently passed inspection and his 235-239 Pipestone properties that had nothing to do with failure to pay property taxes, but because of Defendants' discriminations retaliations against Plaintiff and their gentrification agenda that targets Plaintiff to demolish his properties. When Plaintiff asked about his 235-239 Pipestone parcel, the Berrien County Defendants connects their conspiracy with the Defendant City of Benton Harbor and State of Michigan Governors Defendants, " <u>7 Q Is that also your understanding that 235 Pipestone is 8 demolished? 9</u> **A Was that the yellowish brick one?** 10 Q 235 Pipestone. 11 **A I'm trying to remember. You're asking me, I'm just** 12 **asking if you can tell me what it looked like.** 13 Q Yes. I want to believe so, yes. …..17 Q My question, is it true that you did demolish? 18 **A Is that the one you put all the signs on?** 19 Q Yes.     2 **A The demolition was in concordance with the City of** 3 **Benton Harbor Commission that asked for those to be** 4 **tore down with high priority, of which I had approved."**

239.     Plaintiff alleges that they retaliated and discriminated and demolished his City of Benton Harbor properties, without event his due process rights to an appeal, in violations of his rights under the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a.

In addition, Plaintiff further alleges that his Benton Harbor Properties were on two main essential streets, Colfax, and Pipestone. Plaintiff used his properties for his livelihood and to help improve the residents of Benton Harbor. Example Plaintiff work close with the Honorable Rev. Edward Pinkney a civil right leader who has the residents of Benton Harbor's best interest at heart. The Honorable Rev. Edward Pinkney is often falsely imprisoned just for looking out for the residents of Benton Harbor.

## COUNT TWENTY-ONE,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;  **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public;  **6).** Defendant – Bret Witskowski, Treasurer; **7).** Defendant – Bret Witskowski;  **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;  **12).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom; **14).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township;  **16).** Defendant - Niles Charter Township; **17).** Defendant – Hon. Kendell S. Asbenson;  **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor.

**(VIOLTION OF PLAINTIFF'S  EMPLOYMENT WITHOUT DUE PROCESS),** in
Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a;  General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

240.       Plaintiff hereby incorporates paragraphs 1 through 239 above as if fully set

forth herein , and further alleges that, when the Defendants demolished his City of Benton

Harbor properties and unlawfully took his Niles Township properties, they also violated his

Employment due process rights as the properties were his employment.  Defendants have

retaliated and violated Plaintiff's Employment due process rights under the Fourteen

Amendment and under Fifth-takings clause of the Constitution.  Plaintiff alleges because the

rental income from the properties were Plaintiff's employment and Defendants deprived him

of his property interest in his employment without due process, violated his rights under the

Fifth and Fourth Amendments to the Constitution.

## COUNT TWENTY-TWO,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;  **4).** Defendant - Lora L. Freehling Registrar; 4**).** Defendant - Kathleen Culberson, Notary Public; **5).** Defendant – Bret Witskowski, Treasurer; **6).** Defendant – Bret Witskowski;  **7).** Defendant – Shelly Weich, Treasurer; **8).** Defendant – Board of Commissioner; **9).** Defendant – Attorney Mckinley R. Elliott; **10).** Defendant – Attorney Donna B. Howard;  **11).** Defendant – Attorney James Mcgovern; **12).** Defendant – Attorney Jefferey R. Holmstrom; 13**).** Defendant – Holmdtrom Law Office, PLC; **14).** Defendant - Board of Trustee of Niles Charter Township;  **15).** Defendant - Niles Charter Township; **16).** Defendant – Hon. Kendell S. Asbenson;  **17).** Defendant - City of Benton; **18).** Defendant – Hon. Rick Snyder Former Governor; **19).** Defendant – Hon. Jennifer Granholm, Former Governor;  **20).** Defendant – Hon. Mayfield C.J; **21).** Defendant – Hon. Gary J. Bruce  F.C.J; **22).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; **23).** Defendant – Berrien Court Trial Court; **14).** Defendant – Hon. Gleicher, C.J;  **25).** Defendant – Hon. Christopher M. Murray, F.C.J; **26).** Defendant – Hon. Clement, C.J;  **27).** Defendant – Hon. McCormack, F.C.J.

(**EQUAL PROTECTION OF THE LAW), in** Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a;  General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

241.    Plaintiff hereby incorporates paragraphs 1 through 240 above as if fully set forth

herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both

the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s)

or the sets of Defendants who actions, or inactions that may have been triggered by the other sets

of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph

163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, Defendants falsified

the Berrien County Trial Court's and County Berrien County records, with false or Forged

Order, notice of judgment of foreclosures, certificate of foreclosures, and quit claim deeds, filed

false affidavit in Court's records and testified falsely in deposition, to conceal the following: (1).

To conceal that the August 18, 2010, Foreclosure Judgment was procured by  forgery notice of judgment of foreclosures, forgery certificate of foreclosures, and forgery quit claim deeds.  (2). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Unauthorized Practice of Law(UPL). (3). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge Butzbaugh who aided and abetted Treasurer,  Witskowski,  to commit Unauthorized Practice of Law(UPL). (4). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge  Butzbaugh's  misconduct of, fraud upon Berrien County Trial Cout.  (5). To conceal that, the August 18, 2010, Foreclosure Judgment is an imaginary Judgment against Plaintiff. (6). To conceal that, Plaintiff had paid the Niles Township 2007 Property taxes in full.  7). To conceal that, they retaliated and discriminated against Plaintiff and unconstitutionally demolished his properties.  (8). To conceal that, Plaintiff's constitutional rights were violated under the Fifth-takings clause and  Fourteenth-Section I, due process clause.

242.    First, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")" required Judgement to be entered on March 01, 2010, and it was entered on August 18, 2010. Second,  Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),", is prohibited in the state of Michigan; Yet Defendants committed or were complicit in acts of Unauthorized Practice of Law and stole and defrauded Plaintiff of his real properties caused, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture. Third, Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone. This is a crime. Forgery in Michigan – Forgery may involve one of many kinds of documents and happen under a few circumstances. Forgery is a felony,

which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.  For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.)This includes crimes of "uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)

243.     Moreover, Plaintiff alleges that each time he sought redressed to get "Equal Protection of the Laws",  secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a;  General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure. Defendants would retaliate to further deprive Plaintiff to have his "Equal Protection of the Laws".  Plaintiff alleges that, it is clear Defendants uneven enforcement of these same laws, Second, Defendants treated Plaintiff differently from people in similar situations and in accordance with these same mention's laws.

## COUNT TWENTY-THREE,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;  **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **7).** Defendant – Bret Witskowski;  **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;  **12).** Defendant – Attorney James Mcgovern; **13).** Defendant - Board of Trustee of Niles Charter Township;  **14).** Defendant - Niles Charter Township; **15).** Defendant – Hon. Kendell S. Asbenson;  **16).** Defendant - City of Benton; **17).** Defendant – Hon. Rick Snyder Former Governor; **18).** Defendant – Hon. Jennifer Granholm, Former Governor.

(**THEFT and CONVERSION OF PERSONAL PROPERTY**), in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a;  General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.
*set forth herein.*

244.      Plaintiff hereby incorporates paragraphs 1 through 243 above as if fully set forth herein , and further alleges that, Defendants' actions constitute larceny or Theft and Conversion of personal property as set forth in connection with Federal and state Laws; **O**ne, Defendants wrongfully took Plaintiff property with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture and intentionally false misrepresentation of failure to pay properties taxes. **T**wo, the property did not belong to Defendants. **T**hree, they did not have consent from the  Plaintiff neither did they have a signed Court Order, as such, they stole Plaintiff's property. **F**our, they had the intent to permanently deprive Plaintiff  of his property and to date are still depriving Plaintiff  of his properties.

245.    A conversion occurs when a person without authority or permission intentionally takes the personal property of another or deprives another of possession of personal property. It is a tort which allows the injured party to seek legal relief.  Defendants' conversions of Plaintiff's properties are gross Negligence they took possession or exerted ownership or property rights over Plaintiff's properties.

246.    **Duty of Care** –Defendants, owed Barnaby a duty of care not to falsify the Berrien County Trial Court's and County Berrien County records, with false or Forged Order, notice of judgment of foreclosures, certificate of foreclosures, and quit claim deeds, filed false affidavit in Court's records and testified falsely in deposition, to conceal the following: (1). To conceal that the August 18, 2010, Foreclosure Judgment was procured by  forgery notice of judgment of foreclosures, forgery certificate of foreclosures, and forgery quit claim deeds.  (2). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Unauthorized Practice of Law(UPL). (3). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge Butzbaugh who aided and abetted Treasurer,  Witskowski,  to commit Unauthorized Practice of Law(UPL). (4). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge  Butzbaugh's  misconduct of, fraud upon Berrien County Trial Cout.  (5). To conceal that, the August 18, 2010, Foreclosure Judgment is an imaginary Judgment against Plaintiff. (6). To conceal that, Plaintiff had paid the Niles Township 2007 Property taxes in full.  7). To conceal that, they retaliated and discriminated against Plaintiff and unconstitutionally demolished his properties.  (8). To conceal that, Plaintiff's constitutional rights were violated under the Fifth-takings clause and  Fourteenth-Section I, due process clause.

247.   **Breach of Duty of Care -** Defendants willful and wanton "Forged", 'Notice of Judgment of Foreclosure' on May 26, 2010, used it to lie that Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead materially falsely stated it was entered on March 01, 2010 and not to "Forged", 'Quit Claim Deed', on August 16, 2010, used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or Court Order, and filed them in Defendant Berrien County's Register of Deeds. Both Michigan and Federal Laws recognize Defendants' duties to Plaintiff and prohibit their "Forgeries" of same documents and not to steal and defraud Barnaby of his properties, to cause harm to Barnaby and or others. § 750-248 | 249.) 18 U.S.C. § 471,  940. 18 U.S.C.1341.

248.   **Cause in Fact of the Injury -** But-for, Defendants' willful and wanton Misconducts of "Forgeries"  on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', used it to deceived Plaintiff  that, Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged"  'Quit Claim Deed' and used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, and others without Plaintiff's consent or without Court Order, and filed them in Defendant Berrien County's Register of Deeds, plaintiff's injury would not have occurred.

249.   **Proximate Cause of Harm –** Defendants' gross negligence was foreseeable. Their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transferred title" ownership of Barnaby's Real-Property.  Moreover, they were fully informed of their failure to compensate Plaintiff for his property, that would cause Appellant to lose his other properties. But instead, they create, use, and possess other "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' to

permanently steal and defraud Plaintiff of his other properties Cause untimely death of son

Matthew; Hardship of pain and suffering; emotional distress.

250.     **Damages and Harm –** Plaintiff lost all his same real properties, due to

Defendants',  Gross Negligence, the untimely death of our son Matthew; Hardship of pain and

suffering; and emotional distress.

### COUNT TWENTY-FOUR ,
### As, To the Following Defendants:

Defendants: **1)**. Defendant – Berrien County Government; **2)**. Sharon Tyler, Clerk of Berrien County;  **3)**. Defendant -Lori D. Jarvis Registrar;  **4)**. Defendant - Lora L. Freehling Registrar; **5)**. Defendant - Kathleen Culberson, Notary Public; **6)**. Defendant – Bret Witskowski, Treasurer; **7)**. Defendant – Bret Witskowski;  **8)**. Defendant – Shelly Weich, Treasurer; **9)**. Defendant – Board of Commissioner; **10)**. Defendant – Attorney Mckinley R. Elliott; **11)**. Defendant – Attorney Donna B. Howard;  **12)**. Defendant – Attorney James Mcgovern; **13)**. Defendant - Board of Trustee of Niles Charter Township;  **14)**. Defendant - Niles Charter Township; **15)**. Defendant – Hon. Kendell S. Asbenson;  **16)**. Defendant - City of Benton; **17)**. Defendant – Hon. Rick Snyder Former Governor; **18)**. Defendant – Hon. Jennifer Granholm, Former Governor;  **19)**. Defendant – Attorney Jefferey R. Holmstrom; **20)**. Defendant – Holmdtrom Law Office, PLC; **21)**. Defendant – Hon. Alfred M. Butzbaugh, F.C.J;  **22)**. Defendant – Hon. Mayfield C.J;  **23)**. Defendant – Hon. Gary J. Bruce  F.C.J; **24)**. Defendant – Berrien Court Trial Court.

**(CONSPIRACY TO COMMIT THIEVERY and Conversion of personal properties), in** Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a;  General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

251.     Plaintiff hereby incowhoserates paragraphs 1 through 150 above as if fully set

forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants,

both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate

scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff.

252.     Plaintiff alleges that both Defendants' action and inaction amounts to Conspiracy to commit thievery and conversion of personal properties, accordingly:  (**1**). They or The Berrien County Defendants and its, Treasurer, Mr. Witskowski are the superglue or linchpins that connects all the other Defendants' conspiracies of, forgeries, falsifications of County's record and Court's record, fraud, fraud upon courts,  unauthorized practiced of laws, retaliations, coverups, concealments,  and discriminations; and other sets of Defendants [triggered actions], but that all the actions or inactions collectively stole and defrauded Plaintiff of his properties; (**2**) They conspired with the Township Defendants from March 01, 2010 to present, in silence agreement to say nothing about the reduced 2007 Property taxes, that should have been generally made known to Plaintiff and others; (**3**) They conspired with Benton Harbor and State of Michigan Defendants Governors from on or about February 01, 2012 to present, in silence agreement to say nothing, that they demolished Plaintiff's properties in violation of his due process, discriminated against Plaintiff, and not allow him to pay other properties taxes before foreclosure and demolition;  (**4**) They conspired with the Holmstrom Defendants, from on or about December 12, 2014 to present, to mailed, emailed  and filed forgery documents in court proceeding to defraud Plaintiff;  (**5**) They conspired with the Berrien County Court and its Judges from on or about March 01, 2010 to present, to aid and abet them in Unauthorized Practice of Law and to falsified the Court's record with a forged Order, and to commits fraud upon the Berrien County Trial Court to defraud Plaintiff;  (**6**) Their conspiracies of falsification and forgery caused the Berrien County Court, The Appellate, Court and the Supreme Court of Michigan from on or about March 01, 2010 to present to rely on UPL, fraud,  fraud upon the

court, falsification and forged documents to uphold imaginary forged foreclosure Judgment against Plaintiff; **(7)** They  caused the State Bar of Michigan and its Supervisors Defendants Judge Clement and Judge McCormack from on or about March 01, 2010 to present to overlook evidence and refuse to act on formal complaint that Witkowski had engaged in the unauthorized practice of law; and  **(8)** From on or about March 01, 2010 to present, they caused the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson to conspired with the other defendants and refused to prosecute crimes that the defendants committed or to referred the crimes to the Michigan Attorney General, Ms. Nessel.

253.    **One,** Defendants stole Plaintiff's properties by concocted, disguised, designed an evil plot and an elaborate scheme, conspiracy act 328 of 1931 750.157a, to steal and defraud Plaintiff  of his properties with  Forgeries,  'Forged Quit Claim', 'Forged, Notice of Judgments of Foreclosures', and 'Forged Certificates of Forfeitures', 'Forged Deeds' (Mi. Comp. Laws Ann. § 750-248; § 750-249.)'; Unauthorized Practice of Law {UPL}. (MCL 600.916 and MCL 450.681), forged Order, discriminations, unlawful demolition of the properties, retaliation, coverups and false pretense of unpaid properties.  **Two,** the property did not belong to Defendants.  **Three,** they did not have consent from Plaintiff, as such, they conspired with, forgeries, discriminations, unlawful demolition, Unauthorized Practice of Law, false pretense of unpaid properties, and stole the properties.  **Four,** they had the intent to permanently deprive Plaintiff  of his properties and to date are still depriving Plaintiff of his properties.

## COUNT TWENTY-FIVE,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;  **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **7).** Defendant – Bret Witskowski;  **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;  **12).** Defendant – Attorney James Mcgovern; **13).** Defendant - Board of Trustee of Niles Charter Township;  **14).** Defendant - Niles Charter Township; **15).** Defendant – Hon. Kendell S. Asbenson;  **16).** Defendant - City of Benton; **17).** Defendant – Hon. Rick Snyder Former Governor; **18).** Defendant – Hon. Jennifer Granholm, Former Governor.

(**GROSS NEGLIGENCE),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a;  General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

254.    Plaintiff hereby incorporates paragraphs 1 through 253 above as if fully set forth

herein, and further alleges that, all Defendants are liable of  Gross Negligence as set forth herein:

> Michigan Supreme Court in the case Jennings v. Southwood and the statute of, Government Tort Liability Act (GTLA), extends immunity from suit to government employees, unless their conduct is grossly negligent and "the proximate cause" of the plaintiff's injuries.) Under the GTLA, "gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."

255.    **Duty of Care** –Defendants, owed Barnaby a duty of care not to do willful and

wanton "Forged", 'Notice of Judgment of Foreclosure' on May 26, 2010, used it to lie that Judge

Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on

March 01, 2010 and not to "Forged", 'Quit Claim Deed', on August 16, 2010, used it to "transfer

title" of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or Court

Order, and filed them in Defendant Berrien County's Register of Deeds. Both Michigan and

Federal Laws recognize Defendants' duties to Plaintiff and prohibit their "Forgeries" of same

documents and not to steal and defraud Barnaby of his properties, not to cause harm to Barnaby and or others. § 750-248 | 249.)

256.    **Breach of Duty of Care -** Defendants willful and wanton misconducts of "Forgeries" to steal and defraud Barnaby of his properties and failed to exercise reasonable care as Treasurer and as a Government Corporation demonstrates their recklessness of their substantial lack of concern for Plaintiff's injuries and resulted in their Gross Negligence which cause loss of his real properties, pain, and sufferings.

257.    **Cause in Fact of the Injury -** But-for, Defendants' willful and wanton Misconducts of "Forgeries" on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', used it to deceived Plaintiff that, Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged" 'Quit Claim Deed' and used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, and others without Plaintiff's consent or without Court Order, and filed them in Defendant Berrien County's Register of Deeds, plaintiff's injury would not have occurred.

258.    **Proximate Cause of Harm –** Defendants' gross negligence was foreseeable. Their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transferred title" ownership of Barnaby's Real-Property. Moreover, they were fully informed of their failure to compensate Plaintiff for his property, that would cause Appellant to lose his other properties. But instead, they create, use, and possess other "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' to permanently steal and defraud Plaintiff of his other properties Cause untimely death of son Matthew; Hardship of pain and suffering; emotional distress.

259.    **Damages and Harm –** Plaintiff lost all his same real properties, due to

Defendants',  Gross Negligence, the untimely death of our son Matthew; Hardship of pain and

suffering; and emotional distress.

**COUNT TWENTY-SIX,**
**As, To the Following Defendants:**

Defendants: **1).** Defendant – Berrien County Government; **2).** Defendant –Sharon Tyler, Clerk of
Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;   **4).** Defendant - Lora L. Freehling
Registrar; **5).** Defendant - Kathleen Culberson, Notary Public;  **6).** Defendant – Bret
Witskowski, Treasurer;   **7).** Defendant – Bret Witskowski in His Individual Capacity;
**8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner;
**10).** Defendant – Attorney Mckinley R. Elliott;  **11).** Defendant – Attorney Donna B. Howard;
**12).** Defendant – Attorney James Mcgovern;   **13).** Defendant – Attorney Jefferey R. Holmstrom;
**14).** Defendant – Holmdtrom Law Office, PLC;   **15).** Defendant - Board of Trustee of Niles
Charter Township;   **16).** Defendant - Niles Charter Township;   **17).** Defendant – Hon. Kendell
S. Asbenson;  **18).** Defendant - City of Benton;   **19).** Defendant – Hon. Rick Snyder Former
Governor;  **20).** Defendant – Hon. Jennifer Granholm, Former Governor;  **21).** Defendant – Hon.
Mayfield C.J; **22).** Defendant – Hon. Gary J. Bruce  F.C.J;     **23).** Defendant – Hon. Alfred M.
Butzbaugh, F.C.J;   **24).** Defendant – Berrien Court Trial Court;   **25).** Defendant – Hon.
Gleicher, C.J Appellate;  **26).** Defendant – Hon. Christopher M. Murray, F.C.J, Appellate; **27).**
Michigan Court of Appeals;   **28).** Defendant – Hon. Clement, C.J;  **29).** Defendant – Hon.
McCormack, F.C.J.

**(THE RIGHT TO A JURY TRIAL),** in Violation of Plaintiff's rights, secured by the First;
Fourth; Fifth-takings clause; Seventh, Fourteenth-Section I, of the Amendments; Civil Rights
Acts of 42 U.SA. §1983; 42 U.S.C. §2000a;  General Property Tax Act, P.A. 206 of 1893, and,
amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916
and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. §
750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and
Seizure.

*set forth herein.*

260.    Plaintiff hereby incorporates paragraphs 1 through 259 above as if fully set forth

herein, and further alleges that, Defendants' falsification  of the Berrien County Trial Court's and

Berrien County Government records, with false or forged Order, forged notice of judgment of

foreclosures, forged certificate of foreclosures, and forged quit claim deeds, filed false affidavit

in Courts' records and testified falsely in deposition, help influenced Plaintiff's decision, in the

154

case Barnaby v. Mayfield et al, No. 1:2020cv00232, not choose a jury trial under the Seventh

Amendment because of their concealments, accordingly: (1). concealed that the August 18, 2010,

Forged Foreclosure Judgment was procured by  forgery notice of judgment of foreclosures,

forgery certificate of foreclosures, and forgery quit claim deeds.  (2). concealed that, the August

18, 2010, Forged Foreclosure Judgment was procured by Unauthorized Practice of Law(UPL).

(3). concealed that, the August 18, 2010, Forged Foreclosure Judgment was procured by

Defendant Judge Butzbaugh who aided and abetted Treasurer,  Witskowski,  to commit

Unauthorized Practice of Law(UPL). (4). concealed that, the August 18, 2010, Forged

Foreclosure Judgment was procured by Defendant Judge  Butzbaugh's  misconduct of, fraud

upon Berrien County Trial Cout.  (5). concealed that, the August 18, 2010, forged Foreclosure

Judgment is an imaginary Judgment against Plaintiff. (6). concealed that, Plaintiff had paid the

Niles Township 2007 Property taxes in full.  7).  concealed that, they retaliated and discriminated

against Plaintiff and unconstitutionally demolished his properties.  (8). concealed that Plaintiff's

constitutional rights were violated under the Fifth-takings clause and  Fourteenth-Section I, due

process clause.

## COUNT TWENTY-SEVEN,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Defendant –Sharon Tyler, Clerk of
Berrien County; **3).** Defendant -Lori D. Jarvis Registrar; **4).** Defendant - Lora L. Freehling
Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret
Witskowski, Treasurer; **7).** Defendant – Bret Witskowski in His Individual Capacity;
**8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner;
**10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;
**12).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom;
**14).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles
Charter Township; **16).** Defendant - Niles Charter Township; **17).** Defendant – Hon. Kendell
S. Asbenson; **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former
Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor; **21).** Defendant – Hon.
Mayfield C.J; **22).** Defendant – Hon. Gary J. Bruce  F.C.J; **23).** Defendant – Hon. Alfred M.

Butzbaugh, F.C.J;  **24).** Defendant – Berrien Court Trial Court;  **25).** Defendant – Hon.
Gleicher, C.J Appellate;  **26).** Defendant – Hon. Christopher M. Murray, F.C.J, Appellate; **27).**
Michigan Court of Appeals;  **28).** Defendant – Hon. Clement, C.J;  **29).** Defendant – Hon.
McCormack, F.C.J.

**(THE RIGHTS TO GOVERNMENT SERVICES  and RIGHTS TO USE PUBLIC**
**FACILITIES),** in Violation of Plaintiff's rights, secured by the First; Fourth; Fifth-takings
clause; Seventh, Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983;
42 U.S.C. §2000a;  General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et
seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681;
Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery
Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

261.    Plaintiff hereby incorporates paragraphs 1 through 260 above as if fully set forth

herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both

the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s)

or the sets of Defendants who actions, or inactions that may have been triggered by the other sets

of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph

163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, all Defendants violated

Plaintiff's, Civil Rights, "The Right to Government Services,  and The Right to Use Public

Facilities", secured by the Constitution, laws.  Defendants from local Municipal Government

service to State of Michigan  Government service  failed in their services to Plaintiff.  Once such,

The Right to Government Services, Defendants deprived Plaintiff of its good government

governance.  The laws are clear, Plaintiff's civil rights have suffered and were violated at the

hands of a state or local government official and can bring  this suit per Section 1983. Section

(42 USC 1983) is a federal law that allows citizens to sue in certain situations for violations of

rights conferred by the US Constitution or federal laws. Plaintiff's personal rights are guaranteed

and protected by the U.S. Constitution and federal laws enacted by Congress, such as the Civil

Rights Act of 1964 and the Americans with Disabilities Act of 1990. Civil rights include

protection from unlawful discrimination. Good government governance happens when those who are entrusted to work do their work and do the work well. Plaintiff complaint arises out of the fact that, Records and Deeds, County Treasurer, Berrien County Trial court, and all other Government entities, Municipalities' and Employee did not do their job well and or not at all.

262.    Plaintiff alleges that the Constitution protects his right to Access Public Property, such as the Michigan State Courts Buildings and the Federal Courts Buildings. Moreover, that when, Plaintiff sought Courts for redressed, and Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregards for the truth and concealment, Defendants deterred Plaintiff from timely discovery in order to Amend-then-Complaint, that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, and intentional false pretense of unpaid properties taxes, and prevented Plaintiff from getting same monetary relief he warrants.; Defendants' retaliations, violated Plaintiff Access to Public Property.

## COUNT TWENTY-EIGHT,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County; **3).** Defendant -Lori D. Jarvis Registrar; **4).** Defendant - Lora L. Freehling Registrar; 4). Defendant - Kathleen Culberson, Notary Public; **5).** Defendant – Bret Witskowski, Treasurer; **6).** Defendant – Bret Witskowski; **7).** Defendant – Shelly Weich, Treasurer; **8).** Defendant – Board of Commissioner; **9).** Defendant – Attorney Mckinley R. Elliott; **10).** Defendant – Attorney Donna B. Howard; **11).** Defendant – Attorney James Mcgovern; **12).** Defendant –**13).** Defendant - Board of Trustee of Niles Charter Township; **15).** Defendant - Niles Charter Township; **14).** Defendant – Hon. Kendell S. Asbenson; **15).** Defendant - City of Benton; **16).** Defendant – Hon. Rick Snyder Former Governor; **19).** Defendant – Hon. Jennifer Granholm, Former Governor.

<u>**(DISCRIMINATIONS AND CONSPIRACY TO DISCRIMINATED AGAINST PLAINTIFF),**</u> in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the

Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

263.    Plaintiff hereby incorporates paragraphs 1 through 263 above as if fully set forth herein and further alleges that all the above Defendants discriminated and or conspired and discriminated against him. Plaintiff alleges: (1). Defendants' discriminatory practices against Plaintiff are evident from paragraphs 1 through 233.  (**2**)**.** Defendants cannot disprove that the ways they have treated Plaintiff for the last fourteen years are different form how the treat others.   (3). Plaintiff has Exhausted every administrative remedies.

264.    Some of the ways Defendants discriminated against Plaintiff are as follows: (1). To conceal that the August 18, 2010, Foreclosure Judgment was procured by forgery notice of judgment of foreclosures, forgery certificate of foreclosures, and forgery quit claim deeds.  (2). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Unauthorized Practice of Law(UPL). (3). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge Butzbaugh who aided and abetted Treasurer,  Witskowski,  to commit Unauthorized Practice of Law(UPL). (4). To conceal that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge  Butzbaugh's misconduct of, fraud upon Berrien County Trial Cout.  (5). To conceal that, the August 18, 2010, Foreclosure Judgment is an imaginary Judgment against Plaintiff. (6). To conceal that, Plaintiff had paid the Niles Township 2007 Property taxes in full.  7). To conceal that, they retaliated and discriminated against Plaintiff and unconstitutionally demolished his properties.

(8). To conceal that, Plaintiff's constitutional rights were violated under the Fifth-takings

clause and Fourteenth-Section I, due process clause.

265. In addition, Defendants had grants in County, City, Township, State of

Michigan, but they discriminated against Plaintiff and would not award any to him.

266. Moreover, Plaintiff alleges that this Complaint is his lost opportunity for

relief, under in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments;

Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206

of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963

Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a;

Falsification Mi. Comp. Laws Ann. § 750-248; Forgery Mi. Comp. Laws Ann. § 750-249;

and the Fed. R. Crim. P. 41 Search, Seizure.

## COUNT TWENTY-NINE,
### As, To the Following Defendants:

Defendants: **1)**. Defendant – Berrien County Government; **2)**. Sharon Tyler, Clerk of Berrien
County; **3)**. Defendant -Lori D. Jarvis Registrar; **4)**. Defendant - Lora L. Freehling Registrar;
**5)**. Defendant - Kathleen Culberson, Notary Public; **6)**. Defendant – Bret Witskowski, Treasurer;
**1)**. Defendant – Bret Witskowski; **8)**. Defendant – Shelly Weich, Treasurer; **9)**. Defendant –
Board of Commissioner; **10)**. Defendant – Attorney Mckinley R. Elliott; **11)**. Defendant –
Attorney Donna B. Howard; **11)**. Defendant – Attorney James Mcgovern; **13)**. Defendant –
Attorney Jefferey R. Holmstrom; 1**4)**. Defendant – Holmdtrom Law Office, PLC; **15)**. Defendant
- Board of Trustee of Niles Charter Township; **16)**. Defendant - Niles Charter Township;
**16)**. Defendant – Hon. Kendell S. Asbenson; **18)**. Defendant - City of Benton; **19)**. Defendant –
Hon. Rick Snyder Former Governor; **20)**. Defendant – Hon. Jennifer Granholm, Former
Governor

**(FREEDOM OF MOVEMENTS and FREEDOM FROM TORTURE),** in First; Fourth;
Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA.
§1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL
211.1 et seq.) ("GPTA"); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL
450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-

248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

267.     Plaintiff hereby incorporates paragraphs 1 through 266 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, all Defendants violated Plaintiff's, Civil Rights of, "Freedom of Movement and Freedom from Torture".  Plaintiff alleges that, when Defendants stole and defrauded Plaintiff of his properties,  they also violated Plaintiff rights of "Freedom of Movement and Freedom from Torture". Defendants violated Plaintiff's right to liberty of movement and freedom to choose his residence. As everyone lawfully within the territory of a State shall, within that territory, have the right to liberty of movement and freedom to choose his residence.  The Constitution gives Plaintiff the right to be able to move freely and choose a place of residence within a state without restrictions, including establishing a purpose or reason for doing so and Defendants are depriving Plaintiff of Freedom of movement.

268.     Furthermore , the law guarantees Plaintiff Freedom from Torture, as no one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment, which the Defendants are inflicting presently on Plaintiff. Example, when Defendants stole and defrauded Plaintiff of properties which are his and his family's livelihood; it has resulted in  great financial hardship, sleeplessness, emotional pain, loss of friendships, death of a child, lowered standard of living, prevent the family from living where they choose to as the theft of property has deprived

the family of a place to live and each time Plaintiff sought redress Defendants came with more intentional lies to further Plaintiff and his Family's emotional distress which is Torture. See Article 15. Plaintiff and his family 'human dignity' does not matter to Defendants. Torture is prohibited by Law, yet Defendants have been causing inhumane torture to Plaintiff and his family. They have deprived Plaintiff of housing, employment, and the liberty of freedom of movement.

**COUNT THIRTY,**
**As, To the Following Defendants:**

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County; **3).** Defendant -Lori D. Jarvis Registrar; **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **1).** Defendant – Bret Witskowski; **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard; **11).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom; **1**4**).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township; **16).** Defendant - Niles Charter Township; **16).** Defendant – Hon. Kendell S. Asbenson; **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor

**(DAMAGE TO PERSONAL PROPERTY),** in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

269. Plaintiff hereby incorporates paragraphs 1 through 268 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170. In addition, Plaintiff alleges, that, all Defendants violated

161

Plaintiff's Civil Rights, Damages to Plaintiff's personal properties. All the Defendants are liable

for  damages to Plaintiff's personal properties either by their direct action or by being complicit.

Defendants Retaliated, concocted, disguised, designed an evil plot and an elaborate scheme

spanning from 1997 to present; to steal and defraud hundreds of Berrien County property owners

of their properties with "Forged", 'Quit Claim Deeds', 'Notice of Judgment of Foreclosures' and

'Certificate of Forfeiture of Real Properties' and by unauthorized practice of law. Moreover,

Defendants retaliated and demolished with tractor Plaintiff's newly rehabbed properties. Plaintiff

loss or damages were as a result of the defendants' gross negligence.  Plaintiff damages include

financial compensation for pain and suffering, lost wages, and loss of all properties and

Emotional Distress .

270.    **Duty of Care** –Defendants owed Barnaby a duty of care not to do willful and

wanton "Forged", 'Notice of Judgment of Foreclosure' on May 26, 2010, used it to lie that Judge

Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on

March 01, 2010 and not to "Forged", 'Quit Claim Deed', on August 16, 2010, used it to "transfer

title" of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent or Court

Order, and filed them in Defendant Berrien County's Register of Deeds. Moreover, owed

Barnaby a duty of care not to do willful and wanton retaliated demolish Plaintiff's other

properties with tracts.

271.    **Breach of Duty of Care -** Defendants willful and wanton misconducts of

"Forgeries" to steal and defraud and to retaliated and demolish Plaintiff's other properties with

tractors and failed to exercise reasonable care, demonstrates their recklessness of their substantial

lack of concern for Plaintiff's injuries and resulted in their Gross Negligence which cause loss of

his real properties, pain, and sufferings.

272.   **Cause in Fact of the Injury -** But-for, Defendants' willful and wanton Misconducts of "Forgeries" on May 26, 2010, create, use and possess, 'Notice of Judgment of Foreclosure', used it to deceived Plaintiff  that, Judgment was entered on March 01, 2010 and on August 16, 2010, create, use and possess "Forged"  'Quit Claim Deed' and used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, and others without Plaintiff's consent or without Court Order, and filed them in Defendant Berrien County's Register of Deeds, and retaliated demolish Plaintiff's other properties with tractors, plaintiff's injury would not have occurred.

273.   **Proximate Cause of Harm –** Defendants' gross negligence were foreseeable. Their willful and wanton misconducts of "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' were to permanently "transferred title" ownership of Barnaby's Real-Property and their retaliations to demolish Plaintiff's other properties with tractors.  Moreover, they were fully aware retaliated demolish Plaintiff's other properties with tracts and  of their failure to compensate Plaintiff for his properties would cause Plaintiff suffering and or torture. But they retaliated demolish Plaintiff's other properties with tractor  and create, use, and possess other "Forged", 'Notice of Judgment of Foreclosure' and 'Quit Claim Deed' to permanently steal and defraud Plaintiff of his other properties Cause untimely death of son Matthew; Hardship of pain and suffering; emotional distress.

274.   **Damages and Harm –** Plaintiff lost all his same real properties, due to Defendants',  Gross Negligence, the untimely death of our son Matthew; Hardship of pain and suffering; and emotional distress.

## COUNT THIRTY-ONE,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;  **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **1).** Defendant – Bret Witskowski;  **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;  **11).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom; 1**4).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township;  **16).** Defendant - Niles Charter Township; **16).** Defendant – Hon. Kendell S. Asbenson;  **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor

**(INTENTIONAL INFLICTION OF EMOTIOMNAL DISTRESS and EMOTIONAL HARM),** in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.S.A. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA"); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

275.     Plaintiff hereby incorporates paragraphs 1 through 274 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, all Defendants actions or omissions are the proximate cause of "Intentional infliction of emotional distress and Emotional harm" to Plaintiff. Furthermore, as  Plaintiff sought Courts for redressed, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, which they were obligated to disclose and with reckless disregards for  the truth and concealment, they deterred Plaintiff from

timely discovery in order to Amend-then-Complaint that, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, Unauthorized Practice Law, and intentional false pretense of unpaid properties taxes, and prevented Plaintiff from getting same monetary relief he warrants.

276.    Defendants' "Intentional infliction of emotional distress and Emotional harm" to Plaintiff incapsulates these **f**our following elements, as: **F**irst, Defendants intentionally or reckless acts, **(1),** Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, materially falsely stated it was entered on March 01, 2010; **(2),** "Plaintiff did not make full payment of the delinquent 2007 property taxes by March 31, 2010"; in reckless disregard for the truth, which deterred Plaintiff from discovering earlier that, Defendants stole and defrauded Plaintiff of his real properties and caused Plaintiff 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture,  **S**econd, Defendants retaliated and intentionally misled Plaintiff, with intentionally false misrepresentation and omission of the material facts, they were obligated to disclose and with reckless disregards for  the truth and concealment, they deterred Plaintiff from timely discovery in order to Amend-then-Complaint, are extreme and outrageous; and **T**hird, but for Defendants'  misconducts  Intentional infliction of emotional distress and Emotional harm would not have resulted to Plaintiff ;  **F**ourth, emotional distress are severe.

277.    Notwithstanding the above claims, Plaintiff further alleges, that  Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  Because Plaintiff's properties were his employment and

his livelihood for him and his family, their lives have been very difficult over these last fourteen years.  Some of the ways Defendants accomplished the same, were, by: (1). concealing that the August 18, 2010, Foreclosure Judgment was procured by  forgery notice of judgment of foreclosures, forgery certificate of foreclosures, and forgery quit claim deeds.  (2). concealing that, the August 18, 2010, Foreclosure Judgment was procured by Unauthorized Practice of Law(UPL). (3). concealing that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge Butzbaugh who aided and abetted Treasurer,  Witskowski,  to commit Unauthorized Practice of Law(UPL). (4). concealing that, the August 18, 2010, Foreclosure Judgment was procured by Defendant Judge  Butzbaugh's  misconduct of, fraud upon Berrien County Trial Cout.  (5). Concealing that, the August 18, 2010, Foreclosure Judgment is an imaginary Judgment against Plaintiff. (6). concealing that, Plaintiff had paid the Niles Township 2007 Property taxes in full.  7). concealing that, they retaliated and discriminated against Plaintiff and unconstitutionally demolished his properties.  (8). concealing that, Plaintiff's constitutional rights were violated under the Fifth-takings clause and  Fourteenth-Section I, due process clause.

278.    Defendants' willful wanton misconducts have caused Plaintiff "Intentional infliction of emotional distress and Emotional harm" for the last fourteen years. As their actions and inaction of stealing and defrauding Plaintiff of his real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  Because Plaintiff's properties were his employment and his livelihood for him and his family, their lives have been very difficult over these last fourteen years.

## COUNT THIRTY-TWO,
### As, To the Following Defendants:

Defendants: **1)**. Defendant – Berrien County Government; **2)**. Sharon Tyler, Clerk of Berrien County;  **3)**. Defendant -Lori D. Jarvis Registrar;  **4)**. Defendant - Lora L. Freehling Registrar; **5)**. Defendant - Kathleen Culberson, Notary Public; **6)**. Defendant – Bret Witskowski, Treasurer; **1)**. Defendant – Bret Witskowski;  **8)**. Defendant – Shelly Weich, Treasurer; **9)**. Defendant – Board of Commissioner; **10)**. Defendant – Attorney Mckinley R. Elliott; **11)**. Defendant – Attorney Donna B. Howard;  **11)**. Defendant – Attorney James Mcgovern; **13)**. Defendant – Attorney Jefferey R. Holmstrom; **14)**. Defendant – Holmdtrom Law Office, PLC; **15)**. Defendant - Board of Trustee of Niles Charter Township;  **16)**. Defendant - Niles Charter Township; **16)**. Defendant – Hon. Kendell S. Asbenson;  **18)**. Defendant - City of Benton; **19)**. Defendant – Hon. Rick Snyder Former Governor; **20)**. Defendant – Hon. Jennifer Granholm, Former Governor.

**(UNLAWFUL DETENTIONS OF PROPERTIES),** in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

279.     Plaintiff hereby incorporates paragraphs 1 through 278 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, all Defendants violated Plaintiff's, Civil Rights of, "Unlawful Detention of Properties". One of the live issue or controversy it this case is that Defendants stole and defrauded Plaintiff of his Properties  without Plaintiff's consent nor Court Order or approval of a search warrant. Unlike, The Hon. Bruce Reinhart, U.S. Magistrate Judge on August 12, 2022, approved a search warrant allowing the FBI to search former President Donald Trump's Mar-

a-Lago estate in the Southern District of Florida in West Palm Beach, Florida, U.S. Defendant, Former Chief Judge Butzbaugh August 18, 2010, [Linchpin] Foreclosure Judgment is against Coconspirators, Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant – Berrien County Government and or Mr. Thomas Bread and not Plaintiff. Moreover, as the Hon. Bruce Reinhart approved Judgment and gave the FBI search warrant and allowed the FBI to search former President Donald Trump, Mar-a-Lago estate in the Southern District of Florida in West Palm Beach, Florida, which barred the Former President from claiming illegal Search and Seizure under the Fourth Amendment Fed. R. Crim. P. 41 - Search and Seizure. As Defendants stole and defrauded Plaintiff of his Properties without Plaintiff's consent or Court Order or approval or a search warrant Plaintiff can and does claim illegal Search and Seizure under the Fourth Amendment.

280.    Plaintiff alleges that relief is available to him pursuant to the Fourth Amendment and Fed. R. Crim. P. 41 - Search and Seizure. Defendant, Former Chief Judge Butzbaugh August 18, 2010, [Linchpin] Foreclosure Judgment is against , Defendant – Bret Witskowski, Treasurer of Berrien County and Defendant – Berrien County Government and or Mr. Thomas Bread and not Plaintiff and is an imaginary judgment Against Plaintiff. Plaintiff is defrauded of his properties by Defendants in violation 4th, 5th, and 14th, amendments. Defendants unreasonable search and seizure of Plaintiffs' property violates the Fourth Amendment, and their continued retention of Plaintiffs' property violates the Fourth, Fifth and Fourteen Amendments. The Defendants must provide Plaintiff with a basis for the continued retention his properties and a prompt and meaningful way to secure its return Under the U.S. Constitution. The record shows, that, Defendants, created, used, and possessed "Forged", 'Quit Claim Deed', 'Notice of Judgment of Foreclosure' and 'Certificate of

Forfeiture of Real Property', to transfer title to Mr. Thomas Bread on August 16, 2010, and

stole and defrauded Appellant without his consent and or without court's order and unlawful

demolition of his properties.  Their "retaliations" deterred Plaintiff from Amending

Complaint.

281.    Plaintiff is entitled to compensation for his properties, he was not a target of any

criminal investigation and Defendants' retaliation and continued detention of Plaintiff's

properties violates Plaintiff's rights pursuant to the Fourth Amendment and Fed. R. Crim. P. 41 -

Search and Seizure.

by Amily Imbrogno

282.    The Supreme Court shook up Section 1983 jurisprudence in its recent opinion
in *Thompson v. Clark*, 596 US ____ (2022).  In *Thompson*, the petitioner had been arrested and
charged with obstructing governmental administration and resisting arrest after police entered his
Brooklyn apartment without first obtaining a warrant.  Before trial, the prosecutor moved to
dismiss the charges and the trial judge dismissed the case, both without explanation.

        The petitioner sued for damages against the police officers who had arrested and
charged him.  He alleged several claims for violations of his constitutional rights under 42 USC
§ 1983, including one for "malicious prosecution," purportedly under the Fourth Amendment.
The trial court entered judgment for the defendants, because under Second Circuit precedent the
petitioner was required to present evidence that the prosecution ended with some affirmative
indication of innocence, of which the petitioner provided no evidence. The Circuit Court
affirmed.

The Supreme Court reversed. Congress enacted 42 USC § 1983 in 1871, which created a private
right of action against individuals and entities who, under color of law, violate a plaintiff's
federal constitutional rights. The majority found that, in determining the elements of claims
brought under § 1983, the Court's practice is to compare the elements of the most analogous tort
as of 1871 to the § 1983 claim at bar, so long as doing so is consistent with the values and
purposes of the constitutional right at issue.  As a result, it compared the petitioner's Fourth
Amendment claim to the elements of the common law tort of malicious prosecution as it existed
in 1871.

After examining history, the majority issued a simple holding: "to demonstrate a favorable
termination of a criminal prosecution for purposes of the Fourth Amendment clam under § 1983
for malicious prosecution, a plaintiff need not show that the criminal prosecution ended with

169

some affirmative indication of innocence. <u>A plaintiff need only show that his *prosecution ended without a conviction*.</u>" (Emphasis added).

283.    Like in the case, Thompson v. Clark, 596 US ____ (2022), Defendants –  have defrauded and stole Plaintiff of his properties with 'Forged Quit Claim Deeds', 'Forged, Notice of Judgments of Foreclosure', and 'Forged Certificates of Forfeitures, without  first obtaining a warrant nor Barnaby's consent, in violations of  his civil rights under federal statutes and constitutional rights) secured by the 42 U.S.C. §1983; 42 U.S.C. §2000; Fourth; Fifth; Fourteenth section I, of  Amendments and Fed. R. Crim. P. 41 - Search and Seizure.  Plaintiff is entitled to compensation for all his properties as he was not a target of any criminal investigation and the government's continued detention of his properties violates Fed. R. Crim. P. 41 - Search and Seizure and the Fourth Amendment.

## COUNT THIRTY-THREE,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;  **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski, Treasurer; **1).** Defendant – Bret Witskowski;  **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;  **11).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom; 1**4).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township;  **16).** Defendant - Niles Charter Township; **16).** Defendant – Hon. Kendell S. Asbenson;  **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor

## **(SAFETY FROM HARASSMENT and THE RIGHT TO GAINFUL EMPLOYMENT),**
in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

284.    Plaintiff hereby incorporates paragraphs 1 through 283 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, all Defendants violated Plaintiff's, Civil Rights, "The right to gainful employment, and Safety from harassment".  The same real properties Defendants stole and defrauded Plaintiff of were his and his Family's gainful employment, and Safety from harassment. Everyone has the right to work, to free choice of employment, to just and favorable conditions of work and to protection against unemployment. Everyone, without any discrimination, has the right to equal pay for equal work. Plaintiff properties afforded him gainful employment resulting in Plaintiff and his family self-sufficiency,

285.    Defendants did not just stop violating Plaintiff's right to gainful employment, they also violated Plaintiff's right of  Safety from harassment.  Defendants threaten Plaintiff that if he Plaintiff sought redress for his property in Niles Charter Township, he will make sure Plaintiff loses all his other properties in City of Benton Harbor. Defendants then followed through on their threat; retaliated with tractor and demolished Plaintiff's Benton Harbor Properties and stated that, Plaintiff got what he is due. Defendants had no valid reason to harass Plaintiff. Defendants' humiliation of Plaintiff has been constant each time Plaintiff sought redress from Courts the Defendants retaliated with intentional lies that, **O**ne, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead materially falsely stated it was entered on March 01, 2010; **T**wo, "Plaintiff did not make full payment of the delinquent 2007

property taxes by March 31, 2010". They told these lies with 'Forged Quit Claim Deeds',

'Forged, Notice of Judgment of Foreclosures', and 'Forged Certificates of Forfeitures, multiple

times during Deposition and with Affidavit. Moreover, Defendant – Witskowski and Berrien –

County Government and its other employees, and Codefendants, employed, Defendant Attorney

Holmstrom to continue the retaliations by retelling these same lies to the Federal District Court

in their Summary Judgment filed on October 30, 2017, and brief file in Federal Appellate Court,

see Barnaby v. Witkowski, 1:14-cv-1279.

286.     Defendants are liable for violations of Plaintiff's right to gainful employment, and

Safety from harassment, for his stress and fatigue and its tole and mental health impact. And

Plaintiff properties which afforded him gainful employment resulting in Plaintiff and his family

self-sufficiency.

**COUNT THIRTY-FOUR**
**As, To the Following Defendants:**

Defendants: **1).** Defendant – Berrien County Government; **2).** Sharon Tyler, Clerk of Berrien County; **3).** Defendant -Lori D. Jarvis Registrar; **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public; **6).** Defendant – Bret Witskowski; **1).** Defendant – Bret Witskowski; **8).** Defendant – Shelly Weich, Treasurer; **9).** Defendant – Board of Commissioner; **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard; **11).** Defendant – Attorney James Mcgovern; **13).** Defendant – Attorney Jefferey R. Holmstrom; **14).** Defendant – Holmdtrom Law Office, PLC; **15).** Defendant - Board of Trustee of Niles Charter Township; **16).** Defendant - Niles Charter Township; **16).** Defendant – Hon. Kendell S. Asbenson; **18).** Defendant - City of Benton; **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor.

**(RIGHTS GIVEN PLAINTIFF BY THE STATE OF MICHIGAN),** in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248; ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

172

287.     Plaintiff hereby incorporates paragraphs 1 through 286 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, all Defendants violated Plaintiff's, "Rights Given Plaintiff by the State of Michigan". Some such Rights Given Plaintiff by the State of Michigan are: first, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248   § 750-249.)".  Third,  stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),".  Fourth, Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248.

288.     First, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA")" required Judgement to be entered on March 01, 2010, and it was entered on August 18, 2010. Second,  Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),", is prohibited in the state of Michigan yet, Defendants committed or their omissions cause them to be complicit of acts of Unauthorized Practice of Law, they stole and defrauded Plaintiff of his real properties and is causing him, 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture. Third, Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone. This is a crime. Forgery

in Michigan – Forgery may involve one of many kinds of documents and happen under several circumstances. Forgery is a felony, which incurs at least one year in prison, and depending on the type of document involved in the crime, may incur up to seven or 14 years in prison.  For example, forging a public record (including documents handled, for example, by notary publics, county clerks, or registrars of deeds) incurs up to 14 years in prison. (Mi. Comp. Laws Ann. § 750-248.)This includes crimes of "uttering" a false record, which means trying to use or present the document as true when you know it is a forgery (even if you are not the person who forged the document). (Mi. Comp. Laws Ann. § 750-249.)

## COUNT THIRTY-FIVE,
### As, To the Following Defendants:

Defendants: **1).** Defendant – Berrien County Government; **2).** Defendant –Sharon Tyler, Clerk of Berrien County;  **3).** Defendant -Lori D. Jarvis Registrar;   **4).** Defendant - Lora L. Freehling Registrar; **5).** Defendant - Kathleen Culberson, Notary Public;   **6).** Defendant – Bret Witskowski, Treasurer;   **7).** Defendant – Bret Witskowski in His Individual Capacity;  **8).** Defendant – Shelly Weich, Treasurer;   **9).** Defendant – Board of Commissioner;  **10).** Defendant – Attorney Mckinley R. Elliott; **11).** Defendant – Attorney Donna B. Howard;  **12).** Defendant – Attorney James Mcgovern;   **13).** Defendant – Attorney Jefferey R. Holmstrom;  **14).** Defendant – Holmdtrom Law Office, PLC;   **15).** Defendant - Board of Trustee of Niles Charter Township;   **16).** Defendant - Niles Charter Township;   **17).** Defendant – Hon. Kendell S. Asbenson;   **18).** Defendant - City of Benton;   **19).** Defendant – Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor; **21).** Defendant – Hon. Mayfield C.J; **22).** Defendant – Hon. Gary J. Bruce  F.C.J;    **23).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J;   **24).** Defendant – Berrien Court Trial Court;   **25).** Defendant – Hon. Gleicher, C.J Appellate;   **26).** Defendant – Hon. Christopher M. Murray, F.C.J, Appellate; **27).** Michigan Court of Appeals;   **28).** Defendant – Hon. Clement, C.J;   **29).** Defendant – Hon. McCormack, F.C.J.

**(Whistleblowing ),** in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

289.     Plaintiff hereby incorporates paragraphs 1 through 288 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, his complaint is a cry out also as Whistleblowing that Defendant – Berrien County Government and its employees retaliated, concocted, disguised, designed an evil plot and an elaborate scheme spanning years 1997; 1998; 1999; 2000; 2001; 2002; 2003; 2004; 2005; 2006; and 2007 stole and defrauded hundreds of Berrien County property owners of their properties with "Forged", 'Quit Claim Deeds', 'Notice of Judgment of Foreclosures' and 'Certificate of Forfeiture of Real Properties' and by unauthorized practice of law, including Barnaby's properties. Plaintiff has been Whistleblowing to the  local government Berrien County to the State of Michigan Governor Office and to the Attorney General Office; form Defendant – Berrien Court Trial Court, to Defendant – Supreme Court of Michigan.

290.     Plaintiff has received retaliations in return, which is a violation of his, First Amendment Rights which prohibits retaliation against Plaintiff due to him seeking redress from the Court  "…. to petition the Government for a redress of grievances." Plaintiff's, "whistleblower" clearly discloses information and evidence that, Defendant – Berrien County Government and its employees Codefendants violated First, Fourth, Fifth, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and Fed. R. Crim. P. 41 - Search and Seizure: First, Defendants violated State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.)

("GPTA")". Second, Defendants stole and defrauded Plaintiff of his properties by willful and wanton misconducts of continuous Forgeries and retaliation, "(Mi. Comp. Laws Ann. § 750-248 § 750-249.)". Third, stole and defrauded Plaintiff of his properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681)". Fourth, Plaintiff's taxes were paid in full for the tax years in deputes and abuses their authority.

291.    Fifth, again each time Plaintiff expressed himself for redressed to Courts for the monetary damage relief, that he warrants, Defendants and Attorneys would retaliate with intentionally false material misrepresentations and or intentional material concealments when they were under an obligation to reveal, but concealed from Plaintiff and Courts in reckless disregard for the truth that deterred Plaintiff from early discovery that, Defendants stole and defrauded Plaintiff of his real properties and 'Intentional infliction of emotional distress', with 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificates of Forfeiture, and false pretense of unpaid properties taxes, and unauthorized Practice of Law UPL and deterred Plaintiff from making the necessary Amendments to his Complaint and prevented Plaintiff from getting same monetary relief Plaintiff warrants. See, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## COUNT THIRTY-SIX,
### As, To the Following Defendants:

Defendants: **1)**. Defendant – Berrien County Government; **2)**. Sharon Tyler, Clerk of Berrien County; **3)**. Defendant -Lori D. Jarvis Registrar; **4)**. Defendant - Lora L. Freehling Registrar; **5)**. Defendant - Kathleen Culberson, Notary Public; **6)**. Defendant – Bret Witskowski, Treasurer; **1)**. Defendant – Bret Witskowski; **8)**. Defendant – Shelly Weich, Treasurer; **9)**. Defendant – Board of Commissioner; **10)**. Defendant – Attorney Mckinley R. Elliott; **11)**. Defendant – Attorney Donna B. Howard; **11)**. Defendant – Attorney James Mcgovern; **13)**. Defendant – Attorney Jefferey R. Holmstrom; **1**4**)**. Defendant – Holmdtrom Law Office, PLC; **15)**. Defendant - Board of Trustee of Niles Charter Township; **16)**. Defendant - Niles Charter Township; **16)**. Defendant – Hon. Kendell S. Asbenson; **18)**. Defendant - City of Benton; **19)**. Defendant –

Hon. Rick Snyder Former Governor; **20).** Defendant – Hon. Jennifer Granholm, Former Governor

**(THE RIGHT TO HOUSING),** in First; Fourth; Fifth-takings clause; Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a; General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA"); Article 10, § 2 of MI 1963 Constitution; MCL 600.916 and MCL 450.681; Conspiracy act 328 of 1931 750.157a; Falsification Mi. Comp. Laws Ann. § 750-248;  ; Forgery Mi. Comp. Laws Ann. § 750-249; and the Fed. R. Crim. P. 41 - Search and Seizure.

*set forth herein.*

292.    Plaintiff hereby incorporates paragraphs 1 through 291 above as if fully set forth herein, and further alleges that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 96-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges, that, all Defendants violated Plaintiff's, Civil Right, "The Right to Housing". When Defendants stole and defrauded hundreds of Berrien County property owners of their properties with "Forged", 'Quit Claim Deeds', 'Notice of Judgment of Foreclosures' and 'Certificate of Forfeiture of Real Properties' and by unauthorized practice of law.  And, when Plaintiff sought Courts redress for monetary relief, Defendants retaliated with intentionally  false omissions and misrepresentations of the material facts to intentionally misled and deterred Plaintiff from timely discovering their forgeries to Amend-then-Complaint and prevented  the issues from being judicated on merits and prevented Plaintiff from receiving relief he warrants.  Defendants' willful and wanton  misconducts are inclusive of retaliations, violated and continues to violate Plaintiff's  Civil Right, "The Right to Housing". Moreover,  as Defendants violate Plaintiff's  Civil Right, "The Right to Housing", they also violate Plaintiff most fundamental rights- the right to life - to those that make life worth living, such as the rights to food, education, work, health, and liberty.

177

293.    The Constitution say about housing, that, everyone has the right to adequate housing, including protection from eviction, without discrimination and that States shall a) take all necessary legislative, administrative and other measures to ensure security of tenure and access to affordable, habitable, accessible, culturally appropriate, and safe housing. Furthermore, Plaintiff's property protection rights under the Fifth Amendment States that a person may not be deprived of property by the government without "due process of law," or fair procedures. In addition, it sets limits on the traditional practice of eminent domain, under the Takings Clause.

294.    The Constitution say about housing, that  everyone has the right to adequate housing, including protection from eviction, without discrimination and that States shall take all necessary legislative, administrative and other measures to ensure security of tenure and access to affordable, habitable, accessible, culturally appropriate, and safe housing. Defendants violate Plaintiff's  Civil Right, as a property owner, the rights of possession, control, exclusion, enjoyment, and disposition of each property the stolen and defrauded Plaintiff of. As such Defendants taken away  Plaintiff's three unalienable rights, "Life, Liberty, and the pursuit of Happiness", is impossible outside of Plaintiff housing.

## VI.    RELIEF QUESTION

295.        Wherefore, Plaintiff claims of relief are as follows:

1. Relief  for all his properties, from the prospective of his vision to buy, to rehab and to sell all the properties at the peak of the Harbor shore Development.
2. Restitution of all rent loss, plus interest.
3. Actual, consequential, and incidental damages.
4. Treble damages for theft and Negligence pursuant to Federal Law
5. Costs and attorneys' fees if Plaintiff must hire an attorney.
6. Such other, further, or additional relief as in law or equity may appertain.
7. Emotional distress/ pain and sufferings
8. Plaintiff, request that this Court Grant him full Compensatory Damages of **$15, 019, 553.10** and Punitive[11] damages, Four-Times his Compensatory Damages of **$60,078,212.40**, grand total of **$75,097,765.50**, even if this Court find only one Defendant in Defaulted.
9. And Declaratory Judgment against Defendants Judicial Courts and their Judges

Respectfully Submitted,

\S/ Owen W. Barnaby

Dated: March 18, 2024,                          Owen W. Barnaby, In Pro Se.

---

[11]  E. Jean Carroll v. Donald J. Trump                Case No. 20 CIVIL 7311(LAK)

It is hereby ORDERED, ADJUDGED AND DECREED: That after a Jury Trial before Honorable Lewis A. Kaplan, United States District Judge, Plaintiff E. Jean Carroll has judgement for compensatory damages (other than for the reputation repair program) in the amount of $7,300,00.00, Plaintiff E. Jean Carroll has judgement for compensatory damages (for the reputation repair program only) in the amount of $11,000,000.00; and Plaintiff E. Jean Carroll has judgement for punitive damages in the amount of $65,000,000.00, each as against the defendant Donald J. Trump for an aggregate sum of $83,000,000.00. Dated New York, New York February 8, 2024.

RUBY J. KRAJICK

So Ordered:                                            Clerk of Court

U.S.D.J.                              BY:    Deputy Clerk