# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                         )

    Plaintiff- Appellant                                )


        Vs.                                          ) Hon. Robert  J.  Jonker

                                     ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees                               ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

Attorney, T. Seth Koches,
Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659  | PendrickK@michigan.gov

**PLAINTIFF'S MOTION TO, 'AMEND OR LEAVE TO AMEND,  THIRD AMENDED COMPLAINT-(ECF No, 36), AND 'PRESERVATION OF HIS APPLICATIONS FOR DEFAULT-(ECF No, 32, 75, 95, 124),  AND APPLICATIONS OR MOTIONS FOR DEFAULT JUDGMENT-(ECF No, 28, 31, 77, 81, 88), AGAINST DEFENDANTS**

---

Plaintiff, In Pro Se, Owen W. Barnaby, request that his Motion to, 'Amend or Leave to Amend, Third Amended Complaint', and Preservation of His Application for Default-(ECF No, 32, 75, 95, 124), and Application and Default Judgment-(ECF No, 28, 31, 77, 81, 88),' be granted.  Plaintiff's Motion stems from the Honorable Magistrate Sally J. Berens' Order-(ECF No, 140); pursuant to Fed. R. Civ. P. 15(a)(1) (2).

Plaintiff request the Preservation of His Application for Default-(ECF No, 32, 75, 95, 124), and Application and Motion Default Judgment-(ECF No, 28, 31, 77, 81, 88), for Sixth Circuit Appellate Court review. (According to Exhibit W-20), in the District Court's record.


The request is based on the Brief in Support filed with the request facts and legal authorities and arguments contained in the Supporting Brief.


Respectfully Submitted,


Dated:  March 18, 2024,                    \S/ Owen W. Barnaby
                                           Owen W. Barnaby, In Pro Se.

**BRIEF IN SUPPOR OF, PLAINTIFF'S**

**PLAINTIFF'S MOTION TO, 'AMEND OR LEAVE TO AMEND,  THIRD AMENDED COMPLAINT-(ECF No, 36), AND 'PRESERVATION OF HIS APPLICATIONS FOR DEFAULT-(ECF No, 32, 75, 95, 124),  AND APPLICATIONS OR MOTIONS FOR DEFAULT JUDGMENT-(ECF No, 28, 31, 77, 81, 88), AGAINST DEFENDANTS**

**STATEMENT OF FACTS**

Plaintiff's Motion to, 'Amend or Leave to Amend, Third Amended Complaint', and Preservation of His Application for Default-(ECF No, 32, 75, 95, 124), and Application and Default Judgment-(ECF No, 28, 31, 77, 81, 88),' is stems from the Honorable Magistrate Sally J. Berens' Order-(ECF No, 140), entered on February 28, 2024. Among other issues raised in the Order-(ECF No. 140), which Plaintiff objected to, are:

> "In the present action, Plaintiff once again sues Berrien County and Witkowski, along with several other Defendants or groups of Defendants based on the 2010 and 2012 property tax foreclosures. Plaintiff's legal theories are far from clear, but one central theme throughout his complaint is that Defendants used forged documents to accomplish the Niles parcel foreclosure, through which they "stole" and "defrauded" him of his property. (ECF No. 36 at PageID.183.) By his use of the terms "forgeries" or "forged," Plaintiff does not really mean that these documents—notice of judgment of foreclosure, certificate of foreclosure, and the quit claim deed to the purchaser—were forgeries in the legal sense that they were false or altered documents made to look genuine. Rather, he asserts that they contained inaccurate dates or statements that rendered them invalid. The basis for this claim is that the judgment of foreclosure was actually entered on August 18, 2010, but the May 26, 2010 notice of judgment of foreclosure states that the judgment was entered on March 1, 2010, and the quit claim deed was prepared and delivered before August 18, 2010. (*Id.*) Thus, he asserts that these inaccuracies render the foreclosure of the Niles parcel and subsequent sale invalid."  (ECF No. 140, PageID.1816)

Plaintiff's, 'Second and Third Amended Complaints -(ECF Nos. 10, 36), and this Fourth Amended Complaint, usage of terms "forgeries foreclosure" or "forged," documents— forged notice of judgment of foreclosure(s), forged certificate of (s), and forged quit claim deed(s), to the purchaser(s) are in the legal sense that, they were false or altered documents made to looked genuine; when they are in fact and in truth invalid, and that, they contained inaccurate dates or

statements that rendered them invalid indeed, in keeping with Michigan's law. § 750-248; § 750-249.  **"Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone."** Second of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that the Michigan, Trial Court, Appellate Court, and Supreme Court relied on these forged documents to uphold foreclosures. Third of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that, all Defendants directly or indirectly made themselves apart of the evil plot and elaborate conspiracy scheme to steal and defraud Plaintiff of his properties either when they created, used, or possessed the forged documents and or by coverup of the forgeries or retaliated against Plaintiff to stop the forgery from redress or conspiracy of silence an agreement to say nothing about the forgeries that should have been generally made known to the Plaintiff and others.

Plaintiff believed that his 'Second and Third Amended Complaints -(ECF Nos. 10, 36), are sufficient for the relief he seeks.  However, Magistrate Judge Berens see it differently, as follows:

> In any event, thus far, the State of Michigan Defendants (former Governors Granholm and Snyder and Kendell Asbenson), the City of Benton Harbor, and the Township Defendants (Niles Charter Township and its Board of Trustees) have appeared in this action. Both the State of Michigan Defendants and the City of Benton Harbor have filed motions to dismiss. (ECF Nos. 116 and 121.) In contrast, the Township Defendants filed an answer (ECF No. 120), but did not file a motion for judgment on the pleadings. Nonetheless, having reviewed Plaintiff's third complaint as to the Township Defendants, the Court determines that grounds may exist for dismissing those claims. (ECF No. 140, PageID.1816-7)

The glue holding this action together against numerous Defendants is Plaintiff's allegation of a wide-ranging conspiracy, repeated throughout his complaint, involving "an evil plot and an elaborate scheme to steal and defraud Plaintiff" of his properties. (ECF No. 36 at PageID.183.) As noted in the December 14, 2022 Report and Recommendation, the conspiracy allegations in the second amended complaint were nothing more than a legal conclusion without supporting facts. In other words, the glue was defective. (ECF No. 16 at PageID.14–15.) Plaintiff's conspiracy allegations in his third amended complaint are no different. Once the shroud of conspiracy is lifted, it becomes clear that the Township had a very limited role in the events about which Plaintiff complains. (ECF No. 140, PageID.1817)

# ARGUMENT

## PLAINTIFF'S MOTION TO, 'AMEND OR LEAVE TO AMEND, THIRD AMENDED COMPLAINT-(ECF No, 36),

While Plaintiff Objects to the Order (ECF Nos. 140, 142) in Part, given his belief that his 'Second and Third Amended Complaints -(ECF Nos. 10, 36), are sufficient for the relief he seeks. Moreover, Plaintiff believe that if the Honorable Magistrate Judge Berens did adhere to our Sixth Circuit Appellate Court's Order-(ECF No. 72) Order this case would have been determined on its merit on Second and Third Amended Complaints -(ECF Nos. 10, 36), without this Fourth Amendment and Plaintiff would have gotten the monetary relief he warrants and declaratory judgment.  See, the Sixth Circuit Appellate Court's Order-(ECF No. 72) relevant parts below:

> "Barnaby filed a second amended complaint against Berrien County, Michigan, Berrien County Treasurer Bret Witkowski, and over 20 other defendants, alleging that they conspired to steal and defraud him of property that he owned in Berrien County. He alleged that the defendants accomplished this by forging documents and pursuing wrongful foreclosures. Barnaby also alleged that other defendants should have allowed him to pay delinquent taxes that he owed on several properties before foreclosing on them. He contended that Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the defendants committed. And Barnaby alleged that the

State Bar of Michigan overlooked evidence and refused to act on his formal complaint that Witkowski had engaged in the unauthorized practice of law, and that the Michigan Supreme Court relied on forged documents to uphold a foreclosure. Barnaby set forth numerous legal claims based on these allegations, contending that the defendants forged documents, did not follow proper foreclosure procedures, committed larceny, and engaged in the unauthorized practice of law, in violation of Michigan law; seized property in violation of the Fourth, Fifth, and Fourteenth Amendments; and violated the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)."

"…On appeal, however, Barnaby argues that he could not have raised his claims previously because they are based on forged documents that were submitted during prior state and federal proceedings and various false statements that the defendants made during those proceedings. Barnaby made this same argument in his objections to the magistrate judge's report and recommendation. And in his second amended complaint, Barnaby alleged that Witkowski and Berrien County committed forgeries and other unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are continuous," that the defendants mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition…"

"We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot." **"…VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023,  Page: 6).

Notwithstanding, his above argument, Plaintiff's Motion to, 'Amend or Leave to Amend, Third Amended Complaint', and Preservation of His Application for Default-(ECF No, 32, 75, 95, 124), and Application and Default Judgment-(ECF No, 28, 31, 77, 81, 88) under Fed. R. Civ. P. 15(a)(1)-(2).  In addition, considering the Magistrate Judge Berens'-(ECF No, 140), that,

The Sixth Circuit "disfavors sua sponte dismissal of complaints on the merits." *Doe v. Oberlin Coll.*, 60 F.4th 345, 351 (6th Cir. 2023). Even so, it has formulated a procedure by which a district court may sua sponte dismiss claims in appropriate circumstances. The procedure, adopted in *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), requires that a district court:

(1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his

complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal. *Doe*, 60 F.4th at 351 (quoting *Tingler*, 716 F.2d at 1112).

"Pursuant to Tingler, the Court notifies Plaintiff and the Township Defendants that it may issue a report and recommendation for dismissal of Plaintiff's claims against the Township Defendants for the reasons set forth by Defendant City of Benton Harbor in its brief in support of its motion to dismiss. (ECF No. 121 at PageID.1588–1602."

Both the Court and Defendants have raised issues to dismiss Plaintiff's Third Amended Complaint on the grounds that, this court lacks jurisdiction, the claims are barred by immunity, and the complaint fails to state a claim for which relief may be granted, demonstrates the Motion, to Amend or Leave to Amend, Complaint, should be granted, pursuant to Fed. R. Civ. P. 15(a)(1)(2).

**PRESERVATION OF HIS APPLICATIONS FOR DEFAULT-(ECF No, 32, 75, 95, 124), AND APPLICATIONS OR MOTIONS FOR DEFAULT JUDGMENT-(ECF No, 28, 31, 77, 81, 88), AGAINST DEFENDANTS**

Notwithstanding, Plaintiff's Motion, to Amend or Leave to Amend, 'Third Amended Complaint'(ECF No. 36), Plaintiff  request the Preservation of His Application for Default-(ECF No, 32, 75, 95, 124),  and Application and Default Judgment-(ECF No, 28, 31, 77, 81, 88), for Sixth Circuit Appellate Court review. Because of Defendants failure to file an answer to Plaintiff's Second and Third Complaints-(ECF No, 10, 36), or a valid motion under Rule 12, or answer filed in violations of Plaintiff's due process.

**Relief Requesting**

For the reasons articulated in Supporting Brief that, this Court grants

Plaintiff's Motion to, 'Amend or Leave to Amend, Third  Amended Complaint-

(ECF No, 36) and Preservation of His Application for Default-(ECF No, 32, 75,

95, 124),  and Application and Default Judgment-(ECF No, 28, 31, 77, 81, 88), for

Sixth Circuit Appellate Court's review.


Respectfully Submitted,


Dated:  March 18, 2024,                    \S/ Owen W. Barnaby
                                        Owen W. Barnaby, In Pro Se.

## **CERTIFICATE OF SERVICE**

The undersigned states that on the 18th  day of March 2024, a duplicate original of Plaintiff's,  ''Plaintiff's Motion to, 'Amend or Leave to Amend, Third  Amended Complaint-(ECF No, 36) and Preservation of Default and Default Judgment, was filed with the Clerk of the Court, using the ECF System, which will provide electric notice to the parties of record, and I have email or mailed by U.S. Postal Service the same to non-ECP participants.


Respectfully Submitted,


Dated:  March 18, 2024,                        \S/ Owen W. Barnaby
                                               Owen W. Barnaby, In Pro Se.

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                                    )

    Plaintiff- Appellant                                          )


        Vs.                                               ) Hon. Robert  J.  Jonker

                                         ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees                                      ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582      |      EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659  | PendrickK@michigan.gov

**CERTIFICATE REGARDING COMPLIANCE WITH LCivR 7.1(d)**
**For,**

**PLAINTIFF'S MOTION TO, 'AMEND OR LEAVE TO AMEND, THIRD AMENDED COMPLAINT-(ECF No, 36), AND 'PRESERVATION OF HIS APPLICATIONS FOR DEFAULT-(ECF No, 32, 75, 95, 124),  AND APPLICATIONS OR MOTIONS FOR DEFAULT JUDGMENT-(ECF No, 28, 31, 77, 81, 88), AGAINST DEFENDANTS**

In accordance with W.D  Mich. LCivR 7.1(d), the undersigned hereby states that I am seeking concurrence for three Motions I intend to file with the Federal District Court between March 8-11, 2024. The first Motion is Leave to Amend Plaintiff's Third Amended Complaint, considering the Magistrate Judge Order-(ECF No. 140). The second and third Motions are Cross-Motions for Summary Judgments to Defendant Benton Harbor and the State of Michigan Defendants, Dismissal Motions.  Please, confirm if Defendants will concur. Plaintiff is yet to hear back from Defendants as such Plaintiff is not sure if they will concur or object.

Amended Request for Concurrences

Attention: Counsels

Plaintiff's first request on this matter was, "I am seeking concurrence for three Motions I intend to file with the Federal District Court between March 8-11, 2024. The first Motion is Leave to Amend  Plaintiff's Third Amended Complaint, considering the Magistrate Judge Order-(ECF No. 140). The second and third

11

Motions are Cross-Motions for Summary Judgments to Defendant Benton Harbor and the State of Michigan Defendants, Dismissal Motions.  Please, confirm if Defendants will concur. Best regards"

Plaintiff will now file the Amendment to the complaint today, March 18, 2024, considering the Magistrate Judge's Order-(ECF No. 140). Please, confirm if Defendants will concur. Best regards"

Plaintiff.

Respectfully Submitted,

Dated:  March 18, 2024,                    \S/ Owen W. Barnaby
                                           Owen W. Barnaby, In Pro Se.