**THOMAS J. RHEAUME, JR.**
TRHEAUME@BODMANLAW.COM
313-392-1074

BODMAN PLC
6TH FLOOR AT FORD FIELD
1901 ST. ANTOINE STREET
DETROIT, MICHIGAN 48226

313-393-7579 FAX
313-259-7777



February 16, 2024

**VIA EMAIL ONLY**

Owen Barnaby
Bossproperties96@gmail.com

Re: *Barnaby v. Michigan State Government, et al.*, Case No. 1:22-cv-01146 (W.D. Mich.) and Case No. 24-1086 (6th Cir.)
Benton Harbor's Notice of Rule 11 Violation and Sanctions

Dear Mr. Barnaby:

As you are aware, I represent the City of Benton Harbor. This correspondence is to notify you under Fed. R. Civ. P. 11(c) that Benton Harbor intends to file a motion for sanctions due to your frivolous and excessive filings regarding entry of default under Fed. R. Civ P. 55.

Although your entire underlying lawsuit likely violates Rule 11, Benton Harbor has been patient with you given your status as a pro se plaintiff and has not sought sanctions to date based on the merits of your underlying claims in this suit (though reserves the right to do so). But Benton Harbor will no longer tolerate your unreasonable pursuit of default judgment. As explained in Benton Harbor's responses to your requests for default and in the magistrate's orders denying your requests, default is unwarranted against Benton Harbor. You are not entitled to an "automatic" default judgment under the court rules, no matter how many requests and appeals you file. Your incessant submissions requesting default are clearly attempts in bad faith to harass Benton Harbor and the other defendants and incur costs.

To date, you have submitted **nine** papers to the Court asking for entry of default and/or default judgment. ECF Nos. 31, 32, 75, 76, 77, 81, 88, 95, 124. The magistrate judge has denied your requests for entry of default. ECF Nos. 91 and 96. You have since filed **nine** separate papers appealing those orders. ECF Nos. 93, 94, 96, 100, 109, 110, 112, 133, including one frivolous interlocutory appeal to the Sixth Circuit, ECF No. 129.

Under any measure—even the leniency afforded to pro se litigants—this is an unreasonably excessive number of filings on just one issue that is neither sounded in fact or law. It is not reasonable to continue filing new requests seeking the exact same relief. Your interlocutory appeal is especially frivolous and burdensome on Benton Harbor. An interlocutory appeal is only acceptable under 28 U.S.C. 1292(b) when the underlying order being appealed states in writing "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

February 16, 2024
Page 2

ultimate termination of the litigation." <u>Absent this language</u>, the appellate court will not hear an interlocutory appeal. *See Wiltse v. Clarkson*, 542 F.2d 363 (6th Cir. 1976).

We are aware that you are a pro se litigant and have afforded you a great deal of courtesy thus far. But even pro se litigants must comply with the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 11(b)(2), pro se litigants must certify to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the "legal contentions [in their papers] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Your argument that Benton Harbor should be defaulted when it was afforded additional time by the Court both before and after the Sixth Circuit appeal, and when it has actively litigated in this matter, and has now responded to your complaint with a motion to dismiss, is the very definition of frivolous. At the very least, your default requests that were filed after your appeal are meritless because they seek the same exact request as your appeal. No reasonable inquiry under these circumstances would conclude that (1) default is warranted, or (2) that *continuously seeking* default is warranted while you have a pending appeal on that issue. Moreover, your request for the clerk to enter a default for a sum certain under Fed. R. Civ. P. 55(b)(1) is meritless. As Benton Harbor iterated in its response to your appeal to the district court judge (ECF No. 121), your alleged costs of speculative real property damages, "rebuilding" costs, lost rental income, emotional damages, and compensatory damages do not constitute a sum certain.

Even if your underlying requests for default judgment had any merit whatsoever (which they do not), a pro se litigant cannot present any paper to the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Your excessive requests for entry of default and default judgment are clearly intended to harass our client (and the other defendants). Your intent to harass and proceed in bad faith is underscored by your January 28, 2024 e-mail requesting a stipulation on default judgment and, if the defendants failed to stipulation you threatened to alert the media to your lawsuit:

You have also unnecessarily delayed this proceeding and needlessly increased the costs of litigation in violation of Rule 11 by forcing the parties to respond to your barrage of motions and appeals seeking the same exact request.

Benton Harbor has incurred enough expense defending your baseless lawsuit and frivolous requests for default. It will not continue to tolerate your harassment and threats. As such, if you do not notify the Court of your intent to withdraw your requests for default and motions for default judgment and also withdraw your interlocutory appeal to the Sixth Circuit by **February 29, 2024**, we will proceed with a motion for sanctions.

February 16, 2024
Page 3

Be advised that, along with monetary sanctions for the costs and fees associated with your frivolous demands for default judgment, we will request that the Court enter an order placing you in restricted filer status with the court so that your filings are subject to review by the court before they are accepted.

Very truly yours,

*/s/ Thomas J. Rheaume, Jr.*

Thomas J. Rheaume, Jr.

cc:     Emily P. Jenks