# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
| Plaintiff | ) |
| Vs. | ) Hon. Robert  J.  Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
| Defendants | ) Case No. 1:22 -CV- 1146 |

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582      |       EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

1

**RE:**            **Response to Defendant's Benton Harbor and Its
                   Attorneys Retaliatory Letter of Demands and Threats**

      Plaintiff filed his Second Amended Complaint(ECF No. 10), lawsuit against Defendants because, Defendants injured Plaintiff and have been using Courts, inclusive of this District Court's R&R, Orders and Final Judgment, (ECF Nos. 16, 62, 67, 68), as defenses to cover up their misconducts or benefiting for the last fourteen years of continuous forgery, fraud, thievery that caused Plaintiff to lose all his same real properties, his employment, his livelihood,  suffered homelessness, ultimately contributed to the death of our son, great pain and suffering and emotional distress.  The suit states,

      "19. Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to retore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint." (ECF No. 10, PageID.167) and (ECF No. 36,  PageID.181)

      **O**n November 17,2023, this Sixth Circuit Appellate Court entered Order and Judgment (ECF Nos. 72, 73), that is binding on the District Court, which were violated by District Court's Orders-(ECF Nos. 91, 96, 127 and 131), now on appeal.  The Sixth Circuit Court's Order the District Court violated, states.

      "We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot." "…**VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023,  Page: 6).

      Further, on December 27, 2023, the Magistrate Judge's Order-(ECF No. 91), following remand, placed its prior Orders-(ECF No. 25, 27, 35, 56, 62, 67, 68), as controlling over the Sixth Circuit Court's Order and Final Judgment(ECF Nos. 72, 73), that was affirmed by the District Court, Order-(ECF No. 127). Below states:

      "**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 37) is GRANTED. The Clerk shall docket Plaintiff's proposed Third Amended Complaint (ECF No. 36). Defendants who have appeared in this action shall have **28** days from the date of this Order to respond to the Third Amended Complaint."

      "**IT IS FURTHER ORDERED** that Plaintiff's Motions for Entry of Default Judgment (ECF Nos. 28, 31, 75, 77, and 81) are DENIED. Plaintiff shall have **45** days from the date of this Order to effect proper service on the unserved Defendants. Failure to

effect service within that time without a showing of good cause shall result in dismissal of such Defendants without prejudice."

"IT IS FURTHER ORDERED that Defendant City of Benton Harbor's Motion to Extend Time (ECF No. 85), seeking 28 days to respond to the Third Amended Complaint, is **GRANTED."**

Plaintiff appealed the Magistrate Judge's Orders (ECF Nos. 91, 96), to the District Court, on docket numbers (ECF Nos. 94, 100, 109, 110),  and it affirmed Magistrate Judge's Orders (ECF Nos. 127), as follows:

"The Magistrate Judge was absolutely correct on this as a matter of fact and law, and the Court adopts her reasoning as its own.  For the same reason, the Court now rejects Barnaby's two new applications for entry of default, (ECF Nos. 95, 124), because he has once again failed to show that any Defendant is in default."
  "The Magistrate Judge's Orders, (ECF Nos. 91, 96), are **AFFIRMED.**"; "Plaintiff's appeals, (ECF Nos. 94, 97, 100, 109, 110–12), are **OVERRULED**."; "Plaintiff's two new applications for entry of default, (ECF Nos. 95, 124), are **DENIED."**

Plaintiff argued in the District Court, (ECF No. 100,  PageID.1245- 1247);  (ECF No. 109,  PageID.1370- 1371) and further contends, that, Defendant City of Benton Harbor must be Defaulted as it was properly served by Plaintiff with Summonses and Copies Complaint (ECF Nos.10, 36, 37), but failed to file answers or Motion Under Rule 12, to Plaintiff's Second Amended Complaint(ECF No. 10) and failed to appeal the District Court's Orders and Final Judgment (ECF Nos, 35, 56, 67. 68). Plaintiff warrants Default and Default Judgment and its Granted Motion to the extent (ECF No. 85, 96) is moot and must be reversed. Moreover, the record shows that, the City of Benton Harbor filed its Motion-(ECF No, 33) to respond to Plaintiff's, 'Second amended Complaint-(ECF No, 10) on January 04, 2023, until 28 days after the Report and Recommendation-(ECF No, 16), that the Court Granted on the same day, Order-(ECF No, 35). The Report and Recommendation-(ECF No, 16) was rule on February 13, 2023, and the City of Benton Harbor Defendant's answer or Rule 12 motion the Plaintiff's 'Second amended Complaint-(ECF No, 10) was due on March 13, 2023. Yet, the District Court Denied Plaintiff's Default-(ECF Nos. 32, 75, 95, 124) and Default Judgment 31, 32, 77, 81, 88, 95 ) against It.

The Magistrate Judge's moots Orders(ECF Nos 91, 96) Denying Plaintiff's Default and Default Judgment, that the District Court Order (ECF No.127) affirmed.

"The Court granted the requested extension on January 4, 2023. (ECF No. 35.) Because the Court ultimately overruled Plaintiff's objections, adopted the December 14, 2022, Report and Recommendation, and entered judgment for Defendants, the City was never required to answer Plaintiff's second amended complaint. Thus, at least at this juncture, there is no basis for entry of default." (ECF No. 91, PageID.1120).

Plaintiff contends, because the District Court's Order and Final Judgment(ECF Nos, 67, 68) were reversed by the Sixth Circuit Order and Judgment-(ECF Nos,72, 73), it is the Sixth Circuit Order and Judgment that is controlling and moots the District Court's Orders-(ECF Nos. 91, 96, 127, and 131) **Denying** Plaintiff's Default-(ECF Nos,32, 75, 95, 124), and Default Judgment-(ECF Nos,31, 77, 81, and 88), against the Benton Barbor Defendant.

3

The law is clear,  Fed. R. Civ. P. 12(a)(1)(A)(i).

(a) TIME TO SERVE A RESPONSIVE PLEADING.

(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint.

The District Court Summons states, "YOU ARE HEREBY SUMMONS  and required to serve upon Plaintiff, an answer to the attached complaint or a Motion under Rule 12 of the Federal Rule of Civil Procedure within **21 days** after service of this Summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded  in the complaint. You also must file you answer or motion with the Court."

Beton Harbor should either appealed to the District Court's Orders and Final Judgment (ECF Nos. 35, 56, 62, 67, 68) or filed a motion to safeguard any rights[1].  Instead, It abandoned or forfeited any rights It may have had. The District Court's Orders (ECF Nos. 91, 96, 127, 131) on appeal had improperly restored to the Defendant that, which It willfully forfeited contrary to laws and in violations of this Sixth Circuit's Order (ECF No.72), and further prejudice Plaintiff beyond the Defendant's 14 years of pain and sufferings to Plaintiff and the death of his family.

Clearly, Plaintiff's Request for Default and Default Judgment against City of Benton Harbor Defendant for failed or forfeited to file an answer to Plaintiff's Second Amended Complaint-(ECF No 10), is proper. As it did not adhere to its own Granted Motion-(ECF Nos. 33, 35), to file answer to Plaintiff's Second Amended Complaint-(ECF No 10), ultimately by March 13, 2023; nor did it appealed the District Court's Order and Final Judgment-(ECF Nos. 67, 68) or a Motion to  safeguards any rights it may have had. It has been [over one year] after the Defendant was properly served, these controlling laws are applicable to reverse the District Court's Orders: (The doctrine of the law of the case) and or (The law of the case doctrine); Res Judicata; Fed. R. Civ. P. 12(a)(1)(A)(i);  and Fed. R. Civ. P. 55 (a), (b) (1) or (2).

---

[1] Plaintiff, an In Pro Se, Litigant, filed Appeals-(ECF Nos. 69, 129)  and Motion-(ECF No.126), to safeguard his rights, and the rights that he did not raise this Circuit Court found that he forfeited.  Plaintiff contends that, the same must be apply to all the Defendants in this case.

Given all the above, the Plaintiff opposed Defendant City of Benton of Harbor's and Its Attorneys', **RETALIATORY DEMANDS AND THREATS** 'Notice of Rule 11 Violation and Sanctions', that,

> "…if you do not notify the Court of your intent to withdraw your requests for default and motions for default judgment and also withdraw your interlocutory appeal to the Sixth Circuit by February 29, 2024, we will proceed with a motion for sanctions."

Plaintiff opposed Defendant City of Benton of Harbor's and Its Attorneys', **RETALIATORY DEMANDS AND THREATS** 'Notice of Rule 11 Violation and Sanctions', because:  1). But for their forfeited of the Defendant and Its Attorneys' Mr. Thomas J. Rheaume, Jr. and Ms. Emily P. Jenks to file a response to Plaintiff's  Second Amended Complaint-(ECF No. 10) Plaintiff would have no grounds to file Default and Default Judgment against Defendants.  2). But for its continuous forgery Plaintiff would have no grounds to file Default and Default Judgment against Defendants. 3). But for over 14 years of Plaintiff and family suffering at the hands of the Defendants, Plaintiff would have no grounds to file Default and Default Judgment against Defendants .

As such Defendant City of Benton of Harbor's and Its Attorneys', **RETALIATORY DEMANDS AND THREATS** 'Notice of Rule 11 Violation and Sanctions', violates the First Amendment (Amendment I). Plaintiff opposed pursuant to the First Amendment (Amendment I) to the United States Constitution prevents the government from making laws that: abridge the freedom of speech, the freedom of the press, the freedom of assembly, or the right to petition the government for redress of grievances.

Lasty, Plaintiff rejects or opposes the Defendant City of Benton of Harbor's and Its Attorneys', **RETALIATORY DEMANDS AND THREATS** 'Notice of Rule 11 Violation and Sanctions'.  Moreover, Plaintiff contended that such Sanctions should be applied to the Defendant City of Benton of Harbor and Its Attorneys, Mr. Thomas J. Rheaume, Jr. and Ms. Emily P. Jenks, if file such a futile and harassing motion, without, remorse for suffering of Defendant's; fourteen years of continuous forgery, fraud, thievery that caused Plaintiff to lose all his same real properties, his employment, his livelihood,  suffered homelessness, ultimately contributed to the death of our son, great pain and suffering and emotional distress.

Respectfully Submitted,

*Owen W. Barnaby, In Pro Se*

Dated February 20, 2024