UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

    Plaintiff,

v

MICHIGAN STATE GOVERNMENT, *et al.*

    Defendants.

No. 22-cv-01146

HON. ROBERT J. JONKER

MAG. SALLY J. BERENS

_____/

Owen W. Barnaby
Plaintiff in Pro Per
P. O. Box 1926
Kennesaw, GA 30156
(269) 338-4876

Kimberly K. Pendrick (P60348)
Attorney for Defendants Granholm, Snyder
Asbenson, Clement, McCormack, Gleicher,
Murray, and the Mich. Court of Appeals
Michigan Department of Attorney General
Civil Rights & Elections Division
3030 W. Grand Blvd, 10th Floor
Detroit, MI 48202
(313) 456-0067
pendrickk@michigan.gov
_____/

**BRIEF IN SUPPORT OF DEFENDANTS JUSTICE CLEMENT, JUSTICE MCCORMACK, JUDGE GLEICHER, JUDGE MURRAY, AND THE MICHIGAN COURT OF APPEALS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Kimberly K. Pendrick
Assistant Attorney General
Attorney for Defendants Granholm,
Snyder, Asbenson, Clement,
McCormack, Gleicher, Murray, and
the Michigan Court of Appeals
Civil Rights & Elections Division
3030 W. Grand Blvd., 10th Floor
Detroit, MI 48202
(313) 456-0067
pendrickk@michigan.gov
P60348

Dated: March 22, 2024

## TABLE OF CONTENTS

Page

Table of Contents ...................................................................................................... iii

Index of Authorities .................................................................................................. iv

Concise Statement of Issues Presented ..................................................................... vi

Controlling or Most Appropriate Authority .............................................................. vi

Procedural History ...................................................................................................... 1

Standard of Review ..................................................................................................... 6

Argument ..................................................................................................................... 7

I.    This Court lacks jurisdiction where the Judicial Defendants have judicial immunity. ........................................................................................ 8

II.    The Michigan Court of Appeals should be dismissed due to its Eleventh Amendment immunity. ............................................................... 10

III.    Barnaby's third amended complaint fails to include allegations stating a viable claim. ............................................................................... 11

Conclusion and Relief Requested ............................................................................. 14

Certificate of Service ................................................................................................ 14

# INDEX OF AUTHORITIES

Page

**Cases**

*Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) ............................................................. 2, 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 6, 7, 11

*Barnes v. Winchell*, 105 F.3d 1111 (6th Cir. 1997) ........................................................ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................. 6, 7, 11

*Cooper v. Rapp,* 702 Fed. Appx. 328 (6th Cir. 2017) ................................................ 9, 10

*DePiero v. City of Macedonia*, 180 F.3d 770 (6th Cir. 1999) ........................................ 8

*Dixon v. Clem*, 492 F.3d 665 (6th Cir. 2007) .................................................................. 8

*Forrester v. White*, 484 U.S. 219 (1988) ........................................................................ 8

*Gean v. Hattaway*, 330 F.3d 758 (6th Cir. 2003) ........................................................... 6

*Hafer v. Melo*, 502 U.S. 21 (1991) .................................................................................. 8

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .................................................................... 8

*King v. Love,* 766 F.2d 962 (6th Cir. 1985) .................................................................... 8

*Ludwig v. Bd. of Trustees*, 123 F.3d 404 (6th Cir. 1997) ............................................... 7

*McNeil v. Cmty. Prob. Servs., LLC,* 945 F.3d 991 (6th Cir. 2019) ................................. 9

*Metz v. Supreme Court of Ohio*, 46 Fed. Appx. 228 (6th Cir. 2002) ............................ 11

*Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.*,
   287 F.3d 568 (6th Cir. 2002) ...................................................................................... 6

*Mireles v. Waco*, 502 U.S. 9 (1991) ............................................................................ 8, 9

*Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266 (6th Cir. 1990) ............. 6

*Orta v. Repp,* 2023 U.S. App. LEXIS 23388 *9 (6th Cir. 2023) .................................. 10

*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984) .............................. 10

*Quern v. Jordan,* 440 U.S. 332 (1979) .......................................................................... 10

*Stump v. Sparkman,* 435 U.S. 349 (1978) ................................................................... 9

*Trzebuckowski v. City of Cleveland,* 319 F.3d 853 (6th Cir. 2003) .............................. 7

*Wells v. Brown et al*, 891 F.2d 591 (6th Cir. 1989) ..................................................... 11

**Statutes**

18 U.S.C. § 1341 ............................................................................................... 4, 5, 12

18 U.S.C. § 471 ........................................................................................................ 4, 5

42 U.S.C. § 1983 ..................................................................................................... 8, 10

Mich. Comp. Laws § 600.916(1) .............................................................................. 4, 5

Mich. Comp. Laws § 750.248 ........................................................................... 4, 5, 12

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................. 2, 6, 7, 14

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 6, 7, 14

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should the Court dismiss Plaintiff's claims where Defendants have judicial immunity?

2. Should the Court dismiss Plaintiff's claims against the Michigan Court of Appeals where it has Eleventh Amendment immunity?

3. Should the Court dismiss Plaintiff's third amended complaint in its entirety because he has failed to state viable claims against the Defendants?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Mireles v. Waco*, 502 U.S. 9 (1991)
*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984)
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

## PROCEDURAL HISTORY

This case stems from the foreclosure of various properties Plaintiff Owen Barnaby once owned in Berrien County where he alleges fraud was involved. (ECF No. 36, PageID.175, ¶ 2.)

On October 7, 2022, Barnaby filed the instant lawsuit in the United States District Court for the Eastern District of Michigan against Berrien County Treasurer Bret Witkowski and Berrien County. (Compl., ECF No. 1, PageID.1-6.) He also named "Michigan State Government," Governor Gretchen Whitmer, former Governor Jennifer Granholm, former Governor Rick Snyder, Niles Charter Township, "Niles Charter Township officials," Berrien County Government, Berrien County Board of Commissioners, Berrien County Treasurer Shelly Weich, and "Berrien County Title Company(s) Insurance Company(s)." (*Id.*)

The Court granted Barnaby leave to amend his complaint after it found that he failed to "plead any viable claims in his Complaint" and did not "make a single allegation concerning any act or omission by any particular Defendant." (Order Granting Leave, ECF No. 4, PageID.30-32.) Barnaby filed an amended complaint adding the Michigan Supreme Court, the State Bar of Michigan, Attorney General Dana Nessel, Assistant Attorney General Kendell S. Asbenson, and additional Berrien County employees and various attorneys. (Am. Compl., ECF No. 6, PageID.35-102.)

On November 28, 2022, Barnaby filed a second amended complaint without leave. (2nd Am. Compl., ECF No. 10, PageID.161-228.) The District Court for the Eastern District of Michigan then transferred this matter to this Court observing

1

that the only four defendants with a connection to the Eastern District (Attorney General Nessel, the Office of the Governor of the State of Michigan, the State Bar of Michigan, and the Michigan Supreme Court) had no apparent connection to Barnaby's claims. (Order Transferring Case, ECF No. 11, PageID.231.)

On December 14, 2022, the Magistrate filed a Report and Recommendation recommending dismissal of the action *sua sponte* pursuant to Rule 12(b)(1). (Report and Recommendation, ECF No. 16, PageID.9-18.) The Magistrate recommended *sua sponte* dismissal of Barnaby's initial complaint for lack of subject matter jurisdiction under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), because the allegations in the complaint were "'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.'" (*Id.*, PageID.9-10 (quoting *Apple*, 183 F.3d at 479-80).) The Magistrate also determined that all requirements for claim and issue preclusion were met. (*Id.*, PageID.14.)

The Magistrate further noted that Barnaby's amended complaint (ECF No. 6) was devoid of merit. She noted that Barnaby cited to inapplicable statutes or statutes that do not provide a private right of action. (Report and Recommendation, ECF No. 16, PageID.15-16.) She also found that Barnaby's claims against the State Bar of Michigan, the Michigan Supreme Court, the State of Michigan, Governor Whitmer, and the Attorney General should be dismissed where they have Eleventh Amendment immunity. (*Id.* at PageID.16-17.) The Magistrate did not expressly state that former Governors Granholm and Snyder, and Assistant Attorney General Asbenson, should be dismissed due to Eleventh Amendment immunity. However, it

2

is surmised that this was an oversight, as the former Governors and Assistant Attorney General Asbenson are entitled to the same immunity. (*See* ECF No. 19, PageID.39-49.)

On December 19, 2022, the State of Michigan, Governor Whitmer, former Governors Granholm and Synder, the Michigan Supreme Court, Attorney General Nessel, and Assistant Attorney General Asbenson (the "State Defendants") filed a motion to dismiss the second amended complaint which, again, was filed without leave of the Court. (Motion to dismiss, ECF No. 18, and brief in support, ECF No. 19).[1] However, these filings post-dated the Magistrate's Report and Recommendation of *sua sponte* dismissal, and this Court later dismissed the motion as moot. (Opinion, ECF No. 67, PageID.943.)

On January 6, 2023, Barnaby filed a motion to file a third amended complaint. (3rd Am. Compl. and motion, ECF Nos. 36-37.) On February 3, 2023, the Magistrate denied Barnaby's motion for leave to file a third amended complaint due to failure to cure the issues addressed in the Report and Recommendation, including claim and issue preclusion and claims being devoid of merit. (Order, ECF No. 62, PageID.879.) The Magistrate also denied the motion based on futility where Barnaby sought leave to add judges and justices, the Michigan Court of Appeals, and a county court, and to expand his complaint to include over a dozen additional counts. (*Id.,* PageID.880.) The Magistrate found the proposed new judicial

---

[1] The State Defendants did not file motions to dismiss in connection with the complaint and amended complaint given service issues, treating the second amended complaint as the most recent, operative complaint.

3

defendants would all be entitled to immunity. (*Id.*, PageID.881-82.) The order also resulted in the proposed third amended complaint being stricken. (*Id.*)

This Court adopted the Report and Recommendation, agreeing on every point. (Opinion, ECF No. 67, PageID.939-42). Thus, denying Barnaby's previously filed motions for default judgment as to the second amended complaint as moot, denying the appeal of the order denying leave to file a third amended complaint as futile, and dismissing Barnaby's second amended complaint under *Apple v. Glenn*, *supra*. (*Id.*, PageID.942-43.)

Barnaby appealed to the Sixth Circuit. (ECF No. 69.) On November 17, 2023, the Sixth Circuit issued an order affirming this Court's order in part, vacating in part, and remanding for further proceedings. (Op. & Ord., ECF. No. 72, PageID.957.) As to the State Defendants, the Sixth Circuit held that Barnaby did not challenge this Court's rulings that the Michigan Supreme Court, the State of Michigan, Governor Whitmer, and Attorney General Nessel are immune from suit or that he does not have a private right of action to seek relief under 18 U.S.C. §§ 471 and 1341 and Mich. Comp. Laws §§ 600.916(1) and 750.248. (Op. & Ord., ECF No. 72, PageID.956.) The Sixth Circuit did not specifically address former Governors Granholm and Snyder and Assistant Attorney General Asbenson—likely because they were not specifically referenced by this Court in the adopted Report and Recommendation. As a result, the Michigan Supreme Court, the State of

Michigan, Governor Whitmer and Attorney General Nessel are no longer parties to this action.[2]

Pursuant to the remand, on December 27, 2023, this Court entered an order granting Barnaby's motion to file a third amended complaint. (ECF No. 91.) This order recognized that claims against the State of Michigan, the State Bar of Michigan, the Michigan Supreme Court, and Defendants Whitmer and Nessel are barred by Eleventh Amendment immunity, and Plaintiff has no private right of action under 18 U.S.C. §§ 471 and 1341 or Mich. Comp. Laws §§ 600.916(1) and 750.248. (*Id.*, PageID.1118.) This Court ordered that "Defendants who have appeared in this action" shall have 28 days to respond to the third amended complaint. (*Id.,* PageID.1124.) A Motion to Dismiss as to the non-Judicial state defendants was filed on January 24, 2024. (ECF No. 116.)

Defendants herein, Michigan Supreme Court Justice Elizabeth Clement, former Michigan Supreme Court Justice Bridget McCormack, former Michigan Court of Appeals Judges Elizabeth Gleicher and Christopher Murray, and the Michigan Court of Appeals (collectively "Judicial Defendants") agreed to a waiver of service making their first responsive pleading due March 29, 2024.

---

[2] The State Bar of Michigan is also not a party where it never received proper service, and the Sixth Circuit affirmed its dismissal. (Op. & Ord., ECF No. 72, PageID.956.)

5

# STANDARD OF REVIEW

Rule 12(b)(1) allows for dismissal for lack of jurisdiction over the subject matter.  Fed. R. Civ. P. 12(b)(1).  A party may assert lack of subject matter jurisdiction at any time, either in a pleading or in a motion.  Fed. R. Civ. P. 12(b)(1).  "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Fed. R. Civ. P. 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  And though courts accept as true plaintiff's factual allegations, courts need not accept as true plaintiff's legal conclusions.  *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003).

A plaintiff must show that the complaint asserts a claim under federal law, and that the claim is substantial.  Under Rule 12(b)(6), a complaint may be dismissed if no relief could be granted under any set of facts that could be proved

6

consistent with the allegations of the complaint. *Ludwig v. Bd. of Trustees*, 123 F.3d 404, 408 (6th Cir. 1997). This court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his/her claim that would entitle him/her to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

A pleading will not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 557), and courts do not accept as true "legal conclusion[s] couched as . . . factual allegation[s]." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). Rather, to "unlock the doors of discovery," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

Judicial immunity supports dismissal under Fed. R. Civ. P. 12(b)(1). Factual insufficiencies, as discussed in more detail below, support dismissal under Fed. R. Civ. P. 12(b)(6). Indeed, when the facts presented by Barnaby are accepted as true, as they must be, they fail to state a tenable claim for relief, warranting dismissal of the Judicial Defendants under Fed. R. Civ. P. 12(b)(6). As it relates to the Judicial Defendants, like the other defendants, Barnaby's third amended complaint is comprised of bare bones assertions sorely lacking factual support.

7

I. **This Court lacks jurisdiction where the Judicial Defendants have judicial immunity.**

Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (superseded by statute on other grounds). This absolute immunity is extended to judges carrying out their judicial function and whose special functions or constitutional status requires complete protection from suit. *Hafer v. Melo*, 502 U.S. 21, 29 (1991) (quotations omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)). "This far-reaching protection 'is justified by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'" *DePiero v. City of Macedonia*, 180 F.3d 770, 783-84 (6th Cir. 1999) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); see *Mireles*, 502 U.S. at 11.

Absolute judicial immunity "is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. First, judicial immunity does not apply to nonjudicial actions. *Id.* (citing to *Forrester v. White*, 484 U.S. 219, 227-29 (1988)). And "[a]n act is non-judicial if it is not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985) (see also *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007)). Barnaby's complaint does not argue the Judicial Defendants were not acting in their judicial capacity. In fact, Barnaby alleges that his claims against the Judicial Defendants are in their official capacities only. (ECF 36, PageID.179, ¶¶ 18-19.) Further, his third amended complaint is completely devoid of any factual development to

8

ascertain what he alleges the Judicial Defendants did improperly (see Section II of this brief)—let alone does it contain any allegations that any of the Judicial Defendants were acting outside of their judicial capacity. As can best be gleaned, he appears to take issue with whether the appellate judges ferreted out his alleged fraud and corrected the record during his appeals. (*Id.,* PageID.216-218, 220-23, ¶¶ 94-95, 97.) Any allegation that the Judicial Defendants, upon reviewing his appeals, did not agree with his legal position does not establish that the Judicial Defendants acted outside of their judicial capacity.

Second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 12 (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Barnaby has not made any allegations that the Judicial Defendants lacked jurisdiction. Rather, it appears he is alleging that, while they had jurisdiction over his appeals, they did not reach the result he desired.

Relative to Barnaby's claim against the Judicial Defendants for a declaratory judgment, as noted, he has not sufficiently pleaded the nature of the justices' and judges' involvement with his state claims. Assuming, based upon his complaint, he is pursuing them based upon their appellate review of his cases, judicial immunity applies as they were acting as "disinterested judicial adjudicator[s], bound to decide the issues before [them] according to the law." *Cooper v. Rapp,* 702 Fed. Appx. 328, 333 (6th Cir. 2017). See also *McNeil v. Cmty. Prob. Servs., LLC,* 945 F.3d 991 (6th Cir. 2019) ("Although declaratory relief is sometimes available against judges, our

9

sister circuits have pointed out that there is usually no case or controversy between judges acting as adjudicators and litigants displeased with litigation outcomes). In such a circumstance, the Judicial Defendants are "not amenable to a suit for declaratory relief under § 1983." *Cooper,* 702 Fed. Appx. at 333. In addition, as to former Justice McCormack and former Judge Gleicher, who are no longer on the bench, declaratory relief is unavailable as they cannot abuse a position they no longer hold. *Orta v. Repp,* 2023 U.S. App. LEXIS 23388 *9 (6th Cir. 2023).

Barnaby fails to plead sufficient facts plausibly demonstrating any exception to absolute judicial immunity barring money damages or declaratory relief against the Judicial Defendants.

## II. The Michigan Court of Appeals should be dismissed due to its Eleventh Amendment immunity.

As with the named judges, Barnaby has sued the Michigan Court of Appeals without alleging any sufficient facts or law to establish a viable claim. Whether Barnaby seeks monetary or equitable relief, states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-101 (1984). Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Quern v. Jordan,* 440 U.S. 332, 341 (1979). Barnaby's conclusory allegations do not point to any state statute or constitutional provision where the State of Michigan has waived its immunity. The Sixth Circuit has held

10

that claims against courts are barred by the Eleventh Amendment. *Metz v. Supreme Court of Ohio*, 46 Fed. Appx. 228, 236-37 (6th Cir. 2002).

### III. Barnaby's third amended complaint fails to include allegations stating a viable claim.

*Pro se* pleadings must be construed liberally by the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, although *pro se* litigants are afforded some leniencies, courts are not required to conjure unstated allegations or guess the plaintiff's claims. *See e.g., Wells v. Brown, et al.*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted). A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. The plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. Pleadings must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true. *Id*. Here, Barnaby has failed to meet these minimal standards.

Barnaby has utterly failed to plead any particularized factual basis to support the claims made against the Judicial Defendants, and instead relies on conclusory allegations. For example, Barnaby claims that:

11

- Judge Murray allegedly failed to set the lower court record "straight" and to "correct the record." (ECF 36, PageID.216-217, ¶ 86.) He generally alleges, without analysis that Judge Murray's alleged failure to correct the record violated his rights under Michigan's General Property Tax Act, P.A. 206 of 1893; the Michigan Penal Code provisions for forging and publishing a public record, Mich. Comp. Laws §§ 750.248-49); the federal mail fraud statute, 18 U.S.C. § 1341;[3] Title II of the Civil Rights Act of 1967, 42 U.S.C. § 2000a(a); the Civil Rights Act of 42 U.S.C. § 1983; and his First, Fourth, Fifth and Fourteenth Amendment rights.

- Judge Gleicher allegedly "is party to the retaliation which is violating [his] constitutional rights by shirking the Court's supervisory authority to correct Michigan Appeals Court's record which violating (sic) [his] constitution and laws under First, Fourteenth Amendments to the United States Constitution not to be retaliate against when seeking redress and not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan." (ECF 36, PageID.217, ¶ 87.)

- The Michigan Court of Appeals allegedly is "responsible for actions and inaction of its Judges and is party to the retaliation which violates Plaintiff's constitution rights and laws." (ECF 36, PageID.218, ¶ 88.)

- Judge McCormack allegedly failed to oversee his complaint to the State Bar of Michigan claiming Bret Witskowski engaged in the unauthorized practice of law. (ECF 36, PageID.220-222, ¶ 94-95.)

- Judge Clement allegedly had "supervisory authority to address former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment. . ." (ECF 36, PageID.223, ¶ 97) (brackets in original).

But these are the only barebones assertions regarding the Judicial Defendants. Nowhere in the third amended complaint does Barnaby provide any factual information to support a cause of action against these Judicial Defendants.

---

[3] The Sixth Circuit ruled that Barnaby has no private cause of action to pursue claims under the Michigan Penal Code provisions (Mich. Comp. Laws § 750.248) and the federal mail fraud statute (18 U.S.C. § 1341). (ECF 72, PageID.956.)

12

The remainder of Barnaby's complaint simply lumps the Judicial Defendants with all the other defendants in this case without any factual or legal development as to what particular appeal his claim is based upon, what information was presented to the court, or what the particular justice or judge ruled regarding any particular appeal which he claims is somehow illegal. While his third amended complaint contains 16 counts, they all concern his claim that his property was fraudulently taken from him. None of the Judicial Defendants were involved in his foreclosure proceedings. Nor does Barnaby allege how any claims he has against the Judicial Defendants would constitute an exception to judicial immunity.

Therefore, in the absence of any allegations stating a viable cause of action, giving notice of the nature of the claims, or establishing subject matter jurisdiction, Barnaby has failed to state a claim against the Judicial Defendants and his third amended complaint against them must be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Barnaby's third amended complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because the Court lacks jurisdiction over the subject matter of the amended complaint as it relates to the Judicial Defendants since Barnaby's claims are barred by judicial immunity.  Further, Barnaby has failed to state a claim against the Judicial Defendants as required by Fed. R. Civ. P. 12(b)(6) and his claims against them are subject to dismissal for this reason as well.

Respectfully submitted,

*s/Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Assistant Attorney General
Attorney for Defendants Granholm, Snyder, Asbenson, Clement, McCormack, Gleicher, Murray, and the Michigan Court of Appeals
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
(313) 456-0067
pendrickk@michigan.gov

Dated: March 22, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice to the parties of record.

*/s/Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Assistant Attorney General