UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

    Plaintiff,

v.

MICHIGAN STATE GOVERNMENT, et al.,
Defendants.

Case No. 1:22-cv-01146

Hon. Robert J. Jonker
Mag. Sally J. Berens

**DEFENDANT THE CITY OF BENTON HARBOR'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant the City of Benton Harbor ("Benton Harbor") submits this reply in support of its motion to dismiss, ECF No. 121. Plaintiff Owen Barnaby ("Mr. Barnaby") has submitted a response brief that, much like his complaint, contains conclusory allegations and irrelevant legal jargon. His response improperly contains a "cross-motion" for summary judgment, which is inappropriate at this stage because discovery has not taken place, and yet another request for entry of default judgment, which this Court has repeatedly denied because default is not appropriate.

For the reasons stated in its motion and brief in support and the reasons below, Benton Harbor requests that the Court grant its motion to dismiss.

**A. Mr. Barnaby's Response Analyzes the Incorrect Court Rules.**

As a preliminary matter, Mr. Barnaby's response in opposition to Benton Harbor's motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not address Benton Harbor's motion under the correct rule of civil procedure. His response improperly references Fed. R. Civ. P. 55 and seeks to impose default judgment on Benton Harbor. As Benton Harbor has identified in its recent motion for sanctions, Mr. Barnaby has already been denied entry of default judgment several times by this Court. ECF Nos. 67, 96, 127. Default is not appropriate because Benton Harbor's motion under

Fed. R. Civ. P. 12(b)(6) satisfies Rule 55(a)'s requirement to "plead or otherwise defend" against Mr. Barnaby's complaint.

Mr. Barnaby's response also contains a "cross-motion" for summary judgment under Fed. R. Civ. P. 56. Benton Harbor will respond to Mr. Barnaby's motion for summary judgment in a separate filing, but it appears that Mr. Barnaby has either confused dismissal under Fed. R. Civ. P. 12 with summary judgment under Fed. R. Civ. P. 56, or has attempted to counter Benton Harbor's motion to dismiss with his own motion for summary judgment. In either circumstance, Rule 56 is not the appropriate standard for Benton Harbor's motion and, for purposes of deciding Benton Harbor's motion, the Court should ignore Mr. Barnaby's references to Rule 56.

Additionally, Mr. Barnaby cannot rely on discovery to overcome his failure to state a claim. Mr. Barnaby repeatedly references the fact that "discovery will prove to the Court" that his properties were foreclosed upon due to the Defendants' "wide-ranging conspiracy . . . involving 'an evil plot and an elaborate scheme to steal and defraud Plaintiff' of his properties." ECF No. 144, PageID.1985. But a plaintiff cannot survive a motion to dismiss and proceed to discovery unless the complaint states sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Motions under Rule 12(b)(6) seek to dismiss a complaint on its face—not to litigate the underlying merits of the claims like a Rule 56 motion. As Benton Harbor stated in its motion to dismiss, Mr. Barnaby's complaint fails to adequately plead any of his claims against Benton Harbor and simply states (and restates ad nauseam) that Benton Harbor was in a conspiracy with the other Defendants, without identifying any facts of the so-called conspiracy. No amount of discovery will change the

2

fact that Mr. Barnaby has not adequately plead any claims against Benton Harbor.

Moreover, Mr. Barnaby's response makes clear that he believes the Sixth Circuit's order, ECF No. 72, requires the District Court to enter an order in his favor as to all issues. As the Court is aware, the Sixth Circuit made no such ruling. It vacated this Court's order dismissing the case and denying default judgment and remanded for further proceedings. It did not reverse the Court's order and its order does not contain any mandate to find in Mr. Barnaby's favor on any issue.

**B. Benton Harbor is entitled to dismissal of Mr. Barnaby's claims with prejudice.**

For the reasons stated in Benton Harbor's motion, Benton Harbor is entitled to dismissal of Mr. Barnaby's third amended complaint, ECF No. 36, in its entirety and with prejudice. No amendment can cure the deficiencies of his complaint as to Benton Harbor. Benton Harbor addresses each of Mr. Barnaby's counter-arguments herein.

**1. Mr. Barnaby cannot introduce a new theory of liability in his response to a motion to dismiss and, in any event, it does not save his complaint from dismissal.**

In Mr. Barnaby's response, he provides an entirely novel theory of liability as to Benton Harbor: that it is involved in the so-called conspiracy because it had requested that some of his properties be demolished after they were foreclosed upon. In support of this theory, he relies upon the deposition of former Berrien County Treasurer Bret Witkowski that occurred in one of Mr. Barnaby's prior lawsuits. *Id.*, PageID.1980. As best as Benton Harbor can infer, it appears that Mr. Barnaby is attempting to connect Benton Harbor's alleged request to demolish the properties to his perceived "scheme" between Berrien County and former Berrien County Treasurer Bret Witkowski to deprive Mr. Barnaby of the properties. As a preliminary matter, Mr. Barnaby did not include any allegation whatsoever in any of his complaints that Benton Harbor had ever requested the demolition of the properties. He cannot bootstrap new pleadings into his response at the motion

to dismiss stage in an attempt to save his complaint. Regardless, the mere allegation that Benton Harbor requested that the properties be demolished is not adequate to assert a claim for conspiracy.

A civil conspiracy is "an agreement, or preconceived plan, to do an unlawful act." *Bahr v. Miller Bros. Creamery*, 365 Mich. 415, 427, 112 N.W.2d 463 (Mich. 1961). A conspiracy requires a concerted action; the alleged conspirator must have known of, and acquiesced in, the underlying wrongful conduct. *Rosenberg v. Rosenberg Bros Special Account*, 134 Mich. App. 342, 354, 351 N.W.2d 563 (Mich. App. 1984). Merely claiming conspiracy is not sufficient when the facts pleaded do not disclose a conspiracy. *Coronet Dev Co v FSW, Inc*, 3 Mich. App. 364, 369, 142 N.W.2d 499 (Mich. App. 1966), *aff'd*, 379 Mich. 302, 150 N.W.2d 809 (Mich. 1967). Conspiracy may not be assumed. *Harvey v. Lewis*, 357 Mich. 305, 311, 98 NW2d 599 (1959). Here, Mr. Barnaby simply alleges that Benton Harbor asked for Berrien County to demolish properties that had been foreclosed upon. A city government asking a county government to demolish buildings does not demonstrate a "preconceived plan," nor does it constitute an "unlawful act." *Bahr*, 365 Mich. 427.

2. **Benton Harbor is entitled to dismissal of the complaint in its entirety because Mr. Barnaby cannot recover for damages from Benton Harbor arising from the foreclosures or from the alleged wrongdoing during the prior lawsuits.**

Mr. Barnaby has not (and cannot) plead facts to establish any liability as to Benton Harbor. Benton Harbor's motion states that it is not liable to Mr. Barnaby for any damages arising from the foreclosures because (1) his claims against Benton Harbor arising from the foreclosures are past the statute of limitations, (2) Mr. Barnaby is judicially estopped from claiming damages from the foreclosures based on his representations to the Sixth Circuit, and (3) as a matter of law, Benton Harbor was not involved in the foreclosure proceeding nor the lawsuits that followed.

In his response, Mr. Barnaby simply argued that "Benton Harbor fails to acknowledge the

4

completeness of" his second and third amended complaints and repeated his assertion that the complaint says that his properties were lost due to "Defendants['] Forgery, Retaliation, Conspiracy, Fraud, Theft, Coverup that demolished [the properties] in violation of Plaintiff's due process." ECF No. 144, PageID.1991. Such bare conclusions, without more factual support, demonstrate why Benton Harbor is entitled to dismissal in this case.

### 3. Benton Harbor is entitled to dismissal of Counts II, VIII, XII, XIII, XIV, XV, and XVI because those claims do not have a private cause of action.

Mr. Barnaby's Count II (Right to a Fair Trial), VIII (Freedom of Movement and Freedom from Torture), XIII (Safety from Harassment and Right to Gainful Employment), XIV ("Rights Given" under Michigan's General Property Tax Act, Unauthorized Practice of Law Statute, and Forgery Statute), XV (Whistleblowing), and XVI (Right to Housing) must be dismissed because they are not private causes of action. As Benton Harbor's brief outlines, a civil plaintiff cannot receive relief under those theories. Mr. Barnaby's response argues that he does have a private cause of action under those counts because of "Benton Harbor's conspiracy to commit continuous 'fraud' or 'forgery' with the Berrien County Defendants to steal and defraud Plaintiff of his properties." ECF No. 144, PageID.1993. His circular reference back to his argument that he can recover under "fraud," "forgery," or "conspiracy" is irrelevant to the fact that the counts identified above cannot be an avenue for relief in a civil lawsuit.

### 4. Benton Harbor is entitled to dismissal of the tort claims.

Municipalities like Benton Harbor are entitled to tort immunity under the Government Tort Liability Act. MCL § 691.1407(1) states: "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." A governmental function is defined as "an activity that is

expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b). There need only be "*some* constitutional, statutory, or other legal basis" for the activity in which the governmental agency is engaged for it to be deemed a "governmental function." *Pawlak v. Redox Corp.*, 182 Mich. App. 758, 764, 453 N.W.2d 304 (Mich. App. 1990); *see also Hyde v. University of Michigan Bd. of Regents*, 426 Mich. 223, 252, 393 N.W.2d 847 (Mich. 1986). Mr. Barnaby argues that the "violation of Plaintiff['s] constitutional rights is not an official 'governmental function.'" ECF No. 144, PageID.1997. However, a violation of a constitutional right is not a tort claim. Whether Benton Harbor violated a constitutional right, which it denies, is irrelevant to whether it committed a tort. Mr. Barnaby has failed to argue that Benton Harbor was not engaged in a governmental function, Benton Harbor is entitled to dismissal of his tort claims under the Government Tort Liability Act.

**5. Benton Harbor is entitled to dismissal of the constitutional claims.**

Mr. Barnaby cannot hold Benton Harbor liable for his alleged constitutional violations under *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). A municipality may only be held liable for damages under *Monell* when the alleged violation results from "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694. "There are four avenues to make such a claim: official policy or legislation; action authorized by a designated decisionmaker; failure to train or supervise employees; or a custom of acquiescence in rights violations." *Novak v. City of Parma, Ohio*, 33 F.4th 296, 309 (6th Cir. 2022) (citing *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019)). Under any of these four theories, the plaintiff must show that the municipality's policy or custom was the "moving force" behind the alleged injury. *Miller v. Sanilac Cty*, 606 F.3d 240, 254–255 (6th Cir. 2010).

Once again, Mr. Barnaby's response simply re-states his allegations that Benton Harbor was involved in a conspiracy to deprive him of his properties. He has not identified any "custom or usage" employed by Benton Harbor, nor any "policy or legislation," "action authorized by a designated decisionmaker," "failure to train or supervise employees," or "a custom of acquiescence." *Novak*, 33 F.4th 309. Instead, he states broadly that Benton Harbor conspired with Berrien County to deprive him of his properties by, at best, allegedly requesting that some of the properties be demolished after the County took possession of them. A one-time action does not constitute a "policy or custom." Thus, his constitutional claims against Benton Harbor must be dismissed because he has not established municipal liability under *Monell*.

**6. Benton Harbor is entitled to dismissal because the Complaint does not state an adequate claim to relief as to the tort and constitutional claims.**

Even setting aside the fact that Benton Harbor is immune from Mr. Barnaby's tort and constitutional claims, he has failed to adequately plead any facts that entitle him to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Mr. Barnaby's complaint fails to state any facts that infer "more than the mere possibility of misconduct" by Benton Harbor. *Id.* At best, he has alleged that his properties that were foreclosed upon were situated in Benton Harbor and, based on nothing more than his own assumptions, Benton Harbor conspired with Berrien County and the other defendants to deprive him of his property. For the reasons outlined in Benton Harbor's motion to dismiss, ECF No. 121,

7

PageID.1597-1602, his tort and constitutional claims fail to adequately plead "a claim to relief that is plausible on its face." *Id.*

## CONCLUSION

For the foregoing reasons and those identified in Benton Harbor's motion to dismiss, Benton Harbor respectfully requests that the Court grant its motion to dismiss under Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's complaint with prejudice, and any other relief that the Court deems just.

> Respectfully submitted,
>
> BODMAN PLC
> By: *Thomas J. Rheaume, Jr.*
> Thomas J. Rheaume, Jr. (P74422)
> Emily P. Jenks (P84497)
> 6th Floor at Ford Field
> 1901 St. Antoine Street
> Detroit, Michigan  48226
> 313-259-7777
> trheaume@bodmanlaw.com
> ejenks@bodmanlaw.com
> Attorneys for Defendant the City of Benton Harbor

Date: March 25, 2024

## **CERTIFICATE OF COMPLIANCE WITH L.R. 7.2(b)(ii)**

Benton Harbor certifies that this reply brief is in compliance with LR 7.2(b)(ii). Microsoft Word's word count function reports a total word count of 2,338, as defined by LR 7.2(b)(i).

                                            Respectfully submitted,

                                            BODMAN PLC

                                            By: *Thomas J. Rheaume, Jr.*
                                                Thomas J. Rheaume, Jr. (P74422)
                                                Emily P. Jenks (P84497)
                                            6th Floor at Ford Field
                                            1901 St. Antoine Street
                                            Detroit, Michigan  48226
                                            313-259-7777
                                            trheaume@bodmanlaw.com
                                            ejenks@bodmanlaw.com
                                            Attorneys for Defendant the City of Benton Harbor

March 25, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, I caused the foregoing paper and this Certificate of Service to be electronically filed by using the MiFILE system which will send notification of such filing(s) to all counsel of record.

*/s/ Emily P. Jenks (P84497)*