# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
|    Plaintiff- Appellant | ) |
|          Vs. | ) Hon. Robert J. Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
|    Defendants- Appellees | ) Case No. 1:22 -CV- 1146 |

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

1

### PLAINTIFF'S OPPOSITION TO DEFENDANT THE CITY OF BENTON HARBOR'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11

Comes now Plaintiff, In Pro Se,  Owen W. Barnaby, with his Opposition Motion to request that, this Your Honorable Court Deny, Defendant the City of Benton Harbor motion for sanctions under Fed. R. Civ. P. 11, that:  **First,** finding that, it is clearly frivolous, hitting of the table "noise", devoid of relevant material facts and law designed for diversion from the conspiracy that, is injuring Plaintiff. See, (ECF No. 144-2, PageID.2077-2085).  **Second,** to award to Plaintiff this request: to enter an order placing Benton Harbor on restricted filer status, relieve Plaintiff from responsibility to respond to Defendants' motions and submissions in this case unless the Court orders Plaintiff to respond. Require Benton Harbor and the other Defendants to pay Plaintiff's reasonable costs and fees for having Plaintiff to respond to their baseless and meritless filings to evade responsibilities for their unlawful criminal conducts that has injured and continues to injure Plaintiff and to award Complaint's present full Damages to the tune of $75,097,765.50. **Third,** considering Plaintiff's Fourth Amended Complaint (ECF No.145, PageID.2109-2287).  Plaintiff request that, the Honorable Magistrate Judge Berens' upcoming Report and Recommendation (ECF No. 140), address Plaintiff's injuries caused by Defendants' crimes of : Forgeries, Fraud, Fraud Upon Courts, UPL, Thieveries, Falsifications of Court's and County's Records and  Conspiracies to commit the same.

Please see more in supporting Brief below.

Respectfully Submitted,

Dated:  March 25, 2024,                    \S/ Owen W. Barnaby
                                                               Owen W. Barnaby, In Pro Se.

2

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, ) | |
|    Plaintiff- Appellant ) | |
| | |
|        Vs. | ) Hon. Robert J. Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
|    Defendants- Appellees | ) Case No. 1:22 -CV- 1146 |

### PLAINTIFF'S BRIEF IN SUPPORT OF OBJECTION TO DEFENDANT THE CITY OF BENTON HARBOR'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11

## Statement of Specific Pertinent and Relevant Facts

1. Defendants concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of Berrien County property owners of their properties by conspiring to commit: forgery, falsify records, unauthorized practiced of law, retaliations, concealment, fraud, fraud upon courts, discriminations in the advancement of their gentrification agenda, in violation of Plaintiff's Constitutional Rights.

2. Plaintiff's, property located in the Niles Charter Township, parcel# is, 11-14-0112-0011-17-4/ 2116 S. 15th Street. And Plaintiff's, properties located in 'City of Benton Harbor', are: parcel # 51-5000-0006-00-4 aka 931 Colfax, parcel # 51-5000-0007-00-1 aka, 941 Colfax, parcel # 11-51-0801-0075-00-8 ask 189 Apple Ave, parcel # 11-52-7500-0002-00-6 aka 272 Pipestone St.; parcel # 11-52-7500-0003-00-2 ask 272 Pipestone St.; parcel # 11-52-0019-

3

0071-02-5 aka 272 Pipestone St., 235-239 Pipestone St., and one additional property stolen which is omitted and to be added to the list.

3.  Plaintiff's, 'Second and Third Amended Complaints -(ECF Nos. 10, 36), and Fourth Amended Complaint's, usage of terms "falsification", "forgeries" or "forged,", falsification 750.248, making, altering, forging, or counterfeiting public record and documents—forged notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and forged quit claim deed(s), to the purchaser(s) are in the legal sense that, they were false or altered documents made to looked genuine. When Plaintiff or Mr. Barnaby's Complaints use the terms, "forgeries" or "Forged", Forgery Notices of Judgment of Foreclosures, Forgery Certificates of Foreclosures, Forgery Quit Claim Deeds to the purchasers and Forgery Order, he means forgeries in the legal sense that they are false or altered documents made to look genuine. In addition, Plaintiff asserts that that they are rendered invalid because they are forged documents, in keeping with Michigan's laws. § 750-248 and § 750-249. **"Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone."** Second of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and 'Fourth Amended Complaint' are that, the Michigan Trial Court, Appellate Court, and Supreme Court relied on these "forged documents", "fraud" and "fraud upon courts", to uphold forgery foreclosures. Third of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that, all Defendants directly or indirectly made themselves apart of the evil plot and elaborate conspiracy scheme to steal and defraud Plaintiff of his properties either when they created, used, or possessed the forged documents and or by falsifications of Court's and County records, fraud,  fraud upon courts, unlawful concealment of the forgeries or

4

retaliated against Plaintiff to stop the forgery from redress or conspiracy of silence an agreement to say nothing about the forgeries that, should have been generally made known to the Plaintiff and others.

4. The United States Constitution, The First, Fourth, Fifth Takings-Clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983, 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a), Fed. R. Crim. P. 41 and the Constitution of the State of Michigan and its laws, General Property Tax Act, P.A. 206 of 1893, ("GPTA"); "Conspiracy, act 328 of 1931 750.157a"; UPL (MCL 600.916 and MCL 450.681; Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249) all recognize the critical importance of protecting citizens civil rights to their, properties, homes, and employments and from discriminations.

5. The Complaint consists of eight sets of Defendants that caused Plaintiff's continuous injuries, as follows, 1). The Berrien County Defendants; 2). The Niles Township Defendants; 3). The Holmstrom Defendants; 4). The Benton Harbor—State of Michigan Governors Defendants; 5). The Berrien County Trial Court and Its Judges Defendants; 6). Appellate Court and Its Judges Defendants; 7). Supreme Court's Judges Defendants and 8). The Assistant Attorney General Asbenson. While some sets of the Defendants actions triggered other Defendants actions or omissions, Plaintiff is injured by all eight sets of Defendants.

6. The Summary Facts that, connect all eight sets of Defendants are as follows: Plaintiff alleges that, **(1)**. They or The Berrien County Defendants and its, Treasurer, Mr. Witkowski are the superglue or linchpins that connects all the other Defendants' conspiracies of, forgeries, falsifications of County's record and Court's record, fraud, fraud upon courts,

unauthorized practiced of laws, retaliations, coverups, concealments, and discriminations; and other sets of Defendants [triggered actions], but that all their actions or inactions collectively stole and defrauded Plaintiff of his properties; **(2)** They conspired with the Township Defendants from March 01, 2010 to present, in silence agreement to say nothing about the reduced 2007 Property taxes, that should have been generally made known to Plaintiff and others; **(3)** They conspired with Benton Harbor and State of Michigan Defendants Governors from on or about February 01, 2012 to present, in silence agreement to say nothing, that they demolished Plaintiff's properties in violation of his due process, discriminated against Plaintiff, and not allow him to pay other properties taxes before foreclosure and demolition; **(4)** They conspired with the Holmstrom Defendants, from on or about December 12, 2014 to present, who mailed, emailed and filed forgery documents in court proceeding to defraud Plaintiff; **(5)** They conspired with the Berrien County Court and its Judges from on or about March 01, 2010 to present, to aid and abet them in Unauthorized Practice of Law and to falsify the Court's record with a forged Order, and to commit fraud upon the Berrien County Trial Court to defraud Plaintiff; **(6)** Their conspiracies of falsification and forgery caused the Berrien County Court, The Appellate, Court and the Supreme Court of Michigan from on or about March 01, 2010 to present to rely on UPL, fraud, fraud upon the court, falsification and forged documents to uphold imaginary forged foreclosure Judgment against Plaintiff; **(7)** They caused the State Bar of Michigan and its Supervisors Defendants Judge Clement and Judge McCormack from on or about March 01, 2010 to present, to overlook evidence and refuse to act on formal complaint that Witkowski had engaged in the unauthorized practice of law; and **(8)** From on or about March 01, 2010 to present, they caused the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson to conspired with the other defendants and

refused to prosecute crimes that, the defendants committed or to refer the crimes to the Michigan Attorney General, Ms. Nessel.

7. Plaintiff filed, Second and Third Amended Complaints -(ECF Nos. 10, 36), and Application for Default-(ECF No, 32), and Application and Default Judgment-(ECF No, 28, 31), were denied by this District Court. Plaintiff Appealed to the Sixth Circuit Appellate Court and it found accordingly:

> "We review default-judgment decisions for an abuse of discretion. Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court found that its dismissal of the second amended complaint mooted Barnaby's motions for default judgment. Because the district court erred in dismissing the second amended complaint, however, it also erred in finding that the motions for default judgment were moot." "…**VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1 Filed: 11/17/2023, Page: 6).

8. Considering the Sixth Circuit Appellate Court's Order and Judgment-(ECF No, 72, 73), that is binding on the District Court and in lights, of the Magistrate Judge's Orders Deny Plaintiff's Application for Default-(ECF No, 32, 75,) and Application and Default Judgment-(ECF No, 28, 31, 77, 81, 88). Plaintiff filed corrected Application for Default-(ECF No, 95, 124) and appealed the Magistrate Judge's Orders-(ECF Nos, 91, 96) to the District Court. The District Court affirmed the Magistrate Judge's Orders-(ECF Nos, 91, 96, 127). Plaintiff sought Interlocutory Appeal in the Sixth Circuit Appellate Court, and it dismissed the Interlocutory Appeal for lack of Jurisdiction as the Orders on Appeal were not Final Orders ripe for Appellate review. See, (ECF No. 144-1, PagesID.2010-2076)

9. Both the State of Michigan Defendants and Defendant the City of Benton Harbor filed motions to dismiss Plaintiff's Complaint and Plaintiff responded and with cross-motion for Summary Judgment -(ECF Nos, 116, 121, 145). The Magistrate Judge entered Order-(ECF No,

7

140), noticing Plaintiff of the Court's intent to file R&R and Ordered , Plaintiff to amend his 'Third Amended Complaint'(ECF No. 36), Plaintiff amended (ECF Nos. 145, 146).

10. Plaintiff's, Motion to Amend or Leave to Amend states as follows, "Notwithstanding, Plaintiff's Motion, to Amend or Leave to Amend, 'Third Amended Complaint'(ECF No. 36), Plaintiff request the Preservation of His Application for Default-(ECF Nos, 32, 75, 95, 124), and Application and Default Judgment-(ECF Nos, 28, 31, 77, 81, 88), for Sixth Circuit Appellate Court review." Both Plaintiff's response to Defendant the City of Benton Harbor filed motions to dismiss Plaintiff's Complaint and Amendment according to the Magistrate Judge's Order-(ECF No, 140), triggered the Defendant the City of Benton Harbor retaliatory motion for sanctions under Fed. R. Civ. P. 11.

# ARGUMENT

### I. PLAINTIFF'S RESPONSE TO: Mr. Barnaby has violated Fed. R. Civ P. 11 by repeatedly filing frivolous lawsuits and dozens of motions and appeals seeking entry of default judgment.

Plaintiff contends that, there is a known saying that, when attorneys have material relevant facts, they argue those facts and when they have controlling laws they argue those laws, but when they do not have either, they hit tables to make noise, to create diversion that the issue they are advancing are factually erroneous and legally moot. Moreover, Plaintiff contends that, this Court should see Defendant the City of Benton Harbor retaliatory motion for sanctions under Fed. R. Civ. P. 11, for what it is, just, "noise", to create diversion that the issue they are advancing are factually erroneous and legally moot. **T**he City of Benton Harbor Defendant cited the law.

"Fed. R. Civ. P. 11(b) requires a party, including a pro se litigant, to conduct a reasonable inquiry before presenting a pleading, written motion, or other paper to the court, to confirm that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that the "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

**First,** the Defendant City of Benton Harbor's Motion to Sanction Plaintiff is a violation of, the very law, Fed. R. Civ. P. 11(b), cited by it accordingly. The City of Benton Harbor Defendant's Motion to Sanction is factually inaccurate or is lying to this Court, that, **"Mr. Barnaby has violated Fed. R. Civ P. 11 by repeatedly filing frivolous lawsuits and dozens of motions and appeals seeking entry of default judgment." (1).** The Six Circuit Appellate Court has just reversed this District Court's Orders and Final Judgement-(ECF Nos, 67, 68, 72 and 73) finding that, Plaintiff's lawsuit is not frivolous. **(2).** The City of Benton Harbor Defendant and its Attorneys cannot prove that, Plaintiff has filed over twenty-four Motions in this Federal Court, they are making willful misrepresentations. **(3).** It is Plaintiff's constitutional right to seek an appeal. (ECF No. 144-1, PagesID.2010-2076). **(4).** Plaintiff's Complaint arisen because the City of Benton Harbor Defendant, has conspired with the Other Defendants to violate these same rights and now has Motion to Sanction Plaintiff to stop him from getting redress on the merit. Plaintiff contends, Its Motion for Sanction is clearly "noise", to create diversion from the conspiracy that is injuring Plaintiff. See, (ECF No. 144-2, PageID.2077-2085).

**Second,** the Defendant City of Benton Harbor's Brief to Sanction argued, "Nor is it reasonable for Mr. Barnaby to continually seek this relief after his motions for default were denied." It is not a secret that, Plaintiff believe this District Court's Orders-(ECF Nos, 91, 96, and 127), violated the Six Circuit Appellate Court's Order and Judgment-(ECF Nos, 72, 73),

9

ECF No. 144-1, PageID.2010-2076. As such, Plaintiff is entitled to appeal these Orders; it is his constitutional right.

**Third,** dockets -(ECF Nos, 93, 94) are simply notices of appeals; dockets -(ECF Nos, 100, 109-112) are appeal Brief, and Motion because there are New Material Discoveries and Exhibits. Plaintiff contends that nothing here warrants his sanction and that the City of Benton Harbor Motion for Sanction is frivolous or clearly "noise", to create diversion from the conspiracy that, is injuring Plaintiff. See, (ECF No. 144-2, PageID.2077-2085).

**Fourth,** between the period of appealing the Hon. Mag. Sally J. Berens to the Hon. Robert J. Jonker Plaintiff filed dockets Applications for Default -(ECF Nos, 95, 124) to be more perfect with, Fed R. Civ. P. 55(b)(1). Plaintiff avers that, the City of Benton Harbor Defendant either never filed a response to Plaintiff's Applications for Default -(ECF Nos, 95, 124) to be more perfect with, Fed R. Civ. P. 55(b)(1) or that filed response was untimely. As such, its Motion for Sanction is frivolous or clearly "noise", to create diversion from the conspiracy that is injuring Plaintiff. See, (ECF No. 144-2, PageID.2077-2085).

**Fifth,** Plaintiff contends that, ever since the Hon. Robert J. Jonker Denied, his Applications for Default -(ECF Nos, 95, 124) to be more perfect with, Fed R. Civ. P. 55(b)(1) and affirmed the Hon. Mag. Sally J. Berens-(ECF Nos, 91, 96 and 127), Plaintiff never filed a new Applications for Default or Applications or Motions for Default Judgment. Plaintiff only responded to the City of Benton Harbor Defendant and State of Michigan Defendants, Motions for Dismissal of Plaintiff's Third Amended Complaint-(ECF No, 36), with Cross-Motion for Summary Judgments. In addition, Plaintiff filed Motions seeking clarifications, one example. The Court granted Plaintiff motion for his Third Amended Complaint-(ECF No, 36), but failed to direct the Clerks to issue Summonses.

10

**Lastly,** The Magistrate Judge entered Order-(ECF No, 140), noticing Plaintiff of the Court's intent to file R&R and Ordered and Plaintiff filed the Motion to amend his 'Third Amended Complaint'(ECF No. 36), in keeping with the Court's Order-(ECF Nos. 140, 145, 146).  Because Plaintiff filed on March 18, 2024, states,  "Notwithstanding, Plaintiff's Motion, to Amend or Leave to Amend, 'Third Amended Complaint'(ECF No. 36), Plaintiff  request the Preservation of His Application for Default-(ECF Nos, 32, 75, 95, 124),  and Application and Default Judgment-(ECF Nos, 28, 31, 77, 81, 88), for Sixth Circuit Appellate Court review." Both Plaintiff's response to Defendant the City of Benton Harbor filed motions to dismiss Plaintiff's Complaint and Amendment according to the Magistrate Judge's Order-(ECF No, 140), triggered the Defendant the City of Benton Harbor, March 19, 2024, retaliatory motion for sanctions under Fed. R. Civ. P. 11.  The "noise", to create diversion from the conspiracy that is injuring Plaintiff. See, (ECF No. 144-2, PageID.2077-2085).

## II.  PLAINTIFF'S RESPONSE TO:     The appropriate sanction in this case is placing Mr. Barnaby on restricted filer status and requiring Mr. Barnaby to pay costs and fees to Benton Harbor.

Once more,  when attorneys have material relevant facts, they argue those facts and when they have controlling laws they argue those laws, but when they do not have, they hit tables to make "noise", to create diversion that the issue they are advancing are factually erroneous and legally moot.  However, the City of Benton Harbor's Motion for Sanction, is more than just making  "noise", it and its Attorneys are asking this Federal District Court, to commit acts of Forgery and Fraud Upon This Federal District Court to assist them. When Plaintiff used the phrase "Fraud on the court", or "fraud upon the court" he means.

> "Fraud on the court, or fraud upon the court, refers to a situation in which a material misrepresentation has been made to the court. Alternatively, the term could be used to refer to a situation in which a material misrepresentation has been made by the court

11

itself. The overall defining requirement is that the impartiality of the court has been disrupted so significantly that it cannot perform its tasks without bias or prejudice."

Plaintiff has alleged in his Complaint and filed documents in this Federal District Court that Defendants including the City of Benton Harbor Defendant, Conspiracy, Forgery, Falsifications of County's and Court's Record, Retaliation, Fraud, Fraud Upon Courts, Theft, Coverup, Unauthorized Practice of Law, Discrimination and Unlawful Concealment willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  Because Plaintiff's properties were his employment and his livelihood for him and his family, their lives have been very difficult over these last fourteen years.  Yet, the City of Benton Harbor Defendant and Its Attorneys are asking this Court to ignore their Conspiracies, Forgery, Falsifications of County's and Court's Record, Retaliation, Fraud, Fraud Upon Courts, Theft, Coverup, Unauthorized Practice of Law, Discrimination and Unlawful Concealment and to Sanction Plaintiff to stop redress on the merit. As such, Plaintiff contends Defendant's use of  requested sanction is directed at the "judicial machinery" itself, which would be fraud upon this District Court.

Lastly, Plaintiff contends that, Defendants same principle caused the Michigan State Courts and their Judges and Attorneys to commit fraud upon Michigan's State Court that cause Plaintiff's same injuries. Please see, (ECF No. 145, Pages ID. 2226-2231). In addition, Defendants' Forgeries, and conspiracy to commit Forgeries documents are filed in this Court's record and this Court is in possession of them. Moreover, Michigan law states, **Forgery is illegal in Michigan,** and occurs when a defendant **creates**, **uses**, or **possesses** a false document with the intent to use it to defraud someone**.**   As such, because this Court now has Defendants' Forgery documents, and Forgery conspiracy documents, this Court cannot ignore them or use them to

12

further injure Plaintiff to grant the City of Benton Harbor Defendant motion to sanction Plaintiff. As this Federal District Court and its Judges would become like the Michigan State Court and their Judges that Plaintiff alleges commit both Forgery and Fraud Upon Michigan State Courts.

**FILED EXHIBITS IN THIS DISTRICT COURT'S RECORD**

| | | |
|---|---|---|
| EXHIBIT A | **Forgery** Documents | ID.560-563 |
| EXHIBIT B | Barnaby's Affidavit | ID. 564-569 |
| EXHIBIT C | Knowledge/Not Protect Against Illusory Truth | ID.770-779 |
| EXHIBIT D | Dr Bulgin Expert Report | ID. 580-588 |
| EXHIBIT E | Dr. Payne Expert Report | ID.589-607 |
| EXHIBIT F | Paid in Full Niles Properties 2007 Tax Receipt | ID.608-609 |
| EXHIBIT G | Appraisal Report at $12,000.00 | ID.610-635 |
| EXHIBIT H-1 | Opinion #1 of Sixth Circuit Court | ID.636-640 |
| EXHIBIT H-2 | Opinion #2 of Sixth Circuit Court | ID.741-643 |
| EXHIBIT H-3 | Judgment of Sixth Circuit Court | ID.644-645 |
| EXHIBIT I-1 | Witkowski's **Perjury Deposition.** | ID.646- 686 |
| EXHIBIT I-2 | Witkowski's Deposition. | ID.687-694 |
| EXHIBIT I-3 | Witkowski's Deposition. | ID.695-708 |
| EXHIBIT I-4 | UPL & **Forgery** Foreclosure Judgment-August 18, 2010, | ID.709-714 |
| EXHIBIT J | State Michigan Bar Letter | ID.715-716 |
| EXHIBIT K | Judgement & **Forgery** Order | ID.717-723 |
| EXHIBIT L-1 | Attorney Holmstrom's **Forgery** Brief | ID.724-726 |
| EXHIBIT L-2 | Attorney Holmstrom's **Forgery** Brief | ID.727-729 |
| EXHIBIT L-3 | Attorney Holmstrom's **Forgery** Brief | ID.730-734 |
| O | Witkowski's **Willful False Affidavit/Perjury** | ID.756-758 |
| EXHIBIT W-1 | Sixth Circuit Order (ECF Nos. 72) | ID.000-000 |
| EXHIBIT W-2 | Sixth Circuit Judgment. (ECF Nos. 73) | ID.000-000 |
| EXHIBIT W-3 | Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95) | ID.000-000 |
| EXHIBIT W-4 | Magistrate's Order (ECF Nos. 91) | ID.000-000 |
| EXHIBIT W-5 | Plaintiff's Default /Brief (ECF No. …) | ID.000-000 |
| EXHIBIT W-6 | Barnaby's Affidavit | ID. 1187- 1188 |
| EXHIBIT W-7 | Notice from Clerk (ECF Nos. 84) | ID.000-000 |
| EXHIBIT W-8 | Proof Service of Sommons Receipts | ID. 113- 129 |
| EXHIBIT W-9 | Attorney Hackworth Job Description | ID. 1201 |
| EXHIBIT W-10 | Request or Motion for Default Judgment | |
| EXHIBIT W-11 | Attorney Holmstrom's Personal Letter to Judge | ID. 1125- 1126 |
| EXHIBIT W-12 | Electric receipt that further Proofs Proper Service | ID. 1379- 1380 |
| EXHIBIT W-13 | Proof of Holmstrom Defendants Service rejection | ID. 1381-1383 |
| EXHIBIT W-14 | District Court's Service Handbook | ID.1384-1386 |
| EXHIBIT W-15 | Mr. Hackworth, Authorized by Appointment by Law | ID. 1387- 1388 |
| EXHIBIT W-16 | …………………….………….……….. | ID.000-000 |

| | | |
|---|---|---|
| EXHIBIT W-17 | PLAINTIFF'S STIPULATION OFFER | ID.000-000 |
| EXHIBIT W-20 | Default-Judgments (ECF Nos. 28,31,32,75,77,81,88,95,124) | ID.2010-2076 |
| EXHIBIT W-21 | Defendants' Berrien County, Benton Harbor conspiracies | ID.2077-2085 |
| EXHIBIT W-22 | Conspiracy not to prosecute the other Defendants | ID. 0000-0000 |
| EXHIBIT W-23 | STATE DEFENDANTS' SIXTH CIRCUIT'S BRIEF | ID.1945-1967 |

## Relief Requested

**First,** for the reasons articulated therein, Plaintiff request that, this Court Deny Defendant's Motion for Sanction finding that, it is clearly frivolous, hitting of the table "noise", devoid of relevant material facts and law designed for diversion from the conspiracy that, is injuring Plaintiff. See, (ECF No. 144-2, PageID.2077-2085). **Second,** to award to Plaintiff this request: to enter an order placing Benton Harbor on restricted filer status, relieve Plaintiff from responsibility to respond to Defendants' motions and submissions in this case unless the Court orders Plaintiff to respond. Require Benton Harbor and the other Defendants to pay Plaintiff's reasonable costs and fees for having Plaintiff to respond to their baseless and meritless filings to evade responsibilities for their unlawful criminal conducts that has injured and continues to injure Plaintiff and to award Complaint's present full Damages to the tune of $75,097,765.50. **Third,** considering Plaintiff's Fourth Amended Complaint (ECF No.145, PageID.2109-2287). Plaintiff request that, the Honorable Magistrate Judge Berens' upcoming Report and Recommendation (ECF No. 140), address Plaintiff's injuries caused by Defendants' crimes of : Forgeries, Fraud, Fraud Upon Courts, UPL, Thieveries, Falsifications of Court's and County's Records and Conspiracies to commit the same.

                                          Respectfully Submitted,

Dated: March 25, 2024,            \S/ Owen W. Barnaby
                                        Owen W. Barnaby, In Pro Se.

## CERTIFICATE OF RULE COMPLIANCE

This brief complies with the word limit of L. Civ. R. 7.3(b)(i) because it contains under 3,670 words, excluding the parts exempted by L. Civ. R. 7.3(b)(i). The word count was generated using Microsoft Word 2013.

                                              Respectfully Submitted,

Dated: March 25, 2024,                      \S/ Owen W. Barnaby
                                                    Owen W. Barnaby, In Pro Se.

## **CERTIFICATE OF SERVICE**

The undersigned states that on the 25th day of March 2024, a duplicate original of Plaintiff's, " Motion requesting that this Your Honorable Court Denies, Defendant the City of Benton Harbor motion for sanctions under Fed. R. Civ. P. 11, with Supporting Brief, was filed with the Clerk of the Court, using the ECF System, which will provide electric notice to the parties of record, and I have emailed/mailed by U.S. Postal Service the same to non-ECP participants.

Respectfully Submitted,

Dated:  March 25, 2024,             \S/ Owen W. Barnaby
                                    Owen W. Barnaby, In Pro Se.