UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

    Plaintiff,

v().

MICHIGAN STATE GOVERNMENT,
HON. GRETCHEN WHITMER GOVERNOR
OF MICHIGAN, HON. JENNIFER
GRANHOMLM GOVERNOR OF MICHIGAN,
HON. RICK SNYDER GOVERNOR OF
MICHIGAN, SUPREME COURT OF
MICHGAN, STATE BAR OF MICHIGAN,
KENDELL S. ASBENSON (P81747),
MICHIGAN ATTORNEY GENERAL DANA
NESSEL, CITY OF BENTON HARBOR,
NILES CHARTER TOWNSHIP, BOARD OF
TRUSTEES OF NILES CHARTER
TOWNSHIP, BERRIEN COUNTY
GOVERNMENT, BERRIEN COUNTY
BOARD OF COMMISSIONERS, BRET
WITSKOWSKI TREASURER OF BERRIEN
COUNTY, KATHLEEN CULBERSON
NOTARY PUBLIC OF BERRIEN COUNTY,
TITLE & INSURANCE COMPANY(s),
ATTORNEY DONNA B. HOWARD,
ATTORNEY MCKINLEY R. ELLIOTT,
ATTORNEY JAMES MCGOVERN,
ATTORNEY JEFFREY R. HOLMSTROM,
HOLMSTROM LAW, PLC,

    Defendants.

_____/

No. 22-cv-01146

HON. ROBERT J. JONKER

MAG. SALLY J. BERENS

**DEFENDANTS FORMER GOVERNOR JENNIFER GRANHOLM'S, FORMER GOVERNOR RICK SNYDER'S, AND ASSISTANT ATTORNEY GENERAL KENDELL ASBENSON'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THIRD AMENDED COMPLAINT [ECF NO. 116]**

ii

/s/*Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorney for Defendants Granholm,
Snyder and Asbenson
Civil Rights & Elections Division
3030 W. Grand Blvd., 10th Floor
Detroit, MI 48202
(313) 456-0067
pendrickk@michigan.gov
P60348

Dated: March 25, 2024

## TABLE OF CONTENTS

Page

Table of Contents ................................................................................................... iii

Index of Authorities ................................................................................................ iv

Argument ................................................................................................................. 1

Conclusion and Relief Requested ........................................................................... 3

Certificate of Service ............................................................................................... 4

# INDEX OF AUTHORITIES

Page

**Cases**

*Drake v. City of Detroit,* 266 Fed. Appx. 444 (6th Cir., 2008) ...................................... 2

*Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 2009 U.S. Dist. LEXIS 84474 (S.D. Ohio, August 7, 2009) ..................................................... 2

**Other Authorities**

Wright, *Federal Practice & Procedure* § 1476 (2nd ed. 1990 & Supp. 2001) ............... 2

**Rules**

Fed. R. Civ. P. 56(a) ................................................................................................. 3

**ARGUMENT**

Barnaby's response to State Defendants, former Governor Granholm, former Governor Snyder, and Assistant Attorney General Asbenson's Motion to Dismiss the Third Amended Complaint consists of arguments with no basis in law, doubles down on the conclusory statements and allegations contained in his complaint, and is based on a complete misunderstanding of the procedural posture of this case. Defendants will address the new procedural arguments raised by Barnaby in this reply, as his responses to their legal arguments are adequately addressed in Defendants' Motion to Dismiss.

First, Barnaby asserts, without providing any authority, that this Court's dismissal of Defendants' initial Motion to Dismiss his Second Amended Complaint as moot somehow prevents this Court from considering the now pending Motion to Dismiss his Third Amended Complaint.  This Court dismissed as moot Defendants initial Motion to Dismiss the Second Amended Complaint when it *sua sponte* dismissed this case.  (Dismissal Order, ECF No. 67, PageID.942-43.)  While his response is unclear, Barnaby appears to believe this Court's dismissal as moot of their initial Motion to Dismiss prevents Defendants from filing a motion to dismiss his Third Amended Complaint based upon law of the case, res judicata, and collateral estoppel.  He also opines that Defendants had some obligation to appeal this Court's decision dismissing as moot their Motion to Dismiss the Second Amended Complaint.

Mr. Barnaby does not recognize the difference between this Court ruling on the merits of a motion versus a motion being dismissed as moot.  It is also illogical

1

that Defendants would appeal a finding that its original Motion to Dismiss was moot where this Court dismissed this case *sua sponte* in its entirety for reasons consistent with the Motion to Dismiss.  (Dismissal Order, ECF No. 67, PageID.939-43.)  Barnaby's analysis also completely ignores that once this Court granted his ability to file a third amended complaint all foregoing complaints are superceded.  "[A]n amended complaint supercedes all prior complaints."  *Drake v. City of Detroit*, 266 Fed. Appx. 444, 448 (6th Cir., 2008).  See also, *Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 2009 U.S. Dist. LEXIS 84474, *7 (S.D. Ohio, August 7, 2009) ("The general rule is that an amended pleading supersedes the original and remains in effect, unless again modified, from that point forward." (citing Wright, *Federal Practice & Procedure* § 1476, at 556–57 (2nd ed. 1990 & Supp. 2001)).  Regardless of what happened with the prior complaints and motions, his election to seek and obtain authorization to file his Third Amended Complaint basically began this case anew and a new motion to dismiss would be required.  *Id.*

Barnaby also continues to raise the issue of default, despite the fact that on December 27, 2023, the Magistrate entered an order denying Barnaby's motions for default judgment against Defendants herein where he failed to obtain entry of a default by the court clerk and because defendants herein timely appeared and filed a motion to dismiss.  (Order on Remand, ECF No. 91, PageID.1118-19.)  And, on February 1, 2024, after an appeal of the magistrate's decision to the district judge, this Court affirmed the magistrate's decision.  (Order, ECF No. 127, PageID.1663.)

2

Finally, while Barnaby entitled his response to include a "Cross Motion for Summary Judgment," he has not properly filed a motion or motion fee. To the extent this Court considers it a cross motion, Barnaby has failed to set forth any argument as to why he would be entitled to summary judgment. He simply repeatedly states, without any supporting facts, evidence, or authority that "there are no genuine disputes of material fact, Plaintiff's Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a)." (Response, ECF No. 143, PageID.1830, 1841-42, 1843, 1847, 1849, 1852, 1855, 1857, 1860, 1862-63.) This fails to demonstrate there is no genuine issue of material fact, especially in lieu of the fact that Barnaby has not overcome the State Defendants' immunity, nor has he sufficiently pleaded any claims.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, State Defendants former Governor Granholm, former Governor Snyder and Assistant Attorney General Asbenson respectfully asks this Court to dismiss Barnaby's Third Amended Complaint.

Respectfully submitted,

*/s/Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorney for Defendants Granholm, Snyder and Asbenson
Civil Rights & Elections Division
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
(313) 456-0067
pendrickk@michigan.gov

Dated:  March 25, 2024                                    P60348

3

## CERTIFICATE OF SERVICE

    I hereby certify that on March 25, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Assistant Attorney General
