UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------------x

OWEN W. BARNABY,

                                     Plaintiff,     No. 1:22-cv-01146 (RJJ)(SJB)

v.

MICHIGAN STATE GOVERNMENT, et al.

                                   Defendants.

---------------------------------------------------------------------x

**BERRIEN COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

**PRELMINARY STATEMENT**

Following the Court's December 27, 2023 Order Following Remand, which denied Plaintiff's various motions for entry of default judgment, Plaintiff was provided with an additional 45 days to effect proper service on the unserved Defendants originally named in Plaintiff's Second Amended Complaint.[1] The same Order also accepted the filing of Plaintiff's Third Amended Complaint, which added a number of additional Defendants, including three County Judges (one of whom is deceased) as well as the Berrien County Trial Court.[2] Pursuant to Fed. R. Civ. P. 4(m), Plaintiff had 90 days to serve the New Berrien Defendants. Nonetheless, Plaintiff neglected to even attempt proper service on the Original Berrien Defendants within the 45-day time frame,

---

[1] These original unserved Defendants that are either entities of or current employees of Berrien County include: (1) Berrien County Government, (2) Berrien County Board of Commissioners, (3) Shelly Weich, (4) Lora L. Freehling, (5) Hon. Donna Howard, and (6) R. McKinley Elliott (together, "Original Berrien Defendants").

[2] The new Defendants that are either entities or current employees of Berrien County added in the Third Amended Complaint consist of: (1) Hon. Mabel J. Mayfield, (2) Hon. Gary J. Bruce, and (3) Berrien County Trial Court (together, "New Berrien Defendants").

which expired on February 10, 2024. Similarly, Plaintiff's only attempt at service on the New Berrien Defendants was to send a parcel purportedly containing a summons and complaint for 15 different defendants to the Berrien County Clerk Sharon Tyler, which arrived on March 26, 2024, the same day the time to serve the New Berrien Defendants expired under Rule 4(m). (ECF No. 158.) Given that the Berrien County Clerk is not a defendant in this action, and has no authority to accept service on behalf of individual Judges, this parcel was refused by the Clerk. (See ECF No. 159, PageID 2434.)[3]

Because Plaintiff has failed to properly serve: (1) Berrien County Government, (2) Berrien County Board of Commissioners, (3) Shelly Weich, (4) Lora L. Freehling, (5) Donna Howard, (6) R. McKinley Elliott, (7) Hon. Mabel J. Mayfield, (8) Hon. Gary J. Bruce, and (9) Berrien County Trial Court (together, the "Berrien County Defendants"), these defendants move to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5) for insufficient service of process. Alternatively, to the extent that the Court determines that the Berrien County Trial Court was properly served by mail upon the Berrien County Clerk even without the personal service required by M.C.R. 2.105(G), the Berrien County Trial Court further moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against it.

## STATEMENT OF RELEVANT FACTS

A.   *Service of Process*

As detailed in previous filings, contrary to Plaintiff's repeated claims, counsel for Berrien County did not waive service on behalf of any defendant, nor did counsel agree to accept service

---

[3] As set more fully below, although the Berrien County Trial Court arguably may be served through service on the County Clerk pursuant to M.C.R. 2.105(G)(8), , it is immaterial where, as here, attempted service was made only by mail and not also by personal service upon a person in charge of the office. Regardless, notwithstanding the Clerk's refusal of the parcel, the Berrien County Trial Court concedes that the summons and complaint was sent appropriately in partial compliance with M.C.R. 2.105(G).

by mail on behalf of any defendant.  (Declaration of Thaddeus Hackworth, dated January 9, 2023 ¶ 3, ECF No. 48-1, PageID.303.)   Nonetheless, Plaintiff elected to mail summonses for ten different defendants, along with ten copies of the Second Amended Complaint, to Berrien County Corporate Counsel by certified mail.  (Hackworth Decl. ¶ 4, 5, ECF No. 48-1, PageID.303.)

Plaintiff subsequently filed numerous motions and applications for default judgments against all defendants, including the Original Berrien Defendants.  (See ECF Nos. 28, 31, 32, 75, 77, 81.)  All were opposed by Berrien County by special appearance (See ECF Nos. 48, 87).  The motions filed prior to the District Court's February 13, 2023 Order were denied as moot upon dismissal of the action in its entirety (ECF No. 67), but that denial for mootness was subsequently reversed by the Sixth Circuit upon reinstatement of the action.  (ECF No. 72.)  Thus, Magistrate Judge Berens' December 27, 2023 Order considered all of Plaintiff's motions and applications for default, and denied all of them for the reasons set forth in the Order, finding that none of the Original Berrien Defendants had been properly served.  (ECF No. 91.)   The Order provided Plaintiff with an additional 45 days to properly serve all unserved defendants, including the Original Berrien Defendants.  (Id.)

Following appeal of Judge Berens' Order, on February 1, 2024, District Court Judge Robert J. Jonker affirmed the December 27, 2023 Order, confirming that none of the Original Berrien Defendants had been properly served.  (ECF No. 127, PageID.1663.)  This left Plaintiff with 45 days from December 27, 2023, ending February 10, 2024, to properly serve the Original Berrien Defendants.  Aside from making a request to extend this period of time, which was denied by the Court (ECF No. 131 PageID.1679), Plaintiff instead chose to do nothing and made no attempt at service during the provided time period.

3

The December 27, 2023 Order also granted Plaintiff leave to file his Third Amended Complaint, and directed the Clerk to docket it. (ECF No. 81, PageID.1124.)  As it relates to the instant motion, the Third Amended Complaint added three additional defendants (Hon. Mabel J. Mayfield, Hon. Gary J. Bruce, and the Berrien County Trial Court) in addition to another defendant who is deceased (Hon. Alfred M. Butzbaugh.)  Thus, pursuant to Fed. R. Civ. P. 4(m), Plaintiff had 90 days—until March 26, 2024—to properly serve the New Berrien Defendants.  Plaintiff was once again reminded by the Court of this 90 day time period to serve on February 2, 2024 (ECF No. 131, PageID.1679.)

During this time period, Plaintiff's only attempt at service on the New Berrien Defendants was to repeat the same process the Court had already determined to be improper – he sent a parcel purportedly containing a summons and complaint for 15 different defendants to the Berrien County Clerk Sharon Tyler, which arrived on March 26, 2024, the same day the time to serve the New Berrien Defendants under Rule 4(m) expired.  (ECF No. 158.)  Because the Berrien County Clerk is not a defendant in this action, and has no authority to accept service on behalf of individual Judges or other County personnel, this parcel was refused by the Clerk.  (See ECF No. 159, PageID 2434.)  To the extent that the Berrien County Clerk may be the correct agent of service for the Berrien County Trial Court, receipt of the summons and complaint by certified mail is conceded notwithstanding the refusal of the parcel, but, as set forth below, this does not constitute effective service upon the Berrien County Trial Court.

  B.  *Claims against the Berrien County Trial Court*

Finally, as it relates to the alternative relief sought by the Berrien County Trial Court, the Third Amended Complaint is totally devoid of any specific allegations concerning the Berrien County Trial Court.  Although the entity is named in the Third Amended Complaint, Plaintiff's

4

allegations concerning the Court center around complaints regarding the conduct of various judicial defendants—nothing related to the Berrien County Trial Court itself as an entity. While Plaintiff identifies the Berrien County Trial Court as one of the defendants that allegedly violated his rights in nine of the sixteen counts in the Third Amended Complaint, there is absolutely no specific conduct by the Berrien County Trial Court alleged in any of them. (See ECF No. 63.)

## ARGUMENT

### POINT I

**PLAINTIFF HAS FAILED TO PROPERLY SERVE THE BERRIEN DEFENDANTS WITHIN THE PERMITTED TIMEFRAME**

Pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5), a Court may dismiss a defendant from an action where service of process was incomplete or insufficient. Failure to properly serve a defendant deprives the court of personal jurisdiction. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Thus, a court may dismiss an action where service is improper. Light v. Wolf, 816 F.2d 746 (D.C. Cir. 1987). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." Sawyer v. Lexington-Fayette Urban County Gov't, 18 F. App'x 285, 287 (6th Cir. Aug. 21, 2001). "To do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Light at 751. (citing Wright & A. Miller § 1083, at 334.)

> A.   *Plaintiff Failed to Properly Serve the Berrien County Government, the Berrien County Board of Commissioners, and the Berrien County Trial Court*
>
> > 1. *Rules for Service on Public Corporations*

As to Defendants Berrien County Government, the Berrien County Board of Commissioners, and the Berrien County Trial Court, Federal Rule of Civil Procedure 4(j)(2) provides two methods for service on a local government:

> (A) delivering a copy of the summons and complaint to it chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

> > > a. *Federal Rules - Service on Public Corporations*

Under the federal rules, service upon a public corporation must be achieved by personal service. See Larsen v. Mayo Med. Or., 218 F.3d 863, 868 (8th Cir. 2000) (holding that "delivery" under Rule 4 requires personal service); Christian v. Federal Home Loan Mortg. Corp., No. 13-13795, 2016 WL 1640459, at *2 (E.D. Mich. Apr. 26, 2016) ("Notably, courts have interpreted 'deliver[y]' under [Rule 4 of the Federal Rules of Civil Procedure] as requiring personal service on the appropriate agent."); see also Etherly v. Rehabitat Sys., No. 13-11360, 2013 WL 3946079, at *5 (E.D. Mich. July 31, 2013); Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009). "The federal rules do not permit service on [a] local government through certified mail." Brewer v. Detroit Pub. Sch. Cmty. Dist., No. 17-11364, 2018 WL 1128253, at *2 (E.D. Mich. Mar. 2, 2018).

> > > b. *Michigan Rules - Service on Public Corporations (Fed. R. Civ. P. 4(j)(2)(B))*

Michigan Court Rule 2.105(G) permits service on public corporations via personal service on certain enumerated officers. Service by certified mail is not permitted except where personal service has <u>also</u> been made upon a "person in charge of the office of an officer." Mich. Ct. R. 2.105(G) (service may be made by serving a summons and a copy of the complaint on a person in

6

charge of the office of an officer on whom service may be made <u>and</u> sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office). Delivery by mail alone is not sufficient service on a public corporation under the Michigan rules. <u>See</u> e.g. <u>Cardello-Smith v. JPay</u>, No. 22-10340, 2023 WL 3963837, at *1 (E.D. Mich. Jan. 30, 2023), <u>report and recommendation adopted</u>, 2023 WL 3963820 (E.D. Mich. June 12, 2023) ("Rule 2.105(G) … requires, again in general, personal service and mailed service."); <u>Thomas v. Wayne Co. Comm. Coll. Dist.</u>, No. 19-13499, 2020 WL 5878215 at *2 (E.D. Mich. Oct. 2, 2020) (holding that M.C.R. 2.105(G) requires both service and mailing); <u>Brewer</u>, 2018 WL 1128253, at *2 (holding service was not achieved by certified mail on a public corporation where plaintiff "has made no argument that she personally served a copy of the summons and complaint on a person in charge of the individual Defendants' office, and the court has found nothing in the record to suggest she has."); <u>Erard v. Johnson</u>, No. 12-13627, 2012 WL 5328714, at *3 (E.D. Mich. Sept. 20, 2012) (service by certified mail with return receipt insufficient service for a public corporation where summons and complaint was not also served upon the office); <u>Ramirez v. Saginaw</u>, No. 10-10739-BC, 2010 WL 3385304, at *2 (E.D. Mich. Aug. 24, 2010) (service of process on municipal corporation was improper where plaintiff did not demonstrate summons and complaint was served upon a person in charge of the office <u>and</u> that it was sent by certified mail to a listed officer); <u>Griffin v. City of Sturgis</u>, No. 1:09-CV-1126, 2010 WL 2681050, at *2 (W.D. Mich. July 6, 2010) ("There is no indication in the text of [MCR 2.105(G)] that the Michigan Supreme Court intended the term 'serving' to include mailing.").

    2. *Service on the Berrien County Government and the Berrien County Board of Commissioners*

Here, the Court has already determined that Plaintiff's attempt to serve the Berrien County Government and the Berrien County Board of Commissioners through service by certified mail

7

upon Berrien County Corporate Counsel was ineffective. (ECF No. 91, PageID.1122-1124; ECF No. 127, PageID.1663.) <u>See</u> also <u>Gerics v. Trevino</u>, No. 15-cv-12922, 2018 WL 3216238 at *3 (E.D. Mich. July 2, 2018) (holding that a County Corporate Counsel is not authorized to receive service for the County). As Plaintiff made no further attempt to serve these entities within the additional 45-day time frame provided by the Court for such service (ECF No. 91), neither of these entities have been properly served, and the claims against them should be dismissed.

       3. *Service on the Berrien County Trial Court*

Plaintiff's attempt to serve the Berrien County Trial Court likewise failed to comply with the Court rules. Once again, Plaintiff elected to attempt to serve this governmental body exclusively by certified mail, rather than by personal service as required under the Federal rules. With respect to the Michigan rules, while the rules do require an additional copy be mailed to the officer, which the Berrien County Trial Court concedes that Plaintiff attempted to accomplish on March 26, 2024 (notwithstanding that the parcel was refused), Plaintiff failed to even attempt the personal service upon the office that is also required under Mich. Ct. R. 2.105(G). Thus, even if the parcel sent to the Berrien County Clerk had been accepted, it still would not have constituted permissible service under the rules. As Plaintiff's time to achieve proper service on the Berrien County Trial Court has now expired, the claims against it should be dismissed.

   B.   *Plaintiff Failed to Properly Serve the Individual Defendants.*

      1. *Rules for Service on Individuals*

         a. *Federal Rules - Service on Individuals*

Fed. R. Civ. P. 4(e)(2) provides for three methods of service on individual defendants:

(A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

8

"The federal rules do not permit service on an individual […] through certified mail." Brewer, 2018 WL 1128253, at *2. Again, "delivery" under the federal rules, must be accomplished by personal service. See e.g., Larsen v. Mayo Med. Or., 218 F.3d 863, 868 (8th Cir. 2000.); Christian, 2016 WL 1640459, at *2; Etherly, 2013 WL 3946079, at *5; Larsen, 218 F.3d at 868; Dyer, 318 F. App'x at 844.

      b. *Michigan Rules - Service on Individuals*

As an alternative to service under the federal rules, the federal rules permit service pursuant to state law. Fed. R. Civ. P. 4(e) and 4(j)(2)(B). Michigan Court Rule 2.105(A) permits service on an individual by "(1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." When a litigant elects to serve a party by certified mail, service is made when the defendant acknowledges receipt of the mail, and the return receipt must be signed by the defendant. Mich. Ct. R. 2.105(A)(2).

      2. *Service on Individual Defendants Shelly Weich, Lora L. Freehling, Donna Howard, and R. McKinley Elliott*

Again, the Court has already determined that Plaintiff's attempt to serve individual defendants Shelly Weich, Lora L. Freehling, Donna Howard, and R. McKinley Elliott through service by certified mail upon Berrien County Corporate Counsel was ineffective. (ECF No. 91, PageID.1122-1124; ECF No. 127, PageID.1663.) As Plaintiff made no further attempt to serve these entities within the additional 45-day period provided by the Court for such service (ECF No. 91), none of these individuals has been properly served, and the claims against them should be dismissed.

   *3. Service on Individual Defendants Hon. Mabel J. Mayfield, and Hon. Gary J. Bruce*

There is no evidence that Plaintiff personally served either of Judge Mayfield or Judge Bruce by sending each of them a summons and copy of the complaint individually nor that either acknowledged such a mailing with a signed return receipt. Rather, Plaintiff has indicated that he simply included the summons and complaints for these two individual defendants in the parcel that he mailed by certified mail to Berrien County Clerk Sharon Tyler (ECF No. 158, PageID.2427), and there is no authority to suggest that the County Clerk can accept service on behalf of other individual defendants by certified mail. See Savoie v. City of East Lansing, No. 21-2684, 2022 WL 3643339, at *3 (6th Cir. Aug. 24, 2022) (plaintiffs failed to meet burden where they did not offer any authority that person was authorized by the individual defendants, or by law, to accept service on the individual defendants' behalf). Therefore, even if the parcel mailed to the Berrien County Clerk had been accepted and delivered, it could not have formed the basis for proper service on these two individual defendants.

Thus, neither Judge Mayfield nor Judge Bruce have been properly served in this action, ether by personal service under the Federal rules, or by deliver-restricted certified mail delivery under the Michigan rules. See Brewer, 2018 WL 1128253, at *2 (holding that individual defendants were not properly served where plaintiff did not send a copy of the summons and complaint to each individual defendant, and did not receive a signed acknowledgment from any individual defendant.) As Plaintiff's failed to timely serve these two individual defendants, and Plaintiff's time to achieve proper service on them has now expired, the claims against them should be dismissed.

Finally, although Courts generally decline to dismiss defendants from an action for failure to serve, instead preferring to provide the Plaintiff with additional time to achieve service, dismissal is the appropriate remedy here. First, with respect to the Original Berrien Defendants,

10

Plaintiff was already explicitly informed that his attempted service was ineffective, and provided with additional time to make good service.  Plaintiff chose instead to do nothing, make no attempt to achieve personal service as required under the rules or even request a written waiver of service. He can hardly argue that he was proceeding towards proper service in good faith when he instead proceeded to repeatedly attack the Court's prior orders on service and take no other action to comply with the rules.  Likewise, with respect to the New Berrien Defendants, Plaintiff was fully aware following the Court's December 27, 2023 Order (and the affirmance of that order by the District Court Judge), that mailing a box to the yet another County officer filled with summons and complaints directed to 15 different defendants was not a good-faith attempt at proper service. In fact, Plaintiff has been aware of the Berrien County Defendants' objections to service for more than fourteen months, since January 9, 2023.  (ECF No. 48.)  Yet this is the path that he has chosen once again.  There is no reason to believe that providing Plaintiff with additional time to make proper service will suddenly engender his respect for the rules. Dismissal is the appropriate remedy.  See Savoie, 2022 WL 3643339 at *5 (Sixth Circuit affirming dismissal for failure to serve where good cause was not shown by Plaintiff); Cardello-Smith, 2023 WL 3963837, at *1 (dismissal appropriate where Plaintiffs failed to serve after lengthy period); Lotus Industries v. City of Detroit, No. 17-13482, 2018 WL 4005608, at *4 (E.D. Mich. Aug. 22, 2018) (dismissing Plaintiff's claims without prejudice for failure to properly serve after an extension had already been granted); Ramirez v. Saginaw, No. 10-10739-BC, 2010 WL 3385304, at *2 (Aug. 24, 2010) (granting a motion to dismiss for lack of service where "Plaintiff … neither demonstrated good cause for not serving the complaint … nor that he properly served the complaint on Defendant.").

## POINT II

### IN THE ALTERNATIVE, THE THIRD AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THE BERRIEN COUNTY TRIAL COURT

In the event the Court determines that Plaintiff's partial compliance with Mich. Ct. R. 2.105(G) on March 26, 2024 was sufficient to achieve service on the Berrien County Trial Court, notwithstanding that no summons and complaint was personally served on the office of the County Clerk, the Berrien County Trial Court moves pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing it from the action for failure to state a claim upon which relief can be granted.

*A. Standard of Review*

Fed. R. Civ. P. 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  A complaint may be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint […] does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."  Id. *at* 555 (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)).  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.  A complaint does not suffice "if it tenders 'naked

12

assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

    B.  *The Allegations against the Berrien County Trial Court Fail to State a Claim*

The allegations in the Third Amended Complaint against the Berrien County Trial Court fail to meet even the liberal pleading standard established under Fed. R. Civ. P. 8(a)(2).  The complaint is completely devoid of any specific allegation related to the Berrien County Trial Court, except, evidently, that it was the workplace of judges that Plaintiff is also suing.  Far from "fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555, these allegations fail to provide any notice of the nature of the claim against the Berrien County Trial Court nor any authority even plausibly suggesting the basis of a potential claim against the Court.  Absent this bare minimum, the pleading fails to state a claim against the Berrien County Trial Court, and, left with nothing here to defend or assert, it should be dismissed from this action

## CONCLUSION

For foregoing reasons, the Berrien Defendants' Motion to Dismiss the Third Amended Complaint as against them pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5) should be granted; as alternative relief for the Berrien County Trial Court, its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted..

Dated:        St. Joseph, Michigan
                  March 27, 2024

                                                Respectfully submitted,

                                                 /s/ Thaddeus J. Hackworth
                                                 Thaddeus J. Hackworth (P84996)
                                                 Berrien County Corporate Counsel
                                                 701 Main Street
                                                 St. Joseph, MI 49085
                                                 (269) 983-7111 x8416
                                                 thackworth@berriencounty.org
                                                 *Attorney for Berrien County Defendants*

**CERTIFICATE OF COMPLIANCE**

This memorandum complies with the word limit of L. Civ. R. 7.3(b)(i), because, excluding the parts exempted by L. Civ. R. 7.3(b)(i), it contains 4,117 words. The word count was generated using Microsoft Word 2016.

/s/ Thaddeus J. Hackworth
Thaddeus J. Hackworth (P84996)
Berrien County Corporate Counsel
701 Main Street
St. Joseph, MI 49085
(269) 983-7111 x8416
thackworth@berriencounty.org
*Attorney for Berrien County Defendants*