UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

       Plaintiff,

v.

NILES CHARTER TOWNSHIP, et al.,

       Defendants.

Hon. Robert J. Jonker
Mag. Sally J. Berens
Case No. 1:22-cv-01146

---

Owen W. Barnaby
PO Box 1926
Kennesaw, GA 30156
(678) 382-4183
Bossproperties96@gmail.com

T. Seth Koches (P71761)
Attorney for Defendants Niles Charter Township &
the Niles Charter Township Board of Trustees
Bauckham, Thall, Seeber, Kaufman & Koches, P.C.
470 W. Centre Ave., Ste. A
Portage, MI 49024
(269) 382-4500
koches@michigantownshiplaw.com

---

**DEFENDANTS NILES CHARTER TOWNSHIP'S AND NILES CHARTER TOWNSHIP
BOARD OF TRUSTEES' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

**PAGES**

Index of Authorities…………………………………………………………...   iii

Statement of Issues…………………………………………………...................   1

Controlling or Most Appropriate Authority and Most Controlling Authority………...   1

I.      Introduction ………………………………………………………….   2

II.     Statement of Facts……………………………………………………   3

III.    Standard of Review ………………………………………………….   3

IV.     Argument…………………………………………………………….   5

 A.  This Court lacks subject-matter jurisdiction regarding Mr. Barnaby's claim that the Township overvalued his property, and this Court should dismiss the Third Amended Complaint pursuant to Fed R Civ P 12(b)(1)..   5

 B.  There is no material issue of fact that exists and the Township Defendants are entitled to judgment as a matter of law pursuant to Fed R Civ P 12(c).   9

  1.  Mr. Barnaby's claims for damages based on the 2010 foreclosure proceedings are time barred…………………………………….   10

  2.  Niles Township and its officers are entitled to tort immunity under the Government Tort Liability Act…………………………   11

  3.  Mr. Barnaby's Constitutional Claims fail to provide a showing of liability against the Township Defendants…………………………………………………..   13

  4.  Mr. Barnaby's remaining claims do not provide for a private cause of action…………………………………………………..   18

V.  Conclusion…………………………………………………………….   20

## <u>INDEX OF AUTHORITIES</u>

**PAGES**

<u>CASES</u>

*Ashcroft v Iqbal,* 556 U.S. 662; 129 S.Ct. 1937 (2009)……………………                4

*Barnaby v. Witkowski¸* No. 1:14-CV-1279, 2018 WL 3787961 at * 433 (W.D. Mich.
Jan 12, 2018), aff'd 758 F. App'x 431 (6th Cir. 2018)…………………………………                15

*Braun v. United States,* 707 F.2d 922, 925 (6th Cir. 1983)……………………………                19

*Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014)……………………………                3

*Clay v Metro Gov't*, 46 Fed. Appx. 348, 349 (6th Cir. 2002)…………………………                17

*Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996)…………………………………..                11

*Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)………………………………..                10

*Ellis v. Cleveland Mun. Sch. Dist.,* 455 F.3d 690, 700 (6th Cir. 2006)…………………        Passim

*Estelle v. Gamble*, 429 US 97, 106; 97 S Ct 285; 50 L.Ed.2d 251 (1976)……………                4

*Everett v. Saginaw Cnty.,* 123 Mich. App. 411, 414,333 N.W.2d 301 (1983)……….                12

*Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 115, 102 S.Ct.
177, 186, 70 L.Ed.2d 271 (1981)………………………………………………………..                6-8

*Fritz v. Charter Tp of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)…………………                4

*Gale v. Charter Twp. of Filer Bd. of Trustees*, 142 F.Supp.3d 549 (W.D. Mich, Oct
23, 2015)………………………………………………………………………………                5-6

*Genesee County Drain Comm'r v. Genesee County*, 309 Mich. App. 317, 327, 869
N.W.2d 635 (2015) ……………………………………………………………………..                12

*Gwilliams v. Michigan Parole Bd.,* No. 1:17-CV-266, 2017 WL 1243225, at *7 (W.D.
Mich. Apr. 5, 2017) …………………………………………………………………..                19

*Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999)…………………………………                15

*Hardin v. Straub*, 490 US 536, 538; 109 S.Ct. 1998; 104 L.Ed.2d 582 (1989)………...                10

*Indigenous American People Inhabiting County of Wayne, Michigan v Wayne County
Municipal Corporation*, No. 19-CV-12579, 2020 WL 1910150, at *5 (E. Mich Apr
20, 2020)………………………………………………………………………………                5, 6

*Jocham v. Tuscola County*, 239 F.Supp.2d 714, 730 (E.D. Mich. 2003)………………                18

## INDEX OF AUTHORITIES

*Kinney v. Anderson Lumber Company, Inc.*, No. 18-5146, 2018 WL 7317203 at *4 (6th Cir. Sept. 3, 2018)……………………………………………………………… 10

*Lindsey v. Normet*, 405 U.S. 56, 74, 92 S. Ct. 862, 874, 31 L.Ed.2d 36 (1972)………. 19

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658; 56 L.Ed.2d 611; 98 S.Ct. 2018 (1978) passim

*Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)………………... 8

*Paskvan v. City of Cleveland Civil Service Com'n*, 946 F2d 1233 (6th Cir. 1991)… 4

*Pegross v. Oakland County Treasurer*, 592 Fed App 380, 385 (6th Cir. 2014)…… 7

*Pilgrim v. Littlefield*, 92 F3d 413, 416 (6th Cir. 1996)……………………………… 4

*Scarbrough v. Morgan Cnty. Bd. of Educ.* 470 F.3d 250, 260 (6th Cir. 2006)………. 15

*Schafer v. Kent Co.*, __ Mich __; 990 N.W.2d 876 (2023.)………………………… 20

*Serra v. Lappin*, 600 F.3d 1191, 1196–97 & n. 5 (9th Cir. 2010) ………………….. 19

*Sosa v. Alvarez–Machain,* 542 U.S. 692, 734-35 (2004)……………………………. 19

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)……………… 14

*United States v. Duarte-Acero*, 296 F.3d 1277, 1283 (11th Cir. 2002)……………… 18

*Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281 (6th Cir. 2010). 4

*Wells v Brown*, 891 F2d 591, 594 (6th Cir 1989)…………………………………… 4

*Wizinsky v Leelanau County*, No 1:19-cv-894, 2020 WL 6597637 at *9 (WD Mich Aug 20, 2020)…………………………………………………………………… 5, 12

## COURT RULES

Fed R Civ P 12(b)(1)………………………………………………………………… 1, 2, 3, 5

Fed R Civ P 12(b)(6)………………………………………………………………… 4

Fed R Civ P 12(c)………………………………………………………………….. 1, 3, 4, 8

## STATUTES

MCL §211.10…………………………………………………………………… 5, 12

## **INDEX OF AUTHORITIES**

MCL 211.78(8)(a)……………………………………………………………….    passim

MCL 600.5805(2)………………………………………………………………….    10

MCL 600.5813…………………………………………………………………...    10

MCL 691.1401…………………………………………………………………….    9, 10, 11

MCL 691.1407(1)………………………………………………………………….    11

## **OTHER**

42 U.S.C. §1983…………………………………………………………………    Passim

Government Tort Liability Act……………………………………………………    Passim

International Covenant on Civil and Political Rights ("ICCPR"),……………………    18

Tax Injunction Act, 28 U.S.C. §1341………………………………………………    passim

United Nations Universal Declaration of Human Rights ("UNUDHR")……………    19

U.S. Const. Amend. IV…………………………………………………………….    16

Whistleblower Act, 5 U.S.C. §2301 ………………………………………………    19, 20

## STATEMENT OF ISSUES

1. Whether Mr. Barnaby's Third Amended Complaint should be dismissed pursuant to Fed R Civ P 12(b)(1) because this Honorable Court lacks subject matter jurisdiction to hear cases contesting local tax assessments, as provided by the Tax Injunction Act, 28 U.S.C. §1341 and/or principles of comity?

2. Whether Mr. Barnaby's Third Amended Complaint should be dismissed because there is no issue of material fact and the Township Defendants are entitled to a judgment on the pleadings pursuant to Fed R Civ P 12(c).

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed R Civ P 12(b)(1).

Fed R Civ P 12(b)(6).

Tax Injunction Act, 28 U.S.C. §1341.

*Fritz v. Charter Tp of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

*Monell v. Dep't of Soc. Servs*., 436 U.S. 658; 56 L.Ed.2d 611; 98 S.Ct. 2018 (1978).

MCL 691.1401, *et seq*.

## I.      INTRODUCTION

This case represents a long-running attempt by the Plaintiff, Owen Barnaby ("Mr. Barnaby"), to undo a judgment of foreclosure that was entered against him in 2010 based on specious allegations of a wide-ranging conspiracy to defraud Mr. Barnaby of his property. Mr. Barnaby has previously litigated his claims in both state and federal court, and was unsuccessful in overturning the judgment of foreclosure that was entered in 2010. Mr. Barnaby has continuously attempted to get this Honorable Court to enter default judgments in the amount of $22.5 million against all of the various defendants in this case. Mr. Barnaby claims that all of the named defendants had a duty to stop the alleged fraud and forgery that resulted in his property being foreclosed upon. Importantly, and as will be explained, the Charter Township of Niles and the Niles Charter Township Board of Trustees (hereinafter, the "Township Defendants") had a very limited role in the foreclosure of Mr. Barnaby's property – serving **only** as the taxing unit the foreclosed property was located in.

As to the Township Defendants, Mr. Barnaby's Third Amended Complaint should be dismissed pursuant to Fed R Civ P 12(b)(1) as this Court lacks subject-matter jurisdiction to review the Township Defendants' role in the tax foreclosure proceedings. Mr. Barnaby's only cognizable claim against the Township is that it overvalued his property for taxing purposes, which ultimately led to the foreclosure of his property. As will be explained herein, pursuant to the Tax Injunction Act, 28 U.S.C. §1341, this court does not have subject-matter jurisdiction to review the assessment of taxes levied under state law, unless there is no process to challenge the same under state law – which there is.

Alternatively, if this Court determines that it does have subject matter jurisdiction with regard to the Township Defendants, Mr. Barnaby's Third Amended Complaint should still be

dismissed, in its entirety, pursuant to Fed R Civ P 12(c), because there are no material issues of fact and the Township Defendants are entitled to judgment as a matter of law. First, any of Mr. Barnaby's claims related to the 2010 foreclosure proceedings are barred by the applicable statute of limitations. Second, the Township Defendants are entitled to governmental immunity for Mr. Barnaby's tort claims. Third, Mr. Barnaby has not argued any valid basis for municipal liability with regard to his constitutional claims. Finally, Mr. Barnaby makes several claims which cannot serve as the basis for a private cause of action.

For the reasons stated above, which will be more fully expanded upon below, Mr. Barnaby's Third Amended Complaint should be dismissed with prejudice.

## II.     STATEMENT OF FACTS

For the purposes of judicial economy, the Township Defendants incorporate by reference the "Statement of Facts", in its entirety, that is contained in the City of Benton Harbor's Brief in Support of Motion to Dismiss. ECF No. 121, PageID. 1577-1584.

## III.     STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 12(b)(1), allows for the dismissal of actions where there is a "lack of subject-matter jurisdiction." Fed R Civ P 12(b)(1). A party may assert lack of subject matter jurisdiction at any time, either in a pleading or in a motion. Fed. R. Civ. P. 12(b)(1). A motion under Rule 12(b)(1) can either be a facial attack or a factual attack. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). A factual attack to subject-matter jurisdiction argues against the factual existence of subject-matter jurisdiction. *Id.* In considering a motion to dismiss under Rule 12(b)(1), the Court has broad discretion regarding what evidence to consider in determining if subject-matter jurisdiction exists. *Id.* The plaintiff bears the burden of proving the existence of subject-matter jurisdiction. *Id.* at 760.

3

A motion to dismiss under the Federal Rules of Civil Procedure, Rule 12(c) is proper when "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v City of Cleveland Civil Service Com'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991). A court reviews a motion under Rule 12(c) the same as a motion under Rule 12(b)(6). *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). In considering a motion to dismiss on the pleadings, the court "must accept the factual allegations of the complaint as true." *Id.* "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v Iqbal,* 556 U.S. 662; 129 S.Ct. 1937, 1949–50 (2009)). However, legal conclusions that purport to be factual allegations and recitations of the elements of a cause of action are not sufficient. *Id.*

As a pro se litigant, Mr. Barnaby's pleadings are held to a less stringent standard than pleadings that have been drafted by lawyers, and a court should liberally construe the document. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, L.Ed.2d 251 (1976). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Sixth Circuit has noted that while pro se litigants are entitled to liberal construction, this does not have the effect to "abrogate basic pleading essentials in *pro* se suits." *Wells v Brown*, 891 F.2d 591, 594 (6th Cir. 1989). This includes that the pleadings should not require that the court or the parties have to guess as to the nature of the claim being asserted. *Id.*

4

## IV.    ARGUMENT

**A. *This Court lacks subject matter jurisdiction regarding Mr. Barnaby's claim that the Township overvalued his property, and this Court should dismiss the Third Amended Complaint pursuant to Fed R Civ P 12(b)(1).***

The Tax Injunction Act ("TIA") bars a federal district court from enjoining, suspending or restraining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. § 1341. The TIA creates a jurisdictional barrier to the federal courts regarding claims for declaratory or injunctive relief sought by a party aggrieved by a state's administration of taxing authority. *Indigenous American People Inhabiting County of Wayne, Michigan v Wayne County Municipal Corporation*, No. 19-CV-12579, 2020 WL 1910150, at *5 (E. Mich Apr 20, 2020).

The Township is the taxing jurisdiction with authority to administer property taxes in Niles Township. *Wizinsky v. Leelanau County*, No. 1:19-cv-894, 2020 WL 6597637 at *9 (W.D. Mich. Aug. 20, 2020); see also MCL §211.10. Mr. Barnaby's basis for liability against the Township Defendants appears to center on his claims that his property for tax year 2007 was overvalued at $36,550.00 and overtaxed at $506.05. ECF No 36, PageID 185. Mr. Barnaby claims that the value of the property in 2007 should have been assessed as between $4,500.00 and $12,000, and that his payments, equating to $305.73, should have been enough to fully redeem the property. *Id.* Thus, as part of his Third Amended Complaint, Mr. Barnaby is asking this court to declare, among other things, that his property was overvalued in 2007, which caused an excessive property tax bill and the eventual foreclosure of his property.

When evaluating whether the TIA is applicable, the Court must first evaluate what type of relief is sought by a plaintiff. Mr. Barnaby's principal claim for relief is for damages, rather than injunctive or declaratory relief, which would typically not implicate the TIA. *Gale v Charter Tp.*

*of Filer Bd. of Trustees*, 142 F.Supp.3d 549 (W.D. Mich., Oct. 23, 2015).  However, as referenced numerous times throughout the Third Amended Complaint, Mr. Barnaby is also requesting "Declaratory Judgment" from this Court. ECF 36, PageID. 175, 176, 226, and 264. Additionally, the United States Supreme Court has held that "the recovery of damages under the Civil Rights Act first requires a "declaration" or determination of the unconstitutionality of a state tax scheme that would halt its operation. And damages actions, no less than actions for an injunction, would hale state officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 claim." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 115, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981).

As previously mentioned, Mr. Barnaby's only cognizable claim against the Township Defendants is that the Township overvalued his property in 2007, which led to a higher property tax bill, which led to the ultimate foreclosure of his property. ECF 36, PageID. 185. Mr. Barnaby principally couches this suit as one for damages. However, as the Supreme Court noted in *McNary*, in order for there to be a recovery of damages, this Court would have to make a declaratory finding for Mr. Barnaby that the Township Defendants' administration of its tax assessing scheme was unconstitutional as applied to Mr. Barnaby. Such a finding would have the effect of restraining the Township's tax collection powers. This type of declaratory ruling is expressly prohibited under the TIA, so long as there is an adequate state process. *Indigenous American People Inhabiting County of Wayne*, 2020 WL 1910150, at *5.

Importantly, as required by the TIA, there is a plain, speedy, and efficient remedy at the state level. MCL 211.30(4) provides for a protest to the local Board of Review if a property owner believes that an assessment has been made in error. Further, if the desired relief is not obtained at the local Board of Review, a taxpayer can still timely appeal the Board of Review's determination

to the Michigan Tax Tribunal. *Id.* (see also MCL 205.735a(6)). The TIA precludes this court from exercising subject-matter jurisdiction over the Township Defendants. This especially holds true when Mr. Barnaby did not use the appellate procedures afforded to him under state law to contest the tax assessment at the time.[1]

Further, even if this Court determines that the TIA is not applicable to the claims by Mr. Barnaby against the Township Defendants, then this Court should rely on the principles of comity to determine that there is no subject-matter jurisdiction in this case. The doctrine of comity is more encompassing than the TIA and typically will not allow suits for damages under 42 U.S.C. §1983 to remedy an allegedly unconstitutional state tax assessment or collection. *Pegross v. Oakland County Treasurer*, 592 Fed. App. 380, 385 (6th Cir. 2014). One of the primary claims from Mr. Barnaby is that the tax foreclosure violated his rights under 42 U.S.C. §1983, and as such, he is entitled to damages. ECF No 36 (§1983 is referenced in each and every count). In *McNary*, 454 U.S. at 113–14, the United States Supreme Court has held that "the doctrine of comity will preclude a damage claim under §1983 if the determination would be as intrusive on the administration of state tax programs as injunctive or declaratory relief." The *McNary* Court held that allowance of §1983 suits would intrude on the enforcement of the state tax scheme, stating:

> "To allow such suits would cause disruption of the states' revenue collection systems equal to that caused by anticipatory relief. State tax collection officials could be summoned into federal court to defend their assessments against claims for refunds as well as prayers for punitive damages, merely on the assertion that the tax collected was willfully and maliciously discriminatory against a certain type of property. Allowance of such claims would result in this Court being a source of appellate review of all state property tax

---

[1] A search of the Michigan Tax Tribunal website reveals that Mr. Barnaby did not appeal the taxable value of his property in 2007 to the Michigan Tax Tribunal, as permitted under MCL 211.30(4) and MCL 205.735a(6).
(https://taxdocketlookup.apps.lara.state.mi.us/Results.aspx?County=&DocketNbr=&PetitionerRespondent=Barnaby, last accessed March 25, 2024).  It should also be noted that if Mr. Barnaby had appealed his assessment to the Tax Tribunal, he also would have had an appeal by right of that decision to the Michigan Court of Appeals, pursuant to MCL 205.753(1).

classifications." *McNary,* 454 U.S. at 114, S Ct at 185.

In *McNary* the plaintiff sued county and state tax officials under 42 U.S.C. §1983, alleging deprivation of equal protection and due process related to unequal property tax assessments. *McNary*, 454 U.S. at 106, S.Ct at 181. In the suit, the plaintiff sought actual damages resulting from the overassessment of their properties and punitive damages. *Id.* Ultimately, the Supreme Court in *McNary* added that the "intrusiveness of such §1983 actions would be exacerbated by the nonexhaustion doctrine of *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Taxpayers such as petitioners would be able to invoke federal judgments without first permitting the State to rectify any alleged impropriety." Additionally, the Court found in *McNary,* "the adequacy of available Missouri remedies is not an issue in this case."

In this case, if Mr. Barnaby had an issue with his property tax assessment, he had the opportunity to appeal that determination, first to the Board of Review, and then to the Tax Tribunal and then again, by right, to the Michigan Court of Appeals. Based on Mr. Barnaby's pleadings and a case search on the Michigan Tax Tribunal website, he appears to have failed to do so. As such, this Honorable Court should not give Mr. Barnaby an avenue to now challenge that assessment in federal court – especially where, as here, his claims against the Township Defendants can be wholly severed from his primary claims of fraud against other parties.

For the reasons stated above, the Township Defendants ask this Honorable Court to find that the TIA and/or principles of comity bar this Court from having subject-matter jurisdiction over Mr. Barnaby's claims against the Township Defendants. However, if this Honorable Court determines that it does have proper subject-matter jurisdiction over Mr. Barnaby's claims against the Township Defendants, then the following will address reasons why this case should be dismissed pursuant to Fed. R. Civ. P. 12(c).

**B.   *There is no material issue of fact that exists and the Township Defendants are entitled to judgment as a matter of law pursuant to Fed R Civ P 12(c).***

Mr. Barnaby's Third Amended Complaint contains 16 counts against all defendants. As succinctly noted in the City of Benton Harbor's Brief in Support of Motion to Dismiss, there are three categories of claims at issue. The first are Mr. Barnaby's constitutional claims, which includes: Count I "Retaliations"; Count II "Right to a Fair Trial"; Count IV "Due Process"; Count V "Equal Protection"; Count VI "The Right to Government Services"; and Count XII "Unlawful Detentions of Properties." Additionally, five of the counts by Mr. Barnaby purport to be tort claims, including: Count III "Gross Negligence"; Count VII "Fraud by Misrepresentation"; Count IX "Damage to Personal Property"; Count X "Theft and Conversion of Personal Property"; and Count XI "Intentional Infliction of Emotional Distress." Finally, there are five counts that Mr. Barnaby pleads which do not offer a private cause of action, being: Count VIII "Freedom of Movement and Freedom from Torture"; Count XIII "Safety from Harassment and the Right to Gainful Employment"; Count XIV "Rights given to Plaintiff by the State of Michigan"; Count XV "Whistleblowing"; and Count XVI "The Right to Housing."

None of the claims listed above create a material issue of fact with regard to the role of the Township Defendants in regard to Mr. Barnaby's foreclosure, and as such, the Township Defendants are entitled to judgment as a matter of law. First, the Township did not play any role in the foreclosure process because, under Michigan law, the County or the state, effectuates all foreclosures; and any allegations by Mr. Barnaby related to the tax assessment by the Township are barred by the applicable statute of limitations, as will be discussed. Second, in regard to the tort claims by Mr. Barnaby, the Township Defendants are shielded from liability through the Government Tort Liability Act, MCL 691.1401, *et seq* ("GTLA"). Third, Mr. Barnaby has not pled facts sufficient to meet his burden to establish liability for the Township Defendants based on

his constitutional claims. Finally, several of Mr. Barnaby's claims do not offer a private cause of action. For these reasons, Mr. Barnaby's Third Amended Complaint should be dismissed in its entirety with regard to the Township Defendants.

### 1. Mr. Barnaby's claims for damages based on the 2010 foreclosure proceedings are time barred.

All of Mr. Barnaby's claims seek damages arising out of the 2010 foreclosure proceedings. It is important to note at the outset that the Township Defendants played no role in the foreclosure proceedings. Under Michigan law, the county administers the foreclosure process, or the state where the county does not exercise this authority. MCL 211.78(8)(a). Additionally, the foreclosure proceeding happened 12 years prior to Mr. Barnaby filing this instant action, and all of his claims arising from proceeding are time barred by various applicable statutes of limitations. While a motion for judgment on the pleadings is typically not the appropriate avenue to dismiss a claim based on a statute of limitations argument, federal courts "will approve granting one only if the allegations in the complaint affirmatively show that the claim is time-barred." *Kinney v. Anderson Lumber Company, Inc.*, No. 18-5146, 2018 WL 7317203 at *4 (6th Cir. Sept. 3, 2018) (quoting *Cataldo v. U.S. Steel Corp.,* 676 F.2d 542, 547 (6th Cir. 2012) (internal quotations omitted).

The Supreme Court has held that actions under 42 U.S.C. §1983 take the applicable statute of limitations from the state in which the claim is brought. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). In this case, Michigan law provides a three-year statute of limitation on all tort actions and to recover damages for injury to a person or property. MCL 600.5805(2). This three-year statute of limitations period would also be applicable to Mr. Barnaby's constitutional claims because, for such claims, federal courts enforce the statute of limitations of the originating state. *Hardin v. Straub*, 490 U.S. 536, 538; 109 S.Ct. 1998; 104 L.Ed. 2d 582 (1989). Further, Mr. Barnaby's claims related to fraud have a statute of limitations period of six years. MCL 600.5813.

The statute of limitations begins to run when the "plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996). In this case, the statute of limitations began to run for Mr. Barnaby upon the judgment of foreclosure being entered in 2010. As such, based on these various statute of limitations, any claim for damages arising from the 2010 foreclosure proceedings, which includes all of Mr. Barnaby's claims, would have had to be filed no later than August 18, 2016.

Mr. Barnaby has also attempted to argue that he did not become aware of the actions giving rise to the claims he is alleging until years after the foreclosure action. However, he previously filed a lawsuit against the County regarding many of these same issues in 2014; and by his assertions, he discovered the alleged fraudulent conduct in 2017. (See ECF No. 16, PageID. 10; and ECF 36, PageId. 184). Based on these actions, the only claim that would *potentially* not be time barred are those related to fraud, since those claims have a six-year statute of limitations. Even if this Honorable Court determines that the fraud claims are not time barred, the other claims would still be barred by the shorter applicable statute of limitations, as discussed above.

2. ***Niles Township and its officers are entitled to tort immunity under the Government Tort Liability Act***

The Government Tort Liability Act ("GTLA") provides that "except as otherwise provided in this act, a governmental agency is immune from tort liability if the government agency is engaged in the exercise or discharge of a government function." MCL 691.1407(1). The GTLA defines a "governmental agency" as the State of Michigan or a political subdivision thereof. MCL 691.1401(a). The GTLA also defines a "government function" as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b). When determining whether an act is a "governmental function" under the GTLA, the courts focus on the precise activity giving rise to the plaintiff's claim rather than on the

entity's overall or principal operation. *Everett v. Saginaw Cnty.*, 123 Mich. App. 411, 414; 333 N.W.2d 301, 302 (1983). Further, to pierce the veil of this immunity, a plaintiff must either plead a tort that falls within one of the exceptions provided by the GTLA, or demonstrate that the actions taken were outside the exercise or discharge of a government function. *Genesee County Drain Comm'r v Genesee County*, 309 Mich. App. 317, 327, 869 N.W.2d 635, 641 (2015).

In this case, the Township Defendants each qualify as a "government agency" under MCL 691.1401(a), (d), and (e). Additionally, the only act that Mr. Barnaby claims that the Township Defendants did to harm him was the act of allegedly overvaluing his property. ECF No. 36 PageID 185. Pursuant to Michigan law, the Township is the tax assessing unit for the Township, charged with administering the property taxes of the Township. *Wizinsky v. Leelanau County*, No. 1:19-cv-894, 2020 WL 6597637 at *9 (W.D. Mich. Aug 20, 2020); see also MCL §211.10(1). As such, the Township's act of assessing Mr. Barnaby's property, which was located within the Township, is squarely a "governmental function" under the GTLA because it is an act authorized by statute. Further, Mr. Barnaby has not alleged that the Township's act of assessing his property somehow fit into one of the exceptions provided for in the GTLA nor does he claim it was outside the exercise or discharge of property tax assessing. As stated previously, if Mr. Barnaby had an issue with the valuation of his property, he had a chance to protest that to the Township's Board of Review, then appeal to the Michigan Tax Tribunal, and finally to the Michigan Court of Appeals – but he chose not to.

Based on what is stated above, Count III "Gross Negligence"; Count VII "Fraud by Misrepresentation"; Count IX "Damage to Personal Property"; County X "Theft and Conversion of Personal Property"; and Count XI "Intentional Infliction of Emotional Distress", must all be dismissed because Mr. Barnaby has not, and cannot, plead facts sufficient to defeat the immunity

afforded the Township Defendants under GTLA. Mr. Barnaby generally includes the Township Defendants in each count listed above, but pleads no facts specifically establishing the Township Defendants doing anything other than assessing the property, which is a governmental function. Based on the pleadings, there are no issues of material fact with regard to the tort claims listed above because the Township Defendants are entitled to complete immunity when carrying out governmental functions. Mr. Barnaby has not pled facts sufficient to provide a plausible basis for piercing this immunity with regard to the Township Defendants' actions of assessing Mr. Barnaby's property. As such, the Township Defendants are entitled to judgment as a matter of law in regards to all of the tort claims listed above.

### 3.  Mr. Barnaby's Constitutional Claims fail to provide a showing of liability against the Township Defendants.

The United States Supreme Court has held that a municipality can only be liable for claims under 42 U.S.C. §1983 in very limited situations. *Monell v Dep't of Soc. Servs*., 436 U.S. 658; 56 L. Ed. 2d 611; 98 S. Ct. 2018 (1978). For a private citizen to succeed on a claim for municipal liability under §1983, a petitioner must demonstrate that they were deprived of a constitutional right; and second, that the municipality is directly responsible for that violation. *Ellis v Cleveland Mun. Sch. Dist.,* 455 F.3d 690, 700 (6th Cir. 2006). Additionally, a municipality can only be held liable for constitutional violations if the government was acting based on an official policy of the municipality that acted as the "moving force of the constitutional violation." *Monell*, 436 U.S. at 694-95.

In this case, Mr. Barnaby has not pled any facts that demonstrate that he was deprived of a constitutional right. Even more so, Mr. Barnaby has not pled any facts that the Township Defendants were directly responsible for any such deprivation. Mr. Barnaby does not contend that

the Township's tax assessing process or policy is what violated his constitutional rights, he is simply arguing that the foreclosure proceeding violated his constitutional rights. However, the Township is not the foreclosing unit of government, and any claim arising out of the foreclosure proceeding has nothing to do with the Township Defendants. MCL 211.78(8)(a). As such, to the extent that Mr. Barnaby may be able to show that the foreclosure proceedings violated his constitutional right, he has not pled any manner in which the Township Defendants, who were not involved in the tax foreclosure proceedings, violated his constitutional rights.

As will be explained below, each of his constitutional claims fail to state a plausible claim against the Township Defendants that could warrant relief from the court. Because Mr. Barnaby cannot establish that the Township Defendants deprived Mr. Barnaby of a constitutional right, *Monell* and *Ellis* requires that the constitutional claims be dismissed against the Township Defendants under a theory of qualified immunity.

First, Mr. Barnaby alleges that the Township Defendants retaliated against him in violation of the First Amendment. There are three elements that must be established for a First Amendment retaliation claim. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). First, the plaintiff must show that he was engaged in "protected conduct". *Id.* Second, there must be an adverse action taken against the plaintiff. *Id.* Third, the adverse action must have been motivated by the protected conduct. *Id.* In this case, it is unclear what Mr. Barnaby is claiming as the "protected conduct" that he was engaging in. Importantly, Mr. Barnaby has not explained what conduct he was involved in or how it was protected. Additionally, Mr. Barnaby has not indicated the adverse action taken against him. He claims that the property was overvalued by the Township, but he does not argue that they did this in response to any conduct that Mr. Barnaby was involved. As such, Count I cannot be the basis for Mr. Barnaby defeating the Township Defendant's

qualified immunity provided under *Monell* and *Ellis.*

Second, Mr. Barnaby claims a violation of his due process rights under Count IV of his Third Amended Complaint. Mr. Barnaby apparently claims a violation of his due process rights, related to the foreclosure proceedings. ECF No. 36, PageID. 237. In order to prove a due process violation, Mr. Barnaby would need to demonstrate (1) that he had a life, liberty or property interest, protected by the Fourteenth Amendment's Due Process Clause, (2) that he was deprived of this protected interest, and (3) that the state did not afford him adequate procedural rights prior to depriving him of his protected interest. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Because the Township Defendants were not involved in the tax foreclosure proceedings, Mr. Barnaby cannot establish a violation of his procedural due process rights by the Township Defendants regarding the foreclosure of his property. Again, the county is the tax foreclosing unit under MCL 211.78(8)(a), and a township plays no role in the procedure. Additionally, it is unlikely that any of the foreclosing parties failed to provide adequate due process, since Mr. Barnaby participated in the tax foreclosure hearing. (*see Barnaby v Witkowski*¸ No. 1:14-CV-1279, 2018 WL 3787961 at * 433 (W.D. Mich. Jan 12, 2018), aff'd 758 F. App'x 431 (6th Cir. 2018)). As such, Count IV cannot be the basis for Mr. Barnaby defeating the Township Defendant's qualified immunity provided under *Monell* and *Ellis.*

Third, Mr. Barnaby's Count V alleges that the defendants violated the Equal Protections Clause of the United States Constitution. In order to make a claim under the Equal Protection Clause, the threshold element is disparate treatment. *Scarbrough v Morgan Cnty. Bd. of Educ.* 470 F.3d 250, 260 (6th Cir. 2006). Mr. Barnaby has failed, in his Third Amended Complaint, to state how the Township Defendants treated Mr. Barnaby different from other Township residents in their administration of the Township's taxing authority. He does not claim that the Board of

Review refused to hear his appeal or that the Township used inappropriate means to assess his property. Regarding the Township Defendants, Mr. Barnaby only asserts that he disagrees with the valuation of the property. Thus, Mr. Barnaby has not met the basic requirement of an equal protection claim, and, as such, the equal protection clause cannot be the basis for Mr. Barnaby defeating the Township Defendants' qualified immunity provided under *Monell* and *Ellis.*

Fourth, Mr. Barnaby alleges in Count XII that the foreclosure procedure violated the Fourth Amendment's right to be secure against unreasonable seizure of property. ECF No. 36, PageID 253. Importantly, the Fourth Amendment only protects a person from an "unreasonable" search or seizure. U.S. Const. Amend. IV. In this case, once again, Mr. Barnaby has failed to plead facts establishing that the seizure of his property was unreasonable, aside from conclusory allegations that there was fraud in effectuating the foreclosure. In particular, Mr. Barnaby has not explained how the Township Defendants seized his property, at all. Under the GPTA, the foreclosing governmental unit can only be the county treasurer or the state. MCL 211.78(8)(a). As such, the Township Defendants did not and could not have seized Mr. Barnaby's property at all through the foreclosure process. Because the Township Defendants did not effectuate the foreclosure, Mr. Barnaby does not have a legal claim against them based on the seizure of his property. The Fourth Amendment cannot serve as a basis for Mr. Barnaby to defeat the Township Defendants' qualified immunity provided for by *Monell* and *Ellis.*

Fifth, Mr. Barnaby claims in Count VI that the Township Defendants violated his "Right to Government Services and Right to Use Public Facilities." Importantly, Mr. Barnaby does not provide any concrete allegations in this section, other than stating that the "Defendants deprived Plaintiff of its good governance." ECF 36, Page ID 240. It is not clear what Mr. Barnaby is claiming the Township Defendants, or any defendants for that matter, did to him or what

protections that were not afforded him. Mr. Barnaby once again simply cites 42 U.S.C. §1983 without any specific allegation as to how he was denied the right to government services or the right to use public facilities. For instance, Mr. Barnaby is not alleging that he was precluded from attending the foreclosure hearings or alleging that he was restrained from his ability to bring suit based on the foreclosure. He did both of those things and simply does not like the result of those hearings. As such, these rights cannot serve as a basis for Mr. Barnaby to defeat the Township Defendant's qualified immunity provided for by *Monell* and *Ellis.*

Finally, regarding Mr. Barnaby's claim, in Count II, of a violation of his right to a fair trial; while that is a constitutionally protected right, the Sixth Amendment only guarantees the right to a fair trial in criminal matters, and tax foreclosure proceedings are civil in nature. Additionally, the Seventh Amendment only applies to civil matters that were brought in federal court, not state court. *Clay v. Metro Gov't*, 46 Fed. Appx. 348, 349 (6th Cir. 2002). It is unclear from the Third Amended Complaint how the Township Defendants would have acted to deprive Mr. Barnaby of a fair trial, as the Township Defendants were not a party to the previous federal lawsuit by Mr. Barnaby or the foreclosure proceeding. As such, the right to a fair trial under either the Sixth or Seventh Amendment cannot serve as a basis for Mr. Barnaby to defeat the Township Defendant's qualified immunity provided for by *Monell* and *Ellis.*

For the reasons stated above, Count I "Retaliations"; Count II "Right to a Fair Trial"; Count IV "Due Process"; Count V "Equal Protection"; Count VI "The Right to government Services"; and Count XII "Unlawful Detentions of Properties" should all be dismissed because under *Monell* and *Ellis*, the Township Defendants have qualified immunity. Mr. Barnaby has failed to plead facts that create a material issue of fact related to his constitutional claims, as applied to the Township Defendants, and the Township Defendants are entitled to judgment as a matter of law in regard to

these counts.

### 4. *Mr. Barnaby's remaining claims do not provide for a private cause of action.*

Mr. Barnaby's claims under Count XIII "Safety from Harassment and Right to Gainful Employment"; Count VII "Freedom of Movement" and "Freedom from Torture"; Count XIV "The rights given under the general property tax act, violation of Michigan's Unauthorized Practice of Law Statute, and Michigan's forgery statute"; Count XV "Whistleblowing"; and Count XVI Right to Housing" do not provide private causes of action. Mr. Barnaby has failed to plead facts that create an issue of material fact with regard to those issues, and the Township Defendants are entitled to judgment as a matter of law.

Count VIII, alleges that the defendants violated Mr. Barnaby's freedom of movements and freedom from torture. ECF No 36, PageID. 244. To support this claim, Mr. Barnaby uses language contained in the International Covenant on Civil and Political Rights ("ICCPR"), specifically, Articles 7, and 12. "Treaties are only cognizable in federal courts if they are either self-executing or Congress has passed appropriate enabling legislation." *United States v. Duarte-Acero*, 296 F.3d 1277, 1283 (11th Cir. 2002). Further, the ICCPR does not meet either criteria established in *Duarte-Acero*. As such, the ICCPR does not offer a private cause of action in the United States. *Jocham v. Tuscola County*, 239 F.Supp.2d 714, 730 (E.D. Mich. 2003).

Next, Mr. Barnaby claims a cause of action for "Safety from Harassment and Gainful Employment" in Count XIII. In that Count, Mr. Barnaby alleges that his property was his gainful employment and he was deprived of it by the foreclosure proceedings. ECF No. 36, PageID. 256. Further, he makes unfounded allegations that someone, he is not clear as to who, harassed him by stating that they would make sure he would lose all his other properties if he sought redress for the Niles Township property. *Id.* at PageID. 257. But, as the City of Benton Harbor noted, it appears

that he found this claim in Article 23 of the United Nations Universal Declaration of Human Rights ("UNUDHR"). Federal courts have held that the UNUDHR does not provide a private cause of action. *Gwilliams v. Michigan Parole Bd.*, No. 1:17-CV-266, 2017 WL 1243225, at *7 (W.D. Mich. Apr. 5, 2017), citing *Sosa v. Alvarez–Machain,* 542 U.S. 692, 734-35 (2004) and *Serra v. Lappin*, 600 F.3d 1191, 1196–97 & n. 5 (9th Cir. 2010). As such, Mr. Barnaby cannot use the UNUDHR to create a private cause of action in this case.

Count XV of Mr. Barnaby's Third Amended Complaint claims that he was retaliated against for being a whistleblower in regard to the "elaborate scheme" of which all the defendants are allegedly jointly a part. Under the Whistleblower Act, 5 U.S.C. 2301, there is no private cause of action for whistleblowing. *Braun v. United States,* 707 F.2d 922, 925 (6th Cir. 1983). As such, Mr. Barnaby does not identify an alternative source of law to create a private cause of action for whistleblowing, and Count XV should be dismissed.

Mr. Barnaby also asserts under Count XVI that the defendants all violated his "right to housing". There is no federal or constitutional right to housing of a particular quality or in a particular community. *Lindsey v. Normet*, 405 U.S. 56, 74, 92 S. Ct. 862, 874, 31 L. Ed. 2d 36 (1972). As such, this Count must be dismissed because there is no cause of action for deprivation of a "right to housing" because no such right exists.

Finally, Mr. Barnaby claims in Count XIV "The rights given under the general property tax act, violation of Michigan's Unauthorized Practice of Law Statute, and Michigan's forgery statute." Regarding the allegations of violations of Michigan's Unauthorized Practice of Law Statute or Michigan's forgery statute, this Honorable Court properly dismissed those claims and the Sixth Circuit properly upheld the dismissal of these claims during the first of Mr. Barnaby's appeals in this case. ECF No. 67, PageID 941; and ECF No. 72, PageID. 953, 956. Regarding his

claims under the GPTA, the GPTA only permits a cause of action against the foreclosing government unit, which as discussed previously, is not the Township. MCL 211.78(8)(a).[2]

For the reasons explained, Count XIII "Safety from Harassment and Right to Gainful Employment"; Count VII "Freedom of Movement" and "Freedom from Torture"; Count XIV "The rights given under the general property tax act, violation of Michigan's Unauthorized Practice of Law Statute, and Michigan's forgery statute"; Count XV "Whistleblowing"; and Count XVI Right to Housing" do not provide private causes of action. As such, the Township Defendants respectfully request that this Honorable Court dismiss these counts as they relate to the Township Defendants.

## V. Conclusion

Mr. Barnaby has failed to plead any facts that create a material issue of fact related to the Township Defendants' conduct. Mr. Barnaby's claims are either barred by the statute of limitations governing each of his claims or do not offer a private cause of action. Even if the statute of limitations did not bar Mr. Barnaby's claims, the GTLA and the doctrines cited in *Monell and Ellis* bar his tort and constitutional claims. Even considering the lowered pleading standards for pro se litigants, Mr. Barnaby has failed to establish anything close to the threshold requirements to break the total and qualified immunity afforded to the Township Defendants. Mr. Barnaby has not made any claim of how the Township was involved in the foreclosure proceedings aside from setting the initial tax assessment. Mr. Barnaby largely makes unfounded and specious conclusory allegations without evidence of how the Township Defendants violated any of his rights. Mr. Barnaby is understandably upset that his property was foreclosed upon, but his complaint patently fails to

---

[2] In fact, it is unknown if the GPTA offers a property owner a cause of action related to foreclosures occurring before July 18, 2020 at all. This issue is pending in the Michigan Supreme Court, see *Schafer v Kent Co.,* __ Mich __; 990 NW2d 876 (2023.)

raise any valid claims of wrongdoing on the part of the Township Defendants.

For the reasons stated herein, the Township Defendants respectfully request that this Honorable Court dismiss Mr. Barnaby's Third Amended Complaint in its entirety with prejudice.

Respectfully submitted,

BAUCKHAM, THALL
SEEBER, KAUFMAN & KOCHES, P.C.

DATED: March 27, 2024                    BY:    */s T. Seth Koches*

T. Seth Koches (P71761)
Attorney for Defendants Niles Charter Township &
the Niles Charter Township Board of Trustees
Bauckham, Thall, Seeber, Kaufman & Koches, P.C.
470 W. Centre Ave., Ste. A
Portage, MI 49024
(269) 382-4500
koches@michigantownshiplaw.com