# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
| Plaintiff- Appellant | ) |
| | |
| Vs. | ) Hon. Robert  J.  Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
| Defendants- Appellees | ) Case No. 1:22 -CV- 1146 |

**PLAINTIFF'S  SUPPORTING BRIEF IN OPPOSITION TO,**

**BERRIEN COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

**AND WITH PLAINTIFF'S CROSS-MOTIONS, FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(a), AND FOR SANCTION  PURSUANT TO RULE 11**

## TABLE OF CONTENTS

**Page**

**Table of Contents** ...........................................................................................i-iii

**Index of Authorities** .......................................................................................iv-vi

**Controlling or Most Appropriate Authority** ....................................................... viii

**Statement of Facts** ......................................................................................... 1-9

    A.  The Overall Pertinent Summary Facts ……………………………………………………1-6
    B.  Service of Process Overall Pertinent Summary Facts…………………………......…..1-9

**Standard of Review** ......................................................................................9-10

**ARGUMENT** ................................................................................................ 11-26


**RESPONSE TO:**     **POINT I**
                 **PLAINTIFF HAS FAILED TO PROPERLY SERVE THE BERRIEN**
                 **DEFENDANTS WITHIN THE PERMITTED TIMEFRAME …………….11-15**

A.  RESPONSE TO:  Plaintiff Failed to Properly Serve the Berrien County Government, the
Berrien County Board of Commissioners, and the Berrien County Trial Court…………..……12-15

         *1.  RESPONSE TO: Rules for Service on Public Corporations …………….12*
              *a.  RESPONSE TO: Federal Rules - Service on Public Corporations*
                  *……………………………………………………...…….12-13*

              *b.  RESPONSE TO: Michigan Rules - Service on Public Corporations*
              *(Fed. R. Civ. P. 4(j)(2)(B)),  …………………………………..13-14*

         *2.  RESPONSE TO: Service on 1), Defendant - Lori D. Jarvis Registrar; 2),*
            *Defendant - Lora L. Freehling Registrar; 3), Defendant - Kathleen*
            *Culberson, Notary Public; 4), Defendant – Bret Witkowski, Treasurer; 5),*
            *Defendant – Shelly Weich, Treasurer; 6), Defendant – Board of*
            *Commissioner; 7), Defendant – Attorney Mckinley R. Elliott; 8),*
            *Defendant – Attorney Donna B. Howard; 9), Defendant – Attorney James*
            *Mcgovern; 10), Defendant – Berrien County Government; 11), Defendant*
            *– Bret Witkowski, in his Individual capacity…………………………15-16*

         *3.  RESPONSE TO: Service on 12). Defendant – Hon. Mayfield C.J; 13).*
            *Defendant – Hon. Gary J. Bruce F.C.J; 14). Defendant – Hon. Alfred M.*
            *Butzbaugh, F.C.J; 15). Defendant Berrien Court Trial Court  ............. 16*


B. RESPONSE TO:   Plaintiff Failed to Properly Serve the Individual Defendants…. 17-20

*1.* *RESPONSE TO: Rules for Service on Individuals* ……………………………………………18
a. RESPONSE TO: Federal Rules - Service on Individuals ………………………………18
b. RESPONSE TO: Michigan Rules - Service on Individuals ………………………….. 18-19

*2.* *RESPONSE TO: Service on Defendants in Official 1), Defendant - Lori D. Jarvis Registrar; 2), Defendant - Lora L. Freehling Registrar; 3), Defendant - Kathleen Culberson, Notary Public; 4), Defendant – Bret Witkowski, Treasurer; 5), Defendant – Shelly Weich, Treasurer; 6), Defendant – Board of Commissioner; 7), Defendant – Attorney Mckinley R. Elliott; 8), Defendant – Attorney Donna B. Howard; 9), Defendant – Attorney James Mcgovern; 10), Defendant – Berrien County Government*……………………………………………………………………………………19

*3.* *RESPONSE TO: Service Defendants in Official 12). Defendant – Hon. Mayfield C.J; 13). Defendant – Hon. Gary J. Bruce F.C.J; 14). Defendant – Hon. Alfred M. Butzbaugh, F.C.J; 15). Defendant Berrien Court Trial Court* …………………….19-20

C. RESPONSE TO: Defendants' Argument on Defaults Judgment …………………………..20

D. RESPONSE TO: TIME LIMIT FOR SERVICE Under Fed. R. Civ. P. 4(m) ……….. 20-21


**RESPONSE TO:    POINT II**
         **IN THE ALTERNATIVE, THE THIRD AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THE BERRIEN COUNTY TRIAL COURT 21-22**

**POINT III:**
         **Motion for Sanction Pursuant to, Fed. R. Civ. P. 11……………………………..23**


**POINT IV:**
         **Motion for Summary Judgment Pursuant to, Fed. R. Civ. P. 56 (a)………………..24-25**


**III. CONCLUSION** ....................................................................... **26-27**

Certificate of compliance ……………….…………………………….………….....27
Certificate of Service ....................................................................28
District Court's Supplemental Relevant Documents …………………..………………vii

## <u>INDEX OF AUTHORITIES</u>

**Cases**                                                                                       **Page**

Arizona v. California, 530 U.S. 392, 412 (2000)…………………………………...………………

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020)…….…………………...………1-26

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017) …..............................................1-26

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) ................................1-26

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit ……………………..…………….1-26

Barnaby v. Witkowski, 1:14-cv-1279  …………………………………...…………….1-26

Erickson v. Pardus, 551 U.S. 89, 94 (2007)…………….......................................…..………. 21

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)…………………..……………...

Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019) …………1-26


**Statutes**

42 U.S.C. § 1983......................................................................................................................1-26

Mich. Comp. Laws § 691.1401......................................................................................1-26

Mich. Comp. Laws § 691.1401(b) .......................................................................................1-26

Mich. Comp. Laws § 691.1407(1) .......................................................................................1-26

Mich. Comp. Laws § 691.1407(2) ......................................................................................1-26

Mich. Comp. Laws § 691.1407(5) .......................................................................................1-27

Forgery Mi. Comp. Laws Ann. § 750-248…………………………………….......…..…1-26

Forgery Mi. Comp. Laws Ann.  § 750-249 ………………………………….…..………… 1-26

MCL 211.27(a)…………………………………………………………...……….……….

Mich. Comp. Section 141.1549 and Act 436 of 2012 ………….……………….…..………1-26


**Rule**

LCivR 7.1(d) ………………………………………………………………………..…….

Fed. R. Civ. P. 1……………………………………………………..……………….......1-26

Rules MCR 2.105: (A)(1)(2). ……………………………………………………………1-26

(G)(1); (I)(1); (K)(3) …………………………………………………………….…1-26

Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B). ……………………………….…..……...1-26

Federal Rules Fed. R. Civ. P. 4: (e)(1)(2)(B)(C) ……………………………………….....… 1-26

Federal Rules Fed. R. Civ. P. 4: (j)(2)(A)(B) ………………………………...……….....…..1-26

Fed. R. Civ. P. 4(h)(1) (A)(B), or (2) ……………………………………………..…..1-26

Fed. R. Civ. P. 4(e1)(2)(B)(C) …………………………………………….………………..…1-26

Fed. R. Civ. P. 4(j)(2)(A)(B). ……………………………………………………….…..1-26

Fed. R. Civ. P. 4(m) ……………………………………………………………………… 21

Fed. R. Civ. P. 11………………………………………………………………………… 23

MCR 2.105 …………………………………………………………………………………1-26

Mich. Ct. R. 2.105 (A) (1) (2),  …………………………………………………………1-26

Mich. Ct. R. 2.105 (G) (1) ……………………………………….………………………1-26

Mich. Ct. R. 2.105 (k) (3) ………………………………………………………………1-26

Michigan Court Rule 2.105(A) (2) ………………………………………………………1-26

District Court's Local Rules Service Handbook ………………………………………1-26

Fed. R. Civ. Proc. 12(b)(6) ……………………………………………………………… 22-23

Fed. R. Civ. P. 15(a)(1), ……………………………………………………..……………

Fed. R. Civ. P. 15(a)(2) ……………………………………………………..……………

Fed. R. Civ. P. 12(a)(1)(A)(i) ……………………………………………………………

Fed. R. Civ. P. 55:(a), (b)(1)(2) ………………………………..……………………… 20

Fed. R. Civ. P. 56:(a), …………… ………………………………………………………24-25

## Doctrines

The doctrine of the law of the case ……………………………...……………………………

The law of the case doctrine …………………………………….………………………...

Rooker-Feldman Doctrine ……………………………...……………………………….

Res judicata Doctrines ……………………………...…………………………………...

## Laws

42 USCS 1983...............................................................................................................

42 U.S.C. §2000…………………………………………………………………………

18 U.S.C. Section 1341…………………………………...…………………………………...

28: USC § 1331 …………………………………...…………………………………...

28: USC § 1332 ………….………………………………….…………………………………...

28 U.S.C. § 1291………………………………………..…………………... ……………….

First Amendment …………………………………………………………………………..

Fourth Amendment …………………………………………….……..............................

Fifth Amendment ….………………………………………………….…………………….

 Fourteenth Amendment …………………………….………………………………………..

Eleventh Amendment ………………….………………………………………………..

Qualified immunity .………………….………….…………………………………….

Full Faith and Credit Act ……………………………………….….……….

### Statement Regarding  Oral Argument

Plaintiff does not believe that Oral Argument is necessary to 1). Plaintiff request that this Your Honorable Court, Deny Defendant's Motion to Dismiss Complaint. 2). To Sanction Defendants for filing of frivolous motion, to evade liabilities for Plaintiff's injures. 3). To enter a Declaratory Judgment against the Berrien County Trial Court and its Judges, that their August 18, 2010, Judgment and July 12, 2012, Order are void, and imaginary against Plaintiff, procured by forgery, falsifications of Courts; and County's records, UPL and fraud upon Courts. 4). To Grant Plaintiff's Cross-Motion for Summary Judgment with damages because there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

## FILED EXHIBITS IN THIS DISTRICT COURT'S RECORD

| | | |
|---|---|---|
| EXHIBIT A | **Forgery** Documents | ID.560-563 |
| EXHIBIT B | Barnaby's Affidavit | ID. 564-569 |
| EXHIBIT C | Knowledge/Not Protect Against Illusory Truth | ID.570-779 |
| EXHIBIT D | Dr Bulgin Expert Report | ID. 580-588 |
| EXHIBIT E | Dr. Payne Expert Report | ID.589-607 |
| EXHIBIT F | Paid in Full Niles Properties 2007 Tax Receipt | ID.608-609 |
| EXHIBIT G | Appraisal Report at $12,000.00 | ID.610-635 |
| EXHIBIT H-1 | Opinion #1 of  Sixth Circuit Court | ID.636-640 |
| EXHIBIT H-2 | Opinion #2 of  Sixth Circuit Court | ID.741-643 |
| EXHIBIT H-3 | Judgment of Sixth Circuit Court | ID.644-645 |
| EXHIBIT I-1 | Witkowski's **Perjury Deposition.** | ID.646- 686 |
| EXHIBIT I-2 | Witkowski's Deposition. | ID.687-694 |
| EXHIBIT I-3 | Witkowski's Deposition. | ID.695-708 |
| EXHIBIT I-4 | UPL & **Forgery** Foreclosure Judgment-August 18, 2010, | ID.709-714 |
| EXHIBIT J | State Michigan Bar Letter | ID.715-716 |
| EXHIBIT K | Judgement &  **Forgery** Order | ID.717-723 |
| EXHIBIT L-1 | Attorney Holmstrom's **Forgery** Brief | ID.724-726 |
| EXHIBIT L-2 | Attorney Holmstrom's **Forgery** Brief | ID.727-729 |
| EXHIBIT L-3 | Attorney Holmstrom's **Forgery** Brief | ID.730-734 |
| O | Witkowski's **Willful False Affidavit/Perjury** | ID.756-758 |
| EXHIBIT W-1 | Sixth Circuit Order (ECF Nos. 72) | ID.000-000 |
| EXHIBIT W-2 | Sixth Circuit Judgment. (ECF Nos. 73) | ID.000-000 |
| EXHIBIT W-3 | Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95) | ID.000-000 |
| EXHIBIT W-4 | Magistrate's Order (ECF Nos. 91) | ID.000-000 |
| EXHIBIT W-5 | Plaintiff's Default /Brief (ECF No. …) | ID.000-000 |
| EXHIBIT W-6 | Barnaby's Affidavit | ID. 1187- 1188 |
| EXHIBIT W-7 | Notice from Clerk  (ECF Nos. 84) | ID.000-000 |
| EXHIBIT W-8 | Proof Service of Sommons  Receipts | ID. 113- 129 |
| EXHIBIT W-9 | Attorney Hackworth Job Description | ID. 1201 |
| EXHIBIT W-10 | Request or Motion for Default Judgment | |
| EXHIBIT W-11 | Attorney Holmstrom's Personal Letter to Judge | ID. 1125- 1126 |
| EXHIBIT W-12 | Electric receipt that further Proofs Proper Service | ID. 1379- 1380 |
| EXHIBIT W-13 | Proof of  Holmstrom Defendants Service rejection | ID. 1381-1383 |
| EXHIBIT W-14 | District Court's Service Handbook | ID.1384-1386 |
| EXHIBIT W-15 | Mr. Hackworth, Authorized by Appointment by Law | ID. 1387- 1388 |
| EXHIBIT W-16 | …………………………………… | ID.000-000 |
| EXHIBIT W-17 | PLAINTIFF'S STIPULATION OFFER | ID.000-000 |
| EXHIBIT W-20 | Default-Judgments (ECF Nos. 28,31,32,75,77,81,88,95,124) | ID.2010-2076 |
| EXHIBIT W-21 | Defendants' Berrien County, Benton Harbor conspiracies | ID.2077-2085 |
| EXHIBIT W-22 | Conspiracy not to prosecute the other Defendants | ID. 0000-0000 |
| EXHIBIT W-23 | STATE DEFENDANTS' SIXTH CIRCUIT'S  BRIEF | ID.1945-1967 |
| EXHIBIT W-24 | Plaintiff and County Defendants correspondence/Sanction | ID. 0000-0000 |

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**
*Authority*:

Federal Rule of Civil Procedure 4(j)(2); 4(j)(2)(B) and 4(e)(2); Mich. Ct. R. 2.105:

(A)(2); (G)(1)(8); (I)(1) (2)

Plaintiff's Opposition and Cross-Motion for Summary Judgment: Fed. R. Civ. P. 56(a);

Fed. R. Civ. P. 55: (a)(b)(1)(2);  Fed. R. Civ. P. 12(a)(1)(A)(i);  The doctrine of the law of the

case; The law of the case doctrine; Res Judicata and or Collateral Estoppel ; "General Property

Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA;  Forgeries "(Mi. Comp.

Laws Ann. § 750-248    § 750-249.)";  "Conspiracy, act 328 of 1931 750.157a", Unauthorized

Practice of Law, "(MCL 600.916 and MCL 450.681)";  First, Fourth, Fifth-takings clause,

Fourteenth-Section I, of the Amendments;  Civil Rights Acts of 42 U.SA. §1983;  42 U.S.C.

§2000;  Fed. R. Crim. P. 41,  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001);

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006); Tyler v. Hennepin County,

Minnesota, et al, (No. 22–166–Decided May 25, 2023); Rafaeli, LLC v Oakland County Case

No. 156849, July 17, 2020.

## STATEMENT OF FACTS

### A.  The Overall Pertinent Summary Facts

1.      Defendants concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of Berrien County property owners of their properties by: forgery, falsifications of Court's and County's  records, unauthorized practiced  of law, retaliations, discriminations, concealment, fraud,  fraud upon courts and conspiracy to commit the same, in the advancement of  their gentrification agenda, in violation of Plaintiff's Constitutional Rights. Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress. Because Plaintiff's properties were his employment and his livelihood for him and his family, their lives have been very difficult over these last fourteen years.  As such, Plaintiff contends that he warrants relief for his properties, for emotional distress of pain and sufferings and punitive and declaratory judgment against Defendants State Courts, their Judges. See, (ID.560-569); ID.570- 588); (ID.589-635);  (ID.646-714); (ID.717-758); (ECF No. 72); and (ID.2077-2085).

2.      Plaintiff's, property located in the Niles Charter Township, parcel# is, 11-14-0112-0011-17-4/ 2116 S. 15th Street.  And Plaintiff's, properties located in 'City of Benton Harbor', are: parcel # 51-5000-0006-00-4 aka 931 Colfax,  parcel # 51-5000-0007-00-1 aka, 941 Colfax,  parcel # 11-51-0801-0075-00-8 ask 189 Apple Ave, parcel # 11-52-7500-0002-00-6 aka 272 Pipestone St.; parcel # 11-52-7500-0003-00-2 ask 272 Pipestone St.; parcel # 11-52-0019-0071-02-5 aka 272 Pipestone St., 235-239 Pipestone St., and one additional property stolen which is omitted and to be added to the list. See, ( ECF No. 57-5, Pages ID. 589-607)

3.      Plaintiff's, 'Second and Third Amended Complaints -(ECF Nos. 10, 36), and Fourth Amended Complaints -(ECF No. 145), usage of terms "falsification", "forgeries" or "forged,", falsification 750.248, making, altering, forging, or counterfeiting public record and forgery documents— forged notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and forged quit claim deed(s), to the purchaser(s) are in the legal sense that, they were false or altered documents made to look genuine.  When Plaintiff or his Complaints uses the terms, "forgeries" or "Forged", Forgery Notices of Judgment of Foreclosures, Forgery Certificates of Foreclosures,  Forgery Quit Claim Deeds to the purchasers and Forgery Order, he means forgeries in the legal sense that they are false or altered documents made to look genuine. In addition, Plaintiff asserts that, they are rendered invalid because they are forged documents, in keeping with Michigan's laws. § 750-248 and § 750-249.  **Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone."** Second of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36),  and this, 'Fourth Amended Complaint' are that, the Michigan, Trial Court, Appellate Court, and Supreme Court relied on these "forged documents", "fraud" and  "fraud upon courts", to uphold foreclosures. Third of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that, all Defendants directly or indirectly made themselves apart of the evil plot and elaborate conspiracy scheme to steal and defraud Plaintiff of his properties either when they created, used, or possessed the forged documents and or by falsifications of Court's and County's records, fraud,  fraud upon courts, unlawful concealment of the forgeries or retaliated against Plaintiff to stop the forgery from redress or conspiracy of silence an agreement

to say nothing about the forgeries that, should have been generally made known to the Plaintiff and others.

4.    Defendants' willful misconducts, concocted, disguised, designed an evil plot and an elaborate scheme to advance their gentrification agenda, spanning from 1997 to present, to steal and defraud Plaintiff and hundreds of other Berrien County property owners of their properties by means of, falsification of Court's and County records, fraud,  fraud upon courts 'Forgery Quit Claim Deeds', and 'Forgery Notice of Judgment of Foreclosures' and Forgery Certificate of Forfeiture of Real Properties' and  'Forgery Court Order', and  'Unauthorized Practice of Law' and False Pretense of Unpaid Property Taxes.  Defendants created, used, or possessed these same false documents with the intent to use and used them to defraud Plaintiff. The tentacles of the Defendants conspiracy to advance their gentrification agenda went way beyond the Berrien County Defendants, the Niles Township Defendants and the City of Benton Harbor Defendant, the  Holmstrom Defendants, the State of Michigan Defendants, but also includes the  State Courts and  their Judges wittingly or unwittingly.  And the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the Defendants committed.

5.    The United States Constitution, The First, Fourth, Fifth Takings-Clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983, 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a), Fed. R. Crim. P. 41 and the Constitution of the State of Michigan and its laws,  General Property Tax Act, P.A. 206 of 1893, ("GPTA");  "Conspiracy, act 328 of 1931 750.157a"; UPL (MCL 600.916 and MCL 450.681;  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249) all  recognize the critical

importance of protecting citizens civil rights to their, properties, homes, and employments and from discriminations.

6.      The Complaint consists of eight sets of Defendants that caused Plaintiff's continuous injuries, as follows, 1). The Berrien County Defendants; 2). The Niles Township Defendants;  3). The Holmstrom Defendants; 4). The Benton Harbor—State of Michigan Governors Defendants;  5). The Berrien County Trial Court and Its Judges Defendants; 6). Appellate Court and Its Judges Defendants;  7). Supreme Court's Judges Defendants and 8). The Assistant Attorney General Asbenson.  While some sets of the Defendants actions triggered other Defendants actions or omissions, Plaintiff is injured by all eight sets of Defendants.

7.      The Summary Facts that connect all eight sets of Defendants are as follows: Plaintiff contends that, **(1**). They or The Berrien County Defendants and its, Treasurer, Mr. Witkowski are the superglue or linchpins that connects all the other Defendants' conspiracies of, forgeries, falsifications of County's record and Court's record, fraud, fraud upon courts, unauthorized practiced of laws, retaliations, coverups, concealments,  and discriminations; and other sets of Defendants [triggered actions] but that, all the actions or inactions collectively stole and defrauded Plaintiff of his properties; **(2)** They conspired with the Township Defendants from March 01, 2010 to present, in silence agreement to say nothing about the reduced 2007 Property taxes, that should have been generally made known to Plaintiff and others; **(3)** They conspired with Benton Harbor and State of Michigan Defendants Governors from on or about February 01, 2012 to present, in silence agreement to say nothing, that they demolished Plaintiff's properties in violation of his due process, discriminated against Plaintiff, and not allow him to pay other properties taxes before foreclosure and demolition;  **(4)** They conspired with the Holmstrom

Defendants, from on or about December 12, 2014 to present, mailed, emailed  and filed forgery documents in court proceeding to defraud Plaintiff;  **(5)** They conspired with the Berrien County Court and its Judges from on or about March 01, 2010 to present, to aid and abet them in Unauthorized Practice of Law and to falsified the Court's record with a forged Order, and to commit fraud upon the Berrien County Trial Court to defraud Plaintiff;  **(6)** Their conspiracies of falsification and forgery caused the Berrien County Court, The Appellate, Court and the Supreme Court of Michigan from on or about March 01, 2010 to present to rely on UPL, fraud, fraud upon the court, falsification and forged documents to uphold imaginary forged foreclosure Judgment against Plaintiff; **(7)** They  caused the State Bar of Michigan and its Supervisors Defendants Judge Clement and Judge McCormack from on or about March 01, 2010 to present to overlook evidence and refuse to act on formal complaint that Witkowski had engaged in the unauthorized practice of law; and  **(8)** From on or about March 01, 2010 to present, they caused the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson to conspire with the other defendants and refused to prosecute crimes that the defendants committed or to refer the crimes to the Michigan Attorney General, Ms. Nessel.

8.      Defendant – Bret Witkowski, Treasurer, testified in deposition of his and the Niles Charter Township conspiracy of silence agreement to say nothing about an issue that should be generally known, that they have reduced parcel 2007 taxes because it was over appraised or overvalued.  When Plaintiff or Mr. Barnaby Complaints uses the terms "forgeries" or "forged," , Notice of Judgment of Foreclosure, Certificate of Foreclosure, and the Quit Claim Deed to the purchaser—are Forgeries in the legal sense that, they are false or altered documents made to look genuine. In addition, Plaintiff contends that, they are rendered invalid because they are Forgery documents.  Lastly, according to Defendants' Deposition and Appraisal, Plaintiff

timely redeemed his Niles Township parcel when he paid "$305.73", in March of 2010 for the

2007 tax year. Plaintiff did not lose it to the foreclosure itself, but to the: Forgery, Falsification,

Retaliation, Fraud, Fraud upon Courts, Theft, UPL and Conspiracies.

9.      Defendant – Bret Witkowski, Treasurer testified in deposition that he conspired

with Defendant City of Benton Harbor to demolished Plaintiff's properties.  Furthermore, when

Plaintiff states that, Defendants stole, and defrauded him of his City of Benton Habor parcels,

Mr. Barnaby's use of terms "forgeries" or "forged," that those documents—Notice of Judgment

of Foreclosures, Certificate of Foreclosures, and the Quit Claim Deeds to the purchaser—are

Forgeries in the legal sense that they are false or altered documents made to look genuine, that

rendered them invalid.  Moreover, Plaintiff did not lose his 235-239 Pipestone parcels due to

unpaid properties tax, but to Defendants Forgery, Retaliation, Conspiracy, Fraud, Theft, Coverup

that, demolished them in violation of Plaintiff's due process. Lastly, Given the facts that:  1).

Defendants owed Plaintiff according to its Appraised $12, 000. Times three for theft equal $36,

000.00.   2). Their demolishing of Plaintiff's 235-239 Pipestone parcels by Forgery, Retaliation,

Conspiracy, Fraud and in violation of his due process, and equal protection, that cost to rebuild it

is $619,851. As such, Defendant should not have testified against Plaintiff that he owed back

taxes and cause him to lose any of his properties and Defendants should have allowed Plaintiff to

pay delinquent taxes that he owed on the other properties before foreclosing on them.

10.      The Complaint states, at all times mentioned in the claims, Defendants

acted jointly and in concert with each other or should have reported their unlawful actions to

the other Defendants. As such, each Defendant had the duty and or their duty afford them the

opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful

actions in whole, either by collective efforts or individual effort to restore Plaintiff in full, but

each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint.

**B.     Service of Process Overall Pertinent Summary Facts**

**1.**     Plaintiff had already properly served, on December 09, 2022, by US Postal certified mail, with restricted  Delivery and with return receipt ten-Berreien County Defendants in their official capacities and Witkowski, in both his official and Individual capacities.  Plaintiff has spoken with Attorney, Mr. Thaddeus Hackworth, and he instructed Plaintiff to serve him on behalf of his same Clients. The signed return receipt, PS Form 381,(copied Green Card) was filed in the Court's record as proof of service on all the below named Defendants:

 **1),** Defendant -  Lori D. Jarvis Registrar; **2),** Defendant - Lora L. Freehling Registrar; **3),** Defendant - Kathleen Culberson, Notary Public; **4),** Defendant – Bret Witkowski, Treasurer;  **5),** Defendant – Shelly Weich, Treasurer;    **6),** Defendant – Board of Commissioner;  **7),** Defendant – Attorney Mckinley R. Elliott;  **8),** Defendant – Attorney Donna B. Howard; **9),** Defendant – Attorney James Mcgovern;  **10),** Defendant – Berrien County Government; **11),**  Defendant – Bret Witkowski, in his Individual capacity.
See more fully, (ECF No. 29); (ECF No.139, Pages,1748-1814) or (EXHIBIT W-20).

**2.**  Notwithstanding that, Plaintiff had already properly served the above Berrien County Ten-Defendants and Witkowski and filed in the District Court for the preservation of his Default-(ECF Nos 32, 75, 95, 124) and Default judgment-(ECF Nos 28, 77, 81) against them, Exhibit W-20.  Plaintiff also on Tuesday, March 19, 2024, properly served them for the second time, by US Postal certified mail, with restricted  Delivery and with return receipt, on Ms. Sharon Tyler, Clerk of Berrien County Government; to her on behalf  of the Fifteen-Named Defendants, with return receipt, PS Form 381,(Green Card). They were scheduled to be delivered to her on Friday, March 22, 2024, but were out for delivery to her on Monday, March 25, 2024, between 7:45 AM and 11:45AM; oddly the Postal record shows that Ms. Sharon Tyler, Clerk of Berrien County

Government willfully refused or rejected the Fifteen Summonses Fifteen sets of copied Third

Amended Complaint-(ECF No 36), on Tuesday, March 26, 2024, at 7:49 AM

3.      The Honorable Magistrate Judge Berens Order-(ECF No 91), stated that Plaintiff

should service all Fifteen-Defendants, Summonses with copies of  Third Amended Complaint-

(ECF No 36), within 45-days. Then, the Court set forth a new Order-(ECF No 131), for the

Defendant – Berrien Court Trial Court and Its Judges to be served within 90 days. In addition,

Plaintiff filed, an, 'Emergency Motion',  seeking the Court's Clarification-(ECF No 138), on the

45-days in respect to reserving of the 'Berrien County Ten-Defendants in their official capacities

and Witkowski, in his both official and Individual capacities', Summonses, copies of Complaint-

(ECF No 36), for the second time. To date, the Court is yet to respond to Plaintiff's, Emergency

Motion-(ECF No 138).  Moreover,  given, the Honorable Magistrate Judge Berens Order-(ECF

No 131), that should Plaintiff served Summonses with  copies of the Third Amended Complaint-

(ECF No 36), on  the Defendant – Berrien Court Trial Court and Its Judges within 90 days. It

made sense to Plaintiff that for the 90-days, Order-(ECF No 131), to be consistent it must also be

applied to the Berrien County Ten-Defendants,  Witkowski, in his Individual, Official capacities,

as it does for the Berrien Court Trial Court and Its Judges, pursuant to Fed. R. Civ. P. 4(m).

4.      As such, Plaintiff served all Fifteen Summonses with Fifteen copies of Third

Amended Complaint-(ECF No 36) upon the Clerk of Berrien County Government, Ms. Sharon

Tyler, on behalf of all Fifteen Defendants, by US Postal certified mail, with restricted  Delivery

and with return receipt, PS Form 381,(Green Card) and she willfully rejected or refused them.

See, (ECF No. 159) and (ECF No. 161, PageID.2515).  Because Defendants defrauded and stole

Plaintiff of his properties which were his and his family livelihood, it took him weeks to come up

with the money to serve the Fifteen Defendants.  The Fifteen Defendants Ms. Sharon Tyler,

Clerk of Berrien County Government, willfully rejected or refused, served Fifteen Summonses

with the Fifteen Copied, Third Amended Complaint-(ECF No 36), on behalf are as follows:

   **1),** Defendant -  Lori D. Jarvis Registrar; **2),** Defendant - Lora L. Freehling Registrar; **3),** Defendant - Kathleen Culberson, Notary Public; **4),** Defendant – Bret Witkowski, Treasurer;  **5),** Defendant – Shelly Weich, Treasurer;   **6),** Defendant – Board of Commissioner; **7),** Defendant – Attorney Mckinley R. Elliott;  **8),** Defendant – Attorney Donna B. Howard;  **9),** Defendant – Attorney James Mcgovern;  **10),** Defendant – Berrien County Government;  **11),**  Defendant – Bret Witkowski, in his Individual capacity;  **12).** Defendant – Hon. Mayfield C.J;  **13).** Defendant – Hon. Gary J. Bruce  F.C.J;  **14).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J;  **15).** Defendant Berrien Court Trial Court

## LEGAL STANDARD.

   **Mich. Ct. R. 2.105:** **(A)**(2); **(A)** Individuals. Process may be served on a resident or nonresident individual by **(2)** sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

**Mich. Ct. R. 2.105 (I)** Agent Authorized by Appointment or by Law.**(1)** Service of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process.**(2)** Whenever, pursuant to statute or court rule, service of process is to be made on a nongovernmental defendant by service on a public officer, service on the public officer may be made by registered mail addressed to his or her office.

**Mich. Ct. R. 2.105 (G)** Public Corporations. Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on:
**(1)** the chairperson of the board of commissioners or the county clerk of a county;  **(8)** the president, the chairperson, the secretary, the manager, or the clerk of any other public body organized or existing under the constitution or laws of Michigan, when no other method of service is specially provided by statute. The service of process may be made on an officer having substantially the same duties as those named or described above, irrespective of title. In any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.

## Fed. R. Civ. P. 4(m)

(m) TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

**Federal Rule of Civil Procedure** 4(j)(2); 4(j)(2)(B) and 4(e)(2);

**Rule 55. (a), (b)(1)(2)**

**Summary judgment Fed. R. Civ. P. 56(a).**

The law is clear, "Summary judgment is proper if there are no genuine disputes of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether Defendants met its burden for summary judgment, the court views the evidence in the light most favorable to plaintiff and draws all reasonable inferences in his favor. See *Anderson v Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). Fed. R. Civ. P. 56(a) can be met either by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating the nonmovant's evidence itself is insufficient to establish an essential element of the claim. *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986)."

The burden then shifts to the non-moving party to make a showing sufficient to establish the existence of an essential element to his claims. *Id.* To satisfy this burden, the nonmovant cannot rest on the pleadings, but must show by affidavit or other documentary evidence, specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c). A mere scintilla of evidence is insufficient- "there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v Liberty Lobby, Inc. 477 U.S. 242, 252 (1986).

## ARGUMENTS

### RESPONSE TO:       POINT I
**PLAINTIFF HAS FAILED TO PROPERLY SERVE THE BERRIEN DEFENDANTS WITHIN THE PERMITTED TIMEFRAME**

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully set forth herein, and further contends that, the Court's record shows, that, The Berrien County Ten-Defendants and Defendant Witkowski, in his Individual capacity were properly served twice, with Fifteen Summonses with the Fifteen-Copied of the Third Amended Complaint-(ECF No 36). (ECF No. 29); (ECF No.139, Pages,1748-1814) or (EXHIBIT W-20) and (ECF No.159).

First, they were properly served, on December 09, 2022, by US Postal certified mail, with restricted  Delivery and with return receipt the Berreien County Defendants and Witkowski, in his Individual capacity.  Plaintiff has spoken with Attorney, Mr. Thaddeus Hackworth, and he instructed Plaintiff to serve him on behalf of his same Clients. The signed return receipt, PS Form 381,(copied Green Card) was filed in the Court's record as proof of service on all the below named Defendants, as follows:

> **1),** Defendant -  Lori D. Jarvis Registrar; **2),** Defendant - Lora L. Freehling Registrar; **3),** Defendant - Kathleen Culberson, Notary Public; **4),** Defendant – Bret Witkowski, Treasurer;  **5),** Defendant – Shelly Weich, Treasurer;   **6),** Defendant – Board of Commissioner;  **7),** Defendant – Attorney Mckinley R. Elliott; **8),** Defendant – Attorney Donna B. Howard; **9),** Defendant – Attorney James Mcgovern;  **10),** Defendant – Berrien County Government; **11),**  Defendant – Bret Witkowski, in his Individual capacity.
> See more fully, (ECF No. 29); (ECF No.139, Pages,1748-1814) or (EXHIBIT W-20).

Secondly,  notwithstanding that, Plaintiff had already properly served the above Berrien County Ten-Defendants and Defendant Witkowski, in his Individual capacity and filed in the District Court for the preservation of his Default-(ECF Nos 32, 75, 95, 124) and Default judgment-(ECF Nos 28, 77, 81) against them, Exhibit W-20.  Plaintiff, also, on Tuesday, March 19, 2024, properly served them for the second time, by US Postal certified mail, with restricted Delivery and with return receipt, on Ms. Sharon Tyler, Clerk of Berrien County Government; to

11

her on behalf  of the Fifteen-Named Defendants, with return receipt, PS Form 381,(Green Card).

They were scheduled to be delivered to her on Friday, March 22, 2024, but were out for delivery

to her on Monday, March 25, 2024, between 7:45 AM and 11:45AM; oddly the Postal record

shows that Ms. Sharon Tyler, Clerk of Berrien County Government willfully refused or rejected

the Fifteen Summonses with the Fifteen sets of copied Third Amended Complaint-(ECF No 36),

on Tuesday, March 26, 2024, at 7:49 AM. As such, Defendants' Dismissal Motion, pursuant to

Fed. R. Civ. P. 4(m) and 12(b)(5) and pursuant to Fed. R. Civ. P. 12(b)(6), is moot.

## A.     RESPONSE TO:     Plaintiff Failed to Properly Serve the Berrien County Government, the Berrien County Board of Commissioners, and the Berrien County Trial Court

Plaintiff contends that, Defendants' Topic, 'Plaintiff Failed to Properly Serve the Berrien

County Government, the Berrien County Board of Commissioners, and the Berrien County Trial

Court', is not just materially factually inaccurate, but should the Court adhere to it, would require

the Court's impartiality to be disrupted so significantly that it cannot perform its tasks without

bias or prejudice to Plaintiff and would  materially mislead the Court, to cause fraud upon this

Federal Court, as they are accustom to do in the State Court to precured Judgment and Order.

See, (ID.560-569); ID.570- 588); (ID.589-635);  (ID.646-714); (ID.717-758); (ECF No. 72);

(ID.2077-2085) and (ECF No. 145, PageID.2226- 2231).

### 1.   RESPONSE TO: Rules for Service on Public Corporations

First, Defendant Brief states, "As to Defendants Berrien County Government, the Berrien

County Board of Commissioners, and the Berrien County Trial Court, Federal Rule of Civil

Procedure 4(j)(2) provides two methods for service on a local government:"

> (A) delivering a copy of the summons and complaint to it chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Plaintiff contends that, he did twice pursuant to Federal Rule of Civil Procedure 4(j)(2),

served Summonses with copies Complaint on: 1), Defendant -  Lori D. Jarvis Registrar; 2),

Defendant - Lora L. Freehling Registrar;   3), Defendant - Kathleen Culberson, Notary Public; 4),

Defendant – Bret Witkowski, Treasurer;  5), Defendant – Shelly Weich, Treasurer;   6), Defendant –

Board of Commissioner;  7), Defendant – Attorney Mckinley R. Elliott;  8), Defendant – Attorney

Donna B. Howard; 9), Defendant – Attorney James Mcgovern;  10), Defendant – Berrien County

Government; 11),  Defendant – Bret Witkowski, in his Individual capacity.  **F**irst, Plaintiff served

Summonses with copies Complaint, pursuant to Federal Rule of Civil Procedure 4(j)(2), on Attorney,

Mr. Thaddeus Hackworth on their behalf Defendants. Secondly, Plaintiff served Summonses with

copies Complaint, pursuant to Federal Rule of Civil Procedure 4(j)(2), on the Clerk of Berrien

County Government, Ms. Sharon Tyler, on their behalf. See, (ECF No. 29); (ECF No.139,

Pages,1748-1814) or (EXHIBIT W-20) and(ECF No. 159).   In addition, Plaintiff  pursuant to

Federal Rule of Civil Procedure 4(j)(2), served Summonses with copies of Complaint on: 12).

Defendant – Hon. Mayfield C.J;  13). Defendant – Hon. Gary J. Bruce  F.C.J;  14). Defendant – Hon.

Alfred M. Butzbaugh, F.C.J;  15). Defendant Berrien Court Trial Court, on the Clerk of Berrien

County Government, Ms. Sharon Tyler, on their behalf. See, (ECF No. 159).

### a.   RESPONSE TO:       *Federal Rules - Service on Public Corporations*

**F**irst, the Berrien County Defendants on Federal Rules of Service on Public Corporations

conceded in their Brief, that, the Berrien County employees named as Defendants, all have been

named in their official capacities, and that —"Witkowski,", is the only Defendant that is named

in both his individual and official capacity. Moreover, while the  Berrien County Defendants'

Brief wanted to make distinctions between current and former employees, the legal principle

covers both. Their then Brief states as follows: (ECF No. 102, PageID.1295).

"As an initial matter, it should be noted that the current Berrien County employees named as defendants in the Second Amended complaint have all been named in their official capacities. "Where a plaintiff fails to designate an individual defendant as being sued in his official or individual capacity, 'by operation of law, defendants are deemed sued in their official capacities.'" Brewer, 2018 WL 1128353, at *2, (quoting Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999)). A suit against an individual in his official capacity is tantamount to a suit against the governmental entity. Id. In his Second Amended Complaint, Plaintiff specifies only one defendant as being sued in his individual capacity—"Witkowski,", 6.) Thus, the other individual defendants are then presumptively named in their official capacities.".

Plaintiff contends that, The Berrien County Ten-Defendants and Defendant Witkowski, in his Individual capacity were properly under Federal Rules - Service on Public Corporations because he served Defendants under State and Federal Rules and the District Court's Local Rules, Service Handbook1, that states as follows: "2. By Mail The summons and complaint can be served by sending them by certified mail with restricted delivery and return receipt. A "green card" (PS Form 3811) will be mailed to the plaintiff, to show proof of service. The "green card" or a copy, must be filed with the Court." **EXHIBIT W-14** or ( ECF No. 109-3, PageID.1386).

### b. *RESPONSE TO:* *Michigan Rules - Service on Public Corporations (Fed. R. Civ. P. 4(j)(2)(B))*

Moreover, notwithstanding that Plaintiff under, Michigan Rules - Service on Public Corporations (Fed. R. Civ. P. 4(j)(2)(B)), had already properly served the Berrien County Ten-Defendants and Witkowski, in his Individual capacity and filed in the District Court for the preservation of his Default-(ECF Nos 32, 75, 95, 124) and Default judgment-(ECF Nos 28, 77, 81) against them, Exhibit W-20. Plaintiff, also, on Tuesday, March 19, 2024, properly served them under, Michigan Rules - Service on Public Corporations (Fed. R. Civ. P. 4(j)(2)(B)), for the second time, by US Postal certified mail, with restricted Delivery and with return receipt, on Ms. Sharon Tyler, Clerk of Berrien County Government, to her on behalf of the Fifteen-Named Defendants, with return receipt, PS Form 381,(Green Card). They were scheduled to be delivered

to her on Friday, March 22, 2024, but were out for delivery to her on Monday, March 25, 2024,

between 7:45 AM and 11:45AM; oddly the Postal record shows that Ms. Sharon Tyler, Clerk of

Berrien County Government willfully refused or rejected the Fifteen Summonses with the

Fifteen sets of copied Third Amended Complaint-(ECF No 36), on Tuesday, March 26, 2024, at

7:49 AM. Plaintiff Served Defendants listed below, Fifteen Summonses with the Fifteen sets of

copied Third Amended Complaint-(ECF No 36), <u>pursuant Mich. Ct. R. 2.105: (A)(2); (G)(1)(8);</u>

<u>(I)(1) (2) on Ms. Sharon Tyler, Clerk of Berrien County Government on their behalf.</u>

> **1),** Defendant -  Lori D. Jarvis Registrar; **2),** Defendant - Lora L. Freehling Registrar;
> **3),** Defendant - Kathleen Culberson, Notary Public; **4),** Defendant – Bret Witkowski,
> Treasurer;  **5),** Defendant – Shelly Weich, Treasurer;   **6),** Defendant – Board of
> Commissioner; **7),** Defendant – Attorney Mckinley R. Elliott; **8),** Defendant – Attorney
> Donna B. Howard;  **9),** Defendant – Attorney James Mcgovern;  **10),** Defendant – Berrien
> County Government; **11),**  Defendant – Bret Witkowski, in his Individual capacity;
> **12).** Defendant – Hon. Mayfield C.J; **13).** Defendant – Hon. Gary J. Bruce  F.C.J; **14).**
> Defendant – Hon. Alfred M. Butzbaugh, F.C.J; **15).** Defendant Berrien Court Trial Court

> 2. **RESPONSE TO:  Service on 1),** Defendant -  Lori D. Jarvis Registrar; **2),** Defendant
>    - Lora L. Freehling Registrar; **3),** Defendant - Kathleen Culberson, Notary Public;
>    **4),** Defendant – Bret Witkowski, Treasurer;  **5),** Defendant – Shelly Weich, Treasurer;
>    **6),** Defendant – Board of Commissioner;  **7),** Defendant – Attorney Mckinley R.
>    Elliott;  **8),** Defendant – Attorney Donna B. Howard;  **9),** Defendant – Attorney James
>    Mcgovern;  **10),** Defendant – Berrien County Government;  **11),**  Defendant – Bret
>    Witkowski, in his Individual capacity.

Plaintiff contends, given the Honorable Magistrate Judge Berens Order-(ECF No 91),

stated that Plaintiff should service all Fifteen-Defendants, Summonses with copies of  Third

Amended Complaint-(ECF No 36), within 45-days. Then, the Court set forth a new Order-(ECF

No 131), for the Defendant – Berrien Court Trial Court and Its Judges to be served within 90

days. In addition,  Plaintiff filed, an, 'Emergency Motion',  seeking the Court's Clarification-

(ECF No 138), on the 45-days in respect to reserving of the 'Berrien County Ten-Defendants and

Witkowski, in his Individual capacity',  Summonses with copies of Third Amended Complaint-

(ECF No 36), for the second time. To date, the Court is yet to respond to Plaintiff's, Emergency

Motion-(ECF No 138).  Moreover,  given, the Honorable Magistrate Judge Berens Order-(ECF

No 131), that should Plaintiff served Summonses with  copies of the Third Amended Complaint-

(ECF No 36), on  the Defendant – Berrien Court Trial Court and Its Judges within 90 days. It

made sense to Plaintiff that for the 90-days, Order-(ECF No 131), to be consistent it must also

apply to the Berrien County Ten-Defendants, and Witkowski, in his Individual capacity, as it

does for the Berrien Court Trial Court and Its Judges, pursuant to Fed. R. Civ. P. 4(m).  As such,

Plaintiff served all fifteen Defendants pursuant Mich. Ct. R. 2.105: (A)(2); (G)(1)(8); (I)(1) (2)

on Ms. Sharon Tyler, Clerk of Berrien County Government on their behalf, moots Defendants'

Dismissal Motion.

### 3. RESPONSE TO: Service on 12). Defendant – Hon. Mayfield C.J;  13). Defendant – Hon. Gary J. Bruce  F.C.J;  14). Defendant – Hon. Alfred M. Butzbaugh, F.C.J;  15). Defendant Berrien Court Trial Court

Once more, the Berrien County Defendants on Service on Public Corporations conceded

in their Brief, states as follows: (ECF No. 102, PageID.1295).

"As an initial matter, it should be noted that the current Berrien County employees named
as defendants in the Second Amended complaint have all been named in their official capacities.
"Where a plaintiff fails to designate an individual defendant as being sued in his official or
individual capacity, 'by operation of law, defendants are deemed sued in their official
capacities.'" Brewer, 2018 WL 1128353, at *2, (quoting Soper v. Hoben, 195 F.3d 845, 853 (6th
Cir. 1999)). A suit against an individual in his official capacity is tantamount to a suit against the
governmental entity. Id. In his Second Amended Complaint, Plaintiff specifies only one
defendant as being sued in his individual capacity—"Witkowski,", 6.) Thus, the other
individual defendants are then presumptively named in their official capacities.".

As such, Plaintiff contends, his served Summonses with copies Complaint on Ms. Sharon

Tyler, Clerk of Berrien County Government on behalf of, 12). Defendant – Hon. Mayfield C.J;  13).

Defendant – Hon. Gary J. Bruce  F.C.J;  14). Defendant – Hon. Alfred M. Butzbaugh, F.C.J;  15).

Defendant Berrien Court Trial Court, pursuant to pursuant Mich. Ct. R. 2.105: (A)(2); (G)(1)(8);

(I)(1) (2) is proper service of Summonses and Complaint. And that, the same moot Defendants'

Motion to Dismiss Plaintiff's Complaint.

**B. RESPONSE TO:  Plaintiff Failed to Properly Serve the Individual Defendants.**

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully set forth herein, and further contends that, there is a known saying that,  when attorneys have material relevant facts, they argue those facts and when they have controlling laws they argue those laws, but when they do not have either, they hit tables to make noise, to create diversion that the issue they are advancing are factually erroneous and legally moot.  The Berrien County's Dismissal Motion is just noise, to create diversion that their, current Brief-(ECF No. 161, PageID.2522) contradicts their prior Brief -(ECF No. 102, PageID.1295), accurate facts.  Defendants' Prior Brief -(ECF No. 102, PageID.1295) accurately argued that, the Berrien County employees named as Defendants, all have been named in their official capacities, and that — "Witkowski,", is the only Defendant that is named in both his individual and official capacity:

> "As an initial matter, it should be noted that the current Berrien County employees named as defendants in the Second Amended complaint have all been named in their official capacities. "Where a plaintiff fails to designate an individual defendant as being sued in his official or individual capacity, 'by operation of law, defendants are deemed sued in their official capacities.'" Brewer, 2018 WL 1128353, at *2, (quoting Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999)). A suit against an individual in his official capacity is tantamount to a suit against the governmental entity. Id. In his Second Amended Complaint, Plaintiff specifies only one defendant as being sued in his individual capacity—"Witkowski,", "6.) Thus, the other individual defendants are then presumptively named in their official capacities.".

But, master minds gamesman, Berrien County Defendants who have injured Plaintiff by their thieveries, falsification of County's and Court's records, UPL, fraud and fraud upon courts and conspiracies to commit the same, current Brief is now arguing in opposition to their prior Brief that the former and current Berrien County employees named in their official capacities, are in fact named in their Individuals.  The Berrien County Defendants' current Brief argument is a willful misrepresentation of Plaintiff's Complaint and also in contradiction to their prior Brief, which is an effort to make void that, Plaintiff had properly, served  under Mich. Ct. R. 2.105: (A)(2); (G)(1)(8); (I)(1) (2) and District Court's Handbook, EXHIBIT W-14 or ( ECF No. 109-3,

PageID.1386), Summonses with copies of Complaint on Ms. Sharon Tyler, Clerk of Berrien County Government on behalf of Berrien County and its employees fourteen Defendants in their Official Capacities.

1. ***RESPONSE TO: Rules for Service on Individuals***

    *a. RESPONSE TO:        Federal Rules - Service on Individuals*

Defendants' Brief states, "Fed. R. Civ. P. 4(e)(2) provides for three methods of service on individual defendants, further proved that the Defendants' Dismissal Motion is moot.

> "(A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

As, Defendants' Brief failed to state that of the Fifteen Defendants Plaintiff had properly served under Mich. Ct. R. 2.105: (A)(2); (G)(1)(8); (I)(1) (2), Summonses with copies of Complaint on Ms. Sharon Tyler, Clerk of Berrien County Government on their behalf, only "Witkowski", is named and served in both his individual and official capacity.  Furthermore, because the Berrien County Government address is the only address Plaintiff has for  Mr. Bret Witkowski, Plaintiff served two Summonses with two copies of Complaint on Ms. Sharon Tyler, Clerk of Berrien County Government on behalf, of "Witkowski", both in his individual and in his official capacity as Berrien County Treasurer.

    *b. RESPONSE TO:        Michigan Rules - Service on Individuals*

Even, Defendants' Brief at (ECF No. 161, PageID.2515) admitted, that Plaintiff  properly served Summonses with copies of Complaint on the Fourteen-Berreien County Defendants in their official capacities and Witkowski, in his Individual capacity, pursuant to Mich. Ct. R.

2.105: (A)(2); (G)(1)(8); (I)(1) (2), that  Ms. Sharon Tyler, Clerk of Berrien County Government,

willfully rejected or refused. As again Defendants' Dismissal Motion is moot.

2. ***RESPONSE TO:  Service on Defendants in Official  1), Defendant -  Lori D. Jarvis Registrar; 2), Defendant - Lora L. Freehling Registrar;  3), Defendant - Kathleen Culberson, Notary Public; 4), Defendant – Bret Witkowski, Treasurer;  5), Defendant – Shelly Weich, Treasurer;   6), Defendant – Board of Commissioner;  7), Defendant – Attorney Mckinley R. Elliott;  8), Defendant – Attorney Donna B. Howard; 9), Defendant – Attorney James Mcgovern;  10), Defendant – Berrien County Government;***

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully

set forth herein, and further contends that, given, the Honorable Magistrate Judge Berens Order-

(ECF No 131), that Plaintiff should serve Summonses with  copies of the Third Amended

Complaint-(ECF No 36), on  the Defendant – Berrien Court Trial Court and Its Judges within 90

days. It made sense to Plaintiff that for the 90-days, Order-(ECF No 131), to be consistent it must

also be applied to the Berrien County Ten-Defendants, and Witkowski, in his Individual

capacity, as it does for the Berrien Court Trial Court and Its Judges, pursuant to Fed. R. Civ. P.

4(m).  As such, Plaintiff served all fifteen Defendants pursuant Mich. Ct. R. 2.105: (A)(2);

(G)(1)(8); (I)(1) (2) and District Court's Handbook, EXHIBIT W-14 or ( ECF No. 109-3,

PageID.1386), on Ms. Sharon Tyler, Clerk of Berrien County Government on their behalf, moots

Defendants' Dismissal Motion.

3. ***RESPONSE TO: Service Defendants*** *in **Official 12). Defendant – Hon. Mayfield C.J; 13). Defendant – Hon. Gary J. Bruce  F.C.J;  14). Defendant – Hon. Alfred M. Butzbaugh, F.C.J;  15). Defendant Berrien Court Trial Court***

Given that, Plaintiff had served Defendants pursuant to Mich. Ct. R. 2.105: (A)(2);

(G)(1)(8); (I)(1) (2) and District Court's Handbook, (ECF No. 109-3, PageID.1386), four-

Summonses with four copies of the Complaint on Ms. Sharon Tyler, Clerk of Berrien County

Government on the behalf, of Official 12). Defendant – Hon. Mayfield C.J;  13). Defendant –

Hon. Gary J. Bruce  F.C.J;  14). Defendant – Hon. Alfred M. Butzbaugh, F.C.J;  15).

Defendant Berrien Court Trial Court in their official capacities within the required 90-days'

time span under Fed. R. Civ. P. 4(m) and the Court's Order-(ECF No 131), moots

defendant's motion for dismissal. Moreover, the fact that Plaintiff had  served Defendants

within the required 90-days' time span and under Fed. R. Civ. P. 4(m), proved that

Defendants' Dismissal Motion is more than just moot, but that it is frivolous.


**C.      RESPONSE TO:      Defendants' Argument on Defaults Judgment**

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully

set forth herein, and further contends, to the extent that Defendants have raised the issue of

Plaintiff's, filed requests in the District Court for the preservation of his Default-(ECF Nos 32,

75, 95, 124) and Default judgment-(ECF Nos 28, 77, 81) against them. -(ECF No 36). (ECF No.

29); (ECF No.139, Pages,1748-1814) or (EXHIBIT W-20) and (ECF No.159).  Considering that,

Plaintiff has spoken with Attorney, Mr. Thaddeus Hackworth, and he instructed Plaintiff to serve

him on behalf of his same Clients. The signed return receipt, PS Form 381,(copied Green Card)

was filed in the Court's record as proof of service.  In addition, given,  the Clerk of Berrien

County Government, Ms. Sharon Tyler, willfully refused or rejections of the served Fifteen-

Summonses with Fifteen copied Complaint. Show Defendants' strategy to avoid service of

process. This Court should reverse its prior Orders and enter Default Judgments against Berrien

County Ten-Defendants in their official capacities and Witkowski, in his Individual capacity as

well, under, Fed. R. Civ. P. 55:(a)(b)(1)(2).

**D.      RESPONSE TO: TIME LIMIT FOR SERVICE Under Fed. R. Civ. P. 4(m)**

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully set forth herein, and further contends that,  Defendants' Motion to Dismissed his Complaint under, Fed. R. Civ. P. 4(m), is not just moot, but that it is also frivolous. As the law is clear, that,

> "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

First, Plaintiff served all fifteen-Defendants Summonses with Copies of Complaint within the required 90-days' time span under Fed. R. Civ. P. 4(m) and the Court's Order-(ECF No 131).   Second, the law says, "if the plaintiff shows good cause for the failure, the court <u>must extend</u> the time for service for an appropriate period."  Third, because of Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress and Plaintiff's properties were his employment and his livelihood for him and his family, that have caused their lives to have been very difficult over these last fourteen years. Plaintiff would have long had process server company to serve  Defendants long ago. Finally, notwithstanding, First, Second, Third, if this Court agrees with Defendants that they are still not properly served pursuant to the same law Fed. R. Civ. P. 4(m), to allow Plaintiff to reserve them, Summonses with copies of Complaint.

**RESPONSE TO:      POINT II**
**IN THE ALTERNATIVE, THE THIRD AMENDED COMPLAINT FAILS TO**
**STATE A CLAIM AGAINST THE BERRIEN COUNTY TRIAL COURT**

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully

set forth herein, and further contends that, Defendant's Dismissal Motion pursuant to Fed. R.

Civ. P. 12(b)(6) for an order dismissing it from the action for failure to state a claim upon which

relief can be granted, is moot, must be denied by this court as a matter of law.  Plaintiff concedes

that, in a normal course Court and their Judges have absolute immunity.  However,  Plaintiff's,

'Third and Fourth Amended Complaints -(ECF Nos. 36, 145), contention is that 12). Defendant –

Hon. Mayfield C.J;  13). Defendant – Hon. Gary J. Bruce  F.C.J;  14). Defendant – Hon. Alfred

M. Butzbaugh, F.C.J;  15). Defendant Berrien Court Trial Court actions and omissions amounts

to "forgeries", "falsifications of Court's Record", Fraud upon Courts and conspiracies to commit

the same, cannot be covered up with a Rule 12(b)(6), motion. Plaintiff contends the usage of

Rule 12(b)(6) to coverup Defendants misconducts of "forgeries", "falsifications of Court's

Record", Fraud upon Courts and conspiracies to commit the same, will be nothing short of also

committing, Fraud Upon this Federal District Court. Plaintiff warrants, at the very least, a

Declaratory Judgment against Defendant, State Court, and its Judges.

Plaintiff's usage of terms "falsification", "forgeries" or "forged,", falsification 750.248,

making, altering, forging, or counterfeiting public record and documents—  forged notice of

judgment of foreclosure(s), forged certificate of foreclosure(s), and forged quit claim deed(s), to

the purchaser(s) are in the legal sense that, they are false or altered documents made to looked

genuine.  When Plaintiff or Mr. Barnaby's Complaints uses the terms, "forgeries" or "Forged",

Forgery Notices of Judgment of Foreclosures, Forgery Certificates of Foreclosures,  Forgery

Quit Claim Deeds to the purchasers and Forgery Order, he means forgeries in the legal sense

that, they are false or altered documents made to look genuine. In addition, Plaintiff contends

that, they are rendered invalid because they are forged documents, in keeping with Michigan's

laws. § 750-248 and § 750-249.  "Forgery is illegal in Michigan, and occurs when a defendant

creates, uses, or possesses a false document with the intent to use it to defraud someone." Second

of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10,

36),  and this, 'Fourth Amended Complaint' are that, the Michigan Trial Court, Appellate Court,

and Supreme Court relied on these "forged documents", "fraud" and  "fraud upon courts", to

uphold foreclosures. Third of the many other reasons for Plaintiff's Second and Third Amended

Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that, all Defendants

directly or indirectly made themselves apart of the evil plot and elaborate conspiracy scheme to

steal and defraud Plaintiff of his properties either when they created, used, or possessed the

forged documents and or by falsifications of Court's and County records, fraud,  fraud upon

courts, unlawful concealment of the forgeries or retaliated against Plaintiff to stop the forgery

from redress or conspiracy of silence an agreement to say nothing about the forgeries that should

have been generally made known to the Plaintiff and others.

**POINT III:**
**Motion for Sanction Pursuant to, Fed. R. Civ. P. 11**

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully

set forth herein, and further contends that, the law is clear, and that the Berrien County

Defendants' Motion for Dismissal of Plaintiff's complaint has violated Fed. R. Civ. P. 11. And

given that, Plaintiff told Defendants that, their motion is not just moot but also frivolous and

warrant sanction. Exhibit W-24.   The law states as follows,

> "Fed. R. Civ. P. 11(b) requires a party, including a pro se litigant, to conduct a reasonable
> inquiry before presenting a pleading, written motion, or other paper to the court, to

23

confirm that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that the "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Plaintiff request Defendants' Sanction to be, (1), Treat Defendants' Motion to Dismiss as their answer and or rule 12 Motion the Plaintiff's Complaint and deny it. (2). Then, Grant Plaintiff motion for Summary Judgment, award him the same monetary damages he seeks. (3). A Declaratory Judgment against Berrien County Trial Court and its Judges.

**POINT IV:**
**Motion for Summary Judgment Pursuant to, <u>Fed. R. Civ. P. 56 (a)</u>**

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully set forth herein, and further contends that, the law is clear, "Summary judgment is proper if there are no genuine disputes of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether Defendants met its burden for summary judgment, the court views the evidence in the light most favorable to plaintiff and draws all reasonable inferences in his favor. See *Anderson v Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). Fed. R. Civ. P. 56(a) can be met either by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating the nonmovant's evidence itself is insufficient to establish an essential element of the claim. *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986)."

Given the Sixth Circuit Appellate Court's Order and Judgment-(ECF Nos. 72, 73), that are binding on the District Court, in their entirety are correct. See quotes as follows.

"Barnaby filed a second amended complaint against Berrien County, Michigan, Berrien County Treasurer Bret Witkowski, and over 20 other defendants, alleging that they conspired to steal and defraud him of property that he owned in Berrien County. He alleged that the defendants accomplished this by forging documents and pursuing wrongful foreclosures. Barnaby also alleged that other defendants should have allowed

him to pay delinquent taxes that he owed on several properties before foreclosing on them. He contended that Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute crimes that the defendants committed. And Barnaby alleged that the State Bar of Michigan overlooked evidence and refused to act on his formal complaint that Witkowski had engaged in the unauthorized practice of law, and that the Michigan Supreme Court relied on forged documents to uphold a foreclosure. Barnaby set forth numerous legal claims based on these allegations, contending that the defendants forged documents, did not follow proper foreclosure procedures, committed larceny, and engaged in the unauthorized practice of law, in violation of Michigan law; seized property in violation of the Fourth, Fifth, and Fourteenth Amendments; and violated the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)."

"…On appeal, however, Barnaby argues that he could not have raised his claims previously because they are based on forged documents that were submitted during prior state and federal proceedings and various false statements that the defendants made during those proceedings. Barnaby made this same argument in his objections to the magistrate judge's report and recommendation. And in his second amended complaint, Barnaby alleged that Witkowski and Berrien County committed forgeries and other unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are continuous," that the defendants mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition…"

Moreover,  Sixth Circuit Appellate Court's Order and Judgment-(ECF Nos. 72, 73), finding that the Witkowski and Berrien County committed forgeries and other unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are continuous," that the defendants mailed and emailed forged documents in October 2017 and on July 20, 2022, and that Witkowski testified fraudulently during a September 25, 2017, deposition…" is not just allegation, but undeniable proven material fact in this District Court's record. See, at, (ID.560-569); ID.570-588); (ID.589-635);  (ID.646-714); (ID.717-758); (ECF No. 72); and (ID.2077-2085).

The burden then shifts to the non-moving party to make a showing sufficient to establish the existence of an essential element to his claims. *Id.* To satisfy this burden, the nonmovant cannot rest on the pleadings, but must show by affidavit or other documentary evidence, specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c). A mere scintilla of evidence is

insufficient- "there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v Liberty Lobby, Inc. 477 U.S. 242, 252 (1986).

Lastly, Plaintiff contends given the proof of Defendants misconducts of "forgeries", "falsifications of Court's and County's Records", thievery, Fraud, Fraud upon Courts, and conspiracies to commit the same, that are causing Plaintiff's injuries  in the court record at (ID.560-569); ID.570- 588); (ID.589-635);  (ID.646-714); (ID.717-758); (ECF No. 72); and (ID.2077-2085). There are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

## V. CONCLUSION and Relief Requesting

For reasons articulated herein: **1).**  Plaintiff request that this Your Honorable Court, **Deny** Defendant's Motion to Dismiss Complaint.  **2).** To Sanction Defendants for filing of frivolous motion, to evade liabilities for Plaintiff's injures.  **3).** To enter a Declaratory Judgment  against the Berrien County Trial Court and its Judges, that their August 18, 2010, Judgment and July 12, 2012, Order are void, and imaginary against Plaintiff, procured by forgery, falsifications of Courts; and County's records, UPL and fraud upon Courts.  **4).**  To Grant Plaintiff's Cross-Motion for Summary Judgment with damages, the Complaint, claims, that, "…**each Defendant** had the duty and or their duty afford them the opportunity to…. to remedy the unlawful actions in whole, either **by collective efforts** or **individual effort** to retore Plaintiff in full,

> "19. Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to retore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint." (ECF No. 10,  PageID.167) and (ECF No. 36,  PageID.181)

Plaintiff/Appellant request that, this Court Grant him full Compensatory Damages of

**$15, 019, 553.10** and Punitive[1] damages, Four-Times his Compensatory Damages of

**$60,078,212.40**, grand total of **$75,097,765.50**.

Respectfully Submitted,

Dated:  April 01, 2024,                           \S/ Owen W. Barnaby
                                                              Owen W. Barnaby, In Pro Se.

---

[1] E. Jean Carroll v. Donald J. Trump                Case No. 20 CIVIL 7311(LAK)

It is hereby ORDERED, ADJUDGED AND DECREED: That after a Jury Trial before Honorable Lewis A. Kaplan, United States District Judge, Plaintiff E. Jean Carroll has judgement for compensatory damages (other than for the reputation repair program) in the amount of $7,300,00.00, Plaintiff E. Jean Carroll has judgement for compensatory damages (for the reputation repair program only) in the amount of $11,000,000.00; and Plaintiff E. Jean Carroll has judgement for punitive damages in the amount of $65,000,000.00, each as against the defendant Donald J. Trump for an aggregate sum of $83,000,000.00. Dated New York, New York February 8, 2024.

RUBY J. KRAJICK
Clerk of Court

So Ordered:

BY:

U.S.D.J.                                                          Deputy Clerk

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on the 1ˢᵗ day of April 2024, a duplicate original of

Plaintiff's,  PLAINTIFF'S  MOTION  IN OPPOSITION TO, BERRIEN COUNTY DEFENDANTS'

MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD AMENDED

COMPLAINT AND WITH PLAINTIFF'S CROSS-MOTIONS, FOR SUMMARY JUDGMENT, PURSUANT TO

RULE 56(a), AND FOR SANCTION  PURSUANT TO RULE 11EXPEDITED CONSIDERATION

REQUESTED, Plaintiff's Brief, against all named Defendants filed with the Clerk using the ECF

System, which will provide electric notice to the parties of record, and I have emailed and mailed

by U.S. Postal Service the same to the  non-ECP participants attorney above.


Respectfully Submitted,


Dated:  April 01, 2024,                    \S/ Owen W. Barnaby
                                             Owen W. Barnaby, In Pro Se.


28

## **<u>CERTIFICATE OF COMPLIANCE</u>**

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.2(b)(i) because, excluding the part of the document exempted by this rule, this brief contains 26 pages and 8,839 words.

2. This document complies with the typeface requirements of Local Rule 7.2(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.

Respectfully Submitted,

Dated:  April 01, 2024,                    \S/ Owen W. Barnaby
                                                     Owen W. Barnaby, In Pro Se.

29

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                          )

    Plaintiff- Appellant                                 )


       Vs.                                          ) Hon. Robert  J.  Jonker

                                                                        ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees                                ) Case No. 1:22 -CV- 1146

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582     |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

**CERTIFICATE REGARDING  COMPLIANCE WITH LCivR 7.1(d)**
**For,**

**PLAINTIFF'S  MOTION  IN OPPOSITION TO,**

**BERRIEN COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

**AND WITH PLAINTIFF'S CROSS-MOTIONS, FOR SUMMARY JUDGMENT**
**PURSUANT TO RULE 56(a), AND FOR SANCTION  PURSUANT TO RULE 11**

In accordance with W.D  Mich. LCivR 7.1(d), the undersigned hereby states

that I am seeking concurrence for three Motions I intend to file with the Federal

District Court on April 1, 2024. The first Motion is for excess brief pages and

words count, the second Motion is as promised to Sanction Defendants for filing of

frivolous motion, to evade liabilities for Plaintiff's injures and third Motion is a

Cross-Motions for Summary Judgments to Defendants' Dismissal Motion.  Please,

confirm if Defendants will concur. Plaintiff is yet to hear back from Defendants as

such Plaintiff is not sure if they will concur or object.

Respectfully Submitted,

Dated:  April 01, 2024,                    \S/ Owen W. Barnaby
                                           Owen W. Barnaby, In Pro Se.

31