UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

    Plaintiff,

v.

THE CITY OF BENTON HARBOR, et al.,
Defendants.

Case No. 1:22-cv-01146

Hon. Robert J. Jonker
Mag. Sally J. Berens

**DEFENDANT THE CITY OF BENTON HARBOR'S
<u>RESPONSE TO MOTION FOR LEAVE TO AMEND THIRD AMENDED COMPLAINT</u>**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 15(a).

*Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017).

4859-0481-4412_4

# INTRODUCTION

Plaintiff Owen Barnaby ("Mr. Barnaby") now seeks to amend his complaint a fourth time while several motions to dismiss are pending. The Court should not allow the amendment because the proposed Fourth Amended Complaint fails to cure the fatal defects of Mr. Barnaby's lawsuit and amendment would be futile.

# BACKGROUND

### 1.  The Prior Lawsuits.

This matter arises from the fully-litigated and valid foreclosure of certain real property. Mr. Barnaby owned properties situated in Berrien County, including several in Benton Harbor. He failed to pay taxes on those properties, and in 2010, those properties were properly foreclosed upon. Mr. Barnaby filed a state lawsuit in 2012 to challenge the foreclosures, and then a federal suit in the Western District of Michigan in 2018. He was not successful in either lawsuit even. *See Barnaby v. Witkowski*, No. 1:14-CV-1279, 2018 WL 3787961 (W.D. Mich. Jan. 12, 2018), aff'd 758 F. App'x 431 (6th Cir. 2018).

### 2.  The Instant Lawsuit.

Mr. Barnaby filed suit in the Eastern District of Michigan on October 7, 2022. ECF No. 1. Plaintiff filed a First Amended Complaint, ECF No. 6, and then a Second Amended Complaint, ECF No. 10. The Second Amended Complaint alleged twenty-three counts against two dozen Defendants, generally gross negligence, theft, due process violations, fraud, and conspiracy claims, with criminal allegations and state and federal statutes cited without support. *See generally* ECF No. 10. Based on the allegations contained in the Second Amended Complaint, Magistrate Judge Berens issued a Report and Recommendation on December 14, 2022 to dismiss the Second Amended Complaint in its entirety for lack of subject matter jurisdiction because the allegations

were barred by issue and claim preclusion or were devoid of merit. ECF No. 16, PageID.14-15. Mr. Barnaby filed a motion for leave to amend and file his Third Amended Complaint. ECF Nos. 36 and 37. Then, District Court Judge Robert Jonker adopted the Report and Recommendation and dismissed the case. ECF No 67. In the same order, Judge Jonker denied Mr. Barnaby's motion to amend because it was moot, given that the case had been dismissed. *Id.* at PageID.943.

Mr. Barnaby appealed Judge Jonker's order dismissing the case to the Sixth Circuit. ECF No. 69. The Sixth Circuit vacated and remanded the District Court's order, holding that Mr. Barnaby's claims were not barred by issue and claim preclusion. ECF No. 72. At the same time, the Sixth Circuit also vacated and remanded the District Court's decision denying leave to amend because the basis upon which it was denied—the case being dismissed—was vacated, and thus the issue of amending the complaint was no longer moot. *Id.* at PageID.956.

After remand, Magistrate Judge Berens issued an order that granted Mr. Barnaby's motion for leave to amend the Third Amended Complaint despite noting that the Third Amended Complaint was "arguably futile in a number of respects." ECF No. 91, PageID.1117-18. Benton Harbor, Niles Township, and several defendants associated with the State of Michigan have since filed motions to dismiss the Third Amended Complaint. ECF Nos. 116, 121, and 151.

### 3. The Third Amended Complaint.

The Third Amended Complaint contains sixteen Counts against two dozen defendants:

1. "Retaliations" under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41;
2. The Right to a Fair Trial;
3. Gross Negligence;
4. "Due Process" under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41;
5. "Equal Protection of the Law" under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41;
6. The Right to Government Services and Rights to Use Public Facilities;
7. Fraud by Misrepresentation or Omission in Violation of Due Process and Equal

2

       Protection of the Law and Theft and Conversion of Personal Property;
8. Freedom of Movements and Freedom from Torture;
9. Damage to Personal Property;
10. Theft and Conversion of Personal Property;
11. Intentional Infliction of Emotional Distress and Emotional Harm;
12. Unlawful Detentions [sic] of Properties;
13. Safety from Harassment and the Right to Gainful Employment;
14. Rights Given by Plaintiff by the State of Michigan under the GPTA, statutes regarding the unauthorized practice of law, and under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41;
15. Whistleblowing under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41; and
16. The Right to Housing under the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, and Fed R. Crim. P. 41.

*See generally* Proposed Third Amended Complaint, ECF No. 36.

Each of these counts alleges essentially the same thing: Mr. Barnaby was wronged by Defendants because his property was foreclosed upon, and the Defendants have somehow wronged him by enforcing the foreclosure. Each of these counts was a recycled re-telling of the same allegations in the Second Amended Complaint—and, by extension, his previous lawsuits in both state and federal court—in an apparent attempt to overcome the deficiencies identified by the Report and Recommendation.

    **4.**     **The Proposed Fourth Amended Complaint.**

On February 28, 2024, Magistrate Judge Berens issued an order requiring Niles Township to respond to Mr. Barnaby's Third Amended Complaint. ECF No. 140. In that order, Magistrate Judge Berens suggested that she "may issue a report and recommendation for dismissal of Plaintiff's claims against the Township Defendants for the reasons set forth by Defendant City of Benton Harbor in its brief in support of its motion to dismiss. Many of those grounds are equally applicable to claims against the Township Defendants." *Id.*, PageID.1818. Magistrate Judge Berens cited to the requirements adopted by the Sixth Circuit in *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983) requiring the Court to notify Plaintiff that she may dismiss the complaint *sua*

3

4859-0481-4412_4

*sponte* as to Niles Township and the related defendants.

Thereafter, Mr. Barnaby field the instant Motion for Leave to Amend and Proposed Fourth Amended Complaint on March 18, 2024. ECF Nos. 145 and 146. Compared to the Third Amended Complaint, the Fourth Amended Complaint appears to be an attempt to clarify the allegations of conspiracy and fraud that Mr. Barnaby relies upon in the Third Amended Complaint. Specifically, he identifies how each defendant is supposed to have engaged in a conspiracy to deprive him of his properties. *See* ECF No. 145, PageID.2114-15. As he has repeated ad nauseam in his first four attempts to plead his case, the "Berrien County Defendants," Berrien County and several of its employees including former Berrien County Treasurer Bret Witkowski, made "an evil plot and elaborate conspiracy" to "steal and defraud Plaintiff of his properties either when they created, used, or possessed the forged documents and or by falsifications of Court's and County records." *Id.*ECF No. 145, PageID.2113.

Of the proposed Fourth Amended Complaint's 36 counts, the following are alleged against Benton Harbor:

- Count 2 – "Conspiracy to Commit Forgery and Falsification of Records"
- Count 4 – "Conspiracy to Commit Falsification of County Record to Conceal Judgment was Procured with Forgery Documents, UPL and by Fraud Upon Fraud by the Court
- Count 5 – Conspiracy to Aid and Abet Unauthorized Practice of Law
- Count 6 – Fraud
- Count 12 – Conspiracy to Commit Fraud
- Count 15 – "Retaliations"
- Count 16 – Conspiracy to Retaliate against Plaintiff
- Count 18 – Conspiracy to Violations [sic] of Plaintiff's Rights under the Fifth Amendment Takings-Clause
- Count 19 -Violation of Due Process
- Count 20 – Demolition of his Properties in Violation of Due Process
- Count 21 – Violation of Plaintiff's Employment Without Due Process
- Count 22 – Equal Protection
- Count 23 – Theft and Conversion of Personal Property
- Count 24 – Conspiracy to Commit Thievery and Conversion of Personal Property
- Count 25 – Gross Negligence

4

- Count 26 – Right to a Jury Trial
- Count 27 – The Right to Government Services and to Use Public Facilities
- Count 28 – Discriminations and Conspiracy to Discriminated [sic] Against Plaintiff
- Count 29 – Freedom of Movement and Freedom From Torture
- Count 30 – Damage to Personal Property
- Count 31 – Intentional Infliction of Emotional Distress
- Count 32 – Unlawful Detention of Properties
- Count 33 – Safety from Harassment and the Right to Gainful Employment
- Count 34 – Rights Given by the State of Michigan
- Count 35 – Whistleblowing
- Count 36 – The Right to Housing

*See generally* ECF No. 145.

Each of the counts contains a statement of laws that the count is supposed to be based on, including violations of the First Amendment, Fourth Amendment, Fourteenth Amendment, the Civil Rights Act, Michigan's General Property Tax Act, and several Michigan criminal laws including conspiracy under MCL 750.157a, falsification under MCL 750.248, forgery under MCL 750.249, and Federal Rule of Criminal Procedure 41 regarding searches and seizures. *See, e.g.*, ECF No. 145, PageID.2200 (Count 1, after "Forgery"). Each of these "violated rights" also appears under the Third Amended Complaint. *See, e.g.*, ECF No. 36, PageID.227 (Count I, after "Retaliations").

For the reasons stated below, the proposed Third Amended Complaint does not cure Plaintiff's fatally flawed lawsuit and should be dismissed because it is futile.

**STANDARD**

Under Fed. R. Civ. P. 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, "leave to amend a complaint may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party for virtue of allowance of the

5

amendment, and futility of amendment." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (citation and quotations omitted). "A proposed amendment to a complaint is futile if it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted." *Moher v. United States*, 875 F. Supp. 2d 739, 747 (W.D. Mich. 2012) (citing *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005)).

## ARGUMENT

The proposed Fourth Amended Complaint does not resolve the fatal legal deficiencies in the Third Amended Complaint and the Court should deny Mr. Barnaby's motion for leave to amend.

### 1. The Motion for Leave to Amend does not state any proper basis to permit Mr. Barnaby to amend his complaint for the fourth time.

As a preliminary matter, the motion for leave to amend does not clearly state why he should be allowed to amend the complaint once again, nor does he state any basis under Fed. R. Civ. P. 15 why his attempt to amend for the fourth time is not a "repeated failure to cure deficiencies by amendments previously allowed," nor does he address how amendment is not "futile." *Beydoun*, 871 F.3d at 469.  He appears to file this motion to amend based on Magistrate Judge Berens' order after remand, ECF No. 140, notifying the parties under *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983) that it may issue a report and recommendation for dismissal. ECF No. 121, PageID.1588. As Magistrate Judge Berens noted, under *Tingler*, a court may dismiss a complaint *sua sponte*, but first it must "(1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal." *Id.*, citing *Doe v. Oberlin Coll.*, 60 F.4th

345, 351 (6th Cir. 2023) (quoting *Tingler*, 716 F.2d at 1112). It appears that the underlying motion is Mr. Barnaby's attempt to amend or respond to the district court's notice that it may dismiss the complaint *sua sponte*: "Both the Court and Defendants have raised issues to dismiss Plaintiff's Third Amended Complaint on the grounds that, this court lacks jurisdiction, the claims are barred by immunity, and the complaint fails to state a claim for which relief may be granted, demonstrates the Motion[] to Amend or Leave to Amend[] Complaint should be granted, pursuant to Fed. R. Civ. P. 15(a)(1)(2)." ECF No. 146, PageID.2294. However, the Magistrate Judge has not yet issued any report and recommendation to dismiss Mr. Barnaby's case and he is not entitled to seek amendment of his complaint on this basis alone. Even if he were permitted to *seek* amendment under *Tingler*, this does not equate to a right to *be granted* an amendment. Mr. Barnaby is still required to establish that amendment is proper under Fed. R. Civ. P. 15, and he has failed to do so.

**2. The proposed Fourth Amended Complaint fails to remedy Mr. Barnaby's repeated deficiencies in the initial, First, Second, and Third Amended Complaints and amendment would be futile.**

Setting aside Mr. Barnaby's basis for seeking leave to amend a fourth time, the proposed Fourth Amended Complaint fails to cure the legal deficiencies of Mr. Barnaby's claims. *See Beydoun*, 871 F.3d 469. As Benton Harbor has identified in its pending motion to dismiss, each of Mr. Barnaby's claims against Benton Harbor must be dismissed because Mr. Barnaby has failed to state a claim for which relief can be granted. In sum, Mr. Barnaby seeks to hold Benton Harbor and the two dozen other defendants accountable for foreclosures that occurred more than ten years ago. He also alleges, without providing specific facts, that the defendants jointly engaged in an "evil plot," "spanning from 1997 to present to steal and defraud plaintiff and hundreds of Berrien County property owners of their properties by conspiring to commit: forgery, falsify [sic] records, unauthorized practice of law, retaliations, concealment, fraud, fraud upon courts, discriminations

in the advancement of their gentrification agenda, in violation of Plaintiff's Constitutional Rights." ECF No. 145, PageID.2111.

The chief difference between the Third Amended Complaint and the proposed Fourth Amended Complaint as they relate to Benton Harbor is Mr. Barnaby's attempt to specify how, precisely, Benton Harbor is alleged to have conspired against Mr. Barnaby. The Fourth Amended Complaint, unlike the Third Amended Complaint, states that Benton Harbor conspired with former Berrien County Treasurer Bret Witkowski to demolish several of Plaintiff's properties. *Id.*, PageID.2136. Though it is more specific than the Third Amended Complaint, this clarification does not cure Mr. Barnaby's failure to state a claim against Benton Harbor.

A civil conspiracy is "an agreement, or preconceived plan, to do an unlawful act." *Bahr v. Miller Bros. Creamery*, 365 Mich. 415, 427 (Mich. 1961). A conspiracy requires a concerted action; the alleged conspirator must have known of, and acquiesced in, the underlying wrongful conduct. *Rosenberg v. Rosenberg Bros Special Account*, 134 Mich. App. 342, 354, 351 (Mich. App. 1984). Merely claiming conspiracy is not sufficient when the facts pleaded do not disclose a conspiracy. *Coronet Dev Co v FSW, Inc*, 3 Mich. App. 364, 369, 142 (Mich. App. 1966), *aff'd*, 379 Mich. 302 (Mich. 1967). Here, Mr. Barnaby simply alleges that Benton Harbor asked for Berrien County to demolish properties that had been foreclosed upon. A city government asking a county government to demolish buildings does not demonstrate a "preconceived plan," nor does it constitute an "unlawful act." *Bahr*, 365 Mich. 427. To the extent that Mr. Barnaby claims that Benton Harbor was involved in "forgery" or "retaliations," he fails to state anything more than conclusory allegations in violation of Fed. R. Civ. P. 9. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

8

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In any event, many of the thirty-six counts are simply re-stated versions of those in the Third Amended Complaint and fail to cure the deficiencies of those counts. The following claims are substantively identical to those in the Third Amended Complaint (or are simply separate and additional conspiracy allegations based on those claims), and amendment as to these claims is futile because they are subject to dismissal for the reasons stated in Benton Harbor's motion to dismiss:

| Proposed Fourth Amended Complaint | Third Amended Complaint |
|---|---|
| Counts 11, 12, 13, and 14: Fraud and Conspiracy to Commit Fraud. | Count VII: Fraud by Misrepresentation or Omission. |
| Counts 15 and 16: Retaliations and Conspiracy to Retaliate. | Count I: Retaliations. |
| Counts 19 and 20: Due Process. | Count IV: Due Process. |
| Count 22: Equal Protection. | Count V: Equal Protection. |
| Counts 23 and 24: Theft and Conversion of Personal Property and Conspiracy to Commit Theft and Conversion of Personal Property. | Count X: Theft and Conversion of Personal Property. |
| Count 25: Gross Negligence. | Count III: Gross Negligence. |
| Count 26: the Right to a Jury Trial. | Count II: The Right to a Fair Trial. |
| Count 27: The Right to Government Services and Rights to Use Public Facilities. | Count VI: The Right to Government Services and Rights to Use Public Facilities. |
| Count 29: Freedom of Movement and Freedom from Torture. | Count VIII: Freedom of Movement and Freedom from Torture. |
| Count 30: Damage to Personal Property. | Count IX: Damages to Personal Property. |
| Count 31: Intentional Infliction of Emotional Distress. | Count XI: Intentional Infliction of Emotional Distress. |
| Count 32: Unlawful Detention of Properties. | Count XII: Unlawful Detention of Properties. |
| Count 33: Safety from Harassment and the Right to Gainful Employment / Count 21: Violation of Plaintiff's Employment Without Due Process. | Count XIII: Safety from Harassment and the Right to Gainful Employment. |
| Count 34: Rights "given by the State of Michigan." | Count XIV: Rights "given by the State of Michigan." |

9

| Count 35: Whistleblowing. | Count XV: Whistleblowing. |
| Count 36: The Right to Housing. | Count XVI: The Right to Housing. |

As stated in Benton Harbor's motion to dismiss, Mr. Barnaby's claims seeking damages from the foreclosures and demolition of the properties are barred by the statute(s) of limitations. *See* ECF No. 121, PageID.1586-88; *see also Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016) ("[W]here one can determine from the face of the complaint that the statute of limitations has run, dismissal is appropriate." (citing *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008)). To the extent he seeks damages from Benton Harbor for the "continuous forgeries and fraud" he claims that Berrien County and Bret Witkowski committed at some point during one of Mr. Barnaby's prior lawsuits, Benton Harbor was not involved in that lawsuit whatsoever and, again, has failed to allege fraud with particularity, or to state more than conclusory allegations that it engaged in a conspiracy with Berrien County, Mr. Witkowski, or the other defendants.

Further, Benton Harbor would also be entitled to dismissal of the remaining Counts 26, 27, 29, 33, 34, and 36 because those counts contain allegations that do not give rise to private causes of action under either the Third Amended Complaint or the proposed Fourth Amended Complaint. *See* ECF No. 121, PageID.1589-93. Benton Harbor is also immune to the tort claims under the Government Tort Liability Act (Counts 11, 12, 23, 24, 25, 30, and 31). *Id.* at PageID.1593-94. And Benton Harbor is also entitled to dismissal of the constitutional claims under *Monell v. Dep't of Soc. Servs*, 436 U.S. 658 (1978) (Counts 15, 16, 19, 20, 22, 32, and 35). *Id.* at PageID.1594-95.

Mr. Barnaby also brought the following claims in the Proposed Fourth Amended Complaint, which, though not included as individual counts in The Third Amended Complaint, are referenced throughout in its theme and substance in the Third Amended Complaint.

***Counts 1 through 8 – Forgery, Conspiracy to Commit Forgery, Falsification of Records***

10

4859-0481-4412_4

*to Conceal Forgery, and Conspiracy to Falsify Records to Conceal Forgery.* Forgery and conspiracy to commit forgery are not private causes of action. *See White v. Perron*, No. 2:20-cv-247, 2021 WL 3855589, at *17 (W.D. Mich. Aug. 30, 2021) ("This Court and other courts have concluded that Michigan's criminal forgery statute . . . does not explicitly authorize a private cause of action.").

*Counts 9 and 10 – Unauthorized Practice of Law and Conspiracy to Commit Unauthorized Practice of Law.* Like forgery, there is no independent cause of action for the unauthorized practice of law in Michigan. *See Jaiyeola v. Brundage*, No. 22-1083, unpublished ord. at 4-5 (6th Cir. Nov. 14, 2022) (Michigan's unauthorized practice of law statute, MCL 600.916, does not expressly or impliedly create a private cause of action for damages).

*Counts 17 and 18 – Violations of the Fifth Amendment Takings Clause and Conspiracy to Violate the Fifth Amendment*. Although the Third Amended Complaint does not have a count specifically alleging violation of the Takings Clause, <u>each</u> of the counts in the Third Amended Complaint references a violation of "Plaintiff's rights, secured by the . . . Fifth-takings clause." *See, e.g.*, ECF No. 36, PageID.227 (Count I). Here, Mr. Barnaby's claim is barred by the statute of limitations. *See Santana v. Wayne Co.*, No. 22-12376, 2018 LEXIS 154454, at *7-9 (E.D. Mich. Aug. 31, 2023) (a plaintiff's takings claim begins accruing at the foreclosure sale); *see also Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014). In Michigan, "the appropriate statute of limitations to be borrowed for § 1983 actions . . . is the state's three-year limitations period for personal injury claims." *Wolfe v. Perry*, 412 F.3d 707, 713-14 (6th Cir. 2005). The foreclosures took place in 2010, more than three years before this complaint was filed in October 2022. *See* ECF No. 142, PageID.2258.

*Count 20 – Demolition of the Properties*. Count 20 claims that Benton Harbor violated

11

4859-0481-4412_4

Mr. Barnaby's due process by demolishing certain of Mr. Barnaby's former properties. ECF No. 145, PageID.2249. At the time the foreclosures took place in 2012, Mr. Barnaby no longer owned the properties and had no due process rights. To the extent that Mr. Barnaby appears to claim that he was not afforded due process rights during the foreclosure process of those properties, Benton Harbor is not the appropriate party for such a claim because it did not foreclose the properties—Berrien County did. And, once again, Mr. Barnaby's claims are well outside the statute of limitations. He pleads that the demolitions took place on or about February 1, 2012, more than three years before this action was filed in October 2022. ECF No. 145, PageID.2208 ("[Defendants] conspired with Benton Harbor . . . from on or about February 1, 2012, to present, in silence agreement to say nothing, that they [Benton Harbor] demolished Plaintiff's properties[.]"). *See Wolfe*, 412 F.3d at 713-14.

***Count 28 – Discrimination and Conspiracy to Discriminate against Plaintiff.*** Mr. Barnaby's Third Amended Complaint contained allegations of discrimination but no specific count. *See* ECF No. 36, PageID.241, 256, 263. Count 28 simply states that "all of the above Defendants discriminated and or conspired and [sic] discriminated against him." ECF No. 145, PageID.2266. Painting all Defendants with the same brush, he claims that defendants discriminated against him by "concealing" the alleged forgeries, fraud, and wrongdoing, and that "Defendants had grants in County, City, Township, State of Michigan, but they discriminated against Plaintiff and would not award any to him." *Id.* at PageID.2266-67. This count fails to state a claim and is subject to dismissal because, although Mr. Barnaby cites the usual litany of Constitutional and statutory violations, he fails to state which, specifically, he is attempting to bring a discrimination claim under. To the extent that he is attempting to file an employment discrimination claim—which is likely, given that he appears to state he has exhausted his administrative remedies, which

12

is required before filing an employment administration claim—none of the Defendants, including Benton Harbor, ever employed Mr. Barnaby. Simply owning property in a city does not render that person an employee.

### 3. If the Court permits Mr. Barnaby to amend, it should apply Benton Harbor's pending motion to dismiss to the Fourth Amended Complaint.

Even if the Court were to accept the Fourth Amended Complaint, the Court should nonetheless apply Benton Harbor's pending motion to dismiss to the proposed Fourth Amended Complaint. The general rule is that filing an amended complaint moots pending motions to dismiss. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020); *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Mandali v. Clark*, No. 2:13-cv-1210, 2014 U.S. Dist. LEXIS 143850, at *1 (S.D. Ohio Oct. 9, 2014). Alternatively, district courts may exercise their discretion and apply a pending motion to dismiss to portions of an amended complaint that are "substantially identical to the original complaint." *See Mandali*, 2014 U.S. Dist. LEXIS 143850, at *2. The proposed Fourth Amended Complaint contains substantively identical claims to the Third Amended Complaint and those claims that are "new" are simply re-packaged claims made in the Third Amended Complaint, or so defective that they are subject to dismissal and permitting amendment would be futile.

### 4. Mr. Barnaby is not entitled to default judgment.

Lastly, Mr. Barnaby's motion and proposed amended complaint repeatedly refer to a "preservation of rights" for default judgment of certain defendants, including Benton Harbor. As the Court has already determined, default is not appropriate. ECF Nos. 91, 96, and 127.

## CONCLUSION

Regardless of Mr. Barnaby's many attempts to reorganize or expand his complaint, the essential elements of his claims fail and are subject to dismissal. Mr. Barnaby should not be

13

4859-0481-4412_4

permitted leave to amend his defective complaint for a fourth time. For the foregoing reasons, Defendant the City of Benton Harbor respectfully requests that this Court deny Plaintiff's motion for leave to amend.

                                            Respectfully submitted,

                                            BODMAN PLC

                                            By: /s/ *Thomas J. Rheaume, Jr.*
                                            Thomas J. Rheaume, Jr. (P74422)
                                            6th Floor at Ford Field
                                            1901 Saint Antoine Street
                                            Detroit, Michigan 48226
                                            313-259-7777
                                            trheaume@bodmanlaw.com

April 1, 2024

**CERTIFICATE OF RULE COMPLIANCE**

This brief complies with the word limit of L. Civ. R. 7.3(b)(i) because it contains 4,286 words, excluding the parts exempted by L. Civ. R. 7.3(b)(i). The word count was generated using Microsoft Word 2016.

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*
