UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

    Plaintiff,

v.

MICHIGAN STATE GOVERNMENT, *et al.*

    Defendants.

_____/

No. 22-cv-01146

HON. ROBERT J. JONKER

MAG. SALLY J. BERENS

**STATE DEFENDANTS' RESPONSE TO
BARNABY'S MARCH 18, 2024 MOTION TO AMEND HIS THIRD AMENDED
COMPLAINT (ECF NO. 146)**

## TABLE OF CONTENTS

Page

Table of Contents ............................................................................................................ ii

Index of Authorities ....................................................................................................... iii

Concise Statement of Issues Presented ....................................................................... iv

Controlling or Most Appropriate Authority ................................................................ iv

Procedural History .......................................................................................................... 1

Argument .......................................................................................................................... 5

I.     Barnaby's requested amendment is not permitted as a matter of course. ............................................................................................................... 5

II.    Barnaby's proposed amended complaint is a result of undue delay, results in prejudice to the State Defendants and would be futile ..................... 6

Conclusion and Relief Requested ................................................................................... 9

...

# INDEX OF AUTHORITIES

Page

**Cases**

*Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) ............................................................. 3

*Caudill v. Hollan*, 431 F.3d 900 (6th Cir. 2005) ......................................................... 8

*Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 6th Cir. 1999) .................................... 6

*Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556 (6th Cir. 2011) ............................ 7

*Kircher v. City of Ypsilanti*, 809 F. App'x. 284 (6th Cir. 2020) ................................... 5

*Kreipke v. Wayne State Univ.*, 807 F.3d 768 (6th Cir. 2015) ....................................... 6

*Phelps v. McClellan*, 30 F.3d 658 (6th Cir. 1994) ...................................................... 6

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) ....................... 6

*SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351 (6th Cir. 2014) ................. 6

*Williams v. City of Cleveland*, 771 F.3d 945 (6th Cir. 2014) ...................................... 6

**Statutes**

18 U.S.C. § 1341 .................................................................................................. 4, 8

18 U.S.C. § 471 .................................................................................................... 4, 8

Mich. Comp. Laws § 600.916(1) .......................................................................... 4, 8

Mich. Comp. Laws § 750.248 ............................................................................... 4, 8

**Rules**

Fed. R. Civ. P. 12(b)(1) .......................................................................................... 7, 9

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 6, 7, 9

Fed. R. Civ. P. 15(2) ................................................................................................. 6

Fed. R. Civ. P. 15(a)(1) ............................................................................................. 5

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should the Court deny Barnaby's motion to amend his third amended complaint where Rule 15(a)(1) does not apply?

2. Should the Court deny Barnaby's motion to amend his third amended complaint because it results from undue delay, will result in prejudice to the Defendants, and is otherwise futile?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:

*SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351 (6th Cir. 2014)

## PROCEDURAL HISTORY

On October 7, 2022, Barnaby initially filed his *pro se* civil action with the United States District Court, Eastern District of Michigan, Case No. 2:22-cv-12387. (ECF No. 1.) The initial complaint was related to alleged "wrongful foreclosure, intentionally wrongful foreclosure and or foreclosure by forgery" on various properties. (*Id.* at ¶ 17, PageID.5.) The Court *sua sponte* determined that Barnaby "failed to plead any viable claims in his complaint." (ECF No. 4, Court Order, PageID.31-32.) In lieu of dismissing Barnaby's complaint, the court granted him leave to file an amended complaint by November 11, 2022. (*Id.*) On November 14, 2022, after the deadline set by the Court, Barnaby filed a first amended civil complaint. (ECF No. 6.)

Without seeking leave of the Court, on November 28, 2022, Barnaby filed a second amended civil complaint. (ECF No. 10.)

On December 5, 2022, the Court reviewed Barnaby's amended and second amended complaints and determined that a transfer to this Court was appropriate based upon venue as the properties at issue are located in Berrien County which lies in the Western District of Michigan. (ECF No. 11, Transfer Order, PageID.229-232.) The Court further noted that several State Defendants (Attorney General Dana Nessel, Office of the Governor of Michigan, State Bar of Michigan and the Supreme Court of Michigan) that arguably could be deemed to be located in the Eastern District for venue purposes have "no apparent connection to Barnaby's claims." (*Id.* at PageID.231.)

1

After transfer, on December 14, 2022, Magistrate Judge Sally J. Berens issued a Report and Recommendation recommending dismissal of Barnaby's second amended complaint for lack of subject matter jurisdiction as the claims were barred by issue preclusion and devoid of merit.  (ECF No. 16, PageID.18.)  She also found that Barnaby's claims against the State Bar of Michigan, the Michigan Supreme Court, the State of Michigan, Governor Whitmer, and Attorney General Nessel should be dismissed where they have Eleventh Amendment immunity.  (*Id.* at PageID.16-17.)  The Magistrate did not expressly state that former Governors Jennifer Granholm and Richard Snyder, and Assistant Attorney General Kendell Asbenson, should be dismissed due to Eleventh Amendment immunity.  However, it is surmised that this was an oversight, as the former Governors and Assistant Attorney General Asbenson are entitled to the same immunity.  (*See* ECF No. 19, PageID.39-49.)

On December 19, 2022, the State Defendants—the State of Michigan, Governor Whitmer, former Governors Granholm and Synder, the Michigan Supreme Court, Attorney General Nessel, and Assistant Attorney General Asbenson—filed a motion to dismiss the second amended complaint which, again, was filed without leave of the Court.  (Motion to dismiss, ECF No. 18, and brief in support, ECF No. 19).[1]  However, these filings post-dated the Magistrate's Report

---

[1] The State Defendants did not file motions to dismiss in connection with the complaint and amended complaint given service issues, treating the second amended complaint as the most recent, operative complaint.

and Recommendation of *sua sponte* dismissal, and this Court later dismissed the motion as moot.  (Opinion, ECF No. 67, PageID.943.)

On January 6, 2023, Barnaby filed a motion to file a third amended complaint.  (3rd Am. Compl. and motion, ECF Nos. 36-37.)  On February 3, 2023, the Magistrate denied Barnaby's motion for leave to file a third amended complaint due to failure to cure the issues addressed in the Report and Recommendation, including the finding that his claims were devoid of merit.  (Order, ECF No. 62, PageID.879.)  The Magistrate also denied the motion based on futility where Barnaby sought leave to add judges and justices, the Michigan Court of Appeals, and a county court, and to expand his complaint to include over a dozen additional counts.  (*Id.*, PageID.880.)  The Magistrate found the proposed new judicial defendants would all be entitled to immunity.  (*Id.*, PageID.881-82.)  The order also resulted in the proposed third amended complaint being stricken.  (*Id.*)

This Court adopted the Report and Recommendation, agreeing on every point.  (Opinion, ECF No. 67, PageID.939-42).  Thus, denying Barnaby's previously filed motions for default judgment as to the second amended complaint as moot, denying the appeal of the order denying leave to file a third amended complaint as futile, and dismissing Barnaby's second amended complaint under *Apple v. Glenn*, *supra*. (*Id.*, PageID.942-43.)

Barnaby appealed.  (ECF No. 69.)  On November 17, 2023, the Sixth Circuit issued an order affirming this Court's order in part, vacating in part, and remanding for further proceedings.  (Op. & Ord., ECF. No. 72, PageID.957.)  As to

3

the State Defendants, the Sixth Circuit held that Barnaby did not challenge this Court's rulings that the Michigan Supreme Court, the State of Michigan, Governor Whitmer, and Attorney General Nessel are immune from suit or that he does not have a private right of action to seek relief under 18 U.S.C. §§ 471 and 1341 and Mich. Comp. Laws §§ 600.916(1) and 750.248. (Op. & Ord., ECF No. 72, PageID.956.) The Sixth Circuit did not specifically address former Governors Granholm and Snyder and Assistant Attorney General Asbenson—likely because they were not specifically referenced by this Court in the adopted Report and Recommendation. As a result, the Michigan Supreme Court, the State of Michigan, Governor Whitmer and Attorney General Nessel are no longer parties to this action.

Pursuant to the remand, on December 27, 2023, this Court entered an order granting Barnaby the ability to file his third amended complaint. (ECF No. 91.) This order recognized that claims against the State of Michigan, the State Bar of Michigan, the Michigan Supreme Court, and Defendants Whitmer and Nessel are barred by Eleventh Amendment immunity, and Barnaby has no private right of action under 18 U.S.C. §§ 471 and 1341 or Mich. Comp. Laws §§ 600.916(1) and 750.248. (*Id.*, PageID.1118.) This Court ordered that "Defendants who have appeared in this action" shall have 28 days to respond to the third amended complaint. (*Id.,* PageID.1124.)

Now, incredulously, after all State Defendants have filed their Motions to Dismiss the third amended complaint, including the newly added judicial

4

defendants (ECF Nos. 116, 117, 150, 151), Barnaby seeks leave from this Court to file a fourth amended complaint.

## ARGUMENT

### I. Barnaby's requested amendment is not permitted as a matter of course.

Barnaby is seeking to file a fourth amended complaint pursuant to Fed. R. Civ. P. 15(a)(1) and (2).  However, Fed. R. Civ. P. 15(a)(1) permits a party to amend *once* as a matter of course within either "21 days after serving it" or, if a responsive pleading is required, 21 days after service of a responsive pleading or motion—"whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  The rule explicitly permits *one* amendment as a matter of course.  *Kircher v. City of Ypsilanti*, 809 F. App'x. 284, 297 (6th Cir. 2020).  As noted, this would be Barnaby's fourth attempt at an amendment.  The Eastern District Court *sua sponte* issued an order advising Barnaby his initial complaint failed to plead any viable claims and permitting him to amend his complaint.  (ECF No. 4, Order, PageID.31-32.)  He filed his first amended complaint on November 14, 2022.  (ECF No. 6.)  He also filed a second amended complaint, without leave, on November 28, 2022.  (ECF No. 10.)  After dismissal of his case and an appeal to the Sixth Circuit, he was granted the ability to file a third amended complaint.  (ECF No. 91, Order.)  Given that this would be his fourth amended complaint, the rule regarding amendments as a matter of course is not applicable.

5

**II.    Barnaby's proposed amended complaint is a result of undue delay, results in prejudice to the State Defendants and would be futile.**

Generally, leave to amend a pleading is to be liberally granted unless the amendment would result in "undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint," or that there was "at least some significant showing of prejudice to the opponent," as required under Sixth Circuit precedent to justify a denial of leave to amend.  See, *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) and *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).  Sixth Circuit precedent, however, demonstrates that these requirements are not rigid or exhaustive, and that courts may also deny leave to amend on the basis of futility.

Although Fed. R. Civ. P. 15(2) encourages courts to grant leave to amend when justice so requires, courts need not grant such leave when doing so would be futile. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014).  "A proposed amendment is futile where it would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015), citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  Accordingly, when a district court denies a motion to amend because it concludes that the amendment would be futile, the basis for its denial is its purely a legal conclusion that the proposed amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014).

As detailed in the State Defendants' most recent Motions to Dismiss (ECF Nos. 116-117 as to Granholm, Snyder and Asbenson; and ECF Nos. 150-151 as to Clement, Gleicher, McCormack, Murray and the Court of Appeals.), Barnaby's proposed fourth amended complaint cannot, as a matter of law, withstand a Rule 12(b)(1) and (6) motion to dismiss.  Barnaby's proposed fourth amended complaint continues to fail to state a viable claim.  As to the State Defendants, the proposed fourth amended complaint does not provide any further detail to support what connection the State Defendants have with his property foreclosure.  It, similar to past complaints, contains vague, conclusory allegations of a conspiracy between the parties without the specificity required to support such a claim.  *Heyne v. Metro. Nashville Pub. Sch.,* 655 F.3d 556, 563 (6th Cir. 2011).  Barnaby's proposed fourth amended complaint also does not resolve the immunity issues raised by the State Defendants.  (ECF Nos. 117, PageID.1438-1145; and ECF No. 151, PageID.2376-2381.)

While Barnaby appears to have removed the State of Michigan, the State Bar of Michigan, the Michigan Supreme Court, and Attorney General Nessel as defendants, his proposed fourth amended complaint continues to contain numerous vague, conclusory allegations against them.  (ECF No. 145, ¶¶ 3-4, 7, 25, 28, 37-38, 83, 133-134, 149-152, 154, 156, 163, 170, 210-211, 252, 261, 289, PageID.2112-2114, 2114-2115, 2122-2123, 2127-2129, 2154-2155, 2181-2182, 2193-2196, 2202-2203, 2207-2209, 2230-2231, 2258-2259, 2264-2265, 2283.)  These defendants were dismissed by this Court.  (ECF No. 16, Report & Rec., PageID.17; ECF No. 67,

7

Order adopting, PageID.942.) And the Sixth Circuit affirmed dismissal. (ECF No. 72, 6th Cir. Order, PageID.956.) Plaintiff's proposed amended complaint also contains allegations regarding 18 U.S.C. § 471 and 1341, and Mich. Comp. Laws §§ 600.916(1) and 750.248. (ECF No. 145, Amd. Compl., ¶ 3, 5, 11, 36-37, 39, 82, 153-154, 164, 167, 171, 184, 213, 217, 242-243, 247, 253, 266, 287-288, 290, PageID.2112-2114, 2118, 2127-2128, 2130, 2154-2155, 2193-2194, 2203, 2205, 2209, 2217-2218, 2232-2233, 2236, 2252-2253, 2256, 2259, 2267, 2281-2284.) These claims were dismissed by this Court due to a lack a private right of action (ECF No. 16, Report & Rec., PageID.17; ECF No. 67, Order adopting, PageID.942.) The dismissal on these claims was affirmed by the Sixth Circuit. (ECF No. 72, 6th Cir. Order, PageID.942.) Clearly allowing Barnaby to amend a complaint which continues to contain allegations as to dismissed defendants or dismissed claims would be futile.

Finally, it appears that Barnaby believe he needs to amend his complaint to preserve his ability to appeal the rulings denying his voluminous requests for default. There is clearly no rule that requires a complaint to be amended to preserve appellate rights regarding this Court's orders. Barnaby would be able to appeal those orders once a final order is issued regarding this matter. *Caudill v. Hollan*, 431 F.3d 900, 906 (6th Cir. 2005) (The Sixth Circuit "will entertain arguments on all objections and asserted errors prior to the final disposition of a case if a party indicates in its notice of appeal that it appeals either the final judgment or the final order in the case." ).

8

## CONCLUSION AND RELIEF REQUESTED

Former Governor Granholm, former Governor Snyder, Assistant Attorney General Asbenson, Justice Clement, Justice McCormack, Judge Gleicher, Judge Murray, and the Michigan Court of Appeals request that the Court deny Barnaby's motion for leave to amend his complaint as such is futile and will result in nothing more than causing further delay and a new round of Rule 12(b)(1) and (b)(6) motions where Barnaby's proposed amended complaint does nothing to rectify the issues identified in the currently pending Motions to Dismiss.

Respectfully submitted,

*/s/Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorney for State Defendants
Michigan Department of Attorney General
Civil Rights and Election Div.
3030 W. Grand Blvd., 10th Floor
Detroit, MI 48202
pendrickk@michigan.gov
P60348

Dated: April 1, 2024

## CERTIFICATE OF SERVICE

      I hereby certify that on April 1, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such to all counsel of record.

      */s/ Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Assistant Attorney General
3030 W. Grand Blvd., Ste 10-666
Detroit, MI  48202
(313) 456-0200