# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                    )

    Plaintiff- Appellant                              )


      Vs.                                           ) Hon. Robert  J.  Jonker

                                                ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees                             ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582      |      EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

1

**PLAINTIFF'S MOTION IN OPPOSITION TO,**

**DEFENDANTS JUSTICE CLEMENT, JUSTICE MCCORMACK, JUDGE GLEICHER, JUDGE MURRAY, AND THE MICHIGAN COURT OF APPEALS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

**AND WITH PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Comes now Plaintiff, In Pro Se, Owen W. Barnaby, with his request that, this Your Honorable Court **Deny,** Defendants, Michigan Supreme Court Justice Elizabeth Clement, former Michigan Supreme Court Justice Bridget McCormack, former Michigan Court of Appeals Judges Elizabeth Gleicher and Christopher Murray, and the Michigan Court of Appeals (collectively "Judicial Defendants") Motion to Dismiss his Plaintiff's Complaint (ECF No. 36), as moot, because the crime and or fraud exception.

Secondly, as there are no genuine disputes of material fact, Plaintiff's Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

Lastly, Plaintiff has set forth more fully in the accompanying brief.

Respectfully Submitted,

Dated: April 8, 2024,                    \S/ Owen W. Barnaby

                                                    Owen W. Barnaby, In Pro Se

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
| Plaintiff- Appellant | ) |
| | |
| Vs. | ) Hon. Robert  J.  Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
| Defendants- Appellees | ) Case No. 1:22 -CV- 1146 |

## PLAINTIFF'S BRIEF IN OPPOSITION TO,

## DEFENDANTS', JUSTICE CLEMENT, JUSTICE MCCORMACK, JUDGE GLEICHER, JUDGE MURRAY, AND THE MICHIGAN COURT OF APPEALS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

##  AND WITH HIS CROSS-BRIEF IN SUPPORT OF HIS SUMMARY JUDGMENT

## TABLE OF CONTENTS

**Page**

Table of Contents ...................................................................................................... iii

Index of Authorities ............................................................................................... iii-v

Statement Regarding  Oral Argument …………………………… …………………......……… v

Complaint Counts…………………………………………… ………………….... vi-iix

Exhibits Filed in the Record of this  District Court …………………………………….…... ix

Concise Statement of Issues Presented ....................................................................... x

Controlling or Most Appropriate Authority ............................................................... x

Statement of Facts ..................................................................................................... 1-9

      Background facts …………………………………………………….………..1
      Defendants Berrien County Trial Court and Its Judges ………………………… 2
      Defendant – former Michigan Court of Appeals Judge Christopher Murray ……….....… 2
      Defendant -former Michigan Court of Appeals Judges Elizabeth Gleicher ……………. 3
      Defendant - Michigan Court of Appeals for the State of Michigan ……………….....… 4
      Defendant -State Bar of Michigan …………………………………………………… 4
      Defendant - former Michigan Supreme Court Justice Bridget McCormack …………… 6
      Defendant - Michigan Supreme Court Justice Elizabeth Clement………………………. 8

Standard of Review ................................................................................................ 9-10

Argument ................................................................................................................ 11-24

  I.    INTRODUCTION……………………………………..……………………………… 1

  II.    RESPONSE TO:    This Court lacks jurisdiction where the Judicial Defendants have judicial immunity……………………………………………………….. 12 -15.

  III.    RESPONSE TO:    The Michigan Court of Appeals should be dismissed due to its Eleventh Amendment immunity…………………………………………… 16-19

  IV.    RESPONSE TO:    Barnaby's third amended complaint fails to include allegations stating a viable claim. …………………………………………19-23

  V. CONCLUSION ....................................................................................... 24

      Certificate of compliance ………………………………….......
      Certificate of Service ..................................................................
      District Court's Supplemental Relevant Documents ……….

## INDEX OF AUTHORITIES

**Cases**                                                                                                                 **Page**

Arizona v. California, 530 U.S. 392, 412 (2000)…………………………………...…………………

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020)…….……………………...………1-23

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017) …..............................................1-23

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) .................................1-23

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit ………………………...…………1-23

Barnaby v. Witkowski, 1:14-cv-1279  ……………………………………...……………1-23

Dixon v. Clem, 492 F.3d 665, 674 (6th Cir. 2007))……………………………………………12

Erickson v. Pardus, 551 U.S. 89, 94 (2007)………………….....................……….......…………1-23

Forrester v. White, 484 U.S. 219, 227-29 (1988))………………………………………………12

King v. Love, 766 F.2d 962, 965 (6th Cir. 1985) ……………………………………………12

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)………………….……………...

Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019) …………1-23
Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). (ECF No. 151, PageID.2377). ………..…12

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) ………………………………1-23

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)………………………….……1-23

Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023) ………...1-23

Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020; Fraud upon courts……….1-23


**Statutes**

42 U.S.C. § 1983...........................................................................................................1-24

Mich. Comp. Laws § 691.1401...................................................................................1-24

Mich. Comp. Laws § 691.1401(b) .............................................................................1-24

Mich. Comp. Laws § 691.1407(1) .............................................................................1-24

Mich. Comp. Laws § 691.1407(2) ........................................................................... 1-24

Mich. Comp. Laws § 691.1407(5) ........................................................................... 1-24

Forgery Mi. Comp. Laws Ann. § 750-248……………………………………….......…..1-24

Forgery Mi. Comp. Laws Ann.  § 750-249 ………………………………….……………1-24

MCL 211.27(a)……………………………………….…………………………......………..…….

Mich. Comp. Section 141.1549 and Act 436 of 2012 ………….……………..…………1-24

**Rule**

LCivR 7.1(d) …………………………………………………………..……..…………..…….

Fed. R. Civ. P. 1…………………………………………………………………..…...........

Rules MCR 2.105: (A)(1)(2). ……………………………………………….…

(G)(1); (I)(1); (K)(3) …………………………………………………….……

Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B). ……………………………………………

Federal Rules Fed. R. Civ. P. 4: (e(1)(2)(B)(C) ……………………………………...……

Federal Rules Fed. R. Civ. P. 4: (j)(2)(A)(B) ……………………………..……...………

Fed. R. Civ. P. 4(h)(1) (A)(B), or (2) ……………………………………………………

Fed. R. Civ. P. 4(e(1)(2)(B)(C) ………………………………………….…………..……

Fed. R. Civ. P. 4(j)(2)(A)(B). …………………………………………………………..

MCR 2.105 ……………………………………………..…………………………………

Mich. Ct. R. 2.105 (A) (1) (2),  ……………………………….…………………………

Mich. Ct. R. 2.105 (G) (1) ………………………………….………………………

Mich. Ct. R. 2.105 (I) (1) …………………………………………………………

Mich. Ct. R. 2.105 (k) (3) ………………………………………………………

Michigan Court Rule 2.105(A) (2) ………………………………..……………………

District Court's Local Rules Service Handbook ……………………………………….

Fed. R. Civ. P. 12 ....................................................................................

Fed. R. Civ. P. 8(a)(2)………………………………………………………… 20

Fed. R. Civ. Proc. 12(b)(6) ………………………………………….…..… 11-23

Fed. R. Civ. Proc. 12(b)(1) …………………………………………….....…..11-23

Fed. R. Civ. P. 15(a)(1), …………………………………………….…..………

Fed. R. Civ. P. 15(a)(2) …………………………………………...…………

Fed. R. Civ. P. 12(a)(1)(A)(i) …………………………………………….…

Fed. R. Civ. P. 55:(a), (b)(1)(2) ………………………………………………….

Fed. R. Civ. P. 56:(a), …………… …………………………………………11-23

**Doctrines**

The doctrine of the law of the case …………………………...…………………………………

The law of the case doctrine …………………………………….…………………………………...

Rooker-Feldman Doctrine …………………………...………………….…………………….

Res judicata Doctrines …………………………...…………………………………………...

**Laws**

42 USCS 1983............................................................................................11-23

42 U.S.C. §2000…………………………………………...……………11-23

18 U.S.C. Section 1341…………………………………………………11-23

28: USC § 1331 ………………………………………………………………...

28: USC § 1332 ………………………………………………………………...

28 U.S.C. § 1291…………………………………...…………………... ………………….

First Amendment ………………………………………………………11-23

Fourth Amendment …………………………………………………......................11-23

Fifth Amendment …………………………………………….…………11-23

Eleventh Amendment ……………………………………………………11-23

Fourteenth Amendment …………………………………………………....11-23

Qualified immunity ……………………………………………………… 11-23

Full Faith and Credit Act …………………………………………….…...……

## Statement Regarding  Oral Argument

Plaintiff does not believe that Oral Argument is necessary to Deny Defendant's futile moot motion to dismiss Plaintiff's Complaint and to grant Plaintiff Summary Judgment.

The Complaint consists of eight sets of Defendants that caused Plaintiff's continuous injuries, as follows, 1). The Berrien County Defendants; 2). The Niles Township Defendants;  3). The Holmstrom Defendants; 4). The Benton Harbor—State of Michigan Governors Defendants; 5). The Berrien County Trial Court and Its Judges Defendants;  6). Appellate Court and Its Judges Defendants;  7). Supreme Court's Judges Defendants and     8). The Assistant Attorney General Asbenson.  While some sets of the Defendants actions triggered other Defendants actions or omissions, Plaintiff is injured by all eight sets of Defendants.

| Barnaby's Fourth Amended Complaint | The Eight Sets of Defendants and 36 Counts Against Them, below: | |
|---|---|---|
| COUNT 1:<br>FORGERY | Set: #1, | Page 92 |
| COUNT 2:<br>CONSPIRACY TO COMMIT FORGERY AND FALSIFICATION OF RECORDS | Sets: #1, #2, #3, #4, #8, | Page 93 |
| COUNT 3:<br>FALSIFICATION OF COUNTY RECORD TO CONCEAL FORGERIES AND FORGERY JUDGMENT). | Set: #1, | Page 96 |
| COUNT 4:<br>CONSPIRACY TO COMMIT FALSIFICATION OF COUNTY RECORD TO CONCEAL JUDGMENT WAS PROCURED WITH FORGERY DOCUMENTS, UPL AND BY FRAUD AND FRAUD UPON THE COURT | Sets: #1, #2, #3, #4, #8, | Page 98 |
| COUNT 5:<br>FORGERY | Sets: #1, #3, #5, | Page 103 |
| COUNT 6:<br>CONSPIRACY TO COMMIT FORGERY | Sets: #1, #3, #5, | Page 102 |
| COUNT 7:<br>FALSIFICATION OF COURT'S RECORD TO CONCEAL FORGERY) | Sets: #1, #3, #5, | Page 105 |
| COUNT 8:<br>CONSPIRACY TO COMMIT FALSIFICATION OF COURT'S RECORD TO CONCEAL FORGERY JUGDGMENT | Sets: #1, #3, #5, | Page 106 |

| | | |
|---|---|---|
| COUNT 9:<br>UNAUTHORIZED PRACTICE OF LAW | Set: #1, | Page 109 |
| COUNT 10:<br>CONSPIRACY TO AID AND TO ABET<br>UNAUTHORIZED PRACTICE OF LAW) | Sets: #1, #2, #3, #4, #5, -, #7, #8, | Page 110 |
| COUNT 11:<br>FRAUD | Sets: #1, #2, #3, #4, #8, | Page 112 |
| COUNT 12:<br>CONSPIRACY TO COMMIT FRAUD | Sets: #1, #2, #3, #4, #8, | Page 115 |
| COUNT 13:<br>FRAUD UPON THE BERRIEN COUNTY TRIAL<br>COURT), | Set: #5, | Page 118 |
| COUNT 14:<br>CONSPIRACY TO COMMIT FRAUD UPON<br>COURTS | Sets: #1, #3, #5, #6, #7, #8, | Page 120 |
| COUNT 15:<br>RETALIATIONS | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 123 |
| COUNT 16:<br>CONSPIRACY TO RETALIATE AGAINST PLAINTIFF), | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 127 |
| COUNT 17.<br>VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER<br>THE FIFTH AMENDMENT TAKINGS-CLAUSE | Sets: #1, #2, #3, #4, #8, | Page 130 |
| COUNT 18:<br>CONSPIRACY TO VIOLATIONS OF PLAINTIFF'S<br>RIGHTS UNDER THE FIFTH AMENDMENT TAKINGS-<br>CLAUSE | Sets: #1, #2, #3, #4, #8, | Page 134 |
| COUNT 19:<br>VIOLATION OF PLAINTIFF'S DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 137 |
| COUNT 20:<br>DEMOLITION OF HIS PROPERTIES IN<br>VIOLTION OF DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 140 |
| COUNT 21:<br>VIOLTION OF PLAINTIFF'S EMPLOYMENT<br>WITHOUT DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 142 |
| COUNT 22:<br>EQUAL PROTECTION OF THE LAW | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 143 |
| COUNT 23:<br>THEFT and CONVERSION OF PERSONAL PROPERTY | Sets: #1, #2, #3, #8, | Page 146 |
| COUNT 24:<br>CONSPIRACY TO COMMIT THIEVERY and<br>Conversion of personal properties | Sets: #1, #2, #3, #4, #5, #8, | Page 149 |
| COUNT 25:<br>GROSS NEGLIGENCE),FORGERY | Sets: #1, #2, #4, #8, | Page 152 |
| COUNT 26:<br>THE RIGHT TO A JURY TRIAL | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 154 |

| | | |
|---|---|---|
| COUNT 27:<br>THE RIGHTS TO GOVERNMENT SERVICES and RIGHTS TO USE PUBLIC FACILITIES | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 155 |
| COUNT 28:<br>DISCRIMINATIONS AND CONSPIRACY TO DISCRIMINATED AGAINST PLAINTIFF | Sets: #1, #2, #3, #4, #5, #8, | Page 157 |
| COUNT 29:<br>FREEDOM OF MOVEMENTS and FREEDOM FROM TORTURE | Sets: #1, #2, #3, #4, #5, #8, | Page 159 |
| COUNT 30:<br>DAMAGE TO PERSONAL PROPERTY | Sets: #1, #2, #3, #4, #5, #8, | Page 161 |
| COUNT 31:<br>INTENTIONAL INFLICTION OF EMOTIOMNAL DISTRESS and EMOTIONAL HARM | Sets: #1, #2, #3, #4, #5, #8, | Page 164 |
| COUNT 32:<br>UNLAWFUL DETENTIONS OF PROPERTIES | Sets: #1, #2, #3, #4, #5, #8, | Page 167 |
| COUNT 33:<br>SAFETY FROM HARASSMENT and THE RIGHT TO GAINFUL EMPLOYMENT | Sets: #1, #2, #3, #4, #5, #8, | Page 170 |
| COUNT 34:<br>RIGHTS GIVEN PLAINTIFF BY THE STATE OF MICHIGAN | Sets: #1, #2, #3, #4, #5, #8, | Page 172 |
| COUNT 35:<br>Whistleblowing | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 174 |
| COUNT 36:<br>THE RIGHT TO HOUSING | Sets: #1, #2, #3, #4, #5, #8, | Page 177 |
| | Please see (ECF No.145, PagesID.2109- 2287) | |

## EXHIBITS of Record

| | | |
|---|---|---|
| EXHIBIT A | **Forgery** Documents | ID.560-563 |
| EXHIBIT B | Barnaby's Affidavit | ID. 564-569 |
| EXHIBIT C | Knowledge/Not Protect Against Illusory Truth | ID.770-779 |
| EXHIBIT D | Dr Bulgin Expert Report | ID. 580-588 |
| EXHIBIT E | Dr. Payne Expert Report | ID.589-607 |
| EXHIBIT F | Paid in Full Niles Properties 2007 Tax Receipt | ID.608-609 |
| EXHIBIT G | Appraisal Report at $12,000.00 | ID.610-635 |
| EXHIBIT H-1 | Opinion #1 of  Sixth Circuit Court | ID.636-640 |
| EXHIBIT H-2 | Opinion #2 of  Sixth Circuit Court | ID.741-643 |
| EXHIBIT H-3 | Judgment of Sixth Circuit Court | ID.644-645 |
| EXHIBIT I-1 | Witskowski's **Perjury Deposition.** | ID.646- 686 |
| EXHIBIT I-2 | Witskowski's Deposition. | ID.687-694 |
| EXHIBIT I-3 | Witskowski's Deposition. | ID.695-708 |
| EXHIBIT I-4 | **UPL & Foreclosure Judgment-August 18, 2010,** | ID.709-714 |
| EXHIBIT J | State Michigan Bar Letter | ID.715-716 |
| EXHIBIT K | Judgement &  **Forgery** Order | ID.717-723 |
| EXHIBIT L-1 | Attorney Holmstrom's **Forgery** Brief | ID.724-726 |
| EXHIBIT L-2 | Attorney Holmstrom's **Forgery** Brief | ID.727-729 |
| EXHIBIT L-3 | Attorney Holmstrom's **Forgery** Brief | ID.730-734 |
| EXHIBIT O | Witskowski's **Willful False Affidavit/Perjury** | ID.756-758 |
| EXHIBIT W-1 | Sixth Circuit Order (ECF Nos. 72) | ID.000-000 |
| EXHIBIT W-2 | Sixth Circuit Judgment. (ECF Nos. 73) | ID.000-000 |
| EXHIBIT W-3 | Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95) | ID.000-000 |
| EXHIBIT W-4 | Magistrate's Order (ECF Nos. 91) | ID.000-000 |
| EXHIBIT W-5 | Plaintiff's Default /Brief (ECF No. …) | ID.000-000 |
| EXHIBIT W-6 | Barnaby's Affidavit | ID.1187- 1188 |
| EXHIBIT W-7 | Notice from Clerk  (ECF Nos. 84) | ID.000-000 |
| EXHIBIT W-8 | Proof Service of Sommons  Receipts | ID.1190-1200 |
| EXHIBIT W-9 | Attorney Hackworth Job Description | ID. 1201 |
| EXHIBIT W-10 | Request or Motion for Default Judgment | ID.1205 |
| EXHIBIT W-11 | Attorney Holmstrom's Personal Letter to Judge | ID.000-000 |
| EXHIBIT W-12 | Electric receipt that further Proofs Proper Service | ID. 1379-1380 |
| EXHIBIT W-13 | Proof of  Holmstrom Defendants Service rejection | ID.1381-1383 |
| EXHIBIT W-14 | District Court's Service Handbook | ID.1384-1386 |
| EXHIBIT W-15 | Mr. Hackworth, Authorized by Appointment or by Law | ID. 1387-1388 |
| EXHIBIT W-16 | …………………………………. | ID. 1398-1400 |
| EXHIBIT W-17 | Rejected Stipulation ………………………. | ID.1657-1661 |
| EXHIBIT W-18 | …………………………………. | ID.1694-1697 |
| EXHIBIT W-19 | Proof of Served Summonses on Holmstrom Defendants | ID. 2724- 2726 |
| EXHIBIT W-20 | Default-Judgments (ECF Nos. 28,31,32,75,77,81,88,95,124) | ID. 1748- 1814 |
| EXHIBIT W-21 | Defendants' Berrien County, Benton Harbor conspiracies | ID. 2077- 2085 |
| EXHIBIT W-22 | Conspiracy not to prosecute the other Defendants | ID.000-000 |
| EXHIBIT W-23 | STATE SIXTH CIRCUIT APPELLATE BRIEF | ID.1945- 1967 |
| EXHIBIT W-24 | Plaintiff and County Defendants correspondence/Sanction | ID.2671-2672 |

**CONCISE STATEMENT OF ISSUES PRESENTED**

1. Does judicial immunity overcome Defendants' actions and inactions that caused fraud upon Courts?

2.  Does Eleventh Amendment immunity overcome fraud upon Michigan Court of Appeals?

3. Should Plaintiff's Complaint that Judges and Attorneys actions and inactions amounts to fraud upon the Berrien County Trial Court, Michigan Court of Appeals, The Michigan Supreme Court, and  Federal Courts, that is a part of Plaintiff injures be dismissed?

4. As there are no genuine disputes of material fact, Plaintiff's  Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).


**CONTROLLING OR MOST APPROPRIATE AUTHORITY**
*Authority*:

        Plaintiff's Opposition and Cross-Motion for Summary Judgment: Fed. R. Civ. P. 56(a);

"General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA;

Forgeries "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)";  "Conspiracy, act 328 of 1931

750.157a", Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681)";  First, Fourth,

Fifth-takings clause, Fourteenth-Section I, of the Amendments;  Civil Rights Acts of 42 U.SA.

§1983;  42 U.S.C. §2000;  Fed. R. Crim. P. 41,  Ramming v. United States, 281 F.3d 158, 161

(5th Cir. 2001); McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006); Tyler v. Hennepin

County, Minnesota, et al, (No. 22–166–Decided May 25, 2023); Rafaeli, LLC v Oakland County

Case No. 156849, July 17, 2020; Fraud upon courts.

## STATEMENT OF FACTS

**Background Facts**

Plaintiff's Complaint acknowledges that, in a normal course of proceedings, Courts and their Judges are immune from lawsuit and or prosecution.  However, the Complaint equally acknowledges that, there are crime and or fraud exceptions that, does not give immunity to Courts nor their Judges.  Plaintiff's pending Complaint-(ECF Nos. 10, 36, 145) is that , Michigan Supreme Court Justice Elizabeth Clement, former Michigan Supreme Court Justice Bridget McCormack, former Michigan Court of Appeals Judges Elizabeth Gleicher and Christopher Murray, and the Michigan Court of Appeals (collectively "Judicial Defendants") are not immune from his lawsuit. They are not immune from his lawsuit, because their actions and inactions amount to fraud upon State Courts and Federal Courts, that are apart of Plaintiff's injuries. The Michigan Supreme Court Justice Elizabeth Clement, former Michigan Supreme Court Justice Bridget McCormack, actions, and inactions amount to fraud upon State Courts and Federal Court because of their failure to supervise the 'State Bar of Michigan', misconduct in Plaintiff's formal Complaint of Defendant – Bret Witkowski, UPL to procure the August 18, 2010, Forgery void Judgment.  The former Michigan Court of Appeals Judges Elizabeth Gleicher and Christopher Murray, and the Michigan Court of Appeals, actions, and inactions of the August 18, 2010, Forgery Judgment and Forgery July 12, 212 Oder, amount to fraud upon State Courts and Federal Courts.  The State Bar of Michigan overlooked evidence and refused to act on Plaintiff's formal complaint that Witkowski had engaged in the unauthorized practice of law, and that the Berrien County Trial Court, Michigan Courts of Appeals and Michigan Supreme Court relied on UPL, Fraud upon Courts, forged documents to uphold foreclosure .

**Defendants Berrien County Trial Court and Its Judges**

Plaintiff's Complaint states that, Berrien County Trial Court and Its Judges committed fraud upon courts. **O**ne,  on August 18, 2010, Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against  Coconspirators, Defendant – Bret Witkowski, Treasurer of Berrien County and Defendant –  Berrien County Government and or Mr. Thomas Bread;  **T**wo,  On July 12, 2012, Former Chief Judge Butzbaugh  falsified, Defendant – Berrien County Court record with a Forged Order in [r]etaliation and reckless disregards for the truth that his [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead falsely stated it was entered on March 01, 2010; **T**hird, Berrien County Trial Court and Its Judges aided and abetted Defendant – Bret Witkowski, Treasurer of Berrien County to commit Unauthorized Practice of Law in court before Chief Judge Butzbaugh to procure [Linchpin] Foreclosure Judgment. **F**ourth,  The State Bar of Michigan overlooked evidence and refused to act on Plaintiff's formal complaint that Witkowski had engaged in the unauthorized practice of law, and that the Michigan Supreme Court relied on forged documents to uphold a foreclosure.

**Defendant – former Michigan Court of Appeals Judge Christopher Murray**

Honorable Appellate Court's Chief  Murray had access to Defendant Berrien County Court record's settled facts, that:  **O**ne,  on August 18, 2010, Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against  Coconspirators, Defendant – Bret Witkowski, Treasurer of Berrien County and Defendant –  Berrien County Government and or Mr. Thomas Bread.  **T**wo, On July 12, 2012, Former Chief Judge Butzbaugh falsified, Defendant – Berrien County Court record with a Forged Order in [re]taliation and in reckless

2

disregard for the truth that his [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead falsely stated it was entered on March 01, 2010. **T**hird, the Sixth Circuit Appellate Court in truth and in fact affirmed that Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered August 18, 2010. **F**ourth, that Defendant – Bret Witkowski, Treasurer of Berrien County committed Unauthorized Practice of Law in court before Chief Judge Butzbaugh to procure the [Linchpin] Foreclosure Judgment against Mr. Thomas Bread.  **F**ifth, "Between 2012 and 2013 Former Appellate Court's Chief Judge Murphy circulated a letter addressed to "Trial Court's Chief Judge Bruce" about the state of Defendant Berrien County Court record." (ECF No. 36, PageID.213).

**Defendant -former Michigan Court of Appeals Judges Elizabeth Gleicher**

The Honorable Judge Gleicher is the current Chief Judge for Defendant Michigan Appeals Court. As such, Judge Gleicher is the highest-ranking judicial officer of the Defendant Michigan Appeals Court, with supervisory authority. The Honorable Chief Judge Gleicher is party to the retaliation which is violating Mr. Barnaby's constitutional rights by shirking the Court's supervisory authority to correct Michigan Appeals Court's record  which violates  Barnaby's constitutional rights and laws under First, Fourteenth Amendments to the United States Constitution not to be retaliated against when seeking redress and not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan.

**Defendant - Michigan Court of Appeals for the State of Michigan**

Plaintiff hereby incorporates paragraph above as if fully set forth herein, and further alleges that, Michigan Court of Appeals is responsible  for actions and inaction of its Judges and the fraud upon it, the same are injuring Plaintiff and violating his constitutional rights.

**Defendant -State Bar of Michigan**

The State Bar of Michigan is a Coconspirator in Defendants', retaliated, concocted, disguised, designed an evil plot and an elaborate scheme which by Forgery they stole and defrauded Plaintiff  of his properties by their willful and wanton misconduct and forgeries. Defendant – Bret Witkowski, Treasurer of Berrien County willful and wanton misconduct and forgeries stole and defrauded Plaintiff of his properties, also includes unauthorized practice of law, (UPL).

The Michigan Supreme Court handles unauthorized practice of law and delegates its responsibilities to the 'State Bar of Michigan'. First, Plaintiff made formal Complaint of Defendant – Bret Witkowski's, 'Unauthorized Practice of Law', to Clerk of  Michigan Supreme Court and the Clerk referred Plaintiff to the 'State Bar of Michigan'. Plaintiff, then made formal complaint to 'State Bar of Michigan' and set forth the evidence of Defendant – Bret Witkowski's, willful misconduct of Unauthorized Practice of Law raging from creating 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture of Real Property', and practicing law in the court room  before Judge Butzbaugh on March 01, 2010, by representing the case on behalf of Defendant – Berrien County Government.  Some evidence inclusive of Defendant – Bret Witkowski's own deposition confession of UPL.

4

16 Q. So explain to me what law would permit you to conduct
17      a foreclosure proceeding when you're not an attorney?
25 **A. And the judge gave me the privilege of the opportunity**
1      **to represent the county.**
2 Q. As an attorney?
3 **A. I answered your question.**
4 Q. Okay.

However, the 'State Bar of Michigan' overlooked all the evidence and closed the case with non-Lawyer Witkowski's confession in deposition his unauthorized practice of law. The 'State Bar of Michigan' was given the evidence of non-Lawyer Witkowski confession of his unauthorized practice of law.

Appellant did submit the proof of the UPL yet, ultimately the 'State Bar of Michigan', concluded, **UPL No: 19-up-79,** with no due process for an Appeal.

> "The State Bar of Michigan Standing Committee on the Unauthorized Practice of Law has considered the above-referenced matter based on the complaint received by the State Bar of Michigan Unauthorized Practice of Law department and the information gathered during its investigation. The Unauthorized Practice of Law committee has recommended that the State Bar of Michigan administratively close this matter <u>because it does not appear to be a violation of the UPL statue, MCL 600.916, as interpreted by the Michigan Supreme Court. Consequently, the matter has been administratively closed.</u>"

But the State Bar of Michigan gave no factual nor legal demonstration of how when and where the Michigan Supreme Court interpreted the UPL statue MCL 600.916. The State Bar of Michigan's action was a dereliction of its duty given to it by Michigan Supreme Court which governs the practice of law and lawyers and has delegated the investigation and prosecution of unauthorized practice of law complaints and the settled fact that the State Bar of Michigan was presented with the evidence that, Non-Lawyer Appellee-Witkowski's confessed to unauthorized practice of law in deposition. (MCL 600.916 and MCL 450.681); they suppressed the material evidence, and their response was "…because it does not appear to be a violation of the UPL

statue, MCL 600.916, as interpreted by the Michigan Supreme Court. Consequently, the matter

has been administratively closed."  All in violations of their law below.

> Sec. 916.  (1) A person shall not practice law or engage in the law business, shall not in any manner whatsoever lead others to believe that he or she is authorized to practice law or to engage in the law business, and shall not in any manner whatsoever represent or designate himself or herself as an attorney and counselor, attorney at law, or lawyer, unless the person is regularly licensed and authorized to practice law in this state. A person who violates this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law. This section does not apply to a person who is duly licensed and authorized to practice law in another state while temporarily in this state and engaged in a particular matter. (2) A domestic violence victim advocate's assistance that is provided in accordance with section 2950c does not violate this section. (3) An application assistant's or victim advocate's assistance that is provided in accordance with the address confidentiality program act does not violate this section.

**Defendant - former Michigan Supreme Court Justice Bridget McCormack,**

The Honorable Former Chief McCormack was and still is uniquely positioned to

resolve the controversy so Plaintiff could get relief for  his sufferings at the hands of

Defendants for the, Intentional infliction of emotional distress and  properties lost by UPL

(MCL 600.916 and Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C.

Section 134 and retaliations but the justice did not.  As the Honorable Former Chief

McCormack is fully informed that, Michigan Supreme Court handles unauthorized practice of

law and delegates its responsibilities to the 'State Bar of Michigan'. First, Plaintiff made

formal Complaint of Defendant – Bret Witkowski's, 'Unauthorized Practice of Law',  to

Clerk of  Michigan Supreme Court and the Clerk referred Plaintiff to the 'State Bar of

Michigan'. Plaintiff, then made formal complaint to 'State Bar of Michigan' and set forth the

evidence of Defendant – Bret Witkowski's, willful misconduct of Unauthorized Practice of

Law raging from Defendants deterring Plaintiff from timely discovering that they created

'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged

Certificate of Forfeiture of Real Property', and practicing law in the court room  before Judge

Butzbaugh on March 01, 2010, by representing the case on behalf of Defendant – Berrien

County Government.  Some evidence inclusive of Defendant – Bret Witkowski's own

deposition confession of UPL.


16  Q.  So explain to me what law would permit you to conduct
17       a foreclosure proceeding when you're not an attorney?
25  A.  And the judge gave me the privilege of the opportunity
1       to represent the county.
2  Q.  As an attorney?
3  A.  I answered your question.
4  Q.  Okay.

The Honorable Former Chief McCormack and Defendant Michigan Supreme

Court's failure to properly manage or supervise the 'Defendant State Bar of Michigan'

overlooking evidence and closed the case with non-Lawyer Witkowski's confession in

deposition of his unauthorized practice of law. Defendant – Bret Witkowski's, willful

misconduct of Unauthorized Practice of Law raging from Defendants deterring Plaintiff from

timely discovering that, they created 'Forged Quit Claim Deed', 'Forged, Notice of Judgment

of Foreclosure', and 'Forged Certificate of Forfeiture to steal Plaintiff's Real Properties', and

practicing law in the court room  before Judge Butzbaugh on March 01, 2010, by representing

the case on behalf of Defendant – Berrien County Government, in violation of: UPL (MCL

600.916 and MCL 450.681;  Michigan's General Property Tax Act, P.A. 206 of 1893,

("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.).


Furthermore, the Honorable Former Chief McCormack has access to record of

Michigan Appeals Court, that she presided over as its supervisor that, between 2012 and 2013

7

Former Appellate Court's Chief Judge Murphy circulated a letter addressed to "Trial Court's Chief Judge Bruce" about the state of Defendant Berrien County Court record.  The settled facts about Defendant Berrien County Court record are. **O**ne, on August 18, 2010, Former Chief Judge Butzbaugh entered [Linchpin] Foreclosure Judgment against Coconspirators, Defendant – Bret Witkowski, Treasurer of Berrien County and Defendant – Berrien County Government and or Mr. Thomas Bread.  **T**wo, On July 12, 2012, Former Chief Judge Butzbaugh falsified, Defendant – Berrien County Court's record with a Forged retaliation Order in reckless Disregards for truth that his [Linchpin] Foreclosure Judgment entered on August 18, 2010, instead he falsely stated it was entered on March 01, 2010. **T**hird, the Sixth Circuit appellate Court in truth and in fact affirmed that Former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment was entered August 18, 2010. **F**ourth, that Defendant – Bret Witkowski, Treasurer of Berrien County committed an Unauthorized Practice of Law in court before Chief Judge Butzbaugh to procure [Linchpin] Foreclosure Judgment against Mr. Thomas Bread.

**Defendant - Michigan Supreme Court Justice Elizabeth Clement,**

**T**he Honorable Chief Judge Clement is the current Chief Judge for Defendant Michigan Supreme Court. As such, the Honorable Chief Judge Clement is the highest ranking judicial officer of the Defendant Michigan Supreme Court, with supervisory authority to address former Chief Judge Butzbaugh's [Linchpin] Foreclosure Judgment on August 18, 2010, against Coconspirators, Defendant – Bret Witkowski, Treasurer of Berrien County and Defendant – Berrien County Government and or Mr. Thomas Bread.  And Defendant – Bret Witkowski, Treasurer of Berrien County committed an Unauthorized Practice of Law in court

before Chief Judge Butzbaugh to procure [Linchpin] Forgery Foreclosure Judgment against

Mr. Thomas Bread. The same are unconstitutional deprivation of Barnaby's rights under First

and  Fourteenth Amendments to the United States Constitution not to be, retaliated against,

and deprived of Life, Liberty, or Property without due process of law and to enjoy the equal

protection of the laws of the State of Michigan.

## LEGAL STANDARD.

### 1.  Dismissal for Lack of Jurisdiction over the Subject Matter

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to

hear a case."

> "Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Such a motion
> may be decided by the court on one of three bases: (1) the complaint alone; (2) the
> complaint and the undisputed facts in the record; or (3) the complaint, the undisputed
> facts in the record, and the court's own resolution of disputed facts. Ynclan v. Dep't of
> the Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing Williamson v. Tucker, 645
> F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that
> jurisdiction does exist falls to the party asserting jurisdiction. Ramming, 281 F.3d at 161.
> The motion to dismiss should only be granted "if it appears certain that the plaintiff
> cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."
> Id. (citation omitted)."

### 2.  Dismissal Pursuant to Rule 12(b)(6)

"Fed. R. Civ. P. 12(b)(6) permits dismissal for failure to state a claim upon which relief can

be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quotation omitted). A claim is plausible on its face "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

9

for the misconduct alleged." *Id.* The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And though courts accept as true plaintiff's factual allegations, courts need not accept as true plaintiff's legal conclusions. *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003)."

### 3.  Summary judgment Fed. R. Civ. P. 56(a).

The law is clear, "Summary judgment is proper if there are no genuine disputes of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether Defendants met its burden for summary judgment, the court views the evidence in the light most favorable to plaintiff and draws all reasonable inferences in his favor. See *Anderson v Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). Fed. R. Civ. P. 56(a) can be met either by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating the nonmovant's evidence itself is insufficient to establish an essential element of the claim. *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986)."

The burden then shifts to the non-moving party to make a showing sufficient to establish the existence of an essential element to his claims. *Id.* To satisfy this burden, the non-movant cannot rest on the pleadings, but must show by affidavit or other documentary evidence, specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c). A mere scintilla of evidence is insufficient- "there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v Liberty Lobby, Inc. 477 U.S. 242, 252 (1986).

## PLAINTIFF'S RESPONSE TO, ARGUMENTS

### I.   INTRODUCTION

Plaintiff contends that his Complaint acknowledges that in normal courses of proceedings, Courts and their Judges are immune from lawsuits and or from prosecutions. However, the Complaint equally acknowledges that there are crime and or fraud exceptions, that does not give immunity defense to Courts nor their Judges.  Plaintiff's pending Complaint-(ECF Nos. 10, 36, 145) is that , Michigan Supreme Court Justice Elizabeth Clement, former Michigan Supreme Court Justice Bridget McCormack, former Michigan Court of Appeals Judges Elizabeth Gleicher and Christopher Murray, and the Michigan Court of Appeals (collectively "Judicial Defendants") action and or inaction that resulted in fraud upon State Courts and Federal Courts they are not immune from his lawsuit.  Moreover, Plaintiff contends that, crime and or fraud exceptions barred this Federal District Court from granting Defendants' (collectively "Judicial Defendants'") Dismissal Motion under Fed. R. Civ. P. 12(b)(1)(6) and the Eleventh Amendment immunity defense. Because their actions and or inactions violated Plaintiff's constitutional rights under the First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a.

In addition, that the law is clear, as there are no genuine disputes of material fact in respect to Defendants-(collectively "Judicial Defendants") Dismissal Motion under Fed. R. Civ. P. 12(b)(1)(6) and the Eleventh Amendment immunity defense, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**II.     PLAINTIFF'S RESPONSE TO :        This Court lacks jurisdiction where the Judicial Defendants have judicial immunity.**

Plaintiff's Complaint-(ECF Nos. 36, 145)  acknowledges filing a lawsuit against Courts and their Judges is no small task.  First, on a human level, a lawsuit against Courts and their Judges, must be filed in another Court where another Judge or Judges preside over the litigant and often, being human will be met with prejudice.  However, Plaintiff contends that, there are times when such lawsuit against Courts and their Judges are necessary, when the impartiality of the court has been disrupted so significantly that, it performed its tasks with bias or prejudice to Plaintiff amounted to, 'fraud-upon- the very courts, as is the case with these, Defendants (collectively "Judicial Defendants"). When Plaintiff used the phrase "Fraud on the court", or "fraud upon the court" he means.

"Fraud on the court, or fraud upon the court, refers to a situation in which a material misrepresentation has been made to the court. Alternatively, the term could be used to refer to a situation in which a material misrepresentation has been made by the court itself. The overall defining requirement is that the impartiality of the court has been disrupted so significantly that it cannot perform its tasks without bias or prejudice."

Moreover, Defendants' (collectively "Judicial Defendants") Brief, acknowledges that judicial immunity can be overcome in two ways. **F**irst, judicial immunity does not apply to nonjudicial actions. **S**econd, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdictions."

Absolute judicial immunity "is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. **First**, judicial immunity does not apply to nonjudicial actions. *Id*. (citing to *Forrester v. White*, 484 U.S. 219, 227-29 (1988)). And "[a]n act is non-judicial if it is not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985) (see also *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007)). (ECF No. 151, PageID.2376) **Second,** "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdictions." Mireles, 502 U.S. at 12 (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). (ECF No. 151, PageID.2377).

Plaintiff, turn to his Complaint-(ECF Nos. 36, 145), to address, "judicial immunity does not apply to nonjudicial actions".  The Complaint-(ECF Nos. 36, 145), as they relate to, Defendants, Michigan Supreme Court Justice Elizabeth Clement, former Michigan Supreme Court Justice Bridget McCormack, failure to properly manage or supervise the 'State Bar of Michigan' overlooking evidence and closed the case with non-Lawyer Witkowski's confession in deposition of his unauthorized practice of law. Some evidence includes Defendant – Bret Witkowski's own deposition confession of UPL.

16  Q.  So explain to me what law would permit you to conduct
17       a foreclosure proceeding when you're not an attorney?
25  A.  And the judge gave me the privilege of the opportunity
1        to represent the county.
2  Q.  As an attorney?
3  A.  I answered your question.
4  Q.  Okay.

Second, Defendant – Bret Witkowski's, willful misconduct of Unauthorized Practice of Law, created 'Forged Quit Claim Deed', 'Forged, Notice of Judgment of Foreclosure', and 'Forged Certificate of Forfeiture of Real Property'. Third,  Defendant – Bret Witkowski's, willful misconduct of Unauthorized Practice of Law, in Defendant Berrien County Trial Court aided and abetted by and before Judge Butzbaugh, fraud upon the County Court, on March 01, 2010, to procure the August 18, 2010, Judgment, by representing the case on behalf of Defendant – Berrien County Government.  Michigan Supreme Court Justice Elizabeth Clement, former Michigan Supreme Court Justice Bridget McCormack, failed supervisory role of  the 'State Bar of Michigan', is a nonjudicial action. As such, Plaintiff's lawsuit against them for a Declaratory Judgment, because of their failed supervisory role of  the 'State Bar of Michigan', which deprived plaintiff of his due process and equal protection rights under the Fourteen Amendment is proper.

13

In addition, contrary to Defendants' Brief that alleges Plaintiff's Lawsuit is a result of former Michigan Court of Appeals Judges Elizabeth Gleicher and Christopher Murray "did not reach the result he desired". Plaintiff's Lawsuit against former Michigan Court of Appeals Judges Elizabeth Gleicher and Christopher Murray is twofold. **One).** Judges Elizabeth Gleicher and Christopher Murray, "Between 2012 and 2013 Former Appellate Court's Chief Judge Murphy circulated a letter addressed to "Trial Court's Chief Judge Bruce" about the state of Defendant Berrien County Court record- (ECF No. 36, PageID.213)", was a nonjudicial action and or they lack jurisdiction to do the same.

 **Two).** Given, Defendant Berrien County Trial Court, and Its Judge, Defendant – Hon. Alfred M. Butzbaugh, actions, amounts to, 'Fraud Upon the Berrien County Trial Court', accordingly: First, when Judge, Defendant – Butzbaugh allowed and or aided and abetted or conspired with, Treasurer, Witkowski, who is not an attorney, to impersonate an attorney and represented the Berrien County Government before Judge Butzbaugh in the Defendant Berrien County Trial Court, on March 01, 2010, to procure the same August 18, 2010, Forged-Foreclosure Judgment, by acts of Unauthorized Practice of Law. Defendant Judge Butzbaugh committed Fraud on the Berrien Couty Trial Court or Fraud upon the Berrien Couty Trial Court.

Defendant – Bret Witkowski's own deposition confession of the aiding and abetting of his UPL.

16  Q.  So explain to me what law would permit you to conduct
17     a foreclosure proceeding when you're not an attorney?
25  **A.  And the judge gave me the privilege of the opportunity**
1     **to represent the county.**
2  Q.  As an attorney?
3  **A.  I answered your question.**
4  Q.  Okay.

Furthermore, Plaintiff contends that, when Judge, Defendant – Butzbaugh, on July 12, 2012 created a forgery Order, to conceal that he allowed or aided and abetted or conspired with, Treasurer, Witkowski, who is not an attorney, to impersonate an attorney and represented the Berrien County Government before Judge Butzbaugh in the Defendant Berrien County Trial Court, March 01, 2010, to procure the same August 18, 2010, Forged-Foreclosure Judgment, by acts of Unauthorized Practice of Law, is Fraud upon the Berrien Couty Trial Court.  As such, Defendant Judge Butzbaugh's Fraud on the Berrien Couty Trial Court  void his August 18, 2010, foreclosure Judgment procured by forgery. Because of crime fraud exceptions that injured Plaintiff in violations of his First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a, General Property Tax Act, P.A. 206 of 1893 rights; this District Court does have jurisdiction as the Defendants (collectively "Judicial Defendants") judicial immunity is moot.  Moreover, there actions and inaction amount to fraud upon Courts, that has and continues to injure Plaintiff. When Plaintiff used the phrase "Fraud on the court", or "fraud upon the court" he means.

> "Fraud on the court, or fraud upon the court, refers to a situation in which a material misrepresentation has been made to the court. Alternatively, the term could be used to refer to a situation in which a material misrepresentation has been made by the court itself. The overall defining requirement is that the impartiality of the court has been disrupted so significantly that it cannot perform its tasks without bias or prejudice."

### III.   I.   PLAINTIFF'S RESPONSE TO :             The Michigan Court of Appeals should be dismissed due to its Eleventh Amendment immunity.

The law is clear that Eleventh Amendment immunity defense is not available to state defendants inclusive of the 'Michigan Court of Appeals', when there action or inactions violated Plaintiff's constitutional rights under: The, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a, General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA"); Article 10, § 2 of MI 1963 Constitution, MCL 600.916 and MCL 450.681, Conspiracy act 328 of 1931 750.157a, Falsification Mi. Comp. Laws Ann. § 750-248,  Forgery Mi. Comp. Laws Ann. § 750-249 and the Fed. R. Crim. P. 41 - Search and Seizure.

As Plaintiff 's Complaint articulated and fully set forth herein, and further contends that, the summary facts that connect all eight sets of Defendants, both the ones who directly concocted, disguised, designed the evil plot(s) and the elaborate scheme(s) or the sets of Defendants who actions, or inactions that may have been triggered by the other sets of Defendants, have injured Plaintiff, are on pages 6,7, 8 paragraph 7; pages 95-97 paragraph 163, and pages 99-100 paragraph 170.  In addition, Plaintiff alleges that, some the above Defendants conspired, and or were complicit in the furtherance of Judge Butzbaugh's, 'Fraud Upon the Berrien County Trial Court'; and other Defendants actions or [triggered actions], arose from the 'Fraud Upon the Berrien County Trial Court', by Judge Butzbaugh, 'accordingly:

First, Plaintiff contends that, the following Defendants knowingly and willfully: 1). Defendant Attorney Elliott; 2). Defendant Attorney/Judge Howard; 3). Defendant Attorney Mcgovern; 4). Defendant Attorney Holmstrom 5). Defendant – Hon. Mayfield C.J; 6). Defendant – Hon. Gary J. Bruce  F.C.J; conspired, and or were complicit in the furtherance  of Judge Butzbaugh's  Fraud Upon the Berrien County Trial Court', allows or aided and abetted or

conspired with, Treasurer, Witkowski, who is not an attorney, to impersonate an attorney and represented the Berrien County Government before Judge Butzbaugh in the Defendant Berrien County Trial Court, March 01, 2010, to procure the same August 18, 2010, Forged-Foreclosure Judgment, by acts of Unauthorized Practice of Law. And Judge, Defendant – Butzbaugh, on July 12, 2012 created a forgery Order, to conceal that, he allowed or aided and abetted or conspired with, Treasurer, Witkowski, who is not an attorney, to impersonate an attorney and represented the Berrien County Government before Judge Butzbaugh in the Defendant Berrien County Trial Court, March 01, 2010, to procure the same August 18, 2010, Forged-Foreclosure Judgment, by acts of Unauthorized Practice of Law.  Defendant Judge Butzbaugh did commit Fraud on the Berrien Couty Trial Court or Fraud upon the Berrien Couty Trial Court. Defendant Judge Butzbaugh had committed Fraud on the Berrien Couty Trial Court or Fraud upon the Berrien Couty Trial Court. Please see the District Court's  record at, (ID.560-569); ID.570- 588); (ID.589-635);  (ID.646-714); (ID.717-758); (ECF No. 72); and (ID.2077-2085).

In addition, Plaintiff contends that, Judge Butzbaugh's Fraud Upon the Berrien County Trial Court', has ricocheted fraud upon, 'Michigan Courts of Appeals', Michigan Supreme Court' and 'Federal Courts', by the witting, actions or inactions of 1). Defendant Attorney Elliott; 2). Defendant Attorney/Judge Howard; 3). Defendant Attorney Mcgovern; 4). Defendant Attorney Holmstrom 5). Defendant – Hon. Mayfield C.J; 6). Defendant – Hon. Gary J. Bruce F.C.J.

Furthermore, Plaintiff contends that, Judge Butzbaugh's Fraud Upon the Berrien County Trial Court', has ricocheted fraud upon, 'Michigan Courts of Appeals' and Michigan Supreme Court', by the witting or unwitting actions or inactions of 7). Defendant – Hon. Gleicher, C.J of Appellate; 8). Defendant – Hon. Christopher M. Murray, F.C.J, of Appellate; 9). Michigan Court

17

of Appeals; 10). Defendant – Hon. Clement, C.J of Supreme; 11). Defendant – Hon. McCormack of Supreme, F.C.J, acts of, 'Fraud upon the Michigan Courts of Appeals', and    'Fraud upon the Michigan Supreme Court', that may have arisen from actions Fraud upon the Michigan Appeals Court may have been [triggered actions], due to Defendant Judge Butzbaugh, Fraud upon the Berrien Couty Trial Court.

Plaintiff contends that, Judge Butzbaugh's  Fraud Upon the Berrien County Trial Court' renders his August 18, 2010, linchpin foreclosure Forged Judgement void. And that Plaintiff is injured by all the above Defendants action and or inactions, that arisen from Defendant Judge Butzbaugh, Fraud upon the Berrien Couty Trial Court. Yet, the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson conspired with the other defendants and refused to prosecute Defendant Judge Butzbaugh, 'Fraud upon the Berrien Couty Trial Court' ricochets fraud upon, 'Michigan Courts of Appeals' and Michigan Supreme Court', that the defendants committed or to refer these crimes to the Michigan Attorney for prosecution. In the Case Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020), Mr. Asbenson used his authority as Michigan Assistant Attorney General, to conceal the other Defendants, 'Fraud upon the Michigan Trial, Appeals and Supreme Courts' in furtherance of, 'Fraud upon the Michigan Trial, Appeals and Supreme Courts' that caused Plaintiff's injures.

Finally, because the actions and inactions of the above Officers of Michigan State Courts and Federal Courts that have amount to Fraud upon the Berrien County Trial Court of Michigan, that has caused or ricocheted: Fraud upon the Michigan Court of Appeals; Fraud upon the Michigan Supreme Court and Fraud upon Federal Courts that injured Plaintiff in violation of  his constitutional rights under: The, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a, General Property Tax

Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA"); Article 10, § 2 of MI 1963

Constitution, MCL 600.916 and MCL 450.681, Conspiracy act 328 of 1931 750.157a,

Falsification Mi. Comp. Laws Ann. § 750-248,  Forgery Mi. Comp. Laws Ann. § 750-249 and

the Fed. R. Crim. P. 41 - Search and Seizure.   As such, Defendants' Brief caselaw, that, "The

Sixth Circuit has held that claims against courts are barred by the Eleventh Amendment. Metz v.

Supreme Court of Ohio, 46 Fed. Appx. 228, 236-37 (6th Cir. 2002).", is not available to the

Defendants-(collectively "Judicial Defendants") and moots their Dismissal Motion and warrants

Plaintiff's relief against them.

      **Second,** in addition, that the law is clear, as there are no genuine disputes of material fact

in respect to Defendants-(collectively "Judicial Defendants") Dismissal Motion under Fed. R.

Civ. P. 12(b)(1)(6) and the Eleventh Amendment immunity defense, Plaintiff Summary

Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

     **IV.**    **PLAINTIFF'S RESPONSE TO :**       **Barnaby's third amended**
                  **complaint fails to include allegations stating a viable claim.**

      Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully

set forth herein and further contends that, Defendants' Dismissal Motion pursuant to Fed. R. Civ.

P. 12(b)(6) for an order dismissing it from the action for failure to state a claim upon which relief

can be granted, is moot, must be denied by this court as a matter of law.  Plaintiff concedes that,

in a normal course Court and their Judges have absolute immunity.  However,  Plaintiff's, 'Third

and Fourth Amended Complaints -(ECF Nos. 36, 145), contention is that, Defendant – Hon.

Mayfield C.J;  Defendant – Hon. Gary J. Bruce  F.C.J;  Defendant – Hon. Alfred M. Butzbaugh,

F.C.J;  Defendant Berrien Court Trial Court;  Michigan Supreme Court Justice Elizabeth

Clement; former Michigan Supreme Court Justice Bridget McCormack; former Michigan Court

of Appeals Judges Elizabeth Gleicher; Christopher Murray, and the Michigan Court of Appeals

(collectively "Judicial Defendants") actions and omissions amounts to Fraud upon Courts and

conspiracies to commit the same, cannot be covered up with a Rule 12(b)(6), motion. Plaintiff

contends the usage of Rule 12(b)(6) to coverup Defendants misconducts of "forgeries",

"falsifications of Court's Record", Fraud upon Courts and conspiracies to commit the same, will

be nothing short of also committing, Fraud Upon this Federal District Court. Plaintiff warrants,

at the very least, a Declaratory Judgment against Defendants, (collectively "Judicial

Defendants").

Both Plaintiff's, 'Third and Fourth Amended Complaints -(ECF Nos. 36, 145), are

according to, Fed. R. Civ. P. 8(a)(2). The Complaints -(ECF Nos. 36, 145-ECF No. 145,

PageID.2110-2119), states as follows:

"Defendants concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud plaintiff and hundreds of Berrien County property owners of their properties by conspiring to commit: forgery, falsify records, unauthorized practiced  of law, retaliations, concealment, fraud,  fraud upon courts, discriminations in the advancement of  their gentrification agenda, in violations of Plaintiff's Constitutional Rights."

"5.      The United States Constitution, The First, Fourth, Fifth Takings-Clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983, 940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a (a), Fed. R. Crim. P. 41 and the Constitution of the State of Michigan and its laws,  General Property Tax Act, P.A. 206 of 1893, ("GPTA");  "Conspiracy, act 328 of 1931 750.157a"; UPL (MCL 600.916 and MCL 450.681;  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249) all  recognize the critical importance of protecting citizens civil rights to their, properties, homes, and employments and from discriminations."

"6.      The Complaint consists of eight sets of Defendants that caused Plaintiff's continuous injuries, as follows, 1). The Berrien County Defendants; 2). The Niles Township Defendants;  3). The Holmstrom Defendants; 4). The Benton Harbor—State of Michigan Governors Defendants;  5). The Berrien County Trial Court and Its Judges Defendants;  6). Appellate Court and Its Judges Defendants;  7). Supreme Court's Judges Defendants and 8). The Assistant Attorney General Asbenson.  **While some sets of the Defendants actions triggered other Defendants actions or omissions, Plaintiff is injured by all eight sets of Defendants."**

"7.     The Summary Facts that connect all eight sets of Defendants are as follows: Plaintiff alleges that, (**1**). They or The Berrien County Defendants and its, Treasurer, Mr. Witkowski are the superglue or linchpins that connects all the other Defendants' conspiracies of, forgeries, falsifications of County's record and Court's record, fraud, fraud upon courts, unauthorized practiced of laws, retaliations, coverups, concealments,  and discriminations; and other sets of Defendants [triggered actions], but that all the actions or inactions collectively stole and defrauded Plaintiff of his properties; (**2**) They conspired with the Township Defendants from March 01, 2010 to present, in silence agreement to say nothing about the reduced 2007 Property taxes, that should have been generally made known to Plaintiff and others; (**3**) They conspired with Benton Harbor and State of Michigan Defendants Governors from on or about February 01, 2012 to present, in silence agreement to say nothing, that they demolished Plaintiff's properties in violation of his due process, discriminated against Plaintiff, and not allow him to pay other properties taxes before foreclosure and demolition;  (**4**) They conspired with the Holmstrom Defendants, from on or about December 12, 2014 to present, mailed, emailed  and filed forgery documents in court proceeding to defraud Plaintiff;  (**5**) They conspired with the Berrien County Court and its Judges from on or about March 01, 2010 to present, to aid and abet them in Unauthorized Practice of Law and to falsified the Court's record with a forged Order, and to commits fraud upon the Berrien County Trial Court to defraud Plaintiff;  (**6**) Their conspiracies of falsification and forgery caused the Berrien County Court, The Appellate, Court and the Supreme Court of Michigan from on or about March 01, 2010 to present to rely on UPL, fraud, fraud upon the court, falsification and forged documents to uphold imaginary forged foreclosure Judgment against Plaintiff; (**7**) They  caused the State Bar of Michigan and its Supervisors Defendants Judge Clement and Judge McCormack from on or about March 01, 2010 to present to overlook evidence and refuse to act on formal complaint that Witkowski had engaged in the unauthorized practice of law; and  (**8**) From on or about March 01, 2010 to present, they caused the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson to conspire with the other defendants and refused to prosecute crimes that the defendants committed or to referred the crimes to the Michigan Attorney General, Ms. Nessel. "

Plaintiff's usage of terms "falsification", "forgeries" or "forged,", falsification 750.248, making, altering, forging, or counterfeiting public record and documents—  forged notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and forged quit claim deed(s), to the purchaser(s) are in the legal sense that, they are false or altered documents made to looked genuine.  When Plaintiff or Mr. Barnaby's Complaints uses the terms, "forgeries" or "Forged", Forgery Notices of Judgment of Foreclosures, Forgery Certificates of Foreclosures,  Forgery Quit Claim Deeds to the purchasers and Forgery Order, he means forgeries in the legal sense that, they are false or altered documents made to look genuine. In addition, Plaintiff contends

that, they are rendered invalid because they are forged documents, in keeping with Michigan's laws. § 750-248 and § 750-249. "Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone." Second of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36), and this, 'Fourth Amended Complaint' are that, the Michigan Trial Court, Appellate Court, and Supreme Court relied on these "forged documents", "fraud" and "fraud upon courts", to uphold foreclosures. Third of the many other reasons for Plaintiff's Second and Third Amended Complaints -(ECF Nos. 10, 36, 145), and this, 'Fourth Amended Complaint' are that, all Defendants directly or indirectly made themselves apart of the evil plot and elaborate conspiracy scheme to steal and defraud Plaintiff of his properties either when they created, used, or possessed the forged documents and or by falsifications of Court's and County records, fraud, fraud upon courts, unlawful concealment of the forgeries or retaliated against Plaintiff to stop the forgery from redress or conspiracy of silence an agreement to say nothing about the forgeries that should have been generally made known to the Plaintiff and others.

The clear actions and inactions of the above Officers of Michigan State Courts and Federal Courts that have amount to Fraud upon the Berrien County Trial Court of Michigan, that has caused or ricocheted: Fraud upon the Michigan Court of Appeals; Fraud upon the Michigan Supreme Court and Fraud upon Federal Courts that injured Plaintiff in violations of his constitutional rights under: The, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments, Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000a, General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA); Article 10, § 2 of MI 1963 Constitution, MCL 600.916 and MCL 450.681, Conspiracy act 328 of 1931 750.157a, Falsification Mi. Comp. Laws Ann. § 750-248, Forgery Mi. Comp. Laws Ann. § 750-249 and

the Fed. R. Crim. P. 41 - Search and Seizure.   As such, Plaintiff's 'Third and Fourth Amended Complaints -(ECF Nos. 36, 145), are more than just allegations stating a viable cause of action, giving notice of the nature of the claims, or establishing subject matter jurisdiction, this District Court's record has the undeniable evidence that proved Plaintiff's claims all Defendant including the Judicial Defendants-(collectively "Judicial Defendants") and moots their Dismissal Motion and warrants Plaintiff's relief against them.

**Second,** in addition that the law is clear, as there are no genuine disputes of material fact in respect to Defendants-(collectively "Judicial Defendants") Dismissal Motion under Fed. R. Civ. P. 12(b)(1)(6) and the Eleventh Amendment immunity defense, Plaintiff's Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

## V. CONCLUSION and Relief Requested

For reasons articulated herein: **1).**  Plaintiff request that this Your Honorable Court, Deny Defendants' Motion to Dismiss Complaint.        **2).** To enter a Declaratory Judgment against Michigan Supreme Court Justice Elizabeth Clement, former Michigan Supreme Court Justice Bridget McCormack, that their judicial immunity defense is moot, because of: **(A).** Their failure to supervise the 'State Bar of Michigan' that overlooked his formal Complaint of Treasurer Witkowski's UPL. **(B).** They and the State Bar of Michigan failure to have in place an appeal process for his formal UPL Complaint.  **(C).** And their same actions and inaction that cause Fraud upon Courts that injured Plaintiff.        **3).** To enter a Declaratory Judgment  against them, that, because of their failure to supervise the 'State Bar of Michigan', finding that Treasurer Witkowski's misconducts of impersonation of an attorney to represent the Berrien County Government, in Berrien County Trial Court, aided and abetted by Judge Butzbaugh and create, use, or possess a false or forgery and falsified documents and used them to defraud Plaintiff amounts to UPL, Forgery and fraud upon State Courts and Federal Courts.

**4).** To enter a Declaratory Judgment  against Michigan Court of Appeals Judges Gleicher and Murray, finding that, as Chief Judges they have the duties to purge the Court of the other Defendants' crimes are causing Fraud upon Michigan Court of Appeals, and that there failure injures Plaintiff.    **5).** Considering crime-fraud exceptions and Plaintiff's  monetary damages request, **$75,097,765.50, t**his Court  should **G**rant Plaintiff just compensations against (collectively  the "Judicial Defendants").


Respectfully Submitted,


Dated:  April 8, 2024,                              \S/ Owen W. Barnaby
                                                                 Owen W. Barnaby, In Pro Se.


24

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on the 8th  day of April 2024, a duplicate original of

PLAINTIFF'S BRIEF IN OPPOSITION TO,DEFENDANTS', JUSTICE CLEMENT, JUSTICE MCCORMACK, JUDGE

GLEICHER, JUDGE MURRAY, AND THE MICHIGAN COURT OF APPEALS' BRIEF IN SUPPORT OF MOTION TO

DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND WITH HIS CROSS-BRIEF IN SUPPORT OF HIS

SUMMARY JUDGMENT, was filed with the Clerk using the ECF System, which will provide electric

notice to the parties of record, and I have emailed and mailed by U.S. Postal Service the same to

the non-ECP participants attorney above.


Respectfully Submitted,


Dated:  April 8, 2024,                    \S/ Owen W. Barnaby
                                           Owen W. Barnaby, In Pro Se.

## <u>CERTIFICATE OF COMPLIANCE</u>

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.2(b)(i) because, excluding the part of the document exempted by this rule, this brief contains 26 pages and 7,216 words.

2. This document complies with the typeface requirements of Local Rule 7.2(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.

Respectfully Submitted,

Dated:  April 8, 2024,                        \S/ Owen W. Barnaby
                                              Owen W. Barnaby, In Pro Se.

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                            )

     Plaintiff- Appellant               )

        Vs.                             ) Hon. Robert  J.  Jonker

                                     ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

     Defendants- Appellees          ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582    |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659  | PendrickK@michigan.gov

**CERTIFICATE REGARDING  COMPLIANCE WITH LCivR 7.1(d)**
**For,**
**PLAINTIFF'S BRIEF IN OPPOSITION TO,**

**DEFENDANTS', JUSTICE CLEMENT, JUSTICE MCCORMACK, JUDGE GLEICHER, JUDGE MURRAY, AND THE MICHIGAN COURT OF APPEALS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

**AND WITH HIS CROSS-BRIEF IN SUPPORT OF HIS SUMMARY JUDGMENT**

---

In accordance with W.D  Mich. LCivR 7.1(d), the undersigned hereby states that I seek concurrence for the Cross-Motion for Summary Judgment under Fed. R. Civ. P. 56(a) and concurrence was denied.

Respectfully Submitted,

Dated:  April 8, 2024,                           \S/ Owen W. Barnaby
                                                 Owen W. Barnaby, In Pro Se.