UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

    Plaintiff,

v.

THE CITY OF BENTON HARBOR, et al.,
Defendants.

Case No. 1:22-cv-01146

Hon. Robert J. Jonker
Mag. Sally J. Berens

# DEFENDANT THE CITY OF BENTON HARBOR'S
# RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 56.

4872-6196-9844_1

## INTRODUCTION

Within his response to the City of Benton Harbor's pending motion to dismiss, Plaintiff Owen Barnaby ("Mr. Barnaby") filed an improper "cross-motion" for summary judgment under Fed. R. Civ. P. 56. ECF No. 144. Even setting aside the impropriety of requesting summary judgment in the same filing as a response to a different motion, the Court should deny his request as premature because no discovery has been exchanged in this case.

## STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact . . . ." Fed. R. Civ. P. 56(a). "[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). Accordingly, "the plain language of [Rule 56] mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Id.* (emphasis added).

## ARGUMENT

In this case, summary judgment is improper because no discovery has been exchanged between the parties whatsoever. The U.S. Court of Appeals for the Sixth Circuit has held that "summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). A motion for summary judgment is premature where the parties have not had an opportunity to conduct discovery. *Tribe v. Snipes*, 19 F. App'x 325, 327 (6th Cir. 2001). "A court may rule on a motion for summary

1

judgment *only after* the nonmoving party has had adequate time for discovery."'" *E. Kentucky Cardiothoracic Surgery, P.S.C. v. Ashland Hosp. Corp.*, 119 F. App'x 715, 717 (6th Cir. 2004) (internal quotations omitted, emphasis added) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986)); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."). Summary judgment motions filed before the close of discovery are often denied as premature in the Sixth Circuit. *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011); *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010).

Here, summary judgment is not proper because Benton Harbor has had no opportunity for discovery. This case has not even progressed past the defendants' pending motions to dismiss and Benton Harber asserts that Mr. Barnaby's complaint is subject to dismissal for the reasons stated in its pending motion to dismiss, ECF No. 121. Regardless, if the Court were to deny Benton Harbor's motion to dismiss, ECF No. 121, Benton Harbor would then be permitted to file an answer and affirmative defenses to Mr. Barnaby's complaint under Fed. R. Civ. P. 12(a)(4)(A). Further, the Court still needs to make a determination on Mr. Barnaby's pending motion for leave to amend his Third Amended Complaint, ECF No. 145, so that the defendants can know to which complaint they must respond. Then, Benton Harbor would require discovery to discern and disprove Mr. Barnaby's many theories of liability—chiefly, to understand Mr. Barnaby's vague and unsupported allegations of conspiracy between Benton Harbor and the other defendants and to gather evidence to counter such allegations. As Magistrate Judge Berens has already recognized: "The glue holding this action together against numerous Defendants is Plaintiff's allegation of a wide-ranging conspiracy[,]" but "the conspiracy allegations [in Plaintiff's Second and Third

2

4872-6196-9844_1

Amended Complaints] were nothing more than a legal conclusion without supporting facts." ECF No. 140, PageID.1817. Meaning, if the Court denies Benton Harbor's motion, then Benton Harbor must engage in discovery to discern what the "supporting facts" of the conspiracy are. Further, Benton Harbor would also require discovery to rebut Mr. Barnaby's alleged damages which have grown from about $18 million to $75 million during the pendency of this lawsuit. *Cf.* ECF No. 32-1, PageID.163 (Request for Default affidavit demanding $18 million in damages), *with* ECF No. 145, PageID.2287 (Proposed Fourth Amended Complaint affidavit demanding $75 million in damages).

Accordingly, Mr. Barnaby's motion should be denied as premature because discovery is necessary but has not yet occurred.

## CONCLUSION

For the foregoing reasons, Defendant the City of Benton Harbor respectfully requests that this Court deny Mr. Barnaby's motion for summary judgment (ECF No. 144).

Respectfully submitted,

BODMAN PLC

By: /s/ *Thomas J. Rheaume, Jr.*
Thomas J. Rheaume, Jr. (P74422)
6th Floor at Ford Field
1901 Saint Antoine Street
Detroit, Michigan 48226
313-259-7777
trheaume@bodmanlaw.com

Dated: April 8, 2024

## CERTIFICATE OF RULE COMPLIANCE

This brief complies with the word limit of L. Civ. R. 7.2(b)(i) because it contains 796 words, excluding the parts exempted by L. Civ. R. 7.2(b)(i). The word count was generated using Microsoft Word 2016.

3

4872-6196-9844_1

/s/ Thomas J. Rheaume, Jr.
Thomas J. Rheaume, Jr. (P74422)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
*Attorneys for Defendant City of Benton Harbor*
