# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                      )

    Plaintiff- Appellant                          )


       Vs.                                        ) Hon. Robert  J.  Jonker

                                                 ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees                         ) Case No. 1:22 -CV- 1146

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582     |      EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

1

**PLAINTIFF'S MOTION IN OPPOSITION TO,**

**THE TOWNSHIP DEFENDANTS' MOTION TO DISMISS**

**<u>AND WITH HIS CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Come now Plaintiff, In Pro Se, Owen W. Barnaby, with his request that, this Your Honorable Court, **Deny,** Defendant - Board of Trustee of Niles Charter Township; and Defendant - Niles Charter Township(Township Defendants) Motion Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) and Rule 12(c).

Secondly that Defendants are properly Defaulted, see Default (ECF Nos 32, 75, 95, 124) and Default Judgment (ECF Nos 31, 77, 81, 100), per controlling laws: Fed. R. Civ. P. 55 (a)(b)(1)or(2); Fed. R. Civ. P. 1; and Fed. R. Civ. P. 12 (a)(2) (b)(1)(A).

Third, as there are no genuine disputes of material fact, Plaintiff's Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

As required by W.D. Local Civ. R. 7.1(d), Plaintiff on April 8, 2024, attempted to obtain concurrence from the Township Defendants, through their counsel, regarding his Cross-Motion for Summary Judgment, by email, and it was denied on April 09, 2024.

Lastly, Plaintiff has set forth more fully in the accompanying brief.


Respectfully Submitted,


Dated:  April 10, 2024,                    \S/ Owen W. Barnaby

                                          Owen W. Barnaby, In Pro Se

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                              )
     Plaintiff- Appellant                                  )

         Vs.                                        ) Hon. Robert  J.  Jonker
                                               ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL
     Defendants- Appellees                                 ) Case No. 1:22 -CV- 1146

## PLAINTIFF'S BRIEF IN OPPOSITION TO,

## DEFENDANTS NILES CHARTER TOWNSHIP'S AND NILES CHARTER TOWNSHIP BOARD OF TRUSTEES' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

##  AND WITH HIS CROSS-BRIEF IN SUPPORT OF HIS SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

Table of Contents ............................................................................................. iii

Index of Authorities ....................................................................................... iii-v

Statement Regarding Oral Argument …………………………… …………………….....……… v

Complaint Counts…………………………………………………… ………………….... vi-iix

Exhibits Filed in the Record of this District Court …………………………………….……... ix

Concise Statement of Issues Presented ........................................................................ x

Controlling or Most Appropriate Authority ................................................................ x

I.    Introduction …………………………………………………….……… 1
II.   Statement of Facts........................................................................... 1-5
III.  Standard of Review ......................................................................... 6-7
IV.    SUMMARY ARGUMENT ……………………………………………… 8
V.    Argument ......................................................................................... 9-26

   A.  RESPONSE TO:    This Court lacks subject-matter jurisdiction regarding Mr.
    Barnaby's claim that the Township overvalued his property, and this Court should
    dismiss the Third Amended Complaint pursuant to Fed R Civ P 12(b)(1)…… 9-13.

Controlling, Plaintiff's Motion for Summary Judgment, Under Fed R Civ P 56 (a)………13

   B.  RESPONSE TO:    There is no material issue of fact that exists and the Township
    Defendants ………………………………………………………………………13-26.

      1.  RESPONSE TO:  Mr. Barnaby's claims for damages based on the 2010
        foreclosure proceedings are time barred……………………………....……14-17
      2.  RESPONSE TO:  Niles Township and its officers are entitled to tort immunity
        under the Government Tort Liability Act……………………………………17-19
      3.  RESPONSE TO:  Mr. Barnaby's Constitutional Claims fail to provide a showing
        of liability against the Township Defendants…………………..………………19-24
      4.  RESPONSE TO:  Mr. Barnaby's remaining claims do not provide for a private
        cause of action…………………………………………………..…………………24-26

Controlling, Plaintiff's Motion for Summary Judgment, Under Fed R Civ P 56 (a)…….... 26

V. CONCLUSION ........................................................................................ 27

    Certificate of Service .......................................................................... 28
    Certificate of compliance……………………………………….….................................. 29-31

# INDEX OF AUTHORITIES

**Cases**                                                                                         **Page**

Arizona v. California, 530 U.S. 392, 412 (2000)…………………………………..…………………

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020).……..………………...……1-23

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017) …..............................1-23

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) ................................1-23

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit …………………….…………1-23

Barnaby v. Witkowski, 1:14-cv-1279  …………………………………...……………1-23

Dixon v. Clem, 492 F.3d 665, 674 (6th Cir. 2007))……………………………………12

Erickson v. Pardus, 551 U.S. 89, 94 (2007)………………….................……….....……1-23

Forrester v. White, 484 U.S. 219, 227-29 (1988))…………………………………………12

King v. Love, 766 F.2d 962, 965 (6th Cir. 1985) ……………………………………12

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)…………………..……………...

Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019) …………1-23
Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). (ECF No. 151, PageID.2377). ………..…12

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) ……………………………1-23

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)………………………….1-23

Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023) ……...…1-23

Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020; Fraud upon courts……….1-23


**Statutes**

42 U.S.C. § 1983..................................................................................................1-26

Mich. Comp. Laws § 691.1401..........................................................................1-26

Mich. Comp. Laws § 691.1401(b) .....................................................................1-26

Mich. Comp. Laws § 691.1407(1) .....................................................................1-26

Mich. Comp. Laws § 691.1407(2) ..................................................................... 1-26

Mich. Comp. Laws § 691.1407(5) ..................................................................... 1-26

Forgery Mi. Comp. Laws Ann. § 750-248…………………………………........…..1-26

Forgery Mi. Comp. Laws Ann.  § 750-249 ……………………………….…………… 1-26

MCL 211.27(a)…………………………………….…………………….......………………….

Mich. Comp. Section 141.1549 and Act 436 of 2012 …………………………..……………1-24

**Rule**

LCivR 7.1(d) …………………………………………………...……….………….....…….

Fed. R. Civ. P. 1………………………………………………….……………….............

Rules MCR 2.105: (A)(1)(2). ………………………………………….…

(G)(1); (I)(1); (K)(3) …………………………………………………….…

Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B). ………………………………………….

Federal Rules Fed. R. Civ. P. 4: (e(1)(2)(B)(C) ………………………………...……….

Federal Rules Fed. R. Civ. P. 4: (j)(2)(A)(B) …………………………...……....……….

Fed. R. Civ. P. 4(h)(1) (A)(B), or (2) ………………………………………………….

Fed. R. Civ. P. 4(e(1)(2)(B)(C) ………………………………….………………………….

Fed. R. Civ. P. 4(j)(2)(A)(B). ………………………………………………………..

MCR 2.105 ………………………………………………...……………………………….

Mich. Ct. R. 2.105 (A) (1) (2),  ………………………………………………………….

Mich. Ct. R. 2.105 (G) (1) ……………………………….…………………………….

Mich. Ct. R. 2.105 (I) (1) ………………………………………………………………….

Mich. Ct. R. 2.105 (k) (3) ………………………………………………………….

Tax Injunction Act, 28 U.S.C. §1341……………………………………..……… 9-26

Michigan Court Rule 2.105(A) (2) ……………………………………………………….…

District Court's Local Rules Service Handbook …………………………………………….

Fed. R. Civ. P. 12 ...................................................................................................

Fed. R. Civ. P. 8(a)(2)…………………………………………………………………… 20

Fed. R. Civ. Proc. 12(b)(6) ………………………………………………….…….. 9-26

Fed. R. Civ. Proc. 12(b)(1) ………………………………………………….........…9-13

Fed. R. Civ. Proc. 12(c) …………………………………………………................. 13-26

Fed. R. Civ. P. 15(a)(1), …………………………………………………….…………

Fed. R. Civ. P. 15(a)(2) ………………………………………………...……………

Fed. R. Civ. P. 12(a)(1)(A)(i) ………………………………………………………….

Fed. R. Civ. P. 55:(a), (b)(1)(2) ……………………………………………………….…

Fed. R. Civ. P. 56:(a), ……………… ………………………………………………11-26

**Doctrines**

The doctrine of the law of the case ……………………………...…………………………………

The law of the case doctrine …………………………………….…………………………………...

Rooker-Feldman Doctrine ……………………………...……………….………………………….

Res judicata Doctrines ……………………………...…………………………………………...

**Laws**

42 USCS 1983.......................................................................................................................1-26

42 U.S.C. §2000…………………………………………...……………13-26

18 U.S.C. Section 1341……………………………………..…………………………11-26

28: USC § 1331 …………………………………………………………………………...

28: USC § 1332 …………………………………………………………………………...

28 U.S.C. § 1291……………………………………………...………………... ………………..

First Amendment …………………………………………………………………...……1-26

Fourth Amendment ………………………………………………………….......................1-26

Fifth Amendment …………………………………………………….…………...………1-26

Eleventh Amendment …………………………………………………………..….…1-26

Fourteenth Amendment ……………………………………………………...…...1-26

Qualified immunity ………………………………………………………………… 1-26

Full Faith and Credit Act …………………………………………….….……….

## Statement Regarding  Oral Argument

Plaintiff does not believe that Oral Argument is necessary to Deny Defendant's futile moot motion to dismiss Plaintiff's Complaint and to grant Plaintiff Summary Judgment.  As there are no genuine disputes of material fact, Plaintiff's  Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

The Complaint consists of eight sets of Defendants that caused Plaintiff's continuous injuries, as follows, 1). The Berrien County Defendants; 2). The Niles Township Defendants; 3). The Holmstrom Defendants; 4). The Benton Harbor—State of Michigan Governors Defendants; 5). The Berrien County Trial Court and Its Judges Defendants; 6). Appellate Court and Its Judges Defendants; 7). Supreme Court's Judges Defendants and  8). The Assistant Attorney General Asbenson.  While some sets of the Defendants actions triggered other Defendants actions or omissions, Plaintiff is injured by all eight sets of Defendants.

| Barnaby's Fourth Amended Complaint | The Eight Sets of Defendants and 36 Counts Against Them, below: | |
|---|---|---|
| COUNT 1:<br>FORGERY | Set: #1, | Page 92 |
| COUNT 2:<br>CONSPIRACY TO COMMIT FORGERY AND FALSIFICATION OF RECORDS | Sets: #1, #2, #3, #4, #8, | Page 93 |
| COUNT 3:<br>FALSIFICATION OF COUNTY RECORD TO CONCEAL FORGERIES AND FORGERY JUDGMENT). | Set: #1, | Page 96 |
| COUNT 4:<br>CONSPIRACY TO COMMIT FALSIFICATION OF COUNTY RECORD TO CONCEAL JUDGMENT WAS PROCURED WITH FORGERY DOCUMENTS, UPL AND BY FRAUD AND FRAUD UPON THE COURT | Sets: #1, #2, #3, #4, #8, | Page 98 |
| COUNT 5:<br>FORGERY | Sets: #1, #3, #5, | Page 103 |
| COUNT 6:<br>CONSPIRACY TO COMMIT FORGERY | Sets: #1, #3, #5, | Page 102 |
| COUNT 7:<br>FALSIFICATION OF COURT'S RECORD TO CONCEAL FORGERY) | Sets: #1, #3, #5, | Page 105 |
| COUNT 8:<br>CONSPIRACY TO COMMIT FALSIFICATION OF COURT'S RECORD TO CONCEAL FORGERY JUGDGMENT | Sets: #1, #3, #5, | Page 106 |

| COUNT 9:<br>UNAUTHORIZED PRACTICE OF LAW | Set: #1, | Page 109 |
|---|---|---|
| COUNT 10:<br>CONSPIRACY TO AID AND TO ABET<br>UNAUTHORIZED PRACTICE OF LAW) | Sets: #1, #2, #3, #4, #5, -, #7, #8, | Page 110 |
| COUNT 11:<br>FRAUD | Sets: #1, #2, #3, #4, #8, | Page 112 |
| COUNT 12:<br>CONSPIRACY TO COMMIT FRAUD | Sets: #1, #2, #3, #4, #8, | Page 115 |
| COUNT 13:<br>FRAUD UPON THE BERRIEN COUNTY TRIAL<br>COURT), | Set: #5, | Page 118 |
| COUNT 14:<br>CONSPIRACY TO COMMIT FRAUD UPON<br>COURTS | Sets: #1, #3, #5, #6, #7, #8, | Page 120 |
| COUNT 15:<br>RETALIATIONS | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 123 |
| COUNT 16:<br>CONSPIRACY TO RETALIATE AGAINST PLAINTIFF), | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 127 |
| COUNT 17.<br>VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER<br>THE FIFTH AMENDMENT TAKINGS-CLAUSE | Sets: #1, #2, #3, #4, #8, | Page 130 |
| COUNT 18:<br>CONSPIRACY TO VIOLATIONS OF PLAINTIFF'S<br>RIGHTS UNDER THE FIFTH AMENDMENT TAKINGS-<br>CLAUSE | Sets: #1, #2, #3, #4, #8, | Page 134 |
| COUNT 19:<br>VIOLATION OF PLAINTIFF'S DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 137 |
| COUNT 20:<br>DEMOLITION OF HIS PROPERTIES IN<br>VIOLTION OF DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 140 |
| COUNT 21:<br>VIOLTION OF PLAINTIFF'S EMPLOYMENT<br>WITHOUT DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 142 |
| COUNT 22:<br>EQUAL PROTECTION OF THE LAW | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 143 |
| COUNT 23:<br>THEFT and CONVERSION OF PERSONAL PROPERTY | Sets: #1, #2, #3, #8, | Page 146 |
| COUNT 24:<br>CONSPIRACY TO COMMIT THIEVERY and<br>Conversion of personal properties | Sets: #1, #2, #3, #4, #5, #8, | Page 149 |
| COUNT 25:<br>GROSS NEGLIGENCE),FORGERY | Sets: #1, #2, #4, #8, | Page 152 |
| COUNT 26:<br>THE RIGHT TO A JURY TRIAL | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 154 |

| | | |
|---|---|---|
| COUNT 27:<br>THE RIGHTS TO GOVERNMENT SERVICES and RIGHTS TO USE PUBLIC FACILITIES | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 155 |
| COUNT 28:<br>DISCRIMINATIONS AND CONSPIRACY TO DISCRIMINATED AGAINST PLAINTIFF | Sets: #1, #2, #3, #4, #5, #8, | Page 157 |
| COUNT 29:<br>FREEDOM OF MOVEMENTS and FREEDOM FROM TORTURE | Sets: #1, #2, #3, #4, #5, #8, | Page 159 |
| COUNT 30:<br>DAMAGE TO PERSONAL PROPERTY | Sets: #1, #2, #3, #4, #5, #8, | Page 161 |
| COUNT 31:<br>INTENTIONAL INFLICTION OF EMOTIOMNAL DISTRESS and EMOTIONAL HARM | Sets: #1, #2, #3, #4, #5, #8, | Page 164 |
| COUNT 32:<br>UNLAWFUL DETENTIONS OF PROPERTIES | Sets: #1, #2, #3, #4, #5, #8, | Page 167 |
| COUNT 33:<br>SAFETY FROM HARASSMENT and THE RIGHT TO GAINFUL EMPLOYMENT | Sets: #1, #2, #3, #4, #5, #8, | Page 170 |
| COUNT 34:<br>RIGHTS GIVEN PLAINTIFF BY THE STATE OF MICHIGAN | Sets: #1, #2, #3, #4, #5, #8, | Page 172 |
| COUNT 35:<br>Whistleblowing | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 174 |
| COUNT 36:<br>THE RIGHT TO HOUSING | Sets: #1, #2, #3, #4, #5, #8, | Page 177 |
| | Please see (ECF No.145, PagesID.2109- 2287) | |

## EXHIBITS of Record

| | | |
|---|---|---|
| EXHIBIT A | **Forgery** Documents | ID.560-563 |
| EXHIBIT B | Barnaby's Affidavit | ID. 564-569 |
| EXHIBIT C | Knowledge/Not Protect Against Illusory Truth | ID.770-779 |
| EXHIBIT D | Dr Bulgin Expert Report | ID. 580-588 |
| EXHIBIT E | Dr. Payne Expert Report | ID.589-607 |
| EXHIBIT F | Paid in Full Niles Properties 2007 Tax Receipt | ID.608-609 |
| EXHIBIT G | Appraisal Report at $12,000.00 | ID.610-635 |
| EXHIBIT H-1 | Opinion #1 of Sixth Circuit Court | ID.636-640 |
| EXHIBIT H-2 | Opinion #2 of Sixth Circuit Court | ID.741-643 |
| EXHIBIT H-3 | Judgment of Sixth Circuit Court | ID.644-645 |
| EXHIBIT I-1 | Witskowski's **Perjury Deposition.** | ID.646- 686 |
| EXHIBIT I-2 | Witskowski's Deposition. | ID.687-694 |
| EXHIBIT I-3 | Witskowski's Deposition. | ID.695-708 |
| EXHIBIT I-4 | **UPL & Foreclosure Judgment-August 18, 2010,** | ID.709-714 |
| EXHIBIT J | State Michigan Bar Letter | ID.715-716 |
| EXHIBIT K | Judgement & **Forgery** Order | ID.717-723 |
| EXHIBIT L-1 | Attorney Holmstrom's **Forgery** Brief | ID.724-726 |
| EXHIBIT L-2 | Attorney Holmstrom's **Forgery** Brief | ID.727-729 |
| EXHIBIT L-3 | Attorney Holmstrom's **Forgery** Brief | ID.730-734 |
| EXHIBIT O | Witskowski's **Willful False Affidavit/Perjury** | ID.756-758 |
| EXHIBIT W-1 | Sixth Circuit Order (ECF Nos. 72) | ID.000-000 |
| EXHIBIT W-2 | Sixth Circuit Judgment. (ECF Nos. 73) | ID.000-000 |
| EXHIBIT W-3 | Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95) | ID.000-000 |
| EXHIBIT W-4 | Magistrate's Order (ECF Nos. 91) | ID.000-000 |
| EXHIBIT W-5 | Plaintiff's Default /Brief (ECF No. …) | ID.000-000 |
| EXHIBIT W-6 | Barnaby's Affidavit | ID.1187- 1188 |
| EXHIBIT W-7 | Notice from Clerk (ECF Nos. 84) | ID.000-000 |
| EXHIBIT W-8 | Proof Service of Sommons Receipts | ID.1190-1200 |
| EXHIBIT W-9 | Attorney Hackworth Job Description | ID. 1201 |
| EXHIBIT W-10 | Request or Motion for Default Judgment | ID.1205 |
| EXHIBIT W-11 | Attorney Holmstrom's Personal Letter to Judge | ID.000-000 |
| EXHIBIT W-12 | Electric receipt that further Proofs Proper Service | ID. 1379-1380 |
| EXHIBIT W-13 | Proof of Holmstrom Defendants Service rejection | ID.1381-1383 |
| EXHIBIT W-14 | District Court's Service Handbook | ID.1384-1386 |
| EXHIBIT W-15 | Mr. Hackworth, Authorized by Appointment or by Law | ID. 1387-1388 |
| EXHIBIT W-16 | ………………………………………. | ID. 1398-1400 |
| EXHIBIT W-17 | Rejected Stipulation ………………………. | ID.1657-1661 |
| EXHIBIT W-18 | ………………………………………. | ID.1694-1697 |
| EXHIBIT W-19 | Proof of Served Summonses on Holmstrom Defendants | ID. 2724- 2726 |
| EXHIBIT W-20 | Default-Judgments (ECF Nos. 28,31,32,75,77,81,88,95,124) | ID. 1748- 1814 |
| EXHIBIT W-21 | Defendants' Berrien County, Benton Harbor conspiracies | ID. 2077- 2085 |
| EXHIBIT W-22 | Conspiracy not to prosecute the other Defendants | ID.000-000 |
| EXHIBIT W-23 | STATE SIXTH CIRCUIT APPELLATE BRIEF | ID.1945- 1967 |
| EXHIBIT W-24 | Plaintiff and County Defendants correspondence/Sanction | ID.2671-2672 |
| EXHIBIT W-25 | Updated Affidavit for Damages | ID.0000.0000 |

ix

**CONCISE STATEMENT OF ISSUES PRESENTED**

1). Plaintiff's Complaint as to the Township Defendants is not about contesting local tax assessments, as provided by the Tax Injunction Act, 28 U.S.C. §1341 and/or principles of comity, but rather is about their conspired in silence agreement with the Berrien County Defendants to say nothing about their reducing of 2007 Property taxes, that should have been generally made known to Plaintiff, to defraud him of the property.

2). As there are no genuine disputes of material fact, Plaintiff's Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**
*Authority*:

Plaintiff's Opposition and Cross-Motion for Summary Judgment: Fed. R. Civ. P. 56(a); Fed. R. Civ. P. 56(a)(b)(1)(2); "General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA; Forgeries "(Mi. Comp. Laws Ann. § 750-248 § 750-249.)"; "Conspiracy, act 328 of 1931 750.157a", Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681)"; First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments; Civil Rights Acts of 42 U.SA. §1983; 42 U.S.C. §2000; Fed. R. Crim. P. 41, Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006); Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023); Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020; Fraud upon courts.

## I.  INTRODUCTION

Plaintiff's Complaint as to the Niles Township Defendants is not about contesting local tax assessments, as provided by the Tax Injunction Act, 28 U.S.C. §1341 and/or principles of comity, but rather it is about their conspiracy in silence agreement with the Berrien County Defendants to say nothing about them reducing of 2007 Property taxes, that should have been generally made known to Plaintiff, but conspired in silence agreement with the Berrien County Defendants to defraud him of the same property and caused him to also lose his other properties and caused other injuries. This significant material evidence is just now ripe to be litigated, see Witkowski's deposition.

> 20 Q But is it your statement that the Niles property was
> 21 worthless, is that correct?
> **22 A I think it's worthless.**
> **2 A I know the township changed it because they were**
> **3 wrong.**
> 4 Q Okay. That's their view. My –
> **5 A That's the truth.**                                   At pages101-2
> 5. MR. HOLMSTROM: I think that's in a brief
> 6 somewhere. To the extent it is, that's what it is.       At page 103


## II.  STATEMENT OF FACTS

Plaintiff's, 'Second, Third and Fourth Amended Complaint-(ECF Nos. 10, 36, 145), use of terms "forgeries" or "forged," documents— forged notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and the forged quit claim deed(s), to the purchaser(s), Plaintiff use forgeries in the legal sense that, they were false or altered documents made to look genuine, in fact and in truth are invalid, because they are forgery documents.  Second of the many other reasons for Plaintiff's Complaints -(ECF Nos. 10, 36, 145) are that, the Michigan Trial Court, Appellate Court, and Supreme Court relied on these forged documents to uphold

foreclosure, or parcel# 11-14-0112-0011-17-4/ 2116 S. 15th St.  Third of the many other reasons Complaints -(ECF Nos. 10, 36, 145) and this, 'Fourth Amended Complaint' are that, all Defendants directly or indirectly made themselves apart of the conspiracy to steal and defraud Plaintiff of his properties either when they create or possess the forged documents and or by coverup the forgeries or retaliated against Plaintiff to stop the forgery redress or, conspiracy of silence an agreement to say nothing about the forgeries that should be generally known.

The Complaint, Defendant – Bret Witkowski Treasurer, testified in deposition of his and the Niles Township Defendants conspiracy of silence agreement to say nothing about an issue that should be generally known, that they have reduced parcel 2007 taxes because it was over appraised or overvalued.  But the Berrien County Defendants and the Niles Township Defendants concocted, disguised, designed evil plot and an elaborate scheme to steal and defraud Plaintiff of his properties.   First, they stole and defrauded Plaintiff of his properties by conspiracy of silence agreement in violation of the State of Michigan foreclosure law, "General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")". Judgment was not entered on or before March 01, 2010, but August 18, 2010, and was invalid against Plaintiff.  Second, as their conspiracy of silence agreement contributed to stealing and defrauding of Plaintiff's properties by willful and wanton misconducts of continuous Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)".  Third, as their conspiracy of silence agreement contributed to the Defendants stealing and defrauding Plaintiff's properties by Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681)".  Fourth, their conspiracy of silence agreement contributed to the suppression of the fact that, Plaintiff's taxes were paid in full for the tax years in dispute.  Fifth, as their conspiracy of silence agreement contributed to the Defendants' willful and wanton Misconducts of continuous

"Forgeries"  on May 26, 2010, they create, use and possess, 'Notice of Judgment of Foreclosure', used it to lie that, Judge Butzbaugh's [Linchpin] Foreclosure Judgment entered on August 18, 2010, was entered on March 01, 2010 and on August 16, 2010, create, and continues to use and possess "Forged"  'Quit Claim Deed' and used it to "transfer title" of Barnaby's Real-Property to Mr. Thomas Bread, without Plaintiff's consent and without Court Order, and also filed the "Forged" documents in Defendant Berrien County's Register of Deeds, plaintiff's injury would not have occurred if not for Defendants'  Forgeries and conspiracy of silence agreement. Sixth, as their conspiracy of silence agreement contributed to the continuous forgeries on, October of, 2017 and July 20, 2022, sending, Forged documents via USPS Postal Service and emailing 'Quit Claim Deed', 'Notice of Judgment of Foreclosure', and 'Certificate of Forfeiture of Real Property', Defendants sent the documents to Plaintiff in the state of Georgia by both electronic email and by USPS Snail mail, acts of mail and Wire Fraud. Moreover, there forgeries presently, filed in Defendant's Registrar of Records and Deeds (§ 750-249.), 940. 18 U.S.C.1341. Forgery is a punishable crime for up to 14 years imprisonment, according to the State of Michigan and Federal Laws.

On September 25, 2017, Coconspirator, Defendant Treasurer Witkowski during a Deposition Hearing testified that, he knew all along that the Parcel at the center of Controversy in 2007 was overvalued at $36,550.00 and overtaxed at $506.05; furthermore, that Niles Charter Township Tax Accessors Office had corrected the over taxation by reduction of overvalued and overtaxed property value.  Defendants' conspiracy of silence agreement to say nothing that they had reduced parcel 2007 taxes because it was over appraised or overvalued is factually clear. This significant material evidence is, just now ripe to be litigated, see Witkowski's deposition.

20 Q But is it your statement that the Niles property was

21 worthless, is that correct?
**22 A I think it's worthless.**
**2 A I know the township changed it because they were**
**3 wrong.**
4 Q Okay. That's their view. My –
**5 A That's the truth.**                        At pages101-2
5. MR. HOLMSTROM: I think that's in a brief
6 somewhere. To the extent it is, that's what it is.        At page 103

Again, on September 25, 2017,  Niles Township Defendants, by and through its

Coconspirator, Defendant Treasurer Witkowski's Deposition Hearing in the presence of both

Defendant's Attorneys, Attorney Mcgovern and Attorney Holmstrom it was stated under Oath

that, the property at the center of the controversy was overvalued at $36,550.00 and overtaxed at

$506.05 in the 2007 tax year, then it was sold for $4,500.00; and that,  the Niles Charter

Township Tax Accessors Office had corrected it by reducing the property value and changed the

2007 overtaxed amount to reflect the correct amount of tax for year 2007; and  Attorney

Holmstrom confirmed the same and have a written copy of the same deposition that, the property

was worth less than $36,550.00 and required less than $506.05" to redeem, and that Barnaby

Paid "$305.73", "paid the whole amount" and fully redeemed the property at $12,000.00, less

than a third of the overvalued amount $36,550.00 and the overtaxed amount $506.05.

Defendants' own Appraisal Report which confirmed the same is already filed in the records of

the District Court. see (ECF Nos. 57-7, 610-635).

The Complaint further states that, as it takes $506.05" to fully redeem $36,550.00; it

takes less than $168.68 to fully redeem $12,000.00; and demonstrates that, Plaintiff paid

"$305.73", was more than what was required to fully redeem parcel for the 2007 tax year. And

further demonstrates given that, after the 2007/2008 recession the Defendants' Expert Witness

Report appraised it in 2017 at $12,000.00.  This  proves that, the property value in 2007 tax year

was between $4,500.00 and $12,000.00.  Defendants Niles Township, Coconspirators, Board of

Trustee of Niles Charter Township, Defendant Treasurer Witkowski and Defendant Berrien County Government, had the duty and or their duty afford them the opportunity to resolve the unlawful actions and or to remedy in whole by paying Plaintiff the value of the property, times three for theft at $12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00 and used portions of it to remedy any outstanding taxes on Defendant - City of Benton Harbor properties and return the balance to Plaintiff. But they failed, and because of their refusal to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint. And to make known, their conspiracy of silence agreement that they have reduced Plaintiff's parcel 2007 taxes because it was over appraised or overvalued.

### III. LEGAL STANDARD.

**1.**         **Fed. R. Civ. P. 55 - Default Judgment; Fed. R. Civ. P. 12(a)(1)(A)(i).**

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

> Fed. R. Civ. P. 12 (a)(1)(A), MIWD, "YOU ARE HEREBY SUMMONED and required to serve upon plaintiff, an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21, days after service of this summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the Court." (AO 440 (Rev. 01/09) Summons in a Civil Action - MIWD)

**2.  Dismissal for Lack of Jurisdiction over the Subject Matter**

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case."

"Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Such a motion may be decided by the court on one of three bases: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. Ynclan v. Dep't of the Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. Ramming, 281 F.3d at 161. The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id. (citation omitted)."

### 3. The Doctrine of the law of the case, The Law of the case doctrine and Res Judicata

(The doctrine of the law of the case) and or (The law of the case doctrine) and Res Judicata and or Collateral Estoppel **The law of the case,** like issue preclusion, or collateral estoppel, prevents the re-litigation of an issue once there has been a judgment on the merits. Later disputes concerning that issue are considered foreclosed in any subsequent suit.

**The doctrine of the law of the case** is similar in that it limits re-litigation of an issue once it has been decided, but **the law of the case doctrine** is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages.

"18 Moore's Federal Practice, § 134.20 (Matthew Bender 3d ed.). "The gist of the [law of the case] doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." Int'l Union of Operating Eng'rs, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 256 (7th Cir. 1994) (quoting Key v. Sullivan, 925 F.2d 1056, 1060 (7th Cir.1991)); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). "The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United States v. Graham, 327 F.3d 460, 464 (6th Cir. 2003)." Barnaby therefore has forfeited appellate review of those rulings. See Agema v. City of Allegan, 826 F.3d 326, 331 (6th Cir. 2016); Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)…."

The Sixth Circuit Appellate Court in Its Order and Judgment finds as it relates to Res judicata, "**Res judicata** bars not only claims that were litigated in a prior action, but also claims that, "should have been litigated in the prior action." Bragg, 570 F.3d at 776 (quoting Bittinger, 123 F.3d at 880)."

### 4.  **Summary judgment** Fed. R. Civ. P. 56(a).

The law is clear, "Summary judgment is proper if there are no genuine disputes of material

fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In

determining whether Defendants met its burden for summary judgment, the court views the

evidence in the light most favorable to plaintiff and draws all reasonable inferences in his favor.

See *Anderson v Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). Fed. R. Civ. P. 56(a) can be met

either by submitting affirmative evidence negating an essential element of the nonmovant's

claim, or by demonstrating the nonmovant's evidence itself is insufficient to establish an

essential element of the claim. *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986)."

The burden then shifts to the non-moving party to make a showing sufficient to establish the

existence of an essential element to his claims. *Id.* To satisfy this burden, the nonmovant cannot

rest on the pleadings, but must show by affidavit or other documentary evidence, specific facts

showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c). A mere scintilla of evidence is

insufficient- "there must be evidence on which the jury could reasonably find for the

[nonmovant]." Anderson v Liberty Lobby, Inc. 477 U.S. 242, 252 (1986).

<u>Forgery is illegal in Michigan,</u> and occurs when a defendant creates, uses, or possesses a

false document with the intent to use it to defraud someone. (Mi. Comp. Laws Ann. § 750-248

§ 750-249.)

MICHIGAN PENAL CODE Act 328 of 1931 750.157a Conspiracy to commit offense or
legal act in illegal manner; penalty. Sec. 157a. Any person who conspires together with 1 or
more persons to commit an offense prohibited by law, or to commit a legal act in an illegal
manner is guilty of the crime of conspiracy punishable as provided herein: (a) Except as
provided in paragraphs (b), (c) and (d) if commission of the offense prohibited by law is
punishable by imprisonment for 1 year or more, the person convicted under this section shall
be punished by a penalty equal to that which could be imposed if he had been convicted of
committing the crime he conspired to commit and in the discretion of the court an additional
penalty of a fine of $10,000.00 may be imposed

## IV  SUMMARY ARGUMENT

The crux of Plaintiff's Complaint against the Township Defendants is, they conspired among themselves and  with Berrien County Defendants and its, Treasurer, Mr. Witkowski, from March 01, 2010, to present, in silence agreement to say nothing that they had reduced Barnaby's 2007 Property taxes, to defraud Plaintiff because they had overvalued it at $36,550.00 and overtaxed at $506.05, and later appraised it at $12,000.00. ECF No 36, PageID 185. In addition, Defendants stole and sold Plaintiff's property for $4,500.00, demonstrating its true value was between $4,500.00 and $12,000. The Complaint further states that, as it takes $506.05" to fully redeem $36,550.00; it takes less than $168.68 to fully redeem $12,000.00; and demonstrates that, Plaintiff paid "$305.73", was more than what was required to fully redeem parcel for the 2007 tax year, pursuant to General Property Tax Act, P.A. 206 of 1893, (MCL 211.1 et seq.) ("GPTA"), moots Defendants' dismissal motion pursuant to Tax Injunction Act, 28 U.S.C. §1341 and/or principles of comity, Fed R Civ P 12(b)(1) and Fed R Civ P 12(c).

Moreover, demonstrates that, there are no genuine disputes of material fact, and that Plaintiff's  Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

## V ARGUMENT

**A. RESPONSE TO: This Court lacks subject-matter jurisdiction regarding Mr. Barnaby's claim that the Township overvalued his property, and this Court should dismiss the Third Amended Complaint pursuant to Fed R Civ P 12(b)(1).**

Plaintiff contends that, it is clear the Niles Township Defendants argument that this

Honorable Court lacks subject-matter jurisdiction regarding Mr. Barnaby's claim, pursuant to

Fed R Civ P 12(b)(1), under TIA and/or principles of comity is moot. The TIA and/or principles

of comity argument is, because the Complaint as to the Niles Township Defendants is not about

contesting local tax assessments, as provided by the Tax Injunction Act, 28 U.S.C. §1341 and/or

principles of comity, but rather it is about the fact that they conspired in silence agreement with

the Berrien County Defendants to say nothing about their reduction of 2007 Property taxes, that

should have been generally made known to Plaintiff, to defraud him of the same property and

cause him to also lose his other properties and other injuries. See, (ECF No. 162-1, PageID.2539)

> The Tax Injunction Act ("TIA") bars a federal district court from enjoining,
> suspending or restraining "the assessment, levy or collection of any tax under State law
> where a plain, speedy and efficient remedy may be had in the courts of such state." 28
> U.S.C. § 1341. The TIA creates a jurisdictional barrier to the federal courts regarding
> claims for declaratory or injunctive relief sought by a party aggrieved by a state's
> administration of taxing authority. *Indigenous American People Inhabiting County of
> Wayne, Michigan v Wayne County Municipal Corporation*, No. 19-CV-12579, 2020 WL
> 1910150, at *5 (E. Mich Apr 20, 2020).

> Or in the footnote at, (ECF No. 162-1, PageID.2541)

> "A search of the Michigan Tax Tribunal website reveals that Mr. Barnaby did not appeal
> the taxable value of his property in 2007 to the Michigan Tax Tribunal, as permitted
> under MCL 211.30(4) and MCL 205.735a(6)."
> "(https://taxdocketlookup.apps.lara.state.mi.us/Results.aspx?County=&DocketNbr=&Peti
> tionerRe spondent=Barnaby, last accessed March 25, 2024). It should also be noted that if
> Mr. Barnaby had appealed his assessment to the Tax Tribunal, he also would have had an
> appeal by right of that decision to the Michigan Court of Appeals, pursuant to MCL
> 205.753(1)."

Plaintiff contends that, the principal argument in Defendants' Brief,  "In McNary the plaintiff sued county and state tax officials under 42 U.S.C. §1983, alleging deprivation of equal protection and due process related to unequal property tax assessments.", is not the issue of Plaintiff's Complaint.  Plaintiff's Complaint of controversy is that, on September 25, 2017, Coconspirator, Defendant Treasurer Witkowski during a Deposition Hearing testified that, he knew all along that the Parcel at center of Controversy in 2007 was overvalued at $36,550.00 and overtaxed at $506.05; furthermore, that the Niles Township Defendants Tax Accessors Office had corrected the over taxation by reduction of overvalued and overtaxed property value. However, Township Defendants' conspiracy of silence agreement to say nothing that, they had reduced parcel 2007 taxes because it was over appraised or overvalued to defraud Plaintiff. The crux of Plaintiff's Complaint against the Niles Township Defendants is that, they conspired among themselves and  with Berrien County Defendants and its, Treasurer, Mr. Witkowski, from March 01, 2010, to present, in silence agreement to say nothing that they had reduced Barnaby's 2007 Property taxes to defraud Plaintiff, because they had overvalued it at $36,550.00 and overtaxed at $506.05, and later appraised it at $12,000.00. ECF No 36, PageID 185. In addition, Defendants stole and sold Plaintiff's property for $4,500.00, demonstrates its true value was between $4,500.00 and $12,000 and that, his payment of $305.73, fully redeemed the property, pursuant to General Property Tax Act, P.A. 206 of 1893, (MCL 211.1 et seq.) ("GPTA").

 Plaintiff contends, Defendants' conspiracy of silence agreement to defraud him of his property(s), moots Defendants' Motion for Dismissal pursuant to Fed R Civ P 12(b)(1), under TIA and/or principles of comity.  The Tax Injunction Act, 28 U.S.C. §1341 and/or principles of comity defense are not available to Defendants.  The Niles Township Defendants conspired in silence agreement with the Berrien County Defendants to say nothing about their reduction of

2007 Property taxes, that should have been generally made known to Plaintiff, to defraud him of

the property, and help cause him to lose other properties. Defendant Treasurer Witkowski's

deposition, state as follows:

> 20 Q But is it your statement that the Niles property was
> 21 worthless, is that correct?
> **22 A I think it's worthless.**
> **2 A I know the township changed it because they were**
> **3 wrong.**
> 4 Q Okay. That's their view. My –
> **5 A That's the truth.**                                    At pages101-2
> 5. MR. HOLMSTROM: I think that's in a brief
> 6 somewhere. To the extent it is, that's what it is.        At page 103

Again, on September 25, 2017,  Niles Township Defendants, by and through its

Coconspirator, Defendant Treasurer Witkowski's Deposition Hearing, it was stated under Oath

that, the property at the center of the controversy was overvalued at $36,550.00 and overtaxed at

$506.05 in the 2007 tax year, then it was sold for $4,500.00; and that,  the Niles Charter

Township Tax Accessors Office had corrected it by reducing the property value and changed the

2007 overtaxed amount to reflect the correct amount of tax for year 2007; and  Attorney

Holmstrom confirmed the same and have a written copy of the same deposition that, the property

was worth less than $36,550.00 and required less than $506.05" to redeem, and that Barnaby

Paid "$305.73", "paid the whole amount" and fully redeemed the property at $12,000.00, less

than a third of the overvalued amount $36,550.00 and the overtaxed amount $506.05.

Defendants' own Appraisal Report which confirmed the same is already filed in the records of

the District Court. see (ECF Nos. 57-7, 610-635).

The Complaint further states that, as it takes $506.05" to fully redeem $36,550.00; it

takes less than $168.68 to fully redeem $12,000.00; and demonstrates that, Plaintiff paid

"$305.73", was more than what was required to fully redeem parcel for the 2007 tax year. And

further demonstrates given that, after the 2007/2008 recession the Defendants' Expert Witness Report appraised it in 2017 at $12,000.00.  This  proves that the property value in 2007 tax year was between $4,500.00 and $12,000.00.  Defendants Niles Township, Coconspirators, Board of Trustee of Niles Charter Township, Defendant Treasurer Witkowski and Defendant Berrien County Government, had the duty and or their duty afford them the opportunity to resolve the unlawful actions and or to remedy in whole by paying Plaintiff the value of the property, times three for theft at $12,000.00 equal $36,000.00 or at $36,500.00 equal 109,500.00 and used portions of it to remedy any outstanding taxes on Defendant - City of Benton Harbor properties and return the balance to Plaintiff. But they failed, and because of their refusal to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint. And to make known, their conspiracy of silence agreement that they have reduced Plaintiff's parcel 2007 taxes because it was over appraised or overvalued.

Clearly, this District Court has jurisdiction and jurisdictional-based grounds for dismissal pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, is not available to the Niles Township Defendants, nor the following case laws. As the issues are about Defendants' conspiracy of silence agreement to say nothing about an issue that should be generally known Plaintiff and to defraud him. See Indigenous Am. People Inhabiting the Cnty. of Wayne, Mich. v. Wayne Cnty. Mun. Corp., No. 19-cv12579, 2020 WL 1910150, at *2, 5–7 (E.D. Mich. Apr. 20, 2020). In addition, is not available to the Niles Township Defendants. See Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 113–14 (1981). Defendant Niles Charter Township violated Plaintiff's rights, under state and federal laws pursuant to:  Michigan's General Property Tax Act, P.A. 206 of 1893, ("GPTA");  Forgeries (Mi. Comp. Laws Ann. § 750-248; § 750-249.);  940. 18 U.S.C. Section 1341; Title II of the Civil Rights Act of 1964 - 42 U.S.C. §2000a

(a); Civil Rights Acts of 42 U.SA. §1983; First, Fourth, Fifth, and Fourteenth-section 1, Amendments.

**Controlling, Plaintiff's Motion for Summary Judgment, Under Fed R Civ P 56 (a).**

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully set forth herein, and further contends that, his Complaint as to the Niles Township Defendants is not about contesting local tax assessments, as provided by the Tax Injunction Act, 28 U.S.C. §1341 and/or principles of comity, but rather it is about they conspired in silence agreement with the Berrien County Defendants to say nothing about their reduction of 2007 Property taxes, that should have been generally made known to Plaintiff, to defraud him of the property. As such their motion to dismiss Plaintiff's Complaint pursuant to Fed R Civ P 12(b)(1), is moot.  And as there are no genuine disputes of material fact, Plaintiff's  Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**B. RESPONSE TO:            There is no material issue of fact that exists, and the Township Defendants are entitled to judgment as a matter of law pursuant to Fed R Civ P 12(c).**

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully set forth herein, and further contends that, the crux of Plaintiff's Complaint against the Niles Township Defendants is, they conspired among themselves and  with Berrien County Defendants and its, Treasurer, Mr. Witkowski, from March 01, 2010, to present, in silence agreement to say nothing that, they had reduced Barnaby's 2007 Property taxes to defraud Plaintiff, because they had overvalued it at $36,550.00 and overtaxed at $506.05, and later appraised it at $12,000.00. ECF No 36, PageID 185. In addition, Defendants stole and sold Plaintiff's property for $4,500.00, demonstrating its true value was between $4,500.00 and $12,000. The Complaint

further states that, as it takes $506.05" to fully redeem $36,550.00; it takes less than $168.68 to fully redeem $12,000.00; and demonstrates that, Plaintiff paid "$305.73", was more than what was required to fully redeem parcel for the 2007 tax year, pursuant to General Property Tax Act, P.A. 206 of 1893, (MCL 211.1 et seq.) ("GPTA"), moots Defendants' motion pursuant to Fed R Civ P 12(c).

The law of Rule 12(c) motions is clear.  Judgement on the pleadings are exceedingly effective tools in a litigator's arsenal. It ought to be a factor in deciding to commence litigation, in assessing a compromise value, and in reaching settlement. Ultimately, the effectiveness of a motion for judgment on the pleadings depends on the litigator's tactical acumen, sense of timing, and thorough understanding of both the facts of the case and the principles and case law. Plaintiff contends that, Defendants' Brief demonstrates that, they have no understanding of either the facts of the case and or the principles and laws of this case, which moots their motion for dismissal.   Plaintiff will further demonstrate that, Defendants' Dismissal Motion is moot as per Dismissal Motion  law pursuant to Fed R Civ P 12(c), bellow:

### 1. RESPONSE TO:  Mr. Barnaby's claims for damages based on the 2010 foreclosure proceedings are time barred.

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully set forth herein, and further contends that, Defendants' argument that, "Barnaby's claims for damages based on the 2010 foreclosure proceedings are time barred.", is moot, for the following reasons:

**First).**  Plaintiff Claim is more than just about the 2010 foreclosure proceedings. The Claim also consists of Defendants' misconducts that are present and continuous that had and is still injuring Plaintiff. Examples are Defendants': forgery, falsifications of Courts' and  County's Records, unauthorized practiced of law, retaliations, unlawful concealment, thieveries fraud,

fraud upon courts, discriminations, and conspiracy to commit the same.  Moreover, Defendants'

fraud and conspiracy to commit fraud, that prevented these same actions from earlier coming

before the court for adjudication on their merits, cannot use time limit to bar the actions they

willfully used continuous lies and frauds to coverup. It is for this same reason, why the Sixth

Circuit Appellate Court moots this District Court's Judgment granting Defendants' the "Res

judicata Doctrine" defense, so Defendants could be held accountable for their misconducts that

had and is still injuring Plaintiff.   (ECF Nos. 67, 68, 72, and 73).

**Second).**  As the Sixth Circuit Appellate Court has found, in its Order and Judgment-

(ECF Nos. 72, 73), that are binding on the District Court, is Plaintiff's Complaint-(ECF No. 10),

that also in the Third and Fourth Amended Complaint-(ECF Nos. 36, 145).

> "…On appeal, however, Barnaby argues that he could not have raised his claims
> previously because they are based on forged documents that were submitted during prior
> state and federal proceedings and various false statements that the defendants made
> during those proceedings. Barnaby made this same argument in his objections to the
> magistrate judge's report and recommendation. And in his second amended complaint,
> Barnaby alleged that Witkowski and Berrien County committed forgeries and other
> unlawful conduct "from May of 2010 to present," that the "[d]efendants' forgeries are
> continuous," that the defendants mailed and emailed forged documents in October 2017
> and on July 20, 2022, and that Witkowski testified fraudulently during a September 25,
> 2017, deposition…"

**Third).**  Plaintiff, In Pro Se Litigant, who is learning and understanding Defendants'

Frauds, and misconducts which are continuous, at times in the process of writing briefs, motions

or to make amendments to his Complaint, and other. As such, Plaintiff's discoveries of

Defendants' forgery, falsifications of Court's and  Records, unauthorized practiced of law,

retaliations, concealment, fraud,  fraud upon courts, discriminations, and conspiracy to commit

the same is ongoing their misrepresentations and lies confused Plaintiff; Knowledge/Not Protect

Against Illusory Truth, see (ID.770-779)  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Plaintiff's

Second, Third and Fourth Amended Complaints -(ECF Nos. 10, 36, 145), are evidence of this

fact. As Defendant's Brief states, "The statute of limitations begins to run when the "plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." Collyer v. Darling, 98 F.3d 211, 220 (6th Cir.1996)."  This time span for Plaintiff is between October 2022 to present at the same time Plaintiff filed his Claim.

**Fourth).**  The Summary Facts that connects all eight sets of Defendants are as follows: Plaintiff alleges that, (**1**). They or The Berrien County Defendants and its, Treasurer, Mr. Witkowski are the superglue or linchpins that, connects all the other Defendants' conspiracies of, forgeries, falsifications of County's record and Court's record, fraud, fraud upon courts, unauthorized practiced of laws, retaliations, coverups, concealments,  and discriminations; and other sets of Defendants [triggered actions] but that, all the actions or inactions collectively stole and defrauded Plaintiff of his properties; (**2**) They conspired with the Niles Township Defendants from March 01, 2010 to present, in silence agreement to say nothing about the reduced 2007 Property taxes, that should have been generally made known to Plaintiff and others; (**3**) They conspired with Benton Harbor and State of Michigan Defendants Governors from on or about February 01, 2012 to present, in silence agreement to say nothing, that they demolished Plaintiff's properties in violation of his due process, discriminated against Plaintiff, and not allow him to pay other properties taxes before foreclosure and demolition;  (**4**) They conspired with the Holmstrom Defendants, from on or about December 12, 2014 to present, they mailed, emailed  and filed forgery documents in court proceeding to defraud Plaintiff;  (**5**) They conspired with the Berrien County Court and its Judges from on or about March 01, 2010 to present, to aid and abet them in Unauthorized Practice of Law and to falsify the Court's record with a forged Order, and to commit fraud upon the Berrien County Trial Court to defraud Plaintiff;  (**6**) Their conspiracies of falsification and forgery caused the Berrien County Court,

16

The Appellate, Court and the Supreme Court of Michigan from on or about March 01, 2010 to present to rely on UPL, fraud,  fraud upon the court, falsification and forged documents to uphold imaginary forged foreclosure Judgment against Plaintiff; **(7)** They  caused the State Bar of Michigan and its Supervisors Defendants Judge Clement and Judge McCormack from on or about March 01, 2010 to present to overlook evidence and refuse to act on formal complaint that, Witkowski had engaged in the unauthorized practice of law; and  **(8)** From on or about March 01, 2010 to present, they caused the Michigan Attorney General Dana Nessel and Michigan Assistant Attorney General Kendell S. Asbenson to conspire with the other defendants and refused to prosecute crimes that, the defendants committed or to refer the crimes to the Michigan Attorney General, Ms. Nessel. While some sets of the Defendants actions triggered other Defendants actions or omissions, Plaintiff is injured by all eight sets of Defendants.

**Fifth**).  Lastly, Plaintiff contends as highlighted above, it is not just the Counts of Fraud, Fraud Upon Courts and Conspiracies to commit Fraud that are available to him, but that all Thirty-Six Counts are available to him. Once more, the Sixth Circuit Appellate Court moots this District Court's Judgment granting Defendants' the "Res judicata Doctrine" defense, because Defendants' Fraud, Fraud Upon Courts and Conspiracies to commit Fraud prevented Plaintiff from the knowledge to bring the present Complaint (ECF Nos. 10, 36, and 145), Thirty-Six Counts.  As such, Defendants', "time barred" argument is moot.

### 2.  RESPONSE TO:  Niles Township and its officers are entitled to tort immunity under the Government Tort Liability Act.

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully set forth herein, and further contends that, The Niles Township Defendants' own arguments on, Plaintiff's Counts III (Gross Negligence), VII (Fraud by Misrepresentation), IX (Damage to Personal

Property), X (Theft and Conversion of Personal, etc,  tort immunity under the Government Tort

Liability Act ("GTLA") MCL, is moot.

> "The Government Tort Liability Act ("GTLA") provides that "except as otherwise provided in
> this act, a governmental agency is immune from tort liability if the government agency is
> engaged in the exercise or discharge of a government function." MCL 691.1407(1). The GTLA
> defines a "governmental agency" as the State of Michigan or a political subdivision thereof.
> MCL 691.1401(a). The GTLA also defines a "government function" as "an activity that is
> expressly or impliedly mandated or authorized by constitution, statute, local charter or
> ordinance, or other law." MCL 691.1401(b). When determining whether an act is a
> "governmental function" under the GTLA, the courts focus on the precise activity giving rise to
> the plaintiff's claim rather than on the entity's overall or principal operation. Everett v. Saginaw
> Cnty., 123 Mich. App. 411, 414; 333 N.W.2d 301, 302 (1983). Further, to pierce the veil of this
> immunity, a plaintiff must either plead a tort that falls within one of the exceptions provided by
> the GTLA, or <u>demonstrate that the actions taken were outside the exercise or discharge of a</u>
> <u>government function.</u> Genesee County Drain Comm'r v Genesee County, 309 Mich. App. 317,
> 327, 869 N.W.2d 635, 641 (2015)."  (ECF No. 162-1, PageID.2545)'

Given the undeniable  fact that, the Niles Township Defendants, conspired among

themselves and  with Berrien County Defendants and its, Treasurer, Mr. Witkowski, from March

01, 2010, to present, in silence agreement to say nothing, that they had reduced Barnaby's 2007

Property taxes to defraud Plaintiff, because they had overvalued it at $36,550.00 and overtaxed at

$506.05, and later appraised it at $12,000.00. ECF No 36, Page ID 185. In addition, Defendants

stole and sold Plaintiff's property for $4,500.00, demonstrating its true value was between

$4,500.00 and $12,000. The Complaint further states that, as it takes $506.05" to fully redeem

$36,550.00; it takes less than $168.68 to fully redeem $12,000.00; and demonstrates that, Plaintiff

paid "$305.73", was more than what was required to fully redeem parcel for the 2007 tax year,

pursuant to General Property Tax Act, P.A. 206 of 1893, (MCL 211.1 et seq.) ("GPTA"), moots

Defendants' dismissal motion pursuant to Tax Injunction Act, 28 U.S.C. §1341 and/or principles

of comity, Fed R Civ P 12(b)(1) and Fed R Civ P 12(c).

The Niles Township conspired with the Berrien County Defendants in misconducts of:

forgery, fraud, thievery, discriminations against Plaintiff  and demolished his properties in silence

agreement to say nothing that they had reduced Barnaby's 2007 Property taxes to defraud Plaintiff,

because they had overvalued it at $36,550.00 and overtaxed at $506.05, and later appraised it at

$12,000.00. ECF No 36, PageID 185, and violated Plaintiff's rights under, "General Property Tax

Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA,  Forgeries, "(Mi. Comp. Laws

Ann. § 750-248    § 750-249.)", "Conspiracy Act 328 of 1931 750.157a", Unauthorized Practice of

Law, "(MCL 600.916 and MCL 450.681),", secured by the, First, Fourth, Fifth-takings clause,

Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R.

Crim. P. 41. As such, Plaintiff contends that, tort immunity under the Government Tort Liability

Act, is not available to them. "Moreover, when determining if an act is a "governmental

function," "we look to the general activity involved rather than the specific conduct engaged

in when the alleged injury occurred." Ward v. Mich. State Univ. (On Remand), 287 Mich.

App 76, 84 (2010)."  Clearly, the violation of Plaintiff constitutional rights is not official

"governmental function."

As there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and

he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### 3.   RESPONSE TO:  Mr. Barnaby's Constitutional Claims fail to provide a showing of liability against the Township Defendants

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully

set forth herein, and further contends that, Defendants' argument, that Plaintiff, " Constitutional

Claims fail to provide a showing of liability against the Niles Township Defendants", is moot.

Their citing of the United States Supreme Court rule below is further proof that, the motion must

be denied and Plaintiff' Motion for summary judgment be granted.

The United States Supreme Court has held that a municipality can only be liable for
claims under 42 U.S.C. §1983 in very limited situations. *Monell v Dep't of Soc. Servs*.,
436 U.S. 658; 56 L. Ed. 2d 611; 98 S. Ct. 2018 (1978). For a private citizen to succeed on
a claim for municipal liability under §1983, <u>a petitioner must demonstrate that they were
deprived of a constitutional right; and second, that the municipality is directly responsible</u>

for that violation. *Ellis v Cleveland Mun. Sch. Dist.,* 455 F.3d 690, 700 (6th Cir. 2006). Additionally, a municipality can only be held liable for constitutional violations if the government was acting based on an official policy of the municipality that acted as the "moving force of the constitutional violation." *Monell*, 436 U.S. at 694-95.

Given, the crux of Plaintiff's Complaint against the Niles Township Defendants is, they conspired among themselves and  with Berrien County Defendants and its, Treasurer, Mr. Witkowski, from March 01, 2010, to present, in silence agreement to say nothing, that they had reduced Barnaby's 2007 Property taxes to defraud Plaintiff, because they had overvalued it at $36,550.00 and overtaxed at $506.05, and later appraised it at $12,000.00. ECF No 36, PageID 185. In addition, Defendants stole and sold Plaintiff's property for $4,500.00, demonstrating its true value was between $4,500.00 and $12,000. The Complaint further states that, as it takes $506.05" to fully redeem $36,550.00; it takes less than $168.68 to fully redeem $12,000.00; and demonstrates that, Plaintiff paid "$305.73", was more than what was required to fully redeem parcel for the 2007 tax year, pursuant to General Property Tax Act, P.A. 206 of 1893, (MCL 211.1 et seq.) ("GPTA"), moots Defendants' dismissal motion pursuant to Tax Injunction Act, 28 U.S.C. §1341 and/or principles of comity, Fed R Civ P 12(b)(1) and Fed R Civ P 12(c).

***Count I: "Retaliations."*** Plaintiff's Third and Fourth Amended Complaints have established all the three elements that the Niles Township Defendants and all the other Defendants retaliated against Plaintiff in violation of his First Amendment rights. (ECF No. 36, Pages ID.227-230).   (1). As Plaintiff was engaged in protected conduct; (2) an adverse action was taken against Plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). As such, the Defendant Motion for dismissal is moot and must be denied as a must of law.

20

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

***Count IV: Due Process.*** Plaintiff's Second, Third and Fourth Amended Complaints have established that, the Niles Township Defendants and the Berrien County Defendants and all the other Defendants have concocted, disguised, designed an evil plot and an elaborate scheme spanning from 1997 to present to steal and defraud Plaintiff and hundreds of Berrien County property owners of their properties with "Forged Quit Claim Deeds", "Forged Notice of Judgment of Foreclosures", "Forged Certificate of Forfeiture of Real Properties" and by unauthorized practice of law. Moreover, in the scheme they violated Plaintiff's due process rights under both the Fifth and Fourteenth Amendments. **(A).** Benton Harbor and the other Defendants used a scheme of forgery to demolish Plaintiff's properties, inclusive of the 235 Pipestone without giving Plaintiff the opportunity to an appeal. Its failure violated Plaintiff's due process rights and it violated both its working policy  and the Fourth Amendment of the United State Constitution.  **(B).** Benton Harbor and the other Defendants used a scheme of forgery and other willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress.  Because Plaintiff's properties were his employment; because the Properties were Plaintiff's employment and Defendants deprived him of property interest in his employment without due process, violated his rights under the Fifth  and Fourth Amendments to the Constitution. **(C).** Benton Harbor and the other Defendants used a scheme of forgery and other willful wanton misconducts to deprive Plaintiff his due process to pay the other properties taxes  before they foreclose on them.  Furthermore, **1**). Defendants owed Plaintiff according to its Appraised $12, 000, times three for theft equal $36, 000.00, for the Niles

Township Property.   **2).** Their act in demolishing of Plaintiff's 235-239 Pipestone parcels by Forgery, Retaliation, Conspiracy, Fraud  and in violation of his due process, that cost to rebuild it is $619,851.00. As such, Defendants should have allowed Plaintiff to pay delinquent taxes that he owed on the other properties before foreclosing on them, as they owed  Plaintiff $655,851.00 at the time they demolished and foreclose on Plaintiff's same other properties in violations of his due process.

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### Count V: Equal Protection Under the Law.

Plaintiff hereby incorporates all the above facts, laws, and argument as if fully set forth herein , and further contends that, by the Defendant's own Supporting Brief standard its motion to dismiss complaint must be denied:

> "The Equal Protection Clause . . . commands that no state shall deny to any person within its jurisdiction the equal protection of the laws." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citations omitted). When officials treat similarly-situated individuals differently, the Equal Protection Clause demands a justification.  Carthan v. Snyder (In re Flint Water Cases), 384 F. Supp. 3d 802, 843 (E.D. Mich. 2019) (rev'd in part and affirmed in part). Again, Plaintiffs must demonstrate that there was some actual constitutional violation in order to meet the first prong required to overcome qualified immunity." (ECF No. 121, PageID.1600-1)

As the evidence is overwhelming that, the Defendant violated the "The Equal Protection Clause " it owed Plaintiff under the following laws: General Property Tax Act, P.A. 206 of 1893, and, amended (MCL 211.1 et seq.) ("GPTA,  Forgeries, "(Mi. Comp. Laws Ann. § 750-248    § 750-249.)", "Act 328 of 1931 750.157a", Unauthorized Practice of Law, "(MCL 600.916 and MCL 450.681),", secured by the, First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments,  Civil Rights Acts of 42 U.SA. §1983 and the Fed. R. Crim. P. 41.

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

### Count VI: The "Right to Government Services and Right to Use Public Facilities." 42 U.S.C. § 2000(a).

Plaintiff hereby incorporates all the above facts, laws, and argument as if fully set forth herein , and further contends that, by the Defendant's own Supporting Brief standard its motion to dismiss complaint must be denied as the Benton Harbor Defendant along with all the other Defendants conspired and discriminated against Plaintiff with forgery, fraud, UPL, theft, retaliations, coverup, because Plaintiff is and was not a part of their gentrification agenda, in violation of  "42 U.S.C. § 2000(a). The Township Defendants along with all the other Defendants conspired and discriminated.

> "42 U.S.C. § 2000(a) states that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination on the ground of race, color, religion, or national origin." Plaintiff asserts a claim under 42 U.S.C. § 1983 because "Plaintiff's complaint arises out of the fact that . . . all [] Government entities, Municipality." (ECF No. 121, PageID.1601-2).

 In addition, Plaintiff reminds the Court that, the Niles Township Defendants as all the Defendants are properly Defaulted-(ECF Nos. 31, 32, 75, 77, 81, 88, 95 and 124),   on the Count VI: The "Right to Government Services and Right to Use Public Facilities." 42 U.S.C. § 2000(a). for forfeited to file answer or valid rule 12 motion to Plaintiff's Second and Third Amended Complaints-(ECF Nos. 10, 36)

Clearly, as there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

**Count XII: "Unlawful Detentions of Properties." Count XII appears to be a claim under the Fourth Amendment**.

Plaintiff hereby incorporates all the above facts, laws, and argument as if fully set forth herein , and further contends that, by the Defendant's own Supporting Brief standard, its motion to dismiss complaint must be denied as Niles Township along with other Defendants conspired and improperly seized Plaintiff's properties in violation of his Fourth Amendment rights. In addition, Plaintiff reminds the Court that the Niles Township Defendants as all the Defendants are properly Defaulted-(ECF Nos. 31, 32, 75, 77, 81, 88, 95 and 124), on the *Count XII: "Unlawful Detentions of Properties."*

## 4. RESPONSE TO: Mr. Barnaby's remaining claims do not provide for a private cause of action.

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully set forth herein, and further contends that, Defendants' argument, that Plaintiff, " failed to plead facts that create an issue of material fact with regard to those issues, and the Niles Township Defendants are entitled to judgment as a matter of law", as set forth below is moot.

> Mr. Barnaby's claims under Count XIII "Safety from Harassment and Right to Gainful Employment"; Count VII "Freedom of Movement" and "Freedom from Torture"; Count XIV "The rights given under the general property tax act, violation of Michigan's Unauthorized Practice of Law Statute, and Michigan's forgery statute"; Count XV "Whistleblowing"; and Count XVI Right to Housing" do not provide private causes of action. Mr. Barnaby has failed to plead facts that create an issue of material fact with regard to those issues, and the Township Defendants are entitled to judgment as a matter of law.

Plaintiff contends that his Second, Third and Fourth Amended Complaint-(ECF Nos. 10, 36 and 145), speaks best for themselves and demonstrates their arguments is moot. Examples of Defendants' moot argument is their willful misrepresentations of Plaintiff's ("Safety from Harassment and Gainful Employment" "Count"), that Plaintiff, "unfounded allegations that

someone, he is not clear as to who, harassed him by stating that they would make sure he would

lose all his other properties if he sought redress for the Niles Township property".

> "Safety from Harassment and Gainful Employment" in Count XIII. In that Count, Mr.
> Barnaby alleges that his property was his gainful employment and he was deprived of it
> by the foreclosure proceedings. ECF No. 36, PageID. 256. Further, he makes unfounded
> allegations that someone, he is not clear as to who, harassed him by stating that they
> would make sure he would lose all his other properties if he sought redress for the Niles
> Township property. *Id*. at PageID. 257.  (ECF No. 162-1, PageID.2552)

Plaintiff in Motions, Briefs, and His Complaint, Affidavit, etc, has demonstrated that, it is

the Niles Township Defendants' own County Treasurer and Co-conspirator, Defendant Treasurer

Witkowski, who threaten Plaintiff that, "harassed him by stating that they would make sure he

would lose all his other properties if he sought redress for the Niles Township property. Id. at

PageID. 257". Moreover, Master Mind Co-conspirator, Defendant Treasurer Witkowski, testified

in his Deposition hearing that Plaintiff got what he due. "Deposition at Page #126 1 A "And

you're getting your due."  See, (ECF No. 145, PageID.2140).

The same, Master Mind Co-conspirator, Defendant Treasurer Witkowski, is who connects

all eight sets of Defendants: **(1)**. The Berrien County Defendants and its, Treasurer, Mr.

Witkowski are the superglue or linchpins who connects all the other Defendants' conspiracies of,

forgeries, falsifications of County's record and Court's record, fraud, fraud upon courts,

unauthorized practiced of laws, retaliations, coverups, concealments,  and discriminations; and

other sets of Defendants [triggered actions], but that, all the actions or inactions collectively stole

and defrauded Plaintiff of his properties; **(2)** They conspired with the Niles Township

Defendants from March 01, 2010 to present, in silence agreement to say nothing about the

reduced 2007 Property taxes, that should have been generally made known to Plaintiff and

others; **(3)**….   As such, Plaintiff contends that, the Niles Township Defendants with the other

Defendants has violated his Employment due process rights under the Fourteen Amendment and under Fifth-takings clause of the Constitution.  Plaintiff further contends that, Niles Township Defendants conspired in silence agreement with the  Berrien County Defendants Niles Township Defendants attributed to the Defendants and demolished his City of Benton Harbor properties and unlawfully took his Niles Township properties, they also violated his Employment due process rights as the properties were his employment.  Defendants have retaliated and violated Plaintiff's Employment due process rights under the Fourteen Amendment and under Fifth-takings clause of the Constitution.  Plaintiff contends because the rental income from the properties were Plaintiff's employment and Defendants deprived him of his property interest in his employment without due process, violated his rights under the Fifth and Fourth Amendments to the Constitution.  The same moot Defendants' dismissal motion under Tax Injunction Act, 28 U.S.C. §1341 and/or principles of comity, etc.

**Controlling, Plaintiff's Motion for Summary Judgment, Under Fed R Civ P 56 (a).**

Plaintiff hereby incorporates all the above relevant facts, laws, and arguments, as if fully set forth herein, and further contends that, his Complaint as to the Township Defendants is not about contesting local tax assessments, as provided by the Tax Injunction Act, 28 U.S.C. §1341 and/or principles of comity, but rather is about them that conspired in silence agreement with the Berrien County Defendants to say nothing about their reduction of 2007 Property taxes, that should have been generally made known to Plaintiff, to defraud him of the property. As such, their motion to dismiss Plaintiff's Complaint pursuant to Fed R Civ P 12(c), is moot.  And as there are no genuine disputes of material fact, Plaintiff's  Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

## VI. CONCLUSION and Relief Requesting

For reasons articulated herein: **1).** Plaintiff request that this Your Honorable Court, **Deny** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF Nos. 10, 36). **2).** To Grant Plaintiff's Cross-Motion for Summary Judgment with damages, the Complaint, claims, that, "…**each Defendant** had the duty and or their duty afford them the opportunity to…. to remedy the unlawful actions in whole, either **by collective efforts** or **individual effort** to retore Plaintiff in full,

> "19. Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to retore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint." (ECF No. 10,  PageID.167) and (ECF No. 36,  PageID.181)

Plaintiff/Appellant, request that this Court Grant him full Compensatory Damages of **$17,188,857.80** and Punitive[1] damages, Four-Times his Compensatory Damages of **$68,755,431.40,** grand total of **$85, 944,289.20**.

Respectfully Submitted,

Dated:  April 10, 2024,                     \S/ Owen W. Barnaby
                                                       Owen W. Barnaby, In Pro Se.

---

[1]  E. Jean Carroll v. Donald J. Trump            Case No. 20 CIVIL 7311(LAK)

It is hereby ORDERED, ADJUDGED AND DECREED: That after a Jury Trial before Honorable Lewis A. Kaplan, United States District Judge, Plaintiff E. Jean Carroll has judgement for compensatory damages (other than for the reputation repair program) in the amount of $7,300,00.00, Plaintiff E. Jean Carroll has judgement for compensatory damages (for the reputation repair program only) in the amount of $11,000,000.00; and Plaintiff E. Jean Carroll has judgement for punitive damages in the amount of $65,000,000.00, each as against the defendant Donald J. Trump for an aggregate sum of $83,000,000.00. Dated New York, New York February 8, 2024.

So Ordered: _____
U.S.D.J.

**RUBY J. KRAJICK**
Clerk of Court

BY: _____
Deputy Clerk

## **CERTIFICATE OF SERVICE**

The undersigned states that on the 10th  day of April 2024, a duplicate original of

Plaintiff's,  EXPEDITED CONSIDERATION REQUESTED, Plaintiff's Brief, against all named

Defendants filed with the Clerk using the ECF System, which will provide electric notice to the

parties of record, and I have emailed and mailed by U.S. Postal Service the same to the  non-ECP

participants attorney above.


Respectfully Submitted,


Dated:  April 10, 2024,                          \S/ Owen W. Barnaby
                                                                  Owen W. Barnaby, In Pro Se.

# <u>CERTIFICATE OF COMPLIANCE</u>

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.2(b)(i) because, excluding the part of the document exempted by this rule, this brief contains 27 pages and 9,013 words.

2. This document complies with the typeface requirements of Local Rule 7.2(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.


Respectfully Submitted,

Dated:  April 10, 2024,                         \S/ Owen W. Barnaby
                                                Owen W. Barnaby, In Pro Se.

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                          )

    Plaintiff- Appellant                                )


      Vs.                                              ) Hon. Robert  J.  Jonker

                                         ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees                               ) Case No. 1:22 -CV- 1146

---

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582    |     EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

**CERTIFICATE REGARDING  COMPLIANCE WITH LCivR 7.1(d)**
**For,**

**PLAINTIFF'S MOTION AND SUPPORTING BRIEF IN OPPOSITION TO,**

**DEFENDANT'S  RESPONSE BRIEF IN OPPOSITION TO,**
**CITY OF BENTON HARBOR'S  MOTION TO DISMISS**
**AND CROSS- MOTION/BRIEF IN FOR SUMMARY JUDGMENT**

---

As required by W.D. Local Civ. R. 7.1(d), Plaintiff on April 8, 2024,
attempted to obtain concurrence from the Township Defendants, through their
counsel, regarding his Cross-Motion for Summary Judgment, by email, and it was
denied on April 09, 2024.


Dated:  April 10, 2024,                          \S/ Owen W. Barnaby
                                                Owen W. Barnaby, In Pro Se.