# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,                                              )

    Plaintiff- Appellant                                     )

        Vs.                                              ) Hon. Robert  J.  Jonker

                                         ) Hon. Mag. Sally J. Berens

MICHIGAN STATE GOVERNMENT, ET, AL

    Defendants- Appellees                                   ) Case No. 1:22 -CV- 1146

### PLAINTIFF'S RESPONSE IN OPPOSITION TO,

### DEFENDANT THE CITY OF BENTON HARBOR'S RESPONSE IN <u>OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

i

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ iii

CONCISE STATEMENT OF ISSUES PRESENTED AND MOST CONTROLLING
AUTHORITY .................................................................................................... vii, viii

**I. INTRODUCTION** ................................................................................................ **1**

**II. STATEMENT OF FACTS** ............................................................................... **1-8**

**III. LEGAL STANDARD** ....................................................................................... **9**

**IV. ARGUMENT** ............................................................................................... **10-12**

**V. CONCLUSION** ................................................................................................. **13**

**Certificate of Service** ........................................................................................ **14**
**Certificate of compliance** ……………………………….........................................**15**

## INDEX OF AUTHORITIES

**Cases**                                                                **Page**

Arizona v. California, 530 U.S. 392, 412 (2000)………………………………..………………

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020)…….…………………...………

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017) …...............................................

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) ................................

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit …………………………..…………

Barnaby v. Witkowski, 1:14-cv-1279  …………………………………………...……………

Erickson v. Pardus, 551 U.S. 89, 94 (2007)……………….............................…………..……….

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)………………..…………….…...

Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019) …………


**Statutes**

42 U.S.C. § 1983.....................................................................................................................

42 U.S.C. §2000……………………………………………………………….………………

Mich. Comp. Laws § 691.1401...............................................................................................

Mich. Comp. Laws § 691.1401(b) ..........................................................................................

Mich. Comp. Laws § 691.1407(1) ..........................................................................................

Mich. Comp. Laws § 691.1407(2) ..........................................................................................

Mich. Comp. Laws § 691.1407(5) ..........................................................................................

Forgery Mi. Comp. Laws Ann. § 750-248……………….……………………….......…...

Forgery Mi. Comp. Laws Ann.  § 750-249 ………………………………….…..…………

MCL 211.27(a)…………………………………………..….………………………...……….……….

Mich. Comp. Section 141.1549 and Act 436 of 2012 ………..…………………..…………


**Rule**

 LCivR 7.1(d) …………………………………………………………...…..……………...…….

 Fed. R. Civ. P. 1………………………………………………..……………….......1-12

Rules MCR 2.105: (A)(1)(2). …………………………………………………….…

(G)(1); (I)(1); (K)(3) ……………………………………………………………….……

Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B). …………………………………………..……

Federal Rules Fed. R. Civ. P. 4: (e)(1)(2)(B)(C) …………………………………………...……….

Federal Rules Fed. R. Civ. P. 4: (j)(2)(A)(B) …………………………………..…………..…………

Fed. R. Civ. P. 4(h)(1) (A)(B), or (2) ……………………………………………………………….

Fed. R. Civ. P. 4(e)(1)(2)(B)(C) ……………………………………………………………..……

Fed. R. Civ. P. 4(j)(2)(A)(B). ………………………………………………………………………...

MCR 2.105  ………………………………………………………………………………………………

Mich. Ct. R. 2.105 (A) (1) (2),  …………………………………...……………………………………

Mich. Ct. R. 2.105 (G) (1) ……………………………………………..…………………………………

Mich. Ct. R. 2.105 (I) (1) …………………………………………………………………………………

Mich. Ct. R. 2.105 (k) (3) ……………………………………………………………………………….

Michigan Court Rule 2.105(A) (2) ……………………………………..………………………………

District Court's Local Rules Service Handbook ……………………………………………………

Fed. R. Civ. P. 12 ...........................................................................................................................

Fed. R. Civ. Proc. 12(b)(6) Failure to state a claim upon which relief can be granted.

Fed. R. Civ. Proc. 12(b)(1) lack of subject-matter jurisdiction;

Fed. R. Civ. P. 15(a)(1), ……………………………………………………...……………

Fed. R. Civ. P. 15(a)(2) ……………………………………………………...……………

Fed. R. Civ. P. 12(a)(1)(A)(i) ……………………………………………………………….

Fed. R. Civ. P. 55:(a), (b)(1)(2) ……………………………………………………….…

Fed. R. Civ. P. 56:(a)…………………………………………………………………1-12

**Doctrines**

The doctrine of the law of the case ……………………………...…………………………………

The law of the case doctrine …………………………………….………………………………...

Rooker-Feldman Doctrine …………………………………...…………………………………

Res judicata Doctrines …………………………...………………………………………...

**Laws**

42 USCS 1983.....................................................................................................................

18 U.S.C. Section 1341……………………………………...…………………………………...

28: USC § 1331 …………………………………………………...…………………………...

28: USC § 1332 …………….………………………………….…………………………………...

28 U.S.C. § 1291………………………………………...……………….... ………………

First Amendment …………………………………………………………………………..

Fourth Amendment ……………………………………………….……...........................

Fifth Amendment .……………………………….……………………….……………….

 Fourteenth Amendment ………………………….…………………………………………..

Eleventh Amendment ……………………………………………………………………..

Qualified immunity ……………………………….………………………………………

Full Faith and Credit Act ……………………………………………….….……….

## Statement Regarding  Oral Argument

Plaintiff does not believe that Oral Argument is necessary to Deny Defendant's futile moot motion to dismiss Plaintiff's Complaint and to grant Plaintiff Summary Judgment.  As there are no genuine disputes of material fact, Plaintiff's  Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a).

The Complaint consists of eight sets of Defendants that caused Plaintiff's continuous injuries, as follows, 1). The Berrien County Defendants; 2). The Niles Township Defendants; 3). The Holmstrom Defendants; 4). The Benton Harbor—State of Michigan Governors Defendants;  5). The Berrien County Trial Court and Its Judges Defendants;  6). Appellate Court and Its Judges Defendants;  7). Supreme Court's Judges Defendants and     8). The Assistant Attorney General Asbenson.  While some sets of the Defendants actions triggered other Defendants actions or omissions, Plaintiff is injured by all eight sets of Defendants.

| Barnaby's Fourth Amended Complaint | The Eight Sets of Defendants and 36 Counts Against Them, below: |
|---|---|
| COUNT 1:<br>FORGERY | Set: #1,                                    Page 92 |
| COUNT 2:<br>CONSPIRACY TO COMMIT FORGERY AND FALSIFICATION OF RECORDS | Sets: #1, #2, #3, #4, #8,              Page 93 |
| COUNT 3:<br>FALSIFICATION OF COUNTY RECORD TO CONCEAL FORGERIES AND FORGERY JUDGMENT). | Set: #1,                                    Page 96 |
| COUNT 4:<br>CONSPIRACY TO COMMIT FALSIFICATION OF COUNTY RECORD TO CONCEAL JUDGMENT WAS PROCURED WITH FORGERY DOCUMENTS, UPL AND BY FRAUD AND FRAUD UPON THE COURT | Sets: #1, #2, #3, #4, #8,              Page 98 |
| COUNT 5:<br>FORGERY | Sets: #1, #3, #5,                       Page 103 |
| COUNT 6:<br>CONSPIRACY TO COMMIT FORGERY | Sets: #1, #3, #5,                       Page 102 |
| COUNT 7:<br>FALSIFICATION OF COURT'S RECORD TO CONCEAL FORGERY) | Sets: #1, #3, #5,                       Page 105 |
| COUNT 8:<br>CONSPIRACY TO COMMIT FALSIFICATION OF COURT'S RECORD TO CONCEAL FORGERY JUGDGMENT | Sets: #1, #3, #5,                       Page 106 |

| | | |
|---|---|---|
| COUNT 9:<br>UNAUTHORIZED PRACTICE OF LAW | Set: #1, | Page 109 |
| COUNT 10:<br>CONSPIRACY TO AID AND TO ABET<br>UNAUTHORIZED PRACTICE OF LAW) | Sets: #1, #2, #3, #4, #5, -, #7, #8, | Page 110 |
| COUNT 11:<br>FRAUD | Sets: #1, #2, #3, #4, #8, | Page 112 |
| COUNT 12:<br>CONSPIRACY TO COMMIT FRAUD | Sets: #1, #2, #3, #4, #8, | Page 115 |
| COUNT 13:<br>FRAUD UPON THE BERRIEN COUNTY TRIAL<br>COURT), | Set: #5, | Page 118 |
| COUNT 14:<br>CONSPIRACY TO COMMIT FRAUD UPON<br>COURTS | Sets: #1, #3, #5, #6, #7, #8, | Page 120 |
| COUNT 15:<br>RETALIATIONS | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 123 |
| COUNT 16:<br>CONSPIRACY TO RETALIATE AGAINST PLAINTIFF), | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 127 |
| COUNT 17.<br>VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER<br>THE FIFTH AMENDMENT TAKINGS-CLAUSE | Sets: #1, #2, #3, #4, #8, | Page 130 |
| COUNT 18:<br>CONSPIRACY TO VIOLATIONS OF PLAINTIFF'S<br>RIGHTS UNDER THE FIFTH AMENDMENT TAKINGS-<br>CLAUSE | Sets: #1, #2, #3, #4, #8, | Page 134 |
| COUNT 19:<br>VIOLATION OF PLAINTIFF'S DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 137 |
| COUNT 20:<br>DEMOLITION OF HIS PROPERTIES IN<br>VIOLTION OF DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 140 |
| COUNT 21:<br>VIOLTION OF PLAINTIFF'S EMPLOYMENT<br>WITHOUT DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 142 |
| COUNT 22:<br>EQUAL PROTECTION OF THE LAW | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 143 |
| COUNT 23:<br>THEFT and CONVERSION OF PERSONAL PROPERTY | Sets: #1, #2, #3, #8, | Page 146 |
| COUNT 24:<br>CONSPIRACY TO COMMIT THIEVERY and<br>Conversion of personal properties | Sets: #1, #2, #3, #4, #5, #8, | Page 149 |
| COUNT 25:<br>GROSS NEGLIGENCE),FORGERY | Sets: #1, #2, #4, #8, | Page 152 |
| COUNT 26:<br>THE RIGHT TO A JURY TRIAL | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 154 |

| | | |
|---|---|---|
| COUNT 27:<br>THE RIGHTS TO GOVERNMENT SERVICES and RIGHTS TO USE PUBLIC FACILITIES | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 155 |
| COUNT 28:<br>DISCRIMINATIONS AND CONSPIRACY TO DISCRIMINATED AGAINST PLAINTIFF | Sets: #1, #2, #3, #4, #5, #8, | Page 157 |
| COUNT 29:<br>FREEDOM OF MOVEMENTS and FREEDOM FROM TORTURE | Sets: #1, #2, #3, #4, #5, #8, | Page 159 |
| COUNT 30:<br>DAMAGE TO PERSONAL PROPERTY | Sets: #1, #2, #3, #4, #5, #8, | Page 161 |
| COUNT 31:<br>INTENTIONAL INFLICTION OF EMOTIOMNAL DISTRESS and EMOTIONAL HARM | Sets: #1, #2, #3, #4, #5, #8, | Page 164 |
| COUNT 32:<br>UNLAWFUL DETENTIONS OF PROPERTIES | Sets: #1, #2, #3, #4, #5, #8, | Page 167 |
| COUNT 33:<br>SAFETY FROM HARASSMENT and THE RIGHT TO GAINFUL EMPLOYMENT | Sets: #1, #2, #3, #4, #5, #8, | Page 170 |
| COUNT 34:<br>RIGHTS GIVEN PLAINTIFF BY THE STATE OF MICHIGAN | Sets: #1, #2, #3, #4, #5, #8, | Page 172 |
| COUNT 35:<br>Whistleblowing | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 174 |
| COUNT 36:<br>THE RIGHT TO HOUSING | Sets: #1, #2, #3, #4, #5, #8, | Page 177 |
| | Please see (ECF No.145, PagesID.2109- 2287) | |

**EXHIBITS of Record**

| | | |
|---|---|---|
| EXHIBIT A | **Forgery** Documents | ID.560-563 |
| EXHIBIT B | Barnaby's Affidavit | ID. 564-569 |
| EXHIBIT C | Knowledge/Not Protect Against Illusory Truth | ID.770-779 |
| EXHIBIT D | Dr Bulgin Expert Report | ID. 580-588 |
| EXHIBIT E | Dr. Payne Expert Report | ID.589-607 |
| EXHIBIT F | Paid in Full Niles Properties 2007 Tax Receipt | ID.608-609 |
| EXHIBIT G | Appraisal Report at $12,000.00 | ID.610-635 |
| EXHIBIT H-1 | Opinion #1 of  Sixth Circuit Court | ID.636-640 |
| EXHIBIT H-2 | Opinion #2 of  Sixth Circuit Court | ID.741-643 |
| EXHIBIT H-3 | Judgment of Sixth Circuit Court | ID.644-645 |
| EXHIBIT I-1 | Witskowski's **Perjury Deposition.** | ID.646- 686 |
| EXHIBIT I-2 | Witskowski's Deposition. | ID.687-694 |
| EXHIBIT I-3 | Witskowski's Deposition. | ID.695-708 |
| EXHIBIT I-4 | **UPL & Foreclosure Judgment-August 18, 2010,** | ID.709-714 |
| EXHIBIT J | State Michigan Bar Letter | ID.715-716 |
| EXHIBIT K | Judgement &  **Forgery** Order | ID.717-723 |
| EXHIBIT L-1 | Attorney Holmstrom's **Forgery** Brief | ID.724-726 |
| EXHIBIT L-2 | Attorney Holmstrom's **Forgery** Brief | ID.727-729 |
| EXHIBIT L-3 | Attorney Holmstrom's **Forgery** Brief | ID.730-734 |
| EXHIBIT O | Witskowski's **Willful False Affidavit/Perjury** | ID.756-758 |
| EXHIBIT W-1 | Sixth Circuit Order (ECF Nos. 72) | ID.000-000 |
| EXHIBIT W-2 | Sixth Circuit Judgment. (ECF Nos. 73) | ID.000-000 |
| EXHIBIT W-3 | Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95) | ID.000-000 |
| EXHIBIT W-4 | Magistrate's Order (ECF Nos. 91) | ID.000-000 |
| EXHIBIT W-5 | Plaintiff's Default /Brief (ECF No. …) | ID.000-000 |
| EXHIBIT W-6 | Barnaby's Affidavit | ID.1187- 1188 |
| EXHIBIT W-7 | Notice from Clerk  (ECF Nos. 84) | ID.000-000 |
| EXHIBIT W-8 | Proof Service of Sommons  Receipts | ID.1190-1200 |
| EXHIBIT W-9 | Attorney Hackworth Job Description | ID. 1201 |
| EXHIBIT W-10 | Request or Motion for Default Judgment | ID.1205 |
| EXHIBIT W-11 | Attorney Holmstrom's Personal Letter to Judge | ID.000-000 |
| EXHIBIT W-12 | Electric receipt that further Proofs Proper Service | ID. 1379-1380 |
| EXHIBIT W-13 | Proof of  Holmstrom Defendants Service rejection | ID.1381-1383 |
| EXHIBIT W-14 | District Court's Service Handbook | ID.1384-1386 |
| EXHIBIT W-15 | Mr. Hackworth, Authorized by Appointment or by Law | ID. 1387-1388 |
| EXHIBIT W-16 | …………………………………….. | ID. 1398-1400 |
| EXHIBIT W-17 | Rejected Stipulation ……………………… | ID.1657-1661 |
| EXHIBIT W-18 | …………………………………………. | ID.1694-1697 |
| EXHIBIT W-19 | Proof of Served Summonses on Holmstrom Defendants | ID. 2724- 2726 |
| EXHIBIT W-20 | Default-Judgments (ECF Nos. 28,31,32,75,77,81,88,95,124) | ID. 1748- 1814 |
| EXHIBIT W-21 | Defendants' Berrien County, Benton Harbor conspiracies | ID. 2077- 2085 |
| EXHIBIT W-22 | Conspiracy not to prosecute the other Defendants | ID.000-000 |
| EXHIBIT W-23 | STATE SIXTH CIRCUIT APPELLATE BRIEF | ID.1945- 1967 |
| EXHIBIT W-24 | Plaintiff and County Defendants correspondence/Sanction | ID.2671-2672 |
| EXHIBIT W-25 | Updated Affidavit of Damages | ID.0000.0000 |

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**
*Authority*:

Plaintiff's Response in Opposition to Defendant' s Opposition to his Motion for

Summary Judgment: **<u>Fed. R. Civ. P. 1;</u>**  Fed. R. Civ. P. 56(a); Fed. R. Civ. P. 55: (a)(b)(1)(2);

Fed. R. Civ. P. 12(a)(1)(A)(i);  The doctrine of the law of the case; The law of the case doctrine;

Res Judicata and or Collateral Estoppel ; "General Property Tax Act, P.A. 206 of 1893, and,

amended (MCL 211.1 et seq.) ("GPTA;  Forgeries "(Mi. Comp. Laws Ann. § 750-248    § 750-

249.)";  "Conspiracy, act 328 of 1931 750.157a", Unauthorized Practice of Law, "(MCL 600.916

and MCL 450.681)";  First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the

Amendments;  Civil Rights Acts of 42 U.SA. §1983;  42 U.S.C. §2000;  Fed. R. Crim. P. 41,

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); McCormick v. Braverman, 451

F.3d 382, 393 (6th Cir. 2006); Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–

Decided May 25, 2023); Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020.

x

## I.  INTRODUCTION

Plaintiff  filed his Second Amended Complaint-(ECF Nos. 10), Defendant Benton Harbor did not file an answer nor a rule 12 motion. Plaintiff filed for entrance of Default and Default Judgment-(ECF Nos. 31,32,75,77,81,88,95 and 124), against Benton Harbor and the District Court Denied-(ECF Nos. 91, 96, 127); Plaintiff filed for Sixth Circuit Appellate Court preservation of his Default and Default Judgment. Exhibit W-20.  Benton Harbor, then filed dismissal motion-(ECF No. 121) against Plaintiff's Third Amended Complaints-(ECF No. 36). The Court Ordered Plaintiff to respond to Benton Harbor's motion by March 11, 2024, and he complied. Plaintiff's response inclusive of his Cross-Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(a), which Defendant opposed. Plaintiff now responds to Benton Harbor opposition to his Motion for Summary Judgment that, Benton Harbor's response demonstrates that, this Court must as a matter of law grant Plaintiff's Summary Judgment.

## II.  STATEMENT OF FACTS

The facts set forth in Plaintiff's Opposition to Defendant Benton Harbor's Dismissal Motion and Plaintiff Cross-Motion for Summary Judgment that, came directly from its, Coconspirators Berrien County Defendants and its, Treasurer, Mr. Witkowski, own Deposition, which were irrefutable by the Benton Habor Defendant, because they are undeniable material facts. (ECF No. 144, Pages ID.1979-1986).  Plaintiff repeats below:

"Notwithstanding that, Defendants City of Benton Harbor and State of Michigan Governors and Berrien County Defendants should have allowed him to pay delinquent taxes that he owed on his properties before foreclosing on his same properties; with the $36,000.00 owed to Plaintiff from the Niles Charter Township, parcel# is, 11-14-0112-0011-17-4/ 2116

S. 15th Street.  Moreover, Defendant – Bret Witkowski Treasurer testified in deposition of his wide-ranging conspiracy, repeated throughout Plaintiff's complaint, involving "an evil plot and an elaborate scheme involve Defendant City of Benton Harbor to demolished Plaintiff's properties in furtherance of their gentrification to steal and defraud Plaintiff" of his properties. The conspiracy and or conspiracy of silence an agreement superglue holding between Treasurer Bret Witkowski and  the Benton Harbor—State of Michigan, Governors, conspiracy and or conspiracy of silence agreement to demolished Plaintiff's 235-239 Pipestone parcels in violations of Plaintiff's due process. " <u>7 Q Is that also your understanding that 235 Pipestone is 8 demolished? 9</u> **A Was that the yellowish brick one?** 10 Q 235 Pipestone. 11 **A I'm trying to remember. You're asking me, I'm just** 12 **asking if you can tell me what it looked like.** 13 Q Yes. I want to believe so, yes. …..17 Q My question, is it true that you did demolish? 18 **A Is that the one you put all the signs on?** 19 Q Yes.   20 **A Yes, that's demolished because it was imploding, we** 21 **had to do an emergency demo.** 22 Q My question, and it is your testimony that that is not 23 because I chose to get paid for the Niles property? 24 **A They were foreclosed on because you refused to pay the** 25 **taxes.** 2 **A The demolition was in concordance with the City of** 3 **Benton Harbor Commission that asked for those to be** 4 **tore down with high priority, of which I had approved."**

"The city of Benton Harbor Defendant motion and supporting brief omitted that Plaintiff did not lose his 235-239 Pipestone properties due to unpaid properties back taxes nor foreclosure Plaintiff 's, but to Defendants Forgery, Retaliation, Conspiracy, Fraud, Theft, Coverup that demolished them in violation of Plaintiff's due process. In addition, the Motion and Brief omitted, given the facts that:  **1).** Defendants owed Plaintiff according to its Appraised $12, 000, times three for theft equal **$36, 000.00**, for his Niles Property.   **2)**. Their

demolishing of Plaintiff's 235-239 Pipestone parcels by Forgery, Retaliation, Conspiracy, Fraud and in violation of his due process, that cost to rebuild it is **$619,851.00**. As such, Defendants City of Benton Harbor and State of Michigan Governors who oversaw the City then, owed Plaintiff **$619,851.00** for his 235-239 Pipestone property that they conspired and demolished by acts of forgery and in violations of Plaintiff's constitutional due process rights.

Defendant –Witskowski, Treasurer of Berrien County, testified in his deposition that he conspired with Defendant City of Benton Harbor to demolished Plaintiff's properties in violation of his due process. Again, Plaintiff did not lose his 235-239 Pipestone parcels because of failure to pay properties taxes, but because of Defendants' retaliations against Plaintiff and their gentrification agenda that targets Plaintiff. See deposition transcripts below:"

**Treasurer Witskowski's Deposition at Page #67**

18 BY MR. BARNABY:
19 Q Okay. So that is -- I'm done.
20 Now, I want to transition to something else.
21 My question is with respect to 931 Colfax. Are you
22 familiar with 931 Colfax?
23 **A Was that a light tan brick building?**
24 Q That was a white house.
25 **A A house?**

**Treasurer Witskowski's Deposition at Page #121**

1 Q Is it also correct that 9 -- I'm sorry -- that 189
2 Apple is demolished?
3 **A I think so, but I don't know for sure.**
4 Q 189 Apple Street is demolished. So you say you think
5 so but you're not sure?
6 **A I don't know that.**
7 Q Is that also your understanding that 235 Pipestone is
8 demolished?
9 **A Was that the yellowish brick one?**

3

10 Q 235 Pipestone.
11 **A I'm trying to remember. You're asking me, I'm just**
12 **asking if you can tell me what it looked like.**
13 Q Yes. I want to believe so, yes.
14 MR. HOLMSTROM: Was it residential or
15 commercial?
16 BY MR. BARNABY:
17 Q My question, is it true that you did demolish?
18 **A Is that the one you put all the signs on?**
19 Q Yes.
20 **A Yes, that's demolished because it was imploding, we**
21 **had to do an emergency demo.**
22 Q My question, and it is your testimony that that is not
23 because I chose to get paid for the Niles property?
24 **A They were foreclosed on because you refused to pay the**
25 **taxes.**

**Treasurer Witskowski's Deposition at Page #122**

1 Q And the demolition has nothing to do with that?
2 **A The demolition was in concordance with the City of**
3 **Benton Harbor Commission that asked for those to be**
4 **tore down with high priority, of which I had approved.**
13 Q Where do you get money from to demolition a building?
14 **A Most of it's from the foreclosure fund.**
15 Q So from where the rest from?
16 **A We may have received grants over time period.**
17 Q From where?
18 **A The State and the Federal.**
19 Q State and the Federal. And what are the name of those
20 grants?
21 **A We have received City of Promise. We have received**
22 **Neighborhood Stabilization No. 1, Neighborhood**
23 **Stabilization No. 2, all of which would not allow us**
24 **to remove commercial properties only residential.**
25 Q Okay. So those monies, are those monies just to demo

**Treasurer Witskowski's Deposition at Page #123**

1 property or are they also to refurbish property?
2 **A Only for demolition.**
3 Q Do you have any grant, anything from your office that
4 helps to stabilize in terms of fix up a building that
5 could be fixed?
6 **A No. The City of Benton Harbor does.**
7 Q Do you work with City of Benton Harbor to get those
8 grants?

4

9 **A No.**
10 Q Is that correct?
11 **A No, I don't, they do their own.**
12 Q Those property that were demolitioned, what role does
13 your office play?
14 MR. HOLMSTROM: Are you referring to which
15 property, 931?
16 BY MR. BARNABY:
17 Q 931. 931, 941, 189 Apple.
18 **A Well, when they're in Berrien County's name the County**
19 **has the right to do with them whatever they want. In**
20 **this case we worked with the City to identify high**
21 **priorities of which all those were high priorities for**
22 **the City to tear down.**
23 Q Fair. Are you aware that months ago those property
24 has been through city inspection and passed city
25 inspection?

**Treasurer Witskowski's Deposition at Page #124**

1 MR. HOLMSTROM: What date are you talking
2 about?
3 BY THE WITNESS:
4 **A Do you have any proof?**
5 **MR. BARNABY: In 2013.**
6 **A Do you have anything to prove it?**
7 Q The city record will.
8 **A Shows you how bad the city is because I got it where**
9 **they wanted it tore down.**
10 Q So --
11 **A And voted on it by a commission.**
12 Q We will explore that.
13 **A There's nothing to explore, I got it.**
14 Q So what you're saying is that those property was in
15 your possession?
23 Q Let's deal with 931 Colfax. Do you know that property
24 was purchased through your county tax sale?

25 **A You bought a lot through the county tax sale including**

**Treasurer Witskowski's Deposition at Page #125**

1 **Niles for $50.**
2 Q For how much?
3 **A $50.**
4 Q How much did I pay for the house?
5 **A Fifty.**

6 Q And that's your testimony. Are you sure about that?

7 **A No, I'm not sure.**

8 Q Okay. But you just say --

9 **A You were pretty good at coming to the auctions and**

10 **paying other people's foreclosed property, it never**

11 **bothered you one bit.**

12 MR. HOLMSTROM: Is there a question on the

13 floor?

14 BY MR. BARNABY:

15 Q Yes, it is.

16 MR. HOLMSTROM: What's the question?

17 BY MR. BARNABY:

18 Q You mentioned that the $50 for the Niles property.

19 Are you stating the $50 because in your mind it's

20 worth nothing? Or are you stating it because it's a

21 fact?

22 **A I think it's ironic that you're suing us for**

23 **foreclosing when that's how you make a living off of**

24 **foreclosed people.**

25 Q Okay. Okay.


## Treasurer Witskowski's Deposition at Page #126

1 **A And you're getting your due.**

2 MR. HOLMSTROM: I think his question was

3 whether or not you recall the price.

4 BY THE WITNESS:

5 **A No, I don't recall the price.**

6 **BY MR. BARNABY:**

7 Q Before you mention that, first you said it was worth

8 nothing and now you said I bought it for $50.

9 **A So?**

10 Q Your answer is so?

11 **A So what.**

12 Q So what? Okay.

13 **A I know you bought it at an auction sale. Someone else**

14 **lost it and it didn't bother you.**

15 Q Fair enough. Back to 931 Colfax. Is it also true

16 that I purchased 931 Colfax at the auction as well?

17 **A I don't know.**

21 Q Are you not aware that there were inspection on 931

22 Colfax months before you tore that property down?

23 **A No.**

24 Q Passed inspection in town?

25 **A Doesn't -- it speaks on Benton Harbor's inspection of**

<u>**Treasurer Witskowski's Deposition at Page #127**</u>

1 **property, it speaks for nothing.**
2 Q So are you doing anything with that at all?
3 MR. HOLMSTROM: Objection.
4 BY THE WITNESS:
5 **A Their inspection process is poor by their own**
6 **admission.**

The discovery will prove to the Court that Plaintiff's did not lose his 235-239

Pipestone parcels to unpaid property taxes, but by their, wide-ranging conspiracy, repeated

throughout Plaintiff's Second, Third and Fourth Amended complaints, involving "an evil plot

and an elaborate scheme to steal and defraud Plaintiff" of his properties. (ECF No. 36 at

PageID.183.)  Treasurer Witskowski's Deposition supporting fact proved Plaintiff's Second,

Third and Fourth Amended complaints wide-ranging conspiracy or evil plot and an elaborate

scheme to steal and defraud Plaintiff" of his properties.

In addition, Plaintiff contends that his Benton Harbor Properties were on two main

essential  streets, Colfax, and Pipestone. Plaintiff used his properties for his livelihood and to

help improve the residents of Benton Harbor. Example Plaintiff work close with the

Honorable Rev. Edward Pinkney a civil right leader who have the residents of Benton Harbor

best interest at heart. The Honorable Rev. Edward Pinkney is often falsely  imprisoned just

for looking out for the residence of Benton Harbor.

Lastly, Defendant City of Benton Harbor and State of Michigan Governors and

Berrien County Defendants conspired and demolished his properties which many had recently

passed inspection and  his 235-239 Pipestone parcels had nothing to do with failure to pay

property taxes, but because of Defendants' discriminations and retaliations against Plaintiff

and their gentrification agenda that targets Plaintiff and demolished his properties. When Plaintiff asked about his 235-239 Pipestone parcel, the Berrien County Defendants connects their conspiracy with the Defendant City of Benton Harbor and State of Michigan Governors Defendants, " <u>7 Q Is that also your understanding that 235 Pipestone is 8 demolished? 9 **A Was that the yellowish brick one?**</u> 10 Q 235 Pipestone. 11 **A I'm trying to remember. You're asking me, I'm just** 12 **asking if you can tell me what it looked like.** 13 Q Yes. I want to believe so, yes. …..17 Q My question, is it true that you did demolish? <u>18 **A Is that the one you put all the signs on?**</u> 19 Q Yes.    2 **A The demolition was in concordance with the City of** 3 **Benton Harbor Commission that asked for those to be** 4 **tore down with high priority, of which I had approved."**

"The Defendant City of Benton Harbor and State of Michigan Governors Defendants conspired with the Berrien County Defendants to unlawfully demolished Plaintiff's properties, with "high priority", in violation of his due process and other rights. Moreover, Plaintiff did not lose his 235-239 Pipestone Property due 2013 foreclosure, but to, City of Benton Harbor, State of Michigan Governors and Berrien County Defendants' conspiracies forgery, fraud, retaliation, discrimination, thievery, and conspiracy to coverup their unlawfully demolitions of Plaintiff's properties."

## III. LEGAL STANDARD.

**1). Fed. R. Civ. P. 1,** govern civil proceedings in the United States district courts. Their purpose is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules were first adopted by order of the Supreme Court on December 20, 1937, transmitted to Congress on January 3, 1938, and effective September 16, 1938. The Civil Rules were last amended in 2023.

**2). Fed. R. Civ. P. 56(a).** As there are no genuine disputes of material fact, Plaintiff Summary Judgment is proper, and he is entitled to the Judgment as a matter of law.

### III.  ARGUMENT

Plaintiff contends that, the Defendants Benton Harbor's response to his Motion for Summary Judgment demonstrates that, its Dismissal Motion is legally moot and that, Plaintiff's Summary Judgment is warranted, as there are no genuine disputes of material fact and he is entitled to the Judgment as a matter of law, pursuant to Fed. R. Civ. P. 56(a).  Benton Harbor did not dispute, nor could it have disputed the material fact that, it conspired with the Berrien County Defendants and its Treasurer, Mr. Witkowski and State of Michigan Defendants Governors from on or about February 01, 2012 to present, in silence agreement to say nothing, that they demolished Plaintiff's properties in violation of his due process, discriminated against Plaintiff, and not allow him to pay other properties taxes before foreclosure and demolition.  In addition, "The Defendant City of Benton Harbor and State of Michigan Governors Defendants conspired with the Berrien County Defendants to unlawfully demolished Plaintiff's properties, with "high priority", in violation of Plaintiff's due process and other rights. Moreover, Plaintiff did not lose his 235-239 Pipestone Property due to 2013 foreclosure, but to, City of Benton Harbor, State of Michigan Governors and Berrien County Defendants' conspiracies forgery, fraud, retaliation, discrimination, thievery, and conspiracy to coverup their unlawfully demolitions of Plaintiff's properties."

Again, the facts set forth in Plaintiff's Opposition to Defendant's Dismissal Motion and Plaintiff Cross-Motion for Summary Judgment, came directly from its own Berrien County Defendants and its Treasurer, Mr. Witkowski , its Coconspirator Defendants own Deposition, that are irrefutable by the Benton Habor Defendant, because they are undeniable material facts.

Notwithstanding Defendant's Benton Harbor's moot response that, could not disprove that Plaintiff's Motion for Summary Judgment is warranted, as there are no genuine disputes of material fact and he is entitled to the Judgment as a matter of law, pursuant to Fed. R. Civ. P. 56(a).  Benton Harbor, further turn to another Hail Mary argument that, this Court should now grant Plaintiff's Moton to Amend his Third Amended Complaint-(ECF No. 36), to become the Fourth Amended Complaint-(ECF Nos. 145, 146), to coverup that there are no genuine disputes of material fact. But Plaintiff contends that, this Your Honorable Court should reject Defendant's argument as follows:

 **1).**  Plaintiff contends may it be the Second, Third or Fourth Amended Complaint(ECF Nos. 10, 36 and 145), the facts are the same.   **2).** Again, the facts set forth in Plaintiff's Opposition to Defendant's Dismissal Motion and Plaintiff Cross-Motion for Summary Judgment, came directly from its own Berrien County Defendants and its, Treasurer Mr. Witkowski, its Coconspirator Defendants own Deposition, that are irrefutable by the Benton Habor Defendant. **3).** The City of  Benton Harbor Defendant's filed Dismissal Motion(ECF No. 121) because it knew that there is no need for discovery. Furthermore, Benton Harbor would have been the one with the discovery material if any**.   4).** The facts that Plaintiff relied upon, came from City of Benton Harbor Defendantits own Berrien County Defendants and its, Treasurer Mr. Witkowski, its Coconspirator Defendants own Deposition.

Plaintiff contends that, both as a matter of fact and law this your Honorable Court can and should grant him the relief he is seeking from his Second and Third Amended Complaint-(ECF Nos. 10,36),  from the City of  Benton Harbor Defendant and or any other  Defendants, pursuant to Fed. R. Civ. P. 55(a)(b)(1)(2), Fed. R. Civ. P. 12(c) and or Fed. R. Civ. P. 56(a), considering, Fed. R. Civ. P. 1.  But and only if the relief Plaintiff seeks cannot be granted from his Second and Third Amended Complaint-(ECF Nos. 10,36), then this this your Honorable Court can and should allow his Fourth Amended Complaint-(ECF No. 145), to be become controlling, on a Defendant by Defendant basis, respectfully.

## VI. CONCLUSION and Relief Requesting

For reasons articulated herein: **1).** Plaintiff request that this Your Honorable Court, **Deny** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF Nos. 10, 36). **2).** To Grant Plaintiff's Cross-Motion for Summary Judgment with damages, the Complaint claims that, "…**each Defendant** had the duty and or their duty afford them the opportunity to…. to remedy the unlawful actions in whole, either **by collective efforts** or **individual effort** to retore Plaintiff in full,

> "19. Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to retore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint." (ECF No. 10, PageID.167) and (ECF No. 36, PageID.181)

Plaintiff/Appellant, request that this Court Grant him full Compensatory Damages of **$17,188,857.80** and Punitive[1] damages, Four-Times his Compensatory Damages of **$68,755,431.40,** grand total of **$85, 944,289.20**. Please see (Exhibit W-25)

Respectfully Submitted,

Dated: April 11, 2024,                          \S/ Owen W. Barnaby
                                                Owen W. Barnaby, In Pro Se.

---

[1] E. Jean Carroll v. Donald J. Trump          Case No. 20 CIVIL 7311(LAK)

It is hereby ORDERED, ADJUDGED AND DECREED: That after a Jury Trial before Honorable Lewis A. Kaplan, United States District Judge, Plaintiff E. Jean Carroll has judgement for compensatory damages (other than for the reputation repair program) in the amount of $7,300,00.00, Plaintiff E. Jean Carroll has judgement for compensatory damages (for the reputation repair program only) in the amount of $11,000,000.00; and Plaintiff E. Jean Carroll has judgement for punitive damages in the amount of $65,000,000.00, each as against the defendant Donald J. Trump for an aggregate sum of $83,000,000.00. Dated New York, New York February 8, 2024.

So Ordered: _____
U.S.D.J.

RUBY J. KRAJICK
Clerk of Court
BY: _____
Deputy Clerk

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on the 11th  day of March 2024, a duplicate original of
Plaintiff's,  EXPEDITED CONSIDERATION REQUESTED, Plaintiff's Brief, against all named
Defendants filed with the Clerk using the ECF System, which will provide electric notice to the
parties of record, and I have emailed and mailed by U.S. Postal Service the same to the  non-ECP
participants attorney above.


Respectfully Submitted,


Dated:  March 11, 2024,                    \S/ Owen W. Barnaby
                                           Owen W. Barnaby, In Pro Se.

14

## <u>CERTIFICATE OF COMPLIANCE</u>

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.2(b)(i) because, excluding the part of the document exempted by this rule, this brief contains 3,379 words.

2. This document complies with the typeface requirements of Local Rule 7.2(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.


Respectfully Submitted,

Dated:  January 11, 2024,                     \S/ Owen W. Barnaby
                                                          Owen W. Barnaby, In Pro Se.