UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

--------------------------------------------------------------------x
OWEN W. BARNABY,

                        Plaintiff,     No. 1:22-cv-01146 (RJJ)(SJB)

v.

MICHIGAN STATE GOVERNMENT, et al.

                        Defendants.
--------------------------------------------------------------------x

## BERRIEN COUNTY DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

### PRELMINARY STATEMENT

As set forth in the Berrien County Defendants' moving papers, Plaintiff has failed to properly serve the Berrien County Defendants within the timeframe specified by Fed. R. Civ. Proc. 4 as modified by previous orders of this Court.

Plaintiff's opposition papers fail to rebut the arguments set forth in the Berrien County Defendants' moving papers. To the contrary, Plaintiff instead still continues to argue that his previous defective attempt at service, which has already been determined by this Court to be ineffective, constituted proper service. In addition, Plaintiff argues that his time to serve the Original Berrien Defendants,[1] which expired on February 10, 2024 after a 45-day extension had been granted by the Court, should have been extended again despite the fact that no good cause

---

[1] As stated in Berrien County Defendants' moving papers, the original unserved Defendants that are either entities of or current employees of Berrien County include: (1) Berrien County Government, (2) Berrien County Board of Commissioners, (3) Shelly Weich, (4) Lora L. Freehling, (5) Hon. Donna Howard, and (6) R. McKinley Elliott (together, "Original Berrien Defendants").

for an extension was ever articulated. With respect to service, Plaintiff finally argues that his partial attempt to serve the New Berrien Defendants[2] was effective, despite the fact that he did not accomplish, or even attempt, personal service as required under the Rules.

Notably, what Plaintiffs' opposition does not do is articulate any good cause for his failure to serve within the timeframe allotted for service under the Federal Rules of Civil Procedure, as extended by the Court's prior Order. Because he has not shown, or even attempted to show, good cause under Rule 4(m), the action must be dismissed without prejudice against the Berrien County Defendants.

In addition to his opposition to the Berrien County Defendants' motion to dismiss, Plaintiff also attempts to cross-move for summary judgment under Rule 56(a) and for sanctions under Rule 11. As the Berrien County Defendants have not yet appeared in this action other than to make a special appearance to contest service of process and personal jurisdiction, these motions will not be addressed on the merits. Nonetheless, summary judgment is not appropriate where, as here, none of the Berrien County Defendants has appeared in the action, no responsive pleading has yet been filed and no discovery has been conducted. As for Plaintiffs' Rule 11 motion, it is likewise inappropriate, as all of Berrien County Defendants' legal contentions are warranted by existing law.

---

[2] As stated in Berrien County Defendants' moving papers, the new Defendants that are either entities or current employees of Berrien County added in the Third Amended Complaint consist of: (1) Hon. Mabel J. Mayfield, (2) Hon. Gary J. Bruce, and (3) Berrien County Trial Court (together, "New Berrien Defendants").

## ARGUMENT

### POINT I

**PLAINTIFF HAS FAILED TO PROPERLY SERVE THE BERRIEN DEFENDANTS WITHIN THE PERMITTED TIMEFRAME**

As set forth in Berrien County Defendants' moving papers, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5), a Court may dismiss a defendant from an action where service of process was incomplete or insufficient, Sawyer v. Lexington-Fayette Urb. Cnty. Gov't, 18 F. App'x 285, 287 (6th Cir. 2001), as failure to properly serve a defendant deprives the court of personal jurisdiction, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).

    A.    *Service on the Berrien County Government, Berrien County Board of Commissioners, Shelly Weich, Lora L. Freehling, Donna Howard, and R. McKinley Elliott*

The Court has already determined that Plaintiff's initial attempt to serve the Berrien County Government, the Berrien County Board of Commissioners, Shelly Weich, Lora L. Freehling, Donna Howard, and R. McKinley Elliott through service by certified mail upon Berrien County Corporate Counsel was ineffective. (ECF No. 91, PageID.1122-1124; ECF No. 127, PageID.1663.) See also Gerics v. Trevino, No. 15-cv-12922, 2018 WL 3216238 at *3 (E.D. Mich. July 2, 2018) (holding that a County Corporate Counsel is not authorized to receive service for the County).

On December 27, 2023, this Court extended Plaintiff's time to serve these defendants for an additional 45 days. (ECF No. 91). Instead of using this time to effect proper service on these defendants, Plaintiff instead moved for an additional extension of time on January 31, 2024, asking that he not be required to attempt service until after the resolution of an improper interlocutory appeal. (ECF No. 126.) On February 2, 2024, the Court denied the request. (ECF No. 131.) Following this Order, Plaintiff still had until February 10, 2024 to effect service under the

3

extension. Rather than even attempt service, Plaintiff instead chose to allow the time to serve to expire, and then, nearly two weeks later, filed a confusing and prolix motion that, among many other things, reiterated his request for an extension of this deadline. (ECF No. 138.) Just like his opposition here, that motion made no attempt to present good cause for the failure to serve, instead arguing that his request was warranted "[o]n the grounds of Judicial bias, clearly erroneous or unsoundness of reasoning, unfairness, and contrary to how the Court deals with the Defendants." (ECF No. 138, PageID.1738.)

As Plaintiff made no further attempt to serve these entities within the additional 45-day time frame provided by the Court for such service, none of these individuals and entities has been properly served. Because Plaintiff has failed to show good cause to justify another extension, the claims against them should be dismissed.

   B.  *Service on the Berrien County Trial Court, Hon. Mabel J. Mayfield, and Hon. Gary J. Bruce*

As set forth in the Berrien County Defendants' moving papers, Plaintiff's attempt to serve the New Berrien Defendants (Berrien County Trial Court, Hon. Mabel J. Mayfield, and Hon. Gary J. Bruce) likewise failed to comply with the Court rules.

Once again, Plaintiff elected to attempt to serve a governmental body, the Berrien County Trial Court, exclusively by certified mail, rather than by personal service as required both under the Federal and Michigan rules.[3] As for the judicial defendants, Plaintiff again attempted to serve

---

[3] Again, with respect to the Michigan rules, while the rules do require a copy of the service of process to be mailed to the officer, which the Berrien County Trial Court concedes that Plaintiff attempted to accomplish on March 26, 2024 (notwithstanding that the parcel was refused), Plaintiff failed to even attempt the personal service upon the office that is also required under the Rule. Mich. Ct. R. 2.105(G) (service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office). Thus, even if the parcel sent to the Berrien County Clerk had been accepted, it still would not have constituted permissible service on the Berrien County Trial Court under the rules.

an official (the Berrien County Clerk) on behalf of other, unrelated individual defendants,[4] despite the fact that there is no law, rule or agreement establishing that a County Clerk may accept service on behalf of a judicial defendant.  Plaintiffs' opposition papers cite no law or authority to the contrary.

As Plaintiff's time to achieve proper service on the New Berrien Defendants has now expired, and because Plaintiff has failed to even attempt to show good cause for his failure to effect proper service, the claims against them should be dismissed.

Again, although Courts generally decline to dismiss defendants from an action for failure to serve, instead preferring to provide the Plaintiff with additional time to achieve service, dismissal is the appropriate remedy here.  Plaintiff was already explicitly informed that his attempted service was ineffective, and provided with additional time to make good service.  Rather than take good-faith steps to accomplish proper service, as all litigants are required to do under the rules, he chose to file motion after motion attacking the Court's prior orders and take no further action to accomplish service.  Only at the eleventh hour for service on the New Berrien Defendants did Plaintiff attempt to do anything at all to effect service, and he inexplicably elected to once again send a single parcel of process to an official who was not a defendant and could not accept service on behalf of others solely by certified mail, which was exactly what the Court had already ruled to be improper service.  There is simply no reason to believe that additional time will motivate Plaintiff to respect the Federal Rules that all other litigants must abide.  Dismissal is the appropriate remedy.  See <u>Savoie v. City of E. Lansing, Mich.</u>, No. 21-2684, 2022 WL 3643339, at *5 (6th Cir. Aug. 24, 2022) (Sixth Circuit affirming dismissal for failure to serve where good cause

---

[4] In his opposition papers, Plaintiff attempts to seize upon the distinction between individual defendants named in their official capacity as opposed to their individual capacity.  The reality is that, in this case, it is a distinction without a difference, as Plaintiff failed to property serve any of the Berrien County Defendants whether they are considered to be governmental entities or individuals.

5

was not shown by Plaintiff); Cardello-Smith v. JPay, LLC, No. 22-10340, 2023 WL 3963837, at *1 (E.D. Mich. Jan. 30, 2023), report and recommendation adopted, No. 22-10340, 2023 WL 3963820 (E.D. Mich. June 12, 2023) (dismissal appropriate where Plaintiffs failed to serve after lengthy period); Lotus Industries v. City of Detroit, No. 17-13482, 2018 WL 4005608, at *4 (E.D. Mich. Aug. 22, 2018) (dismissing Plaintiff's claims without prejudice for failure to properly serve after an extension had already been granted); Ramirez v. City of Saginaw, No. 10-10739-BC, 2010 WL 3385304, at *2 (E.D. Mich. Aug. 24, 2010) (granting a motion to dismiss for lack of service where "Plaintiff … neither demonstrated good cause for not serving the complaint … nor that he properly served the complaint on Defendant.").

## POINT II

### IN THE ALTERNATIVE, THE THIRD AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THE BERRIEN COUNTY TRIAL COURT

As set forth in the Berrien County Defendants' moving papers, in the event the Court determines that Plaintiff's partial compliance with Mich. Ct. R. 2.105(G) on March 26, 2024 was sufficient to achieve service on the Berrien County Trial Court, notwithstanding that no summons and complaint was personally served on the office of the County Clerk, the Berrien County Trial Court moved pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing it from the action for failure to state a claim upon which relief can be granted.

Plaintiffs' opposition papers utterly fail to rebut any of the arguments set forth by the Berrien County Trial Court.  Plaintiff merely repeats that the Trial Court "actions and omissions amount[] to 'forgeries', 'falsifications of the Court's Record', Fraud upon Courts and conspiracies to commit the same."  These allegations fail to provide any notice of the nature of the claim against the Berrien County Trial Court nor any authority even plausibly suggesting the basis of a potential

claim against the Court, and fail as a matter of law.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## CONCLUSION

For foregoing reasons, the Berrien Defendants' Motion to Dismiss the Third Amended Complaint as against them pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5) should be granted; as alternative relief for the Berrien County Trial Court, its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

Dated:  St. Joseph, Michigan
        April 15, 2024

Respectfully submitted,

/s/ Thaddeus J. Hackworth
Thaddeus J. Hackworth (P84996)
Berrien County Corporate Counsel
701 Main Street
St. Joseph, MI 49085
(269) 983-7111 x8416
thackworth@berriencounty.org
*Attorney for Berrien County Defendants*

**CERTIFICATE OF COMPLIANCE**

This memorandum complies with the word limit of L. Civ. R. 7.2(c), because, excluding the parts exempted by L. Civ. R. 7.2(c), it contains 1,952 words. The word count was generated using Microsoft Word 2016.

/s/ Thaddeus J. Hackworth
Thaddeus J. Hackworth (P84996)
Berrien County Corporate Counsel
701 Main Street
St. Joseph, MI 49085
(269) 983-7111 x8416
thackworth@berriencounty.org
*Attorney for Berrien County Defendants*