UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

      Plaintiff,                                     Hon. Robert J. Jonker

v.                                                  Case No. 1:22-cv-1146

MICHIGAN STATE GOVERNMENT,
et al.,

      Defendants.
_____/

**ORDER Re: ECF Nos. 142, 159, 164, 175, and 177; and Imposing Filing Requirement Pursuant to Fed. R. Civ. P. 1**

The Court has before it the following motions/objection filed by Plaintiff: (1) Objection, in part, to February 29, 2024 Order (ECF No. 142); (2) Motion for Clarification (ECF No. 159); (3) Motion for Leave to File Excess Pages (ECF No. 164); (4) Motion for Clarification (ECF No. 175); (5) Application for Entry of Default Against Defendants Hon. Alfred M. Butzbaugh, F.C.J.; Lori Jarvis, Registrar; Kathleen Culberson, Notary Public; Bret Witskowski, (former) Treasurer; James McGovern, Attorney; and Defendant Witskowski in his individual capacity (ECF. No. 177); and (6) Application for Entry of Default Judgment against the foregoing Defendants (ECF No. 180.) The Court rules as follows:

- ECF No. 142. The Objection is **overruled**. Plaintiff objects to the Court's characterization of his use of the term "forgeries" or "forged" documents. Plaintiff has raised this issue in his responses to the various motions to dismiss and because the Court is aware of his position, he need not file a separate objection.
- ECF No. 159. Plaintiff attempted to serve certain current and former Berrien County employees by mailing summonses and complaints by certified mail, restricted delivery, return receipt requested, to the Berrien County Clerk, who rejected the package. Plaintiff requests clarification "on how the court would have him proceed in light of the Clerk of Berrien County Government refusal or rejection, to accept the served Summonses with copies of Third Amended Complaint-(ECF No. 36." (ECF No. 159 at PageID.2440.) The Court's previous

  Orders have provided Plaintiff with some indication as to what is required for proper service. Plaintiff's assertion that the Berrien County Clerk is authorized to accept service for individual current and former County employees is incorrect. Plaintiff failed to serve those individuals pursuant to either Fed. R. Civ. P. 4(e)(2) or Mich. Ct. Rule 2.105(A). Therefore, the motion is **denied.**

- ECF No. 164. Plaintiff seeks leave to exceed the page limitation to respond to the Berrien County Defendants' motion to dismiss (ECF No. 160). This motion is **denied as moot**. Western District of Michigan Local Civil Rule 7.2(b)(i) provides that briefs in support of and in opposition to a dispositive motion shall not exceed 10,800 words. Plaintiff certified that his response contained only 8,839 words. (ECF No. 163-1 at PageID.2601.) Thus, Plaintiff has no need for the requested extension.
- ECF No. 175. In this motion, Plaintiff requests clarification as to why a summons for Sharon Tyler, Clerk of Berrien County Government, has not issued. Plaintiff added Ms. Tyler as a Defendant in his proposed Fourth Amended Complaint, for which leave has not yet been granted. The Court will address issuance of the proposed summons after it has ruled on Plaintiff's motion for leave to file a Fourth Amended Complaint. Thus, this motion is **denied**.
- ECF Nos. 177 and 180. These motions are **denied**. As set forth above, Plaintiff's attempted method of service on these individuals by service on the Berrien County Clerk was improper. "'Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.'" *Russell v. Tribley*, No. 2:10-CV-14824, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10, 2011), *report and recommendation adopted*, 2011 WL 4396784 (E.D. Mich. Sept. 21, 2011) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.2 (D. Kan. 2008)).

  At present, the Court has before it the following motions: (1) the State Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (ECF No. 116); (2) the City of Benton Harbor's Motion to Dismiss for Failure to State a Claim (ECF No. 121); (3) the Judicial Defendants' Motion to Dismiss Third Amended Complaint (ECF No. 150); (4) the Berrien County Defendants' Motion to Dismiss Pursuant to Rules 12(b)(5) and (6) (ECF No. 16); (5) the Niles Township Defendants' Motion to Dismiss (ECF No. 162); (6) Plaintiff's Motion for Leave to File a Fourth Amended Complaint (ECF No. 146); and (7) the City of Benton Harbor's Motion for Rule 11 Sanctions (ECF No. 148). With the exception of replies from the Judicial Defendants and the Township Defendants in support of their respective motions, these motions are fully briefed

and ready for decision. Once all briefing is complete, the Court will issue a comprehensive report and recommendation on the foregoing motions.

Federal Rule of Civil Procedure provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This rule recognizes the Court's inherent authority to manage its docket to ensure the orderly and efficient disposition of cases. *See Cutlip v. Norfolk S. Ry. Co.*, No. 3:17 CV 961, 2017 WL 8676443 (N.D. Ohio Dec. 18, 2017).

In accordance with Rule 1 and the Court's inherent authority, **IT IS HEREBY ORDERED** as follows:

1. Except as set forth below, until the foregoing pending motions have been resolved, Plaintiff shall not file any motion or other document in this case without first obtaining leave of the Court.

2. In the event that any other Defendant appears in this action and files a Rule 12(b) motion or any other motion, Plaintiff may respond to such motion without first obtaining leave.

Dated: April 19, 2024

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge