# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
|    Plaintiff- Appellant | ) |
|          Vs. | ) Hon. Robert  J.  Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
|    Defendants- Appellees | ) Case No. 1:22 -CV- 1146 |

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382- 4183
Bossproperties96@gmail.com

Attorney T. Hackworth
Berrien County Government
701 Main Street, St. Joseph, Michigan 49085
T. (269) 983-7111, ex 8416 | thackworth@berriencounty.org

 Attorney, T. Seth Koches,
 Niles-Charter-Township/Board of Trustee
470 W. Centre Ave., Ste. A, Portage, MI. 49024
T. 269-382-4500 Koches@michigantownshiplaw.com

Jeffery R. Holmstrom (P29405)
Holmstrom Law Office PLC
830 Pleasant Street Suite 100
St. Joseph, MI 49085
T. (269)-983-0755 | jeff@holmstromlawoffice.com

Attorney Emily P Jenks
6th Floor at Ford Field
1901 St. Antoine St. Detroit, MI 48226
T: 313-393-7582      |       EJenks@bodmanlaw.com

Berrien County Courthouse,
811 Port St, St Joseph, MI 49085

Pendrick Kimberly Attorney General of Michigan
525 W. Ottawa, 5th Floor
P.O. Box 30736, Lansing, MI 48909
T. 517-335- 7659   | PendrickK@michigan.gov

**Plaintiff Seeks Leave, to Serve the Berrien County Defendants
pursuant to Fed. R. Civ. P. 4(m)**

**and leave to:**

**Add Additional Fraud Counts to His Fourth Amended Complaint-(ECF Nos. 140, 145)**

---

Comes now Plaintiff, In Pro Se, Owen W. Barnaby, with his requests for Leaves, "Plaintiff Seeks Leave, to Serve the Berrien County Defendants pursuant to Fed. R. Civ. P. 4(m)", and, "Add Additional Fraud Counts to His Fourth Amended Complaint-(ECF Nos. 140, 145)"

### I. TIME LIMIT FOR SERVICE Under Fed. R. Civ. P. 4(m)

**First,** this Court found that, it was improper Service, that Plaintiff served on the Berrien County Defendants below, on December 09, 2022, by US Postal certified mail, with restricted Delivery and with return receipt ten-Berreien County Defendants in their official capacities and Witkowski, in both his official and Individual capacities. Plaintiff spoke with Attorney, Mr. Thaddeus Hackworth, and he instructed Plaintiff to serve him on behalf of his same Clients. The signed return receipt, PS Form 381,(copied Green Card) was filed in the Court's record:

> **1),** Defendant - Lori D. Jarvis Registrar; **2),** Defendant - Lora L. Freehling Registrar; **3),** Defendant - Kathleen Culberson, Notary Public; **4),** Defendant – Bret Witkowski, Treasurer; **5),** Defendant – Shelly Weich, Treasurer;  **6),** Defendant – Board of Commissioner;  **7),** Defendant – Attorney Mckinley R. Elliott;  **8),** Defendant – Attorney Donna B. Howard; **9),** Defendant – Attorney James Mcgovern;  **10),** Defendant – Berrien County Government; **11**),  Defendant – Bret Witkowski, in his Individual capacity.
> See more fully, (ECF No. 29).

**Second,** this Court found that, it was improper service, that Plaintiff served all Fifteen Summonses with Fifteen copies of Third Amended Complaint-(ECF No 36) upon the Clerk of Berrien County Government, Ms. Sharon Tyler, on behalf of all Fifteen Defendants, by US Postal certified mail, with restricted  Delivery and with return receipt, PS Form 381,(Green Card)

and she willfully rejected or refused them. See, (ECF No. 159) and (ECF No. 161, PageID.2515). Because Defendants defrauded and stole from Plaintiff his properties which were his and his family livelihood, it took him weeks to come up with the money to serve the Fifteen Defendants. The Fifteen Defendants Ms. Sharon Tyler, Clerk of Berrien County Government, willfully rejected or refused, all served Fifteen Summonses with the Fifteen Copies of, Third Amended Complaint-(ECF No 36), on behalf of Defendants as follows:

> **1),** Defendant -  Lori D. Jarvis Registrar;  **2),** Defendant - Lora L. Freehling Registrar;  **3),** Defendant - Kathleen Culberson, Notary Public;  **4),** Defendant – Bret Witkowski, Treasurer;  **5),** Defendant – Shelly Weich, Treasurer;   **6),** Defendant – Board of Commissioner;  **7),** Defendant – Attorney Mckinley R. Elliott;  **8),** Defendant – Attorney Donna B. Howard;  **9),** Defendant – Attorney James Mcgovern;  **10),** Defendant – Berrien County Government;  **11),**  Defendant – Bret Witkowski, in his Individual capacity;  **12).** Defendant – Hon. Mayfield C.J;  **13).** Defendant – Hon. Gary J. Bruce  F.C.J;  **14).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J;  **15).** Defendant Berrien Court Trial Court

**Thirdly,** Plaintiff believes service of process upon Ms. Sharon Tyler, Clerk of Berrien County Government on behalf of the above Defendants was proper pursuant to Mich. Ct. R. 2.105 (G) (1). Moreover, in good faith Plaintiff  served all Fifteen Summonses with Fifteen copies of Third Amended Complaint-(ECF No 36) upon the Clerk of Berrien County Government, Ms. Sharon Tyler, on behalf of all Fifteen Defendants.  pursuant to Mich. Ct. R. 2.105 (G) (1).

> **Mich. Ct. R. 2.105 (G)** Public Corporations. Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on: **(1).** the chairperson of the board of commissioners or the county clerk of a county.

The Court's Order (ECF No. 183) disagrees with Plaintiff's position.  As such, Plaintiff contends, given his good faith service of process of all Fifteen Summonses with Fifteen copies of Third Amended Complaint-(ECF No 36) upon the Clerk of Berrien County Government, which

3

the box containing Summons and copies of Complaints was torn opened, resealed and returned, mail was out for delivery on March 25, 2024 and was returned on March 26,2024 by Ms. Sharon Tyler, on behalf of all Fifteen Defendants, Fed. R. Civ. P. 4(m), is available to him, that states as follows:

> " Fed. R. Civ. P. 4(m).  If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

**Given** that, Plaintiff in good faith of service, served all fifteen-Defendants Summonses with Copies of Complaint within the required 90-days' time span under Fed. R. Civ. P. 4(m) and the Court's Order-(ECF No 131).   **T**he law is clear, "if the plaintiff shows good cause for the failure, the court <u>must extend</u> the time for service for an appropriate period."  Moreover, because of Defendants' willful wanton misconducts have caused Plaintiff to lose all his same real properties, his employment, his livelihood, suffered homelessness, the death of our son; hardship of great pain and suffering; and emotional distress and Plaintiff's properties were his employment and his livelihood for him and his family, that have caused their lives to have been very difficult over these last fourteen years. Plaintiff would have long had a process server company to serve  Defendants long ago if he was not harmed by Defendants, pursuant to the same law Fed. R. Civ. P. 4(m), to allow Plaintiff to reserve them, Summonses with copies of Complaint.

**F**inally, given this Court's Order(ECF No. 183), Plaintiff has asked a friend to loan him the money to hire a process Server to re-serve the above same fifteen Defendants, within 30 days.  Should this Court deny Plaintiff this request for leave to have a process server  to re-serve these same fifteen  Defendants, it would irreparably damage Plaintiff because of time limitations.

4

**II.  Leave to Amend Fourth Under Fed. R. Civ. P. 15(a)(1)(2) and or Order-(ECF No 140).**

According to Fed. R. Civ. P. 15(a)(1)(2) and the Court's prior Order-(ECF No, 140) below, Plaintiff had amended his Complaint-(ECF No, 145).

> The Sixth Circuit "disfavors sua sponte dismissal of complaints on the merits." *Doe v. Oberlin Coll.*, 60 F.4th 345, 351 (6th Cir. 2023). Even so, it has formulated a procedure by which a district court may sua sponte dismiss claims in appropriate circumstances. The procedure, adopted in *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), requires that a district court:
>
>> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal. *Doe*, 60 F.4th at 351 (quoting *Tingler*, 716 F.2d at 1112).
>
> "Pursuant to Tingler, the Court notifies Plaintiff and the Township Defendants that it may issue a report and recommendation for dismissal of Plaintiff's claims against the Township Defendants for the reasons set forth by Defendant City of Benton Harbor in its brief in support of its motion to dismiss. (ECF No. 121 at PageID.1588–1602."

Since Plaintiff amended his Complaint-(ECF No, 145), he has discovered more fraud that Defendants have committed against him and seeks leave to add the following counts of Fraud: **1).** Fraud by UPL, **2).** Fraud by forgery, **3).** Fraud Falsification, **4).** Frauds unlawful concealment, **5).** Fraud by Fraudulent testimony in deposition. **6).** Fraud by concealment that they reduced the property values in 2007 tax year. **7).** Fraud by in pleading with false affidavit. 8). Fraud upon courts to commit the 7 seven same. **9).** Fraudulent Conspiracies to commit the 8 same frauds. 10). Fraud to diminish Plaintiff's property under the false pretense of unpaid property taxes. **11).** Fraud to foreclosure plaintiff's Properties under the false pretense of unpaid Properties taxes.

Case 1:22-cv-01146-RJJ-SJB   ECF No. 184,  PageID.2905   Filed 04/19/24   Page 6 of 7

## **Conclusion and Leave Request**

As articulated above, Plaintiff seeks leaves: 1). To have Process Server to Serve the Fifteen Berrien County Defendants. Again, given this Court's Order(ECF No. 183), Plaintiff has asked a friend to loan him the money to hire a process Server to re-serve the above same fifteen Defendants, with 30 days.  Should this Court deny Plaintiff this request for leave to have a process server to re- serve these same fifteen  Defendants, it would irreparably damage Plaintiff because of time limitations.   2). To add the additional Eleven Plus Fraud Counts to his Fourth Amended Complaint Complaint-(ECF No, 145).

Respectfully Submitted,

Dated:  April 19, 2024,                                     \S/ Owen W. Barnaby

                                                                            Owen W. Barnaby, In Pro Se

6

## **CERTIFICATE OF SERVICE**

The undersigned states that on the 19th day of April 2024, a duplicate original of Plaintiff's, Plaintiff Seeks Leave, to Service the Berrien County Defendants pursuant to Fed. R. Civ. P. 4(m) and leave to: Add Additional Fraud Counts to His Fourth Amended Complaint-(ECF Nos. 140, 145) was filed with the Clerk using the ECF System, which will provide electric notice to the parties of record, and I have emailed and mailed by U.S. Postal Service the same to the non-ECP participants attorney above.

                                                 Respectfully Submitted,

Dated:  April 19, 2024,                           \S/ Owen W. Barnaby
                                                       Owen W. Barnaby, In Pro Se.