UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

Plaintiff,

v.

MICHIGAN STATE GOVERNMENT, HON. GRETCHEN WHITMER GOVERNOR OF MICHIGAN, HON. JENNIFER GRANHOMLM GOVERNOR OF MICHIGAN, HON. RICK SNYDER GOVERNOR OF MICHIGAN, SUPREME COURT OF MICHGAN, STATE BAR OF MICHGAN, KENDELL S. ASBENSON (P81747), MICHIGAN ATTORNEY GENERAL DANA NESSEL, CITY OF BENTON HARBOR, NILES CHARTER TOWNSHIP, BOARD OF TRUSTEES OF NILES CHARTER TOWNSHIP, BERRIEN COUNTY GOVERNMENT, BERRIEN COUNTY BOARD OF COMMISSIONERS, BRET WITSKOWSKI TREASURER OF BERRIEN COUNTY, SHELLY WEICH, LORI D. JARVIS, LORA L. FREEHLING, KATHLEEN CULBERSON NOTARY PUBLIC OF BERRIEN COUNTY, TITLE & INSURANCE COMPANY(s), ATTORNEY DONNA B. HOWARD, ATTORNEY MCKINLEY R. ELLIOTT, ATTORNEY JAMES MCGOVERN, ATTORNEY JEFFREY R. HOLMSTROM, HOLMSTROM LAW, PLC, MICHIGAN COURT OF APPEALS, HON. MABEL J. MAYFIELD, HON GARY J. BRUCE, HON. ELIZABETH T. CLEMENT, HON. ELIZABETH GLEICHER, HON. CHRISTOPHER M. MURRAY, BERRIEN COUNTY TRIAL COURT, HON. BRIDGET M. MCCORMACK, and HON ALFRED M. BUZBAUGH,

Defendants.
_____________________________________________/

No. 22-cv-01146

HON. ROBERT J. JONKER

MAG. SALLY J. BERENS

**DEFENDANTS JUSTICE CLEMENT, JUSTICE MCCORMACK, JUDGE GLEICHER, JUDGE MURRAY, AND THE MICHIGAN COURT OF APPEALS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THIRD AMENDED COMPLAINT [ECF NO. 150]**

Kimberly K. Pendrick
Assistant Attorney General
Michigan Department of Attorney
General
Attorney for Defendant State Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI 48202
(313) 456-0067
pendrickk@michigan.gov
P60348

Dated: April 19, 2024

## TABLE OF CONTENTS

Page

Table of Contents ..... i

Index of Authorities ..... ii

Argument ..... 1

A. Judicial Immunity ..... 1

B. Eleventh Amendment Immunity ..... 4

C. Alleged Cross Motion for Summary Judgment ..... 4

Conclusion and Relief Requested ..... 5

Certificate of Service ..... 6

# INDEX OF AUTHORITIES

Page

**Cases**

*Brookings v. Clunk,* 389 F.3d 614 (6th Cir. 2004) .......... 3

*Clark v. State of Washington*, 366 F.2d 678 (9th Cir. 1966) .......... 3

*Denman v. Leedy*, 479 F.2d 1097 (6th Cir. 1973) .......... 3

*Harrison v. Michigan*, 722 F.3d 768 (6th Cir. 2013) .......... 4

*Imbler v. Pachtman*, 424 U.S. 409 (1976) .......... 3

*Jaiyeola v. Brundage*, 2022 U.S. App. LEXIS 31471 (6th Cir. Nov. 14, 2022).......... 2

*Johnson v. Granholm*, 662 F.2d 449 (6th Cir. 1981) .......... 3

*Lloyd v. Doherty*, 2018 U.S. App. LEXIS 33324 (6th Cir. Nov. 27, 2018) .......... 2

*Mills v. Killebrew*, 765 F.2d 69 (6th Cir. 1985).......... 3

*Nelson v. Mich. Dep't of Corr.*, 2023 U.S. App. LEXIS 24164 (6th Cir. Sep. 12, 2023) .......... 4

*Sparks v. Character & Fitness Comm.*, 859 F.2d 428 (6th Cir. 1988) .......... 3

*Stump v. Sparkman,* 435 U.S. 349 (1978) .......... 2, 3

**Rules**

Fed. R. Civ. P. 12(b)(1)(6) .......... 5

Fed. R. Civ. P. 56(a) .......... 5

## ARGUMENT

Plaintiff Owen Barnaby's response to Judicial Defendants, Justice Clement, Justice McCormack, Judge Gleicher, Judge Murray, and the Michigan Court of Appeals' Motion to Dismiss the Third Amended Complaint consists of arguments with no basis in law and doubles down on the conclusory statements and allegations contained in his complaint.

### A. Judicial Immunity

In a conclusory manner, Barnaby alleges without providing any case law or authority that the Judicial Defendants committed fraud upon the Court, and, as a result, they are not entitled to immunity. Barnaby provides no authority that judicial immunity would not extend to his allegations of fraud.[1] Further, it appears Barnaby is not alleging the Judicial Defendants actively engaged in committing fraud—but merely that they relied upon a fraudulent document introduced at the trial court level. He argues that the trial court judge's "Fraud Upon the Berrien County Trial Court, has ricocheted fraud upon" the Judicial Defendants. (Response, ECF No. 171, PageID.2755.) However, even assuming *arguendo*, that a fraudulent document was part of the trial court record on appeal and the appellate court judges

[1] Barnaby's brief contains an uncited quote regarding what he deems fraud on the court means. (Response, ECF No. 171, PageID.2750.) But this quote appears to be a quote from a pro se plaintiff's motion filed in a Pennsylvania Eastern District Court and there is no analysis regarding judicial immunity. *Gok v. United States*, 2023 U.S. Dist. LEXIS 108281, *3 (Pennsylvania Eastern District Court, June 22, 2023).

did not make a determination that the document was fraudulent, this does not negate judicial immunity. The Supreme Court has explicitly stated that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). In fact, the Sixth Circuit has found dismissal based upon judicial immunity appropriate even with allegations of fraud. See *Lloyd v. Doherty*, 2018 U.S. App. LEXIS 33324, at *15 (6th Cir. Nov. 27, 2018) (Judge who made alleged comments court was a drug court made in official function as a state-court judge provided judicial immunity to fraud claim).

As to Justices McCormack and Clement, Barnaby is alleging they should have intervened into his complaint to the State Bar of Michigan that Defendant Witkowski was engaged in the unauthorized practice of law and argues this does not constitute a judicial function. First and foremost, the statute prohibiting the unauthorized practice of law does not provide for a private cause of action for damages. *Jaiyeola v. Brundage*, 2022 U.S. App. LEXIS 31471, at *7 (6th Cir. Nov. 14, 2022). The Report and Recommendation issued by this Court on December 14, 2022, held that Barnaby could not have a private cause of action related to any unauthorized practice of law claim. (Rep. & Rec., ECF No. 16, PageID.16.)

In addition, Barnaby alleges no facts and cites no authority relative to his claims that Justices McCormack and Clement were obligated to "manage or supervise" the State Bar's handing of his complaint that Witkowski engaged in the unauthorized practice of law. (Response, ECF No. 171, PageID.2751). As with

other claims, Barnaby's claims in this regard are mere conclusions with no facts or law utilized to support his claim. He also provides no case law or authority to establish whether such oversight by the Justices would constitute a judicial action. An act is judicial if it is "normally performed by a judge" and if "the parties dealt with the judge in his or her judicial capacity." *Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004) (citing *Stump*, 435 U.S. at 362). The Sixth Circuit has held that "the act of considering an application for admission to the bar, particularly when that duty is imposed upon the judiciary by constitution, is a judicial act. When it is performed by a judge, he or she is entitled to absolute judicial immunity." *Sparks v. Character & Fitness Comm.*, 859 F.2d 428, 430 (6th Cir. 1988).

Even assuming this Court were to determine that such oversight would not constitute a judicial function, Justices McCormack and Clement would be entitled to quasi-judicial immunity. In *Sparks,* the court assessed a variety of situations in which state officials not performing strictly judicial functions were accorded quasi-judicial immunity: "It has been granted to members of an attorney disciplinary committee, *Simons*, 643 F.2d at 780; to a state bar association conducting disciplinary proceedings, *Clark v. State of Washington*, 366 F.2d 678 (9th Cir. 1966); to lawyers serving on a mediation panel, *Mills v. Killebrew*, 765 F.2d 69 (6th Cir. 1985); to the court's clerk for acts within the scope of his quasi-judicial duties, *Denman v. Leedy*, 479 F.2d 1097 (6th Cir. 1973); to "friends of the court," *Johnson v. Granholm*, 662 F.2d 449 (6th Cir. 1981), *cert. denied*, 457 U.S. 1120 (1982); and to prosecutors engaging in prosecutorial activity, *Imbler v. Pachtman*, 424 U.S. 409

(1976)." *Sparks,* 859 F.2d at 430–31. Clearly, if the attorney disciplinary committee and state bar association conducting disciplinary proceedings are entitled to quasi-judicial immunity, any Supreme Court staff overseeing those proceedings would be entitled to same.

### B. Eleventh Amendment Immunity

Barnaby alleges that the "law is clear that Eleventh Amendment immunity defense is not available to state defendants inclusive of the 'Michigan Court of Appeals", when there (sic) actions or inactions violated [his] constitutional rights…." (Response, ECF No. 171, PageID.2754.) However, he provides no authority for this claim. Further, it is contrary to law. In *Nelson v. Mich. Dep't of Corr.*, 2023 U.S. App. LEXIS 24164, at 1–2 (6th Cir. Sep. 12, 2023), a plaintiff argued that the Eleventh Amendment did not shield the Michigan Department of Corrections from his constitutional claims based upon Eleventh Amendment immunity. This Court held that "our caselaw squarely holds that it does. See *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (holding that MDOC is an arm of the State of Michigan and that Michigan has not consented to civil-rights lawsuits in federal court)." *Id.* at *2.

### C. Alleged Cross Motion for Summary Judgment

Finally, while Barnaby titled his response to include a "Cross Motion for Summary Judgment," he has not properly filed a motion. To the extent this Court considers it a cross motion, Barnaby has failed to set forth any argument as to why

he would be entitled to summary judgment. He simply repeatedly concludes that "the law is clear, as there is no genuine dispute of material fact in respect to … Judicial Defendants…Dismissal Motion under Fed. R. Civ. P. 12(b)(1)(6) and the Eleventh Immunity Defense, Plaintiff's Summary Judgment is proper, and he is entitled to the Judgement as a matter of law. Fed. R. Civ. P. 56(a)." (Response, ECF No. 171, PageID.2750, 2757, 2761.) This fails to demonstrate there is no genuine issue of material fact, especially in lieu of the fact that Barnaby has not overcome the Judicial Defendants' judicial immunity or the Michigan Court of Appeals' Eleventh Amendment immunity, nor has he sufficiently pleaded any claims.

**CONCLUSION AND RELIEF REQUESTED**

For the reasons discussed above, Defendants Justice McCormack, Justice Clement, Judge Gleicher, Judge Murray and the Michigan Court of Appeals respectfully asks this Court to dismiss Barnaby's Third Amended Complaint as to them.

Respectfully submitted,

*/s/ Kimberly K. Pendrick*

Kimberly K. Pendrick
Assistant Attorney General
Attorneys for State Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI 48202
(313) 456-0067
pendrickk@michigan.gov
P60348

Dated: April 19, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorneys for State Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI 48202
(313) 456-0067
P60348