UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY,

        Plaintiff,                         Hon. Robert J. Jonker
                                         Mag. Sally J. Berens
v.                                     Case No. 1:22-cv-01146

NILES CHARTER TOWNSHIP, et al.,

        Defendants.

---

Owen W. Barnaby
PO Box 1926
Kennesaw, GA 30156
(678) 382-4183
Bossproperties96@gmail.com

T. Seth Koches (P71761)
Attorney for Defendants Niles Charter Township &
the Niles Charter Township Board of Trustees
Bauckham, Thall, Seeber, Kaufman & Koches, P.C.
470 W. Centre Ave., Ste. A
Portage, MI 49024
(269) 382-4500
koches@michigantownshiplaw.com

---

## DEFENDANTS NILES CHARTER TOWNSHIP'S AND NILES CHARTER TOWNSHIP BOARD OF TRUSTEES' REPLY IN SUPPORT OF MOTION TO DISMISS

The Charter Township of Niles and the Charter Township of Niles Board of Trustees ("Township Defendants") submits this reply in support of its motion to dismiss, ECF No. 162 and brief in support ECF No. 162-1. In his response, Mr. Barnaby makes additional, and unfounded, allegations of a "conspiracy" to defraud him of his property.

To the extent Mr. Barnaby makes reference to his proposed Fourth Amended Complaint (ECF No. 145), it is important to note that this Court has not accepted the Fourth Amended Complaint, and should not allow a fourth amendment because there is no amendment that could cure the deficiencies of his complaint as to the Township Defendants.

It should also be noted that Mr. Barnaby also included a cross-motion for summary judgment in his response, and the Township Defendants intend to respond to that separately.

**A. The Township Defendants are entitled to dismissal of Mr. Barnaby's claims with prejudice.**

In the interest of judicial economy, the Township Defendants hereby incorporate as if fully restated herein, their arguments contained in the brief in support of their motion to dismiss. (ECF 162-1, PageID. 2539-2554). As stated in the Township Defendants' brief in support, the Township Defendants are entitled to dismissal of Mr. Barnaby's Third Amended Complaint as to the Township Defendants because there are no material issues of fact and the Township Defendants are entitled to judgement on the pleadings pursuant to Fed. R. Civ. P. 12(c). Alternatively, as stated in the brief in support the Defendants are entitled to dismissal of Mr. Barnaby's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction pursuant to the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. The only cognizable complaint against the Township Defendants contained in Mr. Barnaby's Third Amended Complaint is that the Township Defendants overvalued and overtaxed his Niles Township property, which led to the foreclosure of the same. Because Mr. Barnaby's Complaint as to the Township Defendants only truly alleges overvaluation and over taxation by the Township, the TIA bars this Honorable Court from exercising subject-matter jurisdiction over Mr. Barnaby's claims.

In the interest of judicial economy, this reply brief will only address the argument that Mr. Barnaby attempts to advance in his reply (ECF No. 173) that his complaint against the Township Defendants is related to a "conspiracy of silence." As argued in the Township Defendants' brief in support of their motion to dismiss, the only claim Mr. Barnaby even begins to adequately plead in his Third Amended Complaint is in regard to the Township Defendants' assessment and collection of taxes on the Niles Township property. The Township Defendants supplement the arguments contained in their brief in support (ECF No. 162-1, PageID. 2539-2554) as follows.

1. **Mr. Barnaby's claim against the Township cannot be based on a "conspiracy of silence", as he claims, because he has not pled facts to allege any sort of conspiracy by the Township.**

In his response to the Township Defendants' motion to dismiss and brief in support, Mr. Barnaby argues that the basis for liability against the Township Defendants is how the Township Defendants "conspired in silence agreement" regarding an alleged "correction" of Mr. Barnaby's 2007 property taxes, and not the overvaluation or over taxation of his property. (ECF No. 173, PageID. 2793). Mr. Barnaby claims that the Township overvalued his property in 2007 in an effort to deprive him of his property located in Niles Township and "conspired in silence agreement with the Berrien County Defendants to say nothing about an alleged reduction of the 2007 property taxes, that should have been generally known to plaintiff; to defraud him of his property." (ECF No. 173, PageID. 2793-2797).

Mr. Barnaby relies on deposition testimony of former Berrien County Treasurer Brett Witkowski who opined in a 2017 deposition that the Niles property was "[w]orthless because there were four gas lines going through the middle of it. Totally unbuildable lot" and further opining that the "township changed it (the assessment) because they were wrong." (ECF No. 57.12, PageID. 690 & 692). Mr. Barnaby also relies on a 2017 appraisal as evidence that the Township Defendants overvalued his property in 2007.  However, for the reasons that will be explained herein, based on these proofs offered by Mr. Barnaby, ***the only cognizant theory of liability*** against the Township Defendants that Mr. Barnaby has pled in his Third Amended Complaint is that the Township Defendants overvalued and overtaxed his Niles Township property, leading to the foreclosure of the same.

Pursuant to Fed. R. Civ. P. 8(a), a pleading stating a claim for relief must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." However, a pleading that only offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While it is true that *pro se* complaints are subjected to a less stringent pleading standard, this "does not mean that *pro se* plaintiffs are entitled to take every case to trial." *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Additionally, a civil conspiracy requires "an agreement, or preconceived plan, to do an unlawful act." *Bahr v Miller Bros. Creamery*, 365 Mich. 415, 427; 112 N.W.2d 463 (Mich. 1961). Merely claiming that a conspiracy exists is not sufficient if the facts pleaded do not substantiate such a claim. *Coronet Dev Co v FSW, Inc,* 3 Mich. App. 364, 369, 142 N.W.2d 499 (Mich. App. 1966), aff'd, 379 Mich. 302, 150 N.W.2d 809 (Mich. 1967). "Allegations of a conspiracy to defraud ***must be supported by clear and satisfactory proof***." *Vermeylen v. Knight Inv. Corp.*, 73 Mich. App. 632, 639, 252 N.W.2d 574, 577 (1977) (emphasis added). "A mere mistake does not constitute fraud." *Id.* at 639 & 576.

Michigan law requires that the applicable assessing officer of all townships, villages and cities must make an ***annual*** assessment of property located in this state liable to taxation. Mich. Comp. Law Ann. 211.10(1). "Applicable assessing officer" is not defined in the General Property Tax Act, however, townships in Michigan are required to have an assessor. Mich. Comp. Law Ann. 41.61. Further, this obligation is subject to audit to ensure that each "assessing district" employs or contacts with an assessor to oversee the administration of property taxes under Mich.

4

Comp. Law Ann. 211.10. An "assessing district" is defined as a city, township, or joint assessing authority."  "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." As such, because Townships are required to have an assessor for the administration of township taxes, the "applicable assessing officer" must be the township assessor, and not the county treasurer.

In this case, Mr. Barnaby's Third Amended Complaint and his brief in response to the Township Defendant's motion to dismiss offers only, at best, labels and conclusions and does not even begin to mention the elements of establishing a civil conspiracy between the Township Defendants and any other party. Additionally, Mr. Barnaby has fallen woefully short of supporting his allegation of a conspiracy to defraud "***by clear and satisfactory proof***." Because of this, the only allegation Mr. Barnaby pleads against the Township Defendants is that the Township Defendants overvalued and over taxed his property, which is still unsupported by the facts contained in Mr. Barnaby's Third Amended Complaint and response to the Township Defendants' brief in support of its motion to dismiss.

For starters, the opinions of former Berrien County Treasurer Brett Witkowski regarding the Niles Township property being "worthless" in the 2017 disposition offer no evidentiary support for a claim of conspiracy, or even overvaluation. Mr. Witkowski would not have been privy to the techniques used in 2007 by the Township assessor to assess Mr. Barnaby's Niles Township property because the Township assessor is solely in charge of property assessments in the Township. Mich. Comp. Law Ann. 211.10. Additionally, there are no specific allegations in Mr. Barnaby's complaint about how Mr. Witkowski worked in concert or had any "agreement or preconceived plan" with the Township assessor to "overvalue" Mr. Barnaby's property in hopes that they could foreclose on it; in fact, the opinion of Mr. Witkowski was that the property was

"worthless." (ECF No. 57-12, PageID.690). Thus, it is unlikely that Mr. Witkowski would conspire with the Township Defendants to overvalue, overtax, and foreclose upon Mr. Barnaby's Niles Township property in an effort to defraud Mr. Barnaby. And, again, Mr. Barnaby has not pled any facts that would prove otherwise.

Additionally, despite Mr. Witkowski's statement that the Township "corrected" the assessment – this statement is wholly without context. We simply do not know what Mr. Witkowski is referring to by saying the taxes were "corrected". As discussed in the Township Defendants' brief in support of their motion to dismiss, Mr. Barnaby did not appeal his assessment for 2007 – so nothing was "corrected" for tax year 2007 through the formal appeal process. (ECF No. 162-1, PageID. 2541). It is impossible to know based on Mr. Barnaby's pleadings what was meant by the assessed value being "corrected" because Mr. Barnaby has not pled any facts about what that might specifically mean. Without evidence that the 2007 assessed value was reduced prior to the foreclosure sale, Mr. Barnaby does not plead anything to explain why he would be entitled to notice of a potential adjustment to the assessed value of a property at an unknown time. Further, the deposition testimony of Mr. Witkowski that Niles Township "corrected" the value of the property does not begin even plead facts beyond a mere conclusion by Mr. Barnaby that there was an "agreement or preconceived plan" between the Township or and Mr. Witkowski to defraud Mr. Barnaby, and falls well short of the requirement under Fed. R. Civ. P. 8(a) to pled more than labels and conclusions.

Finally, Mr. Barnaby submits a 2017 appraisal report as justifying his position that the property was overvalued in 2007 as part of some conspiracy to defraud him. Mr. Barnaby claims that because the property was allegedly sold for $4,500 and was appraised at $12,000 in 2017, that the property had to have been valued between $4,500 and $12,000 in 2007. (ECF No. 173, PageID.

2796).  This is not how property tax assessing works. As discussed earlier, a property is assessed each and every year. Mich. Comp. Law Ann. 211.10(1). If Mr. Barnaby believed that his property had been overvalued in 2007, then as discussed in the Township Defendants' brief in support, Mr. Barnaby had every right to appeal that decision to the Township Board of Review.

> "At the request of a person whose property is assessed on the assessment roll or of that person's agent, and if sufficient cause is shown, the board of review shall correct the assessed value or tentative taxable value of the property in a manner that will make the valuation of the property relatively just and proper under this act." Mich. Comp. Law Ann. 211.30.

Additionally, if the Board of Review had refused to adjust the property valuation, Mr. Barnaby would have had additional appeal rights to the Michigan Tax Tribunal, as provided by Mich. Com. Law Ann. 211.30. If Mr. Barnaby had availed himself of this process, then it is possible that he could have avoided foreclosure, *if* the Niles Township Board of Review or the Michigan Tax Tribunal reduced the value of his property. This did not occur, and Mr. Barnaby cannot use an irrelevant appraisal from 10 years later to try to substantiate his claim that his property was overvalued in furtherance of some specious claim of conspiracy.

Mr. Barnaby cannot merely claim that a conspiracy occurred without even a shred of evidence to substantiate his claim in his pleadings. Allegations of intent to defraud by conspiracy must "***be supported by clear and satisfactory proof.*** *Vermeylen*, 73 Mich. App. at 639. Because of this and for the reasons stated herein, that none of the "evidence" Mr. Barnaby relies on to prove the conspiracy have any bearing on the assessed value of the property in 2007, Mr. Barnaby's contention that the Township Defendants "had the duty and or their duty afford them the opportunity to resolve the unlawful actions and or to remedy" is wholly meritless and unsupported by the pleadings. Mr. Barnaby does not offer any evidence to support any allegation that the Township Defendants worked in concert with Mr. Witkowski or any other party to defraud him of

his property aside from silly allegations that show a misunderstanding of the tax assessment process.

Further, Mr. Barnaby's Third Amended Complaint does not make a single mention of a "conspiracy of silence" at all in regard to the Township Defendants, but only states that they were "coconspirators" in a scheme to "overvalue" and "overtax" his property. (ECF No. 36, PageID. 185). Nor does he plead specific facts that would show any "agreement, or preconceived plan, to do an unlawful act." All the reasons contained herein are why the Township Defendants' brief in support did not address such a specious and improperly plead argument regarding any "conspiracy of silence agreement," as Mr. Barnaby suggests.

## B.  Conclusion

For the reasons stated herein, ***the only theory of liability against the Township Defendants in this case***, that even comes close to the pleading requirements under Fed. R. Civ. P. 8(a), based on Mr. Barnaby's Third Amended Complaint, would be that the Township "overvalued" and "overtaxed" his property in 2007, which he still does not offer any evidence to support. (ECF No. 36, PageID. 185). The Township Defendants contend that, as argued in its brief in support of its motion to dismiss, the Tax Injunction Act and principles of comity prevent this Honorable Court from exercising subject-matter jurisdiction over Mr. Barnaby's claims against the Township Defendants because his claims concern the ***assessment and collection*** of his property taxes. There is nothing in the Third Amended Complaint that validly pleads a "conspiracy of silence agreement" against the Township Defendants, as Mr. Barnaby suggests. As such, the Township Defendants are entitled to dismissal of Mr. Barnaby's Third Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

Alternatively, if this Court determines that subject-matter jurisdiction is proper, then the

Township Defendants are still entitled to dismissal of Mr. Barnaby's Third Amended Complaint under Fed. R. Civ. P. 12(c) because there is no material issue of fact that exists and the Township Defendants are entitled to judgment as a matter of law. Mr. Barnaby fails to plead allegations of conspiracy, or even overvaluation of his property, against the Township defendants in his Third Amended Complaint that even come close to creating a material issue of fact that would preclude the Township Defendants from being entitled to dismissal as a matter of law.

Respectfully submitted,

BAUCKHAM, THALL
SEEBER, KAUFMAN & KOCHES, P.C.

DATED: April 24, 2024        BY:      */s T. Seth Koches*

T. Seth Koches (P71761)
Attorney for Defendants Niles Charter Township &
the Niles Charter Township Board of Trustees
Bauckham, Thall, Seeber, Kaufman & Koches, P.C.
470 W. Centre Ave., Ste. A
Portage, MI 49024
(269) 382-4500
koches@michigantownshiplaw.com