# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OWEN W. BARNABY, | ) |
| Plaintiff- Appellant | ) |
| | |
| Vs. | ) Hon. Robert J. Jonker |
| | ) Hon. Mag. Sally J. Berens |
| MICHIGAN STATE GOVERNMENT, ET, AL | |
| Defendants- Appellees | ) Case No. 1:22 -CV- 1146 |

## Appeal from the Honorable Magistrate Judge Berens' Order-(ECF No. 183)
## To the District Court Judge Honorable Robert J. Jonker.

i

# TABLE OF CONTENTS

Page

Table of Contents .................................................................................................. ii

Index of Authorities ............................................................................................. iii-v

Statement Regarding  Oral Argument …………………………… …………...……...…… v

Complaint Counts ……………………………………………… ……………..…... vi-iiix

Exhibits Filed in the Record of this  District Court …………………………….…….…... ix

I.      Statement of Facts........................................................................................ 1-2
II.     Standard of Review ................................................................................... 3
III.    Argument ............................................................................................. 4-12

A.  Is the Honorable Magistrate Judge Berens' Order (ECF No. 183), that Denied
     Plaintiff's Applications to enter Default and Default Judgment (ECF Nos. 177, 180),
     against, Defendant Berrien County Government and Its Employees in Their Official
     Capacities: 1). Defendant – Hon. Alfred M. Butzbaugh, F.C.J; 2). Defendant - Lori
     D. Jarvis Registrar; 3). Defendant - Kathleen Culberson, Notary Public;
     4). Defendant – Bret Witkowski, Treasurer; 5). Defendant – Attorney James
     Mcgovern, lacked basis in the relevant material facts and the applicable laws in this
     District Court's record, and further violates the Federal Sixth Circuit Appellate
     Court's Order and Judgment (ECF Nos.72, 73), and is an abuse of discretion and is
     judicial bias against Plaintiff ? …………… Plaintiff Answers Yes! ………………3-7

              Settled Relevant Material Facts in the Court Record ………………..… 3-4

              Applicable and Controlling laws in the Court's Record ……………………5-8

              Is the Order (ECF No. 183), which Denied Plaintiff's Applications to enter
              Default and Default Judgment (ECF Nos. 177, 180) also a Violations of Sixth
              Circuit's Order and Judgment (ECF Nos.72, 73), and an  Abuse of
              Discretion? ……………………Plaintiff Answers Yes! ……………………8-9

B.  Did the Order (ECF No. 183), Overruled Plaintiff's Objection(ECF No. 142), lack
     basis in fact and law? …….………….. Plaintiff Answers Yes! ………..……… 9-10

C.  Did the Order (ECF No. 183), Violate Plaintiff's Due Process Rights Barring Him
     from filing any motion or other document in this case without first obtaining Leave?
     Plaintiff Answers Yes! …………………………………………...…………..…. 10-11

D.  Did the Order (ECF No. 183), Violate Plaintiff's Rights to Amend His Fourth
     Amend Complaint-(ECF No 145), Under Fed. R. Civ. P. 15(a)(1)(2) and or Order-
     (ECF No 140)? ………………………… Plaintiff Answers Yes! ………….……11-12

IV. CONCLUSION ............................................................................................. 12
              Certificate of Service ....................................................................... 13
              Certificate of compliance …………………………….…..............................… 14

## <u>INDEX OF AUTHORITIES</u>

**Cases**                                                                                        **Page**

Arizona v. California, 530 U.S. 392, 412 (2000)…………………………………...…………………

Brewer, 2018 WL 1128353, at *2, (quoting Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999))...
……………………………………………………………………………………………….... 3-12

Barnaby Vs Mayfield, No. 20-1564 (6th Cir. May. 5, 2020)…….…………………...……...1-12

Barnaby v. Witkowski, No, 16-1207 (6th Cir. Feb. 17, 2017) ….................................…........1-12

Barnaby v. Witkowski, Nos. 18-1121/18-1128 (6th Cir. Dec. 18, 2018) ................................1-12

Barnaby vs Witkowski (19-cv-1495), et al Sixth Circuit ……………………..………….1-12

Barnaby v. Witkowski, 1:14-cv-1279  …………………………………...……………1-12

Dixon v. Clem, 492 F.3d 665, 674 (6th Cir. 2007))……………………………………………12

Erickson v. Pardus, 551 U.S. 89, 94 (2007)……………….................................………...……1-12

Forrester v. White, 484 U.S. 219, 227-29 (1988))……………………………………………12

King v. Love, 766 F.2d 962, 965 (6th Cir. 1985) …………………………………………12

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)……………………..…………......

Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019) …………1-12
Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). (ECF No. 151, PageID.2377). ………..…12

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) …………………………………1-12

McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)………………………………..1-12

Tyler v. Hennepin County, Minnesota, et al, (No. 22–166–Decided May 25, 2023) ……...…1-12

Rafaeli, LLC v Oakland County Case No. 156849, July 17, 2020; Fraud upon courts……….1-12

**Statutes**

Tax Injunction Act, 28 U.S.C. §1341……………………………………………………..……..

42 U.S.C. § 1983.......................................................................................................................1-12

Mich. Comp. Laws § 691.1401.......................................................................................................

Mich. Comp. Laws § 691.1401(b) .................................................................................................

Mich. Comp. Laws § 691.1407(1) (2)............................................................................................

Mich. Comp. Laws § 691.1407(5) .................................................................................................

Forgery Mi. Comp. Laws Ann. § 750-248……………………………………......…...........…

Forgery Mi. Comp. Laws Ann.  § 750-249 …………………………………………………….

MCL 211.27(a)……………………………………………………………………...…….………

Mich. Comp. Section 141.1549 and Act 436 of 2012 ……….…………………..……………...

**Rule**

LCivR 7.1(d) ……………………………………………………………...……….……….……...…….

Rules MCR 2.105: (A)(1)(2). ………………………………………………………….……

(G)(1); (I)(1); (K)(3) …………………………………………………………….……

Federal Rules Fed. R. Civ. P. 4:(h)(1) (A)(B). ……………………………………………

Federal Rules Fed. R. Civ. P. 4: (e(1)(2)(B)(C) ……………………………………...……

Federal Rules Fed. R. Civ. P. 4: (j)(2)(A)(B) …………………………...……...………….…

Fed. R. Civ. P. 4(h)(1) (A)(B), or (2) ………………………………………………………

Fed. R. Civ. P. 4(e)(1)(2)(B)(C) ………………………………………………………….…

Fed. R. Civ. P. 4(j)(2)(A)(B). …………………………………………………………..

MCR 2.105 ……………………………………………...……………………………

Mich. Ct. R. 2.105 (A) (1) (2),  ……………………………...……………………………

Mich. Ct. R. 2.105 (G) (1) …………………………………….…………………………

Mich. Ct. R. 2.105 (I) (1) …………………………………………………………

Mich. Ct. R. 2.105 (k) (3) …………………………………………………………

Michigan Court Rule 2.105(A) (2) ……………………………….……………………

District Court's Local Rules Service Handbook ………………………………………….

Fed. R. Civ. P. 1……………………………………………………….……………..…...........

Fed. R. Civ. P. 8(a)(2)……………………………………………………………………

Fed. R. Civ. Proc. 12(b)(6) ……………………………………………….………....…...

Fed. R. Civ. Proc. 12(b)(1) ………………………………………………….….........…...

Fed. R. Civ. Proc. 12(c) ……………………………………………….…................. 1

Fed. R. Civ. P. 12(a)(1)(A)(i) …………………………………………………………….

Fed. R. Civ. P. 15(a)(1)(2) ……………………….………………………………..……………

Fed. R. Civ. P. 55:(a), (b)(1)(2) ……………………………………………………….

Fed. R. Civ. P. 56:(a), ……………… ………………………………………………

**Doctrines**

The doctrine of the law of the case ………………………………...………………………………

The law of the case doctrine …………………………………….……………………………...

Rooker-Feldman Doctrine …………………………...……………………………….

Res judicata Doctrines …………………………...………………………………...

**Laws**

42 USCS 1983.........................................................................................................................

42 U.S.C. §2000……………………………………………………………...……………………..

18 U.S.C. Section 1341………………………………………...…………………….…………..

28: USC § 1331 …………………………………………………………………………………...

28: USC § 1332 …………………………………………………………………………………...

28 U.S.C. § 1291…………………………………………...……………….... ……………….

First Amendment …………………………………………………………………...………...

Fourth Amendment ………………………………………………………….......................

Fifth Amendment …………………………………………………….……….…...…………

Eleventh Amendment …………………………………………………………..…..…

Fourteenth Amendment ……………………………………………………….…..….....

Qualified immunity …………………………….…………………………………………….

Full Faith and Credit Act …………………………………………….….…….

## Statement Regarding  Oral Argument

Plaintiff does not believe that Oral Argument is necessary: **1).** To reverse the Order (ECF No. 183), Overruling his Objection(ECF No. 142. **2).** To reverse the Order barring the Amendment of added Fraud Counts and the violation of Plaintiff's Due Process Rights.   3).  To reverse the Order denying Plaintiff Default and Default Judgment against the above Defendants, for their failure to file Answers to Plaintiff's 'Third Amended Complaint (ECF No, 36) or a Rule 12 Motion. Full Compensatory Damages of $17,188,857.80 and Punitive  damages, Four-Times his Compensatory Damages of $68,755,431.40, grand total of $85, 944,289.20.   4). To enter a Declaratory Judgment   against the Defendant – Hon. Alfred M. Butzbaugh, F.C.J, that his August 18, 2010, Judgment and July 12, 2012, Order are void, and imaginary against Plaintiff, procured by forgery, falsifications of Courts' and County's records, UPL and fraud upon Courts.

The Complaint consists of eight sets of Defendants that caused Plaintiff's continuous injuries, as follows, 1). The Berrien County Defendants; 2). The Niles Township Defendants; 3). The Holmstrom Defendants; 4). The Benton Harbor—State of Michigan Governors Defendants; 5). The Berrien County Trial Court and Its Judges Defendants; 6). Appellate Court and Its Judges Defendants; 7). Supreme Court's Judges Defendants and 8). The Assistant Attorney General Asbenson. While some sets of the Defendants actions triggered other Defendants actions or omissions, Plaintiff is injured by all eight sets of Defendants.

| Barnaby's Fourth Amended Complaint | The Eight Sets of Defendants and 36 Counts Against Them, below: |
|---|---|
| COUNT 1: FORGERY | Set: #1, Page 92 |
| COUNT 2: CONSPIRACY TO COMMIT FORGERY AND FALSIFICATION OF RECORDS | Sets: #1, #2, #3, #4, #8, Page 93 |
| COUNT 3: FALSIFICATION OF COUNTY RECORD TO CONCEAL FORGERIES AND FORGERY JUDGMENT). | Set: #1, Page 96 |
| COUNT 4: CONSPIRACY TO COMMIT FALSIFICATION OF COUNTY RECORD TO CONCEAL JUDGMENT WAS PROCURED WITH FORGERY DOCUMENTS, UPL AND BY FRAUD AND FRAUD UPON THE COURT | Sets: #1, #2, #3, #4, #8, Page 98 |
| COUNT 5: FORGERY | Sets: #1, #3, #5, Page 103 |
| COUNT 6: CONSPIRACY TO COMMIT FORGERY | Sets: #1, #3, #5, Page 102 |
| COUNT 7: FALSIFICATION OF COURT'S RECORD TO CONCEAL FORGERY) | Sets: #1, #3, #5, Page 105 |
| COUNT 8: CONSPIRACY TO COMMIT FALSIFICATION OF COURT'S RECORD TO CONCEAL FORGERY JUGDGMENT | Sets: #1, #3, #5, Page 106 |
| COUNT 9: UNAUTHORIZED PRACTICE OF LAW | Set: #1, Page 109 |
| COUNT 10: CONSPIRACY TO AID AND TO ABET UNAUTHORIZED PRACTICE OF LAW) | Sets: #1, #2, #3, #4, #5, -, #7, #8, Page 110 |

| | | |
|---|---|---|
| COUNT 11:<br>FRAUD | Sets: #1, #2, #3, #4, #8, | Page 112 |
| COUNT 12:<br>CONSPIRACY TO COMMIT FRAUD | Sets: #1, #2, #3, #4, #8, | Page 115 |
| COUNT 13:<br>FRAUD UPON THE BERRIEN COUNTY TRIAL COURT), | Set: #5, | Page 118 |
| COUNT 14:<br>CONSPIRACY TO COMMIT FRAUD UPON COURTS | Sets: #1, #3, #5, #6, #7, #8, | Page 120 |
| COUNT 15:<br>RETALIATIONS | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 123 |
| COUNT 16:<br>CONSPIRACY TO RETALIATE AGAINST PLAINTIFF), | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 127 |
| COUNT 17.<br>VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER THE FIFTH AMENDMENT TAKINGS-CLAUSE | Sets: #1, #2, #3, #4, #8, | Page 130 |
| COUNT 18:<br>CONSPIRACY TO VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER THE FIFTH AMENDMENT TAKINGS-CLAUSE | Sets: #1, #2, #3, #4, #8, | Page 134 |
| COUNT 19:<br>VIOLATION OF PLAINTIFF'S DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 137 |
| COUNT 20:<br>DEMOLITION OF HIS PROPERTIES IN VIOLTION OF DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 140 |
| COUNT 21:<br>VIOLTION OF PLAINTIFF'S EMPLOYMENT WITHOUT DUE PROCESS | Sets: #1, #2, #3, #4, #8, | Page 142 |
| COUNT 22:<br>EQUAL PROTECTION OF THE LAW | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 143 |
| COUNT 23:<br>THEFT and CONVERSION OF PERSONAL PROPERTY | Sets: #1, #2, #3, #8, | Page 146 |
| COUNT 24:<br>CONSPIRACY TO COMMIT THIEVERY and Conversion of personal properties | Sets: #1, #2, #3, #4, #5, #8, | Page 149 |
| COUNT 25:<br>GROSS NEGLIGENCE),FORGERY | Sets: #1, #2, #4, #8, | Page 152 |
| COUNT 26:<br>THE RIGHT TO A JURY TRIAL | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 154 |
| COUNT 27:<br>THE RIGHTS TO GOVERNMENT SERVICES and RIGHTS TO USE PUBLIC FACILITIES | Sets: #1, #2, #3, #4, #5, #6, #7, #8, | Page 155 |
| COUNT 28:<br>DISCRIMINATIONS AND CONSPIRACY TO | Sets: #1, #2, #3, #4, #5, #8, | Page 157 |

| DISCRIMINATED AGAINST PLAINTIFF | |
|---|---|
| COUNT 29:<br>FREEDOM OF MOVEMENTS and FREEDOM FROM TORTURE | Sets: #1, #2, #3, #4, #5, #8,  Page 159 |
| COUNT 30:<br>DAMAGE TO PERSONAL PROPERTY | Sets: #1, #2, #3, #4, #5, #8,  Page 161 |
| COUNT 31:<br>INTENTIONAL INFLICTION OF EMOTIOMNAL DISTRESS and EMOTIONAL HARM | Sets: #1, #2, #3, #4, #5, #8,  Page 164 |
| COUNT 32:<br>UNLAWFUL DETENTIONS OF PROPERTIES | Sets: #1, #2, #3, #4, #5, #8,  Page 167 |
| COUNT 33:<br>SAFETY FROM HARASSMENT and THE RIGHT TO GAINFUL EMPLOYMENT | Sets: #1, #2, #3, #4, #5, #8,  Page 170 |
| COUNT 34:<br>RIGHTS GIVEN PLAINTIFF BY THE STATE OF MICHIGAN | Sets: #1, #2, #3, #4, #5, #8,  Page 172 |
| COUNT 35:<br>Whistleblowing | Sets: #1, #2, #3, #4, #5, #6, #7, #8,  Page 174 |
| COUNT 36:<br>THE RIGHT TO HOUSING | Sets: #1, #2, #3, #4, #5, #8,  Page 177 |
| | Please see (ECF No.145, PagesID.2109- 2287) |

viii

## EXHIBITS IN THE DISTRICT COURT'S RECORD

| | | |
|---|---|---|
| EXHIBIT A | **Forgery** Documents | ID.560-563 |
| EXHIBIT B | Barnaby's Affidavit | ID. 564-569 |
| EXHIBIT C | Knowledge/Not Protect Against Illusory Truth | ID.770-779 |
| EXHIBIT D | Dr Bulgin Expert Report | ID. 580-588 |
| EXHIBIT E | Dr. Payne Expert Report | ID.589-607 |
| EXHIBIT F | Paid in Full Niles Properties 2007 Tax Receipt | ID.608-609 |
| EXHIBIT G | Appraisal Report at $12,000.00 | ID.610-635 |
| EXHIBIT H-1 | Opinion #1 of  Sixth Circuit Court | ID.636-640 |
| EXHIBIT H-2 | Opinion #2 of  Sixth Circuit Court | ID.741-643 |
| EXHIBIT H-3 | Judgment of Sixth Circuit Court | ID.644-645 |
| EXHIBIT I-1 | Witskowski's **Fraudulent or Perjury Deposition** | ID.646- 686 |
| EXHIBIT I-2 | Witskowski's Deposition. | ID.687-694 |
| EXHIBIT I-3 | Witskowski's Deposition. | ID.695-708 |
| EXHIBIT I-4 | **UPL & Foreclosure Judgment-August 18, 2010,** | ID.709-714 |
| EXHIBIT J | State Michigan Bar Letter | ID.715-716 |
| EXHIBIT K | Judgement &  **Forgery** Order | ID.717-723 |
| EXHIBIT L-1 | Attorney Holmstrom's **Forgery** Brief | ID.724-726 |
| EXHIBIT L-2 | Attorney Holmstrom's **Forgery** Brief | ID.727-729 |
| EXHIBIT L-3 | Attorney Holmstrom's **Forgery** Brief | ID.730-734 |
| EXHIBIT O | Witskowski's **Willful False Affidavit/Perjury** | ID.756-758 |
| EXHIBIT W-1 | Sixth Circuit Order (ECF Nos. 72) | ID.000-000 |
| EXHIBIT W-2 | Sixth Circuit Judgment. (ECF Nos. 73) | ID.000-000 |
| EXHIBIT W-3 | Plaintiff's (ECF Nos.75, 77, 81,88, 90, 95) | ID.000-000 |
| EXHIBIT W-4 | Magistrate's Order (ECF Nos. 91) | ID.000-000 |
| EXHIBIT W-5 | Plaintiff's Default /Brief (ECF No. …) | ID.000-000 |
| EXHIBIT W-7 | Notice from Clerk  (ECF Nos. 84) | ID.000-000 |
| EXHIBIT W-8 | Proof Service of Sommons  Receipts | ID.1190-1200 |
| EXHIBIT W-9 | Attorney Hackworth Job Description | ID. 1201 |
| EXHIBIT W-10 | Request or Motion for Default Judgment | ID.1205 |
| EXHIBIT W-11 | Attorney Holmstrom's Personal Letter to Judge | ID.000-000 |
| EXHIBIT W-12 | Electric receipt that further Proofs Proper Service | ID. 1379-1380 |
| EXHIBIT W-13 | Proof of  Holmstrom Defendants Service rejection | ID.1381-1383 |
| EXHIBIT W-14 | District Court's Service Handbook | ID.1384-1386 |
| EXHIBIT W-15 | Mr. Hackworth, Authorized by Appointment or by Law | ID. 1387-1388 |
| EXHIBIT W-16 | ……………………………………… | ID. 1398-1400 |
| EXHIBIT W-17 |  Rejected Stipulation ……………………… | ID.1657-1661 |
| EXHIBIT W-18 | ……………………………………… | ID.1694-1697 |
| EXHIBIT W-19 | Proof of Served Summonses on Holmstrom Defendants | ID.2724- 2726 |
| EXHIBIT W-20 | Default-Judgments (ECF Nos. 28,31,32,75,77,81,88,95,124) | ID.1748-1814 |
| EXHIBIT W-21 | Defendants' Berrien County, Benton Harbor conspiracies | ID.2077-2085 |
| EXHIBIT W-22 | Conspiracy not to prosecute the other Defendants | ID.000-000 |
| EXHIBIT W-23 | STATE SIXTH CIRCUIT APPELLATE BRIEF | ID.1945- 1967 |
| EXHIBIT W-24 | Plaintiff and County Defendants correspondence/Sanction | ID.2671-2672 |
| EXHIBIT W-25 | Updated Affidavit for Damages | ID.2882-2885 |
| EXHIBIT W-26 | Summonses Returned Executed | ID.2924- 2941 |

# I.  STATEMENT OF FACTS

Plaintiff's, 'Second, Third and Fourth Amended Complaint-(ECF Nos. 10, 36, 145) currently consist of Twenty-nine Defendants that, are divided into eight sets of Defendants as follows: The Summary Facts that connect all eight sets of Defendants are as follows: Plaintiff contends that, **(1)**. They or The Berrien County Defendants and its, Treasurer, Mr. Witkowski are the superglue or linchpins that connects all the other Defendants' conspiracies of, forgeries, falsifications of County's record and Courts' records, fraud, fraud upon courts,  unauthorized practice of laws, retaliations, coverups, concealments,  and discriminations; and other sets of Defendants [triggered actions] but that, all the actions or inactions collectively stole and defrauded Plaintiff of his properties; **(2)** They conspired with the Niles Township Defendants from March 01, 2010 to present, in silence agreement to say nothing about the reduced 2007 Property taxes, that should have been generally made known to Plaintiff and others; **(3)** They conspired with Benton Harbor and State of Michigan Defendants Governors from on or about February 01, 2012 to present, in silence agreement to say nothing, that they demolished Plaintiff's properties in violation of his due process, discriminated against Plaintiff, and not allow him to pay other properties taxes before foreclosure and demolition;

**(4)** They conspired with the Holmstrom Defendants, from on or about December 12, 2014 to present, mailed, emailed  and filed forgery documents in court proceeding to defraud Plaintiff;  **(5)** They conspired with the Berrien County Court and its Judges from on or about March 01, 2010 to present, to aid and abet them in Unauthorized Practice of Law and to falsify the Court's record with a forged Order, and to commit fraud upon the Berrien County Trial Court to defraud Plaintiff;  **(6)** Their conspiracies of falsification and forgery caused the Berrien County Court, The Appellate, Court and the Supreme Court of Michigan from on or about March

01, 2010 to present to rely on UPL, fraud,  fraud upon the court, falsification and forged documents to uphold imaginary forged foreclosure Judgment against Plaintiff; **(7)** They  caused the State Bar of Michigan and its Supervisors Defendants Judge Clement and Judge McCormack from on or about March 01, 2010 to present to overlook evidence and refuse to act on formal complaint that Witkowski had engaged in the unauthorized practice of law; and  **(8)** From on or about March 01, 2010 to present, they caused the Michigan Attorney General Nessel and Michigan Assistant Attorney General Asbenson to conspire with the other defendants and refused to prosecute crimes that, the other defendants committed or to refer the crimes to the Michigan Attorney General, Ms. Nessel.

The Twenty-nine Defendants that, are divided into eight sets of Defendants actions or inactions, in this Court's proceedings and Order-(ECF Nos. 140); triggered Plaintiff's filed motions/objection that, were all denied by the Court, as follows: (1) Objection, in part, to February 29, 2024, Order (ECF No. 142); (2) Motion for Clarification (ECF No. 159); (3) Motion for Leave to File Excess Pages (ECF No. 164); (4) Motion for Clarification (ECF No.175); (5) Application for Entry of Default Against Defendants Hon. Alfred M. Butzbaugh, F.C.J.; Lori Jarvis, Registrar; Kathleen Culberson, Notary Public; Bret Witkowski, (former) Treasurer; James McGovern, Attorney; and Defendant Witkowski in his individual capacity (ECF. No. 177); and (6) Application for Entry of Default Judgment against the foregoing Defendants (ECF No.180.)  Given the Court's blanket Denial of Plaintiff's motions/objection, Plaintiff moves to appeal the Honorable Magistrate  Berens Order-(ECF No. 183) in part to the Honorable Judge Jonker.

## III. LEGAL STANDARD.

### 1.   Fed. R. Civ. P. 55 - Default Judgment; Fed. R. Civ. P. 12(a)(1)(A)(i).

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

The Defendant Berrien County Government and Its Officials in their Capacities conceded, that,  "As an initial matter, it should be noted that the current Berrien County employees named as defendants in the Second Amended complaint have all been named in their official capacities. "Where a plaintiff fails to designate an individual defendant as being sued in his official or individual capacity, 'by operation of law, defendants are deemed sued in their official capacities.'" Brewer, 2018 WL 1128353, at *2, (quoting Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999)). A suit against an individual in his official capacity is tantamount to a suit against the governmental entity. Id. In his Second Amended Complaint, Plaintiff specifies only one defendant as being sued in his individual capacity—"Witkowski,", "6.) Thus, the other individual defendants are then presumptively named in their official capacities.". See, Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(j)(B); Mich. Ct. Rule 2.105(A)(2); Mich. Ct. Rule 2.105(G)(1) and the District Court's Service Handbook (Exhibit W-14 ID.1384-1386) and 42 USCS 1983 First, Fourth, Fifth-takings clause, Fourteenth-Section I, of the Amendments

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## V  ARGUMENT

**A.  Is the Honorable Magistrate Judge Berens' Order (ECF No. 183), that Denied Plaintiff's Applications to enter Default and Default Judgment (ECF Nos. 177, 180), against, Defendant Berrien County Government and Its Employees in Their Official Capacities: 1). Defendant – Hon. Alfred M. Butzbaugh, F.C.J; 2). Defendant - Lori D. Jarvis Registrar; 3). Defendant - Kathleen Culberson, Notary Public; 4). Defendant – Bret Witkowski, Treasurer; 5). Defendant – Attorney James Mcgovern, lacked basis in the relevant material facts and the applicable laws in this District Court's record, and further violates the Federal Sixth Circuit Appellate Court's Order and Judgment (ECF Nos.72, 73), and is an abuse of discretion and is judicial bias against Plaintiff ? ………………………… Plaintiff Answers Yes!**

### Settled Relevant Material Facts in the Court Record

Notwithstanding that, Plaintiff had already served the Defendant Berrien County's Government and Its Officials, by US Postal certified mail, with restricted Delivery and with return receipt and Plaintiff's filings in the District Court for the preservation of his Default-(ECF Nos 32, 75, 95, 124) and Default judgment-(ECF Nos 28, 77, 81) against them. See, (ECF No. 139, PagesID.1748-1814) and EXHIBIT W-20.  Moreover, on or about Monday, March 25, 2024, Plaintiff for the second time in this proceeding, served, Summonses with copies of Third Amended Complaint(ECF No. 36),  on the Defendant Berrien County Government and Its Officials, in their Official Capacities including: **1).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; **2).** Defendant - Lori D. Jarvis Registrar; **3).** Defendant - Kathleen Culberson, Notary Public; **4).** Defendant – Bret Witkowski, Treasurer; **5).** Defendant – Attorney James Mcgovern, by US Postal certified mail, with restricted Delivery and with return receipt, on Ms. Sharon Tyler, Clerk of Berrien County Government. The Defendant Berrien County Government and Its Officials, conceded to Ms. Sharon Tyler, Clerk of Berrien County Government, dereliction, or abandonment of her duty when she willfully rejected or refused the served Summonses with the Third Amended

Complaint(ECF No. 36); while their Attorney filed motion to dismiss the Complaint. See (ECF No. 161, PageID.2515).

Plaintiff contends that, Ms. Sharon Tyler, Clerk of Berrien County Government, dereliction, or abandonment of her duty when she willfully rejected or refused the served Summonses and Complaint(ECF No. 36), still amounts to proper process of service on Defendant Berrien County Government, and Its Officials including: **1).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; **2).** Defendant - Lori D. Jarvis Registrar; **3).** Defendant - Kathleen Culberson, Notary Public; **4).** Defendant – Bret Witkowski, Treasurer; **5).** Defendant – Attorney James Mcgovern. See, Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(j)(B); Mich. Ct. Rule 2.105(A)(2); Mich. Ct. Rule 2.105(G)(1) and the District Court's Service Handbook (Exhibit W-14 ID.1384-1386).

## Applicable and Controlling laws in the Court's Record

The Defendant Berrien County Government and Its Employees in Their Official Capacities conceded, in their Brief that, the Berrien County employees named as Defendants, all have been named in their official capacities, and that —"Witkowski", is the only Defendant that is named in both his individual and official capacity at,  (ECF No. 102, PageID.1295):

"As an initial matter, it should be noted that the current Berrien County employees named as defendants in the Second Amended complaint have all been named in their official capacities. "Where a plaintiff fails to designate an individual defendant as being sued in his official or individual capacity, 'by operation of law, defendants are deemed sued in their official capacities.'" Brewer, 2018 WL 1128353, at *2, (quoting Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999)). A suit against an individual in his official capacity is tantamount to a suit against the governmental entity. Id. In his Second Amended Complaint, Plaintiff specifies only one defendant as being sued in his individual capacity—"Witkowski,", "6.) Thus, the other individual defendants are then presumptively named in their official capacities.".

As such, Plaintiff contends that, the Honorable Magistrate Judge Berens' Order (ECF No. 183), which denied Plaintiff's Applications to enter Default and Default Judgment (ECF Nos. 177,

180), against the Defendant Berrien County Government's Officials, that is tantamount to a suit against the Defendant Berrien County Government entity, namely: **1).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; 2). Defendant - Lori D. Jarvis Registrar; **3).** Defendant - Kathleen Culberson, Notary Public; **4).** Defendant – Bret Witkowski, Treasurer; **5).** Defendant – Attorney James Mcgovern, lacked basis in the relevant material facts and the applicable laws in this District Court's record, and further violates the Federal Sixth Circuit Appellate Court's Order and Judgment (ECF Nos.72, 73), and is an abuse of discretion and is judicial bias against Plaintiff.  Moreover, Plaintiff contends that, because the Honorable Magistrate Judge Berens' Order (ECF No. 183), denied Plaintiff's Applications to enter Default and Default Judgment (ECF Nos. 177, 180), has no basis in the relevant material facts and the applicable laws, and further violates the Federal Sixth Circuit Appellate Court's Order and Judgment (ECF Nos.72, 73), the  Honorable Judge Jonker, must reverse it as a matter of law. See, Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(j)(B); Mich. Ct. Rule 2.105(A)(2); Mich. Ct. Rule 2.105(G)(1) and the District Court's Service Handbook (Exhibit W-14 ID.1384-1386).

The Honorable Magistrate Judge Berens' Order (ECF No. 183), legal theory is moot.  The problem with the legal theory, Judge Berens inaccurately found that:  **1).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; 2). Defendant - Lori D. Jarvis Registrar; **3).** Defendant - Kathleen Culberson, Notary Public; **4).** Defendant – Bret Witkowski, Treasurer; **5).** Defendant – Attorney James Mcgovern, are sued in their individual capacities. However, Defendant Berrien County Government and Its Officials, positions are, they are sued in their official capacities.  But, Plaintiff and Defendant Berrien County Government and Its Officials, positions  are, "A suit against an individual in his official capacity is tantamount to a suit against the governmental entity." or  Defendant Berrien County Government Itself.  As such, Plaintiff contends that, the Honorable Magistrate Judge Berens' legal theory that, Defendant Berrien County Government's Officials, can only be served in their

individual capacity is just factually and legally moot.  Judge Berens' legal theory also contradicts the

Defendant Berrien County Government and Its Officials' argument and Plaintiff's, that  "A suit

against an individual in his official capacity is tantamount to a suit against the governmental entity."

> ECF Nos. 177 and 180. These motions are **denied**. As set forth above, Plaintiff's
> attempted method of service on these individuals by service on the Berrien
> County Clerk was improper. "'Because a party has no duty to plead until properly
> served, sufficient service of process is a prerequisite to entry of default.'" *Russell
> v. Tribley*, No. 2:10-CV-14824, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10,
> 2011), *report and recommendation adopted*, 2011 WL 4396784 (E.D. Mich. Sept.
> 21, 2011) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.2 (D. Kan.
> 2008)).

Moreover, Plaintiff's process of service of Summonses with Complaint(ECF No. 36), on,

Ms. Sharon Tyler, Clerk of Berrien County Government on behalf of **1).** Defendant – Hon. Alfred

M. Butzbaugh, F.C.J; **2).** Defendant - Lori D. Jarvis Registrar; **3).** Defendant - Kathleen Culberson,

Notary Public; **4).** Defendant – Bret Witkowski, Treasurer; **5).** Defendant – Attorney James

Mcgovern in their Official Capacities is proper, process of service. See, Brewer, 2018 WL 1128353,

at *2, (quoting Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999)); Fed. R. Civ. P. 4(e)(1); Fed. R.

Civ. P. 4(j)(B); Mich. Ct. Rule 2.105(A)(2); Mich. Ct. Rule 2.105(G)(1) and the District Court's

Service Handbook (Exhibit W-14 ID.1384-1386).  Furthermore, Ms. Sharon Tyler, Clerk of Berrien

County Government when she willfully rejected or refusal of the proper process of service is a

dereliction, or abandonment of her duty, still amounts to Defendant Berrien County Government,

and Its Officials being properly served Summonses with Complaint(ECF No. 36).

In addition, Plaintiff's 'request for Clerk of Court to enter Default and  Default Judgment

against Berrien County Government's Officials: **1).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J;

**2).** Defendant - Lori D. Jarvis Registrar; **3).** Defendant - Kathleen Culberson, Notary Public; **4).**

Defendant – Bret Witkowski, Treasurer; **5).** Defendant – Attorney James Mcgovern, because of the

Defendants' failure to file Answers to Plaintiff's 'Third Amended Complaint (ECF No, 36) or a Rule

12 Motion; for the grand total sum certain Default Judgment damages claim which is good through

April 30, 2024, to the tune of **$85, 944,289.20** and a Declaratory Judgment is proper. That, the

Honorable Magistrate Judge Berens' Order (ECF No. 183), which denied Plaintiff's Default and

Default Judgment(ECF No. 177, 180), is moot and must be reversed as a matter of law.

### Is the Order (ECF No. 183), which Denied Plaintiff's Applications to enter Default and Default Judgment (ECF Nos. 177, 180) also a Violations of Sixth Circuit's Order and Judgment (ECF Nos.72, 73), and an Abuse of Discretion? Plaintiff Answers Yes!

Plaintiff contends, given the Sixth Circuit Appellate Court's Order and Judgment (ECF

Nos.72, 73), that is binding on the District Court, that:

> "We review default-judgment decisions for an abuse of discretion. Prime Rate
> Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019). The district court
> found that its dismissal of the second amended complaint mooted Barnaby's motions for
> default judgment. Because the district court erred in dismissing the second amended
> complaint, however, it also erred in finding that the motions for default judgment were
> moot." **"…VACATE** the judgment in part, and **REMAND** for further proceedings
> consistent with this order.".  Please see, (Case: 23-1134, Document: 29-1 Filed:
> 11/17/2023,  Page: 6).

Considering, Defendant Berrien County Government and Its Officials position that, "A suit

against an individual in his official capacity is tantamount to a suit against the governmental entity.

Brewer, 2018 WL 1128353, at *2, (quoting Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999)). The

Honorable Magistrate Judge Berens' Order (ECF No. 183), which Denied Plaintiff's Applications to

enter Default and Default Judgment (ECF Nos. 177, 180), against the Defendant Berrien County

Government's Officials, that is tantamount to a suit against the Defendant Berrien County

Government entity, namely: **1).** Defendant – Hon. Alfred M. Butzbaugh, F.C.J; **2).** Defendant - Lori

D. Jarvis Registrar; **3).** Defendant - Kathleen Culberson, Notary Public; **4).** Defendant – Bret

Witkowski, Treasurer; **5).** Defendant – Attorney James Mcgovern.  Both Violated Sixth Circuit's

Order and Judgment (ECF Nos.72, 73), and is an Abuse of Judge Berens' Discretion. See Prime Rate

Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 768 (6th Cir. 2019).

**B.  Did the Order (ECF No. 183), which Overruled Plaintiff's Objection(ECF No. 142), lack basis in fact and law? ………………………………..  Plaintiff Answers Yes!**

Plaintiff contends that Judge Berens' Order (ECF No. 140), ordering the Township Defendants to file a dismissal motion or to respond to the Order to get Plaintiff Complaint dismissed against them.  Moreover, the Order get into the mind of Plaintiff that, "By his use of terms "forgeries" or "forged," Plaintiff does not really mean that, these documents—notice of judgment of foreclosure, certificate of foreclosure, and the quit claim deed to the purchaser— were forgeries in the legal sense that they were false or altered documents made to look genuine." In spite Plaintiff's objection(ECF No. 142), filed Briefs and Fourth Amended Complaint-(ECF No. 145), that.  Plaintiff's, 'Second and Third Amended Complaints -(ECF Nos. 10, 36), and this Fourth Amended Complaint, usage of terms "falsification", "forgeries" or "forged,", falsification 750.248, making, altering, forging, or counterfeiting public record, Court's Judgment and Order, and documents—forged notice of judgment of foreclosure(s), forged certificate of foreclosure(s), and forged quit claim deed(s), to the purchaser(s) are in the legal sense that, they were false or altered documents made to looked genuine.  When Plaintiff or Mr. Barnaby's Complaints uses the terms, "forgeries" or "Forged", Forgery Notices of Judgment of Foreclosures, Forgery Certificates of Foreclosures,  Forgery Quit Claim Deeds to the purchasers and Forgery Order, he means forgeries in the legal sense that, they are false or altered documents made to look genuine, to defraud Plaintiff. (ECF No. 145, PageID.2113-2119).

Yet, for reasons unknown to Plaintiff , Judge Berens **overruled** Plaintiff's objection to the Court characterization of his use of the term "forgeries" or "forged" documents, as follows:

> "ECF No. 142. The Objection is **overruled.** Plaintiff objects to the Court's characterization of his use of the term "forgeries" or "forged" documents. Plaintiff has raised this issue in his responses to the various motions to dismiss and because the Court is aware of his position, he need not file a separate objection."

The Plaintiff contends that our Supreme Court's Justices are required to interpret the constitution written by our dead founders. However, Plaintiff is a live and is the author of his Complaint.  As such, Plaintiff contends, given that he is the author of his Second, Third and Fourth Amended Complaint he is the best interpreter of his complaint characterization of his use of terms "falsification", "forgeries" or "forged" documents. Plaintiff contention with the Honorable Magistrate Judge Berens'  Order Which Overruled his objection is that, he is alive. As such, the Magistrate Judge has no need to seek for the interpretation as Supreme Court's Justices do as if Plaintiff is dead. Plaintiff is alive, and he is the best interpreter of his Complaint, when Plaintiff or Mr. Barnaby's Complaints uses the terms, "forgeries" or "Forged", Forgery Notices of Judgment of Foreclosures, Forgery Certificates of Foreclosures,  Forgery Quit Claim Deeds to the purchasers and Forgery Order, he means forgeries in the legal sense that, they are false or altered documents made to look genuine, to defraud Plaintiff. (ECF No. 145, PageID.2113-2119). In addition, Plaintiff contends that, they are rendered invalid because they are forged documents, in keeping with Michigan's laws. § 750-248 and § 750-249.  **"Forgery is illegal in Michigan, and occurs when a defendant creates, uses, or possesses a false document with the intent to use it to defraud someone."** The "someone" defrauded here is Plaintiff.  As such, Plaintiff seeks a reversal of the Honorable Magistrate Judge Berens Order Overruling his objection.

### C.  Did the Order (ECF No. 183), Violate Plaintiff's Due Process Rights Barring Him from filing any motion or other document in this case without first obtaining Leave? ……………………………………………………………. Plaintiff Answers Yes!

First, Plaintiff fully agrees with the Honorable Magistrate Judge Berens's inherent authority under Fed. R. Civ. P. 1, to manage its docket to ensure the orderly and efficient disposition of cases. See Cutlip v. Norfolk S. Ry. Co., No. 3:17 CV 961, 2017 WL 8676443

(N.D. Ohio Dec. 18, 2017).  However, Plaintiff contention is that, managing the docket to ensure the orderly and efficient disposition of cases, should not be at the expense of Plaintiff's Constitutional Rights. Example, Plaintiff Oppositions to Defendants' Motions to Dismiss his Complaint, is with Plaintiff's Cross-Motion for Summary Judgment is proper, and he is entitled to the Judgment as a matter of law. Fed. R. Civ. P. 56(a). The Honorable Magistrate Berens(ECF No. 183), deprived Plaintiff of his rights to file his response to Defendants Oppositions to his Cross-Motion for Summary Judgment.  Second, the Order deprived Plaintiff of his rights to file his response objection to the Order (ECF No. 183), which Denied Plaintiff's Applications to enter Default and Default Judgment (ECF Nos. 177, 180).

**D. Did the Order (ECF No. 183), Violate Plaintiff's Rights to Amend His Fourth Amend Complaint-(ECF No 145), Under Fed. R. Civ. P. 15(a)(1)(2) and or Order-(ECF No 140)? ………………………………………………. Plaintiff Answers Yes!**

According to Fed. R. Civ. P. 15(a)(1)(2) and the Court's prior Order-(ECF No, 140) below, Plaintiff had amended his Complaint-(ECF No, 145).

The Sixth Circuit "disfavors sua sponte dismissal of complaints on the merits." *Doe v. Oberlin Coll.*, 60 F.4th 345, 351 (6th Cir. 2023). Even so, it has formulated a procedure by which a district court may sua sponte dismiss claims in appropriate circumstances. The procedure, adopted in *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), requires that a district court:

> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal. *Doe*, 60 F.4th at 351 (quoting *Tingler*, 716 F.2d at 1112).

> "Pursuant to Tingler, the Court notifies Plaintiff and the Township Defendants that it may issue a report and recommendation for dismissal of Plaintiff's claims against the Township Defendants for the reasons set forth by Defendant City of Benton Harbor in its brief in support of its motion to dismiss. (ECF No. 121 at PageID.1588–1602."

Since Plaintiff amended his Complaint-(ECF No, 145), he has discovered more fraud that Defendants have committed against him and seeks leave to add the following counts of Fraud: **1).** Fraud by UPL, **2).** Fraud by forgery, **3).** Fraud Falsification, **4).** Frauds unlawful concealment, **5).** Fraud by Fraudulent testimony in deposition. **6).** Fraud by concealment that they reduced the property values in 2007 tax year. **7).** Fraud by in pleading with false affidavit. 8). Fraud upon courts to commit the 7 seven same. **9).** Fraudulent Conspiracies to commit the 8 same frauds. 10). Fraud to diminish Plaintiff's property under the false pretense of unpaid property taxes. **11).** Fraud to foreclosure plaintiff's Properties under the false pretense of unpaid Properties taxes.  If Plaintiff cannot get the relief, he seeks via his Third Amended Complaint, he seeks to have these additional Fraud Counts to his Fourth Third Amended Complaint.

Once more, Plaintiff fully agrees with the Honorable Magistrate Judge Berens's inherent authority under Fed. R. Civ. P. 1, to manage its docket to ensure the orderly and efficient disposition of cases. See Cutlip v. Norfolk S. Ry. Co., No. 3:17 CV 961, 2017 WL 8676443 (N.D. Ohio Dec. 18, 2017).  Moreover, while Plaintiff believes both as a matter of fact and law his Second and Third Amended Complaint-(ECF Nos, 10, 36) can get him the relief he seeks. Plaintiff equally argues, if this Your Honorable Court disagrees with Plaintiff that his Second and Third Amended Complaint-(ECF Nos, 10, 36), cannot get him the relief he seeks, to allow him to add, the additional fraud Counts to his Fourth Amended Complaint-(ECF No, 145).

Since Plaintiff amended his Complaint-(ECF No, 145), he has discovered more fraud that Defendants have committed against him and seeks leave to add the following counts of Fraud: **1).** Fraud by UPL, **2).** Fraud by forgery, **3).** Fraud Falsification, **4).** Frauds unlawful concealment, **5).** Fraud by Fraudulent testimony in deposition. **6).** Fraud by concealment that they reduced the property values in 2007 tax year. **7).** Fraud by in pleading with false affidavit. 8). Fraud upon courts to commit the 7 seven same. **9).** Fraudulent Conspiracies to commit the 8 same frauds. 10). Fraud to diminish Plaintiff's property under the false pretense of unpaid property taxes. **11).** Fraud to foreclosure plaintiff's Properties under the false pretense of unpaid Properties taxes. **Please see (ECF No. 184, PageID.2904)**

## VI. CONCLUSION and Relief Requesting

For reasons articulated herein: **1).**  Plaintiff request that, this Your Honorable Court, reverse the Order (ECF No. 183), Overruling his Objection(ECF No. 142.   **2).** To reverse the Order barring the Amendment of his added Fraud Counts and the violation of Plaintiff's Due Process Rights.   **3).**  To reverse the Order which **denied** Plaintiff's Default and Default Judgment against the above Defendants, for their failure to file Answers to Plaintiff's 'Third Amended Complaint (ECF No, 36) or a Rule 12 Motion. To award full Compensatory Damages of **$17,188,857.80** and Punitive[1] damages, Four-Times his Compensatory Damages of **$68,755,431.40,** grand total of **$85, 944,289.20**.   **4).**  To enter a Declaratory Judgment  against the Defendant – Hon. Alfred M. Butzbaugh, F.C.J, that his August 18, 2010, Judgment and July 12, 2012, Order are void, and imaginary against Plaintiff, procured by forgery, falsifications of Courts' and County's records, UPL and fraud upon Courts. (ID.560-563), (ID.646- 686), (ID.709-714) and (ID.717-723).

"19. Plaintiff alleges that, at all times mentioned in this Complaint Defendants acted jointly and in concert with each other or should have reported their unlawful actions to the other Defendants. As such, each Defendant had the duty and or their duty afford them the opportunity to protect the Plaintiff from the unlawful actions and or to remedy the unlawful actions in whole, either by collective efforts or individual effort to retore Plaintiff in full, but each Defendant failed and or refused to perform such duty, thereby proximately causing the injuries herein Plaintiff's Complaint." (ECF No. 10,  PageID.167) and (ECF No. 36,  PageID.181)

Respectfully Submitted,

Dated:  April 29, 2024,                    \S/ Owen W. Barnaby
                                                         Owen W. Barnaby, In Pro Se.

---

[1]  E. Jean Carroll v. Donald J. Trump                  Case No. 20 CIVIL 7311(LAK)

It is hereby ORDERED, ADJUDGED AND DECREED: That after a Jury Trial before Honorable Lewis A. Kaplan, United States District Judge, Plaintiff E. Jean Carroll has judgement for compensatory damages (other than for the reputation repair program) in the amount of $7,300,00.00, Plaintiff E. Jean Carroll has judgement for compensatory damages (for the reputation repair program only) in the amount of $11,000,000.00; and Plaintiff E. Jean Carroll has judgement for punitive damages in the amount of $65,000,000.00, each as against the defendant Donald J. Trump for an aggregate sum of $83,000,000.00. Dated New York, New York February 8, 2024.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned states that on the 29th  day of April 2024, a duplicate original of

Plaintiff's,  EXPEDITED CONSIDERATION REQUESTED, Plaintiff's Brief, against all named

Defendants filed with the Clerk using the ECF System, which will provide electric notice to the

parties of record, and I have emailed and mailed by U.S. Postal Service the same to the  non-ECP

participants attorney above.


Respectfully Submitted,


Dated:  April 29, 2024,                          <u>\S/ Owen W. Barnaby</u>
                                                 Owen W. Barnaby, In Pro Se.

14

## <u>CERTIFICATE OF COMPLIANCE</u>

Certificate of Compliance with Type-Volume Limit and Typeface Requirements

1. This brief complies with the type-volume limitation of Local Rule 7.3(b)(i) because, excluding the part of the document exempted by this rule, this brief contains 4,036 words.

2. This document complies with the typeface requirements of Local Rule 7.3(b)(ii) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 12-point Times New Roman.

Respectfully Submitted,

Dated:  April 29, 2024,                    \S/ Owen W. Barnaby
                                           Owen W. Barnaby, In Pro Se.

15