UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

OWEN W. BARNABY,

    Plaintiff,

v.

MICHIGAN STATE GOVERNMENT, HON. GRETCHEN WHITMER GOVERNOR OF MICHIGAN, HON. JENNIFER GRANHOLM GOVERNOR OF MICHIGAN, HON. RICK SNYDER GOVERNOR OF MICHIGAN, KENDELL S. ASBENSON, MICHIGAN ATTORNEY GENERAL DANA NESSEL, CITY OF BENTON HARBOR, NILES CHARTER TOWNSHIP, BOARD OF TRUSTEES OF NILES CHARTER TOWNSHIP, BERRIEN COUNTY GOVERNMENT, BERRIEN COUNTY BOARD OF COMMISSIONERS, BRET WITSKOWSKI TREASURER OF BERRIEN COUNTY, BRET WITSKOWSKI INDIVIDUAL CAPACITY, SHELLY WEICH TREASURER OF BERRIEN COUNTY, LORI D. JARVIS REGISTRAR OF BERRIEN COUNTY, LORA L. FREEHLING REGISTRAR OF BERRIEN COUNTY, KATHLEEN CULBERSON NOTARY PUBLIC OF BERRIEN COUNTY, ATTORNEY DONNA B. HOWARD, ATTORNEY MCKINLEY R. ELLIOTT, ATTORNEY JAMES MCGOVERN, ATTORNEY JEFFREY R. HOLMSTROM, HOLMSTROM LAW, PLC, STATE BAR OF MICHIGAN, HONORABLE ELIZABETH T. CLEMENT, HONORABLE BRIDGET M. MCCORMACK, SUPREME COURT OF MICHIGAN, HONORABLE ELIZABETH L. GLEICHER, HONORABLE CHRISTOPHER M. MURRAY, MICHIGAN COURT OF APPEALS, HONORABLE ALFRED M. BUTZBAUGH, HONORABLE MABEL J. MAYFIELD, HONORABLE GARY J. BRUCE, BERRIEN COUNTY TRIAL COURT,

    Defendants.

CASE NO. 1:22-cv-1146

HON. ROBERT J. JONKER

HON. MAG. SALLY J. BERENS

**<u>The Holmstrom Defendants'
Fed. R. Civ. P. 12(b)(6) Motion to
Dismiss</u>**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## The Holmstrom Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

NOW COME Defendants Jeffrey R. Holmstrom ("Holmstrom") and Holmstrom Law Office, PLC (together the "Holmstrom Defendants"), by and through their attorneys, SMITH HAUGHEY RICE & ROEGGE, and for their Motion to Dismiss rely on Fed. R. Civ. P. 12(b)(6), as well as the arguments and authorities contained in the supporting Brief filed concurrently with this Motion, and state:

1. This is Owen Barnaby's ("Barnaby") third federal lawsuit (see Western District of Michigan Case Nos. 1:14-cv-1279 and 1:20-cv-232) challenging state court foreclosure proceedings that ended in 2012.

2. The Holmstrom Defendants represented Berrien County and its treasurer in one of those suits (1:14-cv-1279) and succeeded both in having the suit dismissed, and in having that dismissal affirmed by the Sixth Circuit.

3. Barnaby's claims against Berrien County and its agents/employees have been barred by *res judicata* for some time. See *Barnaby v. Witkowski,* 758 F. App'x 431, 436 (6th Cir. 2018), affirming the dismissal of Case No. 1:14-cv-1279 on *res judicata* grounds.  Barnaby's theory in Case No. 1:14-cv-1279 was that the County and its treasurer secured the state court foreclosure judgment through fraud, misrepresentations, and collusion with the trial court, and that the state trial court proceedings otherwise violated Barnaby's due process rights.  (**Ex. A**, 2014 Complaint, ¶¶ 16, 22.a., 22.e., 23, 28, 35-36.)

4. But Barnaby's claims in this case are grounded in those same events and claims. (ECF No. 145, PageID. 2112, ¶ 1.) The only difference relevant to this Motion is that Barnaby now names Holmstrom as a "co-conspirator" in the alleged efforts to "defraud" Barnaby of his property. (Id., PageID. 2174-2176, ¶¶ 119-123.)

5. Barnaby's claims in this case are barred by the doctrine of *res judicata*.  That defense has four elements – it requires (i) a "final decision on the merits in the first action by a court of competent jurisdiction," (ii) the second action must involve the "same parties, or their privies," (iii) the second action

raises an issue which was "actually litigated *or which should have been litigated* in the first action," and (iv) there is an "identity of the causes of action." *Begala v. PNC Bank, Ohio, Nat. Ass'n,* 214 F.3d 776, 779 (6th Cir. 2000) (emphasis added). The disposition of Barnaby's claims in the 2014 suit necessarily bars his claims in this case. "The law does not allow [a litigant] the luxury of returning to federal court with the same set of facts until he succeeds in alleging a federal cause of action." *Begala,* 214 F.3d at 780. "Identity of causes of action" means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Id.* (cleaned up). *Res judicata*, of course, "is animated by principles of finality rather than by concerns of individual equity." *Id.* (citation omitted). Adding Holmstrom as a Defendant does not alter the claim preclusion analysis at all because Holmstrom was the County's attorney in the 2014 case, and attorneys are considered privies of their clients for the purposes of *res judicata*. *Plotner v. AT & T Corp.,* 224 F.3d 1161, 1169 (10th Cir. 2000); *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1235 n. 6 (7th Cir. 1986). Notably, in attempting to plead his claim against Holmstrom, Barnaby states: "[s]ee case, Barnaby v. Witkowski, 1:14-cv-1279" (ECF No. 145, PageID. 2174, ¶ 120) – thus confirming that this is the very same claim that he litigated to conclusion against Holmstrom's clients (the County and its treasurer) in the 2014 suit.

6. Even if Barnaby could overcome a *res judicata* defense, his claims against the Holmstrom Defendants fail in any event because (i) Holmstrom was not a state actor that can be sued under 42 U.S.C. § 1983, (ii) the other statutes cited by Barnaby are inapplicable on their face, and (iii) the *Fourth* Amended Complaint generally does not meet the pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S. Ct. 1937 (2009) and *Bell Atlantic v. Twombly,* 550 U.S. 544; 127 S.Ct. 1955 (2007). Further, the claims against Holmstrom are based on an alleged conspiracy (ECF No. 145, PageID. 2174, ¶ 119), which is subject to a heightened pleading requirement that Plaintiff has not met. See *Gavitt v. Born,* 835 F.3d 623, 647 (6th Cir. 2016) ("conspiracy claims must be pled with some degree of specificity … this pleading standard is relatively strict") (cleaned up).

3

7. As required by L. Civ. R. 7.1(d) counsel for the Holmstrom Defendants emailed the Plaintiff on April 29, 2024, to determine if Plaintiff would concur with or oppose the arguments raised in this Motion. However, concurrence in the relief requested was denied.

WHEREFORE, for reasons explained in the attached Brief, Defendants Jeffery R. Holmstrom and Holmstrom Law Office, PLC respectfully asks the Court to dismiss them from this suit with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: April 30, 2024                    By:   */s/ Michael D. Wiese*
                                                Michael D. Wiese (P78353)
                                                Drew W. Broaddus (P64658)
                                                John R. Oostema (P26891)
                                                SMITH HAUGHEY RICE & ROEGGE
                                                Attorneys for the Holmstrom Defendants
                                                100 Monroe Center NW
                                                Grand Rapids, MI 49503
                                                (616) 774-8000
                                                mwiese@shrr.com