UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

OWEN W. BARNABY

    Plaintiffs,

v.

MICHIGAN STATE GOVERNMENT GRETCHEN WHITMER, JENNIFER GRANHOLM RICK SNYDER, KENDELL S. ASBENSON, DANA NESSEL, CITYOF BENTON HARBOR, NILES CHARTER TOWNSHIP, BOARD OF TRUSTEES OF NILES CHARTER TOWNSHIP, BERRIEN COUNTY GOVERNMENT BERRIEN COUNTY BOARD OF COMMISSIONERS, BRET WITSKOWSKI, SHELLY WEICH, LORI D. JAVIS, LORA L. FREEHLING, KATHLEEN CULBERSON, DONNA B. HOWARD, MCKINLEY R. ELLIOTT, JAMES MCGOVERN, JEFFREY R. HOLMSTROM, HOLMSTROM LAW, PLC, MICHIGAN COURT OF APPEALS, MABEL J. MAYFIELD, GARY J. BRUCE, ELIZABETH T. CLEMENT, ELIZABETH L. GLEICHER, CHRISTOPHER M. MURRAY, BERRIEN COUNTY TRIAL COURT, BRIDGET M. MCCORMACK, ALFRED M. BUTZBAUGH, NILES CHARTER TOWNSHIP OFFICIALS, HOLMSTROM LAW OFFICE, PLC,

    Defendants.

Case No. 1:22-CV-01146

HON. ROBERT J. JONKER

**BRIEF IN SUPPORT OF DEFENDANTS CULBERSON, WITKOWSKI, AND MCGOVERN'S MOTION TO DISMISS PURSUANT TO Fed.R.Civ. P. 12(b)(5) and (6)**

***Oral Argument Requested***

| | |
|---|---|
| Owen W. Barnaby<br>*In Pro Per*<br>P.O. Box 1926<br>Kennesaw, GA 30156<br>(678) 382-4183<br>Bossproperties96@gmail.com | ALLAN C. VANDER LAAN (P33893)<br>KRISTEN L. REWA (P73043)<br>Cummings, McClorey, Davis & Acho, PLC<br>Attorneys for Defendants Berrien County Government, Berrien County Board of Commissioners, Shelly Weich, Lora L. |

{02056878-1 }

|  | Freehling, Donna B. Howard, McKinley R. Elliott, Mabel J. Mayfield, Gary J. Bruce, Berrien County Trial Court, Kathleen Culberson, James McGovern and Bret Witkowski<br>2851 Charlevoix Drive, SE, Suite 203<br>Grand Rapids, MI 49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com<br>krewa@cmda-law.com |
|---|---|
| Emily Jenks (P84497)<br>Bodman PLC<br>Attorney for Defendant City of Benton Harbor<br>201 W. Big Beaver Rd., Ste. 500<br>Troy, MI 48084<br>(248) 743-6057<br>ejenks@bodmanlaw.com<br><br>Thomas J. Rheaume, Jr. (P74422)<br>Bodman PLC<br>Attorney for Defendant City of Benton Harbor<br>1901 St. Antoine St.<br>6th Fl. at Ford Field<br>Detroit, MI 48226<br>(313) 259-7777<br>trheaume@bodmanlaw.com | Kimberly Karen Pendrick (P60348)<br>MI Dept of Attorney General (Civil Rights/Liberties)<br>Civil Rights and Civil Liberties Division<br>Attorney for Defendants Michigan State Government, Gretchen Whitmer, Jennifer Granholm, Rick Snyder, Kendell S. Asbenson, Dana Nessel, Michigan Court of Appeals, Elizabeth T. Clement, Elizabeth L. Gleicher, Christopher M. Murray, Bridget M. McCormack<br>3030 W. Grand Blvd., Ste. 10-650<br>Detroit, MI 48202<br>(313) 456-0060<br>(313) 456-0061 Fax<br>pendrickk@michigan.gov |
|  | Theodore Seth Koches (P71761)<br>Bauckham Sparks Thall Seeber & Kaufman PC<br>Attorney for Defendant Niles Charter Township, Board of Trustees of Niles Charter Township, and Niles Charter Township Officials<br>470 W. Centre Ave., Ste. A<br>Portage, MI 49024<br>(269) 382-4500<br>(269) 382-2040 Fax<br>koches@michigantownshiplaw.com |

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................. iv
ISSUES PRESENTED ........................................................................................ vi
STATEMENT OF FACTS ..................................................................................... 1
    I.     Procedural Posture ............................................................................... 1
    II.    Facts Related to Service ....................................................................... 2
    III.   Facts Related to Res Judicata ............................................................... 4
STANDARD OF REVIEW ..................................................................................... 4
ARGUMENT ........................................................................................................ 4
    I.     Service ................................................................................................. 4
    II.    Res Judicata ......................................................................................... 5
    III.   Failure to State a Claim ......................................................................... 9
CONCLUSION AND RELIEF REQUESTED ..................................................... 11
CERTIFICATE OF COMPLIANCE REGARDING WORD COUNT ............................... 13

## INDEX OF AUTHORITIES

**Cases**

*Aircraft Braking Sys. Corp. v Local 856, Int'l Union, United Auto., Aerospace & Agric. Implement Workers, UAW*,
   97 F.3d 155 (6th Cir. 1996) .................................................................................. 6

*Allen v. McCurry*,
   449 U.S. 90 (1980) ............................................................................................... 6

*Am Transmissions, Inc v Att'y Gen*,
   454 Mich 135 (1997) ......................................................................................... 11

*Barnaby v. Mayfield*,
   1:20-cv-232 (W.D.Mich) ..................................................................................... 8

*Barnaby v. Mayfield*,
   No. 20-1564, 2021 WL 2470304, (6th Cir. May 5, 2021) .................................. 8

*Barnaby v. Witkowski*,
   758 F. App'x 431 (6th Cir. 2018) ........................................................................ 6

*Barnaby v. Witkowski,*
   No. 1:14-cv-1279 (W.D.Mich) ............................................................................ 4

*Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*,
   402 U.S. 313 (1971) ............................................................................................ 6

*Cromwell v. County of Sac*,
   94 U.S. 351 (1876) .............................................................................................. 6

*Dubuc v. Green Oak Twp.*,
   312 F.3d 736 (6th Cir. 2002) ........................................................................... 7, 8

*Gibson v. Matthews*,
   926 F.2d 532 (6th Cir.1991) ............................................................................. 10

*Heike v. Cent. Michigan Univ. Bd. of Trustees*,
   573 F. App'x 476 (6th Cir. 2014) ........................................................................ 8

*Jourdan v. Jabe*,
   951 F.2d 108 (6th Cir. 1991) .............................................................................. 5

*Kennedy v. Grattan Twp.*,
   No. 106-CV-657, 2007 WL 1108566 (W.D. Mich. Apr. 10, 2007) ................... 5

***Kentucky v. Graham***,
  473 U.S. 159 (1985) ................................................................................................... 9

***Pittman v. Michigan Corrs. Org.***,
  123 F. App'x 637 (6th Cir. 2005) .............................................................................. 8

***Pucci v. Nineteenth Dist. Ct.***,
  628 F.3d 752 (6th Cir. 2010) ..................................................................................... 9

***Todd v. Weltman, Weinberg & Reis Co., L.P.A.***,
  434 F.3d 432 (6th Cir. 2006) ................................................................................... 11

**Statutes**

Mich. Comp. Law § 691.1407(5) ................................................................................... 11

Mich. Comp. Laws § 55.285 .......................................................................................... 10

**Other Authorities**

Mich. Const. of 1963, Art VII, § 4 ................................................................................. 11

**Rules**

Fed.R.Civ.P.12(b)(5) ........................................................................................................ 4

Fed.R.Civ.P.12(b)(6) ........................................................................................................ 4

Mich.Ct.R. 2.105(G) ........................................................................................................ 3

## ISSUES PRESENTED

I. Did Plaintiff fail to properly execute service on Defendants McGovern, Witkowski, and Culberson?

    Plaintiff answers "no."

    Defendants answer "yes."

II. ARE PLAINTIFF'S CLAIMS BARRED BY RES JUDICATA?

    Plaintiff answers "no."

    Defendants answer "yes."

III. DID PLAINTIFF'S THIRD AMENDED COMPLAINT STATE A CAUSE OF ACTION AGAINST DEFENDANTS WITSKOWSKI, CULBERSON OR MCGOVERN?

    Plaintiff answers "yes."

    Defendants answer "no."

## STATEMENT OF FACTS

### I.     Procedural Posture

Plaintiff Owen Barnaby, proceeding pro se, asserts several claims against numerous Defendants arising out of 2010 tax foreclosures of parcels of property he owned in Berrien County, Michigan. The Third Amendment complaint is the operative pleading. **(ECF 91, PageID.1124; ECF No.36)**. The Order docketed at ECF 183 summarizes the procedural posture of the case, with the addition of a subsequently filed motion to dismiss filed by the Holmstrom Defendants. **(Order ECF No.183, PageID.2897; ECF No. 195).**

Defendant Bret Witkowski was the Treasurer for Berrien County. **(Compl ¶13, ECF No.36, PageID.177-178)**. Kathleen Culberson was a notary public working for Berrien County. **(Id.)**. Attorney James McGovern was General Corporate Counsel for Berrien County. **(Id)**.

Defendant Witkowski is alleged to have forged documents related to Plaintiff's 2007 taxes, which purportedly formed the basis of the 2010 foreclosure. **(Id., ¶23, 27, PageID.182, 184)**. Plaintiff further claims Witkowski's 2017 deposition testimony taken during a 2014 lawsuit regarding the forfeiture is evidence his property was overvalued. **(Id., ¶¶28-29, PageID.184-185)**. Culberson allegedly notarized documents which were supposedly forged. **(¶47, PageID.194)**. Mr. McGovern was corporation counsel for Berrien County and is sued for his actions as an attorney for the County. **(Compl, ¶¶ 29, 60, PageID.185, 200-201)**.

## II. Facts Related to Service

Defendants incorporate the statement of facts set forth in the motion filed by other Berrien County defendants[1] in their Brief in Support of their Motion to Dismiss, incorporated here by reference. **(ECF No.161, PageID.2515-2518)**.

When the Court authorized the Third Amended Complaint on December 27, 2023, plaintiff was given 45-days to effect proper service on the unserved defendants, or until February 10, 2024. **(PageID.1124)**. Plaintiff was cautioned that "failure to effect service within that time without a showing of good cause <u>shall</u> result in dismissal of such Defendants without prejudice." **(Id., emphasis added)**.

In an order dated April 19, 2024, this Court denied Plaintiff's requests for default judgment against Berrien County Defendants, including Bret Witkowski, Kathleen Culberson, and James McGovern, because they were not properly served. **(See Order, ECF No. 183, PageID.2897-98)**. That same day, Plaintiff requested an extension of time to serve Berrien County defendants through service on the County Clerk. **(ECF No. 184, PageID.201)**. Plaintiff was told this method was improper earlier that day. **(PageID.2898)**. The Court previously put Plaintiff on notice of what proper service entails. **(see e.g., ECF No.91, PageID.1120-1124)**. As have Defendants. **(ECF No.161, PageID.2518-23)**.

Plaintiff proceeded to execute his request stated in ECF 184 without leave of Court. On April 22, 2024, Plaintiff left yet another box of summons and complaints, this time with the office manager for Berrien County Board Chairman Elliott and left a copy of same with a resident of Mr. Elliot's home, **(ECF No.189-1, PageID.2925),** including Summons for

---

[1] The "other" Berrien County Defendants are: Berrien County Government, Berrien County Board of Commissioners, Shelly Weich, Lora L. Freehling, Donna B. Howard, R. McKinley Elliott, Hon. Mabel J. Mayfield, Hon. Gary J. Bruce, and Berrien County Trial Court.

Defendants McGovern **(PageID.2931)**, Witkowski **(PageID.2933)**, and Culberson **(PageID.2937)**.[2,3] On April 29, 2024, Defendant Witkowski signed for a package postmarked April 23, 2024, containing a summons dated November 15, 2022. **(Exhibit A)**. On May 1, 2024, Plaintiff sought leave to have another summons issued to Defendant Witkowski. **(ECF No 199)**.

The deadline for service on these Defendants was February 10, 2024, as they were named in the original (Witkowski) or Second Amended Complaint (McGovern, Culberson) but remained "unserved defendants". **(Order, ECF No. 91, PageID.1124).**

---

[2] As well as Berrien County Government, Board of Commissioners, McKinley R. Elliott, Berrien County Trial Court, Hon. Alfred Butzbaugh (deceased), Donna Howard, Lori Jarvis (deceased), Lora Freehling, and Shelly Weich. A similar package was delivered on April 22, 2024, to the Berrien Circuit Court and left with "Ann", containing the summonses for Defendants Berrien County Trial Court, Judge Mayfield, Judge Butzbaugh, and Judge Bruce. **(PageID.2938-2941)**. The summonses for the judicial defendants were issued January 23, 2024. **(ECF 115, see also ECF 114)**. If the standard Rule 4(m) 90-day deadline applies (and not the 45-days stated in ECF 91), these summonses expired on April 22, 2024. The Summons for Judge Bruce and the trial court state they were also served on "Chief Judge Mable Mayfield", but it is unclear how, if Judge Mayfield was not personally served or served at her home. **(PageID.2938, 2941)**. Notably, Judge Mayfield's Return *does not* contain this language. **(PageID.2939)**. On this record, Judge Bruce and Judge Mayfield remain unserved for the reasons previously articulated; the courthouse is not their residence and there is no evidence they signed for a restricted delivery certified letter. **(ECF No.161 PageID.2523)**. Although it is a closer call for Defendant Trial Court, there is no evidence to support that "Ann" can accept service for the court pursuant to Mich.Ct.R. 2.105(G).

[3] Proposed Defendants Hon. Alfred Butzbaugh and Lori Jarvis are deceased and have been for years before the filing of this lawsuit, something Plaintiff could have easily ascertained through an internet search of their names. Judge Butzbaugh notice: https://www.michbar.org/News/NewsDetail/nid/5662/In-Memoriam-Alfred-M-Butzbaugh-65th-SBM-President (last visited 5/20/2024); https://www.berriencounty.org/CivicAlerts.aspx?AID=811&ARC=1443 (last visited 5/20/2024).

{02056878-1 }  3

### III. Facts Related to Res Judicata

Defendants incorporate by reference the fact section stated in the Holmstrom Defendants' Brief. **(ECF No.195, PageID.2999-3002)**. Notably, Defendant Witkowski was a named party in ***Barnaby v. Witkowski***, No. 1:14-cv-1279 (W.D.Mich), as was Defendant Berrien County. **(PageID.3000)**. Indeed, Plaintiff's allegations cite to Witkowski's 2017 deposition testimony from the 2014 case. **(¶ 28, PageID.184-185)**.

McGovern was an attorney representing Berrien County and is sued for his actions in that role, including involvement as an attorney present at Witkowski's deposition. **(Compl, ¶¶ 29, 60,- PageID.185, 200-201)**.

Culberson is sued as an employee of Berrien County for her role in serving as a notary public for documents effecting and related to the 2010 foreclosures. **(¶13, 47, PageID.177-178, 194).**

## STANDARD OF REVIEW

Defendants incorporate by reference the Fed.R.Civ.P.12(b)(5) standard set forth by the other Berrien Defendants in their brief. (**ECF 161, PageID.2518).**

Defendants incorporate by reference the Fed.R.Civ.P.12(b)(6) standard set forth by the other Berrien Defendants **(PageID.2525-26)** and the Holmstrom Defendants. **(ECF No. 196, PageID.3003-07)**.

## ARGUMENT

### I. Service

Defendants incorporate by reference the service arguments asserted in the other Berrien County Defendants' brief and reply. **(ECF No.161, PageID.2518-2524; ECF No.176, PageID.2859)**.

On this record, there is no evidence that Defendants Culberson, McGovern, or Witkowski were properly served on or before February 20, 2024, the expiration of the *extended* deadline. While *pro se* litigants are given some latitude, "there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend." **Jourdan v. Jabe**, 951 F.2d 108, 110 (6th Cir. 1991) (dismissing *pro se* case under Rule 41(b) for plaintiff's delay). This is particularly true where, as here, the Court has notified Plaintiff what proper service entails and provided extensions to effectuate it **(ECF 91; ECF 183, PageID.2898).** Plaintiff failed to show good cause. Rather, the record shows Plaintiff was willfully ignoring the guidance provided to him.

Good cause is particularly lacking given the frivolousness of the case. This Court has found "a showing of good cause is not possible" where the claims are clearly barred. **Kennedy v. Grattan Twp.**, No. 106-CV-657, 2007 WL 1108566 at *4 (W.D. Mich. Apr. 10, 2007)(J. Bell, presiding) **(Exhibit B)**. In **Kennedy**, for example, the court dismissed a claim against an unserved state court judge where it was apparent on the pleadings that the claims were barred by judicial immunity. *Id*. As shown below, Plaintiff's claims against these Defendants are barred by res judicata and failure to state a claim. Good cause does not exist because proper service is futile. *Id*.

For these reasons, Defendants Culberson, McGovern, and Witkowski request that this Court find that they were not properly served.

## II.    Res Judicata

Claim preclusion is an absolute bar to subsequent lawsuits when (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or

cause of action as the present case. **Allen v. McCurry**, 449 U.S. 90, 94 (1980). Claim preclusion prevents litigation of claims actually litigated or could have been litigated in the prior action. Claim preclusion prevents relitigating claims that were raised or could have been raised in the earlier action. **Id.** (*citing* **Cromwell v. County of Sac**, 94 U.S. 351 (1876)). Defendants incorporate by reference the res judicata arguments asserted in the Holmstrom brief. **(ECF No. 196, PageID.3004-07)**.

Issue preclusion (or collateral estoppel) applies where (1) the identical issue was raised and actually litigated in a prior proceeding; (2) determination of the issue was necessary to the outcome of the earlier proceeding; (3) the earlier proceeding resulted in a final judgment on the merits; and (4) the parties had a full and fair opportunity to litigate the issue in the earlier case. **Aircraft Braking Sys. Corp. v Local 856, Int'l Union, United Auto., Aerospace & Agric. Implement Workers, UAW**, 97 F.3d 155, 161 (6th Cir. 1996). Mutuality of estoppel is not required. **Allen**, 449 U.S. at 94–95 (citing **Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation**, 402 U.S. 313 (1971)).

This case is a textbook example of the application of claim preclusion and issue preclusion to the claims and issues asserted against Defendant Witkowski. He was a named defendant in the 2014 lawsuit, which ended with a judgment on the merits, affirmed on appeal. **Barnaby v. Witkowski**, 758 F. App'x 431, 437 (6th Cir. 2018). The claims asserted in this case—various constitutional claims, fraudulent misrepresentation, gross negligence, fraud, forgery, and theft/conversion arising from the 2010 foreclosure—were litigated or could have been litigated in the earlier case. 758 F.App'x at 436. Claim preclusion unquestionably applies. As does issue preclusion. The validity and constitutionality of the 2010 tax foreclosures were fully and necessarily litigated in the

{02056878-1}                                6

2014 lawsuit. **(ECF No.16, PageID.14)**. Indeed, the 2014 was itself adjudicated on res judicata grounds, based on findings that the validity and constitutionality was previously litigated to resolution in the state court. 758 F.App'x at 436**; (see also PageID.10-11, 14)**.

Berrien County was also a named party in the 2014 lawsuit. *Id.,* at 433. Defendant McGovern stands in privity with the 2014 defendants for the same reasons as Mr. Holmstrom, as an attorney acting within the scope of the representation to the County and its officials. **(PageID.3004)**.[4] As such, he is entitled to dismissal on grounds of claim preclusion and issue preclusion.

Plaintiff's prior suit against the County and Witkowski acts as a bar against Culberson, McGovern—and all other Berrien County defendants—because they stand in privity with each other regarding these claims. Indeed, Plaintiff's complaint recognizes these defendants are employees, the governing body, or officers of the county government. **(¶13, PageID.177)**. The Sixth Circuit has applied res judicata under circumstances where it is apparent that a plaintiff's second lawsuit is simply attempting to find different municipal employees to re-litigate the same claim. "The Court should not allow [a plaintiff] to continue this repetitive litigation simply by finding some municipal official that has not yet been sued and trying to blame what he claims was systemic group mistreatment of him on that one person individually." ***Dubuc v. Green Oak Twp***., 312 F.3d 736, 751 (6th Cir. 2002) (applying Michigan law).

---

[4] To that end, Attorneys R. McKinley Elliott and Donna B. Howard are also sued for their actions as Berrien County Corporation Counsel. **(Compl, ¶55-57, 60, PageID.198-201)**. They stand in privity with the County for the same reasons as Defendants McGovern and Holmstrom.

In ***Heike v. Cent. Michigan Univ. Bd. of Trustees***, 573 F. App'x 476, 482 (6th Cir. 2014), the Sixth Circuit applied claim preclusion, holding that government employees sued in their official capacity stood in "privity" with their government employer, which was dismissed from an earlier federal suit. Any judgment for individual defendants in their official capacities will be a judgment in favor of the entity for which those individuals serve. ***Id.,*** at 482. The Sixth Circuit has applied this reasoning in finding claim preclusion barred claims against officers sued in their individual capacities as well. ***Pittman v. Michigan Corrs. Org.***, 123 F. App'x 637, 641 (6th Cir. 2005) (applying claim preclusion to officers sued in their individual and official capacities).

Applied to the facts of this case, Plaintiff is simply attempting to avoid the preclusive effects of the prior federal case by adding new Berrien County employees and officials to the mix. However, because the claims against all the Berrien County Defendants arise from the relationship to Berrien County and their duties as Berrien County employees or officials, the Defendants stand in privity with Berrien County and Witkowski for the actions relating to the 2010 foreclosure. Plaintiff's continued litigation of these claims against a new set of Berrien County officials is clearly barred by ***Dubuc***, ***Heike***, and ***Pittman***.

Along those same lines, ***Barnaby v. Mayfield***, 1:20-cv-232 (W.D.Mich), also acts as a bar to this lawsuit under res judicata principles. Judge Mayfield and the Berrien County Trial Court, who were named defendants and sued for allegedly "engag[ing] in improper conduct while presiding over the state court proceedings and then issued void judgments" relating to the 2010 foreclosures. ***Barnaby v. Mayfield***, No. 20-1564, 2021 WL 2470304, at *2 (6th Cir. May 5, 2021). That case was decided on the merits of the claim, specifically holding that Plaintiff cannot maintain these claims under the ***Rooker-***

*Feldman* doctrine because he is simply challenging state court decisions and judgments. *Id.* Plaintiff cannot bring a new suit against these Defendants for the same claims or attempt to add other defendants who stand in privity with them. Judge Bruce stands in privity because he and Judge Mayfield are sued in their official capacity only as judges and agents of the Berrien Circuit Court. **(¶ 17, PageID.178-179)**; *Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985) ("official capacity" is "only another way of pleading an action against the entity of which the officer is an agent."). The claims asserted in this case relate to judicial actions stemming from the 2010 foreclosure and subsequent judicial proceedings **(PageID.211-216)** which were raised or could have been raised in the 2020 action.[5]

For these reasons, Defendants are entitled to dismissal on the grounds of res judicata.

### III.   Failure to State a Claim

Plaintiff's allegations against these Defendants relate to fraud and a § 1983 conspiracy claim. He has failed to plead with the requisite particularity required to state these claims or any other claim as articulated by the Holmstrom Defendants, whose analysis is incorporated here. **(ECF No.196, PageID.3011-3014)**.

---

[5] Defendants also concur in the subject matter jurisdiction arguments raised by several judicial officials in their motion and brief to dismiss, which are incorporated here. **(ECF No.150; ECF No.151, PageID.2376-2379)**. Claims against the "Berrien County Trial Court" and claims asserted against the circuit court judges in their official capacity are barred by the Eleventh Amendment because district and circuit courts are deemed arms of the state's constitutionally created "one court of justice". *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762 (6th Cir. 2010). Even though Judges Mayfield and Bruce are sued in their official capacity only, they enjoy the same absolute judicial immunity from individual capacity claims articulated by the state appellate judges and justice.

Applied to Defendant Culberson, Plaintiff alleges that she acted as a notary and witnessed fraudulent documents. **(¶47, PageID.194)**. He does not plead any facts regarding what documents were allegedly fraudulent, when they were notarized/witnessed, or any facts to plausibly allege any misdeeds on Culberson's part in her duties as notary. Indeed, a notary's duty regarding veracity of a document is limited; the only "truth" a notary must verify is the person signing the document is who he says he is. Mich. Comp. Laws § 55.285. Plaintiff cannot impute liability on Defendant Culberson based on the alleged wrongdoing of others. ***Gibson v. Matthews***, 926 F.2d 532, 535 (6th Cir.1991) (noting that personal liability for § 1983 "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants"). The Complaint simply fails to plead any factual allegations that Defendant Culberson engaged in wrongdoing.

As against Defendant McGovern, Plaintiff fails to plead sufficient factual allegations that he engaged in any wrongdoing. Rather, Plaintiff alleges only vague assertions that Defendant McGovern continued to engage in some unspecified "evil plot" to deprive Plaintiff of property that had already been foreclosed. **(¶60, PageID.200-201)**. Defendant McGovern's presence at Witkowski's 2017 deposition likewise fails to articulate any actionable wrongdoing on McGovern's part.

And although the most ink spilled on Defendant Witkowski, the allegations are simply too conclusory and vague to state a valid cause of action against him. In short, Plaintiff failed to plead with particularly what "false material misrepresentations" were allegedly made; what documents were "forged;" and what actions were fraudulent.

Moreover, Defendant Witkowski is entitled to absolute testimonial immunity for allegations that he "lied" during his deposition given as part of the 2014 lawsuit. **(¶63, PageID.63)**; ***Todd v. Weltman, Weinberg & Reis Co., L.P.A.***, 434 F.3d 432, 440 (6th Cir. 2006) (discussing immunity afforded to testimony given at deposition and in affidavit).

Additionally, Plaintiff cannot maintain state-law tort actions against him. As the duly elected county treasurer, Defendant Witkowski has absolute governmental immunity pursuant to Mich. Comp. Law § 691.1407(5), which provides:

> (5) A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

A county treasurer, clerk, and register of deeds are the highest elected officials of their respective offices. Mich. Const. of 1963, Art VII, § 4. Plaintiff's allegations concern Defendant Witkowski's actions conducted while he was acting within the scope of his duties as Treasurer.[6] Assertions that the executive acted with an "ulterior motive" or "malevolent heart" will not defeat this broad grant of immunity. ***Am Transmissions, Inc v Att'y Gen***, 454 Mich 135, 143 (1997). Plaintiff's state law tort claims are barred.

## CONCLUSION AND RELIEF REQUESTED

There is no question this Court has given Plaintiff great leeway in in his attempts to effect service. Despite that grace and guidance, Plaintiff failed to follow Court orders to have these Defendants properly served within the extended timeline.

This lawsuit is Plaintiff's fourth bite at the apple. When he failed to convince the state court that the 2010 foreclosure was illegal, he filed a lawsuit against Berrien County

---

[6] The same immunity applies to the other elected officials, including Defendant Weich (Treasurer), Freehling (Register of Deeds), Judge Bruce, and Judge Mayfield.

{02056878-1}                                11

and Defendants Berrien County and Witkowski. In 2020 he attempted to sue the state court judges involved in the prior state court action. His prior cases were decided against him on the merits. He should not be permitted to maintain yet another lawsuit against Defendants Witkowski, Berrien County, the Berrien Trial Court, any attorney representing Berrien County in the 2010 foreclosure or any subsequent lawsuit concerning the propriety of the foreclosure, or anyone else who stands in privity with these Defendants.

Accordingly, for the reasons stated above, Defendants request that this Court grant their motion to dismiss, enter judgment in their favor, and dismiss this case with prejudice, along with costs, fees, and any other relief this Court deems appropriate.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

May 20, 2024

/s/ Kristen L. Rewa_____
Kristen L. Rewa (P73043)
Attorneys for Defendants Berrien County Government, Berrien County Board of Commissioners, Shelly Weich, Lora L. Freehling, Donna B. Howard, R. McKinley Elliott, Mabel J. Mayfield, Gary J. Bruce, Berrien County Trial Court, Kathleen Culberson, James McGovern, and Bret Witkowski

## CERTIFICATE OF COMPLIANCE REGARDING WORD COUNT

Defendants Culberson, Witkowski and McGovern, in compliance with LCivR 7.2(b)(i), used 3,243 words in their Brief in Support of their Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(5) and (6).  Microsoft Word Office 365 is the word processing software used to generate the word count in the attached brief.

By:   /s/ Kristen L. Rewa
Kristen L. Rewa (P73043)