UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

        Plaintiff,

                                    Case No. 1:22-cv-1146

v.

                                    Hon. Robert J. Jonker

MICHIGAN STATE GOVERNMENT, et al.,

        Defendants.

_____/

## **ORDER**

The Court has reviewed Magistrate Judge Berens's Report and Recommendation, (ECF No. 213), and Plaintiff's 67 pages of Objections to the Report and Recommendation, (ECF No. 217). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. Wright & A. Miller, Federal Practice and Procedure § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Barnaby's voluminous Objections.

It is hard to believe that a routine tax foreclosure case from 2007 has triggered this third federal lawsuit from Barnaby, who is proceeding *pro se*.  Yet that is the situation.  Each time Barnaby loses, he expands the alleged universe of wrongdoers and files an even more fanciful version of the same basic complaint he has had from the beginning about the tax foreclosure.  This iteration includes, among many other Defendants, the current Governor of Michigan, two former Governors, and the entire Michigan Court of Appeals.

The Magistrate Judge recommends that the Court dismiss all claims against all Defendants for failure to state a claim or for lack of subject matter jurisdiction.  (ECF No. 213).  Judge Berens further recommends that the Court deny Barnaby's amended request for entry of a default judgment; impose a filing restriction against Barnaby; and grant Defendant City of Benton Harbor's motion for Rule 11 sanctions and award the City of Benton Harbor $1,500.00 against Barnaby as a monetary sanction.  (*Id.*).

After its review, the Court concludes that the Magistrate Judge's exceptionally careful Report and Recommendation is factually sound and legally supported.   Moreover, despite stretching over 60 pages, Plaintiff's Objections are nothing more than repackaged versions of meritless arguments that both the Magistrate Judge and this Court have already considered and appropriately rejected numerous times throughout the course of this litigation.  As such, Barnaby's Objections in no way undermine the validity of the Judge Berens's analysis.  This Court cannot improve on the Magistrate Judge's comprehensive and careful Report and Recommendation and therefore simply adopts it as its own.

In addition, the Court agrees that Barnaby's pattern of filing baseless pleadings and motions regarding the Niles and Benton Harbor parcels warrants sanctions.  The Court therefore agrees with the Magistrate Judge's recommendation to grant the City of Benton Harbor's motion for Rule

11 sanctions and to award Benton Harbor a sanction of $1,500.00 against Barnaby.  *See* Fed. R. Civ. P. 11(c)(1).

The Court also agrees with the Magistrate Judge that a filing restriction is now necessary. *See, e.g.*, *Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000) ("A district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." (collecting cases)).  The Court does not impose such filing restrictions lightly, but Barnaby's continuous stream of frivolous filings on this subject—including his new requests for default and a default judgment filed in response to the Report and Recommendation—show *exactly* why such restrictions are needed in this case.  The federal litigation spans a decade and includes three separate federal lawsuits. Barnaby lost the first two but never accepted the legal and practical significance of those rulings. Instead, he proceeded to file this third case with an expanded group of Defendants, who have been forced to spend time and money defending against the latest unfounded iteration of Barnaby's conspiracy theory.  The narrowly tailored restrictions set forth below protect Barnaby's First Amendment rights while ensuring that Defendants and the Court will not waste their time and resources on claims and issues that have already been resolved.

**ACCORDINGLY, IT IS ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 213), is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendants' Motions to Dismiss are **GRANTED**.  All of Plaintiff Barnaby's claims against all Defendants are **DISMISSED WITH PREJUDICE**.

3. Plaintiff Barnaby's Amended Request for Default Judgment, (ECF No. 182), is **DENIED**.

4.      The Court awards Defendant City of Benton Harbor a sanction of $1,500.00 against Plaintiff Barnaby.  *See* Fed. R. Civ. P. 11(c)(1).  The sanction award shall become a part of the Judgment and may be collected by Defendant City of Benton Harbor through any and all lawful collection procedures at any time after expiration of the automatic stay period provided by Federal Rule of Civil Procedure 62(a).

5.      Barnaby is precluded from filing any future action pertaining in any manner to (1) the Berrien County parcels (the Niles parcel and the Benton Harbor parcels); (2) the related judgments of foreclosure concerning those parcels; or (3) any previous action in this Court concerning those matters.  Moreover, before filing any future action, Plaintiff Barnaby must file a motion—accompanied by his proposed complaint and a copy of this Order—seeking certification that his claims are unrelated to the Berrien County parcels, the judgments of foreclosure, or the issues or claims asserted in this or any other action previously filed in this Court.  In such a case, the Clerk will docket the motion and proposed complaint as a new case but will not issue process unless and until a judicial officer issues the required certification and directs that process be issued.

6.      Plaintiff Barnaby's Motion for Entry of Default, (ECF No. 215), and Motion for Entry of a Default Judgment, (ECF No. 216), are **DENIED**.  These motions are premised on Defendants' purported "failure to file Answers to Barnaby's Fourth Amended Complaint (ECF No. 145) or a Rule 12 Motion."  (ECF No. 215 at PageID.3551; ECF No. 216 at PageID.3562).  But the Magistrate Judge never granted Barnaby leave to file a Fourth Amended Complaint.  To the contrary, in her meticulous Report and Recommendation, Judge Berens *denied* Barnaby's motion

for leave to file a Fourth Amendment Complaint, correctly pointing out that Barnaby's proposed Fourth Amended Complaint "fails to cure the [same] pleading deficiencies [in the operative Complaint]."  (ECF No. 213).

7.     Plaintiff Barnaby's Motion for Leave to File Excess Pages and Words for Objections and Appeal to Judge Berens's Report and Recommendation, (ECF No. 218), is **GRANTED**.

8.     This matter is **TERMINATED**.

**IT IS SO ORDERED**.

Dated: <u>July 30, 2024  </u>                      <u> /s/ Robert J. Jonker  </u>
                                                   ROBERT J. JONKER
                                                   UNITED STATES DISTRICT JUDGE