UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

       Plaintiff,

CASE No. 1:22-CV-1146

v.

HON. ROBERT J. JONKER

MICHIGAN STATE GOVERNMENT, et al.,

       Defendants.

_____/

**ORDER REGARDING**
**REPORT AND RECOMMENDATION**

       The Court has reviewed Magistrate Judge Berens's Report and Recommendation (ECF No. 231) and Plaintiff's Objection to the Report and Recommendation (ECF No. 232). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends "that the Court grant Plaintiff's motion for leave to file excess pages (ECF No. 229), deny his Rule 60(b) motion (ECF No. 227), and expand the previous filing restriction" imposed by this Court to include all future filings in this action. (ECF No. 231, PageID.3711). Plaintiff objects to every recommendation in the Magistrate Judge's report. (ECF No. 232, PageID.3716). Because Plaintiff's Objection to the Magistrate Judge's report is lengthy, he moved for leave to file an oversized document. (ECF No. 234). Multiple Defendants filed responses to Plaintiff's Objection. (ECF Nos. 236-37).

### A. Oversized Brief and Rule 60(b) Motions

Plaintiff's Objection primarily recites his original meritless arguments. His objections fail to deal in a meaningful way with the Magistrate Judge's analysis and the rules regarding Rule 60(b) motions. The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments, and the governing law. The Magistrate Judge properly analyzed Plaintiff's claims. Nothing in Plaintiff's Objections changes the fundamental analysis. Both this Court and the Court of Appeals have squarely rejected Plaintiff's theories. As the Magistrate Judge indicated, the length of Plaintiff's submissions does not improve his arguments, but it is best to let Plaintiff file the materials he submits to demonstrate just how unreasonable his position is.

### B. Sanctions for Frivolous Filings

Further, the Court agrees with the Magistrate Judge that additional sanctions of some kind are warranted. She recommends extending the previously imposed filing restriction to include all future filings in this case. The Court, however, is not persuaded that a more expansive filing restrictions will have the intended effect of curbing the tide of frivolous filings that tax the

resources of the parties and the Court. The time for monetary sanctions may be here, as Defendants suggest.

Over a year ago, the Court noted that Plaintiff's "continuous stream of frivolous filings . . . show exactly why restrictions are needed in this case." (ECF No. 219, PageID.3660). But even with restrictions in place, Plaintiff's onslaught of frivolous filings has continued, as shown by his most recent motion and objections. The Court has inherent power to manage the litigation process. *See In re Marcusse,* No. 10-2627 (6th Cir. Mar. 11, 2021) (observing that a district court "has the inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Court also has statutory power to award financial sanctions under 28 U.S.C. § 1927 where conduct is vexatious or unreasonable. Plaintiff is not an attorney, so § 1927 might not apply,[1] but he is still accountable under Rule 11 for the pleadings he files. *Spurlock v. Demby*, 48 F.3d 1219 (6th Cir. 1995) ("[T]he [pro se] litigant still must meet the general requirements of Rule 11"). And there is good reason, as summarized in Defendants' brief (ECF No. 236), to believe Plaintiff violated Rule 11(b)(1), (2), and (3) by filing a Rule 60(b) motion that he knew or should have known lacked legal and factual support. The Court directs Plaintiff to show cause under Rule 11(c)(3) why the Court should not impose monetary sanctions on him for violation of the Rule. The Court further directs Plaintiff to show cause why sanctions should not be imposed under § 1927 despite Plaintiff's *pro se* status.

---

[1] Courts within the Sixth Circuit have disagreed about whether § 1927 applies to pro se litigants. *Compare Li v. Recellular, Inc.*, No. 09-CV-11363, 2010 WL 1526379 (E.D. Mich. Apr. 16, 2010) ("[Non-lawyer pro se litigants cannot be sanctioned under 28 U.S.C. § 1927"), *with Gitler v. Ohio*, 632 F. Supp. 2d 722 (N.D. Ohio 2009) ("Although § 1927 on its face limits who may be sanctioned to an attorney or other person allowed to conduct cases, courts in the Sixth Circuit can sanction pro se litigants under that provision.").

**ACCORDINGLY, IT IS ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 231) is **APPROVED AND ADOPTED** as the opinion of the Court to the extent specified in this Order.

2. Plaintiff's Motion to Set Aside Judgment (ECF No. 227) is **DENIED**

3. Plaintiff's Motion for Leave to File Oversized Brief in Support of Motion to Set Aside Judgment (ECF No. 229) is **GRANTED**.

4. Plaintiff's Motion for Leave to File an Oversized Objection to Report and Recommendation (ECF No. 234) is **GRANTED.**

5. In lieu of extending filing restrictions at this time—an issue on which the Court reserves decision—Plaintiff is ordered to show cause not later than January 3, 2026, why the Court should not impose monetary sanctions under Rule 11, § 1927 or both.

Dated:     December 3, 2025              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE